MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:   (619) 230-6700
Facsimile:   (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY
AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>　　　　Defendants. | CASE NO. _____<br><br>Los Angeles County Superior Court Case No. 25VECV04713<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION [28 U.S.C. §§ 1332, 1441, and 1446]**<br><br>Complaint Filed: August 21, 2025 |

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332(a), 1441(a), and 1446, Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant") removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  This Court has original jurisdiction of this action under 28 U.S.C. section 1332(a) because there is complete diversity of citizenship between Plaintiff Luna D'Sol ("D'Sol" or "Plaintiff") on the one hand, and Defendant Farmers Direct on the other, and the

- 1 -

<div style="writing-mode: vertical-lr;">Gordon Rees Scully Mansukhani, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101</div>

amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

In support of this Notice of Removal, Farmers Direct further states:

1.    Plaintiff commenced this action on August 21, 2025 by filing a complaint against  "Farmers Insurance Exchange" and Does 1-50 for Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith),  Violation of California Insurance Code § 790.03(h), Discrimination in Business Establishments (Unruh Civil Rights Act, Civ. Code §§ 51 *et seq.*) in the Superior Court of the State of California for the County of Los Angeles ("Complaint").  Upon the filing of the Complaint, the case was assigned case number 25VECV04713.  A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2.    The Complaint and a Summons on the Complaint were first served upon Farmer Insurance Exchange on or about September 25, 2025.  In furtherance to meet and confer discussions between Plaintiff (who representing herself *in pro per*) and counsel for Farmers Direct on October 14, 2025 regarding the correct underwriting entity/insurance company for the homeowners policy purchased by Plaintiff which is the subject matter of Plaintiff's claims in this action, Plaintiff voluntarily filed a First Amended Complaint on or about October 15, 2025 to substitute Farmers Direct as the proper underwriting entity/insurance company defendant since "Farmers Direct is the specific entity that issued Plaintiff's homeowners policy identified in Exhibit A (Certified Policy Declarations)." (First Amended Complaint, ¶ 1.). A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit 2. Pursuant to stipulation of the parties, counsel for Farmers Direct agreed to accept service via email of Plaintiff's First Amended Complaint which was deemed served on October 16, 2025 for purposes of filing a responsive pleading. A true and correct copy of the Stipulation Re: Acceptance of Service and Response Deadline executed on behalf of the parties is attached hereto as Exhibit 3.

3.    The First Amended Complaint arises out of a first-party property loss ("Loss"/"Claim") which occurred on or about June 3, 2024 when Plaintiff's

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFNDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____

residential property located at 2275 E. Belding Drive in Palm Springs, California ("Property"/ "Insured Premises") was burglarized. (First Amended Complaint, ¶ 9.) According to Plaintiff, intruders forced entry into the Property causing property damage and stealing various items of personal property of Plaintiff. (First Amended Complaint, ¶ 9.)

4.      Relevant to the Loss, Farmers Direct issued Homeowners Policy No. 3872340940 to named insured "Julio R. Ravada" (now known as Plaintiff Luna D'Sol) for the coverage period effective September 28, 2023 to September 28, 2024 ("Policy"). (First Amended Complaint, ¶¶ 1, 9; Exhibit A (Policy), Pages 1-57.) Subject to its terms, the Policy provides first-party property coverage for the Insured Premises, including coverage for the Dwelling, Private Structures, Personal Property and Loss of Use.  (First Amended Complaint, ¶ 9; Exhibit A (Policy - Homeowners Declarations), Page 2.)

5.      In response to Plaintiff's notice of the Loss, payments were issued to Plaintiff pursuant to terms of the Policy for undisputed Loss-related damages arising from the June 3, 2024 burglary incident based on Farmer Direct's assessment regarding the scope of the Loss and reasonable and necessary costs to repair covered Loss-related damage to the Insured Premises and the company's evaluation and assessment of proof of loss documentation submitted by Plaintiff for alleged damaged/stolen personal property items.  As further alleged in Plaintiff's First Amended Complaint, Plaintiff disputes the total amount of Policy benefits paid to date for her Claim and contends that additional amounts are owed under the Policy for the Loss as well as unspecified consequential and extra-contractual damages caused by the alleged unreasonable delays in the investigation and adjustment of Plaintiff's Claim.  Farmers Direct disputes and denies Plaintiff's allegations.

6.      In the First Amended Complaint, Plaintiff alleges the following causes of action against Farmers Direct arising from the Loss: First Cause of Action - Breach of Contract; Second Cause of Action - Breach of the Implied Covenant of Good Faith

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFNDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____

and Fair Dealing (Bad Faith); and Third Cause of Action - Violation of Insurance Code § 790.03(h).  In her prayer for relief, Plaintiff seeks unpaid contract benefits allegedly due under the Policy for the Loss ($113,000+), consequential damages, bad faith tort damages, statutory damages and penalities, punitive damages, declaratory relief, attorneys' fees, interest and costs of suit. (First Amended Complaint, V. Prayer for Relief, Pages 38 – 42.)

7.    Defendant Farmers Direct is informed and believes that it is the only defendant that has been served with the First Amended Complaint and the only defendant with whom privity of contract exists with Plaintiff as it relates to the Policy and claims which are the subject matter of this action. Defendants designated as Does 1 through 50 are fictitious defendants, are not parties to this action, have not been served, and are to be disregarded for purposes of this removal.  *See* 28 U.S.C. § 1441(a).

8.    Plaintiff (an individual) is and was at the time of the filing a citizen and resident of the State of California and the alleged owner of the subject residential property located in Palm Springs, California.  (First Amended Complaint, ¶¶ 3(d), 9.) Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of California.

9.    Removal is appropriate because Farmers Direct is not a citizen of the State of California for the purposes of diversity.  At the time of the filing of this action and this Notice of Removal, Farmers Direct (formerly named "Metropolitan Direct Property and Casualty Insurance Company") is an insurance company incorporated under the laws of the State of Rhode Island and is a wholly owned subsidiary of Farmers Property and Casualty Insurance Company (an insurance company also domiciled in the state of Rhode Island). Farmers Direct has its principal place of business at 700 Quaker Lane in Warwick, Rhode Island.[1] Consistent with *Tosco*

---

[1] *See* Exhibits 1 and 2 to Farmers Direct's Request for Judicial Notice In Support of Defendant's Notice of Removal filed concurrently herewith.

DEFNDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001) and *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), the "substantial predominance" of Farmers Direct's business activities occur in the State of Rhode Island, not California.

10.   Pursuant to 28 U.S.C. section 1441(b), diversity suits are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

11.   Because Farmers Direct is incorporated in Rhode Island and has its principal place of business is in Rhode Island, Farmers Direct is *not* a citizen of California.   Similarly, Plaintiff is *not* a citizen of Rhode Island. As such, there is complete diversity of citizenship as between Plaintiff and Farmers Direct.

12.   Plaintiff contends in the First Amended Complaint that the alleged unpaid Policy benefits for covered Loss-related damage to the Property are approximately $113,000 excluding labor and other charges/expenses.  (Complaint, ¶45.)   Additionally, as a result of Farmers Direct's alleged wrongful breach of contractual obligations owed under the Policy for the Loss, Plaintiff contends that she is entitled to recover unspecified extra-contractual damages, attorneys' fees, statutory damages and punitive damages as further described in her prayer for relief. (First Amended Complaint, V. Prayer For Relief, Pages 38 – 42.)   Accordingly, the alleged amount in controversy for Plaintiff's claimed contract and tort damages is in excess of $75,000, exclusive of interest and costs. (First Amended Complaint, ¶¶ 45-47.)

13.   This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and one which may be removed by Farmers Direct to this Court pursuant to 28 U.S.C. sections 1441 and 1446, in that it is a civil action wherein the matter in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Although generally "a proper removal notice must be filed within thirty days of service of plaintiff's complaint," (*Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (citing 28 U.S.C. § 1446(b)), the thirty-day period is not triggered if an initial pleading is not removable on its face. *See Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "In such a case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* (quoting 28 U.S.C. § 1446(b)(3)). In order to trigger the thirty-day removal period, receipt of the summons and complaint must be by proper service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

15. This Notice of Removal was timely filed within thirty days of service of Plaintiff's First Amended Complaint naming Farmers Direct as the proper underwriting/insurance company defendant that issued the Policy which is the subject matter of this action. *See* Stipulation Re: Acceptance of Service and Response Deadline submitted herewith as Exhibit 3.

16. Assignment to the United States District Court for the Central District of California is appropriate because "a substantial part of the events or omissions giving rise to the claim" took place in Riverside County and/or Los Angeles County California within the Central District of California.

17. Pursuant to 28 U.S.C. section 1446(a), a copy of all process, pleadings, and orders served upon Farmers Direct, which papers include Plaintiff's Complaint, Plaintiff's First Amended Complaint and Stipulation Re: Acceptance of Service and Response Deadline are attached hereto as Exhibits 1 through 3.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- 6 -

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

18.     Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Los Angeles County Superior Court.  No other documents have or will be filed in Los Angeles County Superior Court by Farmers Direct.

19.     Pursuant to 28 U.S.C. section 1446(d), Farmers Direct is providing this Notice of Removal to Plaintiff.

WHEREFORE, Defendant Farmers Direct hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court, and requests that this Court exercise jurisdiction over all further proceedings in this action.

Dated:  November 14, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By:*/s/ Michelle R. Bernard*
Michelle R. Bernard
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

DEFNDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____