UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | January 26, 2026 |
|---|---|---|---|
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14], GRANTING DEFENDANT'S MOTION TO DISMISS [19], AND DENYING PLAINTIFF'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO REMAND [20]

## I.    Introduction

Before the Court is a motion to remand brought by pro se Plaintiff Luna D'Sol and a motion to dismiss brought by Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct"). Plaintiff's Motion to Remand ("Remand Mot."), ECF No. 14; Defendant's Motion to Dismiss, ECF No. 19. For the following reasons, Plaintiff's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED.

## II.    Background

This lawsuit arises out of a burglary occurring at Plaintiff's home on June 3, 2024. First Amended Complaint ("FAC"), ECF No. 1-2 ¶ 9. Plaintiff alleges that intruders stole various items and damaged the home such that it was rendered unsafe and uninhabitable. *Id.* Plaintiff's property was insured under a policy issued by Farmers Direct. *Id.* As a result of the burglary, Plaintiff filed a claim with Farmers Direct. *Id.* Plaintiff alleges Farmers Direct mishandled this claim, refused to fund necessary covered restoration work, and denied paying covered additional living expenses. *Id.* ¶¶ 9-11. On August 21, 2025, Plaintiff filed a lawsuit against "Farmers Insurance Exchange." ECF No. 1. After a meet and confer with counsel

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | January 26, 2026 |
|---|---|---|---|

| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* |
|---|---|

for Farmers Direct, Plaintiff on October 15, 2025 amended her complaint to name Farmers Direct as the proper defendant in place of Farmers Insurance Exchange. *Id.* Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and insurance code § 790.03(h) against Defendant. *See* FAC ¶¶ 31-52. Plaintiff filed her motion to remand on December 5, 2025, and Defendant filed its motion to dismiss on December 12, 2025. *See* ECF Nos. 14, 19.

### III.    Legal Standard

#### A.  Motion to Remand

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997).

Remand may be granted for a defect in the removal procedure or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A plaintiff's motion to remand may raise either a facial attack or factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). In contrast, a factual attack contests the truth of the allegations themselves. *Id.* at 699. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence," that jurisdiction exists. *Id.*; *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In analyzing a motion to remand, courts may consider summary-judgment-type evidence submitted by the parties. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | January 26, 2026 |
|---|---|---|---|

| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* |
|---|---|

### B. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### IV.    Discussion

### A. Motion to Remand

Plaintiff contends this Court lacks subject matter jurisdiction over the action because complete diversity does not exist. Remand Mot. at 1. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). A corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | January 26, 2026 |
|---|---|---|---|

| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* |
|---|---|

Plaintiff argues that she, Farmers Direct, and Farmers Insurance Exchange[1] are all California citizens. Remand Mot. at 2. Although Farmers Direct does not dispute that Plaintiff is a California citizen, Farmers Direct does dispute that it is a citizen of California. Farmers Direct contends it is a citizen of Rhode Island because it is incorporated there and maintains its principal place of business there. Defendant's Opposition to Remand Mot. ("Remand Opp."), ECF No. 23, at 12. Based on the evidence Farmers Direct proffers—including various regulatory filings with the states of Rhode Island and California—the Court finds that Farmers Direct has met its burden in showing that it is a citizen of Rhode Island. *Id.*

Plaintiff contends Farmers Direct is an alter ego of Farmers Insurance Exchange—a parent entity not named as a defendant in this action.[2] "Although, ordinarily, a parent's citizenship is not imputed to its subsidiary for purposes of determining the subsidiary's citizenship, there is an exception to this rule where the subsidiary is the alter ego of the parent company." *Sawyer v. Bill Me Later, Inc.*, 2010 WL 1957280, at *1 (N.D. Cal. May 14, 2010) (citing *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir.1992)). Plaintiff argues that an alter ego relationship exists here because Farmers Insurance Exchange was deeply involved in the administration of her claim and shares branding, personnel, communication systems, and financial infrastructure with Farmers Direct. Remand Mot. at 2-3.

The Court finds that Farmers Insurance Exchange has not "exerted such an overwhelming level of control over [Farmers Direct] that the two companies do not retain separate corporate identities." *3123 SMB LLC v. Horn*, 880 F.3d 461, 467 (9th Cir. 2018) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013)) (internal quotation marks omitted). This conclusion is buttressed by regulatory filings and a declaration from a Farmers Direct employee indicating that the two entities have separate operations and management. Remand Opp. at 18; Declaration of Jessica Brostek Maciel, ECF No. 23-3. Thus, Farmers Direct remains a citizen of Rhode Island for purposes of determining subject matter jurisdiction.

Because Plaintiff is a California citizen and Defendant Farmers Direct is a Rhode Island citizen,

---

[1] Farmers Insurance Exchange is not a named defendant in this action.

[2] Evidence suggests that Farmers Direct is a wholly-owned subsidiary of Farmers Direct Property and Casualty Company, which in turn is owned by three entities: Farmers Insurance Exchange, Fire Insurance Exchange, and Truck Insurance Exchange. Remand Opp. at 7 n.1.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | DTA | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10938-SVW-AS | Date | January 26, 2026 |

| | |
|---|---|
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* |

complete diversity exists. Accordingly, the Court DENIES Plaintiff's motion to remand.

### B. Motion to Dismiss

Defendant in its motion to dismiss contends that Plaintiff's California Insurance Code § 790.03(h) cause of action should be dismissed. ECF No. 19 at 6. The Court agrees. Under California law, private litigants do not have standing to pursue a claim under California Insurance Code § 790.03(h). *Hrant Vardazaryan v. Liberty Mut. Fire Ins. Co.*, 2023 WL 8884391, at *3 (C.D. Cal. Nov. 2, 2023) ("[P]rivate actions are barred under California Insurance Code § 790, *et seq.*, also known as the Unfair Insurance Practices Act.") (citing *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal. 3d 287, 304 (1988)).

Moreover, pursuant to Local Rule 7-12, Plaintiff's failure to oppose Defendant's motion is also an independent ground for granting the motion. Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). Defendant's motion to dismiss Plaintiff's third cause of action is GRANTED.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED. Plaintiff's motion to stay discovery pending the resolution of her motion to remand is thus DENIED as moot. ECF No. 20.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |