**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNA D'SOL**<br><br>                              Plaintiff,<br><br>        vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>                              Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)**<br><br>Judge: Hon. Stephen V. Wilson<br>Magistrate: Hon. Alka Sagar<br>Hearing: April 13, 2026 at 1:30 p.m.,<br><br>Courtroom 10A |

## I. INTRODUCTION

Plaintiff Luna D'Sol moves this Court pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Defendant Farmers Direct Property and Casualty Insurance Company to produce documents and provide supplemental disclosures that Defendant has failed to provide despite five separate written communications spanning fourteen days. Plaintiff further requests sanctions pursuant to FRCP 37(a)(5) for Defendant's failure to comply with its mandatory disclosure obligations under FRCP 26, which forced the filing of this motion.

The relief sought is narrow, specific, and directly relevant to the April 6, 2026 consolidated hearing on Plaintiff's Second Motion for Leave to File a Second Amended Complaint. Specifically, Plaintiff seeks:

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

(1) production of the Service Agreement between Farmers Direct and Farmers Insurance Exchange, which Defendant admitted exists in its own Amended Answer but refused to produce; (2) clarification of which disclosed witnesses are employees of Farmers Direct versus Farmers Insurance Exchange; and (3) supplemental disclosure of any additional insurance agreements under FRCP 26(a)(1)(A)(iv).

Defendant's own counsel promised written responses to these requests "by early next week" — March 9 or 10, 2026. As of the date of this filing, no responses have been received. The meet and confer requirement of Local Rule 37-1 has been satisfied. This motion follows.

## II. FACTUAL BACKGROUND

### A.    Defendant's Amended Answer Admits the Service Agreement Exists

On February 27, 2026, Defendant filed its Amended Answer to Complaint [ECF Doc. 43]. Paragraph 6(b) of the Amended Answer states that *"employees of Farmers Insurance Exchange provide claims adjustment services for claims tendered under policies issued by Farmers Direct"* pursuant to a Service Agreement between the two entities. This admission has three significant consequences.

First, it confirms that the employees who handled Plaintiff's claim — who denied her benefits, reopened and re-denied her claim across a twelve-month period, conducted an Examination Under Oath through litigation counsel, and imposed a seven-day wildfire deadline — were Exchange employees, not Direct employees. Second, it confirms that a contractual instrument — the Service Agreement — governs the scope of authority those employees exercised over Plaintiff's claim. Third, it formally acknowledges the accountability gap Plaintiff has identified throughout this litigation: Defendant's position is that Direct is not responsible for Exchange employees' conduct, while Exchange remains outside this litigation entirely, leaving no entity accountable for the conduct that is the subject of this lawsuit.

### B.    The Service Agreement Was Not Produced in Initial Disclosures

On February 26, 2026, Defendant served its Initial Disclosures. The Service Agreement — a document Defendant simultaneously cited as the contractual basis for its limited liability position in the Amended Answer filed the following day — was not identified or produced among the documents

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

disclosed. Under FRCP 26(a)(1)(A)(ii), a party must disclose documents it may use to support its claims or defenses. Defendant is using the Service Agreement as a defense. It was not produced.

**C.      Plaintiff's Five Written Communications — All Unanswered**

The following communications were sent by Plaintiff and remain unanswered as of the date of this filing:

| Date | Communication | Status |
| --- | --- | --- |
| Feb 27, 2026 | Initial Disclosures — Service Agreement, witness employment, Rule 26(a)(1)(A)(iv) | No response |
| Feb 28, 2026 | LR 7-3 meet and confer — 14th Affirmative Defense, ¶6(b) accountability gap | No response |
| Mar 3, 2026 | Follow-up on Feb 27 disclosure requests | No response |
| Mar 3, 2026 | Follow-up on Feb 28 LR 7-3 letter | No response |
| Mar 5, 2026 | Canby email: promised responses "by early next week" (Mar 9–10) | Promise broken — nothing received |

**February 27, 2026.** Plaintiff sent written correspondence to Ms. Canby requesting: (1) clarification of which disclosed witnesses are Farmers Direct employees versus Farmers Insurance Exchange employees, in light of the ¶6(b) admission; (2) production of the Service Agreement; and (3) confirmation of any additional insurance agreements under FRCP 26(a)(1)(A)(iv). No response was received.

**February 28, 2026.** Plaintiff sent a separate Local Rule 7-3 meet and confer letter regarding Defendant's Amended Answer, specifically addressing the Fourteenth Affirmative Defense's failure to satisfy FRCP 9(b) particularity requirements, and the accountability gap created by ¶6(b). Plaintiff

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

requested that Defendant either withdraw the Fourteenth Affirmative Defense or provide the specific factual basis required by Rule 9(b), and offered to confer by telephone or video conference at Defendant's convenience. No response was received.

**March 3, 2026.** Plaintiff sent a follow-up to the February 27 disclosure request, noting that no response had been received and again requesting clarification and production. No response was received.

**March 3, 2026.** Plaintiff sent a separate follow-up to the February 28 LR 7-3 letter, noting that no response had been received and again offering to confer at Defendant's convenience. No response was received.

**March 5, 2026.** Ms. Canby sent Plaintiff an email addressing a scheduling matter and stated, regarding the outstanding disclosure and Answer inquiries: *"Please note that regarding your prior email inquiries related to Farmers Direct's Amended Answer and Initial Disclosures, we anticipate providing responses to you by early next week."* "Early next week" from March 5 was March 9 or March 10, 2026. As of March 12, 2026 — the date of this filing — no responses have been received. The promise was made in writing. It was not kept.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) requires parties to provide initial disclosures without awaiting a discovery request, including the identity of witnesses, documents the party may use to support its claims or defenses, and a computation of damages. FRCP 26(a)(1)(A)(iv) specifically requires disclosure of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment. These obligations are mandatory and self-executing.

Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling disclosure if another party fails to make a disclosure required by Rule 26(a). Local Rule 37-1 requires that the moving party first attempt to resolve the dispute through a meet and confer process. Here, Plaintiff has made five separate written attempts to resolve these issues over fourteen days, including a written promise from Defendant's counsel to respond by a specific date that was not honored. The meet and confer

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

requirement is satisfied. *See Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 171 (D. Nev. 1996) (meet and confer requirement satisfied where responding party fails to engage despite multiple written requests); *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992) (parties have an obligation to participate meaningfully in the discovery process; persistent non-response supports an order compelling production).

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the failure was substantially justified or other circumstances make an award unjust.

## IV. ARGUMENT

**A.      The Service Agreement Is Discoverable and Must Be Produced**

Defendant has placed the Service Agreement directly at issue by relying on it in its Amended Answer to describe the relationship between Farmers Direct and Farmers Insurance Exchange and to limit Direct's liability exposure. A party that affirmatively relies on a document to support its litigation position cannot withhold that same document from discovery. *See Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir. 1992) (a party cannot use a document as a sword to advance its litigation position while simultaneously withholding it as a shield against discovery). Defendant has not articulated any basis for withholding the document.

The Service Agreement is not a peripheral document. It is the instrument that defines the scope of authority under which Exchange employees handled Plaintiff's claim — denied her benefits, conducted her Examination Under Oath, imposed deadlines, and made every claims decision that is the subject of this lawsuit. Whether those employees were acting within the scope of that agreement, outside it, or in violation of it goes directly to liability. Defendant has no legitimate basis to withhold it.

Production of the Service Agreement is particularly urgent because the April 6, 2026 hearing on Plaintiff's Second Motion for Leave to File a Second Amended Complaint directly implicates the

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

relationship between Farmers Direct and Farmers Insurance Exchange. If the Service Agreement establishes that Exchange employees had authority to make binding claims decisions on Direct's behalf — or that Exchange agreed to indemnify Direct for such decisions — that document is directly relevant to whether Exchange should be added as a defendant. Withholding it until after the SAC hearing would effectively deny Plaintiff the ability to present material evidence at the most critical proceeding in this case.

**B.      Defendant Must Identify Which Witnesses Are Exchange Employees**

Defendant's Initial Disclosures identified multiple witnesses described as acting "on behalf of Farmers Direct." Defendant's own Amended Answer simultaneously admits that the employees who handled Plaintiff's claim were Exchange employees acting under the Service Agreement. These two representations cannot both be accurate.

The identity of these witnesses' actual employer is not a minor clarification. It is a threshold question for the SAC motion. If the witnesses who denied Plaintiff's claim, conducted her Examination Under Oath, and made every claims decision in this case are Exchange employees — not Direct employees — that fact directly supports the addition of Exchange as a defendant. Defendant has not responded to Plaintiff's written requests for clarification regarding the employment status of these witnesses.

The Court is respectfully asked to order Defendant to identify, for each witness listed in its Initial Disclosures, whether that witness is an employee of Farmers Direct Property and Casualty Insurance Company or Farmers Insurance Exchange, and the basis for that identification.

**C.      Defendant's Rule 26(a)(1)(A)(iv) Disclosure Is Incomplete**

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires disclosure of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action. Defendant's Initial Disclosures address the subject-matter Policy but do not address whether any errors and omissions policy, professional liability coverage, or indemnification agreement — including any agreement between Farmers Direct and Farmers Insurance Exchange — may be liable to satisfy all or part of a judgment in this action.

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

Plaintiff raised this deficiency in writing on February 27 and March 3. Defendant has not provided the requested clarification despite multiple written requests. The Service Agreement itself — which Defendant has not produced — may constitute an insurance agreement or indemnification arrangement within the scope of Rule 26(a)(1)(A)(iv). Defendant cannot satisfy its mandatory disclosure obligation by producing the Policy alone while withholding the instrument that governs the financial relationship between the two entities whose respective liability is the central question in this case.

**D.    Reasonable Expenses Are Warranted Under FRCP 37(a)(5)**

Plaintiff does not seek sanctions lightly and acknowledges that this Court has discretion in fashioning appropriate relief. Federal Rule of Civil Procedure 37(a)(5) provides that when a motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses — including attorney's fees — unless the failure to disclose was substantially justified or other circumstances make an award unjust.

No substantial justification exists here. Defendant affirmatively relied on the Service Agreement in its own Amended Answer as the basis for its limited liability position. Defendant's counsel made a written commitment to respond to Plaintiff's requests by March 9 or 10, 2026 — a commitment that was not honored. Plaintiff made five separate written attempts to resolve these issues without court intervention. The meet and confer process was not merely attempted — it was completed, reduced to writing, and then abandoned by Defendant.

Plaintiff is proceeding pro se and does not seek attorney's fees. Plaintiff respectfully requests that the Court award reasonable costs incurred in preparing this motion, or in the alternative issue such order as the Court deems appropriate to ensure compliance with Defendant's mandatory disclosure obligations before the April 6, 2026 hearing. Plaintiff defers to the Court's judgment on the appropriate form of relief and asks only that the record reflect that this motion was necessitated entirely by Defendant's failure to honor its written commitment and its mandatory Rule 26 obligations.

///

///

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

## V. THE FAILURE TO PRODUCE THE SERVICE AGREEMENT CAUSES ONGOING HARM TO PLAINTIFF

The Service Agreement is material to determining which entity exercised authority over the claims decisions at issue in this action. Those decisions include the denial of Plaintiff's burglary claim and the resulting failure to authorize repairs to a damaged entry point at Plaintiff's residence — a condition that remains unrepaired and has resulted in subsequent incidents at the property. The existence and scope of the Service Agreement bear directly on the allocation of responsibility between Farmers Direct and Farmers Insurance Exchange for the claims handling conduct at issue, and on whether Exchange employees acted within the scope of their contractual authority when making the decisions that are the subject of this lawsuit.

Production of the Service Agreement is therefore not merely a discovery obligation — it is material to the allocation of liability between two entities whose relationship is the central question before this Court at the April 6, 2026 hearing. Withholding it until after that hearing would effectively deny Plaintiff the ability to present dispositive evidence at the proceeding for which it is most relevant.

## VI. CONCLUSION

Plaintiff respectfully requests that this Court enter an order: (1) compelling Defendant to produce the Service Agreement between Farmers Direct Property and Casualty Insurance Company and Farmers Insurance Exchange within seven days of this Court's order, and in no event later than March 26, 2026; (2) compelling Defendant to identify, for each witness in its Initial Disclosures, whether that witness is a Farmers Direct employee or a Farmers Insurance Exchange employee, within seven days of this Court's order; (3) compelling Defendant to provide a complete supplemental disclosure under FRCP 26(a)(1)(A)(iv) addressing all insurance agreements and indemnification arrangements, within seven days of this Court's order; (4) awarding Plaintiff reasonable costs incurred in preparing this motion pursuant to FRCP 37(a)(5); and (5) granting such further relief as the Court deems appropriate.

Plaintiff further requests that the Court address this motion at the April 6, 2026 consolidated hearing, so that the Service Agreement and witness employment questions may be resolved in conjunction

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)

with the pending Second Motion for Leave to File a Second Amended Complaint — the motion to which those questions are most directly relevant.

Respectfully submitted,

Dated: March 16, 2026

**/s/ Luna D'Sol**

**Luna D'Sol**

Plaintiff in Pro Per

2275 E. Belding Dr., Palm Springs, CA 92262

Tel: (213) 925-4069 | jravada@icloud.com

PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES, AND REQUEST FOR SANCTIONS PURSUANT TO FRCP 37(a)