**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNA D'SOL**<br><br>                              Plaintiff,<br><br>          vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>                              Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES**<br><br>Magistrate: Hon. Alka Sagar<br><br>Hearing: None Set |

I, Luna D'Sol, declare as follows:

1.     I am the Plaintiff in the above-captioned action, proceeding in pro per. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify thereto.

2.     The emails attached as Exhibits A through E are true and correct copies of email communications sent and received by me in the ordinary course of communication with Defendant's counsel.

3.     On February 26, 2026, Defendant served its Initial Disclosures. After reviewing those disclosures and Defendant's Amended Answer filed February 27, 2026 [ECF Doc. 43], I identified three deficiencies that I believed could be resolved informally.

4.    On February 27, 2026, I sent written correspondence to Ms. Kelly Fitzgerald Canby, counsel for Defendant, requesting: (1) clarification of which disclosed witnesses are employees of Farmers Direct Property and Casualty Insurance Company versus Farmers Insurance Exchange, in light of paragraph 6(b) of the Amended Answer; (2) production of the Service Agreement referenced in paragraph 6(b); and (3) confirmation of any additional insurance agreements under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). A true and correct copy of that correspondence is attached hereto as **Exhibit A**.

5.    On February 28, 2026, I sent a separate letter to Ms. Canby pursuant to Local Rule 7-3 regarding Defendant's Amended Answer [ECF Doc. 43], specifically addressing the Fourteenth Affirmative Defense's failure to satisfy Federal Rule of Civil Procedure 9(b) and the accountability gap created by paragraph 6(b). I offered to confer by telephone or video conference at Defendant's convenience. A true and correct copy of that letter is attached hereto as **Exhibit B**.

6.    I did not receive a response to my February 27 correspondence or my February 28 letter. On March 3, 2026, I sent follow-up correspondence to Ms. Canby regarding the February 27 disclosure requests, noting that no response had been received and again requesting clarification and production. A true and correct copy of that follow-up is attached hereto as **Exhibit C**.

7.    On March 3, 2026, I also sent a separate follow-up to Ms. Canby regarding the February 28 Local Rule 7-3 letter, again offering to confer at her convenience. A true and correct copy of that follow-up is attached hereto as **Exhibit D**.

8.    On March 5, 2026, Ms. Canby sent me an email that addressed a scheduling matter and stated, regarding my outstanding inquiries: "Please note that regarding your prior email inquiries related to Farmers Direct's Amended Answer and Initial Disclosures, we anticipate providing responses to you by early next week." A true and correct copy of Ms. Canby's March 5, 2026 email is attached hereto as **Exhibit E**.

9.    "Early next week" from March 5, 2026 was March 9 or March 10, 2026. As of the date of this Declaration, I have not received any response from Defendant's counsel to my February 27 disclosure requests, my February 28 Local Rule 7-3 letter, my March 3 follow-ups, or the commitment made in Ms. Canby's March 5 email. The Service Agreement has not been produced. No witness employment clarification has been provided. No supplemental Rule 26(a)(1)(A)(iv) disclosure has been served

DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES

10.    On March 17, 2026, I sent an additional Local Rule 7-3 meet and confer letter to Ms. Canby and Ms. Bernard via email, requesting written confirmation regarding the Jury Demand designation in Section V of the Civil Cover Sheet filed in this action on November 14, 2025 [ECF Doc. 2], and requesting that Defendant file a corrected Civil Cover Sheet if the current designation contains an inaccuracy. I requested a response by March 19, 2026. A true and correct copy of that letter is attached hereto as **Exhibit F**.

11.    As of the date of this Declaration, I have made six separate written attempts to resolve discovery and related issues without court intervention. Despite Defendant's counsel's written commitment on March 5, 2026 to respond to my outstanding requests by early the following week, no responses have been received. I file this Declaration in support of Plaintiff's Amended Motion to Compel because informal resolution has not been achieved despite those efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 17, 2026, at Palm Springs, California.

/s/ **Luna D'Sol**

**Luna D'Sol**

*Plaintiff in Pro Per*

DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES