UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | June 8, 2026 |
|---|---|---|---|
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     ORDER DENYING PLAINTIFF'S RENEWED MOTION TO REMAND [77]

## I.      Introduction

Before the Court is a renewed motion to remand brought by pro se Plaintiff Luna D'Sol. Plaintiff's Renewed Motion to Remand ("Renewed Remand Mot."), ECF No. 77-1. For the following reasons, Plaintiff's motion to remand is DENIED.

## II.      Factual and Procedural Background

This lawsuit arises out of a burglary occurring at Plaintiff's home on June 3, 2024. First Amended Complaint ("FAC"), ECF No. 1-2 ¶ 9. Plaintiff alleges that intruders stole various items and damaged the home, rendering it unsafe and uninhabitable. *Id.* Plaintiff's property was insured under a policy issued by Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct"). *Id.* Following the burglary, Plaintiff filed a claim with Farmers Direct. *Id.* Plaintiff alleges Farmers Direct mishandled this claim, refused to fund necessary covered restoration work, and denied paying covered additional living expenses. *Id.* ¶¶ 9-11.

On August 21, 2025, Plaintiff filed a lawsuit against "Farmers Insurance Exchange." ECF No. 1. After a meet and confer with counsel for Farmers Direct, Plaintiff on October 15, 2025 amended her complaint to name Farmers Direct as the proper defendant in place of Farmers Insurance Exchange. *Id.*

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | June 8, 2026 |
|---|---|---|---|

| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* |
|---|---|

Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and insurance code § 790.03(h) against Defendant. *See* FAC ¶¶ 31-52.

Plaintiff filed an initial motion to remand on December 5, 2025, arguing that complete diversity does not exist. ECF No. 14. The Court denied the motion on January 26, 2026, on the grounds that Farmers Direct, a diverse defendant, could not be considered the alter ego of an unnamed defendant, Farmers Insurance Exchange. *See* ECF No. 33 at 4.

Plaintiff also filed a motion for leave to amend her complaint on January 24, 2026, which was subsequently withdrawn on February 10, 2026, even after Defendant had already opposed the motion. *See* ECF Nos. 31, 38, 39. Plaintiff then filed a second motion for leave to amend her complaint on February 20, 2026. ECF No. 40. Plaintiff again withdrew her motion on April 27, 2026 after Defendant had already opposed it. ECF Nos. 45, 72.

Plaintiff's most recent motion is the instant renewed motion to remand the action back to Los Angeles Superior Court, filed on May 7, 2026. ECF No. 77-1.

**III.    Legal Standard**

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997).

Remand may be granted for a defect in the removal procedure or for lack of subject matter

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | Date | June 8, 2026 |
|---|---|---|---|

| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* |
|---|---|

jurisdiction. 28 U.S.C. § 1447(c). A plaintiff's motion to remand may raise either a facial attack or factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (cleaned up). In contrast, a factual attack contests the truth of the allegations themselves. *Id.* at 699. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence," that jurisdiction exists. *Id.*; *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In analyzing a motion to remand, courts may consider summary-judgment-type evidence submitted by the parties. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

## IV.    Discussion

Plaintiff again contends this Court lacks subject matter jurisdiction over the action because complete diversity does not exist. Renewed Remand Mot. at 2-3. For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). A corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Plaintiff's renewed motion rests largely on an "Assumption Certificate" dated September 20, 2024. *See* Renewed Remand Mot. at 2-3. The Assumption Certificate indicates that Farmers Insurance Exchange assumed liability under the policy at issue and that Farmers Direct withdrew from California as an insurer. *See* Exhibit E, ECF No. 77-2. Plaintiff argues that the Assumption Certificate necessitates remand because Farmers Exchange—a California citizen—is the "real party in interest" according to Federal Rule of Civil Procedure ("FRCP") 17(a).[1]  *See* Renewed Remand Mot. at 2.

The Court disagrees. Plaintiff's "real party in interest" theory fails because Rule 17(a) has no bearing on a defendant's citizenship. *See Gardetto v. Mason*, 854 F. Supp. 1520, 1544 (D. Wyo. 1994) (Rule 17(a) "by its own terms, only applies to plaintiffs since that is the party who is 'prosecuting the action.'" (quoting Fed. R. Civ. P. 17(a)(1))). At bottom, Plaintiff's complaint names only one defendant, Farmers Direct, which the Court has already established is a citizen of Rhode Island. *See* ECF No. 33 at

---

[1] FRCP 17(a) mandates actions be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10938-SVW-AS | | Date | June 8, 2026 |
|---|---|---|---|---|
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al* | | | |

4.

Because Plaintiff is a California citizen and Defendant Farmers Direct is a Rhode Island citizen, complete diversity exists. Accordingly, the Court DENIES Plaintiff's renewed motion to remand.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is DENIED. The motion hearing set for June 15, 2026, is VACATED. The status conference set for June 15, 2026, is VACATED. The Court SETS trial for October 13, 2026, and a pretrial conference for October 5, 2026.

**IT IS SO ORDERED.**

:

Initials of Preparer    DTA