**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINITFFIFF'S RENEWED MOTION TO REAMAND**

Judge: Hon. Stephen V. Wilson
Date: July 27, 2026
Time: 1:30 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With: Plaintiff's Objections to PLAINTIFF'S EVIDENTIARY AND PROCEDURAL OBJECTIONS TO DEFENDANT'S OPPOSITION OF PLANTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S RENEWED MOTION TO REMAND

## I. INTRODUCTION

Plaintiff, Luna D'Sol, submits this Reply in support of Plaintiff's Motion for Reconsideration [ECF No. 87] of the Court's June 8, 2026, Order [ECF No. 85] denying Plaintiff's Renewed Motion to Remand [ECF No. 77]. This Reply also addresses the Declaration of Kelly Canby submitted in support of Defendant's Opposition.

Plaintiff's Motion is brought exclusively under Local Rule 7-18(c), which permits reconsideration only upon "a manifest showing of a failure to consider material facts presented to the Court before such decision." Plaintiff also recognizes that Local Rule 7-18 expressly provides that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

Accordingly, Plaintiff does not seek to relitigate the Renewed Motion to Remand, present new evidence, advance new legal theories, or repeat arguments previously made. Rather, this Reply is confined to the limited inquiry authorized by Local Rule 7-18(c). To the extent Defendant's Opposition and the Canby Declaration introduce mischaracterizations, collateral matters, or arguments outside that limited inquiry, Plaintiff addresses them only to correct the record and to return the Court's analysis to the two material facts identified in Plaintiff's Motion for Reconsideration

## II. Plaintiff Protects the Integrity of the Local Rule 7-18(c)

Plaintiff brings the following statements by Defendant's counsel, Ms. Kelly Canby, to the Court's attention. Plaintiff recognizes that citation to the applicable ECF references alone would ordinarily suffice and that the Court could review the statements directly. Plaintiff reproduces them here solely for the Court's convenience. Plaintiff further expressly clarifies that reproducing these statements is not intended to present a new argument, reargue the Renewed Motion to Remand, or expand the grounds asserted in Plaintiff's Motion for Reconsideration. Rather, Plaintiff includes them only because they directly bear upon one of Plaintiff's two asserted manifest errors under Local Rule 7-18(c), and to preserve the accuracy and integrity of the existing record.

### a. ECF No. 91-1 at 5:24–27

"Plaintiff's statements are presumably in reference to the 'Assumption Certificate' document (**which Defendant contends is unauthenticated**) but was nevertheless still considered by this Court."

b. **ECF No. 91-1, footnote 3**

"This is not the first time that Plaintiff has filed the **unauthenticated 'Assumption Certificate.'**"

c. **ECF No. 91-1, ¶ 11**

"On May 7, 2026, Plaintiff filed her Renewed Motion to Remand [ECF No. 77] admittedly based on the very same **unauthenticated 'Assumption Certificate'** that she previously submitted in support of Plaintiff's…"

d. **ECF No. 91-1, footnote 5**

"…Plaintiff's Second Motion for Leave to File a Second Amended Complaint [ECF No. 40] (collectively 'Supplement') which included a copy of the **unauthenticated 'Assumption Certificate'** as Exhibit A."

The common denominator in each of the foregoing statements is highlighted in the quotations above. If accepted, Defendant's repeated characterization of the Assumption Certificate as "unauthenticated" would necessarily defeat Plaintiff's first asserted manifest error before the Court ever reaches the inquiry required by Local Rule 7-18(c).

Local Rule 7-18(c) confines the Court's review to whether it manifestly failed to consider material facts that were already before it when the challenged Order was entered. Accordingly, Plaintiff's Motion for Reconsideration is necessarily limited to the record presented in support of the Renewed Motion to Remand, namely ECF Nos. 77, 77-1, 77-2, 77-3, and 77-4. Within that record, Plaintiff's declaration at ECF No. 77-2, page 2, paragraph 9 addresses the provenance and authentication of the Assumption Certificate.

**Plaintiff addresses Defendant's repeated assertion solely to ensure that the Court is afforded an accurate and complete record when evaluating the narrow inquiry presented by Local Rule 7-18(c).**

## III. NO NEW EVIDENCE

Plaintiff does not address Defendant's repeated references to "new evidence" because they bear upon either of Plaintiff's asserted manifest errors. Nor does Plaintiff do so to reargue the merits of the Renewed Motion to Remand. Plaintiff addresses those statements solely because Defendant has repeatedly introduced a standard that does not appear within Local Rule 7-18(c). If left unanswered, Defendant's repeated references to "new evidence" could create the mistaken impression that subsection (c) requires a showing that the Rule itself does not require. Plaintiff therefore responds only to preserve the integrity of the Local Rule 7-18(c) inquiry, not to expand it.

## IV. CONCLUSION

Plaintiff has confined this Reply to the limited inquiry authorized by Local Rule 7-18(c) and has refrained from rearguing the underlying motion. Plaintiff respectfully requests that the Court hold both parties to the same limitations imposed by Local Rule 7-18(c) and evaluate the parties' factual and procedural representations under that same standard.

[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2:

The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 939 words ("including headings, footnotes and quotations but excluding the caption, the table of contents [and] the table of authorities"), which complies with the word limit of Local Rule 11-6.1.]

Respectfully submitted:

**Dated:** 7/7/2026 **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069