**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL<br><br>                    Plaintiff,<br><br>        vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>                    Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION [ECF 98];** |

## I.    INTRODUCTION

Plaintiff Luna D'Sol ("Plaintiff"), appearing pro per, respectfully submits this Reply in response to Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant") Opposition to Plaintiff's Ex Parte Application [ECF 101] and the accompanying Declaration of Michelle R. Bernard [ECF 101-1] ("Bernard Decl.") including Defendant's request that the Court issue an Order to Show Cause and sanctions against Plaintiff. Defendant's Opposition rests principally on the argument that Plaintiff's application is improper "gamesmanship" timed to ambush a hearing, that the underlying state-court material is "routine" and irrelevant, and that Plaintiff's conduct warrants sua sponte sanctions. Each argument is addressed in turn below.

PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION [ECF 98]; OPPOSITION TO DEFENDANT'S REQUEST FOR ORDER TO SHOW CAUSE RE: SANCTIONS

## II.    DEFENDANT'S "GAMESMANSHIP" ARGUMENT IS MOOT: THE COURT VACATED THE VERY    HEARING DEFENDANT CLAIMS PLAINTIFF WAS TRYING TO EXPLOIT

Defendant's Opposition invokes Mission Power Engineering Company v. Continental Casualty Company's warning against parties who force a court to "drop everything" for a hearing that need not have been rushed, and argues Plaintiff is improperly trying to gain an unfair advantage ahead of the July 27, 2026 hearing. 883 F. Supp. 488, 492 (C.D. Cal. 1995); Opp. at 3-5.

That argument was overtaken by the Court's own docket before Defendant's Opposition was even filed. On the morning of July 24, 2026 — hours before Defendant filed its Opposition — the Court issued a minute order stating in full: "The MOTION for Reconsideration [87], MOTION for Sanctions [88], and MOTION to Strike [90] are submitted. Orders to issue. The hearings scheduled for 7/27/2026 are VACATED and off calendar." [ECF 100]. There is no July 27, 2026 hearing left for Plaintiff to jump ahead of. Defendant's Opposition is nonetheless captioned for "Date: July 27, 2026; Time: 1:30 p.m." and argues the merits as though that hearing remains live.

More significantly, Plaintiff's Motion for Sanctions [ECF 88] — the motion Plaintiff's Ex Parte Application [ECF 98] sought leave to supplement — is now submitted, with an order to issue at a time not set by either party. This is the circumstance Mission Power identifies as the clearest case for relief: where "drastic harm is threatened," a moving party need only show "close issues that justify the court's review before the party suffers the harm." Id. at 493. Once the Court's order on ECF 88 issues, Plaintiff will have no further opportunity to place the Supplemental Declaration [ECF 98-6] and its exhibits before the Court in connection with that motion. That is irreparable prejudice within the meaning of Mission Power, and Defendant's Opposition does not address it because Defendant's brief was framed around a hearing that, by the time it was filed, no longer existed.

## III.    DEFENDANT CANNOT CLAIM PREJUDICE FROM MATERIAL IT HAS ALREADY SUBSTANTIVELY ANSWERED

The second concern underlying Mission Power — that ex parte relief allows a moving party to spring "days, even weeks, of investigation and preparation" on an opponent who has "perhaps a day or two" to respond, id. at 490 — is likewise absent here. Defendant's Opposition and the fifty-six-page Bernard Declaration [ECF 101-1] do not merely object to the procedural vehicle. They respond in detail,

paragraph by paragraph, to the substance of the Supplemental Declaration, including Ms. Bernard's account of the timing and circumstances of the July 17 and July 20, 2026 filings in the State Court Action, the CCP § 430.41(a)(2) extension declaration, and the identity and role of Ms. Vang-Zamora. See Bernard Decl. ¶¶ 6-15.

A party cannot credibly claim unfair surprise from evidence it has already answered at length, under penalty of perjury, with six exhibits of its own. Whatever the Court's ultimate view of the merits, the procedural predicate Defendant relies on to keep the Supplemental Declaration out of the record — that Plaintiff is trying to deny Defendant a fair opportunity to respond — does not match what Defendant has, in fact, already done.

**IV.      PLAINTIFF'S REQUEST WAS TIMELY AND WAS NOT THE RESULT OF ANY FAULT OR DELAY BY PLAINTIFF**

Plaintiff's Reply in support of her Motion for Sanctions was filed on July 13, 2026 [ECF 95]. The communications and state court filings described in the Supplemental Declaration occurred between July 15 and July 20, 2026 — after the Reply was filed and the briefing on ECF 88 was closed. Plaintiff could not have presented this material during the original briefing because it did not yet exist. Plaintiff raised the issue with defense counsel promptly upon learning of it, initiating the meet-and-confer process on July 22, 2026, and filing the Ex Parte Application within approximately twenty-four hours after that process concluded without agreement. [ECF 98, 99]. This is not the pattern of manufactured urgency Mission Power warns against; it is the ordinary and appropriate response to circumstances that arose after full briefing had closed on a motion that remains, as of this filing, undecided.

Plaintiff notes, only to correct the record and not by way of accusation, that after-hours meet-and-confer contact has not, in this litigation, been treated by either side as itself indicative of bad faith: Defendant's own prior ex parte application in this action was preceded by a meet-and-confer request Plaintiff understands was initiated on a Sunday. Plaintiff raises this solely to establish that the timing of her July 22, 2026 outreach does not, by itself, support an inference of gamesmanship.

**V.      DEFENDANT'S REQUEST FOR AN ORDER TO SHOW CAUSE AND SANCTIONS LACKS MERIT**

Defendant asks the Court to issue sua sponte sanctions against Plaintiff under the Court's inherent authority, Federal Rule of Civil Procedure 11(c)(3), and Local Rules 11-9 and 83-7. Each of these sources of authority requires more than a filing the opposing party finds unwelcome or strongly worded. Sanctions under the Court's inherent power require a specific finding that the sanctioned party acted in bad faith. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). Rule 11 sanctions require that the challenged filing be objectively unreasonable and either legally or factually baseless at the time it was filed; a filing that turns out to be mistaken, or that the opposing party disputes, is not thereby sanctionable.

Plaintiff's Ex Parte Application and Supplemental Declaration [ECF 98-6] identify specific, dated communications and publicly filed state-court documents as the basis for Plaintiff's contentions, rather than unsupported characterizations. By way of example: the actual July 15, 2026 email from Ms. Bernard addresses only the Federal Action and states she "will send a separate email regarding [Plaintiff's] new state court lawsuit" in the future; it does not name Farmers Insurance Exchange, does not reference Case No. 26VECV03273, and does not state that GRSM had been retained in the State Court Action. Supp. D'Sol Decl. ¶ 7, Ex. D. Ms. Bernard's own declaration filed July 17, 2026 — three days before the events described below — confirms that her first notice to Plaintiff regarding the State Court Action retention occurred on July 17, 2026. Id. ¶ 8, Ex. A. On July 20, 2026 at 6:32 a.m., Plaintiff emailed Ms. Bernard objecting that this July 17 contact fell outside the applicable statutory window. Id. ¶ 9. Later that same day, Ms. Bernard filed two further declarations, each stating under penalty of perjury: "On July 15, 2026, I sent an email to D'Sol to inform her that our firm had been retained to represent Farmers in this action ('State Court Action')." Id. ¶ 10, Exs. B, C. That is a materially more favorable claim than Ms. Bernard's own July 17 declaration reflects, and it appears for the first time only after Plaintiff's timeliness objection. Id. Plaintiff maintains that this sequence — dates, quotes, and the documents themselves — and not any characterization Defendant has selected from among Plaintiff's filings, is the proper measure of whether Plaintiff's motion has a good-faith basis. See also id. ¶¶ 11-14, Exs. E-F

Defendant's reliance on In re Intermagnetics America, Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989), is misplaced. That case addressed a party who sought emergency relief for a crisis of its own making, without affording the opposing party a meaningful opportunity to be heard. Here, Plaintiff initiated a meet-and-confer in advance of filing, gave Defendant notice, and Defendant in fact exercised a full and detailed opportunity to oppose — an opportunity it used. The concerns that animated Intermagnetics and Mission Power alike are directed at applications that deny the opposing party a fair hearing. This application did not do that, and the current record does not support a finding of bad faith sufficient to justify an Order to Show Cause.

To the extent the Court has any concern regarding the tone of Plaintiff's prior filings, Plaintiff respectfully commits to conforming all further submissions in this action to a strictly factual, record-cited format, and requests the opportunity to do so in lieu of an Order to Show Cause.

**VI.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant Plaintiff's Ex Parte Application [ECF 98] and consider the Supplemental Declaration [ECF 98-6] and accompanying exhibits, which Defendant has already substantively addressed, before ruling on the Motion for Sanctions [ECF 88]; and (2) decline to issue an Order to Show Cause or sanctions against Plaintiff.

Respectfully submitted,

**Dated: 7/24/2026**        **By:**    /s/ Luna D'Sol

**Luna D'Sol**

Plaintiff, In Pro Per

jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262
Telephone: 213-925-4069

PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION [ECF 98]; OPPOSITION TO DEFENDANT'S REQUEST FOR ORDER TO SHOW CAUSE RE: SANCTIONS