**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**NOTICE OF LODGING RE PLAINTIFF'S NOTICE OF RELATED CASES**

Plaintiff Luna D'Sol hereby respectfully lodges the attached Notice of Related Cases as a result of Defendant's counsel, Michelle R. Bernard's, own actions in commencing and litigating separate proceedings that expressly identify and relate this federal action to newly filed state court cases. In light of Defendant's counsel's decision to place those proceedings at issue, Plaintiff submits the attached Notice for the Court's information. The two recently commenced Superior Court actions bear different policy numbers than the policy at issue in this federal action. Nevertheless, the same adjusters, claims personnel, examination-under-oath team, customer service representatives, online claims portal, claims telephone number, payment methods, and claims handling procedures have remained substantially the same. Moreover, Defendant has repeatedly treated and discussed all three claims together in its own correspondence following the Assumption Certificate through which Farmers Insurance Exchange assumed administration of the policies.

## I. <u>FACTUAL BACKGROUND</u>

### A. PLAINTIFF FILED HER FIRST ACTION AGAINST DEFENDANT FARMERS INSURANCE EXCHANGE IN LOS ANGELES COUNTY SUPERIOR COURT''

Plaintiff commenced the state-court action against Farmers Insurance Exchange based on separate insurance policies issued for subsequent policy years. The state action does not concern the same insurer or the same policy at issue in this federal action. Rather, the first claim arises under the policy issued by Farmers Direct, while the second and third claims arise under later policies issued through Farmers Insurance Exchange. In its state-court filings, counsel nevertheless identified this federal action as related, and the state pleadings expressly reference the operative Assumption Certificate applicable to the Exchange policies.

### B. PLAINTIFF FILED HER SECOND ACTION AGAINST DEFENDANT FARMERS INSURANCE EXCHANGE IN LOS ANGELES COUNTY SUPERIOR COURT''

On July 15, 2026, Plaintiff commenced a civil action against Farmers Insurance Exchange in the Superior Court of California, County of Los Angeles, arising from Defendant's handling of Plaintiff's insurance claims under separate insurance policies issued during subsequent policy periods. The Complaint alleges causes of action for breach of contract, breach of the implied covenant of good faith

and fair dealing, declaratory relief, fraud, negligent misrepresentation, unfair competition, and related statutory and equitable claims. The action remains pending as **Luna D'Sol v. Farmers Insurance Exchange**, Case No. **26VECV03273**.

C. PLAINTIFF FILED HER FIRST ACTION AGAINST DEFENDANT FARMERS INSURANCE EXCHANGE IN LOS ANGELES COUNTY SUPERIOR COURT'',,,

On July 15, 2026, Plaintiff commenced a civil action in the Superior Court of California, County of Los Angeles, asserting causes of action arising from Defendant Farmers Insurance Exchange's handling of Plaintiff's insurance claims under separate insurance policies issued for subsequent policy periods. The Complaint alleges, among other things, breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, fraud, negligent misrepresentation, unfair competition, and related statutory and equitable claims. The action seeks judicial determination of the parties' respective rights and obligations under those insurance contracts and challenges the conduct of Farmers Insurance Exchange in connection with the investigation, adjustment, and administration of Plaintiff's claims

## II. RELATED CASES

Ms. Bernard has misrepresented Meet and Confer dates, Ms. Bernard has already provided 2 different versions when she was retained, and she has brought this Federal action on record in the state action where Farmers Insurance Exchange is the only named defendant. The 2 actions in the swarise from the same Assumption Certificate that became effective January 15, 2024

Respectfully submitted:

Dated: 7/26/2026 By: /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# APPENDIX 1

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS INSURANCE EXCHANGE

**Electronically FILED by Superior Court of California, County of Los Angeles 7/17/2026 5:24 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

LUNA D'SOL,

Plaintiffs,

v.

FARMERS INSURANCE EXCHANGE; and DOES 1-50, inclusive,

Defendants.

Case No. 26VECV03273

**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF 30-DAY EXTENSION TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41(A)(2)**

Judge: Hon. Karen Moskowitz
Dept.: I

Complaint Filed: June 4, 2026

1. I am over the age of eighteen and a partner of Gordon Rees Scully Mansukhani, LLP, counsel for Defendant FARMERS INSURANCE EXCHANGE ("Defendant") in connection with the above-captioned lawsuit filed by Plaintiff LUNA D'SOL ("Plaintiff"). This declaration is submitted pursuant to Code of Civil Procedure Section 430.41(a)(2) in support of the automatic 30-day extension of time for Defendant to respond to Plaintiff's Complaint. I have personal knowledge of the matters contained in this declaration and if called to testify to them could and would do so competently.

/ / /



GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

2. Based on the court's on-line Register of Actions for this matter, it appears that the summons and Complaint were served on Defendants via substitute service such that the date for Defendant's responsive pleading is July 20, 2026.

3. Given our recent retention on behalf of Defendant, on July 17, 2026, I contacted *in pro per* Plaintiff via email to advise that our firm had been retained to represent Defendant in this matter and seeking to initiate the pre-filing meet and confer process as one or more issues raised by the allegations in Plaintiff's Complaint may be subject to an appropriate demurrer on behalf of Defendant. A true and correct copy of my July 17, 2026 email correspondence to Plaintiffs is attached hereto as Exhibit 1. As reflected in the above-referenced email communication, I made a good faith effort to meet and confer with Plaintiff regarding Plaintiff's claims and Defendant's anticipated demurrer to Plaintiff's Complaint but was unable to timely complete the meet and confer process due to our recent retention in this matter and the inability of the parties to schedule the meet and confer at least five (5) days prior to the responsive pleading due date.

4. As a result of the inability of the parties to complete the meet and confer process regarding Defendants' anticipated demurrer prior to the cutoff date to do so prescribed by Section 430.41(a)(2), Defendant maintain that the automatic 30-day extension provided therein is mandated by statute and necessary to allow those meet and confer discussions to commence and, if necessary thereafter, for Defendant to prepare the appropriate demurrer to Plaintiff's Complaint in the event that the parties are unable to informally resolve the issues through the meet and confer process.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of July, 2026 at San Diego, California.

Michelle R. Bernard

Michelle R. Bernard

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Jer Vang-Zamora**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Friday, July 17, 2026 3:37 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby; Jer Vang-Zamora; Kiry Yeoun |
| **Subject:** | RE: D'Sol v. Farmers Insurance Exchange / Los Angeles County Superior Court Case No. 26VECV03273 / SAE No. 2026-2983 ( (2025 Claim 5037114499-1) / GRSM Matter No. 1460263 - Meet And Confer Request (CCP § 430.41 |

Dear Ms. D'Sol: In furtherance to my email correspondence to you on July 15, 2026 in connection with the pending federal court action filed against Defendant Farmers Direct Property and Casualty Company, as advised, Gordon Rees Scully Mansukhani LLP has been retained to represent Defendant Farmers Insurance Exchange ("FIE") in connection with a separate lawsuit you have filed in Los Angeles County Superior Court (Case No. 26VECV03273)("State Court Action"). Please kindly direct all future case-related correspondence in the State Court Action to my attention as lead counsel for FIE and ensure to add me, my colleague Kelly Canby and secretaries Jer Vang Zamora and Kiry Yeon (all copied above) to your proof of service and email distribution list in this matter.

After reviewing the Complaint filed by Plaintiff Luna D'Sol ("Plaintiff"/"You"), we have determined there are one or more issues which may subject it to an appropriate demurrer and/or motion to strike, including but not limited to the following:

1. Plaintiff's Third Cause of Action for Fraud merely recharacterizes the same "claims handling misconduct" allegations set forth in your Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing as allegedly constituting "fraudulent" conduct (compare Paragraph 18 with Paragraphs 29 -30). Accordingly, the Third Cause of Action is duplicative and improper as a matter of law. Moreover, under California law, "fraud must be pled specifically; general and conclusory allegations do not suffice." *Lazar v. Superior Court* (1996) 12 Cal.4th 631. This requirement serves two purposes. First, it gives the defendant notice of the definite charges to be met. Thus, the allegations should be sufficiently specific that the court can weed out nonmeritorious actions on the basis of the pleadings. In this respect, the pleading should be sufficient "to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217. Accordingly, a plaintiff must plead facts which show how, when, where, to whom, and by what means the "fraudulent" representations were made. *Lazar, supra*, 12 Cal.4th at 645. When the defendant is a corporate defendant, the plaintiff must further allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Id.* On its face, the Third Cause of Action fails to meet this heightened pleading standard such that this claim should be dismissed at the pleadings stage.

2. Plaintiff's Fifth Cause of Action is subject to demurrer as it fails to allege facts to support a violation of the Unruh Act. Unruh Act claims include the following elements: (i) defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (ii) that a substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (iii) that plaintiff was harmed; and (iv) that defendant's conduct was a substantial factor in

causing plaintiff's harm." *Nia v. Bank of America, N.A.* (S.D. Cal. 2002) 603 F.Supp.3d 894, 906.. Under California law, a plaintiff cannot plead discriminatory intent merely by making a conclusory allegation to that effect . . . [r]ather, the complaint must include some factual context that gives rise to a plausible inference of discriminatory intent." *See e.g., Duronslet v. County of Los Angeles* (C.D. Cal. 2017) 266 F.Supp.3d 1213, 1217 (citations omitted) (granted defendant county's motion to dismiss Unruh Act claim filed by transgender minor where plaintiff merely alleged "she was 'forced' to use male facilities" which failed to establish that defendant "intended to discriminate against her based on her transgender status," albeit court granted leave to amend to allow plaintiff opportunity to "cure this deficiency"); *see also generally Green v. Miss United States of America, LLC* (9th Cir. 2022) 52 F.4th 773, 803-804 (affirmed district court's dismissal of plaintiff transgender woman claim that her rejection from a beauty pageant amounted to gender-identity discrimination in violation of Oregon's Public Accommodation Act because the power of the state cannot be used to "force" the expression of a "message contrary to what it desires to express" as "compelled expression is the problem" because "such compulsion so plainly violates the Constitution"). Here, the gravamen of Plaintiff's gender discrimination claim under the Unruh Act is that FIE claims adjusters allegedly refused to address Plaintiff by her legal name and correct gender despite receiving notice of Plaintiff's name change, gender identity, and requests to be addressed appropriately. See Complaint at Paragraph 50-51. Simply stated, these allegations fail to allege facts to support a viable Unruh Act violation in the first instance as the Unruh Act requires proof of intentional acts of discrimination. *Koebke v, Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 854. To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Id.* at 853. On its face, Plaintiff's Fifth Cause of Action fails to allege any conduct that could be reasonably construed to constitute a violation of the Unruh Act. Moreover, relevant to any purported harm caused by FIE in referring to you by your former name and male references, this contention strains credulity considering that you continue to use an email address in communications with the court and third parties whereby you identify yourself by your former name and male gender identification: jravada@icloud.com (a.k.a. Julio Ravada). Accordingly, this cause of action lacks merit and should be voluntarily dismissed at the pleadings stage.

3. Plaintiff's punitive damage allegations are conclusory and insufficient under California law and therefore subject to a motion to strike. "The conduct required to award punitive damages for the tortious breach of contract ... is of a different dimension [than that required for bad faith liability]." *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1269, 1286. Under prevailing law, Plaintiff must demonstrate by clear and convincing evidence that FIE intended to deliberately injure its insured in conscious disregard of its rights by breaching a contractual obligation owed under the policy and that the alleged misconduct was directed, authorized or ratified by a managing agent of FIE to recover punitive damages. Cal. Civ. Code § 3294; *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.* (1986) 185 Cal. App. 3d 1149, 1154; *Chodos v. Ins. Co. of North America* (1981) 126 Cal. App. 3d 86, 102. Generic allegations of malicious, willful and oppressive conduct are insufficient to satisfy the heighted pleading standard under California law to assert a claim for punitive damages. *See* Complaint at Paragraph 39; Cal. Civ. Code § 3294(c)(1)-(2); *see also* California Civil Jury Instruction (BAJI) 14.72.1 (October 2023 update). Accordingly, Plaintiff's claim for punitive damages should be voluntarily dismissed at the pleadings stage.

Given our recent retention in the State Court Action and our related inability to meet and confer with you within 5 days before FIE's responsive pleading due date (*i.e.* July 20, 2026 based on substitute service),

please note that we plan to file a Code of Civil Procedure § 430.41 automatic 30-day extension declaration to allow the parties sufficient time to complete the meet and confer process regarding FIE's anticipated demurrer and motion to strike.

At your earliest convenience, please let me know some date/time options that work for you next week (July 20 – July 24) to schedule our meet an confer call.

Best regards,

Michelle R. Bernard

---

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™

**MICHELLE R. BERNARD**
Partner

633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101
**D:** 619.230.7769
mbernard@grsm.com

grsm.com

# APPENDIX 2

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS INSURANCE EXCHANGE

**Electronically FILED by Superior Court of California, County of Los Angeles 7/20/2026 7:04 PM David W. Slayton, Executive Officer/Clerk of Court, By C. Haroutunian, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

LUNA D'SOL,

Plaintiffs,

v.

FARMERS INSURANCE EXCHANGE; and DOES 1-50, inclusive,

Defendants.

Case No. 26VECV03273

**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS INSURANCE EXCHANGE'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

Judge: Hon. Karen Moskowitz
Dept.: I

**Filed Concurrently With**:
Notice Of Motion And Motion To Strike; Declaration Of Michelle R. Bernard; and [Proposed] Order

Reservation ID: 819660046657

Date: September 23, 2026
Time: 8:30 a.m.
Dept. I

Complaint Filed: June 4, 2026

1. I am an attorney duly licensed to practice before the courts of the State of California, and am a partner of Gordon Rees Scully Mansukhani, LLP, counsel of record for Defendant Farmers Insurance Exchange ("Farmers" or "Defendant") in connection with the above-captioned lawsuit filed by *In Pro Per* Plaintiff Luna D'Sol ("Plaintiff" or "D'Sol"). This declaration is submitted in support of Farmers' motion to strike portions of Plaintiff's Complaint. I have personal knowledge of the matters contained in this declaration and if called to testify to them could and



GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

would do so competently.

2. Based on the date and method of substitute service of the summons and Complaint, Farmers was required to timely respond to Plaintiff's Complaint filed herein on or before July 20 2026.

3. On July 15, 2026, I sent an email to D'Sol to inform her that our firm had been retained to represent Farmers in this action ("State Court Action") in addition to representing Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") in connection with another bad faith lawsuit she filed that is pending in the United States District Court for the Central District of California (Case No. Case No. 2:25-cv-10938-SVW-AS) ("Federal Court Action"). Ms. D'Sol did not contact me in response to my July 15, 2026 email.

4. On July 17, 2026, I sent Ms. D'Sol an email to initiate the meet and confer process regarding Farmers' anticipated demurrer and motion to strike Plaintiff's Complaint in the State Court Action. Given that I was in the hospital undergoing medical treatment on July 15, 2026 and still recovering from my medical procedure, I was unavailable to participate in a meet and confer with D'Sol last week. Given my unavailability, I emailed D'Sol on July 17, 2026 that Farmers would be filing a declaration pursuant to Cal. Civ. Proc. Code Section 430.41(a)(2) allowing for an automatic 30-day extension of time to respond to Plaintiffs' Complaint and requested that D'Sol contact me to schedule a time to meet and confer regarding the issues addressed in my July 17, 2026 email correspondence, including Farmers' anticipated motion to strike Plaintiff's claim for punitive damages. Although D'Sol routinely calls and/or emails me and my colleague Kelly Canby after hours and on weekends in connection with the Federal Court Action, I did not receive any response from D'Sol regarding my invitation to meet and confer regarding Farmers' anticipated demurrer and motion to strike in connection with the State Court Action.

5. Instead, D'Sol sent me a threatening email this morning at 6:32 a.m. disputing the basis for Farmers' 30-day automatic extension pursuant to Cal. Civ. Proc. Code Section 430.41(a)(2), threatening to take Farmers' default, advising that she would not accept service via email in the State Court Action (contrary to the service arrangement in the Federal Court Action) and confirming that she would not voluntarily dismiss her claims for fraud, Unruh Act violations,

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

or punitive damages. Relevant to this motion, I dispute D'Sol's erroneous interpretation of Cal. Civ. Proc. Code Section 430.41(a)(2) (*i.e.* Farmers does not need D'Sol's consent to obtain the automatic 30-day extension to respond if the parties are unable to meet and confer at least five days before the responsive pleading due date), her meritless contentions regarding Farmers' alleged failure to meet and confer in good faith and the unhinged basis for her *ad hominem* attacks on me for the reasons set forth in my reply email to D'Sol sent today at approximately 5:24 p.m. A true and correct copy of the above-reference email communications between me and D'Sol are attached hereto as Exhibit 1. It should be noted that Farmers Direct has filed a motion in the Federal Court Action requesting that the district court impose *sua sponte* sanction against D'Sol based on her documented record of litigation misconduct in refusing to comply with local court rules and routinely filing frivolous motions.

6. Relevant to compliance with the meet and confer requirements set forth in Code of Civil Procedure section 435.5(a)("Section 435.5(a)"), this motion is made following D'Sol's written representation via email on July 20, 2026 (in response to my request on July 17, 2026 to schedule a meet and confer conference) that she would not voluntarily dismiss the punitive damage claim irrespective of whether the parties participated in a meet and confer conference in the first instance. In this respect, it is Farmers' position that the parties were unable to voluntarily resolve the issues addressed in this motion such that the requirements of Section 435.5(a) have been satisfied such that Farmers' motion to strike is filed concurrently herewith.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of July, 2026 at San Diego, California.

Michelle R. Bernard

Michelle R. Bernard

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Jer Vang-Zamora**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Monday, July 20, 2026 5:24 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby; Jer Vang-Zamora; Kiry Yeoun |
| **Subject:** | RE: Meet and Confer / Case No. 26VECV03273 - Luna D'Sol v. Farmers Insurance Exchange |

Ms. D'Sol: As advised, I was in the hospital on July 15, 2026 for a medical procedure and otherwise not available to meet and confer within the time frame provided by CCP § 430. 41 and/or CCP § 435.5(a). Moreover, I was back at the hospital today for yet another follow-up medical procedure. Relevant to Farmers' anticipated demurrer and contrary to your interpretation of this code provision, it does not require your consent to obtain the 30-day extension to file a responsive pleading. In this respect, we disagree with your position that Farmers failed to comply with either of the above-referenced code provisions or did not attempt to initiate meet and confer discussions in good faith. For these reasons, we have no intention of withdrawing the CCP § 430.41 Extension Declaration.

Given your stated position that you will not stipulate to the request for relief in my July 17, 2026 email, we will proceed accordingly in challenging Plaintiff's defective claims/causes of action.

As far as your ad hominem attacks on me, these assertions are scurrilous and unwarranted. " 'Ad hominem arguments, of course, constitute one of the most common errors in logic: Trying to win an argument by calling your opponent names . . . only shows the paucity of your own reasoning.' " *Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736, 763, quoting *Huntington Beach City Council v. Superior Court* (2002) 94 Cal.App.4th 1417, 1430.

Very truly yours,

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 20, 2026 6:32 AM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>

**Subject:** RE: Meet and Confer / Case No. 26VECV03273 - Luna D'Sol v. Farmers Insurance Exchange
**Importance:** High

Dear Counsel,

I am in receipt of your email correspondence from July 17th, 2026 at 3:36pm. Please consider this email my formal meet-and-confer response, as well as a formal notice of procedural violations that you must cure immediately today.

Be advised of the following critical defects in your position:

1. **Failure to Comply with CCP § 430.41(a)(2):** Your client's responsive pleading is due today, July 20, 2026. Under California Code of Civil Procedure § 430.41(a)(2), you were statutorily required to initiate the meet-and-confer process **at least 5 days prior**, making **July 15, 2026** your absolute deadline. Your first attempt to contact me regarding this matter was on July 17, 2026, at 3:36pm which is outside the statutory window. You are legally barred from claiming you were "unable" to meet and confer to trigger an automatic 30-day extension.
2. **No Consent to Electronic Service:** I have not received any service copies from your office. Furthermore, as a self-represented litigant, **I do not consent to electronic service** under California Code of Civil Procedure § 1010.6. Any declaration or pleading your office attempted to file or is procedurally defective for lack of proper physical service.
3. **No Good-Faith Meet and Confer:** Sending a unilateral email on the eve of a deadline does not constitute a legal meet-and-confer. You have failed to call me or make a genuine effort to discuss these matters via telephone.

**Substantive Position:** I will not voluntarily dismiss my claims for Fraud, Unruh Act violations, or Punitive Damages. Your transphobic, bad-faith threats to use my private email address to deadname and misgender me will be brought to the Court's attention as evidence of harassment.

**Opportunity to Cure:**
If your office filed a CCP § 430.41 Extension Declaration, it is a direct violation of California law and a misrepresentation to the Court regarding your adherence to the 5-day rule.

I am giving you until the close of business **today, July 20, 2026**, to withdraw any improper extension filings and file a legally compliant Answer to the Complaint. If you fail to do so, I will move forward tomorrow morning with a Request for Entry of Default and a formal Motion to Strike your improper declaration. I will present this email to the judge to prove I gave your office a clear opportunity to correct your errors.

Please govern yourself accordingly.

Sincerely,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Jul 17, 2026, at 15:36, Michelle Bernard <mbernard@grsm.com> wrote:

Dear Ms. D'Sol: In furtherance to my email correspondence to you on July 15, 2026 in connection with the pending federal court action filed against Defendant Farmers Direct Property and Casualty Company, as advised, Gordon Rees Scully Mansukhani LLP has been retained to represent Defendant Farmers Insurance Exchange ("FIE") in connection with a separate lawsuit you have filed in Los Angeles County Superior Court (Case No. 26VECV03273)("State Court Action"). Please kindly direct all future case-related correspondence in the State Court Action to my attention as lead counsel for FIE and ensure to add me, my colleague Kelly Canby and secretaries Jer Vang Zamora and Kiry Yeon (all copied above) to your proof of service and email distribution list in this matter.

After reviewing the Complaint filed by Plaintiff Luna D'Sol ("Plaintiff"/"You"), we have determined there are one or more issues which may subject it to an appropriate demurrer and/or motion to strike, including but not limited to the following:

1. Plaintiff's Third Cause of Action for Fraud merely recharacterizes the same "claims handling misconduct" allegations set forth in your Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing as allegedly constituting "fraudulent" conduct (compare Paragraph 18 with Paragraphs 29 -30). Accordingly, the Third Cause of Action is duplicative and improper as a matter of law. Moreover, under California law, "fraud must be pled specifically; general and conclusory allegations do not suffice." *Lazar v. Superior Court* (1996) 12 Cal.4th 631. This requirement serves two purposes. First, it gives the defendant notice of the definite charges to be met. Thus, the allegations should be sufficiently specific that the court can weed out nonmeritorious actions on the basis of the pleadings. In this respect, the pleading should be sufficient "to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217. Accordingly, a plaintiff must plead facts which show how, when, where, to whom, and by what means the "fraudulent" representations were made. *Lazar, supra*, 12 Cal.4th at 645. When the defendant is a corporate defendant, the plaintiff must further allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Id.* On its face, the Third Cause of Action fails to meet this heightened pleading standard such that this claim should be dismissed at the pleadings stage.

2. Plaintiff's Fifth Cause of Action is subject to demurrer as it fails to allege facts to support a violation of the Unruh Act. Unruh Act claims include the following elements: (i) defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (ii) that a substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (iii) that plaintiff was harmed; and (iv) that defendant's conduct was a substantial factor in causing plaintiff's harm." *Nia v. Bank of America, N.A.* (S.D. Cal. 2002) 603 F.Supp.3d 894, 906.. Under California law, a plaintiff cannot plead discriminatory

intent merely by making a conclusory allegation to that effect . . . [r]ather, the complaint must include some factual context that gives rise to a plausible inference of discriminatory intent." *See e.g., Duronslet v. County of Los Angeles* (C.D. Cal. 2017) 266 F.Supp.3d 1213, 1217 (citations omitted) (granted defendant county's motion to dismiss Unruh Act claim filed by transgender minor where plaintiff merely alleged "she was 'forced' to use male facilities" which failed to establish that defendant "intended to discriminate against her based on her transgender status," albeit court granted leave to amend to allow plaintiff opportunity to "cure this deficiency");*see also generally Green v. Miss United States of America, LLC* (9th Cir. 2022) 52 F.4th 773, 803-804 (affirmed district court's dismissal of plaintiff transgender woman claim that her rejection from a beauty pageant amounted to gender-identity discrimination in violation of Oregon's Public Accommodation Act because the power of the state cannot be used to "force" the expression of a "message contrary to what it desires to express" as "compelled expression is the problem" because "such compulsion so plainly violates the Constitution"). Here, the gravamen of Plaintiff's gender discrimination claim under the Unruh Act is that FIE claims adjusters allegedly refused to address Plaintiff by her legal name and correct gender despite receiving notice of Plaintiff's name change, gender identity, and requests to be addressed appropriately. See Complaint at Paragraph 50-51. Simply stated, these allegations fail to allege facts to support a viable Unruh Act violation in the first instance as the Unruh Act requires proof of intentional acts of discrimination. *Koebke v, Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 854. To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Id.* at 853. On its face, Plaintiff's Fifth Cause of Action fails to allege any conduct that could be reasonably construed to constitute a violation of the Unruh Act. Moreover, relevant to any purported harm caused by FIE in referring to you by your former name and male references, this contention strains credulity considering that you continue to use an email address in communications with the court and third parties whereby you identify yourself by your former name and male gender identification: jravada@icloud.com (a.k.a. Julio Ravada). Accordingly, this cause of action lacks merit and should be voluntarily dismissed at the pleadings stage.

3. Plaintiff's punitive damage allegations are conclusory and insufficient under California law and therefore subject to a motion to strike. "The conduct required to award punitive damages for the tortious breach of contract ... is of a different dimension [than that required for bad faith liability]." *Tomaselli v. Transamerica Ins. Co*. (1994) 25 Cal.App.4th 1269, 1286. Under prevailing law, Plaintiff must demonstrate by clear and convincing evidence that FIE intended to deliberately injure its insured in conscious disregard of its rights by breaching a contractual obligation owed under the policy and that the alleged misconduct was directed, authorized or ratified by a managing agent of FIE to recover punitive damages. Cal. Civ. Code § 3294; *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.* (1986) 185 Cal. App. 3d 1149, 1154; *Chodos v. Ins. Co. of North America* (1981) 126 Cal. App. 3d 86, 102. Generic allegations of malicious, willful and oppressive conduct are insufficient to satisfy the heighted pleading standard under California law to assert a claim for punitive damages. *See*Complaint at Paragraph 39; Cal. Civ. Code

§ 3294(c)(1)-(2); *see also* California Civil Jury Instruction (BAJI) 14.72.1 (October 2023 update). Accordingly, Plaintiff's claim for punitive damages should be voluntarily dismissed at the pleadings stage.

Given our recent retention in the State Court Action and our related inability to meet and confer with you within 5 days before FIE's responsive pleading due date (*i.e.* July 20, 2026 based on substitute service), please note that we plan to file a Code of Civil Procedure § 430.41 automatic 30-day extension declaration to allow the parties sufficient time to complete the meet and confer process regarding FIE's anticipated demurrer and motion to strike.

At your earliest convenience, please let me know some date/time options that work for you next week (July 20 – July 24) to schedule our meet an confer call.

Best regards,

Michelle R. Bernard

---

**MICHELLE R. BERNARD**
Partner

633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101
**D:** 619.230.7769
mbernard@grsm.com

grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Electronically FILED by Superior Court of California, County of Los Angeles 7/20/2026 10:29 PM David W. Slayton, Executive Officer/Clerk of Court, By C. Haroutunian, Deputy Clerk

Attorneys for Defendant
FARMERS INSURANCE EXCHANGE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

LUNA D'SOL,

Plaintiffs,

v.

FARMERS INSURANCE EXCHANGE; and DOES 1-50, inclusive,

Defendants.

Case No. 26VECV03273

**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS INSURANCE EXCHANGE'S DEMURRER TO PLAINTIFF'S COMPLAINT**

Judge: Hon. Karen Moskowitz
Dept.: I
Court: Van Nuys Courthouse East
6230 Sylmar Ave.
Van Nuys, California 91401

Date: September 23, 2026
Time: 8:30 a.m.
Dept.: I

*[Reservation ID: 371631094455 Demurrer with Motion to Strike]*

**Filed Concurrently With**:
Notice of Demurrer and Demurrer;
Memorandum of Points and Authorities; and
Proposed Order

Complaint Filed: June 4, 2026

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

EXHIBIT N

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF MICHELLE R. BERNARD**

I, Michelle R. Bernard, declare:

1. I am an attorney duly licensed to practice before the courts of the State of California, and am a partner of Gordon Rees Scully Mansukhani, LLP, counsel of record for Defendant Farmers Insurance Exchange ("Farmers" or "Defendant") in connection with the above-captioned lawsuit filed by *In Pro Per* Plaintiff Luna D'Sol ("Plaintiff" or "D'Sol"). This declaration is submitted in support of Farmers' Demurrer to Plaintiff's Third and Fifth Causes of Action alleged in Plaintiff's Complaint. I have personal knowledge of the matters contained in this declaration and if called to testify to them could and would do so competently.

2. Based on the date and method of substitute service of the summons and Complaint, Farmers was required to timely respond to Plaintiff's Complaint filed herein on or before July 20 2026.

3. On July 15, 2026, I sent an email to D'Sol to inform her that our firm had been retained to represent Farmers in this action ("State Court Action") in addition to representing Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") in connection with another bad faith lawsuit she filed that is pending in the United States District Court for the Central District of California (Case No. Case No. 2:25-cv-10938-SVW-AS) ("Federal Court Action"). Ms. D'Sol did not contact me in response to my July 15, 2026 email.

4. On July 17, 2026, I sent Ms. D'Sol an email to initiate the meet and confer process regarding Farmers' anticipated demurrer and motion to strike Plaintiff's Complaint in the State Court Action. Given that I was in the hospital undergoing medical treatment on July 15, 2026 and still recovering from my medical procedure, I was unavailable to participate in a meet and confer with D'Sol last week. Given my unavailability, I emailed D'Sol on July 17, 2026 that Farmers would be filing a declaration pursuant to Cal. Civ. Proc. Code Section 430.41(a)(2) allowing for an automatic 30-day extension of time to respond to Plaintiffs' Complaint and requested that D'Sol contact me to schedule a time to meet and confer regarding the issues addressed in my July 17, 2026 email correspondence, including Farmers' anticipated demurrer to Plaintiff's Third Cause of Action for "Fraud" and her Fifth Cause of Action for alleged violations of the Unruh Civil Rights

Act as alleged in the Complaint. Although D'Sol routinely calls and/or emails me and my colleague Kelly Canby after hours and on weekends in connection with the Federal Court Action, I did not receive any response from D'Sol regarding my invitation to meet and confer regarding Farmers' anticipated demurrer and motion to strike in connection with the State Court Action.

5. Instead, D'Sol sent me a threatening email this morning at 6:32 a.m. disputing the basis for Farmers' 30-day automatic extension pursuant to Cal. Civ. Proc. Code Section 430.41(a)(2), threatening to take Farmers' default, advising that she would not accept service via email in the State Court Action (contrary to the service arrangement in the Federal Court Action) and confirming that she would not voluntarily dismiss her claims for fraud, Unruh Act violations, or punitive damages. Relevant to this motion, I dispute D'Sol's erroneous interpretation of Cal. Civ. Proc. Code Section 430.41(a)(2) (*i.e.* Farmers does not need D'Sol's consent to obtain the automatic 30-day extension to respond if the parties are unable to meet and confer at least five days before the responsive pleading due date), her meritless contentions regarding Farmers' alleged failure to meet and confer in good faith and the unhinged basis for her *ad hominem* attacks on me for the reasons set forth in my reply email to D'Sol sent today at approximately 5:24 p.m. A true and correct copy of the above-reference email communications between me and D'Sol are attached hereto as Exhibit 1. It should be noted that Farmers Direct has filed a motion in the Federal Court Action requesting that the district court impose *sua sponte* sanction against D'Sol based on her documented record of litigation misconduct in refusing to comply with local court rules and routinely filing frivolous motions.

6. Relevant to compliance with the meet and confer requirements set forth in Code of Civil Procedure section 430.41(a) ("Section 430.41(a)"), this motion is made following D'Sol's written representation via email on July 20, 2026 (in response to my request on July 17, 2026 to schedule a meet and confer conference) that she would not voluntarily dismiss her Third Cause of Action for "Fraud" nor her Fifth Cause of Action for alleged violations of the Unruh Civil Rights Act as alleged in the Complaint irrespective of whether the parties participated in a meet and confer conference in the first instance. In this respect, it is Farmers' position that the parties were unable

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

to voluntarily resolve the issues addressed in this Demurrer such that the requirements of Section 430.41(a) have been satisfied such that Farmers' motion to strike is filed concurrently herewith.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of July, 2026 at San Diego, California.

Michelle R. Bernard

Michelle R. Bernard

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Jer Vang-Zamora**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Monday, July 20, 2026 5:24 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby; Jer Vang-Zamora; Kiry Yeoun |
| **Subject:** | RE: Meet and Confer / Case No. 26VECV03273 - Luna D'Sol v. Farmers Insurance Exchange |

Ms. D'Sol: As advised, I was in the hospital on July 15, 2026 for a medical procedure and otherwise not available to meet and confer within the time frame provided by CCP § 430. 41 and/or CCP § 435.5(a). Moreover, I was back at the hospital today for yet another follow-up medical procedure. Relevant to Farmers' anticipated demurrer and contrary to your interpretation of this code provision, it does not require your consent to obtain the 30-day extension to file a responsive pleading. In this respect, we disagree with your position that Farmers failed to comply with either of the above-referenced code provisions or did not attempt to initiate meet and confer discussions in good faith. For these reasons, we have no intention of withdrawing the CCP § 430.41 Extension Declaration.

Given your stated position that you will not stipulate to the request for relief in my July 17, 2026 email, we will proceed accordingly in challenging Plaintiff's defective claims/causes of action.

As far as your ad hominem attacks on me, these assertions are scurrilous and unwarranted. " 'Ad hominem arguments, of course, constitute one of the most common errors in logic: Trying to win an argument by calling your opponent names . . . only shows the paucity of your own reasoning.' " *Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736, 763, quoting *Huntington Beach City Council v. Superior Court* (2002) 94 Cal.App.4th 1417, 1430.

Very truly yours,

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 20, 2026 6:32 AM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>

**Subject:** RE: Meet and Confer / Case No. 26VECV03273 - Luna D'Sol v. Farmers Insurance Exchange
**Importance:** High

Dear Counsel,

I am in receipt of your email correspondence from July 17th, 2026 at 3:36pm. Please consider this email my formal meet-and-confer response, as well as a formal notice of procedural violations that you must cure immediately today.

Be advised of the following critical defects in your position:

1. **Failure to Comply with CCP § 430.41(a)(2):** Your client's responsive pleading is due today, July 20, 2026. Under California Code of Civil Procedure § 430.41(a)(2), you were statutorily required to initiate the meet-and-confer process **at least 5 days prior**, making **July 15, 2026** your absolute deadline. Your first attempt to contact me regarding this matter was on July 17, 2026, at 3:36pm which is outside the statutory window. You are legally barred from claiming you were "unable" to meet and confer to trigger an automatic 30-day extension.
2. **No Consent to Electronic Service:** I have not received any service copies from your office. Furthermore, as a self-represented litigant, **I do not consent to electronic service** under California Code of Civil Procedure § 1010.6. Any declaration or pleading your office attempted to file or is procedurally defective for lack of proper physical service.
3. **No Good-Faith Meet and Confer:** Sending a unilateral email on the eve of a deadline does not constitute a legal meet-and-confer. You have failed to call me or make a genuine effort to discuss these matters via telephone.

**Substantive Position:** I will not voluntarily dismiss my claims for Fraud, Unruh Act violations, or Punitive Damages. Your transphobic, bad-faith threats to use my private email address to deadname and misgender me will be brought to the Court's attention as evidence of harassment.

**Opportunity to Cure:**
If your office filed a CCP § 430.41 Extension Declaration, it is a direct violation of California law and a misrepresentation to the Court regarding your adherence to the 5-day rule.

I am giving you until the close of business **today, July 20, 2026**, to withdraw any improper extension filings and file a legally compliant Answer to the Complaint. If you fail to do so, I will move forward tomorrow morning with a Request for Entry of Default and a formal Motion to Strike your improper declaration. I will present this email to the judge to prove I gave your office a clear opportunity to correct your errors.

Please govern yourself accordingly.

Sincerely,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Jul 17, 2026, at 15:36, Michelle Bernard <mbernard@grsm.com> wrote:

Dear Ms. D'Sol: In furtherance to my email correspondence to you on July 15, 2026 in connection with the pending federal court action filed against Defendant Farmers Direct Property and Casualty Company, as advised, Gordon Rees Scully Mansukhani LLP has been retained to represent Defendant Farmers Insurance Exchange ("FIE") in connection with a separate lawsuit you have filed in Los Angeles County Superior Court (Case No. 26VECV03273)("State Court Action"). Please kindly direct all future case-related correspondence in the State Court Action to my attention as lead counsel for FIE and ensure to add me, my colleague Kelly Canby and secretaries Jer Vang Zamora and Kiry Yeon (all copied above) to your proof of service and email distribution list in this matter.

After reviewing the Complaint filed by Plaintiff Luna D'Sol ("Plaintiff"/"You"), we have determined there are one or more issues which may subject it to an appropriate demurrer and/or motion to strike, including but not limited to the following:

1. Plaintiff's Third Cause of Action for Fraud merely recharacterizes the same "claims handling misconduct" allegations set forth in your Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing as allegedly constituting "fraudulent" conduct (compare Paragraph 18 with Paragraphs 29 -30). Accordingly, the Third Cause of Action is duplicative and improper as a matter of law. Moreover, under California law, "fraud must be pled specifically; general and conclusory allegations do not suffice." *Lazar v. Superior Court* (1996) 12 Cal.4th 631. This requirement serves two purposes. First, it gives the defendant notice of the definite charges to be met. Thus, the allegations should be sufficiently specific that the court can weed out nonmeritorious actions on the basis of the pleadings. In this respect, the pleading should be sufficient "to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217. Accordingly, a plaintiff must plead facts which show how, when, where, to whom, and by what means the "fraudulent" representations were made. *Lazar, supra*, 12 Cal.4th at 645. When the defendant is a corporate defendant, the plaintiff must further allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Id.* On its face, the Third Cause of Action fails to meet this heightened pleading standard such that this claim should be dismissed at the pleadings stage.

2. Plaintiff's Fifth Cause of Action is subject to demurrer as it fails to allege facts to support a violation of the Unruh Act. Unruh Act claims include the following elements: (i) defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (ii) that a substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (iii) that plaintiff was harmed; and (iv) that defendant's conduct was a substantial factor in causing plaintiff's harm." *Nia v. Bank of America, N.A.* (S.D. Cal. 2002) 603 F.Supp.3d 894, 906.. Under California law, a plaintiff cannot plead discriminatory

intent merely by making a conclusory allegation to that effect . . . [r]ather, the complaint must include some factual context that gives rise to a plausible inference of discriminatory intent." *See e.g., Duronslet v. County of Los Angeles* (C.D. Cal. 2017) 266 F.Supp.3d 1213, 1217 (citations omitted) (granted defendant county's motion to dismiss Unruh Act claim filed by transgender minor where plaintiff merely alleged "she was 'forced' to use male facilities" which failed to establish that defendant "intended to discriminate against her based on her transgender status," albeit court granted leave to amend to allow plaintiff opportunity to "cure this deficiency");*see also generally Green v. Miss United States of America, LLC* (9th Cir. 2022) 52 F.4th 773, 803-804 (affirmed district court's dismissal of plaintiff transgender woman claim that her rejection from a beauty pageant amounted to gender-identity discrimination in violation of Oregon's Public Accommodation Act because the power of the state cannot be used to "force" the expression of a "message contrary to what it desires to express" as "compelled expression is the problem" because "such compulsion so plainly violates the Constitution"). Here, the gravamen of Plaintiff's gender discrimination claim under the Unruh Act is that FIE claims adjusters allegedly refused to address Plaintiff by her legal name and correct gender despite receiving notice of Plaintiff's name change, gender identity, and requests to be addressed appropriately. See Complaint at Paragraph 50-51. Simply stated, these allegations fail to allege facts to support a viable Unruh Act violation in the first instance as the Unruh Act requires proof of intentional acts of discrimination. *Koebke v, Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 854. To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Id.* at 853. On its face, Plaintiff's Fifth Cause of Action fails to allege any conduct that could be reasonably construed to constitute a violation of the Unruh Act. Moreover, relevant to any purported harm caused by FIE in referring to you by your former name and male references, this contention strains credulity considering that you continue to use an email address in communications with the court and third parties whereby you identify yourself by your former name and male gender identification: jravada@icloud.com (a.k.a. Julio Ravada). Accordingly, this cause of action lacks merit and should be voluntarily dismissed at the pleadings stage.

3. Plaintiff's punitive damage allegations are conclusory and insufficient under California law and therefore subject to a motion to strike. "The conduct required to award punitive damages for the tortious breach of contract ... is of a different dimension [than that required for bad faith liability]." *Tomaselli v. Transamerica Ins. Co*. (1994) 25 Cal.App.4th 1269, 1286. Under prevailing law, Plaintiff must demonstrate by clear and convincing evidence that FIE intended to deliberately injure its insured in conscious disregard of its rights by breaching a contractual obligation owed under the policy and that the alleged misconduct was directed, authorized or ratified by a managing agent of FIE to recover punitive damages. Cal. Civ. Code § 3294; *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.* (1986) 185 Cal. App. 3d 1149, 1154; *Chodos v. Ins. Co. of North America* (1981) 126 Cal. App. 3d 86, 102. Generic allegations of malicious, willful and oppressive conduct are insufficient to satisfy the heighted pleading standard under California law to assert a claim for punitive damages. *See*Complaint at Paragraph 39; Cal. Civ. Code

§ 3294(c)(1)-(2); *see also* California Civil Jury Instruction (BAJI) 14.72.1 (October 2023 update). Accordingly, Plaintiff's claim for punitive damages should be voluntarily dismissed at the pleadings stage.

Given our recent retention in the State Court Action and our related inability to meet and confer with you within 5 days before FIE's responsive pleading due date (*i.e.* July 20, 2026 based on substitute service), please note that we plan to file a Code of Civil Procedure § 430.41 automatic 30-day extension declaration to allow the parties sufficient time to complete the meet and confer process regarding FIE's anticipated demurrer and motion to strike.

At your earliest convenience, please let me know some date/time options that work for you next week (July 20 – July 24) to schedule our meet an confer call.

Best regards,

Michelle R. Bernard

---

**MICHELLE R. BERNARD**
Partner

633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101
**D:** 619.230.7769
mbernard@grsm.com

grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com