**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL**<br><br>                    Plaintiff,<br><br>            vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>                    Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF DOC. 87], OR IN THE ALTERNATIVE, CONTINUING DEFENDANT'S DEPOSITION NOTICE AND RELATED SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Judge Stephen V. Wilson<br><br>Date: July 31st, 2026<br>Courtroom 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br>Complaint Filed: August 21, 2025<br><br>Concurrently Filed with: SUPPORTING DECLRATION FOR PLAINTIFF'S EX PARTE APPLICATION;. **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES. PROPOSED ORDER** |

- 1 -

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PLAINTIFF'S EMERGENCY EX PARTE APPLICATION | 2 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 6 |
| I. INTRODUCTION | 6 |
| II. PROCEDURAL BACKGROUND | 7 |
| III. LEGAL STANDARD | 8 |
| A. Ex Parte Relief | 8 |
| B. Inherent Authority to Stay Discovery | 8 |
| C. Protective Orders and Reasonable Notice | 9 |
| IV. ARGUMENT | 9 |
| A. Discovery Should Be Stayed Pending Resolution of the Reconsideration Motion | 9 |
| B. Plaintiff Will Be Irreparably Prejudiced Absent Emergency Relief | 10 |
| C. Plaintiff Is Without Fault in Creating This Crisis | 10 |
| V. CONCLUSION | 10 |

# TABLE OF AUTHORITIES

## Cases

*Clinton v. Jones*,
520 U.S. 681 (1997) …………………………. …………………………… 8

*Landis v. North American Co.*,
299 U.S. 248 (1936) …………………………………..……………….. 8, 9

*Mission Power Engineering Co. v. Continental Casualty Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) …………………………………………… 8, 10

*Torres v. Igdaloff*,
No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883 (C.D. Cal. Feb. 17, 2022)
……………………………………………………………………..………. 8, 9

*Travelers Indemnity Co. v. Gillespie*,
50 Cal.3d 82 (1990) …………………………………………………………….. 3

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 1 ……………………………………………………………… 8

Fed. R. Civ. P. 26(c)(1) …………………………………………………….. 9

Fed. R. Civ. P. 30(b)(1) ……………………………………………………... 9

Fed. R. Civ. P. 32(a)(5)(A) ……………………………….…………………… 4, 9

## Local Rules

C.D. Cal. Local Rule 6-1 …………………………..…………………………… 8, 9, 10

C.D. Cal. Local Rule 7-19 ………………………...…………………………… 2, 4

C.D. Cal. Local Rule 7-19.1 …………………………………………………… 4

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant Local Rule 7-19, on July 31st, 2026, Plaintiff Luna D'Sol, appearing in pro per, will and hereby does apply ex parte to Courtroom 10A of the above-entitled court located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, by electronically filing this written Ex Parte Application which requests an Order for:

1. **Staying all discovery** in this action—including, without limitation, Plaintiff's deposition noticed for August 1, 2026, and the deposition subpoena served on Plaintiff's third-party contractor—**pending the Court's ruling on Plaintiff's Motion for Reconsideration**.

2. **Continuing the Final Pretrial Conference, trial date, and all related pretrial and discovery deadlines** until after the Court has ruled on Plaintiff's Motion for Reconsideration, with the Court to set a revised schedule thereafter.

3. **Granting such other and further relief as the Court deems just and proper.**

As explained further in Plaintiff's concurrently filed Declaration and the accompanying Memorandum of Points and Authorities, and Plaintiff's Objections, this Ex Parte Application is supported by good cause because Plaintiff's Motion for Reconsideration and Renewed Motion for Leave to Amend, both presently under submission before the Court, directly affect the identity of the proper parties, the permissible scope of discovery, and the issues to be litigated. Absent the requested relief, Plaintiff will suffer irreparable prejudice by being required to proceed with an incomplete representation based on the changes to the Policy by Farmers Insurance Exchange when it named itself the party deemed to replace Farmers Direct's name from the Policy effective January 15, 2024. This complaint is about an incident that occurred on June 4, 2024, after Farmers Insurance Exchange assumed all liability.

The circumstances giving rise to this Application were not created by Plaintiff. Rather, they arise from Defendant's own litigation positions. Throughout this litigation, Defendant has repeatedly argued that Farmers Insurance Exchange "is not a party to this case" and "is not a party to the contract," while simultaneously relying upon an incomplete characterization of the Assumption Certificate. *See*, e.g., ECF No. 92-3 at 3–4; ECF No. 23-4 at 3–9; ECF Nos. 23-6, 38-2, 38-3; see also Plaintiff's concurrently filed Compendium of Objections pp. 2-3. This action raises concerns on the participation of several

PLAINTIFF'S EX PARTY APPLICATION

Farmers Insurance Exchange employees and supervisors; Farmers Direct has already taken a position against one of them by refusing to address the allegation for that particular employee and stated, "Farmers Insurance Exchange is not part of the Policy and is not a party in this action." Farmers Direct has taken this position at least 9 different times throughout this action *[ECF Doc. 23-4, pp. 3, 4, 5, 6, 7, 9], repeated in ECF Docs. 23-6, 38-2, 38-3)*. Defendant relies on an incomplete authority citation claiming that Direct is still liable but and omits the portion of the governing authority that **establishes that both Farmers Insurance Exchange and Farmers Direct remain jointly obligated.** *Travelers Indemnity Co. v. Gillespie, 50 Cal.3d 82, 95 (1990)*

Unless the requested relief is granted, there is nothing preventing Farmers Direct from later asserting that it bears no responsibility for the conduct of Farmers Insurance Exchange employees, despite having proceeded with discovery as though those employees' conduct were attributable to Farmers Direct. That risk of inconsistent litigation positions would irreparably prejudice Plaintiff and could require duplicative discovery, additional motion practice, and further delay.

Plaintiff is not at fault for the circumstances requiring this Application. Rather, the present emergency results from Defendant's own litigation strategy, including its repeated assertions that Farmers Insurance Exchange is not a party to this action while simultaneously maintaining a conditional limitation on its responsibility for the conduct of Exchange employees. Having created those unresolved threshold issues, Defendant nevertheless seeks to proceed with discovery before the Court has determined them, thereby placing Plaintiff at substantial risk of irreparable prejudice.

This Application is made on an emergency, ex parte basis because Defendant claims to have noticed Plaintiff's deposition for July 28th, 2026, yet Plaintiff disputes that the deposition notice was properly served and has not received the email through which Defendant contends service was effected. Defendant has also served a deposition subpoena on Plaintiff's third-party contractor, leaving insufficient time to obtain relief through regularly noticed motion procedures before the discovery proceeds. The circumstances requiring this Application were not created by Plaintiff. Rather, Plaintiff's Motion for Reconsideration seeks review of threshold issues arising from Defendant's own litigation positions, including Defendant's characterization of the Assumption Certificate, which Plaintiff contends omits the document's express preservation of the original insurer's continuing obligations

while simultaneously advancing the position that Farmers Insurance Exchange is neither a proper party nor responsible in this action. Defendant has further pleaded that any liability for the conduct of Farmers Insurance Exchange employees exists only under limited circumstances, creating a substantial risk that discovery will proceed under one theory only for Defendant later to disclaim responsibility for the very Exchange employees whose conduct forms the basis of Plaintiff's claims. Plaintiff seeks this relief in good faith to avoid unnecessary discovery, inconsistent litigation positions, and substantial prejudice before the Court has ruled on the pending Motion for Reconsideration.

This Ex Parte Application is supported by the evidence set forth in the concurrently filed Declaration of Luna D'Sol and its accompanying exhibits, which demonstrate good cause for the requested relief, the absence of fault by Plaintiff in creating the present circumstances, and the substantial and irreparable prejudice that will result if discovery proceeds before the Court resolves the pending threshold motions.

**PLEASE TAKE FURTHER NOTICE** that, in compliance with Local Rule 7-19.1(a), on July 31, 2026, Plaintiff notified Defendant's counsel of her intent to file this Application, and of the substance of the relief requested, by phone call, voicemail and email. D'Sol Decl. ¶ 7, EXHIBIT 2. As of the filing of this Application, Defendant has not stated a position.

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19.1(b), if Defendants reserved "all rights to oppose," pursuant to Local Rule 7-19, the contact information for Plaintiff is listed below as follows:

> Michelle R. Bernard (mbernard@grsm.com)
>
> Kelly Fitzgerald Canby (kcanby@grsm.com)
>
> GORDON REES SCULLY MANSUKHANI, LLP
>
> 101 W. Broadway, Suite 2000, San Diego, CA 92101
>
> Telephone: (619) 230-6700

Plaintiff brings this Application, in part, to invoke the protections of Federal Rule of Civil Procedure 32(a)(5)(A) and to seek a protective order before the noticed deposition proceeds. Plaintiff further submits that the deposition was unilaterally noticed without meaningful coordination regarding

Plaintiff's availability or ability to appear in Los Angeles, thereby creating the present emergency despite Plaintiff's efforts to resolve the matter without Court intervention.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Luna D'Sol and exhibits thereto, the pleadings and records on file in this action, and upon such further evidence and argument as the Court may consider

Respectfully submitted,

Dated:7/31/2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per

PLAINTIFF'S EX PARTY APPLICATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

Plaintiff Luna D'Sol respectfully requests that this Court stay all discovery in this action pending resolution of Plaintiff's pending Motion for Reconsideration [ECF Doc. 87]  presently under submission before the Court. In the alternative, Plaintiff requests that the Court continue Defendant's August 1, 2026 deposition notice and the related third-party deposition subpoena until those threshold motions have been decided.

This Application concerns a fundamental issue that should be resolved before the parties incur the burden and expense of further discovery: whether this action is proceeding against the proper parties. Plaintiff's Motion for Reconsideration asks this Court to revisit issues arising from the Assumption Certificate and Defendant's own litigation positions regarding the relationship between Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") and Farmers Insurance Exchange ("Exchange"). Plaintiff contends that Defendant has repeatedly relied upon an incomplete characterization of the Assumption Certificate while simultaneously maintaining throughout this litigation that Exchange "is not a party to this case" and "is not a party to the contract," despite Plaintiff's claims arising substantially from the conduct of Exchange claims personnel.

These issues are no longer merely jurisdictional. Defendant's Amended Answer further limits any responsibility for the conduct of Exchange employees to specified circumstances, creating a substantial risk that Defendant may proceed with discovery on one theory of liability while later asserting that the conduct of the Exchange employees identified in the First Amended Complaint falls outside the scope of any responsibility owed by Farmers Direct. If discovery proceeds before those threshold issues are resolved, Plaintiff faces the very real possibility of duplicative discovery, additional motion practice, unnecessary expense, and irreparable prejudice.

The present emergency was not created by Plaintiff. Rather, while Plaintiff's threshold motions remain under submission, Defendant has elected to proceed with expedited discovery by claiming to have noticed Plaintiff's deposition for August 1, 2026, and issuing a deposition subpoena to Plaintiff's third-party contractor, leaving no practical opportunity to obtain relief through regularly noticed motion practice. Plaintiff therefore seeks this limited stay to preserve the status quo until the Court determines the

proper parties, the permissible scope of discovery, and the issues that will govern the remainder of this litigation.

## II.   PROCEDURAL BACKGROUND

On June 8, 2026, this Court denied Plaintiff's Renewed Motion to Remand, rejecting Plaintiff's contention that Farmers Insurance Exchange—the entity identified in the Assumption Certificate as assuming the Policy and related obligations effective January 15, 2024—constitutes a proper and necessary party to this action. (ECF No. 85.)

On June 18, 2026, Plaintiff timely filed a Motion for Reconsideration pursuant to Local Rule 7-18. (ECF Nos. 87, 87-1.) Defendant filed its Opposition (ECF No. 91), Plaintiff filed her Reply (ECF No. 93), and the Motion was heard on July 27, 2026. As of the filing of this Application, the Motion remains under submission. D'Sol Decl. ¶ 3.

Separately, Plaintiff withdrew her first Motion for leave to amend because Farmers Direct's Counsel Ms. Canby made that special request, the second attempt was aken under submission by the court for an extended period, and plaintiff only withdrew it because she had come up across new evidence: The assumption certificate. The current Renewed Motion for Leave to Amend is the first attempt for the court to decide on, which likewise concerns the identity of the proper parties and claims arising from the Assumption Certificate and the participation of Farmers Insurance Exchange, also remains pending before the Court. D'Sol Decl. ¶ 9.

While those threshold motions remained unresolved, Defendant elected to proceed with discovery without notifying plaintiff. Defendant claims to have served a Notice of Deposition. Plaintiff disputes that the deposition notice was properly. Plaintiff advised defense counsel that Plaintiff was unavailable and requested that the deposition be rescheduled. Defendant declined to postpone the deposition. Id.

Defendant has also caused a deposition subpoena to be served on Plaintiff's third-party contractor while the same threshold issues remain pending before the Court. D'Sol Decl. ¶ 8.

Trial is presently scheduled for October 13, 2026, and the Final Pretrial Conference is scheduled for October 5, 2026. (ECF No. 86.) Accordingly, there is no imminent trial-related necessity requiring

PLAINTIFF'S EX PARTY APPLICATION

Plaintiff's deposition or third-party discovery to proceed before the Court resolves the pending motions concerning the proper parties and the permissible scope of discovery.

### III.    LEGAL STANDARD

#### A.    Ex Parte Relief

A party seeking ex parte relief must show, first, "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and second, "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Local Rule 6-1 ordinarily requires that a noticed motion be filed at least twenty-eight days before the hearing, but expressly provides that "[t]he Court may order a shorter time." C.D. Cal. L.R. 6-1. Ex parte relief is therefore appropriate where, as here, there is insufficient time to obtain effective relief through regularly noticed motion procedures before the challenged deposition occurs. *See Torres v. Igdaloff*, No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022) (granting ex parte relief where insufficient time existed to hear a regularly noticed motion before the scheduled proceeding).

#### B.    Inherent Authority to Stay Discovery

Federal district courts possess broad inherent authority to control the disposition of the cases before them and to stay proceedings when doing so promotes judicial economy, avoids unnecessary expense, and serves the orderly administration of justice. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Supreme Court has likewise recognized that district courts enjoy broad discretion to stay proceedings as part of their inherent authority to control their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Consistent with that authority, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Staying discovery pending resolution of Plaintiff's Motion for Reconsideration serves those purposes by avoiding potentially unnecessary or duplicative discovery, preventing needless expense, and ensuring that discovery proceeds only after the Court determines the proper parties and the appropriate scope of this litigation.

PLAINTIFF'S EX PARTY APPLICATION

### C. Protective Orders and Reasonable Notice

Independent of the stay analysis, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), and a party noticing a deposition "must give reasonable written notice to every other party," Fed. R. Civ. P. 30(b)(1). The Federal Rules further recognize fourteen days as the benchmark below which a deposition is vulnerable to challenge: "A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order . . . requesting that it not be taken or be taken at a different time or place — and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5)(A).

### IV. ARGUMENT

### A. Discovery Should Be Stayed Pending Resolution of the Reconsideration Motion

The Reconsideration Motion squarely presents the question whether Farmers Insurance Exchange — not Farmers Direct alone — is a proper or necessary party to this action, based on evidence that Exchange assumed liability under the Policy and performed the claims-handling conduct at issue. See ECF Docs. 87, 87-1, 93. If that motion is granted, the scope of proper parties, and therefore the proper scope and target of discovery, changes. Compelling Plaintiff to sit for a deposition, and her contractor to be subpoenaed, in the interim risks discovery that will need to be redone, conducted against the wrong or incomplete set of parties, or rendered moot altogether. Judicial economy and fairness to a pro se litigant both favor resolving that threshold question first. See Landis, 299 U.S. at 254. [1]

### B. Plaintiff Will Be Irreparably Prejudiced Absent Emergency Relief

---

[1] Pursuant to Central District of California Local Rule 6-1, unless otherwise provided by rule or court order, "no oral motions will be recognized and every motion shall be presented by written notice of motion," and the notice of motion ordinarily must be filed at least twenty-eight (28) days before the hearing. However, the Court may shorten that time upon a showing of good cause. See C.D. Cal. L.R. 6-1. A district court may modify the ordinary briefing and hearing schedule through ex parte relief where the moving party demonstrates that the requested relief cannot be obtained through regularly noticed motion practice. Torres v. Igdaloff, No. 2:17-cv-04059-MCS-JEM, 2022 WL 17078883, at *1 (C.D. Cal. Feb. 17, 2022) (granting ex parte application to shorten time upon a showing of good cause)

PLAINTIFF'S EX PARTY APPLICATION

Absent relief before August 1, 2026, Plaintiff faces the choice of appearing for a deposition — premised on a party structure that may not survive the pending Reconsideration Motion — on two days' notice while out of town and unable to travel, or risking Defendant later arguing non-appearance or waiver. A subsequent remedy cannot undo either harm, and no regularly noticed motion under Local Rule 6-1 can be heard before tomorrow's deposition. See Mission Power, 883 F. Supp. at 492.

**C.      Plaintiff Is Without Fault in Creating This Crisis**

Plaintiff did not select August 1, 2026 as the deposition date, did not compress the notice period, and did not create the timing of this Court's submission of the Reconsideration Motion. Promptly upon receiving the deposition notice, Plaintiff informed Defendant's counsel that she was unavailable and objected to the timing. D'Sol Decl. ¶ 10.

**V.      <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Ex Parte Application and issue an order (1) staying all discovery in this action, including Plaintiff's deposition and the subpoena to her contractor, pending resolution of the Reconsideration Motion [ECF Doc. 87]; or, in the alternative, (2) continuing the Final Pretrial Conference, trial date, and all related deadlines until after the Court rules on the Motion for Reconsideration; or, in the alternative, continuing Plaintiff's deposition and the related third-party deposition subpoena to a mutually convenient date; and (3) granting such other and further relief as the Court deems just and proper.

The undersigned, counsel of record for [insert party name], certifies that this brief contains 2946 words, which **complies with the word limit of L.R. 11-6.1. AND** complies with the word limit

Respectfully submitted,

Dated: 7/31/2026

<u>/s/ Luna D'Sol</u>

Luna D'Sol, Plaintiff in Pro Per  <sub>p</sub>

- 10 -