**Luna D'Sol**
Plaintiff, In Pro Per
Email Address:
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNA D'SOL** | Case No: *2:25-cv-10938-SVW-ASx* |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES** |
| Farmers Insurance Exchange; FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 2-50, inclusive, | Hon. Judge Stephen V. Wilson |
| Defendant(s). | Date: July 31st, 2026 |
| | Courtroom 10A |
| | Trial Date: October 13, 2026; 9:00 a.m. |
| | FSC: October 5, 2026; 3:00 p.m. |
| | Complaint Filed: August 21, 2025 |

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

Plaintiff Luna D'Sol respectfully submits this compendium collecting, in one place, every instance in the record of this action in which Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") has argued, characterized, or represented to the Court that Farmers Insurance Exchange ("Exchange") is not a party, not indispensable, not relevant, or otherwise not implicated in this action, together with Plaintiff's objections to each such statement. This compendium is submitted for the Court's convenience and for incorporation by reference into Plaintiff's future filings, given that a substantial portion of Plaintiff's First Amended Complaint — including her claims under Insurance Code § 790.03(h) and for breach of the implied covenant of good faith and fair dealing — rests on the conduct of named Exchange claims employees (including claims manager Ann Lender, and adjusters Dalone, Pimentel, and Spawr-Bardley) whom Farmers Direct's own Amended Answer admits performed claims-adjusting services under a Service Agreement for which Farmers Direct "may be held legally liable." Amended Answer, ¶ 6(b) [ECF Doc. 43, p. 5:9-28].

"Plaintiff submits these objections not to multiply the proceedings, but to assist the Court in ensuring that the record accurately reflects Defendant's litigation positions and to preserve issues that bear directly upon the fair administration of this action. See Fed. R. Evid. 102; Kamen v. Kemper Financial Services, Inc.; Chambers v. NASCO, Inc.."

## SCHEDULE OF OBJECTIONS

**ITEM 1 — Mischaracterization of Travelers Indemnity Co. v. Gillespie and Related Assumption/Reinsurance Authority**

*Defendant's Objections to Evidence Re Plaintiff's Motion for Sanctions [ECF Doc. 92-3, pp. 3–4]*

| Defendant's Statement / Evidentiary Position: | Plaintiff's Objection: |
|---|---|
|  |  |

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

| | |
|---|---|
| *"Per established California law, the effect of alleged reinsurance and assumption agreements 'does not in any way release the original insurer from its policy obligations.' Travelers Indemnity Co. v. Gillespie, 50 Cal.3d 82, 95 (1990); see also Lara v. California Ins. Co., 112 Cal.App.5th 1204, 1232 (2025)… Baer v. Associated Life Ins. Co., 202 Cal.App.3d 117, 123–125 (1988)…"* | **Objection. Fed. R. Evid. 602, 701, 702** — improper legal conclusion presented as fact; incomplete and misleading statement of the law. Gillespie does not hold that a reinsurance or assumption agreement is legally ineffective or irrelevant, nor does it hold that such an agreement extinguishes the original insurer's obligations as a matter of course. Rather, the California Supreme Court held only that such an agreement, standing alone, does not release the original insurer absent the insured's consent — and, in the same discussion, expressly recognized that an assumption agreement renders the assuming insurer directly liable to the insured while the original insurer remains jointly obligated. Id. at 95–96 (citing Sawyer v. Sunset Mutual Life Ins. Co., 8 Cal.2d 492, 496, 499 (1937); Baer, 202 Cal.App.3d at 123). Baer likewise confirms that an assuming insurer becomes directly liable while the original insurer is not discharged absent the insured's consent. Defendant presents only one half of the governing rule and invites the Court to draw a broader conclusion than the cited authorities support. To the extent Defendant intends to rely on this half-quotation at any future stage of this action — including summary judgment or trial — to argue that |

- 3 -

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

| | |
|---|---|
| | Exchange, rather than Farmers Direct, bears sole responsibility for the conduct at issue, Plaintiff objects that the argument is foreclosed by Defendant's own selective citation and by the doctrine of judicial estoppel discussed in Item 4, below. |

**ITEM 2 — Unsupported Characterization of Plaintiff's Alleged Sworn Statement and Misapplication of Rule 19**

*Defendant's Objections to Evidence Re Plaintiff's Motion for Sanctions [ECF Doc. 92-3, pp. 3–4]*

| Defendant's Statement / Evidentiary Position: | Plaintiff's Objection: |
|---|---|
| *"Plaintiff previously stated under oath that she contends 'the policyholder retains all rights against the original insurer, Farmers Direct Property and Casualty Insurance Company, notwithstanding the assumption agreement'… see also Klockner Stadler Hurter Ltd. v. Insurance Co. of State of Pennsylvania, 780 F.Supp. 148, 153–155 (S.D.N.Y. 1991) (holding that non-party reinsurers 'are not* | **Objection — FED. R. EVID. 401, 402, 403, 602, 802, 1002** unsupported characterization of the record; misapplication of Rule 19 authority. Defendant identifies no declaration paragraph, deposition page, interrogatory response, docket entry, exhibit, or other particular portion of the record containing the alleged sworn statement attributed to Plaintiff. Counsel's characterization of Plaintiff's testimony is not itself evidence, and to the extent offered in connection with any dispositive motion, is unsupported under Fed. R. Civ. P. 56(c)(1)(A). Klockner is a non-binding, out- |

| | |
|---|---|
| *indispensable parties' under Rule 19(b)...)."* | of-circuit decision applying Rule 19 to non-party foreign reinsurers holding a limited proportional reinsurance interest; the court there expressly stated it lacked sufficient information concerning the nature of those reinsurers' obligations and held only that complete relief could be afforded among the existing parties on the facts presented. Id. at 153–154. Klockner did not involve, and did not decide, whether an insurer that assumed the policies and obligations of the original insurer may be directly liable to the policyholder, and it says nothing about liability for the tortious or statutory conduct of that insurer's own claims employees. Defendant improperly conflates the continued contractual liability of Farmers Direct with the separate question of Exchange's own direct liability and relevance as a source of evidence and testimony regarding its employees' conduct. |

**ITEM 3 — Recurring "Not a Party to That Contract (and Not a Party to This Case)" Objection Used to Exclude Evidence of Exchange Employees' Claims-Handling Conduct**

*Defendant's Objections to Evidence Re Motion to Remand [ECF Doc. 23-4, pp. 3, 4, 5, 6, 7, 9], repeated in ECF Docs. 23-6, 38-2, 38-3 (at least nine occurrences identified across the docket)*

| Defendant's Statement / Evidentiary Position: | Plaintiff's Objection: |
|---|---|
| | |

- 5 -

| | |
|---|---|
| *Responding to Plaintiff's evidence that Exchange "Claim Manager" Ann Lender issued a written claim determination under the same homeowners policy, Defendant objects:* **"'Farmers Insurance Exchange' is not a party to that contract (and not a party to this case)** *which makes this alleged information and referenced Exhibit… document irrelevant to the issue of diversity of citizenship…" [ECF Doc. 23-4, p. 3] — and materially identical language directed at Exhibits 3, 5, 6, 1–4, 12, and 13–14 throughout the same filing and its progeny.* | **Objection —Fed. R. Evid. 401, 402, 403, and 106** relevance argument conflates jurisdictional non-party status with substantive irrelevance; incomplete statement under the rule of completeness, Fed. R. Evid. 106. The objected-to evidence — correspondence and determinations issued by Exchange claims personnel, including Ann Lender — was offered on the question of subject-matter jurisdiction, but Defendant's characterization sweeps far beyond that limited context to suggest the evidence is 'irrelevant' to the case as a whole. It is not. Defendant's own Amended Answer, filed after this and related objections, admits that Farmers Direct "may be held legally liable for claims arising from claims adjusting services performed by Farmers Insurance Exchange employees." Amended Answer, ¶ 6(b) [ECF Doc. 43, p. 5:9-28]. Evidence of what Exchange employees actually did while adjusting Plaintiff's claim is therefore squarely relevant to the merits, whatever its relevance (or lack thereof) to diversity jurisdiction. Defendant's authority for the underlying "not a party to the contract" proposition, Jones v. AIG Risk Management, Inc., 726 F.Supp.2d 1049, 1054 (N.D. Cal. 2010), addresses privity of contract for breach-of-contract claims only — it does not address, and cannot support exclusion of evidence relevant to, Plaintiff's bad-faith, Insurance Code § 790.03(h), |

- 6 -

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

| | |
|---|---|
| | Unruh Act, or UCL claims, each of which turns on the conduct of the individuals who actually handled the Claim. |

**ITEM 4 — Amended Answer ¶ 6(b) Conditional Carve-Out ("To the Extent… at the Direction of Farmers Direct")**

*Defendant's Amended Answer to First Amended Complaint [ECF Doc. 43, ¶ 6(b), p. 5:9-28]*

| Defendant's Statement / Evidentiary Position: | Plaintiff's Objection: |
|---|---|
| *"Farmers Direct generally acknowledges that it may be held legally liable for claims arising from claims adjusting services performed by Farmers Insurance Exchange employees during the course and scope of their employment to the extent that the alleged conduct or activities were undertaken at the direction of Farmers Direct and fall within the scope of authorized claims adjustment services set forth in the Service Agreement."* | **Objection and notice of preservation. FED R CIV P 8(B), P. 8 (C), P. 15 (A), 801 (D)(2). FED R EVID 403. JUDITIAL. SOPPEL** *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). **FAIR NOTICE OF AFFIRMATIVE DEFENSES.** *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). This conditional carve-out appears nowhere in Defendant's original Answer [ECF Doc. 37] and was introduced for the first time in the Amended Answer filed February 27, 2026. It is not paired with, and does not fairly notice, any affirmative defense of lack of privity, non-agency, or non-liability for specific Exchange personnel — no such defense appears among Defendant's twenty-four |

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

pleaded affirmative defenses. Any attempt to invoke this carve-out for the first time at summary judgment or trial to escape liability for the conduct of named Exchange claims employees would deny Plaintiff the fair notice required by Fed. R. Civ. P. 8(c), see Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979), and would directly contradict Defendant's own sworn declaration testimony that "Farmers Direct… does not dispute that it is a responsible party on the Policy regarding Plaintiff's Claim" and is "fully willing and prepared to facilitate scheduling depositions of the individual claim handler witnesses involved with Plaintiff's Claim." Declaration of Kelly Fitzgerald Canby, ¶ 44 [ECF Doc. 80-1, p. 21]. Plaintiff preserves and will assert that any belated attempt to deploy the ¶ 6(b) carve-out to disclaim responsibility for the specific conduct alleged in the First Amended Complaint is barred by judicial estoppel. New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001) (estoppel applies where a party's later position is clearly inconsistent with an earlier position the party successfully urged upon a court, and reversal would work an unfair advantage or detriment).

**ITEM 5 — "Only Parties to the Policy" / "Different Companies" Statement Overstating the Scope of the Court's Alter-Ego Ruling**

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

*Declaration of Michelle R. Bernard ISO Defendant's Opposition to Plaintiff's Motion for Leave, ¶ 18(c) [ECF Doc. 38-1, p. 9]*

| Defendant's Statement / Evidentiary Position: | Plaintiff's Objection: |
|---|---|
| *"...Farmers Direct and Plaintiff are the only parties to the Policy at issue in this case — Farmers Insurance Exchange and Farmers Direct are also different companies and not alter-egos as the Court has already ruled. See Exhibit 3 [ECF Doc. 33]."* | **Objection. Fed. R. Evid. 401, 402, 403, and 201.**— mischaracterizes the scope of the Court's January 26, 2026 order. The order cited [ECF Doc. 33] rejected Plaintiff's alter-ego theory solely for the purpose of determining Farmers Direct's citizenship under 28 U.S.C. § 1332(c)(1) and complete diversity — a jurisdictional holding that Farmers Insurance Exchange has not "exerted such an overwhelming level of control over [Farmers Direct] that the two companies do not retain separate corporate identities." The order did not adjudicate, and was not asked to adjudicate, whether Farmers Direct may be held vicariously or directly liable for the acts of Exchange's claims-adjustment employees under the CDI-approved Service Agreement — the very liability Defendant's own Amended Answer ¶ 6(b) concedes may exist. Corporate separateness for diversity purposes and potential liability for a contractor's employees under a service agreement are not mutually exclusive; Defendant's use of a jurisdictional ruling to imply blanket immunity from responsibility for Exchange personnel is not supported by the order it cites. |

### RESERVATION OF RIGHTS

Plaintiff preserves, and will raise at the appropriate procedural juncture, each objection set forth above. Plaintiff further gives notice that she will rely upon Defendant's admissions in Amended

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES

Answer ¶ 6(b) [ECF Doc. 43] and in the Declaration of Kelly Fitzgerald Canby, ¶ 44 [ECF Doc. 80-1, p. 21], as binding judicial admissions, see American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("statements of fact contained in a brief may be considered admissions of the party"), and will oppose, on grounds of judicial estoppel and untimely/unpled affirmative defense, any future attempt by Defendant to argue that it bears no responsibility for the conduct of Farmers Insurance Exchange or its claims employees identified in the First Amended Complaint.

Respectfully submitted:

Dated:7/31/2026_                          By:  /s/ Luna D'Sol

                                          Luna D'Sol

                                          Plaintiff, In Pro Per

                                          jravada@icloud.com

                                          2275 E Belding Dr

                                          Palm Springs CA 92262

                                          Telephone: 213-925-4069

- 10 -

PLAINTIFF'S COMPENDIUM OF OBJECTIONS TO DEFENDANT'S EVIDENCE AND ARGUMENT MISCHARACTERIZING THE ROLE, RELEVANCE, AND LIABILITY OF FARMERS INSURANCE EXCHANGE AND ITS EMPLOYEES