MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 230-6700
Facsimile:  (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>                    Plaintiff,<br><br>        v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY**<br><br>Judge:     Hon. Stephen V. Wilson<br>**Date:      July 31, 2026**<br>**Time:      1:30 p.m.**<br>Courtroom:  10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC:   October 5, 2026; 3:00 p.m.<br><br>Complaint Filed:  August 21, 2025 |

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

- 1 -

## I.    INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") hereby responds to Pro Per Plaintiff Luna D'Sol's ("Plaintiff") "PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF DOC. 87], OR IN THE ALTERNATIVE, CONTINUING DEFENDANT'S DEPOSITION NOTICE AND RELATED SUBPOENA" [ECF Docs. 106, 106-1, 106-2, 107]] (collectively "Plaintiff's Ex Parte Application to Stay Discovery") filed on July 31, 2026.

This is the second ex parte application that Plaintiff has filed within the last week and the latest in a series of non-meritorious court filings by Plaintiff in this case. *See e.g., Netlist Inc. v. Samsung Elecs. Co., Ltd..*, Case No. 8:20-cv-00993-MCS-ADS2021 WL 12282030 *2 (C.D. Cal. August 3, 2021) (denied "second ex parte application in two days" and "Court warns that abuse of ex parte procedures will result in sanctions"). "Sanctions may be imposed for misuse of ex parte applications." [ECF Doc. 13, p. 3:16-17], citing, *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191 (C.D. Cal. 1989).   Simply stated, Plaintiff is belatedly attempting to circumvent her basic discovery obligations in this action to the detriment of Farmers Direct.

Relevant to the relief requested in Plaintiff's Ex Parte Application to Stay Discovery, Plaintiff contends that she "seeks this limited stay to **preserve the status quo** until the Court determines the proper parties, the permissible scope of discovery, and the issues that will govern the remainder of this litigation." [ECF Doc. 106, at pp. 8:27-9:3 (emphasis added)].  Plaintiff first raised many of these same arguments in other court filings prior to Christmas 2025 but Plaintiff's prior requests for stays of discovery and/or continuances were both denied in January 2026 [ECF Docs. 14, 33].  Now, in the face of various looming pre-trial deadlines given the upcoming

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

October 13, 2026 trial date, Plaintiff improperly seeks ex parte relief to suspend her obligation to comply with discovery in this action while waiting for orders to be issued on various motions under submission with the Court. *See e.g., Entangled Media, LLC v. Dropbox Inc.*, 732 F.Supp.3d 1120, 1123 (N.D. Cal. 2024); *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1103-1104 n.4 (D. Nev. 2022)("As no stay has ever been entered by the Court, the status quo is that Counter-Defendants have been required to participate in discovery all along.")(emphasis in original). For the reasons discussed in further detail below, Plaintiff's request is without merit and her Ex Parte Application to Stay Discovery should be denied based on lack of good cause.

However, if the Court is inclined to grant some aspect of relief requested by Plaintiff given the current procedural posture of this case, Farmers Direct would respectfully request that any non-expired scheduling order deadlines and the October 13, 2026 trial date be continued for not more than 90 days which will allow Farmers Direct to complete necessary discovery in furtherance of Defendant's anticipated Motion for Summary Judgment/Partial Summary Judgment based on the absence of competent evidence to support Plaintiff's contract, tort and statutory claims in the operative First Amended Complaint.

## II.  OVERVIEW OF CASE STATUS AND PENDING DISCOVERY

This case is not overly complex insofar as it involves a first-party insurance coverage dispute arising from a vandalism/theft loss tendered under a homeowners insurance policy issued by Farmers Direct to named insured Julio Ravada who is now known as Pro Per Plaintiff "Luna D'Sol". However, as reflected by the court docket, Plaintiff's litigation activities to date have been consumed by repeated jurisdictional challenges and other irrelevant filings in pursuit of remanding this action back to state court over the objection of Farmers Direct.

Upon denying Plaintiff's Renewed Motion To Remand on June 8, 2026, this Court set this case for trial on October 13, 2026. [ECF Docs 85-86]. Notwithstanding

the litany of motions filed by Plaintiff seeking to challenge diversity jurisdiction in this matter, Farmers Direct has been proceeding in good faith with discovery pursuant to the scheduling order issued by the Court, including timely propounding initial written discovery requests to Plaintiff, timely serving Farmers Direct's Expert Witness Disclosures on July 15, 2026, timely serving Plaintiff with a Notice of Deposition scheduling her Deposition for July 31, 2026 (but she refused to appear), and timely issuing subpoenas to various third party witnesses identified in Plaintiff's Rule 26 Initial Disclosures.[1]  Bernard Decl., ¶¶ 7-11, 17-23.

In addition to seeking to depose Plaintiff, Farmers Direct also seeks to depose the her contractor (Progressive Home Remodeling) whose "Estimate" is attached to Plaintiff First Amended Complaint and appears to constitutes the bulk of Plaintiff's claimed contract damages sought in this case.[2]  Bernard Decl., ¶¶ 17-23.  To the

[1] All discovery was timely and properly served on Plaintiff  consistent with the parties' agreement to use email service at the outset of the case in addition to Plaintiff's prior request for e-filing privileges which was granted by the Court and the parties' continued mutual use of electronic service continuously thereafter. Bernard Decl., ¶¶ 11, 17-21, **Exhibit 8**; *see also generally E&J Gallo Winery v. Encana Energy Services, Inc.*, No. CV-F-03-5412 AWI LJO, 2005 WL 6408198 (E.D. Cal. July 5, 2005) (registration and use of CM/ECF system viewed as consent to receipt of amended deposition notice by electronic service unless opted). *Baldwin v. U.S.,* 823 F.Supp.2d 1087, 1109 (N.M.I. 2011) (holding that registration and participation in CM/ECF also constituted consent to email service); *Securities and Exchange Commission v. Southridge Capital Management LLC*, No. 3:10-cv-1685-RNC, 2013 WL 10595697 (D. Conn. February 27, 2013) (service of the Requests by email was proper, as the Defendants consented to electronic service of all documents (including discovery) as participants in the Court's CM/ECF system"). As such, any contention by Plaintiff that she has no obligation to respond to discovery served by Farmers Direct via email is without merit and belied by the court docket as well as the record of communications between the parties confirming email as the method of service.

[2] All pending discovery inquiries are directly related to Plaintiff's claims and well within the permissible scope of discovery. "The permissible scope of discovery and burden of persuasion for protective order generally has been described as follow: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *O. L. v. City of El Monte*, Case No. 2:20-cv-00797-RGK (JDE), 2020 WL 7264549 *2 (C.D. Cal. October 30, 2020), citing Fed. R. Civ. Proc. 26(b)(1).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- 4 -

extent there was any legitimate scheduling conflict on the dates of the initially noticed depositions, Farmers Direct has repeatedly asked Plaintiff to provide ANY DATE before the discovery cutoff when she (and/or potentially her contractor) could be available to participate in deposition.  Plaintiff has refused to provide any dates at all and instead filed this Ex Parte Application To Stay Discovery. Bernard Decl., ¶¶ 11, 17, 20-22.

Notably, Plaintiff has designated no experts and served no discovery on Farmers Direct pending the outcome of her jurisdictional challenges to this Court's prior orders relevant to the remand issue.

## III.    STANDARD FOR OBTAINING EX PARTE RELIEF

As explained by the court in the *Mission Power Engineering* case, "ex parte applications have reached epidemic proportions in the Central District" warranting a two-prong test for justifying ex parte relief: (1) the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (2) it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *Mission Power Engineering Company v. Continental Casualty Company*, 883 F.Supp.488, 490-495 (C.D. Cal. 1995) (motion to shorten time to hear motion for return of papers inadvertently delivered did not show an irreparable prejudice if motion was heard on regular motion calendar). As explained further below, Plaintiff fails to meet both requirements.

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## IV. **PLAINTIFF DOES NOT MEET THE REQUIRED STANDARD FOR EX PARTE RELIEF**

### A. **Plaintiff Cannot Establish Any Irreparable Injury To Justifying Ex Parte Relief Merely Because She Is Required To Participate In Discovery While Other Motions Are Pending**

"Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Consumer Financial Protection Bureau v. D and D Mktg., Inc.,* CV 15-9692 PSG (Ex), CV 16-2724 PSG (Ex), CV 16-2725 PSG (Ex), 2017 WL 5974248 *6 (C.D. Cal. March 21, 2017), citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974). "Ample case law finds that the burden of meeting one's discovery obligations does not generally constitute irreparable injury." *PlayUp, Inc.*, *supra*, 635 F. Supp.  at 1103-1104, citing *Agerkop v. Sisyphian LLC*, No. CV 19-10414-CBM (JPRx), 2021 WL 4348734, at *4 (C.D. Cal. July 26, 2021).

Although Plaintiff contends that traveling to Los Angeles County (where she chose to file suit against Farmers Direct) is allegedly unduly burdensome because "I don't have a way to get to Los Angeles," that excuse does not support any irreparable harm here nor any protective order at all. *See* Bernard Decl., ¶ 11, at **Exhibit 3**; *see also generally, U.S. v. $160,066.96 from Bank of America,* 202 F.R.D. 624, 627-630 (S.D. Cal. 2001) (denying requests of Pakistani claimants to have "their depositions taken in Pakistan because otherwise they face two lengthy round trips to California in a single year" which did not meet the standard of "undue burden and expense" because this "requires more than some expense or difficulty" especially where the claimant chose to prosecute "their claim in this district" and the court also denied the alternative request to have their depositions be taken "by telephone" which would burden the opposing party through "compromised effectiveness" of the depositions).

Plaintiff further argues that "[c]ompelling Plaintiff to sit for a deposition, and her contractor to be subpoenaed, in the interim risks discovery that will need to be redone, conducted against the wrong or incomplete set of parties, or rendered moot altogether." [ECF Doc. 106, at p. 9:17-20]. However, such speculation about potential future events is not an irreparable injury to justify any immediate relief, nor sufficient good cause for a protective order at all. "Speculative suppositions — that the 'tenor of the litigation would change' or that discovery 'might well broaden' — do not constitute good cause under Rule 26(c). *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 353 (N.D. Cal. 2003) (plaintiff failed to show good cause for protective order staying depositions pending outcome of parties' cross-motions for summary judgment).

In this respect, adopting a "possibility" standard of irreparable injury to support a request for ex parte relief would be "too lenient." *PlayUp, Inc.*, *supra*, 635 F. Supp. 3d at 1103-1104 (citations omitted). "This consideration instead requires the movant to make a threshold showing that irreparable harm is 'probable' absent a stay. *Id.* at 1103-1104, citing *Leiva-Perez v. Holder*, 640 F.3d 962, 965, 968 (9th Cir. 2011) (per curiam). Moreover, a "key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended ... are not enough." *Al Otro Lado v. Wolf*, 952 F.3d 952 F.3d 999, 1008 (9th Cir. 2020) (citations omitted*); see also O. L. v. City of El Monte*, Case No. 2:20-cv-00797-RGK (JDE), 2020 WL 7264549 (C.D. Cal. October 30, 2020) (plaintiff's ex parte application "to stay her deposition" denied).

Plaintiff's Ex Parte Application to Stay Discovery fails on the merits insofar as her stated objections to complying with Farmers Direct's discovery request and/or other Court-ordered deadlines based on purported litigation expense, pending motions under submission with the Court or personal inconvenience does not constitute "irreparable harm" warranting ex parte relief in the first instance.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASx

**B.**      **Any Alleged Crisis Experienced By Plaintiff Is Entirely Of Her Own Making And Therefore Ex Parte Relief Must Be Denied**

Plaintiff has refused to participate in discovery and instead has adopted an ill-conceived litigation strategy of filing non-meritorious motions belatedly seeking to challenge this Court's jurisdiction to preside over this action – including but not limited to filing the pending Motion For Reconsideration and a voluminous Motion For Sanctions against Farmers Direct and its counsel.  Plaintiff now contends that her obligation to comply with discovery in this matter should be stayed while those matters remain under submission with the Court.  A party seeking a protective order has a "heavy burden" of showing why discovery should be limited." *O. L. v. City of El Monte*, Case No. 2:20-cv-00797-RGK (JDE), 2020 WL 7264549 *2 (C.D. Cal. October 30, 2020), citing Fed. R. Civ. Proc. 26(b)(1).  Based on the record evidence, Plaintiff has not satisfied her "heavy burden" as to why she should be excused from complying with her discovery obligations in this action.

Relevant to Plaintiff's request for ex parte relief, Plaintiff has been informed that there is "no blanket stay of discovery merely because a motion is pending." *See e.g., Skellerup Industries Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D. Cal. 1995); *see also* Bernard Decl., ¶ 11, **Exhibit 3**.  Regardless, rather than comply with this Court's scheduling order deadlines and related discovery obligations under the Federal Rules of Civil Procedure and Central District Local Rules, Plaintiff filed this Ex Parte Application To Stay Discovery seeking a protective order and/or a continuance despite the fact that Plaintiff previously made similar requests to the Court that were denied.

Specifically, Plaintiff's now contends that [c]ompelling Plaintiff to sit for a deposition and her contractor to be subpoenaed in the interim risks discovery that will need to be redone, conducted against the wrong or incomplete set of parties, or rendered moot altogether." [ECF Doc. 106, at p. 9:17-20].  Although Plaintiff claims

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE "EMERGENCY"
EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASx

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

"there is no imminent trial-related necessity requiring Plaintiff's deposition or third-party discovery to proceed before the Court resolves the pending motions concerning the proper parties and the permissible scope of discovery," [ECF Doc. 106, pp. 9:26-10:2], Plaintiff is incorrect insofar as the current discovery cutoff is August 14, 2026 and the dispositive motion filing cutoff soon follows. *See* Bernard Decl., ¶¶ 7-9; *see also generally Cook v. City of Pomona*, 884 F. Supp. 1457, 1459 (C.D. Cal. 1995) (denying ex parte application to continue trial as dilatory conduct in conducting discovery close to trial will not be excused).  Having timely propounded discovery to test the evidentiary support for Plaintiff's claim, Farmers Direct is entitled to depose Plaintiff and her contractor notwithstanding the pending motions under submission with the Court.[3]

As Judge Rymer warned, "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . . *In re Intermagnetics America, Inc.*, supra, 101 B.R. at 193.  Plaintiff's status as a pro per litigant does not excuse her behavior and *pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *See e.g., Jacobsen v. Filler*, 790 F.2d 1362, 1364-1365 n.9 (9th Cir. 1986) ("[t]he hazards which beset a layman when he seeks to represent himself are obvious" but "[s]He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the *pro se* layman").  Accordingly, for the reasons discussed herein, Plaintiff's Ex Parte Application To

_____

[3] Farmers Direct proposed an Informal Discovery Conference ("IDC") with the magistrate judge to resolve the pending discovery dispute between the parties but Plaintiff has declined to meaningfully respond or agree to participate in the IDC. As such, Farmers Direct reserves its right to seek court intervention to compel Plaintiff's compliance with her discovery obligations in this action and/or alternatively strike Plaintiff's Rule 26 Initial Disclosures based on her record of litigation misconduct and non-compliance with Court-ordered discovery obligations.

- 9 -

Stay Discovery should be denied based on her failure to demonstrate good cause for a discovery stay and/or continuance request in the first instance.

## V.   **CONCLUSION**

Based on the record before this Court, Plaintiff has not established good cause to warrant a stay of discovery and/or continuance of the upcoming trial date while she awaits rulings on the various motions under submission with the Court regarding her renewed jurisdictional challenges. In this respect, there is no emergency. There is no crisis. Simply stated, any problems faced by Plaintiff in this litigation by failing to meaningfully participate in discovery are of her own making.

However, if the Court is inclined to grant some aspect of relief requested by Plaintiff given the current procedural posture of this case (*i.e.* Plaintiff's pending motions challenging jurisdiction), Farmers Direct would respectfully request that any non-expired scheduling order deadlines and the trial date be continued for not more than 90 days which will allow Farmers Direct to complete necessary discovery in furtherance of Defendant's anticipated Motion for Summary Judgment/Partial Summary Judgment given the absence of competent evidence to support for Plaintiff's contract, tort and statutory claims alleged in the operative First Amended Complaint.

Dated:  August 3, 2026          GORDON REES SCULLY MANSUKHANI, LLP


BY  _Kelly F Canby_
                                   _____
                                   Michelle R. Bernard
                                   Kelly Fitzgerald Canby
                                   Attorneys for Defendant
                                   FARMERS DIRECT PROPERTY AND
                                   CASUALTY INSURANCE COMPANY

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE "EMERGENCY"
EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASx

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101