MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:   (619) 230-6700
Facsimile:   (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>              Plaintiff,<br><br>       v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>              Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY**<br><br>Judge:      Hon. Stephen V. Wilson<br>**Date:      July 31, 2026**<br>**Time:      1:30 p.m.**<br>Courtroom:  10A<br>Trial Date: October 13, 2026, 9:00 a.m.<br>FSC:        October 5, 2026, 3:00 p.m.<br><br>Filed Concurrently With:<br>Defendant's Opposition to Plaintiff's Ex Parte Application<br><br>Complaint Filed:  August 21, 2025 |

- 1 -
DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT'S OPPOSITION TO  PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASX

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF MICHELLE R. BERNARD**

I, Michelle R. Bernard, declare as follows:

1.      I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") in connection with the above-captioned matter ("Federal Court Action"). This declaration is being submitted in support of Defendant's Opposition to Pro Per Plaintiff Luna D'Sol's ("Plaintiff") "PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR AN ORDER STAYING DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF DOC. 87], OR IN THE ALTERNATIVE, CONTINUING DEFENDANT'S DEPOSITION NOTICE AND RELATED SUBPOENA" [ECF Docs. 106, 106-1, 106-2, 107] (collectively "Plaintiff's Ex Parte Application to Stay Discovery"). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2.      Although Plaintiff's litigation activities in this case have been consumed by repeated jurisdictional challenges and other irrelevant filings in pursuit of remand, this case is a first-party insurance coverage dispute involving a property damage claim under a homeowners policy issued by Farmers Direct.  As explained further below, Plaintiff has filed yet another improper ex parte application merely because Farmers Direct is pursuing basic discovery central to the case which Plaintiff seeks to resist by a false claim of "EMERGENCY."

3.      Specifically, Plaintiff alleges in her First Amended Complaint that "[o]n or about **June 3, 2024,** Plaintiff **Luna D'Sol** suffered a **covered burglary loss** at **2275 E. Belding Drive, Palm Springs, CA 92262,** insured under **Farmers Direct**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Homeowners **Policy No. 3872340940** (Claim **No. 7007678692-1) (Ex. A, pp. 1–57).**" *See* First Amended Complaint ("FAC"), ¶ 9 (emphasis in original); *see also* Defendant's Request For Judicial Notice filed on January 5, 2026 ("Defendant's RJN") [ECF Doc. 23-1, at pp. 147-148].

4. Soon after Farmers Direct removal on November 14, 2025, the Court issued its New Case Order on December 1, 2026 and advised the Parties as follows:

a. "TRIAL PREPARATION: Court strives to set trial dates as early as possible and does not approve of unnecessarily protracted discovery." [ECF Doc. 13, at p. 3:25-27].

b. "CONTINUANCES: "Per Local Rule 16-9, continuances are granted only upon a showing of cause, focusing particularly upon evidence of diligent work by the party seeking delay and of prejudice that may result from the denial of a continuance. . . . This Court sets <u>firm</u> trial dates and will not change them without a showing of good cause." [ECF Doc. 13, at pp. 3:28-4:3 (emphasis in original)].

c. "EX PARTE APPLICATIONS: . . .This Court only allows ex parte applications when extraordinary relief is necessary. Counsel are advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. Sanctions may be imposed for misuse of ex parte applications. <u>See In Re: Intermagnetics America, Inc</u>., 101 Bankr. 191 (C.D. Cal. 1989)." [ECF Doc. 13, at p. 3:16-19 (emphasis in original)].

5. Despite the guidance from this Court as noted above, this is the second ex parte application that Plaintiff has filed within the last week. [ECF Doc. 98].

6. Attached hereto as **Exhibit 1** are true and correct copies of a collection of email communications with Plaintiff on July 31, 2026 (beginning with Plaintiff's email [10:32 a.m.] regarding her intended ex parte application) and, after Kelly

DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT'S OPPOSITION TO PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASX

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Canby's returned Plaintiff's phone call as requested, a series of email communications that followed that afternoon and night.

7.     As part of the June 8, 2026 Order [ECF Doc. 85] denying Plaintiff's Renewed Motion To Remand, this Court also set this case for trial on October 13, 2026 and scheduled the Final Pretrial Conference for October 5, 2026.  [ECF Doc. 86].  As result of such scheduling and applicable Local Rules, the discovery cut-off in this case is August 14, 2026 and Farmers Direct's anticipated motion for summary judgment will need to be filed on or before August 28, 2026 to allow such motion to be timely heard on Monday, September 28, 2026 (which is the last available hearing date prior to the Final Pretrial Conference).

8.     Despite these approaching deadlines, Plaintiff claims "there is no imminent trial-related necessity requiring Plaintiff's deposition or third-party discovery to proceed before the Court resolves the pending motions concerning the proper parties and the permissible scope of discovery."  [ECF Doc. 106, pp. 9:26-10:2].  As explained further below, Plaintiff has been making the very same arguments since before Christmas 2025.

9.     Farmers Direct is proceeding in good faith pursuant to the scheduling order issued by the Court and in compliance with the agreements reached by the parties during their Rule 26(f) Conference that was held on February 12, 2026 only after a series of prior delays by Plaintiff (and after the Court denied both Plaintiff's first motion for a stay discovery and her first ex parte application seeking to continue the Initial Status Conference based on her then pending jurisdictional motion seeking remand which was also denied).  [ECF Docs 20, 24, 27, 28, 33].  Attached hereto as **Exhibit 2** are true and correct copies of a selected collection of email communications (attachments omitted) among defense counsel and Plaintiff beginning from around defense counsel's first request to schedule the Rule 26(f)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- 4 -

through Plaintiff's eventual agreement to participate in a Local Rule 26(f) Conference.

10. The Court's Order of December 8, 2025 [ECF Doc. 17] (a copy was provided to Plaintiff by defense counsel at the direction of the Court) states, in relevant part, the following: "Counsel should view the discovery period as a time for the orderly and <u>cooperative</u> exchange of information essential to a resolution of the case. Sanctions will be imposed if counsel impede the discovery process through contentiousness and over−litigiousness. . . . Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge." [ECF Doc. 17, at p. 2:15-27 (emphasis added).

11. Given Plaintiff's refusal to appear for her deposition on July 31, 2025 (and refusal to provide any alternative available dates for her deposition that are within the discovery cutoff among other reasons), Farmers Direct has asked Plaintiff participate in Local Rule 37-1 Conference to commence the procedures to bring these discovery issues to the Magistrate per the Court's direction.  To date, Plaintiff has refused to provide a date for her deposition before the current discovery cut-off and has been unwilling to meaningfully engage in that Local 37-1 Conference process and instead she opted to file this Ex Parte Application. True and correct copies of a collection of email communications among Plaintiff and defense counsel dated from July 17, 2026 through July 30, 2026 are attached hereto as **Exhibit 3**.

12. During the Rule 26(f) Conference on February 12, 2026, the Parties previously agreed to exchange their Initial Disclosures two weeks later on February 26, 2026 and also agreed to voluntarily produce copies of the documents identified in their Initial Disclosures with the anticipated exchange expected to occur 30 days later (which at the time was anticipated to be 10 days after the Initial Status

DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT'S OPPOSITION TO  PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY CASE NO. 2:25-CV-10938-SVW-ASX

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Conference then scheduled for March 2, 2026 but later continued).[1] Attached hereto as **Exhibit 4** is a true and correct copy of Ms. Canby's confirming email dated February 12, 2026 [7:21 PM] sent to Plaintiff following the Rule 26(f) Conference.

13.    The Parties exchanged Rule 26(a)(1)(A) Initial Disclosures via email on February 26, 2026, but Plaintiff claimed that Farmers Direct's Initial Disclosures were allegedly deficient.    Plaintiff previously filed an unsuccessful Motion to Compel Production of Documents and Supplemental Initial Disclosures and a Request for Sanctions against Farmers Direct [ECF Docs. 54-61] ("Motion To Compel") on March 16-17, 2026 without first complying with the prefiling meet and confer requirements of Local Rule 37-1.

14.    Plaintiff refused Farmers Direct's request that she withdraw her defective Motion To Compel and she rejected Farmers Direct's proposal that the Parties participate in the Magistrate's Informal Discovery Conference Procedures as an alternative and insisted on proceeding with the Motion To Compel hearing.

15.    Plaintiff then cited a previously undisclosed medical appointment in an 8:00 PM court filing the night before the Motion To Compel hearing [ECF Doc. 69] not previously disclose to defense counsel resulting in the hearing being taken off calendar.    [ECF Doc. 70].    Plaintiff's Motion To Compel was denied without

---

[1] As noted in the confirming email of February 12, 2026, the Parties agreed the following related to the voluntary and mutual exchange of Initial Disclosure documents:  "**Exchange of Documents:** The parties anticipate exchanging copies of their non-privileged documents identified per Rule 26(a)(1)(ii)-(iv) within 30 days (i.e., on or before March 12, 2026)**.** As we discussed, I anticipate the production of copies of the non-privileged portions of Farmers Direct's file for the Claim and that **you will produce all non-privileged documents, including electronically stored information or other tangible things in your possession, custody or control that you intend to use to support your alleged claims against Farmers Direct and sought damages, including materials bearing on the nature and extent of any damages or injuries allegedly suffered**." *See* **Exhibit 4** (emphasis added).  Despite Farmers Direct's repeated request to Plaintiff to exchange Initial Disclosure documents as previously agreed, Plaintiff has been entirely unwilling to do so despite the fact that she previously sought to compel Farmers Direct to Supplement its Initial Disclosures.

- 6 -

DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT'S OPPOSITION TO  PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASX

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

prejudice on April 14, 2023 because the "Plaintiff's failed to properly meet and confer with opposing counsel prior to filing her motion to compel" and failed to comply with "FRCP 37" and Local Rules 37-1 and 37-2. The Magistrate further "cautioned" Plaintiff that "further failure to comply with the rules of this court may result in the imposition of sanctions." [ECF Doc. 71].

16. Soon after Plaintiff commenced the Joint Stipulation procedures related to a second Motion To Compel Farmers Direct to supplement its Initial Disclosures but on unwarranted grounds – but on or about May 1, 2026, Plaintiff abruptly reversed course (and essentially denied the existence of her "Joint Stipulation" that she repeatedly refused to withdraw) – and again claimed despite her prior unsuccessful discovery filings that "**I am not substantively engaging with discovery because jurisdiction is unresolved.**" Now more than three months later, Plaintiff is still doing the very same thing here. Attached hereto as **Exhibit 5** are true and correct copies of a collection of email communications among Plaintiff and defense counsel pertaining to discovery dated from April 14, 2026 to May 1, 2026.

17. As explained further below, Plaintiff is refusing to participate in basic discovery that is central to Farmers Direct's defense and directly relevant to her alleged June 3, 2024 "burglary loss" Claim. *See e.g.,* FAC, ¶¶ 9-11.

18. Plaintiff alleges that her total sought damages "are not less than $113,000." *See* FAC, ¶ 37; *see also* FAC ¶¶ 13c-d, 14-15, 19, 22-24, 27, 35.a-d, 37, 45. Based on Plaintiff's allegations in the FAC, the primary component of those alleged damages is a May 19, 2025 "licensed contractor's bid" allegedly "documenting code/finish work reasonably flowing from covered replacements" (e.g., pertaining to alleged work to be done in her bathroom, kitchen, floor, amount other areas of her home) that allegedly "total **$87,400–$93,400 (Ex. O, pp. 91–96, 122–127)**." FAC, ¶ 19 (emphasis in original); *see also* Defendant's RJN [ECF Doc. 23-1, at pp. 158-159].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- 7 -

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

19.    Farmers Direct's timely issuance of a standard subpoena to the same very contractor listed on that May 19, 2025 estimate attached as an exhibit to the FAC does not warrant any ex parte relief here.

20.    Plaintiff's deposition was timely and properly noticed and she is obligated to participate in her own deposition.

21.    Relevant to Plaintiff's sought protective order and discovery issues the following documents were timely and properly served on Plaintiff (per the Parties agreement for email service in the case as proposed by Plaintiff at or around the time she applied for permission to use the Court's electronic filing system [ECF Docs. 10, 12]): (a) Farmers Direct propounded written discovery on July 2, 2026 and Plaintiff's responses are due on August 3, 2026; (b) Farmers Direct timely served its Expert Witness Disclosures on July 15, 2026 and Plaintiff failed to designate any experts; (c) on July 17, 2026, Farmers Direct served a Notice of Deposition setting Plaintiff's Deposition for July 31, 2026 at 9:00 a.m. at our office in Los Angeles; (d) Farmers Direct also prepared and issued several third party witness deposition subpoenas and Plaintiff served with notice of every such subpoena issued, including for Plaintiff's contractor Progressive Home Remodeling Inc. seeking testimony and documents from the PMK of Progressive Home Remodeling Inc. at Deposition on August 4, 2026 in Los Angeles.

22.    In response to Kelly Canby's July 27, 2025 [6:10 PM] email seeking to confirm Plaintiff's deposition scheduled for Friday, July 31, 2026, Plaintiff provided the following response via email on July 29, 2026 [3:49 PM]: Plaintiff provided the following response via email on July 29, 2026 [3:49 PM]: "I am sorry I didn't respond earlier but I am out of town visiting my 95 year old grandma. I will be back home on August 17th 2026. I don't recall seeing any requests that you are referring to, as I mentioned, I was in the hospital." *See* **Exhibit 3**.   However, based upon public records, Plaintiff was engaged in an active trial around that time in an entirely

DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT'S OPPOSITION TO  PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASX

different case also pending in State Court.[2]  We have repeatedly asked Plaintiff for alternative dates for her deposition within the discovery cutoff, including by email on July 29 and 30, 2026 (*see* **Exhibit 3**) and July 31, 2026 [1:11 PM] and [5:12 PM] (*see* **Exhibit 1**) and during Kelly Canby's call with Plaintiff on July 31, 2026 but she has refused to provide any dates.

23.    Based on the record before this Court, there are no extraordinary circumstances nor good cause to support Plaintiff's Ex Parte Application To Stay Discovery.

24.    If the Court is inclined to grant some aspect of relief requested by Plaintiff given the current procedural posture of this case (*i.e.* Plaintiff's pending motions challenging jurisdiction), Farmers Direct would respectfully request that any non-expired scheduling order deadlines and the trial date be continued for not more than 90 days which will allow Farmers Direct to complete necessary discovery in furtherance of Defendant's anticipated Motion for Summary Judgment/Partial Summary Judgment.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 3 Day of August, 2026 at San Diego, California.

*/s/ Michelle R. Bernard*
Michelle R. Bernard

---

[2] Attached here to as **Exhibit 6** are true and correct copies of Orders issue in Los Angeles County Case No. 24VECV03217.  Albeit conceivably possible that Plaintiff was participating via remote appearance in a Bench Trial while also caring for her elderly grandmother and/or being hospitalized herself, but notably the Honorable Elaine W. Mandel admonished Plaintiff (who is the defendant in that case) because she "**does not have the video camera enabled.**" *See* **Exhibit 6** at Order Dated July 28, 2026 (emphasis added). Farmers Direct noticed Plaintiff's deposition for an in person deposition (rather than a remote proceeding) to avoid these types of issues with Plaintiff during questioning.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT'S OPPOSITION TO  PLAINTIFF'S "EMERGENCY" EX PARTE APPLICATION TO STAY DISCOVERY
CASE NO. 2:25-CV-10938-SVW-ASX

1246966/60989023v.1

# EXHIBIT 1

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Friday, July 31, 2026 9:35 PM |
| **To:** | Michelle Bernard |
| **Cc:** | Kelly Canby |
| **Subject:** | Re: D'Sol v. Farmers Direct Property & Casualty Insurance Company - Confirming our discussion / RE: Meet and Confer Ex Parte |

Hi Ms. Bernard,

Thank you for admitting that you and Ms. Canby don't have time to answer my "self-served" requests.

I'd like to address how you began your message because I think it explains a lot of what's happening here. Just to be clear, I've only looked up for your name once, and that was earlier this morning when I needed you license number for a form I'm completing. You should check this out, Google's search suggestion reads "Are you sure you don't mean Michelle D. Bernard, she's a real famous attorney in California, click here, she even wrote a book!"

It seems you are holding onto an unrealistic standard that no one else shares. Let's look at the facts: Ms. Canby was out of town with her family and should not have been expected to send long messages. However, if you look closer, you will realize she was actually covering for you. Despite that, you chose to reprimand her in an email copied to an adverse party. That approach is entirely unprofessional. True leaders inspire respect through their actions and support for their team, rather than trying to elevate themselves by pulling others down.

Additionally, your statement that "this holds true whether" you are on medical leave or personal time off is telling.

And Ms. Bernard, I believe that once again you are projecting your failures on me. I have never expressed an expectation that you don't respond to me promptly, you are the one with improper service demanding that I show up at your office in 2 days without asking my availability. And don't forget that you're the one who transferred the case to federal court without the summons while claiming that you were.

Last, you don't get to try to enforce an order that last week you refused to comply with because, as you stated, you don't have time to deal with me even though that's exactly what you're being paid for.

Regards

Luna

Sent from my iPhone

On Jul 31, 2026, at 5:12 PM, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: This email is in response to yours below directed to my colleague, Kelly Canby.

As I'm sure your research has shown, I am a senior partner at one of the largest law firms in the United States and oversee the day-to-day management of numerous attorneys and litigation matters. Rest assured, I have not "gone missing" as erroneously suggested in your email but likewise I do not have time to contemporaneously respond to your self-serving and unhinged communications directed to me or Ms. Canby in this matter. This holds true whether I am in the office/out of the office/on vacation/personal time off/medical leave.  In this respect, your expectation of an immediate response by me or Ms. Canby to your emails and/or voice mail messages – regardless of our respective work and/or personal schedules – does not dictate the timeline for our response to the same.

Relevant to your email exchange today with Ms. Canby,  your after-the-fact attempt to "correct" the record here is without merit and clearly designed to fabricate more excuses for your non-compliance with your discovery obligations in this matter. Notwithstanding the fact that the Court has taken certain motions under submission and your recent ex parte application seeking a continuance of various scheduling order dates (including the October 13, 2026 trial date), you are not judicially "excused" from complying with the current deadlines set forth in the operative scheduling order.

Regarding your properly noticed deposition scheduled for today, we made an accommodation in taking it off calendar based on your alleged unavailability due to travel plans to visit your grandmother.  That said, if you do not provide us with written confirmation of an alternative date for your deposition to take place during the week of August 10-14 **by close of business on Monday (August 3, 2026**) and likewise produce your outstanding Rule 26 documents **by next Wednesday (August  5, 2026)**, we intend to seek court intervention to resolve this discovery dispute and will be requesting sanctions against you for the expense incurred by Farmers Direct to compel your compliance.

Finally, please refrain from the snarky ad hominem attacks directed at me and Ms. Canby. Your comments are both unwarranted and unprofessional.

MRB

---

**MICHELLE R. BERNARD**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com  |  grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 3:28 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Confirming our discussion / RE: Meet and Confer Ex Parte

Ms. Canby,

I am writing to formally correct the mischaracterization of events from your correspondence. It is important that our written record accurately reflects the facts in order to properly frame my participation, there is a recurring pattern where conversations are reframed in a way that inaccurately portrays my actions and professional conduct. Documenting these events correctly is essential to ensure a fair, productive, and respectful working relationship.

You cannot say that I have refused to participate on anything when last week you kept sending long messages as to why you were buy instead of responding to my requests until Bernard scolded you for pretending to be busy with family while acting like you were not.

Then Ms. Bernard went missing as well.

And I do not recall you telling me all of what you content around deposition…. You just proposed a random date and rushed me to accept because you failed to do it on time. That is all you mentioned

Luna

On Jul 31, 2026, at 13:11, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

Following up on my message and to confirm our brief discussion earlier today:

3

1. We do not have authority to agree to a trial continuance on behalf of Farmers Direct.

1. Farmers Direct will not agree to continue any scheduling orders deadlines that have already passed (e.g., such as your failure to timely designate any experts).

1. To the extent that you plan to seek the continuance of scheduled dates or approaching deadlines (e.g., trial date, FSC, 8/14 discovery cut off and ADR compliance deadline), we will let you know if Farmers Direct intends to oppose those requests once we have an opportunity to review and evaluate your ex parte papers.

1. Additionally, as I mention in my message, there is an ADR completion deadline approaching on 8/21/26 and we should proceed in a way that will ensure compliance with the existing deadlines, so please let me know if you have any preferences on type of ADR or days that you could be available on or before August 21 for the purpose of conducting an ADR proceeding.  We've reached out to several potential mediators to check on availability and should have more information next week.

1. Additionally, as I mentioned during our call I would like to get your deposition rescheduled now given your refusal to appear on 7/31/26 and the approaching discovery cutoff and request that you **provide at least one date between now and 8/13 when you could be available for deposition in Los Angeles** – although you were unwilling to do so as you prefer to wait until after your ex parte is resolved – as I mentioned during our call, its uncertain how soon your anticipated ex parte application will be resolved so we need to proceed in a way that will allow for compliance with existing deadlines.  Accordingly, please provide a new date for your deposition (and confirm if you will provide copies of your Initial Disclosure documents at least 3 days prior to your deposition)?

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 10:32 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Meet and Confer Ex Parte

Counsel,

I left you a voicemail earlier today regarding a proposed ex parte application that I intend to file.

This email is to memorialize my meet-and-confer effort.

The relief I intend to seek is a continuance of the current trial date, the Final Pretrial Conference, and related discovery deadlines until the Court has ruled on Plaintiff's pending Motion for Reconsideration. In my view, proceeding with discovery and trial preparation before that motion is resolved risks unnecessary expense, duplication of effort, and potential prejudice if the Court's ruling materially affects the parties, claims, or scope of the litigation.

Thank you.

**Luna D'Sol**

▦ (213) 925-4069
✉ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**

▦ (213) 925-4069
✉ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
[www.grsm.com](www.grsm.com)

## Kelly Canby

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Friday, July 31, 2026 1:16 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard |
| **Subject:** | RE: Meet and Confer Ex Parte |
| **Attachments:** | Confirming our discussion / RE: Meet and Confer Ex Parte |

Hello Ms. D'Sol – I believe our emails crossed paths – please see my attached email dated 7/31/26 [1:11 PM].

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol jravada@icloud.com
**Sent:** Friday, July 31, 2026 12:56 PM
**To:** Kelly Canby kcanby@grsm.com
**Cc:** Michelle Bernard mbernard@grsm.com
**Subject:** Re: Meet and Confer Ex Parte

Dear Ms. Canby,

This email memorializes our telephone conversation today.

During the call, you advised that Defendant does not agree with the grounds asserted in Plaintiff's forthcoming Ex Parte Application. You also requested that Plaintiff provide you her availability and Plaintiff communicated that she should be able to but would rather hear from the Ex Parte application response.

Regards,

Luna D'Sol
Plaintiff, In Pro Per


On Jul 31, 2026, at 10:32, Luna D'Sol <jravada@icloud.com> wrote:

1

Counsel,

I left you a voicemail earlier today regarding a proposed ex parte application that I intend to file.

This email is to memorialize my meet-and-confer effort.

The relief I intend to seek is a continuance of the current trial date, the Final Pretrial Conference, and related discovery deadlines until the Court has ruled on Plaintiff's pending Motion for Reconsideration. In my view, proceeding with discovery and trial preparation before that motion is resolved risks unnecessary expense, duplication of effort, and potential prejudice if the Court's ruling materially affects the parties, claims, or scope of the litigation.

Thank you.

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

## Kelly Canby

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Friday, July 31, 2026 1:11 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard |
| **Subject:** | Confirming our discussion / RE: Meet and Confer Ex Parte |

Hello Ms. D'Sol –

Following up on my message and to confirm our brief discussion earlier today:

- We do not have authority to agree to a trial continuance on behalf of Farmers Direct.

- Farmers Direct will not agree to continue any scheduling orders deadlines that have already passed (e.g., such as your failure to timely designate any experts).

- To the extent that you plan to seek the continuance of scheduled dates or approaching deadlines (e.g., trial date, FSC, 8/14 discovery cut off and ADR compliance deadline), we will let you know if Farmers Direct intends to oppose those requests once we have an opportunity to review and evaluate your ex parte papers.

- Additionally, as I mention in my message, there is an ADR completion deadline approaching on 8/21/26 and we should proceed in a way that will ensure compliance with the existing deadlines, so please let me know if you have any preferences on type of ADR or days that you could be available on or before August 21 for the purpose of conducting an ADR proceeding.  We've reached out to several potential mediators to check on availability and should have more information next week.

- Additionally, as I mentioned during our call I would like to get your deposition rescheduled now given your refusal to appear on 7/31/26 and the approaching discovery cutoff and request that you **provide at least one date between now and 8/13 when you could be available for deposition in Los Angeles** – although you were unwilling to do so as you prefer to wait until after your ex parte is resolved – as I mentioned during our call, its uncertain how soon your anticipated ex parte application will be resolved so we need to proceed in a way that will allow for compliance with existing deadlines.  Accordingly, please provide a new date for your deposition (and confirm if you will provide copies of your Initial Disclosure documents at least 3 days prior to your deposition)?

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923

**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 10:32 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Meet and Confer Ex Parte

Counsel,

I left you a voicemail earlier today regarding a proposed ex parte application that I intend to file.

This email is to memorialize my meet-and-confer effort.

The relief I intend to seek is a continuance of the current trial date, the Final Pretrial Conference, and related discovery deadlines until the Court has ruled on Plaintiff's pending Motion for Reconsideration. In my view, proceeding with discovery and trial preparation before that motion is resolved risks unnecessary expense, duplication of effort, and potential prejudice if the Court's ruling materially affects the parties, claims, or scope of the litigation.

Thank you.

**Luna D'Sol**

🖩 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT  2

## Kelly Canby

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Sunday, February 1, 2026 3:20 AM |
| **To:** | Kelly Canby |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Jer Vang-Zamora |
| **Subject:** | Re: Rule 26(f) Meet and Confer |

Hello Kelly,

Thank you for your message.

I'm available to proceed with the Rule 26(f) conference. February 6 works for me—please let me know a time.

For clarity, the Court dismissed only the standalone statutory claim under California Insurance Code § 790.03(h). Plaintiff's breach of contract and bad faith causes of action remain pending, and Plaintiff's Motion for Leave to Amend remains set for hearing.

I will participate in the Rule 26(f) conference subject to the pending motion and all jurisdictional objections.

Best regards,

## Luna D'Sol

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Jan 29, 2026, at 18:37, Kelly Canby wrote:
>
> Hello Ms. D'Sol -
> Just checking back to see if we can schedule a time for a Rule 26 meet and confer conference now that the Status Conference has been continued to March 2, 2026 at 1:30 p.m. [ECF No. 36] and your Motion to Remand has been resolved. A copy of the Court's initial Status Conference Order and copies of Local Rule 26 and FRCP Rule 26 are attached again hereto for your reference.
> I have availability on 2/5 or 2/6 if there is a good time to reach you on either of those days?
> Thanks,
> Kelly
>
> ---
>
> **KELLY F. CANBY**
> Partner
>
> **GORDON REES SCULLY MANSUKHANI**
> **YOUR 50 STATE LAW FIRM™**
> **D:** 760.444.5923

E: kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol
**Sent:** Tuesday, December 30, 2025 1:25 PM
**To:** Kelly Canby
**Cc:** Michelle Bernard ; Kiry Yeoun ; Jer Vang-Zamora
**Subject:** Re: Rule 26(f) Meet and Confer

Ms. Canby,

I previously responded on this issue on December 18, 2025, outlining my position regarding Rule 26 matters in light of the pending Motion to Remand and Motion for Protective Order.

That remains my position. I will, of course, comply with any further direction the Court provides regarding Rule 26 obligations.

Regards,

Luna D'Sol


Sent from my iPhone


On Dec 30, 2025, at 11:40 AM, Kelly Canby <kcanby@grsm.com> wrote:


Hello Ms. D'Sol – I'm in the office today if you are available to discuss the Rule 26 issues?

Also please let me know if you were able to locate copies of the Local Rule 7-3 meet and confer correspondence referenced in your Motion to Remand and/or if you have copies of the blank Exhibits and/or Exhibits with missing pages (see list in prior email below) that were filed in support of your Motion to Remand?

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Friday, December 26, 2025 6:11 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** RE: Rule 26(f) Meet and Confer / Jurisdictional Reservation

Hello Ms. D'Sol –

Just checking back to confirm and clarify if you are available and willing to meet and confer on December 30, 2025, regarding the Rule 26(f) issues per the Court's order of December 8, 2025?

If so, I can be available in the afternoon on December 30th.

Additionally, with regard to your Notice of Motion and sought "Protective Order To Stay Discovery And All Proceedings Pending Resolution Of Motion To Remand" (at p. 1:25-28) and your Supporting Declaration (at p.3:1-7, paragraph 8), which reference alleged meet and confer communications where you allegedly requested that the Defendant "stipulate" and/or "agree" to a "stay" and that Defendant and/or defense counsel allegedly "declined" this request, please note that we are not aware of any such communications. Can you please forward copies of any such communications for our review (e.g., to the extent they exist but have potentially been misdelivered and/or inadvertently overlooked)?

Additionally, please note that with regarding to your Motion to Remand, it appears that several documents which you potentially intended to attach as "Exhibits In Support of Motion To Remand" (ECF Doc. 14-5) may have been inadvertently misfiled and/or mis-formatted as several of the referenced exhibits appear to be just blank pages (e.g., Exhibits 1-4, 10-11 and 13) and other exhibits appear to include only one page of a presumably larger document (e.g., the only visible page for Exhibit 5 is the "Index To Examination" page, Exhibit 7 includes only one visible page of an email which is listed as "Page 2 of 4," Exhibit 14 includes only one visible page of a letter dated March 27, 2025 which is presumably a longer communication as there is no visible signature block page, and Exhibit 15 appears to include one visible page of a presumably longer email as the top just states ". . . . decisions going forward"). Can you please send us full text copies of all of these exhibits to review?

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, December 18, 2025 7:51 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: Rule 26(f) Meet and Confer / Jurisdictional Reservation

Ms. Canby,

Thank you for your message indicating availability after the Christmas holiday. For clarity, had the meet-and-confer proceeded prior to the Court's involvement, **December 30, 2025** would have been acceptable on my end.

As you are now aware, I have filed a **Motion for Protective Order to Stay Discovery and All Proceedings Pending Resolution of the Motion to Remand**, which asks the Court to address sequencing while subject-matter jurisdiction remains unresolved.

Pending the Court's determination, I will comply with any further direction the Court provides regarding Rule 26 matters.

Regards,

**Luna D'Sol**

 (213) 925-4069

✉ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Dec 12, 2025, at 11:45, Luna D'Sol <jravada@icloud.com> wrote:

Ms. Canby,

Thank you for the courtesy copies and for providing notice of the Court's order. I will meet and confer pursuant to Rule 26(f) as ordered, **subject to and without waiving** my pending Motion to Remand and all objections to subject-matter jurisdiction.

Because jurisdiction is formally contested and set for hearing on January 26, 2026, I am not prepared to discuss the merits of Defendant's Motion to Dismiss or to engage in discovery planning that presumes federal jurisdiction prior to the Court's ruling.

Please let me know your availability for a meet-and-confer, and I will coordinate accordingly.

Respectfully,

Luna D'Sol

Sent from my iPhone

On Dec 12, 2025, at 10:29 AM, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Ms. D'Sol –

Attached are courtesy copies of the Motion to Dismiss and supporting documents that we filed on behalf of Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") earlier today.

I have also attached copies of additional orders recently issued by the Court whereby the initial January 20, 2026 hearing date on your Motion to Remand was reset to January 26, 2026 at 1:30 p.m. The Court also set an Initial Status Conference for the same date and time. Accordingly, we noticed the hearing date on Defendant's Motion to Dismiss for January 26, 2026, at 1:30 p.m. as well. All of these matters will be heard by the Honorable Stephen V. Wilson in Courtroom 10A on January 26, 2026, at 1:30 p.m. at the First Street U.S. Courthouse

4

located at 350 W. First Street, 10th Floor, Los Angeles, California 90012.

Given that you do not have counsel, the Judge instructed us to provide you with notice of the Initial Status Conference (a copy of the Court's 12/8/25 Order [ECF Doc. 17] is attached) and additional information regarding the "meeting requirements" whereby we have been ordered to "meet and confer prior to conference in accordance with Local Rule 26, however, counsel are not required to file any documents, such as an Early Meeting Report or Status Conference Report." *See* Order, at pp. 1:25-2:3. Specifically, pursuant to Local Rule 26 and per Rule 26(f)(1) of the Federal Rules of Civil Procedure, "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held" (which is on or before January 5, 2026) and "the parties shall discuss . . . the matters [listed in Local Rule 26-1(a)-(f)] in addition to those noted in F.R.Civ.P. 26(f)." *See* Order, at pp. 1-2; *see also* Fed. R. Civ. Proc. 26(f)(1). I have also attached copies of Local Rule 26 and a copy of FRCP 26 (without notes or annotations) for your further reference. Please let us know your approaching availability so we can set up a time to speak about these Rule 26 issues.

My schedule is pretty open after the Christmas holiday (December 29-31, 2025) if one of those dates might work with your schedule?

Thanks,

Kelly

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, December 5, 2025 2:03 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: D'Sol v. Farmers Direct Property and

Casualty Company (SAE No. 25-1418) / U.S.D.C. Case No. 2:25-cv-10938-SVW-AS (C.D. Cal.) GRSM Matter No. FSAE 1416221

Hi Ms. Canby,

Thank you for your email. As you know, my Motion to Remand is now fully filed and pending before Judge Wilson. Because subject-matter jurisdiction has been formally challenged, I believe it is appropriate to allow the Court to determine whether it has jurisdiction over this action before addressing any merits issues or further amendments to the First Amended Complaint.

I have already cooperated on the prior stipulations you requested, but at this point I prefer to wait until the jurisdictional issue is resolved before participating in any additional meet-and-confer discussions regarding Rule 12 or any substantive claims.

Once the Court rules on jurisdiction, I am happy to revisit whatever issues remain necessary to address.

Thank you,

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Dec 2, 2025, at 11:52, Kelly Canby <kcanby@grsm.com> wrote:
> Hello Ms. D'Sol:
> I'm assisting Michelle Bernard, Esq. with the defense of Farmers Direct Property and Casualty Company ("Defendant" or "Farmers") in the above-referenced case.
> This purpose of this email is to initiate the meet and confer process per USDC CD Cal. Local

6

## Kelly Canby

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Friday, December 12, 2025 10:29 AM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Jer Vang-Zamora |
| **Subject:** | RE: D'Sol v. Farmers Direct Property and Casualty Company (SAE No. 25-1418) / U.S.D.C. Case No. 2:25-cv-10938-SVW-AS  (C.D. Cal.) GRSM Matter No. FSAE 1416221 |
| **Attachments:** | ecf-19_ 2025-12-12 D'SOL DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS.pdf; ecf-19-1_ 2025-12-12 D'SOL DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS PLAINTIFF'S THIRD.pdf; ecf-19-2_ 2025-12-12 D'SOL DECLARATION OF KELLY FITZGERALD CANBY ISO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD.pdf; ecf-19-3_2025-12-12 D'SOL EXHIBITS A-B TO KELLY FITZGERALD CANBY DECL. ISO MOTION TO DISMISS THIRD CAUSE OF ACTION.pdf; ecf-19-4_12-12-12 D'SOL PROPOSED ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION.pdf; 2025-12-08 D'SOL - DOC 16 TEXT ONLY - ORDER AND SCHEDULING NTC RE [DKT 14](109728850.1).pdf; 2025-12-08 D'SOL - DOC 17 ORDER SETTING INITIAL STATUS CONF(109728848.1).pdf; Copy of Local Rule 26 (from 2025 December LRs Chap 1).pdf; FRCP Rule 26 Duty to Disclose General Provisions Governing Discovery Rule Text (WITHOUT NOTES OR ANNOTATIONS).pdf |

Good Morning Ms. D'Sol –

Attached are courtesy copies of the Motion to Dismiss and supporting documents that we filed on behalf of Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") earlier today.

I have also attached copies of additional orders recently issued by the Court whereby the initial January 20, 2026 hearing date on your Motion to Remand was reset to January 26, 2026 at 1:30 p.m.  The Court also set an Initial Status Conference for the same date and time.  Accordingly, we noticed the hearing date on Defendant's Motion to Dismiss for January 26, 2026, at 1:30 p.m. as well.  All of these matters will be heard by the Honorable Stephen V. Wilson in Courtroom 10A on January 26, 2026, at 1:30 p.m. at the First Street U.S. Courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012.

Given that you do not have counsel, the Judge instructed us to provide you with notice of the Initial Status Conference (a copy of the Court's 12/8/25 Order [ECF Doc. 17] is attached) and additional information regarding the "meeting requirements" whereby we have been ordered to "meet and confer prior to conference in accordance with Local Rule 26, however, counsel are not required to file any documents, such as an Early Meeting Report or Status Conference Report."  *See* Order, at pp. 1:25-2:3.

Specifically, pursuant to Local Rule 26 and per Rule 26(f)(1) of the Federal Rules of Civil Procedure, "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held" (which is on or before January 5, 2026) and "the parties shall discuss . . . the matters [listed in Local Rule 26-1(a)-(f)] in addition to those noted in F.R.Civ.P. 26(f)."  *See* Order, at pp. 1-2; *see also* Fed. R. Civ. Proc. 26(f)(1).  I have also attached copies of Local Rule 26 and a copy of FRCP 26 (without notes or annotations) for your further reference.  Please let us know your approaching availability so we can set up a time to speak about these Rule 26 issues.

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Tuesday, December 30, 2025 1:28 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Jer Vang-Zamora |
| **Subject:** | RE: Rule 26(f) Meet and Confer |

Understood.

What about the meet and confer communications referenced in your Motion for Protective Order (which we cannot locate) and the blank Exhibits filed in support of your Motion to Remand, can you please send us copies of those items?

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, December 30, 2025 1:25 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: Rule 26(f) Meet and Confer

Ms. Canby,

I previously responded on this issue on December 18, 2025, outlining my position regarding Rule 26 matters in light of the pending Motion to Remand and Motion for Protective Order.

That remains my position. I will, of course, comply with any further direction the Court provides regarding Rule 26 obligations.

Regards,
Luna D'Sol

Sent from my iPhone


On Dec 30, 2025, at 11:40 AM, Kelly Canby <kcanby@grsm.com> wrote:


Hello Ms. D'Sol – I'm in the office today if you are available to discuss the Rule 26 issues?

Also please let me know if you were able to locate copies of the Local Rule 7-3 meet and confer correspondence referenced in your Motion to Remand and/or if you have copies of the blank Exhibits and/or Exhibits with missing pages (see list in prior email below) that were filed in support of your Motion to Remand?

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Friday, December 26, 2025 6:11 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** RE: Rule 26(f) Meet and Confer / Jurisdictional Reservation

Hello Ms. D'Sol –

Just checking back to confirm and clarify if you are available and willing to meet and confer on December 30, 2025, regarding the Rule 26(f) issues per the Court's order of December 8, 2025?

If so, I can be available in the afternoon on December 30th.

Additionally, with regard to your Notice of Motion and sought "Protective Order To Stay Discovery And All Proceedings Pending Resolution Of Motion To Remand" (at p. 1:25-28) and your Supporting Declaration (at p.3:1-7, paragraph 8), which reference alleged meet and confer communications where you allegedly requested that the Defendant "stipulate" and/or "agree" to a "stay" and that Defendant and/or defense counsel allegedly "declined" this request, please note that we are not aware of any such communications.  Can you please forward copies of any such communications for our review (e.g., to the extent they exist but have potentially been misdelivered and/or inadvertently overlooked)?

2
30

Additionally, please note that with regarding to your Motion to Remand, it appears that several documents which you potentially intended to attach as "Exhibits In Support of Motion To Remand" (ECF Doc. 14-5) may have been inadvertently misfiled and/or mis-formatted as several of the referenced exhibits appear to be just blank pages (e.g., Exhibits 1-4, 10-11 and 13) and other exhibits appear to include only one page of a presumably larger document (e.g., the only visible page for Exhibit 5 is the "Index To Examination" page, Exhibit 7 includes only one visible page of an email which is listed as "Page 2 of 4," Exhibit 14 includes only one visible page of a letter dated March 27, 2025 which is presumably a longer communication as there is no visible signature block page, and Exhibit 15 appears to include one visible page of a presumably longer email as the top just states ". . . . decisions going forward").  Can you please send us full text copies of all of these exhibits to review?

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, December 18, 2025 7:51 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: Rule 26(f) Meet and Confer / Jurisdictional Reservation

Ms. Canby,

Thank you for your message indicating availability after the Christmas holiday. For clarity, had the meet-and-confer proceeded prior to the Court's involvement, **December 30, 2025** would have been acceptable on my end.

As you are now aware, I have filed a **Motion for Protective Order to Stay Discovery and All Proceedings Pending Resolution of the Motion to Remand**, which asks the Court to address sequencing while subject-matter jurisdiction remains unresolved.

Pending the Court's determination, I will comply with any further direction the Court provides regarding Rule 26 matters.

Regards,

**Luna D'Sol**

🔳 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Dec 12, 2025, at 11:45, Luna D'Sol <jravada@icloud.com> wrote:

Ms. Canby,

Thank you for the courtesy copies and for providing notice of the Court's order. I will meet and confer pursuant to Rule 26(f) as ordered, **subject to and without waiving** my pending Motion to Remand and all objections to subject-matter jurisdiction.

Because jurisdiction is formally contested and set for hearing on January 26, 2026, I am not prepared to discuss the merits of Defendant's Motion to Dismiss or to engage in discovery planning that presumes federal jurisdiction prior to the Court's ruling.

Please let me know your availability for a meet-and-confer, and I will coordinate accordingly.

Respectfully,

Luna D'Sol

Sent from my iPhone

On Dec 12, 2025, at 10:29 AM, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Ms. D'Sol –

Attached are courtesy copies of the Motion to Dismiss and supporting documents that we filed on behalf of Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") earlier today.

I have also attached copies of additional orders recently issued by the Court whereby the initial January 20, 2026 hearing date on your Motion to Remand was reset to January 26, 2026 at 1:30 p.m.  The Court also set an Initial Status Conference for the same date and time.  Accordingly, we noticed the hearing date on Defendant's Motion to Dismiss for January 26, 2026, at 1:30 p.m. as well.  All of these matters will be heard by the Honorable Stephen V. Wilson in Courtroom 10A on January 26, 2026, at 1:30 p.m. at the First

4

# EXHIBIT 3

## Kelly Canby

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, July 30, 2026 9:58 AM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Joni Etue |
| **Subject:** | Request for Local Rule 37-1 Conference? / RE: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY |
| **Attachments:** | 2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf |
| **Importance:** | High |

Good Morning Ms. D'Sol –

The Proof of Service attached to your Deposition Notice is the record of service.  See attached.  Please note that there is no blanket stay of discovery merely because a motion is pending.  *See e.g., Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995).  As explained further below, the Notice of Deposition was properly served by Farmers Direct and your attendance at deposition in Los Angeles can be compelled, if necessary, although I would prefer to avoid having to do so.  *See e.g., Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008).

Although I hope to be accommodating of what sounds like an incredibly extensive dental procedure if you will be unable to comfortably speak for the better part of a week, we still have a trial date that is quickly approaching and need to move forward with your deposition and discovery now.  **Please provide at least one date during the next two weeks (on or before 8/13/26) when you can be available for an in person deposition in Los Angeles and I will move my schedule around to work with yours (with Parties to make the agreed upon exchange of Initial Disclosure documents at least 3 court days prior to your deposition)?**

Please note that this Court has advised the parties regarding the handling of discovery disputes in this case as follows:

> Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge.  The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes.  See Order of December 8, 2025 [ECF Doc. 17].

Accordingly, let's also now schedule a time to conduct a meet and confer conference of counsel per Local Rule 37-1 and FRCP 37 (see below) so we can proceed with raising any unresolved issues with Magistrate Sagar per Local Rule 37-2 if needed.  **How soon can you be available for a Local Rule 37-1 Conference call as I hope to speak with you soon (and before your dental treatments begin while your mouth is still operational)?**

**Specifically, Farmers Direct requests the scheduling of a Prefiling Conference of Counsel per Local Rule 37-1 regarding anticipated Motions to Compel your Deposition and/or Motion To Compel the agreed upon exchange of Initial Disclosure documents prior thereto,** among other discovery or

1

scheduling issues, and Farmers Direct reserves the right to seek all potentially available sanctions against you (including monetary sanctions, issue sanctions, exclusion of evidence sanctions and/or potential terminating sanctions) as result of your refusal to appear at deposition which was properly noticed for Friday July 31, 2026 per the attached and/or any refusal or failure to appear for a rescheduled deposition within the next two weeks (and I will chose the date if you are unwilling to do so).  Specifically, in addition to potential monetary sanctions, when a party "fails, after being served with proper notice, to appear for that person's deposition . . .  [t]he available sanctions . . . may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" which are as follows:

> "Rule 37(b)(2)(A) provides that the Court may make an order: (i) directing that the matters embraced in the order or other designated facts be taken as established …; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) further staying proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order…." *Paige*, 248 F.R.D. at n. 3, *citing* Fed. R. Civ. Proc. 37(b)(2)(A).

A "deposition notice is all that is needed to require the attendance of parties at the depositions" and the "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place."  Your claimed travel complications are not a sufficient reason to refuse to appear at deposition. *See e.g., U.S. v. $160,066.96 from Bank of America,* 202 F.R.D. 624, 627-630 (S.D. Cal. 2001) (denying requests of Pakistani claimants to have "their depositions taken in Pakistan because otherwise they face two lengthy round trips to California in a single year" which did not meet the standard of "undue burden and expense" because this "requires more than some expense or difficulty" especially where the claimant chose to prosecute "their claim in this district" and the court also denied the alternative request to have their depositions be taken "by telephone" which would burden the opposing party through "compromised effectiveness" of the depositions).  You filed claims against Farmers Direct in Los Angeles, your deposition has been noticed to proceed in Los Angeles and therefore you will need to find "a way to get to Los Angeles" sometime in the next two weeks or risk all the potential sanctions noted above.

**Additionally, if you are in fact actually disputing the validity of service by email in this case, then we also need to meet and confer per Local Rule 37-1 and/or Local Rule 7-3 regarding additional potential motions and/or requests for sanctions** arising from your apparent violations of the Court's Order of November 25, 2025 [ECF Doc. 12] and/or violations of Local Rules 5-4.1.1 – 5-4.8.2) -- **including Farmers Direct's anticipated request to have your e-filing/ECF System privileges revoked** for breaching the terms, conditions, orders, rules and agreements under which you were granted access to that system, specifically including your express written consent to accept service by email and your prior affirmation, agreement and requirement to maintain "regular access to the technical requirements necessary" for participation in that system for compliance with the applicable Local Rules related thereto (e.g., your responsibility for maintaining an "email account on a daily basis to receive notifications" and/or an "electronic post office box" related to email service).

Please let me know of some available dates/times for a call and your preferred date for your deposition (between now and 8/13/26) before the close of business today?

Kelly Canby

2

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 9:05 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Counsel,

No, I have not been served a deposition, I don't have any records of such documents being served to me. I am unable to confirm those 3 days because of a dental procedure which will impair my speech and I don't have a way to get to Los Angeles. Last, my understanding is that the judge is reviewing the continuance of discovery which is why I a under the impression your company and I have not started anything

On Jul 29, 2026, at 20:19, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol -

If you are out of town and not available to appear in Los Angeles at your deposition on Friday, we can reset your deposition for another day next week at GRSM's Office in Los Angeles.  I'm available on **Tuesday 8/4, Wednesday 8/5 or Friday 8/7.  Please let me know which of these dates you prefer?**

Additionally, we still need copies of your Initial Disclosure documents.  We previously agreed that the parties would exchange copies of the documents identified in their Initial Disclosures and Farmers Direct thereafter had its voluminous Claim file prepared for production and has been ready to exchange these Initial Disclosure documents for months.  Please note that sanctions under Rule 37 are "self-executing" and "automatic" and evidence "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-1107 (9th Cir. 2001), citing Fed. R. Civ. Proc. 37 Advisory Committee Note (1993).  Per my prior email below, I hoped that we would be exchanging those documents today.  We need copies of your Initial Disclosure documents at least a few days prior to your deposition.  **Please let me know if you can be ready to exchange Initial Disclosure documents by this Friday 7/31 (and if not when)?**

Please note that your Deposition Notice was properly served by email to your email address:  jravada@icloud.com.

As you have previously acknowledged, you consented to electronic service via email in this Federal Court case last November as result of your prior Application for Permission for Electronic Filing [ECF Doc. 10], the Court's Order thereon [ECF Doc. 12] and your subsequent registration and use of the ECF System.  See attached.  "I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail."  [ECF Doc. 10].  **By registering to e-file you have agreed to receive electronic service of documents by e-mail.**"  *See* www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers (emphasis added).   When a "pro se party is granted court permission to register as an ECF user; such registration constitutes consent to receive electronic service."  Rutter Group Practice Guide--Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition), Section 12:84.12, citing U.S.D.C. C.D. Cal. Local Rules 5-3.2.1, 5-3.2.2; *see also generally* Fed. R. Civ. Proc. 5(b)(2)(E).  As you know, both parties have exclusively used electronic service in this case ever since.

Additionally, as result of the Court's Civil Trial Order and applicable Local Rules, **the Parties are required to complete an ADR Proceeding by Friday, August 21, 2026.**  We are checking on the availability of some potential mediators during August and should hopefully have more information next week, but please let me know if you have any ADR Preferences and/or other suggestions on this topic?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 3:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Hi Ms Canby

I did not know you were back in town yet.

I am sorry I didn't respond earlier but I am out of town visiting my 95 year old grandma. I will be back home on August 17th 2026. I don't recall seeing any requests that you are referring to, as I mentioned, I was in the hospital.  Did you serve it via mail ?

Luna

Sent from my iPhone

On Jul 27, 2026, at 6:10 PM, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol –

This email is to confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition.  Can you please confirm your intention to appear?

Additionally, my prior request to exchange Initial Disclosure documents is long overdue, can you have your documents ready for exchange by Wednesday 7/29?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com  |  grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

6

&lt;2025-11-18 D'SOL - DOC 10 PLTF APPLICATION FOR PERMISSION FOR ELECTRONIC FILING(109158610.1).pdf&gt;&lt;2025-11-25 - ECF DOC 12 - ORDER GRANTING PLTF D'SOL PERMISSION FOR ELECTRONIC FILING(157662458.1).pdf&gt;&lt;2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf&gt;

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT  4

**Kelly Canby**

---

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, February 12, 2026 7:21 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard |
| **Subject:** | Luna D'Sol v. Farmers Direct (Case No. 2:25-cv-10938-SVW-AS) - Confirmation of RULE 26 meet and confer discussion today |

Hello Ms. D'Sol –

It was wonderful to get a chance to meet you today.

This email is to summarize and confirm our meet and confer discussion of the Rule 26 topics today and below summarizes the agreements we reached as between you and Defendant Farmers Direct Property and Casualty Insurance Company only ("Farmers Direct" or "Defendant").

As we discussed, Farmers Direct disputes that non-party Farmers Insurance Exchange is or could be a proper defendant in this case related to an alleged burglary/vandalism incident that occurred at your home located at 2275 Belding Dr., Palm Springs California 92262 ("Property") on or about June 3, 2024 and subsequent claim tendered under your homeowner's insurance policy, Farmers Direct Policy No. 3872340940 effective September 28, 2023 to September 28, 2024 ("Policy") which was assigned Claim No. 7007678692-1 ("Claim") given the lack of contractual privity, this Court's ruling of January 26, 2026 [ECF Doc. 33] and applicable law.  However, I will plan to further respond to the newest version of your proposed Second Amended Complaint in a separate communication (likely by early next week).

Regarding the approaching Initial Status Conference before the Honorable Stephen V. Wilson now re-scheduled for March 2, 2026 at 1:30 p.m. (**and assuming there are no further scheduling changes by the Court**), we discussed and agreed to the following scheduling issues as between you and Farmers Direct:

**Initial Disclosures:**  The parties' Rule 26(a)(1)(A) Initial Disclosures are to be exchanged within two weeks after this conference per Rule 26(a)(1)(C) (i.e., on or before **February 26, 2026**).

**Exchange of Documents:**  The parties anticipate exchanging copies of their non-privileged documents identified per Rule 26(a)(1)(ii)-(iv) within 30 days (i.e., on or before **March 12, 2026**).  As we discussed, I anticipate the production of copies of the non-privileged portions of Farmers Direct's file for the Claim and that you will produce all non-privileged documents, including electronically stored information or other tangible things in your possession, custody or control that you intend to use to support your alleged claims against Farmers Direct and sought damages, including materials bearing on the nature and extent of any damages or injuries allegedly suffered.

**Local Rule 26-1(a) - Complex Cases:**  We agreed the case is not complex and the Manual For Complex Litigation should not be used for this case.

**Local Rule 26-1(b) - Anticipated Motions:**

- You intend to file another Motion for Leave to File a Second Amended Complaint pertaining to the newest version of the Proposed Second Amended Complaint (shared today) which now includes 7 separate alleged causes of action against Farmers Direct and again seeks to add Farmers Insurance Exchange as a defendant.
- Farmers Direct intends to oppose any such Motion for Leave if so filed (and Farmers Direct also reserves its right to potentially seek sanctions against you under FRCP 11 and/or Local Rule 83-7, per my prior email dated February 9, 2026).  Additionally, if this Court were to allow you to file an amended complaint, Farmers Direct reserves its right to respond to any potential new claims by a Motion to Dismiss under FRCP 12(b)(6) or otherwise as may be appropriate.
- Farmers Direct also anticipates filing a Motion for Summary Judgment as to all alleged claims and/or a Motion for Summary Adjudication as to certain claims or issues, including but not limited to the bad faith claim based upon the "genuine dispute" doctrine and/or the claim for punitive damages.  Farmers Direct anticipates filing any such Motions for Summary Judgment and/or Summary Adjudication within approx. 30 days after the close of all discovery (prior to October 1, 2026).

**Local Rule 26-1(c) - ADR Procedures:**  You prefer to wait until the completion of all discovery before participating in any of the potential ADR Procedures outlined in Local Rule 16-15.

**Local Rule 26-1(d) – Trial Estimate:**  You are seeking a trial by jury, which could potentially take 5-7 days.  The parties anticipate being ready for trial by the end of the year, December of 2026.

**Local Rule 26-1(e) – Additional Parties:**  You seek to add Farmers Insurance Exchange as a defendant in this case.  Farmers Direct disputes that Farmers Insurance Exchange is or could be a proper defendant in this case.  Other than Farmers Insurance Exchange potentially, there are no other parties that you seek to add as potential defendants in this case.

**Local Rule 26-1(f) - Expert Witnesses:**  You anticipate having at least two expert witnesses on topics pertaining to construction issues and claims handling issues, as does Farmers Direct.  Based upon the anticipated completion of non-expert discovery by the end of June 2026, the parties propose the following schedule for expert witness disclosures:

- Initial Expert Disclosure:  July 10, 2026
- Rebuttal Expert Disclosure:  July 30, 2026
- Expert Discovery Cutoff:  August 28, 2026

Per Judge Wilson's initial Status Conference Order dated December 8, 2025 [ECF Doc. 17] the parties are not required to file any early meeting or status conference reports.

Please let me know if any of the statements above do not accurately reflect our discussion and agreements related to Rule 26 and scheduling issues in this case.

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner



**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**

3

45

# EXHIBIT 5

45

## Kelly Canby

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Friday, May 1, 2026 8:40 AM |
| **To:** | Kelly Canby |
| **Cc:** | Michelle Bernard |
| **Subject:** | Re: Draft Joint Motion for Protective Order attached (and responses to other discovery inquiries) / D'SOL – Preliminary Response to Emails dated 4/16 and 4/22 Revised Stipulated Protective Order |
| **Attachments:** | Re Do you intend to proceed with the attached YES or NO   LR 3722 Joint Stipulation Plaintiffs Portion Provided  Response Required Within 7 Days.pdf |

Ms Canby,

I have already **I am not substantively engaging with discovery because jurisdiction is unresolved. I am including the email you did not include in your correspondence**

Plaintiff expressly maintains that this Court lacks subject-matter jurisdiction and does not waive, concede, or consent to federal jurisdiction by participating in any proceeding, communication, or procedural matter in this action. All participation is undertaken subject to and without waiver of Plaintiff's pending and continuing challenge to jurisdiction, including the request for remand pursuant to 28 U.S.C. § 1447(c).

Please resolve the Rule 11 safe harbor notice.

## Luna D'Sol

📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 30, 2026, at 22:27, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

The first 3 items listed in my email below correspond to the same 3 topics as listed in your 4/23 email also below, and item 4 thereafter further responds to some of your other recent email communications about other discovery issues.

1. PROTECTIVE ORDER:  Attached please find a copy of a draft proposed protective order that is in a format that would be acceptable to defendant Farmers Direct (and is prepared in the "Joint Motion" format as required by Magistrate Sagar and based upon the "model" protective order found on her website).  As previously mentioned, Farmers Direct will not agree to the terms and revisions to the Magistrate's "model"

protective order that you previously proposed in your emails dated 4/16/26 and 4/22/26, so if you still wish to seek a protective order with those sought terms you will need to do so on your own.  The attached draft very closely tracks the language found in the Magistrate's model protective order which is appropriate for use in an insurance coverage case where an insurer's confidential and/or proprietary business information may in certain instances be within the scope of permissible discovery, so these types of safeguards are necessary.  Please let me know if we have your authorization to affix your electronic signature to the attached draft and then our office will finalize for filing with the Magistrate (along with the companion redline)?

2.  WITNESS DISCLOSURES:  Please note that Farmers Direct has decided to stand on its Initial Disclosures as currently drafted as its witness disclosures found therein are fully compliant with the requirements of Rule 26(a).  For example, all the claims handlers witnesses identified by Farmers Direct therein are represented by defense counsel and the topics of their anticipated testimony have been provided.  *See e.g.*, *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (see also further discussion of additional relevant cases cited in my 4/23/26 email below).  Additionally, Farmers Direct is not required to identify a Rule 30(b)(6) corporate PMK witness "by name" in the Initial Disclosures as you have demanded because Rule 26(a)(1)(A)(i) is "limited to individuals and exclusive of corporate entities" so an "exclusion" must "necessarily apply to individuals who testify on behalf of corporate entities."  *See e.g., Moore v. Computer Associates Intern., Inc.*, 653 F.Supp.2d 955, 959-960 (D. Ariz. 2009).  "[M]any courts and commentators have concluded that when, as here, a party seeks to disclose a corporate representative who will testify about corporate policies, it is not necessary to identify that individual by name."*Equity Recovery Specialist LLC v. Select Portfolio Servicing Inc.*, No. CV-21-01889-PHX-DWL, 2023 WL 528675 *7 (August 16, 2023).

3.  CLAIM FILE/INITIAL DISCLOSURE DOCUMENT EXCHANGE:  With regard to the documents identified in Farmers Direct's Initial Disclosures and the voluminous Claim file we previously discussed, please note that most of the non-privileged and non-confidential portions of Farmers Direct's file for the Claim should be prepared and ready tomorrow (5/1).  Please let me know when you anticipate having your Initial Disclosure documents prepared and ready for production so we can coordinate a time for an exchange of documents?

4.  LOCAL RULE 37-2.2 JOINT STIPULATION AND OPPOSITION INSERTS TO PLAINTIFF'S SECOND MOTION TO COMPEL WILL BE SENT TO YOU NEXT WEEK:  I will plan to send you Farmers Direct's opposition inserts for your Joint Stipulation next week before I leave town on May 6, 2026 as I understand from your prior email dated 4/30/25 that "Farmers Direct is not required to provide inserts by April 30."

I'm also available next week May 4-5, if you wish to further discuss any of these discovery issues outlined above.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com  |  grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, April 23, 2026 10:40 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 RE: Revised Stipulated Protective Order

Ms. Canby,

Thank you for your April 23 correspondence. Plaintiff has reviewed your positions and notes the following:

1. Protective Order: Plaintiff will review Defendant's proposed alternative draft when circulated next week and respond accordingly. Plaintiff reserves all rights with respect to the modifications proposed in her April 16 correspondence.

2. Witness Disclosures: The individuals referenced in your email were not identified in Plaintiff's Initial Disclosures because Plaintiff does not intend to call them as witnesses. Plaintiff's case rests on Defendant's own employees, the claim file, the police report, and Farmers' own inspection report from the day following the incident. No supplementation is required for witnesses Plaintiff does not intend to use.

3. Claim File: Plaintiff notes Defendant's representation that the claim file is being prepared for production. Plaintiff expects production consistent with the commitment made at the February 12, 2026 Rule 26(f) conference.

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 23, 2026, at 08:48, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Ms. D'Sol –

# EXHIBIT  6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**                                                                July 28, 2026
**MELISSA GOMEZ vs JULIO RAVADA**                                              10:00 AM

Judge: Honorable Elaine W. Mandel          CSR: None
Judicial Assistant: P. Boyadzhyan          ERM: None
Courtroom Assistant: G. Mikayelyan         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Victor Fernandez

For Defendant(s): Julio Ravada Erroneously Sued: Luna D'Sol ViaLACourtconnect

**NATURE OF PROCEEDINGS:** Non-Jury Trial

The cause is called for trial.

This morning plaintiff counsel has emailed plaintiff's exhibits 1-4 to the defendant.

If the parties cannot appear in person, they must have their video camera enabled while appearing remotely though LACC.

The court recesses until 1:30 PM.

Defendant is to appear on LACC with her video camera enabled.

The court resumes at 1:30 PM.

The defendant does not have the video camera enabled.

Plaintiff waives opening statement.

Defendant gives an opening statement.

Non-Jury Trial is continued to 07/29/26 at 10:00 AM in Department B at Van Nuys Courthouse East.

Both parties are ordered to appear with video capabilities.

Both parties have exchanged all of their exhibits.

If the defendant is unable to appear tomorrow on LACC with the video camera enabled, the court may consider striking the defendant's answer.

Minute Order                                                          Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**                                                   July 28, 2026
**MELISSA GOMEZ vs JULIO RAVADA**                                  10:00 AM

Judge: Honorable Elaine W. Mandel          CSR: None
Judicial Assistant: P. Boyadzhyan          ERM: None
Courtroom Assistant: G. Mikayelyan         Deputy Sheriff: None

Notice is waived.

Minute Order                                                     Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**                                                    July 29, 2026
**MELISSA GOMEZ vs JULIO RAVADA**                                  10:00 AM

Judge: Honorable Elaine W. Mandel          CSR: None
Judicial Assistant: P. Boyadzhyan          ERM: None
Courtroom Assistant: G. Mikayelyan         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Victor Fernandez ViaLACourtconnect

For Defendant(s): Julio Ravada Erroneously Sued: Luna D'Sol ViaLACourtconnect

**NATURE OF PROCEEDINGS:** Non-Jury Trial

The matter is called for hearing.

All parties are appearing remotely with video cameras enabled.

Defendant waives opening.

Melissa Gomez is sworn, testifies, and undergoes cross examination.

Plaintiff exhibit 3, loan agreement, is admitted into evidence.

Plaintiff exhibit 5, rodeo realty exclusive authorisation, is admitted into evidence.

Plaintiff exhibit 4, agreement between the parties to pay, is admitted into evidence over the objection of the defendant.

Luna D'Sol is sworn and testifies pursuant to E.C. 776.

Plaintiff exhibit 2, defendant's responses to request for admissions, is admitted into evidence over the objection of the defendant.

Plaintiff rests.

Defendant testifies on her own behalf.

Defendant rests.

Defendant and plaintiff make closing arguments.

Minute Order                                                      Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**                                                                July 29, 2026
**MELISSA GOMEZ vs JULIO RAVADA**                                               10:00 AM

Judge: Honorable Elaine W. Mandel            CSR: None
Judicial Assistant: P. Boyadzhyan            ERM: None
Courtroom Assistant: G. Mikayelyan           Deputy Sheriff: None

The Court takes the Non-Jury Trial under submission.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**                                                                July 31, 2026
**MELISSA GOMEZ vs JULIO RAVADA**                                                9:49 AM

Judge: Honorable Elaine W. Mandel          CSR: None
Judicial Assistant: P. Boyadzhyan          ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 07/29/2026 for Non-Jury Trial, now rules as follows:

This matter came on for court trial on 7/29/26. Plaintiff Gomez was present and represented by counsel Fernandez. Defendant d'Sol (fka Ravada) was self-represented. Both sides waived jury. No court reporter was present. All parties and counsel appeared virtually.

Plaintiff alleges she loaned defendant $50,000 on 7/6/21 for one year at 7% interest per year (loan document, exh. 3). Plaintiff alleges she loaned defendant an additional $26,000. Plaintiff alleges defendant repaid $1,500. She seeks repayment of the loans, interest and treble damages for fraud.

Both plaintiff and defendant were sworn and testified. The following exhibits were admitted: defendant's RFA responses (exh. 2), Loan (exh. 3), Rodeo Realty listing (exh. 5).

The parties agree plaintiff loaned defendant $50,000 under a written agreement of 7/6/21 at 7% interest (exh. 3, loan; exh. 2, defendant's RFA no. 1).

Plaintiff testified and defendant admitted (see defendant's RFA no. 3) that plaintiff loaned defendant an additional $26,000.

Defendant testified he repaid $1,500 (consistent with RFA no. 4). Per the RFA's, defendant admitted receiving $50,000, plus $26,000, a total of $76,000. Defendant testified $1,500 was repaid. No testimony was elicited as to the date the $1,500 was repaid.

Plaintiff met the burden of proof as to the initial loan. Defendant owes 7% interest per annum, from 7/26/21 on the original $50,000 loan, per the written loan agreement (exh. 3).

---

Minute Order                                                              Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**                                                                     July 31, 2026
**MELISSA GOMEZ vs JULIO RAVADA**                                                    9:49 AM


Judge: Honorable Elaine W. Mandel            CSR: None
Judicial Assistant: P. Boyadzhyan            ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

---

Defendant had the burden of proving the date the $1,500 was repaid and failed to meet that burden.

As to the additional $26,000 loan, plaintiff did not meet her burden of proving the date(s) those additional funds were provided, so no interest is awarded, as plaintiff did not meet her burden of showing the date funds were provided, so the court has no basis on which to set a date from which interest would accrue. However, defendant admits plaintiff did loan the additional sum (see RFA no. 3), so that amount is awarded.

Judgment: $50,000, plus 7% per annum from 7/26/21; an additional $26,000, no interest.

Plaintiff seeks treble damages, alleging fraudulent conduct. Plaintiff did not meet her burden of proving fraudulent conduct by clear and convincing evidence, so treble damages are not awarded.

Plaintiff to prepare a judgment for the court's signature.

Clerk is to give notice.

Certificate of Service is attached.

Certificate of Mailing is attached.

---

Minute Order                                                                         Page 2 of 2