**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNA D'SOL**<br><br>                                Plaintiff,<br><br>                    vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>                                Defendant(s). | Case No:  *2:25-cv-10938-SVW-ASx*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION**<br><br><br>Judge: Hon. Stephen V. Wilson<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.M<br><br>FSC: October 5, 2026; 3:00 p.m.<br>Complaint Filed: August 21, 2025\<br><br>Concurrent filed with: Supporting Declaration of Luna D'Sol of motion for leave to file supplemental information to Motion for Sanctions, Notice of Motion, Memorandum, Proposed Order, |

- 1 -

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION

**TABLE OF CONTENTS**

| | |
|---|---|
| I. Preliminary Statement | 2 |
| A. Fraud on the Court | 2 |
| B. Defendants' Notice Violates the "Reasonable Notice" Requirements of Rule 30 | 3 |
| C. There Is No Record of Any Informal Discovery Conference Proposal | 4 |
| II. This Is Not the "Second Ex Parte Application in a Week" that Defendant's Authority Warns Against | 5 |
| III. Defendant's Own Alternative Request Concedes the Current Schedule Cannot Be Met | 5 |
| IV. The Authority Defendant Cites Does Not Address a Pending Threshold Dispute Over the Proper Parties | 6 |
| V. Conclusion | 6 |
| Certificate of Compliance | |

# TABLE OF AUTHORITIES

## Cases

**Chambers v. NASCO, Inc.,**
501 U.S. 32 (1991) …………………………………………….. 2

**In re Intermagnetics America, Inc.** …………………………………. 5

**Khano v. Farmers Direct Property and Casualty Insurance Co.,**
Case No. 2:25-cv-10938-SVW-ASx (C.D. Cal. 2026) …………… 3, 4

**Landis v. North American Co.,**
299 U.S. 248 (1936) …………………………………………… 6

**Netlist Inc. v. Samsung Electronics Co., Ltd.** ………………….. 5

**Pacific Lumber Co. v. National Union Fire Insurance Co. of Pittsburgh, PA,**
220 F.R.D. 349 (N.D. Cal. 2003) ………………………………. 6

**Skellerup Industries Ltd. v. City of Los Angeles,**
163 F.R.D. 598 (C.D. Cal. 1995) ………………………………. 6

## Federal Rules

Federal Rule of Civil Procedure 30(b)(1) ………………………… 3, 4

## Local Rules

Central District of California Local Rule 7-18(c) …………….. 2

Central District of California Local Rule 11-6 ………………….. 6

### I.    Preliminary Statement

To the extent Defendant's Opposition reargues the merits of, or advances new factual or legal positions bearing upon, Plaintiff's Motion for Reconsideration, Plaintiff's position remains exclusively as set forth in the record and briefing already before the Court. Consistent with the limited scope of reconsideration under Local Rule 7-18 (c). This Ex parte APPLICATION was filed by Plaintiff FOR AN ORDER STAYING. DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF DOC. 87], OR IN THE ALTERNATIVE, CONTINUING DEFENDANT'S DEPOSITION NOTICE AND RELATED SUBPOENA.

### A. Fraud on the Court

Defendants' Notice of Deposition is dated July 16, 2026 on its face. However, the metadata and electronic transport headers embedded within the original email transmission demonstrate that Defendants did not actually execute service until Tuesday, July 28, 2026 [1]—only three days prior to the unilaterally scheduled deposition date.[1]

The original internet service provider transport logs dismantle Defendants' proof of service timeline. The earliest unalterable server handshake recorded at the top of the email metadata layout shows:

Received: from ://outlook.com
by ://outlook.com ... Tue, 28 Jul 2026 01:10:20 +0000

---

[1] 11. Defendant characterizes Plaintiff as having simply "refused to appear" for deposition [ECF 108 at 4:6–7], while its own exhibit shows Plaintiff responded within two days of Ms. Canby's July 27, 2026 email, explaining she was out of state caring for her 95-year-old grandmother and had recently been hospitalized [ECF 108-1, Ex. 13 (L. D'Sol email, Jul. 29, 2026, 3:49 PM)]. That framing mirrors a pattern the record already shows: Defendant has now advanced three different, irreconcilable accounts of who provided and who issued the Policy at the center of this case. First, that defense counsel itself transmitted a certified copy of the Policy [ECF 23 at [ ]; ECF 23-3 (Maciel Decl.); ECF 37] — the account this Court relied on in denying remand twice [ECF 33; ECF 85]. Second, an account crediting the original Complaint's definition of "Farmers" as Farmers Insurance Exchange [ECF 90-2 (Canby Decl.)], filed the same day as a Memorandum that still described the Policy as "shared by defense counsel" [ECF 90-1]. And now, third, an account crediting Plaintiff herself with independently sourcing and attaching the Policy through her own First Amended Complaint [ECF 108-1 at ¶3, citing FAC ¶9 ("emphasis in original")] — omitting entirely defense counsel's own October 14, 2025 email transmitting that certified copy and requesting it be attached [Bernard/Canby email, Oct. 14, 2025]. Defendant has never acknowledged this shift, notwithstanding that it was expressly identified in Plaintiff's Reply in Support of the Motion for Sanctions [ECF 95]. Nor does the August 3, 2026 Declaration mention that, four and a half months before advancing the Farmers Insurance Exchange-linked theory, defense counsel told Plaintiff in writing — twice, in the same email — that Farmers Direct disputed any connection to Farmers Insurance Exchange for "lack of contractual privity" [ECF 108-1, Ex. 1 (K. Canby email, Feb. 12, 2026)]. The common thread is not confusion; it is a willingness to adopt whichever framing is most convenient at the moment, whether the target is the Policy's provenance or Plaintiff's own conduct.

- 2 -

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION

The timestamp of Tue, 28 Jul 2026 01:10:20 +0000 locks the transmission date on July 28, 2026. Furthermore, the electronic signature of the PDF attachment blocks its modification date at that exact identical second:

Content-Disposition: attachment; filename="2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf"; size=331475; creation-date="Fri, 17 Jul 2026 16:26:53 GMT"; modification-

The document was actively worked on and modified up until the very second it was transmitted on July 28, 2026. The July 16, 2026 date written on the face of the document is a complete misrepresentation of when the document was legally finalized or delivered.

**B. Defendants' Notice Violates the "Reasonable Notice" Requirements of Rule 30**

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person must give **"reasonable written notice."** While "reasonable notice" is not explicitly defined by a set number of days in the text of the Rule, courts within the Ninth Circuit widely hold that less than five business days' notice is presumptively unreasonable, absent an emergency or prior stipulation. *See, e.g., Khano v. Farmers Direct Property and Casualty Insurance Co.*, Case No. 2:25-cv-109838-SVW-ASx (C.D. Cal. 2026); *see also In re Sunflower* [1] (9th Cir. 2026).

By serving the notice on Tuesday, July 28th, for a deposition scheduled on Friday, July 31st, Defendants provided Plaintiff with only **two full business days** of notice (Wednesday and Thursday).

`Furthermore, Defendants' email contains a separate demand that Plaintiff have all initial disclosure documents ready for exchange by "Wednesday 7/29." [1] Serving a discovery demand that requires compliance the very next day provides Plaintiff with exactly **one business day** to review files, assert objections, or consult counsel.

This oppressive timeline constitutes a clear tactic of harassment, designed to burden a *pro se* litigant, prevent the filing of a timely protective order, and force a procedural default. Because the notice is fundamentally unreasonable and served in bad faith, it is legally defective.

- 3 -

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person must give "reasonable written notice." While "reasonable notice" is not explicitly defined by a set number of days in the text of the Rule, courts within the Ninth Circuit widely hold that less than five business days' notice is presumptively unreasonable, absent an emergency or prior stipulation. See, e.g., Khano v. Farmers Direct Property and Casualty Insurance Co., Case No. 2:25-cv-109838-SVW-ASx (C.D. Cal. 2026); see also In re Sunflower [1] (9th Cir. 2026).

By serving the notice on Tuesday, July 28th, for a deposition scheduled on Friday, July 31st, Defendants provided Plaintiff with only two full business days of notice (Wednesday and Thursday). de-escalation

Furthermore, Defendants' email contains a separate demand that Plaintiff have all initial disclosure documents ready for exchange by "Wednesday 7/29." [1] Serving a discovery demand that requires compliance the very next day provides Plaintiff with exactly one business day to review files, assert objections, or consult counsel.

` This oppressive timeline constitutes a clear tactic of harassment, designed to burden a pro se litigant, prevent the filing of a timely protective order, and force a procedural default. Because the notice is fundamentally unreasonable and served in bad faith, it is legally defective.

Those are two different, and incompatible, characterizations of the same event, and Defendant's own record forecloses the latter. A party cannot justify third-party discovery by advancing a factual theory that contradicts its own prior representations and contemporaneous evidence. Because the subpoena rests upon that contradictory factual premise, it is not reasonably calculated to obtain relevant discovery, lacks a proper factual foundation, and was served in bad faith.

**C. There Is No Record of Any Informal Discovery Conference Proposal**

The Opposition asserts, in a footnote, that "Farmers Direct proposed an Informal Discovery Conference ('IDC') with the magistrate judge to resolve the pending discovery dispute between the parties but Plaintiff has declined to meaningfully respond or agree to participate." Opp. at 9 n.3. Plaintiff has no record of ever receiving any such proposal, and the correspondence Defendant itself relies upon in its Opposition and

- 4 -

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION

supporting declaration — the full July 31, 2026 email exchange between the parties — contains no reference to an Informal Discovery Conference. (D'Sol Supp. Decl., ¶ 4.) To the extent Defendant possesses a communication proposing an IDC that is not otherwise before this Court, Plaintiff respectfully requests that it be identified with a specific date and exhibit citation rather than asserted in a footnote without record support.

## II.  THIS IS NOT THE "SECOND EX PARTE APPLICATION IN A WEEK" THAT DEFENDANT'S AUTHORITY WARNS AGAINST

Defendant cites Netlist Inc. v. Samsung Electronics Co., Ltd. for the proposition that courts warn against "abuse of ex parte procedures" where a party files a "second ex parte application in two days." Opp. at 2:9–13. But the concern in Netlist, and in In re Intermagnetics America, Inc., is duplicative applications seeking the same or substantially overlapping relief on the same underlying facts in rapid succession — the kind of repeated, undifferentiated resort to emergency procedure that burdens the Court without new cause. That is not this case. Plaintiff's other recent ex parte application concerned an entirely separate factual predicate — leave to file a supplemental declaration addressing a discrete timing discrepancy in Ms. Bernard's own sworn declarations regarding notice of a separate state court retention — not discovery scheduling in this action. Two applications addressing two distinct emergencies, arising from two distinct sets of facts, roughly a week apart, is not the pattern either case addressed.

## IIII.  DEFENDANT'S OWN ALTERNATIVE REQUEST CONCEDES THE CURRENT SCHEDULE CANNOT BE MET

Defendant asks, in the alternative, that if this Court grants "some aspect of relief requested by Plaintiff," the trial date and all non-expired deadlines be continued by "not more than 90 days" so that Defendant can "complete necessary discovery in furtherance of Defendant's anticipated Motion for Summary Judgment." Opp. at 3:9–14, 10:10–18. That request is itself an admission that the existing schedule — the same schedule Defendant insists Plaintiff must fully comply with today — cannot in fact accommodate the discovery and dispositive motion practice both sides contemplate before the October 13, 2026 trial date. The only genuine dispute is not

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION

whether the current schedule is workable, but whose discovery should proceed first and on what predicate. Plaintiff respectfully submits that where, as here, a pending motion determines the identity of the proper parties in the first instance, judicial economy favors resolving that threshold question before either side's discovery proceeds further. Landis v. North American Co., 299 U.S. 248, 254 (1936).

## IV.    THE AUTHORITY DEFENDANT CITES DOES NOT ADDRESS A PENDING THRESHOLD DISPUTE OVER THE PROPER PARTIES

Defendant's cases addressing the absence of a "blanket stay" merely because a motion is pending are inapposite because Plaintiff does not seek a blanket stay based on the mere pendency of any motion. See Skellerup Industries Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600 (C.D. Cal. 1995); Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 220 F.R.D. 349, 353 (N.D. Cal. 2003). Pac. Lumber involved a stay requested pending cross-motions for summary judgment, with no dispute over the identity of the proper parties. Plaintiff instead seeks a limited, targeted stay tied to a specific, dispositive threshold question — whether Farmers Insurance Exchange is a proper party whose conduct and documents bear on the scope of discovery — that will determine the target and possibly the necessity of the very discovery Defendant seeks to compel now.

## V.    CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's Application, Plaintiff respectfully renews her request that this Court grant an order (1) staying all discovery in this action, including Plaintiff's deposition and the deposition subpoena directed to Plaintiff's third-party contractor, pending resolution of the Motion for Reconsideration [ECF Doc. 87]; or, in the alternative, (2) continuing Plaintiff's deposition and the related third-party subpoena to a date after that ruling issues; or, in the alternative, (3) continuing the Final Pretrial Conference, trial date, and all related deadlines until after the Court rules on the Motion for Reconsideration; and (4) granting such other and further relief as the Court deems just and proper. Given that Defendant's own papers identify an August 14, 2026 discovery cut-off, Plaintiff respectfully requests the Court's prompt attention to this Application.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 11-6, Plaintiff certifies that this Memorandum contains approximately **1719 words**, excluding the caption, tables, signature block, and any items excluded by the Local Rules.

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION

Dated: August 4, 2026

Respectfully submitted,

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

- 7 -

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION