Luna D’Sol
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D’SOL

Plaintiff,

vs.

FARMERS INSURANCE EXCHANGE; FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 2-50, inclusive,

Defendant(s).

Case No: 2:25-cv-10938-SVW-ASx

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 88]**

Judge: Hon. Stephen V. Wilson

Date: TBD
Time: TBD
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m. Complaint Filed: August 21, 2025\
Concurrent filed with: Declaration of Luna D’Sol, Notice of Motion, Proposed Order, Proposed Supplemental Brief

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's Motion for Sanctions [ECF 88, 88-1] has been fully briefed since July 13, 2026, when Plaintiff filed her Reply [ECF 95], and remains under submission. In the three weeks since that Reply, Defendant has filed papers and taken discovery actions that go directly to the same course of conduct already before the Court on the pending Motion: Defendant's shifting, and at times irreconcilable, representations regarding the provenance and issuance of the Policy underlying this action, and the candor of Defendant's discovery conduct generally. Because this evidence arose after briefing closed, Plaintiff could not have presented it in her Reply. Plaintiff respectfully requests leave under Local Rule 7-10 to file a supplemental brief and accompanying evidence so that the Court has the complete and current record before it rules.

### II. INHERENT AUTHORITY REGARDING LITIGATION CONDUCT

Plaintiff filed her Motion for Sanctions on June 22, 2026 [ECF 88, 88-1], seeking relief under the Court's inherent authority. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991). District courts have inherent power to control their dockets." **U.S. v. W.R. Grace, 526 F.3d 499, 508–10 (9th Cir. 2008).** Defendant filed its Opposition on July 6, 2026 [ECF 92], and Plaintiff filed her Reply on July 13, 2026 [ECF 95]. The Motion has remained under submission since that date. The following relevant events have since occurred.

#### A. The August 3, 2026 Bernard Declaration Advances a Third Account of the Policy's Provenance

On August 3, 2026, Defendant filed its Opposition to Plaintiff's Ex Parte Application to Stay Discovery [ECF 108] together with the Declaration of Michelle R. Bernard [ECF 108-1]. Paragraph 3 of that declaration states: "Plaintiff alleges in her First Amended Complaint that '[o]n or about June 3, 2024, Plaintiff Luna D'Sol suffered a covered burglary loss at 2275 E. Belding Drive, Palm Springs, CA 92262, insured under Farmers Direct Homeowners Policy No. 3872340940 (Claim No. 7007678692-1) (Ex. A, pp. 1–57).' See First Amended Complaint ("FAC"), ¶ 9 (emphasis in original); see also Defendant's Request For Judicial Notice filed on January 5, 2026 ("Defendant's RJN") [ECF Doc. 23-1,

at pp. 147-148].” [ECF 108-1 at 2:25–3:4]. This attributes the Policy number, claim number, and Exhibit A itself entirely to Plaintiff’s own pleading, with no reference to defense counsel’s own October 14, 2025 transmittal of the certified Policy copy to Plaintiff, or defense counsel’s own request that it be attached to the amended complaint — the very transmittal that is the actual source of Exhibit A.

This is the third distinct account Defendant has given of who provided and who issued the Policy at issue: first, that defense counsel itself transmitted a certified copy [ECF 23, 23-3, 37], the account this Court relied upon in denying remand twice [ECF 33, 85]; second, an account crediting the original Complaint’s definition of “Farmers” as Farmers Insurance Exchange [ECF 90-2], filed the same day as a Memorandum that continued to describe the Policy as “shared by defense counsel” [ECF 90-1]; and now, third, an account crediting Plaintiff herself with independently sourcing and attaching the Policy through her own First Amended Complaint. This is squarely within the subject matter of the pending Motion for Sanctions, which concerns the completeness and consistency of Defendant’s representations about this same Policy.

B. A Newly Produced February 12, 2026 Email Contradicts the Position Defendant Advanced on June 29, 2026

Exhibit 1 to the August 3, 2026 Bernard Declaration is a February 12, 2026 email from Kelly Canby, copied to Ms. Bernard, confirming a Rule 26(f) conference. It states, in relevant part: “Farmers Direct disputes that non-party Farmers Insurance Exchange is or could be a proper defendant in this case … given the lack of contractual privity, this Court’s ruling of January 26, 2026 [ECF Doc. 33] and applicable law.” [ECF 108-1, Ex. 1, at 42]. The same email repeats the point under the Local Rule 26-1(e) heading: “Farmers Direct disputes that Farmers Insurance Exchange is or could be a proper defendant in this case.” [ECF 108-1, Ex. 1, at 43].

Plaintiff’s Reply already before the Court [ECF 95] establishes that on June 29, 2026, defense counsel’s own declaration [ECF 90-2] invoked the original Complaint’s definition of “Farmers” as Farmers Insurance Exchange — language Plaintiff’s Reply argues Defendant is bound by. The February 12, 2026 email, produced for the first time as an exhibit to the August 3, 2026 declaration, shows that four and a half months before advancing that position, Defendant told Plaintiff in writing, twice in the

same communication, the opposite: that no relationship exists between Farmers Direct and Farmers Insurance Exchange. This directly corroborates the pattern already at issue in the pending Motion and postdates Plaintiff's Reply.

C. Defendant's August 4, 2026 Discovery Conduct Bears on the Same Pattern

On August 4, 2026, Defendant served third-party deposition subpoenas on, among others, Kyle Steven Mangione. Plaintiff's own record in this case identifies "Kyle" only by first name, in connection with a separate person's attempt — after the fact and later shown to be mistaken — to identify the suspect in the June 3, 2024 loss. The surname "Mangione" does not appear anywhere in Plaintiff's prior disclosures or testimony in this action. It appears, by contrast, in a wholly separate proceeding — an Examination Under Oath taken April 10, 2026 concerning a different claim (Claim No. 5037890308-1, Policy No. 0778165476, date of loss July 16, 2025) against non-party Farmers Insurance Exchange, in which Gordon Rees Scully Mansukhani, LLP also appears as counsel of record. Thirteen days after that examination, on April 23, 2026, defense counsel's correspondence in this case first used the full name "Kyle Mangione," describing him as someone "apparently at your home during or around the time of the alleged 'vandalism' and/or 'burglary' incident that is subject of your Claim" — a characterization that does not match Plaintiff's own sworn testimony regarding his limited, after-the-fact involvement.

Plaintiff raised this and related concerns with defense counsel in a written objection sent at 2:28 p.m. on August 4, 2026, and requested confirmation by 5:00 p.m. that day. That deadline passed without a substantive response; instead, at 2:35 p.m. — seven minutes after Plaintiff's objection — defense counsel served the Mangione subpoena itself. Plaintiff proposes to place the full record of this exchange, and its timing, before the Court as further evidence of the pattern already at issue in the pending Motion for Sanctions.

## **III. LEGAL STANDARD**

Local Rule 7-10 provides that, absent prior written order of the Court, a party may not file additional memoranda after a reply has been filed. C.D. Cal. L.R. 7-10. Because Plaintiff's Motion for

Sanctions remains pending and under submission, however, this Court retains broad inherent authority to manage its docket and control the proceedings before it. United States v. W.R. Grace, 526 F.3d 499, 508–10 (9th Cir. 2008) ("District courts have inherent power to control their dockets" and possess inherent authority to manage their cases to ensure the speedy and orderly administration of justice). The Court likewise possesses inherent authority to address litigation misconduct and bad-faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

Plaintiff does not seek reconsideration of an order already entered. Rather, Plaintiff seeks leave to supplement a motion that remains undecided with evidence that did not exist when the motion was fully briefed and that bears directly on the issues already before the Court.

Although Plaintiff made a good-faith effort to resolve this matter without Court intervention by corresponding with defense counsel on August 4, 2026, full compliance with **Local Rule 7-3** was impracticable. This Motion is necessitated by new factual assertions and evidentiary positions Defendants first advanced in their August 3, 2026 Opposition to Plaintiff's Ex Parte Application, after briefing on Plaintiff's Motion for Sanctions had long since closed. Because the supplemental evidence concerns positions Defendants themselves introduced only one day before this Motion was prepared, Plaintiff promptly notified defense counsel and requested a response by the close of business. Rather than addressing Plaintiff's request sent at 2:28pm, Defendants immediately served additional third-party subpoenas at 2:35pm. Under these circumstances, further pre-filing conferences would not have been practicable. Defendants first advanced the positions at issue in their Opposition to Plaintiff's Ex Parte Application, which was litigated on an expedited basis due to the nature of the requested relief. See *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Local Rule 7-10 provides that, absent prior written order of the Court, a party may not file additional memoranda after a reply has been filed. C.D. Cal. L.R. 7-10. Because Plaintiff's Motion for Sanctions remains pending and under submission, however, this Court retains broad inherent authority to manage its docket and control the proceedings before it. United States v. W.R. Grace, 526 F.3d 499, 508–10 (9th Cir. 2008). The Court likewise possesses inherent authority to address litigation misconduct and bad-faith conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991).

Plaintiff does not seek reconsideration of an order already entered. Rather, Plaintiff seeks leave to supplement a motion that remains undecided with evidence that did not exist when the motion was fully briefed and that bears directly on the issues already before the Court.

## IV. THE REQUESTED SUPPLEMENTATION IS NARROW, TIMELY, AND WILL NOT PREJUDICE DEFENDANT

Each item of evidence described above post-dates Plaintiff's Reply and could not have been presented earlier. Plaintiff has moved promptly: the most recent event (the August 4, 2026 subpoena and correspondence) occurred the same day this Motion is being prepared. The proposed supplemental brief will not exceed [ ] pages and will not introduce claims or theories beyond those already presented in the pending Motion for Sanctions. Defendant will have a full opportunity to respond before the Court rules, and no trial or hearing date will be disturbed by the brief delay associated with this Motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a supplemental brief, not to exceed the length set by the Court, together with the accompanying evidentiary exhibits, in support of Plaintiff's pending Motion for Sanctions [ECF 88].

Respectfully submitted,

Dated: August 4, 2026

/s/ Luna D'Sol

Luna D'Sol. Plaintiff, In Pro Per