EXHIBIT 3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Central District of California

| | | |
|---|---|---|
| LUNA D'SOL | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:25-cv-10938-SVW-ASx |
| FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
PMK for Progressive Home Remodeling - 7550 Melrose Ave., Unit B, Los Angeles, CA 90046 - (323) 423-6322

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Attachment A

| Place: | Date and Time: |
|---|---|
| 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | August 4, 2026 at 10:00 a.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/17/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company , who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway,  Suite 2000, San Diego, CA   92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:25-cv-10938-SVW-ASx

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   PMK for Progressive Home Remodeling
on *(date)*   July 17, 2026   .

[x]  I served the subpoena by delivering a copy to the named individual as follows:   John Doe - Receptionist
(hispanic male, approx. 30s in age, 160 lbs, 5'8 tall, beard, brown eyes, black hair)

on *(date)*  7/20/2026 at 1:28pm  ;or

[ ]  I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   69.48   .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:   7/20/2026

*Server's signature*

Kirlian Rivas, Registered Process Server

*Printed name and title*

BFRM Legal Support Services
633 W 5th Street, 28th Floor
Los Angeles, CA 90071

*Server's address*

Additional information regarding attempted service, etc.:

Additional Documents served:KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING; DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA

# ATTACHMENT A

*Luna D'Sol v. Farmers Direct Property and Casualty Company*
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

## ATTACHMENT A

### DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262.

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

Page **1** of **5**

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.  The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI.  The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence.  The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## TOPICS OF TESTIMONY

### PMK for PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanely and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. Any inspections of the PROPERTY following the INCIDENT.

4. All work performed at the PROPERTY by Progressive Home Remodeling and/or by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6.    Any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7.    Progressive Home Remodeling's ability to timely perform repair, remodeling, replacement, mitigation and/or installation work at the PROPERTY and/or ability to obtain materials or other supplies subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") and/or related to the INCIDENT.

8.    All orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

9.    All correspondence between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

10.    All invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased

and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

11.     All subcontractor estimates obtained by Progressive Home Remodeling and/or Emuna Stanley with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

12.     All payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

13.     The steps taken by Progressive Home Remodeling to search for and locate any potential DOCUMENTS responsive to the Request for Production of Documents served herewith (specifically including Request Nos. 1-11 in Attachment B to the Subpoena), and the results of any compliance efforts.

# ATTACHMENT B

*Luna D'Sol v. Farmers Direct Property and Casualty Company*
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

## ATTACHMENT B

### DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

Page **1** of **5**

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## REQUESTS FOR PRODUCTION

### DOCUMENTS TO BE PRODUCED
### BY PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. All DOCUMENTS RELATED TO any inspections of the PROPERTY following the INCIDENT, including but not limited to any photographs and/or videos.

4. All DOCUMENTS RELATED TO any work performed at the PROPERTY by Progressive Home Remodeling and/or any by any of its employees and/or subcontractors from January 1, 2023 to the present.

5.    Progressive Home Remodeling Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6.    All DOCUMENTS RELATED TO any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7.    All DOCUMENTS evidencing any orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

8.    All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

9.    All DOCUMENTS RELATED TO any invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

10.    All DOCUMENTS RELATED TO any subcontractor estimates obtained by Progressive Home Remodeling and/or by Emuna Stanley

with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

11.     All DOCUMENTS evidencing any payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.