Luna D'Sol

Plaintiff, In Pro Per

Email Address: jravada@icloud.com

2275 E Belding Dr

Palm Springs CA 92262

Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL | |
| Plaintiff, | Case No:  2:25-cv-10938-SVW-ASx |
| vs. | |
| | **PLAINTIFF'S PROPOSED SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS** |
| FARMERS INSURANCE EXCHANGE; | |
| FARMERS DIRECT PROPERTY AND | |
| CASUALTY INSURANCE | Judge:     Hon. Stephen V. Wilson |
| COMPANY, and DOES 2-50, inclusive, | |
| Defendant(s).um. | Date:    TBD |
| | Time:    TBD |
| | Courtroom:  10A |
| | |
| | Trial Date: October 13, 2026; 9:00 a.m. |
| | FSC:       October 5, 2026; 3:00 p.m. |
| | Complaint Filed: August 21, 2025\ |
| | |
| | Concurrent filed with: Supporting Declaration of Luna D'Sol of motion for leave to file supplemental information to Motion for Sanctions, Notice of Motion, Memorandum, Proposed Order, |

- 1 -

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

## I.        INTRODUCTION

This Supplemental Brief is submitted pursuant to the Court's Order granting Plaintiff leave to supplement the record in support of Plaintiff's pending Motion for Sanctions [ECF No. 88]. The supplemental evidence arose after Plaintiff filed her Reply on July 13, 2026, and therefore could not have been presented previously. It does not introduce a new theory of sanctions. Rather, it provides additional evidence confirming the same pattern already before the Court: Defendants' repeated alteration of their factual positions regarding the identity of the issuing insurer, the provenance of the Policy, and the relationship between Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") and Farmers Insurance Exchange ("Exchange").

## II.       DEFENDANTS HAVE NOW ADVANCED A THIRD INCONSISTENT ACCOUNT OF THE POLICY'S PROVENANCE

**Defendants' August 3, 2026 Opposition to Plaintiff's Ex Parte Application materially altered their prior explanation regarding the provenance and identity of the Policy.** Specifically, Defendants abandoned the position advanced in earlier filings and instead asserted that the Policy derives from Plaintiff's First Amended Complaint while simultaneously cross-referencing ECF No. 23-1—the same Request for Judicial Notice previously challenged by Plaintiff as relying upon an incomplete and misleading version of the Policy. This latest position differs materially from Defendants' prior representations and further demonstrates the shifting factual narrative underlying the pending Motion for Sanctions.

Earlier in this litigation, Defendants represented that defense counsel transmitted Plaintiff a certified copy of the operative Policy and specifically requested that Plaintiff attach that Policy to the First Amended Complaint. Defendants relied upon that same certified copy throughout the remand proceedings, and this Court's prior orders likewise described the Policy consistent with those representations. In addition, Plaintiff's first motion to remand was also declined on a second false representation  supplied by Farmersfffffffvwre

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

After Plaintiff challenged those representations in her Motion for Sanctions, however, Defendant Kelly Canby advanced a materially different position in her June 29, 2026 declaration by relying upon Paragraph 4 of Plaintiff's Original Complaint as defining the operative Policy (ECF 90-2, ¶2). In doing so, Defendants quoted only Paragraph 4 while omitting Paragraph 3 immediately preceding it, which expressly defines "Farmers" as Farmers Insurance Exchange.

Having been confronted with that inconsistency, Defendants have now shifted again.

In the August 3, 2026 Bernard Declaration, Defendants abandon the June 29 position and instead return to their original theory, asserting that the operative Policy derives solely from Paragraph 9 of Plaintiff's First Amended Complaint, accompanied by the notation "(emphasis in original)." The declaration attributes the Policy, Policy Number, Claim Number, and attached exhibit entirely to Plaintiff's pleading while omitting any reference to Defendants' own October 14, 2025 transmittal of the certified Policy or Defendants' request that Plaintiff attach that document to the First Amended Complaint.

This represents yet another materially different explanation regarding the same Policy that lies at the center of Plaintiff's Motion for Sanctions. The chronology demonstrates a continuing pattern of shifting factual positions rather than a consistent explanation of the record.

## II.    THE NEWLY PRODUCED FEBRUARY 12, 2026 EMAIL FURTHER CONFIRMS THE SHIFTING POSITIONS

Defendants also produced, for the first time, a February 12, 2026 email in which defense counsel expressly represented:

> "Farmers Direct disputes that non-party Farmers Insurance Exchange is or could be a proper defendant…"

The same email repeats that representation a second time. Yet only months later, Defendants relied upon language defining "Farmers" as Farmers Insurance Exchange when attempting to support their own litigation position.

– 3 –

The newly produced email therefore directly corroborates Plaintiff's argument that Defendants have repeatedly altered their factual descriptions depending upon the procedural posture of the case.

### IV.    THE KYLE MANGIONE SUBPOENA FURTHER DEMONSTRATES IMPROPER INTERMINGLING OF TWO SEPARATE CLAIMS

The subpoenas served on August 4, 2026 provide additioal evidence of the same pattern.

Throughout this action concerning Farmers Direct, Plaintiff identified "Kyle" only by his first name as an individual who visited Plaintiff after the burglary and, based upon conversations with others, later identified two suspected individuals by first name. Plaintiff never identified Kyle by surname and never represented that he witnessed the burglary.

The surname "Mangione," however, appears in Plaintiff's separate Examination Under Oath involving a different insurance claim administered by Farmers Insurance Exchange under a different Policy Number and Claim Number.

Thus, the first appearance of the full name "Kyle Mangione" in this litigation originated not from Plaintiff's discovery in this action, but from materials generated during a separate Exchange claim handled by substantially the same defense counsel.

Defendants thereafter incorporated that information into this case and served a subpoena describing Mr. Mangione as someone who was "apparently at your home during or around the time of the alleged burglary."

That characterization does not reflect Plaintiff's sworn testimony in this action. Instead, it illustrates the same intermingling of Farmers Direct and Farmers Insurance Exchange records that Plaintiff has identified throughout the pending Motion for Sanctions.

### V.    CONCLUSION

The supplemental evidence does not expand Plaintiff's Motion for Sanctions beyond its original scope. Instead, it confirms that even after briefing closed, Defendants continued advancing materially inconsistent factual positions concerning the operative Policy while simultaneously relying upon

information derived from a separate Farmers Insurance Exchange matter in this Farmers Direct litigation.

The supplemental evidence therefore reinforces—not changes—the factual basis already presented in Plaintiff's Motion for Sanctions and should be considered by the Court before ruling on that Motion.

August 4, 2026

Respectfully submitted

/s/ Luna D'Sol

Luna D'Sol

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS