MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND EVIDENCE IN SUPPORT OF MOTION FOR SANCTION**

Judge: Hon. Stephen V. Wilson
**Date: August 31, 2026**
**Time: 1:30 p.m.**
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With:
Declaration of Kelly Fitzgerald Canby in Support of Defendant's Opposition to Plaintiff's Moton For Leave To File Supplemental Brief

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 6

II. PLAINTIFFS MOTION TO SUPPLEMENT HER PENDING SANCTIONS REQUEST AGAINST DEFENSE COUNSEL AND FARMERS DIRECT MUST BE DENIED ENTIRELY ..... 7

A. The Motion Should Be Denied Outright As Plaintiff Again Failed To Comply With Local Rule 7-3. ..... 7

B. Plaintiff's Motion Lacks Good Cause And Should Be Denied ..... 10

1. Plaintiff's Motion Is Based On A Purported "Newly Produced February 12, 2026 Email" That Has Been In The Court's File For Months And Merely Evidences Plaintiff's Own Failure To Adhere To Discovery Agreements ..... 12

2. Plaintiff's Nonsensical Accusations Of Discovery Misconduct By Defense Counsel's Proper Issuance Of Deposition Subpoenas To Third Party Witnesses Is Just Her Own Delay Tactic And There Is No "Good Cause" For This Motion ..... 13

III. SUA SPONTE SANCTIONS ARE WARRANTED AS PLAINTIFF'S MOST RECENT FILINGS VIOLATE COURT ORDERS AND ARE MADE IN BAD FAITH ..... 14

IV. CONCLUSION ..... 17

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Alcatel–Lucent USA, Inc. v. Dugdale Communications, Inc.*, No. CV 09–2140 PSG (JCx), 2009 WL 3346784 (C.D. Cal. Oct. 13, 2009) .......... 9

*Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111 (9th Cir. 2024) .......... 12

*CarMax Auto Superstores California LLC v. Hernandez*, 94 F.Supp.3d 1078 (C.D. Cal. 2015) .......... 9

*Cucci v. Edwards*, 510 F.Supp.2d 479 (C.D. Cal. 2007) .......... 8

*Federal Trade Commission v. Gill*, 183 F.Supp.2d 1171 (C.D. Cal. 2001) .......... 15

*Fischer v. Kelly Services Global, LLC*, Case No.: 23-CV-1197 JLS (JLB), 2023 WL 8458786 (S.D. Cal. November 6, 2023) .......... 11, 13

*Garcia v. Biter*, 195 F.Supp.3d 1131 (E.D. Cal. 2016) .......... 11

*Grove Fresh Distributors, Inc. v. John Labatt Ltd*, 888 F.Supp. 1427 (N.D. Ill. 1995) .......... 15

*Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, 801 F.Supp.2d 1023 (S.D. Cal. 2011) .......... 10

*Hi-Tek Bags, Ltd. v. Bobtron Intern., Inc.*, 144 F.R.D. 379 (C.D. Cal. 1992) .......... 15

*In re Itel Securities Litigation*, 791 F.2d 672 (9th Cir. 1986) .......... 16


Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Leong v. Potter*,
347 F.3d 1117 (9th Cir. 2003) .......... 10

*Michael Taylor Designs, Inc. v. Travelers Property Cas. Co. of America*,
761 F.Supp.2d 904 (N.D. Cal. 2011) .......... 10

*W.V. ex rel. N.V. v. Encinitas Union School Dist.*,
289 F.R.D. 308 (S.D. Cal. 2012) .......... 17

*Navellier v. Sletten*,
262 F.3d 923 (9th Cir. 2001) .......... 16

*Oneto v. Watson*,
808 F.Supp.3d 974 (9th Cir. 2025) .......... 16

*Perry v. O'Donnell*,
759 F.2d 702 (9th Cir. 1985) .......... 15

*Simpson v. Lear Astronomic Corp.*,
77 F.3d 1170 (9th Cir. 1996) .......... 17

*Singer v. Live Nation Worldwide, Inc.*,
No. SACV 11-0427 DOC (MLGx), 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) .......... 9

*Superbalife, Int'l v. Powerpay*,
No. CV 08-5099, 2008 WL 4559752 (C.D. Cal. October 7, 2008) .......... 9

*Tounget v. Valley-Wide Recreation & Park Dist.*,
Case No. EDCV 16-88 JGB (KKx), 2020 WL 8410456 (C.D. Cal. Feb. 20, 2020) .......... 11

*Townsend v. Monster Beverage Corp.*,
303 F.Supp.3d 1010 (C.D. Cal. 2018) .......... 11

*In re Toys R Us, Inc., Privacy Litig.*,
No. 00-CV-2746, 2001 WL 34517252 (N.D. Cal. Oct. 9, 2001) .......... 11

*Tri-Valley CAREs v. U.S. Dept. of Energy*,
671 F.3d 1113 (9th Cir. 2012) .......... 9

*Warren v. Guelker*,
29 F.3d 1386 (9th Cir. 1994) .......... 17


Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Court Rules**

Fed. R. Civ. P. 11(b) ..... 16
Fed. R. Civ. P. 11(c)(1)-(3) ..... 16
Fed. R. Evid. 401-403 ..... 13
Fed. R. Evid. 602 ..... 13
Fed. R. Evid. 702(b) ..... 13
Fed. R. Evid. 802 ..... 13
Fed. R. Evid. 901 ..... 13
Fed. R. Evid. 1002 ..... 13
Fed. R. Evid. 1004 ..... 13
Local Rule 1-3 ..... 7, 8
Local Rule 7-3 ..... *passim*
Local Rule 7-4 ..... 9
Local Rule 7-10 ..... 6, 10
Local Rule 11 ..... 16, 17
Local Rule 83-2.2.3 ..... 7

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") hereby opposes and responds to Pro Per Plaintiff Luna D'Sol's ("Plaintiff") filing submitted on August 6, 2026 entitled "PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 88]" and her supporting documents filed therewith [ECF Docs. ECF 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9] (collectively "Motion To Supplement Sanctions Request" or "Motion"). Plaintiff disingenuously claims that she is seeking leave to file a supplemental reply brief under Local Rule 7-10 because of purported "newly produced" evidence of misconduct of defense counsel for Farmers Direct and/or the alleged improper "candor of Defendant's discovery conduct" that allegedly arose on August 4, 2025 and/or "after briefing closed." [ECF Doc. 110-1, at pp. 2-3]. However, as further established in the Declaration of Kelly Fitzgerald Canby filed concurrently herewith ("Canby Decl."), Plaintiff's Motion is yet another misguided attempt to avoid her discovery obligations in this action through patently false claims of "new" evidence, continued litigation gamesmanship, frivolous court filings and misrepresentations of fact to the Court regarding the Farmers Direct's ongoing and appropriate discovery efforts in the face of an approaching discovery cutoff and October 13, 2026 trial date. *See* Canby Decl., ¶¶ 2-29, **Exhibits 2-6**.

As explained further below, Plaintiff failed to comply with Local Rule 7-3 prior to filing her Motion To Supplement Sanctions Requests using an entirely new caption page listing non-party "Farmers Insurance Exchange" as a purported defendant in this action in direct violation of this Court's prior Orders dated January 26, 2026 [ECF Doc. 33] and June 8, 2028 [ECF Doc. 85] whereby this Court twice rejected Plaintiff's attempt to add this insurance company as a diversity destroying

defendant and held that "Farmers Insurance Exchange is not a named defendant in this action." [ECF Doc. 33, p. 4 n. 1; *see also* ECF Doc. 85, at p. 34]. Although Plaintiff is appearing pro per without counsel, she is still bound by Local Rule 7-3 and other applicable Local and Federal Rules.[1] Accordingly, Plaintiff's Motion should be denied outright due to her failure to comply with Local Rule 7-3, especially given her established record of violating Local Rules and numerous prior frivolous court filings. *See e.g.,* Declaration of Michelle R. Bernard filed on July 6, 2026 in support of Farmers Direct's Opposition to Plaintiff's Motion to Sanctions [ECF Doc. 92-1] ("Bernard Decl."), ¶¶ 35-38; *see also* Canby Decl., ¶¶ 2-9, 14, 21-22, 25, 29.

Farmers Direct again respectfully requests this Court to consider issuing sua sponte sanctions against Plaintiff given the continued amplification of her ongoing frivolous filings which are tantamount to bad faith. Additionally, all of Plaintiff's court filings on August 6, 2026 are in direct violation of this Court's prior Orders and a finding of civil contempt is also warranted. Accordingly, Farmers Direct respectfully requests this Court to set an OSC hearing for the purpose of evaluating Plaintiff's litigation conduct and apparent contempt of Court and/or potential sanctions or other remedies that may appropriately address and curtail this inappropriate behavior by Plaintiff.

## II. PLAINTIFFS MOTION TO SUPPLEMENT HER PENDING SANCTIONS REQUEST AGAINST DEFENSE COUNSEL AND FARMERS DIRECT MUST BE DENIED ENTIRELY

### A. The Motion Should Be Denied Outright As Plaintiff Again Failed To Comply With Local Rule 7-3.

Plaintiff did not meet and confer with defense counsel for Farmers Direct

[1] *See e.g.,* Local Rule 1-3 ("[p]ersons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise"); *see also* Local Rule 83-2.2.3 ("[a]ny person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ. [and] . . . . F.R.Evid. . . . ').



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

before filing her Motion. Canby Decl., ¶ 2. "Under Local Rule 7-3, a party contemplating the filing of any motion must first meet and confer with opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution." *Cucci v. Edwards*, 510 F.Supp.2d 479, 486 (C.D. Cal. 2007). Plaintiff's supporting declaration – i.e., the "DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AND SUPPLEMENTAL EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS" [ECF Doc. 110-2] (hereinafter "D'Sol Decl.") – fails to even mention Local Rule 7-3 at all and is lacking the required certification under oath which is another reason to deny her Motion To Supplement Sanctions Request.[2] Canby Decl., ¶ 3.

This violation is especially egregious here because the primary basis of Plaintiff's Motion To Supplement Sanctions Request is purported misconduct by defense counsel for Farmers Direct yet Plaintiff did not even bother to speak with defense counsel prior to filing her Motion which is based on unwarranted and disputed accusations of wrongdoing by defense counsel and incorrect and/or false information cited by Plaintiff. Even under the most forgiving explanation of Plaintiff's behavior, her Motion is at best based on a profound misunderstanding of the true facts which could have been easily resolved by a short phone call to defense counsel if she had any sincere desire to proceed in good faith, but the record suggest she does not. Canby Decl., ¶¶ 2-10, 14, 16-19, 21-22, 25, 29, **Exhibits 2, 4**.

For example, Plaintiff's claimed justifications for noncompliance with Local Rule 7-3 are a complete farce as defense counsel made repeated requests to speak

---

[2] Specifically, Local Rule 7-3 requires the following: "If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel [as well as "pro se" parties per Local Rule 1-3] for **the moving party must include a declaration, under penalty of perjury**, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. **Failure to include such a declaration may result in the motion being denied**." Local Rule 7-3 (emphasis added).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

with Plaintiff in the days leading up to the filing of her Motion, including several times on August 5, 2026, but Plaintiff never bothered to call (nor even send any "Local Rule 7-3" correspondence at all) and instead decided to file her Motion To Supplement Sanctions Request on August 6, 2026. Canby Decl., ¶¶ 2-10, 14, 16-19, 21-22, 25, 29, **Exhibits 2, 4**. Accordingly, Farmers Direct disputes and denies Plaintiff's contention that she allegedly "made a good-faith effort to resolve this matter without Court intervention" and/or that "full compliance with **Local Rule 7-3** was impracticable." [ECF Doc. 110-1, at p. 5:10-12].

Per Local Rule 7-4, the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3." Local Rule 7-4. "When a party fails to comply with Local Rule 7-3, the court can, in its discretion, refuse to consider the motion." *CarMax Auto Superstores California LLC v. Hernandez*, 94 F.Supp.3d 1078, 1087-1088 (C.D. Cal. 2015) citing, *Singer v. Live Nation Worldwide, Inc.,* No. SACV 11–0427 DOC (MLGx), 2012 WL 123146, *2 (C.D. Cal. Jan. 13, 2012) (denying a motion for summary judgment because the moving party failed to comply with Local Rule 7-3).[3] Plaintiff's documented pattern and practice throughout the pendency of this litigation in failing to comply with Local Rule 7-3 warrants an outright denial of her Motion and issuance of sua sponte sanctions based on Plaintiff's documented record of non-compliance with this Local Rule. *See e.g.,* Bernard Decl., ¶¶ 35-38 [ECF Doc. 92-1]*; see also* Canby Decl., ¶¶ 2-10, 14, 16-22, 25-31, **Exhibits 2, 4**.

[3] *See also generally Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (denial of a motion as result of a failure to comply with Local Rules is well within a district court's discretion); *Alcatel–Lucent USA, Inc. v. Dugdale Communications, Inc.,* No. CV 09–2140 PSG (JCx), 2009 WL 3346784, *4 (C.D. Cal. Oct. 13, 2009) (motion "denied for failure to comply with Local Rule 7–3"); *Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 WL 4559752, *2 (C.D. Cal. October 7, 2008) ("absent evidence that a party attempted to meet and confer in good faith, this Court is unwilling to excuse noncompliance with the Local Rules"); *see also generally Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (denial of a motion as result of a failure to comply with local rules is well within a district court's discretion).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### B. Plaintiff's Motion Lacks Good Cause And Should Be Denied

Plaintiff disingenuously claims that in "the three weeks since" she filed her "Reply" on July 13, 2026, "Defendant has filed papers and taken discovery actions that go directly to the same course of conduct already before the Court on the pending Motion," and because "this evidence arose after briefing closed, Plaintiff could not have presented it in her Reply" and now seeks "leave under Local Rule 7-10 to file a supplemental brief and accompanying evidence so that the Court has the complete and current record before it rules." [ECF Doc. 110-1, p. 2:4-12]. Notwithstanding the absurdity of Plaintiff's contentions (which Farmers Direct disputes and denies), given that Plaintiff is the moving party on her pending Motion For Sanctions [ECF Doc. 88] – and not the "opposing party" which is Farmers Direct – Local Rule 7-10 does not support her request on its face.[4] Plaintiff already had her opportunity to respond to Farmers Direct's Opposition to her Motion For Sanctions [ECF Doc. 92] when she filed her reply on July 13, 2025 [ECF Doc. 95]; *Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003) ("district court did not abuse its discretion by enforcing the court's procedural rules" and refusing to consider a belated filed supplemental brief).[5] In this respect, Plaintiff's belated attempts to infuse the record with purported

---

[4] Specifically, Local Rule 7-10 states the following: "A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence. **Absent prior written order of the Court, <u>the opposing party</u> shall not file a response to the reply**." Local Rule 7-10.

[5] The "local rules are structured to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge" and this is a "right that should be exercised sparingly." *Michael Taylor Designs, Inc. v. Travelers Property Cas. Co. of America*, 761 F.Supp.2d 904, 909 (N.D. Cal. 2011) (decided in the context of whether a brief containing new legal authority could be submitted). Significantly, this Motion To Supplement Sanctions Request is not Plaintiff's first attempt to supplement her already voluminous Motion For Sanctions as she previously filed an ex parte application with a requested hearing date of July 27, 2026 which is still under submission of the Court. [ECF Docs. 98, 98-1, 98-2, 98-3, 98-4, 98-5, 98-6, 98-7, 98-8, 98-9, 98-10, 99, 99-1] (collectively "Plaintiff's Ex Parte Application To Supplement Sanctions Request"). The Court can also deny such a request where the party has already had ample opportunity to respond or has made multiple prior filings. *Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.,* 801 F. Supp. 2d 1023,





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

supplemental "evidence" of wrongdoing by Farmers Direct and its counsel is procedurally improper and should not be entertained by this Court.

Notably, a request to file a supplemental brief and/or sur-reply is generally viewed with "disfavor" and must be supported by "good cause," and pro se litigants should not be granted any "leniency" to deviate from the required "articulation of good cause." *Garcia v. Biter*, 195 F.Supp.3d 1131, 1133 (E.D. Cal. 2016); *Fischer v. Kelly Services Global, LLC*, Case No.: 23-CV-1197 JLS (JLB), 2023 WL 8458786, *1 (S.D. Cal. November 6, 2023) ("[g]ood cause exists where, for example, the briefing may make a 'substantive difference' in the dispute under consideration"). Significantly, "**irrelevant evidence and untimely arguments" are not "valid" reasons** to permit additional briefing. *Tounget v. Valley-Wide Recreation & Park Dist.*, Case No. EDCV 16-88 JGB (KKx), 2020 WL 8410456, at *2-*3 (C.D. Cal. Feb. 20, 2020) (granting in part and denying in part motion to file supplemental brief) (emphasis added); *In re Toys R Us, Inc., Privacy Litig.,* No. 00-CV-2746, 2001 WL 34517252, *1 n. 1 (N.D. Cal. Oct. 9, 2001) ("Plaintiffs have not shown good cause for such additional filing" so motion was denied).[6] As explained further below, Plaintiff's Motion To Supplement Sanctions Request is not only lacking the required "good cause" but is demonstrative of Plaintiff's ongoing litigation misconduct in this action.

---

1027-1028 (S.D. Cal. 2011) (motion to file supplemental brief denied where "Plaintiffs have not established good cause to warrant supplemental briefing" and had already made multiple prior filings).

[6] Additionally, the Court in its discretion may deny a request for supplemental briefing where it would delay the proceedings. *See e.g., Townsend v. Monster Beverage Corp.,* 303 F. Supp. 3d 1010, 1027-1028 (C.D. Cal. 2018) (denied plaintiffs' request to submit new evidence nothing that "the Court is unwilling to alter the scheduling order for this case and further postpone the hearing on the Motion for Class Certification as would be required to allow Defendants time to cross-examine and respond to the new evidence where such delays could have easily been prevented by Plaintiffs' earlier disclosure of the new survey evidence").

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### 1. Plaintiff's Motion Is Based On A Purported "Newly Produced February 12, 2026 Email" That Has Been In The Court's File For Months And Merely Evidences Plaintiff's Own Failure To Adhere To Discovery Agreements

Plaintiff's claimed foundational premise for her Motion To Supplement Sanction Request is an erroneous claim of alleged "Newly Produced" evidence but she is just simply wrong. [ECF Doc. 110-1, at p. 3:15]. Specifically, Plaintiff claims a "February 12, 2026 email from Kelly Canby, copied to Ms. Bernard, confirming a Rule 26(f) conference" was allegedly "**produced for the first time as an exhibit to the August 3, 2026 declaration**" (i.e., the Declaration of Michelle R. Bernard [ECF Doc. 108-1]). [ECF Doc. 110-1, pp. 3:14-18, 3:26-27 (emphasis added)]. Plaintiff should be well aware that this February 12, 2026 email (which was SENT TO Plaintiff) is obviously not "newly produced" because SHE REPLIED to it on February 13, 2026 and a copy of this very same email was already filed in this case **at least twice** well before August 3, 2026, including on March 2, 2026 [ECF Doc. 45-1, pp. 20-25] and again on March 19, 2026 [ECF Doc. 62-2, at pp. 24-27]. *See* Canby Decl., ¶¶ 10-14; *see also generally Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1132 (9th Cir. 2024) (upholding sanction award where reconsideration was sought based on alleged "new" evidence that was not truly "new" and ultimately found to be "false and misleading").

Accordingly, there is nothing "new" here about the subject email – much less nefarious –that would support a required finding of "good cause" to warrant any supplemental briefing by Plaintiff. Moreover, Plaintiff's claimed "meet and confer" email from August 4, 2026 [ECF Doc. 110-7] does not even mention this erroneously described "newly produced" February 12, 2026 email (nor Local Rule 7-3 at all) and her wrong information could have been easily resolved by a short phone call if Plaintiff had meet and conferred with defense counsel as required by Local Rule 7-3

before filing this Motion. Canby Decl., ¶¶ 10-14. In this respect, Plaintiff's failure to do so just further evidences her pattern and practice of refusing to meet and confer in good faith in furtherance of what can only be described as the serial filing – and refiling – of meritless motions seeking to challenge diversity jurisdiction in this action.

**2. Plaintiff's Nonsensical Accusations Of Discovery Misconduct By Defense Counsel's Proper Issuance Of Deposition Subpoenas To Third Party Witnesses Is Just Her Own Delay Tactic And There Is No "Good Cause" For This Motion**

Plaintiff contends that "Defendant's August 4, 2026 discovery conduct" is "further evidence of the pattern already at issue in the pending Motion For Sanctions." [ECF Doc. 110-1, p. 4:5-24]. If that is the case, then at best Plaintiff's cited new evidence (which is disputed) is admittedly redundant of the issues already before the Court and therefore should not constitute "good cause" for additional briefing on her pending Motion For Sanctions, even if her ridiculous nonsense is believed. *See e.g., Fischer,* 2023 WL 8458786, *1 (good cause may arise if it could make a "'substantive difference' in the dispute under consideration") (citations omitted). As explained further below, there is no reasonable grounds for Plaintiff's pursuit of any sanctions against defense counsel and/or Farmers Direct as result of any discovery conduct as described in her Motion (except her own) and all of her unwarranted accusations of wrongdoing, misleading statements and confusing data dumps [*see e.g.,* ECF Doc. 110-4] are an obvious delay tactic and attempt to evade her own discovery obligations in this action.[7] *See* Canby Decl., ¶¶ 15-32, **Exhibits 2-4, 6**.

[7] Farmers Direct disputes and objects to the D'Sol Decl. [ECF Doc. 110-2] and the exhibits thereto as being irrelevant, lacking personal knowledge, speculation, improper opinion testimony as Plaintiff has not established any technical qualifications, inadmissible hearsay, lacking foundation and/or Plaintiff's description of the documents cited therein also violates the best evidence rule. *See* Fed. R. Evid. 401-403, 602, 702(b), 802, 901, 1002 and/or 1004.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

The two deposition subpoenas issued by Farmers Direct which are subject of Plaintiff's current Motion were issued to Progressive Home Remodeling Inc. (*i.e.*, the contractor whose estimate is attached as an exhibit to Plaintiff's First Amended Complaint) and to "Kyle Mangione" (a person who Plaintiff identified by FIRST AND LAST NAME in a June 30, 2024 [1:19 PM] email she sent to the SIU Investigator assigned to handle this Claim on behalf of Farmers Direct and a Palm Springs Police Detective and identified him as having information "about June 3rd's robbery which you are investigating"). Canby Decl., ¶¶ 22, 24-29, **Exhibits 5-6**. Accordingly, Farmers Direct's issuance of deposition subpoenas to these witnesses is entirely proper and obviously within the permissible scope of discovery related this insurance coverage dispute arising from an alleged "burglary" incident at Plaintiff's home on June 3, 2024.[8] *See e.g.,* First Amended Complaint, ¶¶ 9-10.

## III. SUA SPONTE SANCTIONS ARE WARRANTED AS PLAINTIFF'S MOST RECENT FILINGS VIOLATE COURT ORDERS AND ARE MADE IN BAD FAITH

Relevant to this Motion, Plaintiff's litigation misconduct continues to amplify and now her most recent filings knowingly violate orders issued by this Court as they relate to the prior judicial determination that "Farmers Insurance Exchange" is not a proper party to this insurance recovery dispute. For example, on the one hand, Plaintiff is clearly aware that "Farmers Insurance Exchange" is not a party to this case as one section of her brief discussing "Kyle Mangione" describes that entity as "**non-party** Farmers Insurance Exchange" [ECF Doc. 110-1, p. 4:13 (emphasis added)], but her Notice of this Motion is directed to "TO THE COURT,

[8] Moreover, Plaintiff's entire unnecessary filing focused on coded gibberish [ECF Doc. 110-4] could have been avoided with a simple phone call to defense counsel as required by Local Rule 7-3 as the bulk of her inappropriate declaration and unqualified opinion found in her frivolous filing on August 6, 2026 essentially arise from the addition of a PDF copy of the actual executed Proof of Service (signed by the process server) into a courtesy copy of a subpoena that had already been served. Canby Decl., ¶¶ 24-29, **Exhibit 6**.

**DEFENDANTS FARMERS INSURANCE EXCHANGE**, FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY." [ECF Doc. 110, at p. 2:3-4 (emphasis added)]. This was not a typo or an accidental reference but an intentional and purposeful action designed to circumvent prior orders of this Court in her pursuit of remand as evidenced by Plaintiff's unilateral manipulation of the case caption page without leave of court on all 9 documents she filed on August 6, 2026 so the listed "parties" as now as follows: "LUNA D'SOL Plaintiff vs. FARMERS INSURANCE EXCHANGE; FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 2-50, inclusive, Defendant(s)." [ECF Docs. ECF 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9 (emphasis added)]. Plaintiff's actions are in direct violation of the prior orders of this Court and warrant the imposition of sua sponte sanctions.

"District courts have the inherent power to enforce their orders through civil contempt." *Federal Trade Commission v. Gill*, 183 F.Supp.2d 1171, 1180 (C.D. Cal. 2001). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Federal Trade Commission v. Gill*, 183 F.Supp.2d 1171, 1180 (C.D. Cal. 2001). "To support a federal civil contempt conviction, it must be proved [by clear and convincing evidence]: "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated." *See e.g., Grove Fresh Distributors, Inc. v. John Labatt Ltd*, 888 F.Supp. 1427, 1436 (N.D. Ill. 1995). "A determination of contempt requires an order of 'reasonable specificity' which has been violated." Id., at 1437. "A *prima facie* showing of civil contempt is established by clear and convincing evidence showing that a party had notice of the terms of the court's order and violated that order." *Hi-Tek Bags, Ltd. v. Bobtron Intern., Inc.*, 144 F.R.D. 379, 383 (C.D. Cal. 1992) (dismissing complaint as sanction for civil contempt for violating terms of protective order through disclosure of

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

confidential information); *see also generally Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) ("civil contempt may be established even though the failure to comply with the court order was unintentional" and civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure).

The Court issued two very clear orders that have been violated by Plaintiff here. Specifically, on January 26, 2026, the Court issued its Order denying Plaintiff's initial Motion To Remand and specifically ruled that "**Farmers Insurance Exchange is not a named defendant in this action**." [ECF Doc. 33, p. 4 n. 1 (emphasis added)]. Later on June 8, 2026 when the Court denied Plaintiff's Renewed Motion To Remand, the Court again specifically ruled that "**Plaintiff's complaint names only one defendant, Farmers Direct**, which the Court has already established is a citizen of Rhode Island." [ECF Doc. 85, at p. 34 (emphasis added)]. The evidence of Plaintiff's violations is clear and convincing as evidenced by her many court filings. [ECF Docs. ECF 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9].

Additionally, Plaintiff's outrageous litigation conduct, frivolous filings, bad faith delay tactics and unwarranted and reckless accusations of misconduct against defense counsel just continue to escalate and her violation of Local Rule 7-3 is clearly intentional. *See* Canby Decl., ¶¶ 5-31, **Exhibits 2-4, 6**. Sanctions for violation of Rule 11 may be imposed via motion or **on a court's own initiative** and there is no "safe harbor" in the Rule "when a court considers issuing sanctions sua sponte." *See e.g., Oneto v. Watson*, 808 F.Supp.3d 974 (9th Cir. 2025), citing Fed. R. Civ. P. 11(b), 11(c)(1)-(3); *see also In re Itel Securities Litigation*, 791 F.2d 672, 675 (9th Cir. 1986) ("Rule 11 specifically provides that a court may impose sanctions 'upon its own initiative" and "[s]anctions may also be awarded sua sponte under the court's inherent power"). "When a court imposes sanctions *sua sponte,* the general rule is that it must first issue an order to show cause why sanctions should not be imposed

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

to give the lawyer or party an opportunity to explain his or her conduct." *Navellier v. Sletten*, 262 F.3d 923, 943 (9th Cir. 2001).[9]

Simply stated, this entire Motion is yet another outrageous waste of judicial resources and time. Accordingly, Farmers Direct respectfully requests this Court set an OSC for purposes of issuing sua sponte sanctions against Plaintiff and further find her in civil contempt for misleading this Court by intentionally adding "Farmers Insurance Exchange" as a listed defendant in her case caption pages in violation of prior court orders.

## IV. **CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion To Supplement Sanctions Request should be denied outright. Moreover, Plaintiff's repeated prior violations of Local Rule 7-3, her blatant disregard of prior Court orders and numerous meritless court filings throughout this case is tantamount to bad faith and has resulted in substantial and unnecessary expense to Farmers Direct and/or otherwise wasteful of this Court's time and judicial resources. *See e.g.,* Bernard Decl., ¶¶ 35-38 [ECF Doc. 92-1]*; see also* Canby Decl., ¶¶ 2-10-22, 25-31 **Exhibits 2-4, 6**. Accordingly, Farmers Direct respectfully requests this Court to set an OSC hearing to address Plaintiff's behavior and issue appropriate monetary sanctions to deter further misbehavior and frivolous court filings by Plaintiff.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that*

---

[9] Rule 11 applies to unrepresented parties and district courts are not at liberty to automatically exempt pro per parties from sanctions. *Warren v. Guelker,* 29 F.3d 1386, 1389-1390 (9th Cir. 1994); *see also W.V. ex rel. N.V. v. Encinitas Union School Dist.,* 289 F.R.D. 308, 312-314, 316 (S.D. Cal. 2012) (even a pro per party "is not entitled to pursue . . . worthy goals by illegitimate means" and "imposing needless costs and burdens on Defendant" is an "unacceptable and impermissible purpose" whatever the "long-term goal or motivation"). Although "a district court can properly consider a plaintiff's *pro se* status in assessing sanctions, it cannot decline to impose any sanction where a violation has arguably occurred simply because the plaintiff is proceeding *pro se.*" *Simpson v. Lear Astronomic Corp.,* 77 F.3d 1170, 1177 (9th Cir. 1996).

*this brief contains [3280] words ("including headings, footnotes and quotations but excluding the caption, the table of contents [and] the table of authorities"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: August 10, 2026 GORDON REES SCULLY MANSUKHANI, LLP

BY Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101