MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF KELLY FITZGERALD CANBY IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND EVIDENCE IN SUPPORT OF MOTION FOR SANCTIONS**

Judge: Hon. Stephen V. Wilson
Date: August 31, 2026
Time: 1:30 p.m.
Courtroom: 10A

Filed Concurrently With:
Defendant's Opposition Brief

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Opposition to Plaintiff Luna D'Sol's ("Plaintiff" or "D'Sol") "PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS [ECF NO. 88]" [ECF Doc. 110] and her supporting documents filed therewith [ECF Docs. ECF 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9] (collectively "Motion To Supplement Sanctions Request" or "Motion "). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. As explained further below, Plaintiff's Motion To Supplement Sanctions Request fails to comply with Local Rule 7-3 and should be denied for that reason alone.

3. Plaintiff's supporting declaration – i.e., the "DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF AND SUPPLEMENTAL EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS" [ECF Doc. 110-2] (hereinafter "D'Sol Decl.") – fails to even mention Local Rule 7-3 at all and is lacking the required certification under oath which is grounds to deny her Motion To Supplement Sanctions Request. Local Rule 7-3.

4. Plaintiff claims that on "August 4, 2026, I sent Ms. Canby a written meet-and-confer communication" (*see e.g.,* D'Sol Decl., ¶ 22), and her cited email

communication (which is attached thereto as her Exhibit 5 [ECF Doc. 110-7]) makes no mention of Local Rule 7-3 at all.

5. Elsewhere in Plaintiff's supporting Memorandum of Points and Authorities [ECF Doc. 110-1] she offers various excuses for failing to comply with Local Rule 7-3 and her statements are disputed. [ECF Doc. 110-1, at p. 5:10-19 (emphasis in original)]. As further established below, Plaintiff did not make a good-faith effort to resolve this matter without Court intervention and her claim that "full compliance with **Local Rule 7-3** was impracticable" is simply untrue.

6. Although Plaintiff cites her August 4, 2026 email as her allegedly sufficient effort to meet and confer with defense counsel and to resolve this dispute without Court involvements, she never called me to discuss any of the issues subject of this Motion.

7. During this same period, I also repeatedly contacted Plaintiff and asked to speak with her several times on August 5, 2026 and confirmed my availability for, and desire to, schedule a call on August 5, 2026 to speak with her (and I also again later informed her of my continued availability and desire to speak with her thereafter). Plaintiff never contacted me and instead just filed this Motion To Supplement Sanctions Request on August 6, 2026 [11:36 AM] in clear violation of Local Rule 7-3 as further established by Plaintiff's own exhibits [ECF Docs. 110-3, 110-7].

8. Even under the most forgiving explanation of Plaintiff's behavior, her Motion To Supplement Sanctions Request is based on entirely inaccurate information and at best a profound misunderstanding of the true facts which could have been easily resolved by a short phone call to me if she really had any sincere desire to proceed in good faith.

9. Plaintiff's pattern of affirmative litigation conduct, frivolous court filings and repeated violations of Local Rules throughout this case is tantamount to

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

bad faith and has resulted in substantial and unnecessary expense to Farmers Direct and/or otherwise wasteful of the Court's time and judicial resources.

10. Plaintiff's claimed foundational premise for her Motion To Supplement Sanction Request is a claim of alleged "Newly Produced" evidence but she is just simply wrong. [ECF Doc. 110-1, at p. 3:15]. Specifically, Plaintiff claims a "February 12, 2026 email from Kelly Canby, copied to Ms. Bernard, confirming a Rule 26(f) conference" was allegedly "**produced for the first time as an exhibit to the August 3, 2026 declaration**" (i.e., the Declaration of Michelle R. Bernard [ECF Doc. 108-1]). [ECF Doc. 110-1, pp. 3:14-18, 3:26-27]. As explained further below, this information is inaccurate because I sent this email to Plaintiff on February 12, 2026 and I know she received it because and she "replied" to my message the next day on February 13, 2026.

11. Specifically, I sent this email to Plaintiff on February 12, 2026 [7:21 PM] after we concluded the Rule 26(f) Conference via "TEAMs" video conference during the late afternoon on February 12, 2026. My email was sent to confirm the agreements reached by the Parties during the Rule 26(f) Conference, including our agreement to affirmatively exchange copies of certain documents to be identified in their Initial Disclosures.[1]

---

[1] As noted in my confirming email to Plaintiff sent on February 12, 2026 [7:21 PM], the Parties agreed to the voluntary and mutual "**Exchange of Documents**" (i.e., "exchanging copies of their non-privileged documents identified per Rule 26(a)(1)(ii)-(iv)" and without needing to first propound a separate discovery request under Rule 34 as follows: "**I anticipate the production of copies of the non-privileged portions of Farmers Direct's file for the Claim** and that **you will produce all non-privileged documents, including electronically stored information or other tangible things in your possession, custody or control that you intend to use to support your alleged claims against Farmers Direct and sought damages**, including materials bearing on the nature and extent of any damages or injuries allegedly suffered." *See e.g.,* Declaration of Michelle R. Bernard filed on August 3, 2026 in Opposition to Plaintiff's Ex Parte Application ("Bernard Decl."), ¶ 12, n. 1 and Exhibit 4 thereto [ECF Doc. 108-1, at pp. 5-6, 41-44 (emphasis added)].





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

12. As noted above and clearly evident from documents already in this Court's file [*see e.g.,* ECF Doc. 45-1, at pp. 20-25], Plaintiff received my February 12, 2026 email and sent a "reply" email to defense counsel on February 13, 2026 [3:31 PM] which states, in relevant part, the following:

> Dear Ms. Canby,
>
> Thank you for your email summarizing our February 12, 2026 meet and confer discussion. **I confirm the scheduling agreements outlined in your email are accurate**, with one clarification. Regarding Local Rule 26-1(c), while I indicated a preference for completing discovery before formal ADR proceedings, this should not be construed as unwillingness to resolve this matter.[[2]]

13. My February 12, 2026 email to Plaintiff is obviously not "newly produced" if she received my email and replied to it on February 13, 2026 as noted above, but a copy of this very same email was already filed in this case **at least twice** well before August 3, 2026, including on March 2, 2026 [ECF Doc. 45-1, pp. 20-25] and again on March 19, 2026 [ECF Doc. 62-2, at pp. 24-27].[3]

---

[2] *See e.g.,* Declaration of Kelly Fitzgerald Canby filed on March 2, 2026 (in support of Farmers Direct's Opposition to Plaintiff's Second Motion For Leave To File Second Amended Complaint), at ¶¶ 6-7 and Exhibit 2 thereto [ECF Doc. 45-1, pp. 3:10-4:5, 20-25 (emphasis added)]. There is an ADR completion deadline for this case is August 21, 2026 and Plaintiff has refused to meaningfully respond to defense counsel's repeated requests related to her potential availability to participate in mediation and/or other inquiries related to her preferred method of ADR.

[3] In addition to Farmers Direct's prior filing (mentioned above) on March 2, 2026 [ECF Docs. 45-1, at pp. 20-25], a copy of my email dated February 12, 2026 (i.e., confirming the agreements reached during the Rule 26(f) Conference) was also filed on March 19, 2026 as part of Farmers Direct's Opposition [ECF Doc. 62] to Plaintiff's Motion to Compel Production of Documents and Supplemental Initial Disclosures and a Request for Sanctions ("Motion To Compel") that she previously filed against Farmers Direct. *See e.g.*, Declaration of Kelly Fitzgerald Canby filed on March 19, 2026 in Opposition to Plaintiff's Motion to Compel, at ¶¶ 11-12, 17 and Exhibit 5 thereto [ECF Doc. 62-1, at pp. 5-6, 30-31; ECF Doc. 62-2, at pp. 24-27].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

14. Plaintiff's claimed "meet and confer" email from August 4, 2026 [ECF Doc. 110-7] did not even mention this alleged "newly produced" February 12, 2026 email (nor Local Rule 7-3 at all).

15. Plaintiff wrongfully accuses me of some type of nefarious conduct merely because my office provided her with notice of a subpoena to a third party witness Kyle Mangione "**at 2:35 p.m. — seven minutes after Plaintiff's objection**" [ECF Doc. 110-1, p. 4:21-22 (emphasis added)]. However, I did not even see Plaintiff's August 4, 2026 [2:29 PM] **email demanding a response within less than 3 hours (i.e., by 5:00 p.m. on August 4, 2026)** because her email communication was not in my email inbox and instead Plaintiff's email got routed directly to my "Junk Email" folder in Outlook (i.e., "Spam" folder).[4]

16. However, I nevertheless still responded to Plaintiff by August 4, 2026 email at **5:05 p.m. on August 4, 2026** – i.e., just 5 minutes after her entirely artificial deadline set two days before she actually filed this Motion To Supplement Sanctions Request -- and a copy of my response entitled "**Response and Request for Further Local Rule 37-1 Conference?** / RE: URGENT OBJECTION: Defective Deposition Notice Case No. 2:25-cv-109838-SVW-Asx" is included as her Exhibit 1. [ECF Doc. 110-3 (emphasis added)].

17. Plaintiff has taken extraordinary efforts to confirm "the manner in which" she "received, preserved, and reviewed" my August 4, 2026 [5:05 PM] email communication (*see e.g.,* Declaration of Luna D'Sol, ¶¶ 2, 4, 7 [ECF Doc. 110-2]) which very clearly communicates my availability and desire to speak with her the following day on August 5, 2026, among other things, as follows:

[4] Attached hereto as **Exhibit 1** is a true and correct copy of an excerpt of a PDF document (page 1 only) that I obtained with the assistance of my law firm's IT Department regarding the electronic records pertaining to my receipt of Plaintiff's email with additional highlighting added in the area which confirms this message was routed to my "Spam" folder ("**X-Suspected-Spam: true**") (the additional pages of unintelligible coding information have been intentionally omitted).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

> Please see attached draft Informal Discovery Conference Form used by Magistrate Sagar and **let me know if you can be available tomorrow 8/5 to discuss** the attached form and to continue our Local Rule 37-1 Conference from last week regarding pending discovery issues? **I'm available most of the day (except 10-noon).** See also further discussion and instructions found on the Magistrate's website: Honorable Alka Sagar | Central District of California | United States District Court. The Magistrate is a better forum to hear and address any potential discovery disputes among the parties (rather than via ex parte application to the Court).
>
> ***
>
> **Please let me know if there is a good time to reach you tomorrow to further discuss** the issues above and/or to hopefully complete and thereafter submit the attached form to Magistrate Sagar. [ECF Doc. 110-2 (emphasis added)].

18. Although Plaintiff has confirmed her "personal receipt of the email" of this email above that I sent to her on August 4, 2026 [5:05 PM] (which attached a copy of the Magistrate's Informal Discovery Conference Request Form). Just over six hours later that same night on August 4, 2026 [11:58 PM], Plaintiff filed an unauthorized reply brief (in support of her second recent ex parte application) with this Court [ECF Doc. 109] and **she wrongfully accuses me of "<u>Fraud on the Court</u>"** and at the same time she also blatantly misrepresents to this Court that "**There Is No Record of Any Informal Discovery Conference Proposal.**" [ECF Doc. 109, at pp. 4:9, 6:24 (emphasis in original); *but see and compare* ECF Doc. 110-2].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

19. Although Plaintiff and I spoke briefly on the phone on July 31, 2026 (and she refused to provide any potentially available dates for her deposition within discovery cutoff or at all), I made repeated requests to speak with Plaintiff again during the following week, including via my August 4, 2026 [5:05 PM] email (discussed above) [ECF Doc. 110-2] where I informed her of my availability and desire to speak with her the following day on August 5, 2026. As I had not heard back from Plaintiff, I sent her another email on the afternoon of August 5, 2026 [3:07 PM] (and a true and correct copy with attachments is included with **Exhibit 2** hereto) which states, in relevant part, the following:

> **I remain available and willing to speak with you** to complete our second Local Rule 37-1 conference as Magistrate Sagar requires "two L.R. 37-1 conferences of counsel" prior to submission of the attached IDC Request Form (which is a more appropriate way to address discovery disputes than repeated ex parte filings). See **Exhibit 2** (emphasis added).

20. Attached hereto as **Exhibit 3** is a true and correct copy of an email received by my office and was sent from Plaintiff to defense counsel (and my Assistant Kiry Yeoun) on August 5, 2026 [3:26 PM] entitled "**Automatic Reply: Out of the Office**" and which is described therein as an "automatic response" from "Luna D'Sol" from the following email address: jravada@icloud.com. Certain aspects of this email entitled as an "Automatic Reply" communication seemed unusual and suspicious (e.g., my email sent to Plaintiff about 20 minutes earlier on August 5, 2026 [3:07 PM] did not result in any such "automatic response," nor did my email sent about 40 minutes later?).[5]

[5] Specifically, Plaintiff's "Automatic Reply" email was sent as a reply to my Assistant Kiry Yeoun's much earlier electronic service email to Plaintiff dated July 17, 2026 [9:26 AM] which "attached the electronic service copy" of "DEFENDANT

21. Attached thereto as **Exhibit 4** is a true and correct copy of my August 5, 2025 [4:07 PM] email to Plaintiff (which did not generate any alleged "automatic response" email as noted above) but I did again asked Plaintiff to contact me and informed her that "I remain available to discuss the attached IDC Request Form as well." I was also available to speak with her on August 6, 2026 as well but Plaintiff never called me. Accordingly, as result of all of my noted communications discussed above and repeated efforts to speak with Plaintiff there is no reasonable basis for Plaintiff to claim that "full compliance with Local Rule 7-3 was impracticable." [ECF Doc. 110-1, p. 5:7-9].

22. As explained further below, if Plaintiff had even attempted to comply with Local Rule 7-3 with regard to her objections to Farmers Direct's subpoena to Kyle Mangione, she may have had the opportunity to learn that more of her foundational assumptions (and/or reckless accusations) are entirely wrong – i.e., the name "Kyle Mangione" appears on documents in Farmers Direct's file for this Claim despite her assertion otherwise in this Motion (i.e., "Plaintiff's own record in this case identifies "Kyle" only by first name" and/or that the "surname "Mangione" does not appear anywhere in Plaintiff's prior disclosures or testimony in this action" [ECF Doc. 110-4, at p. 4:6-10]) – these Claim file documents are the very same documents which have been bates numbered and ready to exchange with Plaintiff for months but she has repeatedly refused to do so. Plaintiff's additional statements about "Kyle Mangione" and her prior Examinations Under Oath are also erroneous but she never

---

FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL" which set Plaintiff's deposition for July 31, 2026 at my law firm's office in Los Angeles ("Notice of Deposition"). Regardless of whether Plaintiff's "Automatic Reply" communication was truly automated or potentially hand crafted by Plaintiff (e.g., for some perceived strategic advantage in this litigation), either way the Plaintiff's August 5, 2026 [3:26 PM] email certainly contradicts her prior statement that the Notice of Deposition was allegedly not timely served and further confirms that Plaintiff did in fact receive the electronic service copy email with her Notice of Deposition as transmitted to her by Kiry Yeoun on "July 17, 2026, at 09:26" (consistent with the executed Proof of Service).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

attempted to discuss any of these issues with defense counsel prior to filing her Motion To Supplement Sanctions Request.[6]

23. Despite my repeated requests to Plaintiff to schedule a time for this agreed upon exchange of Initial Disclosure documents – including via email on April 27, 2026, April 30, 2026, May 1, 2026, June 18, 2026, June 23, 2026, July 27, 2026, July 29, 2026 which were all without result – so I then made a request to conduct a Local Rule 37-1 Conference on July 30, 2026 and I did speak with Plaintiff briefly the next day on July 31, 2026 and but she refused to provide any available dates for her sought rescheduled deposition (and essentially viewed her pending motions as grounds to boycott pending discovery). Farmers Direct's meet and confer efforts are ongoing.[7]

[6] Plaintiff's statements about her prior Examinations Under Oath are also erroneous. Plaintiff herself sent an email to SIU Investigator Andrew Herman (assisting with the investigation of this Claim on behalf of Farmers Direct) and to Detective Alexander Doherty on June 30, 2024 [1:19 PM] to "report additional information that happened related to the case" and mentioned "**Kyle Mangione**" by name in an email "**about June 3rd's robbery which you are investigating**" [FD005730 (emphasis added)] and the name "Kyle Mangione" also appears within the documents marked as Exhibit 3 to Plaintiff's Examination Under Oath taken on September 27, 2025 related to the June 3, 2024 burglary/vandalism Claim at issue in this case and Plaintiff was questioned about Exhibit 3 (i.e., which includes a copy of the Palm Springs Police Report and a collection of Plaintiff's subsequent email communications with the Officers where the name "**Kyle Mangione**" is specifically mentioned) [FD004297 (emphasis added)]. Attached hereto as **Exhibit 5** is a true and correct copy (with highlighting to selected portions added) of an excerpt of the Transcript from Plaintiff's Examination Under Oath on September 27, 2024 which is also including within Farmers Direct's Claim File as prepared for anticipated production and exchange with Plaintiff (i.e., with bates numbers added) [FD004304, FD004307-09, FD004413, FD004423, FD004472, FD004474]. The attached information establishes Plaintiff's error and further establishes the relevance of this third-party witness's knowledge and sought testimony as being squarely within the scope of permissible discovery and further demonstrates that Farmers Direct is acting in good faith with regard to its discovery efforts and subpoenas.

[7] On July 2, 2026, Farmers Direct served its first set of written discovery requests to Plaintiff (i.e., Requests for Production, Interrogatories and Requests for Admissions all Sets One). In addition to other inquiries, Farmers Direct requested copies of "All DOCUMENTS identified by YOU in YOUR Initial Disclosures served in this ACTION." Plaintiff's responses were due on August 3, 2026 and she failed to serve any responses at all and her objections are now waived. We have asked Plaintiff to schedule a Local Rule 37-1 Conference to discuss this pending discovery but she has



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

24. The August 3, 2026 email mentioned by Plaintiff (*see e.g.,* D'Sol Decl., ¶ 2) is an email I sent to her contractor regarding the rescheduling of the deposition of the PMK for Progressive Remodeling Inc. from the initially scheduled date of August 4, 2026 to a new mutually convenient date within the discovery cutoff – but since nobody responded to my multiple requests for alternative availability – the deposition was then reset for the last day of the discovery cutoff on August 14, 2026 per an amended subpoena.[8] I also copied Plaintiff on my email correspondence to the contractor as well, including the August 3, 2026 email which is subject of her Motion To Supplement Sanctions Request, among other communications.

25. Although Plaintiff has submitted 30+ pages of coded gibberish [ECF Doc. 110-4] to accuse me of some type of nefarious alteration of a documents related to the subpoena issued to her contractor Progressive Remodeling Inc., if she had made any attempt to participate in the Local Rule 7-3 meet and confer process in good faith – or perhaps even actually looked at the documents themselves [ECF Doc. 110-5, at p. 3] – she would have easily discovered I merely inserted a PDF copy of the executed Proof of Service page (as signed and completed by our process server) into the existing PDF document (to replace the incomplete and unsigned version that was still blank as of July 17, 2026 given the subsequent completion of personal service and confirmation of personal delivery of the initial Subpoena to the "Principal Address" for Progressive Home Remodeling Inc. in Hermosa Beach, California on July 20, 2026 [1:28 PM]).

26. Attached hereto as part of **Exhibit 6** is a true and correct copy of the actual email subject of Plaintiff's extensive declaration (*see e.g.,* D'Sol Decl., ¶¶ 2-

not agreed to participate in those communications and instead has just continued with repeated frivolous court filings seeking sanctions against defense counsel.

[8] Plaintiff was also timely served with notice of everything (e.g., the initial Notice of Deposition and Subpoena on July 17, 2026, the Amended Notice of Deposition and Amended Subpoena as well copies of my covering personal service cover letter to the contractor).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

3, 5-21) as she did not even bother to attached a copy that communication (despite her extensive but unqualified technical examination) and instead opted to use 38 pages of confusing computer codes [ECF Doc. 110-4] to make unwarranted accusations of wrongdoing against me.[9] There is no reasonable or legitimate reason for Plaintiff's hullabaloo and frivolous court filing on August 6, 2026 (much less any reason for sanctions against defense counsel related to this subpoena or otherwise).

27. Plaintiff states that on "August 4, 2026, I sent Ms. Canby a written meet-and-confer communication statins that I had not received Defendant's deposition notice until July 28, 2026, although the notice itself was dated July 16, 2026. I requested that Defendant withdraw the notice and confer regarding a mutually agreeable deposition date" and then she cites to her Exhibit 5. *See* D'Sol Decl., ¶ 22 [ECF Doc. 110-2, pp. 3-4]. Additionally, Plaintiffs email further states the following:

> Please confirm by 5:00 PM today, August 4, 2026, that you will withdraw this defective notice and meet and confer regarding a mutually agreeable date. If you fail to do so, I will bring this electronic server footprint directly to the attention of Judge Wilson. [ECF Doc. 110-7].

28. As noted above, the deposition of the PMK of Progressive Remodeling Inc. **was rescheduled for August 14, 2026** (after repeated requests for preferred alternative dates went unanswered) and Plaintiff was served with an Amended Notice

[9] Additionally, **Exhibit 6** also includes copies of selected excerpts of certain related documents, including an excerpt of the attached copy of the Subpoena subject of Plaintiff's unqualified opinions (with the Attachments A-B thereto intentionally omitted), the Proofs of Service establishing timely notice to Plaintiff on the Subpoena on July 17, 2026 and the Amended Subpoena on August 4, 2026, and an excerpt of the Amended Notice sent to Plaintiff with an excerpt of the attached Amended Subpoena where I again inserted the executed Proof of Service confirming personal service and timely delivery of the Amended Subpoena to Progressive Home Remodeling Inc. on August 4, 2026 but this time I left the earlier blank page in place rather than replace it (as shown on the last two page of this exhibit as a source of comparison to what was properly done to the courtesy copy of the initial Subpoena attached to my email of August 3, 2026).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

of Deposition and a copy of the Amended Subpoena on August 4, 2026 PRIOR TO HER ARTIFICIAL 5:00 PM DEADLINE and a copy of the associated Proof of Service is included within **Exhibit 6**. I have also again reviewed the covering email transmission sent by my Assistant Kiry Yeoun to Plaintiff (jravada@icloud.com) and confirmed that the email and **electronic service of the Amended Notice of Deposition was sent Plaintiff on Tuesday, August 4, 2026 [1:24 PM]** yet Plaintiff still persisted with filing her Motion on August 6, 2026 without ever speaking to me.

29. Again for all the reasons discussed above and in the attached, I dispute Plaintiff's contention that she allegedly "made a good-faith effort to resolve this matter without Court intervention" and/or that "full compliance with **Local Rule 7-3** was impracticable." [ECF Doc. 110-1, at p. 5:10-12].

30. The Motion is just another example of Plaintiff's pattern and practice of filing frivolous motions and requesting relief where there is no good faith basis – either factually or legally – and another long line of failures to comply with Local Rule 7-3. Accordingly, on behalf of Farmers Direct, I respectfully request this Court to use its inherent powers, its authority under Rule 11(c)(3) and/or the procedures of Local Rules 11-9 and/or 83-7 to issue sua sponte sanctions against Plaintiff (and/or also consider civil contempt as result of her violation of this Court's Orders dated July 8, 2026 [ECF Doc. 85] and January 26, 2026 [ECF Doc. 33] given her amendments to the case caption page without leave of Court) and set an OSC for this purpose so Plaintiff's behavior can be addressed. I fear that Plaintiff will not be deterred from further frivolous filings, continued abuse of the judicial process and pattern of bad faith conduct absent action by this Court.

31. Upon request and subject to an *in camera* review, we will provide the Court with documentation in support of Farmers Direct's sanction request which evidences the reasonable and necessary attorneys' fees and costs incurred to oppose

Plaintiff's procedurally non-compliant and frivolous court filings in the Federal Court Action, including this most recent Motion To Supplement Sanctions Request.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 10th day of August, 2026 at Carlsbad, California.

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

```
Received: from SA1PR20MB5574.namprd20.prod.outlook.com (2603:10b6:806:2b3::11)
 by DS2PR20MB7657.namprd20.prod.outlook.com with HTTPS; Tue, 4 Aug 2026
 21:29:34 +0000
Received: from PH8PR22CA0023.namprd22.prod.outlook.com (2603:10b6:510:2d1::21)
 by SA1PR20MB5574.namprd20.prod.outlook.com (2603:10b6:806:2b3::11) with
 Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.21.270.17; Tue, 4 Aug
 2026 21:29:27 +0000
Received: from CY4PEPF0000FCBF.namprd03.prod.outlook.com
 (2603:10b6:510:2d1:cafe::4a) by PH8PR22CA0023.outlook.office365.com
 (2603:10b6:510:2d1::21) with Microsoft SMTP Server (version=TLS1_3,
 cipher=TLS_AES_256_GCM_SHA384) id 15.21.292.16 via Frontend Transport; Tue, 4
 Aug 2026 21:29:27 +0000
Authentication-Results: spf=pass (sender IP is 57.103.77.40)
 smtp.mailfrom=icloud.com; dkim=pass (signature was verified)
 header.d=icloud.com;dmarc=pass action=none
 header.from=icloud.com;compauth=pass reason=100
Received-SPF: Pass (protection.outlook.com: domain of icloud.com designates
 57.103.77.40 as permitted sender) receiver=protection.outlook.com;
 client-ip=57.103.77.40; helo=outbound.ci.icloud.com; pr=C
Received: from outbound.ci.icloud.com (57.103.77.40) by
 CY4PEPF0000FCBF.mail.protection.outlook.com (10.167.242.101) with Microsoft
 SMTP Server (version=TLS1_3, cipher=TLS_AES_256_GCM_SHA384) id 15.21.292.8
 via Frontend Transport; Tue, 4 Aug 2026 21:29:27 +0000
Received: from outbound.st.icloud.com (unknown [10.168.160.109])
        by p00-icloudmta-junk-forwarder-us-central-1k-2 (Postfix) with ESMTPS id
4A87818000A5;
        Tue, 04 Aug 2026 21:29:26 +0000 (UTC)
Received: from outbound.st.icloud.com (unknown [127.0.0.2])
        by p00-icloudmta-asmtp-us-east-1a-60-percent-4 (Postfix) with ESMTPS id
73CA818000B7;
        Tue, 04 Aug 2026 21:29:25 +0000 (UTC)
X-ICL-RepId: 019fceae-6cbf-7bf3-a16d-58234c405a65
X-Suspected-Spam: true
X-ICL-Out-Info:
HUtFB0MEWwJACUgHTUQeDxhcEV4JVgdeUEoRQ1AGXAZeC0wHQwZbB14ISQRNUg8PGksZRQxTCnIZWhRcGFNF
UR9UWFUJCgJRHFYNV0NUBF9QSxsOXxcDVxxWRVwYQwldBVccHR5DRVsTVRdGCRkIXR0ZCEcfCjADQg5WA0MH
RQAtGRxXUF4IXh9MHB0OWAYSHVAcDlFyKQoxD0gKXBouBTZ6VQcocikfSAxJAEAHWgJGAU13LAJYcUl5EVAB
WB5WXloXXlMXH0sAXEVaDlsERxQ=
Dkim-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=icloud.com; s=1a1hai;
t=1785878966; x=1788470966; bh=BMyIYQt6vBJ4XYBe53ZQ2fRm7jtLwzi1G/oC/Aviw7Q=;
h=From:Content-Type:Mime-Version:Subject:Message-Id:Date:To:x-icloud-hme;
b=zHtVjZSuB0ewTZHLWP7pu05GJB0YVZxYRcj5j0OciSu/rPpB7p3OYftVLbVlgrZEs5tjFDLsPNzgwdTxcp
/OAodfqiaz9KqklVRvfxtx4colAuU+NaVHt8Nhh9zZU2cfXPl/5PN+mtjPCjdF8ppJ3Xyr6bRoyOwn2XEzL7
g685kJS5JUwU6bioJzc0DH8UOb2VUhi3VcWk9e61WMi06i8X33UHE8ERwXtHq473rtuqy+QSKuzw7IYpNxAZ
E2w39kzKwPUGhDWFpJOjV0fKmBYBZOaXY5a52NhBSowyGubWYUc7rBuuu7Uvp65byLXf3SXFzag0OnF7EUqQ
/a6rlU0Q==
Received: from smtpclient.apple (unknown [17.42.251.67])
        by p00-icloudmta-asmtp-us-east-1a-60-percent-4 (Postfix) with ESMTPSA id
CDF411800414;
```

# EXHIBIT 2

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, August 5, 2026 3:07 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | Follow up on Farmers Direct's Request for Further Local Rule 37-1 Conference? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY |
| **Attachments:** | 2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf; fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf |
| **Importance:** | High |

Ms. D'Sol –

Following up on my initial Request for a Rule 37-1 Conference last week and our subsequent telephone discussion with you on July 31, 2025 (i.e., when you REFUSED to provide ANY alternative dates for your deposition prior to August 14, 2026), I sent you a request to schedule a "Further Local Rule 37-1 Conference" along with a copy of Magistrate Sagar's "REQUEST FOR INFORMAL DISCOVERY CONFERENCE" Form (hereinafter "IDC Request Form") and asked to schedule a time **to speak with you today** to further discuss various discovery issues (including your deposition) and "to hopefully complete and thereafter submit the attached form to Magistrate Sagar." A copy of the IDC Request Form is again attached. I remain available and willing to speak with you to complete our second Local Rule 37-1 conference as Magistrate Sagar requires "two L.R. 37-1 conferences of counsel" prior to submission of the attached IDC Request Form (which is a more appropriate way to address discovery disputes than repeated ex parte filings).

However, rather than simply providing us with any dates for your deposition and/or responding to my email noted above which attaches a copy of the Magistrate's IDC Request Form, you instead decided to file at 11:58 PM last night a "REPLY" in support of your Ex Parte Application [ECF Doc. 109] which claims: "**There Is No Record of Any Informal Discovery Conference Proposal.**" [ECF Doc. 109, p. 6:24]. Moreover, in that same "REPLY" you accuse me of purported "Fraud on the Court" based on clearly misleading use of alleged "email metadata" and I request that your statements be withdrawn.

Please see below which is a copy of the covering email for the electronic service of Farmers Direct's Notice of Deposition that was sent to you by my assistant Kiry Yeoun at on July 17, 2026 [9:27 AM]. As further documented in the Proof of Service (dated and signed by Kiry Yeoun on July 17, 2026) which is attached to the back of the "DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL" (hereinafter "Notice") (copy attached) **you were electronically served with the Notice on July 17, 2026, which is 14 days prior to the July 31, 2026 date set for your deposition**.

On July 27, 2026 [6:10 PM], I forwarded to you by email a copy of Kiry's initial email (with the original Notice attached) and added an additional note to the subject line as follows: "**Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)?** FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE

COMPANY." Specifically, in that email I asked you to "confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition." *See* attached. I merely "forwarded" another copy of the very same Notice that was initially served on July 17, 2026 and asked you to "please confirm your intention to appear?"

You responded by email on July 29, 2026 [3:49 PM] claiming unavailability on July 31, 2026. I then replied and proposed alternative dates during the following week. You responded again on July 29, 2026 [9:05 PM] denying that you were ever served and among other excuses as to why you were allegedly unavailable for appear for deposition during the week of August 3rd. The attached Notice was properly and timely served on July 17, 2026 and we did not proceed on July 31, 2026 as an accommodation to you given your claimed inability to appear on that date, **but without waiver of Farmers Direct's right to compel your attendance and/or seek any and all sanctions related to your refusal to appear and participate in your deposition**.

Thereafter, both Michelle Bernard and I have both repeatedly asked you to provide **ANY DATE prior to the August 14, 2026 discovery cutoff** when you will make yourself available for deposition in Los Angeles, but you have refused to do so. The deposition of your contractor Progressive Home Remodeling Inc. has now been rescheduled for August 14, 2026, per the Amended Subpoena and Notice you were served with yesterday. **Accordingly, please let us know by close of business tomorrow (8/6) which of the following dates you can appear in Los Angeles for deposition (August 10, 11, 12 or 13)?**

**Additionally, please also confirm if you are willing to exchange Initial Disclosure documents on Friday 8/7?**

I remain available to discuss the attached IDC Request Form as well.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**<br><br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A<br><br>Trial Date: October 13, 2026<br><br>Date: July 31, 2026<br>Time: 9:00 a.m.<br>Location: 633 West Fifth Street, 52nd Floor Los Angeles, California<br><br>Complaint Filed: August 21, 2025 |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will take the videotaped deposition of Pro Per Plaintiff Luna D'Sol on July 31, 2026 at 9:00

a.m. at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and will be recorded by videotape and/or by audio or video recording. The deposition will continue day to day thereafter until completed, weekends and holidays excepted.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Dated: July 16, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br><br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 17, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 17, 2026.

*Kiry Yeoun*
___________________________
Kiry Yeoun

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

# EXHIBIT 3

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 5, 2026 3:26 PM
**To:** Kiry Yeoun
**Cc:** Kelly Canby; Michelle Bernard
**Subject:** Automatic Reply: Out of Office

Thank you for your email.

I am currently out of the office and will be unavailable until August 20, 2026. During this time, I will not be reviewing or responding to email.

Nothing in this automatic response should be construed as an acknowledgment, agreement, waiver, consent, acceptance of service, stipulation, or concession regarding any factual assertion, legal position, or procedural matter referenced in your email or any attachment.

Any response, if appropriate, will be provided after my return.

Luna D'Sol

On Jul 17, 2026, at 09:26, Kiry Yeoun <kyeoun@grsm.com> wrote:

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

# EXHIBIT 4

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Wednesday, August 5, 2026 4:07 PM
**To:** Luna D'Sol
**Cc:** Michelle Bernard; Kiry Yeoun
**Subject:** Follow up on Farmers Direct's Request for Further Local Rule 37-1 Conference? FW: Response and Request for Further Local Rule 37-1 Conference? / RE: URGENT OBJECTION: Defective Deposition Notice – Case No. 2:25-cv-109838-SVW-ASx
**Attachments:** fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf; Follow up on Farmers Direct's Request for Further Local Rule 37-1 Conference? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Hello Ms. D'Sol –

FYI – I sent you a separate email earlier today at 3:07 PM (copy attached) as I had not heard back from you regarding my prior request to speak with you today regarding Farmers Direct's request to conduct a further Local Rule 37-1 Conference so that we can hopefully complete and file Magistrate Sagar's "REQUEST FOR INFORMAL DISCOVERY CONFERENCE" Form (copy attached).

Please refer to the attached, as the deposition of your contractor Progressive Home Remodeling Inc. has now been rescheduled for August 14, 2026, per the Amended Subpoena and Notice you were served with yesterday. **Please also let us know by close of business tomorrow (8/6) which of the following dates you can appear in Los Angeles for deposition (August 10, 11, 12 or 13)?** Additionally, please also confirm if you are willing to exchange Initial Disclosure documents on Friday 8/7?

I remain available to discuss the attached IDC Request Form as well.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Tuesday, August 4, 2026 5:05 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Response and Request for Further Local Rule 37-1 Conference? / RE: URGENT OBJECTION: Defective Deposition Notice – Case No. 2:25-cv-109838-SVW-ASx

Hello Ms. D'Sol –

Please see attached draft Informal Discovery Conference Form used by Magistrate Sagar and **let me know if you can be available tomorrow 8/5** to discuss the attached form and to continue our Local Rule 37-1 Conference from last week regarding pending discovery issues? I'm available most of the day (except 10-noon).

See also further discussion and instructions found on the Magistrate's website: Honorable Alka Sagar | Central District of California | United States District Court. The Magistrate is a better forum to hear and address any potential discovery disputes among the parties (rather than via ex parte application to the Court). For the purpose of meet and conferring in good faith but still allowing for compliance with existing deadlines, on behalf of Farmers Direct I propose the following:

1. **Plaintiff's Deposition:** Your deposition was properly noticed and served on July 17, 2026 (and I signed the Notice of Deposition the day prior on July 16, 2026) and your deposition noticed for July 31, 2026 at GRSM's Office in Los Angeles. Although we dispute your contention that you had inadequate notice as an accommodation to you given your claimed inability to appear on July 31, 2026 we did not proceed on that date and have repeatedly asked you to provide ANY DATE WITHIN THE DISCOVERY CUTOFF when you could be available (including during our phone call on July 31) but you refused to provide any dates. **By the close of business tomorrow please provide us with ONE DATE NEXT WEEK when you can appear for deposition at our office in Los Angeles for deposition** (and I will do my best to rearrange my schedule to accommodate yours). Farmers Direct reserves all rights to seek any and all available sanctions for your refusal to appear for deposition on July 31, 2026.

2. **Contractor Depositions:** If you are in touch with your contractor from Progressive Home Remodeling Inc. and/or Michael Reyes from King Power Electrical (and as a potential alternative to an in person deposition at GRSM's Office in Los Angeles on 8/4/26 as currently noticed), Farmers Direct is willing to conduct those depositions remotely on any mutually convenient date on or prior to 8/14/26 – please just let me know if you and/or your contractors are amenable and provide a few potentially available dates and time for the remote deposition? Alternatively, we have re-noticed those depositions to proceed on August 14, 2026 at our office in Los Angeles.

3. **Exchange of Initial Disclosure Documents:** We should work cooperatively in discovery and promptly schedule a date for the parties to make the previously agreed exchange of copies of their Initial Disclosure documents. Please confirm that you will be ready to exchange documents by the end of the week 8/7?

4. **Written Discovery Responses:** On July 2, 2026, Defendant propounded written discovery (RFPs, Rogs, RFAs) to Plaintiff which were electronically served via email and TitanFile sharelink email to your email address: jravada@icloud.com on July 2, 2026 (i.e., the same email address which is used and registered as part of the terms and conditions applicable to your participation in the CM/ECF System for this case). Electronic service is valid and proper given your decision to participate in the electronic filing system for this case and pursuant to your proposal thereafter that the parties should use electronic service for efficiency. *See* Plaintiff's Application [ECF Doc. 10] and Court's Order Thereon [ECF Doc. 12]. Plaintiff's verified written discovery responses were due on 8/3/26 and all objections are now waived, please confirm that you will provide verified written responses without objection by the end of the week?

5. Expert Discovery: Farmers Direct timely served its Expert Witness Disclosures and expert reports on July 15, 2026. You failed to timely disclosure or designate any experts and have now waived your right to do so as part of your affirmative case.

Please let me know if there is a good time to reach you tomorrow to further discuss the issues above and/or to hopefully complete and thereafter submit the attached form to Magistrate Sagar.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, August 4, 2026 2:29 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** URGENT OBJECTION: Defective Deposition Notice – Case No. 2:25-cv-109838-SVW-ASx

Dear Ms. Canby,

I am writing to formally object to the Notice of Deposition unilaterally scheduled by your office for Friday, July 31, 2026.

Your document is back-dated to July 16, 2026 on its face. However, the internet service provider transport logs and file metadata prove that your office did not transmit this email to my inbox until Tuesday, July 28, 2026.

Providing less than three full business days' notice for a deposition violates the "reasonable notice" mandate of Federal Rule of Civil Procedure 30(b)(1). Furthermore, demanding document production by Wednesday, July 29th—giving me only a single business day to comply—is heavily oppressive and non-compliant with federal discovery timelines.

Please confirm by 5:00 PM today, August 4, 2026, that you will withdraw this defective notice and meet and confer regarding a mutually agreeable date. If you fail to do so, I will bring this electronic server footprint directly to the attention of Judge Wilson.

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 5

EXAMINATION UNDER OATH

EXAMINATION UNDER OATH OF JULIO RAVADA

Claim No. 7007678692-1

EXAMINATION UNDER OATH OF JULIO RAVADA

APPEARING REMOTELY FROM RIVERSIDE COUNTY, CALIFORNIA

TAKEN ON BEHALF OF

FARMERS DIRECT PROPERTY AND CASUALTY INS. CO.

SEPTEMBER 27, 2024

9:59 A.M.

REPORTED BY: RENÉE C. FRITZ, CSR NO. 6910

APPEARING REMOTELY FROM SAN DIEGO COUNTY, CALIFORNIA

INDEX TO EXHIBITS

EUO OF JULIO RAVADA

Friday, September 27, 2024

Renée C. Fritz, CSR No. 6910

(All exhibits provided electronically to the reporter)

| MARKED | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Letter to Julio Ravada from John S. Na dated September 12, 2024 | 49 |
| Exhibit 2 | Proof of Loss dated 6/10/24 | 54 |
| Exhibit 3 | Palm Springs PD Police Report | 110 |
| Exhibit 4 | Receipts | 120 |
| Exhibit 5 | Kings Power Electric Inc. Estimate dated July 16, 2024 | 126 |
| Exhibit 6 | Photograph of table, corner hutch and painting | 130 |
| Exhibit 7 | Group of Emails between Julio Ravada and Mark Bercier | 143 |
| Exhibit 8 | Zillow listing for 2275 E. Belding Drive, Palm Springs, CA 92262 | 150 |

REPORTED REMOTELY FROM SAN DIEGO, CALIFORNIA;
FRIDAY, SEPTEMBER 27, 2024; 9:59 A.M.

JULIO RAVADA,
having been first remotely duly sworn,
was examined and testified as follows:

EXAMINATION

BY MR. NA:
Q. Good morning, Mr. Ravada.
A. Good morning.
Q. Nice meeting you by video. I know we've exchanged emails a couple of times, but I don't think we've ever spoken on the phone before, but it's nice meeting you and thank you for meeting with me here today for your examination under oath.
A. Thank you.
Q. For the record, can you state and spell your full name?
A. Julio, J-u-l-i-o, Ravada, R-a-v-a-d-a.
Q. And do you have a middle name?
A. Yes. Rodolfo, R-o-d-o-l-f-o.
Q. I'm sorry one more time. R-o-d --
A. -- o-l-f-o.
Q. Okay. And other than the name you've just given

us, have you used any other names in the past?
A. Yes.
Q. Okay. And what name have you used?
A. So it's Julio Rodolfo and then the last name is long. It's Ravadachavarria. So it's R-a-v-a-d-a-c-h-a-v-a-r-r-i-a.
Q. Is that all one word or is that two separate words?
A. When I moved to this country, that's what my legal name would be. One word, yeah. But it's supposed to be two different last names, but the U.S. Immigration put it as one word.
Q. One word? Okay.
A. Yeah.
Q. And any other names besides the one you've just given us?
A. No.
Q. And when was the last time you used the name Julio Rodolfo Ravadachavarria?
A. Well, I became a U.S. citizen, I want to say, approximately 12 years ago, so that's when I was able to legally change my name. And that's when I basically submitted a change for my name to what it is current right now.
Q. Okay.

Q. Uh-huh. Okay.
MR. NA: All right. Let me show you the next document that I want to go over with you. This will be Exhibit 3 to your transcript.
(Exhibit 3, remotely introduced and provided electronically to the reporter)
BY MR. NA:
Q. And if I've done it right, it should show a copy of the police report.
A. Yes.
Q. Do you need me to enlarge it?
A. No. It's perfectly fine.
Q. All right. Obviously, you've seen this document before; correct?
A. Yes.
Q. In fact, this is something that you sent to me, so I imagine you have seen it. Okay. So it's got here in the upper left corner, the date and time of the occurrence. June 3rd between 12:30 and June 4th, 1:00 a.m. And then it's got date and time reported, 3:25 on June 4th. That looks like 3:25 a.m. Does that sound accurate?
A. It could be. Like, I mean, I don't know.
Q. You have no reason to dispute it though; right?
A. Okay. Yeah. The police, they had probably

noticed, "Oh, shoot. It's not you. Sorry, man," you know.

Q. Okay. So nothing came of this?

A. No.

Q. Okay. So then did you tell the police officer after that what Kyle said is wrong because it's a different Robin?

A. No. Because they haven't -- they don't respond to me. Like they don't -- yeah. They're just ignoring me.

Q. Okay. Let me go over the next document.

Okay. You should see on your screen the invoices and receipts that you had submitted to Farmers during the course of the claim.

MR. NA: This is will be Exhibit 4.

(Exhibit 4, remotely introduced and provided electronically to the reporter)

BY MR. NA:

Q. So I don't want to go through all of this page by page, but I did just kind of want to assure you, Julio, that we did receive your invoices and that they are going to be a part of your transcript here.

So just quickly, this first one appears to be an email that you received from Best Buy, and I'm assuming it's for the bluetooth speaker from Sonos.

DECLARATION UNDER PENALTY OF PERJURY

I, Julio Ravada, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on September 27, 2024; that I have made such corrections as appear noted on the Deposition Errata Page, attached hereto, signed by me; that my testimony as contained herein, as corrected, is true and correct.

Dated this _____ day of _________________, 2024 at ___________________________________, California.

_______________________________
Julio Ravada

STATE OF CALIFORNIA )
)
COUNTY OF SAN DIEGO )

I, Renée C. Fritz, a Certified Shorthand Reporter, do hereby certify:

That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken remotely before me at the time and place therein set forth and were taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

I further certify that I am neither counsel for, nor related to, any party to said proceedings, nor in any way interested in the outcome thereof.

In witness whereof, I have hereunto subscribed my name.

Dated: October 7, 2024

Renée C. Fritz
CSR No. 6910

# EXHIBIT 6

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Monday, August 3, 2026 4:58 PM |
| **To:** | 'info@progressivehomeremodeling.com'; 'admin@progressivehomeremodeling.com' |
| **Cc:** | Kiry Yeoun; 'Luna D'Sol'; Michelle Bernard |
| **Subject:** | Rescheduling of 8/4/26 Deposition (Alternative Dates Next Week)? /RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx) |
| **Attachments:** | DEPOSITION SUBPOENA AND RFP TO PMK of PROGRESSIVE HOME REMODELING INC. (PERSONALLY SERVED 7.20.2026).pdf |

Mr. Aragon and/or other Officer/Manager of Progressive Home Remodeling Inc.:

Following up on the voicemail messages I left earlier today at (323) 423-6322 and (323) 218-9118, please note that since after multiple inquiries I have still been unable to confirm the availability of the PMK for Progressive Home Remodeling Inc. to appear at the deposition noticed for tomorrow (August 4, 2026 at 10:00 a.m., at 633 West Fifth Street, 52nd Floor in Los Angeles per the attached subpoena served on June 20, 2026 at 1:28 p.m.) and given Plaintiff Luna D'Sol's recent pending ex parte application seeking a protective order, the deposition will be rescheduled on a mutually convenient date on or before August 14, 2026 and Defendant Farmers Direct Property and Casualty Insurance Company reserves all rights to compel attendance pursuant to the original notice.

Accordingly, please provide some available dates next week and let me know if you would prefer to conduct the deposition remotely (by video conference)? I anticipate the deposition will take approximately 2-3 hours.

Much appreciated,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Thursday, July 30, 2026 6:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Good Evening –

This email and attached letter are for David Aragon, Chief Executive Officer and/or other Officer or Manager of Progressive Home Remodeling Inc. I am an attorney with Gordon Rees Scully Mansukani LLP and we represent Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant") in the above-entitled action involving an insurance coverage dispute with Plaintiff Luna D'Sol (formerly known as Julio Ravada). This email and attached letter follows up on several voicemail messages I have left at (323) 423-6322 and (323) 218-9118 ***regarding the Deposition Subpoena and Request for Production of Documents that was personally served on July 20, 2026 (at approximately 1:28 p.m.) at Progressive Home Remodeling Inc.'s principal address in Hermosa Beach (2447 Pacific Coash Hwy, Unit 229) seeking testimony from the PMK for PROGRESSIVE HOME REMODELING INC. at deposition and the production of documents on August 4, 2026.*** A courtesy copy of the Deposition Subpoena that was previously served on July 20, 2026 is included with the attached letter.

As explained further in the attached letter, we believe that PROGRESSIVE HOME REMODELING INC. has information and/or documents relevant to the above-referenced case pending in the United States District Court Central District of California. For example, I understand that PROGRESSIVE HOME REMODELING INC. and/or its Project Manager Emuna Stanely conducted an inspection and/or prepared an estimate on or around May 19, 2025 (i.e., for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262"). The Plaintiff in this action is Luna D'Sol (previously known as Julio Ravada) who is known to reside at this address. The May 19, 2025 Estimate also references Contractor License # 1049763 which is the license number for Progressive Home Remodeling Inc. and/or its Chief Executive Officer David Aragon.

The Deposition for the PMK of Progressive Home Remodeling Inc. has been scheduled for August 4, 2026 at 10:00 a.m. at my law firm's office in Los Angeles located at 633 West Fifth St., 52nd Floor, Los Angeles, California 90071. **Please contact me to discuss the scheduling of this deposition and if August 4, 2026 is not a convenient day, we can potentially reschedule to another mutually convenient date and time within the next two weeks (and/or potentially conduct the deposition remotely through a zoom video conference**).

I can be reached at (760) 444-5923 or kcanby@grsm.com. I look forward to speaking with you.

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

LUNA D'SOL
*Plaintiff*
v.
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY
*Defendant*

Civil Action No. 2:25-cv-10938-SVW-ASx

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: PMK for Progressive Home Remodeling - 7550 Melrose Ave., Unit B, Los Angeles, CA 90046 - (323) 423-6322
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Attachment A

| Place: 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | Date and Time: August 4, 2026 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/17/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* PMK for Progressive Home Remodeling

on *(date)* July 17, 2026 .

[x] I served the subpoena by delivering a copy to the named individual as follows: John Doe - Receptionist (hispanic male, approx. 30s in age, 160 lbs, 5'8 tall, beard, brown eyes, black hair)

on *(date)* 7/20/2026 at 1:28pm ; or

[ ] I returned the subpoena unexecuted because: ______ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 69.48 .

My fees are $ ______ for travel and $ ______ for services, for a total of $ ______ .

I declare under penalty of perjury that this information is true.

Date: 7/20/2026

[signature]

*Server's signature*

Kirlian Rivas, Registered Process Server

*Printed name and title*

BFRM Legal Support Services
633 W 5th Street, 28th Floor
Los Angeles, CA 90071

*Server's address*

Additional information regarding attempted service, etc.:

Additional Documents served:KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING; DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA

**Kelly Canby**

| | |
|---|---|
| **From:** | Kiry Yeoun |
| **Sent:** | Friday, July 17, 2026 1:44 PM |
| **To:** | jravada@icloud.com |
| **Cc:** | Kelly Canby; Michelle Bernard |
| **Subject:** | D'SOL v. FARMERS INSURANCE EXCHANGE - SUBPOENA PACKETS FOR PMK - PROGRESSIVE HOME REMODELING and EMUNA STANLEY |
| **Attachments:** | 2026-07-17 D'SOL DEF NOTICE OF DEPOSITION SUBPOENA RE EMUNA STANLEY (Project Manager Progressive Home).pdf; 2026-07-17 D'SOL - KFC PERSONAL SERVICE COVER LETTER TO EMUNA STANLEY (Project Manager Progressive Home.pdf; 2026-07-17 D'SOL - KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING regarding enclosed.pdf; 2026-07-17 D'SOL DEF NOTICE OF DEPOSITION SUBPOENA RE PMK OF PROGRESSIVE HOME REMODELING.pdf; 2026-07-17 D'SOL CAPTION POS - PROGRESSIVE HOME.pdf; 2026-07-17 D'SOL CAPTION POS - EMUNA STANLEY.pdf |

Dear Counsel,

Please find attached the electronic service copy of the documents:

2026-07-17 D'SOL KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING
2026-07-17 D'SOL DEF NOTICE OF DEPOSITION SUBPOENA RE PROGRESSIVE HOME REMODELING
2026-07-17 D'SOL CAPTION POS - PROGRESSIVE HOME REMODELING

2026-07-17 D'SOL KFC PERSONAL SERVICE COVER LETTER TO EMUNA STANLEY
2026-07-17 D'SOL DEF NOTICE OF DEPOSITION SUBPOENA RE PMK EMUNA STANLEY
2026-07-17 D'SOL CAPTION POS - EMUNA STANLEY

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br><br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 17, 2026 below, I served the within documents:

1. **KELLY FITZGERALD CANBY PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING REGARDING ENCLOSED DEPOSITION SUBPOENA AND REQUESTS FOR PRODUCTION**

2. **DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA**

☒ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

**EMUNA STANLEY**

Project Manager for Progressive Home Remodeling

7550 Melrose Ave., Unit B
Los Angeles, California 90046
(323) 423-6322
info@progressivehomeremodeling.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 17, 2026.

*Kiry Yeoun*

Kiry Yeoun



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

Date: August 4, 2026
Time: 10:00 a.m.
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE PLAINTIFF LUNA D'SOL:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will take the videotaped deposition of the PMK for PROGRESSIVE HOME REMODELING on **August 4, 2026 at 10:00 a.m.** at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. The deposition will continue day to day until completed, Saturdays, Sundays and holidays excluded. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and may be recorded by videotape and/or by audio or video recording.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, a copy of the subpoena requesting testimony and the production of documents from the PMK of the entity listed below is also attached as Exhibit "1" hereto.

**Progressive Home Remodeling**
**7550 Melrose Ave., Unit B**
**Los Angeles, California 90046**
**(323) 423-6322**
**info@progressivehomeremodeling.com**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Farmers Direct seeks testimony on the matters listed in Attachment A to the subpoena (attached hereto as Exhibit "1") from the entity listed above by and through its

designated representative(s) which it has a duty to appoint to testify on its behalf as to each matter. "A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify." Fed. R. Civ. Proc. 30(b)(6). Additionally, Farmers Direct also requests PROGRESSIVE HOME REMODELING to produce at the deposition the documents and electronically stored information as described in Attachment B to the subpoena (attached hereto as Exhibit "1").

Dated: July 17, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Kelly F. Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Central District of California

LUNA D'SOL
*Plaintiff*
v.
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY
*Defendant*

Civil Action No. 2:25-cv-10938-SVW-ASx

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: PMK for Progressive Home Remodeling - 7550 Melrose Ave., Unit B, Los Angeles, CA 90046 - (323) 423-6322
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Attachment A

| Place: | Date and Time: |
|---|---|
| 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | August 4, 2026 at 10:00 a.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/17/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ;or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ ______________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br>**PROOF OF SERVICE**<br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On August 4, 2026 below, I served the within documents:

1. **KELLY FITZGERALD CANBY PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING REGARDING ENCLOSED DEPOSITION SUBPOENA AND REQUESTS FOR PRODUCTION**
2. **DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S *AMENDED* NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING INC. AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA**



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**3. AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO PMK FOR PROGRESSIVE HOME REMODELING INC. WITH REQUEST FOR PRODUCTION OF DOCUMENTS (WITH ATTACHMENTS A-C)**

☒ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**BY E-SERVICE ONLY**
**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

**BY PERSONAL SERVICE ONLY**
**Progressive Home Remodeling Inc.**

2447 Pacific Coast Hwy, Unit 229
Hermosa Beach, CA 90254
Tel: (323) 423-6322/ (323) 218-9118
admin@progressivehomeremodeling.com
info@progressivehomeremodeling.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 4, 2026.

*Kiry Yeoun*
Kiry Yeoun

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S *AMENDED* NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING INC. AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

**Date: August 14, 2026**
**Time: 9:00 a.m.**
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE PLAINTIFF LUNA D'SOL:**

**PLEASE FURTHER TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will now take the videotaped deposition of the PMK for PROGRESSIVE HOME REMODELING INC. on **August 14, 2026 at 9:00 a.m.** at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071 (rescheduled from initial date of August 4, 2026 at 10:00 a.m.). The deposition will continue day to day until completed, Saturdays, Sundays and holidays excluded. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and may be recorded by videotape and/or by audio or video recording.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, a copy of the Amended Subpoena requesting testimony and the production of documents from the PMK of the entity listed below is also attached as Exhibit "1" hereto.

**Progressive Home Remodeling Inc.**
**2447 Pacific Coast Hwy, Unit 229**
**Hermosa Beach, California 90254**
**(323) 423-6322 / (323) 218-9118**
**info@progressivehomeremodeling.com**
**admin@progressivehomeremodeling.com**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Farmers Direct seeks testimony on the matters listed in Attachment A to the Amended Subpoena attached hereto as Exhibit "1" (which are the same sought topics of testimony as found in the original subpoena served on July 20, 2026 which is included within Attachment C thereto) from the entity listed above by and through its designated representative(s) which it has a duty to appoint to testify on its behalf as to each matter. "A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify." Fed. R. Civ. Proc. 30(b)(6). Additionally, Farmers Direct also requests PROGRESSIVE HOME REMODELING INC. to produce at the deposition the documents and electronically stored information as described in Attachment B to the Amended Subpoena attached hereto as Exhibit "1" (which are the same sought topics of testimony as found in the original subpoena served on July 20, 2026 which is included within Attachment C thereto).

Dated: August 3, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: Kelly F Canby
_______________________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

LUNA D'SOL
*Plaintiff*
v.
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY
*Defendant*

Civil Action No. 2:25-cv-10938-SVW-ASx

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: PMK for Progressive Home Remodeling Inc. -- 2447 Pacific Coast Hwy, Unit 229, Hermosa Beach CA 90254
(323) 423-6322/(323) 218-9118/admin@progressivehomeremodeling.com/info@progressivehomeremodeling.com
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
SEE ATTACHMENT A (Note: Amendment To Date and Time For Deposition Only - The Sought Topics of Testimony Are Unchanged -- Same Topics As Listed In Attachment A To Original Subpoena Served 7/20/26 -- See Attachment C)

| Place: | Date and Time: |
|---|---|
| 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | August 14, 2026 at 9:00 a.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
SEE ATTACHMENT B (Note: Amendment To Date and Time For Deposition Only - The Sought Documents Are Unchanged -- Same Requests For Production As Listed In Attachment B To Original Subpoena Served 7/20/26 -- Copy included with Attachment C For Reference)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/3/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Kelly F. Canby

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ;or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ ____________ .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Civil Action No. 2:25-cv-10938-SVW-ASx

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* PMK for Progressive Home Remodeling Inc.
on *(date)* 8/4/2026 .

[x] I served the subpoena by delivering a copy to the named individual as follows: Sophia "Doe" (refused last name) - Front Desk (hispanic female, approx. 5'3" tall, 140 lbs, brown hair, and glasses)
on *(date)* 8/4/2026 at 1:00pm ; or

[ ] I returned the subpoena unexecuted because: ______ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 69.66 .

My fees are $ ______ for travel and $ ______ for services, for a total of $ ______ .

I declare under penalty of perjury that this information is true.

Date: 8/4/2026

*Server's signature*

Kirlian Rivas, Registered Process Server

*Printed name and title*

BFRM Legal Support Services
633 W 5th Street, 28th Floor
Los Angeles, CA 90071

*Server's address*

Additional information regarding attempted service, etc.:

Documents served: KFC PERSONAL SERVICE COVER LETTER TO PMK OF PROGRESSIVE HOME REMODELING; AMENDED SUBPOENA TO TESTIFY AT A DEPOSITON IN A CIVIL ACTION; DEF AMENDED NOTICE OF DEPOSITION SUBPOENA RE PMK OF PROGRESSIVE HOME REMODELING; POS – PMK OF PROGRESSIVE HOME REMODELING