MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Stephen V. Wilson
Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With: Notice of Motion and Motion for Summary Judgment Or In The Alternative Partial Summary Judgment; Separate Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Kelly Fitzgerald Canby; Declaration of David A. Corona; Declaration of Paul Hamilton; Declaration of Michael Saskor; Declaration of Donnie Means; Declaration of Bryce Spradling; Declaration of Elisa Martinez; and [Proposed] Order



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Complaint Filed: August 21, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 28, 2026, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10A of the above-entitled court, located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") will and hereby does move this Court pursuant Rule 56 of the Federal Rules of Civil Procedure and Local Rules 56-1 through 56-4 for an order granting summary judgment, or alternatively partial summary judgment, in favor of Farmers Direct and against Plaintiff Luna D'Sol ("D'Sol" or "Plaintiff") on the following claims in the First Amended Complaint:

1. Farmers Direct is entitled to summary judgment, or alternatively partial summary judgment, on the First Cause of Action in the First Amended Complaint (breach of contract) because Plaintiff has failed to establish that Farmers Direct has withheld or denied any policy benefits due or owing to Plaintiff.

2. Farmers Direct is entitled to summary judgment, or alternatively partial summary judgment, on the Second Cause of Action in the First Amended Complaint (breach of the implied covenant of good faith and fair dealing) because Plaintiff has failed to produce any competent evidence that Farmers Direct acted unreasonably in handling Plaintiff's property damage claim and because there was a genuine dispute regarding the valuation of the damaged property and/or a genuine dispute as to whether the claimed property damages were caused as result of the alleged burglary and/or vandalism incident on June 4, 2024 ("Incident").[1]

[1] This Court previously granted Farmers Direct's Motion to Dismiss the Third Cause of Action for alleged violations of Insurance Code § 790.03(h) on January 26, 2026. [ECF Doc. 33, p. 5].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

3. Although not plead as a separate standalone cause of action by Plaintiff in the First Amended Complaint, Farmers Direct is entitled to summary judgment, or alternatively partial summary judgment, on Plaintiff's claim of "unlawful discrimination" for alleged violations of the Unruh Civil Rights Act and/or as to her request for treble damages sought thereunder (Cal. Civ. Code § 51 et seq.) ("Unruh Act") (*see e.g.,* First Amended Complaint, ¶¶ 17, 30 and Prayer for Relief ¶¶ 7, 13) because Plaintiff has failed to produce any competent evidence that Farmers Direct engaged in any willful, affirmative misconduct with the specific intent to discriminate against Plaintiff based on her gender, gender identity and/or transgender status and/or because Farmers Direct lacked knowledge of Plaintiff's protected status and/or because Farmers Direct's conduct was justified by a legitimate, nondiscriminatory reason (e.g., Farmers Direct's Policy was issued to the named insured "Julio R. Ravada" which Plaintiff never sought to change).

4. Farmers Direct is entitled to summary judgment, or alternatively partial summary judgment, on Plaintiff's request for punitive damages because Plaintiff alleges no specific facts and has produced no credible evidence to warrant the imposition of punitive damages against Farmers Direct as a matter of law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 56(c), Rule 36(a)(3), Rule 26 and/or Rule 37(c)(1) Federal Rule of Civil Procedure Defendant's Motion for Summary Judgment Or In The Alternative, Motion For Partial Summary Judgment will also be based upon Farmers Direct's Requests For Admissions Set One served on July 2, 2026 as Plaintiff failed to respond by August 3, 2026 or at all and now Plaintiff is deemed to have admitted the truth of all matters contained in the Request for Admissions as a self-executing sanction and thus there can be no genuine issue as to any of material fact and Farmers Direct is entitled to Judgment as a matter of law. *See* Declaration of Kelly Fitzgerald Canby filed concurrently herewith ("Canby Decl."), ¶¶ 11-13, **Exhibits 10-12**; Declaration of Elisa Martiez filed

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

concurrently herewith ("Martinez Decl."), ¶¶ 2-9, **Exhibits 1-4**; *see also e.g., O'Campo v. Hardisty*, 262 F.2d 621, 623 (9th Cir. 1958); *F.T.C. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002); *Morris v. O'Reilly Automotive Stores, Inc.,* Case No. ED CV 21-1060-FWS-KK, 2022 WL 21737781 *2-*3 (C.D. June 10, 2022); *see also generally Jobe v. Harris*, Case No. 5:22-cv-02276-SPG-MAR, 2025 WL 1393717 *3 (C.D. Cal. April 11, 2025) ("Once a matter has been deemed admitted under Rule 36, even by default, the court may not consider evidence that is inconsistent with the admission" and "[a]ny evidence presented by Plaintiff that contradicts the RFAs must be ignored by the Court in determining this MSJ").

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 56(c), Rule 26(a)(2) and/or Rule 37(c)(1) Federal Rule of Civil Procedure Defendant's Motion for Summary Judgment Or In The Alternative, Motion For Partial Summary Judgment will also be based upon the "automatic" exclusion of any potential untimely expert evidence that Plaintiff may seek to offer in opposition to this motion as a sanction because Plaintiff failed to serve her Expert Witness Disclosures and/or designate any experts on or before July 15, 2026 or at all and which leaves the opinions offered by Farmers Direct's retained and non-retained experts unrebutted and unrefuted and thus there can be no genuine issue as to any of material fact and Farmers Direct is entitled to Judgment as a matter of law. *See* Canby Decl., ¶¶ 14-19, **Exhibits 14, 24**; *see also e.g., Merchant v. Corizon Health, Inc.*. 993 F.3d 733, 739-742 (9th Cir. 2021).

As explained further in the Declaration of Kelly Fitzgerald Canby filed concurrently herewith ("Canby Decl."), Farmers Direct has made good faith attempts to conduct a meet and confer conference with Plaintiff pursuant to Local Rule 7-3 and has attempted to meet and confer with Plaintiff at least 7 days prior to filing Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment (including on August 11, 2026, August 12, 2026 and August 13,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

2026) but Plaintiff refused to participate in the Local Rule 7-3 Conference (and Plaintiff has demonstrated her unwillingness to proceed in good faith by false statements and/or other deceptive conduct). *See* Canby Decl., ¶¶ 2-10, **Exhibits 1-5** and **Exhibits 16-17**.

This motion is based upon this Notice of Motion and Motion, concurrently filed Memorandum of Points and Authorities the Separate Statement of Uncontroverted Facts and Conclusions of Law, the Declarations of Kelly Fitzgerald Canby, the Declaration of David A. Corona, the Declaration of Paul Hamilton, the Declaration of Michael Saskor, the Declaration of Donnie Means, the Declaration of Bryce Spradling and the Declaration of Elisa Martinez and exhibits thereto, the Notice of Lodgment and referenced discovery materials that are being lodged currently herewith per Local Rule 26-2, as well as the pleadings, papers, orders and records on file in this action, and such further oral and/or documentary evidence to which this Court may properly take judicial notice and/or which may be raised prior to or at the hearing on this motion.

Dated: August 31, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY