MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF DONNIE MEANS IN SUPPORT OF DEFENDANT FARMERS DIRECT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Stephen V. Wilson
Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A

Filed Concurrently With: Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts and Conclusions of Law; Supporting Declarations of Kelly Fitzgerald Canby, David A. Corona, Paul Hamilton, Michael Saskor and Bryce Spradling; Notice of Lodgment; and [Proposed] Order

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## DECLARATION OF DONNIE MEANS

I, DONNIE MEANS, declare as follows:

1. I work as a Senior Field Claims Representative on behalf of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") and have worked in this capacity since around early 2024. I previously worked for more than 5 years at a water mitigation company in various roles performing inspections, preparing estimates and managing projects and I worked my way up to Senior Project Manager at that company. This declaration is being submitted in support of Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment in the above-entitled action filed by Pro Per Plaintiff Luna D'Sol ("Plaintiff"). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. Farmers Direct issued Homeowners Policy Number 3872340940 to the named insured "Julio R. Ravada" -- who is now known as Luna D'Sol and the Plaintiff in this action -- for the policy period effective September 28, 2023 to September 28, 2024 ("Policy"). Subject to its terms, the Policy provides first-party property coverage for the residence premises located at 2275 E. Belding Dr., Palm Springs, California 92262 ("Property"), including coverage for the Dwelling, Private Structures, Personal Property and Loss of Use. The Policy has a $2500 deductible. As noted on the Declarations, the Policy does not include Building Code Upgrade Coverage. In understand that to avoid unnecessary duplicates a copy of the Policy will be attached as Exhibit 1 to the Declaration of Bryce Spradling and filed concurrently herewith.

3. On or about June 4, 2024, Plaintiff first notified Farmers Direct of an alleged burglary and vandalism incident that occurred at Plaintiff's home on June 3,

2024 (“Incident” or “Loss”) and sought coverage under the Policy which was then assigned Claim No. 7007678692-1 (“Claim”).

4. I was assigned as a Senior Field Claims Representative to handle the Claim on behalf of Farmers Direct. Although the Claim was later reassigned to Farmers Direct’s Property Theft Team in or around August of 2024, I continued to assist with the handling of this Claim thereafter as I reside locally in the Palm Springs area of California. As there were several prior recent claims involving this same Property, including two prior alleged theft losses in July of 2023 and January of 2024 and a prior water damage claim in August of 2023, Farmers Direct’s Special Investigations Unit (“SIU”) also assisted with the investigation of the Claim and I worked with SIU Investigatory Andy Herman on the Claim.

5. After I was first assigned to handle the Claim I had difficulty reaching Plaintiff on the phone because nobody would answer and the voicemail box was full so I could not leave a message. I sent a text message to Plaintiff and asked to schedule a time for an inspection of the Property. Attached hereto as **Exhibit 1** is a true and correct copy of a text message I sent to Plaintiff on June 5, 2024 (with bates numbering added [FD004937-FD 004938]).

6. On or about June 5, 2024, I also sent Plaintiff a letter because “we have been unable to reach you about your claim” and I asked Plaintiff to please “call me . . . so we can discuss your damages.” Attached hereto as **Exhibit 2** is a true and correct copy of the June 5, 2024 “Contact Request” letter I sent to the Plaintiff (with bates numbers added [FD001038-FD001039]).

7. Once I spoke with the Plaintiff later in the day on June 5, 2024 (who was then using the name Julio Ravada), the Plaintiff confirmed that Plaintiff lived at this one story Property full time.

8. Plaintiff was apparently away from the Property in Los Angeles for most of the day on June 3, 2024 and returned home around midnight. During our call on

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

June 5, 2024, I was informed that Plaintiff noticed that the power was out and went to the electrical power box to attempt to restore power and apparently noticed it was damaged. Once back inside, Plaintiff apparently noticed some missing items, including a laptop and a painting, and then made a call to a security company and then to the Palm Springs Police Department who came later to take a report. Plaintiff apparently later noticed the bathroom window was shattered and the dishwasher was dislodged which allegedly allowed some water to escape.

9. During our call I discussed the Policy's coverage with Plaintiff, informed Plaintiff of the Policy's deductible and that any potential coverage decision was pending my inspection and receipt and review of the police report, among other things. Plaintiff informed me that the bathroom window was now temporarily secured with a block of wood and could not be opened from outside so Plaintiff felt better about staying at the residence. I further advised Plaintiff that if Plaintiff planned to stay in a hotel to just save the receipts for potential reimbursement, but Plaintiff wanted to avoid any potential out of pocket costs. We scheduled the Property inspection for the following day, June 6, 2026 at 11:00 a.m.

10. The following day on June 6, 2026, I arrived at the Property on time at 11:00 a.m. I waited outside for more than 15 minutes before Plaintiff would answer the door and permit me to enter the Property. This was summertime in Palm Springs. The Plaintiff later claimed to be showering.

11. I documented my inspection of the Property on June 6, 2026 by taking a collection of photographs of the alleged damages and other general conditions of the Property and those photographs are included in Farmers Direct's file for the Claim (hereinafter "Inspection Photos").[1] Attached hereto collectively as **Exhibit 3**

[1] The Inspection photographs I took on June 6, 2024 were saved to the Claim file in 3 separate PDF files each with a unique cover page listing the date, time and Claim number and titled as follows: Inspection Photos dated June 6, 2024 [FD004939-FD004987]; Inspection Photos 2 dated June 6, 2024 [FD004988-FD005036] and Inspection Photos 3 dated June 6, 2024 [FD005037-FD005056] (collectively "Inspection Photos"). I understand that bates numbers have been added to the



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

are true and correct copies of a selection of some of Inspection Photos taken during my inspection of the Property on June 6, 2024.

12. The Plaintiff had a number of "do-it-yourself" home improvement projects ongoing at the Property, including in the bathroom where it appeared the shower was in the process of being refinished and/or prepped for retiling. *See e.g.,* **Exhibit 3** at [FD005005-FD005008]. This bathroom is the same location where Plaintiff claimed the intruders allegedly entered the Property and clogged the toilet.

13. The window in the bathroom was not shattered and did not appear to be broken from viewing from within the house but Plaintiff later showed me and an area on the external portion of the window frame that appeared bent or chipped. *See* **Exhibit 3** at [FD004994-FD004995].

14. When the Inspection moved outside, the Plaintiff pointed out a small bent slot on the outside of the window frame. *See* **Exhibit 3** at [FD005036, FD005038]. According to Plaintiff, the intruders were able to enter the interior of the Property as result of this slot without actually breaking the glass in the window.

15. Plaintiff claims these intruders entered to Property for the purpose of theft and vandalism, but a very large sledgehammer was sitting on the ground immediately outside the bathroom window where these intruders allegedly entered and apparently not used during the vandalism incident at all. *See e.g.,* **Exhibit 3** at [FD005034-FD005035, FD005040, FD0050041].

16. I also took photographs of the allegedly damage electrical panel and bent cover on the ground. *See* **Exhibit 3**, at [FD005027-FD005033]. As explained further below, Farmers Direct issued a payment to the Insured to replace the damaged cover (and also later paid to replace the entire electrical panel after the Plaintiff submitted additional documentation in or around 2025). The Policy does not have code upgrade coverage.

---

Inspection Photos in the bottom right corner of the pages by defense counsel for the purpose of this litigation (and listed herein for general reference).

17. I have significant experience working in water damage mitigation and remediation and the "wet" areas shown to me by the Plaintiff during the Inspection on June 6, 2024 were suspicious because I did not observe any active leak source during the time of inspection regarding any of these "wet" areas at the Property – including, but not limited to, the puddles found on the floor near the dishwasher (*see e.g.,* **Exhibit 3** at [FD004968-FD004981]) and by the toilet (*see e.g.,* **Exhibit 3** at [FD004991-FD004993, FD004999-FD005001]) – and based on the amount of time that passed from the reported date of loss and the inspection, along with a lack of a trail of water, the observable conditions (and specifically related to the toilet it was odd that there was water still present on the floor while the toilet itself was not backing up due to the elapsed time from the date of loss to the inspection date) and therefore based on my more than 5 years of experience working in the water mitigation industry, it is my opinion that this odd water was not emanating from the nearby dishwasher, toilet and/or surrounding plumbing and was not caused by the Incident at all.

18. During the Inspection on June 6, 2024, the Plaintiff -- then using the name "Julio" – kept me and my associate in view while I performed the inspection and during this time some of Plaintiff's extremely personal items were on full display in unexpected and unnecessary locations during the inspection. Attached hereto collectively as **Exhibit 4** are true and correct copies of another selection of Inspection Photos taken during my inspection of the Property on June 6, 2024. For example, Plaintiff's vibrating "CLONE-A-WILLY" kit was placed in full view immediately next to the dishwasher that I was tasked to inspect. **Exhibit 4** at [FD004971]. Plaintiff appeared to be actively using drugs on his desk. **Exhibit 4** at [FD005053, FD004980].

19. The cause of the condition of the toilet area was reasonably questionable as alleged vandals with no interest in breaking glass or using nearby sledgehammer

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

seemed unlikely culprits of toilet clogging (and perhaps a poor decision to flush leftover shower coating mix down nearby toilet for disposal is a more likely explanation). *See* **Exhibit 4** at [FD005053, FD004980]; *see also generally* **Exhibit 3** at [FD005034-FD005035, FD005040, FD0050041]. Nevertheless, as explained further below, Farmers Direct later made a payment to Plaintiff for the reasonable cost to clean the toilet and the unknown material dumped within among other things pertaining to the Incident. I did not find any elevated moisture reading in the area that would support Plaintiff's claim of an ongoing leak.

20. Attached hereto as **Exhibit 5** is a true and correct copy of a "Request for Information" letter I sent to Plaintiff on or about June 10, 2024 which provides additional Claim information and instructions about the Proof of Loss form (with a blank form attached) that is required to be completed, signed and notarized as a Sworn Statement per the requirements of the Policy (with additional bates numbering added [FD005498-FD005509]).

21. I sent Plaintiff a "Status Letter" on July 2, 2024 to follow up on the status of the Completed Proof of Loss and Police Report which had not yet been provided by Plaintiff. I also called the next day to inquire about these needed items for the Claim to proceed and also provide further instructions to Plaintiff and sent a confirming email after our discussion on July 3, 2024. Attached here collectively as **Exhibit 6** are true and correct copies of my July 2, 2024 letter to Plaintiff and the confirming email dated July 3, 2024 following our discussion the next day (with additional bates numbering added [FD001040, FD005588]).

22. The Plaintiff sent Farmers Direct a Proof of Loss form on or about July 24, 2024 but the form was incomplete and unsigned. Plaintiff later sent a signed but unverified and still incomplete version of the same form Plaintiff was also seeking to include a "Ivey & Luke" painting in the claim which Plaintiff claimed as worth $5000.00 but was unable to provide adequate documentation in support this request

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

at that time, as with many other items included on the incomplete and unsigned Proof of Loss Form. I spoke with the Plaintiff again in or about July 31, 2024 and explained again that an unsigned, incomplete and/or unverified Proof of Loss Form did not meet the Policy's requirements and provided further instructions.

23. The Claim was then reassigned to Farmers Direct's Advanced Theft Assignment Group. Attached here as **Exhibit 7** is a true and correct copy of Richard Bryan's "Important Claim Information" letter dated August 2, 2024 to Plaintiff regarding the inadequate, incomplete and unverified sworn Proof of Loss Form (with bates numbering added [FD001040, FD005588]).

24. Plaintiff eventually did provide a completed Proof of Loss form on or about August 5, 2026. As Richard Bryan's explained to Plaintiff in a letter dated August 9, 2024, Farmers Direct was neither accepting or rejecting the Proof of Loss at that time but sought additional information and assistance from counsel for additional review and a potential Examination Under Oath as part of the ongoing investigation. Attached here as **Exhibit 8** is a true and correct copy of Richard Bryan's "Important Claim Information" letter to Plaintiff dated August 9, 2024 (with numbering added [FD001053-FD001055]).

25. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiff's completed and verified signed Proof of Loss Form pertaining to the Claim (with additional bates numbers added [FD00004527-FD004534] and with redactions). Additionally, there is an "Exhibit" tag in the upper right hand corner of the Proof of Loss Form as I understand that the Examination Under Oath ("EUO") of Plaintiff did go forward on or about September 27, 2024 and this same document was also discussed with Plaintiff during the EUO. The completed and signed Proof of Loss submitted by Plaintiff sought a total of $39,152.61 in claimed damages under the Policy as result of the June 3, 2024 Incident ($12,422.00 for alleged damages to the Dwelling and $26,730.61 for Personal Property loss). Specifically, with regard to

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

the Dwelling and based upon my Inspection of the Property, Plaintiff's claim for $12,422.00 in alleged repair costs for any alleged Incident related damages to the Dwelling is not supported, as explained further below.

26. Despite the many irregularities associated with Plaintiff's Claim as discussed above, Farmers Direct ultimately accepted the Claim and continued its investigation and adjustment of Claim as arising from a covered cause of loss under the Policy.

27. On or about October 29, 2024, Farmers Direct issued an undisputed payment to Plaintiff in the amount of $16,393.21 on the Claim (which included $3,905.01 for Coverage A – Dwelling and $12,488.20 for Coverage C – Personal Property). Attached here as **Exhibit 10** is a true and correct copy of General Adjuster Richard Bryan's "Claim Outcome Letter" letter to Plaintiff dated October 29, 2024 (with numbering added [FD001059-FD001081]). I prepared the property damage estimate pertaining to the Dwelling which is attached to the October 29, 2024 Claim Outcome Letter and is based on my inspection, assessment and evaluation of the damages to the Property as result of the Incident and available coverage under the Policy to determine that $3,905.01 was the reasonable cost to repair covered Incident-related damages and restore the Property to the pre-Incident condition. The Claim for water damages was denied.

28. The Claim was reassigned to Farmers Direct's General Claim Adjuster Michael Saskor in or around November of 2024. Once reassigned to Michael Saskor I continued to assist with the Claim as I am local to the Palm Springs California area. I understand that Plaintiff submitted a supplemental Claim in or around mid-May of 2025 for approximately $90,000.00 in additional sought repairs to the Property that Plaintiff attributes to the June 3, 2024 Incident.

29. I returned to the Property to conduct a Reinspection on or about May 23, 2025 and brought some additional contractors with me to assist with determining

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

any necessary repairs and to provide additional support, information and resources as this Plaintiff was not happy with an outcome of a different claim, but the Plaintiff was not present and instead had a friend present at the house. I documented my Reinspection of the Property on May 23, 2025 by taking a collection of photographs of the alleged damages and other general conditions of the Property and those photographs are included in Farmers Direct's file for the Claim (hereinafter "Reinspection Inspection Photos") (with bates numbers added [FD005079-FD005197]). Attached hereto collectively as **Exhibit 11** are true and correct copies of a selection of some of Reinspection Photos I took at the Property on May 23, 2025.

30. Plaintiff had made several upgrades to the Property including new flooring throughout the house and Plaintiff's bathroom remodeling project appeared to be completed since my last visit. Based upon my examination of the Property and the scope of the substantial additional repairs sought be Plaintiff more than 11 months after the initial Incident on June 3, 2024, I did not see any evidence that would support Plaintiff's request for an additional $90,000.00 in repairs and most of what Plaintiff is seeking has no reasonable relationship to any alleged Incident-related damages whatsoever. I also did not see any water damages that could reasonably be attributed to the Incident either. Based upon my Reinspection, Farmers Direct did issue a supplemental payment to Plaintiff for additional repair work to the stucco and drywall surrounding the bathroom window where the intruders allegedly had entered the Property on June 3, 2024. I understand that per a letter sent to Plaintiff by Michael Saskor, Farmers Direct paid Plaintiff another $1,381.43 on the Claim to make further repairs to the Dwelling on or about May 28, 2025.

31. Additionally, Farmers Direct also issued another payment to Plaintiff earlier in May of 2025 to replace the entire electrical panel at the Property as Plaintiff submitted additional documentation to Farmers Direct in or around 2025 after the initial payment was issued and Claim closed at the end of October 2024. Specifically,



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

$3,910.20 was issued to Plaintiff on or about May 14, 2025 as part of a Settlement Notice letter sent to Plaintiff by Michael Saskor. I understand that a copy of this letter will be attached as an Exhibit to the Declaration of Michael Saskor and will be filed concurrently herewith (and I understand that this same May 14, 2025 Letter is also attached as Exhibit E to the Requests for Admissions [FD001121-FD001141]). I prepared the estimate attached to this letter. Although based upon my inspection of the Property the replacement of the electrical panel was not necessary to restore the Property to the pre-Incident condition and the Policy does not provide code upgrade coverage, Farmers Direct nevertheless paid Plaintiff the reasonable cost to replace the entire electrical panel and the amount was more than reasonably sufficient to achieve this purpose.

32. As further explained above (and in the Declaration of Michael Saskor to be filed concurrently herewith), Farmers Direct has paid a collective total of $9,196.64 to Plaintiff in Coverage A Policy benefits following the Incident to repair property damage to her residence (Dwelling) at the Property. Based upon my inspection and reinspection of the property and my professional experience, this $9,196.64 figure exceeds the reasonable value to restore the Property to its pre-Incident condition based on the minimal and superficial damages I observed at the Property on June 6, 2024 (and the $12,422.00 figure found in Plaintiff's Proof of Loss is not supported by the alleged Incident-related damages I personally observed) and/or because the electrical panel replacement cannot be reasonably attributed to the Incident (and/or there is no code upgrade coverage under the Policy in any event). Accordingly, Farmers Direct has paid Plaintiff more than is reasonably necessary to restore the Property to its pre-Incident condition.

33. I understand that Plaintiff is now known as Luna D'Sol and identifies as female and prefers she/her pronouns. When I interacted with the Plaintiff at the Property in June of 2024 I was not aware of this development, but Plaintiff's alleged

identification as a female (or previously male) or any change from one gender to the other, transgender status, participation in gender confirmation treatments or any protected characteristic did not have any influence on my evaluation and handling of the Claim.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 25 day of August, 2026 at Palm Springs, California.

Signed by:
Donnie Means
29E690874E55441

Donnie Means

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

# Text message to insured

PDF Created on June 5, 2024 at 10:26:33 AM

Claim Number: 7007678692-1

Docusign Envelope ID: B41209BD-FECE-8DF0-82D4-694BF6C70D70


Text message to insured








FD004938

# EXHIBIT 2

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
Please include your claim # on any correspondence
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
www.farmers.com/claimstatus

June 05, 2024

JULIO RAVADA
2275 E BELDING DR
PALM SPRINGS CA 92262
Delivered by email to: jravada@icloud.com

| | | |
|---|---|---|
| RE: | Insured: | Julio Ravada |
| | Claim Number: | 7007678692-1 |
| | Policy Number: | 3872340940 |
| | Loss Date: | 06/03/2024 |
| | Location of Loss: | 2275 E Belding Dr, Palm Springs, CA |
| | Subject: | Contact Request |

Dear Julio Ravada:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

We are here to help you through the claims process, but we have been unable to reach you about your claim. Please call me at 760-636-2480 so we can discuss your damages. If I am unavailable when you call, please leave a message with your name, phone number and the best time to reach you. You can also reach me by email at the address listed above.

I will set a follow-up for myself on June 15, 2024. If I haven't heard from you and I have not inspected the property by then, I will assume you do not want to continue and will close our claim file. That doesn't mean we can't reopen your claim at a later date, so please contact me if you are interested in pursuing your claim. However, if the suit limitation period referenced below has expired your claim will remain closed. Since your policy includes a time frame for filing a claim, please be sure to review your entire policy so you understand all your rights and responsibilities.

An important provision of your policy is to protect your property from further damage. Please do so and be sure to keep all emergency repair receipts for your own records.

We reserve all rights and defenses under the policy and law and no activity on our part should be construed as a waiver. Even though only parts of the policy may be mentioned or quoted in this letter, additional portions if found to be relevant will be applied.

We encourage you to visit www.farmers.com to learn more about our self-service options available to you, including the ability to view your claim status, upload documents and photos and find local service providers.

If you believe your claim has been wrongfully rejected or denied, in whole or in part, please contact us for further clarification. The state of California requires that we provide you with the following notice: You may also have the matter reviewed by writing to the California Department of Insurance, Consumer Services and Market Conduct Branch, Claims Services Bureau, 300 South Spring Street, South Tower, Los Angeles, CA 90013 or by calling 1-800-927-4357 or 1-213-897-8921.

California law and regulations require that we provide you with written notice of any limitation period upon which we may rely to deny a claim. We also wish to bring to your attention the following limitation period set forth in the General Conditions section of your policy. This period is the shortest period which will apply, unless that period may have been extended by statute.

Please refer to the **General Conditions** part of your policy, which states:

**GENERAL CONDITIONS**

...

9. **Lawsuits Against Us.** No suit or action may be brought against **us by you** unless there has been full compliance with all of the policy terms.

   Under Section I of this policy, any suit or action seeking coverage must be brought within twelve months of the loss.

   Under Section II of this policy, no one may sue **us** until the amount of legal liability has been finally determined either by judgment after trial or by written agreement of **you,** the injured person and **us.**

   No one shall have any right to make **us** a party to a suit to determine **your** liability.

In addition, we may deny a claim based on the applicable California statute of limitations. If the loss is related to a state of emergency, as defined in subdivision (b) of Section 8558 of the Government Code, the time limit to bring suit is extended to 24 months after inception of the loss.

If you have any questions, please contact me at 760-636-2480.

Thank you.

Donald Means
Senior Field Claims Representative
(760) 636-2480
Farmers Direct Property And Casualty Ins. Company

Email communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

# EXHIBIT 3

# Inspection photos

PDF Created on June 6, 2024 at 14:06:09 PM

Claim Number: 7007678692-1




2275


















CLONE-A-WI
VIBRATING


PIKE PLACE









# Inspection photos 2

PDF Created on June 6, 2024 at 14:07:46 PM

Claim Number: 7007678692-1



# Inspection photos 2














ATTENTION



















# Inspection photos 2

















# Inspection photos 3

PDF Created on June 6, 2024 at 14:08:47 PM

Claim Number: 7007678692-1













# EXHIBIT 4




CLONE-A-WI
VIBRATING





Inspection photos 2




# EXHIBIT 5

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
Please include your claim # on any correspondence
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
www.farmers.com/claimstatus

June 10, 2024

JULIO RAVADA
2275 E BELDING DR
PALM SPRINGS CA 92262
Delivered by email to: jravada@icloud.com

| | | |
|---|---|---|
| RE: | Insured: | Julio Ravada |
| | Claim Number: | 7007678692-1 |
| | Policy Number: | 3872340940 |
| | Loss Date: | 06/03/2024 |
| | Location of Loss: | 2275 E Belding Dr, Palm Springs, CA |
| | Subject: | Request for Information |

Dear Julio Ravada:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

We received your claim for the loss that occurred on June 3, 2024.

Your policy requires you complete the Sworn Statement document, also known as a Proof of Loss. Please complete and sign the Sworn Statement and ensure it is notarized to pursue a claim for this loss. For your convenience, I've enclosed the forms for you to complete and return to my attention as soon as possible.

Your policy requires that you send us this document within 60 days after we request the Sworn Statement.

In addition to the Sworn Statement, please also send us:

- Receipts from the purchase of replacement property.
- A list of stolen or damaged personal property, including item descriptions and purchase dates and places.
- Supporting documents for claimed items and values, including original purchase receipts, owner's manuals, etc.
- Bank records or any documents you have that support the items claimed.
- Police report or report number if unavailable.

We've enclosed an Authorization to Obtain Information for you to complete and return. During our investigation, we may need access to some or all of the records listed on the form. Please keep a copy of each of these forms for your records.

We're sending you these provisions to help you comply with your obligations listed in your policy. Since these provisions represent only a portion of your policy, please review your entire policy so you understand all your rights and obligations.

We are required to investigate each loss and explore all facts. We will be able to make a decision about your claim after we've completed our investigation. We are still investigating your claim at this time and appreciate your continued assistance and cooperation.

We reserve all rights and defenses under the policy and law and no activity on our part should be construed as a waiver. Even though only parts of the policy may be mentioned or quoted in this letter, additional portions if found to be relevant will be applied.

Once we receive your completed forms, we'll review them immediately.

We encourage you to visit www.farmers.com to learn more about our self-service options available to you, including the ability to view your claim status, upload documents and photos and find local service providers.

If you have questions, please contact me at 760-636-2480.

Thank you.

Donald Means
Senior Field Claims Representative
(760) 636-2480
Farmers Direct Property And Casualty Ins. Company

Email communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

## Proof of Loss – Frequently Asked Questions

***What is the Proof of Loss form?***

The Proof of Loss form is a written statement formalizing the facts of your loss. It fulfills the condition of your policy requiring you to provide a sworn statement attesting to the facts of your loss.

***Who should sign the Proof of Loss form?***

At a minimum, all adults who are named on the policy, and all persons 18 years or older who reside in the household and who own items being claimed should sign the Proof of Loss form in the presence of a notary. A separate Proof of Loss form may be signed and notarized by each such person.

***Do I have to have the form notarized?***

Yes. When the form is notarized with your signature(s), you are providing proof that you are, in fact, the person who is swearing that the facts presented in the form are true and accurate to the best of your knowledge.

***I already provided a list of items. Do I need to recreate the list of items I am claiming on this form?***

A complete and itemized list of all property and damages being claimed must be submitted with the Proof of Loss form. The list must include the description, age, value, and condition of each item. Failure to provide an accurate and complete list with the form will likely result in the rejection of the Proof of Loss form.

If it is more convenient, you may write "see attachment" on the Personal Property Summary Worksheet. However, each person signing the Proof of loss must also sign the attachment. There is no need to have the attachment also notarized.

***Why do you need to know the condition of my property?***

If depreciation applies to your loss, it will be determined based upon the age and the condition of your property. You may describe your property as being in new, above average, average or below average condition in accord with the following definitions.

- **New condition** describes those items that are still in the original packaging and have never been used. However, 'new' items may be subject to depreciation based on pre-loss deterioration, damage or functional obsolescence.
- **Above average condition** refers to items which have been rarely used and show little evidence of that use.
- **Average condition** applies when the item shows evidence of moderate usage. Appearance and function appropriately correlate with the age of the item. It should be noted that if no condition is selected, we will assume average condition.
- **Below average condition** describes items that show evidence of substantial use.

***Is there a time limit for submitting the completed Proof of Loss form?***

The specific length of time allotted by your policy has been provided to you in the cover letter which accompanied the Proof of Loss form. You may wish to refer to this letter which quotes your policy for the precise time frame.

***If a question does not apply to my loss, may I leave it blank?***

No. Failure to complete every question may result in the rejection of the Proof of Loss form. It is important that you respond fully to every question on the form.

***What happens if the Proof of Loss form I submit is rejected?***

If the form is rejected you will be notified. This notification will include a request to correct the form. Please note, the time limitation will not change if the form is rejected. Consequently, it is advised that you submit the completed form well before the expiration of the time limit if at all possible.

***What happens if I do not submit the correctly completed form within the time frame specified?***

Failure to submit the complete and correct Proof of Loss form within the specified time frame could compromise the coverage for your loss and may result in the denial of your claim.

**PROOF OF LOSS** to the Company indicated below.
(Continue any response on a separate sheet if needed)

Company Name: Farmers Direct Property And Casualty Ins. Company

1. Policy #: ________________________________, a homeowners insurance policy.
2. Claim #: ________________________________
3. Named Insured(s) and persons owning items being claimed: (Hereinafter all called the Insured.)

| Name of Insured | Date of birth | Social Security Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

4. Loss address and insured residence address. If both addresses are the same, please mark "same" under residence address:

| Address where loss occurred: | | Residence address at the time of the loss: | |
|---|---|---|---|
| Street: | | Street: | |
| | | | |
| City, State: | Zip: | City, State: | Zip: |

5. Provide current residence address of insured(s) if different than "Residence address at the time of the loss" from above: (If both addresses are the same, please mark "same" below.)

_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________

6. Are you currently employed?

[ ] Yes [ ] No

If you marked "No" to question 6, please explain:

_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________

W6X0T51S3

If you marked "Yes" to question 6, please complete the following:

| | |
|---|---|
| Job title: | |
| Employer name: | |
| Employer address: | |
| | |
| Employer telephone: | |
| Name of direct supervisor: | |

7. Cause/Type of loss (Check all that apply):

[ ] Theft
[ ] Vandalism
[ ] Missing Property
[ ] Other

If "Other" please describe the loss details below:

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

8. Record your description of the loss including relevant facts leading up to and after the loss (continue response on separate sheet if needed):

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

9. Date and time loss was discovered:

______________________________________________________________________________

10. Name(s) and telephone number(s) of person(s) who discovered the loss:

| Name | Relationship to the insured | Telephone number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

11. Location(s) of the affected personal property at time of loss:

________________________________________________________________
________________________________________________________________
________________________________________________________________

12. Was the loss reported to the police?

[ ] Yes [ ] No

If you marked "No" to question 12, please explain:

________________________________________________________________

If you marked "Yes" to question 12, please complete the following:

| | |
|---|---|
| Name of police or sheriff department: | |
| Police report number: | |
| Date reported to police: | |
| Name of responding officer or detective: | |
| Telephone number of officer or detective: | |
| Are the police actively working this case? | [ ] Yes [ ] No |

13. Do you suspect anyone?

[ ] Yes [ ] No

If you marked "Yes" to question 13, please list the suspect(s):

| Name of suspect | Relationship to insured (If any) |
|---|---|
| | |
| | |
| | |

14. Was anyone living in the home prior to the loss being discovered?

[ ] Yes [ ] No

If you marked "No" to question 14, when was the last time someone lived in the home?

________________________________________________________________

If you marked "Yes" to question 14, please list the occupant(s):

| Name of occupant | Telephone number |
|---|---|
| | |
| | |
| | |

15. Was anyone working on the premises prior to the loss? For example, doing any renovations like painting, installing carpeting or cabinets, replacing electrical, plumbing, etc..

[ ] Yes [ ] No

If you marked "Yes" to question 15, please list the individual(s):

| Name of individual(s) | Address | Telephone number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

16. Do you have property insurance with any other company?

[ ] Yes [ ] No

If you marked "Yes" to question 16, please provide the name(s) of the additional insurance carrier(s):

| Name of additional insurance carrier |
|---|
| |
| |
| |

17. Have you previously had a missing property, burglary, robbery, theft, or larceny loss?

[ ] Yes [ ] No

If you marked "Yes" to question 17, please complete the following (continue response on separate sheet if needed):

| Prior loss date | Describe loss | Settlement payment amount | Insurance carrier |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

18. Has your insurance ever been cancelled or have you ever been declined by any insurance carrier?

[ ] Yes [ ] No

If you marked “Yes” to question 18, when and who was the insurer?

______________________________________________________________________________
______________________________________________________________________________

19. Are you the sole owner of all of the property currently being claimed?

[ ] Yes [ ] No

If you marked "No" to question 19, please explain:

______________________________________________________________________________

______________________________________________________________________________

20. If the loss occurred from your residence is there any damage to the premises?

[ ] Yes [ ] No

If you marked "Yes" to question 20, please complete the following:

| Item | Damage description | Repair estimate | Estimate amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**If there is a repair estimate, please include the repairer name and attach the estimate.**

21. If the loss occurred from your residence does the premises currently have a mortgage?

[ ] Yes [ ] No

If you marked "Yes" to question 21, please complete the following:

| Mortgage company name | Mortgage company address |
|---|---|
| | |
| | |

22. Schedule of Personal Property. The chart on attached page is the information required if loss or damage is claimed for items of personal property. Provide separate list(s) with this information or use additional PERSONAL PROPERTY SUMMARY WORKSHEET forms. **Note: All claimed items must be listed on this Proof of Loss form.**

23. Please complete the following indicating the total dollar amounts you are claiming. Note: This box must be completed correctly to avoid rejection of this form. These totals require an attached written itemization with explanation.

| Claimed Expense Category | Total Dollar Amount |
|---|---|
| Building Damages | $ |
| Personal Property | $ |
| Additional Living Expense/Loss of Rents | $ |
| Other Expenses | $ |
| Total Amount Claimed | $ |

W6X0T51S3

24. For all property claimed, I have attached all available supporting documentation to this form such as receipts, credit card statements, bank statement, photographs, copies of owner's manuals, etc.

[ ] Yes [ ] No

If you marked "No" to question 24, please explain:

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

This loss did not originate or continue by any act, design, procurement, or willful neglect on the part of any Insured, or on the part of any person having any interest, direct or indirect, in the insured property or in the Policy of insurance. Nothing has been done by or with an Insured's knowledge or consent to violate the conditions of the Policy or render it void. No property saved has in any manner been concealed and no attempt to deceive the Company as to the extent of the loss has in any manner been made. The Insured(s) has provided Company with all knowledge the Insured(s) has about the loss and has not by omission omitted any facts even if Company has not specifically requested such facts. Any other or additional information that may be required will be furnished by the Insured(s) when called for and will be made a part thereof.

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE FURNISHING OF THIS BLANK FORM TO THE INSURED(S), OR THE PREPARING OF PROOFS BY AN ADJUSTER OR ANY AGENT OF THE COMPANY, IS NOT TO BE CONSIDERED AS A WAIVER OF ANY OF THE RIGHTS OF THE COMPANY OR AS AN ADMISSION OF COVERAGE.

I/we hereby declare the facts stated on both sides of this form (and the information contained in all documents and information submitted with this form) to be true and correct and I/we request the Company to rely thereon concerning this claim.

Named Insured: ______________________________ Date: __________

Signature: ______________________________

Named Insured: ______________________________ Date: __________

Signature: ______________________________

Named Insured: ______________________________ Date: __________

Signature: ______________________________

W6X0T51S3

Named Insured: _______________________________________________ Date: _____________

Signature: _______________________________________________

For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California County of _____________________________________________)

On _____________________ before me, _______________________________________________________
(insert name and title of the officer)

personally appeared _____________________________________________________________, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ___________________________________ (Seal)

# PERSONAL PROPERTY SUMMARY WORKSHEET

| Quantity | Description of Item | Brand | Model | Place of Purchase or Name of Giver | Approximate Price Per Item | Approximate Purchase Date | Condition: New, Above Average, Average, Below Average |
|---|---|---|---|---|---|---|---|
| Example 1 | 40" Television, 1080P | Insignia | NS40D420NA16 | Best Buy | $199.99 | 5/1/2018 | Average |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

W6X0T51S3

# EXHIBIT 6

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
Please include your claim # on any correspondence
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
www.farmers.com/claimstatus

July 2, 2024

JULIO RAVADA
2275 E BELDING DR
PALM SPRINGS CA 92262
Delivered by email to: jravada@icloud.com

| | | |
|---|---|---|
| RE: | Insured: | Julio Ravada |
| | Claim Number: | 7007678692-1-1 |
| | Policy Number: | 3872340940 |
| | Loss Date: | 06/03/2024 |
| | Location of Loss: | 2275 E Belding Dr, Palm Springs, CA |
| | Subject: | Status Letter |

Dear Julio Ravada:

Thank you for choosing us to provide for your insurance needs. We value you as a customer and appreciate the opportunity to be of service.

As we discussed on July 2, 2024, the following items are still pending for the Theft/Vandalism portion of your claim:

- Completed Proof of Loss
- Police Report

We'll update you regularly during the claims process and once your claim is complete, we'll let you know.

We encourage you to visit www.farmers.com to learn more about our self-service options available to you, including the ability to view your claim status, upload documents and photos and find local service providers.

If you have any questions, please contact me at (760) 636-2480.

Thank you.

Donald Means
Senior Field Claims Representative
(760) 636-2480
Farmers Direct Property And Casualty Ins. Company

Email communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

1CZFA7973

TO : jravada@icloud.com
Sent : Wednesday, July 3, 2024 03:53 PM
CC :
Subject : Claim # 7007678692-1, Loss Date 06/03/2024, Important Claim Information [2Y9H10AK3]

Good morning Julio,

Thank you for taking my call this morning. As we discussed, the Status Letter sent yesterday afternoon was to inform you of where we stand with our coverage investigation. We still need the following requested documentation to move forward in our coverage decision:

-Completed Proof of Loss form
-Police Report

I understand that the detective assigned to your case has advised that the police report is not yet ready and you will forward once available. However, if you could please complete the Proof of Loss document at your earliest convenience, it would be greatly appreciated. To answer your question regarding whether repairs to the home should be included on the document, if you have acquired estimates from contractors for repairs to the home, please list those on table 20 of the form and attach those estimates when returning the Proof of Loss document.

Please do not alter the subject line of this email so that it does not get misrouted when responding.
[2Y9H10AK3]

Donald Means
Senior Field Claims Representative
(760) 636-2480
Farmers Direct Property And Casualty Ins. Company
myclaim@farmersinsurance.comEmail communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

# EXHIBIT 7

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
Please include your claim # on any correspondence
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
www.farmers.com/claimstatus

August 2, 2024

JULIO RAVADA
2275 E BELDING DR
PALM SPRINGS CA 92262
Delivered by email to: jravada@icloud.com

| | | |
|---|---|---|
| RE: | Insured: | Julio Ravada |
| | Claim Number: | 7007678692-1 |
| | Policy Number: | 3872340940 |
| | Loss Date: | 06/03/2024 |
| | Location of Loss: | 2275 E Belding Dr, Palm Springs, CA |
| | Subject: | Important Claim Information |

Dear Julio Ravada:

I have been reassigned to your file and will be the Claims Adjuster from this point forward. My contact information is at the end of this letter. Please note that only contact by phone, email or fax is acceptable. Alternate methods such as text messaging may not be received and/or responded to immediately. The best method to forward documents is through our ClaimXperience system.

I have reviewed the file and the coverage investigation is ongoing. Multiple items critical to the loss investigation are required. Once the items are received, I will need additional time to review the documents and determine if a coverage decision may be made. Regular updates will be provided.

We are in receipt of your signed Proof of Loss form. This was received by our office on July 24, 2024. As detailed within prior correspondence, our policy does obligate you to submit a properly executed and fully completed Sworn Statement in Proof of Loss. The Sworn Statement in Proof of Loss you have submitted fails to comply with these requirements. Specifically, we are rejecting your Sworn Statement in Proof of Loss due to the following reasons:

- Question 23 was not answered.
- The form was not signed with a verified signature.

This letter will serve as a reminder to fully complete the Proof of Loss form. According to your policy's terms and conditions and the state laws where your property is located, you have 60 days after we requested the Proof of Loss form on June 10, 2024 to submit your claim to your insurance company. Failure to complete the Proof of Loss could jeopardize your insurance coverage for this loss. Please complete, sign and send the enclosed document to my attention by August 9, 2024.

Please note the Proof of Loss must have a verified signature of all insureds and/or persons who are claiming lost property. This verification must be accomplished by having the form notarized. Please ensure the entire form is completed and a full, final and complete account of all claimed damages are reflected within the document.

Please ensure any supporting documents such as estimates and the Schedule of Personal Property are included as part of the Proof of Loss document. It is critical that all claimed items provide a detailed description, including all known details such as the manufacturer, serial number and model numbers. Every claimed item also needs to specify the month and year it was obtained or purchased, the source where it was purchased or obtained from and a claimed replacement value.

We will make a coverage decision after we have completed our investigation. We appreciate your continued cooperation.

Our decision will be made based on the information we have available and is not limited to the reasons set forth above, but shall include any and all grounds for non-coverage that may be revealed in our investigation. If you have any additional information, please send it to our attention for further review.

We reserve all rights and defenses under the policy and law and no activity on our part should be construed as a waiver. Even though only parts of the policy may be mentioned or quoted in this letter, additional portions if found to be relevant will be applied.

If you have questions about your claim, please contact me at 913 609-0065.

Thank you.

Richard Bryan
General Adjuster
(913) 609-0065
Farmers Direct Property And Casualty Ins. Company

Email communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

Enclosure(s):
Proof of Loss -

**PROOF OF LOSS** to the Company indicated below.
(Continue any response on a separate sheet if needed)

Company Name: Farmers Direct Property And Casualty Ins. Company

1. Policy #: ______________________________, a homeowners insurance policy.
2. Claim #: ______________________________
3. Named Insured(s) and persons owning items being claimed: (Hereinafter all called the Insured.)

| Name of Insured | Date of birth | Social Security Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

4. Loss address and insured residence address. If both addresses are the same, please mark "same" under residence address:

| Address where loss occurred: | | Residence address at the time of the loss: | |
|---|---|---|---|
| Street: | | Street: | |
| | | | |
| City, State: | Zip: | City, State: | Zip: |

5. Provide current residence address of insured(s) if different than "Residence address at the time of the loss" from above: (If both addresses are the same, please mark "same" below.)

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

6. Are you currently employed?

[ ] Yes [ ] No

If you marked "No" to question 6, please explain:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

W6X0T51S3

If you marked "Yes" to question 6, please complete the following:

| | |
|---|---|
| Job title: | |
| Employer name: | |
| Employer address: | |
| | |
| Employer telephone: | |
| Name of direct supervisor: | |

7. Cause/Type of loss (Check all that apply):

[ ] Theft
[ ] Vandalism
[ ] Missing Property
[ ] Other

If "Other" please describe the loss details below:

______________________________________________________________
______________________________________________________________
______________________________________________________________

8. Record your description of the loss including relevant facts leading up to and after the loss (continue response on separate sheet if needed):

______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________
______________________________________________________________

9. Date and time loss was discovered:

______________________________________________________________

10. Name(s) and telephone number(s) of person(s) who discovered the loss:

| Name | Relationship to the insured | Telephone number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

W6X0T51S3

11. Location(s) of the affected personal property at time of loss:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

12. Was the loss reported to the police?

[ ] Yes [ ] No

If you marked "No" to question 12, please explain:

______________________________________________________________________

If you marked "Yes" to question 12, please complete the following:

| | |
|---|---|
| Name of police or sheriff department: | |
| Police report number: | |
| Date reported to police: | |
| Name of responding officer or detective: | |
| Telephone number of officer or detective: | |
| Are the police actively working this case? | [ ] Yes [ ] No |

13. Do you suspect anyone?

[ ] Yes [ ] No

If you marked "Yes" to question 13, please list the suspect(s):

| Name of suspect | Relationship to insured (If any) |
|---|---|
| | |
| | |
| | |

14. Was anyone living in the home prior to the loss being discovered?

[ ] Yes [ ] No

If you marked "No" to question 14, when was the last time someone lived in the home?

______________________________________________________________________

If you marked "Yes" to question 14, please list the occupant(s):

| Name of occupant | Telephone number |
|---|---|
| | |
| | |
| | |

W6X0T51S3

15. Was anyone working on the premises prior to the loss? For example, doing any renovations like painting, installing carpeting or cabinets, replacing electrical, plumbing, etc..

[ ] Yes [ ] No

If you marked "Yes" to question 15, please list the individual(s):

| Name of individual(s) | Address | Telephone number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

16. Do you have property insurance with any other company?

[ ] Yes [ ] No

If you marked "Yes" to question 16, please provide the name(s) of the additional insurance carrier(s):

| Name of additional insurance carrier |
|---|
| |
| |
| |

17. Have you previously had a missing property, burglary, robbery, theft, or larceny loss?

[ ] Yes [ ] No

If you marked "Yes" to question 17, please complete the following (continue response on separate sheet if needed):

| Prior loss date | Describe loss | Settlement payment amount | Insurance carrier |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

18. Has your insurance ever been cancelled or have you ever been declined by any insurance carrier?

[ ] Yes [ ] No

If you marked "Yes" to question 18, when and who was the insurer?

_______________________________________________

_______________________________________________

19. Are you the sole owner of all of the property currently being claimed?

[ ] Yes [ ] No

W6X0T51S3

If you marked "No" to question 19, please explain:

______________________________________________________________

______________________________________________________________

20. If the loss occurred from your residence is there any damage to the premises?

[ ] Yes [ ] No

If you marked "Yes" to question 20, please complete the following:

| Item | Damage description | Repair estimate | Estimate amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**If there is a repair estimate, please include the repairer name and attach the estimate.**

21. If the loss occurred from your residence does the premises currently have a mortgage?

[ ] Yes [ ] No

If you marked "Yes" to question 21, please complete the following:

| Mortgage company name | Mortgage company address |
|---|---|
| | |
| | |

22. Schedule of Personal Property. The chart on attached page is the information required if loss or damage is claimed for items of personal property. Provide separate list(s) with this information or use additional PERSONAL PROPERTY SUMMARY WORKSHEET forms. **Note: All claimed items must be listed on this Proof of Loss form.**

23. Please complete the following indicating the total dollar amounts you are claiming. Note: This box must be completed correctly to avoid rejection of this form. These totals require an attached written itemization with explanation.

| Claimed Expense Category | Total Dollar Amount |
|---|---|
| Building Damages | $ |
| Personal Property | $ |
| Additional Living Expense/Loss of Rents | $ |
| Other Expenses | $ |
| Total Amount Claimed | $ |

W6X0T51S3

24. For all property claimed, I have attached all available supporting documentation to this form such as receipts, credit card statements, bank statement, photographs, copies of owner's manuals, etc.

[ ] Yes [ ] No

If you marked "No" to question 24, please explain:

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

This loss did not originate or continue by any act, design, procurement, or willful neglect on the part of any Insured, or on the part of any person having any interest, direct or indirect, in the insured property or in the Policy of insurance. Nothing has been done by or with an Insured's knowledge or consent to violate the conditions of the Policy or render it void. No property saved has in any manner been concealed and no attempt to deceive the Company as to the extent of the loss has in any manner been made. The Insured(s) has provided Company with all knowledge the Insured(s) has about the loss and has not by omission omitted any facts even if Company has not specifically requested such facts. Any other or additional information that may be required will be furnished by the Insured(s) when called for and will be made a part thereof.

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE FURNISHING OF THIS BLANK FORM TO THE INSURED(S), OR THE PREPARING OF PROOFS BY AN ADJUSTER OR ANY AGENT OF THE COMPANY, IS NOT TO BE CONSIDERED AS A WAIVER OF ANY OF THE RIGHTS OF THE COMPANY OR AS AN ADMISSION OF COVERAGE.

I/we hereby declare the facts stated on both sides of this form (and the information contained in all documents and information submitted with this form) to be true and correct and I/we request the Company to rely thereon concerning this claim.

Named Insured: ______________________________ Date: __________

Signature: ______________________________

Named Insured: ______________________________ Date: __________

Signature: ______________________________

Named Insured: ______________________________ Date: __________

Signature: ______________________________

W6X0T51S3

Named Insured: ________________________________________ Date: ____________

Signature: ________________________________________

For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California County of ________________________________________)

On ____________________ before me, ________________________________________________
(insert name and title of the officer)

personally appeared ______________________________________________________, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ________________________________ (Seal)

W6X0T51S3

## PERSONAL PROPERTY SUMMARY WORKSHEET

| Quantity | Description of Item | Brand | Model | Place of Purchase or Name of Giver | Approximate Price Per Item | Approximate Purchase Date | Condition: New, Above Average, Average, Below Average |
|---|---|---|---|---|---|---|---|
| Example 1 | 40" Television, 1080P | Insignia | NS40D420NA16 | Best Buy | $199.99 | 5/1/2018 | Average |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

W6X0T51S3

# PERSONAL PROPERTY SUMMARY WORKSHEET

| Quantity | Description of Item | Brand | Model | Place of Purchase or Name of Giver | Approximate Price Per Item | Approximate Purchase Date | Condition: New, Above Average, Average, Below Average |
|---|---|---|---|---|---|---|---|
| Example 1 | 40" Television, 1080P | Insignia | NS40D420NA16 | Best Buy | $199.99 | 5/1/2018 | Average |
| 1 | Subwoofer | Sonos | SUB Gen 3 | Sonos | 874.91 | 11/30/2021 | Above Average |
| 1 | Sound bar | Sonos | ARC | Sonos | 984.41 | 11/30/2021 | |
| 1 | Small speaker | Sonos | roam | Sonos | 156.59 | 11/30/2021 | |
| 1 | Vacuum | Dyson | V15 + | Dyson | 819.36 | 6/28/2021 | |
| 1 | Sylicone Bodysuit | Cyomi | D Cup | Amazon | 272.03 | 4/24/2024 | New |
| 3 | Gold Chain 22K | N/A | 22k | Istanbul, Turkey | 589.00 | 10 years ago | Above Average |
| 1 | Drone DJI FPV | DJI | DJI+FPV Goggles | Best Buy | 1684.07 | 12/3/2021 | |
| 1 | Drone Backpack | DJI | Backpack Carry More | DJI Store | 138.80 | 12/11/2021 | |
| 1 | Drone Battery | DJI | Add'l battery | Best Buy | 159.99 | 3/27/2022 | |
| 1 | Laptop Work HP | HP | N/A | Bank of America | Ø | Replaced already | |
| 1 | MacBook Pro laptop | Apple | M1 Chip | Best Buy | 865.99 | 3/21/2023 | Above Average |
| 1 | AirPods Max (ear pieces) | Apple | AIR Pod Max | Best Buy | 524.53 | 12/15/2021 | Above Average |
| 1 | Apple Watch Edition | Apple | Ceramic Edition | Best Buy | 1428.92 | 2/11/2022 | Above Average |
| 1 | Earbuds | Apple | 2nd Gen | Amazon | 206.48 | 1/24/2024 | Above Average |
| 1 | Wall Controller 2 Switch | Brilliant | 2 Switch | Can't find | 449 | 2022 | Above Average |
| 1 | Wall controller 3 Switch | Brilliant | 3 switch | Can't find | 499 | 2022 | Above Average |
| 1 | Thermostat | Nest | Google | Home Depot | 121.24 | 11/10/2023 | Above Average |
| 1 | Desk Lamp | Dyson | Morph Light | Dyson | 910.11 | 8/5/2021 | Above Average |
| 1 | Security Cam | Eufy | Floodlight Pro | Amazon | 321.18 | 8/30/2022 | Above Average |
| 1 | Dishwasher | Fisher & Paykel | 24" Top 2 drawer | Best Buy | 1904.18 | 2/27/2022 | Above Average |
| 2 | Light Fixtures | Philips | Appear | B&H | 306.58 | 1/28/2021 | Average |
| 1 | Light Fixture | Philips | [illegible] | Amazon | 1017.25 | 2/20/2021 | Average |
| 1 | Pointings | Mark Scrur | Ivy Lake | New Orleans | 5750 | +/- 2018 | Average |
| 1 | Window | Andersen | 2 panel | Home Depot | 569.- | 8/29/22 | Average |
| 1 | No Face Anime Memorabilia | Akihabara | N/A | Tokyo Japan | 1500 | +/- 2018 | Average |
| 8 | Snowglobes paid ablot | N/A | N/A | All around the world | 300.- | 15 years ago - 4yrs | Average |
| 1 | Toilet | | 5968657325 | Nomany | 1299.99 | | Average |

W6X0T51S3

# EXHIBIT 8

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
Please include your claim # on any correspondence
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
www.farmers.com/claimstatus

August 9, 2024

JULIO RAVADA
2275 E BELDING DR
PALM SPRINGS CA 92262
Delivered by email to: jravada@icloud.com

| | | |
|---|---|---|
| RE: | Insured: | Julio Ravada |
| | Claim Number: | 7007678692-1 |
| | Policy Number: | 3872340940 |
| | Loss Date: | 06/03/2024 |
| | Location of Loss: | 2275 E Belding Dr, Palm Springs, CA |
| | Subject: | Important Claim Information |

Dear Julio Ravada:

I'm writing you to confirm that we are still conducting our coverage investigation.

We acknowledge receipt of your signed Proof of Loss form on August 5, 2024 along with multiple supporting documents such as receipts and photographs between August 2, 2024-August 9, 2024. At this time we are neither accepting nor rejecting the Proof of Loss, nor do we have sufficient information to accept or deny your claim. We are still investigating your claim and will keep you advised on a regular basis.

Farmers Direct Property and Casualty Ins. Co. has determined assistance from council is needed to help determine coverage for your claim. Therefore, we sent the file to our attorneys at Gordon Rees Scully Mansukhani for review and possible Examination Under Oath as per the policy language below. If our council determines an exam will add value to the investigation they will be in contact with you to schedule an appointment.

Our counsel's contact information is:

GORDON REES SCULLY MANSUKHANI
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: 213 576-5030

Your policy provides coverage for the insured property and is subject to specific terms, conditions, limitations and exclusions. Please refer to the following language in your Farmers Homeowners Insurance Policy, as endorsed:

**PROPERTY CONDITIONS**

## SECTION I - CONDITIONS

2. **What You Must Do After a Loss. We** have no obligation to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties.

   A. Immediately notify **us** or **our** representative.

      In case of theft, promptly notify the police.

      In case of loss under the credit card or electronic fund transfer card coverage, promptly notify the issuing company or bank.

   B. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

   C. Cooperate with **us** in the investigation of a claim.

   D. Prepare an inventory of damaged or stolen personal property showing, in detail, the quantity, age, description, **actual cash value** and amount of loss claimed for each item. Attach to the inventory all bills and other documents that substantiate the figures in the inventory.

   E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:

      1. show **us** the damaged property;
      2. submit to questions concerning the loss under oath while not in the presence of any other person defined as "**you**", and sign and swear to the answers: and
      3. allow **us** to examine and copy or abstract any records and documents **we** request.

   F. Within 60 days after **our** request, **you** must file with **us** a signed and sworn proof of loss, stating to the best of **your** knowledge:

      1. the time and cause of loss;
      2. **your** interest and that of any other person in the property involved and all encumbrances on the property;
      3. a description of each item, including all information contained in the inventory described above;
      4. a description of other insurance policies that might apply to the loss;
      5. any changes in ownership, use, possession or location of the property that took place since this policy was issued;
      6. if loss is to a building, who occupied it at the time of loss, what the purposes of such occupancy were, and whether the building stood on leased ground;
      7. specifications of any damaged building, fixture or machinery and detailed estimates for repair of the damage;
      8. receipts for additional living expenses **you** incur and records supporting the fair rental value; and
      9. evidence or affidavit supporting a claim under **SECTION I - ADDITIONAL COVERAGES for Credit Card, Electronic Fund Transfer Card, Forgery and Counterfeit Money,** stating the amount and cause of loss.

We will make a coverage decision after we have completed our investigation. We appreciate your continued cooperation.

Our decision will be made based on the information we have available and is not limited to the reasons set forth above, but shall include any and all grounds for non-coverage that may be revealed in our investigation. If you have any additional information, please send it to our attention for further review.

We reserve all rights and defenses under the policy and law and no activity on our part should be construed as a waiver. Even though only parts of the policy may be mentioned or quoted in this letter, additional portions if found to be relevant will be applied.

If you have questions about your claim, please contact me at 913 609-0065.

Thank you.

Richard Bryan
General Adjuster
(913) 609-0065
Farmers Direct Property And Casualty Ins. Company

Email communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

CC: GORDON REES SCULLY MANSUKHANI LLP

# EXHIBIT 9

EXHIBIT
EX 0002
Julio Ravada
09272024



**PROOF OF LOSS** to the Company indicated below.
(Continue any response on a separate sheet if needed)

Company Name: Farmers Direct Property And Casualty Ins. Company

1. Policy #: 3872340940, a homeowners insurance policy.
2. Claim #: 7007678692-1
3. Named Insured(s) and persons owning items being claimed: (Hereinafter all called the Insured.)

| Name of Insured | Date of birth | Social Security Number |
|---|---|---|
| Julio Ravada | REDACTED | REDACTED |
| | | |
| | | |
| | | |

4. Loss address and insured residence address. If both addresses are the same, please mark "same" under residence address:

| Address where loss occurred: | | Residence address at the time of the loss: | |
|---|---|---|---|
| Street: 2275 E Belding Dr | | Street: 2275 E Belding Dr | |
| | | | |
| City, State: Palm Springs | Zip: 92262 | City, State: Palm Springs | Zip: 92262 |

5. Provide current residence address of insured(s) if different than "Residence address at the time of the loss" from above: (If both addresses are the same, please mark "same" below.)

"same"

6. Are you currently employed?

[x] Yes [ ] No

If you marked "No" to question 6, please explain:

W6X0T51S3

If you marked "Yes" to question 6, please complete the following:

| | |
|---|---|
| Job title: | Testing Specialist |
| Employer name: | Bank of America |
| Employer address: | Work from home |
| Employer telephone: | 800.556.6044 |
| Name of direct supervisor: | Peter Max |

7. Cause/Type of loss (Check all that apply):

[x] Theft
[X] Vandalism
[ ] Missing Property
[ ] Other

If "Other" please describe the loss details below:

8. Record your description of the loss including relevant facts leading up to and after the loss (continue response on separate sheet if needed):

On June 3rd i was preparing to run errands in LA. A guy named Robin stopped by wanting to introduce me to a friend of his, i told them i was about to head out to LA and that my buddy Edward's Uber was about to arrive so they left. I ended up going to LA with Edward and came back to my house at around mid night and to my surprise i noticed my entire home has no power, first instint is get my dog and he seemed stressed but was fine. We go outside to the side patio to electrical panel and noticed the main switch off, i turned it on but this time it felt super hard to move but yet very lose, but all this time i am watching that no insects or weird desert animals attack my dog so we run back inside now I lights were on, Then i noticed my work laptop gone and paiting. I call my employer's corporate security, then 911 and next day insurance

9. Date and time loss was discovered:

June 4th at around !2:30am

10. Name(s) and telephone number(s) of person(s) who discovered the loss:

| Name | Relationship to the insured | Telephone number |
|---|---|---|
| Julio Ravada | Self | 213 925 4069 |
| | | |
| | | |
| | | |

W6X0T51S3

11. Location(s) of the affected personal property at time of loss:
My primary home at 2275 E Belding Dr Palm Springs CA 92262: kitchen, desk, living room, etc

12. Was the loss reported to the police?
[x] Yes [ ] No

If you marked "No" to question 12, please explain:

If you marked "Yes" to question 12, please complete the following:

| | |
|---|---|
| Name of police or sheriff department: | Palm Springd Police Department |
| Police report number: | |
| Date reported to police: | 6/4/2024 |
| Name of responding officer or detective: | |
| Telephone number of officer or detective: | |
| Are the police actively working this case? | [x] Yes [ ] No |

13. Do you suspect anyone?
[x] Yes [ ] No

If you marked "Yes" to question 13, please list the suspect(s):

| Name of suspect | Relationship to insured (If any) |
|---|---|
| Robin | Worked before in my home |
| | |
| | |

14. Was anyone living in the home prior to the loss being discovered?
[ ] Yes [x] No

If you marked "No" to question 14, when was the last time someone lived in the home?
Feb 2024

If you marked "Yes" to question 14, please list the occupant(s):

| Name of occupant | Telephone number |
|---|---|
| | |
| | |
| | |

W6X0T51S3

15. Was anyone working on the premises prior to the loss? For example, doing any renovations like painting, installing carpeting or cabinets, replacing electrical, plumbing, etc..

[x] Yes [ ] No

If you marked "Yes" to question 15, please list the individual(s):

| Name of individual(s) | Address | Telephone number |
|---|---|---|
| Me (Julio Ravada) Painting ceiling | 2275 E Belding Dr Palm Springs CA 92262 | 213 9254069 |
| | | |
| | | |
| | | |

16. Do you have property insurance with any other company?

[ ] Yes [x] No

If you marked "Yes" to question 16, please provide the name(s) of the additional insurance carrier(s):

| Name of additional insurance carrier |
|---|
| |
| |
| |

17. Have you previously had a missing property, burglary, robbery, theft, or larceny loss?

[x] Yes [ ] No

If you marked "Yes" to question 17, please complete the following (continue response on separate sheet if needed):

| Prior loss date | Describe loss | Settlement payment amount | Insurance carrier |
|---|---|---|---|
| Jan 2024 | TV, wallet, comics, bong,... | .$11,622.13 | Farmers |
| July 2023 | Business Equipment, electronic, docs.. | $0 | Farmers |
| | | | |
| | | | |

18. Has your insurance ever been cancelled or have you ever been declined by any insurance carrier?

[x] Yes [ ] No

If you marked "Yes" to question 18, when and who was the insurer?

7/4/2023 Incident by Farmers Ins

19. Are you the sole owner of all of the property currently being claimed?

[x] Yes [ ] No

W6X0T51S3

If you marked "No" to question 19, please explain:

20. If the loss occurred from your residence is there any damage to the premises?

[x] Yes [ ] No

If you marked "Yes" to question 20, please complete the following:

| Item | Damage description | Repair estimate | Estimate amount |
|---|---|---|---|
| Window | Hole made to enter house | | |
| Electric Panel | Hammered to disconnect cams | | |
| Dishwasher | attempted pull out | | |
| Toilette | Used to climb in subtance found inside | | $12,422 |

If there is a repair estimate, please include the repairer name and attach the estimate.

Kings Power Electric Inc

21. If the loss occurred from your residence does the premises currently have a mortgage?

[X] Yes [ ] No

If you marked "Yes" to question 21, please complete the following:

| Mortgage company name | Mortgage company address |
|---|---|
| Select Portfolio Servicing | Po Box 7277 Springfield OH 45501 |
| | |

22. Schedule of Personal Property. The chart on attached page is the information required if loss or damage is claimed for items of personal property. Provide separate list(s) with this information or use additional PERSONAL PROPERTY SUMMARY WORKSHEET forms. **Note: All claimed items must be listed on this Proof of Loss form.**

23. Please complete the following indicating the total dollar amounts you are claiming. Note: This box must be completed correctly to avoid rejection of this form. These totals require an attached written itemization with explanation.

| Claimed Expense Category | Total Dollar Amount |
|---|---|
| Building Damages | $ 12,422 |
| Personal Property | $ 26,730.61 |
| Additional Living Expense/Loss of Rents | $ |
| Other Expenses | $ |
| Total Amount Claimed | $ 39,152.61 |

W6X0T51S3

24. For all property claimed, I have attached all available supporting documentation to this form such as receipts, credit card statements, bank statement, photographs, copies of owner's manuals, etc.

[X] Yes [ ] No

If you marked "No" to question 24, please explain:

______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

This loss did not originate or continue by any act, design, procurement, or willful neglect on the part of any Insured, or on the part of any person having any interest, direct or indirect, in the insured property or in the Policy of insurance. Nothing has been done by or with an Insured's knowledge or consent to violate the conditions of the Policy or render it void. No property saved has in any manner been concealed and no attempt to deceive the Company as to the extent of the loss has in any manner been made. The Insured(s) has provided Company with all knowledge the Insured(s) has about the loss and has not by omission omitted any facts even if Company has not specifically requested such facts. Any other or additional information that may be required will be furnished by the Insured(s) when called for and will be made a part thereof.

IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE FURNISHING OF THIS BLANK FORM TO THE INSURED(S), OR THE PREPARING OF PROOFS BY AN ADJUSTER OR ANY AGENT OF THE COMPANY, IS NOT TO BE CONSIDERED AS A WAIVER OF ANY OF THE RIGHTS OF THE COMPANY OR AS AN ADMISSION OF COVERAGE.

I/we hereby declare the facts stated on both sides of this form (and the information contained in all documents and information submitted with this form) to be true and correct and I/we request the Company to rely thereon concerning this claim.

Named Insured: Julio Ravada Date: 8/2/24

Signature: [signature]

Named Insured: ______________ Date: ________

Signature: ______________

Named Insured: ______________ Date: ________

Signature: ______________

W6X0T51S3

Named Insured: ______________________ Date: __________

Signature: ______________________

For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California County of RIVERSIDE )

On 8-2-2024 before me, DAVID M. PARKER, NOTARY PUBLIC
(insert name and title of the officer)

personally appeared JULIO RAVADA, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature [signature] (Seal)

DAVID M PARKER
COMM. #2366107
Notary Public - California
Riverside County
My Comm. Expires July 17, 2025
NR01

W6X0T51S3

# PERSONAL PROPERTY SUMMARY WORKSHEET

| Quantity | Description of Item | Brand | Model | Place of Purchase or Name of Giver | Approximate Price Per Item | Approximate Purchase Date | Condition: New, Above Average, Average, Below Average |
|---|---|---|---|---|---|---|---|
| Example 1 | 40" Television, 1080P | Insignia | NS40D420NA16 | Best Buy | $199.99 | 5/1/2018 | Average |
| 1 | Subwoofer | Sonos | SUB Gen 3 | Sonos | 874.91 | 11/30/2021 | Above Average |
| 1 | Sound bar | Sonos | ARC | Sonos | 984.41 | 11/30/2021 | |
| 1 | Small speaker | Sonos | Roam | Sonos | 156.59 | 11/30/2021 | |
| 1 | Vacuum | Dyson | V15 + | Dyson | 819.36 | 6/28/2021 | |
| 1 | Silicone Bodysuit | Gyomi | D Cup | Amazon | 272.03 | 4/24/2024 | New |
| 3 | Gold Chain 22K | N/A | 22k | Istanbul, Turkey | 589.00 | 10 years ago | Above Average |
| 1 | Drone DJI FPV | DJI | DJI+FPV Goggles | Best Buy | 1684.07 | 12/3/2021 | |
| 1 | Drone Backpack | DJI | Backpack Carry More | DJI Store | 138.80 | 12/11/2021 | |
| 1 | Drone Battery | DJI | Add'l battery | Best Buy | 159.99 | 3/27/2022 | |
| 1 | Laptop work HP | HP | N/A | Bank of America | Ø | Replaced already | |
| 1 | MacBook pro laptop | Apple | M1 Chip | Best Buy | 865.99 | 3/21/2023 | Above Average |
| 1 | Air pods Max (can pick...) | Apple | AIR Pod Max | Best Buy | 524.53 | 12/15/2021 | Above Average |
| 1 | Apple Watch Edition | Apple | Ceramic Edition | Best Buy | 1428.92 | 2/11/2022 | Above Average |
| 1 | Carbuds | Apple | 2nd Gen | Amazon | 206.48 | 11/24/2024 | Above Average |
| 1 | Wall Controller 2 Switch | Brilliant | 2 Switch | Court fund | 449 | 2022 | Above Average |
| 1 | Wall controller 3 Switch | Brilliant | 3 switch | Court fund | 499 | 2022 | Above Average |
| 1 | Thermostat | Nest | Google | Home Depot | 121.24 | 11/10/2023 | Above Average |
| 1 | Desk Lamp | Dyson | Morph Light | Dyson | 910.11 | 8/5/2021 | Above Average |
| 1 | Security Cam | Eufy | Floodlight Pro | Amazon | 321.18 | 8/30/2022 | Above Average |
| 1 | Dishwasher | Fisher & Paykel | 24" Top Edition | Best Buy | 1904.18 | 2/27/2022 | Above Average |
| 2 | light Fixtures | Philips | Appear | B&H | 306.58 | 1/22/2021 | Average |
| 1 | light Fixture | Philips | Ensis | Amazon | 1017.25 | 2/20/2021 | Average |
| 1 | Poi 4 ... | Mark Spencer | Ivy Kibble | New Orleans | 5750 | +/- 2018 | Average |
| 1 | window | Andersen | 2 panel | Home Depot | 569.- | 8/29/22 | Average |
| 1 | No Face Anime Memorabilia | Akihabara | N/A | Tokyo Japan | 1500 | +/- 2018 | Average |
| 8 | Snowglobes porcelain ... | N/A | N/A | Midwest Hawaii | 300 — | 15 years ago - 4 yrs | Average |
| 1 | Toilet | | 59686573251 | Nomany | 1299.99 | | Average |

W6X0T5163

# EXHIBIT 10

FARMERS INSURANCE

Toll Free: (800) 435-7764
Email: myclaim@farmersinsurance.com
Please include your claim # on any correspondence
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
www.farmers.com/claimstatus

October 29, 2024

JULIO RAVADA
2275 E BELDING DR
PALM SPRINGS CA 92262
Delivered by email to: jravada@icloud.com

| | | |
|---|---|---|
| RE: | Insured: | Julio Ravada |
| | Claim Number: | 7007678692-1 |
| | Policy Number: | 3872340940 |
| | Loss Date: | 06/03/2024 |
| | Location of Loss: | 2275 E Belding Dr, Palm Springs, CA |
| | Subject: | Claim Outcome Letter |

Dear Julio Ravada:

Thank you for being a valued customer. We'll issue your claim payment(s) through the method you select to receive your funds.

Your settlement breakdown and other claim related information can be found on the included Additional Information page.

You may make further claim within 180 days after the date of the actual cash value payment for any additional payment on a replacement cost basis if you repair, restore or replace the damaged or stolen property.

You claimed damage requiring full replacement of plumbing fixtures, electrical equipment and appliances. You also claimed water damage and mold damages. Unfortunately, there is no coverage for this portion of your claim based on the facts known to us at the present time. Our inspection did not find these items warranted full replacement as a repair appeared possible. Further, our inspection did not find any mold damage to the home and the concrete surfaces did not require additional mitigation or repair from due to clear water exposure.

We encourage you to review the terms of your Farmers homeowners Insurance Policy, as endorsed. They form the basis for our decision. We have attached a "Coverage Outcome – Policy Provisions" document that includes the applicable policy language.

We've completed the adjustment of your loss and we are closing your claim. Closing your claim does not affect processing payments for recoverable depreciation, or any other covered amounts still outstanding. Closing your claim does not prevent you from providing us with additional information, including supplemental claims and requests for recoverable depreciation, within the time limits stated in your policy. We will inform you in writing if any such additional information results in reopening your claim.

If you believe your claim has been wrongfully rejected or denied, in whole or in part, please contact us for further clarification. The state of California requires that we provide you with the following notice: You may also have the matter reviewed by writing to the California Department of Insurance, Consumer Services and Market Conduct Branch, Claims Services Bureau, 300 South Spring Street, South Tower, Los Angeles, CA 90013 or by calling 1-800-927-4357 or 1-213-897-8921.

We encourage you to visit www.farmers.com to learn more about our self-service options available to you, including the ability to view your claim status, upload documents and photos and find local service providers.

If you have any questions, or additional information you think may affect your coverage, please contact me.

Thank you.

Richard Bryan
General Adjuster
(913) 609-0065
Farmers Direct Property And Casualty Ins. Company

Email communications are preferred and should be sent to myclaim@farmersinsurance.com. If hard copies of communications are required, they should be sent to our National Document Center at P.O. Box 268994, Oklahoma City, OK 73126-8994.

CC: GORDON REES SCULLY MANSUKHANI LLP
Enclosure(s):
General Supporting Documents - (2)

# Additional Information

**Payment summary:**

The following table of information outlines your claim settlement.

| Line of Coverage | Personal Property | Dwelling |
|---|---|---|
| Replacement Cost | $18,349.10 | $3,939.12 |
| Less: Depreciation | $3,360.90 | $34.11 |
| Actual Cash Value | $14,988.20 | $3,905.01 |
| Less: Policy Deductible | $2,500.00 | $N/A |
| Amount | $12,488.20 | $3,905.01 |

**Settlement information:**

Actual cash value is based on replacement cost less any applicable depreciation for age, useful life and condition. Labor, taxes and other fees and expenses have also been depreciated if not prohibited by your state. To recover depreciation, please send us a copy of any invoices or receipts that demonstrate replacement or repairs. We believe our estimate reflects the reasonable cost necessary to repair or replace the covered damages. Please let us know immediately if you disagree. We'll reimburse you for the full replacement cost reasonably paid to repair or replace the covered damages or any applicable policy limits.

Any deductible amount will be applied according to policy provisions.

**Request for Replacement Cost extension:**

You may request a six-month extension to submit your claim to recover withheld depreciation if you provide an explanation that shows good cause as to why repairs or replacement can't be completed within 365 days of our first actual cash value payment. Please contact your claims representative if you can't submit your replacement cost claim within that time, so we can help you finalize your claim. If the loss or damage relates to an event for which a state of emergency was declared, as defined in Section 8558 of the California Government Code, you'll have 36 months from the date of our first actual cash value payment to make a claim for replacement cost.

**General contractor fees:**

We've attached a detailed estimate for the scope of the covered damage and reasonable repair costs. You may choose any repair company you wish to complete repairs. If the repair company you choose will charge more than our estimated amount, please contact us before work begins. We'll review your repairer's recommendations and help reach an agreement.

We are unable to guarantee the workmanship, timeliness, skills or experience of contractors. Because the final agreement is between you and your contractor, we'll be happy to provide assistance or have discussions with your contractor if needed, however my ability to resolve issues related to your contractor's work may be limited.

**Prevention of further damage:**

The policy provides that after a loss, you should protect your property from further damage. Please keep all receipts for emergency repairs or other expenses related to minimizing further damage.

**Subrogation pursuit:**

We intend to pursue reimbursement of amounts we paid, including your deductible, if applicable, from the responsible party who caused or contributed to this loss. If we receive payment, we will reimburse your deductible, if one was applied, according to your state's law.

**Legal Notice(s):**

We reserve all rights and defenses under the policy and law and no activity on our part should be construed as a waiver. Even though only parts of the policy may be mentioned or quoted in this letter, additional portions if found to be relevant will be applied.

California law and regulations require that we provide you with written notice of any limitation period upon which we may rely to deny a claim. We also wish to bring to your attention the following limitation period set forth in the General Conditions section of your policy. This period is the shortest period which will apply, unless that period may have been extended by statute.

Please refer to the **General Conditions** part of your policy, which states:

**GENERAL CONDITIONS**

...

9. **Lawsuits Against Us.** No suit or action may be brought against **us by you** unless there has been full compliance with all of the policy terms.

   Under Section I of this policy, any suit or action seeking coverage must be brought within twelve months of the loss.

   Under Section II of this policy, no one may sue **us** until the amount of legal liability has been finally determined either by judgment after trial or by written agreement of **you,** the injured person and **us.**

   No one shall have any right to make **us** a party to a suit to determine **your** liability.

In addition, we may deny a claim based on the applicable California statute of limitations. If the loss is related to a state of emergency, as defined in subdivision (b) of Section 8558 of the Government Code, the time limit to bring suit is extended to 24 months after inception of the loss.

# Coverage Outcome - Policy Provisions

## CAUSES OF PROPERTY LOSS

**COVERAGE A- DWELLING AND COVERAGE B- PRIVATE STRUCTURES**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages **A** and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS,** except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

1. **We** do not insure under any Section I coverage for any loss which would not have happened in the absence of one or more of the following excluded events. **We** do not insure for any such loss regardless of:

   (a) the cause of the excluded event;

   (b) other causes of the loss; or

   (c) whether such causes acted at the same time or in any other sequence with the excluded event to produce or contribute to the loss.

   These exclusions apply whether or not the excluded event results in widespread damage or affects a substantial area. The excluded events are listed below.

   D. **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

      1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

      2. water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or

      3. water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure or water which causes earth movement.

      This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

      However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

   H. **Neglect by you** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a peril insured against.

2. **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusion 3. below

regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault;

B. defective, inadequate, faulty or unsound:

1. planning, zoning, development, surveying, siting;
2. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction ;
3. materials used in repair, construction, renovation or remodeling; or
4. maintenance;

of any property whether on or off the **residence premises.** Property includes land, structures or improvements of any kind; and

C. weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3. **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

B. **fungus and mold.** There is no coverage for loss which, in whole or part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold.** This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation;**

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-435-7764
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

| | | | |
|---|---|---|---|
| Insured: | JULIO RAVADA | Cell: | (213) 925-4069 |
| Property: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | E-mail: | jravada@icloud.com |
| Home: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | | |
| Claim Rep.: | Richard Bryan | | |
| Claimant: | JULIO RAVADA | Cell: | (213) 925-4069 |
| Property: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | | |
| Estimator: | Richard Bryan | | |

**Claim Number:** 7007678692-1 **Policy Number:** 3872340940 **Type of Loss:** Vandalism

| | | | |
|---|---|---|---|
| Date Contacted: | 10/18/2024 10:05 AM | | |
| Date of Loss: | 6/3/2024 4:30 PM | Date Received: | 6/5/2024 1:56 AM |
| Date Inspected: | | Date Entered: | 10/17/2024 12:08 PM |
| Date Est. Completed: | 10/18/2024 10:05 AM | | |
| Price List: | CAPP8X_OCT24<br>Restoration/Service/Remodel | | |
| Estimate: | JULIO_RAVADA21 | | |

Replacement cost value (RCV) is the full cost to replace lost or damaged property with property of like kind and quality. Actual cash value (ACV) is determined by subtracting depreciation from RCV. Typically, the amount of depreciation is based on age, useful life and condition of the lost or damaged property at the time of the loss. Recoverable depreciation is subject to limitations per the terms and conditions of your policy.

The full extent of loss cost to repair or replace contents includes applicable sales tax.
Applicable item limits, category limits and aggregate limit are accounted for in this report.

Actual Cash Value Settlement in accordance with the terms and conditions of the policy coverage.

If information about the condition of a lost or damaged item was not observable, or not provided to us by you or another source, we have applied an Average ("Avg.") condition, meaning that at the time of loss it had experienced regular usage for its age. If the condition of any item in this report was better or worse than indicated in the Condition ("Cond.") column, or if you believe any other information on this report is not accurate, please submit that information to your adjuster who will determine whether adjustments are appropriate.

The following information will explain how we determine the Actual Cash Value (ACV) of lost or damaged personal property. ACV is based on the Replacement Cost Value (RCV) of an item, less any applicable depreciation for age, useful life, condition, and obsolescence. RCV is the cost to replace an item with a similar item of equivalent manufacture and with materials of like kind and quality. You have provided the age and the condition of your claimed items. Following is an explanation of how this information is used to determine the ACV of an item.

I. Condition: We broadly categorize items based on four categories of condition.

1) New: Item(s) still in original packaging and never been used.
   - Items in original packaging may be subject to depreciation based on pre-loss deterioration, damage or functional obsolescence. Example: still-in-box electronics that are obsolete.
2) Above Average: Item(s) which have been rarely used and show little evidence of wear and tear.
   - Examples: wedding dress wrapped and stored in a closet; toaster oven sitting on a counter which is rarely used and looks new.
3) Average: Item(s) show evidence of usage. Appearance and function appropriately correlate with age.
   - Default if no other condition selected.
4) Below Average: Item(s) show evidence of substantial wear and tear.
   - Examples: Lawn equipment kept outside and exposed to the elements, a firearm that no longer fires.

You will receive one or more reports identifying the items subject to depreciation and the depreciation rate applied. Please review the items and the depreciation rate applied. If you have any questions about how the ACV of claimed items are determined or believe an incorrect depreciation rate has been applied to a particular item, please contact your claims professional to determine whether any changes are appropriate.

# Guide to Understanding a Contents Estimate

| A Description | B Vendor | C D Age / Cond. / Life | E Depr % | F Qty | G Unit Price | H Item Total | I Taxes | J RCV | K Depr | L ACV | M Overage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PERSONAL PROPERTY | | | | | | | | | | | |
| 1. Dyson V12 Detect Slim Cordless Bagless Stick Vacuum Cleaner with Laser Illumination. 40586301<br>Home Depot - 2/21/2023<br>Orig. Desc. - Dyson V12 Cordless Vacuum Cleaner | Home Depot | 1 y / Avg. / 10 y | 10% | 1 | $649.99 | $649.99 | $65.00 | $714.99 | ($71.50) | $643.49 | |

**Summary for Personal Property**

| | | |
|---|---|---|
| N | Line Item Total | 2,797.20 |
| | Material Sales Tax | 202.80 |
| O | **Replacement Cost Value** | **$3,000.00** |
| | Less Depreciation | (500.00) |
| P | **Actual Cash Value** | **$2,500.00** |
| | Less Deductible | (1,000.00) |
| Q | **Net Claim** | **$1,500.00** |
| R | Total Recoverable Depreciation | 500.00 |
| | **Net Claim if Depreciation is Recovered** | **$2,000.00** |

Example

- (A) Description – Details about the item being estimated.
- (B) Vendor – The name of the vendor where the item was priced.
- (C) Age/Life –The actual age of the item and the life expectancy of the item.
- (D) Condition –The pre-loss condition of the item damaged in the loss.
- (E) Depreciation Percentage –The percentage of the loss of value for the line item at the time of loss.
- (F) Quantity – The number of items included in the line item.
- (G) Unit Price – The cost of a single item.
- (H) Item Total – The sum of all the items included in the line item. Equal to the unit price multiplied by the quantity.
- (I) Taxes – The amount of tax for the item.
- (J) Replacement Cost Value (RCV) –The estimated cost of replacing an item with a similar one. RCV is calculated by multiplying the Quantity by the Unit Cost and adding the Tax.
- (K) Depreciation –The loss of value due to an item's age/useful life and condition. Labor, taxes, and other fees and expenses will also be depreciated if not prohibited by your state. If depreciation is recoverable the amount is show in ( ). If depreciation is not recoverable the amount is show in < >.
- (L) Actual Cash Value (ACV) –The estimated value based on replacement cost less any applicable depreciation for age, useful life, and condition.
- (M) Overage – Amount over Special Limit, see Sublimit recap for additional information. This may be represented as an aggregate limit overage or a dollar amount. (Not shown in the above example)
- (N) Line Item Total – The sum of all the items for that coverage.
- (O) Replacement Cost Value – The total RCV of all items for that coverage.
- (P) Actual Cash Value –The total ACV of all items for that coverage.
- (Q) Net Claim –The amount payable to you after depreciation and any deductible have been applied. This can never be greater than your available coverage limit.
- (R) Total Recoverable Depreciation – The total amount of depreciation you can potentially recover after the items are replaced, subject to the actual amount you incur.

| Description | Vendor | Age / Cond. / Life | Depr % | Qty | Unit Price | Item Total | Taxes | RCV | Depr | ACV | Overage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **7007678692-1 - 317031-IMPORT - CONTENTS** | | | | | | | | | | | |
| PERSONAL PROPERTY | | | | | | | | | | | |
| 1. Sonos - Sub (Gen 3) Wireless Subwoofer - White<br>Orig. Desc. - Sonos Gen 3, Subwoofer<br>Best Buy | | 2.92 y / Above Avg. / 10 y | 18% | 1 | $799.00 | $799.00 | $73.91 | $872.91 | ($152.93) | $719.98 | |
| 2. Sonos - Arc Soundbar with Dolby Atmos, Google Assistant and Amazon Alexa - Black<br>Orig. Desc. - Sonos Arc, Soundbar<br>Best Buy | | 2.92 y / Avg. / 10 y | 29% | 1 | $899.99 | $899.99 | $83.25 | $983.24 | ($287.11) | $696.13 | |
| 3. Sonos - Roam SL Portable Bluetooth Wireless Speaker - Shadow Black<br>Orig. Desc. - Sonos Roam, Speaker , Small<br>Best Buy | | 2.92 y / Avg. / 10 y | 29% | 1 | $159.00 | $159.00 | $14.71 | $173.71 | ($50.73) | $122.98 | |
| 4. Dyson - V15 Detect Extra Cordless Vacuum with 10 accessories - Yellow/Nickel<br>Orig. Desc. - Dyson V15, Vacuum<br>Best Buy | | 3.33 y / Avg. / 10 y | 33% | 1 | $799.99 | $799.99 | $74.00 | $873.99 | ($291.04) | $582.95 | |
| 5. Cyomi Silicone Bodysuit D Cup Breastplate Apparel Male to Female,Realistic Fake Boobs Body Suit for Transgender Drag Queen<br>Orig. Desc. - Cyomi, Bodysuit , Silicone , D Cup<br>Amazon | | 0.5 y / New / 3 y | 0% | 1 | $245.99 | $245.99 | $22.75 | $268.74 | ($0.00) | $268.74 | |
| 7. DJI FPV Combo (Goggles V2), First-Person View Drone with 4K Camera, S Flight Mode, Super-Wide 150 FOV, HD Low-Latency Transmission, FAA Remote ID Compliant<br>Orig. Desc. - DJI FPV, Drone<br>Amazon | | 2.83 y / Avg. / 2 y | 75% | 1 | $1,190.00 | $1,190.00 | $110.08 | $1,300.08 | ($975.06) | $325.02 | |
| 8. DJI Goggles Carry More Backpack<br>Orig. Desc. - DJI, Drone Backpack<br>Store DJI | | 2.83 y / Avg. / 2 y | 75% | 1 | $119.00 | $119.00 | $11.01 | $130.01 | ($97.51) | $32.50 | |
| 9. DJI Mavic 3 Series Intelligent Flight Battery, Compatibility: DJI Mavic 3 Pro, DJI Mavic 3 Pro Cine, DJI Mavic 3 Classic, DJI Mavic 3, DJI Mavic 3 Cine, DJI Mavic 3 Enterprise Series<br>Orig. Desc. - DJI, Drone Battery<br>Amazon | | 2.58 y / Avg. / 2 y | 75% | 1 | $149.00 | $149.00 | $13.78 | $162.78 | ($122.09) | $40.69 | |
| 10. Customer's employer replaced at no cost.<br>Item replaced by employer, no incurred damage by customer.<br>Orig. Desc. - HP, Laptop , Work , Replaced Already | Wal-Mart | 0 y / Avg. / 4.5 y | 0% | 1 | $0.00 | $0.00 | $0.00 | $0.00 | ($0.00) | $0.00 | |

| Description | Vendor | Age / Cond. / Life | Depr % | Qty | Unit Price | Item Total | Taxes | RCV | Depr | ACV | Overage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **7007678692-1 - 317031-IMPORT - CONTENTS (CONTINUED)** | | | | | | | | | | | |
| 11. MacBook Air 13.3" Laptop - Apple M1 chip - 8GB Memory - 256GB SSD - Silver MGN93LL/A | Best Buy | 1.58 y / Above Avg. / 4.5 y | 21% | 1 | $699.00 | $699.00 | $64.66 | $763.66 | ($160.88) | $602.78 | |
| Orig. Desc. - Apple MGN93LLA, Laptop , Macbook , M1 Chip | | | | | | | | | | | |
| 12. AirPods Max | Apple | 2.83 y / Above Avg. / 10 y | 17% | 1 | $549.00 | $549.00 | $50.78 | $599.78 | ($101.84) | $497.94 | |
| Orig. Desc. - Apple MGYN3AMA, Airpod Max | | | | | | | | | | | |
| 13. Apple Watch Ultra 2 (GPS+Cellular) 49mm Titanium Case with Black Titanium Milanese Loop - Medium - Black - (2024) | | 2.67 y / Above Avg. / 10 y | 16% | 1 | $899.00 | $899.00 | $83.16 | $982.16 | ($157.34) | $824.82 | |
| Orig. Desc. - Apple, Watch , GPS + Cellular , 43mm , Ceramic Case | | | | | | | | | | | |
| Original 2022 edition watch no longer available -priced at LKQ from Best Buy. | | | | | | | | | | | |
| 14. Apple - AirPods Pro 2 - White MTJV3AM/A | Best Buy | 0.75 y / Above Avg. / 10 y | 5% | 1 | $249.00 | $249.00 | $23.03 | $272.03 | ($12.25) | $259.78 | |
| Orig. Desc. - Apple MTJV3AMA, Earbuds , 2nd Gen | | | | | | | | | | | |
| 15. Smart Home Control | Brilliant Tech | 2.25 y / Above Avg. / 10 y | 14% | 1 | $449.00 | $449.00 | $41.53 | $490.53 | ($66.23) | $424.30 | |
| Orig. Desc. - Brilliant, Wall Controller , 2-Switch | | | | | | | | | | | |
| 16. Smart Home Control | Brilliant Tech | 2.25 y / Above Avg. / 10 y | 14% | 1 | $499.00 | $499.00 | $46.16 | $545.16 | ($73.60) | $471.56 | |
| Orig. Desc. - Brilliant, Wall Controller , 3-Switch | | | | | | | | | | | |
| 17. Google - Nest Smart Programmable Wifi Thermostat - Snow | Best Buy | 0.92 y / Above Avg. / 10 y | 6% | 1 | $129.99 | $129.99 | $12.02 | $142.01 | ($7.84) | $134.17 | |
| Orig. Desc. - Google Nest, T3017US, Thermostat | | | | | | | | | | | |
| 18. Dyson Solarcycle Morph Desk Light | Dyson | 3.17 y / Above Avg. / 10 y | 19% | 1 | $649.99 | $649.99 | $60.12 | $710.11 | ($135.06) | $575.05 | |
| Orig. Desc. - Dyson, Desk Lamp , Morph Light | | | | | | | | | | | |
| 19. Floodlight Cam S330 - Eufy - 1 Cam Pack | Eufy | 2.17 y / Above Avg. / 10 y | 13% | 1 | $299.99 | $299.99 | $27.75 | $327.74 | ($42.67) | $285.07 | |
| Orig. Desc. - Eufy, Security Cam , Floodlight Pro | | | | | | | | | | | |
| 20. ITEM PART OF DWELLING EXPOSURE | | 2.67 y / Above Avg. / 9 y | 18% | 1 | $0.00 | $0.00 | $0.00 | $0.00 | ($0.00) | $0.00 | |
| Orig. Desc. - Fisher & Paykel DIshwasher , 24" | | | | | | | | | | | |
| 21. Enrave medium ceiling lamp | | 3.75 y / Avg. / 10 y | 38% | 2 | $229.99 | $459.98 | $42.55 | $502.53 | ($188.45) | $314.08 | |
| Orig. Desc. - Philips, Light Fixtures , Sphere | | | | | | | | | | | |

| Description | Vendor | Age / Cond. / Life | Depr % | Qty | Unit Price | Item Total | Taxes | RCV | Depr | ACV | Overage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **7007678692-1 - 317031-IMPORT - CONTENTS (CONTINUED)** | | | | | | | | | | | |
| Philips Hue | | | | | | | | | | | |
| 22. Phillips Ensis pendant light | | 3.67 y / Avg. / 10 y | 37% | 1 | $479.99 | $479.99 | $44.40 | $524.39 | ($192.46) | $331.93 | |
| Phillips Hue | | | | | | | | | | | |
| Orig. Desc. - Philips, Light Fixture | | | | | | | | | | | |
| 23. Value accepted for painting, original delivery not included | | 6.25 y / Avg. / NA | 0% | 1 | $5,000.00 | $5,000.00 | $462.50 | $5,462.50 | ($0.00) | $5,462.50 | |
| Orig. Desc. - Ivy and Luke Painting by Mark Bercier | | | | | | | | | | | |
| Ivy and Luke Painting by Mark Bercier. | | | | | | | | | | | |
| 24. ITEM PART OF DWELLING EXPOSURE | | 2.17 y / Avg. / 10 y | 22% | 1 | $0.00 | $0.00 | $0.00 | $0.00 | ($0.00) | $0.00 | |
| Orig. Desc. - Window , 2-Panel | | | | | | | | | | | |
| ITEM PART OF DWELLING EXPOSURE | | | | | | | | | | | |
| 27. ITEM PART OF DWELLING EXPOSURE | | 0 y / Avg. / 10 y | 0% | 1 | $0.00 | $0.00 | $0.00 | $0.00 | ($0.00) | $0.00 | |
| Orig. Desc. - 59686573251, Toilet | | | | | | | | | | | |
| BLANKET JEWELERY - *Items below are subject to a $1,500.00 aggregate limit. Values shown may be reduced due to overage.* | | | | | | | | | | | |
| 6. 22K Gold "Box" Chain In Length 16.00 Inches | | 10 y / Above Avg. / NA | 0% | 3 | $478.13 | $1,434.39 | $132.68 | $1,567.07 | ($0.00) | $1,567.07 | [AGG] |
| Orig. Desc. - Chain , Gold , 22k | | | | | | | | | | | |
| Totaram | | | | | | | | | | | |
| MEMORABILIA - *Items below are subject to a $5,000.00 aggregate limit. Values shown may be reduced due to overage.* | | | | | | | | | | | |
| 25. Shen Yin Studio No Face man & ogino chihiro Spirited Away Figure GK Model Toy | | 0 y / Avg. / 2 y | 0% | 1 | $331.55 | $331.55 | $30.67 | $362.22 | ($0.00) | $362.22 | |
| Orig. Desc. - No Face Prime Memorabilia | | | | | | | | | | | |
| ebay | | | | | | | | | | | |
| 26. Snow Globes | | 15 y / Avg. / 10 y | 75% | 8 | $37.50 | $300.00 | $27.75 | $327.75 | ($245.81) | $81.94 | |
| **Subtotals** | | | | | | **$16,791.85** | **$1,553.25** | **$18,345.10** | **$3,360.90** | **$14,984.20** | |
| **Totals** | | | | | | **$16,791.85** | **$1553.25** | **$18,345.10** | **3,360.90** | **$14,984.20** | |

[^] - Depreciation limited due to maximum allowable depreciation percentage
[%] - Item depreciated by percent
[$] - Item depreciated by specified amount
[AGG] - Item contributes to aggregate overage, see Sublimit Recap

## Summary for Personal Property

| | |
|---|---|
| Line Item Total | 16,791.85 |
| California Electronic Waste Recycling Fee 4"-15" | 4.00 |
| Material Sales Tax (9.25%) | 1,553.25 |
| **Replacement Cost Value** | **$18,349.10** |
| Less Depreciation | (3,360.90) |
| **Actual Cash Value** | **$14,988.20** |
| Less Deductible | (2,500.00) |
| **Net Claim** | **$12,488.20** |
| Total Recoverable Depreciation | 3,360.90 |
| **Net Claim if Depreciation is Recovered** | **$15,849.10** |

### Sublimit Recap

| Description | Single Item Limit | Aggregate Limit | ACV | ACV Overage | RCV | RCV Overage |
|---|---|---|---|---|---|---|
| Blanket Jewelery | $0.00 | $1,500.00 | $1,567.07 | $67.07 | $1,567.07 | $67.07 |
| Memorabilia | $0.00 | $5,000.00 | $444.16 | $0.00 | $689.97 | $0.00 |
| | | | $2,011.23 | $67.07 | $2,257.04 | $67.07 |
| Remaining Overage After Deductible | | | | $0.00 | | $0.00 |

Richard Bryan

## Recap by Category with Depreciation

| Items | RCV | Deprec. | ACV |
|---|---|---|---|
| APPLIANCES - SMALL | 799.99 | 266.40 | 533.59 |
| ARTWORK | 5,000.00 | | 5,000.00 |
| CLOTHING & ACCESSORIES | 245.99 | | 245.99 |
| COMPUTERS & RELATED GOODS | 699.00 | 147.26 | 551.74 |
| ELECTRONICS | 4,932.97 | 871.89 | 4,061.08 |
| HOUSEWARES - HOME DECOR | 1,889.96 | 697.28 | 1,192.68 |
| JEWELRY & WATCHES | 1,434.39 | | 1,434.39 |
| TOYS & GAMES | 1,789.55 | 1,093.50 | 696.05 |
| Subtotal | 16,791.85 | 3,076.33 | 13,715.52 |
| Permits and Fees | 4.00 | | 4.00 |
| Material Sales Tax | 1,553.25 | 284.57 | 1,268.68 |
| Total | 18,349.10 | 3,360.90 | 14,988.20 |

FARMERS INSURANCE

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

| | | | |
|---|---|---|---|
| Insured: | JULIO RAVADA | Cell: | (213) 925-4069 |
| Property: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | E-mail: | jravada@icloud.com |
| Home: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Donnie Means | Business: | (760) 636-2480 |
| Position: | Senior Field Claims Representative | E-mail: | myclaim@farmersinsurance.com |
| Business: | P.O. Box 268994<br>Oklahoma City, OK 72136 | | |

| | | | |
|---|---|---|---|
| Claimant: | JULIO RAVADA | Cell: | (213) 925-4069 |
| Property: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | | |

| | | | |
|---|---|---|---|
| Estimator: | Donnie Means | Business: | (760) 636-2480 |
| Position: | Senior Field Claims Representative | E-mail: | myclaim@farmersinsurance.<br>com |
| Business: | P.O. Box 268994<br>Oklahoma City, OK 72136 | | |

**Claim Number:** 7007678692-1 **Policy Number:** 3872340940 **Type of Loss:** Vandalism & Malicious Mischief

| | | | |
|---|---|---|---|
| Date Contacted: | 6/5/2024 2:30 PM | | |
| Date of Loss: | 6/3/2024 5:30 PM | Date Received: | 6/5/2024 2:56 AM |
| Date Inspected: | 6/6/2024 2:55 PM | Date Entered: | 8/5/2024 1:48 PM |
| Date Est. Completed: | 10/21/2024 10:22 AM | | |

| | |
|---|---|
| Price List: | CAPP8X_OCT24<br>Restoration/Service/Remodel |
| Estimate: | JULIO1_RAVADA2 |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

We appreciate the opportunity to serve your insurance needs and want to make sure you have a clear understanding of how your claim will be processed.

Please see the attached estimate of repairs for your damaged property, also called the Replacement Cost Value of your loss. When depreciation is applied to the estimated repair costs, the Replacement Cost Value less depreciation is the Actual Cash Value of your loss. Depreciation is based on the average quality, age, condition, and useful life of the damaged property, unless otherwise noted. Actual cash value for roof materials is determined using either the scheduled roof table if in the policy or the age, condition and useful life of your roof materials. The applicable policy deductible(s) will be deducted from these amounts unless it is applied to another line of coverage.

Please note this estimate reflects the extent of known covered damages to the property referenced above. No supplemental or additional payments will be issued for repairs that have not been included in this estimate, without prior approval. This approval must be obtained prior to replacement or repair. We must have the opportunity to view and inspect any proposed changes or additional work.

Should you receive an estimate of repairs that exceeds this estimate, or if you wish to send us any other information related to your claim, please include "Attention Claim # 7007678692-1" and forward this information to us by:

1. E-mailing to myclaim@farmersinsurance com
2. Faxing to 877-217-1389
3. Mailing to National Document Center, P.O. Box 268994, Oklahoma City, Ok 73126-8994

When your policy provides for Building Ordinance or Law coverage, any known covered costs resulting from ordinance or law upgrades are itemized in this estimate or contained in a separate estimate we will provide to you. However, these costs are not included as part of the Actual Cash Value of this estimate unless we are paying the full Replacement Cost Value under this estimate at this time. Otherwise, ordinance or law costs will be paid under your policy when incurred by you, subject to your deductible.

Although as a service we may refer contractors or other repair professionals to you, it is your decision to hire the contractor of your choice. We neither direct or manage the activities nor guarantee the work of any contractor, whether referred or not. It is up to you to make sure the work is completed to your satisfaction.
We encourage you to visit www.farmers.com to learn more about our self-service option available to you; including the ability to view your claim status, upload documents and photos and find local service providers.

Donnie Means
myclaim@farmersinsurance.com
(760) 636-2480

# Guide to Understanding a Property Estimate

| | (B) QUANTITY | (C) UNIT | (D) TAX | (E) RCV | (F) AGE/LIFE | (G) COND. | (H) DEP % | (I) DEPREC. | (J) ACV |
|---|---|---|---|---|---|---|---|---|---|
| (A) 1. Seal/prime then paint the surface area (2 coats) | | | | | | | | | |
| | 100.00 SF | 0.92 | 1.90 | 93.90 | 3/15 yrs | Above Avg. | 12% | (2.51) | 91.39 |

**Summary for Dwelling**

| | | |
|---|---|---|
| (K) | Line Item Total | 2,962.96 |
| | Material Sales Tax | 37.04 |
| (L) | **Replacement Cost Value** | **$3,000.00** |
| | Less Depreciation | (500.00) |
| (M) | **Actual Cash Value** | **$2,500.00** |
| (N) | Less Deductible | (1,000.00) |
| (O) | **Net Claim** | **$1,500.00** |
| (P) | Total Recoverable Depreciation | 500.00 |
| | **Net Claim if Depreciation is Recovered** | **$2,000.00** |

Example

- (A) Line Item – Details the activity or item being estimated.
- (B) Quantity – The number of units (ex: square feet) for an item.
- (C) Unit – The cost of a single unit which includes labor and materials.
- (D) Tax – The amount of tax for the item.
- (E) Replacement Cost Value (RCV) –The estimated cost of repairing an item with a similar one. RCV is calculated by multiplying the Quantity by the Unit Cost and adding the Tax.
- (F) Age/Life –The actual age of the material and the life expectancy of the material.
- (G) Condition – The pre-loss condition of the item damaged in the loss.
- (H) Depreciation Percentage –The percentage of the loss of value for the line item at the time of loss.
- (I) Depreciation –The loss of value due to an item's age/useful life and condition. Labor, taxes, and other fees and expenses will also be depreciated if not prohibited by your state. If depreciation is recoverable the amount shows in ( ). If depreciation is not recoverable the amount shows in < >.
- (J) ) Actual Cash Value (ACV) –The estimated value based on replacement cost less any applicable depreciation.
- (K) Line Item Total – The sum of all the line items for that coverage.
- (L) Replacement Cost Value – The total RCV of all items for that coverage.
- (M) Actual Cash Value –The total ACV of all items for that coverage.
- (N) Deductible –The amount of the loss paid by you. A deductible is generally a specified dollar amount or a percentage of your policy limit.
- (O) Net Claim –The amount payable to you after depreciation and deductible have been applied. This can never be greater than your available coverage limit.
- (P) Total Recoverable Depreciation –The total amount of depreciation you can potentially recover after work is complete, subject to the actual amount you incur.

| Common Units of Measure | | | |
|---|---|---|---|
| EA – Each | SF – Square Foot | CF – Cubic Foot | RM – Room |
| HR – Hour | SY – Square Yard | CY – Cubic Yard | |
| DA – Day | SQ – Square | LF – Linear Foot | |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

**JULIO1_RAVADA2**

**Main Level**

**Main Level**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 1. Haul debris - per pickup truck load - including dump fees | | | | | | | | | |
| | 0.25 EA | 182.22 | 0.00 | 45.56 | 0/NA | Avg. | NA | (0.00) | 45.56 |
| 2. Final cleaning - construction - Residential | | | | | | | | | |
| | 1,532.98 SF | 0.42 | 0.00 | 643.85 | 0/NA | Avg. | 0% | (0.00) | 643.85 |
| 3. Combined test fee - full service survey - base fee | | | | | | | | | |
| | 1.00 EA | 700.00 | 0.00 | 700.00 | 0/NA | Avg. | 0% | (0.00) | 700.00 |
| Allowing for lead/asbestos testing of affected material in kitchen | | | | | | | | | |
| 4. Megohmmeter check electrical circuits - average residence | | | | | | | | | |
| | 1.00 EA | 843.94 | 0.00 | 843.94 | 0/NA | Avg. | 0% | (0.00) | 843.94 |
| Allowing to check circuit breaker due to damage to electrical box | | | | | | | | | |
| 5. R&R Electrical panel cover | | | | | | | | | |
| | 1.00 EA | 72.25 | 3.61 | 75.86 | 3/30 yrs | Avg. | 10% | (4.26) | 71.60 |
| To remove remaining panel cover and replace with new | | | | | | | | | |
| 6. R&R Vinyl window, horizontal sliding, 3-11 sf | | | | | | | | | |
| | 1.00 EA | 327.18 | 18.63 | 345.81 | 3/30 yrs | Avg. | 10% | (22.00) | 323.81 |
| Allowing to remove and replace due to damage to window frame | | | | | | | | | |
| 7. Additional charge for a retrofit window, 3-11 sf | | | | | | | | | |
| | 1.00 EA | 120.00 | 1.74 | 121.74 | 3/30 yrs | Avg. | 10% | (2.06) | 119.68 |
| Allowing to fit to existing window opening | | | | | | | | | |
| **Total: Main Level** | | | **23.98** | **2,776.76** | | | | **28.32** | **2,748.44** |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com




**Great Room** **Height: 8'**

| | | | |
|---|---|---|---|
| 971.33 | SF Walls | 1548.88 | SF Ceiling |
| 2520.21 | SF Walls & Ceiling | 1494.23 | SF Floor |
| 166.03 | SY Flooring | 144.67 | LF Floor Perimeter |
| 161.17 | LF Ceil. Perimeter | | |

| | | |
|---|---|---|
| **Missing Wall - Goes to Floor** | **4' X 6' 8"** | **Opens into Exterior** |
| **Window** | **3' X 4'** | **Opens into Exterior** |
| **Window** | **3' X 4'** | **Opens into Exterior** |
| **Door** | **2' 6" X 6' 8"** | **Opens into Exterior** |
| **Door** | **5' X 6' 8"** | **Opens into Exterior** |
| **Door** | **2' 6" X 6' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Door** | **2' 6" X 6' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |

| QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| Kitchen Island | | | | | | | | |
| 8. Content Manipulation charge - per hour | | | | | | | | |
| 2.00 HR | 60.35 | 0.00 | 120.70 | 0/NA | Avg. | 0% | (0.00) | 120.70 |
| Labor hours to remove and reset contents from kitchen island area for repairs | | | | | | | | |
| 9. Dishwasher - Detach & reset | | | | | | | | |
| 1.00 EA | 252.19 | 0.00 | 252.19 | 0/NA | Avg. | 0% | (0.00) | 252.19 |
| 10. Plumbing fixture supply line | | | | | | | | |
| 1.00 EA | 21.41 | 0.62 | 22.03 | 3/20 yrs | Avg. | 15% | (1.10) | 20.93 |
| Intended for one time use. To replace supply line when reconnecting dishwasher | | | | | | | | |
| 11. Trash compactor - Remove & reset | | | | | | | | |
| 2.00 EA | 108.95 | 0.00 | 217.90 | 0/NA | Avg. | 0% | (0.00) | 217.90 |
| To detach and reset (2) trash compactors for repairs to island | | | | | | | | |
| 12. Two coat plaster over metal lath | | | | | | | | |
| 30.00 SF | 10.11 | 5.08 | 308.38 | 0/150 yrs | Avg. | 0% | (0.00) | 308.38 |
| 13. Seal/prime (1 coat) then paint (1 coat) the surface area | | | | | | | | |
| 30.00 SF | 1.23 | 0.61 | 37.51 | 3/15 yrs | Avg. | 20% | (1.44) | 36.07 |
| Allowing to seal and paint new plaster | | | | | | | | |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

**CONTINUED - Great Room**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 14. Paint the surface area - one coat | | | | | | | | | |
| | 65.00 SF | 0.86 | 1.02 | 56.92 | 3/15 yrs | Avg. | 20% | (2.41) | 54.51 |
| Allowing to paint remaining plaster on kitchen island for uniform appearance | | | | | | | | | |
| 15. Mask the surface area per square foot - plastic and tape - 4 mil | | | | | | | | | |
| | 55.00 SF | 0.32 | 0.36 | 17.96 | 3/15 yrs | Avg. | 20% | (0.84) | 17.12 |
| To protect countertop during island repairs | | | | | | | | | |
| **Totals: Great Room** | | | **7.69** | **1,033.59** | | | | **5.79** | **1,027.80** |




**Hall Bath** **Height: 8'**

| | |
|---|---|
| 166.42 SF Walls | 38.75 SF Ceiling |
| 205.17 SF Walls & Ceiling | 38.75 SF Floor |
| 4.31 SY Flooring | 21.25 LF Floor Perimeter |
| 23.25 LF Ceil. Perimeter | |

| | | |
|---|---|---|
| **Window** | **2' 6" X 2' 6"** | **Opens into Exterior** |
| **Door** | **2' X 6' 8"** | **Opens into Exterior** |

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 16. Clean toilet | | | | | | | | | |
| | 1.00 EA | 34.88 | 0.00 | 34.88 | 0/NA | Avg. | 0% | (0.00) | 34.88 |
| Allowing to clean toilet due to unknown material dumped into toilet reported by insured | | | | | | | | | |
| 17. Clean floor | | | | | | | | | |
| | 38.75 SF | 0.66 | 0.04 | 25.62 | 0/NA | Avg. | 0% | (0.00) | 25.62 |
| Allowing to clean floor as toilet overflow was reported. | | | | | | | | | |
| No water damaged building materials or elevated moisture readings found in hall bathroom. | | | | | | | | | |
| **Totals: Hall Bath** | | | **0.04** | **60.50** | | | | **0.00** | **60.50** |
| **Total: Main Level** | | | **31.71** | **3,870.85** | | | | **34.11** | **3,836.74** |

**Labor Minimums Applied**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

**CONTINUED - Labor Minimums Applied**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 18. Window labor minimum | | | | | | | | | |
| | 1.00 EA | 68.27 | 0.00 | 68.27 | 0/NA | Avg. | 0% | (0.00) | 68.27 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **68.27** | | | | **0.00** | **68.27** |
| **Line Item Totals: JULIO1_RAVADA2** | | | **31.71** | **3,939.12** | | | | **34.11** | **3,905.01** |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 1,137.75 | SF Walls | 1,587.63 | SF Ceiling | 2,725.38 | SF Walls and Ceiling |
| 1,532.98 | SF Floor | 170.33 | SY Flooring | 165.92 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 184.42 | LF Ceil. Perimeter |
| 1,532.98 | Floor Area | 1,668.38 | Total Area | 1,137.75 | Interior Wall Area |
| 1,468.42 | Exterior Wall Area | 200.67 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

## Summary for Dwelling

| | |
|---|---|
| Line Item Total | 3,907.41 |
| Material Sales Tax | 31.71 |
| **Replacement Cost Value** | **$3,939.12** |
| Less Depreciation | (34.11) |
| **Actual Cash Value** | **$3,905.01** |
| **Net Claim** | **$3,905.01** |
| Total Recoverable Depreciation | 34.11 |
| **Net Claim if Depreciation is Recovered** | **$3,939.12** |

Donnie Means
Senior Field Claims Representative

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

## Recap of Taxes

| | Material Sales Tax (9.25%) | Storage Rental Tax (9.25%) |
|---|---|---|
| **Line Items** | 31.71 | 0.00 |
| **Total** | **31.71** | **0.00** |

# EXHIBIT 11

# Reinspection photos

PDF Created on May 23, 2025 at 9:04:34 AM

Claim Number: 7007678692-1









































Docusign Envelope ID: B41209BD-FECE-8DF0-82D4-694BF6C70D70


# Reinspection photos







# Reinspection photos







# Reinspection photos






















SONOS


SONOS


SONOS


SONOS



# Reinspection photos







































# Reinspection photos












# Reinspection photos












# Reinspection photos



















# Reinspection photos























# Reinspection photos







# Reinspection photos















# Reinspection photos









FD005164


















FISHER & PAYKEL


FISHER & PAYKEL

Docusign Envelope ID: B41209BD-FECE-8DF0-82D4-694BF6C70D70








# Reinspection photos





