MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF PAUL HAMILTON IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Stephen V. Wilson
Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A

Filed Concurrently With:
Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Kelly Fitzgerald Canby, Declaration of David A. Corona, Declaration of Donnie Means, Declaration of Bryce Spradling, Declaration of Michael Saskor, and [Proposed] Order

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF PAUL HAMILTON**

I, PAUL HAMILTON, declare as follows:

1. I am a Property & Casualty Claims Consultant with over 50-plus years of experience in the insurance industry and have been designated as an expert witness on behalf of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment in the above-entitled action. Based upon the documents I have reviewed to date I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. I have testified as an expert in connection with insurance claims handling practices in both state and federal courts. I have testified as a claims handling expert in approximately 85 trials over the past 35 years. I have testified on behalf of both insurance companies as well as policyholders.

a. A copy of my resume is attached hereto as **Exhibit A**.

b. A list of cases in which I have provided deposition testimony is attached hereto as **Exhibit B**.

c. A list of cases where I have provided trial testimony is attached hereto as **Exhibit C**.

d. These **Exhibit A-C** materials were also included with my Rule 26 Report submitted in conjunction with Farmers Direct's Initial Expert Disclosure dated July 15, 2026 which I incorporate by reference herein. A copy my Insurance Claims Handling Expert Report dated July 15, 2026 is also being filed herewith as an Exhibit to the Declaration of Kelly Fitzgerald Canby.

3. I have no financial or other interest in the outcome of this claim. My compensation as an insurance claims handling expert is not dependent upon the

outcome of this matter. In this respect, I am strictly a fee-for-service, independent consultant. I am being compensated at my usual rate of $285.00 per hour, which includes document review, deposition testimony and trial work.

4. I have reviewed the following documents received to date:

a. CONFORMED COPY FIRST AMENDED COMPLANT.

b. CONFORMED COPY OF EXHIBITS TO FIRST AMENDED COMPLAINT, which includes a copy of the applicable insurance policy.

c. Redacted Claim Notes (FD000001 – 000081).

d. The Examination Under Oath of Ms. D'Sol (FD004304 – 004515).

e. EXHIBITS A-H to RFA's propounded to Plaintiff (includes the key correspondence/position letters).

f. June 17, 2025, and attached June 16, 2025, letters to "Luna Ravada" (FD001160 – 001168).

g. June 23, 2025 letter to "Luna Ravada" with attachments (FD001189 – 001205).

h. Lineside Electric Estimate dated November 11, 2024 "Prepared for: JULIO RAVADA" for "Address: 2274 E. Belding Dr., Palm Springs, CA 92262" (FD001619-FD001621).

i. A chain of email communications (with redactions) between Plaintiff and Farmer's Direct's General Claims Adjuster Michael Saskor dated between May 9, 2025 and May 13, 2025 (FD003226-FD003233 WITH REDACTIONS).

j. A chain of email communications between Plaintiff and Farmer's Direct's General Claims Adjuster Michael Saskor dated between May 28, 2025 and May 29, 2025 (FD003243-FD003244).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

k. A June 5, 2025 email from Plaintiff to Farmers Direct's General Claims Adjuster Michael Saskor (with attached photographs) (FD003356-FD003361).

l. "Important Claim Information" letter dated June 9, 2025 (FD001158-FD001159).

m. "Settlement Notice" letter dated July 10, 2025 (FD001259-FD001348).

n. "Important Claim Information" letter dated July 21, 2025 (FD003342-FD003348).

o. "Important Claim Information" letter dated July 31, 2025 (FD001376-FD001566).

p. Plaintiff's court filing in this case entitled "NOTICE OF OTHER PROCEEDING AND PROCEDURAL HISTORY," filed on June 4, 2026 [ECF Doc. 84] (describing a "separate insurance claim for a loss that occurred on June 4th, 2024" as "arising from a different insurance claim, different loss, and different operative facts").

q. California Regulations – Article 1. Fair Claims Settlement Practice Regulations.

r. Cal. Code Regs, Tit. 10, section 2698.30 – Definitions (q) "Suspected Insurance Fraud."

5. Based upon the documents I have reviewed to date and my professional experience adjusting insurance claims as outlined above and set forth in further detail in my Rule 26 Report included with Farmers Direct's Initial Expert Disclosure dated July 15, 2026, I have rendered the following opinions set forth below regarding Farmer Direct's investigation, evaluation and processing of the underlying first-party property loss claims presented by its Insured's (named insured Julio Ravada, the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Plaintiff Luna D'Sol) ("Plaintiff" or "Ms. D'Sol") theft/vandalism claim. To the extent that additional information is provided, I respectfully reserve the right to amend and/or supplement the following opinions.

6. I typically begin my analysis of the conduct of an insurance company during its processing of an insurance claim with a review of the Fair Claims Handling Standards. *See* California Regulations – Article 1, Fair Claims Settlement Practices Regulations; Cal. Code Regs., Title 10, § 2695.7 *et seq*.

7. The Insurance Commissioner for the State of California has promulgated regulations with the designed purpose to "delineate certain minimum standards for the settlement of claims which, when violated knowingly on a single occasion or performed with such frequency as to indicate a general business practice, shall constitute an unfair claims settlement practice within the meaning of Insurance Code Section 790.03(h)." *See* California Regulations – Preamble (a)(1), Fair Claims Settlement Practices Regulations; Cal. Code Regs., Title 10, § 2695.1(a)(1).

8. These regulations were adopted to "promote the good faith, prompt, efficient and equitable settlement of claims on a cost effective basis; to discourage and monitor the presentation to insurers of false or fraudulent claims; and, to encourage the prompt and thorough investigation of suspected fraudulent claims and ensure the prompt and comprehensive reporting of suspected fraudulent claims as required by Insurance Code Section 1872.4." *See* California Regulations – Preamble (a)(2)(3)(4), Fair Claims Settlement Practices Regulations; Cal. Code Regs., Title 10, § 2695.1(a)(2)(3)(4).

9. Under these regulations, one of the triggering mechanisms for compliance is a "proof of claim." By definition, a "proof of claim" means "any evidence or documentation in the possession of the insurer . . . that provides any evidence of the claim and that reasonably supports the magnitude or amount of the claimed loss." *See* Cal. Code Regs., Title 10, § 2695.2 – Definition (s).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

10. The Fair Claims Settlement Practices Act sets forth time limits in which an insurance company must respond to a "proof of claim." It states, "Upon receiving proof of claim, every insurer … shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim in whole or in part." *See* Cal. Code Regs., Title 10, § 2695.7 - Standards for Prompt, Fair and Equitable Settlements (b).

11. The Fair Claims Settlement Practices Act requires every insurance company to thoroughly investigate every claim. "Every insurer shall conduct and diligently pursue a thorough, fair and objective investigation . . . ." *See* Cal. Code Regs., Title 10, § 2695.7 - Standards for Prompt, Fair and Equitable Settlements (d).

12. The Fair Claims Settlement Practices Act recognizes that not every claim will lend itself to acceptance or denial within the first forty (40) days. Neither the claim regulations nor the terms of the insurance policy set any definitive time limits on an insurance company's duty to conduct a thorough, fair and objective investigation. "If more time is required than allotted in subsection 2695.7(b) to determine whether a claim should be accepted and/or denied in whole or in part, every insurer shall provide the claimant, within the time frame specified in subsection 2695.7 (b) with written notice for the need for additional time." *See* Cal. Code Regs., Title 10, § 2695.7 - Standards for Prompt, Fair and Equitable Settlements (c)(1).

13. The Fair Claims Settlement Practices Act sets forth factors that must be taken into consideration when determining whether or not an insurer complied with the minimum claims handling standards promulgated by the State of California: It reads, "In determining whether to assess penalties . . . the Commissioner shall consider admissible evidence on the following:

a. Whether the licensee has a good faith and reasonable basis to believe that the claims or claims are fraudulent or otherwise in violation of applicable law and the licensee has complied with the provisions of Section 1872.4 of the California Insurance Code;

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

b. The complexity of the claims involved;

c. Whether the licensee has taken remedial measures with respect to the noncomplying acts;

d. The degree of harm occasioned by the noncompliance;

e. Whether, under the totality of circumstances, the licensee made a good faith attempt to comply with the provisions of this subchapter;

f. Whether the licensee's management was aware of facts that apprised or should have apprised the licensee of the acts and the licensee failed to take any remedial measures; and,

g. The licensee's reasonable mistakes or opinions as to valuation of property, losses or damage.

*See* Cal. Code Regs., Title 10, § 2695.12 - Standards for Prompt, Fair and Equitable Settlements - Penalties (2)(3)(8)(10)(11)(13)(14).

14. California has adopted a definition of "suspected insurance fraud" which incorporates certain circumstances which will reasonably support an inference of suspected insurance fraud: *"As used in the article, the following definitions shall apply: (q) "Suspected insured fraud' includes any misrepresentation of fact or omission of fact pertaining to a transaction of insurance including claims, premium, and application fraud. These facts may include evidence of doctoring, altering or destroying forms; prior history of the claimant, policyholder, applicant or provider; receipts; estimates . . . relevant discrepancies in written or oral statements and examinations under oath (EUO); unusual policy activity; and falsified or untruthful application for insurance. An identifiable pattern in a claim history may also suggest the possibility of suspected fraudulent claims activity. A claim may contain evidence of suspected insurance fraud regardless of the payment status."* *See* Cal. Code Regs. Tit. 10, section 2698.30 – Definition (q).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

14. It is my opinion that Farmers Direct's processing of Ms. D'Sol's claim (Claim No. 7007678692-1) ("Claim") was reasonably in compliance with the claims handling standards promulgated by the State of California.

15. An insurance company equally balances the interests of the insurance company with those of its policyholder by resolving claims consistently with the terms and conditions of the applicable insurance policy. It is my opinion that Farmers Direct's resolution of the underlying Claim was reasonable under the circumstances and consistent with the terms and conditions of Farmers Direct's insurance policy at issue in this action (Policy No. 3872340940) ("Policy").

16. Based upon my review of the documents provided to date it is my opinion that Farmers Direct conducted a thorough, fair and objective investigation that was both reasonable and consistent with standard industry practices. There were no unreasonable or unexplained delays on the part of Farmers Direct during its processing of Ms. D'Sol's Claim. This opinion is based upon the following:

a. Farmers Direct received first notice of loss on June 3, 2024. Between June 4, 2024 and August 2, 2024, Ms. D'Sol's claim was under active investigation by a claims professional with assistance from Farmers Direct's Special Investigating Unit. Consistent with standard industry practices, Farmers Direct's claim professionals were conducting parallel investigations – one dealing with quantifying the nature and extent of the claimed damage; and the other more focused on coverage.

b. On August 2, 2024, Ms. D'Sol filed a Proof of Loss with Farmers Direct, indicating a total claim (dwelling and contents) in the amount of $39,152.61.

c. On or around August 9, 2024, the claim file was referred to coverage counsel to obtain an Examination Under Oath. From

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

August 9, 2024, through September 27, 2024, the claim file was pending Ms. D'Sol's Examination Under Oath ("EUO"). Ms. D'Sol's EUO was completed on September 27, 2024.

d. On October 29, 2024, Farmers Direct issued an undisputed payment in the amount of $16,393.21 (Coverage A – Dwelling: $3,905.01; Coverage C – Personal Property: $12,488.20).

e. From November 5, 2024 through July 10, 2025, Farmers Direct and Ms. D'Sol exchanged many communications dealing with her claim for recoverable depreciation in connection with the personal property claim. Farmers Direct's evaluation of this portion of the claim was somewhat hampered as documentation submitted by Ms. D'Sol in support of her recovery of withheld depreciation could not be verified. None the less Farmers Direct continued to issued payments for recoverable depreciation as follows:

- On November 12, 2024, Farmers issued a payment in the amount of $1,546.20.
- On July 8, 2025, Farmers issued a payment in the amount of $232.93.
- On July 10, 2025, Farmers issued a payment in the amount of $26.25.

f. On May 12, 2025 (nearly 11 ½ months after the reported date of loss, and nine months after Ms. D'Sol filed her Proof of Loss with Farmers Direct), she submitted the following supplemental claims:

- Stucco/Paint: $18,000.00
- Code water line relocation: $3,000.00



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- Toilet wall/anchoring and bath restoration: $4,400 + $16,000
- Kitchen Island demo/rebuild: $9,000
- Whole Home Epoxy: $46,000 - $52,000
- Total Supplemental Claim: $87,400 - $93,400

g. On May 14, 2025, Farmers Direct issued a supplemental payment in the amount of $7,406.20 (Coverage A – Dwelling: $3,910.20; and Coverage C – Personal Property: $3,496.00). The property was reinspected by Farmers Direct on May 23, 2025. And on May 28, 2025, Farmers Direct issued a supplemental dwelling payment in the amount of $1,381.43. On June 16, 2025, Farmers Direct issued a detailed coverage position letter dealing with each of Ms. D'Sol's new claims.

17. In her First Amended Complaint, Ms. D'Sol alleges that Farmers Direct denied her claim for Additional Living Expenses ("ALE"). I respectfully disagree – this is not consistent with the documentation contained within the claim file. On August 2, 2024, Ms. D'Sol filed a Proof of Loss, stating that her claim consisted of a total of $39,152.61 (Building Damage: $12,422.00; Personal Property Damage: $26,730.61). On September 27, 2024, during her Examination Under Oath ("EUO"), Ms. D'Sol testified that the amounts claimed in her Proof of Loss were still current and accurate. Prior to litigation there is no indication that any claim for ALE was ever presented to Farmers Direct. Nor is there any indication that any ALE claim was ever denied. To the contrary, in a claim note dated June 5, 2024 (just two days after first notice of loss ("FNOL")) the Farmers Direct Claim Professional documented the following: *". . . I let him know that if he does decide to stay in a hotel to just save his receipts for potential reimbursement if the loss is covered. He's unsure that he will . . . ."* No documentation of any incurred additional living

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

expenses was ever presented to Farmers Direct prior to the inception of litigation. Based upon the nature and extent of the alleged damage, it would also be reasonable to question whether Ms. D'Sol's home was ever rendered uninhabitable.

18. Ms. D'Sol is critical of Farmers Direct's decision to demand her Examination Under Oath ("EUO"), which she describes as *"an adversarial EUO to build defenses and not to pay."* I respectfully disagree. An Examination Under Oath is a contractual right available to any insurance company. At the time Farmers Direct demanded Ms. D'Sol's EUO, its investigation had developed the following: (1) Questionable point(s) of entry; (2) Something was placed in the toilet causing it to overflow; (3) The dishwasher was pulled out and damaged; (4) When Ms. D'Sol was asked to describe her financial situation at the time of the loss, her responses was *"mentally overwhelming"*; (5) Prior theft losses were acknowledged in July of 2023, January of 2024, and a water damage claim in August 2023; (6) According to Ms. D'Sol, a witness, Edward, would not allow his contact information to be given to Farmers Direct. Based upon the information available to Farmers Direct at the time, its decision to move forward with an Examination Under Oath was both reasonable and consistent with standard industry practices.

19. During the portion of Ms. D'Sol's claim for recoverable depreciation on her contents claims, she is critical of a sequence of denials followed by decisions to reconsider and pay. In my experience, Farmers Direct was simply doing what I would expect an insurance company to do – to keep an open mind, be willing to consider new and additional information, and be prepared to reverse a coverage decision, if warranted. Farmers Direct's willingness to keep an open mind and to reconsider Ms. D'Sol's claim was reasonable and consistent with standard industry practices.

20. It is generally recognized that an insurance company has a duty to effectuate prompt, fair and equitable settlements once its liability under the policy

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

has become reasonable clear. In this case, Farmers Direct's ability to effectuate a prompt and equitable settlement was hampered by the ever-escalating, moving target of Ms. D'Sol's claim. Ms. D'Sol's claim began with her initial evaluation provided to the Palm Springs PD of about $18,000.00; followed by her Proof of Loss in which she claimed a total loss of $39,152.61; followed by her supplemental claim in May of 2025 of over $93,000 in supplemental damages.

21. Under the terms and conditions of the applicable Farmers Direct's' insurance policy, it is the duty of Ms. D'Sol to *"Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures."* Ms. D'Sol's supplemental claim for damages included amounts for water damage from both a dishwasher and a toilet that had been leaking intermittently since the original date of loss – meaning those leaks had been occurring over a period of about eleven and a half months with Ms. D'Sol having taken no remedial measures. It was reasonable for Farmers Direct to question whether Ms. D'Sol had complied with her duty to protect the property from further damage.

22. On or about June 4, 2025, Ms. D'Sol reported to Farmers Direct another water incident. Ms. D'Sol is critical of Farmers Direct for requiring her to submit a new claim for these damages. I respectfully disagree. When the property was initially inspected by Mr. Means, his investigation confirmed there was no resulting water damage that would have required mitigation. Mr. Means' investigation included a moisture meter and an inspection for potential water and mold damage. Farmers Direct's decision that a water event occurring 12-months after the initial date of loss would require a new claim was reasonable and consistent with standard industry practices.

23. California has adopted regulations with the purpose of accomplishing certain objectives: *". . . To delineate certain minimum standards for the settlement*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*of claims which, when violated knowingly on a single occasion or performed with such frequency as to indicate a general business practice shall constitute an unfair claims settlement practice within the meaning of Insurance Code Section 790.03(h).”* *See* California Regulations – Preamble (a)(1), Fair Claims Settlement Practices Regulations; Cal. Code Regs., Title 10, § 2695.1(a)(1).

24. The Regulations were further promulgated to accomplish the following: *“. . . To promote the good faith, prompt, efficient and equitable settlement of claims on a cost effective basis; to discourage and monitor the presentation to insurers of false or fraudulent claims; and, to encourage the prompt and thorough investigation of suspected fraudulent claims and ensure the prompt and comprehensive reporting of suspected fraudulent claims as required by Insurance Code Section 1872.4”*

25. In my opinion:

a. There is no indication that Farmers Direct mispresented any policy provision pertaining to coverage under its policy.

b. Farmers Direct has adopted and implemented reasonable standards for the processing of claims.

c. Farmers Direct conducted a prompt, through and fair investigation of Ms. D’Sol’s claim.

d. Issued undisputed payments once its liability under the policy became reasonably clear.

e. Farmers Direct was reasonably responsive to claim related communications and provided reasonable explanations as to what portions of the claim were being accepted, and those that were not.

f. Farmers Direct did not compel Ms. D’Sol to institute litigation. Ms. D’Sol disagreed with Farmers Direct’s evaluation of her

claim and elected to institute litigation to resolve those disputes, which was certainly her right to do.

26. The regulations go on to explain certain circumstances that do not necessarily arise to the level of an unfair claims settlement practice:

(1) *"The existence of extraordinary circumstances";*

(3) *"The complexity of the claims involved";*

(10) *"The degree of harm occasioned by the noncompliance";*

(11) *"Whether, under the totality of circumstances, the carrier made good faith attempts to comply with the regulations"*

(14) *"The licensee's reasonable mistakes or opinions as to valuation of property, losses or damages".*

*See* California Regulations – Preamble (a)(1), Fair Claims Settlement Practices Regulations; Cal. Code Regs., Title 10, § 2695.12. Penalties (a)(1)(3)(10)(11)(14).

27. It is my opinion that Farmers Direct, under the totality of the circumstances, during its investigation and evaluation of Ms. D'Sol's claim, reasonably complied with the claims handling standards promulgated by the State of California.

28. The above opinions are based on the documents I reviewed as outlined above in paragraph 4 and are also based in part on my claim timeline found in my Insurance Claims Handling Expert Report dated July 15, 2026 (and a copy of that report will be filed concurrently herewith as an exhibit to the Declaration of Kelly Fitzgerald Canby). To the extent I receive new or additional information I would respectfully reserve the right to either amend or supplement my opinions.

29. The above opinions are being rendered to a reasonable degree of professional certainty based upon my 50+ years of experience in connection with the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

processing of insurance claims, both as an employee of State Farm Fire & Casualty Company and as an independent claim consultant.

30. It is my understanding that Plaintiff did not designate any expert witnesses in this case such that my opinions as set forth in my Rule 26 Expert Report and discussed herein are unrefuted and unrebutted.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 19th day of August, 2026 at Santa Rosa, California.

Paul Hamilton

Paul Hamilton

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT A

**Paul Hamilton**
**Property & Casualty Claim Consultant**
**122 Calistoga Road, #314**
**Santa Rosa, CA 95409**
**(707) 545-4109**
**phamil64@icloud.com**

**PROFESSIONAL OBJECTIVE:**

Competent, experienced, objective analysis and evaluation of: First Party property damage claims; Third Party liability claims; fair and reasonable claims handling standards; industry custom and practice; insurance claims handling statutes and regulations; duties of an insured and/or the insured's representative during the presentation of a claim – on behalf of both policyholders and insurance companies.

**EDUCATION:**

Santa Rosa Junior College
Santa Rosa, CA
Associate in Arts Degree
Major: Business

Saint Mary's College
Moraga, CA
Bachelor of Arts Degree
Major: Business Management

**EMPLOYMENT:**

From 1966-1969, I was employed by State Farm Mutual Insurance Company as an Underwriter. It was my responsibility to evaluate the acceptability of new applications for insurance, and to review and evaluate the driving records and loss frequency of existing policyholders in connection with policy renewals. As part of my training as an Underwriter, I attended a three-week auto claims school.

From 1969-1970, I was employed by State Farm Fire & Casualty Company as an In-Office Claims Representative. As an In-Office Claims Representative, I was trained in the processing of both first and third party claims and became familiar with State Farm's internal policies and procedures for the processing of claims.

From 1970-1981, I was employed by State Farm Fire & Casualty Company as a Field Claims Representative. My responsibilities included the investigation, evaluation and settlement of both first party property damage claims and third party liability claims under both personal and commercial lines insurance policies. During this period of time, I also acted as a Special Disaster Supervisor, traveling throughout the United States to adjust and supervise claims arising from various natural disasters, including earthquake, hurricane, tornado, windstorm and hail. My training included, among other things, a three-week property claim school; a three-week liability claim school; a three-week school dealing with building damage estimating; and a one-week school dealing with the adjustment of suspected arson and fraud claims.

From 1981-1987, I was employed by State Farm Fire & Casualty Company as a Claim Superintendent. As a Claim Superintendent, it was my responsibility to implement the policies and procedures that had been adopted by State Farm Fire & Casualty Company for the processing of claims. It was also my responsibility to monitor the conduct of claims representatives to assure their compliance with any prevailing insurance claim statutes or regulations. My areas of expertise included first party property damage claims and third party liability claims, under both personal and commercial lines insurance policies. As a Claims Superintendent, I was also responsible for monitoring and handling liability claims in connection with umbrella policies. Additional training as a Claims Superintendent included, among other things, an advanced school dealing with precision claims handling in connection with suspected arson and fraud claims.

From 1987-1990, I was employed by State Farm Fire & Casualty Company as a Divisional Claim Superintendent. As a Divisional Claim Superintendent, I was responsible for managing a division of Claim Superintendents and Claim Representatives. My managerial span of control was approximately 150 employees. As both a Claims Superintendent as well as a Divisional Claims Superintendent, I was responsible for overseeing a specialty unit dealing with "concurrent cause of loss" claims in Northern California. This unit was developed to deal with the uncertainty in the law dealing with the causation standard to be applied in connection with first party property damage claims. As a Divisional Claim Superintendent I testified frequently as State Farm's person most knowledgeable in connection with the standards that had been adopted and implemented for the processing of claims, and worked closely with defense counsel to monitor and direct claims that were in litigation.

From approximately 1992 – 1996, I was employed by Douglas & Malmgren, an independent adjusting firm. While employed with Douglas & Malmgren I adjusted both first party property damage claims and third party liability claims under commercial lines insurance policies.

From approximately 1996 - 1999, I was a founding partner in Insurance Dispute Resolution. This was a company formed with the intent of offering the industry an efficient, reasonably priced mechanism for resolving all insurance-related disputes.

From 1990 through the present I have been continuously self-employed as an independent property and casualty insurance claim consultant.

**QUALIFICATIONS/EXPERIENCE**

* First Party Property Damage Claims
* Third Party Liability Claims
* Personal Lines Insurance Policies
* Commercial Lines Ins. Policies
* Personal Injury Coverage
* Advertising Injury Coverage
* Business Owners Policy
* Inland Marine Policies
* Boat Owners
* Umbrella/Excess Policies
* Disaster Related Claims
* Arson/Fraud
* Material Misrepresentations
* Concealment
* Efficient Proximate Cause
* Independent Concurrent Proximate Cause
* Duty to Defend
* Duty to Indemnify
* Excess Indemnity
* Independent Counsel
* Use of Coverage Counsel
* Construction Defect
* Mold/Mildew/Black Water
* Environmental Contamination
* Auto Physical Damage
* Auto Liability
* Uninsured/Underinsured Motorists Coverage
* Medical Pay/PIP Coverage
* Insurance Claims Handling Practices & Procedures
* Insurance Claims Handling Standards of Care
* Insurance Claims Handling Statutes and Regulations
* Duties of the Insured
* The Covenant of Good Faith and Fair Dealing

**PROFESSIONAL COURSES**

Charted Property Casualty Underwriter:
- CPCU 7 – Management
- CPCU 5 – Insurance Company Operations
- CPCU 3 – Commercial Property Risk Management
- CPCU 6 – Legal Environment of Insurance
- CPCU 2 – Personal Risk Management
- CPCU 1 – Principles of Risk Management & Insurance

Certificate in General Insurance:
- Ins. 23 – Commercial Lines Insurance
- Ins. 22 – Personal Lines Insurance
- Ins. 21 – General Principles of Insurance

Vale National Residential Building Estimating School

Claims Law – Legal Principles/Casualty Claims

Property Claims Law Associate

**COURT QUALIFIED EXPERT WITNESS TESTIMONY**

California Superior Courts: San Francisco County; Sonoma County; Marin County; Santa Clara County; San Mateo County; Contra Costa County; Alameda County; Los Angeles County; Merced County; Fresno County; San Diego County; Sacramento County; Humboldt County; Nevada County; Orange County; Riverside County; Solano County; San Joaquin County; Madera County; Napa County; Santa Barbara County; Ventura County

United States District Courts: Northern District of California; District of New Mexico; Great Falls Division, Great Falls, Montana; U.S. District Court, Clark County, Nevada; Eastern District of California (Fresno); Eastern District of California (Sacramento)

# EXHIBIT B

**Paul Hamilton**
**Property & Casualty Claim Consultant**
**122 Calistoga Road, #314**
**Santa Rosa, CA 95409**
**(707) 545-4109**
**phamil64@icloud.com**

**PRIOR EXPERT WITNESS DEPOSITION TESTIMONY**

Kevin Conway v. First American Specialty Insurance
San Mateo County Superior Court
Testified on behalf of Defendant, First American Specialty Insurance
First Party; Personal Lines; Homeowners Policy; Mold

Solomon/Red Fox Restaurant v. Fire Insurance Exchange
Marin County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Commercial Property Policy; Fire Claim; Suspected Arson

Figueroa v. Fire Insurance Exchange
Los Angeles County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Personal Lines; Homeowners Policy; Mold

Boles, Palmer v. Philadelphia Indemnity
U.S. District Court, Eastern District of California (Fresno)
Testified on behalf of Plaintiff, Boles, Palmer
Third Party; Professional Liability Policy; Duty to Defend

Byers v. Mercury Casualty Insurance Company
Orange County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Co.
First Party; Personal Lines; Homeowners Policy; Water Damage; Mold

Huarte v. Hartford Fire Insurance Company
Sacramento County Superior Court
Testified on behalf of Defendant, Hartford Fire Insurance Co.
First Party; Commercial Property Policy; Burglary Claim

Vaughn v. Albert D. Seeno (Fire Insurance Exchange)
Contra Costa County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Homeowners Policy; Water Damage Claim; Mold

Abolfathian v. Mercury Casualty Insurance Company
Los Angeles County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Company
Third Party Liability; Personal Lines; Homeowners Policy; Duty to Defend

Kelly v. American States Insurance Company
Santa Clara County Superior Court
Testified on behalf of Defendant, American States Insurance Co.
Third Party Liability; Automobile Policy; Duty to Defend

Rivera v. Allstate Insurance Company
United States District Court, Northern District of CA
Testified on behalf of Allstate Insurance Company
First Party; Homeowners Policy; Water Damage Claim; Mold

Beck v. Unigard Indemnity Company
Solano County Superior Court
Testified on behalf of Defendant, Unigard Indemnity Company
First Party; Homeowners Policy; Water Damage Claim; Assignment of Rights to Contractor/Public Adjuster

Salhi v. Farmers Insurance Exchange
Alameda County Superior Court
Testified on behalf of Defendant, Farmers Insurance Exchange
First Party; Automobile Policy; Collision Loss

Kahalili v. Liberty Mutual Insurance Company
Marin County Superior Court
Testified on behalf of Policyholder, Kahalili
First Party; Homeowners Policy; Fire Claim

Ann Marselis v. Allstate Insurance Company
Alameda County Superior Court
Testified on behalf of Defendant, Allstate Insurance Company
First Party; Homeowners Policy; Earthquake Claim; Statute of Limitations

Roman v. Travelers Property Casualty
Sacramento County Superior Court
Testified on behalf of Defendant, Travelers Property Casualty
First Party; Homeowners Policy; Water Damage Claim; Mold

McNamara v. Fireman's Fund Insurance Company
Marin County Superior Court
Testified on behalf of Defendant, Fireman's Fund Insurance Company
First Party; Homeowners Policy; Water Damage Claim; Mold

Fernandez v. Fidelity & Deposit Insurance Company
Sacramento County Superior Court
Testified on behalf of Defendant, Fidelity & Deposit Insurance Company
First Party; Homeowners Policy; Soot Claim; Water Damage

Berry v. Fire Insurance Exchange
Santa Cruz County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Homeowners Policy; Fire Claim

Mayberry v. USAA Insurance Company
Santa Clara County Superior Court
Testified on behalf of Defendant, USAA Insurance Company
First Party; Homeowners Policy; Fire Claim; Suspected Arson

Ehninger, Fetzer & Tholen v. Travelers Insurance Company
Alameda County Superior Court
Testified on behalf of Defendant, Travelers Insurance Company
Third Party; Commercial General Liability Policy; Construction Defect; Duty to Defend

Daniel B. Botkin v. Safeco Insurance Company of America
San Francisco County Superior Court
Testified on behalf of Defendant, Safeco Insurance Company
First Party; Automobile Policy; Uninsured Motorist Coverage

KLA-TENCOR CORP. v. Travelers Indemnity Company of Illinois
United States District Court, San Jose Division
Testified on behalf of Defendant, Travelers Indemnity Company
Third Party; Commercial Policy; Duty to Defend; Intellectual Property

Louis Ferrigno v. Mercury Casualty Insurance Company
Los Angeles County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Company
First Party; Homeowners Policy; Water Damage Claim; Mold

Mr. "C" Investments v. Cal Farm Insurance Company
Fresno County Superior Court
Testified on behalf of Policyholder, Mr. "C" Investments
First Party; Farm Owners Policy; Theft Claim; Suspected Material Misrepresentation; Suspected Fraud

Paul & Sarah Hamm v. Fire Insurance Exchange
Santa Cruz County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Homeowners Policy, Water Damage Claim; Mold; Black Water

Saberi v.  Fire Insurance Exchange
San Mateo County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Homeowners Policy; Water Damage Claim; Mold

Gallagher v. CSAA-IIB
Contra Costa County Superior Court
Testified on behalf of Defendant, CSAA-IIB
First Party; Homeowners Policy; Water Damage Claim; Ensuing Loss Provision; Mold

Summa v. USAA
Santa Cruz County Superior Court
Testified on behalf of Defendant, USAA
First Party; Homeowners Policy; Pre-existing damage issues; Fortuitous loss Issues; Earth Movement; Wear and Tear; Deterioration; Ensuing Loss Issues; Material Misrepresentations

Saks v. Fireman's Fund Insurance Company
Los Angeles County Superior Court
Testified on behalf of Defendant, Fireman's Fund Insurance Company
First Party; Business Owner's Policy; Burglary Claim; Material Misrepresentations

Buhrman v. Old United Insurance Company
Riverside County Superior Court
Testified on behalf of the Policyholder, Buhrman
First Party, Marine Policy; Boat Loss; Rescission

Pallack v. Fireman's Fund Insurance Company
Los Angeles County Superior Court
Testified on behalf of the Defendant, Fireman's Fund Insurance Company
First Party; Homeowners Policy; Northridge Earthquake Claim

Davis (Simons) v. Safeco Insurance Company
Alameda County Superior Court
Testified on behalf of the Defendant, Safeco Insurance Company
First Party; Homeowners Policy; Windstorm Claim

Marina Landscape, Inc., et al. v. Fireman's Fund Insurance Company
Orange County Superior Court
Testified on behalf of the Defendant, Fireman's Fund Insurance Company
Third Party; Management Practices Liability Policy; Duty to Defend

Fowler v. Mercury Casualty Insurance Company
Riverside County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Company
First Party; Homeowners Policy; Water Damage Claim; Mold

Rohan v. Fire Insurance Exchange
San Francisco County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Homeowners Policy; Windstorm Claim; Wear & Tear Exclusion

Richard A. Lyons & Karen M. Bligh-Lyons v. Wawanesa General Insurance Company
San Bernardino County Superior Court
Testified on behalf of the Defendant, Wawanesa General Insurance Company
First Party; Homeowners Policy; Fire Claim; Reasonably Uniform Appearance

Kathleen Chaides v. Commercial Union Insurance Company
Alameda County Superior Court
Testified on behalf of the Defendant, Commercial Union Insurance Company
Third Party; Commercial General Liability Policy; Duty to Defend; Standard Pollution Exclusion

Eric Wyatt v. Zurich Insurance Company/ Assurance Company of America
United States District Court
Northern District of Oklahoma (Tulsa)
First Party; Commercial Office Policy (Dental Clinic) Water Damage Claim; Dispute over scope of loss; Dispute over Business Income claim

Lorraine Erwin & Jonie Peterson v. Mercury Casualty Company; Inter Insurance Exchange of the Automobile Club; Garland Restoration, Inc.
Orange County Superior Court
Testified on behalf of the Defendant, Mercury Casualty Company
First Party; Homeowners Policy; Fire Claim; Mold

Santana Row Hotel Partners v. Zurich American Insurance Company; Gallagher-Pipino, Inc.; Arthur J. Gallagher & Company
United States District Court, San Jose Division
Testified on behalf of the Policyholder, Santana Row Hotel Partners
First Party; Commercial Policy; Fire Claim; Business Interruption Claim

Gibson v. USAA
Marin County Superior Court
Testified on behalf of Defendant, USAA Insurance Company
First Party; Homeowners Policy; Water Damage Claim; Mold

Cheney/Willow Glen HOA v. Truck Insurance Exchange
Santa Cruz Superior Court
Testified on behalf of Defendant, Truck Insurance Exchange
First Party; Condo Unit Owners Policy; Water Damage Claim; Mold

Gary Allen Ulaner v. AXA Re American Insurance Company
United States District Court, Central District of California
Testified on behalf of the Policyholder, Gary Allen Ulaner
Third Party Liability; Automobile Liability; Failure to Accept a Reasonable Settlement Demand Within Policy Limits; Excess Judgment

R&R Sails, Inc., dba Hobie Cat Company v. Insurance Company of the State of Pennsylvania
United States Federal District Court
Southern District of California, San Diego Division
Testified on behalf of the Policyholder, the Hobie Cat Company
First Party; Commercial Property; Foreign Package Policy; Fire Claim; Building; Business Property; Business Interruption; Unreasonable Delay in the Payment of Amounts Due; Fair Claims Settlement Practices Regulations

UMG RECORDINGS, INC. & UNIVERSAL MUSIC GROUP, INC. v. American Home Assurance Company
United States District Court, Central District of California
Testified on behalf of the Defendant, American Home Assurance Company
Third Party; Commercial Liability Policy; Duty to Defend; Duty to Indemnify; Personal Injury; LRRP; Deductible

Reitmeier v. Wawanesa Insurance Company
San Diego County Superior Court
Testified on behalf of Defendant, Wawanesa Insurance Company
First Party; Automobile Policy; Theft of Vehicle

Green v. Fire Insurance Exchange
Alameda County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
First Party; Tenant Policy; Theft; Failure to Cooperate; Material Misrepresentation

Maria Elena Duran v. Pacific Specialty Insurance Company
San Joaquin County Superior Court
Testified on behalf of Defendant, Pacific Specialty Insurance Company
First Party; Homeowners Policy; Material Misrepresentation in the Application for Insurance

Clarendon National Insurance Company vs. Bankers Insurance Company
San Bernardino County Superior Court
Testified on behalf of Plaintiff, Clarendon National Insurance Company
Third Party; Commercial General Liability; Construction Defect Claims; Duty to Defend; Misrepresentation on the Application; Equitable Indemnity

Wood v. Scottsdale Indemnity Company
United States District Court, Northern District
Testified on behalf of Defendant, Scottsdale Indemnity Company
Third Party; Duty to Defend; Personal Umbrella Liability Policy; Definition of Insured; Definition of Watercraft

Shinazy Enterprises, Inc. v. Truck Insurance Exchange
San Francisco County Superior Court
Testified on behalf of the Defendant, Truck Insurance Exchange
First Party; Commercial Policy; Fire Claim; Auto Body Shop; Dispute over Loss of Business Income

Kay A. Reed & Charlie Wear, Trust Administrators for the Vornado Liquidating Trust vs. Tyco Electronics Corporation; Global Wire Technologies of Indiana, Inc.; GWT Investments, Inc.; Unicable, Inc.
Testified on behalf of the Defendants
First Party Property Damage Claims; Equitable Indemnity
(NOTE: This particular deposition involved the investigation, evaluation and subrogation demands of ten separate claims. In all, this case involved approximately 140 separate claims arising from an alleged defective product.)

Masha Levinson & Leon Taylor vs. Fire Insurance Exchange
San Francisco County Superior Court
Testified on behalf of the Defendant, Fire Insurance Exchange
First Party; Personal Lines; Fire Claim; Claims Handling; Fair Claims Settlement Practices Regulations

Zurich American Insurance Company v. AIU Insurance Company/Lexington Insurance Company
Alameda County Superior Court
Testified on behalf of the Plaintiff, Zurich American Insurance Company
Third Party; Commercial Liability; Duty to Defend; Duty to Indemnify; Construction Defect; Equitable Contribution

Sean E. Ulbert & Estephanie K. Ulbert v. Mercury Casualty Insurance Company
San Diego County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Company
First Party; Homeowners Policy; San Diego Wildfire; Insured's Duties in the Event of Loss; Reformation; Loss Settlement Provision

Philip Rudolph Johnson v. American Casualty Company
United States District Court
Northern District of California
Testified on behalf of Defendant, American Casualty Company
Third Party; Commercial Automobile Liability; Permissive User; Duty to Defend

Michael Schwartz v. Mercury Casualty Company
Los Angeles County Superior Court
Testified on behalf of Defendant, Mercury Casualty Company
First Party; Homeowners Policy; Water Damage Claim; Black Water; Mold

Giannulli v. DWC General Contractors, Inc.; AIG Private Client Group
Riverside Superior Court; Indio Branch
Testified on behalf of Policyholder, Giannulli
First Party; Homeowners Policy; Fire Damage Claim; Unreasonable delays in the investigation and payment of the claim; Fair Claims Settlement Practices Regulations; Use of Preferred Vendor

Stephens & Stephens, XII, LLC. v. The American Insurance Company
San Francisco County Superior Court
Testified on behalf of Defendant, The American Insurance Company
First Party; Commercial Property Policy; Vandalism & Theft Claim; Copper Theft; Policy Period Issues

Anthony Borreson & Michele Borreson v. USAA Casualty Insurance Company; Puma Construction Company, Inc.; Kevin Bushaw
Madera County Superior Court
Testified on behalf of the Defendant, USAA Casualty Insurance Company
First Party; Homeowners Policy; Windstorm Claim; Mold; Duty to Investigate; Fair Claims Settlement Practices Regulations; Duties of Public Adjuster

Joseph William Bischell & Charlene Ann Bischell v. Mercury Casualty Insurance Co.
San Luis Obispo County Superior Court
Testified on behalf of the Defendant, Mercury Casualty Insurance Company
First Party; Homeowners Policy; Fire Claim; Failure to Investigate; Fair Claims Settlement Practices Regulations

Steven Scarpa, Individually, and Mountain Air Enterprises v. Travelers Property Casualty Company of America
United States District Court, District of Nevada
Testified on behalf of the Policyholder, Steven Scarpa
First Party; Commercial Property Loss; Unreasonable Failure to Pay Policy Benefits; Failure to Comply with Nevada Claim Regulations; Failure to Conduct a Reasonable Investigation

Lucena v. Truck Insurance Exchange
Santa Clara County Superior Court
Testified on behalf of the Defendant, Truck Insurance Exchange
Third Party; Homeowners Policy; Personal Umbrella Policy; Duty to Defend; Business Pursuits Exclusion

Liberty Mutual Insurance Company v. The California Automobile Assigned Risk Plan
United States District Court
Northern District of California, San Francisco Division
Testified on behalf of the Plaintiff, Liberty Mutual Insurance Company
Commercial Liability; Truckers Policy; Request for Indemnification in accordance with CAARP's servicing carriers agreement; Claims Handling to the standard of "want of even scant care."

Scottsdale Insurance Company v. American Investor Company, et al.
JAMS Arbitration
Brokers Professional Liability Policy
Duty to Defend; Duty to Indemnify; Troubled Securities Endorsement
Testified on Behalf of Scottsdale Insurance Company

California Casualty Indemnity Exchange v. Kulwant Sidhu, et al.
Fresno County Superior Court
Homeowners Policy; First Party; Property Damage; Fire Loss;
Material Misrepresentations; Fraud.
Testified on behalf of California Casualty Indemnity Exchange

Alissa Zeegers, Sarah Zito & James Zito v. The Interinsurance Exchange of The Automobile Club
San Diego County Superior Court (Central)
Homeowners Policy; Third Party; Duty to Defend; Duty to Indemnify;
Household Exclusion
Testified on behalf of The Interinsurance Exchange of the Automobile Club

HM Hotel Properties vs. Peerless Indemnity Company
United Stated District Court – District of Arizona
First Party; Commercial Policy; Hotel; Hail Damage
Testified on behalf of Peerless Indemnity

Ron Siegel & Mindy Siegel v. Mercury Casualty Ins. Company
Orange County Superior Court
First Party; Homeowners Policy; Water Damage (2 claims)
Testified on behalf of Mercury Casualty Insurance Company

Robert Cormany & Tina Cormany v. Fireman's Fund Insurance Company
San Bernardino County Superior Court
First Party; Homeowners Policy; Vandalism/Theft Claim;
Material Misrepresentation by Insured;
Testified on behalf of Fireman's Fund Insurance Company

George Mardikian v. Wawanesa General Insurance Company
San Mateo County Superior Court
First Party; Family Auto Policy; Fire Damage
Material Misrepresentations by the Insured at the time of application and during the presentation of the claim.
Testified on behalf of Wawanesa General Insurance Company

Namrata C. Patel, DDS v. American Economy Insurance Company; Golden Eagle Insurance Corporation; Safeco Insurance Company of America
United States District Court, Northern District of California
First Party; Commercial – Businessowner's Policy; Dental Office; Green Dentistry; Business Interruption
Testified on behalf of American Economy Insurance Company

ARE-East River Science Park, LLC v. Lexington Insurance Company
United States District Court, Central District of California
First Party; Commercial Property; Manuscript Policy Form; Application of Deductible; Hurricane Sandy; Application of California Fair Claims Settlement Practices Regulations, etc.
Testified on behalf of Lexington Insurance Company

Michele Orr v. Mercury Casualty Insurance Company
Los Angeles County Superior Court
Testified on behalf of Mercury Casualty Insurance Company
First Party; Homeowners; Claims Handling; Fair Claims Settlement Practices Regulations; Duties of the Insured; Mold; Cancellation; Duty to Investigate Hidden Damage; Building Codes
(This litigation involved seven (7) separate claims: Basement Leak; Den Ceiling Leak; Second Basement Leak (settlement of foundation); Rainstorm claim; Drain Claim; Windstorm Claim; Second Rainstorm Claim

Mi Pueblito Market v. Leading Insurance Services, Inc.
San Francisco Superior Court
Testified on behalf of Leading Insurance Services, Inc.
First Party; Business Owner's Policy; Fire; Claims Handling Practices;
Fair Claims Settlement Practices; Duties of Insured; Potential Material
Misrepresentations.

Janet Consorti vs. Foremost Insurance Company; Absolute Carpet Care
Santa Barbara County Superior Court
Testified on behalf of defendant, Foremost Insurance Company
First Party; Personal Lines; Manufactured Home; Water Damage;
Claims Handling Practices; Fair Claims Settlement Practices;
Duties of Insured; Duty to Warn (Lead, Asbestos, Mold);
Industry Custom and Practice – In Office Claims Handling.

Laura Beth Barickman & Shannon Jo McInteer vs. Mercury Casualty Company
Los Angeles County Superior Court
Testified on behalf of Mercury Casualty Insurance Company
Auto Policy; Unreasonable Refusal to Settle Within Policy Limits;
Altered Release

Ryder Truck Rental, Inc. vs. Travelers Property Casualty Ins. Co.
Orange County Superior Court
Testified on behalf of Travelers Property Casualty Ins. Co.
Commercial Automobile Policy; Leased Truck; Duty to Defend;
Duty to Indemnity; Additional Insured Endorsement; Lease Agreement

Colorado Casualty Insurance Company vs. Infinity Land Corporation, et al.
United States District Court – District of Colorado
Testified on behalf of Colorado Casualty Insurance Company
Business Owners Policy; Commercial; Duty to Defend; Duty to Indemnify;
Insuring Agreement; Insured Entities; Personal Injury Coverage

Mike Habib vs. Farmers Group, Inc.; Mid-Century Insurance Company
Los Angeles County Superior Court
Testified on behalf of Fire Insurance Exchange
Commercial Property Policy; Freeze Claim; Failure to Exercise Reasonable
Means to Maintain Heat

Brenda D. Woods; Carlos Rodriguez vs. Mid-Century Insurance Company
Napa County Superior Court
Testified on behalf of Mid-Century Insurance Company
Automobile Policy; Underinsured Motorist; Alleged Delay in Payment of Benefits

Michael Walker vs. Financial Indemnity Company
United States District Court
Northern District of California
Testified on behalf of Financial Indemnity Company
Automobile Policy; First Party; Theft/Burning of Vehicle; Non-cooperation denial.

Michael Mulverhill; Autumn Mulverhill vs. Mercury Casualty Ins. Co.
Superior Court of the State of California
County of Los Angeles
Testified on Behalf of: Mercury Casualty Insurance Company
First Party; Homeowners; water/sewage damage; questions re: ALE/FRV;
Disputed over the amount to repair replace with LKQ.

Mid-Century Insurance Company vs. Carol Fries/Dyanne Fries
Superior Court of the State of California
County of Ventura
Testified on Behalf Of: Mid-Century Insurance Company
Third Party; Homeowners Policy; Dog Bite; Resident Relative

JACOB LIBMAN; BETTY LIBMAN v. MERCURY CASUALTY INSURANCE COMPANY
Los Angeles County Superior Court
Testified on behalf of Defendant: Mercury Casualty Insurance Company
Attorney for Defendant: Shaver, Korff & Castronovo, LLP, Encino, CA
First party; Condominium Policy; Direct Physical Force of Wind Causing Damage to the Exterior

SHAHAB EBRAHIMIAN & ELIZABETH EBRAHIMIAN V. MERCURY INSURANCE GROUP
Los Angeles County Superior Court
Testified on behalf of Defendant: Mercury Insurance Group/Mercury Casualty
Attorney For Defendant: Hager & Dowling – Santa Barbara, CA
First Party; Homeowners Policy; Two Claims – Roof and Bathroom water damage; Duties of the insured to display damaged property. Possible material overstatement of claim – public adjuster.

THE HOMEOWNERS ASSOCIATION OF COBBLESTONE AT CHEYENNE MOUNTAIN RANCH v. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
United States District Court – District of Colorado
Testified on behalf of Defendant: Travelers Property Casualty Company
Attorney for Defendant: Foran Glennon – Denver, Colorado.
First Party; Condominium Policy; Dispute over extent of hail damage to roof.

MELINDA BOOTH DOGRA; JAY DOGRA vs. LIBERTY MUTUAL FIRE INSURANCE COMPANY
United Stated District Court – District of Nevada
Testified on behalf of Defendant: Liberty Mutual Fire Ins. Company
Attorney for Defendant: Foran Glennon – Las Vegas
Automobile Policy; Multiple Claimants; Serious Injuries; Unreasonable Refusal to Settle; Interpleader.

APRIL HANKINS, EXECUTRIX OF THE ESTATE OF VERNON HANKINS, DECEASED AND APRIL HANKINS, IN HER OWN RIGHT vs. PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY; J. CLAY KINCAID; CRAWFORD AND COMPANY, ET AL.
United States District Court – District of New Jersey, Newark Division
Testified on behalf of Defendant: J. Clay Kincaid & Crawford & Company
Attorney for Defendant: Baker, Donelson, Bearman, Caldwell & Berkowitz, PC – Atlanta, GA
Homeowners Policy; Dwelling Policy; Hurricane Sandy; Alleged failure on the part of Mr. Kincaid and Crawford to warn the policyholder of a potentially dangerous condition on the insured's property (fallen tree).

ROBERT J. TOBIAS; LYNN TOBIAS vs. MERCURY CASUALTY INSURANCE COMPANY, ET AL.
Superior Court of the State of California – County of Los Angeles
Testified on behalf of Defendant – Mercury Casualty Insurance Company
Attorney for Defendant: Lora Hemphill: Hager & Dowling, Santa Monica, CA.
Homeowners policy; water damage claim; mold; industry custom and practice as it related to the use of Xactimate as an estimating platform.

SCOTTSDALE INSURANCE COMPANY vs. COLONY INSURANCE COMPANY
United States District Court – Central District of California
Testified on behalf of defendant/counter-claimant SCOTTSDALE INS. CO.
Attorney for Scottsdale: James F. Henshall, Esq.: Selman Breitman, Santa Ana, CA
Third Party; Commercial; Construction Defect; Duty to Defend; Application of Continuing Damage Exclusion

RIMA A. SALLOUM v. WAWANESA GENERAL INSURANCE COMPANY
Superior Court of the State of California – County of San Diego
Testified on behalf of Defendant – Wawanesa General Insurance Co.
Attorney for Wawanesa: John Edson, Esq.: Sheppard Mullin, San Diego, CA
Automobile; First Party Bodily Injury; Underinsured Motorist Coverage; Misrepresentations by Insured during the presentation of the claim.

GABRIELITA ANACLETO; JUAN GUTIERREZ v. ALLSTATE INSURANCE COMPANY
United States District Court – Northern District of California
Testified on behalf of Defendant – Allstate Insurance Company
Attorney for Allstate: Jeffrey Butler, Esq. – Dentons US LLP – San Francisco
Homeowners; First Party; Water Damage; Public Adjuster; Claims Handling Procedures; Compliance with Fair Claims Practices Regulations; Duties of an Insured; Duties of a Public Adjuster.

CHURCH MUTUAL INSURANCE COMPANY v. GUIDEONE INSURANCE COMPANY
Superior Court of California – County of Shasta
Testified on behalf of Defendant: GUIDEONE INSURANCE COMPANY
Attorneys for GuideOne: Matthew Foy, Esq./Michael A. Pursell, Esq. – Gordon & Rees – San Francisco, CA
Church Policy; First Party; Fire Loss; Contributing Insurance; Insurable Interest; Good Faith Claims Handling

RACHAEL EVENSEN vs. MID-CENTURY INSURANCE COMPANY
Superior Court of California – County of Sonoma
Testified on behalf of Defendant: MID-CENTURY INSURANCE COMPANY
Attorney for Mid-Century: Valerie A. Moore, Esq. – Haight, Brown & Bonesteel, LLP – Los Angeles, CA
Underinsured Motorist Claim; Residency Issue; Reasonableness of Claims Handling

JANINE R. ZAVOSKY & MICHAEL ZAVOSKY v. FARMERS INSURANCE COMPANY, INC.
Superior Court of California – County of San Francisco
Testified on behalf of Defendant: FARMERS INSURANCE COMPANY
Attorney For Farmers Insurance Company: Paul Allen Peters, Esq. – Demler, Armstrong & Rowland, San Francisco, CA
Automobile Policy; Theft of Vehicle; Claim denied due to material misrepresentations by its insured during the processing of the claim.

PRAETORIAN INSURANCE COMPANY v. WESTERN MILLING, LLC
WESTERN MILLING, LLC v. PRAETORIAN INSURANCE COMPANY
United States District Court – Eastern District of California
Testified on behalf of Plaintiff/Counter-Defendant: PRAETORIAN INSURANCE
Attorney For Praetorian: John Chatowski, Esq. – Selvin Wraith Halman, LLP - Oakland, CA
Commercial General Liability; Duty to Defend/Indemnity; Care Custody or Control; Waiver/Estoppel.

ALEXANDER PINTO v. FARMERS INSURANCE EXCHANGE; FARMERS INSURANCE GROUP; FARMERS UNDERWRITERS ASSOCIATION
Superior Court of the State of California – County of Los Angeles
Testified on behalf of Defendant: Farmers Insurance Exchange
Attorney for Farmers Insurance Exchange: Richard E. Morton, Esq./Haight, Brown & Bonesteel, LLP – Los Angeles, California
Automobile Policy; Alleged Unreasonable Refusal to Settlement; Policy Limit Time Limited Demand.

JAMES FRAILING; KIMBERLY FRAILING vs. NATIONWIDE MUTUAL INSURANCE COMPANY; AMCO INSURANCE COMPANY; ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY
Testified on Behalf of Defendant: Nationwide Insurance Company
Attorney for Nationwide/AMCO: David L. Jones, Esq./Gordon & Rees, Los Angeles, California
First Party; Rental Dwelling Policy; Fire Loss; Dispute over the payment of contractual benefits; Building Code Upgrade Coverage – structures not permitted prior to the fire; structures located over the property line.

HOMAYOUN LARIAN v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, ET AL.
Superior Court of the State of California – County of Los Angeles – West District
Testified on Behalf of Defendant: INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB
Attorney for Interinsurance Exchange: Stephen Smith, Esq./Smith Smith & Feeley, Newport Beach, CA.
First Party; Homeowners Policy; Water Damage Claim; Reasonably Uniform Appearance of Stone Flooring; Cabinets.

BONBECK PARKER, LLC vs. THE TRAVELERS INDEMNITY COMPANY OF AMERICA
UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLORADO
Testified on Behalf of Defendant: TRAVELERS INDEMNITY COMPANY OF AMERICA
Attorney for Travelers: Amy Samberg, Esq./Foran Glennon, Denver, Colorado
First Party; Commercial Property; Hail Damage; The Appraisal provision – scope vs. value.

ROSEMARY PEREZ vs. MERCURY CASUALTY COMPANY
SUPERIOR COURT, COUNTY OF MADERA
Testified on Behalf of Defendant: Mercury Casualty Company
Attorney for Mercury: Ian Fraser-Thomas, Esq.; Cesari, Werner & Moriarty, Daly City, CA.
First Party; Homeowners Policy; Interior Water Damage; Alleged Exterior Vandalism to Roof; An insurance companies statutory obligation to provide a reasonably uniform appearance in the damaged area.

LORNA MOORE & DONALD A. MCGILVRAY vs. AMGUARD INSURANCE COMPANY
SUPERIOR COURT, COUNTY OF SANTA BARBARA
Testified on Behalf of Defendant: AmGUARD Insurance Company
Attorney for AmGUARD: Randall A. Miller, Esq.; Miller Law Associates, Los Angeles, CA.
First Party; Rental Dwelling; Business Owner's Policy; Dispute regarding the application of the water back-up and sump overflow endorsement; dispute regarding the application of the California Fair Claims Settlement Practices Regulations (argued duty to make advanced/undisputed claim payments before the claim had been accepted).

HARTFORD FIRE INSURANCE COMPANY v. GALAXY THEATRES, LLC
GALAXY THEATRES, LLC (Counter-Plaintiff) v. HARTFORD FIRE INSURANCE COMPANY; GALLAGHER BASSETT SERVICES, INC.; FAIRCHILD RECORD SEARCH, LTD.
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
Testified on Behalf of Counter-Defendant Gallagher Bassett Services, Inc.
Attorney For Gallagher Bassett: Scott Sterling, Esq.; Jennifer P. Taton, Esq.; Christensen Hsu Sipes, LLP, Torrance, CA 90501
Third Party; Commercial; Duty to Defend; Duty to Indemnify; Default Judgment; Prejudice in failure to report service of process; Duties of a Third Party Administrator.

WILLIAM & CAMIELLE CHOU VS. USAA CASUALTY INSURANCE COMPANY
ORANGE COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: USAA Casualty Insurance Company
Attorney for USAA-CIC: DKM Law Group; Robert McLay, Esq; Joshua Kastan, Esq. (San Francisco, CA)
Third Party; Duty to Defend; Retender of Defense; Tenant/Landlord Dispute; Lack of Occurrence; Lack of Bodily Injury as Defined; Property Damage to Property Rented To the Insured.

SEANY RENFROW VS. LARRY BUTLER, ET AL.
LOS ANGELES COUNTY SUPERIOR COURT (SOUTH JUDICIAL DISTRICT)
Testified on Behalf of Defendant: Interinsurance Exchange of the Automobile Club
Attorney for The Exchange: Stephen E. Smith, Esq., Smith, Smith & Feeley, LLP, 1401 Dove Street, Newport Beach, CA.
First Party; Condominium Unit Owners' Policy; Water Damage; Continuous Leakage or Seepage of Water Exclusion.

JOSE VALLEJO VS. FARMERS INSURANCE GROUP, ET AL
SAN JOAQUIN COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: Farmers Insurance Exchange
Attorney for Farmers: Valerie Moore, Esq., Haight Brown & Bonesteel LLP, 555 South Flower Street, Los Angeles, CA 90071
Third Party; Landlord's Protector Policy (liability only); Substantial Prejudice Due to Delayed Reporting; Argued Unreasonable Refusal to Pay Judgment Creditor.

SEAN HARRIS & MICHELLE HARRIS VS. MID-CENTURY INSURANCE COMPANY, LOUIS T. JENKINS
SONOMA COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: Mid-Century Insurance Company
Attorney for Mid-Century: David L. Jones, Esq., Gordon & Rees, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
First Party; Homeowners; Sonoma County Wildfire Total Loss
Underinsurance; The amount actually and necessarily incurred to rebuild.

LAN CHOW v. BUSINESS ALLIANCE INSURANCE COMPANY
ALAMEDA COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: Business Alliance Insurance Company
Attorney for BAIC: Mark R. Mittleman, Esq.; Law Offices of Mark R. Mittleman
575 Lennon Lane, Suite 150, Walnut Creek, CA 94598
First-party; Commercial Fire Loss; Disputed Scope of Loss Regarding Alleged Smoke Damage.

BROOKE COLDREN & ROBERT COLDREN vs. MERCURY CASUALTY COMPANY (CALIFORNIA AUTOMOBILE INSURANCE COMPANY)
Testified on Behalf of Defendant: California Automobile Insurance Company
Attorney for CAIC: Christopher P. Wesierski, Esq.; Wesierski & Zurek, LLP,
29 Orchard Road, Lake Forest, CA 02630
First-Party; Residential Homeowner Loss; Water Damage – Rain intrusion through decks and windows; Dispute regarding the payment of consultant fees (water mitigation and public adjuster); Cooperation of the Insured; Reasonableness of the investigation conducted by CAIC; extensive pre-existing damage (mold and dry rot).

JOHN GARY COLLINS vs. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY
Testified on Behalf of Defendant: Nationwide Agribusiness Insurance Company
Attorney for Nationwide: Michelle R. Bernard, Esq.; Gordon Rees Scully Mansukhani, 101 West Broadway, Suite 2000, San Diego, CA 92101
First-Party; Business Auto Policy; Uninsured Motorist Coverage
Alleged unreasonable refusal to settle; Alleged unreasonably low offers of settlement; Alleged unreasonable evaluation of an injury as Insured was unrepresented; Insured allegedly forced to retain counsel.

CARSON COGENERATION COMPANY vs. SCOTTSDALE INSURANCE COMPANY
Testified on Behalf of Defendant: Scottsdale Insurance Company
Attorney for Scottsdale: Michelle R. Bernard, Esq.; Gordon Rees Scully Mansukhani, 101 West Broadway, Suite 2000, San Diego, CA 92101
First-Party; Commercial Property Policy; Fire/Explosion to an electricity generating plant; dispute over the valuation of the damaged property (both on an ACV and RCV basis); disputed over the application of the Co-Insurance provision; allegations regarding the reasonableness of the claims handling, the investigation and evaluation of the claim.

ALBINA GRIEGO vs. AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS
VENUED: UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
Testified on Behalf of Defendant: American Hallmark Insurance Company
Attorney for American Hallmark: Rebecca R. Weinreich, Esq., Lewis, Brisbois, Bisgaard & Smith, 633 West Fifth Street, Suite 4000, Los Angeles, CA.
First Party Bodily Injury; Uninsured Motorist; First Call Settlements; Use of a Release on a First Party UIM Claim. (2020)

THE CITY OF LONG BEACH; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA vs. SENTRY INSURANCE, A MUTUAL COMPANY, ET AL.
VENUED: Superior Court for the County of Los Angeles
Testified on Behalf of Defendant: Sentry Insurance Company
Attorney for Sentry Insurance: Laura R. Ramos, Esq., Selman Breitman, 11766 Wilshire Blvd., Los Angeles, CA 90025
Third Party; Commercial; Duty to Defend; Duty to Indemnify; Subrogation Action; Additional Insured Endorsement; Motorcycle Accident/Fatality. (2021)

DAVID T. BRODERSEN, WENDY L. KATZ-BRODERSEN; GREENLEAF NURSERY, LLC VS. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY; ARLAN KNUTSON INSURANCE AGENCY
VENUE: Superior Court of California County of San Diego
Testified on Behalf of Defendant: Nationwide Agribusiness Insurance Company
Attorney for Nationwide: Michelle Bernard, Esq., Gordon Rees Scully Mansukahani, LLP, 101 W. Broadway, Suite 2000, San Diego, CA.
First Party; Wildfire; Partial Loss – Smoke Damage; Alleged Contamination by Vendor; Alleged Failure to Warn; Compliance with Industry Custom and Practice; Compliance with Fair Claims Settlement Practices Regulations. (2021)

CLAIRE LEWIS VS. GOVERNMENT EMPLOYEES INSURANCE COMPANY
VENUE: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
Testified on Behalf of Defendant: Government Employees Insurance Company
Attorney for GEICO: Suzanne Y. Badawi, Esq., Sheppard Mullin, 333 South Hope Street, Los Angeles, CA
Underinsured Motorist Coverage; Ms. Lewis was a pedestrian hit by an underinsured motor vehicle; she claim status as an insured under her father's policy; Definition of An Insured Person; Declaration Page: Named Insured vs. Additional Drivers. (2021)

JACKIE KREITZMAN & BRIAN SENIT vs. MERCURY CASUALTY COMPANY
VENUE: LOS ANGELES COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: Mercury Casualty Company
Attorney for Mercury Casualty: Mary Kim, Esq., Weiserski & Zurek, LLP, Lake Forest CA.
First Party; Homeowners Policy; Water Damage Claim; Leakage from Roof; Failure to Provide Mercury with Prompt Notice of Loss; Delays on the part of the Insured; Possible Breach of the Contractual Limitations period. (2021)

SIMONE RACHEL STIVI v. GEICO INDEMNITY INSURANCE
VENUE: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
Testified on Behalf of Defendant GEICO Indemnity Insurance
Attorney for GEICO: Suzanne Y. Badawi, Esq./Jeffrey Commisso, Esq., Sheppard Mullen, 333 South Hope Street, Los Angeles, CA
Underinsured Motorist Coverage; Dispute regarding the extent of general damages pertaining to alleged accident-induced tinnitus. Reasonable reliance upon advice of an independent third party medical expert. (2021)

STOCKTON MARIPOSA LLC v. WEST AMERICAN INSURANCE COMPANY (TWO DEPOSITIONS)
VENUE: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
Testified on Behalf of Plaintiff/Policyholder Stockton Mariposa
Attorney for Stockton Mariposa: Law Offices of Sassoon Sales, 16060 Ventura Blvd., Suite 110, Encino, CA 91436 (818) 728 6658
First Party; Commercial Policy; Vandalism/Metal Theft; Application of the 60-day grace period for vandalism to a vacant building. (2021)

RAZMIK HOVSEPYAN; SUREN HOVSEPYAN; SHUSHANIK PASKEVIHYAN v. GEICO GENERAL INSURANCE COMPANY
VENUE: UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
Testified on Behalf of Defendant GEICO GENERAL INSURANCE COMPANY
Attorney for GEICO: Suzanne Y. Badawi, Esq., Sheppard Mullin, 333 South Hope Street, Los Angeles, CA 90071-1422
First Party; Uninsured/Underinsured Motorist Coverage; Evaluation Consistent with Terms and Conditions of Policy; Reasonableness of Claims Investigation; Investigation consistent with industry custom and practice. Dispute regarding the claimant's entitlement to general damages under their UIM coverages. Settled via Arbitration. (2021)

MISTY ATTAWAY v. CALIFORNIA AUTOMOBILE INSURANCE COMPANY
VENUE: SUPERIOR COURT FOR THE COUNTY OF BUTTE
Testified on Behalf of Defendant: CALIFORNIA AUTOMOBILE INSURANCE COMPANUY
Attorney for CAIC: Lora D. Hemphill, Hager & Dowling, 319 East Carrillo Street, Santa Barbara, CA 93101 (805) 966 4700
First Party; Homeowners Policy; Wild Fire; Partial Loss; Reasonableness of Claims Investigation; Application of Insurance Code Section 2051. (2021)

RICHARD & MICHELLE MORENCY v. LM INSURANCE CORPORATION; SEN WATER & FIRE RESTORATION, INC., d/b/a SERVPRO OF HENDERSON/BOULDER CITY; SERVPRO INDUSTRIES
VENUE: DISTRICT COURT, CLARK COUNTY NEVADA
Testified on Behalf of Defendant: LM INSURANCE CORPORATION
Attorney for LM Insurance Corporation: Dylan Todd, Esq., Clyde & Co., 7251 W. Lake Mead Boulevard, Suite 430, Las Vegas, NV 89128 (213) 358 7600
First Party; Homeowners Policy; Water Damage; Mold; Habitability; Conduct of the Insured. (2021)

THOMPSON, AMANDA M. & DOUGLAS v. PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE
VENUE: ARIZONA SUPERIOR COURT, MARICOPA COUNTY
Testified on Behalf of Defendant: PRIVILIGE UNDERWRITERS RECIPROCAL EXCHANGE
Attorney for PURE: Andrew Bell, Esq., Lewis Brisbois, 2929 North Central Avenue, Suite 1700, Phoenix, AZ 85012 (602) 385 7876
First Party; Homeowners Policy; High End Value Policy; Fire Damage; Reasonableness of Investigation: Dwelling & Contents; Loss Payable Clause – Amount Actually Expended for Repair. (2021)

STEPHANIE CHAPA v. MERCURY CASUALTY COMPANY; AMERICAN TECHNOLOGIES, INC.
VENUE: SUPERIOR COURT, COUNTY OF SANTA CLARA
Testified on Behalf of Defendant: MERCURY CASUALTY INSURANCE COMPANY
Attorney for Mercury Casualty: Jacqueline D. DeWarr, Hager & Dowling, 319 East Carrillo Street, Santa Barbara, CA 93101 (805) 966 4700
First Party; Homeowners Policy; Fire Damage; Consequential Damage to Radiant Heating System; Reasonableness of Investigation; Reasonable Reliance on Third Party Experts; Amount Actually and Necessarily Expended for Repair. (2021)

DOUGLAS A. TUCKER vs. ALLSTATE NORTHBROOK INDENNITY COMPANY
VENUE: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
Testified on Behalf of Defendant: ALLSTATE NORTHBROOK INDEMNITY COMPANY
Attorney for Allstate: Suzanne Y. Badawi, Esq., Sheppard Mullin, 333 South Hope Street, 43 Floor, Los Angeles, CA 90071 (213) 620 1780
First Party; Underinsured Motorist Coverage; Evaluation consistent with the terms and conditions of the policy; Investigation consistent with industry custom and practice; no unreasonable withholding of a policy benefit. Case resolved in arbitration. (2021)

ARIS SARIGIANIDES; DIMITRIOS YORTZIDIS; & ARIS YORTZIDIS vs. MERCURY INSURANCE COMPANY
VENUE: SUPERIOR COURT – FOR THE COUNTY OF LOS ANGELES
Testified on Behalf of Defendant: MERCURY INSURANCE COMPANY
Attorney for Mercury: Tina M. Bhatia, Esq., Shaver Korff Castronovo, LLP, 16255 Ventura Blvd., Suite 850, Encino, CA 91426. (818) 905-6001.
First Party; Commercial Policy; Vehicle Damage; Application of Building Code Upgrades versus Insured's decision to upgrade; questions of loss of rental income. (2022)

CLARE/MATRIX vs. NATIONWIDE HARLEYSVILLE INSURANCE COMPANY
VENUE: SUPERIOR COURT – COUNTY OF LOS ANGELES
Testified on Behalf of Defendant: Nationwide/Harleysville
Attorney for Harleysville: Michelle Bernard, Esq., Gordon Rees Scully Mansukhani, LLP, 101 W. Broadway, Suite 2000, San Diego, CA 92101 (619) 230 7769
First Party; Commercial Policy; Fire Damage; Dispute over the calculation of alleged loss of business income for a non-profit corporation. (2022)

EDYLWISE ROMERO V. GEICO CASUALTY COMPANY
VENUE: SUPERIOR COURT – COUNTY OF SAN FRANCISCO
Testified on Behalf of Defendant: GEICO Casualty Company
Attorney for GEICO: Suzanne Y. Badawi, Esq., Sheppard, Mullin, Richter & Hampton, LLP; 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071 (213) 620-1780
Automobile Policy; First Party Bodily Injury – Uninsured Motorist Coverage; Dispute over whether an insurance company has a duty to make piecemeal payments under UM/UIM coverage, absent an agreement as to the ultimate amount of loss or an arbitration award. (2022)

PASTORA GUTIERREZ, ET AL. V. MERCURY CASUALTY COMPANY
VENUE: SUPERIOR COURT – COUNTY OF LOS ANGELES
Testified on Behalf of Defendant: MERCURY CASUALTY COMPANY
Attorney for Mercury Casualty: Lora D. Hemphill, Esq., Hager & Dowling, 319 E. Carrillo Street, Santa Barbara, CA 93101 (805) 966 4700.
Businessowner's Policy; Third Party; Duty to Defend; Allegations of Breach of Habitability; Duty to Defend was retendered due to Designated Premises Exclusion and Professional Services Exclusion. (2022)

DEBBIE SIEGFRIED VS. LOYA INSURANCE COMPANY
VENUE: UNITED STATES DISTRICT COURT – DISTRICT OF NEVADA
Testified on Behalf of Defendant: LOYA INSURANCE COMPANY
Attorney for Loya: Kristopher Zeppenfeld, Esq.; Kravits, Schnitzer, Johnson, Watson and Zeppenfeld, Chtd.; 8985 S. Eastern Avenue, Suite 200, Las Vegas, Nevada 89123 (702) 362-6666
Auto Policy; Third Party; Allegations of Unreasonable Refusal to Settle Within Policy Limits; Permissive Use Issue. (2022)

BRAD MITCHELL VS. USAA GENERAL INDEMNITY COMPANY
VENUE: UNITED STATES DISTRICT COURT – DISTRICT OF OREGON
Testified on Behalf of Defendant: USAA General Indemnity Company
Attorney for USAA GIC: Joshua N. Kastan, Esq.; Maxwell H. Goins, Esq.; DMK Law Group LLP, 1050 SW Sixth Avenue, Suite 1100, Portland, Oregon 97204 (415) 421-1100
First Party; Homeowners Claim; Alleged Windstorm Damage – Tree Branch punctured roof; alleged ensuing water damage; failure to provide prompt notice; failure to mitigate damages; failure to cooperate during the investigation. (2022)

SCOTT LINDSEY BUCHANAN v. ADMIRAL INSURANCE COMPANY
VENUE: SUPRIOR COURT – COUNTY OF SACRAMENTO
Testified on Behalf of the Insured: Sacramento Spine & Physical Therapy, Inc.
Attorney for Sacramento Spine & Physical Therapy, Inc.: Steven Schultz, Esq., 555 University Avenue, Suite 250, Sacramento, CA 95825); Attorney for Scott Lindsey Buchanan (by assignment): Daniel V. Kohls, Esq. 1520 Eureka Road, Suite 100, Roseville, CA (95661).
Third Party; Duty to Defend; Admiral Miscellaneous Medical Professional Liability Insurance Policy (Claims-Made; Claims Reported); Unreasonable Rejection of Sacramento Spine's Tender of Defense. (2022)

THOMAS WELSH and ANNE WELSH vs. SAFECO INSURANCE COMPANY OF AMERICA
VENUE: UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF UTAH
Testified on Behalf of the Insurance Company: Safeco Insurance Company of America;
Attorney Representing Safeco: Jeremy Stewart, Esq.; Scott Wiseman, Esq.; Snell & Wilmer, 15 West South Temple, Suite 1200, Salt Lake City, Utah 84101
Telephone: (801) 257-1989)
First Party; Landlord Protector's Policy; Fire damage to the dwelling that had been unoccupied for 60 days prior to the fire. There is a dispute as to whether the property was undergoing construction on the date of loss. (2022)

DAVID A. LIEBREICH, BALD EAGLE TRUST fka DAVID A. LIEBREICH REVOCABLE TRUST vs. PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE; ATLAS INSURANCE AGENCY
VENUE: IN THE CIRCUIT COURT OF THE FIRST CIRCUIT STATE OF HAWAII
Testified on behalf of defendant, PURE.
Attorney Representing PURE: Samantha Storm, Esq.; Myhre & Storm, 1003 Bishop Street, Suite 1290, Honolulu, Hawaii 96913 Telephone: (808) 524 2466
First Party; High Value Homeowners Policy; Water Damage to Structure; There is a dispute as to the nature and extent of the damage related to the covered water event; there are indications of long term exposure to water, indications of structural deficiencies; and noticeable dry rot, all of which seemingly are not loss related. (2022)

LYNNE EGINOIRE vs. ALLSTATE INSURANCE COMPANY
VENUE: SUPERIOR COURT – COUNTY OF LOS ANGELES
Testified on behalf of defendant, ALLSTATE Insurance Company and the claim representative Patrick Macklin
Attorney Representing Allstate: Gene Stone, Esq., Homan, Stone & Rossi, 1461 Ford Street, Suite 201, Redlands, CA 92373 (909) 307 9380
First Party; Homeowners; Kitchen Fire; Point of Origin was in a lower kitchen cabinet; the insured did extensive remodel work. Dispute regarding scope of loss. (2022)

MICHAEL MCGRANAHAN vs. GEICO GENERAL INSURANCE COMPANY
VENUE: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
Testified on behalf of defendant, GEICO General Insurance Company
Attorney Representing GEICO: Jared K. LeBeau, Esq., Michael L. Bean, Esq. – Sheppard Mullin Richter & Hampton, LLP, 501 West Broadway, 19th Floor, San Diego, CA 92101 (619) 338 6500
First Party; Underinsured Motorist; Bodily Injury. The issue was the reasonableness of GEICO's request for supporting documentation in response to a time-limited, policy limits demand. (2023)

KARA FLICK V. UNITED SERVICES AUTOMOBILE ASSOCIATION
VENUE: Superior Court of the State of California; County of Santa Barbara
Testified on behalf of defendant, United Services Automobile Association (USAA)
Attorney Representing USAA: DMK Law Group, LLP (Robert S. McLay, Esq.), 50 California Street, Suite 1500, San Francisco, CA 94111 (415) 421-1100
Third Party; Automobile Liability Policy. Alleged unreasonable refusal to settle resulting in an excess judgment against USAA's member. The issues were the reasonableness of the demand; and the reasonableness of USAA's response to the demand. (2023)

SCRIPPS HEALTH v. NAUTILUS INSURANCE COMPANY
VENUE: United States District Court, Southern District of California
I testified on behalf of defendant, Nautilus Insurance Company
Attorney Representing Nautilus: Selman, Leichenger, Edson, Hsu (Bridget A. Moorhead, Esq.), 101 West Broadway, San Diego, CA 92101 (619) 564-3619
Manuscript Policy; Site Specific Pollution Policy; Dispute regarding normal preventative maintenance vs. a pollution condition. (2023)

JOHN RAPP V. MERCURY CASUALTY COMPANY
VENUE: Superior Court for the State of California, For the County of Orange
I testified on behalf of defendant, Mercury Casualty Company.
Attorney Representing Mercury Casualty: Kathryn J. Harvey, Esq., Wesierski & Zurek, LLP, 29 Orchard Road, Lake Forest, CA 92630 (949) 975 1000
Homeowners Policy; First Party; Water Damage Claim. The main issues surrounded the separation of the damaged from the undamaged property. Mercury paid all undisputed amounts. The insured undertook a major remodel. (2023)

GLOBAL LIQUIDATION COMPANY, INC. v. NATIONWIDE INSURANCE COMPANY
VENUE: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
I testified on behalf of defendant, Nationwide Insurance Company
Attorney Representing Nationwide: Jeffrey Butler, Esq., Dentons US LLP, 1999 Harrison Street, Suite 1300, Oakland, CA 94612 (415) 882 0393
Commercial Policy; First Party; Water Damage Claim. The major dispute was the nature and extent of damage to rugs: 365 claimed; 25 actually confirmed. (2023)

SOUTHERN CALIFORNIA EDISON COMPANY vs. GREENWICH INSURANCE COMPANY. VENUE: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. I testified on behalf of the defendant, GREENWICH INSURANCE COMPANY. Attorney Representing Greenwich: Yvonne Schulte, Esq., Clyde & Co., 355 S. Grand Avenue, Suite 1400, Los Angeles, CA 90071. (213) 358-7600 Commercial General Liability Coverage Form; Greenwich's Named Insured was Utility Tree Service; Southern California Edison made a tender of defense to Greenwich under an additional insured endorsement in connection with multiple pieces of litigation arising from the Bobcat fire. Alleged unreasonable rejection of SCE's tender by Greenwich. (2023)

PAUL AND LOUISE LEUSCHNER v. NATIONSIDE MUTUAL INSURANCE COMPANY & LAURA BUSKIRK. VENUE: SONOMA COUNTY SUPERIOR COURT
I testified on behalf of the defendants, Nationwide Mutual and Ms. Buskirk
Attorney Representing Nationwide: Jon Braunstein, Esq., Dentons, 1999 Harrison Street, Suite1300, Oakland, CA 94612. (415 882 2425)
Homeowners Policy; First Party; Damage to Dwelling and Other Structures from impact by a tree fall. The issue was mainly the reasonableness of the conduct of both Nationwide and Ms. Buskirk in the processing of the underlying claim, with elderly Insureds. (2023)

STEVEN WILLIAMS v. ALLSTATE INSURANCE COMPANY; PAGLIA & ASSOCIATES CONSTRUCTION, INC. d.b.a. PROTECH CONSTRUCTION RESTORATION
VENUE: ORANGE COUNTY SUPERIOR COURT
I testified on behalf of defendant Allstate Insurance Company
Attorney Representing Allstate: Jeffrey V. Commisso, Esq., Sheppard, Mullin, Richter & Hampton, LLP, 501 West Broadway, San Diego, CA 92101-3598 (619) 338-6500
Homeowners Policy; First Party; Water Damage Claim; Preferred Vendor; Negligent Workmanship by a vendor, resulting in asbestos cross contamination. (2023)

STANLEY ELLIS v. GOVERNMENT EMPLOYEE INSURANCE COMPANY
VENUE: UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
I testified on behalf of defendant GEICO.
Attorney Representing GEICO: Suzanne Y. Badawi, Esq., Sheppard, Mullin, Richter & Hampton, LLP, 333 South Hope Street, Los Angeles CA 90071 (213) 620-1780.
Automobile; First Party Bodily Injury; Uninsured Motorist Claim; Questions regarding whether an insurance company is required to pay undisputed amounts on a first party BI claim; whether a claim professional can reasonably question the opinions of a medical professional; the timing of an IME. (2023)

RMB REAL ESTATE INVESTMENTS 2, LLC v. CALIFORNIA CAPITAL INSURANCE COMPANY: VENUE: SUPERIOR COURT OF THE COUNTY OF MARIN
I testified on behalf of the defendant, California Capital.
Attorney Representing California Capital: Gene A. Weisberg, Esq., Gladstone & Weisberg, 300 Corporate Point, Suite 400, Culver City, CA 90230. (310 821 9000)
Businessowners Policy; First Party; Tubbs Fire; Destruction of a 72 unit apartment complex that was replaced with significant upgrades. A dispute over the language contained in the Increased Period of Restoration endorsement; and a dispute over the reasonable time required to rebuild property of similar quality to the minimum law and ordinance governing that construction. (2023)

LEVON LEO HAIRAPETIAN v. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
VENUE: SUPERIOR COURT FOR THE STATEMENT OF CALIFORNIA, COUNTY OF ORANGE
I testified on behalf of the defendant, Certain Underwriters at Lloyd's.
Attorney Representing Underwriters: Tammy Louie Thai, Esq., Valiant Law, 800 Ferrari Lane, Suite 100, Ontario, California 91764 (909 677 2270)
Homeowners Policy; First Party Claim; Alleged Water Damage; A major discrepancy between the initial water remediation work and dry down logs and the actual nature and extent of the actual demolition performed by the insured. Major demolition was conducted prior to Lloyd's inspection of the loss, and seems to have been conducted in areas removed from the actual path of the water. (2024)

DAVID ROSENBERG and INGRID JKELLIN v. CALIFORNIA AUTOMOBILE INSURANCE COMPANY
VENUE: SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OR ORANGE
I testified on behalf of the defendant, California Automobile Insurance Company.
Attorney Representing CAIC: Mary Kim, Esq., Wesierski & Zurek LLP, 29 Orchard Road, Lake Forest, CA 92630 (949 975-1000)
Homeowners Policy; First Party Claim; Residential Water Damage: This involved two separate water damage claims: one in 2017; and a subsequent water damage claim in 2019. In my opinion, the allegations in connection with the 2017 claim was contractually time-barred. The 2019 claim involved substantially the same damages the Insured claimed in 2017. The 2019 claim involved the effect of an insurance company's inadvertently paying for the same damage twice. Serious questions as to whether the Insured took reasonable steps to protect the property from further damage. The 2019 claim involved two separate points of origin; the Insured only decided to report one of them. I rendered the opinion that the Insured's 2019 claim had been substantially overpaid by CAIC. (2024)

MARYAM HEDAYATI v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB
VENUE: SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ORANGE – CENTRAL JUSTICE CENTER
I testified on behalf of Defendant, Interinsurance Exchange of the Automobile Club
Attorney Representing the Exchange: John Brooks, Esq., Thomas R. Proctor, Esq., Sheppard Mullin, Richter & Hampton, LLP, 501 West Broadway, San Diego, CA 92101 (619) 338 6500.
Automobile Policy; 25/50 Limits; Catastrophic Injury: Within 30 days or less, the Auto Club offered its policy limits. On a Wednesday, the day before the Thanksgiving holiday, the Auto Club received a 7-day time-limited demand. With the timing during the holiday, and with the conditions placed upon the response, the Auto Club was effectively given 2-working days to respond to the conditions of the demand. Due to a clerical issue, the demand did not reach the desk of a claims manager until the day after the demand had expired. No extensions were granted. (2024)

MIDTOWN HOTEL GROUP, LLC v. SELECTIVE INSURANCE COMPANY OF AMERICA
VENUE: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA
I testified on behalf of Defendant, Selective Insurance Company of America
Attorney Representing Selective: Amanda Hough, Esq., Clyde & Co US LLP, 400E. Van Buren Street, Suite 440, Phoenix, AZ 85004 (480) 746-4580
Commercial Property Policy; Ramada Inn brand converting from Holiday Inn. Water damage claim; Predominant cause was mechanical breakdown; ensuing water damage to the interior of the hotel. At the time of the loss, the hotel's chiller tower was deteriorated and had reached the end of its useful life; the roof deck had extensive pre-existing deterioration. Selective paid for all undisputed direct physical loss due to the ensuing escape of water. A dispute arose as to whether Selective had any duty to replace the entire chiller tower and the entire deteriorated roof deck. There also arose a question as to whether, because of the water damage to certain rooms, Selective had a duty to match the remaining, undamaged rooms in the hotel. (2024)

PAMELA SCHWENT & JULIE WESTCOTT v. TRAVELERS PERSONAL INSURANCE COMPANY: VENUE: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO: I testified on behalf of Defendant, Travelers Personal Insurance Company. Attorney Representing Travelers: Jeri Wettestad, Esq.; Daniel Mowrey, Esq., Clyde Co. US, LLP: 999 19th Street, Suite 1765N, Denver, CO 80202 (303) 301-8950 Homeowners Insurance Policy; Alleged Sewer Back-up; The Insured was represented by a public adjuster whose conduct may have fallen below the standard of care; I testified regarding the reasonableness of the conduct of the Travelers Claims Professionals during the processing of this claim. (2024)

ALAN RITTENBERG vs. NATIONWIDE MUTUAL INSURANCE COMPANY
VENUE: United States District Court, Central District of California
I testified on behalf of Defendant: Nationwide Mutual Insurance Company
Attorney Defending Nationwide: Hines, Hampton, Pelinda, LLP; by Brian Pelanda, Esq.
23 Corporate Plaza Drive, Suite 150, Newport Beach, CA 92660 (714) 513-1122
First Party; Homeowners Policy; Residential Fire Damage. This was an interesting case. There was a dispute between Mr. Rittenberg and Nationwide as to the amount necessary to repair his fire damage. The claim went to appraisal. Nationwide paid the actual cash value of the loss based on the appraisal award. While attempting to determine whether to pay replacement cost benefits, Nationwide learned, through discovery, that it was very questionable whether Mr. Rittenberg had actually incurred amounts to repair the damage with like kind and quality. The actual hard costs of Mr. Rittenberg's contractor were considerably less than the Appraisal Award. It was learned that the contractor had agreed to pay the 10% public adjuster's fee. There was also a dispute regarding the period of restoration. (2024)

CLARE/MATRIX vs. NATIONWIDE HARLEYSVILLE INSURANCE COMPANY
VENUE: SUPERIOR COURT – COUNTY OF LOS ANGELES
Testified on Behalf of Defendant: Nationwide/Harleysville
Attorney for Harleysville: Michelle Bernard, Esq., Gordon Rees Scully Mansukhani, LLP, 101 W. Broadway, Suite 2000, San Diego, CA 92101 (619) 230 7769
First Party; Commercial Policy; Fire Damage; Dispute over the calculation of alleged loss of business income for a non-profit corporation. (2025)

K. HOVNANIAN ARIZONA OPERATIONS, LLC V. E.W.D., INC. d/b/a ROOF RITE; ERIC W. DONNELLY ENDURANCE AMERICAN SPECIALTY INSURANCE
VENUE: Superior Court of the State of Arizona
Testified on Behalf of Defendant: Endurance American Specialty Insurance
Attorney representing Endurance: William Reeves, Esq., Morales, Fierro & Reeves, 1440 Maria Lane, Suite 200, Walnut Creek, CA 94596 (925) 288 1776
Construction Defect; Third-Party; Duty to Defend; Duty to Indemnify: K. Hovnanian was the general contractor, and was an additional insured under Roof Rite's general liability policy. Both defective workmanship and consequential damages were repaired dated back to 2017/2018. Endurance was not notified of the claim until 2020. One of the main questions was the status of K. Hovnanian: KHOV was directly tendering demands for reimbursement to Endurance (as a claimant). And at one point, a PDA notice was tendered to Endurance by KHOV (as an additional insured). (2025)

# EXHIBIT C

**Paul Hamilton**
**Property & Casualty Claim Consultant**
**122 Calistoga Road, #314**
**Santa Rosa, CA 95409**
**(707) 545-4109**
**phamil64@icloud.com**

## PRIOR EXPERT WITNESS TRIAL TESTIMONY

**The Pacific Group v. First State Insurance Company**
San Francisco County Superior Court
Testified on behalf of Defendant First State Insurance Company
Attorney for Defendant: John Frye, Esq.
Third Party; Duty to Defend; Excess Liability; Advertising Injury

**Gentile v. CSAA**
Sonoma County Superior Court
Testified on behalf of Plaintiff, Gentile
Attorney for Plaintiff: James Kemp, Esq.
First Party; Property Damage; Vandalism

**Ricucci v. Fire Insurance Exchange**
Marin County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Francis X. Doherty, Esq.
First Party Property Damage; Personal Lines; Windstorm

**Grewal v. CSAA**
Santa Clara County Superior Court
Testified on behalf of Defendant, CSAA
Attorney for Defendant: Stephan A. Barber, Esq.
First Party Property Damage; Personal Lines; Fire; Suspected Arson

**Ziegler v. Associated Indemnity Insurance**
San Mateo County Superior Court
Testified on behalf of Defendant, Associated Indemnity Insurance
Attorney for Defendant: Gary Selvin, Esq.
First Party; Property Damage; Personal Lines; Earthquake

**Larkspur Isle Condominium Association v. Farmers Insurance Group, et al.**
Marin County Superior Court
Testified on behalf of Defendant, Farmers Insurance
Attorney for Defendant: Jon H. York, Esq.
First Party; Property Damage; Construction Defect; Water Damage

**Grant v. Allstate Insurance Company**
Contra Costa County Superior Court
Testified on behalf of Defendant, Allstate Insurance Company
Attorney for Defendant: Howard Janssen, Esq.
First Party; Property Damage; Rental Dwelling; Vandalism/ Fire

**Sung v. CSAA**
Alameda County Superior Court
Testified on behalf of Defendant, CSAA
Attorney for Defendant: Greg Tolson, Esq.
First Party; Property Damage; Personal Lines; Earthquake

**Oznowicz v. Fire insurance Exchange**
Alameda County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Jon H. York, Esq.
First Party; Property Damage; Course of Construction; Fire

**Scottsdale Insurance Company v. Chateau Glean HOA**
Los Angeles County Superior Court
Testified on behalf of Plaintiff/Cross-Defendant Scottsdale Insurance Co.
Attorney for Defendant: Tricia A. McCarthy, Esq.
Third Party; Duty to Defend

**Wolf v. Royal Insurance Company**
United States District Court
Northern District of California
Testified on behalf of Defendant, Royal Insurance Company
Attorney for Defendant: Roger Vosberg, Esq.
First Party; Property Damage; Marine Insurance; Lost at Sea; Suspected Fraud

**Baghoumian v. Farmers Insurance Group, et al.**
Merced County Superior Court
Testified on behalf of Plaintiff, Baghoumian
Attorney for Plaintiff: Daniel Street, Esq.
First Party; Commercial Property; Mobile Equipment Floater; Theft

**<u>Metropolitan Life Insurance Company v. CalFarm Insurance Company</u>**
Fresno County Superior Court
Testified on behalf of Defendant, CalFarm Insurance Company
Attorney for Defendant: G. Edward Rudloff, Jr.
First Party; Property Damage; Commercial Property Cover; Contamination

**<u>Mullin v. CSAA</u>**
San Mateo County Superior Court
Testified on behalf of Defendant, CSAA
Attorney for Defendant: Lee J. Danforth, Esq.
First Party; Personal Lines; Property Damage; Earthquake

**<u>Qadeer v. Fire Insurance Exchange</u>**
Alameda County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Kevin M. Smith, Esq.
First Party; Personal Lines; Property; Theft Claim

**<u>O'Neil v. Farmers Insurance Group, et al.</u>**
Alameda County Superior Court
Testified on behalf of Defendant, Farmers Insurance Group
Attorney for Defendant: Fred M. Feller, Esq.
First Party; Personal Lines; Property Damage; Theft Claim

**<u>Shade Foods, Inc. v. Innovative Products Sales & Marketing</u>**
**(Innovative Products Sales & Marketing v. Northbrook Insurance Company**
San Francisco County Superior Court
Testified on behalf of the Plaintiff Insured.
Attorney for Plaintiff: David A. Fike, Esq.
Third Party; Commercial General Liability; Property Damage; Duty to Defend

**<u>Vollmer v. Farmers Insurance Group, Inc., et al.</u>**
San Diego County Superior Court
Testified on behalf of Plaintiff Vollmer
Attorney for Plaintiff: Wesley Thompson, Esq./ Bruce Sulzner, Esq.
First Party; Personal Lines; Homeowners Policy; Burglary; Alleged Material Misrepresentation.

**<u>Bandali v. Allstate Insurance Company</u>**
Alameda County Superior Court
Testified on behalf of Defendant, Allstate Insurance Company
Attorney for Defendant: Howard Janssen, Esq.
Automobile Policy; Uninsured Motorist Coverage

**Smith v. Fire Insurance Exchange**
San Mateo County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant, Lee J. Danforth, Esq.
Third Party; Duty to Defend

**Hutson v. Farmers Insurance Exchange**
Contra Costa County Superior Court
Testified on behalf of Defendant, Farmers Insurance Exchange
Attorney for Defendant: Jon H. York, Esq.
First Party; Property Damage; Fire; Suspected Arson

**Machado/Meltzer v. Farmers Insurance Exchange**
Sacramento County Superior Court
Testified on behalf of Defendant, Farmers Insurance Exchange
Attorney for Defendant: James A. Sarrail, Esq.
First Party; Personal Lines; Fire Claim; Suspected Arson

**O'Shea v. Allstate Insurance Company**
San Francisco County Superior Court
Testified on behalf of Defendant, Allstate Insurance Company
Attorney for Defendant: Thomas M. Freeman, Esq.
First Party; Personal Lines; Homeowners Policy; Earthquake claim

**Wes Winters, Wes Winters Resort Park v. The Charter Oak Fire Insurance**
U. S. District Court
District of New Mexico
Testified on behalf of Defendant, The Charter Oak Fire Insurance Company
Attorney for Defendant: Lisa P. Ford, Esq.
First Party; Commercial Property; Settling; Construction Defect; Material Misrepresentation

**Kelly-Moore Paint Company v. American Manufacturer's Mutual Insurance Co.**
San Mateo County Superior Court
Testified on behalf of Plaintiff, Kelly-Moore Paint Company
Attorney for Plaintiff: Philip L. Pillsbury, Jr., Esq.
First Party; Commercial Property; Boiler & Machinery; Cause of Loss; Claim Adjustment

**Lugo v. Allstate Insurance Company**
Sacramento County Superior Court
Testified on behalf of Defendant, Allstate Insurance Company
Attorney for Defendant: Richard J. Edson, Esq.
First Party; Personal Lines; Fire Claim; Suspected Arson; Claims handling practices

**Bunnell v. California Capitol Insurance Company**
Santa Clara County Superior Court
Testified on behalf of Plaintiff/Policyholder, David Bunnell
Attorney for Plaintiff: Allen J. Ruby, Esq.
Third Party; Duty to Defend; Personal Injury Claim; Business Pursuits Exclusion

**Phillips v. Fire Insurance Exchange**
Contra Costa County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Linda J. Lynch, Esq.
First Party; Personal Lines; Homeowners Policy; Fire Claim; Suspected Arson

**Borg v. Transamerica Insurance Company**
San Mateo County Superior Court
Testified on behalf of Defendant, Transamerica Insurance Company
Attorney for Defendant: James A. Sarrail, Esq.
Third Party; Personal Lines; Homeowners Policy; Duty to Defend; Encroachment

**Findley v. Farmers Insurance Exchange**
Fresno County Superior Court
Testified on behalf of Plaintiff/Policyholder, H. Wayne Findley, Jr.
Attorney for Plaintiff: Philip Pillsbury, Esq.
First Party; Rental Policy; Fire Claim; Suspected Arson; SIU Handling

**Enron Oil v. Certain Underwriters At Lloyds**
U.S. District Court
Great Falls Division, Great Falls, Montana
Testified on behalf of Plaintiff/Policyholder E0TT Energy Operating Limited Partnership
Attorney for Plaintiff: Glenn E. Tremper, Esq.
Third Party; Commercial; Excess Indemnity; Duty to Indemnify

**Beverly Graham v. Allstate Insurance Company**
Humboldt County Superior Court
Testified on behalf of Defendant, Allstate Insurance Company
Attorney for Defendant: Howard A. Janssen, Esq.
First Party; Commercial Policy; Fire Claim; Suspected Arson/Misrepresentation

**<u>David S. Snowden & Carolyn C. Snowden v. Fire Insurance Exchange</u>**
Sonoma County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Kevin M. Smith/ Genese Dopson Smith
First Party; Personal Lines; Fire Claim; Suspected Arson/Misrepresentation

**<u>Jonathan A. Allen, et al. v. National Casualty Company</u>**
U.S. District Court
Clark County Nevada
Testified on behalf of Defendant, National Casualty Company
Attorney for Defendant: Don F. Shreve, Jr., Esq.
Third Party; Commercial General Liability; Duty to Defend; Assault & Battery

**<u>Lee Racicot v. CalFarm Insurance Company</u>**
Nevada County Superior Court
Testified on behalf of Plaintiff, Lee Racicot
Attorney for Plaintiff: Arthur Leinwohl, Esq.
First Party; Personal Lines; Homeowners Policy; Fire Loss; Application of Replacement Cost Coverage; Alleged Material Misrepresentation, Concealment and Fraud

**<u>Samuelson, Hornaday & Schafer v. Atlantic Mutual Insurance Company</u>**
Marin County Superior Court
Testified on behalf of Defendant, Atlantic Mutual Insurance Company
Attorney for Defendant: Gary R. Selvin, Esq.
Third Party; Commercial General Liability; Duty to Defend; Duty to Indemnify; Alienated Premises Exclusion

**<u>Chrysler Capital Corporation v. Zurich Insurance Company</u>**
Los Angeles County Superior Court
Testified on behalf of Defendant, Zurich Insurance Company
Attorney for Defendant: Jonathan Gross, Esq./ Mark Wuerfel, Esq.
First Party; Commercial Policy; Northridge Earthquake Claim

**<u>Phillip Decker v. Fire Insurance Exchange</u>**
Santa Clara County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Lee J. Danforth, Esq.
First Party; Personal Lines; Homeowners Policy; Fire Claim; Wildfire; Adequacy of Limits of Liability

**<u>David Copperfield & DCDI v. Fireman's Fund Insurance Company</u>**
United States District Court
District Court of Nevada – Las Vegas
Testified on behalf of Defendant, Fireman's Fund Insurance Company
Attorney for Defendant: Bruce Laxalt, Esq.
Theatrical Production Policy; Inland Marine Floater; Due Diligence Clause
(Testified in Deposition Only)

**<u>Travelers Casualty & Surety Company v. Employers Insurance of Wausau</u>**
Contra Costa County Superior Court
Testified on behalf of Plaintiff: Travelers Casualty & Surety Company
Attorney for Plaintiff: Michael Prough, Esq.
Third Party; Construction Defect; Commercial Liability Policy; Equitable Indemnity

**<u>Santa Anita Church v. GuideOne Mutual Insurance Company</u>**
Los Angeles County Superior Court
Testified on behalf of Defendant, GuideOne Mutual Insurance Company
Attorney for Defendant: David Jones, Esq.
First Party; Church Policy; Claims Handling Practices; Imminent Collapse

**<u>Burton v. Mercury Casualty Insurance Company</u>**
Orange County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Company
Attorney for Defendant: John Hager, Esq.
First Party; Personal Lines; Homeowners Policy; Mold; Claims Handling Issues; Material Misrepresentations

**<u>Buhrman v. Old United Insurance Company</u>**
Riverside County Superior Court
Testified on behalf of Plaintiff, Donald Buhrman
Attorney for Plaintiff: Donald B. Cripe, Esq.
First Party; Marine Policy; Rescission

**<u>Sarup, dba Hi-Tech Auto v. Farmers Insurance Company, et al.</u>**
Solano County Superior Court
Testified on behalf of Defendant, Truck Insurance Exchange
Attorney for Defendant: Ann K. Johnston, Esq.
First Party; Commercial Property Policy; Auto Body Shop; Fire Claim; Suspected Arson; Lack of Cooperation

**Davis (Simons) v. Safeco Insurance Company of America**
Alameda County Superior Court
Testified on behalf of Defendant, Safeco Insurance Company of America
Attorney for Defendant: Ralph Lombardi, Esq./ Lori Sebransky, Esq.
First Party; Personal Lines; Homeowners Policy; Windstorm Claim

**Lana Loza v. Farmers Home Mutual Insurance Company**
Los Angeles County Superior Court
Testified on behalf of Defendant, Farmers Home Mutual Insurance Company
Attorney for Defendant: Kenneth N. Greenfield, Esq.
First Party; Personal Lines; Homeowners Policy; Earthquake Claim

**Kathleen Chaides, et al., v. Commercial Union (One Beacon)**
Alameda County Superior Court
Testified on behalf of Defendant, Commercial Union Insurance Company
Attorney for Defendant: Sara M. Thorpe, Esq.
Third Party; Commercial Liability Policy; Duty to Defend; Environmental Pollution; Standard Pollution Exclusion

**Fidelity and Guaranty Insurance Company; Sedgwick Claims Management Services v. Gretchen Reddy**
United Stated District Court
Eastern District of California (Sacramento)
Testified on behalf of Defendant, Gretchen Reddy
Attorney for Defendant: Ronald J. Cook, Esq.
Third Party; Automobile Liability; Failure to Accept Reasonable Settlement Demand

**Steve Hergenroeder, Julie Hergenroeder, et al., v. Travelers Property Casualty Insurance Company**
United States District Court
Eastern District of California (Fresno)
Testified on behalf of Defendant, Travelers Property Casualty Insurance Company
Attorney for Defendant: Marjie D. Barrows, Esq.
First Party; Homeowners Policy; Water Damage; Alleged Black Water Contamination

**Maria Elena Duran & Irene Lisa Martinez, et al., v. Pacific Specialty Insurance Company; The McGraw Group; Western Service Contract Corporation**
San Joaquin County Superior Court
Testified on behalf of Defendant, Pacific Specialty Insurance Company
Attorney for Defendant: Daniel P. Costa, Esq.
First Party; Homeowners Policy; Fire Claim; Material Misrepresentations on the Application; Fair Claims Settlement Practices Regulations

**Shinazy Enterprises, Inc.; Botta's Auto Body v. Truck Insurance Exchange; Farmers Group, Inc.; Farmers Insurance Exchange**
San Francisco County Superior Court
Testified on behalf of Defendant, Truck Insurance Exchange
Attorney for Defendant: Lee J. Danforth, Esq.
First Party; Commercial Policy; Fire Claim; Auto Body Shop; Dispute regarding the loss of Business Income

**Masha Levinson & Leon Taylor v. Fire Insurance Exchange**
San Francisco County Superior Court
Testified on behalf of Defendant, Fire Insurance Exchange
Attorney for Defendant: Lee J. Danforth, Esq.
First Party; Personal Lines Policy; Fire Claim; Claims Handling; Fair Claims Settlement Practices Regulations

**Zurich American Insurance Company v. AIU Insurance Company/ Lexington Insurance Company**
Alameda County Superior Court
Testified on behalf of Plaintiff, Zurich American Insurance Company
Attorney for Plaintiff: Joshua S. Leach, Esq.
Third Party; Commercial Liability Policy; Construction Defect; Duty to Defend; Duty to Indemnify; Equitable Contribution; Claims Handling; Continuous and Progressive Injury or Damage Exclusion

**Sean E. Ulbert; Estephanie K. Ulbert v. Mercury Casualty Company**
San Diego County Superior Court
Testified on behalf of Defendant, Mercury Casualty Company
Attorney for Defendant: John Hager, Esq.
First Party; Personal Lines; Homeowners Policy; San Diego Wildfire; Reformation; Delay in Payment of Benefits; Duties of an Insured

**Stephens & Stephens, XII, LLC v. The American Insurance Company**
San Francisco County Superior Court
Testified on behalf of the Defendant, The American Insurance Company
Attorney for Defense: Ashley B. Vinson, Esq./ Reginald Steer, Esq.
First Party; Commercial Property; Vandalism; Theft; Copper Theft; Policy Period; Claims Handling; Fair Claims Settlement Practices Regulations

**<u>Aspell, et al., v. Mercury Casualty Insurance Company</u>**
Los Angeles County Superior Court
Testified on behalf of Defendant, Mercury Casualty Insurance Company
Attorney for Defendant: John Hager, Esq.
First Party; Personal Lines Policies; The Station Wildfire; Duty to Investigate; Fair Claims Settlement Practices Regulations; Duties of a Public Adjuster
(NOTE: There were 49 separate insureds/ claims involved in this litigation)

**<u>Anthony Borreson; Michelle Borreson v. USAA Casualty Insurance Company</u>**
Madera County Superior Court
Testified on behalf of Defendant, USAA Casualty Insurance Company
Attorney for Defendant: Robert S. McLay, Esq.
First Party; Personal Lines; Homeowners Policy; Property Damage; Windstorm Claim; Duty to Investigate; Fair Claims Settlement Practices; Duties of a Public Adjuster; Mold Coverage Limits; Use of E/S Preferred Vendor

**<u>Fresno Rock Taco, LLC, and Zone Sports Center, LLC v. National Surety Corp.</u>**
United States District Court for the Eastern District of California, Fresno Division
Testified on behalf of Defendant, National Surety Corporation
Attorney for Defendant: John Hager, Esq.
First Party; Commercial Policy; Alleged Burglary; Material Misrepresentations During the Presentation of the claim.

**<u>Ron Siegel & Mindy Siegel v. Mercury Casualty Company</u>**
Orange County Superior Court
Testified on behalf of Defendant, Mercury Casualty Company
Attorney for Defendant: John Hager, Esq.
First party; Homeowners Policy; Two separate water damage claims;
Duty to Investigate; Fair Claims Settlement Practices; Application of Depreciation; Fair Rental Value; Duties of a Public Adjuster

**<u>Scottsdale Insurance Company v. American Investor Company, et al.</u>**
**JAMS Arbitration**
Testified on Behalf of Plaintiff, Scottsdale Insurance Company
Third Party; Duty to Defend; Duty to Indemnify
Financial Services Professional Liability Insurance Policy

**<u>Ibrahim Mohammed & Mi Pueblito Market, LLC v.</u>**
**<u>Leading Insurance Services, Inc.</u>**
San Francisco County Superior Court
Testified on Behalf of Defendant, Leading Insurance Services
Attorney for Defendant: Julian J. Pardini, Esq.
First Party; Commercial Policy (BO); Fire Loss;
Duty to Investigation; Fair Claims Settlement Practices; Denial of Benefits; Potential Concealment; Fraud & Misrepresentation

**<u>Fresno Rock Taco, LLC, and Zone Sports Center, LLC v. National Surety Corp.</u>**
(THIS IS THE SECOND TRIAL IN CONNECTION WITH THE FRESNO ROCK TACO)
United States District Court for the Eastern District of California, Fresno Division
Testified on behalf of Defendant, National Surety Corporation
Attorney for Defendant: John Hager, Esq.
First Party; Commercial Policy; Alleged Burglary; Material Misrepresentations During the Presentation of the claim.

**<u>Laura Beth Barickman & Shannon Jo McInteer v. Mercury Casualty Ins. Co.</u>**
Los Angeles County Superior Court
This case was tried before an ADR, Services Judge.
Testified on behalf of Defendant, Mercury Casualty Company
Attorney for Defendant: Thomas J. Dowling, Esq.
Auto Accident; Unreasonable Refusal To Settle Within Policy Limits; Altered Release.

**<u>ARE-EAST RIVER SCIENCE PARK, LLC vs. LEXINGTON INSURANCE COMPANY</u>**
United States District Court – Central District of California
Testified on behalf of Defendant Lexington Insurance Company
Attorney for Defendant: Jon Neumann, Esq. (Steptoe & Johnson)
First Party; Commercial Property; Manuscript Policy Form; Application of Deductible; Hurricane Sandy; Application of California Fair Claims Settlement Practices Regulations, etc.

**<u>MIKE HABIB v. FARMERS GROUP, INC.; MID-CENTURY INSURANCE COMPANY</u>**
Los Angeles County Superior Court – Central District
Testified on behalf of Defendant Mid-Century Insurance Company
Attorney for Defendant: Gregory B. Scher, Esq. (Woolls & Peer)
First Party; Commercial Property; Freeze Claim; Failure to use reasonable means to maintain heat.

**<u>BRENDA D. WOODS; CARLOS RODRIQUEZ v. MID-CENTURY INSURANCE CO.</u>**
Napa County Superior Court
Testified on behalf of Defendant Mid-Century Insurance Company
Attorney for Defendant: John Bryden, Esq. (Demler, Armstrong & Rowland)
Uninsured Motorist: Alleged unreasonable failure to pay undisputed amounts.

**<u>JACOB LIBMAN; BETTY LIBMAN v. MERCURY CASUALTY INSURANCE COMPANY</u>**
Los Angeles County Superior Court
Testified on behalf of Defendant: Mercury Casualty Insurance Company
Attorney for Defendant: Shaver, Korff & Castronovo, LLP, Encino, CA
First party; Condominium Policy; Direct Physical Force of Wind Causing Damage to the Exterior

**ALEXANNDRA CARINGTON v. MERCURY CASUALTY COMPANY, ET AL.**
Los Angeles County Superior Court
Testified on behalf of Defendant: Mercury Casualty Insurance Company and the Claim Representative, Kim Kintzle
Attorney for Defendants: Hager & Dowling, Santa Barbara, CA
First Party; Homeowners; Water Damage; Compliance with Claim Regulations; Reasonableness of Investigation; Long-Term Water Damage; Mold; Asbestos; Cross-Contamination; Additional Living Expense; Public Adjuster Involvement

**GILLEN WASHINGTON v. PAUL PETTY; AUTOMOTIVE SOLUTIONS; CALIFORNIA AUTOMOBILE INSURANCE COMPANY**
Orange County Superior Court
Testified on behalf of Defendant: California Automobile Insurance Company
Attorney for Defendant: O'Connor, Schmeltzer & O'Connor
Lee O'Connor
300 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
First Party; Automobile Policy; Collision Loss; Dispute over Accident Related Damages

**CHURCH MUTUAL INSURANCE COMPANY v. GUIDEONE INSURANCE COMPANY**
Superior Court of California – County of Shasta
Testified on behalf of Defendant: GUIDEONE INSURANCE COMPANY
Attorneys for GuideOne: Matthew Foy, Esq./Michael A. Pursell, Esq. – Gordon & Rees – San Francisco, CA
Church Policy; First Party; Fire Loss; Contributing Insurance; Insurable Interest; Good Faith Claims Handling

**LAUREN YANTHIS vs. MERCURY INSURANCE COMPANY**
Superior Court of The State of California – Los Angeles (Long Beach)
Testified on behalf of Defendant: MERCURY INSURANCE COMPANY
Attorney for Mercury Insurance Company: Lee P. O'Connor, Esq.
Law Offices of O'Connor, Schmeltzer & O'Connor, Irvine, CA
Automobile Policy; Underinsured Motorist Claim; Settled prior to Arbitration; Alleged Delay in the Payment of Benefits; Alleged Failure to Investigate

**ALEXANDER PINTO vs. FARMERS INSURANCE EXCHANGE, ET AL.**
Superior Court of The State of California – County of Los Angeles
Testified on behalf of Defendant: FARMERS INSURANCE EXCHANGE
Attorney for Farmers Insurance Exchange: Richard E. Morton, Esq.
Haight, Brown & Bonesteel, LLP, Los Angeles, CA
Automobile Policy; Alleged Unreasonable Failure to Accept a Policy Limits Demand Within Policy Limits; Permissive User Refused to Provide a Declaration.

**JOSH MAIER vs. MID-CENTURY INSURANCE COMPANY, ET AL.**
Superior Court of California – County of Sacramento
Testified on behalf of Defendant: MID-CENTURY INSURANCE COMPANY
Attorney for Mid-Century: Valerie Moore, Esq.
Haight, Brown & Bonesteel, LLP, Los Angeles, CA
Homeowners Policy; Third Party; Alleged Unreasonable Refusal to Defend/Indemnify; Bar Room Altercation; Application of Intentional Acts Exclusion and Criminal Acts Exclusion.

**ROSEMARY PEREZ vs. MERCURY CASUALTY COMPANY**
SUPERIOR COURT, COUNTY OF MADERA
Testified on Behalf of Defendant: Mercury Casualty Company
Attorney for Mercury: Ian Fraser-Thomas, Esq.; Cesari, Werner & Moriarty, Daly City, CA.
First Party; Homeowners Policy; Interior Water Damage; Alleged Exterior Vandalism to Roof; An insurance companies statutory obligation to provide a reasonably uniform appearance in the damaged area.

**MICHAEL THOMAS & JENNIFER THOMAS vs. CALIFORNIA FAIR PLAN**
SUPERIOR COURT, COUNTY OF VENTURY
Testified on Behalf of Defendant: California Fair Plan
Attorney for California Fair Plan: Elise D. Klein, Esq.; Lewis, Brisbois, Bisgaard & Smith, LLP; Los Angeles, CA.
First Party; Rental Dwelling; ACV Policy; Windstorm Damage; Insurance Code 2051 (total loss vs. partial loss – measure of indemnity)

**LORNA MOORE & DONALD A. MCGILVRAY vs. AMGUARD INSURANCE COMPANY**
SUPERIOR COURT, COUNTY OF SANTA BARBARA
Testified on Behalf of Defendant: AmGUARD Insurance Company
Attorney for AmGUARD: Randall A. Miller, Esq.; Miller Law Associates, Los Angeles, CA.
First Party; Rental Dwelling; Business Owner's Policy; Dispute regarding the application of the water back-up and sump overflow endorsement; dispute regarding the application of the California Fair Claims Settlement Practices Regulations (argued duty to make advanced/undisputed claim payments before the claim had been accepted).

**WILLIAM & CAMIELLE CHOU VS. USAA CASUALTY INSURANCE COMPANY**
ORANGE COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: USAA Casualty Insurance Company
Attorney for USAA-CIC: DKM Law Group; Robert McLay, Esq; Joshua Kastan, Esq. (San Francisco, CA)
Third Party; Duty to Defend; Retender of Defense; Tenant/Landlord Dispute; Lack of Occurrence; Lack of Bodily Injury as Defined; Property Damage to Property Rented To the Insured.

**JOSE VALLEJO VS. FARMERS INSURANCE GROUP, ET AL**
SAN JOAQUIN COUNTY SUPERIOR COURT
Testified on Behalf of Defendant: Farmers Insurance Exchange
Attorney for Farmers: Valerie Moore, Esq., Haight Brown & Bonesteel LLP, 555 South Flower Street, Los Angeles, CA 90071
Third Party; Landlord's Protector Policy (liability only); Substantial Prejudice Due to Delayed Reporting; Argued Unreasonable Refusal to Pay Judgment Creditor.

**SEANY RENFROW VS. LARRY BUTLER, ET AL.**
LOS ANGELES COUNTY SUPERIOR COURT (SOUTH JUDICIAL DISTRICT)
Testified on Behalf of Defendant: Interinsurance Exchange of the Automobile Club
Attorney for The Exchange: Stephen E. Smith, Esq., Smith, Smith & Feeley, LLP, 1401 Dove Street, Newport Beach, CA.
First Party; Condominium Unit Owners' Policy; Water Damage; Continuous Leakage or Seepage of Water Exclusion.

**JACKIE KREITZMAN and BRIAN SENIT VS. MERCURY CASUALTY COMPANY**
LOS ANGELES COUNTY SUPERIOR COURT (CENTRAL DISTRICT)
Testified on Behalf of Defendant: Mercury Casualty Company
Attorney Defending Mercury: Christopher Wesierski/Mary Kim, Wesierski & Zurek, LLP, 29 Orchard Road, Lake Forest, CA 92630 (949) 975-1000
First Party; Homeowner's Policy; Water Damage; Leakage from Skylights; Insured's Delay in Reporting; Insured's Failure to mitigate/dry down the structure; Insured's delay/failure to select a building contractor to do the repairs; Multiple areas of water intrusion throughout the home; No duty on the part of Mercury to perform destructive testing. Ultimately the entire interior of the Insured's home was gutted with no explanation. (2022)

**CASEY LEE CLARK vs. GEICO INSURANCE COMPANY**
KERN COUNTY SUPERIOR COURT
TESTIFIED ON BEHALF OF DEFENDANT GEICO INSURANCE COMPANY
Attorney Defending GEICO: Benjamin Brooks, Esq. & Jared K. Lebeau, Esq., Sheppard Mullin Richter & Hampton, 501 West Broadway, San Diego, CA 92101 (619) 338 6500
Automobile Policy; Auto Liability; Alleged Unreasonable Refusal To Settle; No Settlement Demand (2022)

**MATTHEW A. HURSHMAN vs. TRIPLE C. TRANSIT, LLC**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
TESTIFIED ON BEHALF OF TRIPLE C. TRANSIT'S CARRIER: Great West Casualty Co.
Testified in Binding Mediation
Attorney Defending Great West: Charlotte S. Kormendy, Esq.; Lewis Brisbois; 550 West Adams Street, Suite 300, Chicago, IL 60661 (312) 463 3482.
Motor Carrier policy; Tractor/Trailer accident; Third-Party Liability; Alleged unreasonable refusal to settle within policy limits; multiple claimants. (2022)

**KARA FLICK v. UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA)**
SUPERIOR COURT OF THE COUNTY OF SANTA BARBARA
TESTIFIED ON BEHALF OF USAA
Attorney Defending USAA: DKM Law Group (Robert S. McLay, Esq.; Brian R. Davis, Esq.), 50 California Street, Suite 1500, San Francisco, CA 94111 (415-421-1100)
Automobile Liability Policy; Multi-car collision; Aggravated Liability; Alleged Unreasonable Refusal to Accept a Time-Limited, Policy Limits Demand. (2023)

**RMB REAL ESTATE INVESTMENTS 2, LLC v. CALIFORNIA CAPITAL INSURANCE COMPANY: VENUE: SUPERIOR COURT OF THE COUNTY OF MARIN**
I testified on behalf of the defendant, California Capital.
Attorney Representing California Capital: Gene A. Weisberg, Esq., Gladstone & Weisberg, 300 Corporate Point, Suite 400, Culver City, CA 90230. (310 821 9000)
Businessowners Policy; First Party; Tubbs Fire; Destruction of a 72 unit apartment complex that was replaced with significant upgrades. A dispute over the language contained in the Increased Period of Restoration endorsement; and a dispute over the reasonable time required to rebuild property of similar quality to the minimum law and ordinance governing that construction. (2023)

**DAVID ROSENBERG and INGRID KJELLIN vs. CALIFORNIA AUTOMOBILE INSURANCE COMPANY: VENUE: SUPERIOR COURT – COUNTY OF ORANGE**
I testified on behalf of the defendant, California Automobile Insurance Company
Attorney Representing CAIC: Christopher Wesierski, Esq./Mary H. Kim, Esq.; Wesierski & Zurek, LLP, 29 Orchard Road, Lake Forest, CA 92630 (949) 975 1000
Homeowners Policy; First Party Claim; Water Damage; The Insured had a water loss in 2017 that was paid by CAIC; the Insured did no repair work; the Insured had a second water loss in 2019 that affected the same area of damage. The dispute was regarding the actual cash value evaluation of a previously damaged hardwood floor; and whether the insured was entitled to be paid twice for the pack out of contents. (2024).