MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR TERMINATING SANCTIONS AGAINST PLAINTIFF**

Judge: Hon. Stephen V. Wilson
**Date: September 28, 2026**
**Time: 1:30 p.m.**
Courtroom: 10A

Trial Date: October 13, 2026, 9:00 a.m.
FSC: October 5, 2026, 3:00 p.m.

Filed Concurrently With:
Notice of Motion; and Memorandum of Points and Authorities

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF MICHELLE R. BERNARD**

I, Michelle R. Bernard, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") in connection with the above-captioned matter ("Federal Court Action"). I submit this declaration in support of Farmer Direct's Motion For Terminating Sanctions against Pro Per Plaintiff Luna D'Sol ("Plaintiff"). This declaration is being submitted in support of Defendant's). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

**MEET AND CONER CERTIFICATION**
**PER FRCP 37(d)(1)(B) AND LOCAL RULE 37-2.4(a)**

2. Per Local Rule 37-.24(a), Local Rule 37-1 and Federal Rule of Civil Procedure Rule 37(d)(1)(B) I hereby certify that I have made a good faith attempt to meet and confer with Plaintiff to obtain the discovery subject of this motion without court action but Plaintiff failed to confer in a timely manner and she also engaged in conduct that made clear she had no intention of meet and conferring in good faith at all, specifically with regard to the following discovery subject of this motion:

a. Plaintiff's failure to appear and refusal to participate in her timely noticed deposition which she refused to attend on July 31, 2026 (and would not provide any alternative dates of availability despite numerous requests).

b. Plaintiff's overdue written discovery responses (i.e. to Farmers Direct's Request For Production, Interrogatories and Request For Admissions all Set One served on July 2, 2026) which were due on August 3, 2026 and no responses have been provided despite

repeated efforts to meet and confer per Rule 37-1 by defense counsel.

c. Plaintiff's Initial Disclosure documents which she has never provided to Farmers Direct despite the parties agreement to voluntarily exchange these documents at the Rule 26(f) conference on February 26, 2026 and repeated requests thereafter which have all been unsuccessful.).

3. On August 18, 2028, I sent Plaintiff a request to meet and confer regarding Farmers Direct's anticipated Motion for Terminating Sanctions and asked her to contact me. Attached hereto as **Exhibit 1** is a true and correct copy my email to Plaintiff sent August 18, 2026 [4:40 PM] with the listed "Subject: RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's Motion for Terminating Sanctions (Local Rule 7-3)" (emphasis added).

4. My request followed Plaintiff's prior failure to appear and participate in a scheduled August 13, 2026 Local Rule 37-1 Conference (regarding Discovery) and a Local Rule 7-3 Conference (regarding Defendant's Motion for Summary Judgment) which had already been reschedule twice at Plaintiff's request. Those meet and confer requests arose due to Plaintiff's repeated failures to participate in the discovery process and follow court rules. Attached hereto as **Exhibit 2** is a true and correct copy of the email Kelly Canby sent to Plaintiff on August 13, 2026 after Plaintiff failed to appear and participate in the TEAMs videoconference scheduled at 11:00 a.m. on August 13, 2026.

5. Plaintiff never joined the August 13, 2026 TEAMs videoconference despite defense counsel making several good faith attempts to reach Plaintiff by phone and email to inquire about her absence – instead Plaintiff sent defense counsel just one short email communication which stated, "You just canceled our meet and confer today without telling me in advance" – Plaintiff's statement is entirely untrue.

6. We did not hear from Plaintiff again until more than 10 days later when she sent a cryptic email in the late afternoon on August 24, 2026 and I responded

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

later that evening. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's email dated August 24, 2026 [4:41 PM] along with a copy of my reply email dated August 24, 2026 [6:33 PM].

7. Plaintiff left voicemail messages for me and Kelly Canby on August 25, 2025 and also sent us an email asking to meet and confer regarding "multiple material irregularities" and asked that one of us return her call "or send a Team's invite and refraim [sic] from canceling it right after" (which is just a repeat of her prior false narrative regarding her failure to participate in the meet and confer requested for this motion). Kelly Canby called Plaintiff back that evening but Plaintiff just used her time to make false accusations against defense counsel so it was apparent that Plaintiff did not have any intention in meet and conferring in good faith about anything. Attached hereto as **Exhibit 4** are true and correct copies of Plaintiff's August 25, 2026 [5:05 PM] email along Kelly Canby's reply email sent on August 25, 2026 [6:27 PM].

8. As explained below, Plaintiff's failure to participate was not because she is unaware of the obligations and the rules, but rather Plaintiff made a calculated decision to focus her litigation efforts on continuing to challenge the jurisdiction of this Court rather than proceed with discovery per the schedule set by the Court.

**PLAINTIFF'S DECISION TO BOYCOTT DISCOVERY**

9. Despite having her second motion to compel against Farmers Direct already in progress via the Joint Stipulation process on May 1, 2026 Plaintiff abruptly reversed course (on the same day that Farmers Direct proposed for the exchange of Initial Disclosure documents) and stated: "**I have already I am not substantively engaging with discovery because jurisdiction is unresolved**." Attached hereto collectively as **Exhibit 5** are true and correct copies of a collection of email among defense counsel and Plaintiff dated from April 14, 2026 through May 1, 2026 [8:40 AM] where Plaintiff makes her announcement.

/ / /

10. Since that time Plaintiff has refused all attempts to proceed with discovery and instead focused on her various challenges to the Court's jurisdiction which was already decided on January 26, 2026 [ECF Doc. 33] but filed another Mon to Remand nevertheless.

11. As part of the June 8, 2026 Order [ECF Doc. 85] denying Plaintiff's Renewed Motion To Remand, this Court also set this case for trial on October 13, 2026 and scheduled the Final Pretrial Conference for October 5, 2026. [ECF Doc. 86]. Farmers Direct then proceeded with discovery and served written discovery on July 2, 2026, served a notice of deposition on July 17, 2026 and noticed Plaintiff's deposition for July 31, 2026 and continued with ongoing requests to obtain Plaintiff's Initial Disclosure documents but without success.[1] Farmers Direct served its Expert Witness Disclosures on July 15, 2026. Plaintiff failed to respond to Farmers Direct's discovery requests and failed to designate any expert witnesses in this matter.

12. In response to our inquiry sent on July 27, 2026 seeking to confirm Plaintiff's deposition scheduled for July 31, 2026, Plaintiff responded as follows on the afternoon of July 29, 2026: "**I am sorry I didn't respond earlier but I am out of town visiting my 95 year old grandma. I will be back home on August 17th 2026. I don't recall seeing any requests that you are referring to, as I mentioned, I was in the hospital**." A copy of Plaintiff's July 29, 2026 email is found within **Exhibit 6** along with several other email communications related to Plaintiff's deposition which she refused to appear.

13. Although Kelly Canby was able to speak with Plaintiff briefly on the phone on July 31, 2026, Plaintiff was unwilling to provide any potentially available dates for her deposition to be rescheduled within the remaining time before the August 14, 2026 discovery cutoff nor at all and Plaintiff share that she was unwilling

[1] All discovery was timely and properly served on Plaintiff consistent with the parties' agreement to use email service at the outset of the case in addition to Plaintiff's prior request for e-filing privileges which was granted by the Court and the parties' continued mutual use of electronic service continuously thereafter.





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

to participate in any discovery because she was still challenging the jurisdiction of this Court.

14. Although Plaintiff presented a wide variety of excuses for not appearing at her deposition, she never mentioned that she was apparently busy with other litigation activities. Attached here to as **Exhibit 7** are true and correct copies of Orders, case docket sheet and other recent filings by Plaintiff in Los Angeles County Case No. 24VECV03217. Although Plaintiff claimed to be out of town, hospitalize and/or caring for her grandmother during this time around her noticed July 31, 2026 deposition, she was instead apparently engaged in an active bench trial before the Los Angeles County Superior Court where she was representing herself as a named defendant in a fraud action filed against her by Melissa Gomez as Plaintiff recently confirmed in her own verified second amended complaint that filed as part of a separate legal malpractice action she is prosecuting herself also in Los Angeles County Superior Court as Case No. 26STCV01294 (hereinafter "Legal Malpractice Action") an excerpt of which is attached hereto as **Exhibit 8**.

15. We repeatedly asked Plaintiff to provide alternative deposition dates but she would not provide any. Plaintiff has failed to respond to any of the written discovery (Requests for Production, Interrogatories and Requests for Admissions) propounded in this case and refused to provide any documents identified in her Initial Disclosures despite an agreement to do so.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 1st day of September, 2026 at San Diego, California.

*<u>/s/ Michelle R. Bernard</u>*
Michelle R. Bernard

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101