# EXHIBIT 1

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Tuesday, August 18, 2026 4:40 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby |
| **Subject:** | RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's Motion for Terminating Sanctions (Local Rule 7-3) |

Ms. D'Sol: In furtherance to Ms. Canby's August 13, 2026 email below, given your refusal to produce your Rule 26 document by close of business yesterday, your failure to designate experts, your failure to appear at your properly noticed deposition last week and your related failure to comply with all pertinent scheduling order deadlines in this matter, Farmers Direct will be filing a motion seeking terminating sanctions pursuant to FRCP Rule 37 based on your record of willful litigation misconduct in this case. We will also be requesting that the court issue monetary sanctions commensurate with the attorney's fees and costs incurred by Farmers Direct to file its Terminating Sanctions Motion.

Additionally, as Ms. Canby advised, Farmers Direct will be filing a motion for summary judgment/partial summary judgment as to all claims/causes of action in your complaint on the grounds that they suffer from a complete lack of proof thus entitling Farmers Direct to judgment in its favor as a matter of law.

I am available to meet and confer with you this week regarding the relief contemplated in Farmers Direct's motions with the understanding that there is no realistic expectation that: (1) you will stipulate to having the court enter terminating sanctions against you; and/or (2) you will stipulate to having judgment entered against you and in favor of Farmers Direct.

If you wish to discuss this matter in further detail, please provide a date/time to contact you.

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Kelly Canby <kcanby@grsm.com>
**Sent:** Thursday, August 13, 2026 12:04 PM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending

Discovery Issues (Local Rule 37-1)
**Importance:** High

Hello Again Luna – I left you a voicemail asking to call me but no response. I also waited in the TEAMs Chat until past noon (as I had blocked out an hour for our call) and I've been next to my phone but I have not heard from you.

**IDC FORM:** I've attached the Magistrate's IDC Request Form one more time just in case you change your mind and wish to participate in the process. Further information can be found here: Honorable Alka Sagar | Central District of California | United States District Court

**SEND US COPIES OF YOUR DOCS BY MONDAY OR WE ARE MOVING TO STRIKE YOUR INITIAL DISCLOSURES:** If copies of your Rule 26 Initial Disclosure document production materials are not sent to us by close of business on Monday 8/17 (per our prior agreement to exchange document at the 2/12/26 Rule 26(f) Conference) we will be moving to Strike your Rule 26 Disclosures.

**YOUR REFUSAL TO PARTICIPATE IN LOCAL RULE 37-1 CONFERENCES:** Additionally, given your refusal to communicate with me today (when I postponed our initial planned call from 5:30 p.m. yesterday until 11:00 today at your specific request) I presume you are unwilling to participate in the requested Local Rule 37-1 Conferences regarding to your delinquent written discovery responses, sought deposition, previously agreed upon exchange of Initial Disclosure Documents, etc. and we will move forward accordingly.

**YOUR VIOLATION OF COURT'S ADR DEADLINE:** Additionally, we have repeatedly asked you to provide potentially available dates to participate in ADR, but you have refused to provide any response. We will seek to add any violation of the Court's ADR deadline and/or other orders to our prior requested OSC hearing for the issuance of sua sponte sanctions and/or civil contempt finding against you by the Court.

**YOUR REFUSAL TO MEET AND CONFER PER LOCAL RULE 7-3 RE FARMERS DIRECT'S MSJ/MSA:** Additionally, I have been ready and willing to participate in the required pre-filing meet and confer process in good faith as required by Local Rule 7-3 regarding Farmers Direct's anticipated MSJ/MSA and you postponed our meeting yesterday, which I rescheduled at your requested time of 11:00 but you are nowhere to be found and have not returned my call either. Given the approaching filing deadlines we will plan to move forward with the MSJ/MSA given your refusal to participate in these scheduled discussions and clear refusal to participate in the meet and confer process in good faith.

**THIRD PARTY DISCOVERY:** I will plan to proceed with both depositions tomorrow per the existing notices .

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com

101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:14 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

The link is below, but you can go ahead and just call me on my office line now if you prefer to speak by phone – 760-444-5923 – I'm ready to talk at 11:00 today as you requested. Please call now.

---

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW
Meeting ID: 243 317 248 760 179
Passcode: vg9gf7Sr

---

Need help? | System reference
Dial in by phone
+1 415-856-9224,,628141081# United States, San Francisco
(888) 994-5245,,628141081# United States (Toll-free)
Find a local number
Phone conference ID: 628 141 081#
Join on a video conferencing device
Tenant key: grsmsip@m.webex.com
Video ID: 118 318 282 5
More info

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:11 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

I'm on the TEAMs call now?

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, August 13, 2026 11:10 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

You just canceled our meet and confer today without telling me in advance

You mentioned yesterday that Farmers Direct will be responsible for Exchange's wrong doing then we need Exchange here

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Aug 12, 2026, at 17:15, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol – I just sent an updated TEAMs invite for tomorrow at 11:00 a.m. per your request.

Given that I need allow time to coordinate any potential changes to appearance details with court reporters, videographers and third party witnesses, can you please respond tonight related to the following two issues (alternatively we will just plan to proceed per the current notices):

1. Can you please let me know tonight whether or not you will agree that the August 14, 9:00 a.m. PMK Deposition of Progressive Remodeling Inc. may proceed on a remote basis via video conference (which the witness David Aragon has requested)? Alternatively, we will plan to proceed with an in-person deposition at our LA Office on Friday Morning per the Amended Notice.

2. Additionally, please let me know if you have a working phone number for Kyle Mangione? I'm willing to discuss the possibility of a remote deposition with him as well, but I need to speak with him to confirm he is amendable and to make sure has

the proper technical capabilities/computer setup (assuming you have no objection to switching to remote). Alternatively, we will plan to proceed with the Deposition at our office in Ontario at 3:15 p.m. on August 14, 2026 as noticed.

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 4:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

Ms. Canby,

Please change the conference for tomorrow. I am unable to reconcile all the information you have provided lately, it is extremely inconsistent and I need time to prepare or understand your references to events I have no records Tomorrow at 11 am works me

On Aug 12, 2026, at 14:36, Kelly Canby <kcanby@grsm.com> wrote:

---

## Microsoft Teams meeting

**Join:**https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW

Meeting ID: 243 317 248 760 179

Passcode: vg9gf7Sr

---

Need help? | System reference

**Dial in by phone**

+1 415-856-9224,,628141081# United States, San Francisco

(888) 994-5245,,628141081# United States (Toll-free)

Find a local number

Phone conference ID: 628 141 081#

**Join on a video conferencing device**

Tenant key: grsmsip@m.webex.com

Video ID: 118 318 282 5

More info

For organizers: Meeting options | Reset dial-in PIN

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

________________________________________________________________________________

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<Mail Attachment.ics>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

# EXHIBIT 2

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 12:04 PM
**To:** 'Luna D'Sol'
**Cc:** Michelle Bernard
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)
**Attachments:** fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf

**Importance:** High

Hello Again Luna – I left you a voicemail asking to call me but no response. I also waited in the TEAMs Chat until past noon (as I had blocked out an hour for our call) and I've been next to my phone but I have not heard from you.

**IDC FORM:** I've attached the Magistrate's IDC Request Form one more time just in case you change your mind and wish to participate in the process. Further information can be found here: Honorable Alka Sagar | Central District of California | United States District Court

**SEND US COPIES OF YOUR DOCS BY MONDAY OR WE ARE MOVING TO STRIKE YOUR INITIAL DISCLOSURES:** If copies of your Rule 26 Initial Disclosure document production materials are not sent to us by close of business on Monday 8/17 (per our prior agreement to exchange document at the 2/12/26 Rule 26(f) Conference) we will be moving to Strike your Rule 26 Disclosures.

**YOUR REFUSAL TO PARTICIPATE IN LOCAL RULE 37-1 CONFERENCES:** Additionally, given your refusal to communicate with me today (when I postponed our initial planned call from 5:30 p.m. yesterday until 11:00 today at your specific request) I presume you are unwilling to participate in the requested Local Rule 37-1 Conferences regarding to your delinquent written discovery responses, sought deposition, previously agreed upon exchange of Initial Disclosure Documents, etc. and we will move forward accordingly.

**YOUR VIOLATION OF COURT'S ADR DEADLINE:** Additionally, we have repeatedly asked you to provide potentially available dates to participate in ADR, but you have refused to provide any response. We will seek to add any violation of the Court's ADR deadline and/or other orders to our prior requested OSC hearing for the issuance of sua sponte sanctions and/or civil contempt finding against you by the Court.

**YOUR REFUSAL TO MEET AND CONFER PER LOCAL RULE 7-3 RE FARMERS DIRECT'S MSJ/MSA:** Additionally, I have been ready and willing to participate in the required pre-filing meet and confer process in good faith as required by Local Rule 7-3 regarding Farmers Direct's anticipated MSJ/MSA and you postponed our meeting yesterday, which I rescheduled at your requested time of 11:00 but you are nowhere to be found and have not returned my call either. Given the approaching filing deadlines we will plan to move forward with the MSJ/MSA given your refusal to participate in these scheduled discussions and clear refusal to participate in the meet and confer process in good faith.

**THIRD PARTY DISCOVERY:** I will plan to proceed with both depositions tomorrow per the existing notices .

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:14 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

The link is below, but you can go ahead and just call me on my office line now if you prefer to speak by phone – 760-444-5923 – I'm ready to talk at 11:00 today as you requested. Please call now.

________________________________________________________________________________

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW
Meeting ID: 243 317 248 760 179
Passcode: vg9gf7Sr

________________________________________

Need help? | System reference
Dial in by phone
+1 415-856-9224,,628141081# United States, San Francisco
(888) 994-5245,,628141081# United States (Toll-free)
Find a local number
Phone conference ID: 628 141 081#
Join on a video conferencing device
Tenant key: grsmsip@m.webex.com
Video ID: 118 318 282 5
More info

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:11 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

I'm on the TEAMs call now?

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, August 13, 2026 11:10 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

You just canceled our meet and confer today without telling me in advance

You mentioned yesterday that Farmers Direct will be responsible for Exchange's wrong doing then we need Exchange here

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Aug 12, 2026, at 17:15, Kelly Canby <kcanby@grsm.com> wrote:
>
> Hello Ms. D'Sol – I just sent an updated TEAMs invite for tomorrow at 11:00 a.m. per your request.
>
> Given that I need allow time to coordinate any potential changes to appearance details with court reporters, videographers and third party witnesses, can you please respond tonight related to the following two issues (alternatively we will just plan to proceed per the current notices):

1. Can you please let me know tonight whether or not you will agree that the August 14, 9:00 a.m. PMK Deposition of Progressive Remodeling Inc. may proceed on a remote basis via video conference (which the witness David Aragon has requested)? Alternatively, we will plan to proceed with an in-person deposition at our LA Office on Friday Morning per the Amended Notice.

2. Additionally, please let me know if you have a working phone number for Kyle Mangione? I'm willing to discuss the possibility of a remote deposition with him as well, but I need to speak with him to confirm he is amendable and to make sure has the proper technical capabilities/computer setup (assuming you have no objection to switching to remote). Alternatively, we will plan to proceed with the Deposition at our office in Ontario at 3:15 p.m. on August 14, 2026 as noticed.

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 4:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

Ms. Canby,

Please change the conference for tomorrow. I am unable to reconcile all the information you have provided lately, it is extremely inconsistent and I need time to prepare or understand your references to events I have no records Tomorrow at 11 am works me

On Aug 12, 2026, at 14:36, Kelly Canby <kcanby@grsm.com> wrote:

---

## Microsoft Teams meeting

**Join:**https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW

Meeting ID: 243 317 248 760 179

Passcode: vg9gf7Sr

---

Need help? | System reference

**Dial in by phone**

+1 415-856-9224,,628141081# United States, San Francisco

(888) 994-5245,,628141081# United States (Toll-free)

Find a local number

Phone conference ID: 628 141 081#

**Join on a video conferencing device**

Tenant key: grsmsip@m.webex.com

Video ID: 118 318 282 5

More info

For organizers: Meeting options | Reset dial-in PIN

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

<Mail Attachment.ics>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

# EXHIBIT 3

## Kelly Canby

**From:** Michelle Bernard
**Sent:** Monday, August 24, 2026 6:33 PM
**To:** Luna D'Sol
**Cc:** Kelly Canby
**Subject:** D'Sol v. Farmers Direct Property & Casualty Insurance Company (SAE No. 25-1418) / GRSM No. FSAE 1416221

Ms. D'Sol: I am confirming receipt of your email sent at 4:41 pm PST today. That said, throughout the tortured history of this lawsuit, there is no legitimate dispute that emails sent to and/or from your "jravada@icloud.com" email account have been posted and/or received according to our IT Department. As such, any belated (aka feigned) argument on your part that you purportedly have not been receiving our case-related emails in this matter to date is without merit.

Notably, you have not responded to our recent meet and confer emails regarding our demand for your Rule 26 documents and Farmers Direct's Motion for Summary Judgment/Partial Summary Judgment and related Motion for Terminating Sanctions so we are moving forward with anticipated law and motion filings in this matter based on the current scheduling order deadlines notwithstanding your pending motion for reconsideration.

On a related note, August 26, 2026 is the last day to hold the meeting of counsel before Final Pretrial Conference (*i.e.* Per Local Rule 16-2, the last day for the parties to hold the "meeting of counsel before final pretrial conference" is 40 days before the Final Pretrial Conference). Given your documented refusal to comply with any scheduling order deadlines in this matter to date, we assume that the referenced meet and confer conference will be an exercise in futility but note that your refusal to comply is grounds for sanctions per Judge Wilson's Civil Trial Preparation Order (ECF Doc. 86).

Please review Local Rule 16-2 and provide us with your availability to meet and confer before COB on Wednesday and/or timely provide us with your written responses to the meet and confer topics addressed in Local Rule 16-2 *et seq*. Non-compliance will be subject to sanctions.

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, August 24, 2026 4:41 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Farmers

Hi

Please confirm you are getting my email

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 4

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, August 25, 2026 6:27 PM
**To:** 'Luna D'Sol'; Michelle Bernard
**Subject:** No Details Provided By D'Sol / RE: Request to Meet and Confer Regarding Discovery Irregularities

Ms. D'Sol –

Following up on our call, I still do not understand your claimed grounds for your anticipated motion to seek a terminating sanction of default against Farmers Direct as it pertains to third party discovery or otherwise and I am aware of none.

As stated during our call, Farmers Direct proceeded in good faith with its discovery efforts within the schedule set by the Court and pursuant to the Federal Rules of Civil Procedure. I did not cancel our prior meet and confer TEAMs call on August 13, 2026 (that had been rescheduled to that date at 11:00 a.m. at your request). In fact, I waited in the TEAMs room for an entire hour after calling you (leaving a message) and emailing you to inquire about your absence and asking you to join the videoconference or to call my office, but you did not. Michelle Bernard's later request to meet and confer regarding Farmers Direct's anticipated motion for terminating sanctions as result of your refusal to participate in discovery also went unanswered.

As both Michelle and I have mentioned, Farmers Direct is proceeding with these motions per the schedule set by the Court.

I don't even understand what you are accusing me of exactly, but you claimed to have "evidence" of something, and yet you refused to send me copies or provide any details, so I presume this is all just another ruse by you to waste time.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, August 25, 2026 5:05 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Request to Meet and Confer Regarding Discovery Irregularities

Dear Kelly and Michelle,

I am writing to memorialize that I left each of you a voicemail today requesting a meet-and-confer pursuant to C.D. Cal. Local Rules 7-3 and 37-1, and in accordance with L.R. 37-2 through 37-4.

My review has identified multiple material irregularities and inconsistencies concerning Defendants' discovery documents and representations, including matters relating to third-party communications, service and/or receipt, deposition-related representations, and the underlying records offered in support of those representations. I would like to address these matters individually and provide Defendants an opportunity to explain, correct, or otherwise resolve them before I seek relief from the Court.

I understand that, in our most recent communications, Bernard's formal announcement that Defendants don't have time for my request, however I still must comply given the nature and scope of the issues I have now identified, I am making another good-faith effort to confer and narrow or resolve these matters before presenting them to the Court.

Please return my call, or send a Team's invite and refrain from canceling it right after, or provide your availability for a substantive meet-and-confer as soon as reasonably possible. I am available by telephone.

**Nothing in this communication or my participation in the requested meet-and-confer constitutes a waiver of any jurisdictional objection, challenge, claim, defense, argument, or right. All are expressly reserved.**

**Luna D'Sol**
📱 (213) 925-4069
✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Friday, August 14, 2026 4:51 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard |
| **Subject:** | Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1) |

Mr. Mangione did not appear at his deposition today. I entered his nonappearance into the record.

---

**From:** Kelly Canby
**Sent:** Wednesday, 12 August 2026 17:15:17
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

Hello Ms. D'Sol – I just sent an updated TEAMs invite for tomorrow at 11:00 a.m. per your request.

Given that I need allow time to coordinate any potential changes to appearance details with court reporters, videographers and third party witnesses, can you please respond tonight related to the following two issues (alternatively we will just plan to proceed per the current notices):

1. Can you please let me know tonight whether or not you will agree that the August 14, 9:00 a.m. PMK Deposition of Progressive Remodeling Inc. may proceed on a remote basis via video conference (which the witness David Aragon has requested)? Alternatively, we will plan to proceed with an in-person deposition at our LA Office on Friday Morning per the Amended Notice.

2. Additionally, please let me know if you have a working phone number for Kyle Mangione? I'm willing to discuss the possibility of a remote deposition with him as well, but I need to speak with him to confirm he is amendable and to make sure has the proper technical capabilities/computer setup (assuming you have no objection to switching to remote). Alternatively, we will plan to proceed with the Deposition at our office in Ontario at 3:15 p.m. on August 14, 2026 as noticed.

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 4:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

Ms. Canby,

Please change the conference for tomorrow. I am unable to reconcile all the information you have provided lately, it is extremely inconsistent and I need time to prepare or understand your references to events I have no records Tomorrow at 11 am works me

> On Aug 12, 2026, at 14:36, Kelly Canby <kcanby@grsm.com> wrote:
>
> ________________________________________________
>
> ## Microsoft Teams meeting
>
> **Join:**https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW
>
> Meeting ID: 243 317 248 760 179
>
> Passcode: vg9gf7Sr
>
> ---
>
> Need help? | System reference
>
> ### Dial in by phone
>
> +1 415-856-9224,,628141081# United States, San Francisco
>
> (888) 994-5245,,628141081# United States (Toll-free)
>
> Find a local number
>
> Phone conference ID: 628 141 081#
>
> ### Join on a video conferencing device
>
> Tenant key: grsmsip@m.webex.com
>
> Video ID: 118 318 282 5
>
> More info
>
> For organizers: Meeting options | Reset dial-in PIN

GRSM50
GORDON REES SCULLY MANSUKHANI
"YOUR 50 STATE LAW FIRM"

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

________________________________________________________________________________

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<Mail Attachment.ics>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| LUNA D'SOL<br>*Plaintiff*<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY<br>*Defendant* | ) | Civil Action No. 2:25-cv-10938-SVW-ASx |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Kyle Steven Mangione - 3915 El Dorado Blvd., #4, Palm Springs, CA 92262-1420 / (760) 223-9266

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| 3200 Guasti Road, Suite 100, Onterio, CA 91761 (909)563-1270 | August 14, 2026 at 3:15 p.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 4, 2026

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

Kelly F Canby
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Kyle Steven Mangione

on *(date)* 8/4/2026 .

[X] I served the subpoena by delivering a copy to the named individual as follows: Kyle Steven Mangione- Personally (Caucasian, Male, 36 years old, 5'9, 170 lbs, Brown Hair, Brown Eyes)

on *(date)* 8/8/26 at 1:29 pm ; or

[ ] I returned the subpoena unexecuted because: ______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 135.61 .

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under penalty of perjury that this information is true.

Date: 8/11/2026

[signature]
*Server's signature*

Alexander Martin, #2457, Riverside County
*Printed name and title*

BFRM Legal Support Services
633 W 5th St, 28th Fl
Los Angeles, CA 90071
*Server's address*

Additional information regarding attempted service, etc.:

Documents: Letter; Defendant Farmers Direct Property and Casualty Insurance Company's Notice of Videotaped Deposition of Kyle Steven Mangione and Requests for Production of Documents Per Subpoena; Subpoena to Testify at a Deposition in a Civil Action; Proof of Service

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Tuesday, August 18, 2026 7:12 PM |
| **To:** | 'Kyle Mangione' |
| **Cc:** | Michelle Bernard; Luna D'Sol |
| **Subject:** | D'Sol v. Farmers Direct (USDC CD Cal. Case No. 10938-SVW-ASx) : FAILURE TO APPEAR/RE: Check for Kyle mangione |

Hello Mr. Mangione –

You failed to appear at your deposition on Friday afternoon . You failed to contact me ahead of time to discuss any potential rescheduling. You have confirmed your receipt of the tendered payment that was provided with service of the subpoena. You were required to appear on 8/14 at 3:15 p.m. at 3200 Guasti Road, Suite 100, Ontario CA, but you did not. I am not aware of any issues regarding the manner in which the witness/mileage fees were provided to you, and I understand from our attorney service that this method of payment is regularly used by the process servicer without any problems.

The deposition was scheduled in Ontario given your Palm Springs residence, but you did not show up. I had the court reporter enter your failure to appear into the record. No additional fees will be provided.

Farmers Direct reserves the right to seek an order for your appearance coupled with a request for monetary sanctions against you.

Farmers Direct also reserves the right to object if Ms. D'Sol seeks to offer your testimony in this case and all sanction rights against Ms. D'Sol are reserved.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kyle Mangione <mangionekyle594@gmail.com>
**Sent:** Saturday, August 15, 2026 1:56 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Subject:** Check for Kyle mangione

You don't often get email from mangionekyle594@gmail.com. Learn why this is important

Hi Kelly,

I wanted to let you know that the check you gave me for the miles and days at the hearing didn't process at the bank or a check cashing place. The reader couldn't read it, so it wasn't cashable. I ended up wasting a bunch of gas driving around trying to get it handled. I'm not sure what the next step is—whether you'll send a replacement or deposit it directly into my account. Could you let me know how you'd like to proceed?

Thanks.

**Kelly Canby**

| | |
|---|---|
| **From:** | Kyle Mangione <mangionekyle594@gmail.com> |
| **Sent:** | Wednesday, August 26, 2026 7:23 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby; Michelle Bernard |
| **Subject:** | Re: Objection to August 18 Communication Concerning Kyle Mangione |

You don't often get email from mangionekyle594@gmail.com. Learn why this is important

Ms. Canby, I write in response to your August 18, 2026 correspondence regarding my alleged failure to appear for a deposition on August 14, 2026. I respectfully dispute the assertions contained in your letter and do not concede that I was under any legally enforceable obligation to appear. Nothing in this response should be construed as an admission that the subpoena was validly issued, properly served, or otherwise enforceable. I specifically do not concede that the requirements of Federal Rule of Civil Procedure 45 were satisfied. Rule 45(b)(1) requires that witness fees and mileage be tendered simultaneously with service. I expressly preserve all objections concerning the validity of service, the timing, amount, form, method, and sufficiency of any purported tender, as well as all other procedural or jurisdictional defects. Two days before the scheduled deposition, I contacted attorney Julio Ravata to advise that I was experiencing problems with the payment provided. The check I received could not be negotiated at five locations. I did not receive a response until after the deposition date had passed. If Farmers contends that mere receipt of a check constitutes an admission of compliance with Rule 45, I expressly reject

On Wed, Aug 26, 2026, 7:59 AM Luna D'Sol <jravada@icloud.com> wrote:

> **Ms. Canby,**
>
> **I object to and expressly reject the statement in your August 18, 2026 communication to Kyle Mangione that:**
>
> **"Farmers Direct also reserves the right to object if Ms. D'Sol seeks to offer your testimony in this case and all sanction rights against Ms. D'Sol are reserved."**
>
> **Nothing concerning Mr. Mangione's alleged failure to appear establishes misconduct by me. I did not instruct, encourage, request, cause, or participate in any decision by Mr. Mangione not to appear for a deposition. I therefore expressly dispute any suggestion that his alleged nonappearance provides a factual basis either for sanctions against me or for precluding testimony I may otherwise be entitled to present.**
>
> **I likewise do not concede the predicates asserted in your communication, including that Mr. Mangione was properly served with a Rule 45 subpoena, that legally sufficient witness and mileage fees were tendered as required by Rule 45(b)(1), or that his alleged nonappearance resulted from any act or omission attributable to me.**
>
> **The Ninth Circuit requires the witness fee and reasonably calculated mileage allowance to be tendered simultaneously with service of a subpoena. *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 495–96 (9th Cir. 1983). I therefore expressly preserve my objection to Farmers'**

**characterization of the subpoena as properly served, including the sufficiency of the purported tender.**

**Your August 18 communication is particularly concerning because Farmers expressly reserved potential sanctions against me in a communication addressed to a third-party witness concerning that witness's alleged nonappearance. Please identify the specific act or omission by me that Farmers contends provides a factual basis for reserving "all sanction rights against Ms. D'Sol." If Farmers contends that I caused, encouraged, facilitated, or interfered with Mr. Mangione's appearance, please identify the factual basis for that contention. If Farmers makes no such contention, please confirm that expressly.**

**For avoidance of doubt, I preserve all objections concerning the subpoena, purported service, witness and mileage fees, communications attributed to Mr. Mangione, the circumstances surrounding the purported deposition and nonappearance, and any attempt to attribute Mr. Mangione's conduct to me. Nothing in this correspondence constitutes a waiver of any jurisdictional, procedural, evidentiary, discovery, or other objection or right.**

**Luna D'Sol**

On Aug 18, 2026, at 19:11, Kelly Canby <kcanby@grsm.com> wrote:

Hello Mr. Mangione –

You failed to appear at your deposition on Friday afternoon . You failed to contact me ahead of time to discuss any potential rescheduling. You have confirmed your receipt of the tendered payment that was provided with service of the subpoena. You were required to appear on 8/14 at 3:15 p.m. at 3200 Guasti Road, Suite 100, Ontario CA, but you did not. I am not aware of any issues regarding the manner in which the witness/mileage fees were provided to you, and I understand from our attorney service that this method of payment is regularly used by the process servicer without any problems.

The deposition was scheduled in Ontario given your Palm Springs residence, but you did not show up. I had the court reporter enter your failure to appear into the record. No additional fees will be provided.

Farmers Direct reserves the right to seek an order for your appearance coupled with a request for monetary sanctions against you.

Farmers Direct also reserves the right to object if Ms. D'Sol seeks to offer your testimony in this case and all sanction rights against Ms. D'Sol are reserved.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kyle Mangione <mangionekyle594@gmail.com>
**Sent:** Saturday, August 15, 2026 1:56 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Subject:** Check for Kyle mangione

You don't often get email from mangionekyle594@gmail.com. Learn why this is important

Hi Kelly,
I wanted to let you know that the check you gave me for the miles and days at the hearing didn't process at the bank or a check cashing place. The reader couldn't read it, so it wasn't cashable. I ended up wasting a bunch of gas driving around trying to get it handled. I'm not sure what the next step is—whether you'll send a replacement or deposit it directly into my account. Could you let me know how you'd like to proceed?
Thanks.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 5

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Friday, May 1, 2026 8:40 AM |
| **To:** | Kelly Canby |
| **Cc:** | Michelle Bernard |
| **Subject:** | Re: Draft Joint Motion for Protective Order attached (and responses to other discovery inquiries) / D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 Revised Stipulated Protective Order |
| **Attachments:** | Re Do you intend to proceed with the attached YES or NO LR 3722 Joint Stipulation Plaintiffs Portion Provided Response Required Within 7 Days.pdf |

Ms Canby,

I have already **I am not substantively engaging with discovery because jurisdiction is unresolved. I am including the email you did not include in your correspondence**

Plaintiff expressly maintains that this Court lacks subject-matter jurisdiction and does not waive, concede, or consent to federal jurisdiction by participating in any proceeding, communication, or procedural matter in this action. All participation is undertaken subject to and without waiver of Plaintiff's pending and continuing challenge to jurisdiction, including the request for remand pursuant to 28 U.S.C. § 1447(c).

Please resolve the Rule 11 safe harbor notice.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 30, 2026, at 22:27, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

The first 3 items listed in my email below correspond to the same 3 topics as listed in your 4/23 email also below, and item 4 thereafter further responds to some of your other recent email communications about other discovery issues.

1. PROTECTIVE ORDER: Attached please find a copy of a draft proposed protective order that is in a format that would be acceptable to defendant Farmers Direct (and is prepared in the "Joint Motion" format as required by Magistrate Sagar and based upon the "model" protective order found on her website). As previously mentioned, Farmers Direct will not agree to the terms and revisions to the Magistrate's "model"

protective order that you previously proposed in your emails dated 4/16/26 and 4/22/26, so if you still wish to seek a protective order with those sought terms you will need to do so on your own. The attached draft very closely tracks the language found in the Magistrate's model protective order which is appropriate for use in an insurance coverage case where an insurer's confidential and/or proprietary business information may in certain instances be within the scope of permissible discovery, so these types of safeguards are necessary. Please let me know if we have your authorization to affix your electronic signature to the attached draft and then our office will finalize for filing with the Magistrate (along with the companion redline)?

2. WITNESS DISCLOSURES: Please note that Farmers Direct has decided to stand on its Initial Disclosures as currently drafted as its witness disclosures found therein are fully compliant with the requirements of Rule 26(a). For example, all the claims handlers witnesses identified by Farmers Direct therein are represented by defense counsel and the topics of their anticipated testimony have been provided. *See e.g.*, *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (see also further discussion of additional relevant cases cited in my 4/23/26 email below). Additionally, Farmers Direct is not required to identify a Rule 30(b)(6) corporate PMK witness "by name" in the Initial Disclosures as you have demanded because Rule 26(a)(1)(A)(i) is "limited to individuals and exclusive of corporate entities" so an "exclusion" must "necessarily apply to individuals who testify on behalf of corporate entities." *See e.g., Moore v. Computer Associates Intern., Inc.*, 653 F.Supp.2d 955, 959-960 (D. Ariz. 2009). "[M]any courts and commentators have concluded that when, as here, a party seeks to disclose a corporate representative who will testify about corporate policies, it is not necessary to identify that individual by name."*Equity Recovery Specialist LLC v. Select Portfolio Servicing Inc.*, No. CV-21-01889-PHX-DWL, 2023 WL 528675 *7 (August 16, 2023).

3. CLAIM FILE/INITIAL DISCLOSURE DOCUMENT EXCHANGE: With regard to the documents identified in Farmers Direct's Initial Disclosures and the voluminous Claim file we previously discussed, please note that most of the non-privileged and non-confidential portions of Farmers Direct's file for the Claim should be prepared and ready tomorrow (5/1). Please let me know when you anticipate having your Initial Disclosure documents prepared and ready for production so we can coordinate a time for an exchange of documents?

4. LOCAL RULE 37-2.2 JOINT STIPULATION AND OPPOSITION INSERTS TO PLAINTIFF'S SECOND MOTION TO COMPEL WILL BE SENT TO YOU NEXT WEEK: I will plan to send you Farmers Direct's opposition inserts for your Joint Stipulation next week before I leave town on May 6, 2026 as I understand from your prior email dated 4/30/25 that "Farmers Direct is not required to provide inserts by April 30."

I'm also available next week May 4-5, if you wish to further discuss any of these discovery issues outlined above.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, April 23, 2026 10:40 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 RE: Revised Stipulated Protective Order

Ms. Canby,

Thank you for your April 23 correspondence. Plaintiff has reviewed your positions and notes the following:

1. Protective Order: Plaintiff will review Defendant's proposed alternative draft when circulated next week and respond accordingly. Plaintiff reserves all rights with respect to the modifications proposed in her April 16 correspondence.

2. Witness Disclosures: The individuals referenced in your email were not identified in Plaintiff's Initial Disclosures because Plaintiff does not intend to call them as witnesses. Plaintiff's case rests on Defendant's own employees, the claim file, the police report, and Farmers' own inspection report from the day following the incident. No supplementation is required for witnesses Plaintiff does not intend to use.

3. Claim File: Plaintiff notes Defendant's representation that the claim file is being prepared for production. Plaintiff expects production consistent with the commitment made at the February 12, 2026 Rule 26(f) conference.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 23, 2026, at 08:48, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Ms. D'Sol –

I just wanted to confirm that your prior email messages dated 4/16 and 4/22 have been received and a preliminary response is below, including related to your proposed revisions to the Magistrate's "model protective order." Please note that I anticipate a further response next week which will include, among other things, a proposed version of the Magistrate's "model protective order" that is in a form that would be agreeable to defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") as the revisions you have proposed to the Magistrate's "model protective order" are unacceptable for the reasons outlined below.

First, a protective order must be CASE SPECIFIC.

One court does not have the power to bind another. For example, a protection order issued by a federal court would not automatically permit a document produced thereunder to be filed under seal in a state court and each court will also make its own determinations as to whether a document is even discoverable, much less admissible as evidence. *See e.g., Universal Studios, Inc. v. Superior Court*, 110 Cal.App.4th 1273, 1285 (2003) (where documents were lodged conditionally under seal ordered to be returned to counsel as sealing orders issued by other courts do not "prohibit us from exercising our discretion based on the facts before us"), citing Cal. R. Ct. 2.550, 2.551; *see also generally Gann v. General Motors LLC*, No. CV-22-00080-TUC-RM (EJM) 2022 WL 3552484, *7 (D. Ariz. August 18, 2022) (noting that a "proposed protective order does not guarantee that a confidential document will be filed under seal," especially in another court which "will determine the matter" subject to its own rules and procedures).

For example, in the case *Takata v. Hartfor Comprehensive Employee Ben. Service Co.*, 283 F.R.D. 617, 621-622 (E.D. Wash. 2012) which involved an insurer's confidential business information which was produced subject to a protective order only after a successful motion to compel use of those materials was expressly limited to that case only. "Plaintiff's counsel may not retain the information to use in any other case." *Takata*, 283 F.R.D. at 622. "If counsel needs the information in another case, at that time, he must make the necessary showing to compel the production or the trade secrets and confidential and proprietary information." *Takata*, 283 F.R.D. at 622. The "Court is persuaded that public disclosure of this information would harm Hartford, that competitive advantage would be lost" and there was "good cause supports protecting Defendants by requiring that materials justifiably marked as confidential not be disclosed to the public and that Plaintiff return those materials to Defendants after the close of this litigation." *Takata*, 283 F.R.D. at 622.

Your proposed revisions to the "model protective order" related to the terms pertaining to "DURATION" (paragraph 4) "ACCESS TO AND USE OF PROTECTED MATERIAL" (paragraph 7.1) and "FINAL DISPOSITION"(paragraph 13) are all unacceptable.

Farmers Direct will not agree to a stipulated protective order that expressly does "not extend beyond the commencement of the trial." Moreover, you have also stricken the entire "ALTERNATIVE POSSIBLE APPROACH" to "DURATION" paragraph from the "model protective order" which states the following: "**Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise**." This type of language is appropriate and necessary and the type of "DURATION" that Farmers Direct would be amendable to **but only without** any of your additional proposed language that would effectively negate the requirement found in paragraph 13 of the "model protective order" (i.e., whereby after "the final disposition" upon "written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material"). Specifically, Farmers Direct will not agree to your proposed additional language to paragraph 13 of the "model protective order" that, "[n]otwithstanding the foregoing, Plaintiff shall be permitted to retain one copy of the Service Agreement in her confidential legal files to the extent necessary . . . to support a related proceeding, as described in Section 7.1," especially given the following additional language you propose to add to paragraph 7.1: "Nothing in this Order shall restrict a Receiving Party's use of Protected Material in any related proceeding involving the same subject matter, parties, or claims, including any action arising from the same insurance claim at issue in this litigation." Per your email dated 4/16, I understand that you contend that this proposed revision to paragraph 7.1 "ensures Plaintiff is not prejudiced in any related proceeding by a confidentiality designation placed on documents that are central to her claims." However, for the reasons explained above, Farmers Direct will agree to a protective order that is **case specific only** which is exactly how paragraph 7.1 of the "model protective order" is drafted currently in the form shown on the Magistrate's website (i.e., one of the "Basic Principles" is that "Protected Materials" are for use in "this Action only" and when "the Action has been terminated, a Receiving Party must comply with the provisions of section 13 regarding "FINAL DISPOSITION"). *See e.g.,Takata*, 283 F.R.D. at 622.

Regarding your request for Farmers Direct to amend its Initial Disclosures related to witness information, please note that all claim adjuster witnesses listed in Farmers Direct's Initial Disclosures are represented by defense counsel. Farmers Direct's Initial Disclosures also specifically advise that all such witnesses can be contacted through defense counsel. Topics of anticipated testimony are also provided for each such witness. Accordingly, Farmers Direct's witness disclosures are fully compliant with Rule 26(a).

For example, in the case *Nguyen v. County of Clark*, Case No. No. C10–5267BHS, 2010 WL 4483819 *1 (W.D. Wash. October 29, 2010), the Court denied the plaintiff's motion to compel defendant to provide additional "background information" about witnesses listed in the defendant's Initial Disclosures who were represented by counsel. "**Plaintiffs have failed to**

**show how providing counsel's address for individuals represented by that counsel, and whose counsel has agreed to accept service on their behalf, is inappropriate under Rule 26**." *Nguyen* 2010 WL 4483819 at *1 (emphasis added). Moreover, a similar motion to compel was filed by pro per plaintiffs in this Court here (i.e., because defendant's initial disclosures "were missing several key pieces of evidence they expected to get") but that motion was described as "**Largely Frivolous**" and denied because the listed witnesses "are represented by counsel" and "defendants offered to make them available for depositions and written discovery." *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (emphasis added). Rule 26(a) does not require that any additional witness "background" information be provided in Initial Disclosures, including employment information or otherwise. *See generally Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1188 (9th Cir. 2022) (explaining that Rule 26(a)(1)(A) requires the disclosure of "'individuals likely to have discoverable information – along with the subjects of that information' for the purpose of identifying potential fact witnesses").

However, we are willing to meet and confer with you further on this issue, so if you have any contrary authority that you would like Farmers Direct to consider please share that information and allow for a reasonable time for it to be considered and we can thereafter set up a time to further discuss as well.

Regarding your Initial Disclosures, I noticed that you have not listed any of the people who were apparently at your home during or around the time of the alleged "vandalism" and/or "burglary" incident that is subject of your Claim – including "Robin," "Edward Green," "Garrick," "Kyle Mangione" and/or others -- and as far as I am aware you have not provided any contact information for any of those witnesses either. *See generally Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1188 (9th Cir. 2022) (Rule 26(a)(1)(A) requires the disclosure of "'individuals likely to have discoverable information – along with the subjects of that information' for the purpose of identifying potential fact witnesses"). Moreover, merely alleging that an incident is a purported "vandalism claim" does not make it such, rather the "burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage." *Tellone Professional Center, LLC v. Allstate Ins. Co.*, 562 F.Supp.3d 757, 765 (C.D. Cal. 2022) (insurer's motion for summary judgment granted where the "only covered cause of loss" that the plaintiff "has asserted throughout the course of its dealings with [insurer] Allstate and in the [first amended complaint] FAC is vandalism" the plaintiff could not demonstrate the "claim fell within the scope of the Policy" with "speculative and/or conclusory arguments" which "are not facts sufficient to support a claim of vandalism"). As further explained in the *Brodeur* case decided by the Ninth Circuit, "Rule 37(c)(1) further clarifies the importance of identifying potential witnesses, stating that '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."*Brodeur*, 41 F.4th at 1190, citing Fed. R. Civ. P. 37(c)(1) (emphasis added). Accordingly, we would like to meet and confer with you further on this issue as well and request that your Initial Disclosures be supplemented and contact information for those witnesses be provided. If they are represented by counsel then providing contact information for their counsel is sufficient under Rule 26(a) so long as the topics of anticipated testimony, if any, is also provided.

Regarding the exchange of documents, we are continuing to review and prepare the voluminous Claim file for anticipated production and are making good progress. There are potentially at least some discrete items that may be appropriate for production under a protective order. Please let us know how you are progressing with the preparation of your documents and/or if you anticipate producing any medical records or other items that might be appropriately subject to a protective order? This information will be helpful to know and further discuss to aid and inform our continued discussions and ongoing efforts to meet and confer related to the model protective order found on the Magistrate's website and potential Joint Motion for Protection Order if we can come to an agreement on the language.

Kelly Canby

---

**Kelly F. Canby**
Partner



G
Y
D
E
1
v

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, April 22, 2026 11:27 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Revised Stipulated Protective Order

Counsel,

Attached is Plaintiff's revised draft of the proposed Stipulated Protective Order.

The revisions are narrowly tailored to address scope, ensure compliance with Rule 26, and prevent overbroad confidentiality designations that would interfere with Plaintiff's ability to prosecute the case.

Please review and advise whether Defendant will stipulate. If not, identify any specific provisions Defendant contends are objectionable and the basis for those objections.

Absent agreement, Plaintiff will proceed accordingly.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 15, 2026, at 19:59, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol –

This email responds to your emails from yesterday and earlier today (below) and to the voicemail messages you left for me and for Ms. Bernard earlier today. As previously explained in further detail in Farmers Direct Property and Casualty Insurance Company's ("Farmers Direct") Opposition [ECF Doc. 62, at pp. 6-8] to your Motion to Compel, Farmers Direct has no affirmative obligation to disclose or produce a copy of the "Service Agreement" you have requested as part of the Initial Disclosures process under Rule 26(a) as Farmers Direct does not intend to rely upon that document to support its defenses in this case. *See e.g., Yaccarino v. Motor Coach Industries, Inc.,* No. 03-CV-4527 (CPS), 2006 WL 5230033 *6 (E.D.N.Y. September 29, 2006), citing Fed. R. Civ. Proc. 26(a)(1)(B).

However, in a good faith effort to eliminate any further discovery disputes related to the "Service Agreement" and to hopefully avoid additional frivolous motion filings by you in the future, Farmers Direct is willing to expedite the discovery process and voluntarily produce a copy of the "Service Agreement" subject to and after a stipulated protective order is signed and entered by the Court. I've attached a copy of the

sample "model protective order" found on Magistrate Sagar's website for your review and consideration which is required to be submitted in a "Joint Motion" format, per the following instructions below:

> **Joint Motion for Stipulated Protective Orders:** All stipulated protective orders must be titled **JOINT MOTION FOR STIPULATED PROTECTIVE ORDER** and must comply with Rule 26 and the Ninth Circuit's standards for protective orders. It is mandatory that parties submitting a stipulated protective order for the court's approval file a single document entitled Joint Motion for Stipulated Protective Order and email a copy in WordPerfect or Microsoft Word to the Court at AS_Chambers@cacd.uscourts.gov . . . [***LINK OMITTED***]. It is not necessary to file a separate Proposed Protective Order. Absent unusual circumstances, **parties shall prepare their protective orders based on the model protective order that is available for download below**. When the parties submit a protective order based on this model order, a redline in Microsoft Word format shall also be provided by email to Chambers at AS_Chambers@cacd.uscourts.gov that shows **all differences** between the submitted order and model order. The redline version of the Proposed **Joint Motion for Stipulated Protective Order** should be emailed to chambers and **NOT** be filed on the docket. The parties shall file the document utilizing the following events: *Civil Motions -> Motions and Related Filings -> Discovery Motions -> Protective Order*. *See* Honorable Alka Sagar | Central District of California | United States District Court

Please let me know if you are amenable to this approach and/or if you wish to further discuss I'm also available on Monday (4/20 after 10:00 am) or Tuesday (4/21 after 1:00 pm) for a videoconference as well?

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, April 15, 2026 3:33 PM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: Meet and Confer - Service Agreement / Discovery Issues

Counsel Bernard and Canby,,

Following up on my prior email regarding meet and confer, I attempted to reach both of you by telephone today at the numbers provided at your email and left voicemails.

For scheduling purposes, I am available any time today, tomorrow or any time thereafter. If those times do not work, please provide alternative availability within the next few days.

I am available by telephone or Zoom.

Regards,
Luna D'Sol

> On Apr 14, 2026, at 19:55, Luna D'Sol <jravada@icloud.com> wrote:
>
> Counsel,
>
> Following the Court's April 14, 2026 Order denying Plaintiff's Motion to Compel without prejudice based on meet-and-confer, Plaintiff writes to initiate a further meet-and-confer regarding the discovery issues raised in that motion.

The primary issue remains Defendant's refusal to produce the Service Agreement referenced in Defendant's Answer (ECF No. 43 ¶6(b)) and described in Defendant's own submitted regulatory materials. Plaintiff maintains that the document is directly relevant under Rule 26(b)(1) and necessary to resolve the parties' dispute regarding the relationship between Farmers Direct and Farmers Insurance Exchange.

Plaintiff is available to meet and confer by telephone or Zoom and is available at your earliest availability.

Please advise your availability.

Plaintiff is prepared to discuss this issue in good faith and attempt to resolve or narrow the dispute without Court intervention.

Regards,

Luna D'So

Sent from my iPhone

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<Judge Sagar_Joint Motion for Stipulated Protective Order (Updated May 2024) .docx>

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<DRAFT Joint Motion for Stipulated Protective Order(116051577.1).docx>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**From: Luna D'Sol**

# EXHIBIT 6

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, July 30, 2026 9:58 AM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Joni Etue |
| **Subject:** | Request for Local Rule 37-1 Conference? / RE: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY |
| **Attachments:** | 2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf |
| **Importance:** | High |

Good Morning Ms. D'Sol –

The Proof of Service attached to your Deposition Notice is the record of service. See attached. Please note that there is no blanket stay of discovery merely because a motion is pending. *See e.g., Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). As explained further below, the Notice of Deposition was properly served by Farmers Direct and your attendance at deposition in Los Angeles can be compelled, if necessary, although I would prefer to avoid having to do so. *See e.g., Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008).

Although I hope to be accommodating of what sounds like an incredibly extensive dental procedure if you will be unable to comfortably speak for the better part of a week, we still have a trial date that is quickly approaching and need to move forward with your deposition and discovery now. **Please provide <u>at least one date</u> during the next two weeks (<u>on or before 8/13/26</u>) when you can be available for an in person deposition in Los Angeles and I will move my schedule around to work with yours (with Parties to make the agreed upon exchange of Initial Disclosure documents at least 3 court days prior to your deposition)?**

Please note that this Court has advised the parties regarding the handling of discovery disputes in this case as follows:

> Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. See Order of December 8, 2025 [ECF Doc. 17].

Accordingly, let's also now schedule a time to conduct a meet and confer conference of counsel per Local Rule 37-1 and FRCP 37 (see below) so we can proceed with raising any unresolved issues with Magistrate Sagar per Local Rule 37-2 if needed. **How soon can you be available for a Local Rule 37-1 Conference call as I hope to speak with you soon (and before your dental treatments begin while your mouth is still operational)?**

**Specifically, Farmers Direct requests the scheduling of a Prefiling Conference of Counsel per Local Rule 37-1 regarding anticipated Motions to Compel your Deposition and/or Motion To Compel the agreed upon exchange of Initial Disclosure documents prior thereto**, among other discovery or

scheduling issues, and Farmers Direct reserves the right to seek all potentially available sanctions against you (including monetary sanctions, issue sanctions, exclusion of evidence sanctions and/or potential terminating sanctions) as result of your refusal to appear at deposition which was properly noticed for Friday July 31, 2026 per the attached and/or any refusal or failure to appear for a rescheduled deposition within the next two weeks (and I will chose the date if you are unwilling to do so). Specifically, in addition to potential monetary sanctions, when a party "fails, after being served with proper notice, to appear for that person's deposition . . . [t]he available sanctions . . . may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" which are as follows:

> "Rule 37(b)(2)(A) provides that the Court may make an order: (i) directing that the matters embraced in the order or other designated facts be taken as established ...; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) further staying proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order...." *Paige*, 248 F.R.D. at n. 3, *citing* Fed. R. Civ. Proc. 37(b)(2)(A).

A "deposition notice is all that is needed to require the attendance of parties at the depositions" and the "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." Your claimed travel complications are not a sufficient reason to refuse to appear at deposition. *See e.g., U.S. v. $160,066.96 from Bank of America*, 202 F.R.D. 624, 627-630 (S.D. Cal. 2001) (denying requests of Pakistani claimants to have "their depositions taken in Pakistan because otherwise they face two lengthy round trips to California in a single year" which did not meet the standard of "undue burden and expense" because this "requires more than some expense or difficulty" especially where the claimant chose to prosecute "their claim in this district" and the court also denied the alternative request to have their depositions be taken "by telephone" which would burden the opposing party through "compromised effectiveness" of the depositions). You filed claims against Farmers Direct in Los Angeles, your deposition has been noticed to proceed in Los Angeles and therefore you will need to find "a way to get to Los Angeles" sometime in the next two weeks or risk all the potential sanctions noted above.

**Additionally, if you are in fact actually disputing the validity of service by email in this case, then we also need to meet and confer per Local Rule 37-1 and/or Local Rule 7-3 regarding additional potential motions and/or requests for sanctions** arising from your apparent violations of the Court's Order of November 25, 2025 [ECF Doc. 12] and/or violations of Local Rules 5-4.1.1 – 5-4.8.2) -- **including Farmers Direct's anticipated request to have your e-filing/ECF System privileges revoked** for breaching the terms, conditions, orders, rules and agreements under which you were granted access to that system, specifically including your express written consent to accept service by email and your prior affirmation, agreement and requirement to maintain "regular access to the technical requirements necessary" for participation in that system for compliance with the applicable Local Rules related thereto (e.g., your responsibility for maintaining an "email account on a daily basis to receive notifications" and/or an "electronic post office box" related to email service).

Please let me know of some available dates/times for a call and your preferred date for your deposition (between now and 8/13/26) before the close of business today?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 9:05 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Counsel,

No, I have not been served a deposition, I don't have any records of such documents being served to me. I am unable to confirm those 3 days because of a dental procedure which will impair my speech and I don't have a way to get to Los Angeles. Last, my understanding is that the judge is reviewing the continuance of discovery which is why I a under the impression your company and I have not started anything

> On Jul 29, 2026, at 20:19, Kelly Canby <kcanby@grsm.com> wrote:
>
> Good Evening Ms. D'Sol -
>
> If you are out of town and not available to appear in Los Angeles at your deposition on Friday, we can reset your deposition for another day next week at GRSM's Office in Los Angeles. I'm available on **Tuesday 8/4, Wednesday 8/5 or Friday 8/7. Please let me know which of these dates you prefer?**
>
> Additionally, we still need copies of your Initial Disclosure documents. We previously agreed that the parties would exchange copies of the documents identified in their Initial Disclosures and Farmers Direct thereafter had its voluminous Claim file prepared for production and has been ready to exchange these Initial Disclosure documents for months. Please note that sanctions under Rule 37 are "self-executing" and "automatic" and evidence "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-1107 (9th Cir. 2001), citing Fed. R. Civ. Proc. 37 Advisory Committee Note (1993). Per my prior email below, I hoped that we would be exchanging those documents today. We need copies of your Initial Disclosure documents at least a few days prior to your deposition. **Please let me know if you can be ready to exchange Initial Disclosure documents by this Friday 7/31 (and if not when)?**

Please note that your Deposition Notice was properly served by email to your email address: jravada@icloud.com.

As you have previously acknowledged, you consented to electronic service via email in this Federal Court case last November as result of your prior Application for Permission for Electronic Filing [ECF Doc. 10], the Court's Order thereon [ECF Doc. 12] and your subsequent registration and use of the ECF System. See attached. "I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail." [ECF Doc. 10]. "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**." *See* www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers (emphasis added). When a "pro se party is granted court permission to register as an ECF user; such registration constitutes consent to receive electronic service." Rutter Group Practice Guide--Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition), Section 12:84.12, citing U.S.D.C. C.D. Cal. Local Rules 5-3.2.1, 5-3.2.2; *see also generally* Fed. R. Civ. Proc. 5(b)(2)(E). As you know, both parties have exclusively used electronic service in this case ever since.

Additionally, as result of the Court's Civil Trial Order and applicable Local Rules, **the Parties are required to complete an ADR Proceeding by Friday, August 21, 2026.** We are checking on the availability of some potential mediators during August and should hopefully have more information next week, but please let me know if you have any ADR Preferences and/or other suggestions on this topic?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 3:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Hi Ms Canby

I did not know you were back in town yet.

I am sorry I didn't respond earlier but I am out of town visiting my 95 year old grandma. I will be back home on August 17th 2026. I don't recall seeing any requests that you are referring to, as I mentioned, I was in the hospital. Did you serve it via mail ?

Luna

Sent from my iPhone

On Jul 27, 2026, at 6:10 PM, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol –

This email is to confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition. Can you please confirm your intention to appear?

Additionally, my prior request to exchange Initial Disclosure documents is long overdue, can you have your documents ready for exchange by Wednesday 7/29?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2025-11-18 D'SOL - DOC 10 PLTF APPLICATION FOR PERMISSION FOR ELECTRONIC FILING(109158610.1).pdf><2025-11-25 - ECF DOC 12 - ORDER GRANTING PLTF D'SOL PERMISSION FOR ELECTRONIC FILING(157662458.1).pdf><2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**
**MELISSA GOMEZ vs JULIO RAVADA**

July 28, 2026
10:00 AM

Judge: Honorable Elaine W. Mandel
Judicial Assistant: P. Boyadzhyan
Courtroom Assistant: G. Mikayelyan

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Victor Fernandez

For Defendant(s): Julio Ravada Erroneously Sued: Luna D'Sol ViaLACourtconnect

**NATURE OF PROCEEDINGS:** Non-Jury Trial

The cause is called for trial.

This morning plaintiff counsel has emailed plaintiff's exhibits 1-4 to the defendant.

If the parties cannot appear in person, they must have their video camera enabled while appearing remotely though LACC.

The court recesses until 1:30 PM.

Defendant is to appear on LACC with her video camera enabled.

The court resumes at 1:30 PM.

The defendant does not have the video camera enabled.

Plaintiff waives opening statement.

Defendant gives an opening statement.

Non-Jury Trial is continued to 07/29/26 at 10:00 AM in Department B at Van Nuys Courthouse East.

Both parties are ordered to appear with video capabilities.

Both parties have exchanged all of their exhibits.

If the defendant is unable to appear tomorrow on LACC with the video camera enabled, the court may consider striking the defendant's answer.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**
**MELISSA GOMEZ vs JULIO RAVADA**

July 28, 2026
10:00 AM

Judge: Honorable Elaine W. Mandel
Judicial Assistant: P. Boyadzhyan
Courtroom Assistant: G. Mikayelyan

CSR: None
ERM: None
Deputy Sheriff: None

---

Notice is waived.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**
**MELISSA GOMEZ vs JULIO RAVADA**

July 29, 2026
10:00 AM

Judge: Honorable Elaine W. Mandel
Judicial Assistant: P. Boyadzhyan
Courtroom Assistant: G. Mikayelyan

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Victor Fernandez ViaLACourtconnect

For Defendant(s): Julio Ravada Erroneously Sued: Luna D'Sol ViaLACourtconnect

**NATURE OF PROCEEDINGS:** Non-Jury Trial

The matter is called for hearing.

All parties are appearing remotely with video cameras enabled.

Defendant waives opening.

Melissa Gomez is sworn, testifies, and undergoes cross examination.

Plaintiff exhibit 3, loan agreement, is admitted into evidence.

Plaintiff exhibit 5, rodeo realty exclusive authorisation, is admitted into evidence.

Plaintiff exhibit 4, agreement between the parties to pay, is admitted into evidence over the objection of the defendant.

Luna D'Sol is sworn and testifies pursuant to E.C. 776.

Plaintiff exhibit 2, defendant's responses to request for admissions, is admitted into evidence over the objection of the defendant.

Plaintiff rests.

Defendant testifies on her own behalf.

Defendant rests.

Defendant and plaintiff make closing arguments.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**
**MELISSA GOMEZ vs JULIO RAVADA**

July 29, 2026
10:00 AM

Judge: Honorable Elaine W. Mandel
Judicial Assistant: P. Boyadzhyan
Courtroom Assistant: G. Mikayelyan

CSR: None
ERM: None
Deputy Sheriff: None

The Court takes the Non-Jury Trial under submission.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217**
**MELISSA GOMEZ vs JULIO RAVADA**

July 31, 2026
9:49 AM

| | |
|---|---|
| Judge: Honorable Elaine W. Mandel | CSR: None |
| Judicial Assistant: P. Boyadzhyan | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 07/29/2026 for Non-Jury Trial, now rules as follows:

This matter came on for court trial on 7/29/26. Plaintiff Gomez was present and represented by counsel Fernandez. Defendant d'Sol (fka Ravada) was self-represented. Both sides waived jury. No court reporter was present. All parties and counsel appeared virtually.

Plaintiff alleges she loaned defendant $50,000 on 7/6/21 for one year at 7% interest per year (loan document, exh. 3). Plaintiff alleges she loaned defendant an additional $26,000. Plaintiff alleges defendant repaid $1,500. She seeks repayment of the loans, interest and treble damages for fraud.

Both plaintiff and defendant were sworn and testified. The following exhibits were admitted: defendant's RFA responses (exh. 2), Loan (exh. 3), Rodeo Realty listing (exh. 5).

The parties agree plaintiff loaned defendant $50,000 under a written agreement of 7/6/21 at 7% interest (exh. 3, loan; exh. 2, defendant's RFA no. 1).

Plaintiff testified and defendant admitted (see defendant's RFA no. 3) that plaintiff loaned defendant an additional $26,000.

Defendant testified he repaid $1,500 (consistent with RFA no. 4). Per the RFA's, defendant admitted receiving $50,000, plus $26,000, a total of $76,000. Defendant testified $1,500 was repaid. No testimony was elicited as to the date the $1,500 was repaid.

Plaintiff met the burden of proof as to the initial loan. Defendant owes 7% interest per annum, from 7/26/21 on the original $50,000 loan, per the written loan agreement (exh. 3).

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Northwest District, Van Nuys Courthouse East, Department B

**24VECV03217** July 31, 2026
**MELISSA GOMEZ vs JULIO RAVADA** 9:49 AM

Judge: Honorable Elaine W. Mandel CSR: None
Judicial Assistant: P. Boyadzhyan ERM: None
Courtroom Assistant: None Deputy Sheriff: None

---

Defendant had the burden of proving the date the $1,500 was repaid and failed to meet that burden.

As to the additional $26,000 loan, plaintiff did not meet her burden of proving the date(s) those additional funds were provided, so no interest is awarded, as plaintiff did not meet her burden of showing the date funds were provided, so the court has no basis on which to set a date from which interest would accrue. However, defendant admits plaintiff did loan the additional sum (see RFA no. 3), so that amount is awarded.

Judgment: $50,000, plus 7% per annum from 7/26/21; an additional $26,000, no interest.

Plaintiff seeks treble damages, alleging fraudulent conduct. Plaintiff did not meet her burden of proving fraudulent conduct by clear and convincing evidence, so treble damages are not awarded.

Plaintiff to prepare a judgment for the court's signature.

Clerk is to give notice.

Certificate of Service is attached.

Certificate of Mailing is attached.

Luna D'Sol
Defendant, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

Electronically FILED by Superior Court of California, County of Los Angeles 8/03/2026 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Estorga, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**NORTHWEST DISTRICT – VAN NUYS COURTHOUSE EAST**

MELISSA GOMEZ,
Plaintiff,
vs.

LUNA D'SOL,
Defendant.

Case No. 24VECV03217

**MEMORANDUM OF POINTS AND AUTHORITIES**

Assigned to: Hon. Elaine W. Mandel, Dept. B
Ruling on Submitted Matter: July 31, 2026
Trial (completed): July 29, 2026
Hearing Date: [TO BE SET BY CLERK]
Time: [TO BE SET BY CLERK] Dept.: B
Complaint Filed: July 5, 2024

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant respectfully requests that the Court correct three discrete errors in its July 31, 2026 Ruling on Submitted Matter before entry of judgment.

**First,** the Ruling awards Plaintiff an additional $26,000 based upon Defendant's response to Plaintiff's Request for Admission No. 3, while overlooking the remainder of the October 29, 2025 discovery production contained in Defendant's Exhibit 103. That production included Defendant's complete verified responses to Plaintiff's Requests for Admission and Form Interrogatories, as well as Defendant's own Requests for Admission and Form Interrogatories directed to Plaintiff, to which Plaintiff never responded. **(D'Sol Evidentiary List, Exhibit 103).**

Those omitted documents expressly denied that the $26,000 constituted an additional loan, denied that Plaintiff's selected exhibits reflected the complete course of dealings between the parties, denied that Defendant owed Plaintiff $79,500 **(Request No. 7; DSOLEVIDENCE019)**, and requested Plaintiff admit that she had already received at least $26,000 from Defendant since July 2022. Plaintiff never answered that request. **(DSOLEVIDENCE011)**

**Second**, although the Ruling expressly finds that both Plaintiff and Defendant agreed Defendant repaid Plaintiff $1,500, the Proposed Judgment fails to credit that undisputed payment in any amount. The Court's observation that no testimony established the precise date of repayment may affect the calculation of interest attributable to that payment, but it does not eliminate the payment itself. As written, the Proposed Judgment awards Plaintiff the full principal notwithstanding an undisputed repayment recognized by the Court's own findings.

**Third**, the Ruling awards prejudgment interest on the original $50,000 beginning July 26, 2021, although Plaintiff's Complaint expressly sought interest only "from and after May 31, 2023." (Complaint, p. 6, Prayer No 2). The Complaint was never amended to seek an earlier accrual date.

These issues arose in the context of a trial in which none of Defendant's exhibits were admitted or addressed, despite those exhibits containing the complete discovery package from which Plaintiff extracted Exhibit 2 (**See Defendants Exhibit List: DSOLEVIDENCE007-024**).

Defendant repeatedly attempted to bring the omitted portions before the Court through written discovery, pretrial filings, motions concerning discovery, and oral argument at trial. Those efforts were never resolved on the merits.

The record demonstrates that Plaintiff relied upon selected excerpts of Defendant's verified discovery responses while omitting the qualifying responses contained in the same verified discovery package. Defendant admitted receiving approximately $26,000, but expressly denied those funds constituted additional loans. Defendant likewise admitted only the authenticity of Plaintiff's documents while expressly denying they represented the complete agreement or complete course of dealings between the parties. Defendant further denied owing Plaintiff $79,500.

In addition, Defendant served Plaintiff with Requests for Admission, including Request for Admission No. 9, asking Plaintiff to admit that she had already received at least $26,000 from Defendant since July 2022. Plaintiff never served any response. Defendant repeatedly sought relief based upon that failure before trial, but the merits of whether Plaintiff's failure to respond required an order deeming the request admitted were never adjudicated. Consequently, the Ruling awards Plaintiff an additional $26,000 without addressing either the unanswered request or the complete discovery record from which Plaintiff's Exhibit 2 was extracted.

Defendant does not seek to relitigate the underlying $50,000 loan or the contractual 7% interest rate. Defendant asks only that the Court ensure the judgment accurately reflects the complete evidentiary record, credits the undisputed $1,500 repayment, and applies prejudgment interest consistent with the relief requested in Plaintiff's operative Complaint.

## II. <u>STATEMENT OF RELEVANT FACTS</u>.

**1.** On July 6, 2021, Plaintiff loaned Defendant $50,000 pursuant to a written Loan Agreement requiring repayment of $53,500, including contractual interest.

**2.** Between July 2022 and May 2023, Plaintiff transferred Defendant approximately $26,000 in additional funds. Plaintiff alleges these transfers constituted additional loans. Defendant has consistently disputed that characterization, contending they were not additional loans and formed part of the parties' broader financial dealings.

**3.** Plaintiff filed the Complaint on July 5, 2024. The Complaint seeks recovery of $79,500 and requests prejudgment interest "from and after May 31, 2023." It does not request interest beginning in July 2021.

**4.** On September 30, 2025, Plaintiff served Defendant with Requests for Admission, Set One.

**5.** On October 26, 2025, Defendant served verified responses. Those responses included, among others:

a. **Request for Admission No. 3:** Defendant admitted receiving approximately $26,000 after July 6, 2022, but expressly denied those funds constituted additional loans

b. **Request for Admission No. 5:** Defendant admitted only the authenticity of the Loan Agreement while expressly denying it reflected the complete terms of the parties' dealings after July 2021

c. **Request for Admission No. 6:** Defendant admitted only the authenticity of Plaintiff's screenshots while expressly denying they represented all transactions between the parties.

d. **Request for Admission No. 7:** Defendant denied owing Plaintiff $79,500.

**6.** On the same date, Defendant served Plaintiff with Defendant's Requests for Admission, Set One, Defendant's Form Interrogatories, Set One, and Defendant's verified discovery responses in a single discovery package. That production is contained in Defendant's Exhibit 103 and bears Bates numbers DSOLEVIDENCE007 through DSOLEVIDENCE024.

**7.** Defendant's Request for Admission No. 9 requested that Plaintiff admit:

"Admit that you have already received at least $26,000 from Defendant since July 2022."

Plaintiff never served a response to that request.

**8.** On the morning of July 28, 2026, Mr. Fernandez emailed me four separate PDF files bearing filenames that did not correspond to the exhibit numbers used by the Court. As the Court referred to "Exhibit 2" and particular page numbers, I repeatedly had to ask Mr. Fernandez which of the emailed files and which page corresponded to the exhibit the Court was discussing.

**9.** Trial commenced on July 28, 2026. None of Defendant's exhibits were admitted into evidence, including Exhibit 103, which contained the complete discovery package described above.

**10.** Instead, Plaintiff relied upon selected portions of Defendant's verified discovery responses, including Request for Admission No. 3, while the remaining verified responses contained in the same

production—including Defendant's denials concerning the $26,000, the completeness of Plaintiff's exhibits, and the amount allegedly owed—were not considered in the Ruling.

**11.** During trial, Plaintiff testified that Defendant repaid Plaintiff $1,500 through Zelle. Defendant likewise testified that she repaid Plaintiff $1,500. The Court's July 31, 2026 Ruling expressly acknowledges both parties' testimony regarding that repayment.

**12.** The Ruling nevertheless awards Plaintiff $50,000, plus prejudgment interest beginning July 26, 2021, together with an additional $26,000, without crediting the undisputed $1,500 repayment and without addressing Defendant's Request for Admission No. 9 or the remaining verified discovery responses contained in Exhibit 103.

**13.** The Court directed Plaintiff to prepare a judgment. As of the filing of this motion, judgment has not yet been entered.

## III. THE COURT SHOULD ISSUE A STATEMENT OF DECISION (CCP § 632; CRC 3.1590)

Defendant submits this request one day after service of the July 31, 2026 tentative decision. To the extent the Court determines that the trial was completed in less than eight hours and that rule 3.1590(n) required a request before submission, Defendant requests relief under rule 3.1590(m). Good cause exists because no reporter's transcript is available, the ruling does not explain the treatment of the complete discovery record, and the proposed disposition contains an acknowledged $1,500 payment but no corresponding credit

A statement of decision need not discuss every evidentiary matter raised by the parties, but it must disclose the factual and legal reasoning supporting the court's resolution of the principal disputed issues. (Miramar Hotel Corp. v. Frank B. Hall & Co. (1985) 163 Cal.App.3d 1126, 1129–1130; F.P. v. Monier (2017) 3 Cal.5th 1099, 1108–1110.)[1]

[1] Defendant cites *Miramar* only for the requirements and purposes of an adequate statement of decision, not for its former conclusion that failure to issue one is reversible per se. *F.P. v. Monier* disapproved automatic reversal and requires a showing of prejudice

Several principal controverted issues raised during trial are not addressed in the July 31, 2026 Ruling. Because judgment has not yet been entered, Defendant respectfully requests that the Court issue a Statement of Decision addressing the following issues:

(a) Whether the Court considered Defendant's complete October 29, 2025 verified discovery package (Defendant's Exhibit 103), including Defendant's responses to Plaintiff's Requests for Admission Nos. 5, 6, and 7, Defendant's Form Interrogatory responses, and Defendant's Request for Admission No. 9, or instead relied solely upon Plaintiff's selected excerpt identified as Exhibit 2.

**(b)** Whether the Court determined that Defendant's admission of receiving approximately $26,000 constituted an admission that Defendant owed Plaintiff an additional $26,000, notwithstanding Defendant's contemporaneous verified denials that the funds constituted additional loans and her denial that she owed Plaintiff $79,500.

**(c)** Whether Plaintiff's failure to respond to Defendant's Request for Admission No. 9, asking Plaintiff to admit she had already received at least $26,000 from Defendant since July 2022, was considered by the Court in reaching its decision, and if not, why that unanswered discovery request was not addressed.

**(d)** The factual and legal basis for declining to credit the undisputed $1,500 repayment, where the Ruling itself acknowledges that both Plaintiff and Defendant testified the payment was made.

**(e)** The factual and legal basis for awarding prejudgment interest beginning July 26, 2021, where Plaintiff's Complaint expressly requested interest only "from and after May 31, 2023."

(f) Whether Plaintiff's Exhibit 2 was considered as an isolated excerpt or as part of Defendant's complete verified discovery responses from which it was extracted.

A Statement of Decision addressing these controverted issues will clarify the factual and legal basis for the Court's decision, ensure the judgment accurately reflects the Court's findings, and permit any further proceedings to proceed upon a complete and unambiguous record.

## IV. DEFENDANT GIVES NOTICE OF INTENTION TO MOVE TO VACATE THE JUDGMENT AND ENTER A DIFFERENT JUDGMENT

**(Code Civ. Proc., §§ 663, 663a)**

Code of Civil Procedure section 663 authorizes a judgment based upon a court decision to be vacated and a different judgment entered where the legal basis for the decision is erroneous or not consistent with the facts found. Code of Civil Procedure section 663a authorizes a notice of intention to be filed after rendition of the decision and before entry of judgment. [2]Defendant identifies below the specific respects in which the July 31, 2026 decision should be corrected before judgment is entered. To the extent any correction is clerical rather than legal, Code of Civil Procedure section 473(d) likewise authorizes correction of clerical error.

### A. Defendant Diligently Sought a Ruling on the Discovery Issue Before Trial

Defendant did not first raise Plaintiff's nonresponse after receiving an adverse ruling. Defendant raised it in a declaration before the January 2026 Final Status Conference, filed an ex parte application after the Court directed her to file a proper motion, subsequently filed a noticed Motion to Reopen Discovery, and raised the issue again at trial. These efforts demonstrate repeated attempts to obtain an adjudication before the Court determined that the additional $26,000 remained owing.

California courts recognize that, when circumstances outside a party's control materially impair preparation for trial, calendar-management concerns must be weighed against the policy favoring adjudication on the merits. (Oliveros v. County of Los Angeles (2004) 120 Cal.App.4th 1389, 1395; Hernandez v. Superior Court (2004) 115 Cal.App.4th 1242, 1246–1249.) Defendant relies on those authorities not to excuse every procedural omission, but to demonstrate that the discovery issue should be evaluated in light of her documented diligence, loss of counsel, and repeated efforts to obtain a ruling before trial.

---

[2] Section 663a requires the notice to designate the grounds for the motion and specify the particulars in which the legal basis for the decision is inconsistent with or unsupported by the facts. Defendant identifies those particulars in Parts IV.B through IV.D below. (Code Civ. Proc., § 663a, subd. (a)(1).)

B. The Court Should Reconsider the Additional $26,000 Award in Light of Defendant's Complete Verified Discovery Responses:

Plaintiff's Exhibit 2 was not an independent document. It was a selected excerpt from the October 29, 2025 discovery production contained in Defendant's Exhibit 103. That production included: (1) Defendant's complete verified responses to Plaintiff's Requests for Admission; (2) Defendant's verified responses to Plaintiff's Form Interrogatories; (3) Defendant's own Requests for Admission directed to Plaintiff; and (4) Defendant's Form Interrogatories directed to Plaintiff. Plaintiff never responded to Defendant's Requests for Admission or Form Interrogatories. The omitted portions included Defendant's express denial that the approximately $26,000 constituted additional loans, her denial that Plaintiff's selected documents reflected the complete course of dealings, her denial that she owed Plaintiff $79,500, and Request for Admission No. 9 asking Plaintiff to admit that she had already received at least $26,000 from Defendant since July 2022.

Those materials cannot fairly be evaluated in isolation because Defendant's verified responses, Defendant's affirmative discovery requests, and Plaintiff's complete nonresponse all concerned the same disputed transactions and directly bore upon whether the additional $26,000 remained owing.

C. The Judgment Should Credit the Undisputed $1,500 Repayment

The Court expressly found that Plaintiff alleged Defendant repaid $1,500 and that Defendant likewise testified she repaid $1,500. Plaintiff's own testimony established the same fact. Despite these undisputed findings, the proposed judgment does not reduce the principal by that amount. Although the Court observed that the evidence did not establish the precise date of repayment, that issue bears only upon the calculation of any applicable interest. It does not eliminate the payment itself. The judgment therefore contains an internal inconsistency by recognizing the repayment as an established fact while failing to credit it in any amount.

Defendant respectfully requests that the judgment be corrected to reflect the undisputed $1,500 repayment.

///

D. The Interest Award Should Conform to the Complaint

The Ruling awards prejudgment interest beginning July 26, 2021. Plaintiff's Complaint, however, expressly requested prejudgment interest only "from and after May 31, 2023."

The Complaint was never amended to seek an earlier accrual date. Defendant therefore respectfully requests that the Court modify the judgment so that any prejudgment interest awarded conforms to the relief requested in the operative pleading.

**E. THE COURT RECORD SHOULD BE CORRECTED TO CONFORM TO THE COURT'S APRIL 17, 2026 ORDER**

At the Final Status Conference on April 17, 2026, the Court expressly found:

> "The court finds that the true and correct name of the defendant is Luna D'Sol formerly known as Julio Ravada."

Following that ruling, Defendant provided the Court with the certified Order for Change of Name as directed. Nevertheless, subsequent court-generated documents, including the Clerk's Certificate of Service dated July 31, 2026, continue to identify Defendant solely as "Julio Ravada." Code of Civil Procedure section 473, subdivisions (a)(1) and (d), authorize correction of mistakes in the name of a party and correction of clerical errors so that the record conforms to the Court's actual rulings. Because the Court has already determined Defendant's true and correct name, the continued issuance of court records identifying Defendant solely as "Julio Ravada" does not conform to the Court's April 17, 2026 order.

Defendant respectfully requests that the Court direct the Clerk to correct the case caption, Register of Actions, Certificates of Service, the proposed Judgment, and all future court-generated records to identify Defendant as Luna D'Sol.

**F. PLAINTIFF'S RELIANCE ON AN INCOMPLETE RECORD MATERIALLY PREJUDICED DEFENDANT**

Throughout these proceedings, Plaintiff repeatedly relied upon incomplete portions of the record while omitting contemporaneous documents that materially qualified those submissions.

The same pattern occurred with Plaintiff's trial Exhibit 2, which consisted of only a selected excerpt from Defendant's October 29, 2025 verified discovery package, while omitting Defendant's contemporaneous denials, interrogatory responses, and Request for Admission No. 9 contained in the same mailing.

This issue is not unprecedented in this case. In its July 31, 2026 Ruling, the Court expressly rejected Plaintiff's prior assertion that Defendant's trial exhibits had been mailed months earlier after Plaintiff failed to produce any proof of service supporting that representation. Instead, the Court found the exhibits were first transmitted electronically on the morning of trial. Thus, the Court has already recognized that Plaintiff's description of the record was incomplete in at least one material respect.

A similar circumstance occurred during trial regarding Plaintiff's Exhibit 2. When Defendant explained that Exhibit 2 represented only a portion of the October 29, 2025 discovery package and that the remainder of the same verified responses materially qualified the excerpt being relied upon, Plaintiff's counsel disputed Defendant's representation. The Court responded that "the document speaks for itself." Defendant respectfully agrees that the document speaks for itself. The difficulty is that entire complete version of the document was before the court, in Defendant's Exhibit 103, only a portion was considered.

Evidence Code section 356 codifies California's rule of completeness. When one party introduces part of a writing, declaration, conversation, or act, the adverse party may introduce the remainder concerning the same subject, as well as any related writing necessary to make the admitted portion understood. (Evid. Code, § 356.) The statute is intended to prevent the use of selected portions of a writing or statement to create a misleading impression. (People v. Armstrong (2019) 6 Cal.5th 735, 786–787; People v. Arias (1996) 13 Cal.4th 92, 156.) [3]

---

[3] Defendant does not contend that Evidence Code section 356 automatically renders every item contained in the October 29, 2025 mailing admissible. The statute applies to the remainder concerning the same subject and to related material necessary to make the introduced portion understood. Defendant relies principally on the complete response to Request for Admission No. 3 and the contemporaneous verified responses addressing the nature, completeness, and alleged balance of the same transactions. Defendant relies on Request for Admission No. 9 separately as part of the unresolved discovery and repayment history.

Plaintiff introduced Defendant's response to Request for Admission No. 3 as evidence that Defendant received approximately $26,000. Defendant does not dispute that limited proposition. But the same verified discovery responses expressly denied that those funds constituted additional loans, denied that Plaintiff's documents reflected the complete course of dealings, and denied that Defendant owed Plaintiff $79,500. Those qualifying portions concerned the same subject and were necessary to prevent Request No. 3 from being treated as an admission of an unpaid $26,000 obligation.

Defendant's Exhibit 103 also contained Defendant's verified interrogatory responses and Request for Admission No. 9, which addressed repayment of the same $26,000. Once Plaintiff relied upon a selected portion of Defendant's verified discovery record, section 356 entitled Defendant to have the related qualifying portions considered insofar as they were necessary to place the admitted excerpt in context. Plaintiff's Exhibit 2 therefore could not fairly be treated as a complete admission that the additional $26,000 remained owing

Defendant respectfully submits that consideration of only a selected excerpt, without the remaining portions of the same verified discovery package that expressly denied the additional $26,000 constituted loans and denied that Defendant owed Plaintiff $79,500, materially affected the Court's determination of that issue. Defendant therefore respectfully requests that the Court review the complete October 29, 2025 discovery package before entry of judgment.

## V. <u>PROTECTIVE NOTICE OF INTENTION TO MOVE FOR NEW TRIAL</u>

**(Code Civ. Proc., §§ 657, 659)**

Defendant respectfully submits this Notice of Intention to Move for New Trial as a protective measure in the event the Court concludes that the errors identified above cannot be corrected through modification of the Proposed Decision before entry of judgment.

Code of Civil Procedure section 659 authorizes a party to file a Notice of Intention to Move for New Trial before entry of judgment. Defendant files this Notice solely to preserve all available procedural remedies while first requesting that the Court correct the identified errors without the necessity of further proceedings.

Should the Court determine that modification of the Proposed Decision under Code of Civil Procedure sections 663(a) or 473(d) is unavailable or inappropriate, Defendant intends to move for a new trial on the following statutory grounds:

A. Irregularity in the Proceedings (Code Civ. Proc., § 657(1))

The additional $26,000 award was determined after consideration of only a selected portion of Defendant's verified discovery responses, while the remainder of the same verified discovery package—including Defendant's qualifying responses and Defendant's unanswered Request for Admission No. 9—was not considered. Defendant's exhibits containing the complete discovery package were not admitted into evidence despite repeated efforts to bring those materials before the Court.

In addition, Plaintiff's trial exhibits were transmitted immediately before trial in a format that differed from the exhibit numbering used by both the Court and Defendant, requiring Defendant repeatedly to ask Plaintiff's counsel to identify which electronic file and page corresponded to the exhibit being discussed by the Court. Defendant contends these circumstances materially impaired her ability to present her defense.

B. Insufficiency of the Evidence and Decision Against Law (Code Civ. Proc., § 657(6))

The additional $26,000 award rests upon an isolated portion of Defendant's verified discovery responses while disregarding the remainder of the same verified discovery package. The Proposed Decision likewise fails to credit the undisputed $1,500 repayment acknowledged by both parties and reflected in the Court's own findings.[4] Finally, the award of prejudgment interest beginning July 26, 2021 exceeds the relief requested in Plaintiff's operative Complaint.

---

[4] Defendant relies on Code of Civil Procedure section 473(d) only in the alternative: if the Court intended to credit the admitted $1,500 payment but inadvertently omitted the credit from the stated disposition, the omission is properly corrected as clerical. If the omission reflects a deliberate legal determination, Defendant seeks relief under sections 663 and 663a rather than characterizing it as clerical error.

Defendant respectfully submits that these issues render the Proposed Decision unsupported by the complete evidentiary record and inconsistent with the governing law.

C. Error in Law Occurring at Trial (Code Civ. Proc., § 657(7))

To the extent the Court concluded that Defendant's inability to obtain an order deeming Request for Admission No. 9 admitted foreclosed consideration of Plaintiff's failure to respond to that request, Defendant respectfully contends that such conclusion constitutes an error of law. Defendant repeatedly sought relief regarding Plaintiff's failure to respond through pretrial filings, discovery motions, and oral argument. The substantive effect of Plaintiff's unanswered discovery was never adjudicated on its merits.

Likewise, Defendant respectfully contends that awarding prejudgment interest from a date preceding the date requested in Plaintiff's operative Complaint constitutes legal error requiring correction before judgment is entered.

Accordingly, if the Court declines to correct the foregoing errors through modification of the Proposed Decision, Defendant respectfully requests that the Court treat this filing as a timely Notice of Intention to Move for New Trial pursuant to Code of Civil Procedure sections 657 and 659 and set any further proceedings deemed appropriate.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that, before entry of judgment, the Court:

1. Correct the July 31, 2026 Proposed Decision by:

   **a.** vacating the additional $26,000 award, or, alternatively, reconsidering that award after considering Defendant's complete verified discovery responses and the complete October 29, 2025 discovery package;

   **b.** crediting the undisputed $1,500 repayment against the principal awarded; and

**c.** modifying the award of prejudgment interest so that it conforms to the relief requested in Plaintiff's operative Complaint.

2. Issue a Statement of Decision pursuant to Code of Civil Procedure section 632 and California Rules of Court, rule 3.1590, addressing the principal controverted issues identified in Section III of this Memorandum.
3. Vacate and enter a corrected judgment, or otherwise modify the Proposed Decision pursuant to Code of Civil Procedure sections 663 and 473(d), consistent with the Court's factual findings and the governing law.
4. **Alternatively**, if the Court concludes that the foregoing errors cannot be corrected before entry of judgment based upon the present record, Defendant respectfully requests that the Court reopen the evidentiary record for the limited purpose of receiving Defendant's Exhibits 101 through 109, or at minimum Defendant's Exhibit 103, together with any further proceedings the Court deems appropriate to resolve the issues identified herein. If the Court instead concludes that such relief is unavailable, Defendant respectfully requests that this filing be accepted as a timely **Notice of Intention to Move for New Trial** pursuant to Code of Civil Procedure sections 657 and 659, and that the Court set such further proceedings as required by law.

Defendant does not seek to relitigate the underlying $50,000 loan or the contractual 7% interest rate. Defendant respectfully requests only that the final judgment accurately reflect the complete evidentiary record, the Court's own factual findings, and the relief requested in Plaintiff's operative Complaint.

Respectfully Submitted

Dated: August 1, 2026

By: /s/ Luna D'Sol

Luna D'Sol, Defendant, In Pro Per

Luna D'Sol
Defendant, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

Electronically FILED by Superior Court of California, County of Los Angeles 8/03/2026 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Estorga, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**NORTHWEST DISTRICT – VAN NUYS COURTHOUSE EAST**

MELISSA GOMEZ,

Plaintiff,

vs.

LUNA D'SOL,

Defendant.

Case No. 24VECV03217

**DEFENDANT'S REQUEST TO MODIFY THE JULY 31, 2026 RULING ON SUBMITTED MATTER BEFORE ENTRY OF JUDGMENT; REQUEST FOR STATEMENT OF DECISION; AND, IN THE ALTERNATIVE, NOTICE OF INTENTION TO MOVE FOR NEW TRIAL**

Assigned to: Hon. Elaine W. Mandel, Dept. B
Ruling on Submitted Matter: July 31, 2026
Trial (completed): July 29, 2026
Hearing Date: [TO BE SET BY CLERK]
Time: [TO BE SET BY CLERK] Dept.: B
Complaint Filed: July 5, 2024

## I. NOTICE

**TO PLAINTIFF MELISSA GOMEZ AND HER ATTORNEY OF RECORD, VICTOR FERNANDEZ:**

**PLEASE TAKE NOTICE** that Defendant Luna D'Sol, appearing in propria persona, respectfully requests that, before entry of judgment, the Court correct and modify its July 31, 2026 Ruling on Submitted Matter so that the judgment ultimately entered conforms to the evidence, the Court's own factual findings, and the applicable law.

Specifically, Defendant requests that the Court:

1. Modify the July 31, 2026 Ruling by:

   **(a)** vacating the additional $26,000 award because the issue of repayment was never adjudicated after Plaintiff failed to respond to Defendant's Requests for Admission, Set One, including Request for Admission No. 9, and because the Court ruled without considering the complete documentary record concerning that issue;

   **(b)** crediting Defendant with the undisputed $1,500 repayment, which the Court expressly found both parties acknowledged but which was not deducted from the damages awarded; and

   **(c)** correcting the interest accrual date so that it conforms to the relief requested in Plaintiff's Complaint.

2. Issue a **Statement of Decision**, pursuant to Code of Civil Procedure section 632 and California Rules of Court, rule 3.1590, addressing the principal controverted issues identified in the accompanying Memorandum of Points and Authorities if the Court does not otherwise modify its ruling.

3. Accept this filing as Defendant's protective **Notice of Intention** to Move for New Trial, pursuant to Code of Civil Procedure sections 657 and 659, to preserve Defendant's statutory rights should the foregoing relief not be granted before entry of judgment.

This request is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Luna D'Sol, all pleadings, papers, exhibits, minute orders, and other

records on file in this action, together with such further evidence and argument as may properly be presented to the Court.

Respectfully submitted

Dated: August 1, 2026

By: /s/ Luna D'Sol

Luna D'Sol, Defendant, In Pro Per

Luna D'Sol
Defendant, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

Electronically FILED by Superior Court of California, County of Los Angeles 8/03/2026 12:00 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Estorga, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**NORTHWEST DISTRICT – VAN NUYS COURTHOUSE EAST**

MELISSA GOMEZ,

Plaintiff,

vs.

LUNA D'SOL,

Defendant.

Case No. 24VECV03217

**DECLARATION OF LUNA D'SOL IN SUPPORT OF DEFENDANT'S REQUEST TO MODIFY THE JULY 31, 2026 RULING ON SUBMITTED MATTER BEFORE ENTRY OF JUDGMENT; REQUEST FOR STATEMENT OF DECISION; AND, IN THE ALTERNATIVE, NOTICE OF INTENTION TO MOVE FOR NEW TRIAL**

Assigned to: Hon. Elaine W. Mandel, Dept. B

Ruling on Submitted Matter: July 31, 2026

Trial (completed): July 29, 2026

Hearing Date: [TO BE SET BY CLERK]

Time: [TO BE SET BY CLERK] Dept.: B

Complaint Filed: July 5, 2024

**DECLARATION OF LUNA D'SOL IN SUPPORT**

I, Luna D'Sol, declare as follows:

1. I am the Defendant in this action, erroneously sued as Julio Ravada, and I am self-represented. I have personal knowledge of the facts below, except where stated on information and belief, and could and would testify competently to them.

2. I have been continuously enrolled in the United States Postal Service ("USPS") Informed Delivery program throughout this litigation. As part of that service, USPS sends me daily email notifications containing digital images of letter-sized mail scheduled for delivery to my residential address, together with information regarding expected package deliveries. I routinely review and retain those notifications in the ordinary course. I reviewed the USPS Informed Delivery notifications corresponding to the period during which Plaintiff's counsel later certified that the Notice of Ruling had been served by mail. Those USPS notifications did not display any letter or other mailpiece from Plaintiff's counsel, Victor Fernandez, the Law Offices of Fernandez & Fernandez, or relating to this action. I likewise never received the Notice of Ruling or any mailing corresponding to the Certificate of Service later filed with the Court. Had I received such mailing, or had it appeared in my USPS Informed Delivery notifications, I would have retained it in the ordinary course of maintaining my litigation records. The foregoing is based upon my personal review of my USPS Informed Delivery records and my personal knowledge of the mail I received at my residence.

3. On April 21, 2026, at approximately 5:29 p.m., I telephoned Plaintiff's counsel, Victor Fernandez, at (562) 401-1000 and left a voicemail requesting that we meet and confer regarding a stipulation to reopen discovery in light of the continued July trial date. Immediately thereafter, I sent a written email memorializing that request. In the same communication, I advised Mr. Fernandez that I had not received the Notice of Ruling the Court had ordered Plaintiff to serve and requested that he address that issue as well. A true and correct copy of that April 21, 2026 email is attached as **Exhibit 105** and is incorporated herein by this reference.

4. On October 26, 2025, I signed and verified my responses to Plaintiff's Requests for Admission, Set One, and separately signed my own Requests for Admission, Set One, and Form Interrogatories, Set One, directed to Plaintiff.

5. On October 29, 2025, I caused all three documents to be mailed together in a single certified-mail envelope, USPS Article No. 9402611898765476134490, to Plaintiff's counsel Victor Fernandez, delivered November 1, 2025, and independently served the prior day by professional process server.

6. Request No. 9 of my Requests for Admission asked Plaintiff to admit she has "already received at least $26,000 from Defendant since July 2022." Plaintiff has never responded to this request, or any request in that set, to this day.

7. On January 4, 2026, I served a declaration advising the Court of Plaintiff's non-response. At the January 20, 2026 Final Status Conference, the Court continued trial and told me to file proper motions if I wanted discovery relief. Because the discovery motion cutoff had already passed, I filed an Ex Parte Application on January 22, 2026; it was denied because it was not an emergency.

8. I subsequently prepared and filed a fully noticed Motion to Reopen Discovery, with a Meet and Confer Declaration, reserved for hearing on June 16, 2026, in Department B. That motion was also denied.

9. Trial was held July 28-29, 2026. No court reporter was present. Only Plaintiff's Exhibits 2, 3, and 5 were admitted. None of my exhibits were admitted, including Exhibits 101 through 109 — an indexed binder I had prepared and made available to both the Court and Plaintiff, sequentially Bates-stamped DSOLEVIDENCE001 through DSOLEVIDENCE044.

10. On the morning of July 28, 2026, rather than use that binder, Mr. Fernandez emailed the Court four separate PDF files, each under a different file name that matched neither the Court's exhibit numbering nor my own exhibit index. As the Court referred repeatedly to "Exhibit 2, page [x]," I was forced, more than once, to ask Mr. Fernandez directly which of his four files, and which page, corresponded to the exhibit the Court had just cited.

11. During that exchange, when I pointed out that Plaintiff's Exhibit 2 was an incomplete excerpt of the single certified-mail production that also contained my unanswered Request No. 9, Mr. Fernandez responded, in substance, by telling the Court I was lying. The Court then stated, "the document speaks for itself," and the exchange moved on; Mr. Fernandez replied, "thank you, Your Honor." The Court did not resolve, and in my understanding did not intend to resolve, whether Exhibit 2 was a complete or partial excerpt of my production — only that the document's own text controls over argument about what it says.

12. At trial, I told the Court that the $26,000 addressed in my Request No. 9 had, in fact, already been repaid to Plaintiff, and reminded the Court of the January ex parte denial. The Court, reading from its own notes, responded that I "didn't file [my] motion to deem RFA admitted when [I was] supposed to" and that "an ex parte is only for emergency reasons." In closing argument, I also argued that any recovery beyond what the Complaint pled required Plaintiff to seek leave to amend under Code of Civil Procedure section 473(a)(1).

13. Also at trial, in response to a question from her own counsel, Mr. Fernandez, asking how much money she had received back from me, Plaintiff testified that she had received "$1,500 in Zelle payments." This matches my own verified response to Request for Admission No. 4, and is reflected in the Court's own Ruling, which recites that "[p]laintiff alleges defendant repaid $1,500" and that I "testified [I] repaid $1,500 (consistent with RFA no. 4)."

14. The Ruling further states that "[n]o testimony was elicited as to the date the $1,500 was repaid" and that I "had the burden of proving the date the $1,500 was repaid and failed to meet that burden." The Judgment nonetheless reflects no credit at all for the $1,500 both Plaintiff and I agree was paid.

15. On July 31, 2026, the Court issued its Ruling, awarding Plaintiff an additional $26,000 based on my own response to Plaintiff's Request No. 3, and applying interest on the original $50,000 from July 26, 2021. The Ruling does not address my Request No. 9, the Motion to Reopen Discovery, my excluded exhibits, the July 28, 2026 exhibit-production irregularity, the $1,500 credit, or the May 31, 2023 interest date demanded in the Complaint.

16. As of the date of this declaration, no judgment has been entered in this action. The Ruling states that Plaintiff is to prepare a judgment for the Court's signature.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 1, 2026, at Palm Springs, California.

/s/ Luna D'Sol

Luna D'Sol, Declarant

Language Access

English

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **CASE INFORMATION:** | 24VECV03217 |
| **Case Title:** | MELISSA GOMEZ VS JULIO RAVADA |
| **Filing Courthouse:** | Van Nuys Courthouse East |
| **Filing Date:** | 7/5/2024 |
| **Case Type:** | Contractual Fraud (General Jurisdiction) |
| **Status:** | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Print New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

**10/5/2026** 08:30 Department B 6230 Sylmar Ave., Van Nuys, CA 91401 Hearing on Motion for New Trial

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **FERNANDEZ VICTOR** | Attorney for Plaintiff |
| **GOMEZ MELISSA** | Plaintiff |
| **RAVADA JULIO** | Defendant |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | |
|---|---|---|
| **8/4/2026** | Certificate of Mailing for Notice of Hearing of Motion for New Trial | Filed by Clerk |
| **8/4/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **8/4/2026** | Notice of Hearing of Motion for New Trial | Filed by Clerk |
| **8/3/2026** | Declaration DECLARATION OF LUNA DSOL ISO NOTICETO MOVE TO NEW TRIAL | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | | |
|---|---|---|
| **8/3/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **8/3/2026** | Notice of Intent to Move for New Trial | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/31/2026** | Certificate of Mailing for (Ruling on Submitted Matter) of 07/31/2026 | Filed by Clerk |
| **7/31/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **7/31/2026** | Minute Order (Ruling on Submitted Matter) | Filed by Clerk |
| **7/29/2026** | Exhibit List | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/29/2026** | Minute Order (Non-Jury Trial) | Filed by Clerk |
| **7/28/2026** | Minute Order (Non-Jury Trial) | Filed by Clerk |
| **7/24/2026** | Notice of Ruling | Filed by Melissa Gomez (Plaintiff) |
| **4/17/2026** | Minute Order (Final Status Conference) | Filed by Clerk |
| **2/24/2026** | Certificate of Mailing for (Hearing on Ex Parte Application TO CONTINUE TRIAL) of 02/24/2026 | Filed by Clerk |
| **2/24/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **2/24/2026** | Minute Order (Hearing on Ex Parte Application TO CONTINUE TRIAL) | Filed by Clerk |
| **2/23/2026** | Declaration in Support of Ex Parte Application | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Declaration of Notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Ex Parte Application TO CONTINUE TRIAL | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Supplemental Declaration SUPPLEMENTAL EXHIBITS TO DEFENDANTS EX PARTE APPLICATION FOR TRIAL CONTINUANCE HEARING FEB 24 2025 | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/20/2026** | Exhibit List | Filed by Melissa Gomez (Plaintiff) |
| **2/20/2026** | Trial Brief | Filed by Melissa Gomez (Plaintiff) |
| **2/20/2026** | Witness List | Filed by Melissa Gomez (Plaintiff) |

| | | |
|---|---|---|
| **1/23/2026** | Minute Order (Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISC...) | Filed by Clerk |
| **1/22/2026** | Declaration in Support of Ex Parte Application | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Declaration of Notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Objection TO PLAINTIFF'S COUNSEL'S UNPROFESSIONAL CONDUCT AND REQUEST FOR COURT ADMONISHMENT | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/20/2026** | Minute Order (Final Status Conference; Hearing on Motion to Enforce Settlement) | Filed by Clerk |
| **1/15/2026** | Notice of Remote Appearance | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Declaration of Defendant Luna DSOL in Support of Final Status Conference and in Opposition to Trial Readiness Determination Due to Plaintiffs Failure to Respond to Discovery | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/12/2025** | Certificate of Mailing for (Hearing on Ex Parte Application for Order Continuing Hearing ...) of 11/12/2025 | Filed by Clerk |
| **11/12/2025** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **11/12/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) | Filed by Clerk |
| **11/10/2025** | Declaration RE: NOTICE OF EX PARTE APPLICATION | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/7/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) | Filed by Clerk |
| **11/6/2025** | Declaration of luna dsol | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Declaration regarding notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | | |
|---|---|---|
| **11/6/2025** | Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Exhibit List | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/4/2025** | Opposition To Motion for Enforcement | Filed by Melissa Gomez (Plaintiff) |
| **10/15/2025** | Certificate of Mailing for Notice of Case Reassignment and Order for Plaintiff to Give Notice | Filed by Clerk |
| **10/15/2025** | Notice of Case Reassignment and Order for Plaintiff to Give Notice | Filed by Clerk |
| **10/14/2025** | Proof of Service (not Summons and Complaint) | Filed by Melissa Gomez (Plaintiff) |
| **10/8/2025** | Declaration of Notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Exhibit List | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Motion to Enforce Settlement | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Notice of Motion | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Notice of Motion | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/7/2025** | Notice AMMENDED ANSWER - STATEMENT OF TRUE NAME | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/3/2025** | Substitution of Attorney | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/16/2025** | Minute Order (Trial Setting Conference) | Filed by Clerk |
| **7/11/2025** | Substitution of Attorney | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/7/2025** | Notice of Continuance | Filed by Melissa Gomez (Plaintiff) |
| **7/7/2025** | Notice of Continuance | Filed by Melissa Gomez (Plaintiff) |
| **6/17/2025** | Minute Order (Trial Setting Conference) | Filed by Clerk |
| **12/18/2024** | Minute Order (Case Management Conference) | Filed by Clerk |

| | | |
|---|---|---|
| **12/18/2024** | Notice Trial Setting Conference | Filed by Melissa Gomez (Plaintiff) |
| **12/17/2024** | Case Management Statement | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/20/2024** | Case Management Statement | Filed by Melissa Gomez (Plaintiff) |
| **11/20/2024** | Notice of Continuance | Filed by Melissa Gomez (Plaintiff) |
| **10/21/2024** | Answer | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/21/2024** | Order on Court Fee Waiver (Superior Court) | Filed by Clerk |
| **10/11/2024** | Minute Order (Case Management Conference; Order to Show Cause Re: failure t...) | Filed by Clerk |
| **10/9/2024** | Proof of Personal Service | Filed by Melissa Gomez (Plaintiff) |
| **7/10/2024** | Notice of Case Management Conference | Filed by Clerk |
| **7/10/2024** | Order to Show Cause (Hearing) | Filed by Clerk |
| **7/5/2024** | Alternative Dispute Resolution Packet | Filed by Clerk |
| **7/5/2024** | Civil Case Cover Sheet | Filed by Melissa Gomez (Plaintiff) |
| **7/5/2024** | Complaint | Filed by Melissa Gomez (Plaintiff) |
| **7/5/2024** | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| **7/5/2024** | Summons on Complaint | Filed by Melissa Gomez (Plaintiff) |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | **Past Proceedings**

| | | | |
|---|---|---|---|
| **7/31/2026 09:49 AM** | Department B | Ruling on Submitted Matter | |
| **7/29/2026 10:00 AM** | Department B | Non-Jury Trial | Held - Taken under Submission |
| **7/28/2026 10:00 AM** | Department B | Non-Jury Trial | Held - Continued |
| **6/16/2026 08:30 AM** | Department B | Hearing on Motion - Other | Not Held - Vacated by Court |
| **5/14/2026 08:30 AM** | Department B | Hearing on Motion to Deem Request for Admissions Admitted | Not Held - Taken Off Calendar by Party |
| **4/30/2026 09:00 AM** | Department B | Non-Jury Trial | Held - Continued |

| | | | |
|---|---|---|---|
| **4/17/2026 09:00 AM** | Department B | Final Status Conference | Held |
| **2/26/2026 10:00 AM** | Department B | Non-Jury Trial | Not Held - Continued - Party's Motion |
| **2/24/2026 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Motion Granted |
| **1/28/2026 08:30 AM** | Department B | Non-Jury Trial | Not Held - Advanced and Continued - by Court |
| **1/23/2026 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Motion Denied |
| **1/20/2026 08:30 AM** | Department B | Final Status Conference | Held |
| **1/20/2026 08:30 AM** | Department B | Hearing on Motion to Enforce Settlement | Held - Motion Denied |
| **12/8/2025 08:30 AM** | Department B | Hearing on Motion to Continue Trial | Not Held - Rescheduled by Party |
| **12/5/2025 08:30 AM** | Department B | Hearing on Motion to Enforce Settlement | Not Held - Advanced and Continued - by Court |
| **12/2/2025 08:30 AM** | Department B | Hearing on Motion to Continue Trial | Not Held - Taken Off Calendar by Party |
| **11/12/2025 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Motion Granted |
| **11/12/2025 08:30 AM** | Department T | Hearing on Motion to be Relieved as Counsel | Not Held - Vacated by Court |
| **11/7/2025 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Continued |
| **7/16/2025 08:30 AM** | Department T | Trial Setting Conference | Held |
| **6/17/2025 08:30 AM** | Department T | Trial Setting Conference | Held - Continued |
| **1/21/2025 08:30 AM** | Department T | Hearing on Motion to Quash Service of Summons | |
| **12/18/2024 08:30 AM** | Department T | Case Management Conference | Held |
| **10/11/2024 08:30 AM** | Department T | Case Management Conference | Held - Continued |
| **10/11/2024 08:30 AM** | Department T | Order to Show Cause Re: | Held |

## REGISTER OF ACTIONS

Case Information | **Register Of Actions** | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

**8/4/2026** Hearing on Motion for New Trial scheduled for 10/05/2026 at 08:30 AM in Van Nuys Courthouse East at Department B

| | |
|---|---|
| **8/4/2026** | Notice of Hearing of Motion for New Trial; Filed by: Clerk |
| **8/4/2026** | Certificate of Mailing for Notice of Hearing of Motion for New Trial; Filed by: Clerk |
| **8/4/2026** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **8/3/2026** | Notice of Intent to Move for New Trial; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **8/3/2026** | Declaration DECLARATION OF LUNA DSOL ISO NOTICETO MOVE TO NEW TRIAL; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **8/3/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/31/2026** | Minute Order (Ruling on Submitted Matter) |
| **7/31/2026** | Certificate of Mailing for (Ruling on Submitted Matter) of 07/31/2026; Filed by: Clerk |
| **7/31/2026** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **7/29/2026** | Exhibit List; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/29/2026** | Minute Order (Non-Jury Trial) |
| **7/29/2026** | Non-Jury Trial scheduled for 07/29/2026 at 10:00 AM in Van Nuys Courthouse East at Department B updated: Result Date to 07/29/2026; Result Type to Held - Taken under Submission |
| **7/28/2026** | Non-Jury Trial scheduled for 07/29/2026 at 10:00 AM in Van Nuys Courthouse East at Department B |
| **7/28/2026** | Minute Order (Non-Jury Trial) |
| **7/28/2026** | Non-Jury Trial scheduled for 07/28/2026 at 10:00 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 07/29/2026 10:00 AM |
| **7/24/2026** | Notice of Ruling; Filed by: Melissa Gomez (Plaintiff) |
| **5/16/2026** | Hearing on Motion - Other MOTION TO REOPEN DISCOVERY scheduled for 06/16/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Vacated by Court on 05/16/2026 |
| **4/17/2026** | Non-Jury Trial scheduled for 07/28/2026 at 10:00 AM in Van Nuys Courthouse East at Department B |
| **4/17/2026** | Minute Order (Final Status Conference) |
| **4/17/2026** | Final Status Conference scheduled for 04/17/2026 at 09:00 AM in Van Nuys Courthouse East at Department B updated: Result Date to 04/17/2026; Result Type to Held |
| **4/17/2026** | Pursuant to oral stipulation, Non-Jury Trial scheduled for 04/30/2026 at 09:00 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 07/28/2026 10:00 AM |
| **2/24/2026** | Updated -- Ex Parte Application TO CONTINUE TRIAL: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Granted ; Result Date: 02/24/2026 |
| **2/24/2026** | Final Status Conference scheduled for 04/17/2026 at 09:00 AM in Van Nuys Courthouse East at Department B |
| **2/24/2026** | Non-Jury Trial scheduled for 04/30/2026 at 09:00 AM in Van Nuys Courthouse East at Department B |
| **2/24/2026** | Minute Order (Hearing on Ex Parte Application TO CONTINUE TRIAL) |
| **2/24/2026** | Certificate of Mailing for (Hearing on Ex Parte Application TO CONTINUE TRIAL) of 02/24/2026; Filed by: Clerk |
| **2/24/2026** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |

| | |
|---|---|
| **2/24/2026** | Hearing on Ex Parte Application TO CONTINUE TRIAL scheduled for 02/24/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 02/24/2026; Result Type to Held - Motion Granted |
| **2/24/2026** | Pursuant to the request of moving party, Non-Jury Trial scheduled for 02/26/2026 at 10:00 AM in Van Nuys Courthouse East at Department B Not Held - Continued - Party's Motion was rescheduled to 04/30/2026 09:00 AM |
| **2/23/2026** | Declaration of Notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **2/23/2026** | Hearing on Ex Parte Application TO CONTINUE TRIAL scheduled for 02/24/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **2/23/2026** | Supplemental Declaration SUPPLEMENTAL EXHIBITS TO DEFENDANTS EX PARTE APPLICATION FOR TRIAL CONTINUANCE HEARING FEB 24 2025; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **2/23/2026** | Ex Parte Application TO CONTINUE TRIAL; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **2/23/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Declaration in Support of Ex Parte Application; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/20/2026** | Trial Brief; Filed by: Melissa Gomez (Plaintiff) |
| **2/20/2026** | Witness List; Filed by: Melissa Gomez (Plaintiff) |
| **2/20/2026** | Exhibit List; Filed by: Melissa Gomez (Plaintiff) |
| **1/23/2026** | Updated -- Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Denied ; Result Date: 01/23/2026 |
| **1/23/2026** | Minute Order (Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISC...) |
| **1/23/2026** | Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED scheduled for 01/23/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 01/23/2026; Result Type to Held - Motion Denied |
| **1/22/2026** | Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **1/22/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **1/22/2026** | Objection TO PLAINTIFF'S COUNSEL'S UNPROFESSIONAL CONDUCT AND REQUEST FOR COURT ADMONISHMENT; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Declaration in Support of Ex Parte Application; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | |
|---|---|
| **1/22/2026** | Declaration of Notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **1/22/2026** | Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED scheduled for 01/23/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **1/22/2026** | Pursuant to the request of moving party, Hearing on Motion to Deem Request for Admissions Admitted scheduled for 05/14/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Taken Off Calendar by Party on 01/22/2026 |
| **1/20/2026** | Updated -- Motion to Enforce Settlement: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Denied ; Result Date: 01/20/2026 |
| **1/20/2026** | Non-Jury Trial scheduled for 02/26/2026 at 10:00 AM in Van Nuys Courthouse East at Department B |
| **1/20/2026** | Minute Order (Final Status Conference; Hearing on Motion to Enforce Settlement) |
| **1/20/2026** | Final Status Conference scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 01/20/2026; Result Type to Held |
| **1/20/2026** | Hearing on Motion to Enforce Settlement scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 01/20/2026; Result Type to Held - Motion Denied |
| **1/20/2026** | On the Court's own motion, Non-Jury Trial scheduled for 01/28/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Advanced and Continued - by Court was rescheduled to 02/26/2026 10:00 AM |
| **1/15/2026** | Notice of Remote Appearance; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Declaration of Defendant Luna DSOL in Support of Final Status Conference and in Opposition to Trial Readiness Determination Due to Plaintiffs Failure to Respond to Discovery; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **11/12/2025** | Updated -- Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Granted ; Result Date: 11/12/2025 |
| **11/12/2025** | Hearing on Motion to Enforce Settlement scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **11/12/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) |
| **11/12/2025** | Certificate of Mailing for (Hearing on Ex Parte Application for Order Continuing Hearing ...) of 11/12/2025; Filed by: Clerk |
| **11/12/2025** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **11/12/2025** | Hearing on Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates scheduled for 11/12/2025 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 11/12/2025; Result Type to Held - Motion Granted |
| **11/12/2025** | Pursuant to the request of defendant, Hearing on Motion to Enforce Settlement scheduled for 12/05/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Advanced and Continued - by Court was rescheduled to 01/20/2026 08:30 AM |
| **11/10/2025** | Declaration RE: NOTICE OF EX PARTE APPLICATION; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | |
|---|---|
| **11/7/2025** | Hearing on Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates scheduled for 11/12/2025 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **11/7/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) |
| **11/7/2025** | Hearing on Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates scheduled for 11/07/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 11/12/2025 08:30 AM |
| **11/6/2025** | Ex Parte Application continue hearing; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **11/6/2025** | Declaration of luna dsol; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Declaration regarding notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Exhibit List; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Hearing on Ex Parte Application continue hearing scheduled for 11/07/2025 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **11/6/2025** | Updated -- Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates: Name Extension changed from continue hearing to for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates |
| **11/5/2025** | Pursuant to the request of moving party, Hearing on Motion to Continue Trial scheduled for 12/08/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Rescheduled by Party was rescheduled to 12/02/2025 08:30 AM |
| **11/5/2025** | Pursuant to the request of moving party, Hearing on Motion to Continue Trial scheduled for 12/02/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Taken Off Calendar by Party on 11/05/2025 |
| **11/4/2025** | Opposition To Motion for Enforcement; Filed by: Melissa Gomez (Plaintiff) |
| **10/15/2025** | Notice of Case Reassignment and Order for Plaintiff to Give Notice; Filed by: Clerk |
| **10/15/2025** | Case reassigned to Van Nuys Courthouse East in Department B - Hon. Elaine W. Mandel; Reason: Inventory Transfer |
| **10/15/2025** | Certificate of Mailing for Notice of Case Reassignment and Order for Plaintiff to Give Notice; Issued and Filed by: Clerk |
| **10/15/2025** | Updated -- 12/05/2025 Hearing on Motion to Enforce Settlement: Location changed from Department T to Department B |
| **10/15/2025** | Updated -- 01/20/2026 Final Status Conference: Location changed from Department T to Department B |
| **10/15/2025** | Updated -- 01/28/2026 Non-Jury Trial: Location changed from Department T to Department B |
| **10/15/2025** | Address for Jae Kim (Attorney) updated |
| **10/14/2025** | Proof of Service (not Summons and Complaint); Filed by: Melissa Gomez (Plaintiff); As to: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Motion to Enforce Settlement; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **10/8/2025** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Exhibit List; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Notice of Motion; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Declaration of Notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Notice of Motion; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | |
|---|---|
| **10/8/2025** | Hearing on Motion to Enforce Settlement scheduled for 12/05/2025 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **10/7/2025** | Notice AMMENDED ANSWER - STATEMENT OF TRUE NAME; Filed by: Julio Ravada (Defendant); As to: Julio Ravada (Defendant) |
| **10/7/2025** | Hearing on Motion to be Relieved as Counsel scheduled for 11/12/2025 at 08:30 AM in Van Nuys Courthouse East at Department T Not Held - Vacated by Court on 10/07/2025 |
| **10/3/2025** | Substitution of Attorney; Filed by: Julio Ravada (Defendant) |
| **7/16/2025** | Final Status Conference scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/16/2025** | Non-Jury Trial scheduled for 01/28/2026 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/16/2025** | Minute Order (Trial Setting Conference) |
| **7/16/2025** | Address for Victor Fernandez (Attorney) updated |
| **7/16/2025** | Trial Setting Conference scheduled for 07/16/2025 at 08:30 AM in Van Nuys Courthouse East at Department T updated: Result Date to 07/16/2025; Result Type to Held |
| **7/11/2025** | Substitution of Attorney; Filed by: Julio Ravada (Defendant) |
| **7/7/2025** | Notice of Continuance; Filed by: Melissa Gomez (Plaintiff) |
| **7/7/2025** | Notice of Continuance; Filed by: Melissa Gomez (Plaintiff) |
| **6/17/2025** | Trial Setting Conference scheduled for 07/16/2025 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **6/17/2025** | Minute Order (Trial Setting Conference) |
| **6/17/2025** | Trial Setting Conference scheduled for 06/17/2025 at 08:30 AM in Van Nuys Courthouse East at Department T Held - Continued was rescheduled to 07/16/2025 08:30 AM |
| **12/18/2024** | Notice Trial Setting Conference; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant) |
| **12/18/2024** | Trial Setting Conference scheduled for 06/17/2025 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **12/18/2024** | Minute Order (Case Management Conference) |
| **12/18/2024** | Case Management Conference scheduled for 12/18/2024 at 08:30 AM in Van Nuys Courthouse East at Department T updated: Result Date to 12/18/2024; Result Type to Held |
| **12/17/2024** | Case Management Statement; Filed by: Julio Ravada (Defendant) |
| **11/20/2024** | Notice of Continuance; Filed by: Melissa Gomez (Plaintiff) |
| **11/20/2024** | Case Management Statement; Filed by: Melissa Gomez (Plaintiff) |
| **10/21/2024** | Order on Court Fee Waiver (Superior Court); Signed and Filed by: Clerk; As to: Julio Ravada (Defendant) |
| **10/21/2024** | Answer; Filed by: Julio Ravada (Defendant) |
| **10/11/2024** | Case Management Conference scheduled for 12/18/2024 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **10/11/2024** | Minute Order (Case Management Conference; Order to Show Cause Re: failure t...) |
| **10/11/2024** | Case Management Conference scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T Held - Continued was rescheduled to 12/18/2024 08:30 AM |
| **10/11/2024** | Order to Show Cause Re: failure to file proof of service, failure to file default, failure to file case management statement, failure to prosecute scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T updated: Result Date to 10/11/2024; Result Type to Held |

| | |
|---|---|
| **10/9/2024** | Proof of Personal Service; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant); Service Cost Waived: No; Service Cost: 125.00; Service Date: 09/20/2024 |
| **7/10/2024** | Case assigned to Hon. Shirley K. Watkins in Department T Van Nuys Courthouse East |
| **7/10/2024** | Case Management Conference scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/10/2024** | Order to Show Cause (Hearing); Filed by: Clerk |
| **7/10/2024** | Notice of Case Management Conference; Filed by: Clerk |
| **7/10/2024** | Order to Show Cause Re: failure to file proof of service, failure to file default, failure to file case management statement, failure to prosecute scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/5/2024** | Complaint; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant) |
| **7/5/2024** | Civil Case Cover Sheet; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant) |
| **7/5/2024** | Summons on Complaint; Issued and Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant) |
| **7/5/2024** | Alternate Dispute Resolution Packet; Filed by: Clerk |
| **7/5/2024** | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |

Back To Top

# EXHIBIT 8

Electronically Received 08/12/2026 09:10 PM

LUNA D'SOL,
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

FILED
Superior Court of California
County of Los Angeles
08/12/2026
David W. Slayton, Executive Officer / Clerk of Court
By: V. Galindo Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br><br>vs.<br><br>JAE H. KIM, an individual;<br>CECILIA S. ROH, an individual;<br>JHK LAW, APC, a California professional corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 26STCV01294<br>Honorable Judge Peter A. Hernandez<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. Breach of Fiduciary Duty<br>2. Professional Negligence (Legal Malpractice)<br>3. Fraud in the Factum and Declaration of Void Instruments<br>4. Cancellation of Instruments (Civ. Code § 3412)<br>5. Declaratory Relief (CCP § 1060)<br>6. Constructive Fraud (Civ. Code § 1573)<br>7. Undue Influence (Civ. Code § 1575; Welf. & Inst. Code § 15610.70)<br>8. Quiet Title (CCP §§ 760.020, 761.020)<br>9. Aiding and Abetting Breach of Fiduciary Duty<br>10. Actual Fraud — Intentional Misrepresentation and Concealment (Civ. Code §§ 1572, 1709, 1710)<br>11. Ejectment<br><br>DEMAND FOR JURY TRIAL |

**Plaintiff's Roadmap of the Events Giving Rise to This Action (the "Roadmap")**




**ROADMAP** This action arises from Defendant Jae H. Kim's representation of Plaintiff in pending litigation and his subsequent involvement in her real-estate matters Kim failed to perform the litigation representation he undertook, then offered free representation concerning her properties, discouraged her planned property sale, introduced his wife, Defendant Cecilia S. Roh, as an investor, and failed to disclose an available statutory foreclosure protection. Days before the scheduled foreclosure of Plaintiff's primary residence, Kim changed a proposed transaction from approximately $145,000 for one rental property to obtaining interests in two properties, and then presented instruments for execution that had been materially changed to $600,000 without disclosure. Kim thereafter failed to deliver the promised reinstatement funds, Plaintiff's primary residence was foreclosed, and Defendants continued holding interests and receiving benefits from Plaintiff's rental properties. This roadmap is referenced across the complaint to provide guidance and better understanding of these events

**PARTIES**

1. Plaintiff Luna D'Sol, formerly known as Julio Ravada ("Plaintiff"), is an individual residing in Riverside County, California. At all times relevant to this action, Plaintiff owned the real properties and held the property interests that are the subject of this action, and was the client of Defendant Jae H. Kim and JHK Law, APC in the legal matters alleged below. Plaintiff brings this action individually to recover damages and obtain equitable relief arising from Defendants' conduct as alleged herein.

2. Defendant Jae H. Kim ("Kim") is, and at all times relevant to this action was, an individual believed to reside in Los Angeles County, California. Kim is an attorney licensed to practice law in the State of California, State Bar No. 212610, with a stated business address of 35 North Lake Avenue, Suite 710, Pasadena, California 91101. At all relevant times, Kim was the sole owner, principal, and only practicing attorney of Defendant JHK Law, APC, and held himself out as possessing expertise in debt-collection defense, foreclosure postponement, trustee-sale matters, title disputes, real-estate transactions, and related legal services. Kim possessed full actual and apparent authority to act, communicate, negotiate, prepare legal instruments, and make representations on behalf of JHK Law, APC concerning the matters alleged herein. Each act and omission of Kim alleged herein was undertaken in the course and scope of his role as sole principal of JHK Law, APC and is alleged to be attributable to JHK Law, APC, including under the doctrine of respondeat superior.

3. Defendant Cecilia S. Roh ("Roh") is, and at all times relevant to this action was, an individual residing in Los Angeles County, California. Roh is the spouse of Defendant Kim. As alleged in detail below, Roh personally executed instruments affecting Plaintiff's properties, personally communicated with Plaintiff concerning the transactions described in this Complaint, and personally accepted benefits — including property interests and rental income — arising from those transactions.

4. Defendant JHK LAW, APC is a California professional corporation with its principal place of business located at 35 North Lake Avenue, Suite 710, Pasadena, California 91101, Los Angeles County. At all times relevant to this action, JHK Law, APC held itself out as a law firm

Failure to Perform and Abandonment of the Gomez Action

18. Kim thereafter failed to perform material obligations of the representation. Among other things, Kim did not appear at the June 17, 2025 Trial Setting Conference and instead instructed Plaintiff to appear on his behalf. At the hearing, Plaintiff learned that the Substitution of Attorney prepared to substitute Kim as counsel of record had been rejected for missing or incomplete information. Plaintiff had not been advised by Kim before the hearing that the substitution had been rejected or that she would be required to address the matter herself.

19. Kim ultimately ceased representing Plaintiff while discovery obligations remained unresolved. During the representation, discovery requests had been served in the Gomez Action, but Kim did not timely inform Plaintiff that the discovery had been served, provide Plaintiff with the requests, or advise her concerning the applicable response deadlines and obligations. Only after the representation deteriorated or ended did Kim transmit the discovery to Plaintiff, leaving her with substantially reduced time to respond and without counsel to advise her concerning the requests, available objections, or consequences of failing to timely respond.

Medical and Financial Consequences

20. The consequences of being left without counsel became particularly acute as the Gomez Action proceeded toward trial. On February 23, 2026, Plaintiff was required to seek an ex parte trial continuance on her own behalf. In support of that request, Plaintiff submitted two contemporaneous medical letters. A January 27, 2026 letter stated that Plaintiff was experiencing a mental-health crisis requiring urgent psychiatric attention. A February 18, 2026 letter documented active medication adjustments and stated that litigation proceedings and court-related obligations could impair Plaintiff's ability to participate meaningfully in legal proceedings. The provider recommended approximately sixty days of relief from court appearances, filing deadlines, and litigation-related obligations.

21. The discovery Kim left Plaintiff to address concerned financial transactions central to the Gomez Action. For example, Request for Admission No. 3 asked Plaintiff to admit that Gomez had paid her approximately $26,000 after July 6, 2022. Acting without counsel, Plaintiff responded:

"Admit receipt of approximately $26,000 after July 6, 2022, but deny that these were additional 'loans.' They were partial funds offered under unlawful interest terms." Plaintiff was thus required, without the attorney she had retained to defend the action, to determine how to characterize the transaction and what qualifications, objections, or supporting facts were necessary to protect her position.

22. The distinction was material because Plaintiff separately contended that she had paid Gomez at least $26,000. Plaintiff's own Request for Admission No. 9 asked Gomez to admit that she had "already received at least $26,000 from Defendant since July 2022." Thus, discovery involved separate approximately $26,000 payment streams whose characterization and legal effect bore directly upon the amount allegedly owed.

23. Had Kim continued performing the representation he had undertaken, Plaintiff would not have been left to formulate these legally consequential discovery responses without counsel. Competent representation required evaluation of the requests, investigation of the underlying transactions, assertion of appropriate objections where warranted, and preparation of responses accurately distinguishing the parties' respective payments and Plaintiff's defenses. Instead, Plaintiff was required to make those determinations herself, and later to manage the litigation during a documented period in which her treating provider specifically recommended temporary relief from litigation-related obligations.

24. The Gomez Action proceeded to a bench trial on July 28 and 29, 2026, with Plaintiff representing herself. By that time, Plaintiff was required to litigate without the attorney she had retained, including addressing the effect of discovery responses and admissions concerning the disputed financial transactions.

25. On July 31, 2026, the court issued its ruling. Among other findings, the court relied upon Request for Admission No. 3 concerning approximately $26,000 and awarded Gomez an additional $26,000 against Plaintiff.

26. Following the July 31, 2026 ruling, Plaintiff was again left without counsel to address the consequences of the discovery issues that had followed her through trial. Plaintiff thereafter sought post-trial relief, including a new trial, so that she could address the discovery issues and the

effect of the Request for Admission relied upon at trial. Plaintiff was thus required, without the attorney she had originally retained to defend the Gomez Action, to seek further proceedings in an effort to address the consequences of those unresolved discovery matters.

Direct Monitory Losses

27. After the Gomez representation deteriorated, Kim presented Plaintiff with an invoice of approximately $1,290 for the Gomez Action. Plaintiff requested a detailed bill because Kim was billing the appearance that Plaintiff attended on his behalf. Plaintiff repeatedly requested that Kim explain or substantiate the disputed charges. Defendant Kim never produced the bill.

28. On October 8, 2025, Plaintiff contacted Kim seeking legal advice concerning an urgent matter pursuant to his earlier agreement to assist Plaintiff with her real-estate matters. Rather than provide the requested advice, Kim responded, "How about you pay my bill on the Gomez Action."

29. Plaintiff had approximately $1,002 available and offered Kim $900. Kim demanded $1,000. Plaintiff attempted to comply, but Zelle imposed an $800 daily transfer limit. Plaintiff therefore transferred $800 to Kim and sent him a screenshot showing the transfer limitation. Kim confirmed receipt of the $800 payment.

30. Immediately after Kim confirmed receipt, Plaintiff attempted to discuss the urgent legal matter for which she had sought his assistance. Kim nevertheless refused to provide the requested advice and stated that he would not speak with Plaintiff until she paid the remaining balance. Kim thus accepted Plaintiff's $800 payment toward the disputed Gomez invoice but, after receiving the payment, refused to provide the legal assistance for which Plaintiff had contacted him.

**B. EXPANSION OF REPRESENTATION**

31. While representing Plaintiff in the Gomez Action, Kim learned that Plaintiff owned three rental properties in addition to her primary residence. Plaintiff explained that two of the rental properties were then in active escrow (**ROADMAP, 2**) and that she intended to use the

**VERIFICATION:** I, Luna D'Sol, am the Plaintiff in this action. I have read the foregoing Second Amended Complaint and know its contents. The matters stated therein are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: August 12, 2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff, In Pro Per