MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR TERMINATING SANCTIONS AGAINST PLAINTIFF LUNA D'SOL**

Judge: Hon. Stephen V. Wilson
**Date: September 28, 2026**
**Time: 1:30 p.m.**
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With:
Defendant's Notice of Motion and Motion For Terminating Sanctions Against Plaintiff Luna D'Sol; and Supporting Declaration of Michelle R. Bernard

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT .......... 6

II. PLAINTIFF'S CALCULATED BOYCOTT OF DISCOVERY .......... 7

III. TERMINATING SANCTIONS ARE WARRANTED .......... 10

A. A Terminating Sanction Of Dismissal May Granted For A Serious Or Total Failure To Respond To Discovery Even Without A Prior Court Order .......... 10

B. The Terminating Sanction Of Dismissal Is Warranted Given Plaintiff's Clear Willfulness, Fault And Bad Faith As Further Confirmed By An Evaluation Of Five Key Factors .......... 11

1. Expeditious Resolution of Litigation .......... 13

2. Court's Need to Manage Its Docket .......... 13

3. Risk Of Prejudice .......... 14

4. Public Policy .......... 17

5. Potential Less Drastic Sanction .......... 18

C. Terminating Sanctions Are Warranted Here Based on Plaintiff's Flagrant Misrepresentations In Documents Filed With This Court That "Farmers Insurance Exchange" Is A Party To This Action .......... 19

IV. CONCLUSION .......... 20

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Air West, Inc.*,
542 F.2d 522 (9th Cir. 1976) .......... 18

*Baldwin v. U.S.*,
823 F.Supp.2d 1087 (N.M.I. 2011) .......... 7

*Computer Task Grp., Inc. v. Brotby*,
364 F.3d 1112 (9th Cir. 2004) .......... 13

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
482 F.3d 1091 (9th Cir. 2007) .......... 11, 12, 18

*E&J Gallo Winery v. Encana Energy Services, Inc.*,
No. CV-F-03-5412 AWI LJO, 2005 WL 6408198 (E.D. Cal. July 5, 2005) .......... 7

*In re Exxon Valdez*,
102 F.3d 429 (9th Cir. 1996) .......... 11, 12, 18

*Fjelstad v. Honda Motor Co., Inc.*,
762 F.2d 1334 (9th Cir. 1985) .......... 12

*Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*,
No. 1:11–cv–01590–LJO–SAB, 2013 WL 663429 (E.D. Cal. February 22, 2013) .......... 11, 16

*Garrison v. Ringgold*,
Case No.: 19-cv-0244 GPC-DEB, 2020 WL 6537389 (S.D. Cal. November 6, 2020) .......... 12

*Green v. Wal-Mart Stores, Inc.*,
Case No. 2:15–cv–00677–JAD–NJK 2016 WL 829981 (D. Nev. January 26, 2016) .......... 13, 16, 18, 19

*Henry v. Gill Indus., Inc.*,
983 F.2d 943 (9th Cir.1993) .......... 17, 18, 19

*Hester v. Vision Airlines, Inc.*,
687 F.3d 1162 (9th Cir. 2012) .......... 14, 18

*Hupp v. San Diego County*,
Civil No. 12cv0492 GPC(RBB), 2014 WL 1921769 (S.D. Cal. May 13, 2014) ........ 10, 17

*Jones v. Frazesn*,
No. 2:07–cv–02758 RCT, 2009 WL 3254905 (E.D. Cal. October 8, 2009) ........ 10

*Leon v. IDX Sys. Corp.*,
464 F.3d 951 (9th Cir. 2006) ........ 12

*National Hockey League v. Metropolitan Hockey Club, Inc.*
427 U.S. 639, 96 S.Ct. 2778, 249 L.Ed.2d 747 (1976) ........ 14

*O. L. v. City of El Monte*,
Case No. 2:20-cv-00797-RGK (JDE), 2020 WL 7264549 (C.D. Cal. October 30, 2020) ........ 8

*Payne v. Exxon Corp.*,
121 F.3d 503 (9th Cir.1997) ........ 15, 16

*Phenylpropanolamine (PPA) Product Liability Litigation*,
460 F.3d 1217 (9th Cir. 2006) ........ *passim*

*Sanchez v. Rodriguez*,
298 F.R.D. 460 (C.D. Cal. 2014) ........ 13

*Securities and Exchange Commission v. Southridge Capital Management LLC*,
No. 3:10-cv-1685-RNC, 2013 WL 10595697 (D. Conn. February 27, 2013) ........ 7

*Sigliano v. Mendoza*,
642 F.2d 309 (9th Cir. 1981) ........ 11, 12, 19

*Thompson v. Housing Auth. of City of L.A.*,
782 F.2d 829 (9th Cir. 1986) ........ 11, 14

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*,
158 F.3d 1051 (9th Cir.1998) ........ 12, 13, 19

*Wyle v. R.J. Reynolds Indus., Inc.*,
709 F.2d 585 (9th Cir. 1983) ........ 11, 12

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

**Rules**

Fed. R. Civ. P. 1 .......... 13
Fed. R. Civ. P. 26 .......... 7
Fed. R. Civ. P. 26(b)(1) .......... 8
Fed. R. Civ. P. 36(b) .......... 10
Fed. R. Civ. P. 37 .......... 11, 21
Fed. R. Civ. P. 37(a)(2)(A) .......... 15

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This first-party insurance coverage dispute arises from an alleged burglary/vandalism incident at the Palm Springs residence of Pro Per Plaintiff Luna D'Sol ("Plaintiff") on June 3, 2024 ("Incident"/"Loss") and Plaintiff's resulting insurance recovery claim ("Claim") tendered under a homeowner's policy ("Policy") issued by Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") to named insured "Julio Ravada" (*i.e.* Plaintiff's former identity/alias/alter ego). While Farmers Direct promptly accepted coverage for the Loss and issued multiple payments to Plaintiff for the Claim consistent with the terms of the Policy, Plaintiff alleges that additional amounts are owed to return the residence to its pre-Loss condition which Farmers Direct has unreasonably declined to pay. Farmers Direct contends that the company's coverage position regarding the non-covered and/or patently excessive damages sought by Plaintiff was both correct and reasonable under the circumstances and further disputes that any additional amounts are owed under the Policy for this questionable Claim.[1]

Relevant to Plaintiff's pending "bad faith" lawsuit against Farmers Direct, Plaintiff has steadfastly refused to participate in discovery and has failed to comply with various scheduling order deadlines, including but not limited to expert witness designations. Instead, as reflected by the voluminous ECF docket in this matter, Plaintiff has singularly focused her efforts on deluging Farmers Direct and this Court with meritless motions seeking to challenge diversity jurisdiction. Equally concerning, Plaintiff has filed pleadings with the Court wherein she has unilaterally added non-party "Farmers Insurance Exchange" as a defendant in the pleading caption notwithstanding this Court's prior orders <u>rejecting</u> Plaintiff's request for relief to add this diversity destroying defendant as a party to this action.

---

[1] *See* Farmers Direct's Motion for Summary Judgment or, In the Alternative, Partial Summary Judgment filed concurrently herewith.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Simply stated, Plaintiff's "sovereign citizen" approach to litigation where the Federal Rules of Civil Procedure and the orders of this Court do not apply to her should not be countenanced. For the reasons discussed below, Plaintiff's litigation misconduct and flagrant disregard of this Court's orders governing discovery and trial warrant in the imposition of terminating sanctions and dismissal of this meritless lawsuit against Farmers Direct.

## II. PLAINTIFF'S CALCULATED BOYCOTT OF DISCOVERY

As reflected by the court docket, Plaintiff's litigation activities to date have been consumed by repeated jurisdictional challenges and other irrelevant filings in pursuit of remanding this action back to state court over the objection of Farmers Direct. Upon denying Plaintiff's Renewed Motion To Remand on June 8, 2026, this Court set this case for trial on October 13, 2026. [ECF Docs 85-86]. Notwithstanding the litany of motions filed by Plaintiff seeking to challenge diversity jurisdiction in this matter and stay discovery, Farmers Direct has been proceeding in good faith with discovery pursuant to the scheduling order issued by the Court, including timely propounding initial written discovery requests to Plaintiff, timely serving Farmers Direct's Expert Witness Disclosures on July 15, 2026, timely serving Plaintiff with a Notice of Deposition scheduling her Deposition for July 31, 2026 (but she refused to appear), and timely issuing subpoenas to various third party witnesses identified in Plaintiff's Rule 26 Initial Disclosures.[2] *See* Bernard Decl., ¶¶ 3-15, **Exhibits 1-8**.

---

[2] All discovery was timely and properly served on Plaintiff consistent with the parties' agreement to use email service at the outset of the case in addition to Plaintiff's prior request for e-filing privileges which was granted by the Court and the parties' continued mutual use of electronic service continuously thereafter. Bernard Decl., ¶ 11. *See also generally E&J Gallo Winery v. Encana Energy Services, Inc.*, No. CV-F-03-5412 AWI LJO, 2005 WL 6408198 (E.D. Cal. July 5, 2005) (registration and use of CM/ECF system viewed as consent to receipt of amended deposition notice by electronic service unless opted). *Baldwin v. U.S.*, 823 F.Supp.2d 1087, 1109 (N.M.I. 2011) (holding that registration and participation in CM/ECF also constituted consent to email service); *Securities and Exchange Commission v. Southridge Capital Management LLC*, No. 3:10-cv-1685-RNC, 2013 WL 10595697 (D. Conn. February 27, 2013) (service of the Requests by email was proper, as the Defendants consented to electronic service of all documents (including discovery) as participants in the Court's CM/ECF system"). As such, any contention by Plaintiff that she has no obligation to respond to discovery served by Farmers

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

In addition to seeking to depose Plaintiff, Farmers Direct also noticed the deposition of her contractor (Progressive Home Remodeling) whose "Estimate" is attached to Plaintiff First Amended Complaint and appears to constitutes the bulk of Plaintiff's claimed contract damages sought in this case.[3] Bernard Decl., ¶ 7, **Exhibit 4**. To the extent there was any legitimate scheduling conflict on the dates of the initially noticed depositions, Farmers Direct repeatedly asked Plaintiff to provide ANY DATE before the discovery cutoff when she (and/or potentially her contractor) could be available to participate in deposition. Plaintiff refused to provide any dates at all and instead filed an Ex Parte Application To Stay Discovery. Bernard Decl., ¶ 12, **Exhibit 6**.

Relevant to Plaintiff's purported "unavailability" to participate in deposition discovery, although she claimed to be hospitalized and/or caring for her grandmother during this time frame around her noticed July 31, 2026 deposition date, it is readily apparent from public court records that Plaintiff was instead engaged in an active bench trial before the Los Angeles County Superior Court where she was representing herself as a named defendant in a fraud action filed against her by plaintiff Melissa Gomez as recently confirmed in Plaintiffs' verified Second Amended Complaint that Plaintiff filed as part of a separate legal malpractice action she is prosecuting herself in Los Angeles County Superior Court as Case No. 26STCV01294 (hereinafter "Legal Malpractice Action"). Specifically, the "Gomez

---

Direct via email is without merit and belied by the court docket as well as the record of communications between the parties confirming email as the method of service.

[3] All pending discovery inquiries are directly related to Plaintiff's claims and well within the permissible scope of discovery. "The permissible scope of discovery and burden of persuasion for protective order generally has been described as follow: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *O. L. v. City of El Monte*, Case No. 2:20-cv-00797-RGK (JDE), 2020 WL 7264549 *2 (C.D. Cal. October 30, 2020), citing Fed. R. Civ. Proc. 26(b)(1).

Action proceeded to a bench trial on July 28 and July 29, 2026, with Plaintiff representing herself." *See* Bernard Decl., ¶ 14, **Exhibits 7-8**. "Following the July 31, 2026 ruling . . . Plaintiff thereafter sought post-trial relief, including a new trial, so that she could address the discovery issues and the effect of the Request for Admission relief upon at trial." *See* Bernard Decl., ¶ 14, **Exhibits 7-8**. at Legal Malpractice Action Second Amended Complaint, ¶ 26.

A review of the Register of Actions in the Gomez Action shows that Plaintiff did file several substantive documents on August 3, 2026 which are all signed on August 1, 2026. *See* Bernard Decl., ¶ 14, **Exhibits 7-8**. Accordingly, Plaintiff's claims about being occupied with dental procedures, caring for her grandmother and/or alleged hospitalization seem to be questionable given her other substantial ongoing litigation activities and yet Plaintiff still repeatedly refused to provide any alternative dates for her deposition in the remaining weeks of August prior to the discovery cutoff on August 14, 2026. Accordingly, it is readily apparent that Plaintiff made a calculated decision to boycott all discovery in this matter given her pending reconsideration motion(s) and litigation activities in other matters notwithstanding the scheduling order deadlines set by this Court.

Equally problematic for Plaintiff, she has designated no experts and failed to respond to written discovery propounded by Farmers Direct pending the outcome of her jurisdictional challenges to this Court's prior orders relevant to the remand issue. *See* Bernard Decl., ¶ 11. Accordingly, for the reasons discussed in Farmers Direct's Motion for Summary Judgment, Plaintiff's causes of against Farmers Direct in the First Amended Complaint suffer from a complete lack of proof given Plaintiff's failure to respond to Farmers Direct's Requests for Admission (now deemed admitted pursuant to Rule 36(b) of the Federal Rules of Civil Procedure) and failure to designate any expert witnesses to opine regarding the threshold liability and damages issues upon which she has the affirmative burden of proof at trial. In this respect, the discovery record and opinions of Farmers Direct's experts are unrebutted and

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

dispositive of the company's affirmative defenses to Plaintiff's contract and tort claims.

Equally concerning, Plaintiff has persisted in filing pleadings with the Court wherein she has unilaterally added non-party "Farmers Insurance Exchange" as a defendant in the pleading caption notwithstanding this Court's prior orders rejecting Plaintiff's request for relief to add this diversity destroying defendant as a party to this action. [ECF Doc. 33, p. 4 n. 1, ECF Doc. 85, at p. 34; *but see and compare* ECF Docs. 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9]. In this respect, Plaintiff has knowingly committed fraud on the Court by filing documents under the false pretense that "Farmers Insurance Exchange" is a party to this action.

## III. TERMINATING SANCTIONS ARE WARRANTED

### A. A Terminating Sanction Of Dismissal May Granted For A Serious Or Total Failure To Respond To Discovery Even Without A Prior Court Order

"It is established that sanctions, including dismissal, may issue for a complete or serious failure to respond to discovery, such as failure to appear for a deposition, even absent a prior court order compelling the discovery." *Hupp v. San Diego County*, Civil No. 12cv0492 GPC(RBB), 2014 WL 1921769, *3 (S.D. Cal. May 13, 2014). "Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Jones v. Frazesn*, No. 2:07–cv–02758 RCT, 2009 WL 3254905, *2 (E.D. Cal. October 8, 2009) (dismissal was a proper sanction were plaintiff failed to complete his own deposition, failed to return to attend a properly noticed continued deposition and failed to comply with supplemental discovery order), citing *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). Accordingly, dismissal may be properly imposed under Rule 37 "even in the absence of a prior order to compel discovery." *Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. 1:11–cv–01590–LJO–SAB, 2013 WL 663429 *5 (E.D. Cal. February 22, 2013).

**B. <u>The Terminating Sanction Of Dismissal Is Warranted Given Plaintiff's Clear Willfulness, Fault And Bad Faith As Further Confirmed By An Evaluation Of Five Key Factors</u>**

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983). Additionally, district courts have inherent power to "impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). As dismissal is a severe remedy that should be imposed only in extreme circumstances and "only where the violation is 'due to willfulness, bad faith, or fault of the party.' " *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). To guide its discretion, "a district court should consider a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction" is appropriate. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (entered default judgment in favor of health insurer in the of more than $2 million as sanction for noncompliance with discovery obligations). These factors are as follows:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

*See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

(9th Cir. 2007) (footnotes omitted).

However, this " 'test' is not mechanical," but instead provides "the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow. . ." *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *see also Phenylpropanolamine (PPA) Product Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.1998). Accordingly, courts need not make explicit findings regarding each factor, "but a finding of willfulness, fault, or bad faith is required for dismissal . . . to be proper." *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006); *Fjelstad v. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985) (where a sanction of dismissal is imposed "the losing party's noncompliance must be due to willfulness, fault, or bad faith"). In this respect, a court has the authority to dismiss a case when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" because "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Garrison v. Ringgold*, Case No.: 19-cv-0244 GPC-DEB, 2020 WL 6537389 *4 (S.D. Cal. November 6, 2020) (failure to appear at deposition), citing *Sigliano*, 642 F.2d at 310; *see also Conn. Gen. Life*, 482 F.3d at 1096; *Wyle.*, 709 F.2d at 58.

Although a pro per party's lack of counsel may be considered in evaluating the willfulness of discovery violations and in weighing the five factors (each further discussed below), the pro se status of a litigant does not excuse intentional noncompliance with discovery rules and court orders. *See e.g., Sanchez v. Rodriguez*, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (dismissed pro per plaintiff's complaint for failing to respond to discovery, ignoring motion to compel then seeking extension of time and still failing to respond and specifically noting that "so the Magistrate is right to infer from his complete noncompliance . . . that 'he simply does not care about

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

meeting his obligations as a plaintiff in this case and has no' intention of doing so").

However, it is not always necessary for the court to impose less serious sanctions first or to give any explicit warning. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051 (9th Cir. 1998). *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112 (9th Cir. 2004).

**1. Expeditious Resolution of Litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law," and by "the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Phenylpropanolamine Products,* 460 F.3d at 1227. Accordingly, where a plaintiff has habitually failed to comply with her discovery obligations, this behavior is inconsistent with the clear directive in Rule 1 of the Federal Rules of Civil Procedure to "secure a just, speedy, and inexpensive" determination of this action. *Green v. Wal-Mart Stores, Inc.,* Case No. 2:15–cv–00677–JAD–NJK 2016 WL 829981 *6 (D. Nev. January 26, 2016). Accordingly, given Plaintiff's documented failure to comply with her discovery obligations in this case, this factor weighs in favor of dismissal.

**2. Court's Need to Manage Its Docket**

It has long been recognized that the Court's inherent power to control its docket includes the ability to issue severe case-dispositive sanctions when appropriate. *See e.g., Thompson,* 782 F.2d at 831. Indeed, the Supreme Court has noted that case-dispositive sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 249 L.Ed.2d 747 (1976); *see also Phenylpropanolamine Products*, 460 F.3d at 1227.

Here, Plaintiff's refusal to comply with her discovery obligations has clearly

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

thwarted the advancement of the case given that she has essentially decided to boycott further participation in discovery and instead decided to double down on her failed jurisdictional challenges and pursue a campaign of sanctions against defense counsel – *see e.g.*, [ECF Docs. 14; 25, 30, 31, 39, 40, 44, 46, 48, 50-52, 54-61, 63, 64, 72, 73, 77, 79, 83, 87, 88, 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115]. Given the frivolous nature of the bulk of Plaintiff's many voluminous filings, Plaintiff is clearly putting unnecessary burdens on this Court already busy docket. *See e.g., Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169-1170 (9th Cir. 2012) (finding that the court's "interest in managing its docket is best served by striking Vision's answer" because of intentional bad faith conduct in the discovery process "has led to multiple hearing and motions . . . which have nothing to do with the merits of this case, but have been necessary due to Vision's misconduct" and these "extra motions and hearings have interfered with the Court's ability to efficient manage its docket in a manner fair to all parties with pending cases"). Accordingly, this factor also militates in favor of dismissal.

**3. Risk Of Prejudice**

Actions that impair an opposing party's ability to go to trial or interfere with the rightful decision of the case are prejudicial. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir.1997). For example, in the *Payne* case, despite the fact that plaintiff argued that the district court's "order of dismissal was procedurally flawed" as against at least one of the defendants "VECO" which "did not initiate the discovery motion which led to the dismissal, and "did not specifically attack any discovery matters as to its interest in the litigation," which was instead done by co-defendant Exxon, the Ninth Circuit rejected that argument and found dismissal of plaintiff's claims as against all defendants proper.[4] *Payne*, 121 F.3d at, 509-510. Moreover,

[4] Specifically, the Court in *Payne* noted that although the plaintiff was correct that "'[o]nly the discovering party' . . . may bring a motion to compel a response to specific interrogatories, requests for production, and the like," per Rule 37(a)(2)(A) "any other party" may "move to compel the automatic disclosures required of all litigants by Rule 26(a)." Accordingly, the district court did not abuse its discretion

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

plaintiff's belated compliance with discovery obligations still resulted in prejudice to all defendants as follows:

> Belated compliance with discovery orders does not preclude the imposition of sanctions. Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts. . . . The issue is not whether Exxon and VECO eventually obtained the information that they needed, or whether plaintiffs are now willing to provide it, but whether plaintiffs' repeated failure to provide documents and information in a timely fashion prejudiced the ability of Exxon and VECO to prepare their case for trial . . . Many of the discovery responses eventually tendered by the plaintiffs came only as the discovery period was drawing to a close, or after it had already closed. Exxon and VECO were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy. We agree with the district court that the prejudice factor favors dismissal in this case. *Payne v. Exxon Corp.*, 121 F.3d at 508 (citations omitted).

Although Plaintiff has not attempted to comply with even the most basic obligation of complying with her agreement to exchange Initial Disclosure documents (despite filing her own affirmative motion to compel on this very same

---

by finding that defendant VECO was also prejudiced by plaintiff's conduct in discovery. To the extent that Plaintiff is disingenuously claiming that she either never received Farmers Direct's discovery written discovery served on July 2, 2026 and/or alternatively denying her prior consent to service by email all together which is discussed further below, the *Payne* case demonstrates Plaintiff's refusal to provide her agreed upon Initial Disclosure documents is reason enough to find prejudice to Farmers Direct.

issue), even if Plaintiff were to miraculously reverse course now and decide to participate in discovery (as she may feign as a means of attempted delay of Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment filed concurrently herewith), this still would not foreclose a finding of prejudice as against Farmers Direct. *Payne*, 121 F.3d at 510-511; *Green*, 2016 WL 829981 at *6. Moreover, if Plaintiff's excuses for delay are "frivolous" (as is the situation here), no prejudice needs to be shown in any event.[5] *See e.g.*, *Phenylpropanolamine Products*, 460 F.3d at 1228. Accordingly, the risk of prejudice to Farmers Direct here is already significant.

This is especially true given Plaintiff's unjustified refusal to participate in her noticed deposition and steadfast refusal to provide any available deposition dates at all. Notably:

> Failure of a party to attend his own deposition may result in orders taking designated facts to be established, limiting claims or defenses or the introduction of evidence, or striking out pleadings, staying proceedings, dismissing the action, or rendering a default judgment. Fed.R.Civ.P. 37(d). A deponent's cancellation of a deposition a day before the date set has been held to constitute a failure to appear within the meaning of Fed.R.Civ.P. 37(d).

*Hupp v. San Diego County*, Civil No. 12cv0492 GPC(RBB), 2014 WL 1921769, *3 (S.D. Cal. May 13, 2014), citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir.1993).

---

[5] Although Plaintiff has repeatedly cited hospital visits, dental procedures, doctors' appointments or similar excuses, no documentation has ever been provided nor any reasonable explanation as to why she could not proceed or communicate timely and facts in the public record raise serious doubts about Plaintiff's credibility and her truthfulness. *See e.g., Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. 1:11–cv–01590–LJO–SAB, 2013 WL 663429 *5 (E.D. Cal. February 22, 2013) (claimed illness of plaintiff's counsel deemed insufficient excuse where plaintiff "makes no effort to explain why other counsel failed to address the outstanding discovery requests).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Specifically, in the *Henry* case, the plaintiff argued that dismissal was unwarranted because he never "failed to appear" for his noticed deposition "because each such deposition was vacated by agreement of the parties," but the Ninth Circuit rejected that argument and noted that the "district court found that [plaintiff] Henry 'twice notified defendants the business day before his properly noticed depositions " and such last minute cancellations are not excused merely because opposing counsel reasonably decided that "instead of sitting in a conference room waiting for Henry not to arrive," to instead attempt "to reschedule the deposition." *Henry, Inc.*, 983 F.2d at 947. "We reject the suggestion that an unreasonable refusal to be deposed must be met with an unreasonable refusal to reschedule in order to warrant sanctions under Rule 37." *Henry, Inc.*, 983 F.2d at 947. Here, Farmers Direct repeatedly attempted to reschedule Plaintiff's deposition on or before August 14, 2026 but Plaintiff would not do so.

**4. Public Policy**

Although public policy generally favors disposition of cases and so this factor may in part cut against recommending case-dispositive sanctions, it is not enough to prevent the terminating sanction of dismissal. *See Henry,* 983 F.2d at 948; *see also Phenylpropanolamine Products,* 460 F.3d at 1228. Accordingly, where a case is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations such that the case cannot move forward toward resolution on the merits, the court clearly recognizes that there is very little public policy benefit in allowing such a case to continue when it is the party whose responsibility it is to move a case toward disposition on the merits (*i.e.*, the Plaintiff) whose conduct is impeding progress and the source of the delay and problems, as with Plaintiff here. *See, e.g. Allen v. Exxon Corp. (In re the EXXON VALDEZ),* 102 F.3d 429, 433 (9th Cir.1996)(noting that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits). Accordingly, even where a plaintiff may have "an obviously strong case, dismissal would be appropriate if the plaintiff has

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof." *Anderson v. Air West, Inc.*, 542, F.2d 522, 526 (9th Cir. 1976). There is no public policy advanced by allowing Plaintiff to continue on her current course of unreasonable filings and avoidance of her discovery obligations.

**5. Potential Less Drastic Sanction**

The Court must consider the adequacy of less drastic sanctions before imposing a case-dispositive sanction. *Green,* 2016 WL 829981 at *8. As noted above, the Ninth Circuit looks to (1) whether this Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., Hester,* 687 F.3d at 1170; *Conn. Gen. Life,* 482 F.3d at 1096

Significantly, the Ninth Circuit has indicated that it is not always necessary to impose less severe sanctions first, or to give any explicit warning that a case-dispositive sanction may be imposed. *Valley Engineers,* 158 F.3d at 1057. However, the disobedient party's conduct must be due to willfulness, fault, or bad faith for a case-dispositive sanction to be appropriate. *Sigliano,* 642 F.2d at310. Moreover, "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry,* 983 F.2d at 948. Accordingly, in the *Henry* case, the Ninth Circuit noted that the district court properly rejected "Henry's" "various explanations for his discovery misconduct," where "all are either legally irrelevant or factually implausible, and none persuades that circumstances outside his control caused his transgressions." *Henry, supra,* 983 F.2d at 948.

A court may consider all of the offending party's discovery conduct when making its determination of the appropriate sanction. *Henry, supra,* 983 F.2d at 947. For example, in the *Green* case, the court noted that the defendant's "motion is predicated on a smorgasbord of discovery violations committed by plaintiff through

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

her counsel," including failing to respond to defendant's "interrogatories and requests for production despite the ready availability of highly probative information and documents including failing to serve responses to interrogatories and requests for production." *Green*, *supra*, 2016 WL 829981 at *1. Moreover, "these discovery violations were compounded by the other discovery violations, including Plaintiff's failure to comply with her initial disclosure obligations. *Green*, *supra*,2016 WL 829981 at *2.

Here, with the exception of Plaintiff's electronic service of her Initial Disclosures on February 26, 2026, Plaintiff has refused to participate in any other discovery whatsoever -- except for pursuing her own frivolous Motion to Compel Supplemental Initial Disclosures and Sanctions against Farmers Direct -- which she lost and was warned about potential sanctions which may result from failing to following discovery procedures and local rule in the futures. [ECF Doc. 71]. Accordingly, Plaintiff has been warned (per the sub-part 3 of the Fifth Factor), but she clearly is undeterred which makes consideration of a terminating sanction appropriate.

### C. <u>Terminating Sanctions Are Warranted Here Based on Plaintiff's Flagrant Misrepresentations In Documents Filed With This Court That "Farmers Insurance Exchange" Is A Party To This Action</u>

In addition to the documented history of litigation misconduct and discovery abuses outlined above, Plaintiff's misrepresentations to this Court regarding the purported inclusion of non-party "Farmers Insurance Exchange" as a litigant in this matter must be considered as part of the Court's terminating sanctions analysis. Notably, there is no dispute that this Court's prior orders were crystal clear that "Farmers Insurance Exchange" is <u>not</u> a proper party to this litigation nor was there good cause to allow Plaintiff to file an amended complaint seeking to add this party to destroy diversity jurisdiction. The Court issued two very clear orders that have been violated by Plaintiff here. Specifically, on January 26, 2026, the Court issued

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

its Order denying Plaintiff's initial Motion To Remand and specifically ruled that "**Farmers Insurance Exchange is not a named defendant in this action**." [ECF Doc. 33, p. 4 n. 1 (emphasis added)]. Later on June 8, 2026 when the Court denied Plaintiff's Renewed Motion To Remand, the Court again specifically ruled that "**Plaintiff's complaint names only one defendant, Farmers Direct**, which the Court has already established is a citizen of Rhode Island." [ECF Doc. 85, at p. 34 (emphasis added)]. The evidence of Plaintiff's violations is clear and convincing as evidenced by her many court filings. [ECF Docs. 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9]. Regardless, Plaintiff has persisted in filing documents in this case where she has manipulated the pleading captions to unilaterally add "Farmers Insurance Exchange" as a defendant. In this respect, Plaintiff has knowingly committed fraud on the Court by filing documents under the false pretense that "Farmers Insurance Exchange" is a party to this action.

## IV. CONCLUSION

For the foregoing reasons, Farmers Direct respectfully requests that the Motion For Termination Sanctions be granted as against Plaintiff and this meritless case dismissed.

Alternatively, pursuant to Rule 37 of the Federal Rule of Civil Procedure, Farmers Directs requests that this Court, in its discretion, impose appropriate evidentiary and/or monetary sanctions against Plaintiff given her documented failure to comply with the rules of discovery and/or with the Court's scheduling order(s) enforcing those rules.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 5222 words ("including headings, footnotes and quotations but excluding the caption, the table of contents [and] the table of authorities"), which complies with the word limit of Local Rule 11-6.1.]*

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Dated: September 1, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Michelle R. Bernard*

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY