MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE TO REBUT DEEMED ADMISSIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KELLY FITZGERALD CANBY**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With:
[Proposed] Order

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2026, at 3:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10A of the above-entitled court, located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") will and hereby does move this Court for an order granting Farmers Direct's **Motion In Limine No. 1** to exclude Pro Per Plaintiff Luna D'Sol ("Plaintiff") from presenting any evidence or argument at trial to rebut any facts that Plaintiff is now deemed to have admitted as true pursuant to the self-executing sanctions of Rule 36(a)(3) and Rule 36(b) of the Federal Rule of Civil Procedure imposed on Plaintiff as result of her failure to respond to Farmers Direct's Requests For Admissions (Set One) served on July 2, 2026 and which were due by August 3, 2026 but Plaintiff has failed to provide any responses at all to Farmers Direct's Requests For Admission (Set One), Request Nos. 1-90 (hereinafter "Defendant's RFAs"). *See* Declaration of Kelly Fitzgerald Canby attached hereto ("Canby Decl."), ¶¶ 2-4.

This Motion is brought pursuant to Rule 36(a)(3) and Rule 36(b) of the Federal Rule of Civil Procedure on the grounds that Plaintiff's responses to Defendant RFAs Request Nos. 1-90 are all deemed admitted and any "matter admitted under this rule is conclusively established" and Plaintiff's responses are binding. *See* Fed. R. Civ. Proc. 36, Advisory Committee Notes, 1970 Amendment.

Plaintiff has decided to boycott her discovery obligations in this case and all of Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

threats of further sanctions to be sought against defense counsel. Canby Decl., ¶¶ 2-8, **Exhibit A**.

Farmers Direct's Motion in Limine No. 1 is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Kelly Fitzgerald Canby, previously filed Notice of Lodgment [ECF Doc. 120] and the referenced discovery materials previously lodged with the Court per Local Rule 26-2, including Lodged Document "A" thereto which is a copy of the and the Defendant's Requests For Admissions (Set One) with copies of the attached Exhibits A-H and executed proof of service included therewith, as well as the pleadings, papers, orders and records on file in this action, and such further oral and/or documentary evidence to which this Court may properly take judicial notice and/or which may be raised prior to or at the hearing on this motion.

Dated: September 7, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**MEMORANDUM OF POINTS AND AUTHORITIES – MIL NO. 1**

## I. INTRODUCTION

Pro Per Plaintiff Luna D'Sol's ("Plaintiff") case suffers from an utter lack of competent evidentiary support and she admittedly failed to respond to any of Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") written discovery requests served on July 2, 2026 – specifically including Farmers Direct's Requests For Admissions (Set One) and Plaintiff's responses were due on August 3, 2026 and but none have been provide -- which per Rule 36 is dispositive and fatal to her claims. *See* Declaration of Kelly Fitzgerald Canby attached hereto ("Canby Decl."), ¶¶ 2-4. Accordingly, Farmers Direct respectfully requests this Court to grant its **Motion In Limine No. 1** and issue an order to exclude Plaintiff from presenting any evidence, testimony or argument at trial to rebut any facts that Plaintiff is now deemed to have admitted as true pursuant to the self-executing sanctions of Rule 36(a)(3) and Rule 36(b) of the Federal Rule of Civil Procedure imposed on Plaintiff as result of her failure to respond to Farmers Direct's Requests For Admissions (Set One) ("RFAs") for the reasons further explained further below.

Additionally, Plaintiff also refused to appear for her noticed deposition on July 31, 2026, then repeatedly refused provide Farmers Direct with any available dates for her deposition to be rescheduled thereafter during the first two weeks of August prior to the discovery cutoff and Plaintiff still remains unwilling to produce copies of any of her Initial Disclosure documents to Farmers Direct despite the parties prior agreement reached during the Rule 26(f) Conference on February 12, 2026 to voluntarily exchange those documents. Canby Decl., ¶¶ 2-8, **Exhibit A**. All of Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay

these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against defense counsel. Canby Decl., ¶¶ 2-8, **Exhibit A**. Plaintiff has decided to boycott her discovery obligations in this case without good cause and Farmers Direct now seeks an order from the Court to preclude Plaintiff from introducing any evidence, testimony or argument contrary to the facts now established and deemed admitted per Rule 36 as found in Farmers Direct's Requests For Admission (Set One), Request Nos. 1-90 (hereinafter "Defendant's RFAs").[1] Canby Decl., ¶¶ 2-8, **Exhibit A**.

## II. PLAINTIFF'S RESPONSES TO THE RFAS ARE NOW ADMITTED

### A. Overview Of The Scope And Purpose Of Rule 36

The "Scope" of Rule 36(a) permits a party to serve on any other party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. Proc. Rule 36(a)(1)(A)-(B). "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. Proc. 36, Advisory Committee Notes, 1970 Amendment. Additionally, the subject of admissions need not merely be "of fact," but rather, "request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. Proc. 36, Advisory Committee

[1] A full text copy of Farmers Direct's Requests for Admissions (Set One) with copies of Exhibits A-H thereto was previously lodged with this Court pursuant to the Notice of Lodgment [ECF Doc. 120] filed in support of Farmers Direct's Motion For Summary Judgement Or In The Alternative, Partial Summary Judgment [ECF Doc. 119, 117] and a copy of Farmers Direct's Request for Admissions (Set One) (without the attached Exhibits A-H) was attached as Exhibit 11 to the Declaration of Kelly Fitzgerald Canby filed therewith ("Canby MSJ Decl."). *See* Canby MSJ Decl., ¶¶ 11-13 and Exhibits 10-12 thereto [ECF Doc. 119-6]; *see also generally* Declaration of Elisa Martiez filed therewith ("Martinez MSJ Decl."), ¶¶ 2-9 and Exhibits 1-4 thereto [ECF Doc. 119-7].





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Notes, 1970 Amendment. As further explained In the Advisory Committee, "an admission" as "a conclusively binding effect, for purposes only of the pending action." Fed. R. Civ. Proc. 36, Advisory Committee Notes, 1970 Amendment. "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." *Id.* (emphasis added; citations omitted).

**B. <u>Plaintiff's Admissions Are A Self-Executing Sanction Per Rule 36</u>**

The "Effect of Not Responding" to a Request for Admission within the "Time to Respond" is clearly stated in Rule 36(b) as follows: "**A matter is admitted unless**, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. Proc. 36(a) (emphasis added). "Failure to timely respond to requests for admissions results in automatic admission of the matters requested." *F.T.C. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002). Accordingly, per Federal Rule of Civil Procedure 36(b) if a party does not timely respond to a request for admissions, "the non-answering party has automatically admitted the truth of all matters contained in the request for admissions." *Switchmusic.com, Inc. v. U.S. Music Corp*., 416 F.Supp.2d 812, 817-818 (C.D. Cal. 2006). "No motion to establish the admissions is needed because Rule 36 is self-executing." *Cook v. Allstate Ins. Co.,* 337 F.Supp.2d 1206 (C.D. Cal. 2004) (holding that matters addressed by insurer's requests for admission were conclusively established by insureds' failure to timely respond to request). "A motion to establish or affirm the admissions upon a party's failure to admit or object is unnecessary under Rule 36(a)" because the "rule is self-executing." *American Technology Corp. v. Mah*, 174 F.R.D. 687, 690 (D. Nev. 1997); *F.T.C.*, 217 F.Supp.2d at 1053.

As explained by the Ninth Circuit in *O'Campo v. Hardisty*, 262 F.2d 621, 623 (9th Cir. 1958), these self-executing sanctions may have a material impact on the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

outcome of a case without any requirement for a discovery motion by the propounding party.[2] "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Morris v. O'Reilly Automotive Stores, Inc.,* Case No.: ED CV 21-1060-FWS-KK, 2022 WL 21737781 *2-*3 (C.D. June 10, 2022), *Morris,* 2022 WL 21737781 at *4. Accordingly the Court in *Morris* determined that a total of 26 requests for admissions were deemed admitted and concluded that "the admissions provide sufficient grounds for determining that the undisputed facts in this case warrant an entry of summary judgment in favor of Defendant on Plaintiff's claim." *Morris,* 2022 WL 21737781 at *4.

Additionally, the case *Wright v. Paul Revere Life Ins. Co*., 291 F.Supp.2d 1104, 1111-1112 (C.D. Cal. 2003) arose from an insurance coverage dispute related to a disability insurance policy where the policyholder plaintiff "Wright did not timely respond to Defendant's properly served requests for admissions," and per the self-executing sanction of Rule 36(a) resulted in "automatic admission of the matters requested." The Court in *Wright* specifically noted that "the Ninth Circuit has warned district courts to be 'cautious in exercising their discretion to permit withdrawal or

[2] Specifically, the Court in the *O'Campo* case ruled that per Rule 36 the "plaintiff, by her failure to answer the request for admissions as required by the rule, admitted the truth of all the matters contained in the request for admissions." *O'Campo v. Hardisty*, 262 F.2d 621, 623 (9th Cir. 1958. The Court further explained that Rule 56(c) of the Federal Rules of Civil Procedure "provides that a summary judgment shall be rendered 'if the pleadings, depositions, and **admissions** * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *O'Campo*, 262 F.2d at 624 (emphasis added). Specifically, in *O'Compo*, the IRS seized assets from a retirement home, the Court held that "the unanswered request for admissions resulted in Appellant's admitting" that the IRS agents where acting "solely under color of their office," that the "rest home was not padlocked," and that the proper authorities were notified to arrange for the care of the patents therein. *O'Campo*, 262 F.2d at 624. "The admissions in this case clearly show that the actions of the Appellees were entirely proper and gave rise to no cause of action." *O'Campo*, 262 F.2d at 625. Accordingly, per "the facts gleaned from the pleadings and admissions, everything done by the Appellees [IRS Agents] was done under color of their office," thereby bringing the individual defendants within the scope of immunity so the motions for summary judgment filed by the "minor government officials on the basis of their immunity." *O'Campo*, 262 F.2d at 625.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

amendment of an admission.'" *Wright*, 291 F.Supp.2d at 111, citing *999 v. C.I.T. Corp.*, 776 F.2d 866, 868-869 (9th Cir. 1985).[3]

### C. Plaintiff Has Failed To Seek Any Relief From These Self-Executing Sanctions And Any Potential Belated Request Made By Plaintiff Should Be Denied As Untimely And Unwarranted.

Significantly, Plaintiff has not sought any relief from this sanction. As explained by the Ninth Circuit in the *Merchant v. Corizon Health*, 993 F.3d 733 740-741 (9th Cir. 2021), where the result of exclusion is essentially a default sanction "a noncompliant party 'must avail himself of the opportunity to seek a lesser sanction' by formerly requesting one with the district court," but where a party does not move for a lesser sanction," that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial." *Merchant*, 993 F.3d at 742, Fed. R. Civ. Proc. 37(c)(1). If the "noncompliant party fails move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion in excluding evidence where such action is otherwise justified." *Merchant*, 993 F.3d at 742. "While the court has discretion to permit a late response to requests for admission, it cannot withdraw or amend the admissions unless the responding party so moves." *Jobe v. Harris*, Case No. 5:22-cv-02276-SPG-MAR, 2025 WL 1393717 *3 (C.D. Cal. April 11, 2025). Although relief can potentially be sought under Rule 36(b), as explained further below any potential future belated effort by

[3] Specifically, in *999 v. C.I.T. Corp.*, 776 F.2d 866, 868-869 (9th Cir. 1985), the Ninth Circuit affirmed district court's decision to deny defendant CIT's motion to withdraw a prior admission and affirmed the trial court's ruling that a "September 23 letter was inadmissible because it was inconsistent with the CIT admission that an agreement did exist" where in response to a request for admission the defendant CIT previously admitted that an "August 2 letter constituted an agreement." Despite defendant's CIT's claim that "it was surprised by the trial court's decision to exclude the September 23 letter as contradictory to the admission," the Court in the *999* case specifically noted that at "the time of the pre-trial conference, [plaintiff] 999 raised its objection to introduction into evidence of the September 23 letter on the express ground that it was inconsistent with CIT's admission of an agreement." *999*, 776 F.2d at 869. Accordingly, "CIT was fully aware of this objection and yet it failed to move to withdraw the admission prior to trial," so the district court's decision was affirmed. *999*, 776 F.2d at 869.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Plaintiff to do so would not warrant the Court's intervention given Plaintiff's overall conduct in this litigation and the prejudice to Farmers Direct as result of the approaching trial date on October 13, 2026. Canby Decl., ¶¶ 2-8, **Exhibit A**.

Significantly, any such potential relief under "Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions," and the "rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Conlon v. U.S.*, 474 F.3d 616, 625 (9th Cir. 2007) (holding that district court is not required to grant motion to withdraw admissions, even if two-pronged test of lack of prejudice and subservience of presentation of merits is satisfied), *citing Asea, Inc. v. S. Pac. Transp. Co.,* 669 F.2d 1242, 1248 (9th Cir.1981). The *Conlon* case arose from the government's prosecution of a Federal Tort Claims Act case against Conlon who "failed to respond to the government's Request for Admissions within thirty-days' time," so his Requests for Admissions were deemed admitted and "the government relied on those admission when seeking summary judgment" just "three days before the dispositive motion deadline." *Conlon v. U.S.*, 474 F.3d 616, 620. Conlon then filed a motion for relief from the deemed admissions under Rule 36(b) and claimed he was "out of touch with his attorney during part of the time for answering the requests for admission," but the District Court denied his motion and found his excuse insufficient and further noted a lack of "any serious medical condition or other emergency" so at "minimum" Conlon "should have sought leave of the court for an extension of time to serve the answers." *Conlon v. U.S.*, 474 F.3d 616, 620. The government's motion for summary judgment was granted, Conlon's motion for relief was denied and on appeal the Ninth Circuit affirmed the summary judgment ruling against Conlon, noting relief under Rule 36 is "permissive" only." *Conlon v. U.S.*, 474 F.3d 616, 620.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Here Plaintiff never sought an extension to these discovery requests, she actively evaded defense counsel's attempts to meet and confer with her regarding her delinquent discovery responses and other motions, refused to appear for her noticed deposition and refused to provide any alternative dates of availability and failed to timely engage in any discussions in preparation for the final pretrial conference per Local Rule 16 and instead chose to continue with her campaign of frivolous filings and expand her threats seeking additional sanctions as result of defense counsel's pursuit of discovery from third parties. Canby Decl., ¶¶ 2-8, **Exhibit A**. Despite repeated requests, Plaintiff has still failed to produce copies of any of the documents identified in her Initial Disclosures despite the prior agreement among the parties made at the Rule 26(f) Conference to exchange copies of these documents voluntarily. *Id*. Accordingly, Plaintiff is lacking good cause for her failure to participate in discovery and there is no basis to grant Plaintiff any relief here, even if she were to seek it now based on some belated "flimsy" excuse as trial is now only approximately one month away and Farmers Direct's Motion For Summary Judgment is already filed.[4] Canby Decl., ¶¶ 2-8, **Exhibit A**.

[4] *See e.g., In the Herrera v. City of Palmdale*, Case No. CV 16-9453-MWF (MARx), 2024 WL 350364 *4 (C.D. Cal. January 10, 2024) (plaintiffs provided untimely responses to request for admissions but "never sought an extension" and then when the defendants sought to "sent a meet and confer letter . . . to discuss their intent to move for summary judgment," there was no response from plaintiffs' counsel and no efforts were made to seek withdrawal of the admissions until much later when plaintiffs' filed an ex parte application which was denied because the reasons for plaintiffs' delay were "flimsy" and discovery was now closed so defendants were relying on those admissions); *American General Life and Accident Ins Co. v. Findley*, No. CV 12–01753 MMM (PSWx), 2013 WL 1120662 *2-*5, n. 20 (C.D. Cal. March 15, 2013) (where pro per plaintiff claimed she first became aware that defendant had even served her with requests for admissions until after the defendant's motion for summary judgment was already filed the court noted that "pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure" and plaintiff's failure to address certain points "concerning her failure to show good cause for untimely responding to the requests for admissions, the court concludes that it would have denied any motion to withdraw the requests even had one been filed").

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## III. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE, TESTIMONY OR ARGUMENT CONTRARY TO THESE DEEMED ADMISSIONS BY WHICH SHE IS NOW BOUND.

As noted above, Plaintiff is now bound by these deemed admissions as result of the self-executing sanctions of Rule 36. "Evidence inconsistent with a Rule 36 admission is properly excluded." *999*, 776 F.2d at 869-870. "Once a matter has been deemed admitted under Rule 36, even by default, the court may not consider evidence that is inconsistent with the admission." *Jobe v. Harris*, Case No. 5:22-cv-02276-SPG-MAR, 2025 WL 1393717 *3 (C.D. Cal. April 11, 2025) (citations omitted) ("[a]ny evidence presented by Plaintiff that contradicts the RFAs must be ignored by the Court in determining this MSJ"). Accordingly, Plaintiff should now be precluded from introducing any evidence, testimony or argument to the contrary at trial. See e.g., *Fabric Selection, Inc. v. NNW Import, Inc.*, Case No. 2:16–cv–08558–CAS(MRWx), 2018 WL 17779334 *4 (C.D. Cal. April 11, 2018) (granted plaintiff's motion in limine to exclude any evidence to be presented by defendants "that is inconsistent with their admissions" where these defendants "have not moved for withdrawal of these admissions" and therefore "may not offer evidence that contradicts these admissions").

## IV. CONCLUSION

For the reasons set for the above, Farmers Direct respectfully requests that this Court grant this Motion In Limine No. 1 and preclude all evidence, testimony and argument by Plaintiff that is contrary to the facts that are now deemed admitted and conclusively established per Rule 36 as found in Defendant's RFAs Nos. 1-90.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains* *<u>4410</u>* *words ("including headings, footnotes and quotations excluding*

*caption but including the notice of motion and including the attached declaration"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: September 7, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Motion In Limine No. 1 in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. Farmers Direct propounded its first set of written discovery on July 2 2026, including Request For Admissions (Set One) which consisted of Request Nos. 1-90 ("RFAS"). A true and correct copy of Farmers Direct's Request For Admissions (Set One) (with copies of Exhibit A-H) along with a copy of the executed proof of service was lodged with the Court on or about September 1, 2026 per the previously filed Notice of Lodgment [ECF Doc. 120].[5]

3. As explained in further detail in the previously filed Declaration of Elisa Martinez [ECF Doc. 119-7] who assisted me with the service on July 2, 2026, Farmers Direct's Request For Admissions (Set One) ("RFAs") were electronically served by email to Plaintiff's email address (jravada@icloud.com) pursuant to the parties agreement to conduct service by email in this case (which is also the same email address that Plaintiff used to register for the CM/ECF System in this case) and

[5] A complete copy of Farmers Direct' RFAs with the Exhibit A-H thereto was previously lodged with the Court on or about September 1, 2026 per the Notice of Lodgment [ECF Doc. 120] filed in support of Farmers Direct's Motion For Summary Judgement Or In The Alternative, Partial Summary Judgment [ECF Doc. 119, 117] (with an additional redaction to page 32 [FD003073]).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

delivery and was confirmed as follows: "**Email delivered successfully to Luna D'Sol at July 2, 2026 7:02 pm EDT**" (i.e., at [4:02 PM]).[6]

4. Plaintiff has failed to respond to Defendants RFAs by August 3, 2026 and no responses have been provided to any of Farmers Direct's written discovery requests at all.

5. Plaintiff also refused to appear for her noticed deposition on July 31, 2026, then repeatedly refused provide Farmers Direct with any available dates for her deposition to be rescheduled thereafter during the first two weeks of August prior to the discovery cutoff.

6. Despite numerous requests by defense counsel, Plaintiff still remains unwilling to produce copies of any of her Initial Disclosure documents to Farmers Direct despite the parties' prior agreement reached during the Rule 26(f) Conference on February 12, 2026 to voluntarily exchange those documents.

7. All of Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Confernececs, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against defense counsel. For example, the last time I spoke with Plaintiff on the evening on August 25, 2026 she accused me of creating a fake email communication from a third party witness and suggested that I forged a proof of service (all of which is untrue as Plaintiff well knows) and prior to that on or around August 13, 2026 and several times thereafter Plaintiff also falsely claimed that I cancelled a prior meet and confer TEAMs videoconference call that had been rescheduled to that time at Plaintiff's

---

[6] *See* Declaration of Elisa Martinez [ECF Doc. 119-7] ("Martinez MSJ Decl."), ¶¶ 2-9, Exhibits 1-4 thereto; *see also* Declaration of Kelly Fitzgerald Canby filed therewith [ECF Doc. 119-6] ("Canby MSJ Decl."), ¶¶ 11-13, 20-25 and Exhibits 10-12, Exhibits 6-9 and Exhibits 22-23 thereto.

request. Attached hereto collectively as **Exhibit A** are a collection of email communications among defense counsel and Plaintiff, including Michelle R. Bernard's email to Plaintiff dated August 28, 2026 [5:57 PM] and August 24, 2026 [6:33 PM] and my email to Plaintiff dated August 25, 2026 [6:27 PM] among others.

8. Plaintiff has decided to boycott her discovery obligations in this case without good cause. Farmers Direct now seeks an order from the Court to preclude Plaintiff from introducing any evidence, testimony or argument contrary to the facts now established and deemed admitted per Rule 36 as found in Farmers Direct's Requests For Admission (Set One), Request Nos. 1-90.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 7th day of September, 2026 at Carlsbad, California.

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT A

**Kelly Canby**

**From:** Michelle Bernard
**Sent:** Friday, August 28, 2026 5:57 PM
**To:** Luna D'Sol
**Cc:** Kelly Canby
**Subject:** RE: Notice of Intent to Seek Relief Regarding Subpoenas and Depositions and Objections

Ms. D'Sol: Given that the due date to file a motion to quash has long since passed and the window for fact and expert discovery is now closed, we question your motivation in belatedly filing said motions in the first instance. In this respect, there is nothing to "withdraw" after-the-fact and, regardless, we stand on our position the subpoenas and deposition notices were timely and properly served.

Similarly, the due date to complete ADR in this matter "came and went" on August 21, 2026 without any response from you to our repeated overtures to select an ADR process. Again, this is yet another example of your deliberate non-compliance with scheduling order deadlines set by the court. Accordingly, we do not have any intention of jointly stipulating to extend any deadlines that have already passed – including the deadline to complete ADR.

And as far as any "formal announcements" on my part, the record of communications here is crystal clear that you have stonewalled on every aspect of discovery while waiting to see if the court is going to reconsider its prior orders on the remand issue. That is a calculated risk on your part. Notably, you have steadfastly refused to produce the documents identified in your Rule 26 Disclosures, you failed to timely respond to written discovery and equally problematic you failed to timely designate any expert witnesses in this case which is fatal to your contract and tort claims against Farmers Direct.

As far as meeting and conferring on the L-R. 16-2 topics (the last due date to complete same was August 26), you blew your deadline to request a jury trial in this matter after removal and Farmers Direct has a pending motion under submission with the court seeking to strike your untimely jury demand. Accordingly, unless and until the court grants you relief regarding this major procedural problem, there is no basis for meeting and conferring on jury instructions as there is not going to be a jury trial as of right now.

Finally, please note that we are not in a position to meet and confer regarding any of the other pre-trial filing matters to be addressed under L.R. 16-2 until you produce your Rule 26 documents that were promised to us months ago. In this respect, your continuing non-compliance with your court-ordered discovery obligations in this matter is grounds for sanctions.

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, August 28, 2026 3:08 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Notice of Intent to Seek Relief Regarding Subpoenas and Depositions and Objections

Ms. Kelly and Ms. Michelle,

I am following up regarding my attempts to reach you. I called yesterday and left a voicemail, and I also attempted to contact you the day before where I left a voicemail too.

Please be advised that, in good faith, I intend to file a motion seeking to quash the outstanding subpoenas and deposition notices, as well as objections to your claims and lack of response on all the communications I have sent lately. I am providing this notice before filing so that Defendants have an opportunity to meet and confer regarding the disputed subpoenas and depositions and determine whether the issues can be resolved without Court intervention.

Please provide your position, including whether Defendants will agree to withdraw the disputed subpoenas and deposition notices. I am aware that Ms. Bernard already made a formal announcement that she doesn't have time for my requests but If Defendants do not agree please let me know.

I also wanted to follow up on the joint stipulation to move the date since defendants claim that our time to address ADR has expired

I am available all day

Regards,

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Monday, August 24, 2026 6:33 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby |
| **Subject:** | D'Sol v. Farmers Direct Property & Casualty Insurance Company (SAE No. 25-1418) / GRSM No. FSAE 1416221 |

Ms. D'Sol: I am confirming receipt of your email sent at 4:41 pm PST today. That said, throughout the tortured history of this lawsuit, there is no legitimate dispute that emails sent to and/or from your "jravada@icloud.com" email account have been posted and/or received according to our IT Department. As such, any belated (aka feigned) argument on your part that you purportedly have not been receiving our case-related emails in this matter to date is without merit.

Notably, you have not responded to our recent meet and confer emails regarding our demand for your Rule 26 documents and Farmers Direct's Motion for Summary Judgment/Partial Summary Judgment and related Motion for Terminating Sanctions so we are moving forward with anticipated law and motion filings in this matter based on the current scheduling order deadlines notwithstanding your pending motion for reconsideration.

On a related note, August 26, 2026 is the last day to hold the meeting of counsel before Final Pretrial Conference (*i.e.* Per Local Rule 16-2, the last day for the parties to hold the "meeting of counsel before final pretrial conference" is 40 days before the Final Pretrial Conference). Given your documented refusal to comply with any scheduling order deadlines in this matter to date, we assume that the referenced meet and confer conference will be an exercise in futility but note that your refusal to comply is grounds for sanctions per Judge Wilson's Civil Trial Preparation Order (ECF Doc. 86).

Please review Local Rule 16-2 and provide us with your availability to meet and confer before COB on Wednesday and/or timely provide us with your written responses to the meet and confer topics addressed in Local Rule 16-2 *et seq*. Non-compliance will be subject to sanctions.

MRB

**MICHELLE R. BERNARD**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, August 24, 2026 4:41 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Farmers

Hi

Please confirm you are getting my email

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Tuesday, August 25, 2026 6:27 PM |
| **To:** | 'Luna D'Sol'; Michelle Bernard |
| **Subject:** | No Details Provided By D'Sol / RE: Request to Meet and Confer Regarding Discovery Irregularities |

Ms. D'Sol –

Following up on our call, I still do not understand your claimed grounds for your anticipated motion to seek a terminating sanction of default against Farmers Direct as it pertains to third party discovery or otherwise and I am aware of none.

As stated during our call, Farmers Direct proceeded in good faith with its discovery efforts within the schedule set by the Court and pursuant to the Federal Rules of Civil Procedure. I did not cancel our prior meet and confer TEAMs call on August 13, 2026 (that had been rescheduled to that date at 11:00 a.m. at your request). In fact, I waited in the TEAMs room for an entire hour after calling you (leaving a message) and emailing you to inquire about your absence and asking you to join the videoconference or to call my office, but you did not. Michelle Bernard's later request to meet and confer regarding Farmers Direct's anticipated motion for terminating sanctions as result of your refusal to participate in discovery also went unanswered.

As both Michelle and I have mentioned, Farmers Direct is proceeding with these motions per the schedule set by the Court.

I don't even understand what you are accusing me of exactly, but you claimed to have "evidence" of something, and yet you refused to send me copies or provide any details, so I presume this is all just another ruse by you to waste time.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, August 25, 2026 5:05 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Request to Meet and Confer Regarding Discovery Irregularities

Dear Kelly and Michelle,

I am writing to memorialize that I left each of you a voicemail today requesting a meet-and-confer pursuant to C.D. Cal. Local Rules 7-3 and 37-1, and in accordance with L.R. 37-2 through 37-4.

My review has identified multiple material irregularities and inconsistencies concerning Defendants' discovery documents and representations, including matters relating to third-party communications, service and/or receipt, deposition-related representations, and the underlying records offered in support of those representations. I would like to address these matters individually and provide Defendants an opportunity to explain, correct, or otherwise resolve them before I seek relief from the Court.

I understand that, in our most recent communications, Bernard's formal announcement that Defendants don't have time for my request, however I still must comply given the nature and scope of the issues I have now identified, I am making another good-faith effort to confer and narrow or resolve these matters before presenting them to the Court.

Please return my call, or send a Team's invite and refrain from canceling it right after, or provide your availability for a substantive meet-and-confer as soon as reasonably possible. I am available by telephone.

**Nothing in this communication or my participation in the requested meet-and-confer constitutes a waiver of any jurisdictional objection, challenge, claim, defense, argument, or right. All are expressly reserved.**

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.