MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFF FROM PRESENTING ANY EVIDENCE TO A JURY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPORTING DECLARATION OF KELLY FITZGERALD CANBY**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With:
[Proposed] Order

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2026, at 3:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10A of the above-entitled court, located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") will and hereby does move this Court pursuant to Rule 38(b)(1), Rule 38(d), Rule 81(c) and/or Rule 39(b) of the Federal Rules of Civil Procedure and Local Rule 38-2 for an order granting Farmers Direct's **Motion In Limine No. 2** to exclude Pro Per Plaintiff Luna D'Sol ("Plaintiff") from presenting any evidence, testimony or argument to a jury which is a right she has now waived due to her untimely Demand for Jury Trial which she filed on March 8, 2026 [ECF Doc. 49] more than 14 days after Farmers Direct filed its Answer [ECF Doc. 37] to the First Amended Complaint following removal on November 14, 2025 [ECF Doc. 1].

Additionally, Plaintiff also failed to timely file her opposition by July 6, 2026 to Farmers Direct's Motion To Strike The Untimely Demand for Jury Trial And Defendant's Request For Bench Trial [ECF Doc. 90] ("Motion To Strike And Request For Bench Trial") which was initially scheduled to be heard on July 27, 2026 but the hearing was later vacated and taken under submission by the Court and still pending. [ECF Doc. 100]. Plaintiff has also not any taken further action to in any way oppose Farmers Direct's Motion To Strike And Request For Bench Trial following her email to defense counsel sent at or around 4:49 p.m. July 13, 2026 as noted in footnote one on page 2 of Defendant's Notice of Non-Receipt Of Opposition To Defendant's Motion To Strike Plaintiff's Untimely Jury Demand filed on the evening of July 13, 2026. [ECF Doc. 94, at p. 2:24-28]. *See* Declaration of Kelly Fitzgerald Canby attached hereto ("Canby Decl."), Canby Decl., ¶¶ 2-14, **Exhibits A-C**. Despite significant litigation activity and numerous filings by Pro Per Plaintiff Luna D'Sol ("Plaintiff") in this case during the months of July and August 2026 [ECF

Docs. 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 109, 110, 113, 114, 115], NONE of Plaintiff's effort or energy has been used to participate and respond to any of Defendant Farmers Direct's discovery and Plaintiff has also failed to take any steps to remedy her prior failure to oppose Farmers Direct's Motion To Strike The Untimely Demand for Jury Trial. Accordingly, Farmers Direct respectfully requests this Court to grant its **Motion In Limine No. 2** and issue an order to exclude Pro Per Plaintiff Luna D'Sol ("Plaintiff") from presenting any evidence, testimony or argument to a jury which is a right she has now waived due to her untimely demand and/or failure to file any opposition [ECF Doc. 94] and/or as result of Plaintiff's chosen course of litigation conduct in this litigation. Canby Decl., ¶¶ 2-14, **Exhibits A-C**.

**PLEASE TAKE FURTHER NOTICE** that Farmers Direct further requests that this case be tried to the Court per the procedures for "COURT TRIAL" as outlined in the Court's CIVIL TRIAL PREPARATION ORDER dated June 11, 2026 and also further requests that the Pretrial Conference be waived. [ECF Doc. 86, at p. 4].

This Motion is brought pursuant to pursuant to Rule 38(b)(1), Rule 38(d), Rule 81(c) and/or Rule 39(b) of the Federal Rules of Civil Procedure and Local Rule 38-2 and the per the requested "COURT TRIAL" procedures found in the Order of the Court [ECF Doc. 86].

Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against defense counsel. Canby Decl., ¶¶ 6, 16, **Exhibit A-C**.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Farmers Direct's Motion in Limine No. 2 is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Kelly Fitzgerald Canby, as well as the pleadings, papers, orders and records on file in this action, and such further oral and/or documentary evidence to which this Court may properly take judicial notice and/or which may be raised prior to or at the hearing on this motion.

Dated: September 7, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**MEMORANDUM OF POINTS AND AUTHORITIES – MIL NO. 2**

**I. <u>INTRODUCTION</u>**

Despite significant litigation activity and numerous filings by Pro Per Plaintiff Luna D'Sol ("Plaintiff") in this case during the months of July and August 2026 [ECF Docs. 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 109, 110, 113, 114, 115], significantly NONE of Plaintiff's effort or energy has been used to participate and respond to any of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") pending discovery and Plaintiff has also failed to take any steps to remedy her prior failure to oppose Farmers Direct's Motion To Strike The Untimely Demand for Jury Trial And Defendant's Request For Bench Trial [ECF Doc. 90] ("Motion To Strike And Request For Bench Trial") which based on Plaintiff's untimely Demand for Jury Trial which she filed on March 8, 2026 [ECF Doc. 49] more than 14 days after Farmers Direct filed its Answer [ECF Doc. 37] to the First Amended Complaint following removal on November 14, 2025 [ECF Doc. 1]. *See* Declaration of Kelly Fitzgerald Canby attached hereto ("Canby Decl."), ¶¶ 2-14, **Exhibits A-C**. Farmers Direct's Motion To Strike And Request For Bench Trial is still pending and under submission with the Court. [ECF Doc. 100]. For the reasons further explained below, Plaintiff's right to a jury trial has now been waived.

Farmers Direct respectfully requests this Court to grant its **Motion In Limine No. 2** and issue an order to exclude Pro Per Plaintiff Luna D'Sol ("Plaintiff") from presenting any evidence, testimony or argument to a jury which is a right she has now waived due to her untimely demand and/or failure to file any opposition [ECF Doc. 94] and/or as result of Plaintiff's chosen course of litigation conduct including failing to timely engage in the pretrial conference meet and confer procedures per Local Rule 16, failing to participate in discovery and repeatedly refusing to meet and confer in good faith. Canby Decl., ¶¶ 2-14, **Exhibits A-C**. Accordingly, Farmers Direct respectfully requests that this case be tried to the Court per the procedures for

"COURT TRIAL" as outlined in the Court's CIVIL TRIAL PREPARATION ORDER dated June 11, 2026. [ECF Doc. 86, at p. 4]. Defendant respectfully requests this Court to issue an order waiving the pretrial conference whereby the Parties shall instead "file memos of contentions of fact and conclusions of law, trial briefs, exhibit lists, witness lists, etc., at least one week prior to trial." [ECF Doc. 86, p. 4:18-21]

## II. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE, TESTIMONY OR ARGUMENT TO A JURY

Farmers Direct filed its Answer to the First Amended Complaint on February 9, 2026. [ECF Doc. 37]. A month later, the Plaintiff filed her untimely Demand for Jury Trial on March 8, 2026 – which is more than 14 days after Farmers Direct's Answer was filed – and beyond the time permitted by Federal Rule 38 and Local Rule 82-2 for a case that has been removed. Fed. R. Civ. Proc. 38(b)(1); *see also* Local Rule 38-2. [ECF Doc. 49] "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. Proc. 38(d); *see also Gonzalez v. Target Corp.,* No. 2:13–CV–01615–KJM–AC 2014 WL 2548726 *3, *5 n.2 (E.D. Cal. June 5, 2014) (granted defendant's motion to strike plaintiff's jury demand that was not timely filed after removal and ordering that the "case will not be tried to a jury"), citing Fed. R. Civ. Proc. 39(a)(2) "Issues on which a jury trial is not properly demanded are to be tried by the court." Fed. R. Civ. Proc. Rule 39(b); *see also Zivkovi v. Southern California Edison Co.,* 302 F.3d 1080, 1086-1087 (9th_Cir. 2002) (affirming district order striking untimely jury trial demand filed by pro_se plaintiff).

Farmers Direct filed its Motion To Strike And Request For Bench Trial on June 29, 2026 and scheduled for hearing on July 27, 2026 which resulted in a July 6, 2026 due date for Plaintiff's opposition, but no opposition to this motion was ever filed by Plaintiff. Canby Decl., ¶¶ 2, 11-12; *see also* Local Rule 7-12 ("failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"). As explained further in the attached

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Declaration of Kelly Fitzgerald Canby, Plaintiff failed to file any opposition Farmers Direct's Motion To Strike And Request For Bench Trial and she has failed to offer any apparent reasonable and/or substantiated justification for such failure and she has also failed to pursue any potential remedy for her failure despite a substantial number of other filings in this case. [ECF Docs. 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 109, 110, 113, 114, 115]; *see also Roberson v. Equitable Life Assur. Society of U.S.*, 661 F.Supp. 416, 424-425 (C.D. Cal. 1987) (denied plaintiff's motion for relief from waiver of his trial by jury where plaintiff's request for relief was "made on the eve of trial" and the court noted that even "even while assuming plaintiff's right to a jury trial under Fed.R.Civ.P. 38(a), his extremely belated demand impels the conclusion that his waiver must stand").

## IV. CONCLUSION

For the reasons set for the above, Farmers Direct respectfully requests that this Court grant this Motion In Limine No. 2 and preclude Plaintiff from offering any evidence, testimony and argument to a jury which is now waived.

Dated: September 7, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Motion In Limine No. 2 in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. Farmers Direct's Motion To Strike The Untimely Demand for Jury Trial And Defendant's Request For Bench Trial [ECF Doc. 90] ("Motion To Strike And Request For Bench Trial") was filed on June 29, 2026 and scheduled for hearing on July 27, 2026 which resulted in a July 6, 2026 due date for Plaintiff's opposition but no opposition was filed by Plaintiff.

3. In the very late afternoon on July 13, 2026 and after Farmers Direct's Notice Of Non-Receipt Of Opposition To Defendant's Motion To Strike Plaintiff's Untimely Jury Demand was already loaded into the CM/ECF System through PACER and ready to be submitted for filing, I received an email from Plaintiff and a true and correct copy her email dated July 13, 2026 [4:49 PM] is attached hereto as **Exhibit A**. Accordingly, I added additional information to Farmers Direct's Notice Of Non-Receipt Of Opposition To Defendant's Motion To Strike Plaintiff's Untimely Jury Demand to inform the Court of Plaintiff's communication prior to submitting this document for filing and an updated version (with footnote one on page 2 added) was submitted for filing with the Court later that evening on July 13, 2026.

4. Attached hereto as **Exhibit B** is a true and correct copy of Michelle Bernard's response email to Plaintiff dated July 13, 2026 [6:03 PM].

5. Attached hereto collectively as **Exhibit C** are true and correct copies of Michelle Bernard's email communication to Plaintiff dated July 15, 2026 [12:40 PM] sent in response to Plaintiff's email messages dated July 15, 2026 [12:14 PM] and July 15, 2026 [12:11 PM]. In Plaintiff's later July 15, 2026 [12:14 PM] email to Ms. Bernard which was sent while I was out of town, Plaintiff continues to make blatant misrepresentations about statements that I allegedly made which Plaintiff proceeds to call "new evidence" despite the fact that I already sent Plaintiff information and copies of court filed documents the day prior establishing that her information was wrong and "a blatant misrepresentation" of Farmers Direct's court filings yet she persisted and copies of these additional referenced email communications with Plaintiff dated July 14, 2026 are also included within **Exhibit C**.

6. Although I was out of town at the time of these mid-July communications with Plaintiff and Michelle Bernard also had limited availability that week, I repeatedly informed Plaintiff, including in several other communications, that I was available to meet and confer with her on July 20 or 21, 2026 upon my return to the office regarding whatever Local Rule 7-3 Conference issues she wished to address, but Plaintiff did not seek to schedule any conference to further discuss the issue pertaining to her failure to oppose Farmers Direct's Motion To Strike And Request For Bench Trial [ECF Doc. 90].

7. Although Plaintiff's July 13, 2026 [4:49 PM] (**Exhibit A**) cited her own alleged health problems or hospital visits as her claimed reason for not filing any opposition to Farmers Direct's Motion To Strike And Request For Bench Trial [ECF Doc. 90], on or about July 23, 2026 Plaintiff filed an Ex Parte Application [ECF Doc. 98] seeking to pursue additional unwarranted sanctions against defense counsel (including through shocking personal attacks and false charges of perjury against Ms. Bernard, among other things). Significantly, Plaintiff did not seek any relief pertaining to her own missed deadline to oppose Farmers Direct's Motion To Strike

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

And Request For Bench Trial [ECF Doc. 90] as part of this Ex Parte Application (nor in a subsequent Ex Parte Application and/or other filings she made soon after).

8. Moreover, based upon public court records on file with the Los Angeles County Superior Court in another case where is also Plaintiff a party and prosecuting a legal malpractice action as a plaintiff pro per – Plaintiff's claimed medical excuse for not filing her opposition to Farmers Direct's Motion To Strike And Request For Bench Trial [ECF Doc. 90] can be fairly questioned – specifically Plaintiff made several substantial court filings in that other case at or around the same time that she was allegedly hospitalized and/or experiencing health problems and was purportedly unable to prepare and timely file her opposition to Farmers Direct's Motion To Strike And Request For Bench Trial [ECF Doc. 90]. *See e.g.,* Declaration of Michelle R. Bernard, ¶¶ 13-16 and Exhibits 5-6 thereto [ECF Doc. 101-1, at pp. 29-56] filed on July 24, 2025 in Opposition to Plaintiff's Ex Parte Application [ECF Doc. 98].

9. To date, Plaintiff has not provided any form of documentation to support her claim as suggested in her email dated July 13, 2026 (**Exhibit A**) that health reasons were the cause of her failure to file an opposition to Farmers Direct's Motion To Strike And Request For Bench Trial [ECF Doc. 90].

10. On July 24, 2026, the Court vacated the July 27, 2026 hearing date on Farmers Direct's Motion To Strike And Request For Bench Trial and took the matter (and other motions set for hearing that same day) under submission and those motions remains pending with the Court. [ECF Doc. 100].

11. As far as I am aware, Plaintiff has also not any taken further action to in any way oppose Farmers Direct's Motion To Strike And Request For Bench Trial following her email to defense counsel sent at or around 4:49 p.m. July 13, 2026 (**Exhibit A**) as noted in footnote one on page 2 of Defendant's Notice Of Non-Receipt Of Opposition To Defendant's Motion To Strike Plaintiff's Untimely Jury Demand filed on the evening of July 13, 2026. [ECF Doc. 94, at p. 2:24-28].

12. Although Plaintiff has made numerous other court filings in this case during the months of July and August 2026 [ECF Docs. 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 109, 110, 113, 114, 115], NONE of Plaintiff's effort or energy has been used to participate and respond to any of Defendant Farmers Direct's discovery and Plaintiff has also failed to take any steps to remedy her prior failure to oppose Farmers Direct's Motion To Strike The Untimely Demand for Jury Trial.

13. As explained in further detail in my Declaration filed in support of Farmers Direct's Motion In Limine No. 1, Plaintiff's chosen a clear and deliberate course of affirmative litigation conduct including boycotting her discovery obligations and failing to timely engage in the pretrial conference meet and confer procedures per Local Rule 16. Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against defense counsel.

14. Accordingly, Farmers Direct respectfully requests this Court to grant its **Motion In Limine No. 2** and issue an order to exclude Plaintiff from presenting any evidence, testimony or argument to a jury as her right thereto should now be deemed waived and Farmers Direct further requests that this Court to conduct the trial in this case according to the procedures for "COURT TRIAL" as outlined in the Court's

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

CIVIL TRIAL PREPARATION ORDER dated June 11, 2026 and also further requests that the Pretrial Conference be waived. [ECF Doc. 86, at p. 4]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 7th day of September, 2026 at Carlsbad, California.

Kelly F. Canby

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT A

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 13, 2026 4:49 PM
**To:** Michelle Bernard; Kelly Canby
**Subject:** Follow-Up to Voicemail – Request to Stipulate to Brief Extension re: Opposition to Motion to Strike and other Filing Responses

**Importance:** High

Ms. Bernard and Ms. Canby,

Following up on the voicemails I left for each of you earlier today. I am writing regarding the opposition deadline for Defendant's Motion to Strike Plaintiff's Demand for Jury Trial and Request for Bench Trial [ECF Doc. 90], which fell on July 6, 2026 under Local Rule 7-9.

I was unable to meet that deadline. On July 4th, 2026 and again on July 11th, I had an emergency room visit for chest pain, with instructed follow-up care in the days after. That occurred while I was also preparing responsive and supporting papers for three matters currently set for the same July 27, 2026 hearing: my Motion for Reconsideration [ECF Doc. 87], my Motion for Sanctions [ECF Doc. 88], and Defendant's Motion to Strike [ECF Doc. 90].

I am preparing my opposition now and intend to file it no later than July 15, 2026. I am requesting that Defendant stipulate to accept that filing as timely, given the brief delay and the fact that the July 27, 2026 hearing date is unaffected either way.

Please let me know by the end of day tomorrow, July 14, 2026, whether Defendant will so stipulate. If I do not hear back, or if Defendant does not agree, I will file an ex parte application with the Court for leave to file my opposition, and will so state in that application.

As previously stated, this email and my efforts to resolve this matter cooperatively do not waive any procedural or substantive objections, positions, or arguments.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT B

**Kelly Canby**

**From:** Michelle Bernard
**Sent:** Monday, July 13, 2026 6:03 PM
**To:** Luna D'Sol
**Cc:** Kelly Canby
**Subject:** RE: Follow-Up to Voicemail – Request to Stipulate to Brief Extension re: Opposition to Motion to Strike and other Filing Responses

Ms. D'Sol: This confirms receipt of your voicemail message and email below requesting that Farmers Direct stipulate to your filing an opposition brief to Defendant's Motion To Strike Plaintiff's Demand for Jury Trial and Request for Bench Trial [ECF. Doc. 90] that was originally due on July 6, 2026 - approximately seven (7) days ago.

Given your documented inability to comply with applicable local court rules governing civil procedure and law and motion practice coupled with your continued pursuit of patently frivolous motions in this matter, Farmers Direct will not stipulate to the relief requested in your email and will oppose your anticipated *ex parte* application on the grounds that it lacks good cause.

Additionally, Farmers Direct reserves its right to request that the Court impose *sua sponte* sanctions against you in the event that the filing of your anticipated *ex parte* application was not done in good faith and/or for an improper purpose.

Best regards,

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, July 13, 2026 4:49 PM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>
**Subject:** Follow-Up to Voicemail – Request to Stipulate to Brief Extension re: Opposition to Motion to Strike and other Filing Responses
**Importance:** High

Ms. Bernard and Ms. Canby,

Following up on the voicemails I left for each of you earlier today. I am writing regarding the opposition deadline for Defendant's Motion to Strike Plaintiff's Demand for Jury Trial and Request for Bench Trial [ECF Doc. 90], which fell on July 6, 2026 under Local Rule 7-9.

I was unable to meet that deadline. On July 4th, 2026 and again on July 11th, I had an emergency room visit for chest pain, with instructed follow-up care in the days after. That occurred while I was also preparing responsive and supporting papers for three matters currently set for the same July 27, 2026 hearing: my Motion for Reconsideration [ECF Doc. 87], my Motion for Sanctions [ECF Doc. 88], and Defendant's Motion to Strike [ECF Doc. 90].

I am preparing my opposition now and intend to file it no later than July 15, 2026. I am requesting that Defendant stipulate to accept that filing as timely, given the brief delay and the fact that the July 27, 2026 hearing date is unaffected either way.

Please let me know by the end of day tomorrow, July 14, 2026, whether Defendant will so stipulate. If I do not hear back, or if Defendant does not agree, I will file an ex parte application with the Court for leave to file my opposition, and will so state in that application.

As previously stated, this email and my efforts to resolve this matter cooperatively do not waive any procedural or substantive objections, positions, or arguments.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT C

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Wednesday, July 15, 2026 12:40 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby |
| **Subject:** | RE: Request to Meet and Confer Regarding Anticipated Ex Parte Application |

Ms. D'Sol: I am in the hospital for an in-patient medical procedure today and not in a position speak with you on the phone. Regardless, I wanted to briefly respond to your email given that my colleague (Ms. Canby) is out of town and technically should be enjoying time off with her family rather than responding to work-related emails.

As advised, Farmers Direct will not stipulate to you filing an amended complaint nor will it stipulate to you late-filing an opposition to Farmers Direct's motion to strike your untimely demand for a jury trial.

Likewise, it is Farmers Direct's position that your request for *ex parte* relief to file such motions does not meet the relevant criteria under either the Local Rules, the FRCP and/or Judge Wilson's civil standing order.

If you have other matters you wish to discuss relevant to the pending lawsuit against Farmers Direct, we can schedule a call for tomorrow or Friday.

Notably, the parties have an ADR compliance deadline coming up next month and should meet and confer regarding same in terms of method (*i.e.* private mediation v. settlement conference with Magistrate Judge) and timing.

I will send you a separate email regarding your new state court lawsuit as that matter has been referred to me for further handling.

Best regards,

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 15, 2026 12:14 PM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Request to Meet and Confer Regarding Anticipated Ex Parte Application

Please add:

The anticipated motion is also based, in part, on additional new evidence that has become available since the Court previously considered leave to amend, including Ms. Canby's subsequent acknowledgment concerning the insurance policy at issue and its attribution to Farmers Insurance Exchange. I intend to address that evidence in detail in the proposed motion.

On Jul 15, 2026, at 12:11, Luna D'Sol <jravada@icloud.com> wrote:

Ms. Bernard,

I just left you a voicemail regarding this matter.

I am contacting you to initiate the Local Rule 7-3 meet-and-confer process concerning an ex parte application I intend to file seeking leave to file an amended complaint.

As I explained in my voicemail, the matter is time-sensitive. I continue to suffer significant prejudice as a result of the delay. I have lost my employment, and I need to sell my home. However, the home requires repairs before it can reasonably be marketed for sale, and the ongoing delay is causing continuing financial harm.

I contacted you directly because Ms. Canby has advised that she is currently out of the office, and it appears that you are the appropriate attorney to discuss this matter on behalf of Defendant.

Please return my call at your earliest convenience so that we may conduct the required meet-and-confer before I proceed with the anticipated ex parte application.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

## Kelly Canby

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Tuesday, July 14, 2026 11:55 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | RE: Meet and Confer Regarding Plaintiff's Anticipated Renewed Motion for Leave to Amend |
| **Attachments:** | Excerpt (p. 69 only, 5.10.2026 email at Exhibit 12) 2026-07-06 D'SOL - _DOC 92-2_ D 'SOL - EXHIBIT 1-23.pdf |

Hello Ms. D'Sol –

This email responds to all of your earlier voicemail messages and to your emails below sent to both me and Michelle Bernard regarding your request to schedule a time to hold a Local Rule 7-3 meet and confer conference regarding "Plaintiff's anticipated Renewed Motion for Leave to Amend." As you are apparently aware, I am currently out of town and will be returning to the office next week. I can be available on the afternoons of Monday 7/20 or Tuesday 7/21 to hold your requested Local Rule 7-3 Conference should you still wish to proceed after considering the following reasons why your contemplated motion is frivolous and your stated reasons are not well taken:

1. **Please again review my prior email to you dated May 20, 2026 [1:19 PM]** referencing your previously contemplated "Renewed Motion for Leave to File Second Amended Complaint" that was previously raised by you -- ***over two months ago and prior to scheduling of the October 13, 2026 trial date*** -- in your email dated May 10, 2026 [4:45 PM]. For convenient reference, please note that a copy of my prior email dated May 20, 2026 is attached as **Exhibit 8** to the Declaration of Michelle R. Bernard filed on July 6, 2026 [ECF Doc. 92-1] ("Bernard Decl.") in Opposition to your pending Motion for Sanctions and in support of Defendant Farmers Direct Insurance Company's ("Defendant" or "Farmers Direct") request for the Court to impose sua sponte sanctions against you and to issue an OSC for this purpose [ECF Doc. 92-3, at pp. 50-53]). Although you have previously disputed my description of your then contemplated "Renewed" Motion for Leave to File a Second Amended Complaint as a "Third" Motion for Leave, the fact that you have previously filed two prior Motions for Leave to File a Second Amended Complaint and withdrawn both of them after Farmers Direct filed its Oppositions is undisputed based on the filing history and such conduct is highly prejudicial to Farmers Direct as was explained in my prior May 20, 2026 email to you as follows:

> *Throughout this litigation you have engaged in a pattern of failing to comply with the Local Rules, withdrawing motions after Farmers Direct has filed oppositions thereto and then refiling the same motion again. [See e.g., ECF Docs. 31, 39, 40, 44, 48, 48-1, 48-2, 64, 72]. Even the Magistrate has "cautioned" you that "further failure to comply with the rules of this court may result in the imposition of sanctions." [ECF Doc. 71]. As explained further below, this pattern is especially egregious with regard to your Motions for Leave To File Second Amended Complaint which you now may apparently intend to file for a THIRD TIME:*

a. *Your contemplated and/or anticipated Third Motion For Leave is not based on any new evidence as the "Assumption Certificate" was already before the Court [ECF Docs. 48, 48-1, 48-2] as part of your Second Motion For Leave which was admittedly "fully briefed." [ECF Doc. 64, p. 1:22-28].*

b. *You previously asked the Court to "decide her Second Motion For Leave" based on the "evidentiary record in relation to the five factors identified in Clinco v. Roberts, 41 F.Supp.2d 1080 (C.D. Cal. 1999), which this Court evaluates under 28 U.S.C. § 1447(e)" [ECF Doc. 64, p. 4:11-12)], but your anticipated Third Motion For Leave apparently intends to rely upon an entirely different legal theory based upon FRCP 15 instead.*

c. *On April 27, 2026 when your Second Motion For Leave was still under submission, you filed a Notice of Withdrawal of the Second Motion For Leave [ECF Doc. 72] and a later filed a "corrected" Notice of Withdrawal of the Second Motion for Leave asking that motion to instead be withdrawn "without prejudice." [ECF Doc. 73]. However, when the Court then issued an Order and Scheduling Notice on April 28, 2026, the Court specifically cited your initial "Notice of Withdrawal" [ECF Doc. 72] ONLY -- the "without prejudice" version [ECF Doc. 73] was not part of the order – whereby Plaintiff's Second Motion For Leave [ECF Doc. 40] is "WITHDRAWN AND VACATED. SO ORDERED."*

2. **Please again review my prior email to you dated May 27, 2026 [8:46 PM]** (*see e.g.,* Bernard Decl., **Exhibit 14** [ECF Doc. 92-2, at pp. 77-80]), whereby I confirmed certain issues raised during Farmers Direct's prior Local Rule 7-3 Conference on May 27, 2026 pertaining to potential future Motions For Leave as may be filed by you and the anticipated sanctions to be sought against you by Farmers Direct should you do so given your documented history of repeatedly filings and subsequently withdrawing such motions all to the great detriment of Farmers Direct. Specifically, points 8-9 in my email dated May 27, 2026 state, in relevant part, the following:

> *8. Given the unreasonable manner of your affirmative litigation conduct which has resulted in significant and unnecessary legal expense to Farmers Direct, we shared that Farmers Direct has authorized us to proceed with potential motions for sanctions against you in the future (including for the recovery of attorney's fees and costs incurred by Farmers Direct as result of your unreasonable and/or bad faith conduct), specifically including (but not limited to) in response to your contemplated future motion(s) to file an amended complaint, such as with the subject of your prior email dated May 10, 2026 which is attached for reference (and to hopefully avoid any confusion given that you seem to dispute the semantics of my prior references to your contemplated future motion filings).* [**NOTE: I have also again attached to this email a copy of your May 10, 2026 email hereto** (*see also* Bernard Decl., Exhibit 12 [ECF Doc. 92-2, at p. 69])].
>
> *9. Whether your contemplated Motion For Leave is referred to as a "Third" Motion For Leave, or a "Future" Motion For Leave or by some other title of your choosing, your history of litigation conduct is clear – e.g., including withdrawing [ECF Doc. 39] your First Motion For Leave to File a Second Amended Complaint [ECF Doc. 31] after Farmers Direct's Opposition was already filed [ECF Doc. 38] and then soon after filing your Second Motion For Leave to File Second Amended Complaint [ECF Doc. 40] and again after Farmers Direct*

*Opposition was already filed [ECF Doc. 45] (and this time also after you requested this Court to issue a decision because your "motion is fully briefed," "the record is complete, and the motion is ripe for decision" [ECF Docs 63-64]), you again withdrew your motion [ECF Doc. 72] only to now pursue another motion of the same type -- such as the motion contemplated in your attached May 10, 2026 email (which seems like Motion For Leave number three to me, which is why I referred to it as a "Third" Motion For Leave, albeit you dispute my description).*

**3.** The Court's Order and Scheduling Notice dated April 28, 2026 [ECF Doc. 76] plainly bars you from filing any further Motions For Leave as the Court rejected your prior request to withdraw your Second Motion For Leave To File a Second Amended Complaint "without prejudice." Specifically, the Court cited your initial "Notice of Withdrawal" only [ECF Doc. 72]) without any mention of your later sought "without prejudice" version [ECF Doc. 73] which is not part of the order whereby the Plaintiff's Second Motion For Leave [ECF Doc. 40] was "WITHDRAWN AND VACATED. SO ORDERED" [ECF Doc. 76].

**4.** In addition to the Court's prior order which seemingly prohibits your contemplated motion, pursuing yet another Motion For Leave now -- **after Farmers Direct has already twice opposed your prior motions that were withdrawn** – is improper and would result in additional unwarranted expense to Farmers Direct. Notably, waiting to inform an opponent of the intention to withdraw a motion until after an opposition has already been filed -- as you have repeatedly done in this case -- is conduct that can result in sanctions, especially if that same motion is refiled again. [*See e.g.,* ECF Docs., 31, 38, 39, 40, 45, 45-4, 63, 64]; *see also., In re Scientex Corp.,* 46 B.R. 41, 43 (Bkrtcy. C.D. Cal. 1984) (sanctions issued under both Section 1927 and the Court's "inherent power" for failure to notify opposing counsel that the moving party changed his mind about pursuing his motion until after opposing counsel had submitted their prepared response); *Cohen v. Virginia Elec. and Power Co.,* 788 F.2d 247, 248 (4th Cir. 1986) (Rule 11 sanctions imposed jointly and severally against plaintiff and counsel in case where the defendant "responded to the motion for leave to amend with a nineteen-page memorandum opposing the motion, whereupon the motion for leave to amend was withdrawn by" the plaintiff given that the defendant "went to considerable expense in opposing the motion after it was filed, a burden that it need not have undertaken"); *see also generally Youngdale & Sons Construction Co., Inc. v. United States,* 22 Cl.Ct 345, 346-347 (Fed. Cl. 1991) (where plaintiff previously filed motion on "identical grounds, during pretrial proceedings, which it voluntarily withdrew" the "plaintiff effectively waived its right . . . to refile *a substantially identical* motion at a later stage," absent showing of change in circumstances).

**5.** For the reasons outlined above, your contemplated "Renewed" Motion For Leave was improper and prejudicial to Farmers Direct at the time when you first raised that issue over two months ago, but now that a October 13, 2026 trial date has been set and is quickly approaching, the prejudice to Farmers Direct is even greater now. *See e.g., Scognamillo v. Credit Suisse First Boston, LLC*, 587 F.Supp.2d 1149, 1155 (N.D. Cal. 2008) ("Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation"). "Other courts have found intolerable prejudice when plaintiffs have sought to add defendants a month before the close of discovery when nearly all pre-trial work was complete." *Id.*

**6.** As previously brief to the Court several times, the sought addition of a diversity destroying defendant is improper and unwarranted under the *Clinco* factors here. *Clinco v. Roberts*, 41

F.Supp.2d 1080, 1086-1088 (C.D. Cal. 1999), citing 28 U.S.C. § 1447(e) and Fed. R. Civ. Proc. 15(a); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) ("applying section 1447(e) to scrutinize the propriety of a diversity-destroying amendment," rather than applying the general liberal pleading standard of Rule 15(a)); *Kim v. Cushman and Wakefield U.S. Inc.*, Case No. 2:25-cv-04783-CAS-SKx 2025 WL 241473 *4, *8 (C.D. Cal., August 18, 2025) (same). Moreover, even if this Court had not already rejected your "Assumption Certificate" arguments as was done in the Order dated June 8, 2026 [ECF 85, at p. 4], that document would not warrant adding a new diversity destroying defendant to this case in any event. *Klockner Stadler Hurter Ltd. v. Insurance Co. of State of Pennsylvania*, 780 F.Supp. 148, 153-155 (S.D.N.Y. 1991) (holding that non-party reinsurers "are not indispensable parties" under Rule 19(b) as their "presence could destroy our diversity jurisdiction" and "complete relief may be accorded among those already parties by maintaining them in this forum," so even if the non-party insurers could be joined as a party, "we are not convinced that they should").

**7.** Moreover, your stated grounds for your anticipated motion as shown below in highlight is a blatant misrepresentation of Farmers Direct's own court filings insofar as you are misleadingly describing Defendant's citation of the initial Complaint (i.e., a quotation of the exact language found therein to accurately describe your initial allegations) as being a purported position adopted by Farmers Direct itself. You also did the very same thing in your reply brief filed in support of your Motion For Sanctions [ECF Doc. 95, at p. 1:8-20], albeit you wrongly attribute the citations of the initial Complaint to me (i.e., "Ms. Canby declares under penalty of perjury") when the opposing declaration was instead provided by Ms. Bernard. However, putting aside your citation to the wrong attorney, your misleading arguments to the Court (i.e., which characterize the Defendant's citation and quotation of your prior allegations as being purportedly being its own argument) is precisely the type of conduct that supports Farmers Direct's request for the Court to issue sua sponte sanctions against you and attempting to manufacture unwarranted justification for another improper and belated Motion For Leave is also improper. In addition to the sua sponte sanctions already requested with its opposition to your Motion for Sanctions, Farmers Direct also reserves the right to seek additional sanctions against you for filing additional frivolous motions such as another Motion For Leave or otherwise.

Nevertheless, I'm happy to speak with you when I get back into town next week to hold your requested Local Rule 7-3 Conference should you still desire to proceed despite lacking any proper grounds for proceeding with a Third Motion For Leave.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, July 14, 2026 4:09 PM

**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Meet and Confer Regarding Plaintiff's Anticipated Renewed Motion for Leave to Amend

Ms. Bernard,

I received an automatic reply indicating that Ms. Canby is out of the office. I also called you and left a voicemail requesting a return call.

Sincerely,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Jul 14, 2026, at 13:16, Luna D'Sol <jravada@icloud.com> wrote:

Ms. Bernard and Ms. Canby,

Earlier today, I called your office and left voicemail messages requesting a return call.

This correspondence is to confirm that my voicemail constitutes a meet-and-confer request pursuant to Local Rule 7-3 regarding Plaintiff's anticipated Renewed Motion for Leave to Amend.

The anticipated motion is based, in part, on Defendant's recent characterization of the insurance contract as the "Farmers Policy," which appears inconsistent with both the policy language and Defendant's prior litigation positions. As alleged in paragraph 6 of Plaintiff's original Complaint, the policy identifies "Farmers" as Farmers Insurance Exchange, and paragraph 4 of the policy likewise defines "Farmers" as Farmers Insurance Exchange. I will also be including the Assumption Certificate.

Please let me know your availability to meet and confer by telephone or videoconference. If we are unable to resolve this matter informally, Plaintiff intends to proceed with filing the anticipated Renewed Motion for Leave to Amend and will advise the Court that Plaintiff attempted to satisfy the meet-and-confer requirements before seeking relief.

Plaintiff continues to reserve all procedural and substantive rights, objections, and arguments.

Respectfully,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

## Kelly Canby

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Sunday, May 10, 2026 4:45 PM
**To:** Michelle Bernard; Kelly Canby
**Cc:** Kiry Yeoun; Jer Vang-Zamora
**Subject:** Meet and Confer Regarding Renewed Motion for Leave to File Second Amended Complaint

Counsel,

Pursuant to Central District of California Local Rule 7-3, Plaintiff requests a conference of counsel regarding Plaintiff's contemplated renewed Motion for Leave to File a Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2).

The contemplated amendment concerns matters arising from the assumption certificate and related documents bearing on the relationship between Farmers Direct Property and Casualty Insurance Company and Farmers Insurance Exchange, including issues relating to claim administration, liability, and the proper parties to this action. Plaintiff anticipates seeking leave to add Farmers Insurance Exchange as a defendant. Plaintiff requests that Defendant stipulate to the filing of Plaintiff's proposed Second Amended Complaint in order to avoid unnecessary motion practice.

Please let me know your availability to meet and confer, I propose any time for  Monday, May 11, 2026. If that date is not workable, please provide an alternative date

Plaintiff intends to complete the Local Rule 7-3 process sufficiently in advance of the status conference presently set for June 15, 2026.,

Regards,

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.