MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br>**DEFENDANT FARMERS DIRECT'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE (1) TESTIMONY FROM UNDISCLOSURED EXPERTS AND UNDISCLOSED WITNESS; (2) TESTMIONY FROM PMK OF PROGRESSIVE HOME REMODELING; AND (3) TO EXCLUDE LAY OPINION TESTIMONY REGARDING POLICY INTERPRETATION, CLAIMS HANDLING, VALUATION AND CAUSATION ; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KELLY FITZGERALD CANBY**<br>Judge: Hon. Stephen V. Wilson<br>Date: October 5, 2026<br>Time: 3:00 p.m.<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><u>Filed Concurrently With:</u><br>[Proposed] Order<br>Complaint Filed: August 21, 2025 |



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 5, 2026, at 3:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10A of the above-entitled court, located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") will and hereby does move this Court for an order granting Farmers Direct's **Motion In Limine No. 3** to exclude Pro Per Plaintiff Luna D'Sol ("Plaintiff") from presenting any testimony from undisclosed experts witnesses and/or any experts at all as she failed to timely designate any experts by July 15, 2025 as required by Rule 26(a)(2)(d)(1) (i.e., 90 days before trial the October 13, 2026 trial date) and also to exclude any witnesses that Plaintiff otherwise failed to identify in her Initial Disclosures. *See* Declaration of Kelly Fitzgerald Canby attached hereto ("Canby Decl."), ¶¶ 2-9, **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that per **Motion In Limine No. 3** Farmers Direct also will and hereby does move the Court for orders granting Farmers Direct's motion in limine to exclude Plaintiff from presenting any testimony from the PMK from Progressive Home Remodeling who failed to appear at a notice deposition pursuant to subpoena and/or from calling any other technical or lay witnesses that were not disclosed per Rule 26 and applicable law.

**PLEASE TAKE FURTHER NOTICE** that per **Motion In Limine No. 3** Farmers Direct also will and hereby does move the Court for orders granting Farmers Direct's motion in limine to exclude Plaintiff from presenting any lay opinion testimony regarding the following topics:

1. Excluding Plaintiff from presenting law opinion testimony regarding policy interpretation issues.
2. Excluding Plaintiff from presenting from presenting lay opinion testimony regarding claims handling conduct.

3. Excluding Plaintiff from presenting lay opinion testimony regarding the scope of loss-related damage and reasonable costs of repairs in connection with mitigation and repair work performed at the Property (and/or pertaining to the cause of alleged water damages and/or scope of alleged loss-related water damage and reasonable cost to repair such alleged water damages at the Property).
4. Excluding Plaintiff from presenting lay opinion testimony regarding the scope of loss-related damage and reasonable replacement costs of certain Personal Property specialty items including the allegedly stolen Ivey and Luke painting.

The Motion is based on Rule 26 and Rule 37 of the Federal Rules of Civil Procedure and Federal Rule of Evidence 702.

Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against defense counsel. Canby Decl., ¶ 8.

///
///
///
///
///
///
///
///
///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Farmers Direct's Motion in Limine No. 3 is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Kelly Fitzgerald Canby as well as the pleadings, papers, orders and records on file in this action, and such further oral and/or documentary evidence to which this Court may properly take judicial notice and/or which may be raised prior to or at the hearing on this motion.

Dated: September 7, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## MEMORANDUM OF POINTS AND AUTHORITIES – MIL NO. 3

## I. INTRODUCTION

Pro Per Plaintiff Luna D'Sol's ("Plaintiff") has sued Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") alleging breach of contract and breach of the implied covenant of good faith and fair dealing in relation to Farmers Direct's investigation and handling of the subject June 3, 2024 alleged burglary and vandalism incident ("Claim" or "Loss" or "Incident") at the Plaintiff's residence located at 2275 E. Belding Dr., Palm Springs, CA 9226 ("Property"). The Property was insured under Farmers Direct Policy Number 3872340940 issued to "Julio R. Ravada" for the policy period effective September 23, 2023 to September 28, 2024 ("Policy").

Notably, Plaintiff did not designate <u>any</u> retained experts in this action and has no competent evidence to rebut the opinions to be offered by Farmers Direct claims handling expert, Paul Hamilton and/or its property valuation expert David Corona (nor can she rebut the opinions of Farmers Direct's non-retained experts who will offer opinions related to valuation of personal property, including specialty items and water damage causation and mitigation issues among other things). Canby Decl., ¶¶ 2-7. Having failed to designate any experts on policy interpretation, claims handling conduct, valuation and repair costs, water damage causation and mitigation among other topics, Farmers Direct anticipates that Plaintiff intends to offer lay opinion testimony from herself and/or others (potentially from the PMK from Progressive Home Remodeling who failed to appear at its notice deposition on August 14, 2026 and/or from other persons that are not listed on her witness list). Canby Decl., ¶¶ 9, **Exhibit A**. For the reasons discussed in further detail below, the Court should exclude any nondisclosed experts and also exclude lay opinion testimony on each of the issue listed in the Notice of Motion and set forth below on the grounds that such specialized opinion testimony goes beyond the personal knowledge of any fact witness identified on Plaintiff's witness list who may testify at trial.

## II. TESTIMONY FROM UNDISCLOSED EXPERTS SHOULD BE PRECLUDED

As discussed further in the attached supporting Declaration of Kelly Fitzgerald Canby, Plaintiff failed to designate any experts. Canby Decl., ¶¶ 2-7. Moreover, pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, a party has to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." That means *every* witness "who is qualified as an expert" under Federal Rule of Evidence 702, *regardless* of whether the expert was hired by a party to testify as an expert.[1] Per Ninth Circuit law the sanction of exclusion is automatic and mandatory unless the party can show the violation is either substantially justified or harmless, and that the burden of proving harmlessness falls on the party facing sanctions, not on the party seeking exclusion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-1107 (9th Cir. 2001) (affirmed district court's exclusion of a defendant's only damages expert whose report was disclosed just 28 days before trial because "Plaintiffs received Vuckovich's report one month before they were to litigate a complex case" and in "these circumstances, the use of the 'automatic' sanction of exclusion was not an abuse of discretion") (citations omitted).

## III. LAY OPINIONS TESTIMONY SHOULD ALSO BE EXCLUED

The admissibility of lay opinion testimony under Federal Rule of Evidence 701 is committed to the sound discretion of the trial judge. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Lay opinion testimony is limited to testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Lay opinion testimony that simply tells the jury how to

---

[1] The PMK from Progressive Home Remodeling was not identified as an expert and also failed to appear at its notice deposition on August 14, 2026. Canby Decl., ¶¶ 9, **Exhibit A.**



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

decide the ultimate issue in a case is not helpful to a clear understanding of a fact in issue and thus not sufficiently helpful to the trier of fact to be admissible. *Nationwide*, 523 F.3d at 1059-60.

However, Farmers Direct paid $26,000 on the Claim based on professional estimates of reasonable costs to repair the Dwelling and to replace allegedly stolen personal property and that figure is backed up by expert opinions. However, Plaintiff is lacking any similar support for her $113,000+ in sought repairs which are not supported by any expert testimony at all and she will presumably seek to support those figures with unqualified opinions on the topics outlined below. Accordingly, Farmers Direct also seeks to exclude Plaintiff from presenting any lay opinion testimony regarding the following topics:

**1. Excluding Plaintiff from presenting law opinion testimony regarding policy interpretation issues.**

Plaintiff should also be precluded from introducing lay opinion testimony at trial regarding coverage under the Policy with respect to the subject June 4, 2024 alleged burglary and vandalism "Incident." Under California law, the opinions of lay witnesses regarding coverage under an insurance policy are irrelevant because interpretation of an insurance policy is a question of law for the court. *Waller v. Truck Ins. Exch.* 11 Cal.4th 1, 18 (1995). Consistent with fundamental principles of California insurance law, the court is required to enforce the terms of an insurance policy according to their plain meaning. *Palmer v. Truck Ins. Exch*. 21 Cal.4th 1109, 1115 (1999) ("If the policy language 'is clear and explicit,' it governs"); *Waller*, *supra*, 11 Cal.4th at 18 ("The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning."); Cal. Civ. Code § 1638.

According to "plain meaning rule" rule, courts are required to interpret terms within an insurance policy based upon their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

usage." *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 821-22 (1990); *see also* Cal. Civ. Code § 1644. Thus, extrinsic evidence is generally not admissible to interpret contracts, including insurance contracts. *City of Chino v. Jackson*, 97 Cal.App.4th 377, 386 (2002); *ACL Technologies v. Northbrook Property and Casualty Ins. Co.*, 17 Cal.App.4th 1773, 1790-1791 (1993), citing *Bank of the West v. Superior Court* 2 Cal.4th 1254, 1264 (1992). A narrow exception exists, however, when the contract is held to be ambiguous. *Kavruck v. Blue Cross of California*, 108 Cal.App.4th 773, 782 (2003). Here, not only is the Policy "clear and explicit" on its face but Plaintiff does not contend that any of the Policy terms are ambiguous thus eliminating any need to consider extrinsic evidence in the first instance. Accordingly, Plaintiff should be precluded from offering lay opinion testimony at trial regarding the scope of coverage afforded under the Policy or the application of the Policy's terms to the facts of this Loss.

Plaintiff's lay opinion regarding the meaning of certain Policy provisions or what benefits are owed for the Claim is both irrelevant and inadmissible. *Chatton v. National Union Fire Ins. Co.* 10 Cal.App.4th 846, 865 (1992) ("It is well settled that the interpretation of an insurance policy is *legal* rather than a *factual* determination . . . Consistent therewith, it has been held that opinion evidence is completely irrelevant to interpret an insurance contract."); *see also Feurzeig v. Ins. Co. of the West,* 59 Cal.App.4th 1276, 1284, fn. 2 (1997) (insurance broker's subjective understanding of coverage is inadmissible with respect to contract interpretation); *Quan v. Truck Ins. Exch.*, 67 Cal.App.4th 583, 601 (1998) (opinions of claims personnel is irrelevant with respect to interpretation of a homeowners policy); *Prudential Ins. Co. v. Superior Court*, 98 Cal.App.4th 585, 603 (2002) (lay opinion is irrelevant with respect to interpretation of a group health policy); *Jordan v. Allstate Ins. Co.* 116 Cal.App.4th 1206, 1218, fn. 8 (2004) (lay opinion is irrelevant in connection with interpreting a first party property policy

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**2. Excluding Plaintiff from presenting from presenting lay opinion testimony regarding claims handling conduct.**

Plaintiff has the burden of proof at trial to establish by a preponderance of evidence that Farmers Direct acted unreasonably in handling the Claim and that the company's conduct fell below the standard of care in the insurance industry. *Pinto v. Farmers Ins., Exch.* 61 Cal.App.5th 676 (2021) (2021 WL 85776) at *5, as modified (Mar. 18, 2021), *reh'g denie*d (Mar. 30, 2021) (plaintiff insured has affirmative burden of establishing that the insurer acted unreasonably and without proper cause in failing to pay benefits owed under the subject insurance policy; the insurer's mere failure to pay coverage benefits due for a covered claim – without more – is insufficient to establish bad faith liability). Opinion testimony on industry standard of care issues would be improper because she did not designated any experts and she and/or unnamed others lack any qualifications and/or specialized expertise to testify regarding such matters. *See e.g. California Shoppers v. Royal Globe Ins. Co*., 175 Cal.App.3d 1, 66 (1985) (holding that a lawyer with experience in handling insurance matters was not qualified to testify regarding insurance policy and practices); *see also Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 9214 (1978) (acknowledging that the reasonableness of an insurer's claims handling conduct is the proper subject of expert testimony and holding that "[w]e can conceive of many ways in which a lay jury, in assessing the conduct and motives of an insurance company in denying coverage under its policy, could benefit from the opinion of one who, by profession and experience, was peculiarly equipped to evaluate such matters in the context of similar dispute.

**3. Excluding Plaintiff from presenting lay opinion testimony regarding the scope of loss-related damage and reasonable costs of repairs in connection with repair work performed at the Property (and/or pertaining to the alleged cause of water damages and scope and cost of related repair work).**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Plaintiff's claims are based on the predicate theory that Farmers Direct breached its contract and acted in bad faith when, based on the company's investigation and valuation of the Claim, it allegedly wrongfully underpaid Plaintiff for Loss-related damage to the Property. For the reasons discussed in Farmers Direct's pending summary judgment motion, Plaintiff cannot establish that any additional amounts are owed to him under the Policy given her lack of experts in this case. In an effort to salvage her meritless contract and tort claims against Farmers Direct, Plaintiff no doubt intends to challenge the reasonableness of certain estimates obtained or prepared by Farmers Direct for covered repairs costs to the Property based on the lay opinion of Plaintiff, and other Plaintiff-affiliated witnesses are not qualified to opine on the scope or value of Loss-related damage to the Property. However, given that the anticipated lay opinion testimony to be proffered by Plaintiff and/or other lay witnesses elates to technical or other specialized knowledge within the scope of Federal Rule of Evidence 702, it is not the proper subject of lay opinion testimony. The admissibility of lay opinion testimony under Federal Rule of Evidence 701 is committed to the sound discretion of the trial judge. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Lay opinion testimony is limited to testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As noted, above undisclosed contractor consultants who are not on Plaintiff's witness list (and/or who failed to appear at a noticed deposition such as the PMK from Progressive Home Remodeling should be excluded).

**4. Excluding Plaintiff from presenting lay opinion testimony regarding replacement costs of certain Personal Property specialty items including the allegedly stolen Ivey and Luke painting.**

Similarly, Plaintiff has failed to establish any qualifications to opine on the value of allegedly stolen fine art, which has been fully paid in any event.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## IV. CONCLUSION

For the reasons set for the above, Farmers Direct respectfully requests that this Court grant this Motion In Limine No. 3 and preclude all testimony from any undisclosed experts or undisclosed contractor witnesses (and testimony from the PMK from Progressive Home Remodeling should be precluded due to its failure to appear at deposition pursuant to subpoena on August 14, 2026). Plaintiff also cannot salvage her defective proof and lack of expert support through unquailed and speculative lay opinions. For the foregoing reasons, Farmers Direct respectfully requests that the Court enter an order precluding Plaintiff from presenting any lay opinion testimony at trial regarding the issue of whether Farmers Direct's policy interpretation, claims handling, valuations of repair costs, water damages and causation and/or personal property items was unreasonable or inconsistent with industry standards or practice or sound technical analysis.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 3686 words ("including headings, footnotes and quotations excluding caption but including the notice of motion and including the attached declaration"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: September 7, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By /s/ Kelly F. Canby
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Motion In Limine No. 3 in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. On or about June 8, 2026, the Court issued its Order [ECF Doc. 85] denying the Plaintiff's Renewed Motion To Remand [ECF Doc. 77] and also vacated the status conference then set for June 15, 2026 and set this case for trial on October 13, 2026 and scheduled the pretrial conference for October 5, 2026. The Court then issued its "CIVIL TRIAL PREPARATION ORDER" on June 11, 2026. [ECF Doc. 86].

3. Accordingly, per Rule 26(a)(2)(d)(1), the parties were required serve their Expert Witness Disclosures at least 90 days before trial (i.e., on or before July15, 2026).

4. Farmers Direct timely served its Expert Witness Disclosures by email to Plaintiff on July 15, 2026 pursuant to the parties prior agreement to conduct electronic service in this case along and copies of the reports of Farmers Direct's "RETAINED EXPERTS," Paul Hamiltion, Property & Casualty Claim Consultant and David A. Corona, Executive Manager of MKA International, Inc. ("MKA") (formerly Madsen, Kneppers & Associates, Inc.) were included with that

transmission as confirmed by the proof of service and electronic transmission confirmation records.[2]

5. Farmers Direct also designated additional "NON-RETAINED EXPERTS," including Donald "Donnie" Means, Senior Field Claims Representative who handled Claim No. 7007678692-1 ("Claim") and inspected the Property on behalf of Farmers Direct, Michael Saskor, a General Adjuster and member of the Property Theft team for Farmers Direct, Bryce Spradling, Property Theft Supervisor who handled the Claim on behalf of Farmers Direct, among others.

6. Plaintiff failed to serve her Expert Witness Disclosures by the July 15, 2026 deadline (or at all). Plaintiff also failed to designate or disclosure any rebuttal experts within 30 days after service of Farmers Direct's Expert Witness Disclosures (i.e., on or before August 14, 2026) or at all.

7. Accordingly, as result of Plaintiff's failure to serve her Expert Witness Disclosures and/or to designate any experts on or before July 15, 2026 (and/or to designate any rebuttal experts by August 14, 2026), the opinions offered by Farmers Direct's retained and non-retained experts are unrebutted and unrefuted.

8. All of Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against

[2] A copy of Farmers Direct's Expert Witness Disclosures with the attached reports of its retained experts (and proof of service) was filed in support of Farmers Direct's Motion for Summary Judgment Or In The Alternative, Partial Summary Judgment as Exhibit 14 to the Declaration of Kelly Fitzgerald Canby filed therewith [ECF Doc. 119-6] ("Canby MSJ Decl."), ¶¶ 16, Exhibits 14 (emphasis added). Additional service information and confirmation of electronic delivery to Plaintiff's email account on July 15, 2026 at 4:48 p.m. PST ("**Email delivered successfully to Luna D'Sol at July 15, 2026 7:48 pm EDT**" was also filed therewith. *See* Canby MSJ Decl., ¶¶ 16-17, at Exhibit 24; *see also generally* Canby Decl., ¶¶ 16-25 and Exhibits 6-9 and Exhibits 22-23 thereto [ECF Doc. 119-6].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

defense counsel. For example, the last time I spoke with Plaintiff on the evening on August 25, 2026 she accused me of creating a fake email communication from a third party witness and suggested that I forged a proof of service (all of which is untrue as Plaintiff well knows) and prior to that on or around August 13, 2026 and several times thereafter Plaintiff also falsely claimed that I cancelled a prior meet and confer TEAMs videoconference call that had been rescheduled to that time at Plaintiff's request.[3]

9. A copy of Plaintiff's Initial Disclosures that Plaintiff electronically served on February 26, 2026 are attached hereto as **Exhibit A**. This is the only discovery item that Plaintiff has provided in the entire case and despite the parties prior agreement to exchange the documents identified therein, Plaintiff failed to do so despite multiple requests. Although Farmers Direct subpoenaed the PMK for Progressive Home Remodeling that company and/or its owner David Aragon failed to appear for their noticed deposition on August 14, 2026.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 7th day of September, 2026 at Carlsbad, California.

Kelly F Canby

Kelly Fitzgerald Canby

[3] Copies of relevant meet and confer email communications with Plaintiff are attached to my supporting Declarations filed in support of Motions In Limine No. 1 at Exhibit A [ECF Doc. 122] and Motion In Limine No. 2 at Exhibits A-C [ECF Doc. 123].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT A

**Luna D'Sol**
Plaintiff, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL,**<br>Plaintiff,<br>v.<br>**FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,**<br>Defendants. | **Case No. 2:25-cv-10938-SVW-ASx**<br>**PLAINTIFF'S INITIAL DISCLOSURES [F.R.C.P. RULE 26(a)(1)]**<br>Judge: Hon. Stephen V. Wilson<br>Date: March 23, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Complaint Filed: August 21, 2025 |

Pursuant to the Court's Order Setting Initial Status Conference [ECF Doc. 17] and the Court's subsequent continuation thereof to March 23, 2026 [ECF Docs. 29, 36, and 42] (and per the timing discussed by the parties during the meet and confer discussion on February 12, 2026), Plaintiff Luna D'Sol hereby submits her Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff's investigation regarding the claims asserted in the operative First Amended Complaint is ongoing and discovery is not yet complete. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff reserves the right to supplement, amend and/or correct her Initial Disclosures as information is acquired or becomes available.

## I. Rule 26(a)(1)(A)(i): Witnesses

Plaintiff believes the following individuals or entities may have knowledge of relevant facts that Plaintiff may use in support of her claims. Plaintiff believes the following individuals or entities may have knowledge of relevant facts that Plaintiff may use in support of her claims. Plaintiff reserves the right to supplement these disclosures pursuant to Rule 26(e). Accordingly, Plaintiff reserves the right to identify additional witnesses at a later date.

| Person/Entity | Affiliation & Anticipated Testimony |
|---|---|
| **Luna D'Sol**<br>2275 E. Belding Dr.<br>Palm Springs, CA 92262<br>(213) 925-4069<br>jravada@icloud.com | Plaintiff:<br>• Property damage and losses caused by the June 3, 2024 burglary and vandalism incident at the Property.<br>• Request for coverage benefits under Farmers Direct Homeowners Policy No. 3872340940 ("Policy"), Claim No. 7007678692-1 ("Claim").<br>• Communications with Defendant regarding the Claim.<br>• Facts and circumstances relating to the Loss. |

| | |
|---|---|
| | • Repairs and current condition of the Property.<br>• Replacement and valuation of personal property.<br>• Additional living expenses incurred.<br>• Plaintiff's claimed damages in this lawsuit. |
| **Donald "Donnie" Means**<br>(contact through Defendant's counsel) | Senior Field Claims Representative<br>• Initial inspection of the Property in June 2024.<br>• Investigation and evaluation of the Claim.<br>• Communications with Plaintiff regarding the Claim. |
| **Richard Bryan**<br>(contact through Defendant's counsel) | General Adjuster<br>• Investigation regarding the Claim.<br>• Coverage position regarding the Claim.<br>• Communications with Plaintiff regarding the Claim. |
| **Michael Saskor**<br>(contact through Defendant's counsel) | General Claims Adjuster<br>• Investigation and adjustment of the Claim.<br>• Coverage position regarding the Claim.<br>• Communications with Plaintiff regarding documentation requirements, personal property valuation, and depreciation calculations.<br>• The initial denial and subsequent reopening of the Claim. |
| **Andrew Hermann**<br>(contact through Defendant's counsel) | General Special Investigator<br>• Investigation regarding the Claim beginning June 2024.<br>• Communications with Plaintiff regarding the investigation. |
| **Bryce Spradling**<br>(contact through Defendant's counsel) | Property Theft Supervisor<br>• Supervisory oversight and coverage determinations regarding the Claim.<br>• The November 22, 2024 claim denial and subsequent communications.<br>• Depreciation recovery disputes.<br>• Communications with Plaintiff regarding the Claim.<br>• The August 18, 2025 final claim closure. |
| **Amy Spawr-Bardley**<br>(contact through Defendant's counsel) | Customer Relations Senior Consultant, Claims Customer Relations<br>• Communications with the California Department of Insurance regarding Plaintiff's complaint related to the handling of the Claim.<br>• Review of the Claim file.<br>• Communications with Plaintiff regarding the Claim. |
| **Albert Pimentel**<br>(contact through Defendant's counsel) | Property Field Claim Supervisor<br>• The June 9, 2025 written communication to Plaintiff regarding the Claim.<br>• Supervisory oversight of the Claim. |

| | |
|---|---|
| | • Communications with Plaintiff regarding the Claim. |
| **PMK for Defendant Farmers Direct**<br>(contact through Defendant's counsel) | Corporate Designee Witness for Defendant<br>• Investigation regarding the Claim.<br>• Coverage position regarding the Claim.<br>• Claims handling practices and guidelines.<br>• Communications with Plaintiff regarding the Claim. |
| **Officer Logan Corder**<br>Palm Springs Police Department<br>200 S. Civic Drive<br>Palm Springs, CA 92262<br>(760) 323-8116 | Law enforcement officer who responded to the reported burglary/vandalism incident.<br>• Facts and circumstances relating to the Loss. |
| **Detective Alexander Doherty**<br>Palm Springs Police Department<br>200 S. Civic Drive<br>Palm Springs, CA 92262<br>(760) 323-8116 | Law enforcement officer who investigated the reported burglary/vandalism incident.<br>• Facts and circumstances relating to the Loss. |
| **PMK for Progressive Home Remodeling**<br>77 E. Tahquitz Canyon Way<br>Suite 200<br>Palm Springs, CA 92262<br>(323) 423-6322 | Repairs to the Property<br>• Scope of work for Loss-related repairs to the Property.<br>• The cost and timing of repairs.<br>• The May 19, 2025 repair estimate.<br>• Inspection of the Property. |
| **Emuna Stanley**<br>Project Manager<br>Progressive Home Remodeling<br>77 E. Tahquitz Canyon Way, Ste 200<br>Palm Springs, CA 92262<br>(213) 264-8682 | Repairs to the Property<br>• Preparation of the repair estimate.<br>• Inspection of the Property.<br>• Communications with Plaintiff regarding repairs. |
| **Mark Bercier**<br>Artist and/or Art Gallery Owner<br>markbercier1950@yahoo.com | Valuation of personal property<br>• The painting entitled "Ivey & Luke" and its value.<br>• Communications regarding the Loss. |
| **Insurance Claims Handling Expert (To Be Determined)**<br>To be designated per scheduling order | On behalf of Plaintiff<br>• Insurance industry custom and practice regarding claims investigation and adjustment.<br>• Whether Defendant's claims handling fell below the standard of care. |
| **Construction/Damages Expert (To Be Determined)**<br>To be designated per scheduling order | On behalf of Plaintiff<br>• Scope of Loss-related damage to the Property.<br>• Reasonable costs to repair the Property.<br>• Whether the Property was rendered uninhabitable. |

## II. Rule 26(a)(1)(A)(ii): Documents

The following are the categories of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control, and that Plaintiff may use to support her claims. Plaintiff reserves her rights to amend these disclosures as necessary.

1. Farmers Direct Homeowners Policy No. 3872340940 (September 28, 2023 – September 28, 2024), including all endorsements and declarations pages;
2. Plaintiff's communications with Defendant's employees regarding the Claim, including written correspondence and emails;
3. Claim payment records and payment summaries issued by Defendant;
4. Defendant's personal property inventory and valuation documentation for the Claim;
5. The November 22, 2024 Claim Outcome letter;
6. Correspondence between Defendant and the California Department of Insurance regarding Plaintiff's complaint, including the March 27, 2025 response;
7. The June 9, 2025 letter from Albert Pimentel regarding the Claim;
8. Plaintiff's complaint to the California Department of Insurance;
9. The August 17, 2025 Final Demand letter from Plaintiff to Defendant;
10. The August 18, 2025 response from Defendant;
11. Fax communications from Plaintiff to Defendant, including January 28, 2025 and March 4, 2025 faxes;
12. Licensed contractor repair estimate from Progressive Home Remodeling dated May 19, 2025;
13. Palm Springs Police Department report(s) regarding the June 3, 2024 incident;
14. Photographs of the Property documenting damage from the Loss;
15. Receipts, invoices, and order confirmations for replacement personal property items;
16. EUO transcript and related correspondence;
17. Publicly available corporate filings and regulatory documents regarding Defendant;
18. Credit card statements and financial records documenting Plaintiff's additional living expenses and finance charges;
19. Any other documents produced during discovery which relate to Plaintiff's claims and claimed damages.

### III. Rule 26(a)(1)(A)(iii): Computation of Damages

Rule 26(a)(1)(A)(iii) requires the disclosure of the computation of any category of damages claimed by the disclosing party. Plaintiff's damages computation is as follows, subject to supplementation as discovery progresses:

| Damage Category | Amount |
|---|---|
| **A. Contract Damages (Breach of Contract)** | |
| Licensed contractor repair estimate | $96,400 – $102,400 |
| Sunken living area restoration | $23,100 |
| Personal property underpayments | $10,693 |
| Additional living expenses (ALE) | $17,429 |
| Finance charges and late fees | $4,500 (est.) |
| Less: Defendant's payments to date | ($30,696) |
| **Subtotal Contract Damages** | **$121,426 – $127,426** |
| **B. Bad Faith Tort Damages** | **According to proof** |
| Emotional distress, mental anguish | To be proven at trial |
| **C. Unruh Civil Rights Act (§ 52(a))** | |
| Statutory damages (min. $4,000/violation) | $28,000+ |
| **D. Punitive Damages (Civ. Code § 3294)** | **According to proof** |
| **E. Prejudgment Interest** | **According to proof** |
| **F. Costs of Suit** | **According to proof** |

The documents on which the above computations are based include the Policy, Defendant's payment records, the Progressive Home Remodeling estimate, Plaintiff's credit card statements, receipts for replacement personal property, and Defendant's correspondence. These documents will be made available for inspection and copying pursuant to Rule 34.

**IV. Rule 26(a)(1)(A)(iv): Insurance**

This case involves a first-party insurance coverage dispute regarding Defendant's alleged duty to pay additional coverage benefits under the Policy for Loss-related damages arising from the June 3, 2024 burglary/vandalism incident at issue in Plaintiff's First Amended Complaint. Plaintiff is not aware of any other insurance agreement that may be liable to satisfy a judgment in this action.

Dated: February 26, 2026

Respectfully submitted,

/s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com