UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT FARMERS DIRECT'S MOTION IN LIMINE NO. 3 TO EXCLUDE**<br>**(1) TESTIMONY FROM UNDISCLOSURED EXPERTS AND UNDISCLOSED WITNESS;**<br>**(2) TESTMIONY FROM PMK OF PROGRESSIVE HOME REMODELING; AND**<br>**(3) TO EXCLUDE LAY OPINION TESTIMONY REGARDING POLICY INTERPRETATION, CLAIMS HANDLING, VALUATION AND CAUSATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF KELLY FITZGERALD CANBY**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: October 5, 2026<br>Time: 3:00 p.m.<br>Courtroom: 10A<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Complaint Filed: August 21, 2025 |

Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") Motion In Limine No. 3 come on for hearing on October 5, 2026 at 3:00 p.m. in the above-entitled court. After full consideration of the moving, opposition, and reply papers, as well as the evidence and authorities submitted by the parties, and argument at the hearing, the motion is **GRANTED** as follows:

- Pro Per Plaintiff Luna D'Sol ("Plaintiff") is precluded from presenting any testimony from undisclosed experts and/or from any experts at all as she failed to timely designate any experts by July 15, 2025 as required by Rule 26(a)(2)(d)(1) (i.e., 90 days before trial the October 13, 2026 trial date).
- Plaintiff is also precluded from presenting any testimony from any witness that she failed to identify in her Initial Disclosures.
- Plaintiff is also precluded from presenting any testimony from the PMK from Progressive Home Remodeling who was not designated as an expert and also failed to appear at a notice deposition pursuant to subpoena.
- Plaintiff is also precluded from presenting any lay opinion testimony from herself or others regarding the following topics:
    1. Policy interpretation issues.
    2. Claims handling conduct regarding industry standard of care.
    3. Valuation issues regarding the scope of loss-related damage and reasonable costs of repairs in connection with mitigation and repair work performed at the Property and/or pertaining to the cause of alleged water damages and/or scope of alleged loss-related water damage and reasonable cost to repair such alleged water damages at the Property.
    4. Excluding Plaintiff from presenting lay opinion testimony regarding the scope of loss-related damage and reasonable replacement costs of certain Personal Property specialty items including the allegedly

stolen Ivey and Luke painting as her qualifications are not established and no expert has been designated for this topic.

**IT IS SO ORDERED.**

Dated: _____________, 2026. ___________________________________

Hon. Stephen V. Wilson

Judge of the District Court