MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT'S MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION RE ELECTORNIC FILINGS MOTION PER LOCAL RULE 5-4.6.2, LOCAL RULE 6-1 AND/OR FRCP 6(b)(1)(B) RE: (1) MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [ECF DOCS 117, 119, 120]; AND (2) MOTION FOR TERMINATING SANCTIONS [ECF DOCS 118, 121]**

Judge: Hon. Stephen V. Wilson
**Date:** **September 10, 2026**
**Time:** N/A (Written Submission)
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m

*Filed Concurrently With:*
*Ex Parte Application Re Electronic Filing Motion; Supporting Declaration of Kelly Fitzgerald Canby and [Proposed] Order Granting Ex Parte Application*
Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") respectfully requests this Court grant this Ex Parte Application for an order shortening time for hearing on the motion brought herein per Local Rule 5-4.6.2, Local Rule 6-1 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) ("Motion") due to technical failures and computer system malfunctions experienced on August 31, 2026 and also when using the Court's CM/ECF System for the following electronic filings (which are both noticed for hearing on September 28, 2026) which resulted in the following filings being done on a rolling basis at or around midnight with some components posting after soon thereafter. Accordingly, Defendant hereby seeks orders to either extend or enlarge the filing time and/or shorten time for hearing on the motions listed below so that they are deemed timely filed with sufficient notice for the existing September 28, 2028 hearing date:

1. Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] (collectively "MSJ"); and
2. Defendant's Motion For Terminating Sanctions [ECF Docs. 118, 121] (collectively "MTS").

This request and Ex Parte Application are based on Rule 5-4.6.2, Local Rule 6-1 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and is based on the facts set forth in the Declaration of Kelly Fitzgerald Canby filed concurrently herewith ("Canby Decl.") related to the technical failures and repeated computer system malfunctions beyond defense counsel's control experienced on August 31, 2026 while preparing and during attempted electronic filings as well as technical failures during use of the Court's CM/ECF System, including lost access to MSJ documents that were already timely preloaded into the CM/ECF System and at least three separate but unsuccessful attempts to upload large PDF files into the CM/ECF

System. These delays were further compounded by additional and separate computer system failures experienced when attempting to reload the MSJ documents back into the CM/ECF System, and so while additional assistance and alternative computer system access was obtained those filings were done separately on a rolling basis. Canby Decl., ¶¶ 2-20.

As result of this domino of unexpected technical failures and computer system malfunctions beyond defense counsel's control, the MSJ and MTS filings were done at or around midnight or soon thereafter. While the first MSJ documents themselves are stamped as "**Filed 08/31/26**" [ECF Doc. 117, 117-1], the associated "Notice of Electronic Filing" email notification (from cacd_ecfmail@cacd.uscourts.gov) states the "following transaction was entered by Canby, Kelly on 9/1/2026 at 0:02 AM PDT and filed on 8/31/2026." Canby Decl., ¶ 14, **Exhibit 1**. The first of the MTS documents was entered at 12:05 a.m. [ECF Doc. 118], and additional materials followed soon thereafter with copies all materials being electronically delivered to Plaintiff at her email address jravada@icloud.com via the Court's CM/ECF System as confirmed by the "Notice of Electronic Filing" confirmation emails for each of those filings [ECF Docs. 117, 119, 118, 120, 121]. Canby Decl., ¶ 14, **Exhibit 1**.

As explained further in the Declaration of Kelly Fitzgerald Canby filed concurrently herewith and the attached Memorandum of Points and Authorities, there is good cause for the Ex Parte Application and Motion which is supported by Rule 5-4.6.2, Local Rule 6-1 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and applicable case law supporting the Motion itself and there is good cause for emergency relief as Farmers Direct's case will be irreparably prejudiced if this Motion is heard according to regularly noticed motion procedures as the September 28, 2026 hearing date would have already passed. *See e.g.,* Canby Decl., ¶ 18. Farmers Direct has also complied with notice provisions of Local Rule 7-19 through a telephone call to Plaintiff on the morning of September 10, 2026 at approximately 10:30 a.m., as well as telephone communications with Plaintiff on September 9, 2026

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

where the computer system failures experienced during the electronic filings of the MSJ and MTS were discussed, and another confirming Ex Parte Application notice email was also sent to Plaintiff on September 10, 2026 following the telephone call among other communications. *See e.g.,* Canby Decl., ¶¶ 21-23, **Exhibits 2-4**. Plaintiff was also notified by both telephone and email on September 10, 2026 of this Court's ex parte procedures and requirements as found in the New Case Order and the Court's website whereby any opposition papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the Ex Parte Application was served (and if Plaintiff chooses not to oppose this Ex Parte Application she must inform the clerk by phone at 213-894-2881 not later than 3:00 p.m. on the first business day after service of this Ex Parte Application). Canby Decl., ¶ 23, **Exhibit 4**.

## II. BRIEF OVERVIEW OF THE ACTION AND PROCEDURAL STATUS

This case is a first party insurance coverage dispute pertaining to a property damage claim arising under a homeowner's policy issued by Farmers Direct. Although there are several pending motions under submission with the Court, this case is set for trial on October 13, 2026 and the final pretrial conference is scheduled for October 5, 2026. Canby Decl., ¶ 18. Defendant's MSJ and MTS are set for hearing on September 28, 2026 and the technical failures and computer system malfunctions experienced on August 31, 2026. Canby Decl., ¶¶ 2-20, **Exhibit 1**. Defendant's Motions In Limine Nos. 1-4 were filed on September 7, 2026 and are scheduled to be heard at the Final Pretrial Conference on October 5, 2026 at 3:00 p.m. Canby Decl., ¶ 21, n. 1. Plaintiff also very recently disclosed that she is apparently scheduled to have surgery on September 30, 2026 and requested that Farmers Direct stipulate to a continuance of certain dates. Canby Decl., ¶ 22, **Exhibit 3**.

## III. THE EX PARTE APPLICATION SHOULD BE GRANTED

Farmers Direct's Ex Parte Application seeking an order shortening time for hearing on this Motion brought herein per Local Rule 5-4.6.2, Local Rule 6-1 and/or

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) due to technical failures and computer system malfunctions experienced on August 31, 2026. As explained further below, the Ninth Circuit has found such motions seeking to adjust filing times due to technical problems are appropriately resolved on an ex parte basis.[1] *See e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Here, without an expedited ruling, this Motion and Farmers Direct's related request for relief could not be resolved prior to the September 28, 2026 hearing date on the MSJ and MTS. Accordingly, the time-sensitive nature of this relief makes ex parte treatment and appropriate and Farmers Direct will be irreparably prejudiced if this Motion is heard on regular notice as the September 28, 2026 hearing date would have already passed. Canby Decl., ¶ 18. Accordingly, Farmers Direct's Ex Parte Application for an order shortening time should be granted so that this Motion brought herein per Local Rule 5-4.6.2, Local Rule 6-1 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) can be heard and resolved on an expedited basis through this Ex Parte Application.

## IV. FARMERS DIRECT'S MOTION PER LOCAL RULES 5-4.6.2, LOCAL RULE 6-1 AND FRCP 6(b)(1)(B) SHOULD BE GRANTED

### A. Rule 6(b)(1)(B) Of The Federal Rules Of Civil Procedures And Local Rule 5-4.6.2 And/Or Local Rule 6-1 Allow For The Extension Of Filing Time And/Or Shortening Of Hearing Time For Good Cause And/Or Due To Technical Failures

Local Rule 5-4.6.1 states the following: "Unless otherwise provided by order of the assigned judge, all electronic transmissions of documents must be completed prior to midnight Pacific Standard Time or Pacific Daylight Time, whichever is in effect at the time, in order to be considered timely filed on that day." Local Rule -

[1] "A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" *Torres v. Igdaloff*, Case No. 2:17-cv-04059-MCS-JEM 2022 WL 17078883, *1 (C.D. Cal. February 17, 2022), citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

4.6.1. Local Rule 6-1 states, in relevant part, the following: "If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice" and the "Court may order a shorter time." Local Rule 4.6.1. Additionally, Local Rule 5-4.6.2 contains provisions to obtain extensions of time when "Technical Failures" are experienced when using the CM/ECF System for electronic filings.[2] Additionally, Federal Rule of Civil Procedure 6(b)(1) states the following related to "Extending Time":

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . *** . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. Proc. 6(b)(1)(B).

As further discussed below and as established with the supporting declaration of Kelly Fitzgerald Canby filed herewith, there is good cause for the adjustment of the filing time of the MSJ and MTS to allow for both motions to be heard on September 28, 2026. *See e.g.,* Canby Decl., ¶¶ 2-23, **Exhibits 1-4**.

**B. Per Applicable Law There Is Good Cause To Adjust The Filing Deadline And/Of Shorten Time For Hearing Based Upon The Unexpected Technical Problems And Computer Malfunctions Experienced Here.**

As explained by the Ninth Circuit in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), to determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable

[2] Specifically, Local Rule 5-4.6.2 states, in relevant part, the following: . . . . If no Notice of CM/ECF Unavailability has been posted, the filer shall attempt to file the document electronically at least two times, separated by at least one hour. If, after at least two attempts, the filer cannot electronically file the document, the document will be accepted for filing by the Clerk in paper format that same day, if time permits. If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit setting forth the facts of the filer's failed attempts to file electronically, together with an appropriate application for leave to file the document. Nothing in this Local Rule authorizes the Court to extend a deadline that, by statute or rule, may not be extended. Local Rule 5-4.6.2



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

test, examining the following: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (reversing district court decision that denied relief to plaintiff who filed summary judgment opposition brief three days late due to a combination of calendaring errors and also "due to technical computer circumstances beyond control"); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Cohen v. Murphey*, 222 F.R.D. 416 (N.D. Cal. 2004). As established by the facts set forth in the Declaration of Kelly Fitzgerald Canby filed concurrently herewith, all 4 of the factors cited above are met here as they relate to the technical difficulties encountered by defense counsel in filing the MSJ and MTS on August 31, 2026. Canby Decl., ¶¶ 2-20.

For example, in *Pryor v. Aerotek Scientific*, LLC, 278 F.R.D. 516 (C.D. Cal. 2011), this Court applied the *Pioneer* case factors and concluded that the failure to file a class certification motion by a 5:00 p.m. deadline was the result of "excusable neglect." Specifically, the Court found that "defendant's claim of prejudice dubious at best" and although the defendant claimed "it was damaged by the late filing because it only had 'one week to oppose the motion'" the Court noted that having "received plaintiff's motion a few hours earlier on the day of filing would not have changed that fact." *Pryor*, 278 F.R.D. at 521. Similarly, as result of a domino effect of technical problems, both filings on behalf of Farmers Direct were done on a rolling basis at or around midnight or soon thereafter. While the first MSJ documents themselves are stamped as "**Filed 08/31/26**" [ECF Doc. 117, 117-1], the associated "Notice of Electronic Filing" email notification states the "following transaction was entered by Canby, Kelly on 9/1/2026 at 0:02 AM PDT and filed on 8/31/2026," the first of the MTS documents was entered at 12:05 a.m. [ECF Doc. 118], and the filing of additional materials followed soon thereafter with copies all materials being

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

electronically delivered to Plaintiff at her email address jravada@icloud.com via the Court's CM/ECF System as confirmed by the "Notice of Electronic Filing" confirmation emails for each of those filings [ECF Docs. 117, 119, 118, 120, 121]. Canby Decl., ¶ 14, **Exhibit 1**. The Court in *Pryor* further found it relevant that the defendant "has been aware of the class Pryor would attempt to certify" as a class so there "is nothing in Pryor's motion for class certification that should have surprised" the defendant. *Pryor*, 278 F.R.D. at 521. Similarly, Plaintiff here has been aware that both of these motions would be forthcoming for some time now. *See* Canby Decl., ¶ 19. Notably, Plaintiff cannot establish any prejudice due to the fact that certain motion-related pleadings uploaded and were distributed by the ECF system shortly after midnight on September 1, 2026 (presumably while Plaintiff was asleep). "Accordingly, the *Pioneer* first factor favors granting plaintiff's request for an enlargement of time." *Pryor*, 278 F.R.D. at 521. The Court should so rule here.

Regarding the second factor, the court in the *Pryor* case noted that "the length of the delay and its potential impact on the proceedings" was small and did not impact the proceedings because "Pryor filed her application on the day it was due, albeit a few hours later than the deadline set by the court," and the "delay did not impact the proceedings in any significant respect." *Pryor*, 278 F.R.D. at 522. "Thus, the second factor also favors granting plaintiff's request for an enlargement of time." *Pryor*, 278 F.R.D. at 522. Similarly, most of these filings were only a few minutes late and the last was within a few hours due to computer system malfunctions beyond defense counsel's control. Because the opposition brief due date based on the September 28, 2026 hearing date was September 7, 2026 (*i.e.* a Court holiday), Plaintiff also had additional time because her opposition was instead due the following day on September 8, 2026 so the impact of this small delay should be minimal. *See* Canby Decl., ¶¶ 14-16, **Exhibit 1**.

Additionally, the Court in *Pryor* also found that the third factor favored the enlargement of time as well because, as "*Pioneer Investment* made clear[,] ... the

word 'neglect' 'encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness," which was viewed to be something much different than "intentional" or a "culpable omissions to act" which are only those that are "willful, deliberate, or evidence of bad faith." *Pryor*, 278 F.R.D. at 522. So the third factor favored the enlargement of time. *Id*. As to the "final factor whether Pryor acted in good faith, "the Court noted that there is no evidence that the failure to file by 5:00 p.m. was a product of bad faith or that plaintiff purposefully missed the filing deadline (i.e., "[s]tated differently, her failure to file earlier on the day her motion was due was not a "devious, deliberate, willful, or bad faith failure...." *Pryor*, 278 F.R.D. at 522; *see also* Canby Decl., ¶ 20. "Having considered each of the *Pioneer* factors, the court concludes that Pryor's delay was excusable." *Pryor*, 278 F.R.D. at 522. Accordingly, the Court in *Pryor* ruled that striking the late filed certification motion would be contrary to the goal of deciding cases on their merits, and therefore the Court "extends the time for the filing of plaintiff's class certification motion to midnight on September 23, 2011" which thereby resulted a timely filing.[3] *Pryor*, 278 F.R.D. at 522.

Additionally, in a decision by the Second Circuit in *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.,* 422 F.3d 72, 74-76 (2nd Cir. 2005), the Court

---

[3] The *Pryor* case is just one of many examples of cases which support the relief sought by Farmers Direct here. For example, in *Bennet v. City Kingman*, 543 F.Supp.3d 794, 803 (D. Ariz. 2021), both parties moved for summary judgment but one party's motion ended up being "filed one day after the dispositive motion deadline expired." The opposing party asked the Court in *Bennett* to reject the late filed motion, but the Court denied the request based on its evaluation of the *Pioneer* case factors noting that "delay is minimal: the City filed its motion one day after the deadline expired." *Bennet*, 543 F.Supp.3d at 803-804; *see also Hodge v. JPMorgan Chase Bank NA*, No. CV-24-00932-PHX-SHD, 2025 WL 3241329, *6 (D. Ariz. November 20, 2025) (where motion for summary judgment was filed two days late and in "subsequent motion for leave to file late, he explains that he encountered technical errors with ECF, which prevented him from timely filing" and despite the other party's objection the "Court finds that Hodge's technical difficulties constitute good cause to permit late filing"); *Pena v. Taylor Farms Pac., Inc.,* 305 F.R.D. 197 (E.D. Cal. 2015) (portions of motion for class certification filed one day late and court overruled opposing party's objections to late filed items "[b]ecause the delay was the result of unforeseen technical difficulties . . . and caused no prejudice, the court overrules this objection").

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

noted that a "district court may, in its discretion, deem the motion made on the date that the motion would have been filed but for failure to comply with requirements of the electronic filing system," and so a belatedly filed motion to remand was deemed timely filed where delay was encountered while uploading large sized PDF documents to the CM/ECF System thus deemed "the motion made at the time when, but for this noncompliance, the motion would have been made." *Phoenix,* 422 F.3d 74.[4] As discussed in the supporting Declaration of Kelly Fitzgerald Canby, the PDF file size issue was just one of the technical difficulties experienced with the CM/ECF filing system (and at least 3 separate attempts at correction of this PDF file problem were made per Local Rule 5-4.6.2) and all the preloaded MSJ documents were no longer accessible in the CM/ECF System after this problem arose so those materials had to be reloaded again in to the CM/ECF System but then additional repeated computer system failures occurred which reasonably and unexpectedly delayed those efforts. *See* Canby Decl., ¶¶ 5-14, **Exhibit 1**. *Phoenix,* 422 F.3d at 76; *see also In re Schrag*, 464 B.R. 909, 9111-102 (D. Or. 2011) (relief granted where motion was filed 1 hour 23 minutes late due to technical problems with browser while attempting electronic filing in CM/ECF system).

---

[4] Specifically, in *Phoenix*, technical problems arose because the filing was "rejected" because the "exhibits were too large," but efforts were taken to correct the PDF issue then a second attempt was made, upon which counsel "was assured" that the filing was successful. *Phoenix.,* 422 F.3d at 74. "The next day, he learned that the ECF system had rejected his filing due to an invalid hearing date," then counsel "made a third attempt to file, which succeeded." *Phoenix,* 422 F.3d at 74. The Court specifically noted that "the Southern District's electronic case filing system ("ECF system") rejected his filing because his exhibits were too large." *Phoenix,* 422 F.3d 74. The Second Circuit further explained that *Phoenix* decision "simply recognizes the district court's authority to excuse Gulino's failure to comply with the ECF system requirements and thus deem the motion made at the time when, but for this noncompliance, the motion would have been made." *Phoenix,* 422 F.3d 74 (although "Gulino may have been unwise to wait until the last day to file via an unfamiliar ECF system, he was within his rights to do so"). Moreover, the opposing party also never "identified any prejudice arising from the one-day delay in their receipt of the remand motion," so the "district court was well within its discretion to determine that holding Ventures to the technical ECF system requirements would have worked an injustice." *Phoenix,* 422 F.3d at 74-76 (although "Gulino may have been unwise to wait until the last day to file via an unfamiliar ECF system, he was within his rights to do so").

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Here, Farmers Direct's filing were only minimally delayed and the unexpected technical failures and computer system malfunctions were intervening circumstances beyond reasonable control, or alternatively excusable neglect. Canby Decl., ¶¶ 2-20, **Exhibit 1**. At this time, Farmers Direct does not seek a continuation of the September 28, 2026 hearing date which is the last available Monday hearing date prior to the October 5, 2026 pretrial conference. Canby Decl., ¶¶ 16-18. Plaintiff has recently raised some apparent health issues and Farmers Direct meet and confer communications with Plaintiff regarding her request for a continuance are ongoing. Canby Decl., ¶¶ 16, 21-23, **Exhibits 2-4**.

## V. CONCLUSION

For the reasons forgoing reasons and good cause shown, Farmers Direct respectfully requests this Court to issue an order which deems that the MSJ and MTS [ECF Docs. 117, 119, 118, 120, 121] are all timely filed with sufficient notice for the existing September 28, 2028 hearing date. *[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 3159 words ("including headings, footnotes and quotations"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: September 10, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By ________________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101