MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF KELLY FITZGERALD CANBY IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION RE ELECTORNIC FILINGS PER LOCAL RULE 5-4.6.2, 6-1 AND/OR FRCP 6(b)(1)(B) RE: (1) MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [ECF DOCS 117, 119, 120]; AND (2) MOTION FOR TERMINATING SANCTIONS [ECF DOCS 118, 121]**

Judge: Hon. Stephen V. Wilson
**Date:** **September 10, 2026**
**Time:** N/A (Written Submission)
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Farmers Direct's Ex Parte Application and in support of its motions brought therein pursuant to Local Rule 5-4.6.2 and/or Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 6-1 ("Motion") related to computer system malfunction and/or other technical failures during electronic filings of Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] (collectively "MSJ") and Motion For Terminating Sanctions [ECF Docs. 118, 121] (collectively "MTS") in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. I was principally responsible for the preparation of Farmers Direct's MSJ and MTS documents and the oversight of their electronic filings which was initially anticipated to be done solely on my PACER account through the Central District of California's CM/ECF System with support from my Assistant Kiry Yeoun who has electronic access and is registered user of my account information and she has handled many other electronic filings for me in this case.

3. Given the volume of documents included in both filings, I had arranged and obtained overtime approval for Ms. Yeoun to provide after hours (remote) assistance with both filings on the night of August 31, 2026.

4. I initially planned to have Ms. Yeoun complete the MSJ filing first and then move on to the MTS filing once the MSJ filing was completed.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

5. Farmers Direct's MSJ has 7 supporting declarations each with multiple exhibits and several other companion documents. I instructed Ms. Yeoun to preload these declarations and other MSJ materials into the CM/ECF System to avoid potential uploading delays and she began doing so shortly after 9:00 p.m. Notably, all but a few of the MSJ documents were already loaded, ready and waiting to be filed by approximately 9:30 p.m.

6. After assisting me with some final proofing edits, I then instructed Ms. Yeoun to upload the remaining MSJ documents into the CM/ECF System with the plan to submit all the MSJ documents together for filing and then begin the next MTS filing by approximately 10:00 p.m. which seemingly would be sufficient time to complete the MTS filing well before 11:59 p.m. on August 31, 2026 based on other complex filings Ms. Yeoun has handled in this case.

7. However, Ms. Yeoun had problems uploading a large size PDF file to the CM/ECF System that would not be accepted. I have personal knowledge that Ms. Yeoun (at my direction) made at least three separate attempts to upload a large PDF file but despite efforts to try to adjust PDF file size in between attempts she was not successful. Given the late hour, I instructed Ms. Yeon to file the other MSJ documents that were already preloaded into the CM/ECF System and we would handle the stray large PDF separately later after we completed the MTS filing.

8. In response, Ms. Yeoun notified me that all the preloaded MSJ files were no longer in the CM/ECF System.

9. I instructed Ms. Yeoun to start to reload all the MSJ files again back into the CM/ECF System and sought to expedite the final preparations of the MTS documents by doing myself some of the tasks that Ms. Yeoun would otherwise be doing.

10. I checked back with Ms. Yeoun again about 15-20 minutes later anticipating that all the MSJ documents would be uploaded again into CM/ECF System and ready to submit and planned to have her then move on to finishing

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

preparations for the MTS filing. However, Ms. Yeoun reported to me that she had already twice started to reload the MSJ documents again into the CM/ECF System again but both times she experience computer system failures and was not able to complete the uploading and could not access the system at all.

11. I remained on the phone with Ms. Yeoun during a reboot of her computer system but the issue was not resolved and her computer remained inoperable.

12. As it was now approximately 11:00 p.m. and there was no available IT help to resolve Ms. Yeoun's computer system failures as our firm's after-hours IT support after regular business hours will typically respond the next morning. Accordingly, I started to search for another secretary to assist with the filing while Ms. Yeoun sought further assistance and also began another computer system reboot which on prior occasions had resolved this technical problem.

13. Notwithstanding the late hour and given the exigent circumstances. I was able to reach Michelle Bernard's Assistant Jer Vang-Zamora who is a very experienced legal secretary. Ms. Vang-Zamora began to assist us and I tasked her with doing the MTS filing on her computer as she has access to PACER and the CM/ECF System through Michelle Bernard's PACER account. I also had Ms. Vang-Zamora speak to Ms. Yeoun for additional assistance who had again started to upload the MSJ documents into the CM/ECF System but the computer system failures reoccurred a few more times before Ms. Yeoun was able to successfully upload again all the MSJ documents into the CM/ECF System.

14. As result of this domino of unexpected technical failures and computer system malfunctions beyond our control, both filings were done at around midnight on September 1, 2026 on a rolling basis. Although the first MSJ documents themselves are stamped as "**Filed 08/31/26**" [ECF Doc. 117, 117-1], the associated "Notice of Electronic Filing" email notification (from cacd_ecfmail@cacd.uscourts.gov) states the "following transaction was entered by

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Canby, Kelly on 9/1/2026 at 0:02 AM PDT and filed on 8/31/2026." The first of the MTS documents showed as being entered at 12:05 a.m. [ECF Doc. 118], and additional materials followed soon thereafter with copies all materials being electronically delivered to Plaintiff at her email address jravada@icloud.com via the Court's CM/ECF System as confirmed by the "Notice of Electronic Filing" confirmation emails for each of those filings. Attached here to collectively as **Exhibit 1** are true and correct copies of the caption pages [Doc. 117, 117-1] along with copies of the "Notice of Electronic Filing" email notifications for [ECF Docs. 117, 119, 118, 120, 121].

15. We also had a hard copy of one large size document delivered to the Court's chambers on September 2, 2026 and also had a copy sent by electronic service to Plaintiff (via Titan File share link).

16. The MTS and MSJ are noticed for hearing on September 28, 2026 which 28 days after August 31, 2026 (and also the Monday prior to October 5, 2026 which is the date of the pretrial conference). Given that September 7, 2026 was a court holiday, Plaintiff's opposition due date for these motions was September 8, 2026. As discussed further below, Plaintiff very recently raised some health issues that she contends will impact her availability and Farmers Direct's meet and confer communications with Plaintiff regarding this new issue are ongoing.

17. Pursuant to Local Rule 5-4.6.2 and/or Rule 6(b)(1)(B), I submit this declaration setting forth the facts regarding the failed attempts to file electronically, including the loss of MSJ documents that were preloaded into the CM/ECF System and three separate unsuccessful attempts to load a large PDF file into the CM/ECF System and then repeated computer system failures when my Assistant attempted to reload the lost MSJ documents back into the CM/ECF System and while additional assistance and alternative computer system access were obtained some of the MSJ documents and the MTS documents posted after midnight.

18. I bring this Ex Parte Application on behalf of Farmers Direct to seek an order shortening time for hearing on this Motion to obtain an order pursuant Local Rule 5-4.6.2 and/or Rule 6(b)(1)(B) for an extension of any applicable filing deadline and/or to otherwise shorten time of any applicable notice period pertaining to the MSJ and MTS so Farmers Direct's MSJ and MTS are deemed timely filed per the existing September 28, 2026 hearing date. This Ex Parte Application and request for emergency relief is supported by good cause as Farmers Direct's case will be irreparably prejudiced if this Motion is heard according to regularly noticed motion procedures as the September 28, 2026 hearing date would already have passed and the final pretrial conference is set for October 5, 2026 and trial is scheduled for October 13, 2026.

19. Plaintiff was informed of the grounds of Farmers Direct's MSJ and MTS well in advance of the actual filing date and she has been aware of these forthcoming motions for some time, including through email communications dated August 11, 2026, August 12, 2026, August 13, 2026, August 18, 2026 among others. Despite numerous requests by defense counsel to schedule and conduct Local Rule 7-3 and/or Local Rule 37-1 Conferences with Plaintiff, she repeatedly asked for such conferences to be rescheduled, failed to appear and participate at the rescheduled time and/or otherwise failed to timely respond to defense counsel's meet and confer inquiries. As such, it is Farmers Direct's position that it meaningfully complied with the meet and confer requirement of Local Rule 7-3 in advance of seeking the relief set forth in the MSJ and MTS.

20. I am acting in good faith and attempted to have all documents filed timely and this was not done to cause problems to Plaintiff or delays to the Court. Ms. Yeoun and I have handled numerous other filings for this case which have all been on time and these intervening circumstances and technical failures resulted in a circumstance that were beyond my reasonable control. To the unlikely event that the the Court views my conduct in connection with handling the above-referenced law



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

and motion filings as neglectful in some respect, any such neglect would be found to be excusable per Rule 6(b)(1)(B).

21. On or about September 7, 2026 and despite the confirming email notifications sent by the Court's CM/ECF System confirming electronic service and email delivery of the MSJ and MTS to Plaintiff at her registered email address (i.e., "Luna D'Sol jravada@icloud.com"), Plaintiff emailed me from that very same email address and claimed she was never served with copies of the MSJ and MTS filed by Farmers Direct. The next day, Plaintiff sent me an email stating that "I just tried to call you and it appears as if you had blocked my calls," but I was sitting next to my phone at my desk and my phone never rang so I sent Plaintiff an email and informed her that I would respond to her email entitled "Meet and Confer Regarding Motion to Strike Recent Filings," that afternoon which I did by email dated September 8, 2026 [3:01 PM] which was sent to all three of her email addresses.[1] Plaintiff called me soon after and claimed she did not receive my email [3:01 PM] so I told her I would send my email to her again – right then and now while she was on the phone – and asked Plaintiff to confirm the best email address that I should use to reach her and she stated the "same one" and directed me to use the "jravada@icloud.com" email address "as "always," so I did and resent my email [3:01 PM] again to Plaintiff approximately 5 minutes later.[2] In this respect, Plaintiff's contention that she did not receive Farmers Direct's MSJ and MTS until September 8, 2026 is belied by the service information maintained on the Court's CM/ECF System confirming

---

[1] Plaintiff apparently recently changed her registered email address on file with the Court's CM/ECF System because when Farmers Direct's Motion In Limine Nos. 1-4 were electronically filed on September 7, 2026 the "Notice of Electronic Filing" confirmation emails stated now stated that notice was "electronically mailed" to "Lune D'Sol lunadsolts@gmail.com, viewer.ratios7s@recap.email." Defendant's Motions In Limine Nos. 1-4 are scheduled to be heard at the Final Pretrial Conference on October 5, 2026 at 3:00 p.m.

[2] Attached hereto collectively as **Exhibit 2** are true and correct copies of a chain of email communications with Plaintiff, including Plaintiff's email dated September 7, 2026 [10:24 AM], my response sent on September 8, 2026 [3:01 PM] and other emails exchanged among Plaintiff and defense counsel later that afternoon and evening, in including my September 8, 2026 [7:31 PM] email to Plaintiff.

electronic service and email delivery of the MSJ and MTS to Plaintiff at her registered email address (i.e., "Luna D'Sol jravada@icloud.com").

22. When Plaintiff called me on September 8, 2026, she did not want to discuss her anticipated motion to strike and instead she disclosed that she is apparently scheduled to have surgery on September 30, 2026 and wanted Farmers Direct to stipulate to a continuance of unspecified dates. I spoke with Plaintiff again around 2:00 p.m. on September 9, 2026 and additional meet and confer communications related to timing and scheduling issues are ongoing. Attached hereto collectively as **Exhibit 3** are true and correct copies of a collection of email communications with Plaintiff dated September 8, 2026 and September 9, 2026.

23. I provided notice of this Ex Parte Application on September 10, 2026 by calling Plaintiff at (213) 925-4069 and spoke to her at approximately 10:30 a.m. and provided her with the information required by the Local Rules and the Court's website and also sent a confirming email communication to her on September 10, 2026 [10:40 AM] to the following three email addresses of Plaintiff: jravada@icloud.com, D'Sol lunadsolts@gmail.com, viewer.ratios7s@recap.email. A true and correct copy of my September 10, 2026 [10:40 AM] email is attached hereto as **Exhibit 4** along with copies of additional email communications with Plaintiff exchanged soon thereafter.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 10th day of September, 2026 at Carlsbad, California.

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Stephen V. Wilson
Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With: Notice of Motion and Motion for Summary Judgment Or In The Alternative Partial Summary Judgment; Separate Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Kelly Fitzgerald Canby; Declaration of David A. Corona; Declaration of Paul Hamilton; Declaration of Michael Saskor; Declaration of Donnie Means; Declaration of Bryce Spradling; Declaration of Elisa Martinez; and [Proposed] Order



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**<br>Judge: Hon. Stephen V. Wilson<br>Date: September 28, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><u>Filed Concurrently With</u>: Notice of Motion and Motion for Summary Judgment Or Alternatively; Partial Summary Judgment; Memorandum of Points and Authorities; Declaration of Kelly Fitzgerald Canby; Declaration of David A. Corona; Declaration of Paul Hamilton; Declaration of Michael Saskor; Declaration of Donnie Means; Declaration of Bryce Spradling; Declaration of Elisa Martinezr; Notice of Lodgment; and [Proposed] Order |



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Kelly Canby**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Tuesday, September 1, 2026 12:03 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Motion for Summary Judgment |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Canby, Kelly on 9/1/2026 at 0:02 AM PDT and filed on 8/31/2026

| | |
|---|---|
| **Case Name:** | Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al |
| **Case Number:** | 2:25-cv-10938-SVW-AS |
| **Filer:** | Farmers Direct Property and Casualty Insurance Company |
| **Document Number:** | 117 |

**Docket Text:**
**NOTICE OF MOTION AND MOTION for Summary Judgment as to IN SUPPORT OF DEFENDANT MOTION FOR SUMMAR JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT filed by Defendant Farmers Direct Property and Casualty Insurance Company. Motion set for hearing on 9/28/2026 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # (1) Supplement SEPARATE STATEMENT) (Canby, Kelly)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Kelly Fitzgerald Canby kcanby@grsm.com, kyeoun@grsm.com

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\2026-08-31 DEF MEMO OF POINTS AND AUTHS ISO OF DEF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468892-0]
[b1c28fff929489381342f8a0ef588f530495e1dfcc53f0659ef0c3a36db875c03a79
0248ff4a42b4536ab18fb380be4b12e4178fe1ad05a449d13f4f6fe18ffa]]
**Document description:**Supplement SEPARATE STATEMENT
**Original filename:**C:\fakepath\2026-08-31 D'SOL DEF SEPARATE STATEMENT OF UNCTROVERTED FACTS AND CONCLUSIONS OF LAW ISO OF MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468892-1]
[3383c7d28494548e2c1e9b265f0d933d7ead77bba31d900d3c0da50f3dac9942740e
bf6326bd7175b2a091825f005bc59a974c9a20cf935b821a0460dcd3824d]]

**Kelly Canby**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Tuesday, September 1, 2026 12:05 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Motion for Sanctions |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Bernard, Michelle on 9/1/2026 at 0:05 AM PDT and filed on 9/1/2026

| | |
|---|---|
| **Case Name:** | Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al |
| **Case Number:** | 2:25-cv-10938-SVW-AS |
| **Filer:** | Farmers Direct Property and Casualty Insurance Company |
| **Document Number:** | 118 |

**Docket Text:**
**NOTICE OF MOTION AND MOTION for Sanctions Terminating Sanctions as to Luna D'Sol filed by defendant Farmers Direct Property and Casualty Insurance Company. Motion set for hearing on 9/28/2026 at 01:30 PM before Judge Stephen V. Wilson. (Bernard, Michelle)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Kelly Fitzgerald Canby kcanby@grsm.com, kyeoun@grsm.com

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\2026-08-31 D'SOL - DEF NTC OF MOTION AND MOTION FOR TERMINATING SANCTIONS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468898-0]
[388ad7197539c286f3b53f782ad1b6f80841019f324e5e6b2f723c2de3e69f84bf31
a2187d68e3c8a57f0cfb417688cebbd9bcf1b40d659a097286196154c668]]

**Kelly Canby**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Tuesday, September 1, 2026 1:02 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Motion for Summary Judgment |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Canby, Kelly on 9/1/2026 at 1:02 AM PDT and filed on 9/1/2026

| | |
|---|---|
| **Case Name:** | Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al |
| **Case Number:** | 2:25-cv-10938-SVW-AS |
| **Filer:** | Farmers Direct Property and Casualty Insurance Company |
| **Document Number:** | 119 |

**Docket Text:**
**NOTICE OF MOTION AND MOTION for Summary Judgment as to OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT filed by Defendant Farmers Direct Property and Casualty Insurance Company. Motion set for hearing on 9/28/2026 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # (1) Declaration of Bryce Spradling in Support of Defendant Farmers Direct's Motion for Summary Judgment, or in the Alternative Summary Adjudication, # (2) Declaration of Michael Saskor in Support of Defendant Farmers Direct's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, # (3) Declaration of Donnie Means in Support of Defendant Farmers Direct's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, # (4) Declaration of Paul Hamilton in Support of Defendant Farmers Direct Property Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, # (5) Declaration of David in Support of Defendant Farmers Direct Property Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, # (6) Declaration of Kelly Fitzgerald Canby in Support of Defendant Farmers Direct Property Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, # (7) Declaration of Elisa Martinez in Support of Defendant Farmers Direct Property Casualty Insurance Company's**

**Motion for Summary Judgment or in the Alternative, Partial Summary Judgment) (Canby, Kelly)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Kelly Fitzgerald Canby kcanby@grsm.com, kyeoun@grsm.com

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\2026-08-31 D'SOL DEF NTC OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-0]
[b90b23e5d840d02cb174994638d8248d3a3b3da6b1555d155f96aa554b74aeb3e3e8
5fc0b78b2c8f6765e6232bf3aaa00465fee353887331aa6792ff22979f4a]]
**Document description:**Declaration of Bryce Spradling in Support of Defendant Farmers Direct's Motion for Summary Judgment, or in the Alternative Summary Adjudication
**Original filename:**C:\fakepath\2026-08-31 D'SOL - DECL OF BRYCE SPRADLING ISO DEFENDANT'S MSJ WITH ALL EXHIBITS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-1]
[1e42291aa044d60d6214a452a9bd6f81cbaad660981b7a7b978dd799afeaf3b81691
0c0a8582fa9eb65e3273d1bdd2e09e9d517d6e9947bcb20aa95bccb385ba]]
**Document description:**Declaration of Michael Saskor in Support of Defendant Farmers Direct's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment
**Original filename:**C:\fakepath\2026-08-31 D'SOL - DECL OF MICHAEL SASKOR ISO DEFENDANT'S MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-2]
[6155ced28e0e6ed68c3ae5cdbd34120925787ef072a650ba357aac7812b7a37b975d
f2b1f2a1b2137114eea91dbcdcc56796d008cd1cff0e73dd4b561b50f481]]
**Document description:**Declaration of Donnie Means in Support of Defendant Farmers Direct's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment
**Original filename:**C:\fakepath\2026-08-31 D'SOL DECL OF DONNIE MEANS ISO DEFENDANT'S MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-3]
[80a19323dd734421f88cb9aae561d86db4aa80506cf06fdb0d3b28fc9b1b981cea4a
0beb7f8df73b89bbfb7761fc7725032700ae1d7f6edd30c4bf4620ad4299]]
**Document description:**Declaration of Paul Hamilton in Support of Defendant Farmers Direct Property

Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment
**Original filename:**C:\fakepath\2026-08-31 D'SOL DECL OF PAUL HAMILTON ISO MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-4]
[7b14f7aec96917a5d9f73804497d322e89d427f53ddbeefd6a5786b64eed0fc26390
f09db9f406bb7b4aaba0f659947a759bc8a8f4dc4e7c2b451e4c53c19864]]
**Document description:**Declaration of David in Support of Defendant Farmers Direct Property Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment
**Original filename:**C:\fakepath\2026-08-31 D'SOL DECL OF DAVID A. CORONA ISO DEFENDANT'S MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-5]
[3cf420637e95ee5bfbf0f174509ce5ef3b9f7445cb345cc4696fbffcbecad25d0fd4
51ee434ba3a17d452b4d85e44b1243abd15fed23812ff57ff0e927ed1fa8]]
**Document description:**Declaration of Kelly Fitzgerald Canby in Support of Defendant Farmers Direct Property Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment
**Original filename:**C:\fakepath\2026-08-31 D'SOL DECL OF KELLY FITZGERALD CANBY ISO DEFENDANT'S MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-6]
[c42cb12c9ec9b172644c036e1a90e3e5086c16305381f212e5488a78af98c1ddc452
fe181d543ba22bbd797348975e08f171f4f5c105837929f49396c994b721]]
**Document description:**Declaration of Elisa Martinez in Support of Defendant Farmers Direct Property Casualty Insurance Company's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment
**Original filename:**C:\fakepath\2026-08-31 D'SOL - DECL OF ELISA MARTINEZ ISO DEFENDANT'S MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468928-7]
[9bc24cf87d47153e744b845a954a3f8a0b7404a7d4b9f7625f4295c9b47ed6ffd52a
d90c19fa013dccff0c4e9f9710d2a3458cd1afdd608823639eac0527fbaa]]

**Kelly Canby**

**From:** cacd_ecfmail@cacd.uscourts.gov
**Sent:** Tuesday, September 1, 2026 1:09 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Notice of Lodging

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Canby, Kelly on 9/1/2026 at 1:09 AM PDT and filed on 9/1/2026

**Case Name:** Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al
**Case Number:** 2:25-cv-10938-SVW-AS
**Filer:** Farmers Direct Property and Casualty Insurance Company
**Document Number:** 120

**Docket Text:**
**NOTICE OF LODGING filed *of Discovery Materials in Support of Motion for Summary Judgment or in the Alternative, Partial Summary Judgment* re NOTICE OF MOTION AND MOTION for Summary Judgment as to IN SUPPORT OF DEFENDANT MOTION FOR SUMMAR JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [117], NOTICE OF MOTION AND MOTION for Summary Judgment as to OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [119] (Canby, Kelly)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Kelly Fitzgerald Canby kcanby@grsm.com, kyeoun@grsm.com

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\2026-08-31 D'SOL DEF NOTICE OF LODGEMENT RE DISCOVERY MATERIALS ISO MSJ.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468931-0]
[96bff5501573a3ea4c5b9b92f894832aeaea50cdee40c555b37ae00739622d4af960
3f33144f9680968a1456c054a178377ec2622db1a494cfbdb43a40894444]]

**Kelly Canby**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Tuesday, September 1, 2026 3:13 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Declaration (Motion related) |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Bernard, Michelle on 9/1/2026 at 3:13 AM PDT and filed on 9/1/2026

| | |
|---|---|
| **Case Name:** | Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al |
| **Case Number:** | 2:25-cv-10938-SVW-AS |
| **Filer:** | Farmers Direct Property and Casualty Insurance Company |
| **Document Number:** | 121 |

**Docket Text:**
**DECLARATION of Michelle R. Bernard in support of NOTICE OF MOTION AND MOTION for Sanctions Terminating Sanctions as to Luna D'Sol [118] filed by Defendant Farmers Direct Property and Casualty Insurance Company. (Attachments: # (1) Exhibit 1-8 to Declaration of Michelle Bernard, # (2) Memorandum)(Bernard, Michelle)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Kelly Fitzgerald Canby kcanby@grsm.com, kyeoun@grsm.com

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\2026-09-01 D'SOL - MRB DECL ISO MOTION FOR TERMINATING SANCTIONS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468940-0]
[9a31fce89299a949abd83b97b2096c32479246b7890f43f7e9a5106bcb7f6129ae58
17f94cead0233c6777625c581f7ce39e3d19f6a68da0d6a1bfaf604dde53]]
**Document description:**Exhibit 1-8 to Declaration of Michelle Bernard
**Original filename:**C:\fakepath\EXHIBITS 1-8 TO MRB DECL.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468940-1]
[00bd4707c30de33ecce2a5b056ea79da6e02bf354c15485d5b56e836c2e77eff2e3f
fd1e9a4744bbfc81cd7e1521ebba3765d4063ff1633f4a8d4be659afe744]]
**Document description:**Memorandum
**Original filename:**C:\fakepath\2026-09-01 D'SOL - DEF MEMO OF PA ISO MOTION FOR TERMINATING SANCTIONS AGAINST PLAINTIFF.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/1/2026] [FileNumber=43468940-2]
[27e178f836d808ae7376b4f343bcbee49f9866aae4448fd198a6a2236f4ee4ca14cf
cfa99f447f15dad636016aad5efd17726559acd9af4a42eb877e14d69fc5]]

# EXHIBIT 2

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 7:31 PM
**To:** 'Luna D'Sol'
**Cc:** Michelle Bernard; viewer.ratios7s@recap.email; lunadsolts@gmail.com
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings
**Attachments:** LUNA D'SOL 2.26.26 INITIAL DISCLOSURE TRANSMITTAL EMAIL.pdf; 2026-02-26 D'SOL DEF'S INITIAL DISCLOSURES - PROOF OF SERVICE.pdf; D'SOL - ECF 54.1 PLAINTIFF'S DECLARATION ISO MOTION TO COMPEL AND SANCTIONS(114272973.1).pdf; LUNA D'SOL 4.23.26 EMAIL RE JOINT STIPULATION.pdf

Ms. D'Sol

This email responds to your email of September 8, 2026 [4:49 PM] (below) which Ms. Bernard was not copied on. She is on an international flight and returning tomorrow.

The record clearly reflects your express consent to email service both as result of your email communications with Ms. Barnard and as result of your signature on the Application for Permission for Electronic Filing [ECF Doc. 10] whereby you affirmed your review and consent to the following: "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**." Where a court's local rules, administrative guide, or CM/ECF registration form expressly state that registration constitutes consent to electronic service, a party's registration satisfies the written consent requirement of Rule 5(b)(2)(E) without any additional act. "Many, if not all, courts require attorneys and pro se users to give consent to electronic service before being allowed to register to use CM/ECF." *See* Federal Practice and Procedure (Wright & Miller), § 1147 (April 2026 Update), citing *E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 Fed. Appx. 657 (9th Cir. 2011) (for citation rules see Ninth Circuit Rule 36-3) (service proper because local rule explained that registration with CM/ECF system constituted consent to receive service electronically) and *Hamilton v. Willms*, No. CV F 02-6583 AWI SMS, 2007 WL 1098750 (E.D. Cal. 2007) (no evidence that defendants opted not to be served electronically).

Moreover, your express consent and agreement to electronic service by email, including for unfiled documents such as discovery items is further evidenced by your own conduct, including the subsequent exchange of Initial Disclosures on February 26, 2026 by email service only (see attached). *Greenly v. Lee*, No. CIV S-06-1775 WBS EFB, 2008 WL 298822 * 1 (E.D. Cal. February 1, 2008) (where local rule required acceptance service by electronic means unless expressly opt out, "plaintiff argues that this rule applies only to service of documents that are filed with the court and not to discovery responses, **plaintiff's own service of discovery responses by electronic means undermines this argument**") (emphasis added). Moreover, in the "DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES" filed on March 16, 2026 [ECF Doc. 54-1] ("D'Sol Decl."), you stated the following under oath regarding Defendant's email service of the Initial Disclosures (without mention of any objection related to purported invalidity of email service no doubt because service by email was previously requested by you and expressly consented): "**On February 26, 2026, Defendant served its Initial Disclosures**." D'Sol Decl., ¶ 2 (emphasis added) (copy attached). Additionally, on April 23, 2026, when you initiated the Local rule 37-2.2 Joint Stipulation procedures related to your second motion to compel everything was done by email only and no request from you that its should be handled otherwise. *See e.g., E&J Gallo Winery v. Encana Energy Services,*

*Inc.*, No. CV-F-03-5412 AWI LJO, 2005 WL 6408198 (E.D. Cal. July 5, 2005) (registration and use of CM/ECF system viewed as consent to receipt of amended deposition notice by electronic service unless opted); *Baldwin v. U.S.,* 823 F.Supp.2d 1087, 1109 (N.M.I. 2011) (holding that registration and participation in CM/ECF also constituted consent to email service); *Securities and Exchange Commission v. Southridge Capital Management LLC*, No. 3:10-cv-1685-RNC, 2013 WL 10595697 (D. Conn. February 27, 2013) (service of the Requests by email was proper, as the Defendants consented to electronic service of all documents (including discovery) as participants in the Court's CM/ECF system").

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, September 8, 2026 4:59 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Meet and Confer Regarding Motion to Strike Recent Filings

Hi Kelly,

The email you are forwarding from 3:01p was never received.

IF you are referring to this communication:

Plaintiff:
For purposes of efficiency, please confirm whether you consent to **service by email** for all future filings and correspondence in this matter. If so, please confirm the preferred service email address.

Bernard:
"While all substantive pleadings (*i.e.* motions, etc.) will need to be filed/served via the District Court's ECF system per Central District Local Rules, we are amenable to service via email of courtesy copies of substantive pleadings, discovery pleadings and correspondence."

As you can see, that was not a consent for me to receive e-service. And for your other point, consent to electronic service must be express and cannot be implied from conduct.

The application granted for ECF filings does not waive service of documents outside of what is filed in ECF.

On Jesus Sanchez, I disagree with your conspiracy theory.

While I did not have access to ECF Farmers mailed all the documents to my home, I still have the documents.

There has never been an express consent from me to receive electronic service from Farmers or your office or anyone that works for your employer.

Luna

On Sep 8, 2026, at 15:06, Kelly Canby <kcanby@grsm.com> wrote:

Here is the email again.

---

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 3:01 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Cc:** 'viewer.ratios7s@recap.email' <viewer.ratios7s@recap.email>; 'lunadsolts@gmail.com' <lunadsolts@gmail.com>
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings

Hello Ms. D'Sol –

I can be available for a meet and confer call with you tomorrow 9/9/26 (from noon through rest of the day) or 9/10 (after 10:30 a.m.)?

As you may recall, shortly after this case was removed to federal court you submitted your Application for Permission for Electronic Filing [ECF Doc. 10] whereby you affirmed, among other things, that you had reviewed Local Rule 5-4.1.1 and the additional instructions and information on the Court's website ("www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers") and that "**I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail**." Significantly, as noted on the court's website "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**" (emphasis added). At or around the same time you also proposed to Ms. Bernard that the parties conduct "service by email" going forward for the "purposes of efficiency" and Ms. Bernard agreed. Significantly, when the parties exchanged Initial Disclosures on February 26, 2026 this was conducted by email service only by both parties and without any objection from you given such email service agreement and later discovery was handled the same way.

The Court granted your Application for Permission for Electronic Filing on November 25, 2025 [ECF Doc. 12] and directed you to register with the Court's CM/ECM System within five (5) days per Local Rule 5-4.1.1 and which you presumably did because when the Court later issued its "NEW CASE ORDER" [ECF Doc. 13] the "automatic e-mail message generated by the CM/ECF system" states that "Notice has been electronically mailed to: . . . Luna D'Sol jravada@icloud.com" and the Court was no longer sending you any notices

through the mail as had been done earlier in the case. Soon after you began to file documents yourself using the Court's CM/ECF System including various filings related to your initial motion to remand on or around December 5, 2025. For example, you filed a Supplemental Declaration under oath [ECF Doc. 15] which states the following: "I recently obtained CM/ECF filing access as a pro se litigant and am re-submitting the same Motion to Remand documents **directly through CM/ECF to ensure prompt docketing and <u>service on all</u>**." (emphasis added).

Accordingly, you clearly understood that filing documents through the CM/ECF system is the mechanism that accomplishes the electronic service on all parties in the case who are registered and using the CM/ECF system for the case and that no additional service is required. Although I was not aware that another person named "JESUS SANCHEZ" resides at your home "2275 E. Belding Dr Palm Springs CA 92262," you filed a copy of a declaration from this alleged "Non-Party Declarant" on or about December 5, 2025 related to the service of your motion to remand which states: "**The CM/ECF system automatically served all registered counsel of record in this case . . . <u>I did not perform any additional manual service because none is required</u>**." [ECF Doc. 14-3, p. 2:4-25 (emphasis added)]. I can only presume that you must have instructed "JESUS SANCHEZ" regarding the applicable Local Rule and CM/ECF system service requirements so that such a declaration could be so prepared and electronic service accomplished (assuming that such a person even exists). Additionally, as you previously affirmed as part of your Application for Permission for Electronic Filing [ECF Doc. 10], "I have regular access to the technical requirements necessary to e-file," among other requirements for a participant and user of the Court's CM/ECF System, including an "email account on a daily basis to receive notifications from the court and notices from the e-filing system."

As you are well aware, all of Farmers Direct's motions were electronically served per the Court's CM/ECF System and electronic service was properly accomplished by the electronic delivery to the email address you have on file with that system as confirmed by the notice emails generated by the CM/ECF System (which you apparently recently updated). Please recall that you did not appear at the Local Rule 7-3 and Local Rule 37-1 TEAMs videoconference on August 13, 2026, at 11:00 a.m. despite being twice rescheduled at your request (and I also called you and emailed you to ask join the conference and waited for an hour but you chose not too and instead falsely stated that I had cancelled such meeting) and the grounds for Farmers Direct's MSJ and Motion for Terminating Sanctions were shared with you by email well in advance of the filing of these motions along with requests to further dismiss these issues per Local Rule 7-3 but you were apparently unwilling to do so. You also failed to timely engage in the pretrial conference meet and confer procedures of Local Rule 16 and so given applicable timing of the approaching pretrial conference Farmers Direct's motion in limine nos. 1-4 were filed yesterday (and served on you per the CM/ECF System as required) and those motions are largely based on the very same issues subject of Farmers Direct's prior and repeated requests to hold Local Rule 37-1 and/or Local Rule 7-3 conferences with you but which you evaded through deceptive means.

As a user of the Court's CM/ECF System it is your responsibility to maintain your technical capabilities and requirements to access the system and to regularly check your email, including on a daily basis, for court notice or other email service items.

Please let me know when you would like to discuss these issues further (as noted above I have availability tomorrow afternoon and then next day also)?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 1:25 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings

My phone just rang one time now and then stopped?

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 1:22 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings

I did not receive a call or message from you. I will respond to your prior email this afternoon.

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, September 8, 2026 1:20 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Meet and Confer Regarding Motion to Strike Recent Filings

Hi,

I just tried to call you and it appears as if you had blocked my calls. And being that it is 1:19pm and have not heard about my meet and confer request then I will proceed

Luna

On Sep 7, 2026, at 10:34, Luna D'Sol <jravada@icloud.com> wrote:

Dear Ms. Canby and Ms. Bernard:

I am still waiting for your new filings to arrive at my address via my select method of service... any tracking number you can sharer?

I have not been served with these filings, and the documents are presently inaccessible to me through the electronic docket. I also understand that Farmers filed them without first meeting and conferring with me as required.

I am therefore reaching out to meet and confer regarding my anticipated application or motion challenging and seeking appropriate relief concerning these filings based on their procedural deficiencies, including lack of service, lack of access, failure to meet and confer, and any other defects identified upon review.

Please let me know your availability to meet and confer regarding these issues.

For the avoidance of doubt, I expressly reserve all rights and objections to the filings and to every factual assertion, representation, characterization, and procedural position contained therein. Nothing in this correspondence constitutes an admission, waiver, stipulation, consent, or agreement with any statement or position asserted by Farmers.

If the matter is not resolved through the required meet-and-confer process, I will proceed with the appropriate application or motion for relief.

Please preserve all documents, communications, metadata, filing materials, and records concerning the preparation, filing, and service of these documents.

All rights and objections are expressly reserved

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 3

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, September 9, 2026 2:22 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard |
| **Subject:** | RE: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct |

Hello Ms. D'Sol –

Nice to speak with you. As I mentioned on the phone, we are sympathetic to your health issues and surgery and are willing to recommend to our client to agree to continue certain deadlines (not already expired) for a reasonable amount of time but we need a specific proposal as far as which dates you are seeking to continue and for exactly how long, etc.

Kelly Canby

---

**From:** Kelly Canby
**Sent:** Wednesday, September 9, 2026 1:03 PM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Hello Ms. D'Sol

We want to fairly accommodate any genuine health issues such as with a surgery and so curious of how long of a potential continuance do you think you may reasonably need until you are ready to resume?

Also do you anticipate seeking a continuance of all pending dates (e.g., hearing, FSC, trial) and if so, will you be seeking the same amount of time as to all (e.g., of at least X days or X weeks, etc.) or different for each?

To the extent that there is any potential stipulation and/or continuance of the 9/28 hearing dates what type of continued and/or revived briefing schedule/timing do you reasonably think you might need and/or intend to seek to allow for your healthy participation?

As explained further below my office encountered a series of unforeseen technical failures on August 31, 2026 which resulted in both motions being filed a few minutes after midnight (albeit such minimal delay would not be grounds to deny those motions given the overall circumstances and computer system malfunctions), but perhaps we can further discuss the possibility of an agreed upon briefing schedule for both of these pending motions to resolve any potential notice concerns related to the MSJ/MTS. However, any potential adjustments to scheduling are ultimately up to the court and I understand that Judge Wilson is generally not inclined to grant continuances and apparently only does so very rarely.

Specifically, please note that we experienced a number of unexpected technical failures on August 31, 2026, both when using the CM/ECF System itself where preloaded documents were lost, and also with

the external computer system being used for those filings which repeatedly malfunctioned and so we had to obtain late night assistance and alternative computer system access which resulted both of those filings being done on a rolling basis with the MSJ document being filed at 12:02 a.m. and the first MTS document posting at 12:05 a.m. and the additional materials followed soon thereafter, albeit and this minimal delay presumably would not have had any significant impact on your available response time especially given there was already an extra day added due to the court holiday. *See e.g., Pryor v. Aerotek Scientific*, LLC, 278 F.R.D. 516, 522 (C.D. Cal. 2011) (denied motion to strike motion for class certification filed just a few hours after deadline); *Bennet v. City Kingman*, 543 F.Supp.3d 794, 803 (D. Ariz. 2021) (denied request of opposing party to reject summary judgment motion filed one day late); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (reversing district court decision that denied relief to plaintiff who filed summary judgment opposition brief three days late due to a combination of calendaring errors and also "due to technical computer circumstances beyond control"); (D. Ariz. November 20, 2025) (where motion for summary judgment was filed two days late and moving party "encountered technical errors with ECF, which prevented him from timely filing" and despite the other party's objection the court ruled that "technical difficulties constitute good cause to permit late filing"); *Pena v. Taylor Farms Pac., Inc.,* 305 F.R.D. 197 (E.D. Cal. 2015) (portions of motion for class certification filed one day late and court overruled opposing party's objections to late filed items "[b]ecause the delay was the result of unforeseen technical difficulties . . . and caused no prejudice, the court overrules this objection"); *In re Schrag*, 464 B.R. 909, 9111-102 (D. Or. 2011) (relief granted where motion was filed 1 hour 23 minutes late due to technical problems with browser while attempting electronic filing in CM/ECF system); *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.,* 422 F.3d 72 (2nd Cir. 2005); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also* Local Rule 5-4.6.2, Local Rule 6-1 and FRCP 6(b).

As far as the service of the RFAs please see my prior email communications from yesterday regarding your prior consent to electronic service and the attached declaration of Elisa Martinez confirming that timely delivery and service of the RFAs to your email address and additional email combinations alerting you to such service and delivery.

I will send out a TEAMs invite for 2:00 and perhaps we can plan to talk more then and also please let me know more details regarding the timing issues above?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, September 9, 2026 11:09 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Kelly,

Thank you for your email.

I just called you and lett a voicemail. I am writing to clarify the issues I intend to address in my ex parte application.

Farmers filed its Motion for Summary Judgment and other documents on September 1, 2026, and noticed the motion for hearing on September 28, 2026. This provides only 27 days between filing and the noticed hearing date. I understand that Local Rule 6-1 requires the motion to be filed at least 28 days before the hearing, absent an order providing otherwise.

In addition, I have not been served with the Requests for Admission that Farmers appears to rely upon in connection with its summary judgment motion. I therefore have not had an opportunity to review or respond to those requests, and I intend to address that issue in my ex parte application.

I also intend to address the applicable meet-and-confer requirements and the resulting prejudice to my ability to prepare a meaningful opposition.

As previously discussed, I have a scheduled surgery on September 30, 2026. I will provide the Court with appropriate supporting documentation and will specify the continuance requested for each affected date, including the September 28 hearing and any other dates for which relief is necessary.

I am providing this clarification so that Farmers has the information it requested regarding the basis and scope of the relief I intend to seek. Could you please call me or let me know if your client is willing to withdraw you filings including the ones from this weekend.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Sep 9, 2026, at 09:36, Kelly Canby <kcanby@grsm.com> wrote:
>
> Good Morning Luna --
>
> I hope you are feeling better today.
>
> Although Farmers Direct will not be joining a stipulation, when you file your ex parte application it would be very helpful to know each of the exact date(s) you are seeking to continue (e.g. just the 9/28 hearing date or other dates also such as 10/5 pretrial conference and/or 10/13 trial date), the length(s) of the sought continuance for each (e.g., for 5 days, and/or until on or after date X, etc) and the specific reason for each (e.g. a surgery on 9/30 and/other reasons) along with copies of appropriate supporting documentation and a further explanation as to why the length of the sought continuance is reasonably necessary. Please include these details in your ex parte application as this

information will aid Farmers Direct in its evaluation of your ex parte papers and whether or not it will oppose your ex parte application or any portion of the relief sought. Per the court's procedures, Farmers Direct can notify the clerk by 3:00 the day after you file your ex parte papers if it does not intend to file an opposition, but Farmers Direct needs to see your filed papers with these details and supporting information/documentation to make an informed decision.

Kelly Canby

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<D'SOL - ECF 126 PLAINTIFF NOTICE FILED 9.8.26(159782151.1).pdf>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **Subject:** | D'Sol v. Farmers Direct - Meet and Confer Re Potential Ex Parte Application/Timing Issues |
| **Location:** | Microsoft Teams Meeting |
| **Start:** | Wed 9/9/2026 2:00 PM |
| **End:** | Wed 9/9/2026 2:30 PM |
| **Show Time As:** | Tentative |
| **Recurrence:** | (none) |
| **Organizer:** | Kelly Canby |
| **Required Attendees:** | Luna D'Sol; Kelly Canby |
| **Optional Attendees:** | Michelle Bernard |

Hello Ms. D'Sol - if 2:00 is not a good time please let me know if you need to further adjust start time?

Kelly Canby

---

## Microsoft Teams meeting

### Join:

https://teams.microsoft.com/meet/223886079759561?p=sk3zcxV2KK2jWxEecs

Meeting ID: 223 886 079 759 561

Passcode: py99Ge2c

---

Need help? | System reference

### Dial in by phone

+1 415-856-9224,,352548386# United States, San Francisco

(888) 994-5245,,352548386# United States (Toll-free)

Find a local number

Phone conference ID: 352 548 386#

### Join on a video conferencing device

Tenant key: grsmsip@m.webex.com

Video ID: 111 656 251 7

More info

For organizers: Meeting options | Reset dial-in PIN

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

# EXHIBIT 4

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Thursday, September 10, 2026 10:40 AM
**To:** Luna D'Sol; lunadsolts@gmail.com; viewer.ratios7s@recap.email
**Cc:** Kiry Yeoun; Michelle Bernard
**Subject:** Confirming our telephone discussion - PLEASE TAKE NOTICE OF DEFENDANT'S EX PARTE APPLICATION 9/10/26 - RE: D'Sol v. Farmers Direct - Meet and Confer Re Potential Ex Parte Application/Timing Issues

**Importance:** High

Good Morning Ms. D'Sol –

Following up my phone call this morning pursuant to Local Rule 7-19.1 (and our prior telephone and email communications yesterday), **PLEASE TAKE NOTICE THAT today on September 10, 2026, I will be filing an ex parte application** on behalf of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") by electronically filing through the Court's CM/ECF System a written submission to Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012 (and a courtesy hard copy will also be delivered to the Hon. Stephen V. Wilson's chambers) which is brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure related to the technical failures and repeated computer system malfunctions, that we also discussed yesterday (and will now be in the form of my Declaration under oath as I explained on the phone today), that my office experienced on August 31, 2026 while preparing and during the electronic filings of Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] (collectively "MSJ") and Defendant's Motion For Terminating Sanctions [ECF Docs. 118, 121] (collectively "MTS") as well as technical failures during use of the Court's CM/ECF System including lost access to MSJ documents that were already timely preloaded into the CM/ECF System and at least three separate but unsuccessful attempts to upload large PDF files into the CM/ECF System and these delays were further compounded by additional and separate computer system failures experience by my Assistant Kiry Yeoun when attempting to reload the MSJ documents back into the CM/ECF System and so we obtained alternative computer system access and additional assistance from Michelle Bernard's Assistant Jer Vang-Zamora who has separate CM/ECF System access through Ms. Bernard's PACER account.

The MSJ and MTS are both noticed for hearing on September 28, 2026, at 1:30 PM at the Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012. As result of the technical failures and computer malfunctions mentioned above, the filings for both motions were done separately on a rolling basis at or around midnight with some documents posting shortly thereafter. For example, the first batch of MSJ documents to be filed are stamped on the caption pages as "**Filed 08/31/26**" [ECF Doc. 117, 117-1] but the associated "Notice of Electronic Filing" email notification (from cacd_ecfmail@cacd.uscourts.gov) states the "following transaction **was entered by Canby, Kelly on 9/1/2026 at 0:02 AM PDT and filed on 8/31/2026**"(emphasis added). The first of the MTS documents showed as being entered at 12:05 a.m. [ECF Doc. 118], and additional materials followed on a rolling basis thereafter [ECF Docs. 119,120, 121] with copies all materials being electronically delivered to you at the following email address jravada@icloud.com via the Court's CM/ECF System as confirmed by the "Notice of Electronic Filing"

confirmation emails for each of those filings. We will be electronically filing our ex parte application later this morning and service will be accomplished through electronic delivery of those materials to you through the Court's CM/ECF System at your registered email address on file with that system which I understand you recently updated.

Specifically, given the post-midnight postings of portions of the MSJ and the MTS, the ex parte application and my supporting declaration to be filed therewith are brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) and will seek an order shortening time on Defendant's motion for an order to either enlarge the filing time and/or to otherwise shorten or adjust the notice period so that both the MSJ and MTS are deemed timely filed based on the existing September 28, 2026 scheduled hearing date.

Additionally, please note the following instructions found on the website of the Hon. Stephen V. Wilson's website including that any opposing papers are to be filed not later than 3:00 p.m. on the first business day after the ex parte application was served and there is also a phone number below to call if you do not plan to oppose the ex parte application:

> Procedures for filing an ex parte application:
> Ex parte applications are considered on the papers and are not set for hearing. Counsel are advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. Counsel are advised that this Court allows ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications. **See In Re: Intermagnetics America, Inc.**, 101 Bankr. 191 (C.D. Cal. 1989). The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was **served**. If counsel are not going to oppose an ex parte application, they must inform the clerk at 213-894-2881. Counsel will be notified by the clerk of the Court's ruling. Honorable Stephen V. Wilson | Central District of California | United States District Court

We are also willing to continue to meet and confer with you relate to scheduling issues arising from your recently disclosed health issues and we are sympathetic to any genuine health issues and surgery and are willing to recommend to our client to agree to continue certain deadlines (not already expired) for a reasonable amount of time but we need a specific proposal as far as which dates you are seeking to continue and for exactly how long, etc. and we still await that information.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

-----Original Appointment-----
**From:** Kelly Canby <kcanby@grsm.com>
**Sent:** Wednesday, September 9, 2026 1:06 PM
**To:** Kelly Canby; Luna D'Sol
**Cc:** Michelle Bernard
**Subject:** D'Sol v. Farmers Direct - Meet and Confer Re Potential Ex Parte Application/Timing Issues
**When:** Wednesday, September 9, 2026 2:00 PM-2:30 PM (UTC-08:00) Pacific Time (US & Canada).
**Where:** Microsoft Teams Meeting

Hello Ms. D'Sol - if 2:00 is not a good time please let me know if you need to further adjust start time?

Kelly Canby

---

## Microsoft Teams meeting

**Join:** https://teams.microsoft.com/meet/223886079759561?p=sk3zcxV2KK2jWxEecs

Meeting ID: 223 886 079 759 561

Passcode: py99Ge2c

---

Need help? | System reference

### Dial in by phone

+1 415-856-9224,,352548386# United States, San Francisco

(888) 994-5245,,352548386# United States (Toll-free)

Find a local number

Phone conference ID: 352 548 386#

### Join on a video conferencing device

Tenant key: grsmsip@m.webex.com

Video ID: 111 656 251 7

More info

For organizers: Meeting options | Reset dial-in PIN

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

---

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, September 10, 2026 10:50 AM |
| **To:** | 'Luna D'Sol'; lunadsolts@gmail.com; viewer.ratios7s@recap.email |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | I just sent you an Ex Parte Notice Email / RE: Meet and confer |
| **Attachments:** | ECF 117 AND 117-1 CONFORMED CAPTION PAGES AND ECF CONFIRMATION EMAILS FOR ECF DOCS 117, 118, 119, 120, 121.pdf |

Hello Ms. D'Sol –

Following up on our phone discussion just now I sent you an ex parte notice email a few moments ago (and also provided you with notice orally during our call). Additionally, in response to your email below, please see attached materials that will be included with the Ex Parte Application that will be filed today and the substance of my supporting declaration with be the same information I shared with you on the phone and/or by email yesterday regarding the computer system malfunctions and technical failures we experienced during the electronic filings on August 31, 2026, but will now be presented in declaration form under oath.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, September 10, 2026 10:38 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Subject:** Meet and confer

Just to confirm you called stating you are filing a ex party because you are stating you had issues with your computer and that you have proof there were issues in the system. I asked you to show me proof so we can come up with an agreement, you said theylll be included in the ex parte and that I can see them after ECF sends them to me

I reminded you that this was not the rule you imposed on me on Kyle Mangione

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Thursday, September 10, 2026 10:59 AM
**To:** 'Luna D'Sol'; lunadsolts@gmail.com; viewer.ratios7s@recap.email
**Cc:** Michelle Bernard; Kiry Yeoun
**Subject:** RE: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Following on your email below and our call earlier this morning providing you with notice of Farmers Direct's ex parte application (and a notice email was also sent to you at approximately 10:40 a.m.), Farmers Direct will not withdraw its Motion for Summary Judgment or its Motion for Terminating Sanctions which are both noticed to be heard on September 28, 2026 and are the subject of the ex parte application related to the timing and computer system malfunctions we previously discussed.

With regard to the issues you very recently raised for the first time regarding your health and approaching surgery, we will continue to meet and confer with you in good faith related to your desired continuance for any genuine health issues but as I previously requested and explained further details and specifics are needed related to the scope, timing and nature of proposed continuance which have not yet been provided.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, September 9, 2026 3:09 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Ms. Canby,

That is not the impression I felt with after our conversation. Can you please let me know if you are going to refile your motions that have issues with hearing dates, service, and no meet and confer?

> On Sep 9, 2026, at 14:21, Kelly Canby <kcanby@grsm.com> wrote:
>
> Hello Ms. D'Sol –

Nice to speak with you. As I mentioned on the phone, we are sympathetic to your health issues and surgery and are willing to recommend to our client to agree to continue certain deadlines (not already expired) for a reasonable amount of time but we need a specific proposal as far as which dates you are seeking to continue and for exactly how long, etc.

Kelly Canby

---

**From:** Kelly Canby
**Sent:** Wednesday, September 9, 2026 1:03 PM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Hello Ms. D'Sol

We want to fairly accommodate any genuine health issues such as with a surgery and so curious of how long of a potential continuance do you think you may reasonably need until you are ready to resume?

Also do you anticipate seeking a continuance of all pending dates (e.g., hearing, FSC, trial) and if so, will you be seeking the same amount of time as to all (e.g., of at least X days or X weeks, etc.) or different for each?

To the extent that there is any potential stipulation and/or continuance of the 9/28 hearing dates what type of continued and/or revived briefing schedule/timing do you reasonably think you might need and/or intend to seek to allow for your healthy participation?

As explained further below my office encountered a series of unforeseen technical failures on August 31, 2026 which resulted in both motions being filed a few minutes after midnight (albeit such minimal delay would not be grounds to deny those motions given the overall circumstances and computer system malfunctions), but perhaps we can further discuss the possibility of an agreed upon briefing schedule for both of these pending motions to resolve any potential notice concerns related to the MSJ/MTS. However, any potential adjustments to scheduling are ultimately up to the court and I understand that Judge Wilson is generally not inclined to grant continuances and apparently only does so very rarely.

Specifically, please note that we experienced a number of unexpected technical failures on August 31, 2026, both when using the CM/ECF System itself where preloaded documents were lost, and also with the external computer system being used for those filings which repeatedly malfunctioned and so we had to obtain late night assistance and alternative computer system access which resulted both of those filings being done on a rolling basis with the MSJ document being filed at12:02 a.m. and the first MTS document posting at 12:05 a.m. and the additional materials followed soon thereafter, albeit and this minimal delay presumably would not have had any significant impact on your available response time especially given there was already an extra day added due to the court holiday. *See e.g.,Pryor v. Aerotek Scientific*, LLC, 278 F.R.D. 516, 522 (C.D. Cal. 2011) (denied motion to strike motion for class certification filed just a few hours after

deadline);*Bennet v. City Kingman*, 543 F.Supp.3d 794, 803 (D. Ariz. 2021) (denied request of opposing party to reject summary judgment motion filed one day late); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (reversing district court decision that denied relief to plaintiff who filed summary judgment opposition brief three days late due to a combination of calendaring errors and also "due to technical computer circumstances beyond control"); (D. Ariz. November 20, 2025) (where motion for summary judgment was filed two days late and moving party "encountered technical errors with ECF, which prevented him from timely filing" and despite the other party's objection the court ruled that "technical difficulties constitute good cause to permit late filing"); *Pena v. Taylor Farms Pac., Inc.,* 305 F.R.D. 197 (E.D. Cal. 2015) (portions of motion for class certification filed one day late and court overruled opposing party's objections to late filed items "[b]ecause the delay was the result of unforeseen technical difficulties . . . and caused no prejudice, the court overrules this objection"); *In re Schrag*, 464 B.R. 909, 9111-102 (D. Or. 2011) (relief granted where motion was filed 1 hour 23 minutes late due to technical problems with browser while attempting electronic filing in CM/ECF system); *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72 (2nd Cir. 2005); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also* Local Rule 5-4.6.2, Local Rule 6-1 and FRCP 6(b).

As far as the service of the RFAs please see my prior email communications from yesterday regarding your prior consent to electronic service and the attached declaration of Elisa Martinez confirming that timely delivery and service of the RFAs to your email address and additional email combinations alerting you to such service and delivery.

I will send out a TEAMs invite for 2:00 and perhaps we can plan to talk more then and also please let me know more details regarding the timing issues above?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, September 9, 2026 11:09 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Kelly,

Thank you for your email.

I just called you and lett a voicemail. I am writing to clarify the issues I intend to address in my ex parte application.

Farmers filed its Motion for Summary Judgment and other documents on September 1, 2026, and noticed the motion for hearing on September 28, 2026. This provides only 27 days between filing and the noticed hearing date. I understand that Local Rule 6-1 requires the motion to be filed at least 28 days before the hearing, absent an order providing otherwise.

In addition, I have not been served with the Requests for Admission that Farmers appears to rely upon in connection with its summary judgment motion. I therefore have not had an opportunity to review or respond to those requests, and I intend to address that issue in my ex parte application.

I also intend to address the applicable meet-and-confer requirements and the resulting prejudice to my ability to prepare a meaningful opposition.

As previously discussed, I have a scheduled surgery on September 30, 2026. I will provide the Court with appropriate supporting documentation and will specify the continuance requested for each affected date, including the September 28 hearing and any other dates for which relief is necessary.

I am providing this clarification so that Farmers has the information it requested regarding the basis and scope of the relief I intend to seek. Could you please call me or let me know if your client is willing to withdraw you filings including the ones from this weekend.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Sep 9, 2026, at 09:36, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Luna --

I hope you are feeling better today.

Although Farmers Direct will not be joining a stipulation, when you file your ex parte application it would be very helpful to know each of the exact date(s) you are seeking to continue (e.g. just the 9/28 hearing date or other dates also such as 10/5 pretrial conference and/or 10/13 trial date), the length(s) of the sought continuance for each (e.g., for 5 days, and/or until on or after date X, etc) and the specific reason for each (e.g. a surgery on 9/30 and/other reasons) along with copies of appropriate supporting documentation and a further explanation as to why the length of the sought continuance is

reasonably necessary. Please include these details in your ex parte application as this information will aid Farmers Direct in its evaluation of your ex parte papers and whether or not it will oppose your ex parte application or any portion of the relief sought. Per the court's procedures, Farmers Direct can notify the clerk by 3:00 the day after you file your ex parte papers if it does not intend to file an opposition, but Farmers Direct needs to see your filed papers with these details and supporting information/documentation to make an informed decision.

Kelly Canby

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<D'SOL - ECF 126 PLAINTIFF NOTICE FILED 9.8.26(159782151.1).pdf>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the

communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.