**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE; and DOES 2-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**DECLARATION OF LUNA D'SOL IN OPPOSITION OF DEFENDANTS MOTION FOR SUMMARY JUDGEMENT AND REGARDING NON-RECEIPT OF DEFENDANT'S REQUESTS FOR ADMISSION**

Judge: Hon. Stephen V. Wilson

Date: September 28, 2026 5, 2026

Time: 3:00 p.m.

Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.

FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: PLAINTIFF OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT, PLAINTIFF'S STATEMENT OF GENUINE DISPUTE IN OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT, PROPOSED ORDER

# DECLARATION OF LUNA D'SOL

I, Luna D'SOL, declare:

1. I am the Plaintiff in this action. I make this declaration based on my personal knowledge and, if called upon to testify, could and would competently testify to the matters stated herein.
2. I have personal knowledge of the facts stated in this Declaration. Where I refer to documents, communications, records, or other materials, I do so based on my personal receipt, review, participation in, or knowledge of those materials and events. I do not adopt, concede, or attest to the accuracy of factual assertions contained in declarations submitted by Defendant merely because I reference or respond to them. Any statement concerning Defendant's declarations, exhibits, or representations is made solely to identify, dispute, or address the evidence presented by Defendant and is not an admission of the truth, completeness, authenticity, or admissibility of any matter beyond the specific facts expressly stated herein.
3. I write this Declaration in opposition to Defendant's Notice of Lodgment of Discovery Materials, ECF No. 120, and in opposition to Defendants Motion for Summary Judgment violating LR 6-1 which states that Defendant's Requests for Admission (Set One) were "electronically served by email on July 2, 2026" to my email address, and that they were served pursuant to an alleged prior agreement and my alleged consent to electronic service.
4. I expressly reserve all rights and objections regarding jurisdiction, venue, and all related issues. My participation in this matter and compliance with the Court's orders are solely because I am required to do so by the Court, and my participation shall not be construed as my consent to jurisdiction, waiver of any objection, or abandonment of any position previously asserted or preserved.
5. My First Amended Complaint names Farmers Insurance Exchange as a named Defendant and identifies Farmers Insurance Exchange in each cause of action. Defendants' counsel has not stated whether Farmers Insurance Exchange accepts responsibility for the claims asserted against it.
6. **I did not receive Defendant's Requests for Admission (Set One) or any other Discovery material by email.** I dispute Defendant's assertion that I have been served properly.

7. I did not receive the Requests for Admission in a manner that placed them in my possession or otherwise provided me with the discovery requests Defendant now claims I failed to answer.
8. I therefore dispute Defendant's contention that the Requests for Admission became deemed admitted under Federal Rule of Civil Procedure 36(a)(3).
9. On July 20, 2026, I sent an email to Defendant's counsel reminding them that, outside of ECF, I had not consented to electronic service. A true and correct copy of my email reminding counsel of my service preference is attached hereto as **Exhibit 1** and incorporated herein by reference.
10. Attached hereto as **Exhibit 2** is a true and correct copy of my September 8, 2026 email correspondence with Defendant's counsel concerning the purported electronic service of documents in this action. In that correspondence, I expressly informed counsel that the email she was forwarding to me at that time had **never been received** by me. I further expressly disputed Defendant's assertion that I had previously consented to electronic service, explaining that the parties' prior correspondence concerning email service referred to courtesy copies and did not constitute my consent to electronic service. I also expressly stated that there had never been an express consent from me to receive electronic service from Farmers, Defendant's counsel, or anyone working for their office.
11. I dispute counsel's assertion that I refused to participate. I repeatedly attempted to communicate with defense counsel regarding the disputed matters. On July 31, 2026, Ms. Bernard expressly stated in an email: "Rest assured, I have not 'gone missing' as erroneously suggested in your email but **likewise I do not have time to contemporaneously respond to your self-serving and unhinged communications directed to me or Ms. Canby**." Since that time, I have attempted to contact Ms. Bernard by telephone on multiple occasions, but each attempt has disconnected without connecting me to her. Based on these repeated unsuccessful attempts, I believe my telephone number may have been blocked or otherwise prevented from connecting to Ms. Bernard**.** I have nevertheless continued attempting to communicate regarding the matters at issue. A true and correct copy of Ms. Bernard email is attached hereto as **Exhibit 3.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



:

**Dated: September 8, 2026 at Palm Springs California**

**By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069