**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE and DOES 2-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF LODGMENT OF DISCOVERY MATERIALS AND OBJECTION TO DEFENDANT'S RELIANCE ON PURPORTED DEEMED ADMISSIONS**

Judge: Hon. Stephen V. Wilson
**Date: September 28, 2026**
**Time: 1:30 p.m.** Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

**I. INTRODUCTION**

Plaintiff submits this Response to Defendant Farmers Direct Property and Casualty Insurance Company's Notice of Lodgment of Discovery Materials, ECF No. 120 ("Notice"), because Defendant relies upon the lodged Requests for Admission and purported Proof of Service to assert that Plaintiff was served with the Requests for Admission on July 2, 2026 and that Plaintiff thereafter failed to respond.

**Plaintiff expressly disputes that she received Defendant's Requests for Admission by email on July 2, 2026, or otherwise received the Requests for Admission in a manner constituting valid service.**

Defendant's Notice nevertheless states, as though established fact, that the Requests for Admission "were electronically served by email on July 2, 2026 to Plaintiff" and further asserts that the service occurred pursuant to a "prior agreement for service by email" and Plaintiff's "prior consent to receipt of electronic service." ECF No. 120 at 3.

Plaintiff disputes those assertions.

The existence of a Proof of Service prepared by Defendant does not itself establish that Plaintiff actually received the Requests for Admission. Nor does Defendant's unilateral characterization of an email transmission establish that the email was successfully delivered to, received by, or actually came to the attention of Plaintiff.

Because proper service is a prerequisite to the deemed-admission consequences Defendant seeks under Federal Rule of Civil Procedure 36(a)(3), the disputed service issue must be resolved before the purported admissions may be treated as established facts in connection with summary judgment.

**II. PLAINTIFF DISPUTES THAT THE REQUESTS FOR ADMISSION WERE RECEIVED ON JULY 2, 2026**

Defendant's Notice states that the Requests for Admission were "electronically served by email on July 2, 2026 to Plaintiff (jravada@icloud.com)." ECF No. 120 at 3. **Plaintiff disputes that she received those Requests for Admission by email on July 2, 2026. See D'SOL Decl. ¶ 2.**

**Plaintiff disputes that she received those Requests for Admission by email.**

The distinction between Defendant's claim that an email was sent and Plaintiff's actual receipt of the Requests for Admission is material. Defendant's Proof of Service is evidence of Defendant's asserted method of service; it is not, standing alone, conclusive proof that Plaintiff actually received the discovery request.

The distinction between Defendant's claim that an email was sent and Plaintiff's actual receipt of the Requests for Admission is material. Defendant's Proof of Service is evidence of Defendant's asserted method of service; it is not, standing alone, conclusive proof that Plaintiff actually received the discovery request.

Defendant therefore cannot establish deemed admissions merely by pointing to its own Proof of Service and asserting that the Requests for Admission were emailed.

**III. RULE 36(a)(3) REQUIRES SERVICE BEFORE THE DEEMED-ADMISSION CONSEQUENCE ARISES**

Federal Rule of Civil Procedure 36(a)(3) provides that a matter is admitted only when the responding party fails to serve an answer or objection within 30 days "after being served" with the request. Fed. R. Civ. P. 36(a)(3). (law.cornell.edu)

Thus, Defendant must first establish that the Requests for Admission were properly served.

The Ninth Circuit has recognized the potentially dispositive effect of deemed admissions under Rule 36, but those consequences arise from requests that have been properly served and thereafter left unanswered. *Conlon v. United States*, 474 F.3d 616, 621–22 (9th Cir. 2007). (cdn.ca9.uscourts.gov)

Here, Plaintiff disputes the predicate fact upon which Defendant's Rule 36 argument depends: **that Plaintiff was served with and received the Requests for Admission on July 2, 2026.**

Accordingly, Defendant cannot simply treat the matters contained in those Requests for Admission as conclusively admitted without first establishing valid service.

*///*

*///*

*///*

**IV. DEFENDANT'S PROOF OF SERVICE DOES NOT RESOLVE THE DISPUTED FACT OF RECEIPT**

Defendant identifies its Proof of Service as "LODGED DOCUMENT B." ECF No. 120 at 3. Plaintiff disputes the factual assertion underlying that Proof of Service to the extent Defendant relies upon it to establish that the Requests for Admission were actually received by Plaintiff. **Plaintiff's declaration establishes, based on her personal knowledge, that she did not receive the Requests for Admission on July 2, 2026. See D'SOL Decl. ¶ 2.**

Plaintiff disputes the factual assertion underlying that Proof of Service to the extent Defendant relies upon it to establish that the Requests for Admission were actually received by Plaintiff.

A proof of service is evidence offered by the serving party concerning the service it claims to have made. Where the opposing party directly disputes receipt, the Court must evaluate the evidence concerning whether service actually occurred rather than simply treating the assertion in the proof of service as an undisputed fact.

That dispute is particularly significant here because Defendant seeks to use the alleged service to impose the substantive consequence of Rule 36(a)(3)—deeming numerous factual propositions admitted and then relying upon those supposed admissions to obtain summary judgment.

**V. DEFENDANT'S ASSERTION OF A "PRIOR AGREEMENT" DOES NOT ESTABLISH THAT THE REQUESTS WERE ACTUALLY RECEIVED**

Defendant additionally states that the July 2 email service occurred "per the parties prior agreement for service by email and pursuant to the Plaintiff's prior consent to receipt of electronic service." ECF No. 120 at 3.

**Plaintiff disputes that assertion. Plaintiff did not provide express written consent to receive formal electronic service of discovery from Defendant or Defendant's counsel. See D'SOL Decl. ¶ 3.**

The parties' prior correspondence concerning email communication likewise does not establish that Plaintiff consented to formal electronic service of discovery. **See D'SOL Decl. ¶¶ 3–4, Ex. 1.**

Even assuming arguendo that the parties had previously discussed or agreed to some form of electronic communication, that does not establish the separate factual proposition that Plaintiff actually received the specific Requests for Admission Defendant now seeks to deem admitted

The Court should therefore distinguish among three separate propositions:

1. whether Defendant claims to have sent an email;
2. whether the email containing the Requests for Admission was actually delivered to Plaintiff; and
3. whether Plaintiff actually received the Requests for Admission.

Plaintiff disputes the second and third propositions. Defendant should not be permitted to collapse those distinct issues into the conclusory statement that the Requests for Admission "were electronically served."

**VI. THE PURPORTED DEEMED ADMISSIONS SHOULD NOT BE USED TO ESTABLISH DEFENDANT'S SUMMARY-JUDGMENT FACTS**

Defendant relies upon the purported admissions throughout its Separate Statement of Uncontroverted Facts.

Those purported admissions are not merely collateral discovery matters. Defendant uses them to support substantive propositions concerning Plaintiff's property damage, repairs, additional living expenses, Defendant's investigation, claim valuation, coverage determinations, alleged absence of evidence, Plaintiff's Unruh Civil Rights Act claim, and punitive damages.

If Plaintiff was not properly served with the Requests for Admission, however, the 30-day response period upon which Defendant relies never began.

Accordingly, the purported admissions cannot properly be used as the foundation for treating those factual propositions as conclusively established for purposes of Federal Rule of Civil Procedure 56.

Rule 56 requires the moving party to demonstrate that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A disputed discovery-service issue cannot be converted into an "undisputed fact" merely by repeating the assertion contained in the serving party's own Proof of Service.

## VII. THE COURT SHOULD NOT ACCEPT DEFENDANT'S CHARACTERIZATION OF THE JULY 2, 2026 EMAIL AS ESTABLISHED FACT

Plaintiff respectfully requests that the Court treat Defendant's assertion that Plaintiff received the Requests for Admission on July 2, 2026 as **disputed**, not as an established fact.

Plaintiff does not ask the Court to determine credibility in Defendant's favor or Plaintiff's favor on summary judgment. Plaintiff asks only that Defendant be required to establish the predicate fact upon which its Rule 36 argument depends before the Court treats the resulting matters as conclusively admitted.

The issue is therefore appropriately addressed as a threshold evidentiary and procedural dispute concerning the foundation for Defendant's claimed admissions.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. recognize that Plaintiff disputes Defendant's assertion that the Requests for Admission were received by Plaintiff on July 2, 2026;
2. decline to treat Defendant's Proof of Service, standing alone, as conclusively establishing Plaintiff's receipt of the Requests for Admission;
3. decline to treat the Requests for Admission as deemed admissions under Rule 36(a)(3) unless Defendant establishes that the Requests were properly served;
4. decline to rely upon the purported deemed admissions as undisputed facts in determining Defendant's Motion for Summary Judgment or Alternative Partial Summary Judgment; and
5. grant such other and further relief as the Court deems just and proper.

Respectfully submitted:

**Dated: 9/8/2025** **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069