**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE; and DOES 2-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Stephen V. Wilson
Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A
Trial Date: October 13, 2026
FSC: October 5, 2026

Filed concurrently with: Plaintiff's Opposition for Defendant's Summary Judgement, its supporting declaration, Plaintiff's Statement, Proposed Order

# PLAINTIFF'S OBJECTIONS TO EVIDENCE

Pursuant to Federal Rule of Civil Procedure 56(c)(2) and the Federal Rules of Evidence, Plaintiff Luna D'Sol hereby objects to the following portions of the declarations submitted by Defendant Farmers Direct Property and Casualty Insurance Company in support of its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (ECF Nos. 119-1 through 119-7). Plaintiff's silence as to any other portion of these declarations is not an admission that such portion is undisputed, admissible, or immaterial; Plaintiff's specific factual disputes are set forth in Plaintiff's Statement of Genuine Disputes of Material Fact, filed concurrently herewith.

## A. Declaration of Bryce Spradling (ECF No. 119-1)

| Material Objected To | Grounds for Objection |
| --- | --- |
| ¶ 6: "As far as I am aware based on my review of the Claim file, Plaintiff never asked Farmers Direct in writing (or otherwise) to remove 'Julio R. Ravada' as the name of the 'Named Insured' on the Policy as part of this Claim process." | Lacks foundation / personal knowledge, FRE 602: "as far as I am aware" is speculation based on an unspecified review of a file, not personal knowledge of a negative fact. Contradicted by declarant's own Exhibit 3 (¶ 9, infra), a written fax stating "Please address me as Luna (she / her / hers)." |
| ¶ 7: "Plaintiff never asked Farmers Direct to change the name of the listed 'Named Insured' on the Policy from 'Julio R. Ravada' to 'Luna D'Sol' as part of this Claim process." | Same grounds as ¶ 6: lacks foundation (FRE 602); contradicted by declarant's own Exhibit 3. |
| ¶ 8: "...this information was not immediately apparently given that her 'FAX' was not directed to any particular person and this information was a stray reference buried within a larger 18 page 'FAX' transmission..." | Improper lay opinion, FRE 701: characterization of what would be "immediately apparent" or "buried" calls for speculation as to a hypothetical reasonable reader's perception, not a fact within personal knowledge; argumentative. |
| ¶ 11: "Farmers Direct later made a business decision to change that denial | Lacks foundation, FRE 602: no identification of who made this decision or basis for declarant's |

| | |
|---|---|
| and allow Plaintiff another opportunity…” | knowledge of internal corporate decision-making. |
| ¶ 14: “Despite several suspicious aspect of Plaintiff's Claim which were reasonably investigated…” | Improper opinion / legal conclusion, FRE 701, 702: “reasonably investigated” is the ultimate issue in Plaintiff's bad-faith claim; invades the province of the jury; conclusory. |
| ¶ 15: “Farmers Direct handled the Claim reasonably and fairly and the Plaintiff's identification as a female (or previously male)…did not have any material impact on the outcome of her Claim and there was no discrimination.” | Improper opinion and legal conclusion on the ultimate issues of reasonableness (bad faith) and discriminatory intent (Unruh Act), FRE 701, 702; no foundation for declarant's knowledge of others' subjective motivations; invades the province of the jury. |

**B. Declaration of Michael Saskor (ECF No. 119-2)**

| Material Objected To | Grounds for Objection |
|---|---|
| ¶ 5.c: recounting that Dyson representative “Chahat” and an unnamed “Brilliant” staff member each told declarant that Plaintiff personally called to cancel her orders. | Hearsay, FRE 801, 802: out-of-court statements by non-party witnesses offered to prove the truth of the matter asserted (that Plaintiff, not a declined card, caused the cancellations); no exception applies. |
| ¶ 8: “Dion also reported that the state of the electrical panel was very odd for a vandalism claim because, based on his experience, the copper components are typically removed and taken when an electrical panel is vandalized, which did not happen here.” | Hearsay, FRE 801, 802: Dion's out-of-court opinion offered for its truth. Also improper expert opinion relayed through declarant without Dion being designated or qualified as an expert, FRE 702. |
| ¶ 10.b.iii: “I understand that Plaintiff is claiming in this action that Farmers Direct allegedly paid her $0.00 for the Ivey and Luke painting, but Plaintiff is | Argumentative; improper opinion / conclusion rather than a statement of fact, FRE 701. “But Plaintiff is wrong” |

| | |
|---|---|
| wrong. She was paid $8,958.50 for the painting." | is argument for the brief, not evidence for a declaration. |
| ¶ 24: "These estimates...are thorough, fair and a reasonably accurate estimation of the reasonable cost to replace the claimed stolen items..." | Improper lay opinion on an ultimate valuation issue reserved for a designated expert, FRE 701, 702: Saskor is a claims adjuster, not the retained valuation expert (Corona) designated on this exact issue; lacks the foundation required for an expert-level cost opinion. |
| ¶ 26: "Plaintiff's own collective estimate...is not supported...and exceeds the reasonable replacement cost value as established by the reliable and fair estimates..." | Same grounds as ¶ 24: improper lay opinion, conclusory, invades the jury's role on a disputed valuation question. |
| ¶ 27: "Farmers Direct has paid Plaintiff at least the reasonable costs to replace..." | Improper opinion / legal conclusion on the ultimate issue of contractual sufficiency of payment underlying the breach-of-contract claim, FRE 701, 702. |

**C. Declaration of Donnie Means (ECF No. 119-3)**

| Material Objected To | Grounds for Objection |
|---|---|
| ¶ 17: "...it is my opinion that this odd water was not emanating from the nearby dishwasher, toilet and/or surrounding plumbing and was not caused by the Incident at all." | Improper lay opinion on causation, FRE 701, 702: a water-intrusion source/causation determination is a technical question beyond permissible lay observation, offered without the Rule 26(a)(2)(C) foundation required of a non-retained expert opinion. |
| ¶ 18: "Plaintiff appeared to be actively using drugs on his desk," with | Lacks foundation / speculation, FRE 602, 701: no basis stated for "actively |

| | |
|---|---|
| accompanying reference to a personal item found during the inspection. | using drugs” beyond an unspecified photograph; unfairly prejudicial and irrelevant, FRE 401, 403 (offered only to embarrass Plaintiff); incorrect pronoun unsupported by any foundation. |
| ¶ 19: “...a poor decision to flush leftover shower coating mix down nearby toilet for disposal is a more likely explanation.” | Speculation, lacks foundation, improper opinion, FRE 602, 701: declarant offers a speculative alternative causation theory with no stated basis. |
| ¶ 26: “Despite the many irregularities associated with Plaintiff's Claim as discussed above, Farmers Direct ultimately accepted the Claim...” | Vague and conclusory; assumes disputed facts (“irregularities”) not independently established in this paragraph, FRE 701. |
| ¶ 30: “...I did not see any evidence that would support Plaintiff's request for an additional $90,000.00 in repairs and most of what Plaintiff is seeking has no reasonable relationship to any alleged Incident-related damages whatsoever.” | Improper lay opinion on scope/causation/valuation of repairs reserved for designated experts (Corona, Hamilton), FRE 701, 702; conclusory. |
| ¶ 32: “...this $9,196.64 figure exceeds the reasonable value to restore the Property to its pre-Incident condition...” | Same grounds as ¶ 30: improper lay opinion on an ultimate valuation issue, FRE 701, 702. |
| ¶ 33: “...Plaintiff's alleged identification as a female...did not have any influence on my evaluation and handling of the Claim.” | Improper opinion / self-serving conclusion as to declarant's own state of mind on the ultimate discriminatory-intent issue underlying the Unruh Act claim, FRE 701. The assertion is also directly undermined by declarant's own declaration: in ¶ 18, describing this same Claim, declarant refers to Plaintiff with a male possessive pronoun — “Plaintiff appeared to be actively using drugs on his desk” — notwithstanding that this declaration was executed on August |

| | |
|---|---|
| | 25, 2026, well after declarant admits (¶ 33) he learned Plaintiff "is now known as Luna D'Sol and identifies as female." A declarant who continues to refer to Plaintiff as "his" in the very declaration in which he swears her gender identity had no influence on him has not established, and hasx contradicted, that assertion. If declarant genuinely had no issue with Plaintiff's female gender identity, no explanation is offered for why he was still describing her using male pronouns years later, in a sworn filing prepared specifically to address the issue. |

**D. Declaration of Paul Hamilton (ECF No. 119-4)**

| Material Objected To | Grounds for Objection |
|---|---|
| ¶ 18: "An Examination Under Oath is a contractual right available to any insurance company," and "Farmers Direct's decision to move forward with an Examination Under Oath was both reasonable and consistent with standard industry practices." | Improper legal conclusion, FRE 702; Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998 (9th Cir. 2004) (expert may not opine on the ultimate legal conclusion of reasonableness underlying a bad-faith claim); unsupported ipse dixit as to "industry practices." |
| ¶ 25.f: "Farmers Direct did not compel Ms. D'Sol to institute litigation. Ms. D'Sol disagreed with Farmers Direct's evaluation of her claim and elected to institute litigation to resolve those disputes, which was certainly her right to do." | Irrelevant, FRE 401, 402; improper argument / editorializing outside the scope of declarant's claims-handling expertise, FRE 702. |

| | |
|---|---|
| ¶ 27: "It is my opinion that Farmers Direct, under the totality of the circumstances, during its investigation and evaluation of Ms. D'Sol's claim, reasonably complied with the claims handling standards promulgated by the State of California." | Improper legal conclusion, FRE 702; tracks the legal standard for the bad-faith claim verbatim ("totality of the circumstances," "reasonably complied"), improperly telling the jury what result to reach rather than assisting it with specialized knowledge. |
| ¶ 19 (Rule 26 report incorporation) and related paragraphs attributing claims-handling correspondence generally to "Farmers Direct." | Lacks foundation, FRE 602, 901: declarant's review materials include correspondence from Albert Pimentel identifying himself as "Property Field Claims Supervisor, Farmers Insurance Exchange," a distinct corporate entity; no foundation is laid for attributing that entity's conduct to Defendant Farmers Direct. |

**E. Declaration of David A. Corona (ECF No. 119-5)**

| Material Objected To | Grounds for Objection |
|---|---|
| ¶ 8: "...the observed 'vandalism' damage to the Property was relatively minor and primarily cosmetic or superficial in nature and did not affect the structural integrity of the Property nor the overall habitability of the Property." | Conclusory opinion without stated methodology, FRE 702; contradicted by Means Decl. ¶ 29 (Means himself instructed Plaintiff to obtain a hotel room because of the unrepaired broken window), creating a foundation and internal-consistency problem for this opinion. |
| ¶ 9: "Based on the available information, it does not appear that additional repairs are needed beyond those already compensated..." | Conclusory, hedged opinion ("does not appear") insufficient to support the certainty required for expert opinion testimony offered to defeat a genuine dispute, FRE 702. |
| ¶ 10: "...the repairs estimates prepared by Farmers Direct are thorough and | Improper opinion on the ultimate reasonableness issue underlying the |

| | |
|---|---|
| comprehensive ...and the repair cost valuation methodology used by Farmers Direct is reasonable, more than fair and met or exceeded industry standards." | bad-faith claim, FRE 702; improperly vouches for the work product of another witness (Means) rather than independently establishing methodology. |
| ¶ 16: "Plaintiff's scope of work found in the Progressive Home Remodeling...Estimate...is excessive and not reasonably necessary to restore the Property to its pre-loss condition." | Conclusory opinion, FRE 702; "excessive" and "not reasonably necessary" are the disputed ultimate questions on the breach-of-contract claim, not independently substantiated in this paragraph. |
| ¶ 18: "It is my understanding that Plaintiff did not designate any expert witnesses in this case such that my opinions...are unrefuted and unrebutted." | Improper legal argument, not a proper subject of expert opinion, FRE 702; belongs in the brief, not a supporting declaration; also irrelevant to any fact Corona has expertise to establish, FRE 401, 402. |

**F. Declaration of Kelly Fitzgerald Canby (ECF No. 119-6)**

| Material Objected To | Grounds for Objection |
|---|---|
| ¶ 8 n.1: "It soon became apparent that Plaintiff was not acting in good faith at all, had no sincere intention to meet and confer about anything and the scope of Plaintiff's purposeful campaign of dishonesty was frankly a bit frightening"; "Plaintiff is well aware that I did none of these things and instead is just attempting to create some fictional reality presumably for the purpose of seeking to deceive the Court." | Improper opinion and argument as to Plaintiff's subjective intent and state of mind, FRE 701 (no foundation for declarant's ability to know another person's mental state); unfairly prejudicial and inflammatory character attack, FRE 403; improper advocacy within a percipient-witness declaration. |
| ¶ 9: "Plaintiff refused to timely participate in the Local Rule 7-3 Conference and her later | Improper opinion / legal conclusion as to Plaintiff's compliance with the Local Rules and state of mind, FRE 701; argumentative. |

| | |
|---|---|
| communications were not made in good faith." | |
| ¶ 11: "This Court should not consider any evidence which is inconsistent with these deemed admission...and summary judgement should be granted in Farmers Direct's favor." | Improper legal argument / conclusion, not a fact within personal knowledge, FRE 602; invades the province of the Court; belongs in the memorandum of points and authorities, not a supporting declaration. |
| ¶ 19: "...the opinions offered by Farmers Direct's retained and non-retained experts are unbutted and unrefuted...Farmers Direct is now entitled to summary judgment as a matter of law." | Same grounds as ¶ 11: improper legal argument / conclusion within a fact declaration, FRE 602. |
| ¶ 25: "Although Plaintiff claims she never received the Notice of Deposition...Plaintiff's assertion is obviously untrue because..." | Argumentative; improper opinion vouching for a credibility determination reserved for the trier of fact, FRE 403, 701. "Obviously untrue" is argument, not fact. |
| ¶ 31: "Ms. Romero informed me that she never heard of Michael Reyes or Kings Power Electrical and she searched the Plaintiff's Property's address in her records to double check and confirmed that her Company had not done any work at Plaintiff's home and in fact her company does not do any work in Palm Springs at all." | Hearsay, FRE 801, 802: out-of-court statements by a non-party (Romero) offered for their truth; no applicable exception; also lacks foundation for the accuracy or completeness of Romero's own records as relayed secondhand, FRE 602. |
| ¶¶ 20–23 (arguing that Plaintiff's e-filing registration and prior correspondence establish consent to electronic service of discovery). | Improper legal conclusion regarding the legal sufficiency of consent under Fed. R. Civ. P. 5(b)(2)(E), a question of law for the Court, not a fact within declarant's competency to resolve, FRE 701; directly disputed. See Declaration of Luna D'Sol in Support |

| | |
|---|---|
| | of Plaintiff's Statement of Genuine Disputes, ¶¶ 3–6. |
| n.1: "…an email message I received from 'Kyle Mangione' (mangionekyle549@gmail.com) on August 15, 2025 [1:56 AM] after Kyle Mangione failed to appear at his noticed deposition on the afternoon of August 14, 2026…" | Lacks foundation / contradicted by declarant's own attached exhibit, FRE 602, 901: declarant swears the referenced email was received on August 15, 2025, but the same email is exhibited twice within her own declaration (at pp. 256 and 260 of the attached exhibit, Case No. 2:25-cv-10938, Doc. 119-6) bearing the header "Sent: Saturday, August 15, 2026 1:56 AM" — a full year later than sworn. A declarant who misstates by one year the date of the very email she attaches as an exhibit has not authenticated it and lacks the personal knowledge required to attest to its timing. |
| Exhibit embedded at p. 251 of the attached exhibit (Doc. 119-6): native email header reading "Sent: Wednesday, 12 August 2026 17:15:17," describing the same August 12, 2026, 5:15 p.m. email that is quoted elsewhere in the same exhibit (at p. 38) in the format "On Aug 12, 2026, at 17:15, Kelly Canby…wrote:" | Lack of authentication, FRE 901(a): this single native header uses day-month-year order with seconds precision ("12 August 2026 17:15:17"), a format found nowhere else among the dozens of native Outlook headers throughout the 351-page exhibit — including the header for a different email in the same chain, from the same account, printed immediately above it on the identical page, which instead reads "Sent: Friday, August 14, 2026 4:51 PM." The same single sender's own email client does not spontaneously alternate date conventions within one forwarded chain. The inconsistency is a genuine, unresolved question as to |

| | |
|---|---|
| | whether this exhibit is a true and accurate copy of an email as actually sent and received, warranting exclusion absent proper authentication under FRE 901. |

**G. Declaration of Elisa Martinez (ECF No. 119-7)**

| Material Objected To | Grounds for Objection |
|---|---|
| ¶ 9: "Accordingly, I attest and confirm that Plaintiff was electronically served with copies of Defendant Farmers Direct's Requests for Admissions (Set One), Interrogatories (Set One) and Requests For Production (Set One)...on July 2, 2026." | Improper legal conclusion, FRE 701; whether transmission of documents by email constitutes valid "service" under Fed. R. Civ. P. 5(b)(2)(E) — which requires the recipient's express written consent — is a legal conclusion for the Court, not a fact within a legal secretary's competency to "attest and confirm." Declarant's personal knowledge extends only to what she transmitted and the delivery confirmation she received, not to whether Plaintiff gave the consent the Rule requires. |

Plaintiff further objects to the following evidence submitted by Defendant in support of its concurrently-noticed Motion for Terminating Sanctions Against Plaintiff (ECF Nos. 120, 121, 121-1, 121-2), which is calendared for hearing on the same September 28, 2026 date as the Motion for Summary Judgment addressed above.

**H. Declaration of Michelle R. Bernard (ECF No. 121) ISO Motion for Terminating Sanctions**

| Material Objected To | Grounds for Objection |
|---|---|
| Notice of Motion for Terminating Sanctions (ECF No. 120) and supporting Declaration of Michelle R. Bernard (ECF No. 121), both filed September 1, 2026, | Improper notice, C.D. Cal. L.R. 6-1: a noticed motion must be filed at least twenty-eight (28) days before the hearing date absent a court order |

| | |
|---|---|
| noticing a hearing for September 28, 2026. | shortening time. September 1 to September 28, 2026 is twenty-seven (27) days — one day short of the Rule's minimum. No order shortening time appears on the docket. The Motion and its supporting Bernard Declaration should not be considered on the noticed hearing date absent compliance with L.R. 6-1. |
| Declaration of Michelle R. Bernard (ECF No. 121) at 6: “Executed this 1st day of September, 2026 at San Diego, California”; Memorandum of Points and Authorities (ECF No. 121-2) at 21: “Dated: September 1, 2026.” | Goes to weight and to any claim of excusable neglect or technical impossibility offered to justify the short notice above: declarant's own signature block establishes that Defendant's moving papers for the Terminating Sanctions Motion were still being drafted and executed on the same calendar day they were filed — the very day the 28-day notice period was already violated. By contrast, every declaration submitted in support of Defendant's concurrently-filed Motion for Summary Judgment (ECF Nos. 119-1 through 119-7) was completed and executed between August 18 and August 31, 2026 — up to two weeks earlier — establishing that defense counsel was fully capable of timely completing comparable papers when adequate lead time was taken. Any suggestion that a computer or technical malfunction, rather than incomplete drafting, caused the short notice is not supported by and is contradicted by this timeline. |

Plaintiff respectfully requests that the Court sustain each of the foregoing objections and disregard the objected-to material in ruling on Defendant's Motion.

Respectfully submitted:

**Dated: 9/14/2026** **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069