**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF MICHELLE R. BERNARD [ECF NO. 121] IN SUPPORT OF DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**

Judge: Hon. Stephen V. Wilson
Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 10A
Trial Date: October 13, 2026
FSC: October 5, 2026

Filed concurrently with Opposition to Defendant's Motion for Sanctions, supporting declaration, objections to Declaration of Karen Cho and Proposed Order

Plaintiff Luna D'Sol, appearing pro per, submits the following objections to portions of the Declaration of Michelle R. Bernard ("Bernard Decl."), filed September 1, 2026 as ECF No. 121, in support of Defendant Farmers Direct Property and Casualty Insurance Company's Motion for Terminating Sanctions. The objections below are directed to specific statements containing legal argument, unsupported conclusions, speculation concerning Plaintiff's intent or state of mind, hearsay recitation of conversations to which the declarant was not a party, and other matter exceeding the proper scope of declaration testimony.

**I. LEGAL STANDARD**

Central District of California Local Rule 7-7 provides that declarations submitted in connection with motions "shall contain only factual, evidentiary matter" and shall conform, as far as possible, to Federal Rule of Civil Procedure 56(c)(4). Rule 56(c)(4), in turn, requires declarations to be based on personal knowledge, set forth facts that would be admissible in evidence, and demonstrate the declarant's competence to testify to the matters stated. Conclusory or argumentative statements lacking an adequate factual foundation may be disregarded. Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982). Where sanctions based upon inherent authority are sought, the determination whether conduct constitutes bad faith or conduct tantamount to bad faith is committed to the Court upon the appropriate factual record. See Fink v. Gomez, 239 F.3d 989, 992–94 (9th Cir. 2001). Relevant evidence remains subject to Federal Rule of Evidence 403.

**II. SPECIFIC OBJECTIONS**

Plaintiff objects to the following specific portions of the Bernard Declaration on the grounds indicated below. Plaintiff does not object to the portions of the Bernard Declaration that are properly limited to authenticating attached correspondence and describing declarant's own, personally-witnessed communications on specific dates; Plaintiff's objections are directed at the argumentative, conclusory, speculative, and hearsay material identified in the table below.

| No. | Material Objected To | Grounds for Objection |
|---|---|---|
| 1 | Bernard Decl. ¶ 2, p.2:16-19: "Plaintiff failed to confer in a timely manner and she also engaged in conduct that made clear she had no intention of meet and conferring in good faith at all..." | Objection: Improper Lay Opinion on State of Mind; Lack of Foundation. FRE 602, 701.<br>Declarant offers no factual basis for characterizing Plaintiff's subjective "intention," only her own interpretation of Plaintiff's conduct. Whether Plaintiff acted in "good faith" is an inference for the Court to draw from the underlying correspondence (which speaks for itself and is separately before the Court), not a fact declarant may testify to. See Local Rule 7-7; Fed. R. Civ. P. 56(c)(4). |
| 2 | Bernard Decl. ¶ 6, p.3:5-7: "...Plaintiff's statement is entirely untrue." | Objection: Argumentative; Improper Vouching; Lack of Foundation. FRE 403, 602.<br>Declarant's characterization of Plaintiff's disputed factual statement as "entirely untrue" is argument, not evidence. The underlying emails (Exhibit 3) are before the Court and speak for themselves; declarant's editorial gloss should be disregarded. |
| 3 | Bernard Decl. ¶ 7, p.3:9-11: "Kelly Canby called Plaintiff back that evening but Plaintiff just used her time to make false accusations against defense counsel so it | Objection: Lack of Personal Knowledge; Hearsay; Improper Lay Opinion. FRE 602, 701, 802. |

| | | |
|---|---|---|
| | was apparent that Plaintiff did not have any intention in meet and conferring in good faith about anything." | Declarant was not a party to this telephone call — by her own account, Kelly Canby placed the call. Declarant therefore lacks personal knowledge of what was said, and any account of the call's content offered for its truth is hearsay. The characterizations "false accusations" and "apparent that Plaintiff did not have any intention... in good faith" are additionally improper opinion testimony as to another person's veracity and state of mind. |
| 4 | Bernard Decl. ¶ 8, p.3:15-18: "Plaintiff's failure to participate was not because she is unaware of the obligations and the rules, but rather Plaintiff made a calculated decision to focus her litigation efforts on continuing to challenge the jurisdiction of this Court rather than proceed with discovery..." | Objection: Improper Lay Opinion on State of Mind; Speculation; Lack of Foundation. FRE 602, 701.<br>"Made a calculated decision" attributes a specific mental state and strategic motive to Plaintiff without any stated basis for declarant's knowledge of Plaintiff's internal reasoning. This is precisely the kind of "conclusory or argumentative statement lacking an adequate factual foundation" that may be disregarded. Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982). |

| | | |
|---|---|---|
| 5 | Bernard Decl. ¶ 10, p.4:1-4: "Since that time Plaintiff has refused all attempts to proceed with discovery and instead focused on her various challenges to the Court's jurisdiction which was already decided on January 26, 2026 [ECF Doc. 33] but filed another Mon to Remand nevertheless." | Objection: Argumentative; Improper Legal Conclusion; Relevance. FRE 401, 402, 403.<br>Plaintiff's Renewed Motion to Remand was a properly noticed motion, fully briefed by both sides and resolved on the merits by this Court [ECF No. 85]. Characterizing the filing of an authorized motion as culpable conduct ("nevertheless") is argument directed at the propriety of Plaintiff's litigation choices, not a statement of fact within declarant's personal knowledge, and its probative value on the discovery-conduct issues actually before the Court on this motion is substantially outweighed by its prejudicial effect. |
| 6 | Bernard Decl. ¶ 13, p.5:19-23 & p.6:1-2: "Although Kelly Canby was able to speak with Plaintiff briefly on the phone on July 31, 2026, Plaintiff was unwilling to provide any potentially available dates... and Plaintiff share[d] that she was unwilling to participate in any discovery because she was still challenging the jurisdiction of this Court." | Objection: Lack of Personal Knowledge; Hearsay. FRE 602, 802.<br>As with ¶ 7, declarant recounts the content of a conversation between Kelly Canby and Plaintiff to which declarant was not a party. Declarant provides no foundation establishing how she came to know what was said on that call.<br>**Objection: Lack of Personal Knowledge; Hearsay. Fed. R. Evid. 602, 802.**<br>Bernard lacks personal knowledge of the |

| | | |
|---|---|---|
| | | July 31, 2026 telephone conversation between Kelly Canby and Plaintiff. Bernard was not a participant in that conversation and provides no foundation establishing how she personally knows what was said during it. To the extent Bernard offers Canby's alleged statements concerning Plaintiff's purported unwillingness to participate in discovery or the reason for that position for their truth, the statements are also hearsay under Rule 802. |
| 7 | Bernard Decl. ¶ 14, p.6:3-15: "...she never mentioned that she was apparently busy with other litigation activities... she was instead apparently engaged in an active bench trial... during this time around her noticed July 31, 2026 deposition." | Objection: Speculation; Lack of Foundation; Improper Inference Presented as Fact; Relevance/FRE 403. FRE 401, 402, 403, 602, 701. The repeated qualifier "apparently" concedes that this paragraph states an inference drawn from documents in unrelated state-court matters (Exhibits 7-8), not a fact within declarant's personal knowledge of Plaintiff's actual whereabouts or schedule on the dates in question. Whether a docket entry in a separate case actually conflicts, hour-for-hour, with the specific dates Plaintiff described is a matter for argument from the exhibits themselves — which should |

| | | |
|---|---|---|
| | | be offered and left to speak for themselves — not a conclusion declarant is competent to state as fact. The invitation to draw an adverse credibility inference from Plaintiff's unrelated litigation is also substantially more prejudicial than probative of the discovery conduct actually at issue in this motion. |
| 8 | Bernard Decl. ¶ 15, p.6:16-20: "...she would not provide any... Plaintiff has failed to respond... and refused to provide any documents identified in her Initial Disclosures despite an agreement to do so." | Objection, in part: Argumentative Characterization. FRE 403. Plaintiff does not object to the underlying factual assertion that certain discovery responses and documents have not yet been produced, which is properly a matter of record. Plaintiff objects only to the characterization of that non-production as a "refus[al]," which imputes willfulness beyond what the record independently establishes and is argument more properly reserved for the accompanying memorandum, not declaration testimony. The only reason why Plaintiff has not responded to discovery requests is because Defendants refused to served them by mail. |

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain the objections identified above and disregard the objected-to material in ruling on Defendant's Motion for Terminating Sanctions

Respectfully submitted:

**Dated: 9/14/2026** **By:** /s/ Luna D’Sol

**Luna D’Sol**