**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE and DOES 2-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT FARMERS DIRECT'S MOTION IN LIMINE NO. 4**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

## I. INTRODUCTION

Farmers Direct seeks to preclude Plaintiff from presenting any evidence supporting punitive or treble damages, exclude evidence concerning its financial condition, and bifurcate punitive damages. The motion should be denied because Farmers Direct attempts to convert three Requests for Admission into a categorical exclusion of an entire damages theory Farmers Direct relies on its assertion that RFAs Nos. 18, 74, and 75 are deemed admitted, but does not establish that those particular admissions have the sweeping legal and evidentiary effect Farmers Direct attributes to them. The motion therefore improperly asks the Court to determine the substantive effect and scope of those admissions through a motion in limine. The request concerning financial condition is likewise overbroad, and bifurcation under Rule 42(b) does not warrant exclusion or elimination of Plaintiff's punitive-damages claim. Accordingly, the Court should deny Motion in Limine No. 4, or limit any relief to the specific evidentiary restrictions required by applicable law.

Farmers is attempting to transform three RFAs into a categorical exclusion of an entire damages theory.

## II. FARMERS HAS NOT ESTABLISHED A BASIS TO PRECLUDE ALL EVIDENCE SUPPORTING PUNITIVE OR TREBLE DAMAGES

### A. Farmers' motion improperly treats the alleged RFA admissions as establishing the entire legal consequence it seeks.

Farmers Direct's first request is substantially broader than the RFAs on which it relies. RFAs Nos. 18, 74, and 75 concern specific factual propositions, but Farmers Direct asks the Court to convert those alleged admissions into an order precluding Plaintiff from presenting **any evidence** supporting her punitive- or treble-damages claims.

That conclusion does not follow merely from the existence of an admission. The Court must first determine the precise scope and legal effect of each RFA and whether the matters allegedly admitted establish every element necessary to eliminate the particular damages claims at issue. Farmers Direct does not make that showing.

A motion in limine should not be used to obtain a categorical merits determination where the requested exclusion depends upon unresolved questions concerning the scope and effect of discovery admissions. Accordingly, even assuming the identified RFAs are deemed admitted, they do not provide a basis for the sweeping exclusion Farmers Direct requests. The Court should deny Request No. 1.

**B. RFA No. 18 does not establish the elimination of every punitive or treble-damages theory.**

RFA No. 18 asks Plaintiff to admit that she does not have evidence supporting her claim for unlawful discrimination under the Unruh Civil Rights Act. Farmers Direct now relies on that RFA as a basis to preclude **any evidence** supporting Plaintiff's punitive- or treble-damages claims. That is an overextension of the admission. RFA No. 18 addresses the evidentiary support for a particular discrimination claim; it does not, on its face, establish that every factual matter relevant to punitive or treble damages is inadmissible or that every theory supporting such damages has been eliminated.

Farmers Direct therefore cannot obtain the categorical exclusion requested merely by citing RFA No. 18. At minimum, the Court should limit any effect of the admission to the specific matter actually admitted and deny Farmers Direct's broader request to preclude Plaintiff from presenting evidence supporting punitive or treble damages.

**C. RFAs Nos. 74 and 75 do not warrant a categorical evidentiary exclusion without determining the precise scope and legal effect of the admissions.**

Farmers Direct relies on RFAs Nos. 74 and 75 to argue that Plaintiff should be barred from presenting any evidence supporting punitive damages. RFA No. 74 concerns whether Plaintiff has evidence that an officer, director, or managing agent acted with oppression, fraud, or malice, while RFA No. 75 concerns evidence supporting an award of punitive damages under Civil Code § 3294.

Even assuming those RFAs are deemed admitted, Farmers Direct has not shown that the admissions warrant the sweeping evidentiary prohibition it seeks. An admission concerning the

evidence identified in a particular discovery request does not, without further analysis, establish that every item of evidence Plaintiff may seek to introduce at trial is inadmissible.

Farmers Direct therefore should not obtain an order precluding Plaintiff from presenting **any evidence** supporting punitive damages based solely on the alleged admissions. The Court should deny Request No. 1 or, at minimum, limit any effect of the RFAs to the matters actually admitted.

## III. FARMERS' REQUEST TO EXCLUDE ALL EVIDENCE CONCERNING ITS FINANCIAL CONDITION IS OVERBROAD

Farmers Direct asks the Court to exclude any "evidence, argument or reference" to its financial condition or status. That request is broader than the restriction imposed by California Civil Code § 3295(d).

Section 3295(d) addresses evidence of a defendant's financial condition in connection with determining the **amount** of punitive damages and restricts such evidence until the statutory prerequisites have been established. It does not require the Court to issue the unrestricted, categorical prohibition Farmers Direct requests.

QAccordingly, Plaintiff does not oppose application of any limitation specifically required by § 3295(d). Plaintiff opposes Farmers Direct's broader request to exclude all evidence, argument, or reference to its financial condition or status regardless of purpose or stage of trial. The Court should deny Request No. 2 to the extent it exceeds the restrictions actually imposed by § 3295(d).

## IV. FARMERS' REQUESTS SHOULD NOT BE GRANTED THROUGH A MOTION IN LIMINE TO THE EXTENT THEY DEPEND ON UNRESOLVED MERITS QUESTIONS

Farmers Direct's request to bifurcate punitive damages does not establish any basis to exclude or eliminate Plaintiff's punitive-damages claim. Rule 42(b) permits separate trials when doing so would promote convenience, avoid prejudice, or advance economy and efficiency. Farmers Direct has not shown that these considerations require bifurcation here.

Moreover, bifurcation is distinct from exclusion. Even if the Court determines that punitive-damages issues should be addressed separately, that determination would not establish that

Plaintiff is barred from presenting evidence supporting those damages. Farmers Direct therefore should not obtain through bifurcation the broader relief sought in Request No. 1. Accordingly, the Court should deny Request No. 3. Alternatively, if the Court determines that bifurcation is appropriate under Rule 42(b) or California law, the order should be limited to the sequencing of the punitive-damages proceedings and should not preclude Plaintiff's underlying punitive-damages claim or evidence supporting it.

**VI. CONCLUSION**

Farmers Direct's first request depends on its interpretation of the legal effect of RFAs Nos. 18, 74, and 75. The requested relief, however, would effectively eliminate Plaintiff's punitive- and treble-damages claims from trial. That is substantially different from determining the admissibility of a particular item of evidence.

A motion in limine should address the admissibility of evidence; it should not be used to obtain a merits determination that depends on unresolved questions concerning the scope or effect of discovery admissions. See *United States v. Flores*, No. 2:14-cr-00684-CAS, Criminal Minutes–General at 3–14 (C.D. Cal. May 1, 2019) (ruling on individual evidentiary issues and tailoring relief, including granting, denying, partially granting, reserving, and requiring a limiting instruction where appropriate).

Here, Farmers Direct seeks a categorical order barring Plaintiff from presenting "any evidence" supporting punitive or treble damages. Because that relief depends on the substantive effect Farmers Direct attributes to the RFAs, the Court should deny the request rather than resolve those broader issues through a motion in limine.

Respectfully submitted:

**Dated: 9/13/2026** **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262