MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF RECEIPT OF UNTIMELY OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Judge: Hon. Stephen V. Wilson
**Date: September 28, 2026**
**Time: 1:30 p.m.**
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed Concurrently With:
Supplemental Declaration of Kelly Fitzgerald Canby

Complaint Filed: August 21, 2025

## I. REPLY AND NOTICE OF UNTIMELY OPPOSITION TO MSJ

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") hereby submits this Reply And Notice Of Receipt Of **Untimely** Opposition To Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] (collectively "MSJ") which Plaintiff Luna D'Sol ("D'Sol" or "Plaintiff") belatedly filed on September 14, 2026 (i.e., almost a week after the September 8, 2026 due date) [ECF Docs. 129-132] ("Opposition"). As explained further below and in the Supplemental Declaration of Kelly Fitzgerald Canby filed herewith ("Supp. Canby Decl."), the timing of Plaintiff's filing on the same date that Farmers Direct's reply is due to be filed is just another act of clear litigation gamesmanship by Plaintiff. *See* Supp. Canby Decl., ¶¶ 2-5. This Court should decline to consider Plaintiff's untimely Opposition per Local Rule 7-12 and Farmers Direct burden under Rule 56 has already been met. Fed. R. Civ. P. 56(c). Notably, Plaintiff's voluminous belated Opposition fails to address her own failure to designate any experts (and confirms her own lack of qualifications) which is fatal to her case as she is unable to rebut the opinions of Farmers Direct's retained and non-retained experts which establish that Farmers Direct is entitled judgment in its favor as a matter of law.

## II. PLAINTIFF FAILED TO TIMELY OPPOSE DEFENDANT'S MSJ AND RECENT EX PARTE APPLICATION RELATED THERETO

Per Local Rule 7-9 opposition papers are to be served and filed not later than 21 calendar days before the date designated for the hearing of the motion. However, because the 21st calendar day before this hearing fell on Monday, September 7, 2026 (*i.e.* Labor Day), Plaintiff's opposition was instead due the next day on Tuesday, September 8, 2026. *See* Fed. R. Civ. Proc. 6(a)(1)(C). However, Plaintiff filed her Opposition on Monday, September 14, 2026, (i.e., almost a week beyond the time permitted under Local Rule 7-9) the very same date that Farmers Direct's Reply is due no doubt for the purpose of interfering with Defendant's ability to meaningfully

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

respond and/or for the purposes of attempting to cause a delay in these proceedings. *See* Supp. Canby Decl., ¶¶ 2-10; *see also generally Moore v. La Habra Relocations, Inc*., 501 F.Supp.2d 1278, 1279 (C.D. Cal. 2007) (defendant's motion for summary judgment granted against pro per plaintiff and also noting that noncompliance "with the Local Rules not only prejudices the opposing party by limiting preparation time for opposing papers, it also interferes with the Court's ability to prepare for motion hearings"), citing Local Rule 7-12. Accordingly, this Court should decline to consider her untimely Opposition per Local Rule 7-12. [1]

While Plaintiff suggested in recent communications to defense counsel for Farmers Direct that she might seek a continuance of the MSJ hearing date due to alleged "technical issues" which impeded her ability to access the MSJ documents in the Court's ECF system and unspecified "health problems", as further explained in Defendant's Ex Parte Application Re Electronic Filing Motion Per Local Rule 5-4.6.2, Local 6-1 And/Or FRCP 6(b)(1)(B) [ECF Doc. 127] ("Ex Parte Application") filed on September 10, 2026 and the supporting Declaration of Kelly Fitzgerald Canby [ECF Doc. 127-2] ("Canby Ex Parte Decl."), Plaintiff has not moved ex parte to continue the MSJ hearing date or otherwise seek relief for her failure to timely file her opposition papers and/or to seek timely relief from the deemed admissions. *See* Canby Decl., ¶¶ 16, 21-23, Exhibits 2-4 [ECF 127-2]; *see also* Supp. Canby Decl., 6-9. Even if Plaintiff were to belatedly seek a continuance of the MSJ hearing date

[1] Not only should Plaintiff's Opposition be ignored per Local Rule 7-12, but Plaintiff "did not seek an ex parte application to amend the facts deemed admitted in consideration of . . . [the] motion for summary judgment" so any such belated request which may be found in her Opposition is "procedurally improper and need not be considered on this ground alone." *Buchanan v. Neighbors Van Lines*, No. CV 10–6206 PSG (RCx), 2011 WL 5005769 *11-*12 (C.D. Cal. October 20, 2011) (court denied an unrepresented party's motion for relief under Rule 36(b) when first made in conjunction with an untimely opposition to a motion for summary judgement as the delay was prejudicial to the party who filed the motion for summary judgment and "relied on the deemed admissions for 11 weeks, including through the close of fact discovery and the cut-off for filing dispositive motions" as trial soon approaching). and untimely filing was found to be ). Plaintiff's delay is similarly prejudicial to Farmers Direct here and any requested relief under Rule 36(b) or otherwise should be denied. *See* Supp. Canby Decl., ¶¶ 5-13.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

(and/or seek leave to file her untimely Opposition), any such continuance and/or leave would be unwarranted under the circumstances here, especially without any verification or reasonable explanation to justify her own delay and prior failures to participate in discovery in this case which generally suggest that Plaintiff is not acting in good faith.[2] *See e.g., Hakim v. Federal Ins. Co.*, 2:19-cv-04219-VAP-SSx, 2020 WL 3203091 *2-*4 (C.D. Cal. March 24, 2020).

Although Plaintiff failed to timely oppose Farmers Direct's MSJ (and this Court should decline to consider her Opposition as result), Local Rule 7-12 includes an "exception that a motion pursuant to F.R.Civ.P. 56 may not be granted **solely** based on the failure to file an opposition." *See* Local Rule 7-12 (emphasis added). As explained further below, based on the record evidence before this Court, Farmers Direct has carried its burden on summary judgment to establish that none of Plaintiff's causes of action have merit as a matter of law. Accordingly, this Court should grant Farmers Direct's MSJ as to all claims and causes of action in Plaintiff's First Amended Complaint.

[2] For example, the *Hakim* case arose from a similar insurance coverage dispute involving a suspicious burglary under a homeowner's policy that also resulted in an inflated property damage claim. *Hakim v. Federal Ins. Co.*, 2:19-cv-04219-VAP-SSx, 2020 WL 3203091 *2-*4 (C.D. Cal. March 24, 2020). The *Hakim* court denied the plaintiff's ex parte application to continue the hearing date on the defendant insurer's pending motion for summary judgment where "Plaintiff failed to oppose the Motion by the March 2, 2020 deadline, and on March 11, 2020, submitted an ex parte application asking the Court to continue the hearing on the Motion" based on the health of Plaintiff's counsel because the Court was "not persuaded Plaintiff is acting in good faith." *Hakim*, 2020 WL 3203091 at * 4. "Although medical issues may in some instances justify a missed deadline, Plaintiff's counsel indicates his diabetes is a long-standing, chronic condition that only affected him on a few days—certainly not enough to explain his failure to oppose the Motion." *Id.* Much like the Plaintiff in this case here, the court in the *Hakim* case noted that "Plaintiff's counsel has consistently failed to prosecute this action." *Id.* Specifically, "Plaintiff has completely neglected to prepare this matter for trial," Plaintiff failed to make initial disclosures under Rule 26, "failed to conduct any written discovery or depositions," "Plaintiff failed to designate any experts," and Plaintiff failed to respond to defendant's written discovery, including "Request for Admissions, Set One, Nos. 1-65." *Hakim*, 2020 WL 3203091 at * 4. The *Hakim* court noted that all of those "factors weight against granting ex parte relief" and denied the request for a continuance of the summary judgment hearing date and granted the insurer's motion for summary judgment. *Id.*, at *4-*6.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## III. THE UNDISPUTED FACTS ESTABLISH THAT FARMERS DIRECT IS ENTITLED TO JUDGMENT IN ITS FAVOR AS A MATTER OF LAW

In addition to Plaintiff's lack of any timely Opposition, Farmers Direct also respectfully requests this to Court to review and consider the evidence and arguments submitted by Farmers Direct in support its MSJ which establish that Farmers Direct (as the moving party) has satisfied its burden of demonstrating "that, in light of the undisputed facts in the record, it is entitled to judgment as a matter of law." *Hogan v. State Farm General Ins. Co.*, Case No. 2:25-cv-02108-SVW-JDE, 2025 WL 4666438 *1 (C.D. Cal. August 21, 2025), citing *Kinsale Ins. Co. v. Golden Beginnings, LLC*, Case No. CV 20-10302-DMG (AFMx), 2021 WL 4205059, at *1 (C.D. Cal. September 15, 2021) (citing Fed R. Civ. P. 56(e)(3) and L.R. 7-12); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 n.1 (9th Cir. 2010) ("Ninth Circuit precedent bars district courts from granting summary judgment simply because a party fails to file an opposition or violates a local rule, and [district courts must] analyze the record to determine whether any disputed material fact [i]s present").[3]

As explained further below, Plaintiff cannot avoid the inevitable conclusion that summary judgment is warranted because her claims against Farmers Direct suffer from a complete failure of proof. Plaintiff failed to respond to Farmers Direct's Requests For Admissions (Set One) ("RFAs") which now are deemed admitted. (SUF 121) [ECF Doc. 117-1, p. 27]. Significantly, Plaintiff's untimely Opposition fails to address her own failure to designate any expert witnesses which leaves the opinions of Farmers Direct's experts on the threshold issues of scope of

---

[3] *See also* the SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [ECF Doc. 117-1] ("SUF").

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

damage/valuation and claims handling/insurance industry standard of care both undisputed and unrebutted. (SUF 122) [ECF Doc. 117-1, p. 27]. Significantly, Plaintiff admits in her untimely Opposition that she "**as a homeowner and not a contractor, was not qualified to provide a professional repair-cost estimate**." *See* Plaintiff's Response to SUF 42 [ECF Doc. 129-3, p. 33 (emphasis added). These critical omissions by Plaintiff are fatal to her claims in the First Amended Complaint and warrant entry of judgment in favor of Farmers Direct as a matter of law.

**A. <u>No Genuine Issues As To Any Material Fact Can Be Raised As Plaintiff Is Conclusively Bound By RFA Facts Deemed Admitted</u>**

Plaintiff failed to respond to Farmers Direct's Request for Admissions (Set One) that were served July 2, 2026 and she failed to respond within 30 days or at all.[4] (SUF 121) [ECF Doc. 117-1, p. 27]. Accordingly, RFA Nos. 1-90 are all now deemed admitted which has "a conclusively binding effect" in this action. Fed. R. Civ. Proc. 36(a)(3); *see also* Fed. R. Civ. Proc. 36, Advisory Committee Notes, 1970 Amendment. Although Plaintiff here is a pro per litigant, she was specifically advised of the consequences of her failure to timely respond to these RFAs and the resulting deemed admissions may now properly result in summary judgment being granted against Plaintiff.[5] *See e.g., Daniels v. Sherman*, Case No. 1:13-cv-00202-

[4] A full text copy of Farmers Direct's Requests for Admissions (Set One) with copies of Exhibits A-H thereto was previously lodged with this Court pursuant to the Notice of Lodgment [ECF Doc. 120] filed in support of Farmers Direct's MSJ [ECF Doc. 119, 117] and a copy of Farmers Direct's Request for Admissions (Set One) (without the attached Exhibits A-H) was attached as Exhibit 11 to the Declaration of Kelly Fitzgerald Canby filed therewith ("Canby MSJ Decl."). *See* Canby MSJ Decl., ¶¶ 11-13 and Exhibits 10-12 thereto [ECF Doc. 119-6]; *see also generally* Declaration of Elisa Martiez filed therewith ("Martinez MSJ Decl."), ¶¶ 2-9 and Exhibits 1-4 thereto [ECF Doc. 119-7].

[5] Significantly, Defendant's Request for Admission (Set One) ("RFAs") directed Plaintiff to respond within thirty (30) days and also specifically advised "[i]f Plaintiff fails to timely comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure with respect to these Requests, each of the matters of which an admission is requested may be deemed admitted." *See* Canby MSJ Decl., ¶¶ 10-13, Exhibit 11 [ECF Doc. 119-6, at pp. 7-8, 85-86].

AWI-SAB (PC) 2017 WL 5499966 * 1 (district court adopted findings and recommendations of magistrate and granted defendant's motion for summary judgment on pro se litigant's disability discrimination claim based on facts deemed admitted per Rule 36).[6] Farmers Direct is now entitled to judgment in its favor as a matter of law. (SUF 121) [ECF Doc. 117-1, p. 27].

**B. Plaintiff's Failure To Designate Experts Renders Her Incapable Of Establishing Any Genuine Issues As To Any Material Fact**

Farmers Direct is entitled to judgment as a matter of law – ***even without the aid of any deemed admissions*** – because Plaintiff has failed to designate any expert witnesses on the key liability and damages issues presented in this dispute upon which she has the burden of proof at trial. In this respect and relevant to Farmers Direct's MSJ, Plaintiff is incapable of establishing any genuine issues of material fact due to a lack of competent evidence. (SUF 122) [ECF Doc. 117-1, p. 27]. For example, Plaintiff bears the affirmative burden of proof to establish that the Claim falls with within the basic scope of coverage of the Policy and there was a "breach" meaning she "must demonstrate an entitlement to a benefit that an insurer refused to pay." *Chu v. State Farm General Ins. Co.*, Case No. 2:25-cv-05942-SVW-MAA, 2026 WL 1045636 *2 (C.D. Cal. March 18, 2026), citing *Behnke v. State Farm General Ins. Co.*, 196 Cal.App.4th 1443, 1468 (2011) and *Mudpie, Inc. v. Travelers Casualty Ins. Co. of America*, 15 F.4th 885, 890 (9th Cir. 2021), quoting *Aydin Corp. v. First State Ins. Co.*, 18 Cal.4th 1183, 1188-1194 (1988). Plaintiff also has the burden to establish a genuine issue that she has suffered unreimbursed contract

---

[6] *See also Daniels v. Sherman*, 2017 WL 3315203 *2-*4, *12, n.1 (E.D. Cal. August 3, 2017) (magistrate's findings and order) ("pro se litigants must litigate their cases and do not possess greater rights than those who are represented . . . there is no basis to withdraw the requests for admissions," where the defendant's "request for admissions contained a notice stating the consequences of failing to abide by Rule 36" and the pro se plaintiff "did not timely respond to the request for admissions and the Court has ordered those requests deemed admitted, the facts set forth in the requests for admissions, set one, are deemed admitted and conclusively established"), affirmed in unpublished decision, 749 Fed.Appx. 600-601 (9th Cir. January 23, 2019), citing Fed. R. Civ. Proc. 36(b).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

damages in the first instance. *Madrigal v. Allstate Indem. Co.,* No. CV 14-4242 SS, 2015 WL 12747906 *15 (C.D. Cal. September 30, 2015); *Thompson Pacific Construction, Inc. v. City of Sunnyvale*, 155 Cal.App.4th 525, 541 (2007). Here, given Plaintiff's lack of any expert witnesses to address scope of covered damage and reasonable cost of repairs, Plaintiff cannot raise any genuine issue that she is purportedly entitled to any additional coverage benefits under the Policy beyond the approximately $26,000 that Farmers Direct already paid to Plaintiff. (SUF 54-63, SUF 66, SUF 71-72, SUF 78, SUF 88, SUF 95-98) [ECF Doc. 117-1, pp. 14-23]. Moreover, Plaintiff can offer no competent evidence that Farmers Direct unreasonably withheld any amounts due under the Policy for covered Loss-related damage to the Property or that Farmers Direct acted unreasonably in its handling and coverage determination regarding the Claim. (SUF 4-53, SUF 65, SUF 73, SUF 80-81, SUF 85, SUF 93-94, SUF 99-108) [ECF Doc. 117-1, pp. 3-14, 16-17, 19-20, 22-24]; Corona Decl., ¶¶ 11.b, 13 [ECF Doc. 119-5, at pp. 6-7]; Hamilton Decl., ¶¶ 14, 16.a, 16.e, 17-18, 20-22, 25-29 [ECF Doc. 119-4, at pp. 7-15].

For example, Farmers Direct collectively paid more than $26,000 to Plaintiff which consist of approximately $9,000 for repairs to her Dwelling and approximately $17,000 to replace allegedly stolen Contents.[7] Farmers Direct's retained valuation expert David A. Corona opined that the "$9,196.64 paid to Plaintiff by Farmers Direct was more than sufficient for Plaintiff to effectuate all reasonable and necessary repairs needed to address the vandalism-related property damage allegedly caused by

---

[7] For example, Farmers Direct's non-retained contents valuation expert Michael Saskor opined that Farmers Direct's (Coverage C) payments totaling $17,789.36 to Plaintiff are "thorough, fair and a reasonably accurate estimation of the reasonable cost to replace the claimed stolen items as identified by Plaintiff" -- and given the questionability of the reliability of valuation methodology used in the appraisal report provided by Plaintiff related to Ivy and Luke painting which Farmers Direct nevertheless accepted and paid – "the replacement cost calculation may well be very favorable toward Plaintiff." Saskor Decl., ¶ 24. "Farmers Direct has paid Plaintiff at least the reasonable costs to replace any personal property allegedly stolen during the Incident and likely more and has thereby satisfied its obligations under the Coverage C insuring agreements found in the Policy." Saskor Decl., ¶ 27 [ECF Doc. 119-2, pp. 15-16]; *see also* (SUF 59) [ECF Doc. 117-1, pp. 14-15].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

the June 2024 Incident and return the residence at the Property to its pre-loss condition." Corona Decl., ¶ 14 [ECF Doc. 119-5, at pp. 7-8]; *see also* (SUF 86-88, SUF 95-98) [ECF Doc. 117-1, pp. 22-23]. Farmers Direct's claims handling and standard of care expert Paul Hamilton opined that "Farmers Direct's processing of Ms. D'Sol's claim . . . was reasonably in compliance with the claims handling standards promulgated by the State of California," and that "Farmers Direct's resolution of the underlying Claim was reasonable under the circumstances and consistent with the terms and conditions of Farmers Direct's insurance policy at issue in this action (Policy No. 3872340940) ("Policy")."[8] Hamilton Decl., ¶¶ 14-15 [ECF Doc. 119-4, pp. 7-8]; *see also* (SUF 73, SUF 80, SUF 93-94, SUF 106) [ECF Doc. 117-1, pp. 17, 19, 22, 24].

Given that Plaintiff has no experts, she cannot raise any genuine issues that refute or rebut Farmers Direct's expert testimony (as discussed above) that Farmers Direct's payments to Plaintiff on the Claim exceeded the reasonable cost to restore the Property to pre-Loss condition and/or that Farmers Direct's claims handling conduct was reasonable and compliant with California insurance regulations and industry standards. *See e.g., First v. Allstate Ins. Co.*, 222 F.Supp.2d 1165, 1172 (C.D. Cal. 2002) (granted insurer's motion for summary judgment where "Plaintiffs have failed to establish a triable issue of fact as to whether they were denied any policy benefits due under the contract"); *Keshish v. Allstate Ins. Co.*, 959 F.Supp.2d 1226, 1244 (C.D. Cal. 2013) (insurer's motion for summary judgment granted where "plaintiffs have failed to adduce evidence that raises triable issues as to whether

[8] "Farmers Direct conducted a thorough, fair and objective investigation that was both reasonable and consistent with standard industry practices," and there "were no unreasonable or unexplained delays on the part of Farmers Direct during its processing of Ms. D'Sol's Claim." Hamilton Decl., ¶ 16 [ECF Doc. 119-4, pp. 7-8]. "Farmers Direct conducted a prompt, through and fair investigation of Ms. D'Sol's claim," issued "undisputed payments once its liability under the policy became reasonably clear," and "was reasonably responsive to claim related communications and provided reasonable explanations as to what portions of the claim were being accepted, and those that were not." Hamilton Decl., ¶¶ 25.c, 25.d, 25.e [ECF Doc. 119-4, pp. 13-14]; *see also* (SUF 73, SUF 80, SUF 93-94, SUF 106) [ECF Doc. 117-1, pp. 17, 19, 22, 24].

Allstate investigated their claim in bad faith"); *see also Janney v. CSAA Ins. Exchange*, 70 Cal.App.5th 374, 416-417 (2021) (affirmed trial court's decision granting insurer's motion for summary judgment on breach of contract and bad faith claim where "the undisputed facts also reveal that [the plaintiff insured] . . . is at least partially to blame for . . . delay in payment"). In this respect, the sworn opinions of Farmers Direct's expert witnesses (*i.e.* Paul Hamilton, David Corona and non-retained experts, including Michael Saskor) as set forth in their MSJ declarations are unrebutted and factually sufficient to establish that Farmers Direct fulfilled its contractual obligations under the Policy in connection with the Claim and acted reasonably under the circumstances and in compliance with industry custom and practice in determining what was owed for covered Loss-related damage to the Property in the first instance.[9] Accordingly, Farmers Direct's MSJ should be granted as to Plaintiff's breach of contract and bad faith causes of action.

### C. <u>Plaintiff Lacks Evidence Of Any Intentional Discrimination And Her Unruh Civil Right Act Claim Should Also Be Dismissed</u>

"To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Bax v. Doctors Medical Center of Modesto, Inc.,* 393 F.Supp.3d 1000, 1011 (E.D. Cal. 2019); *Duronslet v. County of Los Angeles*, 266 F.Supp.3d 1213, 1217 (C.D. Cal. 2017) (dismissed Unruh Act claim, albeit with leave to amend, where the "Plaintiff makes the conclusory assertion that the [defendant] County 'knew or should have known' that she was transgender, there are insufficient underlying facts showing how or why the [defendant] County knew or should have known this"); *In People v. Zarazua*, 85 Cal. App. 5th 639, 642, n.1 (2022) (trial court found the prosecutor's repeated misgendering of a criminal defendant during trial to be

[9] *See* Corona Decl., ¶¶ 8-17 [ECF Doc. 119-5, at pp. 5-8]; Saskor Decl., ¶¶ 20-27 [ECF Doc. 119-2, pp. 13-16]; Hamilton Decl., ¶¶ 13-29 [ECF Doc. 119-4, pp. 6-15]; *see also* (SUF 4-53, SUF 59, SUF 73, SUF 86-88, SUF 95-108) [ECF Doc. 117-1, pp. 3-24].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

unintentional and concluded it did not constitute prosecutorial misconduct where "misgendering was accidental . . . he was 'trying to be mindful' of Zarazua's gender, and noted defendant 'went as Ms. Zarazua' at the time of the incident").

Notwithstanding the deemed admissions that Plaintiff has no evidence to support her Unruh Act claim, the record here lacks any competent evidence of intentional discrimination by Farmers Direct – based on "misgendering" or otherwise – with respect to the investigation and adjustment of Plaintiff's Claim especially given that "Julio R. Ravada" is listed as the "Named Insured" on the Policy which she never asked to change and she continued to use jravada@icloud.com as her email address for all Claim-related communications. (SUF 1-3, SUF 109-120) [ECF Doc. 117-1, pp. 2-14, 24-27]. In this respect, there is no evidence that Plaintiff's sexual orientation and/or her gender fluid status throughout the duration of the claim investigation process had any impact on the company's decision to acknowledge coverage for the Claim and issue the reasonable and necessary payments to return the residence to its pre-Loss condition.[10] Accordingly, Plaintiff's Unruh Action claim fails as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Farmers Direct's MSJ should be granted and this meritless lawsuit dismissed.

Dated: September 14, 2026 GORDON REES SCULLY MANSUKHANI, LLP

BY [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

[10] *See e.g.,* Spradling Decl., ¶¶ 5-15 [ECF Doc. 119-2, at p. 2-5]; Saskor Decl., ¶ 28 [ECF Doc. 119-2, p. 16]; Means Decl., ¶ 33 [ECF Doc. 119-9, pp. 11-12]; *see also* (SUF 1-3, SUF 109-120 [ECF Doc. 117-1, pp. 2-14, 24-27].