MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF RECEIPT OF UNTIMELY OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: September 28, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br><u>Filed Concurrently With</u>: Defendant's Reply And Notice Of Receipt Of Untimely Opposition To Motion For Summary Judgment<br><br>Complaint Filed: August 21, 2025 |



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This Supplemental Declaration is being submitted in support of Defendant's Reply and Notice of Receipt Of Untimely Opposition to Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ") and in response to Plaintiff Luna D'Sol's ("Plaintiff" or "D'Sol") untimely opposition to Defendant's MSJ that she belatedly filed on September 14, 2026 (i.e., almost a week after the September 8, 2026 due date) [ECF Docs. 129-132] ("Opposition"). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. On September 14, 2026, Plaintiff belatedly filed more than 150 pages of materials as her collective Opposition to Farmers Direct's MSJ which is almost a week after her Opposition was due to be filed per Local Rule 7-9 -- which was extended by one full court day due to the Labor Day holiday per applicable Federal Rules -- resulting in a Tuesday, September 8, 2026 filing deadline for Plaintiff's Opposition. *See* Fed. R. Civ. Proc. 6(a)(1)(C).

3. As result of the September 28, 2026 hearing date, Farmers Direct's MSJ Reply is also due to be filed on September 14, 2026 per Local Rule 7-10. Accordingly, Plaintiff has filed her Opposition to the MSJ on the very same date that Farmers Direct's MSJ Reply is due to be filed.

4. Farmers Direct also has a Motion For Terminating Sanctions [ECF Docs. 118, 121] ("MTS") also scheduled for hearing on September 28, 2026. Plaintiff filed an untimely Opposition to the MTS [ECF Docs. 136, 137] ("MTS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Opposition") after 6:00 p.m. on September 14, 2026 which is also the same date that Farmers Direct's Reply to the MTS is due to be filed.

5. As evidenced by the volume of both of Plaintiff's untimely Oppositions to the MSJ and MTS, she has certainly been working on these filings for a substantial period of time. Plaintiff has failed to provide any reasonable justification for her almost week long delay in filing these Oppositions on the same date that Farmers Direct is required to respond and file its Replies. As explained further below, this appears to be yet another example of Plaintiff's ongoing litigation gamesmanship and no doubt intended to impair Farmers Direct's ability to meaningfully respond and/or done for the purpose of attempting to cause a delay in the proceedings.

6. As explained in further detail in Defendant's Ex Parte Application Re Electronic Filing Motion Per Local Rule 5-4.6.2, Local 6-1 And/Or FRCP 6(b)(1)(B) [ECF Doc. 127] ("Ex Parte Application") filed on September 10, 2026 and my supporting Declaration of Kelly Fitzgerald Canby ("Canby Ex Parte Decl."), ¶¶ 16, 21-23 [ECF Doc. 127-2], Plaintiff previously suggested that she might seek a continuance of the MSJ hearing date due to alleged "technical issues" which impeded her ability to access the MSJ documents in the Court's CM/ECF System and unspecified "health problems." *See* Canby Ex Parte Decl., ¶¶ 16, 21-23, Exhibits 2-4 [ECF 127-2].

7. I also spoke with Plaintiff two times last week and exchanged a number of email communications with Plaintiff and discussed the grounds for Farmers Direct's Ex Parte Application including the technical failures and computer system malfunctions experienced on August 31, 2026 which resulted in portions of the MSJ being filed shortly after midnight and the first of the MTS documents being posted at approximately 12:05 a.m. and the remaining documents followed on a rolling basis soon after with the last of the MTS documents being filed at approximately 3:00 a.m. *See* Canby Ex Parte Decl., ¶¶ 2-23, Exhibits 1-4. Plaintiff was advised by me both orally and in writing prior to the Ex Parte Application being filed, that her opposition,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

if any, was due to be filed by 3:00 p.m. the next business day thereafter on September 11, 2026.

8. Plaintiff failed to file any opposition to Farmers Direct's Ex Parte Application and the relief sought therein should be granted. This unexpected and brief delay which was due to technical failures beyond my reasonable control did not have a material impact on Plaintiff's ability to meaningfully respond as these filings that posted in the middle of the night and she also already had an extra court day to respond as result of the Labor Day Holiday.

9. Plaintiff herself has also not moved ex parte to continue the MSJ hearing date (or the MTS hearing date) or otherwise seek relief for her failure to timely file any of her Opposition papers to the MSJ (or MTS) and/or to seek any timely relief from the deemed admissions as result of her failure to respond to Farmers Direct's Request For Admissions (Set One) ("RFAs").

10. Even if Plaintiff were to belatedly seek a continuance of the MSJ hearing date (and/or seek leave to file her untimely Opposition), any such continuance and/or leave would be unwarranted under the circumstances here, especially without any verification or reasonable explanation to justify her own delay and prior failures to participate in discovery in this case which generally suggest that Plaintiff is not acting in good faith.

11. As explained in further detail in my initial Declaration filed in support of Farmers Direct's MSJ ("Canby MSJ Decl."), ¶ 12 [ECF Doc. 119-6, at pp. 6-7], Farmers Direct propounded written discovery on July 2, 2026 soon after the Court issued its Order [ECF Doc. 85] denying the Plaintiff's Renewed Motion To Remand [ECF Doc. 77] and set this case for trial on October 13, 2026 and scheduled the pretrial conference for October 5, 2026. The Court then issued its "CIVIL TRIAL PREPARATION ORDER" on June 11, 2026. [ECF Doc. 86].

12. Farmers Direct then proceeded with discovery and served written discovery on July 2, 2026, served a notice of deposition on July 17, 2026 and noticed

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Plaintiff's deposition for July 31, 2026 and continued with ongoing requests to obtain Plaintiff's Initial Disclosure documents but without success.[1] Farmers Direct served its Expert Witness Disclosures on July 15, 2026. Plaintiff failed to respond to Farmers Direct's discovery requests and failed to designate any expert witnesses in this matter and refused to appear for her noticed deposition. Plaintiff decided to boycott her own participation in discovery.

13. The discovery cutoff has passed. The motion filing cutoff has passed. Trial is less than one month away. Plaintiff's belated Oppositions to the MSJ (and MST) are without justification and unfairly impair Farmers Direct's ability to meaningfully respond and further delays are also unwarranted. Accordingly, Plaintiff's conduct has resulted in substantial prejudice to Farmers Direct and this Court should decline to consider these untimely Oppositions per Local Rule 7-12 (and any request for relief under Rule 36(b) should be denied as well).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 14th day of September, 2026 at Carlsbad, California.

Kelly F Canby

Kelly Fitzgerald Canby

[1] All discovery was timely and properly served on Plaintiff consistent with the parties' agreement to use email service at the outset of the case in addition to Plaintiff's prior request for e-filing privileges which was granted by the Court and the parties' continued mutual use of electronic service continuously thereafter.