MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF RECEIPT OF UNTIMELY OPPOSITION TO MOTION FOR TERMINATING SANCTIONS**<br><br>Judge: Hon. Stephen V. Wilson<br>**Date: September 28, 2026**<br>**Time: 1:30 p.m.**<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br><u>Filed Concurrently With:</u><br>Supplemental Declaration Of Kelly Fitzgerald Canby<br><br>Complaint Filed: August 21, 2025 |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. <u>REPLY AND NOTICE OF UNTIMELY OPPOSITION TO MTS</u>

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") hereby submits this Reply and Notice of Receipt of **Untimely** Opposition by Plaintiff Luna D'Sol ("D'Sol" or "Plaintiff") to Defendant's Motion For Terminating Sanctions [ECF Docs. 118, 121] (collectively "MTS") which is scheduled to be heard on September 28, 2026 at 1:30 p.m. in Courtroom 10A of the above-entitled Court. Plaintiff's opposition was due on Tuesday, September 8, 2026. *See* Fed. R. Civ. Proc. 6(a)(1)(C). However, Plaintiff filed her Opposition to the MTS [ECF Docs. 136-137] **after *6:00 p.m. on September 14, 2026 which is*** almost a week after due date per the Local Rules. Farmers Direct's Reply is also due to be filed on September 14, 2026 that same day as well. As explained further below and in the Supplemental Declaration of Kelly Fitzgerald Canby filed herewith ("Supp. Canby Decl."), the timing of Plaintiff's filing on the same date that Farmers Direct's reply is due to be filed is just another act of clear litigation gamesmanship by Plaintiff. *See* Supp. Canby Decl., ¶¶ 2-19, **Exhibits 1-2**. This Court should decline to consider Plaintiff's untimely Opposition to the MTS per Local Rule 7-12. Accordingly, for the reasons discussed in its opening brief and in further detail below, Farmers Direct respectfully requests this Court to grant the MTS and dismiss this meritless lawsuit.

## II. <u>THE RECORD EVIDENCE SUPPORTS THE ISSUANCE OF TERMINATING SANCTIONS</u>

Plaintiff made an affirmative TACTICAL DECISION to essentially boycott all discovery in this case and instead pursue a strategy of continuing attacks on the Court's established subject matter jurisdiction in conjunction with an aggressive campaign of frivolous sanctions motions against defense counsel. [ECF Docs. 14; 25, 30, 31, 39, 40, 44, 46, 48, 50-52, 54-61, 63, 64, 72, 73, 77, 79, 83, 87, 88, 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115]. Notably, on May 1, 2026, Plaintiff stated: "**I am not substantively engaging with discovery**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**because jurisdiction is unresolved**." [ECF Doc. 121-1, at p. 35]. In furtherance to this self-directed edict, Plaintiff has refused to respond to Farmers Direct's written discovery, refused to appear at her properly noticed deposition, refused to produce documents identified in her Rule 26 Initial Disclosures in response to Farmers Direct's request, failed to designate any expert witnesses and failed to submit required pre-trial disclosures. Simply stated, Plaintiff's flagrant disregard of scheduling order deadlines and Rule 26 discovery obligations should not be countenanced by this Court. See Supp Canby Decl., ¶¶ 10-16, **Exhibits 1-2**.

Equally outrageous is Plaintiff's misconduct in manipulating pleadings in this case in direct violation of prior court rulings to falsely state that Farmers Insurance Exchange is a party to this lawsuit. To the contrary, this Court has repeatedly ruled and issued very clear orders stating that "**Farmers Insurance Exchange is not a named defendant in this action**." *See e.g.,* Order of January 26, 2026 [ECF Doc. 33, p. 4 n. 1 (emphasis added)]; *see also* Order of June 8, 2026 ("**Plaintiff's complaint names only one defendant, Farmers Direct**, which the Court has already established is a citizen of Rhode Island") [ECF Doc. 85, at p. 34 (emphasis added)]. Dissatisfied with those rulings, Plaintiff has continued with her misguided jurisdictional attacks and frivolous motions seeking relief from this Court's prior orders on the remand issue. However, when that ill-planned strategy did not yield her desired result of remand to state court, Plaintiff simply decided to take matters into her own hands. She improperly added Farmers Insurance Exchange as a putative "diversity destroying" defendant herself <u>without</u> leave of Court and in violation of the Court's prior orders as clearly and convincingly evidenced by Plaintiff's own creation of a new <u>false</u> amended case caption page identifying Farmers Insurance Exchange as a defendant. [ECF Docs. 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9]. Plaintiff's deliberate manipulation of the case caption in this matter constitutes clear fraud upon the Court given prior rulings that Farmers

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Insurance Exchange is not a proper party to this lawsuit. Plaintiff does the same again in her untimely Oppositions as well. [ECF Docs. 129, 130, 131, 132, 136, 137].

As explained herein and established by the moving papers, Farmers Direct's MTS should be granted and the terminating sanction of dismissal is warranted here because Plaintiff's litigation misconduct and refusal to participate in discovery is clearly the result of "willfulness, bad faith," or her own "fault." *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir. 1996). Moreover, this Court would be clearly "right to infer from . . . [her] complete noncompliance . . . that '[s]he simply does not care about meeting . . . [her] obligations as a plaintiff in this case and has no' intention of doing so." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (citations omitted and pronouns changed) (dismissed pro per plaintiff's complaint for failing to respond to discovery, ignoring motion to compel then seeking extension of time). In this respect, Plaintiff's deliberate non-compliance with discovery obligations and knowing misrepresentations about non-party Farmers Insurance Exchange in documents filed with the Court is adequate grounds for issuing terminating sanctions under the unique circumstances presented here. Plaintiff's belated and untimely Opposition and misleading and false statement made in support there are further reason for this Court to consider this serious sanction here. *See* Supp. Canby Decl., ¶¶ 10-19, **Exhibits 1-2**.

## III. CONCLUSION

Farmers Direct respectfully requests this Court to grant the MTS and issue the sanction of dismissal as against Plaintiff. Alternatively, pursuant to Rule 37 of the Federal Rule of Civil Procedure, Farmers Directs requests that this Court, in its discretion, impose appropriate evidentiary and/or monetary sanctions against Plaintiff given her documented failure to comply with the rules of discovery (including but not limited to failing to respond to Farmers Direct's Requests for Admission and all other written discovery requests, refusing to appear for her noticed

deposition, refusing to exchange Initial Disclosure documents) and/or failing to comply with the Court's scheduling order(s) enforcing those rules.

Dated: September 14, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By /s/ Kelly F. Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101