MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF RECEIPT OF UNTIMELY OPPOSITION TO MOTION FOR TERMINATING SANCTIONS**<br><br>Date: September 28, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Filed Concurrently With:<br>Defendant's Reply And Notice Of Receipt Of Untimely Opposition To Motion For Terminating Sanctions<br><br>Complaint Filed: August 21, 2025 |



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This Supplemental Declaration is being submitted in support of Defendant's Reply and Notice of Receipt Of Untimely Opposition to Defendant's Motion For Terminating Sanctions [ECF Docs. 118, 121] ("MTS") and in response to Plaintiff Luna D'Sol's ("Plaintiff" or "D'Sol") untimely opposition to Defendant's MTS that she belatedly filed on September 14, 2026 (i.e., almost a week after the September 8, 2026 due date) [ECF Docs. 136-137] ("Opposition"). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. ***After 6:00 p.m. on September 14, 2026***, Plaintiff belatedly filed her Opposition to Farmers Direct's MTS which is almost a week after her Opposition was due to be filed per Local Rule 7-9 -- which was extended by one full court day due to the Labor Day holiday per applicable Federal Rules -- resulting in a Tuesday, September 8, 2026 filing deadline for Plaintiff's Opposition. *See* Fed. R. Civ. Proc. 6(a)(1)(C).

3. As result of the September 28, 2026 hearing date, Farmers Direct's MTS Reply is also due to be filed on September 14, 2026 per Local Rule 7-10. Accordingly, Plaintiff has filed her Opposition to the MTS ***after business hours on the very same date that Farmers Direct's MTS Reply is due to be filed***.

4. Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ") also scheduled for hearing on September 28, 2026. Plaintiff filed an untimely Opposition to the MSJ [ECF Docs. 129-132] ("MSJ Opposition") consisting of more than 150 pages of

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

materials on September 14, 2026 which is also the same date that Farmers Direct's Reply to the MTS is due to be filed.

5. As evidenced by the volume of both of Plaintiff's untimely Oppositions to the MSJ and MTS, she has certainly been working on these filings for a substantial period of time. Plaintiff has failed to provide any reasonable justification for her almost week long delay in filing these Oppositions on the same date that Farmers Direct is required to respond and file its Replies. As explained further below, this appears to be yet another example of Plaintiff's ongoing litigation gamesmanship and no doubt intended to impair Farmers Direct's ability to meaningfully respond and/or done for the purpose of attempting to cause a delay in the proceedings.

6. As explained in further detail in Defendant's Ex Parte Application Re Electronic Filing Motion Per Local Rule 5-4.6.2, Local 6-1 And/Or FRCP 6(b)(1)(B) [ECF Doc. 127] ("Ex Parte Application") filed on September 10, 2026 and my supporting Declaration of Kelly Fitzgerald Canby ("Canby Ex Parte Decl."), ¶¶ 16, 21-23 [ECF Doc. 127-2], Plaintiff previously suggested that she might seek a continuance of the MSJ hearing date due to alleged "technical issues" which impeded her ability to access the MSJ documents in the Court's CM/ECF System and unspecified "health problems." *See* Canby Ex Parte Decl., ¶¶ 16, 21-23, Exhibits 2-4 [ECF 127-2].

7. I also spoke with Plaintiff two times last week and exchanged a number of email communications with Plaintiff and discussed the grounds for Farmers Direct's Ex Parte Application including the technical failures and computer system malfunctions experienced on August 31, 2026 which resulted in portions of the MSJ being filed shortly after midnight and the first of the MTS documents being posted at approximately 12:05 a.m. and the remaining documents followed on a rolling basis soon after with the last of the MTS documents being filed at approximately 3:00 a.m. *See* Canby Ex Parte Decl., ¶¶ 2-23, Exhibits 1-4. Plaintiff was advised by me both orally and in writing prior to the Ex Parte Application being filed, that her opposition,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

if any, was due to be filed by 3:00 p.m. the next business day thereafter on September 11, 2026.

8. Plaintiff failed to file any opposition to Farmers Direct's Ex Parte Application and the relief sought therein should be granted. This unexpected and brief delay which was due to technical failures beyond my reasonable control did not have a material impact on Plaintiff's ability to meaningfully respond as these filings that posted in the middle of the night and she also already had an extra court day to respond as result of the Labor Day Holiday.

9. Plaintiff herself has also not moved ex parte to continue the MTS hearing date (or the MSJ hearing date) and/or otherwise seek relief for her failure to timely file any of her Opposition papers to the MTS (or MSJ). She has also not sought any timely relief from the deemed admissions as result of her failure to respond to Farmers Direct's Request For Admissions (Set One) ("RFAs").

10. Even if Plaintiff were to belatedly seek a continuance of the MTS hearing date (and/or seek leave to file her untimely Opposition), any such continuance and/or leave would be unwarranted under the circumstances here, especially without any verification or reasonable explanation to justify her own delay and prior failures to participate in discovery in this case which generally suggest that Plaintiff is not acting in good faith.

11. As explained in further detail in the supporting Declaration of Michelle R. Bernard [ECF Doc. 121] ("Bernard Decl."), ¶¶ 9-15 filed in support of the MTS, Plaintiff decided to essentially boycott all discovery in this case and instead chose to pursue an affirmative litigation strategy of continuing to challenge the Court's established subject matter jurisdiction and to expand her unwarranted campaign of sought sanctions against defense counsel. For example, on May 1, 2026 (i.e., the same day that Farmers Direct proposed for the exchange of Initial Disclosure documents) Plaintiff stated: "**I am not substantively engaging with discovery because jurisdiction is unresolved**." *See* Bernard Decl., ¶ 9, **Exhibit 5**.

12. Plaintiff did not retreat from this position even after the Court issued its Order [ECF Doc. 85] denying her Renewed Motion To Remand [ECF Doc. 77] and set this case for trial on October 13, 2026 and scheduled the pretrial conference for October 5, 2026. The Court then issued its "CIVIL TRIAL PREPARATION ORDER" on June 11, 2026. [ECF Doc. 86]. Farmers Direct then proceeded with discovery and served written discovery on July 2, 2026, served a notice of deposition on July 17, 2026 and noticed Plaintiff's deposition for July 31, 2026 and continued with ongoing requests to obtain Plaintiff's Initial Disclosure documents but without success.[1] Farmers Direct served its Expert Witness Disclosures on July 15, 2026. Plaintiff failed to respond to Farmers Direct's discovery requests and failed to designate any expert witnesses in this matter and refused to appear for her noticed deposition on July 31, 2026 and refused to provide any alternative dates for her deposition to be rescheduled.

13. Attached hereto as **Exhibit 1** is a true and correct copy of my email to Plaintiff dated July 30, 2026 [9:58 AM] (among other meet and confer communications related to the July 31, 2026 deposition and other discovery issues) where I specifically advised Plaintiff as follows: "**Please note that there is no blanket stay of discovery merely because a motion is pending**."

14. When I spoke to Plaintiff on the phone the next day on July 31, 2026 she refused to provide any alternative dates for her deposition and informed me that she would not even provide one potential date in August because jurisdiction was unresolved.

15. Although Plaintiff claimed she never received the deposition notice and service email that was sent to her by my Assistant Kiry Yeoun on July 17, 2026, Plaintiff herself confirmed this fact to be untrue because she sent a "reply" to this

[1] All discovery was timely and properly served on Plaintiff consistent with the parties' agreement to use email service at the outset of the case in addition to Plaintiff's prior request for e-filing privileges which was granted by the Court and the parties' continued mutual use of electronic service continuously thereafter.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

very same email that she claimed never received on August 5, 2026 [3:26 PM] and a true and correct copy is attached hereto as **Exhibit 2**. Although her email is titled "Automatic Reply: Out of the Office" I don't believe that the message was truly and an "automatic response" as it purports to be given that I emailed Plaintiff about 20 minutes before this email was sent (and emailed her again about 40 minutes after both times using her same jravada@icloud.com email address) and those emails did not generate any alleged "Automatic Reply: Out of the Office" message.

16. Plaintiff's statement found in paragraph 4 of her Declaration [ECF Doc. 136-1, p. 2] belatedly filed in support of untimely Opposition to the MTS contains false statements. I rescheduled the Local Rule 7-3 meet and confer and Local Rule 37-1 to August 13, 2026 at 11:00 a.m. at Plaintiff's specific request (which was initially scheduled for August 12, 2026 in the early afternoon then postponed to 5:30 p.m. at Plaintiff's request and then rescheduled again for the next day after she claimed she could not appear and participate that evening). I sent Plaintiff the TEAMs invite (for the date and time she proposed) but she did not participate at all. In fact, I waited in the TEAMs room for an entire hour and called Plaintiff and left a voicemail messages and sent her email messages and asked her to join but she did not. Instead she sent a false email claiming that I cancelled the meeting which is entirely untrue.

17. Contrary to the misleading statements found in the untimely Opposition [ECF Doc. 136, pp. 3-5], the supporting Declaration of Michelle R. Bernard contains the following certification as required by the Local Rules and FRCP 37:

> Per Local Rule 37-.24(a), Local Rule 37-1 and Federal Rule of Civil Procedure Rule 37(d)(1)(B) I hereby certify that I have made a good faith attempt to meet and confer with Plaintiff to obtain the discovery subject of this motion without court action but Plaintiff failed to confer in a timely manner and she also engaged in conduct that made clear

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

she had no intention of meet and conferring in good faith at all, specifically with regard to the following discovery subject of this motion.

18. The Notice of Motion for the MTS inadvertently was not revised to reflect that the supporting Declaration was actually being provided by Michelle Bernard (not by me). As noted above there were some unexpected technical failures encountered with the electronic filing of the MTS with is the subject of Defendant's Ex Parte Application which Plaintiff did not oppose.

19. The discovery cutoff has passed. The motion filing cutoff has passed. Trial is less than one month away. Plaintiff's belated Oppositions to the MTS (and MSJ) are without justification and unfairly impair Farmers Direct's ability to meaningfully respond and further delays are also unwarranted. Accordingly, Plaintiff's conduct has resulted in substantial prejudice to Farmers Direct and this Court should decline to consider these untimely Oppositions per Local Rule 7-12 (and any request for relief under Rule 36(b) should be denied as well).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 14th day of September, 2026 at Carlsbad, California.

Kelly Fitzgerald Canby

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, July 30, 2026 9:58 AM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Joni Etue |
| **Subject:** | Request for Local Rule 37-1 Conference? / RE: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY |
| **Attachments:** | 2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf |
| **Importance:** | High |

Good Morning Ms. D'Sol –

The Proof of Service attached to your Deposition Notice is the record of service. See attached. Please note that there is no blanket stay of discovery merely because a motion is pending. *See e.g., Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). As explained further below, the Notice of Deposition was properly served by Farmers Direct and your attendance at deposition in Los Angeles can be compelled, if necessary, although I would prefer to avoid having to do so. *See e.g., Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008).

Although I hope to be accommodating of what sounds like an incredibly extensive dental procedure if you will be unable to comfortably speak for the better part of a week, we still have a trial date that is quickly approaching and need to move forward with your deposition and discovery now. **Please provide <u>at least one date</u> during the next two weeks (<u>on or before 8/13/26</u>) when you can be available for an in person deposition in Los Angeles and I will move my schedule around to work with yours (with Parties to make the agreed upon exchange of Initial Disclosure documents at least 3 court days prior to your deposition)?**

Please note that this Court has advised the parties regarding the handling of discovery disputes in this case as follows:

> Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. See Order of December 8, 2025 [ECF Doc. 17].

Accordingly, let's also now schedule a time to conduct a meet and confer conference of counsel per Local Rule 37-1 and FRCP 37 (see below) so we can proceed with raising any unresolved issues with Magistrate Sagar per Local Rule 37-2 if needed. **How soon can you be available for a Local Rule 37-1 Conference call as I hope to speak with you soon (and before your dental treatments begin while your mouth is still operational)?**

**Specifically, Farmers Direct requests the scheduling of a Prefiling Conference of Counsel per Local Rule 37-1 regarding anticipated Motions to Compel your Deposition and/or Motion To Compel the agreed upon exchange of Initial Disclosure documents prior thereto**, among other discovery or

scheduling issues, and Farmers Direct reserves the right to seek all potentially available sanctions against you (including monetary sanctions, issue sanctions, exclusion of evidence sanctions and/or potential terminating sanctions) as result of your refusal to appear at deposition which was properly noticed for Friday July 31, 2026 per the attached and/or any refusal or failure to appear for a rescheduled deposition within the next two weeks (and I will chose the date if you are unwilling to do so). Specifically, in addition to potential monetary sanctions, when a party "fails, after being served with proper notice, to appear for that person's deposition . . . [t]he available sanctions . . . may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" which are as follows:

> "Rule 37(b)(2)(A) provides that the Court may make an order: (i) directing that the matters embraced in the order or other designated facts be taken as established ...; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) further staying proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order...." *Paige*, 248 F.R.D. at n. 3, *citing* Fed. R. Civ. Proc. 37(b)(2)(A).

A "deposition notice is all that is needed to require the attendance of parties at the depositions" and the "examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." Your claimed travel complications are not a sufficient reason to refuse to appear at deposition. *See e.g., U.S. v. $160,066.96 from Bank of America*, 202 F.R.D. 624, 627-630 (S.D. Cal. 2001) (denying requests of Pakistani claimants to have "their depositions taken in Pakistan because otherwise they face two lengthy round trips to California in a single year" which did not meet the standard of "undue burden and expense" because this "requires more than some expense or difficulty" especially where the claimant chose to prosecute "their claim in this district" and the court also denied the alternative request to have their depositions be taken "by telephone" which would burden the opposing party through "compromised effectiveness" of the depositions). You filed claims against Farmers Direct in Los Angeles, your deposition has been noticed to proceed in Los Angeles and therefore you will need to find "a way to get to Los Angeles" sometime in the next two weeks or risk all the potential sanctions noted above.

**Additionally, if you are in fact actually disputing the validity of service by email in this case, then we also need to meet and confer per Local Rule 37-1 and/or Local Rule 7-3 regarding additional potential motions and/or requests for sanctions** arising from your apparent violations of the Court's Order of November 25, 2025 [ECF Doc. 12] and/or violations of Local Rules 5-4.1.1 – 5-4.8.2) -- **including Farmers Direct's anticipated request to have your e-filing/ECF System privileges revoked** for breaching the terms, conditions, orders, rules and agreements under which you were granted access to that system, specifically including your express written consent to accept service by email and your prior affirmation, agreement and requirement to maintain "regular access to the technical requirements necessary" for participation in that system for compliance with the applicable Local Rules related thereto (e.g., your responsibility for maintaining an "email account on a daily basis to receive notifications" and/or an "electronic post office box" related to email service).

Please let me know of some available dates/times for a call and your preferred date for your deposition (between now and 8/13/26) before the close of business today?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 9:05 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Counsel,

No, I have not been served a deposition, I don't have any records of such documents being served to me. I am unable to confirm those 3 days because of a dental procedure which will impair my speech and I don't have a way to get to Los Angeles. Last, my understanding is that the judge is reviewing the continuance of discovery which is why I a under the impression your company and I have not started anything

> On Jul 29, 2026, at 20:19, Kelly Canby <kcanby@grsm.com> wrote:
>
> Good Evening Ms. D'Sol -
>
> If you are out of town and not available to appear in Los Angeles at your deposition on Friday, we can reset your deposition for another day next week at GRSM's Office in Los Angeles. I'm available on **Tuesday 8/4, Wednesday 8/5 or Friday 8/7. Please let me know which of these dates you prefer?**
>
> Additionally, we still need copies of your Initial Disclosure documents. We previously agreed that the parties would exchange copies of the documents identified in their Initial Disclosures and Farmers Direct thereafter had its voluminous Claim file prepared for production and has been ready to exchange these Initial Disclosure documents for months. Please note that sanctions under Rule 37 are "self-executing" and "automatic" and evidence "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-1107 (9th Cir. 2001), citing Fed. R. Civ. Proc. 37 Advisory Committee Note (1993). Per my prior email below, I hoped that we would be exchanging those documents today. We need copies of your Initial Disclosure documents at least a few days prior to your deposition. **Please let me know if you can be ready to exchange Initial Disclosure documents by this Friday 7/31 (and if not when)?**

Please note that your Deposition Notice was properly served by email to your email address: jravada@icloud.com.

As you have previously acknowledged, you consented to electronic service via email in this Federal Court case last November as result of your prior Application for Permission for Electronic Filing [ECF Doc. 10], the Court's Order thereon [ECF Doc. 12] and your subsequent registration and use of the ECF System. See attached. "I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail." [ECF Doc. 10]. "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**." *See* www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers (emphasis added). When a "pro se party is granted court permission to register as an ECF user; such registration constitutes consent to receive electronic service." Rutter Group Practice Guide--Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition), Section 12:84.12, citing U.S.D.C. C.D. Cal. Local Rules 5-3.2.1, 5-3.2.2; *see also generally* Fed. R. Civ. Proc. 5(b)(2)(E). As you know, both parties have exclusively used electronic service in this case ever since.

Additionally, as result of the Court's Civil Trial Order and applicable Local Rules, **the Parties are required to complete an ADR Proceeding by Friday, August 21, 2026.** We are checking on the availability of some potential mediators during August and should hopefully have more information next week, but please let me know if you have any ADR Preferences and/or other suggestions on this topic?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 3:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Hi Ms Canby

I did not know you were back in town yet.

I am sorry I didn't respond earlier but I am out of town visiting my 95 year old grandma. I will be back home on August 17th 2026. I don't recall seeing any requests that you are referring to, as I mentioned, I was in the hospital. Did you serve it via mail ?

Luna

Sent from my iPhone

On Jul 27, 2026, at 6:10 PM, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol –

This email is to confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition. Can you please confirm your intention to appear?

Additionally, my prior request to exchange Initial Disclosure documents is long overdue, can you have your documents ready for exchange by Wednesday 7/29?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2025-11-18 D'SOL - DOC 10 PLTF APPLICATION FOR PERMISSION FOR ELECTRONIC FILING(109158610.1).pdf><2025-11-25 - ECF DOC 12 - ORDER GRANTING PLTF D'SOL PERMISSION FOR ELECTRONIC FILING(157662458.1).pdf><2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

**Luna D’Sol**

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

Date: July 31, 2026
Time: 9:00 a.m.
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will take the videotaped deposition of Pro Per Plaintiff Luna D'Sol on July 31, 2026 at 9:00



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

a.m. at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and will be recorded by videotape and/or by audio or video recording. The deposition will continue day to day thereafter until completed, weekends and holidays excepted.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Dated: July 16, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: Kelly F Canby
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant.

Case No. 2:25-cv-10938-SVW-ASx

Hon. Stephen V. Wilson
Magistrate Judge: Alka Sagar

**PROOF OF SERVICE**

Complaint Filed: August 21, 2025

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 17, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 17, 2026.

Kiry Yeoun
____________________________
Kiry Yeoun

# EXHIBIT 2

## Kelly Canby

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 5, 2026 3:26 PM
**To:** Kiry Yeoun
**Cc:** Kelly Canby; Michelle Bernard
**Subject:** Automatic Reply: Out of Office

Thank you for your email.

I am currently out of the office and will be unavailable until August 20, 2026. During this time, I will not be reviewing or responding to email.

Nothing in this automatic response should be construed as an acknowledgment, agreement, waiver, consent, acceptance of service, stipulation, or concession regarding any factual assertion, legal position, or procedural matter referenced in your email or any attachment.

Any response, if appropriate, will be provided after my return.

Luna D'Sol

On Jul 17, 2026, at 09:26, Kiry Yeoun <kyeoun@grsm.com> wrote:

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>