**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE TO REBUT DEEMED ADMISSIONS**

Hon. Stephen V. Wilson Date:

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Concurrently filed with Proposed Order to deny defendants motion in limine, Request for Leave to file Plaintiff's Opposition to Defendants' Motion in Limine No. 1

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. LEGAL STANDARD ................................................................... 2

A. Judicial Estoppel ........................................................................ 2

B. Rule 36(a)(3) .............................................................................. 2

III. ARGUMENT .............................................................................. 2

A. Defendant Is Judicially Estopped From Asserting That Its Non-Compliant Pre-Filing Efforts Satisfy the Court's Mandatory Meet-And-Confer Rules ..................................................... 2

1. Defendant's Prior Position and This Court's Acceptance ............................... 3

2. Defendant's Inconsistent Position Across All Pending Motions ........................................................................................ 3

3. Allowing Defendant to Flip-Flop Creates an Unfair Detriment to Plaintiff ........................................................................ 4

B. Rule 36(a)(3)'s Sanction Never Triggers Without Valid Service, and Plaintiff Never Gave the Written Consent Rule 5(b)(2)(E) Requires for Off-System Email Service ........................................ 4

C. Even If Consent Existed, Defendant's Own Proof of Delivery Is Internally Self-Contradictory and Cannot Establish Undisputed Service ........................................................... 5

D. Defendant's Rule 36(b) Authority Addresses Withdrawal of Admissions That Validly Arose — Not a Threshold Dispute Over Whether Service Ever Occurred ........................................ 7

E. In the Alternative, Relief Under Rule 36(b) Would Be Warranted ........................................................................................ 7

IV. CONCLUSION ........................................................................... 8

CERTIFICATE OF COMPLIANCE ................................................... 9

# TABLE OF AUTHORITIES

## CASES

*999 v. C.I.T. Corp.*,
776 F.2d 866 (9th Cir. 1985) …………………………………...…………………….. 7

*Conlon v. United States*,
474 F.3d 616 (9th Cir. 2007) ……………………………………..…………….. 2, 7

*Hamilton v. State Farm Fire & Casualty Co.*,
270 F.3d 778 (9th Cir. 2001) ……………………………………….…………….. 2–4

*Jobe v. Harris*,
2025 WL 1393717 (C.D. Cal. Apr. 11, 2025) ………….……………….…………….. 7

*Merchant v. Corizon Health*,.
993 F.3d 733 (9th Cir. 2021) …………………………………………….……….. 7

*Wright v. Paul Revere Life Insurance Co.*,
291 F. Supp. 2d 1104 (C.D. Cal. 2003) ……………………….…………………….. 7

## RULES

Fed. R. Civ. P. 5(b)(2)(E) ……………………………..……………………….. 2, 4–6

Fed. R. Civ. P. 36(a)(3) …………………………..…………...……………….. 1–2, 4

Fed. R. Civ. P. 36(b) ……………………………..…….……………………….. 7

C.D. Cal. L.R. 7-3 ……………………………..……………………………… 3–4

C.D. Cal. L.R. 37-1 ……………………………...……………………………… 3

C.D. Cal. L.R. 37-2.4 ……………………………………………………………… 3

## I. INTRODUCTION

Defendant's Motion in Limine No. 1 (ECF 122) asks this Court to treat Requests for Admission Nos. 1–90 as conclusively established and to bar Plaintiff from offering any evidence to the contrary at trial. The entire Motion rests on one unexamined premise: that Defendant's RFAs were validly served on July 2, 2026. Rule 36(a)(3)'s automatic-admission sanction has no application unless that premise is true — a matter is "admitted" only "after being served." Fed. R. Civ. P. 36(a)(3). Whether service ever validly occurred is disputed on this record, both because Plaintiff never gave the written consent Rule 5(b)(2)(E) requires for email service outside the Court's CM/ECF system, and because the only proof of delivery Defendant offers is a document that is internally self-contradictory on its face. A motion in limine cannot resolve that dispute by assuming the answer. Defendant's Motion should be denied, or at minimum continued pending resolution of the threshold service question.

## II. LEGAL STANDARD

### A. Judicial Estoppel

The doctrine of judicial estoppel prevents a party from gaining an advantage by taking clearly inconsistent positions in the same litigation. To protect the integrity of the judicial process, a party cannot "play fast and loose with the courts" by changing its standard of compliance according to the exigencies of the moment (*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

### B. Rule 36 (a)(3)

Rule 36(a)(3) does not create an admission merely because a party fails to respond to a request for admission. The rule expressly provides that a matter is admitted only when the responding party fails to serve a written answer or objection “within 30 days after being served.” Fed. R. Civ. P. 36(a)(3). Accordingly, valid service of the requests is a threshold prerequisite to the operation of Rule 36(a)(3)’s deemed-admission mechanism.

Where the fact or validity of service is disputed, the Court must resolve that threshold issue before treating the requests as admitted by operation of Rule 36(a)(3).

Where service is attempted by direct electronic transmission rather than through the Court's electronic filing system, Rule 5(b)(2)(E) requires that the person served have "consented in writing" to electronic service. Fed. R. Civ. P. 5(b)(2)(E). The rule therefore does not equate the mere transmission of an email with valid service; the serving party must establish the written consent that makes that method of service authorized.

## III. ARGUMENT

### A. Defendant Is Judicially Estopped From Asserting That Its Non-Compliant Pre-Filing Efforts Satisfy The Court's Mandatory Meet-And-Confer Rules

The doctrine of judicial estoppel prevents a party from gaining an advantage by taking clearly inconsistent positions in the same litigation. To protect the integrity of the judicial process, a party cannot "play fast and loose with the courts" by changing its standard of compliance according to the exigencies of the moment (*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

Defendant is judicially estopped from pursuing its current pending motions because its procedural positions flatly contradict the strict compliance standard it successfully persuaded this Court to adopt to defeat Plaintiff's prior motion.

**1. Defendant's Prior Position and This Court's Acceptance:** In March 2026, Defendant successfully argued that a completed, lengthy Rule 26(f) video conference was legally insufficient because Plaintiff failed to raise one specific document during that dialogue (*See* Decl. of Kelly Canby, ECF No. 62-1). This Court explicitly accepted and relied upon Defendant's strict position. In its April 14, 2026 Order, the Court adopted Defendant's framing, ruling that a moving party cannot merely request a conference; they must specifically identify the precise matters in dispute, provide supporting legal

authority, and engage in a meaningful substantive dialogue before filing (*See* Order, ECF No. 71 at 2–3, citing Dkt. No. 62).

**2. Defendant's Inconsistent Position Across All Pending Motions:** Now, seeking dispositive relief and severe sanctions, Defendant takes a completely inconsistent position by asserting that it can file major motions while completely ignoring or failing the very standard it established. A review of Defendant's filings reveals an systemic failure to comply with Local Rule 7-3 and this Court's prior Order:

(i) **Motion for Summary Judgment (ECF No. 117):** Defendant's 32-page brief contains **zero Local Rule 7-3 certification** anywhere in the notice or memorandum. Defendant completely skipped the mandatory pre-filing rule.

(ii) **Motion in Limine No. 1 (ECF No. 122):** This motion similarly contains **no Local Rule 7-3 certification**anywhere in the notice or memorandum.

(iii) **Motion for Terminating Sanctions (ECF No. 118):** Through Michelle Bernard's Declaration (ECF No. 121), Defendant asserts it can seek the ultimate penalty of dismissal based on a record of **zero completed substantive conferences on any topic**. Defendant's own declaration admits its pre-filing efforts consist entirely of one unattended TEAMS link and one phone call that Defendant explicitly concedes resulted in **no substantive meet-and-confer dialogue** (*See* ECF No. 121 at ¶ 7).

**3. Allowing Defendant to Flip-Flop Creates an Unfair Detriment to Plaintiff:** Under judicial estoppel principles, a party cannot demand strict, uncompromising adherence to procedural rules to defeat an opponent's motion and then exempt itself from those exact same rules when filing its own.

Having established in ECF No. 71 that a completed conference is inadequate if it misses a single detail, Defendant cannot now argue that an omitted

certification or an admitted record of *zero completed conferences* is legally sufficient. Allowing Defendant to benefit from this lower standard grants them an unfair tactical advantage while severely prejudicing Plaintiff. Defendant must be judicially estopped from asserting that its non-existent and non-compliant pre-filing actions satisfy the rules of this Court, and all three motions must be denied.

**B. Rule 36(a)(3)'s Sanction Never Triggers Without Valid Service, and Plaintiff Never Gave the Written Consent Rule 5(b)(2)(E) Requires for Off-System Email Service**

Service by electronic means other than through the Court's own filing system is valid only "if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E). Defendant's own declaration concedes the RFAs were not filed with the Court or served through CM/ECF, but were sent by direct email "pursuant to the parties agreement to conduct service by email in this case." (ECF 122 at 13, ¶ 3) The "agreement" Defendant points to is Michelle Bernard's own written response to Plaintiff's inquiry: "While all substantive pleadings (i.e. motions, etc.) will need to be filed/served via the District Court's ECF system per Central District Local Rules, we are amenable to service via email of courtesy copies of substantive pleadings, discovery pleadings and correspondence." By Defendant's own counsel's chosen words, the arrangement was for courtesy copies — supplemental to formal service, not a substitute for it. Plaintiff has repeatedly and expressly told defense counsel exactly that, in writing: "[T]hat was not a consent for me to receive e-service... consent to electronic service must be express and cannot be implied from conduct... There has never been an express consent from me to receive electronic service from Farmers or your office or anyone that works for your employer." Nor does Plaintiff's separate CM/ECF registration under Local Rule 5-4.1.1 supply the missing consent — that registration governs notices generated by the Court's own electronic filing system under Rule 5(b)(3); it says nothing about a private party's informal email service of discovery requests never filed with the Court. Whether Plaintiff gave the consent Rule 5(b)(2)(E) requires is a disputed factual

question that a motion in limine cannot resolve in Defendant's favor by simply declaring service "confirmed." (ECF Doc. 122, Page ID: 5459-5461, ¶ 3.)

**C. Even If Consent Existed, Defendant's Own Proof of Delivery Is Internally Self-Contradictory and Cannot Establish Undisputed Service**

Defendant's sole evidence of delivery is a single line lifted from a TitanFile "Conversation Record with Delivery Log": "Email delivered successfully to Luna D'Sol at July 2, 2026 7:02 pm EDT." (ECF Doc. 122, Page ID: 5459-5461, ¶ 3, citing Martinez Decl. [ECF 119-7] and Canby MSJ Decl. [ECF 119-6] ¶¶ 11–13, 20–25, Exs. 10–12.) The full exhibit that entry comes from does not support the reliability Defendant assigns it:

> **First,** the report's own header states "last activity: July 2, 2026 4:02" — yet the activity log printed immediately beneath that header, on the same page, opens with entries dated August 1, 2026: a delivery to Kelly Canby and Ms. Canby's own export of the conversation as a PDF. (ECF 119-6 at 109, Page ID #:5042.) A record that misstates its own most recent activity, on its own face, cannot be relied on as an accurate account of anything it reports — including the entry Defendant now asks this Court to treat as conclusive proof of service.
>
> **Second,** the underlying narrative Defendant's own staff gave for why this delivery mechanism was used at all cannot be reconciled with the record's own timestamps. Elisa Martinez's July 2, 2026 emails state that a direct email sent at 3:56 p.m. bounced, requiring the TitanFile channel as a workaround, with the follow-up sent at 4:00 p.m. explaining the failure. (ECF 119-6 at 105, Page ID #:5038.) But the TitanFile channel used to send the discovery was created at 3:55 p.m. — before the 3:56 p.m. email that supposedly failed was even sent, and five minutes before the failure was purportedly discovered. (ECF 119-6 at 111, Page ID #:5044.) A remedy cannot precede the problem it remedies.

**Third,** the Proof of Service Defendant lodged with the Court for this exact RFA package (ECF 120, Lodged Document "B") carries, on its own printed face, a case number belonging to a different case entirely: "CASE NO. 2:25-CV-10938-BFM" appears four separate times in that exhibit, even though its own caption correctly identifies this case as assigned to Judge Wilson and Magistrate Judge Sagar under "2:25-cv-10938-SVW-ASx." (ECF 119-7 at 8–9, 22–23, Page ID #:5292–5293, #:5306–5307.)

A sworn "true and correct" record of service that misstates its own last-activity date, narrates a sequence of events its own timestamps make impossible, and bears a different case's docket number cannot, as a matter of law, be accepted as undisputed proof that service occurred. At minimum, its reliability is a triable question for the jury, not a fact this Court can find as a predicate to excluding Plaintiff's evidence before trial even begins.

**D. Defendant's Rule 36(b) Authority Addresses Withdrawal of Admissions That Validly Arose — Not a Threshold Dispute Over Whether Service Ever Occurred**

Every case Defendant cites — Conlon v. United States, 474 F.3d 616 (9th Cir. 2007); Wright v. Paul Revere Life Ins. Co., 291 F. Supp. 2d 1104 (C.D. Cal. 2003); Merchant v. Corizon Health, 993 F.3d 733 (9th Cir. 2021); Jobe v. Harris, 2025 WL 1393717 (C.D. Cal. Apr. 11, 2025); 999 v. C.I.T. Corp., 776 F.2d 866 (9th Cir. 1985) — involves a party who concedes it was properly served and is instead asking the court to permit withdrawal or amendment of an admission that indisputably came into existence. None of them addresses a party who disputes that the triggering event Rule 36(a)(3) itself requires — valid service — ever happened at all. Plaintiff is not moving to withdraw an admission; Plaintiff disputes that any admission was ever validly created in the first instance, because the predicate service was neither consented to under Rule 5(b)(2)(E) nor reliably proven on this record. A motion built entirely on Rule 36(b)'s permissive-withdrawal

standard cannot resolve a threshold Rule 36(a)(3) service dispute, and Defendant's Motion never engages with that distinction.

**E. In the Alternative, Relief Under Rule 36(b) Would Be Warranted**

Should the Court find that service was technically effected, relief from any resulting admission remains appropriate because (1) allowing the case to be decided on its actual merits rather than on a disputed, unreliable service record would be served, and (2) Defendant cannot show prejudice beyond that inherent in any case proceeding to a merits determination — particularly where Defendant itself continued actively litigating this case, including filing a 22-exhibit, 351-page summary judgment declaration, without ever raising the service dispute Plaintiff repeatedly flagged in writing well before this Motion was filed. See Conlon, 474 F.3d at 625 (two-part test: presentation of the merits subserved, and no prejudice to the party who obtained the admission).

## III. CONCLUSION

Because whether Defendant's Requests for Admission were ever validly served is a disputed question of fact — going to both Plaintiff's consent under Rule 5(b)(2)(E) and the reliability of Defendant's own proof of delivery — this Court cannot resolve that dispute against Plaintiff on a motion in limine. Defendant's Motion in Limine No. 1 should be denied.

Respectfully submitted:

**Dated:** 09/19/2026 **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per

**CERTIFICATE OF COMPLIANCE:** The undersigned, Plaintiff in Pro Per, certifies that this brief contains 2182 **words**, which complies with the word limit of L.R. 11-6.1.

**Dated:** 09/19/2026 **By:** /s/ Luna D'Sol
**Luna D'Sol**, Plaintiff, In Pro Per