**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF LUNA D'SOL'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFF FROM PRESENTING ANY EVIDENCE TO A JURY**

Hon. Stephen V. Wilson Date:

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Concurrently filed with Proposed Order to deny defendants motion in limine, Request for Leave to file Plaintiff's Opposition to Defendants' Motion in Limine No. 1

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................ 2

II. LEGAL STANDARD .................................................................... 2

A. Judicial Estoppel ....................................................................... 2

B. Federal Rule of Civil Procedure 81(c)(3)(A) ............................... 3

C. Federal Rule of Civil Procedure 38 ............................................. 3

D. Federal Rule of Civil Procedure 39(b) ......................................... 3

E. Local Rule 7-3 and the Court's Pretrial Requirements .................. 4

III. STATEMENT OF FACTS .............................................................. 4

IV. ARGUMENT ............................................................................... 6

A. Plaintiff's Jury Trial Right Was Secured Before Removal, and Federal Rule of Civil Procedure 81(c)(3)(A) — Not Rule 38(b) — Governs ........................................................................................ 6

B. Defendant's Own Proposed Order Confirms the Relief Sought Is a Bench Trial, Not Wholesale Exclusion of Plaintiff's Evidence — and Any Broader Request Is Unsupported by Any Authority ....................... 8

C. Defendant Never Complied With Local Rule 7-3's Pre-Filing Meet-and-Confer Requirement for This Motion — and Its Own August 28, 2026 Correspondence Confirms It Had Already Treated the Jury Trial Question as Settled Before Asking This Court to Settle It ................ 9

D. Plaintiff's July 13, 2026 Communication Precludes Any Finding of Deemed Consent Under Local Rule 7-12 ........................................ 10

E. In the Alternative, Relief Under Rule 39(b) Remains Available ........ 11

V. CONCLUSION ............................................................................ 1

## TABLE OF AUTHORITIES

**CASES**

Anheuser-Busch, Inc. v. Natural Beverage Distributors,
69 F.3d 337, 348 (9th Cir. 1995) …………………………………………..……………….. 8

Chambers v. NASCO, Inc.,
501 U.S. 32, 43–46 (1991) ……………………………………………….………………… 8

Hamilton v. State Farm Fire & Casualty Co.,
270 F.3d 778, 782 (9th Cir. 2001) ……………………………………..……………… 2, 9

Lewis v. Time Inc.,
710 F.2d 549 (9th Cir. 1983) ………………………………………….……….…………… 7

Pacific Fisheries Corp. v. HIH Casualty & General Insurance Ltd.,
239 F.3d 1000, 1002–03 (9th Cir. 2001) ……………………………..……………. 11

Zivkovic v. Southern California Edison Co.,
302 F.3d 1080, 1088 (9th Cir. 2002) ……………………………..……...………. 7, 11

**FEDERAL RULES.**

Fed. R. Civ. P. 38 ………………………………………………….………..…………….. 3, 6

Fed. R. Civ. P. 38(b) ……………………………………………….……...……………….. 3, 6

Fed. R. Civ. P. 39(b) ………………………………………………………...…………. 3, 8, 11

Fed. R. Civ. P. 81(c)(3)(A) ……………………………………………....……………. 2, 3, 6

CALIFORNIA STATUTES

Cal. Code Civ. Proc. § 631(b) ……………………………………………...………………. 6

**LOCAL RULES AND COURT ORDERS**

C.D. Cal. L.R. 7-3 ……………………………...………………………………………. 4, 9

C.D. Cal. L.R. 7-12 ……………………………………………….………………………. 10

C.D. Cal. L.R. 16-2 …………………………………………………………………………. 4, 9

Civil Trial Preparation Order, ECF No. 86 ………………………………………………. 5, 9

## I. INTRODUCTION

Defendant's Motion In Limine No. 2 asks this Court to strip Plaintiff of her right to a jury trial on the theory that her March 8, 2026 jury demand [ECF Doc. 49] was untimely under Federal Rule of Civil Procedure 38(b). That theory fails on its own terms, because Rule 38(b) was never the operative rule. This action was removed from Los Angeles Superior Court, Case No. 25VECV04713, and Federal Rule of Civil Procedure 81(c)(3)(A) — not Rule 38 — governs the preservation of a jury demand made before removal. Plaintiff's operative First Amended Complaint, filed in state court on October 15, 2025 — the very pleading Defendant's Answer responded to [ECF Doc. 37] — closes with an express jury demand: "Plaintiff demands trial by jury on all issues so triable." That demand was made before removal, in accordance with the applicable state-law procedure at that stage, and under Rule 81(c)(3)(A) Plaintiff "need not renew the demand after removal." Her March 8, 2026 filing was surplusage.

The motion suffers from an independent, threshold defect as well: it was filed without any Local Rule 7-3 pre-filing conference specific to the relief it seeks, in the same pattern already present in Defendant's Motion for Summary Judgment [ECF Doc. 117] and Motion In Limine No. 1 [ECF Doc. 122]. And Defendant's own correspondence, dated August 28, 2026 — ten days before this motion was filed — confirms that Defendant had already unilaterally treated the still-undecided Motion to Strike as resolved in its favor, using that premature conclusion to excuse itself from a separate, court-ordered meet-and-confer obligation. The motion should be denied.

## II. LEGAL STANDARD

### A. Judicial Estoppel

The doctrine of judicial estoppel prevents a party from gaining an advantage by taking clearly inconsistent positions in the same litigation. To protect the integrity of the judicial process, a party cannot "play fast and loose with the courts" by changing its

standard of compliance according to the exigencies of the moment (*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).

**B. Federal Rule of Civil Procedure 81(c)(3)(A)**

Federal Rule of Civil Procedure 81(c)(3)(A) specifically governs jury demands in removed actions. It provides that "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Thus, where a party made an express and legally effective jury demand before removal, the demand carries into federal court without requiring a second demand under the ordinary federal deadline. Rule 81(c)(3)(A) therefore distinguishes a pre-removal jury demand governed by state law from a jury demand first made after removal.

**C. Federal Rule of Civil Procedure 38**

Federal Rule of Civil Procedure 38 preserves the right to trial by jury on issues triable of right by a jury and establishes the ordinary federal procedure for making that demand. Under Rule 38(b), a party may demand a jury by serving a written demand, which may be included in a pleading, no later than 14 days after the last pleading directed to the issue is served, and the demand must also be filed as provided by Rule 5(d). Rule 38 therefore establishes the ordinary federal timing and filing requirements for a jury demand, subject to the specific provisions governing removed actions in Rule 81(c)(3).

**D. Federal Rule of Civil Procedure 39(b)**

Federal Rule of Civil Procedure 39(b) addresses the situation in which a jury trial has not been properly demanded. It provides that issues for which a jury trial was not properly demanded are to be tried by the Court, but expressly authorizes the Court, on motion, to order a jury trial on any issue for which a jury might have been demanded. Rule 39(b) therefore preserves judicial discretion to order a jury trial even where the ordinary

demand requirements have not been satisfied, making the absence or alleged untimeliness of a jury demand not necessarily dispositive of whether the Court may order a jury trial.

**E. Local Rule 7-3 and the Court's Pretrial Requirements**

Central District of California Local Rule 7-3 requires counsel to meet and confer before filing a motion concerning the substance of the contemplated motion and requires the moving party to state compliance with the rule. Separately, the Court's pretrial procedures impose obligations concerning the parties' preparation for trial. Local Rule 16-2 requires lead trial counsel to meet before the Final Pretrial Conference to address specified pretrial matters, and the Court's civil trial-preparation procedures require the parties to meet and confer concerning proposed jury instructions and verdict forms when a jury trial is contemplated. These requirements govern the parties' pretrial preparation and are distinct from the substantive question of whether a party's jury demand was timely or effective under the Federal Rules of Civil Procedure.

## III. STATEMENT OF FACTS

1. Plaintiff filed her original Complaint in Los Angeles Superior Court, Case No. 25VECV04713, on August 21, 2025.
2. Plaintiff filed her First Amended Complaint in that same state-court action on October 15, 2025. The First Amended Complaint concludes with an express jury demand: "DEMAND FOR JURY TRIAL. Plaintiff demands trial by jury on all issues so triable." (ECF Doc. 1-2, Page ID #:59.)
3. Nothing in the record reflects that a case management conference was ever set or held in the state-court action between the filing of the First Amended Complaint on October 15, 2025, and removal on November 14, 2025 — a span of thirty days.
4. Defendant removed the action to this Court on November 14, 2025. [ECF Doc. 1.] Defendant's counsel filed the First Amended Complaint, jury demand included, as Exhibit 2 to the Notice of Removal. [ECF Doc. 1-2.]

**5.** Defendant filed its Answer to that same First Amended Complaint on February 9, 2026. [ECF Doc. 37.]

**6.** Plaintiff filed a further Demand for Jury Trial on March 8, 2026. [ECF Doc. 49.]

**7.** Defendant filed its Motion To Strike The Untimely Demand For Jury Trial And Request For Bench Trial on June 29, 2026, noticed for hearing July 27, 2026, with an opposition deadline of July 6, 2026. [ECF Doc. 90.]

**8.** On July 13, 2026, Plaintiff emailed defense counsel explaining she had been treated in the emergency room for chest pain on July 4 and again on July 11, 2026, with follow-up care ordered, while simultaneously preparing papers on three other matters set for the same July 27, 2026 hearing date. She requested a stipulated nine-day extension to file her opposition, expressly noting that "the July 27, 2026 hearing date is unaffected either way," and stated that absent agreement she would seek ex parte relief. (Canby Decl., Ex. A.)

**9.** Defense counsel refused to stipulate. (Canby Decl., Ex. B.)

**10.** On July 24, 2026, the Court vacated the July 27, 2026 hearing date on the Motion to Strike and took the matter under submission, where it remains pending and undecided as of the filing of this motion. [ECF Doc. 100.]

**11.** On August 28, 2026, Defendant's lead trial counsel, Michelle Bernard, wrote to Plaintiff regarding meet-and-confer obligations under Local Rule 16-2, including the joint preparation of jury instructions required by this Court's Civil Trial Preparation Order [ECF Doc. 86]. Ms. Bernard stated: "[Y]ou blew your deadline to request a jury trial in this matter after removal and Farmers Direct has a pending motion under submission with the court seeking to strike your untimely jury demand. Accordingly, unless and until the court grants you relief regarding this major procedural problem, there is no basis for meeting and conferring on jury instructions as there is not going to be a jury trial as of right now." Ms. Bernard refused to meet and confer on jury instructions or any other Local Rule 16-2 pretrial

topic on that basis, notwithstanding her own acknowledgment in the same email that the Motion to Strike remained "under submission" and undecided.

**12.** Defendant filed this Motion In Limine No. 2 on September 7, 2026, seeking an order that Plaintiff "may not present evidence, testimony or argument to a jury" and that the case instead "be tried to the Court." (Proposed Order, ECF Doc. 123-1.) The motion contains no Local Rule 7-3 certification specific to the relief it seeks; its only reference to meet-and-confer efforts is generic language recycled from the declaration supporting Defendant's Motion In Limine No. 1, unmoored to any date or description of a conference addressing this motion's subject matter. (Notice, ECF Doc. 123 at 3; Canby Decl. ¶13.)

## IV. <u>ARGUMENT</u>

### A. Plaintiff's Jury Trial Right Was Secured Before Removal, and Federal Rule of Civil Procedure 81(c)(3)(A) — Not Rule 38(b) — Governs

Federal Rule of Civil Procedure 81(c) governs the applicability of the Federal Rules to actions removed from state court, and subsection (c)(3)(A) speaks directly to the jury-demand question this motion raises: "A party who, before removal, expressly demanded a jury trial in accordance with state law, need not renew the demand after removal." Fed. R. Civ. P. 81(c)(3)(A). This is the specific rule governing exactly this circumstance, and it displaces the ordinary Rule 38(b)/(d) fourteen-day analysis Defendant relies on for any party who already demanded a jury before the case left state court.

Plaintiff did exactly that. Her operative First Amended Complaint — filed in Los Angeles Superior Court on October 15, 2025, and later answered by Defendant in this Court [ECF Doc. 37] — concludes with an unambiguous demand: "Plaintiff demands trial by jury on all issues so triable." That demand satisfied every obligation state law imposed on Plaintiff at that stage of the litigation. Under California Code of Civil Procedure § 631(b), a party demanding a jury must deposit a nonrefundable jury fee "on or before the date of the initial case management conference." No case management conference had

been set, let alone held, in the thirty days between the filing of the First Amended Complaint and Defendant's removal of the action to this Court. There was accordingly nothing further Plaintiff was required to do under California law to perfect her jury demand before Defendant removed the case — and Rule 81(c)(3)(A) provides that once that pre-removal demand was made "in accordance with state law," it travels with the case and need not be renewed. Nor does Plaintiff's non-payment of any jury fee since removal undermine this analysis: Federal Rule of Civil Procedure 38 imposes no fee requirement at all, and the sole state-law fee deadline that could have applied to Plaintiff never arrived before the case left state-court jurisdiction.

Defendant's motion is silent on all of this. Neither the motion, the accompanying Canby Declaration, nor the underlying Motion to Strike [ECF Doc. 90] it is built upon mentions Rule 81(c)(3), California Code of Civil Procedure § 631, or the pre-removal jury demand contained in the very First Amended Complaint Defendant's own counsel attached as Exhibit 2 to the Notice of Removal. Defendant instead treats Plaintiff's March 8, 2026 filing [ECF Doc. 49] as though it were the first and only jury demand ever made in this case, subject to the ordinary fourteen-day clock of Rule 38(b) running from Defendant's February 9, 2026 Answer. That framing ignores the rule that actually applies to removed actions and the pleading Defendant itself filed with this Court.The authority Defendant cites does not fill that gap. In Zivkovic v. Southern California Edison Co., 302 F.3d 1080 (9th Cir. 2002), the plaintiff filed his complaint originally in federal court — the action was never removed, no jury demand of any kind preceded the litigation, and the Ninth Circuit's discussion of Rule 38(b) and Rule 39(b) accordingly never touches Rule 81(c)(3). Lewis v. Time Inc., 710 F.2d 549 (9th Cir. 1983), is if anything instructive in Plaintiff's favor: the court there confronted a plaintiff who never demanded a jury before removal at all, which is precisely why Rule 81(c)(3)'s protection did not apply to him. Plaintiff's facts are the mirror image — an express, on-the-record demand made in the operative pleading before the case ever reached this Court.

Because Plaintiff's right to a jury trial was already secured under Rule 81(c)(3)(A) as of October 15, 2025, the question whether her March 8, 2026 filing was "timely" under Rule 38(b) is beside the point. A right that has already been perfected cannot be waived by the manner or timing of a later, unnecessary re-demand.

**B. Defendant's Own Proposed Order Confirms the Relief Sought Is a Bench Trial, Not Wholesale Exclusion of Plaintiff's Evidence — and Any Broader Request Is Unsupported by Any Authority**

Defendant's motion is titled as though it seeks to bar Plaintiff from presenting any evidence at all, at any proceeding, before any factfinder. The relief Defendant's own proposed order actually requests is narrower: "Pro Per Plaintiff Luna D'Sol may not present evidence, testimony or argument to a jury as such right has now been waived and this case will instead be tried to the Court as result." (Proposed Order, ECF Doc. 123-1 at 2.) Properly read, that is a request that this matter proceed as a bench trial rather than a jury trial — not a request to exclude Plaintiff's evidence from trial altogether. For the reasons set forth in Section A, even that narrower relief is unwarranted because Plaintiff's jury right was never waived.

To the extent the body of Defendant's motion reaches further — invoking Plaintiff's "chosen course of litigation conduct," her discovery participation, and her meet-and-confer history as independent grounds to exclude her evidence, testimony, and argument outright — that request is supported by no legal authority anywhere in Defendant's twenty-eight-page filing. Not a single case is cited for the proposition that discovery conduct, standing alone, justifies excluding a party's evidence from trial in its entirety. That relief is functionally indistinguishable from terminating sanctions, which this Circuit permits only after the searching, multi-factor analysis required by decisions such as Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995), and pursuant to the Court's inherent authority discussed in Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991) — an analysis Defendant does not attempt here, and which it is separately

pursuing, however thinly supported, through its own dedicated Motion For Terminating Sanctions [ECF Docs. 118, 121]. This Court should not grant case-ending relief through an unbriefed aside in a motion in limine that Defendant has not earned through the motion actually designed to seek it.

**C. Defendant Never Complied With Local Rule 7-3's Pre-Filing Meet-and-Confer Requirement for This Motion — and Its Own August 28, 2026 Correspondence Confirms It Had Already Treated the Jury Trial Question as Settled Before Asking This Court to Settle It**

Nowhere in this motion does Defendant identify a Local Rule 7-3 conference addressing the relief this motion actually seeks. The only meet-and-confer language in the filing is a single recycled sentence, cross-referencing the declaration filed in support of Defendant's separate Motion In Limine No. 1, asserting generally that "attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct." (Notice, ECF Doc. 123 at 3; Canby Decl. ¶13.) That sentence identifies no date, no participants, and no discussion of the specific relief sought here — the same deficiency already present in Defendant's Motion for Summary Judgment [ECF Doc. 117], which contains no Local Rule 7-3 certification at all.

Defendant's own August 28, 2026 correspondence explains why no genuine conference on this subject exists: Defendant had already decided, unilaterally, that there was nothing to confer about. Responding to Plaintiff's inquiry regarding Local Rule 16-2 pretrial obligations — which include the joint preparation of jury instructions required by this Court's Civil Trial Preparation Order [ECF Doc. 86 § A.1(a)] — Ms. Bernard wrote: "[Y]ou blew your deadline to request a jury trial in this matter after removal and Farmers Direct has a pending motion under submission with the court seeking to strike your untimely jury demand. Accordingly, unless and until the court grants you relief regarding this major procedural problem, there is no basis for meeting and conferring on jury instructions as there is not going to be a jury trial as of right now." In the same breath

that Ms. Bernard acknowledged the Motion to Strike remained "under submission" — that is, undecided — she declared its outcome a foregone conclusion and refused to engage in a separate, mandatory procedural obligation on that basis.

That position also implicates judicial estoppel. Having taken that position and acted upon it while the Motion to Strike remained undecided, Defendant should not now be permitted to obtain relief from this Court based on the very procedural posture Defendant invoked to avoid the required pretrial process. See *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (judicial estoppel prevents a party from gaining an advantage by taking clearly inconsistent positions).

That correspondence further undercuts the premise of the present motion. Defendant had already treated the jury-demand issue as resolved for purposes of its own pretrial conduct, yet now asks this Court to resolve that same issue in Defendant's favor. The Court should decide the jury-demand issue based on the governing Federal Rules and the actual record—not on an assumption Defendant adopted while its Motion to Strike remained pending and undecided

**D. Plaintiff's July 13, 2026 Communication Precludes Any Finding of Deemed Consent Under Local Rule 7-12**

Defendant's fallback argument — that Plaintiff's failure to file a formal opposition to the Motion to Strike constitutes deemed consent under Local Rule 7-12 — does not independently support striking a jury trial right. Local Rule 7-12 states that a failure to timely oppose "may be deemed" consent; it is discretionary, not automatic, and courts do not lightly treat silence as consent to the loss of a right of constitutional dimension, particularly where the record shows the party was not silent.

Plaintiff was not silent. On July 13, 2026 — before the opposition deadline had meaningfully lapsed — she emailed defense counsel directly, explained that she had been treated in the emergency room for chest pain on July 4 and again on July 11, 2026, and requested a nine-day stipulated extension, expressly noting that the hearing date itself would be unaffected. Defendant refused to stipulate to that brief extension and has since used both the refusal and the resulting missed deadline offensively — first as the basis for

the Motion to Strike itself, and now as the basis for this motion. That Motion to Strike, moreover, remains undecided; the Court took it under submission on July 24, 2026, and, as shown above, Defendant's own August 28, 2026 correspondence confirms it remained pending at that time. Defendant is asking this Court to resolve, through this motion in limine, an already-pending motion the Court itself has not yet ruled on — without the benefit of full briefing on the merits of that underlying motion.

**E. In the Alternative, Relief Under Rule 39(b) Remains Available**

Should the Court conclude, contrary to Section A, that Rule 38(b)'s ordinary timing applies, Rule 39(b) grants the Court discretion to order a jury trial notwithstanding an untimely demand. Plaintiff notes, in candor, that the Ninth Circuit's discretion here is narrow and does not extend to relief based on inadvertence alone. See Zivkovic, 302 F.3d at 1088, citing Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd., 239 F.3d 1000, 1002-03 (9th Cir. 2001). Plaintiff accordingly rests primarily on Section A above, and raises Rule 39(b) only to preserve the issue in the event the Court does not reach the Rule 81(c)(3) analysis.

## V. CONCLUSION

Plaintiff's right to a jury trial was secured before this action ever reached federal court. Defendant's motion rests entirely on a rule that does not apply to her, was filed without the pre-filing conference the Local Rules require, and follows correspondence in which Defendant's own counsel had already treated the question as decided. The motion should be denied.

Respectfully submitted:

**Dated:** 09/19/2026 **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per

**CERTIFICATE OF COMPLIANCE:** The undersigned, Plaintiff in Pro Per, certifies that this brief contains 3454 **words**, which complies with the word limit of L.R. 11-6.1.

**Dated:** 09/19/2026 **By:** /s/ Luna D'Sol
**Luna D'Sol,** Plaintiff, In Pro Per