LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. : *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**OBJECTIONS TO DECLARATION OF KELLY CANBY IMPROPER REPLY**<br><br>Complaint Filed: August 21, 2025<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Date: September 28, 2026<br>Time: 1:30 p.m. |

## I. OBJECTIONS

Plaintiff objects to Defendant's submission of the Supplemental Declaration of Kelly Fitzgerald Canby to the extent Defendant relies upon it to retroactively establish or cure compliance with the meet-and-confer requirement. The Court has already adjudicated the adequacy of Plaintiff's prior meet-and-confer efforts in this action, expressly finding that Plaintiff failed to satisfy Local Rule 37-1 and Federal Rule of Civil Procedure 37's meet-and-confer requirements. See ECF No. 71 at 2–3. Defendant may not use a supplemental declaration to rewrite or retroactively cure the procedural record previously addressed by the Court. See Fed. R. Civ. P. 37(a)(1); C.D. Cal. L.R. 37-1, 37-2.4.

| | | |
|---|---|---|
| **1.** ECF 141-1 : Declarant states she is "principally responsible for the files," yet the electronic audit logs show files accessed under her name at 12:00 AM and 1:00 AM, and files accessed at 3:00 AM using the login ID of Michelle Bernard. | **Objection to foundation, lack of personal knowledge, and misleading factual misrepresentation.** | **Lack of Personal Knowledge / Misleading:** The declarant claims exclusive personal responsibility for the files. However, the record demonstrates that multiple users or alternative logins (specifically "Michelle Bernard" at 3:00 AM) were accessing the files. The statement lacks foundational truth, is completely contradicted by the electronic record, and constitutes a factual misrepresentation to the Court under *Moser v. Bret Harte* |

| | | |
|---|---|---|
| | | *Union High School Dist.*, 366 F.Supp.2d 944. |
| **2. ECF 141-1** ¶6 and ¶¶ 1-19 As explained in further detail in Defendant's Ex Parte Application Re Electronic Filing Motion Per Local Rule 5-4.6.2, Local 6-1 And/Or FRCP 6(b)(1)(B) [ECF Doc. 127] ("Ex Parte Application") filed on September 10, 2026 and my supporting Declaration of Kelly Fitzgerald Canby ("Canby Ex Parte Decl."), ¶¶ 16, 21-23 [ECF Doc. 127-2], Plaintiff previously suggested that she might seek a continuance of the MSJ hearing date due to alleged "technical issues" which impeded her ability to access the MSJ documents in the Court's CM/ECF System and unspecified "health problems." See Canby Ex Parte Decl., ¶¶ 16, 21-23, Exhibits 2- 4 [ECF 127-2]. 7. | **Objection: Improper argument for a Reply brief.** | **Improper Reply:** A reply brief is strictly limited to responding to new matters raised in the opposition. A party cannot use a reply to re-hash, re-argue, or repeat arguments already made in their moving papers. This wastes judicial resources and violates standard rules of motion practice. |

| | | |
|---|---|---|
| I also spoke with Plaintiff two times la | | |
| **3. ECF 141-1** Ex Parte Application filed on September 10, 2026, claiming an emergency requiring immediate intervention, following a 27-day noticed hearing date | **Objection: Procedural defect and failure to show irreparable harm or prompt diligence.** | **Laches / No Emergency:** Ex parte relief requires a showing of an immediate, critical emergency and prompt action. The moving party filed her underlying documents on September 1, 2026, and waited **9 days** (until September 10) to seek ex parte relief, and only did so *after* being notified that her regular hearing was set 27 days out. Waiting 9 days defeats any claim of "promptness" or "emergency" and constitutes an abuse of the ex parte process. |
| 4. **ECF 141-1, ¶2** After 6:00 p.m. on September 14, 2026, Plaintiff belatedly filed her Opposition to Farmers Direct's MTS which is almost a week after her Opposition | **Objection: Improper legal argument, false and misleading misrepresentation of deadlines.** | **Factual Misrepresentation / Procedural Defect:** The calculation provided by opposing counsel is mathematically fraudulent because it is built upon their own violation of **Local Rule 6-1**. Under Local Rule 6-1, a |

| | | |
|---|---|---|
| | | moving party must provide a minimum of **28 days' notice** before a hearing. Moving party only provided **27 days' notice** in the electronic system. By shortening the notice period, they artificially advanced the deadline. A party cannot violate court rules to manufacture a procedural default against a pro se litigant and then persist in misrepresenting that deadline to the Court under *Moser*, 366 F.Supp.2d 944. |
| 5. **ECF 141-1 ¶7** "I also spoke with Plaintiff two times last week... and discussed the grounds... including the technical failures and computer system malfunctions..." | **Objection: Factual misrepresentation, lack of foundation, and shifting inconsistent narratives.** | **Inconsistent Narrative / Misrepresentation:** The declarant is shifting their factual position to create a post-hoc excuse for a filing defect. This new narrative of a "system malfunction" directly contradicts the electronic audit trail, which shows logins under entirely different user accounts (specifically "Michelle |

| | | |
|---|---|---|
| | | Bernard" at 3:00 AM). Counsel cannot fabricate a shifting narrative of a technical glitch to mask a multi-user filing irregularity, and then persist in that misrepresentation to the Court under *Moser v. Bret Harte Union High School Dist.*, 366 F.Supp.2d 944. |
| 6. ECF 141-1 ¶19<br><br>The discovery cutoff has passed. The motion filing cutoff has passed. Trial is less than one month away. Plaintiff's belated Oppositions to the MTS (and MSJ) are without justification and unfairly impair Farmers Direct's ability to meaningfully respond and further delays are also unwarranted. Accordingly, Plaintiff's conduct has resulted in substantial prejudice to Farmers Direct | **Objection: Factual misrepresentation, lack of foundation, and misleading the Court.** | **Factual Misrepresentation / Lack of Candor:** Defendant claims "substantial prejudice" and "impairment" regarding litigation deadlines. However, Defendant fails to disclose that **Defendant never served any discovery requests upon Plaintiff** during this action. Defendant cannot manufacture a claim of "prejudice" regarding cutoffs when they failed to initiate discovery. Furthermore, any alleged delay was directly caused by Defendant's own violation of **Local Rule 6-1** |

| | | |
|---|---|---|
| and this Court should decline to consider these untimely Oppositions per Local Rule 7-12 (and any request for relief under Rule 36(b) should be denied as well). | | by scheduling a hearing with only 27 days' notice instead of 28. Counsel has a duty of candor and cannot persist in factual misrepresentations under *Moser v. Bret Harte Union High School Dist.*, 366 F.Supp.2d 944. |
| 7. ECF 141-1<br>**Canby Decl. ¶ 7:** Canby states that she advised Plaintiff, orally and in writing, that Plaintiff's opposition "was due to be filed by 3:00 p.m. the next business day thereafter on September 11, 2026."<br><br>**Canby Decl. ¶ 2:** Canby now declares that Plaintiff's opposition was due **September 8, 2026**, and characterizes the September 14 filing as "almost a week" late. | **Fed. R. Evid. 602** (personal knowledge); **Fed. R. Civ. P. 56(c)(4)** (declaration must be based on personal knowledge and set out admissible facts); **Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782–83 (9th Cir. 2001)** if arguing judicial estoppel | Defendant cannot simultaneously represent that Plaintiff was advised that the deadline was September 11 and contend that Plaintiff was required to file by September 8. At minimum, the inconsistency undermines Defendant's characterization of Plaintiff's filing as an unjustified delay and requires the Court to disregard any argument premised upon a single, undisputed deadline. |

| | | |
|---|---|---|
| 7. ECF 141-1 ¶11 As explained in further detail in the supporting Declaration of Michelle R. Bernard [ECF Doc. 121] ("Bernard Decl."), ¶¶ 9-15 filed in support of the MTS, Plaintiff decided to essentially boycott all discovery in this case and instead chose to pursue an affirmative litigation strategy of continuing to challenge the Court's established subject matter jurisdiction and to expand her unwarranted campaign of sought sanctions against defense counsel. For example, on May 1, 2026 (i.e., the same day that Farmers Direct proposed for the exchange of Initial Disclosure documents) Plaintiff stated: "I am not substantively engaging with discovery because jurisdiction is unresolved." | **Witness lacks personal knowledge, spiculation, lacks foundation, irrelevant Fed R Evid 602, 901, 401 - 403** | |

| | | |
|---|---|---|
| See Bernard Decl., ¶ 9, Exhibit 5 | | |

**II. Judicial Estoppel.**

Defendant's present position should also be viewed in light of the doctrine of judicial estoppel. The Ninth Circuit recognizes that judicial estoppel prevents a party from gaining an advantage by asserting one position and later taking a clearly inconsistent position. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001). The factors include whether the later position is clearly inconsistent with the earlier position, whether the court accepted the earlier position, and whether allowing the later position would provide an unfair advantage or impose an unfair detriment. Here, Defendant's own declaration contains the conflicting representations: paragraph 7 states that Plaintiff was advised that her opposition was due September 11, while paragraph 2 asserts that the applicable deadline was September 8. Defendant then relies upon the alleged September 8 deadline to characterize Plaintiff's filing as an unjustified delay and to seek adverse relief. Defendant should not be permitted to obtain an advantage from a factual position that conflicts with its own contemporaneous representation to Plaintiff.

Respectfully submitted,

Dated 9/21/2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per