MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF UNTIMELY OPPOSITION TO MOTION IN LIMINE NO. 2 TO PRECLUDE PLAINTIFF FROM PRESENTING ANY EVIDENCE TO A JURY**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# REPLY AND NOTICE OF UNTIMELY OPPOSITION TO MIL NO. 2

## I. INTRODUCTION

On September 21, 2026, Pro Per Plaintiff Luna D'Sol ("Plaintiff") filed another **untimely** opposition [ECF Doc. 144-1] ("Opposition") again **a week late** and on the same date that the Reply Brief of Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") is due to be filed in support of Defendant's Motion in Limine No. 2 [ECF Doc. 123] ("MIL No. 2"). Although Plaintiff filed her Opposition with an Ex Parte Application [ECF Doc. 144] which on the surface (and based on the covering notice) appears to merely seeking additional time for  unspecified health issues, but a review of the Memorandum of Points and Authorities attached to her Ex Parte Application makes fairly clear that Plaintiff is instead just using these most recent filings as a springboard for pursuing additional and more extensive sanctions against defense counsel and Farmers Direct. This Court should decline to consider Plaintiff's late filed Opposition to MIL No. 2 per Local Rule 7-12.

Through MIL No. 2, Farmers Direct seeks orders precluding Plaintiff from presenting any evidence, testimony or argument to a jury, which is a right that Plaintiff has now waived. Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Doc. 117, 119, 120] ("MSJ") and its Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS") are both scheduled for hearing on September 28, 2026. If any of Plaintiff's claims potentially survive Farmers Direct's pending MSJ and/or MTS, this Court should grant MIL No. 2 and this case should be tried to the Court for the reasons explained further below.

## II. FARMERS DIRECT'S MIL NO. 2 SHOULD BE GRANTED

### A. Defendant's Motion In Limine Is Procedurally Proper

"A motion in limine is also proper procedure to challenge whether an action is jury triable." California Practice Guide—Civil Trial and Evidence, § 2:217 (October 2025 Update); *see also generally Plumley v. Mockett*, 164 Cal.App.4th 1031, 1037-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1038 (2008) (prior to trial defendant "filed a motion in limine contending, among other things, that . . . [plaintiff] did not have a right to a jury trial on his unfair competition claim" and the trial court agreed). As explained further below, Plaintiff has waived her right to a jury trial given her untimely Demand For Jury Trial [ECF Doc. 49] and MIL No. 2 should be granted.

Alternatively, Farmers Direct's requests through its MIL No. 2 an order preventing Plaintiff from presenting any evidence to a jury at all which is also "Procedurally Appropriate" -- even absent a finding of waiver -- if "each of plaintiff's claims lacks evidentiary support such that no reasonable jury could find in plaintiff's favor." *See e.g., Johnson v. Williams,* 584 F.Supp.2d 97, 101 (D.D.C. 2008). In such case, a motion in limine may be properly granted to preclude Plaintiff from presenting her claims to a jury entirely.[1] *Johnson,* 584 F.Supp.2d at 100, 108. As further explained in Defendant's companion MIL No.1 and MIL No. 3 filed herewith, the impact of either and/or both of those sought orders or the underlying supporting grounds for those requests (e.g., self-executing sanctions such as deemed admissions per Rule 36 and/or the preclusion of expert testimony or other evidence per Rule 37(c)(1) as result of her violations of Rule 26) could well result in this Court's reasoned determination that Plaintiff's claims are so lacking in any competent evidentiary support that no reasonable jury could find in Plaintiff's favor on any of her claims. To the extent that any of Plaintiff's claims potentially survive to trial, Farmers Direct seeks a Court trial for the reasons explained below.

[1] For example, at the pretrial conference in the *Johnson* case (involving a civil rights claim arising from plaintiff motorist's encounter with law enforcement), the Court heard argument on defendants' motion in limine which argued that "discovery having concluded, plaintiff has not produced evidence that would allow a reasonable jury to find for plaintiff on any of his claims." *Johnson,* 584 F.Supp.2d at 100-101. The Court ultimately agreed and found that at "the close of discovery, plaintiff has not proffered information for any of his claims that would allow a reasonable jury to find in his favor," so "**Defendants' motion *in limine* shall be granted**" and the "**plaintiff shall be precluded from presenting all five of his alleged counts to the jury**." *Johnson,* 584 F.Supp.2d at 100, 108 (emphasis added).

### B. <u>Plaintiff's Untimely Demand For Jury Trial And Resulting Waiver Of Her Right To Trial By Jury</u>

Plaintiff's untimely Demand for Jury Trial [ECF Doc. 49] was filed on March 8, 2026 **more than 14 days** after Farmers Direct filed its Answer [ECF Doc. 37] to the First Amended Complaint on February 9, 2026, following its removal of this case to this Court on November 14, 2025 [ECF Doc. 1] which is beyond the time period permitted by Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-2.[2] Accordingly, where "the defendant does not answer the complaint before removal, the plaintiff may demand a jury trial within ten (10) days [***now 14 days***] of service of the *answer*." *Wave House Bemont Part, LLC v. Travelers Property Cas. Co. of America,* 244 F.R.D. 608, 609-610, n. 4 (S.D. Cal. 2007) (emphasis added); Fed. R. Civ. Proc. 38 Advisory Committee Notes related to 2009 Amendments (the "times set in the former rule at 10 days have been **revised to 14 days**") (emphasis added).

"A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. Proc. 38(d). "Issues on which a jury trial is not properly demanded are to be tried by the court." Fed. R. Civ. Proc. Rule 39(b); *Gonzalez v. Target Corp.,* No. 2:13–CV–01615–KJM–AC 2014 WL 2548726 *3, *5 n.2 (E.D. Cal. June 5, 2014) (granted defendant's motion to strike plaintiff's jury demand that was not timely filed after removal and ordering that the "case will not be tried to a jury"); *Ditta v. Mentor Graphics Corp.*, Case No. SACV 13-00973-CJC (AJWx), 2014 WL 12601073 *2-*3 (C.D. Cal. January 2, 2014) (granted defendant's motion to strike plaintiff's jury demand and modified scheduling order "to reflect that the trial of this

[2] *See* Fed. R. Civ. Proc. 38(b)(1) ("[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand -- which may be included in a pleading -- **no later than 14 days after the last pleading directed to the issue is served** . . .") (emphasis added); *see also* Local Rule 38-2 (in "all such cases removed to this Court which are not at issue at the time of removal, **the demand for jury trial must be filed within 14 days after service of the last responsive pleading** addressed to an issue triable by right by a jury") (emphasis added).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

matter will be a bench trial" where plaintiff's jury trial demand after removal was untimely and "the jury trial right is waived and the action is to be tried by the court").

As explained further below, Plaintiff has failed to take any action to attempt to remedy the waiver resulting from her untimely Demand For Jury Trial [ECF Doc. 49] (other than filing her week late Opposition to this MIL No. 2) and she clearly cannot satisfy the narrow permissible standard for relief under applicable Ninth Circuit law whereby inadvertence or unfamiliarity with the law are not adequate excuses even for a pro per party.[3] *Zivkovi v. Southern California Edison Co.,* 302 F.3d 1080, 1086-1087 (9th Cir. 2002) (affirming district order striking untimely jury trial demand filed by pro se plaintiff); *Plenty v. Collectcorp.,* No. CV–06–705–PHX–LOA, 2006 WL 2256616 (D. Ariz. August 7, 2006) (pro se plaintiff's motion for jury trial denied based on holding of *Zivkovi* case where plaintiff's jury demand was untimely); *Raya v. Maryatt Industries*, 829 F.Supp.1169, 1175-1176 (N.D. Cal. 1993) (denied a pro se plaintiff's motion for "relief from her failure to file a timely jury demand").

### C. **<u>Plaintiff's Has Failed To Seek Any Relief Under Rule 39(b) And She Cannot Satisfy That Standard In Any Event</u>**

"Rule 39(b) is the only way for plaintiff to obtain relief from its untimely jury demand." *Wave House,* 244 F.R.D. at 613. Specifically, Rule 39(b) of the Federal Rules of Civil Procedure states the following: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. Proc. 39(b). Plaintiff has failed to make any such motion under Rule 39(b).

The "Ninth Circuit takes a narrow view of the discretion permitted by Rule

---

[3] Moreover, this Court's Local Rules expressly apply to persons "appearing pro se" and mandate that persons appearing as parties without counsel "are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se." *See* Local Rule 1-3. The Local Rules also require "Compliance with Federal Rules" by any persons appearing pro se, such as Plaintiff. *See* Local Rule 83-2.2.3 ("[a]ny person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P.").



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

39(b)" as compared to some courts in other Circuits. *Raya*, 829 F.Supp.1169 at1176; *see also Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*, Case No. 07cv00280-IEG (RBB), 2008 WL 11337433, *5 (S.D. Cal. November 7, 2008); *Demerjian v. Mercedes-Benz USA LLC,* Case No.: 2:25-cv-2873-RAO, 2025 WL 3030573, *2 (C.D. Cal. August 5, 2025) (explaining that "[i]n light of binding Ninth Circuit authority on the topic, the Court cannot be persuaded by other circuits that have adopted a less restrictive interpretation of Rule 39(b)").

"It is clear in the Ninth Circuit that a district court does not abuse its discretion in denying a request for a jury trial under Rule 39(b) when the only excuse for the failure timely to file a demand is oversight, inadvertence, neglect, or counsel's unfamiliarity with federal practice and procedure." *Roberson v. Equitable Life Assur. Soc. of U.S.*, 661 F. Supp. 416, 425 (C.D. Cal. 1987). A "district court's discretion under Rule 39(b) 'is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand [for jury trial] results from an oversight or inadvertence." *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir. 1994). Accordingly, "inadvertence of counsel" is not an adequate reason to excuse a plaintiff's failure to timely file a jury trial demand. *Wave House,* 244 F.R.D. at 613; *see also Herzig v. Twentieth Century-Fox Film Corp.,* 129 F.Supp. 845, 848 (S.D. Cal. 1955). "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002-1003 (9th Cir. 2001), *cert. denied* 534 U.S. 944, 122 S.Ct. 324, 151 L.Ed.2d 242 (2001) (court rejected argument that "good faith mistake of law" should excuse an untimely jury trial demand); *Ward v. Sunrise Assisted Living Investments, Inc.*, No. C-05-3165 MMC, 2006 WL 37030 *2 (N.D. Cal. January 5, 2006) (even if plaintiff had "filed a motion for relief under Rule 39(b), he has not set forth good cause for such relief" where "his failure to timely demand a jury trial was due to his counsel's unfamiliarity with practice in federal courts and misunderstanding of the requirements of Rule 81(c)" and "defendants' motion to

strike Ward's jury demand will be granted"); *Paulissen v. U.S. Life Ins. Co. in City of New York*, 205 F. Supp. 2d 1120 (C.D. Cal. 2002) (denied plaintiff's motion for jury trial because she "waived her right to a jury trial both by not making a timely demand and explicitly, through her counsel, at the . . . Scheduling Conference"); *Ed Brawley, Inc. v. Gaffney*, 399 F.Supp. 115, 118 (1975) ("[d]efendants' motion to strike the demand for jury trial is well taken" as the "right to a jury trial is waived when not timely made and was not revived by the filing of an amended complaint which did not significantly alter the claim"). Simply stated, based on the record evidence, Plaintiff has made no such showing to revive her right to a jury trial.

**D. <u>Plaintiff Has Also Failed To Oppose Farmers Direct's Motion To Strike And Request For Bench Trial</u>**

Plaintiff also failed to file any opposition to Farmers Direct's Motion To Strike The Untimely Demand for Jury Trial And Defendant's Request For Bench Trial [ECF Doc. 90] ("Motion To Strike And Request For Bench Trial"). Plaintiff's opposition thereto was due to be filed by July 6, 2026 based on the initially scheduled hearing date July 27, 2026. On July 24, 2026, this Court vacated this hearing date and took this matter under submission and Farmers Direct's Motion To Strike And Request For Bench Trial is still pending. [ECF Doc. 100]. Plaintiff's opposition is well more than two months overdue and to date she has not sought any relief under Rule 39(b), and her Opposition to this MIL No. 2 was filed a week late on September 21, 2026 (the very same date that Farmers Direct's Reply is due). *See e.g., Zepeda-Fernandez v. GEICO General Ins. Co.*, 2019 WL 9607729 *2-*3 (N.D. Cal. December 3, 2019) (granted defendant's motion to strike where plaintiff "failed to demonstrate a reason for his untimely jury demand beyond mere oversight or inadvertence, just as he has failed to file a timely opposition brief and failed to file a supplemental brief for the instant motion" so the "trial shall be to the bench").

On or about June 10, 2026, this Court issued its decision and Order dated June 8, 2026 [ECF Doc. 85] denying Plaintiff's Renewed Motion For Remand [ECF Doc.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

77]. As part of the same Order, this Court also set trial for October 13, 2026 and a pretrial conference for October 5, 2026. On June 11, 2026, this Court issued its "CIVIL TRIAL PREPARATION ORDER' and specified that this case is set for "**Jury Trial**." [ECF Doc. 86 (emphasis added)]. Farmers Direct then filed its Motion To Strike And Request For Bench Trial [ECF Doc. 90] on June 29, 2026 based on Plaintiff's untimely Demand for Jury Trial [ECF Doc. 49] which she filed on March 8, 2026 more than 14 days after Farmers Direct filed its Answer [ECF Doc. 37] to the First Amended Complaint on February 9, 2026 following its removal of this case to this Court on November 14, 2025 [ECF Doc. 1]. Plaintiff's filing delay violates the timing required by Rule 38(b)(1) of the Federal Rules of Civil Procedure and Local Rule 38-2 and thereby results in waiver of trial by jury. Fed. R. Civ. Proc. 38(d) ("[a] party waives a jury trial unless its demand is properly served and filed").

**D. Plaintiff Has Failed To Make Any Timely Attempt To Move This Case Forward On Any Discovery Or Trial Preparation Tasks**

Plaintiff has also failed to file or serve her Pretrial Disclosures per Rule 26(a)(3) which "must be made at least 30 days before trial." Fed. R. Civ. Proc. 26(a)(3)(B). Farmers Direct filed and serve its Pretrial Disclosures on September 11, 2026 through the Court's CM/ECF System. [ECF Doc. 128]. Plaintiff did not make any timely effort to meet and confer with Defendant to conduct the Meeting of Counsel per Local Rule 16-2 in preparation for the Final Pretrial Conference (i.e., which should be completed 40 days prior). To date, Plaintiff has also failed to file or serve any of her pretrial documents (i.e., Memorandum of Contentions of Fact and Law, Witness List and Exhibit List that were due to be filed 21 days before the Final Pretrial Conference). *See* Local Rules 16-4, 16-5, 16-6. On September 14, 2026, Farmers Direct timely filed its Memorandum of Contentions of Fact and Law [ECF Doc. 133], Witness List [ECF Doc. 134] and Exhibit List [ECF Doc. 135], albeit not

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

in Joint Exhibit format contemplated by Local Rule 16-6, for the reasons discussed below.

As explained in further detail in Farmers Direct's MTS, Plaintiff has essentially decided to boycott all discovery obligations. *See e.g.,* Declaration of Michelle R. Bernard filed in support of Defendant's MTS [ECF Doc. 121] ("Bernard MTS Decl."), ¶¶ 2-4, 8-15, Exhibits 1-2 and Exhibits 5-8 thereto. For example, at the Rule 26(f) Conference on February 12, 2026, the Parties agreed to a voluntary and mutual "Exchange of Documents" (i.e., copies of their non privileged documents identified per Rule 26(a)(1)(ii)-(iv) in their Initial Disclosures) without needing to first propound any separate discovery requests under Rule 34 as confirmed in writing.[4] Plaintiff also confirmed her agreement to participate in this voluntary exchange by email dated February 13, 2026.[5] Farmers Direct thereafter attempted to schedule this agreed upon exchange of Initial Disclosure documents on April 27, 2026, April 30, 2026, May 1, 2026, June 18, 2026, June 23, 2026, July 27, 2026, July

---

[4] Specifically, as confirmed by email dated February 12, 2026, Farmers Direct agreed to voluntarily exchange with Plaintiff the non-privileged/non-confidential portions of its file for Claim No. 7007678692-1 ("Claim") and Plaintiff agreed to voluntarily exchange and to "produce **all non-privileged documents, including electronically stored information or other tangible things in your possession, custody or control that you intend to use to support your alleged claims against Farmers Direct and sought damages, including materials bearing on the nature and extent of any damages or injuries allegedly suffered**." *See e.g.,* Declaration of Michelle R. Bernard filed on August 3, 2026 in support of Defendant's Opposition to Plaintiff's Ex Parte Application To Supplement Plaintiff's Motion For Sanctions ("Bernard Decl."), ¶ 12, n. 1 and Exhibit 4 thereto [ECF Doc. 108-1, at pp. 5-6, 41-44 (emphasis added)].

[5] Significantly, Plaintiff also confirmed her agreement in writing via email dated February 13, 2026 [3:31 PM] as follows: " Thank you for your email summarizing our February 12, 2026 meet and confer discussion. **I confirm the scheduling agreements outlined in your email are accurate**, with one clarification. Regarding Local Rule 26-1(c), while I indicated a preference for completing discovery before formal ADR proceedings, this should not be construed as unwillingness to resolve this matter." *See* Declaration of Kelly Fitzgerald Canby ("Canby Decl."), ¶¶ 10-13, n.1 [ECF Doc. 112-1, at pp. 4-5] filed on August 10, 2026 in support of Defendant's Opposition to Plaintiff's Motion to Supplement Plaintiff's Motion For Sanctions [ECF Docs. 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-6, 110-7, 110-8, 110-9]. Despite Plaintiff's statement above regarding desired ADR, Plaintiff repeatedly refused to provide any potentially available dates to allow for the Parties to timely participation in any ADR Proceedings by the August 21, 2026 deadline. *See* Canby Decl., ¶ 12, n. 2 [ECF Doc. 112-1, p. 5].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

29, 2026, August 4, 2026, August 5, 2026 among other dates without any success. *See* Canby Decl., ¶ 23 [ECF Doc. 112-1, at p. 10]. Farmers Direct sought Plaintiff's participation in Local Rule 37-1 and/or Local Rule 7-3 Conferences and made several proposals to Plaintiff to participate in the Magistrate's Informal Discovery Conference Procedures. *See* Canby Decl., ¶¶ 16-23, Exhibits 2-4 [ECF Doc. 112-1, pp. 6-10, 18-26, 30-33]. To date, Plaintiff has provided **none** of her Initial Disclosure documents to Farmers Direct. With the sole exception of Plaintiff's email service of her Initial Disclosures on February 26, 2026, there has been no sincere or meaningful cooperation from Plaintiff to respond to any of Farmers Direct's discovery whatsoever.

Plaintiff's boycott of discovery was a calculated decision and intentional strategy to focus her efforts on additional jurisdictional challenges in pursuit of remand instead of prosecuting her substantive claims against the (only) Defendant Farmers Direct. For example, on May 1, 2026 (i.e., the same day that Farmers Direct proposed for the exchange of Initial Disclosure documents) Plaintiff stated: "**I am not substantively engaging with discovery because jurisdiction is unresolved**." *See* Bernard MTS Decl., ¶ 9, Exhibit 5 [ECF Doc. 121]; *see also* Supp. Canby MTS Decl., ¶¶ 9-16 [ECF Doc. 141-1]. Plaintiff's conduct thereafter establishes that she acting according to her expressed intention to not participate in discovery.[6]

---

[6] Some examples of Plaintiff's affirmative conduct are as follows: (1) she failed to respond to Farmers Direct's written discovery served on July 2, 2026 (including a Rule 34 Request for Production asking for copies of her Initial Disclosure documents); (2) she failed to designate any experts; (3) Plaintiff refused to appear at her noticed deposition on July 31, 2026; (4) she refused to provide defense counsel with any alternative dates of availability for her deposition to be rescheduled thereafter; (5) she continued with her prior refusals to exchange Initial Disclosure documents; (6) she requested postponements of scheduled Local Rule 7-3 and Local Rule 37-1 Conferences then she failed to appear and participate at the rescheduled times she selected; and (7) Plaintiff pursued sanctions against defense counsel for issuing routine and proper subpoenas to third party witnesses, including to Progressive Home Remodeling (and a copy of its estimate is attached as an Exhibit to Plaintiff's First Amended Complaint as an Exhibit). *See* supporting Declaration of Kelly Fitzgerald Canby filed in support of MIL 4 ("Canby MIL 4 Decl."), ¶¶ Canby MIL 3 Decl., ¶¶ 3, 6-9 [ECF Doc. 124, pp. 12-14]; *see also* Canby Decl., .¶¶ 15-28, n. 9, Exhibit 6 [ECF Doc. 113-1, pp. 6-12, 43-65].

Plaintiff's feigned lack of awareness and/or claimed lack of receipt of discovery materials is preposterous, especially given that Plaintiff replied to the very same Deposition Notice service email that she claims was not received. *See* Supp. Canby MTS Decl., ¶ 15, Exhibit 2 [ECF Doc. 141-1, at pp. 5-6, 20-22]; *see also* Canby MSJ Decl., ¶ 25, n.7, Exhibit 23 [ECF Doc. 119-6, at p. 12]. Defendant's Requests For Admissions, Interrogatories, Requests For Production and Expert Witness Disclosures were also served through TitanFile which provides "Conversation Record with Delivery Log Reports" with verified "proof of delivery" confirmations (with date and time stamp information). *See e.g.,* Canby MSJ Decl., ¶¶ 12, 24, n.2 Exhibits 12, 24 [ECF Doc. 119-6, pp.6, 8, 101-111, 342-351]. Accordingly, Plaintiff's claimed ignorance of her own discovery obligations lacks credibility.

## III. <u>CONCLUSION</u>

Farmers Direct respectfully requests this Court to grant MIL No. 2 and preclude Plaintiff from presenting her claims to a jury either as result of her untimely Demand For Jury Trial [ECF Doc. 49] and resulting waiver of her right to a trial by jury and/or alternatively because of Plaintiff's total lack of any competent evidence "that would allow a reasonable jury to find for plaintiff on any of his [her] claims." *See e.g., Johnson,* 584 F.Supp.2d at 100-101 (granted motion in limine to preclude plaintiff from presenting evidence to a jury on all claims). If any of Plaintiff's claims survive the MSJ, MST or other MILs, Farmers Direct seeks a trial before the Court.

Dated: September 21, 2026

GORDON REES SCULLY MANSUKHANI, LLP

BY Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains <u>4039</u> words ("including headings, footnotes and quotations but excluding the caption, the table of contents [and] the table of authorities"), which complies with the word limit of Local Rule 11-6.1.]*