MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4 TO PRECLUDE PLAINTIFF FROM PRESENTING ANY EVIDENCE IN SUPPORT OF (1) HER PUNITIVE DAMAGES AND/OR TREBLE DAMAGES CLAIMS; (2) ANY EVIDENCE PERTAINING TO DEFENDANT'S FINANCIAL CONDITION; AND/OR (3) TO BIFURCATE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**REPLY MEMORANDUM RE MIL NO. 4**

## I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") submits this Reply Memorandum in support of Motion in Limine No. 4 [ECF Doc. 125] ("MIL No. 4") and in response to the untimely Opposition [ECF Doc. 139] thereto ("Opposition to MIL No. 4") filed by Pro Per Plaintiff Luna D'Sol ("Plaintiff"). Farmers Direct through MIL No. 4 seeks the following: (1): an order precluding Plaintiff from presenting any evidence in support of her punitive damage and/or treble damage claims based on facts deemed admitted as result of Plaintiff's failure to respond to Farmers Direct's Requests For Admission (Set One) ("RFAs"); (2): an order precluding Plaintiff and/or witnesses from introducing any evidence, argument or reference to Farmers Direct's financial condition or status at trial; and (3) an order bifurcating Plaintiff's claim for punitive damages into a second phase to the extent the jury returns a verdict awarding Plaintiff actual damages ***and*** a finding of malice, fraud or oppression by clear and convincing evidence (in the event that these claims are not otherwise barred and/or tried to the Court).[1] [ECF Doc. 125, pp. 2:3-3:7]. As explained further below, all three

[1] On September 21, 2026, Plaintiff began a series of untimely filings (approximately a week overdue), so far including her Oppositions to Farmers Direct's MIL No. 1 and MIL No. 2 (again on the very same date as Farmers Direct's Replies are due which seems to be a reoccurring practice by Plaintiff now). This Court should decline to consider Plaintiff's untimely documents per Local Rule 7-12. The orders sought by Farmers Direct in MIL No. 1 (to preclude evidence rebutting deemed admissions) and/or in MIL No. 3 (to preclude testimony from undisclosed experts, undisclosed witnesses and lay opinion testimony, among other things) would necessarily preclude Plaintiff's punitive damage and/or treble damage claims, as could the Court's anticipated rulings on Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ") and/or its Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS"). Plaintiff's untimely oppositions to the MSJ and MTS were also filed almost a week late on September 14, 2026 (again on the dates Farmers Direct's Replies were due for filing) and it appears that Plaintiff is belatedly filing unauthorized sur-reply documents today on September 21, 2026 pertaining to the MSJ and/or MTS [ECF Doc. 145] and these tardy documents should not be considered per Local Rule 7-12. *See* Supp. Canby MSJ Decl., ¶¶ 2-5, 9-13 [ECF Doc. 140-1]; Supp. Canby MTS Decl., ¶¶ 2-5, 10, 16, 19 [ECF Doc. 141-1]. The orders sought by Farmers Direct in MIL No. 2 if granted would preclude Plaintiff from presenting any evidence to a jury at all, as could the Court's anticipated ruling Farmers Direct's Motion To Strike Plaintiff's

components of MIL No. 4 are supported by the admitted facts and well established Ninth Circuit law and should be granted.

## II. PLAINTIFF'S DEEMED ADMISSIONS NECESSARILY PRECLUDE HER PUNITIVE DAMAGE AND TREBLE DAMAGE CLAIMS

### A. Plaintiff Has Not Brought A Motion For Relief Under Rule 36(b)

The only procedure available to Plaintiff to seek any relief from the consequences of her failure to respond to Farmers Direct's Requests For Admissions (Set One) ("RFAs") is found in Rule 36(b) and to date Plaintiff has not brought any motion to seek such relief under Rule 36(b) (albeit her untimely Opposition filings are ongoing today on September 21, 2026).[2] *Rodriguez v. Los Angeles County Sheriff's Department*, SACV 13-0681 AG (PLAx), 2015 WL 13388256 *2-*3 (C.D. Cal. September 4, 2015) ("*Plaintiff took no action to seek relief from the consequences of his failure to timely file responses*" to requests for admissions and the "Court could find no Ninth Circuit authority justifying relief for Plaintiff and concludes that the only procedure for relief should be that provided under the federal rules" per Rule 36(b) and court found "the admissions conclusively established") (emphasis in original), citing Fed. R. Civ. P. 36(b); *FTC v. Medicor, LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) ("[f]ailure to timely respond to requests for admissions result in automatic admission of the matters requested...."); *U.S.*

Untimely Demand For Jury Trial And Request For Bench Trial [ECF Doc. 90] which is under the Court's submission [ECF Doc. 100] which Plaintiff has not opposed and her Opposition to Farmers Direct's Motion to Strike was due July 6, 2026.

[2] On September 14, 2026, Plaintiff belatedly filed (almost a week late) a document entitled "PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF LODGMENT OF DISCOVERY MATERIALS AND OBJECTION TO DEFENDANT'S RELIANCE ON PURPORTED DEEMED ADMISSIONS" [ECF Doc. 131] ("RFA Objections") as part of her opposition to Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ"), but there is no request by Plaintiff for any relief under Rule 36(b) found in her RFA Objections and an untimely opposition to a motion for summary judgment cannot remedy deemed admissions. *See e.g., U.S. Kasuboski,* 834 F.2d 1345, 1349-1350, n.7 (7th Cir. 1987). On the very last page of Plaintiff's untimely Opposition to MIL No. 1 filing she made on September 21, 2026, Plaintiff includes the following reference to Rule 36(b): "In The Alternative, Relief Under Rule 36(b) Would Be Warranted," but no motion was filed [ECF Doc. 143-1, p. 10].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Kasuboski,* 834 F.2d 1345, 1349-1350, n.7 (7th Cir. 1987) ("the proper procedural vehicle through which to attempt to withdraw admissions . . . **is a motion under Rule 36(b) to withdraw admissions**" and "no such motion was ever filed" so the "district court clearly did not abuse its discretion in deciding that the admissions should not be deemed withdrawn based on the defendants' untimely resistance [opposition] to the government's motion for summary judgment") (emphasis added). Thus, Plaintiff's responses to **RFA Nos. 1-90** are admitted.

**B. Plaintiff's Default Admissions Are Conclusively Binding**

"Admissions are conclusively binding on parties at trial, and carry more weight than a witness statement, deposition testimony, or interrogatories, because once made, admissions cannot be countered by other evidence." *McNeil v. AT&T Universal Card*, 192 F.R.D. 492, 493 n.4 (E.D. Penn. 2000). *Sheppard v. County of Los Angeles*, Case No. CV 15–02920 SJO (JCx), 2016 WL 9137529, *4-*5 (C.D. Cal. September 7, 2016) ("Plaintiff is precluded from presenting any evidence that contradicts admissions of fact"). The Court should "not allow the consequences of . . . non-compliance with the rules of procedure to now be circumvented by [allowing Plaintiff to] introduc[e] evidence that is contradictory to . . .[her] default admissions." *Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F.Supp.2d 812, 818 (C.D. Cal. 2006), citing *Kasuboski*, 834 F.2d at 1349-1350.[3] The necessary result of such deemed

[3] In the *Kasuboski* case, the Seventh Circuit explained its reasoning (in the context of a summary judgment ruling) as follows: "Affidavits and depositions entered in opposition to summary judgment that attempt to establish issues of fact **cannot refute default admissions**. This result is based on sound policy. Rule 36 allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. . . . As the advisory committee observed, '**[u]nless the party securing an admission can depend on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the rule is defeated**.' Fed.R.Civ.P. 36 advisory committee's note. We recognize the potential harshness of this result. The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. **This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure**. In addition, the harshness is tempered by the availability of the **motion to withdraw admissions**, a procedure which the defendants did not employ." *Kasuboski*, 834 F.2d at 1350 (footnotes omitted; emphasis added). The same reasoning should also preclude Plaintiff from

admissions is fatal to Plaintiff's punitive damage claim (i.e., sought through her Second Cause of Action for alleged "bad faith" handling of the insurance Claim) and precludes her treble damage claim also (i.e., for alleged violation of the Unruh Civil Rights Act). As noted in the Notice of MIL No. 4, **RFA No. 18**, **RFA No. 74** and **RFA No. 75** are just a few examples, "**among other[s]** that preclude Plaintiff's damages claims here." [ECF Doc. 125, at p. 2:13-28 (emphasis added)].

### C. Plaintiff Cannot Establish Any Basis For Punitive Damages

"Under California law, a plaintiff seeking punitive damages must prove 'that the defendant has been guilty of oppression, fraud, or malice" and a "plaintiff must show his or her entitlement to punitive damages by clear and convincing evidence." *Dorroh v. Deerbrook Ins. Co.*, 223 F.Supp.3d 1081, 1097 (E.D. Cal. 2016), citing Cal. Civ. Code § 3294.[4] Given the applicable law pertaining to punitive damages as found in California Civil Code Section 3294, Plaintiff's punitive damage claim should be necessarily barred given that Plaintiff here has admitted **RFA No. 75** which states: "Admit that YOU do not have any evidence to support YOUR request for an "[a]ward [of] punitive/exemplary damages under Civil Code § 3294" against FARMERS DIRECT as sought in YOUR FIRST AMENDED COMPLAINT, Prayer for Relief (Item 8)." *See* Notice of Lodgment [ECF Doc. 120], at Lodged Document "A," at RFA No. 75. Courts have relied on similar requests for admissions that resulted in deemed admissions (i.e., no evidence admissions). *See e.g., Rodriguez*, 2015 WL 13388256 at *3 (court found deemed "admissions conclusively

presenting evidence at trial which seeks to refute any facts established as result of her default admissions here.

[4] "Section 3294(c) defines 'malice' and 'oppression' in terms of 'despicable conduct' carried out in 'conscious disregard' of a person's rights." *Phelps v. Provident Life and Accident Ins. Co.,* 60 F.Supp.2d 1014, 1026 (C.D. Cal. 1999), citing Cal. Civ. Code § 3294(c). "'Despicable conduct' is conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Casey*, 688 F.Supp.2d 1086, at 1102, citing *Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal.App.4th 306, 331 (1992). "Such conduct has been described as '[having] the character of outrage frequently associated with crime.'" *Casey*, 688 F.Supp.2d 1086, at 1102, citing *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287 (1994).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

established," including that plaintiff has "no evidence in support of [his] first cause of action" and defendant's motion for summary judgment was granted on that claim); *Berg v. United Air Lines, Inc.*, Case No. No. 11–3612–SC, 2012 WL 3659782 *2-*4 (N.D. Cal. August 24, 2012) (granted defendant's motion for summary judgment on slip-and-fall premises liability claim on the basis of plaintiff's deemed "admissions alone," including that plaintiff had "'no evidence' that [defendant] United knew of the water in which she slipped, [and admitted she had] 'no evidence' that United should have known of it" so "in other words" plaintiff "admits to having no evidence tending to establish that [defendant] United had actual or constructive notice of the water on the floor . . . which is an essential element of her negligence cause of action for the slip-and-fall incident").[5] Therefore, Plaintiff's admission to **RFA No. 75** must necessarily results in her being unable to establish the essential elements of her punitive damage claim which is based on Civil Code Section 3294.

Similarly, Plaintiff's default admission to **RFA No. 74**, among other RFAs discussed below, also necessarily mean that Plaintiff cannot support an essential element of her punitive damage claim.[6] For example, Plaintiff's deemed admissions

[5] A similar example is found in the case *Garder v. Borden, Inc.*, 110 F.R.D. 696, 697 (S.D.W.V. 1986), where the plaintiff failed to timely respond to defendant's requests for admission, including requests that asked plaintiffs to admit that they "**have no evidence that**" defendant "was negligent" and/or "**no evidence that**" defendant "was grossly, recklessly or wantonly negligent . . ." *Garder*, 110 F.R.D. at 697 (emphasis added). The Court noted that "it is readily apparent that these requests for admissions strike at the very heart of the Plaintiffs' case and, indeed, defeat their claims." *Garder*, 110 F.R.D. at 697. The defendant "aptly points out" the language of Rule 36(a) and that "Rule 36(b) provides, in part, that any matter 'admitted under this rule is conclusively established....'" *Garder*, 110 F.R.D. at 697. The "Court has reviewed the applicable case law and finds the proposition urged by the Defendant to be well settled," motion for summary judgment granted. *Garder*, 110 F.R.D. at 697.

[6] "California federal district courts have consistently held that a plaintiff who seeks punitive damages against a corporate defendant must plead more than non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct that constitutes malice, fraud or oppression." *Ringler v. J.M. Smucker Co.*, 783 F.Supp.3d 1229, 1248-1249 (C.D. Cal. 2025). **RFA No. 74** states the following: **"**Admit that YOU do not have any evidence that an officer, director, or managing agent of FARMERS DIRECT is guilty of oppression, fraud, or malice in connection with the CLAIM as alleged in paragraph 46 of the FIRST AMENDED COMPLAINT." *See* Notice of Lodgment [ECF Doc. 120], at Lodged Document "A," at RFA No. 74.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

of **RFA No. 73** renders Plaintiff unable support a claim for punitive damages because success on a bad faith claim is a necessary (but insufficient) predicate for punitive damages. *See e.g., Dorroh*, 223 F.Supp.3d at 1097-1098 (plaintiff's "failure to present evidence of bad faith capable of surviving defendant's motion for summary judgment thus precludes . . . claim for punitive damages"). Plaintiff has also now admitted **RFA No. 73** which states: "Admit that YOU do not have any evidence in support of YOUR claim that FARMERS DIRECT breached the implied covenant of good faith and fair dealing in connection with the CLAIM as alleged in the second cause of action in the FIRST AMENDED COMPLAINT" ("FAC"). *See* Notice of Lodgment [ECF Doc. 120], at Lodged Document "A," at RFA No. 73. Plaintiff's Second Cause of Action is the foundation for her request for punitive damages and if she cannot succeed on the bad faith claim her punitive damage claim must necessarily fail and evidence of sought punitive damages and/or Farmers Direct's net worth sought be precluded entirely.[7]

**D. <u>Treble Damages Are Unavailable To Plaintiff Without A Viable Unruh Civil Rights Act Claim</u>**

Plaintiff alleges "unlawful discrimination under the Unruh Civil Rights Act (Civil Code §§ 51, 51(f))" and also seeks damages for alleged "misgendering" (as Plaintiff is now known as "Luna D'Sol"/she/her and not "Julio R. Ravada"/he/him which is the name that appears on the Policy). *See* FAC, ¶¶ 17, 30, Prayer [ECF Doc.

---

[7] Similarly, Plaintiff's deemed admissions to **RFA No. 71** and/or **RFA No. 72**, among others, should also preclude her punitive damage claim to the extent that an essential element of her bad faith claim is negated. "The implied covenant of good faith and fair dealing in first party cases obligates the insurer: (1) to make a thorough and prompt investigation of the insured's claim for benefits; and (2) not to unreasonably delay or withhold payment of benefits." *Casey v. Metropolitan Life Ins. Co.*, 688 F.Supp.2d 1086, 1098 (E.D. Cal. 2010), citing *Silberg v. California Life Ins. Co.,* 11 Cal.3d 452, 461-462 (1974). **RFA No. 71** states: "Admit that YOU do not have any evidence that FARMERS DIRECT failed to properly investigate YOUR CLAIM." *See* Notice of Lodgment [ECF Doc. 120], at Lodged Document "A," at RFA No. 71. **RFA No. 72** states the following: "Admit that YOU do not have any evidence that FARMERS DIRECT failed to properly inspect the PROPERTY as part of the CLAIM." *Id.*, at Lodged Document "A," at RFA No. 72.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

23-1, at pp. 157-158, 164-165 178]. Significantly, as result of the self-executing sanction of Rule 36, Plaintiff has now admitted that she cannot meet the essential elements of her Unruh Act claim (which also removes the basis for her treble damage claim) as result of her deemed admission to **RFA No. 18** which states the following: "Admit that YOU do not have any evidence to support YOUR claim of 'unlawful discrimination under the Unruh Civil Rights Act" by FARMERS DIRECT as alleged in paragraph 30 of the" FAC. *See e.g., Rodriguez*, 2015 WL 13388256 at *3 (court granted defendants' motion for summary judgment based on deemed admission that plaintiff "no evidence in support of [his] first cause of action against . . . [defendants] for violation of 42 U.S.C. § 1983"). Although Plaintiff's deemed admission to **RFA No. 18** clearly bars Plaintiff's treble damage claim, this is not the only RFA with a deemed admission which negates Plaintiff's ability to prevail on the Unruh Act claim as Plaintiff erroneously suggests. [ECF Doc. 139, p. 3:6-18]. Rather, Plaintiff's deemed admissions to **RFA Nos. 1-17**, **RFA Nos. 19-27** and **RFA Nos. 69-70** also support MIL No. 4 here to the extent that her deemed admission to these RFAs (either individually for certain RFAs or collectively as a group) effectively negate her Unruh Act claim and she has no basis to seek treble damages without an Unruh Act claim.

Specifically, a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination.[8] *Duronslet v. County of Los Angeles*, 266 F.Supp.3d 1213, 1217 (C.D. Cal. 2017). To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Bax v. Doctors Medical Center of Modesto, Inc.*, 393 F.Supp.3d 1000, 1011 (E.D. Cal. 2019). "Misgendering is 'the assignment of a

[8] To establish this Unruh Act claim, Plaintiff must prove all of the following: (1) that Farmers Direct denied, discriminated or made a distinction that denied Plaintiff full and equal accommodations, advantages, privileges or services to Plaintiff; (2) that a substantial motivating reason for Farmers Direct's conduct was Plaintiff's gender, change of change, transgender status, participation in gender confirmation treatment or some other protected characteristic or combination of characteristics; (3) that Plaintiff was harmed; and (4) that Farmers Direct's conduct was a substantial factor in causing Plaintiff's harm. *See* CACI 3060, "Unruh Civil Rights Act—Essential Factual Elements (Civil Code §§ 51, 52)," (2026 Ed.) (as modified).

gender with which a party does not identify, through the misuse of gendered pronouns, titles, names, and honorifics.'" *In People v. Zarazua,* 85 Cal. App. 5th 639, 642, n.1 (2022) (citations omitted). Plaintiff has now admitted **RFA No. 25** which states: "Admit that YOU do not have any evidence that anyone working on behalf of FARMERS DIRECT intentionally discriminated against YOU in the handling of the CLAIM." *See* Notice of Lodgment [ECF Doc. 120], at Lodged Document "A," at RFA No. 25. Additionally, there are a number of deemed admissions which leave Plaintiff unable to establish the essential elements of her Unruh Act claim and so necessarily also result in Plaintiff having no basis to pursue any treble damages against Farmers Direct.[9] *See e.g.,* Cal. Civ. Code § 52(a).

## III. ANY POTENTIAL SURVIVING PUNITIVE DAMAGE CLAIM SHOULD BE BIFURCATED AND EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION BARRED UNTIL THE SECOND PHASE

In the unlikely event that any potential punitive damage claim survives Farmers Direct's MSJ, MTS and/or is not otherwise barred as result of deemed admissions -- and in the event this case is not tried to the Court as requested by Farmers Direct -- this Court should bifurcate Plaintiff's claim for punitive damages into a second phase.[10] Then and only if a jury returns a verdict awarding Plaintiff actual damages

[9] Additionally, Plaintiff has also admitted **RFA No. 19** which states the following: "Admit that YOU do not have any evidence that YOUR participation in "gender confirmation treatment" was a motivating factor for FARMERS DIRECT's denial of any aspect of YOUR CLAIM." *See* Notice of Lodgment [ECF Doc. 120], at Lodged Document "A," at RFA No. 19. Similarly, Plaintiff has also admitted **RFA No. 22** which states the following: "Admit that YOU do not have any evidence that YOUR identification as a female was a motivating factor for FARMERS DIRECT's denial of any aspect of YOUR CLAIM." *Id.*, at RFA No. 22. Per **RFA No. 26**, Plaintiff has admitted the following: "Admit that YOU do not have any evidence that any "misgendering" of YOU by anyone working on behalf of FARMERS DIRECT was anything other than an honest mistake." *Id.*, at RFA No. 26.

[10] Per Motion In Limine No. 2 [ECF Doc. 123] ("MIL No. 2"), Farmers Direct seeks and order precluding Plaintiff from presenting any evidence at all to the jury as her right is now waived and Farmers Direct seeks a bench trial. *See* supporting Declaration of Kelly Fitzgerald Canby attached to MIL No. 2 ("Canby MIL 2 Decl."), ¶¶ 3-14, Exhibits A-C [ECF Doc 123, at pp. 8-12]. Plaintiff filed an untimely Opposition to MIL No. 2 on September 21, 2026 (a week late and the same date this Reply brief is due for filing) which should be disregarded per Local Rule 7-12.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

***and*** a finding of malice, fraud or oppression by clear and convincing evidence should a second phase of the trial begin. *See e.g., Adams v. Allstate ins. Co.*, 187 F.Supp.2d 1219, 1213 (C.D. Cal. 2002) (plaintiff must "first establish by clear and convincing evidence that the defendant acted with malice, oppression or fraud"), citing *Lunsford v. American Guarantee & Liability Ins. Co.,* 18 F.3d 653, 656 (9th Cir.1994); *see also Tomaselli,* 25 Cal.App.4th at 1288. Until that time and during any first phase of such trial this Court should issue an order precluding Plaintiff and/or witnesses from introducing any evidence, argument or reference to Farmers Direct's financial condition at trial. "On motion of any defendant, evidence of that defendant's net worth or its profits from the allegedly-wrongful conduct is inadmissible until plaintiff has first proved a prima facie case of liability for punitive damages ("malice, oppression or fraud")." Rutter Group Practice Guide: Federal Civil Trials and Evidence, § 4:361 (June 2026 Update) "It prevents plaintiff from making "inadvertent" references to defendant's wealth, etc. before culpable conduct is established. Juries tend to blur the distinction and may punish a wealthy defendant even if the court ultimately rules plaintiff has failed to prove malice, oppression or fraud." Id., at § 4:362.

The orders sought by Farmers Direct are warranted due to the prejudicial impact that evidence of Defendant's net worth may cause Farmers Direct on the issue of potential liability and this Court should exercise its discretion under Rule 42(b) of the Federal Rules of Civil Procedure and grant MIL No. 4."Evidence of a defendant's net worth, while relevant to the proof of punitive damages, may be prejudicial during the liability phase of trial." *Corbrus, LLC v. 8th Bridge Capital, Inc.*, Case No. 2:19-cv-10182-CAS (AFMx), 2021 WL 4439220, *8 (C.D. Cal. August 9, 2021). "Under Rule 42(b), the district court has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001), citing Fed. R. Civ. Proc. 42(b). "For this reason,

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

federal courts often exercise their discretion pursuant to Rule 42 to bifurcate the trial on defendant's liability and plaintiff's entitlement to punitive damages from the trial on the amount of punitive damages to be awarded, if any." *Corbrus,* 2021 WL 4439220 at *8-*9 (bifurcation granted . . ."evidence of the defendants' net worth and financial condition may prejudice them if considered during the liability phase of the trial").[11] This Court should grant Farmers Direct's request for bifurcation and issue an order excluding evidence or reference to its financial condition until the second phase of trial and then only if all conditions are met.

## IV. CONCLUSION

Farmers Direct requests that MIL No. 4 be granted so Plaintiff is precluded from introducing any evidence in support of her claims for punitive damages and treble damages, and bifurcation should be ordered if those claims survive the MSJ.

Dated: September 21, 2026 GORDON REES SCULLY MANSUKHANI, LLP

BY ______________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 4416 words ("including headings, footnotes and quotations but excluding the caption, the table of contents [and] the table of authorities"), which complies with the word limit of Local Rule 11-6.1.]*

[11] *See also Harner v. USAA General Indemnity Co.*, 590 F.Supp.3d 1217, 1229 (S.D. Cal. 2022) (granted defendant's motion in limine "to preclude . . .evidence, argument, or reference to Defendant's financial condition at trial" and granting request for bifurcation); *Cuc Dang v. Sutter's Place, Inc.,* Case No. No. C–10–02181 RMW, 2012 WL 6203203 *4 (N.D. Cal. December 12, 2012) ("Granted" "Motion in Limine to exclude evidence of defendant's financial condition" and "Granted" defendant's request to bifurcate); *Universal Auto Group v. Burlington Ins. Co.*, 2022 WL 18397526 *2 (C.D. Cal. September 27, 2022) ("if the trial is not bifurcated, [insurer] Burlington would be prejudiced because information regarding its financial condition is not relevant to the issue of liability or the issue of whether [insured] Universal is entitled to recover punitive damages").