LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. : *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**PLAINTIFF LUNA D'SOL'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXPERT AND LAY TESTIMONY**<br><br>Complaint Filed: August 21, 2025<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Filed Concurrently with Proposed Order and<br><br>Ex Parte Appliction |

## I. INTRODUCTION

Plaintiff Luna D'Sol ("Plaintiff") respectfully submits this Opposition to Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant") Motion in Limine No. 3. Defendant seeks a sweeping, overbroad order precluding Plaintiff from offering any meaningful evidence or testimony regarding her house burglary and vandalism claim. Defendant argues that because Plaintiff is proceeding in pro per and did not retain formal outside experts under Federal Rule of Civil Procedure 26(a)(2), she cannot testify about her own property, her own losses, or the contractors she interacted with.

Defendant's motion misapplies the Federal Rules of Evidence and should be denied. As a property owner, Plaintiff is fully competent to testify regarding the facts of her loss, the condition of her property, and her personal valuation of her stolen and damaged personal possessions. Furthermore, percipient fact witnesses—such as the investigating police officers and repair contractors—are entitled to testify regarding their firsthand observations and actions. Defendant's motion is an improper attempt to lock Plaintiff out of her own trial and shield itself from liability for bad faith claims handling.

## II. ARGUMENT

### A. AS A PROPERTY OWNER, PLAINTIFF HAS AN ABSOLUTE RIGHT TO TESTIFY AS TO THE VALUE OF HER PROPERTY AND THE SCOPE OF DAMAGED ITEMS

Defendant argues that Plaintiff cannot testify about the scope of loss, repair costs, or the replacement values of her personal property (such as the "Ivey & Luke" painting) without expert designation. This completely ignores long-standing federal and California evidentiary standards.

Under well-established law, a property owner is competent to testify to the value of their own property, including specialty personal items, without being qualified as an expert witness. Fed. R. Evid. 701 allows lay opinions that are rationally based on the witness's perception and helpful to the jury. It is universally recognized that an owner's opinion on the value of their stolen or destroyed property fulfills these criteria because of the owner's special familiarity with

the items. Plaintiff's testimony regarding her $113,000+ in sought repairs and personal property underpayments is based on her personal knowledge, receipts, and invoices—not complex scientific formulas. The weight of her testimony should be evaluated by the jury, not excluded outright.

**B. PERCIPIENT FACT WITNESSES (CONTRACTORS AND POLICE OFFICERS) ARE ENTITLED TO TESTIFY REGARDING THEIR FIRSTHAND OBSERVATIONS**

Defendant incorrectly asserts that any testimony from contractor consultants or the Person Most Knowledgeable (PMK) from Progressive Home Remodeling must be excluded automatically.

> **First,** Progressive Home Remodeling and its project manager, Emuna Stanley, are explicitly disclosed percipient fact witnesses in Plaintiff's Initial Disclosures. They are the actual contractors who inspected the property and drafted the May 19, 2025 repair estimate following the loss. While they may not be retained expert witnesses under Rule 26(a)(2)(B), they can absolutely provide lay percipient testimony regarding what they personally saw, what repairs were necessary, and the standard costs they charge for such work.

> **Second**, to the extent that Defendant notes a witness failed to appear at a deposition, exclusion from trial is a drastic sanction. Plaintiff did not control these third-party witnesses and should not be punished for their non-appearance, especially when Defendant possessed standard subpoena powers to compel attendance. Investigating officers, such as Officer Logan Corder and Detective Alexander Doherty, are also percipient witnesses who can testify directly to the physical state of the home on June 3, 2024.

**C. PLAINTIFF CAN TESTIFY TO DEFENDANT'S CLAIMS HANDLING CONDUCT BASED ON HER PERSONAL KNOWLEDGE AND CORRESPONDENCE**

Defendant argues that Plaintiff cannot present evidence of industry standards or claims handling conduct without an expert. Plaintiff does not intend to provide an expert administrative lecture on insurance policy management. However, Plaintiff is fully entitled to testify regarding her personal interactions with Defendant's adjusters, the factual timeline of delays, and the conflicting letters she received (such as the November 22, 2024 denial letter and subsequent August 18, 2025 response).

A lay jury does not need an expert to determine whether an insurance company acted unreasonably when it was presented with clear police reports and contractor estimates but refused to fairly adjust the claim. The documented correspondence speaks for itself under a standard breach of contract and breach of the implied covenant of good faith and fair dealing analysis.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant’s Motion in Limine No. 3. Plaintiff should be permitted to present her own testimony, her disclosed percipient witness testimony, and her supporting documentation to the trier of fact at trial.

Dated: September 21, 2026

Respectfully submitted,

/s/ Luna D’Sol

Luna D'Sol, Plaintiff Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262