MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT'S REPLY AND NOTICE NON-RECEIPT OF OPPOSITION TO MOTION IN LIMINE NO. 3 TO:**
**(1) EXCLUDE TESTIMONY FROM UNDISCLOSURED EXPERTS AND UNDISCLOSED WITNESS;**
**(2) EXCLUDE TESTMIONY FROM PMK OF PROGRESSIVE HOME REMODELING; AND**
**(3) TO EXCLUDE LAY OPINION TESTIMONY REGARDING POLICY INTERPRETATION, CLAIMS HANDLING, VALUATION AND CAUSATION; SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

To date, Pro Per Plaintiff Luna D'Sol ("Plaintiff") has **not** filed an opposition to Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") Motion in Limine No. 3 [ECF Doc. 123] ("MIL No. 3"). However, Plaintiff did file two untimely Oppositions to MIL No. 1 and MIL No. 2 a week late on September 21, 2026, among other documents.

Defendant's MIL No. 3 seeks the following orders prior to trial:

(1) to preclude Plaintiff from presenting any testimony from undisclosed experts witnesses as she failed to timely designate any experts by July 15, 2025 as required by Rule 26(a)(2)(d)(1) (i.e., 90 days before trial the October 13, 2026 trial date) and she also failed to designate any rebuttal experts by August 14, 2026 (i.e., within 30 days after service of Defendant's Expert Witness Disclosures) or at all;

(2) to exclude Plaintiff from presenting any testimony from the PMK from Progressive Home Remodeling who failed to appear at a noticed deposition pursuant to subpoena (and that same subpoena is also the subject of Plaintiff's still pending sanctions motion against defense counsel [ECF Docs. 110, 110-1, 110-2, 110-3, 110-4, 110-5, 110-7, 110-9[1]) and/or to preclude Plaintiff from calling any other technical or lay witnesses not already disclosed per Rule 26 and applicable law in her Initial Disclosures (*see e.g.,* Canby Decl., ¶ 9, Exhibit A [ECF Doc. 124, at pp. 14, 16-18]);

(3) to preclude Plaintiff from presenting any lay opinion testimony regarding the following topics: (a) policy interpretation issues; (b) claims handling conduct pertaining to the industry standard of care; (c) the scope of loss-related damage and reasonable costs of repairs in connection with mitigation and repair work performed at the Property; (d) pertaining to the cause of alleged water damages and/or scope of alleged loss-related water damage and reasonable cost to repair such alleged water damages at the Property; (e) scope of loss-related damage and reasonable

[1] *See* Declaration of Kelly Fitzgerald Canby attached to MIL 3 ("Canby Decl."),¶ 9; [ECF Doc. 124]; *see also* Supplemental Declaration of Kelly Fitzgerald Canby attached hereto ("Supp. Canby Decl."), ¶¶ 2-13 **Exhibits 1-3**.

replacement costs of certain Personal Property, including specialty items such as the allegedly stolen Ivey and Luke painting.

As explained further below, all the orders sought by Farmers Direct are supported by good cause based on the undisputed facts, applicable law and/or conduct of Plaintiff. MIL No. 3 should be granted in its entirely.

## II. CASE STATUS UPDATE RE PLAINTIFF'S UNTIMELY MSJ AND MST OPPOSITION FILINGS AND MISSED PRETRIAL DEADLINES

This case is a first party insurance coverage dispute arising under Farmers Direct's homeowner's Policy Number 3872340940 issued to "Julio R. Ravada" (*i.e.*, the Plaintiff who is now known as "Luna D'Sol"/she/her and not "Julio R. Ravada"/he/him which is the name that still appears on the Policy) for the policy period effective September 23, 2023 to September 28, 2024 ("Policy"). Plaintiff's First Amended Complaint ("FAC") alleges causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing (bad faith) against Farmers Direct related to the investigation and handling of the subject June 3, 2024 alleged burglary and vandalism incident ("Claim" or "Loss" or "Incident") at the Plaintiff's residence located at 2275 E. Belding Dr., Palm Springs, CA 9226 ("Property"). Although not pled as a separate standalone cause of action, Plaintiff also alleges "unlawful discrimination" against Farmers Direct for purported violations of the Unruh Civil Rights Act (Cal. Civ. Code § 51 et seq.) ("Unruh Act"), including for alleged "[i]dentity-based coercion (Unruh)" based on "misgendering." *See* FAC, ¶¶ 17, 30 and Prayer for Relief ¶¶ 7, 13 [ECF Doc. 23-1, at pp. 157-158, 164-165, 178-179].

Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Doc. 117, 119, 120] ("MSJ") and its Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS") are both scheduled for hearing on September 28, 2026. Plaintiff's untimely opposition to the MSJ [ECF Docs. 129-132] ("MSJ Opposition") and her very tardy opposition to the MTS [ECF Docs. 136-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

137] ("MTS Opposition") were both filed almost a week late on September 14, 2026 (i.e., the very same date that Farmers Direct's reply briefs were due for filing) and should not be considered per Local Rule 7-12. *See* Supp. Canby MSJ Decl., ¶¶ 2-5, 9-13 [ECF Doc. 140-1]; *see also* Supp. Canby MTS Decl., ¶¶ 2-5, 10, 16, 19 [ECF Doc. 141-1]. The primary focus of Plaintiff's belated MSJ Opposition appears to be her inadequate and procedurally improper excuses for failing to respond to Farmers Direct's Request For Admission (Set One) ("RFAs") which is also the subject of Farmers Direct's MIL No. 1 [ECF Doc. 122] and Plaintiff's untimely Opposition just arrived on September 21, 2026 which is the same date the Reply is due.[2]

Significantly, Plaintiff's untimely MSJ Opposition fails to address her own failure to designate any expert witnesses which leaves the opinions of Farmers Direct's experts on the threshold issues of scope of damage/valuation and claims handling/insurance industry standard of care both undisputed and unrebutted. Significantly, Plaintiff admits in her untimely MSJ Opposition that she "**as a homeowner and not a contractor, was not qualified to provide a professional repair-cost estimate.**" *See e.g.,* Plaintiff's Response to SUF 42 [ECF Doc. 129-3, p. 33 (emphasis added)]. These critical defects in evidence are fatal to Plaintiff's

---

[2] On September 14, 2026, Plaintiff timely filed an opposition to Farmers Direct's MIL No. 4. To date, Plaintiff has not filed any opposition to this MIL No. 3 and her Oppositions to Farmers Direct's MIL Nos. 1-2 were filed a week late on September 21, 2026 and should not be considered by this Court per Local Rule 7-12. Plaintiff's tardy filings are becoming her regular practice. On September 14, 2026, Plaintiff also belatedly filed as part of her MSJ Opposition a document entitled, "PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF LODGMENT OF DISCOVERY MATERIALS AND OBJECTION TO DEFENDANT'S RELIANCE ON PURPORTED DEEMED ADMISSIONS" [ECF Doc. 131] ("RFA Objections"), which is not only untimely but is also procedurally improper because the only procedure available for Plaintiff to seek any relief from the consequences of her failure to respond to Farmers Direct's Requests For Admissions (Set One) ("RFAs") (and resulting default admissions) through **a motion brought under Rule 36(b**) and **Plaintiff has not filed any such motion** under Rule 36(b), albeit her untimely Opposition to MIL No. 1 filed on September 21, 2026 mentions Rule 36(b) on its last page only. *See e.g., Rodriguez v. Los Angeles County Sheriff's Department*, SACV 13-0681 AG (PLAx), 2015 WL 13388256 *2-*3 (C.D. Cal. September 4, 2015); *see also U.S. Kasuboski,* 834 F.2d 1345, 1349-1350, n.7 (7th Cir. 1987) ("the proper procedural vehicle through which to attempt to withdraw admissions . . . **is a motion under Rule 36(b)** to withdraw admissions") (emphasis added).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

claims as alleged in the FAC and necessarily warrant entry of judgment in favor of Farmers Direct as a matter of law as explained further below.

In the event that any of Plaintiff's claims survive the Court's anticipated rulings on Farmers Direct's MSJ and/or MTS, Farmers Direct seeks through this MIL No. 3 the orders outlined above which are warranted in advance of trial which is now scheduled to begin on October 13, 2026. Farmers Direct's MIL Nos. 1-4 are scheduled to be heard at the pretrial conference which is set for October 5, 2026.[3] As discussed in Farmers Direct's Reply and Notice of Untimely Opposition to MIL No. 2 filed herewith (*see e.g.,* pages 2-3) and for the reasons discussed further below, Plaintiff's failure to timely disclose any expert witnesses necessarily results in fatal defects in Plaintiff's case whereby her claims are so lacking in any competent evidentiary support that no reasonable jury could find in Plaintiff's favor on any of her claims. *See e.g., Johnson v. Williams,* 584 F.Supp.2d 97, 100-101, 108 (D.D.C. 2008) (at "the close of discovery, plaintiff has not proffered information for any of his claims that would allow a reasonable jury to find in his favor," so "Defendants' motion *in limine* shall be granted" and the "plaintiff shall be precluded from presenting all five of his alleged counts to the jury").

## III. <u>PROHIBIT THE PLAINTIFF FROM OFFERING ANY TESTIMONY FROM UNDISCLOSED EXPERTS AND WITNESSES AT TRIAL</u>

### A. <u>Rule 37(c)(1) Forbids The Use Of Any Information At Trial Not Properly Disclosed Per Rule 26, Including Expert Testimony</u>

Plaintiff failed to serve her expert witness disclosures and she also failed to designate any rebuttal experts. *See* Canby Decl., ¶¶ 2-7 [ECF Doc. 124, pp. 12-13].

[3] Plaintiff did not make any timely effort to meet and confer with Defendant to conduct the Meeting of Counsel per Local Rule 16-2 in preparation for the Final Pretrial Conference on October 5, 2026. To date, Plaintiff has not filed any of the required pre-trial documents. *See* Local Rules 16-4, 16-5, 16-6. Farmers Direct filed and served its Pretrial Disclosures on September 11, 2026 [ECF Doc. 128]. On September 14, 2026, Farmers Direct timely filed its Memorandum of Contentions of Fact and Law [ECF Doc. 133], Witness List [ECF Doc. 134] and Exhibit List [ECF Doc. 135].

"Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of a witness they may call at trial to present evidence." *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025). "Parties that retain or hire an expert witness must disclose that expert's written report, which must contain, among other things, a complete statement of his opinions and their basis." *Key*, 129 F.4th at 1143, citing Fed. R. Civ. P. 26(a)(2)(B). "Expert reports must be disclosed 'at the times and in the sequence that the court orders.'" *Key*, 129 F.4th at 1143, citing Fed. R. Civ. P.. 26(a)(2)(D). "Rule 37(c)(1) 'gives teeth to these requirements" by forbidding the use of any information not properly disclosed.'" *Key*, 129 F.4th at 1143, citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105-1106 (9th Cir. 2001) (affirmed district court's decision granting plaintiff's motion in limine to exclude defendant's supplemental expert report disclosed just 28 days before trial).

"That is, when a party fails to provide information required by Rule 26, such party 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Key*, 129 F.4th at 1143, citing Fed. R. Civ. P. 37(c)(1). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Id.*, citing *Yeti by Molly*, 259 F.3d at 1107. This sanction is "self-executing" and "automatic." *Key*, 129 F.4th at 1143, citing *Yeti by Molly*, 259 F.3d at 1106 (quotation omitted).

Accordingly, in cases like the present where Plaintiff here has not taken any timely affirmative action to attempt to remedy her prior missed disclosure deadlines, a "district court need not hold a *sua sponte* hearing on that issue before imposing Rule 37(c)(1)'s default sanction" of exclusion.[4] *Key*, 129 F.4th at 1143, citing

[4] "The harmlessness analysis is modified when exclusion is tantamount to dismissal," and in such case the "courts must ordinarily consider 'whether the claimed noncompliance involved willfulness, fault, or bad faith' and 'the availability of lesser sanctions.'" *Key*, 129 F.4th at 1144, citing *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). The Court further explained that "**importantly—the burden remains on the party facing sanctions to show and prove harmlessness**." *Key*, 129 F.4th at 1144 (emphasis added), citing *Merchant*, 993 F.3d



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021). Therefore a "Plaintiff's failure to properly prepare his [or her] case does not warrant modification of the expert disclosure deadlines, nor does it provide an exception from **the rule that undisclosed witnesses may not testify at trial**." *Willard v. Foremost Ins. Co.*, EDCV 13-0262 JGB (DTBx), 2014 WL 12589331 *6-*7 (C.D. Cal. May 9, 2014) (emphasis added) (denied plaintiff's ex parte application to designate a rebuttal expert filed "thirteen days after the rebuttal expert disclosure deadline" noting that "designation of a rebuttal expert on the eve of trial is prejudicial to Defendant"); *see also Quevedo v. Trans–Pac. Shipping, Inc.,* 143 F.3d 1255, 1258 (9th Cir.1998) (refusing to consider expert's report because it was filed one-and-a-half months late and plaintiff could have asked for an extension of time); *Hindin/Owen/Engelke, Inc. v. Skilstaf, Inc.*, No. CV01–03018–AHM(Ex), 2003 WL 25667624, *1 (C.D. Cal. February 7, 2003) (granted defendant's motion in limine to preclude plaintiff from introducing expert testimony from undisclosed witness and further noting that plaintiffs "are not entitled to play games with, ignore and violate the applicable rules of discovery"). Plaintiff has failed to disclose any experts in this case and the resulting self-executing sanction of exclusion per Rule 37(c)(1) is fatal to her case as she is lacking any competent evidence to refute or rebut the opinions of Farmers Direct's retained and non-retained experts.[5]

---

at 741, citing *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018); *R & R Sails*, 673 F.3d at 1246. "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)," and "[u]nder **Rule 37(c)(1), exclusion occurs automatically by operation of the rule; the rule permits, <u>but does not require</u>, the imposition of an alternative sanction on a party's motion**." *Vanderberg*, 906 F.3d 698, 705-706 (8th Cir. 2018) (the "district court did not abuse its discretion by not imposing a lesser sanction when Vanderberg never requested one") (emphasis added). The Ninth Circuit further explained and clarified that the *R & R Sails* case "does not disturb the basic principle baked into the text of Rule 37 that a sanctioned party bears that burden, even when expert evidence is 'case dispositive.'" *Key*, 129 F.4th at 1144, citing *Merchant*, 993 F.3d at 737; *see also Yeti by Molly.,* 259 F.3d at 1106 ("**Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded**") (emphasis added).

[5] The consideration of a potential lesser sanction does not appear to be required here because Plaintiff "never requested one." *See e.g., Vanderberg*, 906 F.3d at 705-706;



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### B. Without Any Experts Plaintiff Cannot Rebut The Opinions Of Farmers Direct's Retained And Non-Retained Experts

Notably, Plaintiff did not designate any retained experts in this action and has no competent evidence to rebut the opinions to be offered by Farmers Direct's retained and non-retained experts at trial. For example, Farmers Direct collectively paid more than $26,000 to Plaintiff which consist of approximately $9,000 (Coverage A) for repairs to her Dwelling and approximately $17,000 (Coverage C) to replace allegedly stolen Contents. *See* Declaration of Michael Saskor ("Saskor Decl."),¶¶ 20-21, Exhibit 17 [ECF Doc. 119-2, at pp. 13-14, 264-265]. Farmers Direct's retained valuation expert David A. Corona who opined that the "$9,196.64 paid to Plaintiff by Farmers Direct was more than sufficient for Plaintiff to effectuate all reasonable and necessary repairs needed to address the vandalism-related property damage allegedly caused by the June 2024 Incident and return the residence at the Property to its pre-loss condition." *See* Declaration of David A. Corona ("Corona Decl."), ¶¶ 11-14 [ECF Doc. 119-5, at pp. 6-8]. Plaintiff has no expert witnesses to rebut the opinions of Mr. Corona and therefore she cannot establish that any additional amounts are owed to her by Farmers Direct for repairs to her Dwelling (Coverage

---

*see also Chu v. State Farm General Ins. Co.,* Case No. 2:25-cv-05934-SVW-PVC, 2026 WL 712874 *6 (C.D. Cal. February 19, 2026) ("the Ninth Circuit in *Merchant* held that 'a noncompliant party must 'avail himself of the opportunity to seek a lesser sanction' by formally requesting one from the district court"), citing *Merchant v. Corizon Health, Inc*., 993 F.3d 733, 740 (9th Cir. 2021) (additional citations omitted). However, a lesser sanction would be unwarranted in any event. "Rule 37(c)(1) allows district courts to impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Chu,* 2026 WL 712874 at *5 "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Chu.*, 2026 WL 712874 at *5. Plaintiff's conduct here cannot be viewed as substantially justified or harmless given Plaintiff's refusal to participate in the discovery process and the prejudice to Farmers Direct as result. *See e.g.,* Supplemental Declaration of Kelly Fitzgerald Canby filed in support of MTS ("Supp. Canby MTS Decl."), ¶¶ 5-13 [ECF Doc. 140-1, at pp. 2-5]; *see also* Declaration of Michelle R. Bernard filed in support of MTS ("Bernard MTS Decl."), ¶¶ 4-15, Exhibits 1-6 [ECF Doc. 121, at pp. 3-6; ECF Doc. 121-1, at pp. 2-57].

A).[6] Similarly, Farmers Direct's non-retained contents valuation expert General Claims Adjuster Michael Saskor opined that Farmers Direct's payments to Plaintiff totaling $17,789.36 (Coverage C) is "thorough, fair and a reasonably accurate estimation of the reasonable cost to replace the claimed stolen items as identified by Plaintiff" and "Farmers Direct has paid Plaintiff at least the reasonable costs to replace any personal property allegedly stolen during the Incident and likely more . . ." Saskor Decl., ¶¶ 24-27 [ECF Doc. 119-2, pp. 15-16]. Plaintiff does not have any experts to rebut the opinions of Mr. Saskor.[7] "Under California law, to prove a cause of action for breach of contract, the plaintiff must prove damages resulting from the breach." *Chu v. State Farm General Ins. Co*., Case No. 2:25-cv-05934-SVW-PVC, 2026 WL 712874 *9 (C.D. Cal. February 19, 2026). Accordingly, in the *Chu* case where this Court excluded the "proffered testimony" of plaintiff's valuation and repair cost expert, the plaintiff had "no evidence by which to prove his claimed damages," noting that to "the extent Plaintiff himself seeks to testify about damages, he cannot: he lacks personal knowledge about the scope of work required to repair the roofs and the cost of such repairs." *Chu*, 2026 WL 712874 at *9-*10. "Therefore, the Court GRANTS summary judgment as to Plaintiff's breach of contract claim because he cannot prove damages." *Chu*, 2026 WL 712874, at *10.

As result of her lack of experts, Plaintiff faces these very same evidentiary defects which proved fatal in the *Chu* case and will at least greatly impair the viability

[6] *See e.g., Hart v. State Farm Lloyds*, 713 F.Supp.3d 282, 287-288 (N.D. Tex. 2024) ("expert testimony is 'essential' for proving the reasonable costs of reconstruction" and where the plaintiffs homeowners had "no expert witnesses who can testify as to the estimated value of the repairs," the plaintiffs "have no evidence that the reasonable cost of repairs is greater than what State Farm paid them and therefore have no evidence that State Farm violated its obligations under their insurance policy" and the court granted State Farm's motion for summary judgment on plaintiff's breach of contract and bad faith claims).

[7] *See e.g., Safar v. Allstate Ins. Co.*, Case No. LA CV18-04031 JAK (PLAx), 2023 WL 8077325 *6 (C.D. Cal. April 18, 2023) (Court granted defendant insurer's motion in limine to exclude opinion testimony from plaintiffs' daughter related to the value of stolen items who "was not disclosed as an expert witness and has not provided an expert report" and "she may not testify as an expert" related to actual cash value or depreciation of specific property items subject of the burglary claim).

of her breach of contract claim against Farmers Direct, if not prohibit that claim entirely.[8] If so, Plaintiff's bad faith claim would necessarily fail as well because under California law, a claim for breach of the implied covenant of good faith and fair dealing (*i.e.* "bad faith") can only be maintained where there has been a breach of a contractual obligation owed by the insurer. *See e.g., Waller v. Truck Ins. Exchange, Inc.,* 11 Cal.4th 1, 36 (1995).

Moreover, Plaintiff also cannot rebut the opinions of Farmers Direct's claims handling and industry standard of care expert Paul Hamilton.[9] Specifically, Mr. Hamilton opined that "Farmers Direct's processing of Ms. D'Sol's claim . . . was reasonably in compliance with the claims handling standards promulgated by the State of California," and that "Farmers Direct's resolution of the underlying Claim was reasonable under the circumstances and consistent with the terms and conditions of Farmers Direct's insurance policy at issue in this action (Policy No. 3872340940) ("Policy")." Declaration of Paul Hamilton ("Hamilton Decl."), ¶¶ 14-15 [ECF Doc. 119-4, pp. 7-8].

---

[8] Additionally, Senior Field Claims Representative Donnie Means is also a non-retained expert for Farmers Direct and he will also offer opinions related to causation, valuation and repair costs issues related to Plaintiff's claimed water damages as he has an expertise in water mitigation and remediation and also conducted the inspections of the Property on June 6, 2024 and May 23, 2025 and will opine that Plaintiff's claimed water intrusions were not caused as result of the Incident. *See* Declaration of Donnie Means ("Means Decl."), ¶¶ 1, 17, 19, 27-32 [ECF Doc. 119-3, at pp. 6-11].

[9] *See e.g., Quimet v. USAA Casualty Ins. Co.*, No. EDCV 00–00752–VAP, 2004 WL 5865274 *4-*5 (C.D. Cal. July 14, 2004) ("case law frequently discusses the usefulness of expert witness in this type of case" involving "issues of bad faith" and there "may be cases in which expert opinion testimony is *required* because the matter is beyond the knowledge of lay jurors" and "expert opinion testimony may be *required* to establish . . . *custom and practice in the insurance industry*") (citations omitted; emphasis in original); *see also Madrigal v. Allstate Indemnity Co.*, Case No. CV 14–4242 SS, 2015 WL 12746232 *4-*5 (C.D. Cal. October 29, 2015) "courts generally hold that an insurance claims handling expert in a bad faith case may testify as to whether the insurer's conduct was reasonable based on industry practices and norms"); *Diaz v. Allstate Northbrook Indemnity Co.*, 687 F.Supp.3d 1022, 1030-1032 (S.D. Cal. 2023) (finding that defendant established that a "genuine dispute existed over the value of Plaintiff's UIM claim, meaning its delay in payment was justified" and summary judgment was granted in insurer's favor where the court determine that "[n]o jury could look at the undisputed facts and evidence and reasonably conclude that Defendant engaged in a bad faith pattern of delay").



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**C. Plaintiff Should Be Precluded From Offering Certain Lay Opinion Testimony And/Or Testimony From Progressive Home Remodeling**

Having failed to designate any experts on policy interpretation, claims handling conduct, valuation and repair costs, water damage causation and mitigation among other topics, Farmers Direct anticipates that Plaintiff intends to offer lay opinion testimony from herself and/or others (potentially from the PMK from Progressive Home Remodeling who is her contractor who failed to appear at its noticed deposition on August 14, 2026 and Plaintiff also pursued sanctions against defense counsel related to the issuance and/or service of this subpoena). *See* Supp. Canby Decl., ¶¶ 2-13, **Exhibits 1-3** This Court should exclude any nondisclosed experts, exclude any nondisclosed witnesses and also exclude lay opinion testimony on each of the issues listed in the Notice of Motion (and on pages 2-3 herein) on the grounds that such specialized opinion testimony goes beyond the personal knowledge of any fact witness identified on Plaintiff's witness list who may testify at trial.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 2770 words ("including headings, footnotes and quotations excluding caption but including the notice of motion and including the attached declaration"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: September 21, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Reply and Notice of Non-Receipt Of Opposition to Motion In Limine No. 3 [ECF Doc. 124] ("MIL No. 3") in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. Plaintiff's Oppositions to Farmers Direct's MIL Nos. 1-4 were all due on September 14, 2026 but she only filed her Opposition [ECF Doc. 139] to MIL No. 4 [ECF Doc. 125] on time. A week later on September 21, 2026 (and the same date that Farmers Direct's Replies are due to be filed), Plaintiff filed her untimely Opposition [ECF Doc. 143] to MIL No. 1 [ECF Doc. 122] and her belated Opposition [ECF Doc. 144] to MIL No. 2 [ECF Doc. 123]. Some additional filings have been made by Plaintiff throughout the day on September 21, 2026 but so far there has been no Opposition filed to this MIL No. 3 by Plaintiff.

3. However, Plaintiff also made some Ex Parte Application filings on September 21, 2026 in conjunction with the belated filings of her Oppositions to MIL No. 1 and Mil No. 2.

4. Plaintiff's covering Notice portion of her Ex Parte Application mentions some unspecified health issues but the Memorandum of Points and Authorities (i.e., pages 4-25) attached to the Ex Parte Notice instead address entirely different topics, including claims of alleged "new, independently verifiable misconduct" [ECF Doc. 143, p. 4:14] among other things. [ECF Doc. 143, p. 4:3-9]. For reasons that seem entirely unwarranted for any type of Ex Parte Application (i.e., EMERGENCY),

Plaintiff is again raising false alarms and presumably suggesting misconduct related to the subpoenas I previously issued to her contractor "the PMK for Progressive Home Remodeling Inc." [ECF Doc. 143, p. 6:18-23]

5. For example, she states "Defendant's counsel's office generated conflicting sworn or attorney-represented service documentation as to a third third-party witness, the PMK for Progressive Home Remodeling Inc., whose subpoena lists a Los Angeles service address while defense counsel's own follow-up letter to that witness describes service, at the identical date and minute, at a different address in Hermosa Beach." [ECF Doc. 143, p. 6:18-23].

6. Plaintiff has a copy of a Progressive Home Remodeling Estimate attached as an exhibit to her First Amended Complaint. A true and correct copy of an excerpt from Plaintiff's First Amended Complaint is attached hereto as **Exhibit 1**.

7. I issued a deposition subpoena to Progressive Home Remodeling and many other third party witnesses in mid-July and set depositions for early August, including for the PMK of Progressive Remodeling. However, I had great difficulty getting people on Plaintiff's witness list could not be found at the address provided by Plaintiff on her Initial Disclosure witness list and we made several attempts with many different witnesses.

8. I checked with the California Secretary of State and found a listing for Progressive Home Remodeling Inc. and discovered its principal place of business address was on file (i.e., in Hermosa Beach). I instructed the process server to try to serve Progressive Home Remodeling at that location after trying elsewhere unsuccessfully several times. Progressive Home Remodeling was served.

9. Plaintiff later filed an Ex Parte Application and wanted the deposition date changed. I changed the deposition date. I prepared an Amended Subpoena and reset its deposition for the morning of August 14, 2026 in Los Angeles and had the Amended Subpoena Served on Progressive Home Remodeling again. I spoke with its owner a few days prior to the deposition and confirmed that we planned to go

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

forward per the Amended Subpoena on August 14, 2026. Mr. Aragon asked if the deposition could be conducted remotely instead. I told him we would need the written consent from Plaintiff Ms. D'Sol and to plan on it being in person as noticed unless he heard otherwise from me.

10. I attempted to meet and confer with Ms. D'Sol to see if she would agree to a remote deposition, but she was not responsive. I confirmed the deposition again with Mr. Aragon and sent him the parking instructions.

11. Mr. Aragon of Progressive Home Remodeling did not show up at the notice deposition on August 14, 2026.

12. Attached hereto as **Exhibit 2** are a collection of email communications and other documents pertaining to my communications with Plaintiff regarding Progressive Home Remodeling.

13. My subpoenas to Progressive Home Remodeling have been the subject of more than one Ex Parte Application by Ms. D'Sol. Attached hereto as Exhibit 3 is one of them dated August 04, 2026 [ECF Doc. 109].

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 21 day of September, 2026 at Carlsbad, California.

Kelly F Canby

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**License Contractor provided bid**

**Everything in this letter referenced as "remodel" is meant to only imply replacement and repair work. Their company's name has the word Remodeling, however nothing here is targetting any kind of remodel job**

PROGRESSIVE HOME REMODELING

777 E. Tahquitz Canyon Way, Ste 200, Palm Springs, CA 92262

Ph: 323-423-6322 | Lic. #1049763

info@progressivehomeremodeling.com | www.progressivehomeremodeling.com

---

## Partial Home Remodel

**Homeowner:** Julio "Luna"
**Homeowner Phone:** 213-925-4069
**Homeowner Address:** 2275 East Belding Drive, Palm Spring CA 92262
**Date:** 05/19/2025
**Prepared By:** Emuna Stanley
**Project Manager Phone:** 213-264-8682

## Project Overview

This project involves comprehensive interior and exterior improvements to appx of 3,000 sq ft residential property in Palm Springs, CA. The scope includes replacing a broken window and damaged stucco, reinstalling a properly supported wall-mounted toilet, installing epoxy flooring throughout the home, constructing a new kitchen island with electrical work, and repainting the full exterior of the home.

## Scope of Work

### Partial Home Renovation

---

#### Initial Site Preparation

- Contractor will secure the job site, protect existing finishes not included in the renovation, and establish clear work zones.
- Contractor will also coordinate delivery and storage of materials.

#### Partial Interior & Select Exterior Demolition

- Contractor will perform demolition of the following:
- Existing exterior stucco damage areas to prep for patching
- Interior drywall sections as needed for water line and plumbing relocations
- Existing bathroom vanity, shower materials, and toilet setup
- Existing kitchen island including countertop and base
- All existing interior epoxy flooring throughout the house
- All demolition debris will be removed and disposed of in accordance with local regulations.

**Exterior Stucco Patch & Repaint**

- Contractor will patch all damaged stucco surfaces and repaint the entire exterior of the home using high-quality, weather-resistant paint matched to client-approved color.

**Water Line Relocation**

- Contractor will relocate exterior water lines into an interior closet. This includes rerouting plumbing, patching access holes, and painting the surrounding walls.

**Bathroom – Toilet Relocation & Wall Repair**

- Contractor will move the bathroom toilet to sit flush against the back wall. This includes rerouting the waste line and water supply, resetting the toilet, patching drywall, and repainting to match the surrounding surface.

**Bathroom – Full Remodel**

- Contractor will complete a full renovation of the bathroom, including:
- New shower tile installation
- Shower valve and fixture installation
- New vanity, countertop, sink, and faucet
- Paint and finishing work

**Kitchen – Island Replacement**

- Contractor will construct a new kitchen island after demolition of the existing one.  (Work includes: Framing and cabinetry for the new island base)
- Installation of quartz countertops or metallic epoxy finish (homeowner to select)
- Electrical adjustments as required

**Interior Flooring – Epoxy Removal & New Installation**

- Contractor will remove all existing epoxy flooring and prepare the concrete surface (grinding/cleaning).
- Contractor will install new metallic epoxy flooring throughout the entire home with client-approved color and design.

**Site Cleanup & Detailing**

- Contractor will perform a full cleanup of the interior and exterior renovation zones. This includes removing dust, wiping surfaces, and disposing of any remaining waste.

**Final Walk-Through & Punch List**

- Contractor will walk through the project with Lisette and Marty to ensure all items are complete and meet expectations. Any punch list items will be documented and resolved promptly.

---

## Summary of Estimated Costs

| Scope | Estimated Cost |
|---|---|
| Exterior Stucco & Paint | $18000.00 |
| Water Line Relocation | $3000.00 |
| Toilet Wall Flush & Patch | $4400.00 |
| Bathroom Remodel | $16000.00 |
| Kitchen Island Replacement | $9000.00 |

Case 2:25-cv-10938-SVW-AS Document 23-9 Filed 01/25/26 Page 109 of 130 Page ID #:798

| | |
|---|---|
| Epoxy Flooring (Entire Home) | $46000.00-52000.00 |
| **Total** | **$87400.00-93400.00** |

**Payment Schedule: (based on $87400.00)**

- Deposit: $1,000
- Upon Permit for window replacement, stucco repair, plumbing (for toilet): $8640
- Upon material order: $10000.00
- Upon Demolition & Site prep: $9500.00
- Upon structural & rough-In Completion: $9000.00
- Upon window installation & Stucco repair completion: $8500.00
- Upon countertop fabrication: $8000.00
- Upon Island Installation: $8190.00
- Upon Island Completion: $8190.00
- Upon Epoxy flooring installation: $8190.00
- Upon Painting & Finishing: $8190
- Upon Project Completion: $8640.00

---

## Exclusions & Inclusions

- Contractor to cover all working areas as needed
- Contractor to perform final touch ups as needed
- Contractor to clean up and haul away debris throughout duration of project as needed
- Taxes, labor, rough building materials, slabs, fabrication and installation of kitchen island installation, included
- Finish materials (such as sink, faucet, hardware and etc.), and any unforeseen construction not determined during walk-through; not included
- Contractor will handle all permit applications and related processes. Once permits are obtained, the homeowner will be invoiced for reimbursement.

---

<u>**Terms and Condition:**</u>

**Price and Validity:**

- **Price includes labor and rough materials, and slabs**
- **The estimate is valid for 21 days and may change based on market conditions, material costs, plan changes, or city/county corrections. Progressive Home Remodeling reserves the right to adjust the price or terminate the contract accordingly.**

**Changes and Responsibilities:**

- **Progressive Home Remodeling shall provide the homeowners a one year warranty for all labor performed on the property.**
- **Homeowners are responsible for checking the condition and quality of all delivered goods/materials. Progressive Home Remodeling is not responsible for damaged materials on and off-site.**
- **Additional fees may apply if Progressive Home Remodeling is required to pick up and deliver finish materials unless stated otherwise in writing.**

**Unforeseen Items and Additional Requirements:**

- **Unforeseen items not determined during estimating/walking the property will result in additional charges. Progressive Home Remodeling will present these changes to homeowners for approval before starting any work.**

**Limitations:**

- **The locations of seams are ultimately determined by Progressive Home Remodeling. All suggestions and requests for seam locations are always considered. Large L shape pieces and other otherwise awkward shapes may require additional material and may result in a change in project price if the homeowner insists on not having a seam. These determinations are unable to be made until we template. Additionally, we reserve the right to seam pieces we deem too fragile or delicate to handle in one piece. These determinations are unable to be made until we template. If the homeowner insists on continuing without our seam suggestions the homeowner is responsible for all costs associated with repairing or replacing the broken part.**
- **If your project requires additional equipment or manpower to install your stone due to unforeseen obstacles (including but not limited to: Excessive stairs, crane equipment, house layout) the cost of the additional resources will be added to the final invoice.**
- **Many engineered quartz brands have strict fabrication guidelines to comply with their warranty. Often, the details of your kitchen may void**

**their warranty. This includes but isn't limited to inside corners and edge details. Progressive Home Remodeling is not responsible for your project's compliance with any manufacturer's warranty.**

- **If you want a backsplash or want to use your slab in any other area (such as saddles), now is the time to mention this. Adding items like small backsplash, saddles, and windowsills to a project after it has been fabricated or installed may result in higher installation fees and increased time. Additionally, there may not be any remaining matching material. In order to complete your project as fast, economically and professionally as possible, please consider every place you may want to use a piece of stone.**
- **Contractor shall not be held responsible for any damages to the cabinets or surrounding areas that may occur as a result of demolition.**
- **We are not engineers, environmental consultants or home inspectors. We are licensed contractors and provide construction cost estimates for the specific items included in this document. The following report is based on a visual observation of the subject property and discussions with you or your representatives. The scope is limited to the specific items listed in this document and is not meant to identify all repairs or improvements that may be required or desired on this property.**

**Homeowner:_____________Date:_________________**

**Contractor: MS 155282 SP Date: 05/20/2025**

---

We look forward to working with you on this exciting bathroom remodel project! Please feel free to reach out with any questions or if you require any adjustments to this estimate.

**It is the law that all contractors with employees carry current Bond and good business practice to have General Liability Insurance.**
**We carry both for your protection and can provide certificates on request.**

# EXHIBIT 2

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

Date: July 31, 2026
Time: 9:00 a.m.
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will take the videotaped deposition of Pro Per Plaintiff Luna D'Sol on July 31, 2026 at 9:00

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

a.m. at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and will be recorded by videotape and/or by audio or video recording. The deposition will continue day to day thereafter until completed, weekends and holidays excepted.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Dated: July 16, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: Kelly F. Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br>**PROOF OF SERVICE**<br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 17, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 17, 2026.

*Kiry Yeoun*
__________________________
Kiry Yeoun

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# UNITED STATES DISTRICT COURT

for the

Central District of California

LUNA D'SOL
*Plaintiff*
v.
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY
*Defendant*

Civil Action No. 2:25-cv-10938-SVW-ASx

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: PMK for Progressive Home Remodeling - 7550 Melrose Ave., Unit B, Los Angeles, CA 90046 - (323) 423-6322
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Attachment A

| Place: | Date and Time: |
|---|---|
| 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | August 4, 2026 at 10:00 a.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/17/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* PMK for Progressive Home Remodeling
on *(date)* July 17, 2026 .

[x] I served the subpoena by delivering a copy to the named individual as follows: John Doe - Receptionist (hispanic male, approx. 30s in age, 160 lbs, 5'8 tall, beard, brown eyes, black hair)
on *(date)* 7/20/2026 at 1:28pm ; or

[ ] I returned the subpoena unexecuted because: ______________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 69.48 .

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under penalty of perjury that this information is true.

Date: 7/20/2026

*Server's signature*

Kirlian Rivas, Registered Process Server

*Printed name and title*

BFRM Legal Support Services
633 W 5th Street, 28th Floor
Los Angeles, CA 90071

*Server's address*

Additional information regarding attempted service, etc.:

Additional Documents served:KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING; DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA

# ATTACHMENT A

***Luna D'Sol v. Farmers Direct Property and Casualty Company***
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

## ATTACHMENT A

## DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262.

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## TOPICS OF TESTIMONY

## PMK for PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanely and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. Any inspections of the PROPERTY following the INCIDENT.

4. All work performed at the PROPERTY by Progressive Home Remodeling and/or by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6. Any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7. Progressive Home Remodeling's ability to timely perform repair, remodeling, replacement, mitigation and/or installation work at the PROPERTY and/or ability to obtain materials or other supplies subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") and/or related to the INCIDENT.

8. All orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

9. All correspondence between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

10. All invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased

and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

11. All subcontractor estimates obtained by Progressive Home Remodeling and/or Emuna Stanley with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

12. All payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

13. The steps taken by Progressive Home Remodeling to search for and locate any potential DOCUMENTS responsive to the Request for Production of Documents served herewith (specifically including Request Nos. 1-11 in Attachment B to the Subpoena), and the results of any compliance efforts.

# ATTACHMENT B

***Luna D'Sol v. Farmers Direct Property and Casualty Company***
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

## ATTACHMENT B

### DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## REQUESTS FOR PRODUCTION

### DOCUMENTS TO BE PRODUCED BY PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. All DOCUMENTS RELATED TO any inspections of the PROPERTY following the INCIDENT, including but not limited to any photographs and/or videos.

4. All DOCUMENTS RELATED TO any work performed at the PROPERTY by Progressive Home Remodeling and/or any by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6. All DOCUMENTS RELATED TO any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7. All DOCUMENTS evidencing any orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

8. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

9. All DOCUMENTS RELATED TO any invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

10. All DOCUMENTS RELATED TO any subcontractor estimates obtained by Progressive Home Remodeling and/or by Emuna Stanley

with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

11. All DOCUMENTS evidencing any payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S *AMENDED* NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING INC. AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

**Date: August 14, 2026**
**Time: 9:00 a.m.**
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE PLAINTIFF LUNA D'SOL:**

**PLEASE FURTHER TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will now take the videotaped deposition of the PMK for PROGRESSIVE HOME REMODELING INC. on **August 14, 2026 at 9:00 a.m.** at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071 (rescheduled from initial date of August 4, 2026 at 10:00 a.m.). The deposition will continue day to day until completed, Saturdays, Sundays and holidays excluded. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and may be recorded by videotape and/or by audio or video recording.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, a copy of the Amended Subpoena requesting testimony and the production of documents from the PMK of the entity listed below is also attached as Exhibit "1" hereto.

**Progressive Home Remodeling Inc.**
**2447 Pacific Coast Hwy, Unit 229**
**Hermosa Beach, California 90254**
**(323) 423-6322 / (323) 218-9118**
**info@progressivehomeremodeling.com**
**admin@progressivehomeremodeling.com**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Farmers Direct seeks testimony on the matters listed in Attachment A to the Amended Subpoena attached hereto as Exhibit "1" (which are the same sought topics of testimony as found in the original subpoena served on July 20, 2026 which is included within Attachment C thereto) from the entity listed above by and through its designated representative(s) which it has a duty to appoint to testify on its behalf as to each matter. "A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify." Fed. R. Civ. Proc. 30(b)(6). Additionally, Farmers Direct also requests PROGRESSIVE HOME REMODELING INC. to produce at the deposition the documents and electronically stored information as described in Attachment B to the Amended Subpoena attached hereto as Exhibit "1" (which are the same sought topics of testimony as found in the original subpoena served on July 20, 2026 which is included within Attachment C thereto).

Dated: August 3, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: Kelly F. Canby [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| LUNA D'SOL<br>*Plaintiff*<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY<br>*Defendant* | ) | Civil Action No. 2:25-cv-10938-SVW-ASx |

**AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: PMK for Progressive Home Remodeling Inc. -- 2447 Pacific Coast Hwy, Unit 229, Hermosa Beach CA 90254
(323) 423-6322/(323) 218-9118/admin@progressivehomeremodeling.com/info@progressivehomeremodeling.com

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

SEE ATTACHMENT A (Note: Amendment To Date and Time For Deposition Only - The Sought Topics of Testimony Are Unchanged -- Same Topics As Listed In Attachment A To Original Subpoena Served 7/20/26 -- See Attachment C)

| Place: | Date and Time: |
|---|---|
| 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | August 14, 2026 at 9:00 a.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT B (Note: Amendment To Date and Time For Deposition Only - The Sought Documents Are Unchanged -- Same Requests For Production As Listed In Attachment B To Original Subpoena Served 7/20/26 -- Copy included with Attachment C For Reference)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/3/2026

*CLERK OF COURT*

OR

Kelly F. Canby

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ____________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________________________________________

______________________________________ on *(date)* ____________ ;or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ___________ for services, for a total of $ ___________ .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)***Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

***Luna D'Sol v. Farmers Direct Property and Casualty Company***
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

## ATTACHMENT A

### DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262.

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

**TOPICS OF TESTIMONY**

**PMK for PROGRESSIVE HOME REMODELING**

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanely and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. Any inspections of the PROPERTY following the INCIDENT.

4. All work performed at the PROPERTY by Progressive Home Remodeling and/or by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6. Any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7. Progressive Home Remodeling's ability to timely perform repair, remodeling, replacement, mitigation and/or installation work at the PROPERTY and/or ability to obtain materials or other supplies subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") and/or related to the INCIDENT.

8. All orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

9. All correspondence between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

10. All invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased

and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

11. All subcontractor estimates obtained by Progressive Home Remodeling and/or Emuna Stanley with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

12. All payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

13. The steps taken by Progressive Home Remodeling to search for and locate any potential DOCUMENTS responsive to the Request for Production of Documents served herewith (specifically including Request Nos. 1-11 in Attachment B to the Subpoena), and the results of any compliance efforts.

# ATTACHMENT B

***Luna D'Sol v. Farmers Direct Property and Casualty Company***
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

# ATTACHMENT B

## DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## REQUESTS FOR PRODUCTION

### DOCUMENTS TO BE PRODUCED BY PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. All DOCUMENTS RELATED TO any inspections of the PROPERTY following the INCIDENT, including but not limited to any photographs and/or videos.

4. All DOCUMENTS RELATED TO any work performed at the PROPERTY by Progressive Home Remodeling and/or any by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6. All DOCUMENTS RELATED TO any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7. All DOCUMENTS evidencing any orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

8. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

9. All DOCUMENTS RELATED TO any invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

10. All DOCUMENTS RELATED TO any subcontractor estimates obtained by Progressive Home Remodeling and/or by Emuna Stanley

with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

11. All DOCUMENTS evidencing any payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

# ATTACHMENT C

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| LUNA D'SOL<br>*Plaintiff*<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY<br>*Defendant* | ) | Civil Action No. 2:25-cv-10938-SVW-ASx |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: PMK for Progressive Home Remodeling - 7550 Melrose Ave., Unit B, Los Angeles, CA 90046 - (323) 423-6322

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See Attachment A

| Place: | Date and Time: |
|---|---|
| 633 West Fifth St., 52nd Floor, Los Angeles, CA 90071 | August 4, 2026 at 10:00 a.m. |

The deposition will be recorded by this method: Stenographically and Video Recorded

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/17/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT Farmers Direct Property and Casualty Insurance Company, who issues or requests this subpoena, are:

Kelly F. Canby, 101 W. Broadway, Suite 2000, San Diego, CA 92101 T: (619) 696-6700 Direct Dial: (760) 444-5923

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-10938-SVW-ASx

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* PMK for Progressive Home Remodeling on *(date)* July 17, 2026 .

[x] I served the subpoena by delivering a copy to the named individual as follows: John Doe - Receptionist (hispanic male, approx. 30s in age, 160 lbs, 5'8 tall, beard, brown eyes, black hair) on *(date)* 7/20/2026 at 1:28pm ;or

[ ] I returned the subpoena unexecuted because: ______ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 69.48 .

My fees are $ ______ for travel and $ ______ for services, for a total of $ ______ .

I declare under penalty of perjury that this information is true.

Date: 7/20/2026

*Server's signature*

Kirlian Rivas, Registered Process Server

*Printed name and title*

BFRM Legal Support Services
633 W 5th Street, 28th Floor
Los Angeles, CA 90071

*Server's address*

Additional information regarding attempted service, etc.:

Additional Documents served:KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING; DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PMK FOR PROGRESSIVE HOME REMODELING AND REQUESTS FOR PRODUCTION OF DOCUMENTS PER SUPBOENA

# ATTACHMENT A

***Luna D'Sol v. Farmers Direct Property and Casualty Company***
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

# ATTACHMENT A

## DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262.

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## TOPICS OF TESTIMONY

## PMK for PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanely and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. Any inspections of the PROPERTY following the INCIDENT.

4. All work performed at the PROPERTY by Progressive Home Remodeling and/or by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6. Any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7. Progressive Home Remodeling's ability to timely perform repair, remodeling, replacement, mitigation and/or installation work at the PROPERTY and/or ability to obtain materials or other supplies subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was "Prepared By: Emuna Stanley" for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") and/or related to the INCIDENT.

8. All orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

9. All correspondence between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

10. All invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased

and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

11. All subcontractor estimates obtained by Progressive Home Remodeling and/or Emuna Stanley with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

12. All payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

13. The steps taken by Progressive Home Remodeling to search for and locate any potential DOCUMENTS responsive to the Request for Production of Documents served herewith (specifically including Request Nos. 1-11 in Attachment B to the Subpoena), and the results of any compliance efforts.

# ATTACHMENT B

***Luna D'Sol v. Farmers Direct Property and Casualty Company***
**(U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)**

## ATTACHMENT B

### DEFINTIONS

Words in CAPITALS as used herein are defined as follows:

1. The term "PLAINTIFF" means pro se Plaintiff Luna D'Sol (formerly known as Julio Ravada) and includes any employees, attorneys, agents, or other persons acting on her and/or his behalf.

2. The term "FARMERS DIRECT" means Defendant Farmers Direct Property and Casualty Company and its employees, officers, directors, agents, attorneys, consultants, adjusters, claims handlers, retained experts or other persons acting on its behalf.

3. The term "PROPERTY" means PLAINTIFF's residence located at 2275 E. Belding Drive, Palm Springs, CA 92262.

4. The term "POLICY" means Policy Number 3872340940 issued by FARMERS DIRECT to "Named Insured" "Julio R. Ravada" (now known as Luna D'Sol) for the policy period effective September 23, 2023 to September 28, 2024 covering the insured residence premises located at 2275 E. Belding Dr., Palm Springs, CA 92262

5. The term "LAWSUIT" means the above-entitled action *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company*, United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx, which prior to FARMERS DIRECT's removal to this Court on or about November 14, 2025 was pending before the Los Angeles County Superior Court as Case No. 25VECV04713.

6. The term "FIRST AMENDED COMPLAINT" means the First Amended Complaint filed PLAINTIFF on or about October 16, 2025 (and also includes the supporting "EXHIBITS TO FIRST AMMENDMENT [sic]" that PLAINTIFF filed on or about October 17, 2025) in Los Angeles County Superior Court as part of Case No. 25VECV04713 against

FARMERS DIRECT which was thereafter removed to Federal Court on or about November 14, 2025 and is now pending as United States District Court Central District of California Case No. 2:25-cv-10938-SVW-ASx ("LAWSUIT").

7. The term "INCIDENT" refers to and means the alleged burglary and/or vandalism incident occurring at the PROPERTY on or about June 3, 2024, also referenced in paragraph 9 of the FIRST AMENDED COMPLAINT.

8. The term "LOSS" refers to and means the alleged property damage and/or other losses allegedly caused by a burglary and/or vandalism INCIDENT which occurred on or about June 3, 2024 at the PROPERTY.

9. The term "CLAIM" refers to and means PLAINTIFF's request for coverage benefits for the LOSS under the POLICY which was assigned Claim No. 7007678692-1.

10. The term "PERSON" means and includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. The terms "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" also includes electronically stored information (commonly known as "ESI") including but not limited to the native format (including drafts and finished versions) of all e-mails, attachments, electronic data, all computer hard drives, laptops, hand held devices, mobile phones, PDAs, tablets (including iPads, etc.), or other mobile computing device, servers, exchange servers, cloud networks, jump drives, CD-ROMs, databases, disks, diskettes, Microsoft Office ESI (including but not limited to Outlook, Word, Excel, Notepad, etc.), Lotus Notes ESI, and/or any other location or medium of ESI. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of the terms in the Federal Rules of Evidence. The terms "DOCUMENT" and "DOCUMENTS" include any "original" and "duplicate" that is not identical to the "original" that is within the possession, custody or control of the responding party. The terms "original" and "duplicate" have the meanings defined in Rule 1001 of the Federal Rules of Evidence.

12. The term "COMMUNICATIONS" means the transmittal of information in any form, whether orally, electronically, by document, and whether face to face, by telephone, by text, mail, facsimile, or electronic mail.

13. The terms "RELATED TO" or "REGARDING" means mentioning, discussing, summarizing, describing, RELATING TO, referring to, evidencing, supporting, depicting, embodying, relating to, constituting, or reporting.

14. Regardless of whether any of these requests, instructions, or definitions use a term in the plural or singular form, the term shall be construed in both the singular and plural forms, as is necessary to require the most inclusive response.

## REQUESTS FOR PRODUCTION

### DOCUMENTS TO BE PRODUCED BY PROGRESSIVE HOME REMODELING

1. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and PLAINTIFF related to the PROPERTY and/or the INCIDENT (including, but not limited to, email communications with PLAINTIFF / jravada@icloud.com).

2. All COMMUNICATIONS between Progressive Home Remodeling and FARMERS DIRECT related to PLAINTIFF and/or the CLAIM.

3. All DOCUMENTS RELATED TO any inspections of the PROPERTY following the INCIDENT, including but not limited to any photographs and/or videos.

4. All DOCUMENTS RELATED TO any work performed at the PROPERTY by Progressive Home Remodeling and/or any by any of its employees and/or subcontractors from January 1, 2023 to the present.

5. Progressive Home Remodeling Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262") in the amount of "$87,400.00-93,400.00."

6. All DOCUMENTS RELATED TO any inspections, estimates, quotes, contemplated orders, orders, proposed work and/or work performed by Progressive Home Remodeling (and/or anyone acting on its behalf) at the PROPERTY and/or for PLAINTIFF from January 1, 2023 to the present, including but not limited to any window repair, window replacement, stucco repair, demolition, countertop fabrication, kitchen island installation, replacement or repair, epoxy flooring installation, painting, appliance installation, appliance repair, water line relocation, toilet repair, toilet replacement, toilet relocation, bathroom remodel, dishwasher repair, installation or replacement and/or any other work pertaining to the INCIDENT and/or subject of Progressive Home Remodeling's Estimate dated on or about May 19, 2025 for "Partial Home Remodel" (that was prepared for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262").

7. All DOCUMENTS evidencing any orders placed by Progressive Home Remodeling on behalf of PLAINTIFF related to the PROPERTY and/or the INCIDENT, including but not limited to the timing of fulfillment and/or receipt of any items ordered.

8. All COMMUNICATIONS between or among Progressive Home Remodeling, Emuna Stanley and any other PERSON from January 1, 2023 to the present which relates or refers to the PROPERTY.

9. All DOCUMENTS RELATED TO any invoices that Progressive Home Remodeling submitted to PLAINTIFF (and/or any property manager(s), tenant of PLAINTIFF or other PERSON residing at the PROPERTY) for items to be purchased and/or work performed by Progressive Home Remodeling and/or by Emuna Stanley at the PROPERTY from January 1, 2023 to the present.

10. All DOCUMENTS RELATED TO any subcontractor estimates obtained by Progressive Home Remodeling and/or by Emuna Stanley

with respect to any work performed at the PROPERTY from January 1, 2023 to the present.

11. All DOCUMENTS evidencing any payment(s) made by or on behalf of PLAINTIFF for any items sold and/or services rendered by Progressive Home Remodeling and/or by Emuna Stanley in connection with the PROPERTY as result of the INCIDENT.

Civil Action No. 2:25-cv-10938-SVW-ASx

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* PMK for Progressive Home Remodeling Inc.
on *(date)* 8/4/2026 .

[x] I served the subpoena by delivering a copy to the named individual as follows: Sophia "Doe" (refused last name) - Front Desk (hispanic female, approx. 5'3" tall, 140 lbs, brown hair, and glasses)
on *(date)* 8/4/2026 at 1:00pm ; or

[ ] I returned the subpoena unexecuted because: ______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 69.66 .

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under penalty of perjury that this information is true.

Date: 8/4/2026

______________________________
*Server's signature*

Kirlian Rivas, Registered Process Server
*Printed name and title*

BFRM Legal Support Services
633 W 5th Street, 28th Floor
Los Angeles, CA 90071
*Server's address*

Additional information regarding attempted service, etc.:

Documents served: KFC PERSONAL SERVICE COVER LETTER TO PMK OF PROGRESSIVE HOME REMODELING; AMENDED SUBPOENA TO TESTIFY AT A DEPOSITON IN A CIVIL ACTION; DEF AMENDED NOTICE OF DEPOSITION SUBPOENA RE PMK OF PROGRESSIVE HOME REMODELING; POS – PMK OF PROGRESSIVE HOME REMODELING

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, August 5, 2026 3:07 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | Follow up on Farmers Direct's Request for Further Local Rule 37-1 Conference? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY |
| **Attachments:** | 2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf; fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf |
| **Importance:** | High |

Ms. D'Sol –

Following up on my initial Request for a Rule 37-1 Conference last week and our subsequent telephone discussion with you on July 31, 2025 (i.e., when you REFUSED to provide ANY alternative dates for your deposition prior to August 14, 2026), I sent you a request to schedule a "Further Local Rule 37-1 Conference" along with a copy of Magistrate Sagar's "REQUEST FOR INFORMAL DISCOVERY CONFERENCE" Form (hereinafter "IDC Request Form") and asked to schedule a time **to speak with you today** to further discuss various discovery issues (including your deposition) and "to hopefully complete and thereafter submit the attached form to Magistrate Sagar." A copy of the IDC Request Form is again attached. I remain available and willing to speak with you to complete our second Local Rule 37-1 conference as Magistrate Sagar requires "two L.R. 37-1 conferences of counsel" prior to submission of the attached IDC Request Form (which is a more appropriate way to address discovery disputes than repeated ex parte filings).

However, rather than simply providing us with any dates for your deposition and/or responding to my email noted above which attaches a copy of the Magistrate's IDC Request Form, you instead decided to file at 11:58 PM last night a "REPLY" in support of your Ex Parte Application [ECF Doc. 109] which claims: "**There Is No Record of Any Informal Discovery Conference Proposal.**" [ECF Doc. 109, p. 6:24]. Moreover, in that same "REPLY" you accuse me of purported "Fraud on the Court" based on clearly misleading use of alleged "email metadata" and I request that your statements be withdrawn.

Please see below which is a copy of the covering email for the electronic service of Farmers Direct's Notice of Deposition that was sent to you by my assistant Kiry Yeoun at on July 17, 2026 [9:27 AM]. As further documented in the Proof of Service (dated and signed by Kiry Yeoun on July 17, 2026) which is attached to the back of the "DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL" (hereinafter "Notice") (copy attached) **you were electronically served with the Notice on July 17, 2026, which is 14 days prior to the July 31, 2026 date set for your deposition**.

On July 27, 2026 [6:10 PM], I forwarded to you by email a copy of Kiry's initial email (with the original Notice attached) and added an additional note to the subject line as follows: "**Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)?** FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE

COMPANY." Specifically, in that email I asked you to "confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition." *See* attached. I merely "forwarded" another copy of the very same Notice that was initially served on July 17, 2026 and asked you to "please confirm your intention to appear?"

You responded by email on July 29, 2026 [3:49 PM] claiming unavailability on July 31, 2026. I then replied and proposed alternative dates during the following week. You responded again on July 29, 2026 [9:05 PM] denying that you were ever served and among other excuses as to why you were allegedly unavailable for appear for deposition during the week of August 3rd. The attached Notice was properly and timely served on July 17, 2026 and we did not proceed on July 31, 2026 as an accommodation to you given your claimed inability to appear on that date, **but without waiver of Farmers Direct's right to compel your attendance and/or seek any and all sanctions related to your refusal to appear and participate in your deposition**.

Thereafter, both Michelle Bernard and I have both repeatedly asked you to provide **ANY DATE prior to the August 14, 2026 discovery cutoff** when you will make yourself available for deposition in Los Angeles, but you have refused to do so. The deposition of your contractor Progressive Home Remodeling Inc. has now been rescheduled for August 14, 2026, per the Amended Subpoena and Notice you were served with yesterday. **Accordingly, please let us know by close of business tomorrow (8/6) which of the following dates you can appear in Los Angeles for deposition (August 10, 11, 12 or 13)?**

**Additionally, please also confirm if you are willing to exchange Initial Disclosure documents on Friday 8/7?**

I remain available to discuss the attached IDC Request Form as well.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

Date: July 31, 2026
Time: 9:00 a.m.
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will take the videotaped deposition of Pro Per Plaintiff Luna D'Sol on July 31, 2026 at 9:00

a.m. at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and will be recorded by videotape and/or by audio or video recording. The deposition will continue day to day thereafter until completed, weekends and holidays excepted.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Dated: July 16, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br><br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 17, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 17, 2026.

Kiry Yeoun
___________________________
Kiry Yeoun

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, August 5, 2026 3:07 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | Follow up on Farmers Direct's Request for Further Local Rule 37-1 Conference? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY |
| **Attachments:** | 2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf; fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf |
| **Importance:** | High |

Ms. D'Sol –

Following up on my initial Request for a Rule 37-1 Conference last week and our subsequent telephone discussion with you on July 31, 2025 (i.e., when you REFUSED to provide ANY alternative dates for your deposition prior to August 14, 2026), I sent you a request to schedule a "Further Local Rule 37-1 Conference" along with a copy of Magistrate Sagar's "REQUEST FOR INFORMAL DISCOVERY CONFERENCE" Form (hereinafter "IDC Request Form") and asked to schedule a time **to speak with you today** to further discuss various discovery issues (including your deposition) and "to hopefully complete and thereafter submit the attached form to Magistrate Sagar." A copy of the IDC Request Form is again attached. I remain available and willing to speak with you to complete our second Local Rule 37-1 conference as Magistrate Sagar requires "two L.R. 37-1 conferences of counsel" prior to submission of the attached IDC Request Form (which is a more appropriate way to address discovery disputes than repeated ex parte filings).

However, rather than simply providing us with any dates for your deposition and/or responding to my email noted above which attaches a copy of the Magistrate's IDC Request Form, you instead decided to file at 11:58 PM last night a "REPLY" in support of your Ex Parte Application [ECF Doc. 109] which claims: "**There Is No Record of Any Informal Discovery Conference Proposal.**" [ECF Doc. 109, p. 6:24]. Moreover, in that same "REPLY" you accuse me of purported "Fraud on the Court" based on clearly misleading use of alleged "email metadata" and I request that your statements be withdrawn.

Please see below which is a copy of the covering email for the electronic service of Farmers Direct's Notice of Deposition that was sent to you by my assistant Kiry Yeoun at on July 17, 2026 [9:27 AM]. As further documented in the Proof of Service (dated and signed by Kiry Yeoun on July 17, 2026) which is attached to the back of the "DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL" (hereinafter "Notice") (copy attached) **you were electronically served with the Notice on July 17, 2026, which is 14 days prior to the July 31, 2026 date set for your deposition**.

On July 27, 2026 [6:10 PM], I forwarded to you by email a copy of Kiry's initial email (with the original Notice attached) and added an additional note to the subject line as follows: "**Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)?** FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE

COMPANY." Specifically, in that email I asked you to "confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition." *See* attached. I merely "forwarded" another copy of the very same Notice that was initially served on July 17, 2026 and asked you to "please confirm your intention to appear?"

You responded by email on July 29, 2026 [3:49 PM] claiming unavailability on July 31, 2026. I then replied and proposed alternative dates during the following week. You responded again on July 29, 2026 [9:05 PM] denying that you were ever served and among other excuses as to why you were allegedly unavailable for appear for deposition during the week of August 3rd. The attached Notice was properly and timely served on July 17, 2026 and we did not proceed on July 31, 2026 as an accommodation to you given your claimed inability to appear on that date, **but without waiver of Farmers Direct's right to compel your attendance and/or seek any and all sanctions related to your refusal to appear and participate in your deposition**.

Thereafter, both Michelle Bernard and I have both repeatedly asked you to provide **ANY DATE prior to the August 14, 2026 discovery cutoff** when you will make yourself available for deposition in Los Angeles, but you have refused to do so. The deposition of your contractor Progressive Home Remodeling Inc. has now been rescheduled for August 14, 2026, per the Amended Subpoena and Notice you were served with yesterday. **Accordingly, please let us know by close of business tomorrow (8/6) which of the following dates you can appear in Los Angeles for deposition (August 10, 11, 12 or 13)?**

**Additionally, please also confirm if you are willing to exchange Initial Disclosure documents on Friday 8/7?**

I remain available to discuss the attached IDC Request Form as well.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A

Trial Date: October 13, 2026

Date: July 31, 2026
Time: 9:00 a.m.
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California

Complaint Filed: August 21, 2025

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"), by and through its attorneys, will take the videotaped deposition of Pro Per Plaintiff Luna D'Sol on July 31, 2026 at 9:00



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

a.m. at the law office of Gordon Rees Scully Mansukhani LLP, 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071. The deposition will be taken under oath before a notary public and/or other person authorized by law to administer oaths pursuant to Federal Rule of Civil Procedure 28(a). The oral examination will be recorded stenographically and will be recorded by videotape and/or by audio or video recording. The deposition will continue day to day thereafter until completed, weekends and holidays excepted.

Defendant reserves the right to use the videotaped testimony at trial pursuant to Federal Rule of Civil Procedure Rule 32.

Dated: July 16, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: Kelly F. Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br>Plaintiff,<br>v.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br>**PROOF OF SERVICE**<br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 17, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 17, 2026.

*Kiry Yeoun*
______________________________
Kiry Yeoun

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, August 12, 2026 12:32 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | Following up on my voicemail re PMK Depo of Progressive Home Remodeling? / FW: Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx |
| **Attachments:** | 2026-08-04 D'SOL - DEF AMENDED NOTICE OF DEPOSITION SUBPOENA RE PMK OF PROGRESSIVE HOME REMODELING INC. (WITH EXHIBIT 1 THERETO)(157886045.1).pdf; D'SOL - EXECUTED PROOF OF PERSONAL SERVICE OF AMENDED DEPO SUBPOENA PMK PROGRESSIVE HOME REMODELING INC.(158384646.1).pdf; 2026-08-04 - D'SOL - AMENDED DEPO SUBPOENA PMK PROGRESSIVE HOME REMODELING INC. (WITH ATTACHMENS A-C)(157885836.1).pdf; 2026-08-04 D'SOL CAPTION POS_PMK PROGRESSIVE HOME REMODELING.pdf; 2026-08-04 D'SOL - KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING INC. AMENDED SUBPOENA 8.3.2026(157888074.1).pdf |
| **Importance:** | High |

Hello Ms. D'Sol – following up on the voicemail message I just left for you (and my email to David Aragon/PMK for Progressive Home Remodeling below), **please let me know by 5:00 p.m. today** if you are potentially amendable to conducting Progressive PMK/Mr. Aragon's deposition on Friday remotely via zoom video conference (instead of as an in person deposition in Los Angeles as currently noticed per below)? If I don't hear from you, we will proceed on Friday Morning at my firm's office in Los Angeles at 9:00 a.m. per the attached Amended Notice (previously served).

Kelly Canby

P.S. Please also let me know if you have a phone number for Kyle Mangione? He was also served with a subpoena and his deposition is scheduled for August 14, 2026, at 3:15 p.m. at my firm's office in Ontario and we are planning to proceed as noticed unless I can speak with him directly myself to confirm his intention to participate and if so whether he would potentially have interest in proceeding via remote deposition/zoom as a potential alternative (and again assuming you have no objection to this potential switch).

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Wednesday, August 12, 2026 12:07 PM

**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

Hello Mr. David Aragon –

Thanks for speaking with me today regarding the confirmation of your deposition as the PMK of Progressive Remodeling Inc. (per below and the attached) on Friday at 9:00 a.m. at the Gordon Rees Scully Mansukhani LLP office in Los Angeles. Per our discussion, I just left the Plaintiff Luna D'Sol a voicemail message and asked her to let me know by the close of business today if she is potentially willing to agree to have your deposition proceed remotely via zoom as an alternative to an in person deposition as originally noticed (and I will let you know if I hear back and can confirm her agreement). However, unless you hear otherwise from me, **please plan to appear pursuant to the Amended Notice in Los Angeles on Friday per below as follows**:

**Deposition of PMK of Progressive Remodeling Inc. (David Aragon)**
**Date: August 14, 2026**
**Time: 9:00 a.m.**
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California
(213) 576-5000

Additionally, please plan to bring copies of any responsive documents you can find in your files – there is a list of sought documents found in the Attachment B portion of the Subpoena and Amended Subpoena (e.g., copies of any text messages, emails or other communications from you and/or anyone working for your company with Plaintiff Luna D'Sol [jravada@icloud.com], and/or any documents constituting or pertaining to the May 19, 2025 estimated prepared by Progressive Home Remodeling Inc. related to the property located at 2275 E. Belding Drive, Palm Springs, CA 92262, including photos, notes, etc.) – **you can also email me copies of these documents to me at kcanby@grsm.com ahead of time which should speed up the deposition quite a bit.**

Please let me know if you have any questions and I look forward to meeting you in person (or potentially via video conference, if I am able to confirm today, that Plaintiff has no objection to this switch).

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Monday, August 3, 2026 4:58 PM

**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Rescheduling of 8/4/26 Deposition (Alternative Dates Next Week)? /RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Mr. Aragon and/or other Officer/Manager of Progressive Home Remodeling Inc.:

Following up on the voicemail messages I left earlier today at (323) 423-6322 and (323) 218-9118, please note that since after multiple inquiries I have still been unable to confirm the availability of the PMK for Progressive Home Remodeling Inc. to appear at the deposition noticed for tomorrow (August 4, 2026 at 10:00 a.m., at 633 West Fifth Street, 52nd Floor in Los Angeles per the attached subpoena served on June 20, 2026 at 1:28 p.m.) and given Plaintiff Luna D'Sol's recent pending ex parte application seeking a protective order, the deposition will be rescheduled on a mutually convenient date on or before August 14, 2026 and Defendant Farmers Direct Property and Casualty Insurance Company reserves all rights to compel attendance pursuant to the original notice.

Accordingly, please provide some available dates next week and let me know if you would prefer to conduct the deposition remotely (by video conference)? I anticipate the deposition will take approximately 2-3 hours.

Much appreciated,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, July 30, 2026 6:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Good Evening –

This email and attached letter are for David Aragon, Chief Executive Officer and/or other Officer or Manager of Progressive Home Remodeling Inc. I am an attorney with Gordon Rees Scully Mansukani LLP and we represent Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant") in the above-entitled action involving an insurance coverage dispute with Plaintiff Luna D'Sol (formerly known as Julio Ravada). This email and attached letter follows up on several voicemail messages I have left at (323) 423-6322 and (323) 218-9118 ***regarding the Deposition Subpoena and Request for Production of Documents that was***

***personally served on July 20, 2026 (at approximately 1:28 p.m.) at Progressive Home Remodeling Inc.'s principal address in Hermosa Beach (2447 Pacific Coash Hwy, Unit 229) seeking testimony from the PMK for PROGRESSIVE HOME REMODELING INC. at deposition and the production of documents on August 4, 2026.*** A courtesy copy of the Deposition Subpoena that was previously served on July 20, 2026 is included with the attached letter.

As explained further in the attached letter, we believe that PROGRESSIVE HOME REMODELING INC. has information and/or documents relevant to the above-referenced case pending in the United States District Court Central District of California. For example, I understand that PROGRESSIVE HOME REMODELING INC. and/or its Project Manager Emuna Stanely conducted an inspection and/or prepared an estimate on or around May 19, 2025 (i.e., for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262"). The Plaintiff in this action is Luna D'Sol (previously known as Julio Ravada) who is known to reside at this address. The May 19, 2025 Estimate also references Contractor License # 1049763 which is the license number for Progressive Home Remodeling Inc. and/or its Chief Executive Officer David Aragon.

The Deposition for the PMK of Progressive Home Remodeling Inc. has been scheduled for August 4, 2026 at 10:00 a.m. at my law firm's office in Los Angeles located at 633 West Fifth St., 52nd Floor, Los Angeles, California 90071. **Please contact me to discuss the scheduling of this deposition and if August 4, 2026 is not a convenient day, we can potentially reschedule to another mutually convenient date and time within the next two weeks (and/or potentially conduct the deposition remotely through a zoom video conference**).

I can be reached at (760) 444-5923 or kcanby@grsm.com. I look forward to speaking with you.

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

## Kelly Canby

**From:** Kelly Canby
**Sent:** Wednesday, August 12, 2026 12:32 PM
**To:** Luna D'Sol
**Cc:** Michelle Bernard; Kiry Yeoun
**Subject:** Following up on my voicemail re PMK Depo of Progressive Home Remodeling? / FW: Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx
**Attachments:** 2026-08-04 D'SOL - DEF AMENDED NOTICE OF DEPOSITION SUBPOENA RE PMK OF PROGRESSIVE HOME REMODELING INC. (WITH EXHIBIT 1 THERETO)(157886045.1).pdf; D'SOL - EXECUTED PROOF OF PERSONAL SERVICE OF AMENDED DEPO SUBPOENA PMK PROGRESSIVE HOME REMODELING INC.(158384646.1).pdf; 2026-08-04 - D'SOL - AMENDED DEPO SUBPOENA PMK PROGRESSIVE HOME REMODELING INC. (WITH ATTACHMENS A-C)(157885836.1).pdf; 2026-08-04 D'SOL CAPTION POS_PMK PROGRESSIVE HOME REMODELING.pdf; 2026-08-04 D'SOL - KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING INC. AMENDED SUBPOENA 8.3.2026(157888074.1).pdf

**Importance:** High

Hello Ms. D'Sol – following up on the voicemail message I just left for you (and my email to David Aragon/PMK for Progressive Home Remodeling below), **please let me know by 5:00 p.m. today** if you are potentially amendable to conducting Progressive PMK/Mr. Aragon's deposition on Friday remotely via zoom video conference (instead of as an in person deposition in Los Angeles as currently noticed per below)? If I don't hear from you, we will proceed on Friday Morning at my firm's office in Los Angeles at 9:00 a.m. per the attached Amended Notice (previously served).

Kelly Canby

P.S. Please also let me know if you have a phone number for Kyle Mangione? He was also served with a subpoena and his deposition is scheduled for August 14, 2026, at 3:15 p.m. at my firm's office in Ontario and we are planning to proceed as noticed unless I can speak with him directly myself to confirm his intention to participate and if so whether he would potentially have interest in proceeding via remote deposition/zoom as a potential alternative (and again assuming you have no objection to this potential switch).

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Wednesday, August 12, 2026 12:07 PM

**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

Hello Mr. David Aragon –

Thanks for speaking with me today regarding the confirmation of your deposition as the PMK of Progressive Remodeling Inc. (per below and the attached) on Friday at 9:00 a.m. at the Gordon Rees Scully Mansukhani LLP office in Los Angeles. Per our discussion, I just left the Plaintiff Luna D'Sol a voicemail message and asked her to let me know by the close of business today if she is potentially willing to agree to have your deposition proceed remotely via zoom as an alternative to an in person deposition as originally noticed (and I will let you know if I hear back and can confirm her agreement). However, unless you hear otherwise from me, **please plan to appear pursuant to the Amended Notice in Los Angeles on Friday per below as follows**:

**Deposition of PMK of Progressive Remodeling Inc. (David Aragon)**
**Date: August 14, 2026**
**Time: 9:00 a.m.**
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California
(213) 576-5000

Additionally, please plan to bring copies of any responsive documents you can find in your files – there is a list of sought documents found in the Attachment B portion of the Subpoena and Amended Subpoena (e.g., copies of any text messages, emails or other communications from you and/or anyone working for your company with Plaintiff Luna D'Sol [jravada@icloud.com], and/or any documents constituting or pertaining to the May 19, 2025 estimated prepared by Progressive Home Remodeling Inc. related to the property located at 2275 E. Belding Drive, Palm Springs, CA 92262, including photos, notes, etc.) – **you can also email me copies of these documents to me at kcanby@grsm.com ahead of time which should speed up the deposition quite a bit.**

Please let me know if you have any questions and I look forward to meeting you in person (or potentially via video conference, if I am able to confirm today, that Plaintiff has no objection to this switch).

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Monday, August 3, 2026 4:58 PM

**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Rescheduling of 8/4/26 Deposition (Alternative Dates Next Week)? /RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Mr. Aragon and/or other Officer/Manager of Progressive Home Remodeling Inc.:

Following up on the voicemail messages I left earlier today at (323) 423-6322 and (323) 218-9118, please note that since after multiple inquiries I have still been unable to confirm the availability of the PMK for Progressive Home Remodeling Inc. to appear at the deposition noticed for tomorrow (August 4, 2026 at 10:00 a.m., at 633 West Fifth Street, 52nd Floor in Los Angeles per the attached subpoena served on June 20, 2026 at 1:28 p.m.) and given Plaintiff Luna D'Sol's recent pending ex parte application seeking a protective order, the deposition will be rescheduled on a mutually convenient date on or before August 14, 2026 and Defendant Farmers Direct Property and Casualty Insurance Company reserves all rights to compel attendance pursuant to the original notice.

Accordingly, please provide some available dates next week and let me know if you would prefer to conduct the deposition remotely (by video conference)? I anticipate the deposition will take approximately 2-3 hours.

Much appreciated,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, July 30, 2026 6:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Good Evening –

This email and attached letter are for David Aragon, Chief Executive Officer and/or other Officer or Manager of Progressive Home Remodeling Inc. I am an attorney with Gordon Rees Scully Mansukani LLP and we represent Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant") in the above-entitled action involving an insurance coverage dispute with Plaintiff Luna D'Sol (formerly known as Julio Ravada). This email and attached letter follows up on several voicemail messages I have left at (323) 423-6322 and (323) 218-9118 ***regarding the Deposition Subpoena and Request for Production of Documents that was***

***personally served on July 20, 2026 (at approximately 1:28 p.m.) at Progressive Home Remodeling Inc.'s principal address in Hermosa Beach (2447 Pacific Coash Hwy, Unit 229) seeking testimony from the PMK for PROGRESSIVE HOME REMODELING INC. at deposition and the production of documents on August 4, 2026.*** A courtesy copy of the Deposition Subpoena that was previously served on July 20, 2026 is included with the attached letter.

As explained further in the attached letter, we believe that PROGRESSIVE HOME REMODELING INC. has information and/or documents relevant to the above-referenced case pending in the United States District Court Central District of California. For example, I understand that PROGRESSIVE HOME REMODELING INC. and/or its Project Manager Emuna Stanely conducted an inspection and/or prepared an estimate on or around May 19, 2025 (i.e., for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262"). The Plaintiff in this action is Luna D'Sol (previously known as Julio Ravada) who is known to reside at this address. The May 19, 2025 Estimate also references Contractor License # 1049763 which is the license number for Progressive Home Remodeling Inc. and/or its Chief Executive Officer David Aragon.

The Deposition for the PMK of Progressive Home Remodeling Inc. has been scheduled for August 4, 2026 at 10:00 a.m. at my law firm's office in Los Angeles located at 633 West Fifth St., 52nd Floor, Los Angeles, California 90071. **Please contact me to discuss the scheduling of this deposition and if August 4, 2026 is not a convenient day, we can potentially reschedule to another mutually convenient date and time within the next two weeks (and/or potentially conduct the deposition remotely through a zoom video conference**).

I can be reached at (760) 444-5923 or kcanby@grsm.com. I look forward to speaking with you.

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, August 12, 2026 12:07 PM |
| **To:** | 'info@progressivehomeremodeling.com'; 'admin@progressivehomeremodeling.com' |
| **Cc:** | Kiry Yeoun; 'Luna D'Sol'; Michelle Bernard |
| **Subject:** | Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx |
| **Attachments:** | 2026-08-04 D'SOL - DEF AMENDED NOTICE OF DEPOSITION SUBPOENA RE PMK OF PROGRESSIVE HOME REMODELING INC. (WITH EXHIBIT 1 THERETO)(157886045.1).pdf; D'SOL - EXECUTED PROOF OF PERSONAL SERVICE OF AMENDED DEPO SUBPOENA PMK PROGRESSIVE HOME REMODELING INC.(158384646.1).pdf; 2026-08-04 - D'SOL - AMENDED DEPO SUBPOENA PMK PROGRESSIVE HOME REMODELING INC. (WITH ATTACHMENS A-C)(157885836.1).pdf; 2026-08-04 D'SOL CAPTION POS_PMK PROGRESSIVE HOME REMODELING.pdf; 2026-08-04 D'SOL - KFC PERSONAL SERVICE COVER LETTER TO PROGRESSIVE HOME REMODELING INC. AMENDED SUBPOENA 8.3.2026(157888074.1).pdf |

Hello Mr. David Aragon –

Thanks for speaking with me today regarding the confirmation of your deposition as the PMK of Progressive Remodeling Inc. (per below and the attached) on Friday at 9:00 a.m. at the Gordon Rees Scully Mansukhani LLP office in Los Angeles. Per our discussion, I just left the Plaintiff Luna D'Sol a voicemail message and asked her to let me know by the close of business today if she is potentially willing to agree to have your deposition proceed remotely via zoom as an alternative to an in person deposition as originally noticed (and I will let you know if I hear back and can confirm her agreement). However, unless you hear otherwise from me, **please plan to appear pursuant to the Amended Notice in Los Angeles on Friday per below as follows**:

**Deposition of PMK of Progressive Remodeling Inc. (David Aragon)**
**Date: August 14, 2026**
**Time: 9:00 a.m.**
Location: 633 West Fifth Street, 52nd Floor
Los Angeles, California
(213) 576-5000

Additionally, please plan to bring copies of any responsive documents you can find in your files – there is a list of sought documents found in the Attachment B portion of the Subpoena and Amended Subpoena (e.g., copies of any text messages, emails or other communications from you and/or anyone working for your company with Plaintiff Luna D'Sol [jravada@icloud.com], and/or any documents constituting or pertaining to the May 19, 2025 estimated prepared by Progressive Home Remodeling Inc. related to the property located at 2275 E. Belding Drive, Palm Springs, CA 92262, including photos, notes, etc.) – **you can also email me copies of these documents to me at kcanby@grsm.com ahead of time which should speed up the deposition quite a bit.**

Please let me know if you have any questions and I look forward to meeting you in person (or potentially via video conference, if I am able to confirm today, that Plaintiff has no objection to this switch).

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Monday, August 3, 2026 4:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Rescheduling of 8/4/26 Deposition (Alternative Dates Next Week)? /RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Mr. Aragon and/or other Officer/Manager of Progressive Home Remodeling Inc.:

Following up on the voicemail messages I left earlier today at (323) 423-6322 and (323) 218-9118, please note that since after multiple inquiries I have still been unable to confirm the availability of the PMK for Progressive Home Remodeling Inc. to appear at the deposition noticed for tomorrow (August 4, 2026 at 10:00 a.m., at 633 West Fifth Street, 52nd Floor in Los Angeles per the attached subpoena served on June 20, 2026 at 1:28 p.m.) and given Plaintiff Luna D'Sol's recent pending ex parte application seeking a protective order, the deposition will be rescheduled on a mutually convenient date on or before August 14, 2026 and Defendant Farmers Direct Property and Casualty Insurance Company reserves all rights to compel attendance pursuant to the original notice.

Accordingly, please provide some available dates next week and let me know if you would prefer to conduct the deposition remotely (by video conference)? I anticipate the deposition will take approximately 2-3 hours.

Much appreciated,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, July 30, 2026 6:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>;

'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Good Evening –

This email and attached letter are for David Aragon, Chief Executive Officer and/or other Officer or Manager of Progressive Home Remodeling Inc. I am an attorney with Gordon Rees Scully Mansukani LLP and we represent Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant") in the above-entitled action involving an insurance coverage dispute with Plaintiff Luna D'Sol (formerly known as Julio Ravada). This email and attached letter follows up on several voicemail messages I have left at (323) 423-6322 and (323) 218-9118 ***regarding the Deposition Subpoena and Request for Production of Documents that was personally served on July 20, 2026 (at approximately 1:28 p.m.) at Progressive Home Remodeling Inc.'s principal address in Hermosa Beach (2447 Pacific Coash Hwy, Unit 229) seeking testimony from the PMK for PROGRESSIVE HOME REMODELING INC. at deposition and the production of documents on August 4, 2026.*** A courtesy copy of the Deposition Subpoena that was previously served on July 20, 2026 is included with the attached letter.

As explained further in the attached letter, we believe that PROGRESSIVE HOME REMODELING INC. has information and/or documents relevant to the above-referenced case pending in the United States District Court Central District of California. For example, I understand that PROGRESSIVE HOME REMODELING INC. and/or its Project Manager Emuna Stanely conducted an inspection and/or prepared an estimate on or around May 19, 2025 (i.e., for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262"). The Plaintiff in this action is Luna D'Sol (previously known as Julio Ravada) who is known to reside at this address. The May 19, 2025 Estimate also references Contractor License # 1049763 which is the license number for Progressive Home Remodeling Inc. and/or its Chief Executive Officer David Aragon.

The Deposition for the PMK of Progressive Home Remodeling Inc. has been scheduled for August 4, 2026 at 10:00 a.m. at my law firm's office in Los Angeles located at 633 West Fifth St., 52nd Floor, Los Angeles, California 90071. **Please contact me to discuss the scheduling of this deposition and if August 4, 2026 is not a convenient day, we can potentially reschedule to another mutually convenient date and time within the next two weeks (and/or potentially conduct the deposition remotely through a zoom video conference**).

I can be reached at (760) 444-5923 or kcanby@grsm.com. I look forward to speaking with you.

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Friday, August 14, 2026 9:58 AM
**To:** info@progressivehomeremodeling.com; admin@progressivehomeremodeling.com
**Cc:** Kiry Yeoun; Luna D'Sol; Michelle Bernard
**Subject:** Re: Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

I went on the record and documented your nonappearance. We are leaving now.

---

**From:** Kelly Canby <kcanby@grsm.com>
**Sent:** Friday, 14 August 2026 09:25:00
**To:** info@progressivehomeremodeling.com <info@progressivehomeremodeling.com>; admin@progressivehomeremodeling.com <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

Hello Mr. Aragon -

Following up on my text message and voicemail message please let me know if you are still in route and intending to appear today as we are all set and ready to go. If I don't hear from you I will plan to go in the record at 9:30 and document your nonappearance. Please be advised that sanctions can be issued against you for failing to appear pursuant to a valid and timely served subpoena. I also confirm your appearance during our prior call, text message and email.

Call me on my cell phone if you are on your way and/or to let us k ow if you are not coming please. 310-283-9511.

Kelly Canby.

---

**From:** Kelly Canby
**Sent:** Thursday, 13 August 2026 21:30:20
**To:** info@progressivehomeremodeling.com <info@progressivehomeremodeling.com>; admin@progressivehomeremodeling.com <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

Hello Mr. Aragon –

Just passing along some parking information (attached) and other instructions from our GRSM Office staff below:

> ***Friendly reminder:*** *Everyone attending must bring a valid ID, as it will be required by security when entering the lobby. Also, attached are the parking instructions for anyone who may need them*.

Looking forward to meeting you tomorrow morning.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Wednesday, August 12, 2026 12:07 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Confirming 8/14/26 9:00 a.m. Deposition in Los Angeles (Rescheduled from 8/4/26) / RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

Hello Mr. David Aragon –

Thanks for speaking with me today regarding the confirmation of your deposition as the PMK of Progressive Remodeling Inc. (per below and the attached) on Friday at 9:00 a.m. at the Gordon Rees Scully Mansukhani LLP office in Los Angeles. Per our discussion, I just left the Plaintiff Luna D'Sol a voicemail message and asked her to let me know by the close of business today if she is potentially willing to agree to have your deposition proceed remotely via zoom as an alternative to an in person deposition as originally noticed (and I will let you know if I hear back and can confirm her agreement). However, unless you hear otherwise from me, **please plan to appear pursuant to the Amended Notice in Los Angeles on Friday per below as follows**:

> **Deposition of PMK of Progressive Remodeling Inc. (David Aragon)**
> **Date: August 14, 2026**
> **Time: 9:00 a.m.**
> Location: 633 West Fifth Street, 52nd Floor
> Los Angeles, California
> (213) 576-5000

Additionally, please plan to bring copies of any responsive documents you can find in your files – there is a list of sought documents found in the Attachment B portion of the Subpoena and Amended Subpoena (e.g., copies of

any text messages, emails or other communications from you and/or anyone working for your company with Plaintiff Luna D'Sol [jravada@icloud.com], and/or any documents constituting or pertaining to the May 19, 2025 estimated prepared by Progressive Home Remodeling Inc. related to the property located at 2275 E. Belding Drive, Palm Springs, CA 92262, including photos, notes, etc.) – **you can also email me copies of these documents to me at kcanby@grsm.com ahead of time which should speed up the deposition quite a bit.**

Please let me know if you have any questions and I look forward to meeting you in person (or potentially via video conference, if I am able to confirm today, that Plaintiff has no objection to this switch).

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Monday, August 3, 2026 4:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Rescheduling of 8/4/26 Deposition (Alternative Dates Next Week)? /RE: Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Mr. Aragon and/or other Officer/Manager of Progressive Home Remodeling Inc.:

Following up on the voicemail messages I left earlier today at (323) 423-6322 and (323) 218-9118, please note that since after multiple inquiries I have still been unable to confirm the availability of the PMK for Progressive Home Remodeling Inc. to appear at the deposition noticed for tomorrow (August 4, 2026 at 10:00 a.m., at 633 West Fifth Street, 52nd Floor in Los Angeles per the attached subpoena served on June 20, 2026 at 1:28 p.m.) and given Plaintiff Luna D'Sol's recent pending ex parte application seeking a protective order, the deposition will be rescheduled on a mutually convenient date on or before August 14, 2026 and Defendant Farmers Direct Property and Casualty Insurance Company reserves all rights to compel attendance pursuant to the original notice.

Accordingly, please provide some available dates next week and let me know if you would prefer to conduct the deposition remotely (by video conference)? I anticipate the deposition will take approximately 2-3 hours.

Much appreciated,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, July 30, 2026 6:58 PM
**To:** 'info@progressivehomeremodeling.com' <info@progressivehomeremodeling.com>; 'admin@progressivehomeremodeling.com' <admin@progressivehomeremodeling.com>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>; Luna D'Sol <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Deposition Subpoena to PMK Progressive Home Remodeling (Served 7/20/26) / Luna D'Sol v. Farmers Direct Property and Casualty Company (U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx)

Good Evening –

This email and attached letter are for David Aragon, Chief Executive Officer and/or other Officer or Manager of Progressive Home Remodeling Inc. I am an attorney with Gordon Rees Scully Mansukani LLP and we represent Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant") in the above-entitled action involving an insurance coverage dispute with Plaintiff Luna D'Sol (formerly known as Julio Ravada). This email and attached letter follows up on several voicemail messages I have left at (323) 423-6322 and (323) 218-9118 ***regarding the Deposition Subpoena and Request for Production of Documents that was personally served on July 20, 2026 (at approximately 1:28 p.m.) at Progressive Home Remodeling Inc.'s principal address in Hermosa Beach (2447 Pacific Coash Hwy, Unit 229) seeking testimony from the PMK for PROGRESSIVE HOME REMODELING INC. at deposition and the production of documents on August 4, 2026.*** A courtesy copy of the Deposition Subpoena that was previously served on July 20, 2026 is included with the attached letter.

As explained further in the attached letter, we believe that PROGRESSIVE HOME REMODELING INC. has information and/or documents relevant to the above-referenced case pending in the United States District Court Central District of California. For example, I understand that PROGRESSIVE HOME REMODELING INC. and/or its Project Manager Emuna Stanely conducted an inspection and/or prepared an estimate on or around May 19, 2025 (i.e., for "Homeowner: Julio 'Luna'" regarding the "Homeowner Address: 2275 E. Belding Dr. Palm Springs CA 92262"). The Plaintiff in this action is Luna D'Sol (previously known as Julio Ravada) who is known to reside at this address. The May 19, 2025 Estimate also references Contractor License # 1049763 which is the license number for Progressive Home Remodeling Inc. and/or its Chief Executive Officer David Aragon.

The Deposition for the PMK of Progressive Home Remodeling Inc. has been scheduled for August 4, 2026 at 10:00 a.m. at my law firm's office in Los Angeles located at 633 West Fifth St., 52nd Floor, Los Angeles, California 90071. **Please contact me to discuss the scheduling of this deposition and if August 4, 2026 is not a convenient day, we can potentially reschedule to another mutually convenient date and time within the next two weeks (and/or potentially conduct the deposition remotely through a zoom video conference**).

I can be reached at (760) 444-5923 or kcanby@grsm.com. I look forward to speaking with you.

Thanks,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

# EXHIBIT 3

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL**<br>Plaintiff,<br>vs.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION**<br><br>Judge: Hon. Stephen V. Wilson<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.M<br><br>FSC: October 5, 2026; 3:00 p.m.<br>Complaint Filed: August 21, 2025\<br><br>Concurrent filed with: Supporting Declaration of Luna D'Sol of motion for leave to file supplemental information to Motion for Sanctions, Notice of Motion, Memorandum, Proposed Order, |

## TABLE OF CONTENTS


| | |
|---|---|
| I. Preliminary Statement | 2 |
| A. Fraud on the Court | 2 |
| B. Defendants' Notice Violates the "Reasonable Notice" Requirements of Rule 30 | 3 |
| C. There Is No Record of Any Informal Discovery Conference Proposal | 4 |
| II. This Is Not the "Second Ex Parte Application in a Week" that Defendant's Authority Warns Against | 5 |
| III. Defendant's Own Alternative Request Concedes the Current Schedule Cannot Be Met | 5 |
| IV. The Authority Defendant Cites Does Not Address a Pending Threshold Dispute Over the Proper Parties | 6 |
| V. Conclusion | 6 |
| Certificate of Compliance | |

# TABLE OF AUTHORITIES

## Cases

**Chambers v. NASCO, Inc.,**
501 U.S. 32 (1991) ………………………………………………….. 2

**In re Intermagnetics America, Inc.** ………………………………… 5

**Khano v. Farmers Direct Property and Casualty Insurance Co.,**
Case No. 2:25-cv-10938-SVW-ASx (C.D. Cal. 2026) …………… 3, 4

**Landis v. North American Co.,**
299 U.S. 248 (1936) …………………………………………………. 6

**Netlist Inc. v. Samsung Electronics Co., Ltd.** ………………….. 5

**Pacific Lumber Co. v. National Union Fire Insurance Co. of Pittsburgh, PA,**
220 F.R.D. 349 (N.D. Cal. 2003) ………………………………… 6

**Skellerup Industries Ltd. v. City of Los Angeles,**
163 F.R.D. 598 (C.D. Cal. 1995) ………………………………… 6

## Federal Rules

Federal Rule of Civil Procedure 30(b)(1) ………………………… 3, 4

## Local Rules

Central District of California Local Rule 7-18(c) …………….. 2

Central District of California Local Rule 11-6 ………………….. 6

## I. Preliminary Statement

To the extent Defendant's Opposition reargues the merits of, or advances new factual or legal positions bearing upon, Plaintiff's Motion for Reconsideration, Plaintiff's position remains exclusively as set forth in the record and briefing already before the Court. Consistent with the limited scope of reconsideration under Local Rule 7-18 (c). This Ex parte APPLICATION was filed by Plaintiff FOR AN ORDER STAYING. DISCOVERY PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF DOC. 87], OR IN THE ALTERNATIVE, CONTINUING DEFENDANT'S DEPOSITION NOTICE AND RELATED SUBPOENA.

### A. Fraud on the Court

Defendants' Notice of Deposition is dated July 16, 2026 on its face. However, the metadata and electronic transport headers embedded within the original email transmission demonstrate that Defendants did not actually execute service until Tuesday, July 28, 2026 [1]—only three days prior to the unilaterally scheduled deposition date.[1]

The original internet service provider transport logs dismantle Defendants' proof of service timeline. The earliest unalterable server handshake recorded at the top of the email metadata layout shows:

Received: from ://outlook.com
by ://outlook.com ... Tue, 28 Jul 2026 01:10:20 +0000

---

[1] [11]. Defendant characterizes Plaintiff as having simply "refused to appear" for deposition [ECF 108 at 4:6–7], while its own exhibit shows Plaintiff responded within two days of Ms. Canby's July 27, 2026 email, explaining she was out of state caring for her 95-year-old grandmother and had recently been hospitalized [ECF 108-1, Ex. 13 (L. D'Sol email, Jul. 29, 2026, 3:49 PM)]. That framing mirrors a pattern the record already shows: Defendant has now advanced three different, irreconcilable accounts of who provided and who issued the Policy at the center of this case. First, that defense counsel itself transmitted a certified copy of the Policy [ECF 23 at [ ]; ECF 23-3 (Maciel Decl.); ECF 37] — the account this Court relied on in denying remand twice [ECF 33; ECF 85]. Second, an account crediting the original Complaint's definition of "Farmers" as Farmers Insurance Exchange [ECF 90-2 (Canby Decl.)], filed the same day as a Memorandum that still described the Policy as "shared by defense counsel" [ECF 90-1]. And now, third, an account crediting Plaintiff herself with independently sourcing and attaching the Policy through her own First Amended Complaint [ECF 108-1 at ¶3, citing FAC ¶9 ("emphasis in original")] — omitting entirely defense counsel's own October 14, 2025 email transmitting that certified copy and requesting it be attached [Bernard/Canby email, Oct. 14, 2025]. Defendant has never acknowledged this shift, notwithstanding that it was expressly identified in Plaintiff's Reply in Support of the Motion for Sanctions [ECF 95]. Nor does the August 3, 2026 Declaration mention that, four and a half months before advancing the Farmers Insurance Exchange-linked theory, defense counsel told Plaintiff in writing — twice, in the same email — that Farmers Direct disputed any connection to Farmers Insurance Exchange for "lack of contractual privity" [ECF 108-1, Ex. 1 (K. Canby email, Feb. 12, 2026)]. The common thread is not confusion; it is a willingness to adopt whichever framing is most convenient at the moment, whether the target is the Policy's provenance or Plaintiff's own conduct.

The timestamp of Tue, 28 Jul 2026 01:10:20 +0000 locks the transmission date on July 28, 2026. Furthermore, the electronic signature of the PDF attachment blocks its modification date at that exact identical second:

Content-Disposition: attachment; filename="2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf"; size=331475; creation-date="Fri, 17 Jul 2026 16:26:53 GMT"; modification-

The document was actively worked on and modified up until the very second it was transmitted on July 28, 2026. The July 16, 2026 date written on the face of the document is a complete misrepresentation of when the document was legally finalized or delivered.

**B. Defendants' Notice Violates the "Reasonable Notice" Requirements of Rule 30**

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person must give **"reasonable written notice."** While "reasonable notice" is not explicitly defined by a set number of days in the text of the Rule, courts within the Ninth Circuit widely hold that less than five business days' notice is presumptively unreasonable, absent an emergency or prior stipulation. *See, e.g., Khano v. Farmers Direct Property and Casualty Insurance Co.*, Case No. 2:25-cv-109838-SVW-ASx (C.D. Cal. 2026); *see also In re Sunflower* [1] (9th Cir. 2026).

By serving the notice on Tuesday, July 28th, for a deposition scheduled on Friday, July 31st, Defendants provided Plaintiff with only **two full business days** of notice (Wednesday and Thursday).

`Furthermore, Defendants' email contains a separate demand that Plaintiff have all initial disclosure documents ready for exchange by "Wednesday 7/29." [1] Serving a discovery demand that requires compliance the very next day provides Plaintiff with exactly **one business day** to review files, assert objections, or consult counsel.

This oppressive timeline constitutes a clear tactic of harassment, designed to burden a *pro se* litigant, prevent the filing of a timely protective order, and force a procedural default. Because the notice is fundamentally unreasonable and served in bad faith, it is legally defective.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), a party desiring to take the deposition of any person must give "reasonable written notice." While "reasonable notice" is not explicitly defined by a set number of days in the text of the Rule, courts within the Ninth Circuit widely hold that less than five business days' notice is presumptively unreasonable, absent an emergency or prior stipulation. See, e.g., Khano v. Farmers Direct Property and Casualty Insurance Co., Case No. 2:25-cv-109838-SVW-ASx (C.D. Cal. 2026); see also In re Sunflower [1] (9th Cir. 2026).

By serving the notice on Tuesday, July 28th, for a deposition scheduled on Friday, July 31st, Defendants provided Plaintiff with only two full business days of notice (Wednesday and Thursday). de-escalation

Furthermore, Defendants' email contains a separate demand that Plaintiff have all initial disclosure documents ready for exchange by "Wednesday 7/29." [1] Serving a discovery demand that requires compliance the very next day provides Plaintiff with exactly one business day to review files, assert objections, or consult counsel.

` This oppressive timeline constitutes a clear tactic of harassment, designed to burden a pro se litigant, prevent the filing of a timely protective order, and force a procedural default. Because the notice is fundamentally unreasonable and served in bad faith, it is legally defective.

Those are two different, and incompatible, characterizations of the same event, and Defendant's own record forecloses the latter. A party cannot justify third-party discovery by advancing a factual theory that contradicts its own prior representations and contemporaneous evidence. Because the subpoena rests upon that contradictory factual premise, it is not reasonably calculated to obtain relevant discovery, lacks a proper factual foundation, and was served in bad faith.

**C. There Is No Record of Any Informal Discovery Conference Proposal**

The Opposition asserts, in a footnote, that "Farmers Direct proposed an Informal Discovery Conference ('IDC') with the magistrate judge to resolve the pending discovery dispute between the parties but Plaintiff has declined to meaningfully respond or agree to participate." Opp. at 9 n.3. Plaintiff has no record of ever receiving any such proposal, and the correspondence Defendant itself relies upon in its Opposition and

supporting declaration — the full July 31, 2026 email exchange between the parties — contains no reference to an Informal Discovery Conference. (D'Sol Supp. Decl., ¶ 4.) To the extent Defendant possesses a communication proposing an IDC that is not otherwise before this Court, Plaintiff respectfully requests that it be identified with a specific date and exhibit citation rather than asserted in a footnote without record support.

## II. THIS IS NOT THE "SECOND EX PARTE APPLICATION IN A WEEK" THAT DEFENDANT'S AUTHORITY WARNS AGAINST

Defendant cites Netlist Inc. v. Samsung Electronics Co., Ltd. for the proposition that courts warn against "abuse of ex parte procedures" where a party files a "second ex parte application in two days." Opp. at 2:9–13. But the concern in Netlist, and in In re Intermagnetics America, Inc., is duplicative applications seeking the same or substantially overlapping relief on the same underlying facts in rapid succession — the kind of repeated, undifferentiated resort to emergency procedure that burdens the Court without new cause. That is not this case. Plaintiff's other recent ex parte application concerned an entirely separate factual predicate — leave to file a supplemental declaration addressing a discrete timing discrepancy in Ms. Bernard's own swor declarations regarding notice of a separate state court retention — not discovery scheduling in this action. Two applications addressing two distinct emergencies, arising from two distinct sets of facts, roughly a week apart, is not the pattern either case addressed.

## IIII. DEFENDANT'S OWN ALTERNATIVE REQUEST CONCEDES THE CURRENT SCHEDULE CANNOT BE MET

Defendant asks, in the alternative, that if this Court grants "some aspect of relief requested by Plaintiff," the trial date and all non-expired deadlines be continued by "not more than 90 days" so that Defendant can "complete necessary discovery in furtherance of Defendant's anticipated Motion for Summary Judgment." Opp. at 3:9–14, 10:10–18. That request is itself an admission that the existing schedule — the same schedule Defendant insists Plaintiff must fully comply with today — cannot in fact accommodate the discovery and dispositive motion practice both sides contemplate before the October 13, 2026 trial date. The only genuine dispute is not

whether the current schedule is workable, but whose discovery should proceed first and on what predicate. Plaintiff respectfully submits that where, as here, a pending motion determines the identity of the proper parties in the first instance, judicial economy favors resolving that threshold question before either side's discovery proceeds further. Landis v. North American Co., 299 U.S. 248, 254 (1936).

## IV. THE AUTHORITY DEFENDANT CITES DOES NOT ADDRESS A PENDING THRESHOLD DISPUTE OVER THE PROPER PARTIES

Defendant's cases addressing the absence of a "blanket stay" merely because a motion is pending are inapposite because Plaintiff does not seek a blanket stay based on the mere pendency of any motion. See Skellerup Industries Ltd. v. City of Los Angeles, 163 F.R.D. 598, 600 (C.D. Cal. 1995); Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 220 F.R.D. 349, 353 (N.D. Cal. 2003). Pac. Lumber involved a stay requested pending cross-motions for summary judgment, with no dispute over the identity of the proper parties. Plaintiff instead seeks a limited, targeted stay tied to a specific, dispositive threshold question — whether Farmers Insurance Exchange is a proper party whose conduct and documents bear on the scope of discovery — that will determine the target and possibly the necessity of the very discovery Defendant seeks to compel now.

## V. CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's Application, Plaintiff respectfully renews her request that this Court grant an order (1) staying all discovery in this action, including Plaintiff's deposition and the deposition subpoena directed to Plaintiff's third-party contractor, pending resolution of the Motion for Reconsideration [ECF Doc. 87]; or, in the alternative, (2) continuing Plaintiff's deposition and the related third-party subpoena to a date after that ruling issues; or, in the alternative, (3) continuing the Final Pretrial Conference, trial date, and all related deadlines until after the Court rules on the Motion for Reconsideration; and (4) granting such other and further relief as the Court deems just and proper. Given that Defendant's own papers identify an August 14, 2026 discovery cut-off, Plaintiff respectfully requests the Court's prompt attention to this Application.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 11-6, Plaintiff certifies that this Memorandum contains approximately **1719 words**, excluding the caption, tables, signature block, and any items excluded by the Local Rules.

Dated: August 4, 2026

Respectfully submitted,

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per