MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF RECEIPT OF UNTIMELY OPPOSITION TO MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE TO REBUT DEEMED ADMISSIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## REPLY AND NOTICE OF UNTIMELY OPPOSITION TO MIL NO. 1

## I. INTRODUCTION

On September 21, 2026, Pro Per Plaintiff Luna D'Sol ("Plaintiff") filed and **untimely** opposition – A WEEK LATE -- to Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") Motion in Limine No. 1 [ECF Doc. 122] ("MIL No. 1"). Farmers Direct's Reply Brief was due to be filed on the very same date that the Opposition was received. This late filing should be disregarded by the Court per Local Rule 7-12. Attached hereto is the Supplemental Declaration of Kelly Fitzgerald Canby ("Supp. Canby Decl."), ¶¶ 2-38, **Exhibits B-L** with additional information related to:

(1) Plaintiff's written consent to use electronic service for this case and the agreement among the parties to use email service;

(2) service of Farmers Direct's Requests for Admissions ("RFAs") on Plaintiff and her failure to respond by August 3, 2026 or at all;

(3) Plaintiff decision to boycott all discovery in this case beginning around May 1, 2026.

Farmers Direct's MIL Nos. 1-4 are scheduled to be heard at the Final Pretrial Conference on October 5, 2026. Farmers Direct filed and served its Pretrial Disclosures on September 11, 2026 through the Court's CM/ECF System. [ECF Doc. 128]. On September 14, 2026, Farmers Direct timely filed its Memorandum of Contentions of Fact and Law [ECF Doc. 133], Witness List [ECF Doc. 134] and Exhibit List [ECF Doc. 135], albeit not in Joint Exhibit format as contemplated by Local Rule 16-6. Plaintiff did not make any timely effort to meet and confer with Defendant to conduct the Meeting of Counsel per Local Rule 16-2 in preparation for the Final Pretrial Conference. Plaintiff has not filed or served her Pretrial Disclosures per Rule 26(a)(3), nor any of her pretrial documents (i.e., Memorandum of Contentions of Fact and Law, Witness List and Exhibit List that were due to be filed 21 days before the Final Pretrial Conference). *See* Local Rules 16-4, 16-5, 16-6.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## II. PLAINTIFF'S UNTIMELY OBJECTION TO DEFENDANT'S RFAS

On September 14, 2026, Plaintiff instead belatedly filed a document entitled "PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF LODGMENT OF DISCOVERY MATERIALS AND OBJECTION TO DEFENDANT'S RELIANCE ON PURPORTED DEEMED ADMISSIONS" [ECF Doc. 131] ("RFA Objection") as part of her untimely Opposition [ECF Docs. 129-132] ("MSJ Opposition") to Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ"). Plaintiff filed her MSJ Opposition **almost a week late** (on the very same date that Farmers Direct's MSJ Reply was due to be filed). Per Local Rule 7-12 this Court can "decline to consider any memorandum or required document that is not filed within the set deadline, and allows that court to treat that failure as consent to the granting or denial of the motion." *See* Local Rule 7-12. Given that Farmers Direct was given **less than a day** to respond to Plaintiff's MSJ Opposition -- and even less time to respond to Plaintiff's untimely Opposition [ECF Docs. 136-137] ("MTS Opposition") to Farmers Direct's Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS"), which **Plaintiff filed on September 14, 2026 after 6:00 p.m.** (also the same date that Farmers Direct's MTS Reply Brief for its was due to be filed) -- Farmers Direct respectfully requests this Court to decline to consider all of these late filed papers (including Plaintiff's RFA Objection) per Local Rule 7-12. *See* Supp. Canby MSJ Decl., ¶¶ 2-5, 9-13 [ECF Doc. 140-1]; Supp. Canby MTS Decl., ¶¶ 2-5, 10, 16, 19 [ECF Doc. 141-1]. Plaintiff's RFA Objection does not seek any relief under Rule 36(b).

## IV. CONCLUSION

For the reasons set for the above, Farmers Direct respectfully requests that this Court grant this Motion In Limine No. 1 and preclude all evidence, testimony and argument by Plaintiff that is contrary to the facts that are now deemed admitted and conclusively established per Rule 36 as found in Defendant's RFAs Nos. 1-90.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 4454 words ("including headings, footnotes and quotations excluding caption but including the notice of motion and including the attached declaration"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: September 21, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in support of Defendant's Reply to Pro Per Plaintiff Luna D'Sol's ("Plaintiff") (Untimely) Opposition to Defendant's Motion In Limine No. 1 ("MIL No. 1") in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. Plaintiff's Opposition to MIL No. 1 was due to be filed on September 14, 2026 but she filed her Opposition a week late on September 21, 2026 (again on the very same date as Farmers Direct's Reply is due to be filed which seems to be a frequent occurrence recently as she did the same thing with her Oppositions to Farmers Direct's MSJ and MTS).

3. Plaintiff's filed an Ex Parte Application along with her Untimely Opposition which, on the one hand, based on the covering Notice appears as Plaintiff is seeking additional time due to alleged health issues but, on the other hand, and upon review of the attached Memorandum of Points and Authorities it seems that Plaintiff is instead actually pursuing additional sanctions against defense counsel and/or Farmers Direct, including "Terminating Sanctions."

4. Plaintiff does not provide any reasonable explanation or sufficient details related to her claimed justification for her repeated belated filings (a week overdue) on the very same date that Farmers Direct's Reply briefs are due which obviously interferes with Farmers Direct's ability to meaningfully respond. This Court should decline to consider her untimely Opposition per Local Rule 7-12.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

5. On or about November 18, 2025 and shortly after Farmers Direct removed this case to this Court, Plaintiff sought "permission to participate in electronic filing ('e-filing') in this case" by signing and filing her "APPLICATION FOR PERMISSION FOR ELECTRONIC FILING" [ECF Doc. 10] whereby she affirmed, among other things, that she had reviewed Local Rule 5-4.1.1 and the instructions available on the Court's website (www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers which states: "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**") (emphasis added).

6. The Court granted Plaintiff's application on November 25, 2025 [ECF Doc. 12] whereby "[p]ursuant to Local Rule 5-4.1.1, the applicant must register to use the Court's CM/ECM System within five (5) days of being served," which Plaintiff apparently did based on the CM/ECM records generated soon thereafter.

7. For example, on December 1, 2025 when this Court issued its "NEW CASE ORDER" [ECF Doc. 13] the "automatic e-mail message generated by the CM/ECF system" states that "Notice has been electronically mailed to: . . . Luna D'Sol jravada@icloud.com" and the Court was no longer sending notices to Plaintiff through the mail as before as indicated thereon in the Notice of Electronic Filing email (*see e.g.,* Exhibit B below).

8. Additionally, Plaintiff also began making her own electronic filings by using the CM/ECF system including on December 5, 2025 to file her Motion to Remand [ECF Doc. 14] and to file a Supplemental Declaration of Luna D'Sol which states the following: **I recently obtained CM/ECF filing access as a pro se litigant** and am re-submitting the same Motion to Remand documents **directly through CM/ECF to ensure prompt docketing and service on all**." [ECF Doc. 15 (emphasis added)].

9. Additionally, the "PROOF OF SERVICE" [ECF Doc. 14-3] that Plaintiff electronically filed in support of her Motion To Remand includes a



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

declaration from "JESUS SANCHEZ" (an alleged "Non-Party Declarant" who also apparently resides at "2275 E. Belding Dr Palm Springs CA 92262") indicating that service to "all registered counsel of record in this case" was accomplished through the CM/ECF system and that "**I did <u>not</u> perform any additional <u>manual service</u> because <u>none is required</u>**." [ECF Doc. 14-3, p. 2:12-23 (emphasis added)].

10. Attached hereto collectively as **Exhibit B** are true and correct copies of a collection of Notice of Electronic Filing emails and other documents referenced above, including "automatic e-mail messages generated by the CM/ECF system" on December 1, 2025 (i.e. for [ECF Doc. 13]) and December 5, 2025 (i.e., for [ECF Docs. 14 and 15]), along with copies of Plaintiff's Proof of Service for her Motion to Remand [ECF Doc. 14-3] and Plaintiff's Supplemental Declaration [ECF Doc. 15] and the attachment thereto [ECF Doc. 15-1].

11. Shortly after Farmers Direct removed this case to Federal Court, Plaintiff herself proposed for the "**purposes of efficiency**" that the parties conduct "**service by email**" going forward and my partner Michelle R. Bernard agreed. Attached hereto collectively as **Exhibit D** are true and correct copies of Plaintiff's email dated November 17, 2025 [3:49 PM] to Michelle R. Bernard and her response email sent to Plaintiff on November 17, 2025 [6:07 PM] (emphasis added).

12. Pursuant to the parties agreement for service by email and per the terms of the electronic filing registration process regarding consent to electronic service, on February 26, 2026, both parties exchanged their Initial Disclosures **via email service only** (without any objection from Plaintiff). Attached hereto as **Exhibit E**is a true and correct copy of Plaintiff's transmittal email dated February 26, 2026 [11:38 PM] sent to defense counsel along with a copy of the "attached Plaintiff's Initial Disclosures."

13. Per the prior agreement among the parties, Farmers Direct served its Initial Disclosures on Plaintiff by email only. The covering email transmission sent by my Assistant Kiry Yeoun on February 26, 2026 to Plaintiff states, in relevant

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

party: "**Attached please find <u>electronic service copy</u> of the following: 2026-02-26 D'SOL DEF'S INITIAL DISCLOSURES**" (emphasis added). Attached hereto as **Exhibit F** is a true and correct copy of my Assistant Kiry Yeoun's electronic service email to Plaintiff (jravada@icloud.com) dated February 26, 2026 [4:07 PM] which attached a copy of Defendant's Initial Disclosures (which are intentionally omitted and not included within the attached exhibit) **along with a copy of the attached Proof of Service documenting the e-service of transmission** to Plaintiff at the email address jravada@icloud.com (which is the same address she used to register with the CM/ECF System and has been using throughout this case and the Claim).

14. Farmers Direct's Initial Disclosures were **served by email only** to Plaintiff at (jravada@icloud.com) per the parties prior agreement. *See* **Exhibit F.**

15. The next day following Farmers Direct's email service of the Initial Disclosures to Plaintiff, she sent me an email dated February 27, 2026 [9:48 AM] which again acknowledged her consent and approval to email service to me in writing as follows: "**Dear Ms. Canby, Thank you for Defendant's Initial Disclosures <u>served</u> on February 26, 2026**. I appreciate the thorough witness identification. After reviewing the disclosures, I have three clarification requests that I believe can be resolved informally . . ." Significantly, none of Plaintiff's "clarification requests" pertained to any objection to the manner of email service as the agreement to use email service for this case was Plaintiff's idea and proposal initially. Plaintiff later filed this same email as the Exhibit A to her first Motion to Compel (which she lost) and a copy of this email as it appears in the Court's file as [ECF Doc. 54-3] is attached hereto as **Exhibit G**.

16. On or about March 23, 2026, Plaintiff made another written acknowledgment of her consent and agreement to email service in her Court filing entitled "PLAINTIFF'S REPLY IN SUPPORT OF AMENDED MOTION TO COMPEL AND REQUEST FOR COSTS" [ECF Doc. 65] ("First Motion To Compel

Reply"). Significantly, Plaintiff acknowledged the following on page 4 line 21 of her First Motion To Compel Reply: "**Defendant's February 26, 2026 Initial Disclosures [ECF Doc. served 2/26/26]**." [ECF Doc. 65, p. 4:21 (emphasis added)]. Email service was the only manner of service for this discovery item per the prior agreement of the parties which Plaintiff repeatedly affirmed in writing again thereafter.

17. On or about March 17, 2026, Plaintiff again commented in writing – this time under oath – regarding her acknowledgement and consent to email service in her court filing entitled "DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES" [ECF Doc. 59-1] ("D'Sol MTC Decl."). Plaintiff makes the following statement under oath in paragraph 3 of the D'Sol MTC Decl.: "**On February 26, 2026, Defendant served its Initial Disclosures. After reviewing those disclosures** and Defendant's Amended Answer filed February 27, 2026 [ECF Doc. 43], **I identified three deficiencies** that I believed could be resolved informally." [ECF Doc. 59-1, p. 1:26-28 (emphasis added)].

18. Although Plaintiff identifies alleged "deficiencies" related to the Defendant's Initial Disclosures in her declaration (*see e.g.,* D'Sol Decl., ¶ 3 [ECF Doc. 59-1]), significantly NONE of these alleged deficiencies mentioned by Plaintiff are related to any alleged defect or objection to the manner of **service by email only** per the agreement of the parties and as again acknowledged by Plaintiff again in writing. In paragraph 9, Plaintiff states the following "**No supplemental Rule 26(a)(1)(A)(iv) disclosure has been served**." D'Sol Decl., ¶ 9 [ECF Doc. 59-1, p. 2:28 (emphasis added)]. Plaintiff clearly had no objection to how the Initial Disclosures were served initially (i.e., by email only) as no objection or alternative instructions were provided for her desired service of a supplemental disclosure. Plaintiff then states, "**I declare under penalty of perjury under the laws of the**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**United States of America that the foregoing is true and correct.** Executed on March 17, 2026, at Palm Springs, California." D'Sol Decl., ¶ 9 [ECF Doc. 59-1, p. 3:12-14 (emphasis added)]. A true and correct copy of the D'Sol MTC Decl. [ECF Doc. 59-1] is attached hereto as **Exhibit H**.

19. Significantly, during this period of time in or around March of 2026 when Plaintiff brought her First Motion To Compel against Farmers Direct, I repeatedly proposed to Plaintiff that she voluntarily withdraw her motion because she had not satisfied the meet and confer requirements before bringing her Motion To Compel but she refused. I also proposed that the Parties pursue the Informal Discovery Conference Procedures with the Magistrate as an alternative to continued motion briefing where the underlying meet and confer requirements had not yet been satisfied. However, Plaintiff would not do so.

20. For example, on or about April 8, 2026, Plaintiff made a court filing entitled "PLAINTIFF'S NOTICE OF WAIVER OF ORAL ARGUMENT AND REQUEST FOR DECISION ON PAPERS" [ECF Doc. 69] and a true and correct copy is attached hereto as **Exhibit I**.[1]

21. Attached hereto as **Exhibit J** is a true and correct copy of the Hon. Alka Sagar, United States Magistrate Judge's Order Dated April 14, 2026 [ECF Doc. 71]. Significantly, Plaintiff's First Motion To Compel was denied for the very same reason I discussed with Plaintiff previously due to her failure to meet and confer in good faith prior to filing her First Motion To Compel:

[1] As general background (and for comparison with Plaintiff's later boycott of discovery which began around May 1, 2026): "**Opposing counsel** declined to stipulate and **recommended instead that Plaintiff withdraw the motion entirely and proceed through the Court's Informal Discovery Conference process**. Plaintiff respectfully declines to withdraw. As this Court's own procedures expressly state, the Informal Discovery Conference is not a substitute for a fully briefed motion. The motion is fully briefed and the record is complete. . . .*** . . . .Plaintiff also respectfully brings to the Court's attention that the underlying insurance claim is approaching twelve months in age. **Continued delay in resolving threshold discovery disputes causes compounding prejudice to Plaintiff's ability to prosecute her claims within applicable limitations periods**. *See* **Exhibit I** [ECF Doc. 69 (emphasis added)].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

> From her Motion, it does not appear Plaintiff has complied with Local Rule 37-1 or Fed.R.Civ.P. 37 ("FRCP 37") to meet and confer or attempt in good faith to meet and confer. . . Because Plaintiff failed to properly meet and confer with opposing counsel prior to filing her motion to compel, the Court DENIES the motion without prejudice. For the same reasons, Plaintiff's request for sanctions is also denied. The Court notes that although Plaintiff's failure to comply with the Local Rules renders her subject to sanction, see L.R. 37-4, the Court will not sanction plaintiff here in light of her *pro per* status and potential unfamiliarity with the Local Rules. **However, Plaintiff is cautioned that further failure to comply with the rules of this court may result in the imposition of sanctions**.
>
> *See* **Exhibit J** [ECF Doc. 71].

22. Despite the prior admonishment from the Magistrate, on or about April 23, 2026, Plaintiff initiated the Local Rule 37-2..2 "Joint Stipulation" procedures for her anticipated Second Motion To Compel against Farmers Direct – and again without first meeting and conferring pursuant to Local Rule 37-1 and Rule 37 of the Federal Rules of Civil Procedure). Plaintiff's Joint Stipulation and portions of Plaintiff's Second Motion To Compel were sent through her April 23, 2026 [7:17 AM] email whereby she directed defense counsel to "**insert Defendant's positions in the designated sections and return the completed Joint Stipulation within seven days of this email**" (emphasis added) – Plaintiff's Joint Stipulation and her completed sections of her Second Motion To Compel were sent **by email only**. Attached hereto as **Exhibit K** is a true and correct copy of Plaintiff's transmittal email dated April 23, 2026 [7:17 AM] sent to defense counsel with the entitled "**Subject:**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**LR 37-2-2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days**" (attachment omitted; emphasis added).

23. Attached here collectively as **Exhibit L** are true and correct copies of a collection of discovery related email correspondence with Plaintiff around April, May and June of 2026.

a. On or around April 24, 2026, I renewed my requests for Plaintiff to withdraw her Second Motion to Compel, Plaintiff initially refused to withdraw the Joint Stipulation to allow for a statutorily proper meet and confer process to occur. A copy of my email dated April 24, 2026 is included within **Exhibit L**.

b. In response to another inquiry I made to Plaintiff about potentially withdrawing her defective Second Motion to Compel, Plaintiff stated the following in an email to me dated April 27, 2026 [6:53 AM] regarding "Joint Stipulation" and "motion to compel -- "" "**Plaintiff has <u>not</u> agreed to withdraw either.**" *See* **Exhibit L** (emphasis added).

c. However, soon after in an email dated April 28, 2026 [20:48], Plaintiff essentially denied that her initial April 23, 2026 email and attached Second Motion To Compel and Joint Stipulation were ever sent to defense counsel and instead Plaintiff now claimed the "**Local Rule 37-2.2 joint stipulation process has not been initiated**" and "**[t]here is no operative stipulation to proceed with or withdraw.**" *See* **Exhibit L** (emphasis added).

d. By email dated April 23, 2026 (10:40 AM) (*see* **Exhibit L),** Plaintiff again demanded the production of Farmer Direct's Claim file. Farmers Direct proceeded in good faith with preparation of the voluminous Claim file (more than 5000 pages of materials) so the non-privileged Claim file documents could be

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

ready by the target date of May 1, 2026 for the anticipated *exchange* of Initial Disclosure documents. *See* my email to Plaintiff dated April 30, 2026 (also found within **Exhibit L).**

e. However, on May 1, 2026 (8:40 AM), Plaintiff then refused to participate in any *exchange* of Initial documents because "**I am not substantively engaging with discovery because jurisdiction is unresolved.**" *See* **Exhibit L** (emphasis in original).

24. Plaintiff has refused to participate in all discovery ever since approximately May 1, 2026.

25. Even after the Court denied Plaintiff's Renewed Motion For Remand [ECF Doc. 77] in an Order dated June 8, 2026 without hearing [ECF Doc. 85] Plaintiff would still not substantively engage in any discovery. Instead Plaintiff continued with further jurisdictional challenges through her Motion For Reconsideration and she also pursued numerous sanctions motions against defense counsel (without cause). .

26. For example, after the Court issued its Order around June 8, 2026 [ECF Doc. 85] denying Plaintiff's Renewed Motion For Remand, I attempted to coordinate an exchange of Initial Disclosure documents with Plaintiff several times (*see e.g.,* **Exhibit L**) but without any success.

27. Given the approaching trial date in October, I prepared a set of written discovery to send to Plaintiff given that she was not adhering to the prior agreement reached at the Rule 26(f) Conference on February 12, 2026 regarding a voluntary exchange of documents.

28. As explained in further detail in the previously filed Declaration of Elisa Martinez [ECF Doc. 119-7] who assisted me with the service on July 2, 2026, Farmers Direct's Request For Admissions (Set One) ("RFAs"), Farmers Direct's Request For Production (Set One) and Interrogatories (Set One). Consistent with the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

prior agreement of the Parties (which Plaintiff proposed) and pursuant to Plaintiff written consent (as part of her CM/ECF Application and related affirmations and other written statements noted above) this discovery was electronically served by email to Plaintiff's email address (jravada@icloud.com) and delivery and was confirmed through TitanFile as follows: "**Email delivered successfully to Luna D'Sol at July 2, 2026 7:02 pm EDT**" (i.e., at [4:02 PM]) (*see* Exhibit C below).

29. Attached hereto collectively as **Exhibit C** are true and correct copies of a collection of documents which includes the TitanFile Conversation Record with Delivery Log Report, along with copies of additional email communications sent to Plaintiff by my law firm's Work Flow Coordinator Elisa Martinez on July 2, 2026, a copy of the Executed Proof of Service (for the RFAs and other discovery requests served on July 2, 2026) along with a copy of a printout of the TitanFile channel "History." This **Exhibit C** is the same collection of documents that was also previously filed as Exhibit 4 to the Declaration of Elisa Marinez [ECF Doc. 119-7], and previously as Exhibit 12 to my Declaration filed in support of Farmers Direct's MSJ [ECF Doc. 119-6] (and those previous exhibit cover pages remain in place within the exhibit).

30. I also served a notice of deposition on July 17, 2026 and noticed Plaintiff's deposition for July 31, 2026 and continued with ongoing requests to obtain Plaintiff's Initial Disclosure documents but without success.[2] Farmers Direct served its Expert Witness Disclosures on July 15, 2026. I also began to issue a series of subpoenas to third party witnesses starting around mid-July, including to Progressive Home Remodeling and others.

31. Plaintiff failed to respond to Farmers Direct's discovery requests and failed to designate any expert witnesses in this matter and refused to appear for her

[2] All discovery was timely and properly served on Plaintiff consistent with the parties' agreement to use email service at the outset of the case in addition to Plaintiff's prior request for e-filing privileges which was granted by the Court and the parties' continued mutual use of electronic service continuously thereafter.

noticed deposition on July 31, 2026. She also repeatedly refused to provide any alternative dates for her deposition to be rescheduled. When I spoke to Plaintiff on the phone on July 31, 2026 she informed me that she would not provide even one potential date for her deposition during August as jurisdiction was still unresolved.

32. Plaintiff's failure and refusal to participate in any discovery after May 1, 2026 was not as result of her being unaware of the existence of the discovery requests, nor was she confused about what the rules required, but instead she expressed to me that she was affirmatively refusing to participate because her various motions were still pending with the Court and she wanted to wait until those were resolved before engaging in discovery. Plaintiff has made similar admission in Court filings as well.

33. For example, on or about August 4, 2026 she file a document entitled "PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF EX PARTY APPLICATION" [ECF Doc. 109] ("Plaintiff's Ex Parte Reply") where she states the following: "**Plaintiff respectfully submits that where, as here, a pending motion determines the identity of the proper parties in the first instance, judicial economy favors resolving that threshold question before either side's discovery proceeds further**." *See* Plaintiff's Ex Parte Reply [ECF Doc. 109, p. 8:2-4 (emphasis added)].

34. The first time that Plaintiff ever raised any issues about allegedly not receiving emails from my office on July 29, 2026 when she refused to appear for her noticed deposition on July 31, 2026 (and then she repeatedly refused to provide any alternative dates for her deposition to be rescheduled). As noted above, when I spoke to her on the phone on July 31, 2026 she informed me that she would not provide any alternative dates for her deposition while her various motions were still pending.

35. Although Plaintiff claims she never received the Notice of Deposition that was electronically served by email on July 17, 2026 [9:26 AM] by my Assistant

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Kiry Yeoun, Plaintiff's assertion is obviously untrue because Plaintiff actually replied to the very same email that she claimed she never received..

36. Despite numerous requests by defense counsel, Plaintiff still remains unwilling to produce copies of any of her Initial Disclosure documents to Farmers Direct despite the parties' prior agreement reached during the Rule 26(f) Conference on February 12, 2026 to voluntarily exchange those documents.

37. All of Farmers Direct's attempts to meet and confer in good faith with Plaintiff regarding discovery, anticipated motions and other trial preparation issues have been met with evasive conduct, failure to appear at scheduled Local Rule 7-3 and Local Rule 37-1 Conferneces, outright false statements by Plaintiff and other attempts to further delay these proceedings, including by continued unfounded accusations of wrongdoing and threats of further sanctions to be sought against defense counsel.

38. Plaintiff has decided to boycott her discovery obligations in this case without good cause. Farmers Direct now seeks an order from the Court to preclude Plaintiff from introducing any evidence, testimony or argument contrary to the facts now established and deemed admitted per Rule 36 as found in Farmers Direct's Requests For Admission (Set One), Request Nos. 1-90.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 21th day of September, 2026 at Carlsbad, California.

Kelly F. Canby

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT B

**Kelly Canby**

**From:** cacd_ecfmail@cacd.uscourts.gov
**Sent:** Monday, December 1, 2025 8:42 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Initial Order upon Filing of Complaint - form only

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 12/1/2025 at 8:41 AM PST and filed on 12/1/2025
**Case Name:** Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al
**Case Number:** 2:25-cv-10938-SVW-AS
**Filer:**
**Document Number:** 13

**Docket Text:**
**NEW CASE ORDER upon filing of the complaint by Judge Stephen V. Wilson. (dta)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

Luna D'Sol jravada@icloud.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

**Kelly Canby**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Friday, December 5, 2025 12:04 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Motion to Remand Case to State Court |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 12/5/2025 at 12:03 PM PST and filed on 12/5/2025

| | |
|---|---|
| **Case Name:** | Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al |
| **Case Number:** | 2:25-cv-10938-SVW-AS |
| **Filer:** | Luna D'Sol |
| **Document Number:** | 14 |

**Docket Text:**
**First NOTICE OF MOTION AND MOTION to Remand Case to Riverside Superior Court filed by PLAINTIIF Luna D'Sol. Motion set for hearing on 1/20/2026 at 10:00 AM before Judge Stephen V. Wilson. (Attachments: # (1) Memorandum, # (2) Declaration, # (3) Supplement Proof of Service, # (4) Proposed Order, # (5) Exhibit Exhibits 1 to 16) (D'Sol, Luna)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Motion to Remand.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41479850-0
] [145cd3b051c03438c0f6f790e22cde4ff55518d0f79b58b8a8a20c5bfd4e255df81
5d232c07b78a7ecb3573c2f1e520015a876fc4cf62e885e77e43a68ca00d5]]
**Document description:**Memorandum
**Original filename:**C:\fakepath\2025-11-18 Memorandum in support motion to remand .pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41479850-1
] [14a84b8a7f87582f6a901f96b918d0c9f8d9b05c3ff10a4203b9f6e27dfff05def3
0b9054aa04de35cdd5aad7e6f1f75c1f4771668208a7d6932734801ea3ba2]]
**Document description:**Declaration
**Original filename:**C:\fakepath\2025-11-18 Notice of Declaration.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41479850-2
] [3848905479b77b712e2798f3b50417705cba7c4ac971fac0f8969e185a4be99115b
c164ddeb18de8e86e34b71f41828522ff56f671ee27d4db750d0ca1b0d040]]
**Document description:**Supplement Proof of Service
**Original filename:**C:\fakepath\Proof of Service.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41479850-3
] [5ebeb6c75e5410ce7b4ac3c4a7a3548e02eaf3eb34661752075bb8c26352bc7cdc6
3785f424a5b52547832e8a798fb4bf65583c07f05e0e9d469ac64ef898a10]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\[Prposed] ORDER GRANTING PLAINTIFFS MOTION TO REMAND.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41479850-4
] [a2652c06907cd9083e2b755a523c247466132fcfe806390423c3a70cdd281d34e8f
a2e93a5551d65e7e47870a703c4d3151c5731cda2a093ec5fec0432f039df]]
**Document description:**Exhibit Exhibits 1 to 16
**Original filename:**C:\fakepath\Exhibits.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41479850-5
] [930d3a1eb6fb23976e3544cc625bea2efac63c56a9548fa82264cceb763e2597ae2
517e48fe999d8df03227cf5753063cd233b1f5f1201d13348b1b604b5f2a5]]

## Kelly Canby

**From:** cacd_ecfmail@cacd.uscourts.gov
**Sent:** Friday, December 5, 2025 12:14 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Notice (Other)

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

### Notice of Electronic Filing

The following transaction was entered on 12/5/2025 at 12:13 PM PST and filed on 12/5/2025

**Case Name:** Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al
**Case Number:** 2:25-cv-10938-SVW-AS
**Filer:** Luna D'Sol
**Document Number:** 15

**Docket Text:**
**Notice Supplemental Declaration Regarding EDSS Filing of Motion to Remand filed by Plaintiff Luna D'Sol. (Attachments: # (1) Exhibit Exhibit A EDSS Confirmation)(D'Sol, Luna)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Luna D'Sol jravada@icloud.com

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Suplemental Declaration Notice of Luna D'Sol.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41480002-0
] [85d4487629e80c1e8311e942252db3486640bdbc582899d2da2726b849666f530e8
0b14232462e3d1064483f81db561b400816722ab047b22f24bade2cd696cf]]
**Document description:**Exhibit Exhibit A EDSS Confirmation
**Original filename:**C:\fakepath\Submission Confirmation.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=12/5/2025] [FileNumber=41480002-1
] [bf582c37b6fcf1b10acb292c3db01878550e659fd0603f0c8131d0a1f1d1a7ea59a
9479906f680a4954a8c27ea988032b742d1a7e74cf69a852b5e1fb3dd43ed]]

*Luna D'Sol*
*2275 E Belding Dr*
*Palm Springs CA 92262*
*213-925-4069*
*jravada@icloud.com*
*Plaintiff, Self-Represented*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>vs.<br>*FARMERS DIRECT PROPERTY AND CASUALTYINSURANCE COMPANY, and DOES 1–50*<br><br>Defendant. | Case No.: 2:25-cv-10938-BFM<br><br>PROOF OF SERVICE |

I, **JESUS SANCHEZ**, declare:

1. I am over the age of 18 and not a party to this action. My address is [Declarant's Address].
2. On December 5TH, 2025, I ensured that the following documents were submitted to the United States District Court for the Central District of California for electronic filing:

- Notice of Motion and Motion to Remand
- Memorandum of Points and Authorities
- Declaration of Luna D'Sol and Exhibits 1–16
- [Proposed] Order

3. After submission, the Court's CM/ECF system generated a Notice of Electronic Filing ("NEF"). Under Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule 5-3.1, this NEF constitutes service of the above documents.

4. The CM/ECF system automatically served all registered counsel of record in this case, including:

- Michelle R. Bernard – mbernard@grsm.com
- Jer Vang-Zamora – jvang-zamora@grsm.com

5. I did not perform any additional manual service because none was required.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: December 5th, 2025

Palm Springs, California

**JESUS SANCHEZ**

Non-Party Declarant

2275 E Belding Dr

Palm Springs CA 92262

*Luna D'Sol*
*2275 E Belding Dr*
*Palm Springs CA 92262*
*213-925-4069*
*jravada@icloud.com*
*Plaintiff, Self-Represented*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>vs.<br>*FARMERS DIRECT PROPERTY AND CASUALTYINSURANCE COMPANY, and DOES 1–50*<br><br>Defendant. | Case No.: 2:25-cv-10938-BFM<br><br>SUPPLEMENTAL DECLARATION OF LUNA D'SOL<br>REGARDING TIMELY EDSS SUBMISSION OF MOTION TO REMAND |

I, Luna D'Sol, declare:

1. On November 18, 2025, I submitted my Motion to Remand, Memorandum of Points and Authorities, Declaration, Exhibits, Proposed Order, and Proof of Service to the Court using the Electronic Document Submission System ("EDSS").

   The Court confirmed receipt and assigned Tracking Number **EDS-251118-002-7190**.

   A copy of the Court's confirmation email is attached hereto.

2. The EDSS notice states that the submission date "will be considered the filing date" once the documents are processed and uploaded to the CM/ECF docket.

Case 2:25-cv-10938-SVW-AS Document 10 Filed 12/02/25 Page 2 of 10 Page ID #:236

3. I recently obtained CM/ECF filing access as a pro se litigant and am re-submitting the same Motion to Remand documents directly through CM/ECF to ensure prompt docketing and service on all parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: DECEMBER 5TH, 2025

Palm Springs, California

s/ Luna D'Sol

**Luna D'Sol**

Plaintiff, Pro Se

213-925-4069

jravada@icloud.com

**From:** **Civil Intake** do-not-reply@cacd.uscourts.gov
**Subject:** Submission Confirmation
**Date:** November 18, 2025 at 22:55
**To:** jravada@icloud.com

**Dear Luna D'Sol:**

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Luna D'Sol
**Tracking Number:** EDS-251118-002-7190
**Date:** 11/18/2025 10:55:34 PM

Uploaded files:

- **2025-11-18 EXHIBITS.pdf**
  *Exhibits in support of motion to remand*
- **2025-11-18 Notice of Declaration.pdf**
  *Notice of Declaration*
- **2025-11-18 Motion to Remand.pdf**
  *Motion to Remand*
- **2025-11-18 Proof of Service.pdf**
  *Proof of Service*
- **2025-11-18 Memorandum in support motion to remand .pdf**
  *Memorandum in support of motion to remand*
- **2025-11-18 Proposed Order .pdf**
  *Proposed Order*

The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS will be processed in the order they are received and should be uploaded to CM/ECF within 3-5 business (or court) days after receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

# EXHIBIT C

# EXHIBIT 4

# EXHIBIT 12

*[NOTE: This Same Document Is Also Attached As Exhibit 12 To The Declaration of Kelly Fitzgerald Canby Filed Herewith In Support of Defendant's Motion For Summary Judgment Or Alternatively, Partial Summary Judgment]*

TitanFile

# Conversation Record with Delivery Log

Requested by: Kelly Canby <kcanby@grsm.com>

From: 12.229.121.254

https://us.titanfile.com/channels/as_pdf/wT624l/1782975600/1783062000/

Produced by: TitanFile Inc.
1050 King St W, Toronto, ON M6K 0C7
+1 855-315-6012
support@titanfile.com

Generated: 01 August, 2026 06:07 EDT

# Luna D'Sol v Farmers Direct Property - Discovery to Plaintiff

## Contacts:

| Name | Email | Organization |
|---|---|---|
| Elisa Martinez | emartinez@grsm.com | |
| Kelly Canby | kcanby@grsm.com | |
| Kiry Yeoun | kyeoun@grsm.com | Gordon Rees Scully Mansukhani, LLP |
| Michelle Bernard | mbernard@grsm.com | GORDON REES SCULLY MANSUKHANI, LLP |
| Luna D'Sol | jravada@icloud.com | |
| Jer Vang-Zamora | jvang-zamora@grsm.com | |

## Conversation (1 messages):

Elisa Martinez (emartinez@grsm.com) 02 July, 2026 19:02 EDT

Good afternoon,

Attached you will find the following documents which are being electronically served in the above-referenced matter.

1. DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY’S INTERROGATORIES TO PLAINTIFF LUNA D’SOL (SET ONE)
2. DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY’S REQUEST FOR ADMISSIONS TO PLAINTIFF LUNA D’SOL (SET ONE)
3. DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY’S REQUESTS FOR PRODUCTION TO PLAINTIFF LUNA D’SOL (SET ONE)
4. PROOF OF SERVICE

**Elisa Martinez**

Legal Secretary and Workflow Coordinator

**GORDON REES SCULLY MANSUKHANI**

2026-07-02 D'SOL - DEF POS RE DISCOVERY TO PLF.pdf (29.5 KB SHA2: 9942e5a64310c1dce339428be013abaa8e6209a2dda7748120173b71d923a22a)

2026-07-02 D'SOL - DEF RFP TO PLTF SET ONE.pdf (71.9 KB SHA2: f208148b70a732f21cce33cfd375a0f246658f37ca9e8d984eee543d6e6a85d7)

2026-07-02 D'SOL - DEF ROG TO PLTF SET ONE.pdf (52.8 KB SHA2: 1abf8d4bceb3f2e3fdcf0d3a6385d410c5379552e116a4dd6561da0c83c3f18c)

2026-07-02 D'SOL - DEF RFA TO PLTF SET ONE.pdf (24.9 MB SHA2: 504bf4a70f6ee374005a7e024bc64eabc1ee650f7f2dcb1b9e20ae14e7b23872)

## Delivery Log

| Timestamp | Source IP | Destination IP | SMTP response |
|---|---|---|---|
| Kiry Yeoun <kyeoun@grsm.com> | | | |
| 2026-07-02 19:02:18 EDT | 198.2.187.37 | 52.101.194.17 | 250 2.6.0 <178303333552.2559258.5570724117521642925@ip-10-101-11-73.ec2.internal> [InternalId=16488379450649, Hostname=LVXPR20MB994719.namprd20.prod.outlook.com] 61441 bytes in 0.216, 277.451 KB/sec Queued mail for delivery |
| Kelly Canby <kcanby@grsm.com> | | | |
| 2026-07-02 19:02:17 EDT | 198.2.187.37 | 52.101.194.17 | 250 2.6.0 <178303333535.2559522.15751978897445073309@ip-10-101-11-73.ec2.internal> [InternalId=54301271524944, Hostname=DM4PR20MB4822.namprd20.prod.outlook.com] 61503 bytes in 0.253, 236.759 KB/sec Queued mail for delivery |
| Michelle Bernard <mbernard@grsm.com> | | | |
| 2026-07-02 19:02:17 EDT | 198.2.187.24 | 52.101.42.14 | 250 2.6.0 <178303333552.2559526.14453320698868190720@ip-10-101-11-73.ec2.internal> [InternalId=2929167697273, Hostname=IA0PPFAB293CA7C.namprd20.prod.outlook.com] 61602 bytes in 0.122, 492.601 KB/sec Queued mail for delivery |
| Elisa Martinez <emartinez@grsm.com> | | | |
| 2026-07-02 19:02:17 EDT | 198.2.179.45 | 52.101.41.22 | 250 2.6.0 <178303333563.2559589.9571435933750525756@ip-10-101-11-73.ec2.internal> [InternalId=180388627992, Hostname=BN7PPF7B863406F.namprd20.prod.outlook.com] 61803 bytes in 0.239, 252.326 KB/sec Queued mail for delivery |
| Jer Vang-Zamora <jvang-zamora@grsm.com> | | | |
| 2026-07-02 19:02:17 EDT | 198.2.179.45 | 52.101.41.183 | 250 2.6.0 <178303333524.2559526.2086029441321669500@ip-10-101-11-73.ec2.internal> [InternalId=76407468197243, Hostname=SA0PR20MB4559.namprd20.prod.outlook.com] 61461 bytes in 0.212, 282.753 KB/sec Queued mail for delivery |
| Luna D'Sol <jravada@icloud.com> | | | |
| 2026-07-02 19:02:20 EDT | 198.2.177.21 | 17.57.156.30 | 250 2.0.0 Ok: queued as 567821800291 |

**Kelly Canby**

**From:** Elisa Martinez
**Sent:** Thursday, July 2, 2026 4:00 PM
**To:** jravada@icloud.com
**Cc:** Kelly Canby; Michelle Bernard; Kiry Yeoun; Jer Vang-Zamora
**Subject:** RE: Luna D'Sol v Farmers Direct Property - Discovery to Plaintiff
**Attachments:** 2026-07-02 D'SOL - DEF POS RE DISCOVERY TO PLF.pdf; 2026-07-02 D'SOL - DEF RFP TO PLTF SET ONE.pdf; 2026-07-02 D'SOL - DEF ROG TO PLTF SET ONE.pdf

Ms. D'Sol,
Due to the size of the Request for Admissions, I received a bounce back that my original email below did not go through. All the documents will be sent via a Titanfile sharelink shortly.

**ELISA MARTINEZ**
Legal Secretary and Workflow Coordinator

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.544.7236
**E:** emartinez@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Elisa Martinez <emartinez@grsm.com>
**Sent:** Thursday, July 2, 2026 3:56 PM
**To:** jravada@icloud.com
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Luna D'Sol v Farmers Direct Property - Discovery to Plaintiff

Good afternoon,
Attached you will find the following documents which are being electronically served in the above-referenced matter.

1. DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S INTERROGATORIES TO PLAINTIFF LUNA D'SOL (SET ONE)
2. DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REQUEST FOR ADMISSIONS TO PLAINTIFF LUNA D'SOL (SET ONE)
3. DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REQUESTS FOR PRODUCTION TO PLAINTIFF LUNA D'SOL (SET ONE)
4. PROOF OF SERVICE

**ELISA MARTINEZ**
Legal Secretary and Workflow Coordinator

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.544.7236
**E:** emartinez@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY F. CANBY (SBN: 185227
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:25-cv-10938-SVW-ASx<br><br>Hon. Stephen V. Wilson<br>Magistrate Judge: Alka Sagar<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed: August 21, 2025 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On July 2, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S INTERROGATORIES TO PLAINTIFF LUNA D'SOL (SET ONE)**

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REQUEST FOR ADMISSIONS TO PLAINTIFF LUNA D'SOL (SET ONE)**

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REQUESTS FOR PRODUCTION TO PLAINTIFF LUNA D'SOL (SET ONE)**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D’Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on July 2, 2026.

Elisa Martinez

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

GRSM50

73

+ New Channel

in:active

KC Kelly

Channels

Contacts

Files

Reports

Options

**Luna D'Sol v Farmers Direct Property - Discovery to Plaintiff**

( 6 members, last activity: July 2, 2026 4:02

1 Message

4 Files

| Add | EM | KC | KY | MB | LD |
|---|---|---|---|---|---|
| Add | Elisa | Kelly | Kiry | Michelle | Luna |

Conversation | Files | Contacts | History | Options

| | |
|---|---|
| **August 1, 2026 3:07 am** | Kelly Canby exported conversation as PDF. |
| **August 1, 2026 2:46 am** | Email delivered successfully to Kelly Canby at August 1, 2026 5:46 am EDT |
| **August 1, 2026 2:46 am** | Kelly Canby exported conversation as PDF. |
| **July 2, 2026 4:02 pm** | Email delivered successfully to Luna D'Sol at July 2, 2026 7:02 pm EDT |
| **July 2, 2026 4:02 pm** | Email delivered successfully to Kiry Yeoun at July 2, 2026 7:02 pm EDT |
| **July 2, 2026 4:02 pm** | Email delivered successfully to Kelly Canby at July 2, 2026 7:02 pm EDT |

GRSM50

73

KC Kelly

Channels

Contacts

Files

Reports

Options

| | |
|---|---|
| **July 2, 2026 4:02 pm** | Email delivered successfully to Michelle Bernard at July 2, 2026 7:02 pm EDT |
| **July 2, 2026 4:02 pm** | Email delivered successfully to Elisa Martinez at July 2, 2026 7:02 pm EDT |
| **July 2, 2026 4:02 pm** | Email delivered successfully to Jer Vang-Zamora at July 2, 2026 7:02 pm EDT |
| **July 2, 2026 4:02 pm** | Elisa Martinez uploaded "2026-07-02 D'SOL - DEF RFA TO PLTF SET ONE.pdf" file. |
| **July 2, 2026 4:02 pm** | Elisa Martinez uploaded "2026-07-02 D'SOL - DEF ROG TO PLTF SET ONE.pdf" file. |
| **July 2, 2026 4:02 pm** | Elisa Martinez uploaded "2026-07-02 D'SOL - DEF POS RE DISCOVERY TO PLF.pdf" file. |
| **July 2, 2026 4:02 pm** | Elisa Martinez uploaded "2026-07-02 D'SOL - DEF RFP TO PLTF SET ONE.pdf" file. |
| **July 2, 2026 4:02 pm** | Elisa Martinez sent a new message with 4 files. |
| **July 2, 2026 4:01 pm** | Elisa Martinez added Jer Vang-Zamora. |
| **July 2, 2026 4:00 pm** | Elisa Martinez added Luna D'Sol. |
| **July 2, 2026 3:56 pm** | Elisa Martinez added Michelle |

GRSM50

73

KC Kelly

Channels

Contacts

Files

Reports

Options

| | |
|---|---|
| | Bernard. |
| **July 2, 2026 3:56 pm** | Elisa Martinez added Kiry Yeoun. |
| **July 2, 2026 3:56 pm** | Elisa Martinez added Kelly Canby. |
| **July 2, 2026 3:55 pm** | Elisa Martinez created "Luna D'Sol v Farmers Direct Property - Discovery to Plaintiff" channel. |

# EXHIBIT D

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 17, 2025 3:49 PM
**To:** Michelle Bernard
**Cc:** Jer Vang-Zamora
**Subject:** Acknowledgment of Defendant's Recent Filings – D'Sol v. Farmers Direct (2:25-cv-10156)

Dear Ms. Bernard,

I acknowledge receipt of the filings served on November 14, 2025, including the Notice of Removal, Notice of Related Cases, and Request for Judicial Notice.

For purposes of efficiency, please confirm whether you consent to **service by email** for all future filings and correspondence in this matter. If so, please confirm the preferred service email address.

Thank you.

Sincerely,

**Luna D'Sol**

On Nov 16, 2025, at 00:18, Jer Vang-Zamora <jvang-zamora@grsm.com> wrote:

Dear Ms. D'Sol:

Attached please find the following documents:

1. Defendant's Notice Of Removal Of Civil Action [28 U.S.C. §§ 1332, 1441, and 1446] (and Proof of Service);
2. Civil Cover Sheet (and Proof of Service);
3. Certificate And Notice Of Interested Parties (and Proof of Service);
4. Defendant's Notice Of Related Cases (and Proof of Service); and
5. Defendant's Request For Judicial Notice In Support Of Defendant's Notice Of Removal [F.R.E. 201(B)] (and Proof of Service);

Regards,

**JER VANG-ZAMORA**
Legal Secretary

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7751
**E:** jvang-zamora@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2025-11-14 D'SOL NTC OF REMOVAL.pdf><2025-11-14 D'SOL POS RE NTC OF REMOVAL.pdf><2025-11-14 D'SOL CIVIL COVER SHEET.pdf><2025-11-14 D'SOL POS RE CIVIL COVER SHEET.pdf><2025-11-14 D'SOL NOTICE OF INTERESTED PARTIES.pdf><2025-11-14 D'SOL POS RE NOTICE OF INTERESTED PARTIES.pdf><2025-11-14 D'SOL NTC OF RELATED CASES.pdf><2025-11-14 D'SOL POS RE NTC OF RELATED CASES.pdf><2025-11-14 D'SOL REQUEST FOR JUDICIAL NOTICE.pdf><2025-11-14 D'SOL POS RE REQUEST FOR JUDICIAL NOTICE.pdf>

**Luna D’Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard <mbernard@grsm.com> |
| **Sent:** | Monday, November 17, 2025 6:07 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Jer Vang-Zamora |
| **Subject:** | RE: Acknowledgment of Defendant's Recent Filings – D'Sol v. Farmers Direct (2:25-cv-10156) |
| **Attachments:** | 2025-11-16 D'SOL - DOC 6 NTC OF ASSIGNMENT TO US MAGISTRATE JUDGE AND DECLINATION OF CONSENT(108937564.1).pdf |

Dear Ms. D'Sol: Thank you for your email. While all substantive pleadings (*i.e.* motions, etc.) will need to be filed/served via the District Court's ECF system per Central District Local Rules, we are amenable to service via email of courtesy copies of substantive pleadings, discovery pleadings and correspondence. Email addresses for our firm should include both me (mbernard@grsm.com) and my secretary Jer Vang-Zamora (jvang-zamora@grsm.com).

In the event that you are not yet registered for ECF filings, attached is the Notice of Assignment to U.S. Magistrate Judge we received yesterday from the District Court. As noted, either party can opt out of having a Magistrate Judge preside over this matter for all purposes by following the instructions in the form.

Relevant to the First Amended Complaint, I would like to schedule a time to meet and confer to discuss whether you would be amenable to voluntarily dismissing the Third Cause of Action – Violation of Insurance Code Section 790.03(h)("Section 790.03"/"UIPA"). While alleged violations of Section 790.03 may be admissible as evidence of bad faith claims handling conduct for purposes of breach of the implied covenant of good faith and faith dealing (*i.e.* your Second Cause of Action), there is no private right of action to pursue a separate cause of action against an insurer under this statute based on the California Supreme Court's holding in *Moradi-Shalal v. Fireman's Fund Ins. Co.* (1988) 46 Cal.3d 287, 304 ("Moradi-Shalal"). *See also Zephyr Park, Ltd. v. Superior Court* (1989) 213 Cal.App.3d 833, 834 ("We hold *Moradi-Shalal* determined that [the UIPA] cannot be used as the basis for a private action …"); *Waller v. Truck Ins. Exchange* (1995) 11 Cal.4th 1, 35 (the UIPA "confers no private right of action for damages"); *City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 488 ("violations of the fair claims practices regulations do not give rise to a private right of action"); *Rattan v. United Services Auto. Assn.* (2000) 84 Cal.App.4th 715, 724 ("neither the Insurance Code nor regulations adopted under its authority provide a private right of action"). Accordingly, we would propose that you stipulate to dismissing the Third Cause of Action (Violation of Insurance Code Section 790.03) and proceed against Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") on the First Cause of Action (Breach of Contract) and Second Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing).

Relevant to the timing of Farmers Direct's responsive pleading, it is due five (5) court days after filing of the removal to District Court (*i.e.* November 21, 2025). Given that I will be out of town from November 20 – 25 visiting my 87-year-old father for the pre-Thanksgiving holiday, as a professional courtesy, I would kindly request a 21-day extension of time to respond to Plaintiff's First Amended Complaint pursuant to Local Rule 8-3 which provides for an automatic extension of time via stipulation without court approval provided that the cumulative time to respond is not more than 30 days. The requested extension will

also allow both parties additional time to complete our meet and confer discussions pursuant to Local Rule 7-3 regarding Farmers Direct's contemplated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Please let me know if you are amenable to this extension request and I will prepare the proposed "Stipulation to Extend Time To Respond to Initial Complaint By Not More Than 30 Days" [Local Rule 8-3] for your review and approval.

Thank you in advance for your professional courtesy in this matter.

Best regards,

MRB

---

**MICHELLE R. BERNARD**
Partner

633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101
**D:** 619.230.7769
mbernard@grsm.com

grsm.com

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 17, 2025 3:49 PM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Acknowledgment of Defendant's Recent Filings – D'Sol v. Farmers Direct (2:25-cv-10156)

Dear Ms. Bernard,

I acknowledge receipt of the filings served on November 14, 2025, including the Notice of Removal, Notice of Related Cases, and Request for Judicial Notice.

For purposes of efficiency, please confirm whether you consent to **service by email** for all future filings and correspondence in this matter. If so, please confirm the preferred service email address.

Thank you.

Sincerely,

**Luna D'Sol**

On Nov 16, 2025, at 00:18, Jer Vang-Zamora <jvang-zamora@grsm.com> wrote:

Dear Ms. D'Sol:

Attached please find the following documents:

1. Defendant's Notice Of Removal Of Civil Action [28 U.S.C. §§ 1332, 1441, and 1446] (and Proof of Service);
2. Civil Cover Sheet (and Proof of Service);
3. Certificate And Notice Of Interested Parties (and Proof of Service);
4. Defendant's Notice Of Related Cases (and Proof of Service); and
5. Defendant's Request For Judicial Notice In Support Of Defendant's Notice Of Removal [F.R.E. 201(B)] (and Proof of Service);

Regards,

**JER VANG-ZAMORA**
Legal Secretary

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7751
**E:** jvang-zamora@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2025-11-14 D'SOL NTC OF REMOVAL.pdf><2025-11-14 D'SOL POS RE NTC OF REMOVAL.pdf><2025-11-14 D'SOL CIVIL COVER SHEET.pdf><2025-11-14 D'SOL POS RE CIVIL COVER SHEET.pdf><2025-11-14 D'SOL NOTICE OF INTERESTED PARTIES.pdf><2025-11-14 D'SOL POS RE NOTICE OF INTERESTED PARTIES.pdf><2025-11-14 D'SOL NTC OF RELATED CASES.pdf><2025-11-14 D'SOL POS RE NTC OF RELATED CASES.pdf><2025-11-14 D'SOL REQUEST FOR JUDICIAL NOTICE.pdf><2025-11-14 D'SOL POS RE REQUEST FOR JUDICIAL NOTICE.pdf>

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT E

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Thursday, February 26, 2026 11:38 PM |
| **To:** | Kelly Canby |
| **Cc:** | Michelle Bernard; Kiry Yeoun; Jer Vang-Zamora |
| **Subject:** | Plaintiff's Rule 26(a)(1) Initial Disclosures – D'Sol v. Farmers Direct (2:25-cv-10938-SVW-ASx) |
| **Attachments:** | Plaintiffs_Initial_Disclosures.pdf |

Counsel,

Please find attached Plaintiff's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Please confirm receipt.

Thank you.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**
Plaintiff, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL,**<br>Plaintiff,<br>v.<br>**FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,**<br>Defendants. | **Case No. 2:25-cv-10938-SVW-ASx**<br>**PLAINTIFF'S INITIAL DISCLOSURES [F.R.C.P. RULE 26(a)(1)]**<br>Judge: Hon. Stephen V. Wilson<br>Date: March 23, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Complaint Filed: August 21, 2025 |

Pursuant to the Court's Order Setting Initial Status Conference [ECF Doc. 17] and the Court's subsequent continuation thereof to March 23, 2026 [ECF Docs. 29, 36, and 42] (and per the timing discussed by the parties during the meet and confer discussion on February 12, 2026), Plaintiff Luna D'Sol hereby submits her Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff's investigation regarding the claims asserted in the operative First Amended Complaint is ongoing and discovery is not yet complete. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff reserves the right to supplement, amend and/or correct her Initial Disclosures as information is acquired or becomes available.

## I. Rule 26(a)(1)(A)(i): Witnesses

Plaintiff believes the following individuals or entities may have knowledge of relevant facts that Plaintiff may use in support of her claims. Plaintiff believes the following individuals or entities may have knowledge of relevant facts that Plaintiff may use in support of her claims. Plaintiff reserves the right to supplement these disclosures pursuant to Rule 26(e). Accordingly, Plaintiff reserves the right to identify additional witnesses at a later date.

| Person/Entity | Affiliation & Anticipated Testimony |
|---|---|
| **Luna D'Sol**<br>2275 E. Belding Dr.<br>Palm Springs, CA 92262<br>(213) 925-4069<br>jravada@icloud.com | Plaintiff:<br>• Property damage and losses caused by the June 3, 2024 burglary and vandalism incident at the Property.<br>• Request for coverage benefits under Farmers Direct Homeowners Policy No. 3872340940 ("Policy"), Claim No. 7007678692-1 ("Claim").<br>• Communications with Defendant regarding the Claim.<br>• Facts and circumstances relating to the Loss. |

| | |
|---|---|
| | • Repairs and current condition of the Property.<br>• Replacement and valuation of personal property.<br>• Additional living expenses incurred.<br>• Plaintiff's claimed damages in this lawsuit. |
| **Donald "Donnie" Means**<br>(contact through Defendant's counsel) | Senior Field Claims Representative<br>• Initial inspection of the Property in June 2024.<br>• Investigation and evaluation of the Claim.<br>• Communications with Plaintiff regarding the Claim. |
| **Richard Bryan**<br>(contact through Defendant's counsel) | General Adjuster<br>• Investigation regarding the Claim.<br>• Coverage position regarding the Claim.<br>• Communications with Plaintiff regarding the Claim. |
| **Michael Saskor**<br>(contact through Defendant's counsel) | General Claims Adjuster<br>• Investigation and adjustment of the Claim.<br>• Coverage position regarding the Claim.<br>• Communications with Plaintiff regarding documentation requirements, personal property valuation, and depreciation calculations.<br>• The initial denial and subsequent reopening of the Claim. |
| **Andrew Hermann**<br>(contact through Defendant's counsel) | General Special Investigator<br>• Investigation regarding the Claim beginning June 2024.<br>• Communications with Plaintiff regarding the investigation. |
| **Bryce Spradling**<br>(contact through Defendant's counsel) | Property Theft Supervisor<br>• Supervisory oversight and coverage determinations regarding the Claim.<br>• The November 22, 2024 claim denial and subsequent communications.<br>• Depreciation recovery disputes.<br>• Communications with Plaintiff regarding the Claim.<br>• The August 18, 2025 final claim closure. |
| **Amy Spawr-Bardley**<br>(contact through Defendant's counsel) | Customer Relations Senior Consultant, Claims Customer Relations<br>• Communications with the California Department of Insurance regarding Plaintiff's complaint related to the handling of the Claim.<br>• Review of the Claim file.<br>• Communications with Plaintiff regarding the Claim. |
| **Albert Pimentel**<br>(contact through Defendant's counsel) | Property Field Claim Supervisor<br>• The June 9, 2025 written communication to Plaintiff regarding the Claim.<br>• Supervisory oversight of the Claim. |

| | |
|---|---|
| | • Communications with Plaintiff regarding the Claim. |
| **PMK for Defendant Farmers Direct**<br>(contact through Defendant's counsel) | Corporate Designee Witness for Defendant<br>• Investigation regarding the Claim.<br>• Coverage position regarding the Claim.<br>• Claims handling practices and guidelines.<br>• Communications with Plaintiff regarding the Claim. |
| **Officer Logan Corder**<br>Palm Springs Police Department<br>200 S. Civic Drive<br>Palm Springs, CA 92262<br>(760) 323-8116 | Law enforcement officer who responded to the reported burglary/vandalism incident.<br>• Facts and circumstances relating to the Loss. |
| **Detective Alexander Doherty**<br>Palm Springs Police Department<br>200 S. Civic Drive<br>Palm Springs, CA 92262<br>(760) 323-8116 | Law enforcement officer who investigated the reported burglary/vandalism incident.<br>• Facts and circumstances relating to the Loss. |
| **PMK for Progressive Home Remodeling**<br>77 E. Tahquitz Canyon Way<br>Suite 200<br>Palm Springs, CA 92262<br>(323) 423-6322 | Repairs to the Property<br>• Scope of work for Loss-related repairs to the Property.<br>• The cost and timing of repairs.<br>• The May 19, 2025 repair estimate.<br>• Inspection of the Property. |
| **Emuna Stanley**<br>Project Manager<br>Progressive Home Remodeling<br>77 E. Tahquitz Canyon Way, Ste 200<br>Palm Springs, CA 92262<br>(213) 264-8682 | Repairs to the Property<br>• Preparation of the repair estimate.<br>• Inspection of the Property.<br>• Communications with Plaintiff regarding repairs. |
| **Mark Bercier**<br>Artist and/or Art Gallery Owner<br>markbercier1950@yahoo.com | Valuation of personal property<br>• The painting entitled "Ivey & Luke" and its value.<br>• Communications regarding the Loss. |
| **Insurance Claims Handling Expert (To Be Determined)**<br>To be designated per scheduling order | On behalf of Plaintiff<br>• Insurance industry custom and practice regarding claims investigation and adjustment.<br>• Whether Defendant's claims handling fell below the standard of care. |
| **Construction/Damages Expert (To Be Determined)**<br>To be designated per scheduling order | On behalf of Plaintiff<br>• Scope of Loss-related damage to the Property.<br>• Reasonable costs to repair the Property.<br>• Whether the Property was rendered uninhabitable. |

## II. Rule 26(a)(1)(A)(ii): Documents

The following are the categories of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control, and that Plaintiff may use to support her claims. Plaintiff reserves her rights to amend these disclosures as necessary.

1. Farmers Direct Homeowners Policy No. 3872340940 (September 28, 2023 – September 28, 2024), including all endorsements and declarations pages;
2. Plaintiff's communications with Defendant's employees regarding the Claim, including written correspondence and emails;
3. Claim payment records and payment summaries issued by Defendant;
4. Defendant's personal property inventory and valuation documentation for the Claim;
5. The November 22, 2024 Claim Outcome letter;
6. Correspondence between Defendant and the California Department of Insurance regarding Plaintiff's complaint, including the March 27, 2025 response;
7. The June 9, 2025 letter from Albert Pimentel regarding the Claim;
8. Plaintiff's complaint to the California Department of Insurance;
9. The August 17, 2025 Final Demand letter from Plaintiff to Defendant;
10. The August 18, 2025 response from Defendant;
11. Fax communications from Plaintiff to Defendant, including January 28, 2025 and March 4, 2025 faxes;
12. Licensed contractor repair estimate from Progressive Home Remodeling dated May 19, 2025;
13. Palm Springs Police Department report(s) regarding the June 3, 2024 incident;
14. Photographs of the Property documenting damage from the Loss;
15. Receipts, invoices, and order confirmations for replacement personal property items;
16. EUO transcript and related correspondence;
17. Publicly available corporate filings and regulatory documents regarding Defendant;
18. Credit card statements and financial records documenting Plaintiff's additional living expenses and finance charges;
19. Any other documents produced during discovery which relate to Plaintiff's claims and claimed damages.

### III. Rule 26(a)(1)(A)(iii): Computation of Damages

Rule 26(a)(1)(A)(iii) requires the disclosure of the computation of any category of damages claimed by the disclosing party. Plaintiff's damages computation is as follows, subject to supplementation as discovery progresses:

| Damage Category | Amount |
|---|---|
| **A. Contract Damages (Breach of Contract)** | |
| Licensed contractor repair estimate | $96,400 – $102,400 |
| Sunken living area restoration | $23,100 |
| Personal property underpayments | $10,693 |
| Additional living expenses (ALE) | $17,429 |
| Finance charges and late fees | $4,500 (est.) |
| Less: Defendant's payments to date | ($30,696) |
| **Subtotal Contract Damages** | **$121,426 – $127,426** |
| **B. Bad Faith Tort Damages** | **According to proof** |
| Emotional distress, mental anguish | To be proven at trial |
| **C. Unruh Civil Rights Act (§ 52(a))** | |
| Statutory damages (min. $4,000/violation) | $28,000+ |
| **D. Punitive Damages (Civ. Code § 3294)** | **According to proof** |
| **E. Prejudgment Interest** | **According to proof** |
| **F. Costs of Suit** | **According to proof** |

The documents on which the above computations are based include the Policy, Defendant's payment records, the Progressive Home Remodeling estimate, Plaintiff's credit card statements, receipts for replacement personal property, and Defendant's correspondence. These documents will be made available for inspection and copying pursuant to Rule 34.

## IV. Rule 26(a)(1)(A)(iv): Insurance

This case involves a first-party insurance coverage dispute regarding Defendant's alleged duty to pay additional coverage benefits under the Policy for Loss-related damages arising from the June 3, 2024 burglary/vandalism incident at issue in Plaintiff's First Amended Complaint. Plaintiff is not aware of any other insurance agreement that may be liable to satisfy a judgment in this action.

Dated: February 26, 2026

Respectfully submitted,

/s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

# EXHIBIT F

**Kelly Canby**

| | |
|---|---|
| **From:** | Kiry Yeoun |
| **Sent:** | Thursday, February 26, 2026 4:07 PM |
| **To:** | jravada@icloud.com |
| **Cc:** | Kelly Canby; Michelle Bernard |
| **Subject:** | Matter No. FSAE 1416221 D'Sol v. Farmers Direct Property & Casualty Insurance Company "DEF'S INITIAL DISCLOSURES" |
| **Attachments:** | 2026-02-26 D'SOL DEF'S INITIAL DISCLOSURES.pdf |

Dear Counsel,

Attached please find electronic service copy of the following:

2026-02-26 D'SOL DEF'S INITIAL DISCLOSURES

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.977.8974
**E:** kyeoun@grsm.com | grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant.

Case No. 2:25-cv-10938-SVW-ASx

Hon. Stephen V. Wilson
Magistrate Judge: Alka Sagar

**PROOF OF SERVICE**

Complaint Filed: August 21, 2025

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On February 26, 2026 below, I served the within documents:

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S INITIAL DISCLOSURES [F.R.C.P. RULE 26(A)(1)**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Plaintiff in Pro Per**

Luna D'Sol
2275 E. Belding Dr
Palm Springs, CA 92262
Tel: (213) 925-40690
Email: jravada@icloud.com

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 26, 2026.

Kiry Yeoun
Kiry Yeoun

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT G

Exhibit A — February 27 email

**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Initial Disclosures – Luna D'Sol v. Farmers Direct, Case No. 2:25-cv-10938-SVW-ASx
**Date:** February 27, 2026 at 09:48
**To:** Kelly Canby kcanby@grsm.com
**Cc:** Michelle Bernard mbernard@grsm.com, Kiry Yeoun kyeoun@grsm.com, Jer Vang-Zamora jvang-zamora@grsm.com



Dear Ms. Canby,

Thank you for Defendant's Initial Disclosures served on February 26, 2026. I appreciate the thorough witness identification. After reviewing the disclosures, I have three clarification requests that I believe can be resolved informally.

First, Defendant's disclosures describe each witness as acting "on behalf of Farmers Direct." In light of the admission at ¶6(b) of Defendant's Answer that "employees of Farmers Insurance Exchange provide claims adjustment services for claims tendered under policies issued by Farmers Direct" pursuant to a Service Agreement, I respectfully request that Defendant clarify which listed witnesses are employees of Farmers Direct and which are employees of Farmers Insurance Exchange. This information is relevant to the claims and parties at issue in this case.

Second, the Service Agreement referenced in ¶6(b) of the Answer was not identified among the documents in Defendant's disclosures. Given that both parties have acknowledged its existence and relevance to the relationship between Farmers Direct and Farmers Insurance Exchange, I request confirmation as to whether it will be produced.

Third, Defendant's response to FRCP 26(a)(1)(A)(iv) addresses the subject-matter Policy but does not address whether any other insurance agreement — such as an errors and omissions policy or professional liability coverage — may be liable to satisfy all or part of a possible judgment in this action. I request clarification on this point.

I am happy to discuss these items at your convenience. Please let me know if you have any questions.

Respectfully,

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT H

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**DECLARATION OF LUNA D'SOL IN SUPPORT OF PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES**

Magistrate: Hon. Alka Sagar

Hearing: None Set

I, Luna D'Sol, declare as follows:

1. I am the Plaintiff in the above-captioned action, proceeding in pro per. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify thereto.

2. The emails attached as Exhibits A through E are true and correct copies of email communications sent and received by me in the ordinary course of communication with Defendant's counsel.

3. On February 26, 2026, Defendant served its Initial Disclosures. After reviewing those disclosures and Defendant's Amended Answer filed February 27, 2026 [ECF Doc. 43], I identified three deficiencies that I believed could be resolved informally.

4. On February 27, 2026, I sent written correspondence to Ms. Kelly Fitzgerald Canby, counsel for Defendant, requesting: (1) clarification of which disclosed witnesses are employees of Farmers Direct Property and Casualty Insurance Company versus Farmers Insurance Exchange, in light of paragraph 6(b) of the Amended Answer; (2) production of the Service Agreement referenced in paragraph 6(b); and (3) confirmation of any additional insurance agreements under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). A true and correct copy of that correspondence is attached hereto as **Exhibit A**.

5. On February 28, 2026, I sent a separate letter to Ms. Canby pursuant to Local Rule 7-3 regarding Defendant's Amended Answer [ECF Doc. 43], specifically addressing the Fourteenth Affirmative Defense's failure to satisfy Federal Rule of Civil Procedure 9(b) and the accountability gap created by paragraph 6(b). I offered to confer by telephone or video conference at Defendant's convenience. A true and correct copy of that letter is attached hereto as **Exhibit B**.

6. I did not receive a response to my February 27 correspondence or my February 28 letter. On March 3, 2026, I sent follow-up correspondence to Ms. Canby regarding the February 27 disclosure requests, noting that no response had been received and again requesting clarification and production. A true and correct copy of that follow-up is attached hereto as **Exhibit C**.

7. On March 3, 2026, I also sent a separate follow-up to Ms. Canby regarding the February 28 Local Rule 7-3 letter, again offering to confer at her convenience. A true and correct copy of that follow-up is attached hereto as **Exhibit D**.

8. On March 5, 2026, Ms. Canby sent me an email that addressed a scheduling matter and stated, regarding my outstanding inquiries: "Please note that regarding your prior email inquiries related to Farmers Direct's Amended Answer and Initial Disclosures, we anticipate providing responses to you by early next week." A true and correct copy of Ms. Canby's March 5, 2026 email is attached hereto as **Exhibit E**.

9. "Early next week" from March 5, 2026 was March 9 or March 10, 2026. As of the date of this Declaration, I have not received any response from Defendant's counsel to my February 27 disclosure requests, my February 28 Local Rule 7-3 letter, my March 3 follow-ups, or the commitment made in Ms. Canby's March 5 email. The Service Agreement has not been produced. No witness employment clarification has been provided. No supplemental Rule 26(a)(1)(A)(iv) disclosure has been served

10. On March 17, 2026, I sent an additional Local Rule 7-3 meet and confer letter to Ms. Canby and Ms. Bernard via email, requesting written confirmation regarding the Jury Demand designation in Section V of the Civil Cover Sheet filed in this action on November 14, 2025 [ECF Doc. 2], and requesting that Defendant file a corrected Civil Cover Sheet if the current designation contains an inaccuracy. I requested a response by March 19, 2026. A true and correct copy of that letter is attached hereto as **Exhibit F**.

11. As of the date of this Declaration, I have made six separate written attempts to resolve discovery and related issues without court intervention. Despite Defendant's counsel's written commitment on March 5, 2026 to respond to my outstanding requests by early the following week, no responses have been received. I file this Declaration in support of Plaintiff's Amended Motion to Compel because informal resolution has not been achieved despite those efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 17, 2026, at Palm Springs, California.

**/s/ Luna D'Sol**

**Luna D'Sol**

*Plaintiff in Pro Per*

# EXHIBIT I

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**PLAINTIFF'S NOTICE OF WAIVER OF ORAL ARGUMENT AND REQUEST FOR DECISION ON PAPERS**

Re: Amended Motion to Compel [ECF Doc. 59]

Judge: Hon. Alka Sagar

Hearing: April 9, 2026 | 11:30 a.m. | Courtroom 540

TO THE HONORABLE ALKA SAGAR, UNITED STATES MAGISTRATE JUDGE:

Plaintiff Luna D'Sol hereby waives oral argument on her Amended Motion to Compel and Request for Costs [ECF Doc. 59] and respectfully requests that the Court decide the motion on the papers. The motion is fully briefed. ECF Docs. 59, 62, and Plaintiff's Reply filed March 23, 2026. The issues are document-based, involve authenticated exhibits already in the record, and do not require oral presentation.

Plaintiff is aware of the time considerations ordinarily applicable to oral argument waivers under Local Rule 7-15. Plaintiff had not previously filed a waiver because she was fully prepared to appear in person at the April 9, 2026 hearing as originally scheduled. On April 8, 2026 — one day before the hearing — the Court sua sponte rescheduled the hearing time to 11:30 a.m. That last-minute change conflicts with

a medical appointment Plaintiff is unable to reschedule. The five-day window under Local Rule 7-15 had already closed before the Court's scheduling change occurred. Plaintiff submits this waiver immediately upon that notification and respectfully requests that the Court excuse the timing given these circumstances.

Plaintiff contacted opposing counsel to inquire whether the parties could stipulate to submission on the papers pursuant to Local Rule 7-15. Opposing counsel declined to stipulate and recommended instead that Plaintiff withdraw the motion entirely and proceed through the Court's Informal Discovery Conference process. Plaintiff respectfully declines to withdraw. As this Court's own procedures expressly state, the Informal Discovery Conference is not a substitute for a fully briefed motion. The motion is fully briefed and the record is complete.

If the Court is unable to approve the waiver and prefers in-person oral argument, Plaintiff respectfully requests that the April 9, 2026 hearing be continued to a date convenient to the Court that provides adequate advance notice. Plaintiff also respectfully brings to the Court's attention that the underlying insurance claim is approaching twelve months in age. Continued delay in resolving threshold discovery disputes causes compounding prejudice to Plaintiff's ability to prosecute her claims within applicable limitations periods.

Respectfully submitted:

**Dated: 4/8/2025** **By:** /s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

# EXHIBIT J

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | CV 25-10938-SVW (ASx) | Date | April 14, 2026 |
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company, et. al..* | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):** **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE (Dkt. 59).**

On March 17, 2026, Plaintiff filed a Motion to Compel Defendant to produce documents and provide supplemental disclosures. (Dkt. No. 59). On March 19, 2026, Defendant filed its opposition to the motion, (Dkt. No. 62). On March 23, 2026, Plaintiff filed a Reply in support of the motion. (Dkt. No. 65). On April 8, 2026, Plaintiff filed a notice of waiver of oral argument and request for decision on the papers. (Dkt. No. 69). Accordingly, the hearing scheduled for April 9, 2026, was vacated and the motion was taken under submission. (Dkt. No. 70).

Plaintiff seeks an order directing Defendant to (1) produce the service agreement between Defendant and Farmers Insurance Exchange, and argues that Defendant referenced the agreement in its Amended Answer to Plaintiff's First Amended Complaint and relies on the agreement in its defense; (2) identify, for each witness listed in its initial disclosures, whether that witness is an employee of Defendant or an employee of Farmers Insurance Exchange; and (3) provide all insurance and indemnification agreements available to satisfy any judgment in this case. (Dkt. No. 59). Defendant opposes the motion, pointing out that Plaintiff has failed to comply with Local Rule 37-1 through 37-4, by failing to meet and confer and prepare and submit a joint stipulation. (Dkt. No. 62). Defendant also addresses the merits of the motion, contending that the discovery sought by Plaintiff is beyond the scope of what is required under Fed. R. Civ.P. 26(a)(1)(B), and 26(a)(1)(A)(iv). (Id.). Plaintiff's Reply alleges that the meet and confer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | CV 25-10938-SVW (ASx) | Date | April 14, 2026 |
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company, et. al..* | | |

requirements under Local Rule 37-1 and Fed.R.Civ.P. 37 were satisfied by her email communications to Defendant. (Dkt. No. 65).

From her Motion, it does not appear Plaintiff has complied with Local Rule 37-1 or Fed.R.Civ.P. 37 ("FRCP 37") to meet and confer or attempt in good faith to meet and confer. Local Rule 37-1 requires the moving party to serve a letter requesting a conference and identifying the issues or discovery requests in dispute, provide any legal authority it believes is dispositive of the dispute, and specify the terms of the discovery sought. Opposing counsel must meet and confer within ten days after the moving party serves a letter requesting such a conference. If they are unable to resolve their differences through this meet and confer process, then any motion to compel must be filed in the form of a joint stipulation, following the procedures set forth in Local Rule 37-2. FRCP 37 states: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (FRCP Rule 37-1).

Plaintiff claims that she complied with the meet and confer requirements by sending email communications but never received a response. (Dkt. Nos. 59, 65). But Plaintiff's email communication to Defendant's counsel, dated February 27, 2026, requested Defendant to clarify whether the witnesses identified in its initial disclosures were employees of Defendant or of Farmers Insurance Exchange, requested production of the service agreement referenced in Defendant's amended answer, and sought clarification regarding the existence of "any other insurance agreement . . . to satisfy all or part of a judgment in this action." (Dkt. No. 59-3). Plaintiff sent another email the following day which does not address the issues pertaining to her motion. Plaintiff then sent two email communications, dated March 3, 2026, that requested a response to the emails she had sent on February 27, 2026, and February 28, 2026. (Dkt. No. 59-5). These e-mail communications do not satisfy Rule 37-1. Plaintiff merely requested discovery, failed to identify any matters that are in dispute, much less provide any authority for her requests, and failed to represent that she was sending a meet and confer letter in compliance with the Local

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | CV 25-10938-SVW (ASx) | Date | April 14, 2026 |
| Title | *Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company, et. al..* | | |

Rules. As Defendant points out, Plaintiff did not request a meet and confer *regarding her proposed motion to compel*, and failed to provide a joint stipulation to Defendant as required by Local Rule 37-2.4., or give Defendant adequate time to reply prior to filing her Motion on March 17, 2026. (See Dkt. No. 62).

Because Plaintiff failed to properly meet and confer with opposing counsel prior to filing her motion to compel, the Court DENIES the motion without prejudice. For the same reasons, Plaintiff's request for sanctions is also denied. The Court notes that although Plaintiff's failure to comply with the Local Rules renders her subject to sanction, see L.R. 37-4, the Court will not sanction plaintiff here in light of her *pro per* status and potential unfamiliarity with the Local Rules. However, Plaintiff is cautioned that further failure to comply with the rules of this court may result in the imposition of sanctions.

Accordingly, Plaintiff's motion to compel is DENIED without prejudice.

**IT IS SO ORDERED.**

0 : 00

Initials of Preparer AF

# EXHIBIT K

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Thursday, April 23, 2026 7:17 AM |
| **To:** | Kelly Canby; Michelle Bernard |
| **Cc:** | Jer Vang-Zamora; Kiry Yeoun |
| **Subject:** | : LR 37-2.2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days |
| **Attachments:** | JOINT STIPULATION RE- PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES .docx |

Ms. Canby,

Pursuant to Local Rule 37-2.2, Plaintiff provides her portion of the Joint Stipulation regarding the discovery issues addressed in Judge Sagar's ruling.

Please insert Defendant's positions in the designated sections and return the completed Joint Stipulation within seven (7) days of this email.

Plaintiff further notes prior meet-and-confer efforts, including written communications dated April 14 and April 15, 2026, as well as follow-up telephone calls and voicemail messages, none of which have received a substantive response.

If Defendant does not timely provide its portion of the Joint Stipulation, Plaintiff will proceed with filing a unilateral submission in compliance with the Local Rules and will inform the Court of Defendant's failure to participate in the joint stipulation process.

Regards,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT L

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, June 23, 2026 2:06 PM
**To:** 'Luna D'Sol'; Michelle Bernard
**Cc:** Joni Etue
**Subject:** RE: Confirmation of our meet and confer discussion on the afternoon of 6/18/26/RE: Meet and Confer Pursuant to L.R. 7-3 Regarding Anticipated Motion for Reconsideration

Hello Ms. D'Sol –

Just wanted to follow up on my email below to see if/when you will be prepared to exchange Initial Disclosure documents?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Thursday, June 18, 2026 4:11 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Cc:** Joni Etue <jetue@grsm.com>
**Subject:** RE: Confirmation of our meet and confer discussion on the afternoon of 6/18/26/RE: Meet and Confer Pursuant to L.R. 7-3 Regarding Anticipated Motion for Reconsideration

Hello Again Luna –

We also need to exchange our Initial Disclosure documents. Please let me know if you will be prepared to do so next week?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com

101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, June 18, 2026 4:09 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Confirmation of our meet and confer discussion on the afternoon of 6/18/26/RE: Meet and Confer Pursuant to L.R. 7-3 Regarding Anticipated Motion for Reconsideration

Hello Ms. D'Sol –

Thanks for your call today. As we discussed, Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") does not agree that there are any appropriate grounds for you to seek reconsideration of the Court's prior ruling and denial of your Renewed Motion for Remand and will not agree to any of your proposed stipulations related to the "evidentiary record," so please proceed with your anticipated motion for reconsideration as you see fit and the Court will decide.

[redacted] REDACTED [redacted] a mediation completion date in place per the Local Rules which is explained on Judge Wilson's website is as follows:

> The parties shall participate in mediation no later than forty-five (45) days before the Final Pretrial Conference. Civil L.R. 16-15.2. Dates set by the court will not be deferred, delayed, or postponed to accommodate mediation. See Honorable Stephen V. Wilson | Central District of California | United States District Court (emphasis added).

Based on the 10/05/26 Final Pretrial Conference date recently set by the Court, I have calculated the Mediation Completion Date as being August 21, 2026. Please let me know if you contend otherwise.

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, June 16, 2026 2:46 PM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>
**Subject:** Meet and Confer Pursuant to L.R. 7-3 Regarding Anticipated Motion for Reconsideration

Dear Ms. Bernard,

Pursuant to Local Rule 7-3 of the Central District of California, Plaintiff respectfully requests a meet and confer regarding Plaintiff's anticipated Motion for Reconsideration of the Court's ruling on renewed motion to remand.

The anticipated motion concerns evidence and issues that Plaintiff believes were not fully presented to or considered by the Court, including:

1. The relationship between Farmers Insurance Exchange and Farmers Direct Property and Casualty Insurance Company, including the Assumption Certificate and related policy documents;
2. State court records and electronic filing records relevant to the procedural history discussed in Defendants' prior filings;
3. Evidence obtained after the prior briefing concerning the preparation, execution, and filing of certain stipulations and related state-court documents.

Plaintiff seeks to determine whether the parties can reach agreement regarding the accuracy of the evidentiary record and whether any portion of the contemplated motion may be narrowed or avoided.

If the parties are unable to resolve these issues, Plaintiff intends to proceed with the motion and will advise the Court that the parties complied with Local Rule 7-3.

Sincerely,

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Thursday, April 23, 2026 7:17 AM |
| **To:** | Kelly Canby; Michelle Bernard |
| **Cc:** | Jer Vang-Zamora; Kiry Yeoun |
| **Subject:** | : LR 37-2.2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days |
| **Attachments:** | JOINT STIPULATION RE- PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES .docx |

Ms. Canby,

Pursuant to Local Rule 37-2.2, Plaintiff provides her portion of the Joint Stipulation regarding the discovery issues addressed in Judge Sagar's ruling.

Please insert Defendant's positions in the designated sections and return the completed Joint Stipulation within seven (7) days of this email.

Plaintiff further notes prior meet-and-confer efforts, including written communications dated April 14 and April 15, 2026, as well as follow-up telephone calls and voicemail messages, none of which have received a substantive response.

If Defendant does not timely provide its portion of the Joint Stipulation, Plaintiff will proceed with filing a unilateral submission in compliance with the Local Rules and will inform the Court of Defendant's failure to participate in the joint stipulation process.

Regards,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard <mbernard@grsm.com> |
| **Sent:** | Thursday, April 23, 2026 8:17 AM |
| **To:** | Luna D'Sol |
| **Cc:** | Jer Vang-Zamora; Kiry Yeoun; Kelly Canby |
| **Subject:** | RE: : LR 37-2.2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days |
| **Attachments:** | JOINT STIPULATION RE- PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES .docx |

Dear Ms. D'Sol: This confirms receipt of your Joint Stipulation.

On behalf of Farmers Direct, we will provide our inserts in the designated sections by close of business on April 30, 2026.

Best regards,

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, April 23, 2026 7:17 AM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Cc:** Jer Vang-Zamora <jvang-zamora@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>
**Subject:** : LR 37-2.2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days

Ms. Canby,

Pursuant to Local Rule 37-2.2, Plaintiff provides her portion of the Joint Stipulation regarding the discovery issues addressed in Judge Sagar's ruling.

Please insert Defendant's positions in the designated sections and return the completed Joint Stipulation within seven (7) days of this email.

**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Do you intend to proceed with the attached (YES or NO)? / : LR 37-2.2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days
**Date:** April 28, 2026 at 20:48
**To:** Kelly Canby kcanby@grsm.com
**Cc:** Michelle Bernard mbernard@grsm.com



Ms. Canby:

There is no operative joint stipulation.

No such meet-and-confer has occurred sufficient to satisfy Local Rule 37-1. To the extent there is any disagreement regarding prior communications, they do not constitute a completed, good-faith meet-and-confer within the meaning of the Rule. See, e.g., Leszczynski v. Kitchen Cube LLC, 2024 WL 1684475 (C.D. Cal. 2024); Goldwater Bank, N.A. v. Elizarov, 2022 WL 17078950 (C.D. Cal. 2022).

Accordingly:

• The Local Rule 37-2.2 joint stipulation process has not been initiated
• There is no operative stipulation to proceed with or withdraw
• Farmers Direct is not required to provide inserts by April 30

If Defendant wishes to conduct a proper meet-and-confer on any specific discovery issue, I remain available.

Regards,

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Apr 28, 2026, at 16:05, Kelly Canby <kcanby@grsm.com> wrote:
>
> Hello Luna –
>
> I will respond separately and further to your other emails from earlier today, but this email seeks to clarify just one issue as follows:
>
> > Do you intend to proceed with the attached "JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND SUPPLEMENTAL DISCLOSURES" (that you sent to us by email on "April 23, 2026 7:17 AM" per below) [**YES or NO**]?
>
> Respectfully, some of your communications related to your intentions regarding your Joint Stipulation and motion to compel have not been entirely clear. I'm sincerely just trying to figure out if Farmers Direct's response (i.e., the Joint Stipulation inserts to your motion to compel) are required by 4/30 per Local Rule 37-2.2 as you previously requested. Accordingly, can you please reply to this email with either a YES or NO response (per below)?

- a YES response means that you intend to proceed with the attached (and I will send you the required inserts by 4/30); or

- a NO response means that you intend to withdraw the attached Joint Stipulation (and agree that Farmers Direct is not required to send you any inserts by 4/30).

Further clarification on this issue will be greatly appreciated.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com I grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Friday, May 1, 2026 11:40 AM
**To:** 'Luna D'Sol'
**Cc:** Michelle Bernard
**Subject:** RE: Draft Joint Motion for Protective Order attached (and responses to other discovery inquiries) / D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 Revised Stipulated Protective Order

If you no longer wish to engage in meet and confer discussions about a proposed protective order that is your choice, but Farmers Direct will not consider any potential voluntary production of the "Service Agreement" without a protective order in place.

The Court has now set a status conference for May 11, 2026. Farmers Direct will be ready to ***exchange*** Initial Disclosure documents prior to that conference if you change your mind again and wish to do so.

Your waffling back-and-forth and changing your mind on positions related to discovery and other issues has created much confusion. For example, you previously stated that "***If Defendant does not timely provide its portion of the Joint Stipulation, Plaintiff will proceed with filing a unilateral submission in compliance with the Local Rules and will inform the Court of Defendant's failure to participate in the joint stipulation process.***" Farmers Direct is prepared and ready to meet and confer in good faith regarding discovery and participate in the joint stipulation process should you change your mind again and wish to do so, and any potential representation by you to the Court on May 11, 2026 that might suggest otherwise would be inaccurate.

Your 21-day Rule 11 safe harbor notice will be addressed in due course.

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, May 1, 2026 8:40 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Draft Joint Motion for Protective Order attached (and responses to other discovery inquiries) / D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 Revised Stipulated Protective Order

Ms Canby,

I have already **I am not substantively engaging with discovery because jurisdiction is unresolved. I am including the email you did not include in your correspondence**

Plaintiff expressly maintains that this Court lacks subject-matter jurisdiction and does not waive, concede, or consent to federal jurisdiction by participating in any proceeding, communication, or procedural matter in this action. All participation is undertaken subject to and without waiver of Plaintiff's pending and continuing challenge to jurisdiction, including the request for remand pursuant to 28 U.S.C. § 1447(c).

Please resolve the Rule 11 safe harbor notice.

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 30, 2026, at 22:27, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

The first 3 items listed in my email below correspond to the same 3 topics as listed in your 4/23 email also below, and item 4 thereafter further responds to some of your other recent email communications about other discovery issues.

1. PROTECTIVE ORDER: Attached please find a copy of a draft proposed protective order that is in a format that would be acceptable to defendant Farmers Direct (and is prepared in the "Joint Motion" format as required by Magistrate Sagar and based upon the "model" protective order found on her website). As previously mentioned, Farmers Direct will not agree to the terms and revisions to the Magistrate's "model" protective order that you previously proposed in your emails dated 4/16/26 and 4/22/26, so if you still wish to seek a protective order with those sought terms you will need to do so on your own. The attached draft very closely tracks the language found in the Magistrate's model protective order which is appropriate for use in an insurance coverage case where an insurer's confidential and/or proprietary business information may in certain instances be within the scope of permissible discovery, so these types of safeguards are necessary. Please let me know if we have your authorization to affix your electronic signature to the attached draft and then our office will finalize for filing with the Magistrate (along with the companion redline)?

2. WITNESS DISCLOSURES: Please note that Farmers Direct has decided to stand on its Initial Disclosures as currently drafted as its witness disclosures found therein are fully compliant with the requirements of Rule 26(a). For example, all the claims handlers witnesses identified by Farmers Direct therein are represented by defense

counsel and the topics of their anticipated testimony have been provided. *See e.g.*, *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (see also further discussion of additional relevant cases cited in my 4/23/26 email below). Additionally, Farmers Direct is not required to identify a Rule 30(b)(6) corporate PMK witness "by name" in the Initial Disclosures as you have demanded because Rule 26(a)(1)(A)(i) is "limited to individuals and exclusive of corporate entities" so an "exclusion" must "necessarily apply to individuals who testify on behalf of corporate entities." *See e.g., Moore v. Computer Associates Intern., Inc.*, 653 F.Supp.2d 955, 959-960 (D. Ariz. 2009). "[M]any courts and commentators have concluded that when, as here, a party seeks to disclose a corporate representative who will testify about corporate policies, it is not necessary to identify that individual by name."*Equity Recovery Specialist LLC v. Select Portfolio Servicing Inc.*, No. CV-21-01889-PHX-DWL, 2023 WL 528675 *7 (August 16, 2023).

3. CLAIM FILE/INITIAL DISCLOSURE DOCUMENT EXCHANGE: With regard to the documents identified in Farmers Direct's Initial Disclosures and the voluminous Claim file we previously discussed, please note that most of the non-privileged and non-confidential portions of Farmers Direct's file for the Claim should be prepared and ready tomorrow (5/1). Please let me know when you anticipate having your Initial Disclosure documents prepared and ready for production so we can coordinate a time for an exchange of documents?

4. LOCAL RULE 37-2.2 JOINT STIPULATION AND OPPOSITION INSERTS TO PLAINTIFF'S SECOND MOTION TO COMPEL WILL BE SENT TO YOU NEXT WEEK: I will plan to send you Farmers Direct's opposition inserts for your Joint Stipulation next week before I leave town on May 6, 2026 as I understand from your prior email dated 4/30/25 that "Farmers Direct is not required to provide inserts by April 30."

I'm also available next week May 4-5, if you wish to further discuss any of these discovery issues outlined above.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, April 23, 2026 10:40 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>

**Subject:** Re: D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 RE: Revised Stipulated Protective Order

Ms. Canby,

Thank you for your April 23 correspondence. Plaintiff has reviewed your positions and notes the following:

1. Protective Order: Plaintiff will review Defendant's proposed alternative draft when circulated next week and respond accordingly. Plaintiff reserves all rights with respect to the modifications proposed in her April 16 correspondence.

2. Witness Disclosures: The individuals referenced in your email were not identified in Plaintiff's Initial Disclosures because Plaintiff does not intend to call them as witnesses. Plaintiff's case rests on Defendant's own employees, the claim file, the police report, and Farmers' own inspection report from the day following the incident. No supplementation is required for witnesses Plaintiff does not intend to use.

3. Claim File: Plaintiff notes Defendant's representation that the claim file is being prepared for production. Plaintiff expects production consistent with the commitment made at the February 12, 2026 Rule 26(f) conference.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 23, 2026, at 08:48, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Ms. D'Sol –

I just wanted to confirm that your prior email messages dated 4/16 and 4/22 have been received and a preliminary response is below, including related to your proposed revisions to the Magistrate's "model protective order." Please note that I anticipate a further response next week which will include, among other things, a proposed version of the Magistrate's "model protective order" that is in a form that would be agreeable to defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") as the revisions you have proposed to the Magistrate's "model protective order" are unacceptable for the reasons outlined below.

First, a protective order must be CASE SPECIFIC.

One court does not have the power to bind another. For example, a protection order issued by a federal court would not automatically permit a

document produced thereunder to be filed under seal in a state court and each court will also make its own determinations as to whether a document is even discoverable, much less admissible as evidence. *See e.g., Universal Studios, Inc. v. Superior Court*, 110 Cal.App.4th 1273, 1285 (2003) (where documents were lodged conditionally under seal ordered to be returned to counsel as sealing orders issued by other courts do not "prohibit us from exercising our discretion based on the facts before us"), citing Cal. R. Ct. 2.550, 2.551; *see also generally Gann v. General Motors LLC*, No. CV-22-00080-TUC-RM (EJM) 2022 WL 3552484, *7 (D. Ariz. August 18, 2022) (noting that a "proposed protective order does not guarantee that a confidential document will be filed under seal," especially in another court which "will determine the matter" subject to its own rules and procedures).

For example, in the case *Takata v. Hartfor Comprehensive Employee Ben. Service Co.*, 283 F.R.D. 617, 621-622 (E.D. Wash. 2012) which involved an insurer's confidential business information which was produced subject to a protective order only after a successful motion to compel use of those materials was expressly limited to that case only. "Plaintiff's counsel may not retain the information to use in any other case." *Takata*, 283 F.R.D. at 622. "If counsel needs the information in another case, at that time, he must make the necessary showing to compel the production or the trade secrets and confidential and proprietary information." *Takata*, 283 F.R.D. at 622. The "Court is persuaded that public disclosure of this information would harm Hartford, that competitive advantage would be lost" and there was "good cause supports protecting Defendants by requiring that materials justifiably marked as confidential not be disclosed to the public and that Plaintiff return those materials to Defendants after the close of this litigation." *Takata*, 283 F.R.D. at 622.

Your proposed revisions to the "model protective order" related to the terms pertaining to "DURATION" (paragraph 4) "ACCESS TO AND USE OF PROTECTED MATERIAL" (paragraph 7.1) and "FINAL DISPOSITION"(paragraph 13) are all unacceptable.

Farmers Direct will not agree to a stipulated protective order that expressly does "not extend beyond the commencement of the trial." Moreover, you have also stricken the entire "ALTERNATIVE POSSIBLE APPROACH" to "DURATION" paragraph from the "model protective order" which states the following: "**Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise**." This type of language is appropriate and necessary and the type of "DURATION" that Farmers Direct would be amendable to **<u>but only without</u>** any of your additional proposed language that would effectively negate the requirement found in paragraph 13 of the "model protective order" (i.e., whereby after "the final disposition" upon "written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material"). Specifically,

Farmers Direct will not agree to your proposed additional language to paragraph 13 of the "model protective order" that, "[n]otwithstanding the foregoing, Plaintiff shall be permitted to retain one copy of the Service Agreement in her confidential legal files to the extent necessary . . . to support a related proceeding, as described in Section 7.1," especially given the following additional language you propose to add to paragraph 7.1: "Nothing in this Order shall restrict a Receiving Party's use of Protected Material in any related proceeding involving the same subject matter, parties, or claims, including any action arising from the same insurance claim at issue in this litigation." Per your email dated 4/16, I understand that you contend that this proposed revision to paragraph 7.1 "ensures Plaintiff is not prejudiced in any related proceeding by a confidentiality designation placed on documents that are central to her claims." However, for the reasons explained above, Farmers Direct will agree to a protective order that is **case specific only** which is exactly how paragraph 7.1 of the "model protective order" is drafted currently in the form shown on the Magistrate's website (i.e., one of the "Basic Principles" is that "Protected Materials" are for use in "this Action only" and when "the Action has been terminated, a Receiving Party must comply with the provisions of section 13 regarding "FINAL DISPOSITION"). *See e.g.,Takata*, 283 F.R.D. at 622.

Regarding your request for Farmers Direct to amend its Initial Disclosures related to witness information, please note that all claim adjuster witnesses listed in Farmers Direct's Initial Disclosures are represented by defense counsel. Farmers Direct's Initial Disclosures also specifically advise that all such witnesses can be contacted through defense counsel. Topics of anticipated testimony are also provided for each such witness. Accordingly, Farmers Direct's witness disclosures are fully compliant with Rule 26(a).

For example, in the case *Nguyen v. County of Clark*, Case No. No. C10–5267BHS, 2010 WL 4483819 *1 (W.D. Wash. October 29, 2010), the Court denied the plaintiff's motion to compel defendant to provide additional "background information" about witnesses listed in the defendant's Initial Disclosures who were represented by counsel. "**Plaintiffs have failed to show how providing counsel's address for individuals represented by that counsel, and whose counsel has agreed to accept service on their behalf, is inappropriate under Rule 26**." *Nguyen* 2010 WL 4483819 at *1 (emphasis added). Moreover, a similar motion to compel was filed by pro per plaintiffs in this Court here (i.e., because defendant's initial disclosures "were missing several key pieces of evidence they expected to get") but that motion was described as "**Largely Frivolous**" and denied because the listed witnesses "are represented by counsel" and "defendants offered to make them available for depositions and written discovery." *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (emphasis added). Rule 26(a) does not require that any additional witness "background" information be provided in Initial Disclosures, including employment information or otherwise. *See generally Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1188 (9th Cir. 2022) (explaining

that Rule 26(a)(1)(A) requires the disclosure of "'individuals likely to have discoverable information – along with the subjects of that information' for the purpose of identifying potential fact witnesses").

However, we are willing to meet and confer with you further on this issue, so if you have any contrary authority that you would like Farmers Direct to consider please share that information and allow for a reasonable time for it to be considered and we can thereafter set up a time to further discuss as well.

Regarding your Initial Disclosures, I noticed that you have not listed any of the people who were apparently at your home during or around the time of the alleged "vandalism" and/or "burglary" incident that is subject of your Claim – including "Robin," "Edward Green," "Garrick," "Kyle Mangione" and/or others -- and as far as I am aware you have not provided any contact information for any of those witnesses either. *See generally Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1188 (9th Cir. 2022) (Rule 26(a)(1)(A) requires the disclosure of "'individuals likely to have discoverable information – along with the subjects of that information' for the purpose of identifying potential fact witnesses"). Moreover, merely alleging that an incident is a purported "vandalism claim" does not make it such, rather the "burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage." *Tellone Professional Center, LLC v. Allstate Ins. Co.*, 562 F.Supp.3d 757, 765 (C.D. Cal. 2022) (insurer's motion for summary judgment granted where the "only covered cause of loss" that the plaintiff "has asserted throughout the course of its dealings with [insurer] Allstate and in the [first amended complaint] FAC is vandalism" the plaintiff could not demonstrate the "claim fell within the scope of the Policy" with "speculative and/or conclusory arguments" which "are not facts sufficient to support a claim of vandalism"). As further explained in the *Brodeur* case decided by the Ninth Circuit, "Rule 37(c)(1) further clarifies the importance of identifying potential witnesses, stating that '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."*Brodeur*, 41 F.4th at 1190, citing Fed. R. Civ. P. 37(c)(1) (emphasis added). Accordingly, we would like to meet and confer with you further on this issue as well and request that your Initial Disclosures be supplemented and contact information for those witnesses be provided. If they are represented by counsel then providing contact information for their counsel is sufficient under Rule 26(a) so long as the topics of anticipated testimony, if any, is also provided.

Regarding the exchange of documents, we are continuing to review and prepare the voluminous Claim file for anticipated production and are making good progress. There are potentially at least some discrete items that may be appropriate for production under a protective order. Please let us know how you are progressing with the preparation of your documents and/or if

you anticipate producing any medical records or other items that might be appropriately subject to a protective order? This information will be helpful to know and further discuss to aid and inform our continued discussions and ongoing efforts to meet and confer related to the model protective order found on the Magistrate's website and potential Joint Motion for Protection Order if we can come to an agreement on the language.

Kelly Canby

---

**Kelly F. Canby**
Partner

**G**
**Y**
**D**
**E**
1
v

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, April 22, 2026 11:27 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Revised Stipulated Protective Order

Counsel,

Attached is Plaintiff's revised draft of the proposed Stipulated Protective Order.

The revisions are narrowly tailored to address scope, ensure compliance with Rule 26, and prevent overbroad confidentiality designations that would interfere with Plaintiff's ability to prosecute the case.

Please review and advise whether Defendant will stipulate. If not, identify any specific provisions Defendant contends are objectionable and the basis for those objections.

Absent agreement, Plaintiff will proceed accordingly.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 15, 2026, at 19:59, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol –

This email responds to your emails from yesterday and earlier today (below) and to the voicemail messages you left for me and for Ms. Bernard earlier today. As previously explained in further detail in Farmers Direct Property and Casualty Insurance Company's ("Farmers Direct") Opposition [ECF Doc. 62, at pp. 6-8] to your Motion to Compel, Farmers Direct has no affirmative obligation to disclose or produce a copy of the "Service Agreement" you have requested as part of the

Initial Disclosures process under Rule 26(a) as Farmers Direct does not intend to rely upon that document to support its defenses in this case. *See e.g.,* Yaccarino *v. Motor Coach Industries, Inc.,* No. 03-CV-4527 (CPS), 2006 WL 5230033 *6 (E.D.N.Y. September 29, 2006), citing Fed. R. Civ. Proc. 26(a)(1)(B).

However, in a good faith effort to eliminate any further discovery disputes related to the "Service Agreement" and to hopefully avoid additional frivolous motion filings by you in the future, Farmers Direct is willing to expedite the discovery process and voluntarily produce a copy of the "Service Agreement" subject to and after a stipulated protective order is signed and entered by the Court. I've attached a copy of the sample "model protective order" found on Magistrate Sagar's website for your review and consideration which is required to be submitted in a "Joint Motion" format, per the following instructions below:

> **Joint Motion for Stipulated Protective Orders:** All stipulated protective orders must be titled **JOINT MOTION FOR STIPULATED PROTECTIVE ORDER** and must comply with Rule 26 and the Ninth Circuit's standards for protective orders. It is mandatory that parties submitting a stipulated protective order for the court's approval file a single document entitled Joint Motion for Stipulated Protective Order and email a copy in WordPerfect or Microsoft Word to the Court at AS_Chambers@cacd.uscourts.gov . . . [***LINK OMITTED***]. It is not necessary to file a separate Proposed Protective Order. Absent unusual circumstances, **parties shall prepare their protective orders based on the model protective order that is available for download below**. When the parties submit a protective order based on this model order, a redline in Microsoft Word format shall also be provided by email to Chambers at AS_Chambers@cacd.uscourts.gov that shows **all differences** between the submitted order and model order. The redline version of the Proposed **Joint Motion for Stipulated Protective Order** should be emailed to chambers and **NOT** be filed on the docket. The parties shall file the document utilizing the following events: *Civil Motions -> Motions and*

*Related Filings -> Discovery Motions -> Protective Order*. *See* Honorable Alka Sagar | Central District of California | United States District Court

Please let me know if you are amenable to this approach and/or if you wish to further discuss I'm also available on Monday (4/20 after 10:00 am) or Tuesday (4/21 after 1:00 pm) for a videoconference as well?

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, April 15, 2026 3:33 PM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: Meet and Confer - Service Agreement / Discovery Issues

Counsel Bernard and Canby,,

Following up on my prior email regarding meet and confer, I attempted to reach both of you by telephone today at the numbers provided at your email and left voicemails.

For scheduling purposes, I am available any time today, tomorrow or any time thereafter. If those times do not work, please provide alternative availability within the next few days.

I am available by telephone or Zoom.

Regards,
Luna D'Sol

On Apr 14, 2026, at 19:55, Luna D'Sol <jravada@icloud.com> wrote:

Counsel,

Following the Court's April 14, 2026 Order denying Plaintiff's Motion to Compel without prejudice based on meet-and-confer, Plaintiff writes to initiate a further meet-and-confer regarding the discovery issues raised in that motion.

The primary issue remains Defendant's refusal to produce the Service Agreement referenced in Defendant's Answer (ECF No. 43 ¶6(b)) and described in Defendant's own submitted regulatory materials. Plaintiff maintains that the document is directly relevant under Rule 26(b)(1) and necessary to resolve the parties' dispute regarding the relationship between Farmers Direct and Farmers Insurance Exchange.

Plaintiff is available to meet and confer by telephone or Zoom and is available at your earliest availability.

Please advise your availability.

Plaintiff is prepared to discuss this issue in good faith and attempt to resolve or narrow the dispute without Court intervention.

Regards,

Luna D'So

Sent from my iPhone

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<Judge Sagar_Joint Motion for Stipulated Protective Order (Updated May 2024) .docx>

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Saturday, May 9, 2026 10:42 PM
**To:** Kelly Canby
**Cc:** Michelle Bernard
**Subject:** Re: Draft Joint Motion for Protective Order attached (and responses to other discovery inquiries) / D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 Revised Stipulated Protective Order

Ms. Canby,

I respond to set the record straight regarding several characterizations in your May 1, 2026 email.

1. **The voicemail messages**. Your April 23, 2026 email states that you were "not aware that I received or missed any of your calls or voicemail messages." Your April 24, 2026 email states that "I again asked you about the basis for your remarks in prior emails regarding your alleged "follow-up telephone calls," "voicemail messages," and/or "prior calls" to me." Both statements are inconsistent with your own April 15, 2026 email at 7:59 PM, which expressly responded to "the voicemail messages you left for me and for Ms. Bernard earlier today." Plaintiff's voicemail outreach on April 15, 2026 is reflected in your own writing.

**2. The "joint stipulation" framing**. In your April 27, 2026 correspondence, you requested withdrawal of a purported "joint stipulation," while later asserting that no meet-and-confer process had yet occurred. Those positions are difficult to reconcile procedurally. In addition, the issue was raised again after the parties had already met and conferred regarding Plaintiff's concerns relating to the pending remand proceedings and the accuracy of the procedural record. Under those circumstances, Plaintiff could not reasonably understand Defendants to be initiating a proper Local Rule 37-1 process midway through the remand briefing proceedings.

**3. The "waffling back-and-forth" characterization**. I disagree with this characterization since clearly it is not something that I have caused.

**4. The protective order discussions.** Neither party has initiated a Local Rule 7-3 conference regarding any proposed protective order.

I remain willing to address procedural discrepancies through a professional and good-faith process consistent with the Local Rules, and expect the same posture from Defendants.

Respectfully,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, April 27, 2026 6:53 AM
**To:** Kelly Canby
**Cc:** Michelle Bernard; Jer Vang-Zamora; Kiry Yeoun
**Subject:** Re: Defendant's Communications of April 23 and April 25, 2026 — Plaintiff's Supplemental Response

Ms. Michelle and Ms. Canby,

At the outset, Defendant's characterization of Plaintiff's role and engagement is inaccurate and unsupported. Those assertions are denied. Plaintiff's participation in this action is undertaken solely to preserve and protect jurisdictional rights, including objections to removal and any defects in subject matter jurisdiction. Nothing in this correspondence is intended to concede federal jurisdiction, waive any procedural or jurisdictional defect, or constitute consent to adjudication in this forum. Plaintiff expressly reserves all rights as to remand.

**1. Settlement Communication**

REDACTED

**3. James v. US Bancorp**

Defendant's reliance on James v. US Bancorp is inaccurate and does not support Defendant's position.

(a) The court granted the motion to compel in part and ordered supplementation.

(b) The court rejected restrictions on witness communication.

(c) The court required disclosure of contact information for unrepresented witnesses.

(d) The court addressed the dispute on the merits despite procedural issues.

The decision does not support Defendant's position. Defendant is directed to withdraw the citation or state the basis for its reliance.

**4. Record Clarification (Non-Waiver)**

Plaintiff notes the existence of the following materials in the record:

(a) June 5, 2024 inspection by Defendant's adjuster;

(b) police report classification;

(c) October 29, 2024 payment;

(d) September 27, 2024 Examination Under Oath.

This statement is made solely to preserve the record and does not constitute argument on the merits, concession of any issue, or waiver of Plaintiff's jurisdictional position.

**5. Withdrawal Request**

Defendant has inconsistently referenced withdrawal of "the motion to compel" and "your Joint Stipulation." These are distinct. Plaintiff has not agreed to withdraw either. Defendant is requested to clarify:

(i) the specific item it seeks to withdraw; and

(ii) whether Defendant contends that a valid meet-and-confer has occurred for purposes of Local Rule 37-2.2.

Plaintiff's response is provided without waiver of any objection to the procedural posture of the motion or to the propriety of federal jurisdiction.

**6. Document Production**

Plaintiff notes Defendant's representation that the claim file is being prepared for production. Plaintiff expects production consistent with prior commitments.

Any participation in discovery by Plaintiff is undertaken solely to comply with procedural obligations and to avoid prejudice, and shall not be construed as consent to federal jurisdiction or waiver of remand.

**Luna D'Sol**
📱 (213) 925-4069
✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 24, 2026, at 19:04, Kelly Canby <kcanby@grsm.com> wrote:

Ms. D'Sol –

Thank you for your call this afternoon, this email shall confirm our telephone discussion as follows:

1. **Proposed Protective Order:** For the reasons previously explained in further detail in both Michelle Bernard's email to you dated 4/23/2026 (7:57 am) and my email to you dated 4/23/2026 (8:49 am), which I reviewed again during our call, Farmers Direct will not agree to your proposed revisions to the Magistrate's "model protective order" (e.g., among other reasons, your proposed version is not limited to this action only and includes terms whereby you seek to allow for use of confidential material produced thereunder in other cases which is objectionable, is too narrow insofar as it contemplates that only a single document could be subject to the order and does not allow for potential inclusion of other documents with proprietary or confidential information that may be produced in this case, is also objectionable as to your proposed duration and Farmers Direct will not agree to your sought retention of confidential materials after the conclusion of this case, etc.). We anticipate circulating an alternative proposed Stipulated Protective Order for your review/consideration next week once we have an opportunity to review the same with our client representative.

2. **Your Prior Remarks Regarding Alleged Unreturned Calls And Voicemails And My Request For Additional Information:** I again asked you about the basis for your remarks in prior emails regarding your alleged "follow-up telephone calls," "voicemail messages," and/or "prior calls" to me and/or my office that were allegedly not returned as I was aware of none, and you could not provide any examples but said you would send me the information. In response, I informed you that I would like to see that information and asked you to please send it given that you stated in an email yesterday that these matters are "already reflected in the record," and I was aware of no such records.

3. **Your LR 37-2.2 Joint Stipulation And Motion To Compel And My Request To Withdraw Which You Declined:**

    a. I explained that you failed to meet the necessary meet and confer requirements that are needed to properly initiate that joint stipulation motion to compel procedure as you proceeded without first having any discussions with me regarding the topics of your motion as required by the local and federal rules. I reminded you that you lost your first motion to compel for this very same reason and directed you to again review the order of the Magistrate (as the topic of potential future sanctions against you for failing to comply with these pre-filing meet and confer rules was specifically addressed by the Magistrate in that order) and I asked that the motion to compel be withdrawn, but you were unwilling to do so.

    b. A copy of the Magistrate's Order dated April 14, 2026 [ECF Doc. 71] is attached hereto for further reference.

    c. I also informed you that Farmers Direct had complied with its witness identification obligations under Rule 26(a), with regard to the witnesses listed in its Initial Disclosures that are represented by defense counsel, but you disagreed. I again refer you to the case authorities discussed in my email to you dated 4/23/2026 (8:49 am), including the case *James v. US*

*Bancorp*, where another pro per plaintiffs filed a motion to compel similar to the one you are again pursuing now (e.g., because defendant's initial disclosures "were missing several key pieces of evidence they expected to get") but that motion was described as "**Largely Frivolous**" and denied by the Court because the listed witnesses "**are represented by counsel**" and "defendants offered to make them available for depositions and written discovery." *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (emphasis added).

d. When you asked about the status of the production of Farmers Direct's file for the Claim, I explained that some of the items in that voluminous file (almost 5000 pages of material) may be appropriately subject to a protective order which is not yet in place but otherwise I anticipated that we could have most of the non-confidential and/or non-privileged portions of the Claim file ready to be exchanged next week.

REDACTED

Please let me know if I have not accurately described our discussion.

Please also let me know if you change your mind and decide to withdraw the motion to compel?

However, based on our call today I will plan to prepare and send you Farmers Direct's inserts to the Joint Stipulation by close of business on 4/30 per Michelle Bernard's email of 4/23/26 (8:17 am).

I hope you have an enjoyable weekend,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, April 23, 2026 7:17 AM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Cc:** Jer Vang-Zamora <jvang-zamora@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>
**Subject:** : LR 37-2.2 Joint Stipulation – Plaintiff's Portion Provided / Response Required Within 7 Days

Ms. Canby,

Pursuant to Local Rule 37-2.2, Plaintiff provides her portion of the Joint Stipulation regarding the discovery issues addressed in Judge Sagar's ruling.

Please insert Defendant's positions in the designated sections and return the completed Joint Stipulation within seven (7) days of this email.

Plaintiff further notes prior meet-and-confer efforts, including written communications dated April 14 and April 15, 2026, as well as follow-up telephone calls and voicemail messages, none of which have received a substantive response.

If Defendant does not timely provide its portion of the Joint Stipulation, Plaintiff will proceed with filing a unilateral submission in compliance with the Local Rules and will inform the Court of Defendant's failure to participate in the joint stipulation process.

Regards,

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<ECF 71_ORDER DENYING PLAINTIFF'S MTC WITHOUT PREJUDICE(115635704.1).pdf>