MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10938-SVW-ASx<br><br>**DEFENDANT'S *EX PARTE* APPLICATION RE ELECTRONIC FILING MOTION PER LOCAL RULE 5-4.6.2 AND/OR FRCP 6(b)(1)(B) RE MIL NO. 1 REPLY [ECF DOC. 150]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KELLY FITZGERALD CANBY]**<br><br>Judge: Hon. Stephen V. Wilson<br>**Date: September 22, 2026**<br>**Time:** 3:00 p.m.<br>Courtroom: 10A<br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m<br><br>*Filed Concurrently With:*<br>*[Proposed] Order Granting Ex Parte Application*<br><br>Complaint Filed: August 21, 2025 |

**TO THE COURT, THE PLAINTIFF AND ALL PARTIES AND COUNSEL:**

**PLEASE TAKE NOTICE** that on September 22, 2026 and pursuant to Rule Local Rule 7-19, Defendant Farmers Direct Property and Casualty Insurance



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Company's ("Defendant" or "Farmers Direct") will and hereby does apply ex parte by written submission prior to 3:00 p.m. to Courtroom 10A of the above-entitled court located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, by electronically filing this written Ex Parte Application which requests this Court to issue an order shortening time for hearing on Farmers Direct's motion brought herein per Local Rule 5-4.6.2 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) ("Motion") due to technical failures and computer system malfunctions experienced on September 21, 2026 and/or when attempting to access the Court's CM/ECF System for the following electronic filing: "DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY AND NOTICE OF RECEIPT OF UNTIMELY OPPOSITION TO MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE TO REBUT DEEMED ADMISSIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; SUPPLEMENTAL DECLARATION OF KELLY FITZGERALD CANBY" which was filed at approximately 1:23 a.m. on September 22, 2026 [ECF Doc. 150] (hereinafter "MIL No. 1 REPLY").

Defendant's MIL No. 1 [ECF Doc. 122] is noticed for hearing at the pretrial status conference on October 5, 2026 at 3:00 p.m. and accordingly the reply papers were due to be filed on or before September 21, 2026. Accordingly, Defendant hereby seeks orders from this Court so that MIL No. 1 REPLY [ECF Doc. 150] is deemed timely filed with sufficient notice and/or otherwise still considered by this Court when it makes its determination on Defendant's MIL No. 1.

This request and Ex Parte Application are based on Rule 5-4.6.2, Local Rule 6-1 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and is based on the facts set forth in the attached Declaration of Kelly Fitzgerald Canby ("Canby Decl.") related to the technical failures, computer system malfunctions and/or CM/ECF System access problems experienced on September 21, 2026 while attempting to

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

access the Court's CM/ECF System which could not be done on two separate computer system (nor mobile devices) until the access was restored at or around the same time on both computer systems shortly after 1:00 a.m. and the electronic filing of Defendant's MIL No. 1 REPLY [ECF Doc. 150] was completed at approximately 1:23 a.m. Canby Decl., ¶¶ 2-14; **Exhibits 1-3**.

As explained further in the attached Declaration of Kelly Fitzgerald Canby and in the attached Memorandum of Points and Authorities there is good cause for the Ex Parte Application and Motion which is supported by Rule 5-4.6.2, Local Rule 6-1 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and applicable case law supporting the Motion itself and there is good cause for emergency relief as Farmers Direct's case will be irreparably prejudiced if this Motion is heard according to regularly noticed motion procedures as the October 5, 2026 hearing date would have already passed. *See e.g.,* Canby Decl., ¶ 12.

**PLEASE TAKE FURTHER NOTICE** that Farmers Direct has complied with notice provisions of Local Rule 7-19 through a telephone call to Plaintiff on the morning of September 22, 2026 shortly after noon., and another Ex Parte Application Notice email was also sent to Plaintiff on September 22, 2026 [12:35 PM] following the telephone call among other communications. *See e.g.,* Canby Decl., ¶¶ 15, **Exhibit 4**. Accordingly, Plaintiff was notified by both telephone and email on September 22, 2026 of this Court's ex parte procedures and requirements as found in the New Case Order and the Court's website whereby any opposition papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the Ex Parte Application was served (and if Plaintiff chooses not to oppose this Ex Parte Application she must inform the clerk by phone at 213-894-2881 not later than 3:00 p.m. on the first business day after service of this Ex Parte Application). Canby Decl., ¶ 15, **Exhibit 4**.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Plaintiff is listed below as follows:

Luna D'Sol
Plaintiff, In Pro Per
2275 E Belding Dr
Palm Springs CA 92262
Email Address(es):
jravada@icloud.com;
lunadsolts@gmail.com,
viewer.ratios7s@recap.email
Telephone: 213-925-4069

This Ex Parte Application is made pursuant to L.R. 7-19 and consistent with this Court's New Case Order and Chamber Rules pertaining ex parte procedures, and is based on this Ex Parte Application, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Kelly Fitzgerald Canby attached hereto and exhibits thereto, the pleadings, records and files in this action, and on such other evidence as may be presented at the request of the Court.

Dated: September 22, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By Kelly F Canby
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") respectfully requests this Court grant this Ex Parte Application for an order shortening time for hearing on the motion brought herein per Local Rule 5-4.6.2, Local Rule 6-1 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) ("Motion") due to technical failures and computer system malfunctions experienced on September 21, 2026 and/or when attempting to access the Court's CM/ECF System for the attempted electronic filing of Defendant's MIL No. 1 REPLY which was filed at approximately 1:23 a.m. on September 22, 2026 [ECF Doc. 150] after access was restored. Defendant's MIL No. 1 [ECF Doc. 122] is noticed for hearing at the pretrial status conference on October 5, 2026 at 3:00 p.m. and accordingly the reply papers were due to be filed on or before September 21, 2026. Accordingly, Defendant hereby seeks orders from this Court so that MIL No. 1 REPLY [ECF Doc. 150] is deemed timely filed with sufficient notice and/or otherwise still considered by this Court when it makes its determination on Defendant's MIL No. 1.

This Ex Parte Application, Motion and request are based on Rule 5-4.6.2, Local Rule 6-1 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and the facts set forth in the attached Declaration of Kelly Fitzgerald Canby ("Canby Decl.") related to the technical failures, computer system malfunctions and/or CM/ECF System access problems experienced on September 21, 2026 while attempting to access the Court's CM/ECF System which could not be done on two separate computer system (nor mobile devices) until the access was restored at or around the same time on both computer systems shortly after 1:00 a.m. and the electronic filing of Defendant's MIL No. 1 REPLY [ECF Doc. 150] was completed at approximately 1:23 a.m. Canby Decl., ¶¶ 2-14; **Exhibits 1-3**. As explained further in the attached

Declaration of Kelly Fitzgerald Canby there is good cause for the Ex Parte Application and Motion which is supported by Rule 5-4.6.2, Local Rule 6-1 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and applicable case law supporting the Motion itself and there is good cause for emergency relief as Farmers Direct's case will be irreparably prejudiced if this Motion is heard according to regularly noticed motion procedures as the October 5, 2026 hearing date would have already passed. *See e.g.,* Canby Decl., ¶ 12. Plaintiff was also notified by both telephone and email on September 22, 2026 of this Court's ex parte procedures and requirements as found in the New Case Order and the Court's website whereby any opposition papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the Ex Parte Application was served (and if Plaintiff chooses not to oppose this Ex Parte Application she must inform the clerk by phone at 213-894-2881 not later than 3:00 p.m. on the first business day after service of this Ex Parte Application). Canby Decl., ¶ 15, **Exhibit 4**.

## II. BRIEF OVERVIEW OF THE ACTION AND PROCEDURAL STATUS

This case is a first party insurance coverage dispute pertaining to a property damage claim arising under a homeowner's policy issued by Farmers Direct. Although there are several pending motions under submission with the Court, this case is set for trial on October 13, 2026 and the final pretrial conference is scheduled for October 5, 2026. Canby Decl., ¶ 12. Defendant's MIL No. 1 is scheduled to be heard at the final pretrial conference on October 5, 2026. Canby Decl., ¶ 12.

## III. THE EX PARTE APPLICATION SHOULD BE GRANTED

Farmers Direct's Ex Parte Application seeking an order shortening time for hearing on this Motion brought herein per Local Rule 5-4.6.2, Local Rule 6-1 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) due to technical failures and computer system malfunctions experienced on September 21, 2026. As explained further below, the Ninth Circuit has found such motions seeking to adjust

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

filing times due to technical problems are appropriately resolved on an ex parte basis.[1] *See e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Here, without an expedited ruling, this Motion and Farmers Direct's related request for relief could not be resolved prior to the October 5, 2026 hearing date on the MIL No. 1. Accordingly, the time-sensitive nature of this relief makes ex parte treatment and appropriate and Farmers Direct will be irreparably prejudiced if this Motion is heard on regular notice as the October 5, 2026 hearing date would have already passed. Canby Decl., ¶ 12. Accordingly, Farmers Direct's Ex Parte Application for an order shortening time should be granted so that this Motion brought herein per Local Rule 5-4.6.2, Local Rule 6-1 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) can be heard and resolved on an expedited basis through this Ex Parte Application.

## IV. FARMERS DIRECT'S MOTION PER LOCAL RULES 5-4.6.2, LOCAL RULE 6-1 AND FRCP 6(b)(1)(B) SHOULD BE GRANTED

### A. Rule 6(b)(1)(B) Of The Federal Rules Of Civil Procedures And Local Rule 5-4.6.2 And/Or Local Rule 6-1 Allow For The Extension Of Filing Time And/Or Shortening Of Hearing Time For Good Cause And/Or Due To Technical Failures

Local Rule 5-4.6.1 states the following: "Unless otherwise provided by order of the assigned judge, all electronic transmissions of documents must be completed prior to midnight Pacific Standard Time or Pacific Daylight Time, whichever is in effect at the time, in order to be considered timely filed on that day." Local Rule -4.6.1. Local Rule 6-1 states, in relevant part, the following: "If served personally, or

[1] "A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" *Torres v. Igdaloff*, Case No. 2:17-cv-04059-MCS-JEM 2022 WL 17078883, *1 (C.D. Cal. February 17, 2022), citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice" and the "Court may order a shorter time." Local Rule 4.6.1. Additionally, Local Rule 5-4.6.2 contains provisions to obtain extensions of time when "Technical Failures" are experienced when using the CM/ECF System for electronic filings.[2] Additionally, Federal Rule of Civil Procedure 6(b)(1) states the following related to "Extending Time":

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . *** . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. Proc. 6(b)(1)(B).

As further discussed below and as established with the supporting declaration of Kelly Fitzgerald Canby filed herewith, there is good cause for the adjustment of the filing time of the MIL No. 1 REPLY to allow this filing to be considered as part of the MIL No. 1 hearing on October 5, 2026. *See e.g.,* Canby Decl., ¶¶ 2-14; **Exhibits 1-3**.

**B. <u>There Is Good Cause To Adjust The Filing Deadline And/Or Shorten Time For Hearing Based Upon The Unexpected Technical Problems And Computer Malfunctions Experienced Here</u>.**

As explained by the Ninth Circuit in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), to determine whether a party's failure to meet a

[2] Specifically, Local Rule 5-4.6.2 states, in relevant part, the following: . . . . If no Notice of CM/ECF Unavailability has been posted, the filer shall attempt to file the document electronically at least two times, separated by at least one hour. If, after at least two attempts, the filer cannot electronically file the document, the document will be accepted for filing by the Clerk in paper format that same day, if time permits. If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit setting forth the facts of the filer's failed attempts to file electronically, together with an appropriate application for leave to file the document. Nothing in this Local Rule authorizes the Court to extend a deadline that, by statute or rule, may not be extended. Local Rule 5-4.6.2

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining the following: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Cohen v. Murphey*, 222 F.R.D. 416 (N.D. Cal. 2004). As established by the facts set forth in the Declaration of Kelly Fitzgerald Canby filed concurrently herewith, all 4 of the factors cited above are met here. Canby Decl., ¶¶ 2-14.

For example, in *Pryor v. Aerotek Scientific*, LLC, 278 F.R.D. 516 (C.D. Cal. 2011), this Court applied the *Pioneer* case factors and concluded that the failure to file a class certification motion by a 5:00 p.m. deadline was the result of "excusable neglect." Specifically, the Court found that "defendant's claim of prejudice dubious at best" because the Court noted that having "received plaintiff's motion a few hours earlier on the day of filing would not have changed" available response time in a significant way *Pryor*, 278 F.R.D. at 521. Given that this filing is a Reply Brief, Plaintiff presumably would not be responding at all and so no basis for any prejudice to Plaintiff. "Accordingly, the *Pioneer* first factor favors granting plaintiff's request for an enlargement of time." *Pryor*, 278 F.R.D. at 521. Regarding the second factor, the court in the *Pryor* case noted that "the length of the delay and its potential impact on the proceedings" was small and did not impact the proceedings because "Pryor filed her application on the day it was due, albeit a few hours later than the deadline set by the court," and the "delay did not impact the proceedings in any significant respect." *Pryor*, 278 F.R.D. at 522. "Thus, the second factor also favors granting plaintiff's request for an enlargement of time." *Pryor*, 278 F.R.D. at 522. Similarly, Defendant's MIL No. 1 REPLY was filed at 1:23 a.m. on September 22, 2026 and this small delay should have minimal impact, if any. *See* Canby Decl., ¶¶ 13.

Additionally, the Court in *Pryor* also found that the third factor favored the enlargement of time as well because, as "*Pioneer Investment* made clear[,] ... the word 'neglect' 'encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness," which was viewed to be something much different than "intentional" or a "culpable omissions to act" which are only those that are "willful, deliberate, or evidence of bad faith." *Pryor*, 278 F.R.D. at 522. So the third factor favored the enlargement of time. *Id*. As to the "final factor whether Pryor acted in good faith, "the Court noted that there is no evidence that the failure to file by 5:00 p.m. was a product of bad faith or that plaintiff purposefully missed the filing deadline (i.e., "[s]tated differently, her failure to file earlier on the day her motion was due was not a "devious, deliberate, willful, or bad faith failure...." *Pryor*, 278 F.R.D. at 522; *see also* Canby Decl., ¶ 14. "Having considered each of the *Pioneer* factors, the court concludes that Pryor's delay was excusable." *Pryor*, 278 F.R.D. at 522. Accordingly, the Court in *Pryor* therefore "extends the time for the filing of plaintiff's class certification motion to midnight on September 23, 2011" which thereby resulted a timely filing. *Pryor*, 278 F.R.D. at 522.

The *Pryor* case is just one of many examples of cases which support the relief sought by Farmers Direct here.[3] *See also Phoenix Global Ventures, LLC v. Phoenix*

[3] For example, in *Bennet v. City Kingman*, 543 F.Supp.3d 794, 803 (D. Ariz. 2021), both parties moved for summary judgment but one party's motion ended up being "filed one day after the dispositive motion deadline expired." The opposing party asked the Court in *Bennett* to reject the late filed motion, but the Court denied the request based on its evaluation of the *Pioneer* case factors noting that "delay is minimal: the City filed its motion one day after the deadline expired." *Bennet*, 543 F.Supp.3d at 803-804; *see also Hodge v. JPMorgan Chase Bank NA*, No. CV-24-00932-PHX-SHD, 2025 WL 3241329, *6 (D. Ariz. November 20, 2025) (where motion for summary judgment was filed two days late and in "subsequent motion for leave to file late, he explains that he encountered technical errors with ECF, which prevented him from timely filing" and despite the other party's objection the "Court finds that Hodge's technical difficulties constitute good cause to permit late filing"); *Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197 (E.D. Cal. 2015) (portions of motion for class certification filed one day late and court overruled opposing party's objections to late filed items "[b]ecause the delay was the result of unforeseen technical difficulties . . . and caused no prejudice, the court overrules this objection").





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Hotel Associates, Ltd.,* 422 F.3d 72, 74-76 (2nd Cir. 2005); *In re Schrag*, 464 B.R. 909, 9111-102 (D. Or. 2011) (relief granted where motion was filed 1 hour 23 minutes late due to technical problems with browser while attempting electronic filing in CM/ECF system). Here, Farmers Direct's filing was only minimally delayed and the unexpected technical failures and computer system malfunctions were intervening circumstances beyond reasonable control, or alternatively excusable neglect. Canby Decl., ¶¶ 2-14, **Exhibit 1-3**.

## V. CONCLUSION

For the reasons forgoing reasons and good cause shown, Farmers Direct respectfully requests this Court to issue an order which deems that the MIL No. 1 REPLY [ECF Doc. 150] is timely filed with sufficient notice for the existing October 5, 2026 hearing date.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 4134 words ("including headings, footnotes and quotations AND THE ATTACHED DECLARATION"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: September 22, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, KELLY FITZGERALD CANBY, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). This declaration is being submitted in on behalf of Farmers Direct and in support of its Motion In Limine No. 1 Reply Brief ("MIL No. 1 REPLY") [ECF Doc. 150] and pursuant to Local Rule 5-4.6.2 and/or Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 6-1 ("Motion") related to computer system malfunction and/or other technical failures during the attempted electronic filing of Defendant's MIL No. 1 REPLY in the above-entitled action. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. I was principally responsible for the preparation of Farmers Direct's Reply Briefs for Motion in Limine Nos. 1-4 and the oversight of their electronic filings which was planned to be done using my PACER account through the Central District of California's CM/ECF System with support from my Assistant Kiry Yeoun who has electronic access and is registered user of my account information and she has handled many other electronic filings for me in this case.

3. We conducted a series of Reply Brief filings for the Motions In Limine on behalf of Farmers Direct on September 21, 2026. We received Plaintiff's Oppositions to Farmers Direct's Motion in Limine Nos. 1-2 (a week late and the same date as Farmers Direct's Reply Briefs were due to be filed), among other filings.

4. We electronically filed the Reply for MIL No. 2 at approximately 9:15 p.m. We filed the Reply for MIL No. 4 at approximately 9:30 p.m. We then filed the Reply and Notice of Non-Receipt Of Opposition to MIL No. 3 at approximately

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

11:30 p.m. Although I did not notice it at the time, Plaintiff filed a belated Opposition to MIL No. 3 around 11:00 p.m.

5. We attempted to file our last Reply Brief for MIL No. 1 shortly after 11:30 p.m. Both Ms. Yeoun and I began to experience problems accessing the CM/ECF System at a round this time. We made several attempts to access the CM/ECF System prior to midnight but were unsuccessful and we continued with our efforts until sometime after 12:30 a.m.

6. I called the CM/ECF Helpline but there was nobody available. I later sent an email from my phone and another email inquiry again later to my work computer. We did not receive any immediate replies to the CM/ECF Helpline email inquiries. Attached hereto as **Exhibit 1** are true and correct copies of my email communications sent to the CM/ECF Helpline email address.

7. We decided to try to access the CM/ECF System again around 1:00 a.m. Initially, the same access problems were experienced again, but about 15 minutes later both of our screens showed "yellow" and the CM/ECF System appeared to be available to us both again.

8. Ms. Yeoun completed the electronic filing of Defendant's MIL No. 1 REPLY at approximately 1:23 a.m. [ECF Doc. 150].

9. I did receive a response from the CM/ECF Helpline the following day and they were apparently not aware of any system problems occurring on the night of September 21, 2026. However, both Ms. Yeoun and I were in different locations and could not reach the CM/ECF System on either of our computers, nor on mobile devices. A true and correct copy of the CM/ECF Helpline response email is also included within **Exhibit 1**.

10. Defendant's MIL No. 1 is noticed for hearing on October 5, 2026 and per the Local Rules any reply briefs needed to be filed on September 21, 2026. As Defendant's MIL No. REPLY [ECF Doc. 150] is a reply filing the Plaintiff

presumably does not need to prepare a response and the delay in filing (i.e., at 1:23 a.m. on September 22, 2026) is very minimal.

11. Pursuant to Local Rule 5-4.6.2 and/or Rule 6(b)(1)(B), I submit this declaration setting forth the facts regarding the failed attempts to file electronically, Defendant's MIL No. 1 REPLY and our inability to access the CM/ECF System from shortly after 11:30 p.m. until approximately 1:15 a.m. We both made more than three separate unsuccessful attempts to access the CM/ECF System prior to midnight and thereafter but we could not reach the CM/ECF System and so the Defendant's MIL No. 1 REPLY [ECF Doc. 150] was filed at approximately 1:23 a.m. on September 22, 2026.

12. I bring this Ex Parte Application on behalf of Farmers Direct to seek an order shortening time for hearing on this Motion to obtain an order pursuant Local Rule 5-4.6.2 and/or Rule 6(b)(1)(B) for an extension of any applicable filing deadline and/or to otherwise shorten time of any applicable notice period pertaining to MIL No. 1 so that its MIL No. 2 REPLY can be deemed timely filed per the existing October 5, 2026 hearing date (also the final pretrial conference) and considered by this Court. This Ex Parte Application and request for emergency relief is supported by good cause as Farmers Direct's case will be irreparably prejudiced if this Motion is heard according to regularly noticed motion procedures as the October 5, 2026 hearing date would already have passed.

13. Plaintiff was aware of the grounds of Farmers Direct's MIL No. 1 as she filed a belated and untimely opposition thereto on September 21, 2026 (i.e., the same date that the reply was due for filing). She should not be prejudiced by the minimally late filing as she presumably does not need to respond to a reply brief.

14. I am acting in good faith and attempted to have all documents filed timely and this was not done to cause problems to Plaintiff or delays to the Court, but these intervening circumstances, technical failures and CM/ECF System access

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

problems resulted in a circumstance that were beyond my reasonable control. In the unlikely event that the Court views my conduct in connection with handling the above-referenced filings as neglectful in some respect, any such neglect should be found to be excusable per Rule 6(b)(1)(B). .

15. I provided notice of this Ex Parte Application on September 22, 2026 by calling Plaintiff at (213) 925-4069 and spoke with her shortly after noon and provided her with the information required by the Local Rules and the Court's website and also sent a confirming email communication to her on September 22, 2026 [12:35 PM] to the following three email addresses of Plaintiff: jravada@icloud.com, D'Sol lunadsolts@gmail.com, viewer.ratios7s@recap.email. A true and correct copy of my September 22, 2026 [12:35 PM] email is attached hereto as **Exhibit 4**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 22nd day of September, 2026 at Carlsbad, California.

Kelly F Canby

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Tuesday, September 22, 2026 12:23 AM |
| **To:** | ecf-helpdesk@cacd.uscourts.gov |
| **Cc:** | Kiry Yeoun |
| **Subject:** | E-filing. Tech problems |

Is anyone available at night ?

REDACTED

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, September 22, 2026 12:41 AM
**To:** 'ecf-helpdesk@cacd.uscourts.gov'
**Cc:** Kiry Yeoun
**Subject:** Night Access 9/21?

Hello – we've run into some access issues during our last filing of the night is there something going on with the CM/ECF System?

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**Kelly Canby**

**From:** ecf-helpdesk CACD <ecf-helpdesk@cacd.uscourts.gov>
**Sent:** Tuesday, September 22, 2026 9:08 AM
**To:** Kelly Canby
**Cc:** Kiry Yeoun
**Subject:** RE: Night Access 9/21?

There did not appear to be any issues with CM/ECF last night.

CM/ECF-HELP DESK TEAM
U.S. District Court, Central District of California
http://www.cacd.uscourts.gov/e-filing/cmecf-helpdesk
213-894-0242
CM/ECF Hours 10:00am-12:00pm & 2:00pm-4:00pm

---

**From:** Kelly Canby <kcanby@grsm.com>
**Sent:** Tuesday, September 22, 2026 12:41 AM
**To:** ecf-helpdesk CACD <ecf-helpdesk@cacd.uscourts.gov>
**Cc:** Kiry Yeoun <kyeoun@grsm.com>
**Subject:** Night Access 9/21?

**CAUTION - EXTERNAL:**

Hello – we've run into some access issues during our last filing of the night is there something going on with the CM/ECF System?

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT 2


Hmmm... can't reach this page
The connection was reset.
Try:
Checking the connection
Checking the proxy and the firewall
Refresh
Microsoft Edge


https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl
Hmmm... can't reach this page
The connection was reset.
Try:
Checking the connection
Checking the proxy and the firewall
Refresh
Microsoft Edge

# This site can’t be reached

The connection was reset.

Try:

Checking the connection

ERR_CONNECTION_RESET


CM/ECF
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Official Court Electronic Document Filing System
Notice:
Service Outages:
For a complete list go to CM/ECF Outages

# EXHIBIT 3


Sidebar - Home
Sidebar - Home
https://pacer.login.uscourts.gov/csologin/login.jsf?pscCou
Worldwide Dining...
This page isn't responding
Sidebar - Home
SM50


https://ecf.cacd.uscourts.gov
Hmmm... can't reach this page
The connection was reset.
Try:
Checking the connection
Refresh


https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl
Gateway Timeout
The gateway did not receive a timely response from the upstream server or application.
Apache Server at ecf.cacd.uscourts.gov Port 443


https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl
Gateway Timeout
The gateway did not receive a timely response from the upstream server or application.
Apache Server at ecf.cacd.uscourts.gov Port 443

# EXHIBIT 4

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, September 22, 2026 12:35 PM
**To:** 'Luna D'Sol'; 'lunadsolts@gmail.com'; 'viewer.ratios7s@recap.email'
**Cc:** Michelle Bernard; Kiry Yeoun
**Subject:** D'Sol v. Farmers Direct Case No. 2:25-cv-10938-SVW-ASx - NOTICE OF 9/22/26 EX PARTE APPLICATION RE E-FILING OF DEFENDANT'S MIL NO. 1 REPLY

Hello Ms. D'Sol

Following up my phone call and our discussion, pursuant to Local Rule 7-19.1, **PLEASE TAKE NOTICE THAT today on September 22, 2026, I will be filing an ex parte application** on behalf of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") by electronically filing through the Court's CM/ECF System a written submission to Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012 (and a courtesy hard copy will also be delivered to the Hon. Stephen V. Wilson's chambers) which is brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure related to the technical failures, computer system malfunctions and/or other technical failures which prohibited access to the Court's CM/ECF System from shortly after 11:30 p.m. last night until approximately 1:15 a.m. which will be further supported by my Declaration under oath related to the technical failures and CM/ECF System access problems my office experienced on September 21, 2026 while attempting to file Defendant's MIL No. 1 Reply which was filed at 1:23 a.m. on September 22, 2026 [ECF Doc. 150].

MIL No. 1 is noticed for hearing on October 5, 2026, at 3:00 PM at the Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012. We want to make sure the Defendant's MIL No. 1 REPLY is appropriately considered despite these technical failures and filing delays so we will be electronically filing our ex parte application later this morning and service will be accomplished through electronic delivery of those materials to you through the Court's CM/ECF System at your registered email address on file with that system which I understand you recently updated.

Specifically, given the post-midnight postings Defendant's MIL No. 1 Reply [ECF Doc. 150], the ex parte application and my supporting declaration to be filed therewith are brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) and will seek an order shortening time on Defendant's motion for an order to either enlarge the filing time and/or to otherwise shorten or adjust the notice period so that Defendant's MIL No. Reply is deemed timely filed based on the existing October 5, 2026 scheduled hearing date.

Additionally, please note the following instructions found on the website of the Hon. Stephen V. Wilson's website including that any opposing papers are to be filed not later than 3:00 p.m. on the first business day after the ex parte application was served and there is also a phone number below to call if you do not plan to oppose the ex parte application:

> Procedures for filing an ex parte application:
> Ex parte applications are considered on the papers and are not set for hearing. Counsel are

advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. Counsel are advised that this Court allows ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications. **See In Re: Intermagnetics America, Inc.**, 101 Bankr. 191 (C.D. Cal. 1989). The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was **served**. If counsel are not going to oppose an ex parte application, they must inform the clerk at 213-894-2881. Counsel will be notified by the clerk of the Court's ruling. Honorable Stephen V. Wilson | Central District of California | United States District Court

**As I mentioned during our call, you should plan to handle any desired ex parte applications pertaining your own filings and/or related to any technical problems that you potentially experienced yesterday SEPARATELY and NO STIPULATIONS have been made related to any of your filings and/or anticipated filings**.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard