LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. : *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**PLAINTIFF LUNA D'SOL'S EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE NO. 1 AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: August 21, 2025<br><br>HEARING October 5th, 2026<br>Time 3:00 p.m.<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Filed concurrently with Plaintiff Declaration ISO EX PARTE APPLICATION TO GRANT PLAINTIFF'S LEAVE TO FILE A SUR-REPLY ON OPPOSITION TO DEFENDANTS UNTIMELY AND INAPPROPRIATE REPLY TO DEFENDANTS MOTION IN LIMINE NO 1, Proposed Sur-reply, Proposed Order |

**PLEASE TAKE NOTICE** that on October 5th, 2026, Plaintiff Luna D'Sol ("Plaintiff"),pursuant to Local Rule 7-19, will and hereby does apply ex parte by written submission to the Honorable Stephen V. Wilson, Courtroom 10A, for an order granting Plaintiff leave to file a Sur-reply in Opposition to Defendant Farmers Direct Property and Casualty Insurance Company's untimely Reply which included new and repeated allegations and exhibits.

Plaintiff makes this request for a good cause because it is not Plaintiff's fault and Plaintiff acted in good faith on September 22, 2026 in a meet and confer request meeting with Defendant, however Defendant has tried to re-argued their entire MSJ in their reply to motion in limine no 1.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has complied with Local Rule 7-19 hrough telephone 760.444.5923 and email (kcanby@grsm.com) communications on September 22, 2026 to Defendant. During those communications, Plaintiff advised counsel that she intended to seek relief concerning the September 28, 2026 hearing and other affected deadlines in light of her scheduled October 5th, 2026 surgery, and identified the filing and service issues she intended to raise. Defendant's counsel confirmed that Farmers Direct would not join a stipulation but that they remain sympathetic. [Decl. of Luna D'Sol ¶ 5, Ex. 3. Accordingly, Defendant was notified by both telephone and email on September 9, 2026 of this Court's ex parte procedures and requirements as found in the New Case Order and the Court's website whereby any opposition papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the Ex Parte Application was served (and if Defendant chooses not to oppose this Ex Parte Application it must inform the clerk by phone at 213-894-2881 not later than 3:00 p.m. on the first business day after service of this Ex Parte Application).

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Defendant's counsel is listed below as follows:

KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP

101 W. Broadway, Suite 2000 San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Dated: September 21, 2026

Submitted Respectfully by,

Dated: September 21, 2026

/s/ Luna D'Sol
Luna D'Sol
Plaintiff, In Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LEGAL STANDARD

The Ninth Circuit likewise recognizes that a party may not use a reply to introduce new evidence without giving the opposing party a meaningful opportunity to address it. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

### II. ARGUMENT

#### A. Defendant Cannot Use a Motion in Limine as a Substitute for Summary Judgment

A motion in limine is an evidentiary device intended to address the admissibility of anticipated evidence and to narrow evidentiary issues for trial; it is not a substitute for a dispositive motion resolving the merits of a claim or defense. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013). In *Louzon*, the Sixth Circuit reversed where the district court used a motion in limine to resolve non-evidentiary issues concerning whether the plaintiff's evidence was legally sufficient to establish his claim. The court explained that where an in-limine motion is "no more than a rephrased summary-judgment motion," it should not be considered because doing so improperly resolves merits issues through an evidentiary motion. Id. at 563–64

The Ninth Circuit likewise recognizes that a party may not use a reply to introduce new evidence without giving the opposing party a meaningful opportunity to address it. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). There, the Ninth Circuit held that where new evidence is submitted with a reply, the district court should not consider that evidencwithout providing the opposing party an opportunity to respond. Id.

The same principle applies here. Defendant submitted its Reply together with a Supplemental Declaration of Kelly Fitzgerald Canby, signed under penalty of perjury, and used that declaration to present additional factual assertions and materials in support of Defendant's position. To the extent the Supplemental Declaration introduces new factual matter or evidence

that was not contained in Defendant's original Motion in Limine and supporting materials, Plaintiff has had no corresponding opportunity to address that material in an ordinary opposition.

The prejudice is compounded where Defendant re-submits materials that Plaintiff had already presented with her objections and uses the Supplemental Declaration to provide additional factual assertions concerning those materials. Defendant should not receive a second evidentiary opportunity through its Reply after Plaintiff's opposition has already been filed.

Under *Provenz*, the appropriate course is for the Court to disregard or strike any new evidence and factual material improperly introduced with the Reply unless Plaintiff is afforded a meaningful opportunity to respond. 102 F.3d at 1483.

**III. CONCLUSION**

Plaintiff respectfully requests that this court accepted the attached Proposed Sureply

Submitted Respectfully by,

Dated: September 21, 2026

/s/ Luna D'Sol
Luna D'Sol
Plaintiff, In Pro Per