LUNA D'SOL
Plaintiff, In Pro Per
**jravada@icloud.com**
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

CASE NO. : *2:25-cv-10938-SVW-ASx*

*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*

**[PROPOSED] SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY AND NOTICE OF UNTIMELY OPPOSITION TO MOTION IN LIMINE NO. 1**

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Filed concurrently with Declaration of Luna D'sol ISO, Proposed Order, ex parte application granting Plaintiff's sur reply

# I. INTRODUCTION

Defendant's untimely weaReply in support of their Motion in Limine No 1 is not merely a response in the merits of MOL No. 1. It is a new factual narrative of allegations against Plaintiff (ECF Doc. 50).

Plaintiff respectfully requests that the Court **strike Defendant's Supplemental Declaration and all exhibits thereto, or, in the alternative, permit Plaintiff a meaningful opportunity to respond to the new factual allegations, evidence, and attacks presented therein. Plaintiff's response is set forth below.**

Defendant filed its Reply together with a Supplemental Declaration of Ms. Kelly Fitzgerald Canby, signed under penalty of perjury (ECF Doc. 150, pp. 5-16), through which Defendant submitted additional factual assertions and re-submitted materials that Plaintiff had already presented with her objections (ECF Doc. 150, ¶¶ 1-38, Exhibit A-L). Defendant's account therefore presents an incomplete picture of the circumstances surrounding the filing. (See Decl. D'Sol, ¶5-6)

# II. LEGAL STANDARD

## A. C.D. Cal. L.R. 7-10,

C.D. Cal. L.R. 7-10 provides that, absent prior written order of the Court, an opposing party may not file a response to a reply. Plaintiff therefore submits this proposed sur-reply with her accompanying ex parte application seeking leave to file it. Plaintiff seeks leave because Defendant's Reply and Supplemental Declaration introduce new factual assertions and evidentiary material that Plaintiff did not have a prior opportunity to address.

## B. Fed. Rule of Civil Procedure 7(b)(1)

Under Federal Rule of Civil Procedure 7(b)(1), a request for a court order must be made by motion, and the motion must state with particularity the grounds for the relief sought. A reply is not a vehicle for presenting a materially new ground for relief that was not identified in the underlying motion, because doing so deprives the opposing party of notice and an opportunity to

respond. Likewise, although C.D. Cal. L.R. 7-10 permits declarations and other rebuttal evidence with a reply, the Ninth Circuit has held that when new evidence is presented in a reply, the opposing party must be afforded a meaningful opportunity to respond before the court considers that evidence. Pr**ovenz** v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996)

## III. ARGUMENT

### A. IDEFENDANT'S OWN SEPTEMBER 22 FILING WAS UNTIMELY, YET DEFENDANT DID NOT DISCLOSE THAT FACT TO THE COURT

Defendant's Reply was due on September 21, 2026. Defendant did not file its Reply on September 21. Instead, Defendant filed ECF No. 150 on September 22, 2026—one day after the applicable deadline.

The significance of the September 22 filing is not merely that it was filed one day late. The circumstances surrounding that filing are material because, immediately before Defendant filed ECF No. 150, Ms. Canby contacted Plaintiff by telephone at approximately 12:12 p.m. on September 22, 2026. The call was initiated by Ms. Canby because Defendant was preparing to file its Reply and was experiencing the same or similar system-related filing problems that had affected Plaintiff. (D'Sol Decl. ¶ 3, Ex. 1.)

During that conversation, Plaintiff informed Ms. Canby that Plaintiff had experienced the same system problem the preceding evening and that Plaintiff likewise had additional materials she had been unable to submit because of the problem. Plaintiff explained that she intended to submit those materials. (D'Sol Decl. ¶¶ 3–6, Exs. 1, 4.)

### B. DEFENDANT'S CHARACTERIZATION OF PLAINTIFF'S FILING OMITS THE CIRCUMSTANCES KNOWN TO DEFENDANT BEFORE IT FILED ECF NO. 150

Defendant's Supplemental Declaration states that Plaintiff "does not provide any reasonable explanation or sufficient details" concerning her late filing and asserts that Plaintiff's filing interfered with Defendant's ability to meaningfully respond. (ECF No. 150, Supp. Canby

Decl. ¶ 4.). Ms. Canby has before declared that she is aware of Plaintiff's health status and upcoming surgery (ECF 150, ¶3).

0

Ms. Canby had personally contacted Plaintiff on September 22. Plaintiff responded and explained that she had experienced the same system problem and that she had additional materials she had been unable to submit because of that problem. Defendant therefore had actual knowledge, before filing ECF No. 150, of circumstances directly bearing upon the timing and circumstances of Plaintiff's filing..

### C. Defendant Cannot Use a Motion in Limine as a Substitute for Summary Judgment

A motion in limine is an evidentiary device intended to address the admissibility of anticipated evidence and to narrow evidentiary issues for trial; it is not a substitute for a dispositive motion resolving the merits of a claim or defense. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013). In *Louzon*, the Sixth Circuit reversed where the district court used a motion in limine to resolve non-evidentiary issues concerning whether the plaintiff's evidence was legally sufficient to establish his claim. The court explained that where an in-limine motion is "no more than a rephrased summary-judgment motion," it should not be considered because doing so improperly resolves merits issues through an evidentiary motion. Id. at 563–64

The Ninth Circuit likewise recognizes that a party may not use a reply to introduce new evidence without giving the opposing party a meaningful opportunity to address it. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). There, the Ninth Circuit held that where new evidence is submitted with a reply, the district court should not consider that evidencwithout providing the opposing party an opportunity to respond. Id.

The same principle applies here. Defendant submitted its Reply together with a Supplemental Declaration of Kelly Fitzgerald Canby, signed under penalty of perjury, and used that declaration to present additional factual assertions and materials in support of Defendant's position. To the extent the Supplemental Declaration introduces new factual matter or evidence

that was not contained in Defendant's original Motion in Limine and supporting materials, Plaintiff has had no corresponding opportunity to address that material in an ordinary opposition.

The prejudice is compounded where Defendant re-submits materials that Plaintiff had already presented with her objections and uses the Supplemental Declaration to provide additional factual assertions concerning those materials. Defendant should not receive a second evidentiary opportunity through its Reply after Plaintiff's opposition has already been filed.

Under *Provenz*, the appropriate course is for the Court to disregard or strike any new evidence and factual material improperly introduced with the Reply unless Plaintiff is afforded a meaningful opportunity to respond. 102 F.3d at 1483.

**IV. <u>IN CASE THE COURT WANTS TO CONSIDER THE ALTERNATIIVE TO STRIKE: PLAINTIFF'S RESPONSE TO DEFENDANTS NEW ATTACKS</u>**

**A. ELECTRONIC SERVICE CONSENT AND FAILURE TO SERVE DISCOVERY DOCUMENTS**


State of California at San Diego, addressed as set forth below.

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Picture: 1- ECF Doc 119-6, p. 108; Page ID 5041**

Defendant's attempt to characterize Plaintiff's CM/ECF registration as consent to direct e-mail service is further undermined by Defendant's own filings in this case. As reflected in the attached excerpt from Defendant's Proof of Service, Defendant itself separately identifies and distinguishes "BY E-SERVICE" from "BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM." Under the former, Defendant represents that it caused documents to be sent directly to an e-mail address on the service list; under the latter, Defendant expressly describes

service through the CM/ECF system, which automatically generates a Notice of Electronic Filing. (See ECF Doc. 119-6, p. 108; ECF Doc 150 ¶¶4,5)

Defendant therefore cannot reasonably conflate the two mechanisms in this proceeding while simultaneously using separate categories for them in its own proofs of service. Plaintiff's registration to receive electronic service through CM/ECF establishes her status as a registered CM/ECF user; it does not, standing alone, establish a separate written consent to every form of direct e-mail service outside the CM/ECF system. Rule 5(b)(2)(E) itself distinguishes filing a paper with the Court's electronic-filing system from sending it by "other electronic means" pursuant to written consent.

B. **Plaintiff did not "boycott" discovery.**

Defendant's characterization of Plaintiff's conduct as a "boycott" omits the material context in which the present discovery dispute arose. Plaintiff did not refuse to participate in discovery. **Defendants still have failed to establish that Plaintiff was served with the discovery requests at issue**. Defendant repeatedly relies upon the same repeated TitanFile exhibit appearing now at **ECF Doc. 150, p. 38**, to support its allegation that Plaintiff was served. The exhibit displays **"6 members, last activity: July 2, 2026 4:02,"** followed by the activity history and last activity dated August 1, 2026 not July 2, 2026. (Id.).

This same exhibit was previously presented in the **Declaration of Elisa Martinez, ECF Doc. 119-7, pp. 17–26**. Ms. Martinez, in her sworn declaration, stated that she emailed Plaintiff the discovery documents on **July 2, 2026, at 3:56 p.m.**, describing that transmission as her first attempt. **ECF Doc. 119-7, p. 3, ¶ 4.** She then stated that approximately five minutes later, at **4:01 p.m.**, she informed Plaintiff that a separate email would be sent through a **TitanFile sharelink. Id. ¶ 6,** because the first email had bounced due to the **"large sized PDF" with "multiple attachments." Id. ¶ 5.**

The TitanFile activity record, however, reflects that **Ms. Martinez initiated the TitanFile communication at 3:55 p.m. on July 2, 2026—one minute before the first email attempt that her sworn declaration identifies as occurring at 3:56 p.m. Page ID 5310.** The

same record then reflects, at approximately **4:02 p.m.,** activity concerning the discovery materials themselves, including the **POS, ROG, RFA, and RFP**. **Page ID 5309.** The repeated version of this same exhibit appears at **Page ID 6350** and **Page ID 6351** in Defendant's curren filing.

The chronology becomes particularly significant because the TitanFile record reflects **four separate activities in which "Elisa Martinez uploaded" the discovery materials at approximately 4:02 p.m.**, while also reflecting additional activity during that same one-minute period. The record further reflects that, at approximately **4:02 p.m.,** emails were delivered successfully to **Luna D'Sol, Kiry Yeoun, and Kelly Canby**. **Page ID 5309; see also Page ID 6350.** Thus, within the same minute in which the discovery materials were uploaded, the record reflects **seven additional activities**.

That chronology is difficult to reconcile with Ms. Martinez's sworn account that the original transmission had failed because it contained a **"large sized PDF" with "multiple attachments,"** that she subsequently sent another email at 4:01 p.m., and that a separate TitanFile sharelink would then be used. **ECF Doc. 119-7, ¶¶ 4–6.** The TitanFile record shows not merely an unspecified document being uploaded, but activity concerning the very discovery materials Defendant now claims Plaintiff received—**including the POS, ROG, RFA, and RFP**—followed by multiple additional activities within the same one-minute period. **Page ID 5309; Page ID 6350.**

This same information is re-filed in Ms. Canby Supplemental Declaration to persuade this Court that Plaintiff was served using questionable evidence that still failed to prove that Plaintiff received the file. Defendant' counsel has the ability to overnight information to Plaintiff without it being a prejudice to Defendant but still chose not to.

### C. Yet, another senseless theory – ECF Doc. 150 pp. 6-7, ¶9

Defendant's reliance on the declaration of Jesus Sanchez is misplaced and does not establish Plaintiff's consent to electronic service. Mr. Sanchez was a non-party declarant who purportedly served Plaintiff's filing on Defendant's counsel and stated that service was made on

"all registered counsel of record in this case," adding that he "did not perform any additional manual service because none is required." (ECF Doc. 150, pp. 6-7, ¶9). That statement does not establish service upon Plaintiff. Plaintiff is proceeding in propria persona and is not counsel. Moreover, Mr. Sanchez's declaration does not establish that he had any authority to consent to electronic service on Plaintiff's behalf, and his statement that additional manual service was "not required" cannot itself constitute Plaintiff's consent to electronic service. Logically, if anything, the Declarant was referring that information about Defendant's counsel.

### D. Material Discrepancies in Defendant's Email Exhibits

**Kelly Canby**

| | |
|---|---|
| **From:** | Kiry Yeoun |
| **Sent:** | Thursday, February 26, 2026 4:07 PM |
| **To:** | jravada@icloud.com |
| **Cc:** | Kelly Canby; Michelle Bernard |
| **Subject:** | Matter No. FSAE 1416221 D'Sol v. Farmers Direct Property & Casualty Insurance Company "DEF'S INITIAL DISCLOSURES" |
| **Attachments:** | 2026-02-26 D'SOL DEF'S INITIAL DISCLOSURES.pdf |

**Picture 2: ECF Doc. 150, p. 58 , Exhibit F – Alleged email with purported service**

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard <mbernard@grsm.com> |
| **Sent:** | Monday, November 17, 2025 6:07 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Jer Vang-Zamora |
| **Subject:** | RE: Acknowledgment of Defendant's Recent Filings – D'Sol v. Farmers Direct (2:25-cv-10156) |
| **Attachments:** | 2025-11-16 D'SOL - DOC 6 NTC OF ASSIGNMENT TO US MAGISTRATE JUDGE AND DECLINATION OF CONSENT(108937564.1).pdf |

**Picture 3: ECF Doc. 150, p. 45 , Exhibit D – Email from Bernard to Plaintiff**

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Monday, November 17, 2025 3:49 PM |
| **To:** | Michelle Bernard |
| **Cc:** | Jer Vang-Zamora |
| **Subject:** | Acknowledgment of Defendant's Recent Filings – D'Sol v. Farmers Direct (2:25-cv-10156) |

**Picture 4: ECF Doc. 150, p. 43, Exhibit D – Email from Plaintiff to Defendant**

Plaintiff further brings to the Court's attention a material discrepancy in Defendant's own exhibits shown here in Picture 2-4. Defendant's counsel exhibits provide three different emails, all produced or printed by the same individual who signed the declaration, Ms. Kelly Canby: Exhibit F (ECF No. 150, p. 58) purported to a true and correct copy of an email from Kiry Yeoun, yet the "From" field displays only "Kiry Yeoun" without an email address.(Picture 2). By contrast, Defendant's other reproduced emails expressly identify the sender with both name and email address, including those from Michelle Bernard (p. 45) and Plaintiff (p. 43) (Pictures 3-4).. This inconsistent rendering raises a material question concerning the accuracy and authenticity of Defendant's reproduction of Exhibit F. Plaintiff therefore respectfully requests that the Court require authentication of the underlying email before relying upon Defendant's representation that Exhibit F is a true and correct copy because if the emails are printed by the same user they should display the same formatting when presented.

## V. CONCLUSSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike defendants supplemental declaration and exhibits or in the alternative to accept the answer provided by Plaintiff in section IV.

Respectfully Submitted by

Dated 9/22/2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 2360 words ("including headings, footnotes and quotations excluding caption but including the notice of motion and including the attached declaration"), which complies with the word limit of Local

Respectfully Submitted by

Dated 9/22/2026. /s/ Luna D'So

Luna D'Sol, Plaintiff in Pro Per