LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

CASE NO. : *2:25-cv-10938-SVW-ASx*

*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*

**DECLARATION OF LUNA D'SOL ISO OPPOSITION TO DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S EX PARTE APPLICATION RE ELECTRONIC FILINGS PER LOCAL RULE 5-4.6.2, LOCAL RULE 6-1 AND/OR FRCP 6(b)(1)(B) RE: (1) MOTION FOR SUMMARY JUDGMENT [ECF 117, 119, 120]; AND (2) MOTION FOR TERMINATING SANCTIONS [ECF 118, 121]**

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Concurrently filed with Plaintiff's Opposition to Defendant's Ex Parte and Proposed Order

DECLARATION OF LUNA D'SOL

I, Luna D'Sol, declare as follows:

**1.** I am the Plaintiff in the above-captioned action, appearing in pro per. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

**2.** Attached as Exhibit 1 is a true and correct copy of my September 9, 2026 email to defense counsel Kelly Fitzgerald Canby, in which I identified that Defendant's Motion for Summary Judgment and Motion for Terminating Sanctions were filed on September 1, 2026, and noticed for hearing on September 28, 2026 — a period of 27 days, one day short of the 28 days required by Local Rule 6-1 — and asked whether Defendant would withdraw the filings.

**3**. Attached as Exhibit 2 is a true and correct copy of Ms. Canby's September 9, 2026, 9:36 a.m. email response, which addressed only the information Defendant wanted included in my separate, anticipated ex parte application for a continuance, and which did not dispute my calculation or mention any technical difficulty with Defendant's September 1, 2026 filings.

**4.** I have reviewed Defendant's Ex Parte Application [ECF 127], the Declaration of Kelly Fitzgerald Canby filed in support of it [ECF 127-2], and the proposed order lodged with it [ECF 127-3]. September 10, 2026 — the date the Ex Parte Application and Ms. Canby's declaration were filed — is the first time Defendant disclosed to me, in any filing or communication, that it had experienced any technical failure in connection with the September 1, 2026 filings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2026, at Palm Springs, California.

/s/ Luna D'Sol

Luna D'Sol

# EXHIBIT 1

**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct
**Date:** September 9, 2026 at 11:08
**To:** Kelly Canby kcanby@grsm.com
**Cc:** Michelle Bernard mbernard@grsm.com

Kelly,

Thank you for your email.

I just called you and lett a voicemail. I am writing to clarify the issues I intend to address in my ex parte application.

Farmers filed its Motion for Summary Judgment and other documents on September 1, 2026, and noticed the motion for hearing on September 28, 2026. This provides only 27 days between filing and the noticed hearing date. I understand that Local Rule 6-1 requires the motion to be filed at least 28 days before the hearing, absent an order providing otherwise.

In addition, I have not been served with the Requests for Admission that Farmers appears to rely upon in connection with its summary judgment motion. I therefore have not had an opportunity to review or respond to those requests, and I intend to address that issue in my ex parte application.

I also intend to address the applicable meet-and-confer requirements and the resulting prejudice to my ability to prepare a meaningful opposition.

As previously discussed, I have a scheduled surgery on September 30, 2026. I will provide the Court with appropriate supporting documentation and will specify the continuance requested for each affected date, including the September 28 hearing and any other dates for which relief is necessary.

I am providing this clarification so that Farmers has the information it requested regarding the basis and scope of the relief I intend to seek. Could you please call me or let me know if your client is willing to withdraw you filings including the ones from this weekend.

**Luna D'Sol**

📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Sep 9, 2026, at 09:36, Kelly Canby <kcanby@grsm.com> wrote:
>
> Good Morning Luna --
>
> I hope you are feeling better today.
>
> Although Farmers Direct will not be joining a stipulation, when you file your ex parte application it would be very helpful to know each of the exact date(s) you are seeking to continue (e.g. just the 9/28 hearing date or other dates also such as 10/5 pretrial conference and/or 10/13 trial date), the length(s) of the sought continuance for each (e.g., for 5 days, and/or until on or after date X, etc) and the specific reason for each (e.g. a surgery on 9/30 and/other reasons) along with copies of appropriate supporting documentation and a further explanation as to why the length of the sought continuance is reasonably necessary. Please include these details in your ex parte application as this information will aid Farmers Direct in its evaluation of your ex parte papers and whether or not it will oppose your ex parte application or any portion of the relief sought. Per the court's procedures, Farmers Direct can notify the clerk by 3:00 the day after you file your ex parte papers if it does not intend to file an opposition, but Farmers Direct needs to see your filed papers with these details and supporting information/documentation to make an informed decision.
>
> Kelly Canby

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<D'SOL - ECF 126 PLAINTIFF NOTICE FILED 9.8.26(159782151.1).pdf>

**Luna D’Sol**

📱 (213) 925-4069
✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

EXHIBIT 2

**From:** **Kelly Canby** kcanby@grsm.com
**Subject:** I just sent you an Ex Parte Notice Email / RE: Meet and confer
**Date:** September 10, 2026 at 10:49
**To:** Luna D'Sol jravada@icloud.com, lunadsolts@gmail.com, viewer.ratios7s@recap.email
**Cc:** Michelle Bernard mbernard@grsm.com, Kiry Yeoun kyeoun@grsm.com

KC

Hello Ms. D'Sol –

Following up on our phone discussion just now I sent you an ex parte notice email a few moments ago (and also provided you with notice orally during our call). Additionally, in response to your email below, please see attached materials that will be included with the Ex Parte Application that will be filed today and the substance of my supporting declaration with be the same information I shared with you on the phone and/or by email yesterday regarding the computer system malfunctions and technical failures we experienced during the electronic filings on August 31, 2026, but will now be presented in declaration form under oath.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, September 10, 2026 10:38 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Subject:** Meet and confer

Just to confirm you called stating you are filing a ex party because you are stating you had issues with your computer and that you have proof there were issues in the system. I asked you to show me proof so we can come up with an agreement, you said theylll be included in the ex parte and that I can see them after ECF sends them to me

I reminded you that this was not the rule you imposed on me on Kyle Mangione

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**ECF 117 AND 117-1 CONFORMED CAPTION PAGES AND ECF...**