LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

CASE NO. : *2:25-cv-10938-SVW-ASx*

*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*

**PLAINTIFF LUNA D'SOL'S OPPOSITION TO DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S EX PARTE APPLICATION RE ELECTRONIC FILINGS PER LOCAL RULE 5-4.6.2, LOCAL RULE 6-1 AND/OR FRCP 6(b)(1)(B) RE: (1) MOTION FOR SUMMARY JUDGMENT [ECF 117, 119, 120]; AND (2) MOTION FOR TERMINATING SANCTIONS [ECF 118, 121]**

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Concurrently filed with supporting declaration and Proposed Order

# I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") asks this Court to retroactively bless the notice period for the two most consequential motions in this litigation — its Motion for Summary Judgment and its Motion for Terminating Sanctions — based on a "technical failure" account that Defendant's own papers refute. Plaintiff Luna D'Sol ("Plaintiff") opposes.

Three things are true, and all three come from Defendant's own filings, not from any inference or speculation by Plaintiff. First, the declaration Defendant submitted to excuse the defect contradicts itself: it admits the operative CM/ECF entries occurred September 1, 2026, and two paragraphs later computes the Local Rule 6-1 notice period from August 31, 2026 — the very date it had just finished disclaiming as a mere stamp. Second, the proposed order Defendant lodged with its own application asks this Court to "adjust and shorten" the notice period so the filings are "deemed timely" — a request that only makes sense if, as filed, they were not. Third, Defendant disclosed none of this when it happened. Plaintiff identified the 27-day defect in a written email to defense counsel on September 9, 2026 — nine days after the filings, and the day before the Ex Parte Application was filed. Defense counsel did not dispute the math, did not mention a technical failure, and did not respond to the substance at all. Only after being caught did Defendant produce, for the first time, a fifty-page declaration reconstructing a malfunction from the week before.

Local Rule 5-4.6.2 — the very rule Defendant invokes — does not permit that sequence. It requires a filer experiencing a technical failure to contact the CM/ECF Help Desk immediately, to make at least two filing attempts separated by at least one hour, and, if the failure nonetheless causes an untimely filing, to submit the failure declaration and an application for leave to file it *together with* the original filing. Defendant did none of that on September 1. It did all of it on September 10 — only after Plaintiff's email had already forced the issue. That sequence is not what Local Rule 5-4.6.2 excuses; it is what the rule was written to prevent.

For the reasons below, the Ex Parte Application should be denied.

## II. RELEVANT PROCEDURAL FACTS

### A. The Official Docket Confirms the Operative Filing Date Was September 1, 2026, Not August 31

Of the five documents that make up the Motion for Summary Judgment and the Motion for Terminating Sanctions, the Court's own CM/ECF docket shows that only one — the Notice of Motion for Summary Judgment (ECF 117) — carries any association with August 31, 2026, and even that document's official "Entered" date is September 1, 2026. The remaining four — the Notice of Motion for Terminating Sanctions (ECF 118), the summary judgment declarations (ECF 119), the Notice of Lodging (ECF 120), and the Bernard Declaration in support of the Terminating Sanctions Motion (ECF 121) — are each recorded on the docket as both "Filed" *and* "Entered" on September 1, 2026, with no reference to August 31 at all.

### B. Defendant's Own Declaration Admits the September 1 Entry and Then Contradicts That Admission Three Sentences Later

In support of the Ex Parte Application, Defendant submitted the Declaration of Kelly Fitzgerald Canby ("Canby Decl.," ECF 127-2). Paragraph 14 states that "the associated 'Notice of Electronic Filing' email notification . . . states the 'following transaction was entered by Canby, Kelly on 9/1/2026 at 0:02 AM PDT and filed on 8/31/2026,'" and that the first Terminating Sanctions document "showed as being entered at 12:05 a.m." — likewise September 1. Canby Decl. ¶14.

Paragraph 16 of the very same declaration then states: "The MTS and MSJ are noticed for hearing on September 28, 2026 which [is] 28 days after August 31, 2026." Canby Decl. ¶16. That calculation runs the Local Rule 6-1 clock from the date paragraph 14 had just finished disclaiming as a mere stamp, not the actual CM/ECF transaction time. Run from the date Defendant's own declaration establishes as the actual entry — September 1, 2026 — the interval to September 28, 2026 is twenty-seven (27) days: one day short of the twenty-eight (28) days Local Rule 6-1 requires.

**C. Defendant's Own Proposed Order Asks the Court to Cure a Defect It Otherwise Claims Does Not Exist**

The proposed order lodged with the Ex Parte Application asks the Court to rule "that any applicable filing deadlines are extended until the filing of all components of the MSJ and MTS were completed in the early morning of September 1, 2026 and any notice period pertaining to the September 28, 2026 hearing dates is also further adjusted and shortened so that the MSJ and MTS are both deemed timely filed." Proposed Order, ECF 127-3, at 2:5-11 (emphasis added).

A request to "adjust and shorten" a notice period, and to have filings "deemed timely," is itself an admission that the filings, as made, did not satisfy Local Rule 6-1. A party does not ask a court to shorten a deadline it has already met.

**D. Plaintiff Raised the Defect in Writing on September 9, 2026 — Before the Ex Parte Application Was Filed — and Received No Response to the Substance**

On September 9, 2026, Plaintiff wrote to defense counsel Kelly Canby: "Farmers filed its Motion for Summary Judgment and other documents on September 1, 2026, and noticed the motion for hearing on September 28, 2026. This provides only 27 days between filing and the noticed hearing date. I understand that Local Rule 6-1 requires the motion to be filed at least 28 days before the hearing." Declaration of Luna D'Sol in Support of Opposition ("D'Sol Decl."), Ex. 1. Plaintiff asked whether Defendant would withdraw the filings.

Ms. Canby's reply that same morning, at 9:36 a.m., did not dispute the 27-day calculation, did not mention any technical failure, and did not address the substance of Plaintiff's objection at all — it addressed only what Defendant wanted included in Plaintiff's own, separate, anticipated continuance application. D'Sol Decl., Ex. 2. The Ex Parte Application, containing the first disclosure of any technical malfunction, followed the next day — September 10, 2026 — nine days after the filings it seeks to excuse, and one day after Plaintiff's written objection could no longer be avoided.

## III. ARGUMENT

### A. The Motion for Summary Judgment and the Motion for Terminating Sanctions Were Not Noticed At Least Twenty-Eight Days Before the Hearing, As Local Rule 6-1 Requires

Local Rule 6-1 provides that "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing," and that, if served electronically, "the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice." C.D. Cal. L.R. 6-1. Using the entry date established by Defendant's own declaration and the Court's own docket — September 1, 2026 — the September 28, 2026 hearing date falls twenty-seven days later: one day short of the rule's requirement. This defect, and its consequences for the Motion for Terminating Sanctions specifically, is addressed at greater length in Plaintiff's Opposition to Defendant's Motion for Terminating Sanctions, filed September 14, 2026 [ECF 125], at Sections II.A–B and IV.A.1, which Plaintiff incorporates by reference rather than repeat here. What is new in this Opposition is Defendant's own attempt to cure that defect through the Ex Parte Application — and the independent reasons that attempt fails.

### B. Local Rule 5-4.6.2 Required Defendant to Disclose Any Technical Failure Contemporaneously With the Original Filing — Not Nine Days Later, After Being Caught

Local Rule 5-4.6.2 sets out a specific, mandatory sequence for a filer who experiences a technical failure while attempting to file electronically:

> "If a registered CM/ECF filer needs to file a document electronically, but is unable to do so, the filer must immediately contact the CM/ECF Help Desk by e-mail or telephone as posted on the CM/ECF Website, unless a 'Notice of CM/ECF Unavailability' covering that time period has been posted . . . If no Notice of CM/ECF Unavailability has been posted, the filer shall attempt to file the document electronically at least two times, separated by at least one hour . . . If a filer has complied with this section, and the delay of being unable to file a document electronically causes the document to be untimely, the filing shall be accompanied by a declaration or affidavit

setting forth the facts of the filer's failed attempts to file electronically, together with an appropriate application for leave to file the document." C.D. Cal. L.R. 5-4.6.2 (emphasis added).

Every element of that mandatory sequence is missing from what Defendant actually did on September 1, 2026. Ms. Canby's declaration does not state that anyone contacted the Court's CM/ECF Help Desk at any point that night; it describes only an attempt to reach the firm's own after-hours IT support, which she states was unavailable until the next morning. Canby Decl. ¶12. Her declaration does not identify two filing attempts separated by at least one hour, as the rule requires; it describes a rolling series of ad hoc attempts, a lost upload, a computer reboot, and an eventual switch to a colleague's PACER account. Canby Decl. ¶¶3-13. And most importantly, no "declaration or affidavit setting forth the facts of the filer's failed attempts," and no "application for leave to file the document," accompanied the September 1, 2026 filings, as the rule requires. The first such declaration is dated September 10, 2026 — nine days later, and only after Plaintiff's own email forced Defendant to address a defect it had not disclosed.

A rule that requires contemporaneous disclosure is not satisfied by a reconstruction offered nine days after the fact, produced only once the moving party had no remaining way to avoid the issue. If Defendant may rely on Local Rule 5-4.6.2 under these circumstances, the rule's own contemporaneous-disclosure requirement is read out of existence for every future filer who would rather wait and see whether anyone notices.

### C. Defendant Cannot Show Excusable Neglect Under FRCP 6(b)(1)(B)

Because Defendant's own curative filings postdate the deadline they seek to satisfy, any extension can rest only on the "excusable neglect" standard of Federal Rule of Civil Procedure 6(b)(1)(B), which requires weighing (1) the danger of prejudice to the non-movant, (2) the length of the delay and its effect on the proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Every factor favors Plaintiff.

***Prejudice.*** The Motion for Summary Judgment and the Motion for Terminating Sanctions are, respectively, potentially case-dispositive and the single

most severe sanction available under the Federal Rules. Plaintiff's opposition deadlines for both motions were calculated from the September 28, 2026 hearing date that Defendant itself set one day short of the rule. A pro se litigant preparing to oppose the two most consequential motions of the case on an artificially compressed timeline is concrete prejudice, not a hypothetical one.

***Length of delay and reason for delay***. Nine days elapsed between the September 1, 2026 filings and the September 10, 2026 disclosure of any technical difficulty — and that disclosure came only after Plaintiff's own September 9 email identified the defect in writing. The reason for that nine-day gap was entirely within Defendant's control: nothing prevented defense counsel from filing the Local Rule 5-4.6.2 declaration and application for leave on September 1, or September 2, or any day before Plaintiff caught the error herself.

***Good faith***. Ms. Canby's September 9, 2026 response to Plaintiff's written objection did not dispute the 27-day calculation and did not mention any technical malfunction. A party that discovers, in the course of a written exchange with its opponent, that its own filing missed a mandatory notice deadline, and says nothing about a defense it will assert the very next day, has not carried its burden to show the delay in disclosure was made in good faith.

**D. Even Crediting Every Fact in the Canby Declaration, It Does Not Explain Why the Terminating Sanctions Declaration Itself Was Not Executed Until September 1**

The Canby Declaration explains only the mechanics of the electronic upload — Ms. Yeoun's computer, the CM/ECF System, the eventual assistance of Ms. Bernard's assistant. It says nothing about why the substance of the Motion for Terminating Sanctions was not ready before midnight. The Declaration of Michelle R. Bernard filed in support of that motion is itself "[e]xecuted this 1st day of September, 2026." ECF 121 at 6. A signature date reflects when a declarant swears to the truth of a document's contents, not when a completed document happens to be uploaded. If the Terminating Sanctions package was, as Defendant maintains, fully prepared and merely blocked by an upload failure, the record does not explain why the

declaration underlying that motion was not executed until after midnight. The more consistent reading of Defendant's own papers is that the *substantive preparation* of the Terminating Sanctions Motion — not merely its electronic transmission — extended past the filing deadline: a materially different, and considerably less sympathetic, explanation than the one Defendant offers.

## IV. <u>CONCLUSION AND RELIEF REQUESTED</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Ex Parte Application [ECF 127] in its entirety.

In the alternative, if the Court is inclined to grant any relief, Plaintiff respectfully requests that any such relief be limited to requiring Defendant to re-notice the Motion for Summary Judgment and the Motion for Terminating Sanctions for a hearing date no earlier than twenty-eight (28) days after September 1, 2026 — the date Defendant's own declaration and the Court's own docket establish as the actual entry date — with Plaintiff's opposition and reply deadlines recalculated from that corrected hearing date pursuant to Local Rules 7-9 and 7-10.

Respectfully submitted,

Dated: September 19, 2026

By: /s/ <u>Luna D'Sol</u>

Luna D'Sol

Plaintiff, In Pro Per

CERTIFICATE OF COMPLIANCE

I, Luna D’Sol, Plaintiff in Pro Per, hereby certify pursuant to the applicable Local Rules of the United States District Court for the Central District of California that the foregoing Plaintiff Luna D’Sol’s Opposition to Defendant Farmers Direct Property and Casualty Insurance Company’s Ex Parte Application contains 2522 words, excluding the caption, table of contents, table of authorities, signature block, and this Certificate of Compliance.

By: /s/ <u>Luna D'Sol</u>
Luna D'Sol
Plaintiff, In Pro Per