LUNA D'SOL
Plaintiff, In Pro Per
**jravada@icloud.com**
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. : *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**PLAINTIFF LUNA D'SOL'S [PROPOSED] UNILATERALL JURY INSTRUCTIONS**<br><br>Complaint Filed: August 21, 2025<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Filed concurrently with Declaration of Luna D'Sol and Exhibit 1 |

**JURY INSTRUCTIONS**

Plaintiff Luna D'Sol, appearing in pro per, respectfully submits the following Proposed Jury Instructions. Pursuant to the Court's Civil Trial Preparation Order dated June 11, 2026 [ECF No. 86], the parties were required to meet and confer regarding jury instructions and to submit a joint set of instructions. Plaintiff attempted in good faith to initiate that process. On August 28, 2026, Plaintiff contacted defense counsel Michelle R. Bernard and Kelly Canby and expressly

sought an opportunity to meet and confer regarding outstanding pretrial matters, stating that Plaintiff was available to confer that day.

Defense counsel declined to meet and confer regarding jury instructions, stating that there was "no basis for meeting and conferring on jury instructions" because Defendant's Motion to Strike Plaintiff's Jury Demand remained pending. Defendant's counsel further stated that Defendant was not prepared to meet and confer regarding other pretrial matters at that time.

Because Defendant declined to participate in the required meet-and-confer process, the parties were unable to prepare a joint submission. Plaintiff therefore submits these Proposed Jury Instructions unilaterally in compliance with the Court's pretrial procedures and applicable filing deadline, while preserving the right to participate in any further meet-and-confer process the Court may direct. Plaintiff's submission is not intended to concede that the pending Motion to Strike Jury Demand [ECF No. 90] has been granted; that motion remained pending when Defendant declined to meet and confer.

Plaintiff reserves the right to supplement, withdraw, or modify these proposed instructions, including in response to the evidence actually admitted at trial, any stipulations reached with Defendant, and any rulings on the pending Motion for Summary Judgment [ECF No. 117] and Motion to Strike Jury Demand [ECF No. 90].

Unless otherwise noted, Plaintiff has used the model instructions published by the Ninth Circuit Jury Instructions Committee (Model Civil Jury Instructions, current edition) for general and procedural instructions, and the Judicial Council of California Civil Jury Instructions (CACI, current edition) for the substantive elements of Plaintiff's state-law claims, as applicable in this diversity action. Plaintiff will verify the current edition, publication date, instruction number, and quoted language of each cited instruction against the official source before filing the final version, because the model instructions may be revised periodically.

Respectfully Submitted by

Dated 9/21/2026 <u>/s/ Luna D'Sol</u>

Luna D'Sol, Plaintiff in Pro Per

**INDEX OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

***PRELIMINARY INSTRUCTIONS***

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 1 | | Duty of Jury | Ninth Circuit Model Civil Jury Instructions, No. 1.1 (current ed.) [Duty of Jury] |
| 2 | | Summary of Claims | Ninth Circuit Model Civil Jury Instructions, No. 1.2 (current ed.) [Summary of Claims] (modified to reflect operative pleading) |
| 3 | | Burden of Proof — Preponderance of the Evidence | Ninth Circuit Model Civil Jury Instructions, No. 1.3 (current ed.) [Burden of Proof — Preponderance of the Evidence] |
| 4 | | What Is Evidence | Ninth Circuit Model Civil Jury Instructions, No. 1.6 (current ed.) [What Is Evidence] |
| 5 | | What Is Not Evidence | Ninth Circuit Model Civil Jury Instructions, No. 1.7 (current ed.) [What Is Not Evidence] (modified to reflect self-represented party) |
| 6 | | Direct and Circumstantial Evidence | Ninth Circuit Model Civil Jury Instructions, No. 1.8 (current |

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| | | | ed.) [Direct and Circumstantial Evidence] |
| 7 | | Ruling on Objections | Ninth Circuit Model Civil Jury Instructions, No. 1.9 (current ed.) [Ruling on Objections] (modified to reflect self-represented party) |
| 8 | | Credibility of Witnesses | Ninth Circuit Model Civil Jury Instructions, No. 1.11 (current ed.) [Credibility of Witnesses] (modified, item 6, to reflect that a witness's own party's documents may be considered in weighing consistency) |
| 9 | | Taking Notes | Ninth Circuit Model Civil Jury Instructions, No. 1.12 (current ed.) [Taking Notes] |
| 10 | | Outline of Trial | Ninth Circuit Model Civil Jury Instructions, No. 1.15 (current ed.) [Outline of Trial] (modified to reflect self-represented Plaintiff) |

***INSTRUCTIONS DURING COURSE OF TRIAL***

| Proposed No. | Court No. | Title | Source |
| --- | --- | --- | --- |
| 11 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Civil Jury Instructions, No. 2.11 (current ed.) [Opinion Evidence, Expert Witness] (modified to include foundation factor) |
| 12 | | Deposition or Former Testimony as Evidence | Ninth Circuit Model Civil Jury Instructions, No. 2.7 (current ed.) [Deposition or Former Testimony as Evidence] — include only if deposition testimony is actually offered at trial |

***INSTRUCTIONS AT END OF CASE***

| Proposed No. | Court No. | Title | Source |
| --- | --- | --- | --- |
| 13 | | Duty of Jury to Find Facts and Follow Law | Ninth Circuit Model Civil Jury Instructions, No. 3.1 (current ed.) [Duty of Jury to Find Facts and Follow Law] |
| 14 | | Consideration of Evidence — Conduct of the Jury | Ninth Circuit Model Civil Jury Instructions, No. 3.4 (current ed.) [Consideration of Evidence — Conduct of the Jury] |

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 15 | | Breach of Contract — Introduction | Judicial Council of California Civil Jury Instructions (CACI) No. 300 [Breach of Contract — Introduction], adapted for an insurance policy |
| 16 | | Breach of Contract — Essential Factual Elements | CACI No. 303 [Breach of Contract — Essential Factual Elements] |
| 17 | | Interpretation — Disputed Words / Construction Against the Drafter | CACI No. 317 [Interpretation — Meaning of Ordinary Words] and California insurance law resolving policy ambiguity against the insurer as drafter, e.g., Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1265 (1992); MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 648 (2003) — note: contract interpretation not turning on conflicting extrinsic evidence is ordinarily a question of law for the Court, not the jury; confirm with the Court whether this issue is being submitted to the jury or decided on the papers before requesting this instruction |

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 18 | | Affirmative Defense — Policy Exclusion | General California insurance law placing the burden of proving an exclusion on the insurer, e.g., Aydin Corp. v. First State Ins. Co., 18 Cal. 4th 1183, 1188 (1998); Garvey v. State Farm Fire & Cas. Co., 48 Cal. 3d 395, 406 (1989) — no fixed CACI number; verify current CACI 2000-series instructions for the applicable pattern language before submission |
| 19 | | Breach of Contract — Damages | CACI No. 350 [Introduction to Contract Damages] |
| 20 | | Breach of the Covenant of Good Faith and Fair Dealing — Introduction | CACI No. 2330 [Breach of the Implied Covenant of Good Faith and Fair Dealing — Essential Factual Elements — Introduction] |
| 21 | | Bad Faith — Essential Factual Elements | CACI No. 2331 [Breach of the Implied Covenant of Good Faith and Fair Dealing — Failure or Delay in Payment — Essential Factual Elements] |

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 22 | | Bad Faith — The 'Genuine Dispute' Doctrine | CACI No. 2332 [Breach of the Implied Covenant of Good Faith and Fair Dealing — 'Genuine Dispute' Doctrine], with the final sentence added to reflect the specific investigation-thoroughness and consistency evidence in this case — confirm against current CACI language before submission |
| 23 | | Bad Faith — Failure to Properly Investigate | CACI No. 2334 [Breach of the Implied Covenant of Good Faith and Fair Dealing — Failure to Properly Investigate Claim] |
| 24 | | Bad Faith — Damages | CACI No. 2334 [damages elements] and Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985) (attorney's fees incurred to obtain policy benefits are recoverable as damages in a bad faith action) — confirm with the Court whether Brandt fees will be submitted to the jury or reserved for post-verdict determination |

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 25 | | Punitive Damages — Introduction | CACI No. 3940 [Punitive Damages — Individual Defendant — Trial Not Bifurcated] (introductory portion), adapted for a corporate defendant per CACI 3945/3947 |
| 26 | | Punitive Damages — 'Malice,' 'Oppression,' and 'Fraud' Explained | CACI No. 3941 [Malice, Oppression, and Fraud Explained], Civil Code § 3294(c) |
| 27 | | Punitive Damages — Corporate Defendant — Advance Knowledge, Authorization, Ratification, or Managing Agent | CACI No. 3945 [Punitive Damages — Corporate Defendant], CACI No. 3947 [Punitive Damages — Individual Defendant/Employer's Ratification of Conduct], Civil Code § 3294(b); White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999) (defining managing agent) |
| 28 | | Punitive Damages — Clear and Convincing Evidence Standard | CACI No. 3949 [Clear and Convincing Proof — Explanation] |
| 29 | | Punitive Damages — Amount | CACI No. 3949 [Amount of Punitive Damages] |

| Proposed No. | Court No. | Title | Source |
|---|---|---|---|
| 30 | | Duty to Deliberate | Ninth Circuit Model Civil Jury Instructions, No. 3.2 (current ed.) [Duty to Deliberate] |
| 31 | | Communication with Court | Ninth Circuit Model Civil Jury Instructions, No. 3.4 (current ed.) [Communication with Court] |
| 32 | | Return of Verdict | Ninth Circuit Model Civil Jury Instructions, No. 3.5 (current ed.) [Return of Verdict] |

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 1

Members of the jury: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

*Ninth Circuit Model Civil Jury Instructions, No. 1.1 (current ed.) [Duty of Jury]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

This is a civil case brought by Plaintiff Luna D'Sol against Defendant Farmers Direct Property and Casualty Insurance Company. Plaintiff alleges that Defendant breached its homeowner's insurance policy by failing to pay benefits owed for a covered loss, and that Defendant breached the implied covenant of good faith and fair dealing that the law reads into every insurance policy by unreasonably withholding those benefits. Defendant denies that it breached the policy or acted in bad faith, and contends that it paid all amounts reasonably owed.

To help you follow the evidence, I will now give you a brief summary of the elements of each claim that Plaintiff must prove. This is only a summary; I will give you detailed instructions on each element later.

[LUNA TO CONFIRM: insert final claim list and any claims resolved before trial, consistent with the operative pretrial order.]

*Ninth Circuit Model Civil Jury Instructions, No. 1.2 (current ed.) [Summary of Claims] (modified to reflect operative pleading)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded, by the evidence, that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*Ninth Circuit Model Civil Jury Instructions, No. 1.3 (current ed.) [Burden of Proof — Preponderance of the Evidence]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties have agreed.

*Ninth Circuit Model Civil Jury Instructions, No. 1.6 (current ed.) [What Is Evidence]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 5

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys or of a self-represented party;

(2) questions and objections of the attorneys or of a self-represented party;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Ninth Circuit Model Civil Jury Instructions, No. 1.7 (current ed.) [What Is Not Evidence] (modified to reflect self-represented party)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Ninth Circuit Model Civil Jury Instructions, No. 1.8 (current ed.) [Direct and Circumstantial Evidence]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 7

There are rules of evidence that control what can be received in evidence. When a party asks a question or offers an exhibit into evidence and the other party thinks that it is not permitted by the rules of evidence, that party may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.

Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*Ninth Circuit Model Civil Jury Instructions, No. 1.9 (current ed.) [Ruling on Objections] (modified to reflect self-represented party)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence, including documents prepared by or on behalf of the witness's own party, contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said, or with a document that party itself prepared. You may consider these inconsistencies, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

*Ninth Circuit Model Civil Jury Instructions, No. 1.11 (current ed.) [Credibility of Witnesses] (modified, item 6, to reflect that a witness's own party's documents may be considered in weighing consistency)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*Ninth Circuit Model Civil Jury Instructions, No. 1.12 (current ed.) [Taking Notes]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 10

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for Defendant may cross-examine. Then Defendant may present evidence, and Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys and Plaintiff will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

*Ninth Circuit Model Civil Jury Instructions, No. 1.15 (current ed.) [Outline of Trial] (modified to reflect self-represented Plaintiff)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 11

You are about to hear (or have heard) testimony from [NAME OF EXPERT WITNESS], who will testify about his or her opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case, including whether the opinion was based on a complete and accurate review of the underlying documents and facts.

*Ninth Circuit Model Civil Jury Instructions, No. 2.11 (current ed.) [Opinion Evidence, Expert Witness] (modified to include foundation factor)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 12

A deposition, or testimony from an earlier proceeding, is a witness's sworn testimony that was taken before trial. If a witness could not be present to testify, the witness's testimony may be presented in a deposition transcript or recording. Such testimony is entitled to the same consideration as if the witness had testified from the witness stand in court.

*Ninth Circuit Model Civil Jury Instructions, No. 2.7 (current ed.) [Deposition or Former Testimony as Evidence] — include only if deposition testimony is actually offered at trial*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 13

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

*Ninth Circuit Model Civil Jury Instructions, No. 3.1 (current ed.) [Duty of Jury to Find Facts and Follow Law]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 14

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations, do not communicate with anyone in any way about the merits of the case, and do not do any independent research or investigation about the case on your own.

*Ninth Circuit Model Civil Jury Instructions, No. 3.4 (current ed.) [Consideration of Evidence — Conduct of the Jury]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 15

Plaintiff claims that the parties entered into a contract — the insurance Policy — and that Defendant breached that contract by failing to pay benefits Plaintiff was owed for the June 3, 2024 loss. To succeed on this claim, Plaintiff must prove all of the following are more likely true than not true.

*Judicial Council of California Civil Jury Instructions (CACI) No. 300 [Breach of Contract — Introduction], adapted for an insurance policy*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 16

To recover damages from Defendant for breach of contract, Plaintiff must prove all of the following:

1. That Defendant issued Policy No. 3872340940 to Plaintiff, and that the Policy was a valid contract between Plaintiff and Defendant;
2. That Plaintiff did all, or substantially all, of the significant things that the Policy required her to do, or that she was excused from doing them;
3. That the conditions required for Defendant's performance had occurred;
4. That Defendant failed to do something that the Policy required it to do, including failing to pay benefits owed for the covered loss; and
5. That Plaintiff was harmed by that failure.

*CACI No. 303 [Breach of Contract — Essential Factual Elements]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 17

If you determine that the wording of the Policy, or of any document Defendant contends forms part of the Policy, is ambiguous — that is, capable of more than one reasonable meaning concerning what documents make up the Policy or what the Policy requires — you must resolve that ambiguity against Defendant, since Defendant, as the insurer, drafted the Policy and the documents that define its scope.

*CACI No. 317 [Interpretation — Meaning of Ordinary Words] and California insurance law resolving policy ambiguity against the insurer as drafter, e.g., Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1265 (1992); MacKinnon v. Truck Ins. Exch., 31 Cal. 4th 635, 648 (2003) — note: contract interpretation not turning on conflicting extrinsic evidence is ordinarily a question of law for the Court, not the jury; confirm with the Court whether this issue is being submitted to the jury or decided on the papers before requesting this instruction*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 18

Defendant contends that some or all of Plaintiff's claimed loss is not covered because it falls within an exclusion in the Policy. Defendant has the burden of proving, by a preponderance of the evidence, that a specific, applicable exclusion applies to bar or limit coverage for the loss. If Defendant does not meet this burden as to any part of the claimed loss, you must find that part of the loss is covered.

*General California insurance law placing the burden of proving an exclusion on the insurer, e.g., Aydin Corp. v. First State Ins. Co., 18 Cal. 4th 1183, 1188 (1998); Garvey v. State Farm Fire & Cas. Co., 48 Cal. 3d 395, 406 (1989) — no fixed CACI number; verify current CACI 2000-series instructions for the applicable pattern language before submission*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 19

If you decide that Plaintiff has proved her claim against Defendant for breach of contract, you also must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach. This compensation is called 'damages.'

The general measure of damages for breach of contract is the amount that will put Plaintiff in as good a position as she would have been in if Defendant had performed as promised, including the reasonable cost to repair or replace the covered property to its pre-loss condition and any other benefits owed under the Policy for the covered loss.

*CACI No. 350 [Introduction to Contract Damages]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 20

Plaintiff also claims that Defendant violated the duty of good faith and fair dealing that the law reads into every insurance policy. This duty requires an insurer to give at least as much consideration to the interests of the insured as it gives to its own interests, and to deal fairly and honestly with the insured in evaluating and paying a claim. This is a separate claim from breach of contract; Plaintiff may prove bad faith even if you find that Defendant did not breach the express terms of the Policy, and may recover damages for bad faith even where some payments were made, if those payments were unreasonably withheld or delayed.

*CACI No. 2330 [Breach of the Implied Covenant of Good Faith and Fair Dealing — Essential Factual Elements — Introduction]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 21

To establish this claim, Plaintiff must prove all of the following:

1. That Defendant insured Plaintiff under Policy No. 3872340940;
2. That Plaintiff did all, or substantially all, of the significant things the Policy required her to do;
3. That all conditions required for coverage under the Policy occurred;
4. That Defendant unreasonably failed to pay policy benefits, unreasonably delayed payment of policy benefits, or otherwise unreasonably withheld benefits due under the Policy; and
5. That Plaintiff was harmed by that conduct.

*CACI No. 2331 [Breach of the Implied Covenant of Good Faith and Fair Dealing — Failure or Delay in Payment — Essential Factual Elements]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 22

An insurer does not act in bad faith merely by disputing a claim or by ultimately being found to owe more than it paid. An insurer's denial or delay in paying a claim does not violate the implied covenant of good faith and fair dealing if that denial or delay was based on a genuine dispute, reasonably founded in law or in the evidence available to Defendant at the time, as to Defendant's liability under the Policy.

In deciding whether a genuine dispute existed, you may consider the thoroughness and objectivity of Defendant's investigation, whether Defendant obtained and relied upon all information reasonably available to it, whether Defendant relied on the complete Policy in evaluating the claim, and whether Defendant's stated reasons for its coverage position were consistent over time.

*CACI No. 2332 [Breach of the Implied Covenant of Good Faith and Fair Dealing — 'Genuine Dispute' Doctrine], with the final sentence added to reflect the specific investigation-thoroughness and consistency evidence in this case — confirm against current CACI language before submission*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 23

An insurer's failure to conduct a thorough, objective, and reasonably diligent investigation of a claim, including failure to review all documents that make up or bear upon the policy actually issued, is a factor you may consider in deciding whether Defendant breached its duty of good faith and fair dealing, whether or not Defendant ultimately had a valid basis for disputing the claim.

*CACI No. 2334 [Breach of the Implied Covenant of Good Faith and Fair Dealing — Failure to Properly Investigate Claim]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 24

If you decide that Plaintiff has proved her claim for breach of the covenant of good faith and fair dealing, you also must decide the amount of damages, if any, Plaintiff has proved. Plaintiff may recover all amounts due under the Policy, together with any consequential damages proximately caused by Defendant's bad faith conduct that were reasonably foreseeable to Defendant at the time of its conduct, including damages for mental or emotional distress.

Plaintiff may also recover, as damages, reasonable attorney's fees that she has incurred that were reasonably necessary to obtain the policy benefits wrongfully withheld, to the extent such fees are attributable to the pursuit of the insurance benefit claim as distinct from the pursuit of bad faith damages. This is sometimes called a 'Brandt fee' award, and the amount, if any, may be determined by the Court following the verdict rather than by the jury, depending on how this issue is bifurcated for trial.

*CACI No. 2334 [damages elements] and Brandt v. Superior Court, 37 Cal. 3d 813, 817 (1985) (attorney's fees incurred to obtain policy benefits are recoverable as damages in a bad faith action) — confirm with the Court whether Brandt fees will be submitted to the jury or reserved for post-verdict determination*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 25

If you decide that Defendant's conduct caused Plaintiff harm on her claim for breach of the covenant of good faith and fair dealing, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed Plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Plaintiff proves by clear and convincing evidence that Defendant engaged in that conduct with malice, oppression, or fraud.

*CACI No. 3940 [Punitive Damages — Individual Defendant — Trial Not Bifurcated] (introductory portion), adapted for a corporate defendant per CACI 3945/3947*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 26

'Malice' means conduct intended to cause injury, or despicable conduct done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the conduct and deliberately fails to avoid those consequences.

'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in knowing disregard of that person's rights.

'Despicable conduct' is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

*CACI No. 3941 [Malice, Oppression, and Fraud Explained], Civil Code § 3294(c)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 27

Plaintiff must also prove, by clear and convincing evidence, that:

(a) an officer, director, or managing agent of Defendant personally engaged in conduct that was malicious, oppressive, or fraudulent toward Plaintiff; or

(b) an officer, director, or managing agent of Defendant had advance knowledge of the unfitness of an employee whose conduct harmed Plaintiff and employed that employee with a knowing disregard of the rights or safety of others; or

(c) an officer, director, or managing agent of Defendant authorized or ratified the malicious, oppressive, or fraudulent conduct at issue.

A 'managing agent' is an employee who exercises substantial independent authority and judgment over decisions that ultimately determine corporate policy, including claims-handling decisions and decisions concerning what documents constitute or accompany a policy of insurance.

*CACI No. 3945 [Punitive Damages — Corporate Defendant], CACI No. 3947 [Punitive Damages — Individual Defendant/Employer's Ratification of Conduct], Civil Code § 3294(b); White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999) (defining managing agent)*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 28

Whether Defendant's conduct meets the standard for punitive damages, described in these instructions, must be proved by clear and convincing evidence. This is a higher standard of proof than the 'preponderance of the evidence' standard that applies to Plaintiff's other claims. 'Clear and convincing' evidence means evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions are true. This is a higher burden of proof than proof by a preponderance of the evidence.

*CACI No. 3949 [Clear and Convincing Proof — Explanation]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 29

If you decide to award punitive damages, you must use reason to set the amount. Punitive damages, if any, must be reasonable in relation to the reprehensibility of Defendant's conduct, the actual or potential harm suffered by Plaintiff, and Defendant's financial condition. Punitive damages may not be used to punish Defendant for the impact of its conduct on persons other than Plaintiff.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

*CACI No. 3949 [Amount of Punitive Damages]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 30

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

It is important that you attempt to reach a unanimous verdict, but of course only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Ninth Circuit Model Civil Jury Instructions, No. 3.2 (current ed.) [Duty to Deliberate]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of Defendant's liability, until after you have reached a unanimous verdict or have been discharged.

*Ninth Circuit Model Civil Jury Instructions, No. 3.4 (current ed.) [Communication with Court]*

COURT'S INSTRUCTION NO. _____

PLAINTIFF'S PROPOSED INSTRUCTION NO. 32

A verdict form has been prepared for you. After you have reached unanimous agreement on your verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

*Ninth Circuit Model Civil Jury Instructions, No. 3.5 (current ed.) [Return of Verdict]*