LUNA D'SOL
Plaintiff, In Pro Per
**jravada@icloud.com**
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

CASE NO. : *2:25-cv-10938-SVW-ASx*

*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*

**PLAINTIFF LUNA D'SOL'S EX PARTE APPLICATION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 OUT OF TIME; DECLARATION OF LUNA D'SOL IN SUPPORT THEREOF**

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

## II. OBJECTIONS

| 1. DEFENDANT'S ASSERTION / LOCATION | 2. DEFECT — RULE / LEGAL BASIS | 3. PLAINTIFF'S RESPONSE AND AUTHORITY |
|---|---|---|
| **1. ECF No. 151, p. 2, ¶ / application; ECF No. 151, p. 5.** Defendant asks the Court to deem ECF No. 150 timely even though it was filed at approximately **1:23 a.m. on September 22**, after the September 21 deadline. | **Failure to establish excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).** The burden is on Defendant to establish that its failure resulted from excusable neglect. | Rule 6(b)(1)(B) permits an extension after expiration only where the party failed to act because of **excusable neglect**. Under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), and *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), the Court considers the circumstances surrounding the omission, including the reason for the delay. |
| **2. ECF No. 151, pp. 12–14, Canby Decl. ¶¶ 5–8.** Counsel states that she and her assistant repeatedly attempted to access | **Insufficient factual showing.** Defendant establishes that counsel experienced an alleged access problem, but does not establish that | The distinction matters because L.R. 5-4.6.2 addresses the procedure applicable when electronic filing cannot be accomplished. Defendant must establish the facts necessary to |

| 1. DEFENDANT'S ASSERTION / LOCATION | 2. DEFECT — RULE / LEGAL BASIS | 3. PLAINTIFF'S RESPONSE AND AUTHORITY |
|---|---|---|
| CM/ECF and eventually filed at 1:23 a.m. | the CM/ECF system itself was unavailable or that the requirements of L.R. 5-4.6.2 were satisfied. | invoke that procedure rather than simply characterize the difficulty as a "technical failure." |
| **3. ECF No. 151, p. 18, Exhibit 1.** The CM/ECF Help Desk responded: **"There did not appear to be any issues with CM/ECF last night."** | **Contradicts, or at minimum fails to corroborate, Defendant's system-failure theory.** | Defendant's own exhibit does not document a CM/ECF outage. Instead, the Help Desk response states that no CM/ECF issue appeared to have occurred. This does not necessarily disprove an individualized access problem, but it leaves Defendant without evidence establishing a system-wide CM/ECF failure. |
| **4. ECF No. 151, pp. 12–14, Canby Decl. ¶¶ 5–8.** Defendant states that it successfully filed other MIL replies that evening and then | **Relevant chronology, but not sufficient to establish excusable neglect.** | The successful filing of three other replies earlier that evening does not conclusively establish that no later access problem occurred. It does, however, make the precise circumstances surrounding the final filing material to the Rule 6(b)(1)(B) |

| 1. DEFENDANT'S ASSERTION / LOCATION | 2. DEFECT — RULE / LEGAL BASIS | 3. PLAINTIFF'S RESPONSE AND AUTHORITY |
|---|---|---|
| encountered difficulty filing MIL No. 1. | | inquiry. The Court should evaluate the specific evidence rather than accept a conclusory characterization of "technical failure." |
| **5. ECF No. 151, p. 8.** Defendant quotes L.R. 5-4.6.2 concerning inability to electronically file. | **Failure to demonstrate compliance with the rule's procedural requirements.** Quoting the rule is not evidence that its conditions were satisfied. | Defendant must establish the factual predicate for application of the rule. Its declaration should therefore be examined for the required attempts, timing, and other circumstances identified in L.R. 5-4.6.2. |
| **6. ECF No. 151, p. 9; Canby Decl. ¶ 13.** Defendant argues Plaintiff will not be prejudiced because Plaintiff "presumably does not need to respond to a reply." | **Irrelevant/incomplete prejudice analysis.** The absence of an automatic right to file a sur-reply does not resolve whether Defendant has demonstrated excusable neglect. | *Ahanchian*, 624 F.3d at 1259, applies the *Pioneer* factors collectively. Prejudice is only one factor; the Court must also consider the reason for the delay and the circumstances surrounding the failure. Defendant cannot establish excusable neglect merely by |

| 1. DEFENDANT'S ASSERTION / LOCATION | 2. DEFECT — RULE / LEGAL BASIS | 3. PLAINTIFF'S RESPONSE AND AUTHORITY |
|---|---|---|
| | | asserting that Plaintiff does not need another filing. |
| **7. ECF No. 151, pp. 9–10.** Defendant emphasizes that the delay was only approximately 83 minutes. | **Length of delay is only one factor.** | Under *Pioneer* and *Ahanchian*, a short delay does not automatically establish excusable neglect. The Court must consider the reason for the delay and its circumstances. Here, the explanation for the inability to file electronically remains the critical factual issue. |
| **8. ECF No. 151, p. 15, Canby Decl. ¶ 14.** Counsel states that Defendant acted in good faith and that the technical problems were beyond its reasonable control. | **Conclusory assertion; good faith alone is insufficient.** | Good faith is relevant under *Pioneer*, but it does not eliminate the requirement to establish excusable neglect. The Court must consider the reason for the delay together with the other circumstances. *Pioneer*, 507 U.S. at 395; *Ahanchian*, 624 F.3d at 1259. |

| **1. DEFENDANT'S ASSERTION / LOCATION** | **2. DEFECT — RULE / LEGAL BASIS** | **3. PLAINTIFF'S RESPONSE AND AUTHORITY** |
|---|---|---|
| **9. ECF No. 151, pp. 8–11.** Defendant relies heavily on *Ahanchian* and other cases involving late filings. | **Cases are fact-dependent; citation does not establish factual comparability.** Irrelevant. Fed. R. Evid. 401-403. | *Ahanchian* requires application of the *Pioneer* factors to the circumstances presented. Defendant must establish the factual circumstances necessary for the Court to reach the same result. The mere existence of cases permitting late filings does not establish that Defendant's particular delay constitutes excusable neglect. |
| **10. ECF No. 151, p. 13, Canby Decl. ¶ 8.** Defendant states that access appeared to return at approximately 1:00 a.m. and the filing was completed at 1:23 a.m. | **Does not explain why filing could not have been completed earlier or establish the full circumstances of the delay.** | The relevant inquiry is not simply when the filing ultimately occurred, but why Defendant failed to comply with the September 21 deadline and whether that failure constitutes excusable neglect under Rule 6(b)(1)(B). |
| **11. ECF No. 151, p. 15, Canby Decl. ¶ 15.** Defendant provided | **Notice of the ex parte application does not** | Notice concerns the opportunity to oppose the ex parte application. It does not establish |

| **1. DEFENDANT'S ASSERTION / LOCATION** | **2. DEFECT — RULE / LEGAL BASIS** | **3. PLAINTIFF'S RESPONSE AND AUTHORITY** |
|---|---|---|
| Plaintiff notice of the ex parte application after the late filing. | **cure the underlying untimely filing.** | that ECF No. 150 itself was timely or that the requirements of Rule 6(b)(1)(B) were satisfied. |
| **12. ECF No. 151, pp. 9–10.** Defendant characterizes the delay as "minimal." | **Minimization does not substitute for the required showing.** | Even a short delay must be evaluated under the governing standard. *Ahanchian*, 624 F.3d at 1259. The Court should therefore determine whether Defendant established a sufficient reason for missing the deadline before granting retroactive relief. |
| **13. ECF No. 151, pp. 2–3 and 5–6.** Defendant asks the Court to retroactively deem ECF No. 150 timely. | **Requested relief is discretionary and requires the predicate showing under Rule 6(b)(1)(B).** | Because the deadline had already expired, Defendant must satisfy Rule 6(b)(1)(B). The Court should not deem ECF No. 150 timely merely because the delay was short; Defendant must establish excusable neglect under the governing standard. |
| **14. ECF Doc. 150**<br><br>Entire Supplemental Declaration of Kelly | **Fed. Rule of Civil Procedure 7(b)(1)** Under Federal Rule of Civil Procedure 7(b)(1), a | The Ninth Circuit likewise recognizes that a party may not use a reply to |

| **1. DEFENDANT'S ASSERTION / LOCATION** | **2. DEFECT — RULE / LEGAL BASIS** | **3. PLAINTIFF'S RESPONSE AND AUTHORITY** |
|---|---|---|
| Canby is an inappropriate pleading not belonging in Reply and Defendant repeats it again in the Ex Parte Application. | request for a court order must be made by motion, and the motion must state with particularity the grounds for the relief sought. A reply is not a vehicle for presenting a materially new ground for relief that was not identified in the underlying motion, because doing so deprives the opposing party of notice and an opportunity to | introduce new evidence without giving the opposing party a meaningful opportunity to address it. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). There, the Ninth Circuit held that where new evidence is submitted with a reply, the district court should not consider that evidencwithout providing the opposing party an opportunity to respond. Id. |
| **15. ECF Doc 151 p. 12 ¶1**<br><br>This declaration is being submitted in on behalf of Farmers Direct and in support of its Motion In Limine No. 1 Reply Brief | Improper, Irrelevant, speculation, lacks foundation and Plaintiff's contradictory characterization of the attached Motion violates the best evidence rule. Fed. R. | Defendant's entire Ex Parte application is misleading, on the first paragraph states that it is provided in support to itss Motion in Limine No1, and in paragraph 2 it states that it's in support to its Motions in Limine 1-4 |

| 1. DEFENDANT'S ASSERTION / LOCATION | 2. DEFECT — RULE / LEGAL BASIS | 3. PLAINTIFF'S RESPONSE AND AUTHORITY |
|---|---|---|
| ("MIL No. 1 REPLY") [ECF Doc. 150] | Evid. 401-403, 602, 901, 1004. | |

**II. Judicial Estoppel**

The doctrine of judicial estoppel prevents a party from gaining an advantage by taking clearly inconsistent positions in the same litigation. To protect the integrity of the judicial process, a party cannot "play fast and loose with the courts" by changing its standard of compliance according to the exigencies of the moment (Hamilton v. State FarmFire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001)).

A. **Defendant Is Judicially Estopped From Asserting That Its Non-Compliant Pre-Filing Efforts Satisfy The Court's Mandatory Meet-And-Confer Rules**

Defendant is judicially estopped from pursuing its current pending motions because its procedural positions flatly contradict the strict compliance standard it successfully persuaded this Court to adopt to defeat Plaintiff's prior motion.

**1. Defendant's Prior Position and This Court's Acceptance**: In March 2026, Defendant successfully argued that a completed, lengthy Rule 26(f) video conference was legally insufficient because Plaintiff failed to raise one specific document during that dialogue (See Decl. of Kelly Canby, ECF No. 62-1). This Court explicitly accepted and relied upon Defendant's strict position. In its April 14, 2026 Order, the Court adopted Defendant's framing, ruling that a moving party cannot merely request a conference; they must specifically identify the precise matters in dispute, provide supporting legal authority, and engage in a meaningful substantive dialogue before filing (See Order, ECF No. 71 at 2–3, citing Dkt. No. 62).

**2. Defendant's Inconsistent Position Across All Pending Motions**: Now, seeking dispositive relief and severe sanctions, Defendant takes a completely inconsistent position by asserting that it can file major motions while completely ignoring or failing the very standard it established.

A review of Defendant's filings reveals an systemic failure to comply with Local Rule 7-3 and this Court's prior Order:

(i) Motion for Summary Judgment (ECF No. 117): Defendant's 32-page brief contains zero Local Rule 7-3 certification anywhere in the notice or memorandum. Defendant completely skipped the mandatory pre-filing rule.

(ii) Motion in Limine No. 1 (ECF No. 122): This motion similarly contains no Local Rule 7-3 certification anywhere in the notice or memorandum.

(iii) Motion for Terminating Sanctions (ECF No. 118): Through Michelle Bernard's Declaration (ECF No. 121), Defendant asserts it can seek the ultimate penalty of dismissal based on a record of zero completed substantive conferences on any topic. Defendant's own declaration admits its pre-filing efforts consist entirely of one unattended TEAMS link and one phone call that Defendant explicitly concedes resulted in no substantive meet-and-confer dialogue (See ECF No. 121 at ¶ 7).

**3. Allowing Defendant to Flip-Flop Creates an Unfair Detriment to Plaintiff**: Under judicial estoppel principles, a party cannot demand strict, uncompromising adherence to procedural rules to defeat an opponent's motion and then exempt itself from those exact same rules when filing its own.

Having established in ECF No. 71 that a completed conference is inadequate if it misses a single detail, Defendant cannot now argue that an omitted certification or an admitted record of zero completed conferences is legally sufficient. Allowing Defendant to benefit from this lower standard grants them an unfair tactical advantage while severely prejudicing Plaintiff. Defendant must be judicially estopped from asserting that its non-existent and noncompliant pre-filing actions satisfy the rules of this Court, and Defendant's Motions For Sanctions, Motions for

Summary Judgment and all Motions in Limine must be denied. (ECF Doc. 117, 118, 119, 122, 123,124, 125).

Respectfully submitted by

Dated 9/23/2026

Luna D'Sol

Luna D'/sol

Plaintiff in Pro Per