LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. : *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**PLAINTIFF LUNA D'SOL'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND NEWLY OBTAINED EVIDENCE IN CONNECTION WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR TERMINATING SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 23, 2026<br>Time: 3:00 p.m.<br><br>Complaint Filed: August 21, 2025<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m.<br><br>Filed concurrently with supporting declaration and Proposed Order Granting Ex Parte and Proposed Supplemental Declaration of Luna D'Sol |

**PLEASE TAKE NOTICE THAT**, Plaintiff Luna D'Sol ("Plaintiff") will and hereby does apply ex parte by written submission prior to 3:00 p.m. to Courtroom 10A of the above-entitled Court, located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, by electronically filing this written Ex Parte Application requesting that the Court grant Plaintiff leave to file a Supplemental Declaration of Luna D'Sol, together with the newly obtained Declaration of Michael Reyes of King's Power Electric and accompanying evidence.

Plaintiff seeks this limited relief because the supplemental evidence was obtained after Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment and Motion for Terminating Sanctions and directly bears upon material factual representations Defendant has placed before the Court. In particular, Defendant has placed at issue the alleged personal service of Mr. Reyes on July 17, 2026 and August 4, 2026. Mr. Reyes has now provided a declaration stating that he was not personally served on either occasion.

Plaintiff seeks only to supplement the existing record with narrowly focused evidence concerning factual matters already raised by Defendant.

The requested relief is particularly appropriate because the Court has not yet ruled on Defendant's Motion for Summary Judgment or Motion for Terminating Sanctions. Plaintiff seeks leave before the Court makes its determination so that the Court may consider the newly obtained evidence together with the existing record. Plaintiff respectfully requests that Defendant be afforded whatever opportunity to respond the Court deems appropriate.

The requested relief will not unfairly prejudice Defendant. The supplemental evidence is limited in scope, consists principally of the declaration of a percipient witness concerning events within his personal knowledge, and addresses factual matters already placed at issue by Defendant's own submissions.

Good cause therefore exists for the requested relief. The Court has not yet ruled on Defendant's Motion for Summary Judgment or Motion for Terminating Sanctions,

and consideration of the supplemental declaration will permit the Court to evaluate the pending motions on a more complete evidentiary record. Plaintiff respectfully requests that the Court grant leave to file the Supplemental Declaration of Luna D'Sol, the Declaration of Michael Reyes, and the accompanying evidence, and consider those materials in ruling on Defendant's pending motions.

Plaintiff also received new information on September 23, 2026 concerning the timing of her September 30, 2026 scheduled surgery. Plaintiff received documentation from her surgeon confirming that her surgery had been rescheduled to October 12, 2026. See D'Sol Decl., ¶ 3; Ex. 1. This development occurred while Plaintiff was preparing the present application and addressing Defendant's pending dispositive and terminating-sanctions motions. Plaintiff submits this circumstance to explain the timing of the present request and the limited time available to Plaintiff to prepare the supplemental submission. Plaintiff does not contend that the medical circumstance, standing alone, establishes the substance of the newly obtained evidence. Rather, it provides relevant context for the timing of Plaintiff's request and her efforts to prepare the supplemental filing before the Court rules on the pending motions. **This circumstance further underscores the need for the Court to consider the newly obtained evidence before ruling on Defendant's pending motions, so that Plaintiff is not placed at a procedural disadvantage by a ruling on an incomplete factual record.**"

Plaintiff does not contend that the medical circumstance, standing alone, establishes the substance of the newly obtained evidence. Rather, it provides relevant context for the timing of Plaintiff's request and her efforts to prepare the supplemental filing before the Court rules on the pending motions.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has complied with the notice provisions of Local Rule 7-19 by providing Defendant with notice of this Ex Parte Application and the relief requested herein. Plaintiff provided notice to Defendant's counsel at 310-283-9511 on September 22 at approximately 12:12 pm. Plaintiff also provided written notice of the intended ex parte application and the basis for the

requested relief by email on September 22, 2026 (See Decl. D'Sol ¶4, Exhibit 2). Accordingly, Defendant was notified of Plaintiff's intended application and the relief sought, and was provided notice of the Court's applicable ex parte procedures and requirements.

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Defendant is listed below as follows:

**KELLY F. CANBY**

**GORDON REES SCULLY MANSUKHANI**

**D:** 760.444.5923

**E:** kcanby@grsm.com | grsm.com

101 W. Broadway, Suite 2000, San Diego, CA 92101

This Ex Parte Application is made pursuant to L.R. 7-19 and consistent with this Court's New Case Order and Chamber Rules pertaining ex parte procedures, and is based on this Ex Parte Application, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Luna D'Sol attached hereto and exhibits thereto, Proposed Supplemental Declaration of Luna D'Sol the pleadings, records and files in this action, and on such other evidence as may be presented at the request of the Court. which is supported by Local Rule 6-1, Local Rule 7-10 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B) and applicable case law supporting the Motion itself and there is good cause for emergency relief.

Date 9/23/2026 Respectfully submitted by:

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Luna D'Sol ("Plaintiff") respectfully requests that this Court grant this Ex Parte Application for an order permitting Plaintiff to file a Supplemental Declaration of Luna D'Sol, together with the newly obtained Declaration of Michael Reyes of King's Power Electric and accompanying evidence, in connection with Plaintiff's Opposition to Defendant's Motion for Summary Judgment [ECF No. 117, 119, 120] and Motion for Terminating Sanctions [ECF No. 118, 121] pursuant to Local Rule 6-1, Local Rule 7-10 and/or pursuant to Federal Rule of Civil Procedure Rule 6(b)(1)(B) ("Motion")The requested relief is necessary because the supplemental evidence bears directly on material factual representations made by Defendant concerning the alleged service of legal documents upon Mr. Reyes and the circumstances surrounding Defendant's discovery efforts.

Defendant's own submissions place Mr. Reyes's alleged service directly at issue. Defendant contends that Mr. Reyes was personally served with legal documents on July 17, 2026, and separately on August 4, 2026. The newly obtained declaration of Mr. Reyes, however, states under penalty of perjury that he was not personally served with legal documents concerning this action on or around either date. See Declaration of Michael Reyes (Reyes Decl., ¶¶ 5–6). This evidence is directly relevant to factual matters upon which Defendant relies in support of its Motion for Summary Judgment and, particularly, its Motion for Terminating Sanctions.

Plaintiff does not seek to reopen discovery, extend the discovery period, or introduce an entirely new evidentiary case. Rather, Plaintiff seeks limited leave to supplement the existing record with evidence that directly addresses factual representations already placed before the Court by Defendant. The requested supplemental evidence is narrowly focused on Mr. Reyes's personal knowledge

concerning whether he was personally served and the circumstances surrounding the alleged service.

The requested relief is particularly appropriate because the Court has not yet ruled on Defendant's pending Motion for Summary Judgment or Motion for Terminating Sanctions. Consideration of the supplemental evidence will permit the Court to evaluate those motions on a more complete evidentiary record before making a determination concerning factual matters that Defendant has placed at issue. Mr. Reyes states that the facts in his declaration are based upon his personal knowledge and that, if called as a witness, he could competently testify to those facts. Reyes Decl., ¶¶ 1–2.

Plaintiff therefore respectfully requests an order permitting her to file the Supplemental Declaration of Luna D'Sol, the Declaration of Michael Reyes, and the accompanying evidence, and requests that the Court consider those materials in connection with Defendant's pending Motion for Summary Judgment and Motion for Terminating Sanctions.

As explained further in the accompanying Declaration of Luna D'Sol and the attached Memorandum of Points and Authorities, there is good cause for the requested relief because the supplemental evidence directly concerns factual representations upon which Defendant relies in support of its pending Motion for Summary Judgment and Motion for Terminating Sanctions. In particular, Defendant has placed at issue whether Michael Reyes was personally served with legal documents on July 17, 2026 and August 4, 2026. Mr. Reyes has now provided a declaration based upon his personal knowledge stating that he was not personally served on either occasion. Reyes Decl., ¶¶ 5–6.

There is also good cause for expedited relief because Defendant's Motion for Summary Judgment and Motion for Terminating Sanctions remain pending before the Court, and the Court has not yet ruled on those motions. Plaintiff seeks to provide this limited supplemental evidence before the Court makes its determination so that the

Court has the opportunity to consider the directly conflicting evidence concerning Mr. Reyes's alleged service. Plaintiff will be prejudiced if the Court rules on the pending motions without considering material evidence that was not reasonably available for inclusion in Plaintiff's previously filed Opposition.

Plaintiff does not seek to reopen discovery or substantially expand the evidentiary record. The requested supplementation is limited to evidence concerning factual matters already placed at issue by Defendant. Mr. Reyes states that his declaration is based upon his personal knowledge and that, if called as a witness, he could competently testify concerning the facts stated therein. Reyes Decl., ¶¶ 1–2.

## II. BRIEF OVERVIEW OF THE ACTION AND PROCEDURAL STATUS

This case is a first-party insurance coverage dispute pertaining to a property damage claim arising under a homeowners insurance policy issued by Farmers Direct. The case is presently pending before this Court, and Defendant has filed a Motion for Summary Judgment [ECF No. 117] and Motion for Terminating Sanctions [ECF No. 118]. Plaintiff has filed her Opposition to those motions.

The pending motions place numerous factual matters before the Court, including matters concerning Defendant's discovery efforts and the alleged service of legal documents upon third parties. Defendant's submissions specifically address the alleged personal service of Michael Reyes. The newly obtained declaration of Mr. Reyes directly concerns that issue. Mr. Reyes states that Defendant contends he was personally served on July 17, 2026 and August 4, 2026, but expressly states that he was not personally served on either occasion. Reyes Decl., ¶¶ 5–6.

## III. THE EX PARTE APPLICATION SHOULD BE GRANTED

Plaintiff's Ex Parte Application should be granted because good cause exists to permit the limited supplementation of the record with newly obtained evidence that directly bears upon factual representations made by Defendant in support of its

pending Motion for Summary Judgment and Motion for Terminating Sanctions which is brought herein per Local Rule 6-1, Local Rule 7-10 and Local Rule 6(b)(1)(B).

The requested supplementation is narrowly tailored. Plaintiff does not seek to reopen discovery, extend the discovery period, or present an entirely new evidentiary case. Plaintiff seeks only to submit the Supplemental Declaration of Luna D'Sol, the Declaration of Michael Reyes, and the accompanying evidence concerning matters already placed at issue by Defendant.

The evidence is material. Defendant's submissions represent that Mr. Reyes was personally served with legal documents on July 17, 2026 and again on August 4, 2026. Reyes Decl., ¶ 5. Mr. Reyes, however, states under penalty of perjury that he was not personally served with legal documents concerning this action on or around either date. Id., ¶ 6. This is not merely cumulative evidence; it directly concerns the accuracy of a factual representation upon which Defendant relies in connection with its pending motions.[1]

The timing of the requested relief also supports ex parte treatment. The Court has not yet ruled on Defendant's Motion for Summary Judgment or Motion for Terminating Sanctions. Allowing Plaintiff to submit this limited supplemental evidence before the Court rules will permit the Court to consider the conflicting evidence concerning Mr. Reyes and make its determination on a more complete record.

Accordingly, Plaintiff respectfully requests that the Court grant this Ex Parte Application and permit Plaintiff to file the Supplemental Declaration of Luna D'Sol, the Declaration of Michael Reyes, and the accompanying evidence for consideration in

---

[1] "A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" Torres v. Igdaloff, Case No. 2:17-cv-04059-MCS-JEM 2022 WL 17078883, *1 (C.D. Cal. February 17, 2022), citing Mission Power Engineering Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995).

connection with Defendant's pending Motion for Summary Judgment and Motion for Terminating Sanctions

## IV. PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE SHOULD BE GRANTED

### A. The Court Has Authority to Permit a Supplemental Filing Where Good Cause Exists and the Supplemental Evidence Is Material to Pending Motions

The Court has authority to permit Plaintiff to supplement the record in connection with Defendant's pending Motion for Summary Judgment and Motion for Terminating Sanctions where good cause exists and the proposed supplemental evidence is material to the issues before the Court.

Here, good cause exists because the proposed supplemental evidence directly addresses factual representations made by Defendant concerning the alleged personal service of Michael Reyes. Defendant's submissions place Mr. Reyes's alleged service directly at issue, including representations that he was personally served on July 17, 2026 and again on August 4, 2026. The newly obtained Declaration of Michael Reyes directly addresses those representations. Mr. Reyes states that he was not personally served with legal documents concerning this action on or around either date. **Reyes Decl., ¶¶ 5–6.**

Mr. Reyes's declaration is based upon matters within his personal knowledge. He states that the facts concerning his declaration are based upon his personal knowledge and that, if called as a witness, he could and would testify competently to the facts stated therein. **Reyes Decl., ¶¶ 1–2.**

The proposed supplementation is also narrowly limited. Plaintiff does not seek to reopen discovery, extend the discovery period, or introduce an entirely new evidentiary case. Plaintiff seeks only to place before the Court evidence directly bearing upon factual matters already raised by Defendant in its pending motions. The

proposed evidence therefore supplements, rather than replaces, Plaintiff's previously filed Opposition.

The timing of the request further supports good cause. Defendant's Motion for Summary Judgment and Motion for Terminating Sanctions remain pending, and the Court has not yet ruled on either motion. Plaintiff seeks leave before the Court makes its determination so that the Court may consider the newly obtained evidence together with the evidence already submitted by both parties.

Moreover, consideration of the supplemental evidence will not prevent Defendant from responding to it. Plaintiff respectfully requests that the Court permit Defendant to respond in whatever manner and within whatever time the Court deems appropriate. This preserves Defendant's opportunity to address the evidence while allowing the Court to consider the complete factual record before ruling on the pending motions.

Accordingly, good cause exists for the Court to grant Plaintiff leave to file the Supplemental Declaration of Luna D'Sol, the Declaration of Michael Reyes, and the accompanying evidence for consideration in connection with Defendant's Motion for Summary Judgment and Motion for Terminating Sanctions

**B. There Is Good Cause To Permit Plaintiff To Supplement The Record With Newly Obtained Material Evidence Before The Court Rules On Defendant's Pending Motions.**

As explained by the Ninth Circuit in *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), courts consider equitable factors including "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1259; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Although *Ahanchian* and *Pioneer* concern excusable neglect in the context of a missed filing deadline, the same equitable considerations support the limited relief

Plaintiff requests here. Plaintiff seeks leave to submit narrowly tailored supplemental evidence before the Court rules on Defendant's pending Motion for Summary Judgment and Motion for Terminating Sanctions. The requested supplementation will not materially delay these proceedings and will permit the Court to consider evidence directly bearing on factual representations Defendant has placed before the Court.

**First, Defendant will not suffer unfair prejudice from the requested supplementation.** Plaintiff is not seeking to reopen discovery or introduce an entirely new evidentiary case. The proposed evidence concerns Michael Reyes, whose alleged service has already been placed directly at issue by Defendant. Defendant has represented that Mr. Reyes was personally served on July 17, 2026 and August 4, 2026. Reyes Decl., ¶ 5. Mr. Reyes, however, states based upon his personal knowledge that he was not personally served with legal documents concerning this action on or around either date. Id., ¶ 6. Defendant therefore has a full opportunity to address evidence concerning an issue Defendant itself has placed before the Court.

**Second, the requested supplementation will have minimal impact on the proceedings.** Plaintiff seeks leave before the Court has ruled on Defendant's pending motions. The proposed filing is limited in scope and does not require reopening discovery or modifying the trial schedule. To the extent the Court determines that Defendant should have an opportunity to respond, Plaintiff respectfully submits that the Court may establish whatever response procedure it deems appropriate.

**Third, Plaintiff has good cause for the timing of the request.** The proposed evidence concerns facts within Mr. Reyes's personal knowledge that directly contradict Defendant's representations concerning his alleged personal service. Mr. Reyes's declaration was executed on September 18, 2026. Plaintiff seeks to present this evidence before the Court rules on the pending motions rather than after the Court has already made its determination.

**Fourth, Plaintiff acts in good faith.** Plaintiff is not attempting to delay these proceedings or circumvent the Court's discovery deadlines. The purpose of the

requested supplementation is limited to ensuring that the Court has before it material evidence concerning an issue Defendant has affirmatively placed in dispute. Mr. Reyes states that his declaration is based upon his personal knowledge and that, if called as a witness, he could competently testify to the facts stated therein. Reyes Decl., ¶¶ 1–2.

The circumstances here therefore support permitting the limited supplementation requested. The proposed evidence is material, narrowly focused, and directly responsive to factual representations contained in Defendant's submissions. Plaintiff respectfully requests that the Court permit the supplemental filing and consider the accompanying evidence when ruling on Defendant's pending Motion for Summary Judgment and Motion for Terminating Sanctions.

The circumstances here support the limited relief requested. Plaintiff seeks leave before the Court has ruled on Defendant's pending Motion for Summary Judgment and Motion for Terminating Sanctions, and the proposed evidence directly concerns factual representations already placed before the Court by Defendant. The requested supplementation is limited in scope and will not require reopening discovery or altering the existing proceedings.

Unlike a request to introduce an unrelated new evidentiary matter, Plaintiff seeks to provide the Court with the testimony of a percipient witness concerning an issue Defendant itself has placed before the Court. Mr. Reyes expressly states that he was not personally served with legal documents concerning this action on or around July 17 or August 4, 2026, notwithstanding Defendant's representations concerning those alleged service events. Reyes Decl., ¶¶ 5–6.

Consideration of this evidence before ruling will therefore permit the Court to evaluate the pending motions on a more complete record. Plaintiff respectfully submits that any potential prejudice to Defendant can be addressed through whatever opportunity to respond the Court deems appropriate, while exclusion of the evidence before the Court rules could prevent consideration of material testimony directly relevant to factual issues Defendant has raised.

**V. CONCLUSION**

For the foregoing reasons and good cause shown, Plaintiff Luna D'Sol respectfully requests that this Court to:

1. grant Plaintiff leave to file the Supplemental Declaration of Luna D'Sol;
2. grant Plaintiff leave to file the Declaration of Michael Reyes of King's Power Electric and accompanying evidence;
3. permit the Court to consider those materials in connection with Defendant's Motion for Summary Judgment [ECF No. 117] and Motion for Terminating Sanctions [ECF No. 118]; and
4. if the Court determines that Defendant should have an opportunity to respond, establish such procedure and deadline as the Court deems appropriate.

Date 9/22/2026 Respectfully submitted by:

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, Plaintiff certifies that this brief contains 3510 words ("including headings, footnotes and quotations AND THE ATTACHED DECLARATION"), which complies with the word limit of Local Rule 11-6.1.]

Date 9/23/2026 Respectfully submitted by:

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per