UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

Judge: Hon. Stephen V. Wilson
Date: October 5, 2026
Time: 3:00 p.m.
Courtroom: 10A

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, **IT IS HEREBY ORDERED:**

1. The parties are:

**Plaintiff:** Pro Per Plaintiff Luna D'Sol ("Plaintiff")

**Defendant:** Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct")

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

**Plaintiff:** Plaintiff's First Amended Complaint [ECF Doc. 1-2; *see also* ECF Doc. 23-1, at pp. 139-317 (conformed copy)] ("FAC").

**Defendant:** DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S *AMENDED* ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF Doc. 43] ("Amended Answer")

2. Federal jurisdiction and venue are invoked upon the grounds:

The United States District Court for the Central District of California has original jurisdiction over this action under 28 U.S.C. § 1332(a) because at time of filing of Plaintiff's Complaint on August 21, 2025 and Defendant's removal of this action to federal court on November 14, 2025, there was complete diversity of citizenship as between Plaintiff, on the one hand, and Defendant Farmers Direct on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. See also Court's Order of January 26, 2026 [ECF Doc. 33] and Order of June 8, 2026 [ECF Doc. 85].

3. The trial is estimated to take 5 trial days.

4.The trial is currently schedule to be a jury.

[*Farmers Direct's Motion To Strike Plaintiff's Untimely Jury Demand And Request For Bench Trial [ECF Doc. 90] is still pending*].

If this case is to be tried to a jury, per the Court's Civil Trial Preparation Order, joint jury instructions and a verdict form are to be submitted not later than 2 court days prior to the pretrial conference or 1 week prior to trial if pretrial conference is waived. Counsel need only submit proposed substantive jury instructions, the Court propounds its own general instructions and essentially follows the format set out in the *Ninth Circuit Model Jury Instructions.* [ECF Doc. 86, at p. 2:3-8]. Per Local Rule 51-1 any special questions requested to be asked on voir dire are to be submitted at least a week prior to trial.

Alternatively, if this case is tried to Court the procedures found in the "Court Trial" portion of this Court's Civil Trial Preparation Order shall instead apply. Additionally, for a Court trial at least seven (7) days prior to the trial date the parties shall lodge and serve by e-mail the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by Local Rule 52-1.

5. The following facts are admitted and require no proof:

*See* Request For Admission Nos. 1-90.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

a. The Policy was issued to "JULIO R RAVADA," who now uses the name "LUNA D'SOL," and that she is the Plaintiff in this action and the same person as the "Named Insured" on the Policy.

b. Plaintiff made a claim under the Policy on or about June 3, 2024 which was assigned claim number 7007678692-1 ("Claim").

c. Subject to the Policy's terms, conditions, limitations, exclusions and applicable endorsements, burglary is considered a covered cause of loss.

**7. <u>CLAIMS AND DEFENSES OF THE PARTIES</u>**:

[*Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] still pending*].

**<u>Plaintiff</u>:**

(a) Plaintiff plans to pursue the following claims against the following Defendant:

- **<u>CLAIM 1</u>**: Farmers Directed its contract with Plaintiff
- **<u>CLAIM 2</u>**: Farmers Direct breached the implied covenant of good faith and fair dealing.
- **<u>CLAIM 3</u>**: Farmers Direct intentionally discriminated against Plaintiff in violation of the Unruh Act.

(b) The elements required to establish Plaintiff's claims are:

**<u>CLAIM 1</u>**: Specifically, to prevail on her cause of action for breach of contract, Plaintiff must prove all of the following as to each of the various components of her Claim:

a. That Plaintiff suffered a loss which was covered under the insurance policy issued by Farmers Direct;

b. That Farmers Direct was notified of the loss as required by the insurance policy; and

c. The amount of the covered loss that Farmers Direct failed to pay.

*See* California Civil Jury Instructions ("CACI") 2300, "Breach of Contractual Duty to Pay a Covered Claim–Essential Factual Elements," (2026 Ed.) (as modified).

**CLAIM 2**: "[T]o establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir. 2001), *citing Love v. Fire Ins. Exchange,* 221 Cal.App.3d 1136, 1151 (1990); *see also Felman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003). Specifically, the elements to each permutation of Plaintiff's bad faith claim are as follows:

***(1) Unreasonable Delay Or Failure To Pay Benefits***

To prevail on her bad faith claim related to unreasonable delay and/or failure to pay benefits, Plaintiff must prove all of the following:

1. That Plaintiff suffered a loss covered under the insurance policy Issued by Farmers Direct;
2. That Farmers Direct was notified of the loss;
3. That Farmers unreasonably delayed and/or failed to pay all insurance policy benefits owed for the Loss;
4. That Plaintiff was harmed; and
5. That Farmers Direct's delay and/or failure to pay policy benefits was a substantial factor in causing Plaintiff's harm.

To act or fail to act "unreasonably" means that the insurer had no proper cause for its conduct. In determining whether Farmers Direct acted unreasonably, the only information to be considered is the information that Farmers Direct knew or reasonably should have known at the time when it allegedly delayed or failed to

pay policy benefits. *See* CACI 2331, "Breach of the Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment (First Party)—Essential Factual Elements," (2026 Ed.) (as modified).

***(2) <u>Unreasonable Investigation</u>***

Plaintiff also contends that Defendant acted unreasonably by failing to conduct a proper investigation of the Claim, which requires her to prove all of the following:

That Plaintiff suffered a loss covered under the insurance policy issued by Farmers Direct;

1. That Plaintiff properly presented a claim to Farmers Direct to be compensated for the loss under the insurance policy;
2. That Farmers Direct failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Plaintiff's claim;
3. That Plaintiff was harmed; and
4. That Farmers Direct's failure to properly investigate the claim was a substantial factor in causing Plaintiff's harm.

*See* CACI 2332, "Bad Faith (First Party)—Failure to Properly Investigate Claim—Essential Factual Elements," (2026 Ed.) (as modified).

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

[List separately for each element of each claim.]

**<u>CLAIM 3</u>**: "To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Bax v. Doctors Medical Center of Modesto, Inc.,* 393 F.Supp.3d 1000, 1011 (E.D. Cal. 2019). Plaintiff alleges "unlawful discrimination under the Unruh Civil Rights Act (Civil Code §§ 51, 51(f))" and also seeks damages for alleged "misgendering" (as Plaintiff is now known as "Luna D'Sol"/she/her and not "Julio R. Ravada"/he/him which is the name that appears on the Policy). FAC, ¶¶ 17, 30, Prayer [ECF Doc. 23-1, at pp. 157-158, 164-165 178]. "Misgendering is

'the assignment of a gender with which a party does not identify, through the misuse of gendered pronouns, titles, names, and honorifics.'" *In People v. Zarazua,* 85 Cal. App. 5th 639, 642, n.1 (2022) (citations omitted). To establish this claim, Plaintiff must prove all of the following:

1. That Farmers Direct denied, discriminated or made a distinction that denied Plaintiff full and equal accommodations, advantages, privileges or services to Plaintiff;
2. That a substantial motivating reason for Farmers Direct's conduct was Plaintiff's gender, change of change, transgender status, participation in gender confirmation treatment or some other protected characteristic or combination of characteristics;
3. That Plaintiff was harmed; and
4. That Farmers Direct's conduct was a substantial factor in causing Plaintiff's harm.

*See* CACI 3060, "Unruh Civil Rights Act—Essential Factual Elements (Civil Code §§ 51, 52)," (2026 Ed.) (as modified).

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

**CLAIM 1**: Plaintiff's testimony, the documents attached as exhibits to the FAC, testimony from disclosed witnesses (not excluded by orders on Motions in Limine).

**CLAIM 2**: Plaintiff's testimony, the documents attached as exhibits to the FAC, testimony from disclosed witnesses (not excluded by orders on Motions in Limine).

**CLAIM 3**: Plaintiff's testimony, the documents attached as exhibits to the FAC, testimony from disclosed witnesses (not excluded by orders on Motions in Limine).

**Defendant:**

(a) In addition to Farmers Direct's defenses relevant to Plaintiff's failures of proof (and without waiving or abandoning other affirmative defense), Farmers Direct will present evidence on the following affirmative defenses

- **Fourth Affirmative Defense - Breach Of Policy Conditions Or Other Duties:** Plaintiff cannot seek damages in connection with any alleged breach of contract to the extent she failed to perform her obligations and comply with all conditions set forth in the Policy.
- **Sixth Affirmative Defense - Failure To Mitigate:** Plaintiff failed to exercise reasonable care to mitigate, minimize, or avoid alleged damages.
- **Fourteenth Affirmative Defense - Material Misrepresentation / Fraudulent Documentation:** Plaintiff's causes of action are barred, in whole or in part, to the extent that she made any material misrepresentations and/or submitted any fraudulent documentation to Farmers Direct with regard to the Claim and/or pertaining to her application for the Policy.
- **Sixteenth Affirmative Defense - Genuine Dispute Doctrine:** Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and claim for bad faith denial of insurance coverage is barred, in whole or in part, by the genuine dispute doctrine.
- **Twenty-Second Affirmative Defense - Lack of Discriminatory Intent:** Any claims or damages sought under the Unruh Civil Rights Act are barred, in whole or in part, to the extent that those claims and/or sought damages are based on alleged actions or conduct that lacked any discriminatory intent as to Plaintiff.

(b) The elements required to establish Defendant's counterclaims and affirmative defenses are:

**1. Fourth Affirmative Defense - Plaintiff's Breach Of Policy Conditions Or Duties**

Farmers Direct has "no obligation to provide coverage" under the Policy if Plaintiff fails to comply with her duty to "[p]rotect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures." Policy, PROPERTY CONDITIONS, Section 1.2.B [ECF Doc. 23-1, at p. 211]. Farmers Direct contends that Plaintiff's failure to comply with this Policy condition bars coverage for any alleged water damages reported by Plaintiff in May and June of 2025. Accordingly, Farmers Direct must prove that the parties agreed to this condition. If Farmers Direct proves this, then the Plaintiff must prove that she complied Property Condition 2.B. If Plaintiff does not prove that she complied with condition 2.B, then Farmers Direct is not required to cover any such resulting damage under the Policy. *See* CACI 321, "Existence of Condition Precedent Disputed," (2026 Ed.) (as modified).

**2. Sixth Affirmative Defense - Failure To Mitigate**

Plaintiff is not entitled to recover damages for harm she could have avoided with reasonable efforts or expenditures. The reasonableness of Plaintiff's efforts should be considered in light of the circumstances facing Plaintiff at the time, including her ability to make the efforts or expenditures without undue risk or hardship. *See* CACI 358, "Mitigation of Damages," (2026 Ed.) (as modified).

**3. Fourteenth Affirmative Defense - Misrepresentation / Fraudulent Documentation**

To establish that Plaintiff is not entitled to recover benefits under the Policy because she made a false claim, Farmers Direct must prove all of the following: (1) that Plaintiff made a claim for insurance benefits under the Policy; (2) that Plaintiff made false representations to Farmers Direct regarding her claim; (3) that Plaintiff's representation was not true; (4) that Plaintiff knew her representation

was not true; (5) that Plaintiff intended that Farmers Direct rely on this representation in payment Plaintiff's claim for insurance benefits; and (6) that the representation that Plaintiff made that she had actually incurred replacement costs if true, would affect a reasonable insurance company's investigation and/or decision to pay a claim for insurance benefits.[1] *See* CACI 2309, "Termination of Insurance Policy for Fraudulent Claim," (2026 Ed.); *see also generally Cummings v. Fire Ins. Exchange*, 202 Cal.App.3d 1407, 1417-1418 (1988) (the insured "plaintiff's intent to deceive was established as a matter of law" in case where insured presented false information in support of claim for vandalism under homeowner's policy).

**4. <u>Sixteenth Affirmative Defense - Genuine Dispute Doctrine</u>**

If there was a genuine issue as to Farmers Direct's liability under the Policy for the claim asserted by Plaintiff, there can be no bad-faith liability imposed on Farmers Direct for advancing its side of that dispute. This is known as the "genuine dispute" doctrine. The genuine dispute doctrine is subsumed within the test of reasonableness or proper cause of element 3 to the claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. *See* CACI 2331; *see also Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (an insurer does not breach the implied covenant of good faith and fair dealing if there is a "genuine dispute" concerning the liability insurer's legal obligations); *Wilson v. 21st Century Ins. Co.,* 42 Cal. 4th 713, 724, fn. 7 (2007). Farmers Direct will present evidence at trial that establishes that, even if Plaintiff's claim was delayed there was at minimum a "genuine dispute" given suspicious aspects of her burglary and

[1] Specifically, the Policy includes the following General Condition pertaining to "Concealment or Fraud": "If any person defined as **you** conceals or misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy . . . for loss resulting from any peril other than fire, for any person defined as **you**." Policy, GENERAL CONDITIONS (Form HP7000 0902), as amended by the CALIFORNIA AMENDATORY ENDORSEMENT (Form HA01CA 0108), at ¶ 4.A.2 "Concealment or Fraud," [ECF Doc. 23-1, at p. 234].

vandalism Claim. Moreover, even if Plaintiff were able to establish that Farmers Direct undervalued the Claim such that additional amounts are allegedly due for covered Loss-related damage to the Property (which Farmers Direct disputes), the dispute was genuine and cannot give rise to a bad faith claim.

**5. <u>Twenty-Second Affirmative Defense - Lack of Discriminatory Intent</u>**

Plaintiff's Unruh Act claim is barred, in whole or in part, to the extent that those claims and/or sought damages are based alleged actions or conduct that lacked any discriminatory intent as to Plaintiff, specifically including as to any alleged misgendering of Plaintiff (e.g., alleged use of nonpreferred pronouns or names was unintentional and/or the result of a mistake). *In People v. Zarazua*, 85 Cal. App. 5th 639, 644-646 (2022) (in response to claim of prosecutorial misconduct for repeatedly misgendering a criminal defendant "the prosecutor argued the misgendering was accidental . . . he was 'trying to be mindful' of Zarazua's gender, and noted defendant 'went as Ms. Zarazua' at the time of the incident" and trial court ruled there was no intentional misconduct by the prosecutor).

(c) In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:

**1. <u>Fourth Affirmative Defense - Plaintiff's Breach of Policy Conditions Or Duties</u>**

Regarding Farmers Direct's Affirmative Defense that Plaintiff breached a condition and/or a legal duty owed under the Policy, the evidence that Farmers Direct will offer into evidence at trial includes, but is not limited to, the following: (1) the Policy; (2) the Claim File; (3) testimony from Farmers Direct's property loss valuation expert David Corona; (4) testimony from Farmers Direct's claims handling expert Paul Hamilton; (5) testimony from its non-retained expert Donnie Means; (6) testimony from non-retained expert Michael Saskor related to the

reasonable cost to replace Personal Property and the false and/or materially misleading replacement documentation presented by Plaintiff for sought payments for recoverable depreciation on the Claim; (7) testimony from non-retained expert Bryce Spradling; (8) testimony from Farmers Direct's representatives regarding investigation of the Claim and payment of the Loss to Plaintiff; and (9) testimony from Plaintiff.

**2. <u>Sixth Affirmative Defense - Failure To Mitigate</u>**

With regard to the alleged water damages that were first reported in May of 2025 that allegedly had been ongoing since the Incident on June 3, 2024, the evidence to be offered in the same as outlined in Section F.1 above as well as inspection photos.

**3. <u>Fourteenth Affirmative Defense - Misrepresentation / Fraudulent Documentation</u>**

In addition to the evidence listed in Section F.1 above, Michael Saskor and/or Bryce Spradling and others will establish through testimony and documents that Plaintiff knowingly submitted false and/or materially misleading receipts for alleged replacement items (including but not limited to a Dyson Vacuum and a "Brilliant" audio control component) to Farmers Direct to obtain reimbursement for recoverable deprecation under the Policy and that Plaintiff had already cancelled those purchases and obtained refunds before submitting those receipts to Farmers Direct.[2]

**4. <u>Sixteenth Affirmative Defense - Genuine Dispute Doctrine</u>**

Farmers Direct will present the following evidence at trial that establishes

---

[2] Additional supporting documents to be introduced as evidence at trial include the Dyson Receipt for Order No. 1651528779 in the amount of $819,26 and Brilliant Receipt for Order 165826 in the amount of $1,056.83 (both submitted by Plaintiff to Farmers Direct on November 14, 2026), verification records from Dyson's Digital Assistant that the Dyson order was cancelled on November 12, 2024 and verification from "shopify.com" that Plaintiff cancelled the order and obtained a refund on November 13, 2026 [FD003680-FD003682, FD003675-FD003676, FD005581-FD005582, FD005583-FD005584].

that, even if Plaintiff were able to establish that Farmers Direct undervalued the Claim such that additional amounts are due for covered Loss-related damage to the Property (which Farmers Direct disputes), the dispute was genuine and cannot give rise to a bad faith claim; (1) the Policy; (2) the Claim File; (3) testimony from Farmers Direct's property loss valuation expert David Corona; (4) testimony from Farmers Direct's claims handling expert Paul Hamilton; (5) testimony from non-retained expert Donnie Means; (6) testimony from non-retained expert Michael Saskor; (7) testimony from non-retained expert Bryce Spradling; (8) testimony from Farmers Direct's representatives regarding investigation of the Claim and payment of the Loss to Plaintiff; (9) the Progressive Home Remodeling "Partial Home Remodel" Estimate dated May 19, 2025 [FD003250-FD003255]; (10) testimony from Plaintiff.

**5. <u>Twenty-Second Affirmative Defense - Lack of Discriminatory Intent</u>**

Farmers Direct intends to offer the following evidence in support of this affirmative defense: (1) the Policy issued to named insured "Julio R. Ravada"; (2) the Claim File; (3) testimony from Bryce Spradling and/or other representatives of Farmers Direct regarding Plaintiff's continued use of the name "Julio," "Julio R." and/or "Julio Ravada" after January 28, 2025 and that Plaintiff never asked for the listed name of the named insured on the Policy (i.e., "Julio R. Ravada") to be changed on the Policy; (4) testimony from Farmers Direct's claims handling expert Paul Hamilton regarding the continued fair and reasonable handling on the Claim even after Plaintiff's gender transition disclosure; (5) testimony from Donnie Means regarding his lack of awareness of Plaintiff's gender transition at the time of the inspection of the Property and continued fair treatment to Plaintiff thereafter; (6) testimony from Michael Saskor regarding his lack of awareness and/or lack of material concern regarding Plaintiff's gender transition and/or delayed receipt of Plaintiff's January 28, 2026 "FAX" sent to "farmers insurance"; (7) the 18 page

"FAX" to "farmers insurance" from "julio ravada" dated January 28, 2025 [FD003889-FD003906]; (8) the 9 page "FAX" to "farmers insurance" from Plaintiff dated February 7, 2025 [FD001669-FD001677].

8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

Potentially none. *See* Request For Admission Nos. 1-90.

[*Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] still also still pending*].

9. All discovery is complete.

10. Farmers Direct made its pretrial disclosures under F.R.Civ.P. 26(a)(3) on September 11, 2026. Plaintiff has not made any pretrial disclosures under F.R.Civ.P. 26(a)(3).

11. Farmers Direct file an exhibit list under separate cover per Local Rule 16-6.1 on September 14, 2026. Plaintiff has not provided any documents identified in her Initial Disclosures, despite numerous requests from Defendant. Plaintiff did not timely engage in the Pre-trial Meeting of Counsel.

12. Farmers Direct filed its witness lists on September 14, 2026. Plaintiff has not filed a witness list, but has witnesses listed in her Initial Disclosures (*Farmers Direct's Motion In Limines are pending, including request for exclusion of testimony from PMK of Progressive Home Remodeling*).

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

The Parties do not intend to use deposition testimony (Farmers Direct may potentially use EUO testimony for impeachment).

13. The following law and motion matters and motions in limine, and no others, are pending or contemplated:

**<u>Defendant's Pending Motions</u>:**

- Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120]
- Farmers Direct's Motion For Terminating Sanctions [ECF Docs 118, 121]
- Farmers Direct's Motion To Strike Plaintiff's Untimely Jury Demand And Request For Bench Trial [ECF Doc. 90]
- Motion in Limine Nos. 1-4
- Ex Parte Applications on September 10, 2026 and September 22, 2026.

**<u>Plaintiff's Pending Motions</u>:**

- Motion For Reconsideration
- Motion For Sanctions
- Motion For Leave To File Second Amended Complaint [insufficient notice]
- Motion For Protective Order
- Motion To Supplement Motion For Sanctions
- Multiple Ex Parte Applications

14. Bifurcation of the following issues for trial is ordered.

Per Motion In Limine No. 4, Farmers Direct has requested that any surviving punitive damage claims be bifurcated and this is scheduled to be heard at the Final Pretrial Conference on October 5, 2026.

15. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____________, 2026. __________________________________

Hon. Stephen V. Wilson

Judge of the District Court

Approved as to form and content.

__________________________________

Plaintiff Pro Per

__________________________________

Attorney for Defendant