MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S CONSOLIDATED RESPONSE AND OPPOSITION TO PLAINTIFF'S IMPROPERLY NOTICED EX PARTE APPLICATIONS [ECF DOCS. 143, 144, 148, 153, 154, 158, 159]**

Judge: Hon. Stephen V. Wilson
**Date: September 28, 2026**
**Time: 3:00 p.m.**
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") hereby responds and largely opposes Pro Per Plaintiff Luna D'Sol's ("Plaintiff") many recent improperly noticed ex parte applications [ECF Docs 143, 144, 148, 153, 154, 158, 159]) (collectively "Ex Parte Applications"). To obtain ex parte relief, Plaintiff must establish irreparable prejudice from the regular procedures and that the moving party is without fault. As noted in this Court's New Case Order dated December 1, 2025, this "Court only allows ex parte applications when extraordinary relief is necessary." [ECF Doc. 13, p. 3:14-16]. As explained further below, Plaintiff has not met this standard and/or has otherwise failed to comply with Local Rule 7-19.1.

Yesterday morning September 24, 2026 within one Plaintiff's court filings, is the first time that Plaintiff has ever shared any note from an actual doctor pertaining to any alleged health condition and/or medical treatment. Canby Decl., ¶ 20; *see also,* Declaration of Luna D'Sol [ECF Doc. 158-1] ("D'Sol Decl."), ¶ 4, Exhibit 1 [ECF Doc. 158-1, at pp. 2-4]. The note dated September 23, 2026 from Dr. Celeste Nagy of the Los Angeles Center for Ear, Nose, Throat and Allergy does not support the bulk of Plaintiff's requests and sought relief relevant to past deadlines (e.g., pertaining to her prior missed deadlines, belated filings, failure to timely engage in pretrial meet and confer discussions, refusals to participate in Local Rule 7-3 and/or Local Rule 37-1 Conferences and/or arising from her decision to boycott her discovery obligations) all of which Defendant's oppose for the reasons discussed below and further established in the supporting Declaration of Kelly Fitzgerald Canby filed herewith ("Canby Decl."). Farmers Direct does not object to a brief continuance of the October 13, 2026 trial date because Plaintiff's anticipated surgery at the Los Angeles Center for Ear, Nose, Throat and Allergy has been rescheduled from September 30, 2026 to October 14, 2026.

Notably, the upcoming September 28, 2026 hearing date on Farmers Direct's Motion for Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Doc. 117, 119, 120] ("MSJ") and/or Motion for Terminating Sanctions [ECF Doc. 118, 121] ("MTS") has been vacated and the motions taken under submission by the Court. [ECF Doc. 161]. Plaintiff has failed to establish that any of her missed and/or late filings, discovery failures and/or repeated Local Rule and Federal Rule violations resulted from any health condition (and/or otherwise constitute "excusable neglect") – specifically, including Plaintiff's untimely MSJ Opposition [ECF Docs. 129, 130, 131, 132] and MST Opposition [ECF Docs. 36, 37] both filed almost a week late (on the same date as Farmers Direct's Reply was due) as well as Plaintiff's untimely Opposition to Motion In Limine ("MIL") No. 1 [143-1], Opposition to MIL No. 2 [144-1] and Opposition to MIL No. 3 [148-1], among others – all of which should be disregarded by this Court per Local Rule 7-12. As explained below (and with the possible exception of a brief continuance of the trial date only), all other relief sought by Plaintiff should be denied.

## II. PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7-19.1

Plaintiff's Ex Parte Applications should be denied to the extent she failed to comply with Local Rule 7-19.1 which states the following.

> ***L.R. 7-19.1 Notice of Application.*** It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts **orally to advise counsel** for all other parties, if known, of **the date and substance of the proposed ex parte application** and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application. *See* Local Rule 7-19.1 (emphasis added).

"This local rule requires "oral notice to ensure that defendants have actual





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

notice of emergency motions against them, and an opportunity to respond." *Speaks v. Shapiro*, Case No. 2:26-cv-06908-SRM-MAR, 2026 WL 1915699, *1 (C.D. Cal. June 26, 2026) (ex parte application denied for failure to comply with Local Rule 7-19.1 where plaintiff "does not offer evidence to show he made reasonable, good-faith efforts to orally advise Defendant . . . or his counsel of the date and substance of this *ex parte* application before it was filed"); *see also Suncrest Mobilehome Park, LLC v. Axberg*, Case No. 5:23-cv-01700-SSS-KKx, 2023 WL 8261556, *2 (C.D. Cal. November 2, 2023) (ex parte application denied without prejudice for failing to comply with Local Rule 7-19.1); *Arnold v. Walmart, Inc*., Case No., 2:25-cv-05515-AH, * (GJS), 2025 WL 2683967 (C.D. Cal. June 24, 2025) ("under Local Rule 7-19.1, all *ex parte* applications in this District . . . must be followed with 'reasonable, good faith efforts orally to advise counsel for all other parties" of the 'date and substance of the proposed *ex parte* application' and 'to advise the Court in writing and under oath of efforts to contact other counsel," but the pro se plaintiffs "have not complied with Local Rule 7-19.1" so "the Court must deny Plaintiffs' Motion.").

As explained in further detail in the supporting Declaration of Kelly Fitzgerald Canby ("Canby Decl.") filed herewith, Plaintiff failed to comply with Local Rule 7-19.1 as Defendant was never orally advised of the dates of any of Plaintiff's Ex Parte Applications. Canby Decl., ¶¶ 2-5, 13-19. Given that such oral notice was not ever provided to Defendant (nor was any clear advanced written notice ever provided by email or otherwise either), the following has been deciphered from Plaintiff's many recent voluminous filings (some of which have Ex Parte Applications buried within, albeit not clearly titled as ex parte applications in the associated docket text found in the Notice of Electronic filings):

a. Most of Plaintiff's other Ex Parte Applications are noticed for September 28, 2026 at 3:00 p.m. [ECF Docs 143, 144, 148, 154].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

b. One of the Ex Parte Applications [ECF Doc. 153] is noticed for October 5, 2026 at 3:00 p.m.

c. Plaintiff filed at least one additional Ex Parte Application on September 24, 2026 [ECF Docs. 158], and noticed it for hearing on September 23 at 3:00 p.m. [ECF Doc. 158].

d. Plaintiff also filed another set of documents on the morning of September 24, 2026 [ECF Doc. 159] and it's not clear if this document is intended to be another ex parte application or something else.[1] *See e.g.,* Canby Decl., ¶ 2.

Not only do these Ex Parte Applications fail to comply with the Local Rule 7-19.1 requirement to provide advanced oral notice of the date of the anticipate ex parte applications (as there is clearly not adequate grounds not to), but as explained further below Plaintiff also failed to communicate the substance of any of her Ex Parte Applications as also required by Local Rule 7-19.1 as well.

On September 8-9, 2026, Plaintiff did previously share with defense counsel some vague information related to unspecified health issues and her anticipated surgery on September 30, 2026, but she declined to provide additional information sought by Defendant related to the nature of relief she intended to seek and how and/or why her alleged health condition necessitated any such yet to be clarified relief to be sought. *See e.g.,* Canby Decl., ¶¶ 13-17, 20. However, Plaintiff did not mention anything about the primary substance and true purpose of most of her Ex Parte Applications [ECF Docs 143, 144, 148, 154] which is to instead seek "*terminating sanctions against Defendant Farmers Direct*, and the supporting memorandum of points and authorities does not address any alleged health issues. [*See e.g.,* ECF Doc.

[1] As explained further below, to the extent that these documents [ECF Doc. 159] are part of an ex parte application made by Plaintiff, she did not provide notice of her ex parte application as required by Local Rule 7-19. To the extent that this document is an opposition to Defendant's Ex Parte Application made on September 22, 2026 [ECF Doc. 151] (for which proper notice was provided per Local Rule 7-19) her opposition is untimely.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

143, p. 4:3-9, ECF Doc. 144, p. 4:3-9, ECF Doc. 148, p. 4:3-9, ECF Doc. 154, p. 2:21-28]; Canby Decl., ¶¶ 6, 8.

With regard to Plaintiff's Ex Parte Application noticed for October 5, 2026 [ECF Doc. 153], she apparently seeks "an order granting Plaintiff leave to file a Sur-reply" in response to the Defendant's Motion in Limine No. 1 Reply filing [ECF Doc. 153, p. 2:4-6), which also was not shared per Local Rule 7-19.1 (nor warranted in any event). Canby Decl., ¶ 7.

Additionally, with regard to Plaintiff's Ex Parte Application filed on September 24, 2026 (i.e., without prior notice and after the stated September 23, 2026 hearing date had already passed), Plaintiff apparently seeks to supplement her already untimely MST Opposition to further respond to Farmers Direct's Motion for Terminating Sanctions [ECF Docs. 118, 121, 141] ("MTS"), with her desired submission of a Declaration of Michael Reyes stating that he had not been personally served, among other things [ECF Doc. 158, p. 2:1-7]. Canby Decl., ¶ 8. Not only did Plaintiff not provide proper notice of this Ex Parte Application per Local Rule 7-19.1, but this lack of service information is totally irrelevant to Plaintiff's sought order of terminating sanctions against Farmers Direct and/or to any other issue in this case (except perhaps Plaintiff's own failure to respond to Farmers Direct's written discovery inquiries seeking witness contact information).[2] Canby Decl., ¶¶ 8.a-8.f. .

Accordingly, Plaintiff has failed to comply with her notice obligations under Local Rule 7-19.1 and her Ex Parte Applications can be denied for that reason alone.

## III. STANDARD FOR OBTAINING EX PARTE RELIEF

As explained by the court in the *Mission Power Engineering* case, "ex parte applications have reached epidemic proportions in the Central District" warranting a

[2] For example, Mr. Reyes and/or Kings Power Electrical are not identified on Plaintiff's witness list set forth in her Initial Disclosures, among other reasons discussed in the Declaration of Kelly Fitzgerald Canby filed herewith. *See* Canby Decl., ¶¶ 8.a-8.f*; see also generally* Declaration of Kelly Fitzgerald Canby filed in support of Defendant's MSJ [ECF Doc. 119-6] ("Canby MSJ Decl.")., ¶ 23, Exhibit 9 [ECF Doc. 119-6, pp. 11:12-28, 73-80].



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

two-prong test for justifying ex parte relief: (1) the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (2) **it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect**. *Mission Power Engineering Company v. Continental Casualty Company*, 883 F.Supp.488, 490-495 (C.D. Cal. 1995) (emphasis added) (motion to shorten time to hear motion for return of papers inadvertently delivered did not show an irreparable prejudice if motion was heard on regular motion calendar). As noted in this Court's New Case Order dated December 1, 2025, this "Court only allows ex parte applications when extraordinary relief is necessary." [ECF Doc. 13, p. 3:14-16].

"To determine whether neglect is excusable, courts consider (1) the danger of prejudice to the opposing parties; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief; and (4) whether that party acted in good faith." *White v. Moore*, Case No. 2:21-cv-06964-MCS-MAA, 2022 WL 3127902, *1 (C.D. Cal. April 8, 2022).[3]

As explained further below, Plaintiff fails to meet both requirements as stated in the *Mission Power Engineering* case, at least to the extent that her Ex Parte Applications seeks orders to excuse her prior belated filings, to remedy already

[3] Specifically, in the *White* case, plaintiff's counsel claimed he "missed the deadline to file a motion for review of the Magistrate Judge's order due to illness," but the neglect was found to be inexcusable." *White,* 2022 WL 3127902, at *1. Although "the Court is sympathetic to counsel's illness, counsel clearly was aware of the deadline to file the motion and was aware his illness might interfere with his ability to do legal work in the two weeks after the Magistrate Judge issued her order. He could have submitted a prospective request for relief before the deadline, on the day he recovered or earlier." *White,* 2022 WL 3127902, at *1. "Clearly, counsel was well enough to discuss the legal issues in the motion during his illness" as apparently "counsel conducted a Local Rule 7-3 conference." "Although the prejudice to Defendants and the length of the delay are minimal, the relevant factors weigh against a finding of excusable neglect. *White v. Moore*, Case No. 2:21-cv-06964-MCS-MAA, 2022 WL 3127902, *1 (C.D. Cal. April 8, 2022).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

missed deadlines and/or to file sur-replies and/or other belated briefing on pending matters and all such requests should be denied. Farmers Direct does not oppose a brief continuance of the trial date to the extent that Plaintiff's anticipated "surgery" at the Los Angeles Center for Ear, Nose, Throat and Allergy has apparently been rescheduled from September 30, 2026 to October 14, 2026 (*see e.g.,* D'Sol Decl., ¶ 4, Exhibit 1 [ECF Doc. 158-1, at pp. 2-4]).

## III. PLAINTIFF DOES NOT MEET THE REQUIRED STANDARD FOR EX PARTE RELIEF

### A. Plaintiff Cannot Establish She Is Without Fault In This Crisis

Plaintiff cannot establish that she was not at fault (nor meet the "excusable neglect" standard) because Plaintiff has failed to establish any causal link to her upcoming surgery at the Los Angeles Center for Ear, Nose, Throat and Allergy (which was apparently initially planned in early September, rescheduled to September 30 and now rescheduled again to October 14, 2026) and her prior failures to meet filing deadlines, participate in discovery and/or repeated failures to comply with Local Rules. *See e.g.*, *In re Johnson*, 564 B.R. 653, 659 (E.D. Cal. Bankr. 2017) (pro se litigant "knew about the Filing Deadline," yet "he did not file any documents that affect discharge; instead, **he filed motions that have no bearing on the issue**," and he "relies only on his medical problems to justify his late filing," but there is "**no causal link exists between [pro se litigant] Johnson's medical problems and his late filing**") (emphasis added). Similarly here, Plaintiff focused on her continued pursuit of sanctions against Farmers Direct and defense counsel and made repeated frivolous filings, refused to participate in discovery and then filed her Oppositions to the MSJ and MST almost a week late and she has not established that her health was a factor in any of her failures here.[4]

[44] *See Ahearn v. City of Palos Verdes*, Case No. CV 07-2029-AHS (RNB), 2009 WL 1011071, *4 (C.D. Cal. April 14, 2009) (pro se "plaintiff's contention that her health issues had precluded her from being able to attend to Court matters was unsubstantiated by any competent evidence from her treating physician," and





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Moreover, an examination of Plaintiff's vigorous litigation activities in her several other ongoing actions during July, August and September clearly demonstrate that she was capable of doing so and/or her failures should not be viewed as excusable neglect here, especially given clear credibility concerns associated with her prior health related excuses.[5] *See* Canby Decl., ¶¶ 8.f, 21-28, 28.a., 28.b., **Exhibits 6-11**. Courts may properly examine the other litigation activities of pro per parties when evaluating claimed health related excuses for failing to meet deadlines or other requirements in a pending matter. *See e.g., Lasher v. Rubinaccio*, 860 F. App'x 821, 822-823 (3d Cir. 2021) (unpublished decision) (affirmed order dismissing action with prejudice and denying pro se plaintiff additional time to file an amended pleading because " as the District Court explained, while [plaintiff] Lasher alleged that various health issues prevented her from meeting the Court's deadlines, exhibits she filed revealed that, during this same period, she had been actively litigating other matters, including attending a hearing and filing lengthy motions"); *N'Jai v. Floyd*, No. CIV. 07-1506, 2009 WL 1531594 (W.D. Pa. May 29, 2009) (court rejected pro se plaintiff claimed that illness and carbon monoxide poisoning in her home prevented her from

"plaintiff had not even purported to provide an explanation or excuse for why, if her allegation about her health condition not improving and getting worse were true, plaintiff did not seek a further extension . . . before that deadline lapsed," and plaintiff therefore had failed to show good cause for why this action should not now be dismissed for failure to comply with a Court order and/or failure to prosecute"); *Malone v. Foster Wheeler Constructors, Inc.*, 21 F. App'x 470, 472-473 (7th Cir. 2001) (unpublished opinion) (affirmed dismissal for failure to prosecute and finding that the record lends no support to pro per plaintiff's "assertion that he was incapacitated by his medical condition, other than for his own representation that his doctor told him he was under too much stress, his personal view that he was not physically or mentally able to try the case, and a medical record indicating that seven weeks earlier he discharged himself from the hospital against medical advice," as "no medical findings or conclusions appear in the record to suggest that Malone was actually physically or mentally incapable of proceeding *pro se*").

[5] *See also* Declaration of Michelle R. Bernard filed in support of Motion for Terminating Sanctions [ECF Doc. 121] ("Bernard MTS Decl.") ,¶¶ 12-15, Exhibits 7-8 [ECF Doc. 121-1, at pp. 58-106]; Declaration of Michelle R. Bernard filed in support of Defendant's Opposition to Plaintiff's Ex Parte Application [ECF Doc. 101-1] ("Bernard Decl."), ¶¶ 12-15, Exhibits 5-6 [ECD Doc. 101-1, pp. 7-8, 29-56]; and Plaintiff's Ex Parte Application Reply [ECF Doc. 109, at p. 4, n.1 (emphasis added)].

complying with the court's orders to file an amended complaint between January and April 2008 as her illness claim was belied by her own litigation activity as the court's docket showed that during the very same period she claimed incapacity, the plaintiff had filed responses to four separate motions to dismiss).[6] Accordingly, Plaintiff cannot establish that she is without fault in creating her current crisis to the extent there may be unfavorable consequences as result of her failure to adhere to the Court's rules and deadlines and/or arising from her decision to boycott Farmers Direct's discovery. Therefore, Plaintiff's Ex Parte Applications should be denied.

**B. Plaintiff Has Not Been Acting In Good Faith**

Plaintiff cannot establish that grounds for this Court to find her failures to arise from "excusable neglect" because she has not been acting in good faith. *See e.g., White,* 2022 WL 3127902 at *1. Plaintiff repeatedly failed to engage in the meet and confer process with defense counsel, declined to provide details to defense counsel regarding how and/or why her alleged health condition allegedly impacted her ability to comply with deadlines, Local Rules, Federal Rules and/or pending discovery obligations and/or previously provided dubious health related excuses for her prior failures. *See* Canby Decl., ¶¶ 8.f, 9-28, 28.a., 28.b., 29, **Exhibits 1-11**. Accordingly, Plaintiff cannot meet her burden of showing that she has been in good faith in seeking the requested ex parte relief.

Additionally, the relief sought by Plaintiff will also result in prejudice to Farmers Direct. *See e.g., White,* 2022 WL 3127902 at *1; *see also generally*

[6] *See also Zanke-Jodway v. Capital Consultants, Inc.*, No. 1:08-CV-930, 2010 WL 776743, *6 (W.D. Mich. Mar. 3, 2010) (court declined pro per party's request to hold defendant's motion for summary judgment in abeyance due to her claimed inability to proceed from stress of handling the action and stating that courts cannot establish the precedent that a pro se party may ignore court deadlines whenever the party subjectively feels overwhelmed by personal or medical problems); *see also generally Dukes v. Cox*, Case No. 1:09-CV-1440-JMS-DML, 2015 WL 2338664 (S.D. Ind. May 15, 2015) (court dismissed the action under Fed. R. Civ. P. 41(b), finding that the plaintiff's behavior indicated she only wanted to litigate on her own terms and at a time of her choosing, on the very same day she claimed inability to attend a meeting with defense counsel, she was well enough to prepare and file a verified motion to stay and vacate the trial date).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Rockwell v. Air and Liquid System Corp.*, Case No. CV 21-3963-GW-PLAx, 2022 WL 2964820, *5-*6 (C.D. Cal. June 15, 2022); *Halie v. Santa Rosa Memorial Hosp.*, No. C-08-04149 MMC (EDL), 2009 WL 5088736 *1 (N.D. Cal. December 17, 2009). Plaintiff's Oppositions to the MSJ and the MST were both due on September 8, 2026 but she filed those documents on September 14, 2026 which is the same date that Defendant's Reply was due to be filed (and her belated MSJ and MST Oppositions and all supporting documents should be disregarded per Local Rule 7-12).

Similarly, Plaintiff's Oppositions to MIL Nos. 1-3 were filed a week late (also on the due date of Farmers Direct's Reply) and her requests to permit late filing should be denied as she has not established good cause for filing these materials a week late (nor should any sur-replies be allowed). Plaintiff has not established good cause for her prior missed deadlines and reopening the briefing now and/or postponing issuing a ruling on the MSJ and/or MST would substantially prejudice Farmers Direct. *See* Canby Decl., ¶ 29.

## IV. CONCLUSION

As a professional courtesy, Farmers Direct does not object to a brief continuance of the October 13, 2026 trial date to accommodate Plaintiff's scheduled surgery on October 14, 2026. However, the remainder of relief sought by Plaintiff on an ex parte basis should be denied for the reasons discussed herein.

Dated: September 25, 2026 GORDON REES SCULLY MANSUKHANI, LLP

BY [signature]

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101