MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF KELLY FITZGERALD CANBY IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S CONSOLIDATED OPPOSITIONS TO PLAINTIFF'S IMPROPERLY NOTICED *EX PARTE* APPLICATIONS [ECF DOCS 143, 144, 148, 153, 154, 158, 159]**

Judge: Hon. Stephen V. Wilson
**Date: September 28, 2026**
**Time: 3:00 p.m.**
Courtroom: 10A
Trial Date: October 13, 2026, 9:00 a.m.
FSC: October 5, 2026, 3:00 p.m.

Filed Concurrently With:
Defendant's Consolidated Opposition to Plaintiff's Ex Parte Applications

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, Kelly Fitzgerald Canby, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") in connection with the above-captioned matter ("Federal Court Action"). This declaration is being submitted in support of Defendant's Consolidated Opposition to all of Pro Per Plaintiff Luna D'Sol's ("Plaintiff") improperly noticed ex parte applications [ECF Docs 143, 144, 148, 153, 154, 158, 159]) (collectively "Ex Parte Applications"). I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. Plaintiff's Ex Parte Applications are noticed for various days as follows:

a. Most of Plaintiff's Ex Parte Applications are noticed for September 28, 2026 at 3:00 p.m. [ECF Docs 143, 144, 148, 154].

b. One of the Ex Parte Applications [ECF Doc. 153] is noticed for October 5, 2026 at 3:00 p.m.

c. Plaintiff filed at least one additional Ex Parte Application this morning on September 24, 2026 [ECF Docs. 158], and noticed it for hearing on September 23 at 3:00 p.m. [ECF Doc. 158] (which is yesterday).

d. Plaintiff also filed another set of documents this morning on September 24, 2026 [ECF Doc. 159] and it's not clear if this document is intended to be another ex parte application or something else.[1]

[1] As explained further below, to the extent that these documents [ECF Doc. 159] are part of an ex parte application made by Plaintiff, she did not provide notice of her ex

3. As explained further below, none of Plaintiff's Ex Parte Applications comply with the Local Rule 7-19 notice requirements.

4. For example, Plaintiff claims she "complied with Local Rule 7-19 hrough [sic] telephone 760.444.5923 and email (kcanby@grsm.com) communications on September 9, 2026 to Defendant," but as explained further below Plaintiff's statement is disputed and Plaintiff's communications on September 9, 2026 did not satisfy the requirements of Local Rule 7-19 for any of her Ex Parte Applications. [*See e.g.,* ECF Doc. 143, p. 2:21-27, ECF Doc. 144, p. 2:21-27, ECF Doc. 148, p. 2:21-27, ECF Doc. 153, p. 2: 10-18, ECF Doc. 154, p. 2:21-28].

5. Specifically, Plaintiff never orally advised defense counsel "of the date and substance of the proposed ex parte application" as required by Local Rule 7.19.1(a) for any of her Ex Parte Applications (not on September 9, 2026, nor any other date).

6. Moreover, the primary substance and purpose of most of Plaintiff's Ex Parte Applications [ECF Docs 143, 144, 148, 154] is apparently to seek "*terminating sanctions against Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") — including striking Defendant's Answer and entering default against Defendant on the issue of liability — or, in the alternative, imposing evidentiary and issue sanctions precluding Defendant from contesting specified facts and defenses at trial*." [*See e.g.,* ECF Doc. 143, p. 4:3-9, ECF Doc. 144, p. 4:3-9, ECF Doc. 148, p. 4:3-9, ECF Doc. 154, p. 2:21-28]. Plaintiff did not provide any ex parte notice that she intended to seek additional sanctions against Farmers Direct and/or defense counsel through any oral communications on September 9, 2026 and/or otherwise ever as required by Local Rule 7-19. As

---

parte application as required by Local Rule 7-19. To the extent that these document are an opposition to Defendant's Ex Parte Application made on September 22, 2026 [ECF Doc. 151] (for which proper notice was provided per Local Rule 7-19) her opposition is untimely. To the extent these documents are belated filings for deadlines already missed this Court should decline to consider them per Local Rule 7-12.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

explained further below, Plaintiff did inform defense counsel of some alleged unspecified health issues on or around September 9, 2026 and she also shared that she anticipated having surgery on September 30, 2026, but despite several requests for additional information that information was not forthcoming from Plaintiff.

7. With regard to Plaintiff's Ex Parte Application noticed for October 5, 2026 [ECF Doc. 153], she seeks "an order granting Plaintiff leave to file a Sur-reply" in response to the Defendant's Motion in Limine No. 1 Reply filing [ECF Doc. 153, p. 2:4-6), as explained further below this specific sought relief was also not shared with defense counsel nor was proper notice provided under Local Rule 7-19.

8. Plaintiff Ex Parte Application filed on September 24, 2026 -- without prior notice of the listed September 23, 2026 hearing date (i.e., yesterday) -- apparently seeks an order to belatedly supplement her already untimely opposition to Farmers Direct's Motion for Terminating Sanctions [ECF Docs. 118, 121, 141] ("MTS") with her desired submission of a Declaration of Michael Reyes stating that he had not been personally served. [ECF Doc. 158, p. 2:1-7]. Not only did Plaintiff not provide proper notice of this Ex Parte Application per Local Rule 7-19, but this lack of service information is totally irrelevant to Plaintiff's sought order of terminating sanctions against Farmers Direct for the following reasons:

a. I informed Plaintiff that Michael Reyes was never served and I never represented to the Court that he had been so served.

b. Plaintiff also did not include Mr. Reyes and/or Kings Power on her witness list found in her Initial Disclosures. *See e.g.,* Declaration of Kelly Fitzgerald Canby filed in support of Defendant's MSJ [ECF Doc. 119-6] ("Canby MSJ Decl.")., ¶ 23, Exhibit 9 [ECF Doc. 119-6, pp. 11:12-28, 73-80].

c. I initially issued subpoenas to the PMK of Kings Power Electrical and its President Michael Reyes in mid-July and noticed their



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

deposition for August 3, 2026 (as Plaintiff had submitted an estimate to Farmers Direct in or around August of 2024 as part of her Claim that was from Kings Power Electrical prepared by its President Michael Reyes, albeit I later learned that the Contractor's License number listed on the estimate provided by Plaintiff did not match and belonged to another company who does not do work in Palm Springs and did not know Mr. Reyes). *See e.g.,* Declaration of Kelly Fitzgerald Canby filed in support of Defendant's MSJ ("Canby MSJ Decl."), ¶¶ 29-31, Exhibit 15 and Exhibit 21 thereto [ECF Doc. 119-6, pp. 13-15, 243-244, 320-329].

d. Plaintiff was provided with notice of the initial subpoenas and we attempted personal service on July 17, 2026, July 18, 2026, July 20, 2026 and July 21, 2026 but all attempts were unsuccessful.

e. As the initial subpoena had become stale due to the passage of time and to allow for sufficient and reasonable notice, I issued new subpoenas and re-noticed the Depositions of Kings Power Electrical and its President Michael Reyes for August 14, 2026 (i.e., the last day prior to the discovery cutoff) and I also provided Plaintiff with notice of the same. Service was attempted on August 4, 2026 and the process server reported that he could hear movement from within the house but when he knocked on the door nobody would answer (similar experiences were reported for subsequent service attempts).[2]

f. I also repeatedly attempted to meet and confer with Plaintiff related to the scheduling of third party depositions but Plaintiff refused to

---

[2] Multiple additional attempts were made, including again on August 10, 2026 and when the process server knocked on the door he heard movement within the house but nobody answered the door. The following day on August 11, 2026, the process server returned and again heard movement from within the house (and noticed a dog in the yard and a Red Yukon in the driveway) but nobody would answer the door.



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

engage in any of those discussions when discovery was still open. Attached hereto as **Exhibit 7** are a collection of email communications among defense counsel and Plaintiff dated between August 11, 2026 and August 13, 2026.

9. Although Plaintiff did disclose her alleged unspecified health problems on or about September 9, 2026 and stated that she had a rescheduled surgery planned for September 30, 2026, this disclosure was made only after we shared information and legal authorities that presumably thwarted her initial plan to challenge Farmers Direct's Motion for Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Doc. 117, 119, 120] ("MSJ") and/or Motion for Terminating Sanctions [ECF Doc. 118, 121] ("MTS") based on alleged "procedural deficiencies" through a Motion To Strike due to alleged "lack of service, lack of access, failure to meet and confer, and any other defects identified upon review." Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's email dated September 7, 2026 [10:35 AM] regarding the "Subject: Meet and Confer Regarding Motion to Strike Recent Filings," which does not mention any alleged health issues at all.

10. The next day, Plaintiff sent me an email stating that "I just tried to call you and it appears as if you had blocked my calls," but I was sitting next to my phone at my desk and my phone never rang so I sent Plaintiff an email and informed her that I would respond to her email entitled "Meet and Confer Regarding Motion to Strike Recent Filings," that afternoon which I did by email dated September 8, 2026 [3:01 PM] which was sent to all three of her email addresses.[3] A true and correct

---

[3] Plaintiff apparently recently changed her registered email address on file with the Court's CM/ECF System because when Farmers Direct's Motion In Limine Nos. 1-4 were electronically filed on September 7, 2026 the "Notice of Electronic Filing" confirmation emails stated now stated that notice was "electronically mailed" to "Lune D'Sol lunadsolts@gmail.com, viewer.ratios7s@recap.email." Defendant's Motions In Limine Nos. 1-4 are scheduled to be heard at the Final Pretrial Conference on October 5, 2026 at 3:00 p.m. and her belated oppositions to Motion in Limine Nos. 1-3 (filed a week late) on September 21, 2026 to as are the subject of her Ex Parte Applications (her opposition to MIL No. 4 was timely filed).



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

copy of my email to Plaintiff dated September 8, 2026 [3:01 PM] is included within **Exhibit 2**.

11. Plaintiff called me soon after and claimed she did not receive my email [3:01 PM] so I told her I would send my email to her again – ***right then and now while she was on the phone*** – and asked Plaintiff to confirm the best email address that I should use to reach her and she stated the "same one" and directed me to use the jravada@icloud.com email address "as "always," so I did and resent my email [3:01 PM] again to Plaintiff approximately 5 minutes later.[4] Attached hereto and included within **Exhibit 2** is a true and correct copy of meet and response email to Plaintiff dated September 8, 2026 [3:01 PM] and my subsequent redelivery at September 8, 2026 [3:07 PM] to her preferred address (jravada@icloud.com).[5]

12. When Plaintiff called me on September 8, 2026, she did not want to discuss her anticipated motion to strike and instead she disclosed that she is apparently scheduled to have surgery on September 30, 2026 and wanted Farmers. Direct to stipulate to a continuance of unspecified dates. I spoke with Plaintiff again around 2:00 p.m. on September 9, 2026 and also discussed additional meet and confer issues with Plaintiff, including related to Farmers Direct's anticipated ex parte

---

[4] In this respect, Plaintiff's contention that she did not receive Farmers Direct's MSJ and MTS until September 8, 2026 is belied by the service information maintained on the Court's CM/ECF System confirming electronic service and email delivery of the MSJ and MTS to Plaintiff at her registered email address (i.e., "Luna D'Sol jravada@icloud.com").

[5] Specifically, in Response to Plaintiff's prior suggestion that the MSJ and MTS required mail service, I reminded Plaintiff of her prior agreement with Ms. Bernard that the parties would conduct "**service by email**" going forward which Plaintiff herself proposed for the "purposes of efficiency," which Plaintiff herself had proposed. Additionally, I also redirected Plaintiff to the terms of her Application for Permission for Electronic Filing which included her written affirmation that she had reviewed the information on the court's website Court's website ("www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers") and that "**I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail.**" Significantly, as noted on the court's website "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**" (emphasis added)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

application which filed the next day on September 10, 2026 [ECF Doc. 127-2] (after providing notice compliant with Local Rule 7-19) and Plaintiff did not file any opposition related thereto.

13. Plaintiff did not provide any specific date for any ex parte application during our calls on September 8 and 9, 2026 (nor ever). Plaintiff was also very vague about the exact nature of relief she would be seeking (e.g., length of desired continuance, if any, or other anticipated requests, etc.) and despite several requests for additional information, she did not explain how or why any such potential request was reasonably necessary (especially as to deadlines that she already missed). Attached hereto collectively as **Exhibit 3** are true and correct copies of a collection of email communications with Plaintiff dated September 9, 2026 and September 10, 2026, specifically including my September 10, 2026 [10:59 AM] email which states, in relevant part, the following:

> With regard to the issues you very recently raised for the first time regarding your health and approaching surgery, we will continue to meet and confer with you in good faith related to your desired continuance for **<u>any genuine health issues</u> but as I previously requested and explained further details and specifics are needed related to the scope, timing and nature of proposed continuance which have not yet been provided**.

14. Although Plaintiff includes copies of our email communications on September 9, 2026 in her Ex Parte Applications (*see e.g.,* Exhibit 2 thereto [ECF Doc. 143, p. 21-25, ECF Doc. 144, at pp. 21-24, ECF Doc., 154, at pp. 21-24), **she omitted my subsequent response (quoted above)** to that same email chain entitled "Subject: Re: Notice/Follow Up Re Ex Parte Application – D'Sol v. Farmers Direct."

15. Significantly, the word "Notice" in the subject title of that email chain **does <u>not</u> pertain to ex parte notice** but instead refers to an attachment to that email (i.e., a PDF document entitled "D'SOL – ECF 126 PLAINTIFF NOTICE FILED 9.8.26(159782151.1).pdf") which is a copy of a document that Plaintiff filed with the Court on or around the evening of September 8, 2026 entitled "PLAINTIFF'S NOTICE REGARDING CURRENT ILLNESS AND MEET-AND CONFER WITH DEFENDANT" [ECF Doc. 126] ("Notice"). Plaintiff **also omitted** the attached "Notice" document from her Exhibit 2 to the Ex Parte Applications (*see e.g.,* Exhibit 2 thereto [ECF Doc. 143, p. 21-25, ECF Doc. 144, at pp. 21-24, ECF Doc., 154, at pp. 21-24). A true and correct copy of Plaintiff's Notice [ECF Doc. 126] is attached hereto as **Exhibit 4**.

16. This omission noted above is misleading given that Plaintiff cites these same September 9, 2026 email communications as purported evidence "that Plaintiff has complied with Local Rule 7-19," because there is no ex parte notice provided in any of these email communications (and the only reason that the word "Notice" appears in the "subject" line of that September 9, 2026 email chain is because of the omitted "Notice" attachment). [ECF Doc. 143, p. 2:21-23, ECF Doc. 144, at p. 2:21-23, ECF Doc., 154, at pp. 21-24).

17. Plaintiff's filed "Notice" did not include any of the information I previously requested on the phone and in emails (and I sent a copy of that "Notice" to her when I asked for those details again as I was confused why she would make such a filing without sharing the necessary and requested information regarding how and why her alleged health issues and/or September 30, 2026 surgery allegedly necessitated an unspecified continuance and/or allegedly should excuse her prior missed filing deadlines).

18. With regard to the Ex Parte Application noticed for October 5, 2026 [ECF Doc. 153], Plaintiff cites to telephone and email communications with me on

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

September 22, 2026 as the purported evidence that "Plaintiff has complied with Local Rule 7-19," but I called Plaintiff on September 22, 2026 to provide her with notice of Farmers Direct's ex parte application that was filed later that day and I told Plaintiff that she would need to handle her own ex parte applications **separately**. Plaintiff did not advise of the date of her anticipated ex parte application, nor of the anticipated substance as far as identifying any particular documents at issue and/or their original due date. However, Plaintiff failed to include any of this information in her supporting declaration (*see e.g.,* D'Sol Decl., ¶¶ 3-5 [ECF Doc. 153-1, at p. 2:7-19].

19. Instead Plaintiff just claims that "I sent Ms. Canby an email" regarding our conversation and "recap of the Meet and confer held of September 22, 2026," and she includes a copy of her September 22, 2026 [3:18 PM] email as her Exhibit 3 [ECF Doc. 153-4] but she omits my response sent less approximately 15 minutes later where I retitled her email "**Dispute and Response**," which responds to her mischaracterizations about our earlier communications and reiterated the following: "As I stated during our call and again in my subsequent email **you will need to handle any potential ex parte applications that you desire and/or anticipate <u>separately</u>**" (emphasis added). A true and correct copy of my to Plaintiff dated September 22, 2026 [3:18 PM] is attached hereto as **Exhibit 5** (with a copy of the attachment).

20. Until September 24, 2026, Plaintiff has not previously provided any notes from a doctor to support her request, nor has Plaintiff provided any details or explanation as to why her alleged health condition and/or anticipated surgery on September 30, 2026 has reasonably impaired her ability to comply with this Court's scheduling or Local Rule filing deadlines during September (and/or allegedly prevented her from participating in discovery during July and August). The doctor's note found in one of Plaintiff's court filings on the morning of September 24, 2026

is from Dr. Celeste Nagy of the Los Angeles Center for Ear, Nose, Throat and Allergy and is dated September 23, 2026 and merely states that Plaintiff's anticipated surgery has apparently been rescheduled from September 30, 2026 to October 14, 2026 (*see e.g.,* D'Sol Decl., ¶ 4, Exhibit 1 [ECF Doc. 158-1, at pp. 2-4]). This newly provided doctor's note does not include any information about the nature of Ms. D'Sol's condition and/or how or why any health issues impacted Plaintiff's prior missed deadlines in the case and/or her refusal to participate in discovery.

21. Plaintiff has previously raised health issues in this case as excuses for not complying with filing deadlines and/or for her alleged unavailability to comply with her discovery obligations (without any documentation from doctors) and at least the prior circumstances of Plaintiff's statements raise concerns regarding her potential credibility.

22. For example, in response to my inquiry seeking to confirm her previously noticed deposition scheduled for July 31, 2026, Plaintiff claimed in an email dated July 29, 2026 [3:49 PM] that she allegedly could not attend because "**I am out of town visiting my 95 year old grandma**," that she "will be back home on August 17, 2026," and/or "**I was in the hospital**" (emphasis added). Attached hereto collectively as **Exhibit 6** are true and correct copies of a collection of email communications with Plaintiff dated between July 17, 2026 to July 29, 2026 pertaining to Plaintiff's deposition, specifically including my Plaintiff's email dated July 29, 2026 [3:49 PM].

23. Plaintiff later repeated this assertion again in a document she filed with the Court on or about August 4, 2026 entitled Reply In Support of Ex Parte Application [ECF No. 109] which states the following: "*Defendant characterizes Plaintiff as having simply "refused to appear" for deposition [ECF 108 at 4:6–7], while its own exhibit shows Plaintiff responded within two days of Ms. Canby's July 27, 2026 email, explaining she was* ***out of state caring for her 95-year-old***



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

***grandmother and had recently been hospitalized*** *[ECF 108-1, Ex. 13 (L. D'Sol email, Jul. 29, 2026, 3:49 PM)]*." [ECF Doc. 109, at p. 4, n.1 (emphasis added)].

24. However, we later learned that Plaintiff was actually remotely participating in a court trial in the Los Angeles County Superior Court (Case No. 24VECV03217) on July 28, 2026 and July 29, 2026 and thereafter was handling post-trial motions because Luna D'Sol (the defendant in that action) lost that case and the plaintiff Melissa Gomez prevailed on her breach of contract and/or fraud claims that she pursued against Luna D'Sol (i.e., the Plaintiff here). These facts are further confirmed by the verified allegations that Plaintiff herself made in her own Second Amended Complaint that she recently filed in a legal malpractice action she is prosecuting in Los Angeles County Superior Court (Case No. 26STCV01294) pertaining to the Melissa Gomez matter. *See e.g.,* Declaration of Michelle R. Bernard filed in support of Motion for Terminating Sanctions [ECF Doc. 121] ("Bernard MTS Decl.") ,¶¶ 12-15, Exhibits 7-8 [ECF Doc. 121-1, at pp. 58-106].

25. Copies of the current case docket sheets for Los Angeles County Superior Court, Case No. 24VECV03217 ("Gomez Action") and Los Angeles County Superior Court, Case No. 26STCV01294 ("Legal Practice Action") downloaded from that Court's website are also attached hereto as **Exhibit 8** and **Exhibit 9** respectively.

26. As Plaintiff was unwilling to appear on July 31, 2026, I offered to reset Plaintiff's deposition for the following week on "Tuesday 8/4, Wednesday 8/5 or Friday 8/7. Please let me know which of these dates you prefer?" Plaintiff responded as follows: ". . .***I am unable to confirm those 3 days because of a dental procedure which will impair my speech*** *and I don't have a way to get to Los Angeles. Last, my understanding is that the judge is reviewing the continuance of discovery which is why I a under the impression your company and I have not started anything*"

(emphasis added). Copies of **Exhibit 6** are true and correct copies of a collection of email communications with Plaintiff dated between July 17, 2026 to July 29, 2026.

27. As previously briefed to the Court in Farmers Direct's Opposition to Plaintiff's prior ex parte application brought on or around July 23, 2026, Plaintiff's opposition to Defendant's Motion To Strike Untimely Demand For Jury Trial And Request For Bench Trial was due to be filed on July 6, 2026 (which to date she has still never filed) and Plaintiff cited her alleged health problems as the reason for the missed filing in correspondence dated July 13, 2026 [4:49 p.m.], but we later learned that Plaintiff was actually engaged in substantial litigation activities in the Legal Malpractice matter at or around the same time which certainly casts doubt on her claimed health impairments. *See e.g.,* Declaration of Michelle R. Bernard filed in support of Defendant's Opposition to Plaintiff's Ex Parte Application [ECF Doc. 101-1] ("Bernard Decl."), ¶¶ 12-15, Exhibits 5-6 [ECD Doc. 101-1, pp. 7-8, 29-56].

28. Additionally, to the extent that Plaintiff is now claiming that health impairments allegedly interfered with her ability to meaningful participate in this case, including recently during the months of July, August and/or September, this claim should be evaluated in the context of her other litigation activities, including the following two additional actions which Plaintiff is also prosecuting as a pro se party without counsel where she has engaged in robust litigation activities without any apparent health impairments during this very same time period:

a. Attached hereto as **Exhibit 10** is a true and correct copy of a case docket report I obtained from the New York State Court's website for the action entitled, *Luna D'Sol v. Jonathan Sack et al.*, New Your County Supreme Court Case No. 160822/2025.

b. Attached there to collectively as **Exhibit 11** are a collection of materials from another case that Plaintiff is prosecuting in this Court as a pro per party, *Luna D'Sol v. Bank of America, N.A. et al.*,



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

U.S.D.C. C.D. Cal. Case No. 5:26-cv-03535-JGB-SP, and copies of the case "History" and "Deadline/Hearings" screens that I obtained through PACER and this Court's CM/ECF System are included within **Exhibit 11**, along with a selection of other recently filed documents that demonstrate that Plaintiff was engaged in substantial litigation activities in this case during August and September (including apparently bringing two unsuccessful ex parte applications during the month of August). There is also a hearing scheduled on September 28, 2026 at 9:00 a.m. on her Motion for Reconsideration related to the Court's prior denial of her Motion to Remand and a copy of the Court's Order dated August 27, 2026 [ECF Doc. 78 (for that case)] is included within **Exhibit 11**.

29. Plaintiff's Oppositions to the MSJ and the MST were both due on September 8, 2026 but she filed those documents on September 14, 2026 which is the same date that Defendant's Reply was due to be filed (and her belated MSJ and MST Oppositions and all supporting documents should be disregarded per Local Rule 7-12). Similarly, Plaintiff's Oppositions to MIL Nos. 1-3 were filed a week late (also on the due date of Farmers Direct's Reply) and her requests to permit late filing should be denied as she has not established good cause for filing these materials a week late (nor should any sur-replies be allowed). Plaintiff has not established good cause for her prior missed deadlines and reopening the briefing now and/or postponing the hearing on the MSJ and/or MST would substantially prejudice Farmers Direct. Moreover, Plaintiff's overall conduct in this case, including continued unwarranted efforts to pursue sanctions against defense counsel and/or Farmers Direct, suggest that she has not been acting in good faith.

30. Plaintiff recently provided new information that her surgery (at the Los Angeles Center for Ear, Nose, Throat and Allergy) has apparently been rescheduled





Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

from September 30, 2026 to October 14, 2026 (*see e.g.,* D'Sol Decl., ¶ 4, Exhibit 1 [ECF Doc. 158-1, at pp. 2-4]). The Court should fairly evaluate Plaintiff's requests about going forward dates related to trial scheduling to the extent that rescheduled surgery creates a scheduling conflict. Although there is apparently a doctor's notice included which confirms that Plaintiff's surgery (at the Los Angeles Center for Ear, Nose, Throat and Allergy) has been reschedule to October 14, 2026, there is no information included about the nature of Ms. D'Sol's condition and/or how or why any health issues impacted Plaintiff's prior missed deadlines in the case and/or otherwise justify her refusal to participate in discovery. Accordingly, Plaintiff has failed to establish good cause for any of her prior missed deadlines and her sought belated filings related to the MSJ, MST and/or Motions In Limine should not be permitted.

31. Accordingly, based on the record before this Court, there are no extraordinary circumstances nor good cause to support Plaintiff's Ex Parte Applications. Moreover, Plaintiff failed to comply with the ex parte notice requirements of Local Rule 7-19 in any event.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 24th day of September 2026 at Carlsbad, California.

Kelly F Canby

Kelly Fitzgerald Canby

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, September 7, 2026 10:35 AM
**To:** Kelly Canby; Michelle Bernard
**Subject:** Meet and Confer Regarding Motion to Strike Recent Filings

Dear Ms. Canby and Ms. Bernard:

I am still waiting for your new filings to arrive at my address via my select method of service… any tracking number you can sharer?

I have not been served with these filings, and the documents are presently inaccessible to me through the electronic docket. I also understand that Farmers filed them without first meeting and conferring with me as required.

I am therefore reaching out to meet and confer regarding my anticipated application or motion challenging and seeking appropriate relief concerning these filings based on their procedural deficiencies, including lack of service, lack of access, failure to meet and confer, and any other defects identified upon review.

Please let me know your availability to meet and confer regarding these issues.

For the avoidance of doubt, I expressly reserve all rights and objections to the filings and to every factual assertion, representation, characterization, and procedural position contained therein. Nothing in this correspondence constitutes an admission, waiver, stipulation, consent, or agreement with any statement or position asserted by Farmers.

If the matter is not resolved through the required meet-and-confer process, I will proceed with the appropriate application or motion for relief.

Please preserve all documents, communications, metadata, filing materials, and records concerning the preparation, filing, and service of these documents.

All rights and objections are expressly reserved

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 2

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 3:07 PM
**To:** Luna D'Sol
**Subject:** FW: Meet and Confer Regarding Motion to Strike Recent Filings

Here is the email again.

---

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 3:01 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Cc:** 'viewer.ratios7s@recap.email' <viewer.ratios7s@recap.email>; 'lunadsolts@gmail.com' <lunadsolts@gmail.com>
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings

Hello Ms. D'Sol –

I can be available for a meet and confer call with you tomorrow 9/9/26 (from noon through rest of the day) or 9/10 (after 10:30 a.m.)?

As you may recall, shortly after this case was removed to federal court you submitted your Application for Permission for Electronic Filing [ECF Doc. 10] whereby you affirmed, among other things, that you had reviewed Local Rule 5-4.1.1 and the additional instructions and information on the Court's website ("www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers") and that "**I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail**." Significantly, as noted on the court's website "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**" (emphasis added). At or around the same time you also proposed to Ms. Bernard that the parties conduct "service by email" going forward for the "purposes of efficiency" and Ms. Bernard agreed. Significantly, when the parties exchanged Initial Disclosures on February 26, 2026 this was conducted by email service only by both parties and without any objection from you given such email service agreement and later discovery was handled the same way.

The Court granted your Application for Permission for Electronic Filing on November 25, 2025 [ECF Doc. 12] and directed you to register with the Court's CM/ECM System within five (5) days per Local Rule 5-4.1.1 and which you presumably did because when the Court later issued its "NEW CASE ORDER" [ECF Doc. 13] the "automatic e-mail message generated by the CM/ECF system" states that "Notice has been electronically mailed to: . . . Luna D'Sol jravada@icloud.com" and the Court was no longer sending you any notices through the mail as had been done earlier in the case. Soon after you began to file documents yourself using the Court's CM/ECF System including various filings related to your initial motion to remand on or around December 5, 2025. For example, you filed a Supplemental Declaration under oath [ECF Doc. 15] which states the following: "I recently obtained CM/ECF filing access as a pro se litigant and am re-submitting the same Motion to Remand documents **directly through CM/ECF to ensure prompt docketing and service on all**." (emphasis added).

Accordingly, you clearly understood that filing documents through the CM/ECF system is the mechanism that accomplishes the electronic service on all parties in the case who are registered and using the

CM/ECF system for the case and that no additional service is required. Although I was not aware that another person named "JESUS SANCHEZ" resides at your home "2275 E. Belding Dr Palm Springs CA 92262," you filed a copy of a declaration from this alleged "Non-Party Declarant" on or about December 5, 2025 related to the service of your motion to remand which states: "**The CM/ECF system automatically served all registered counsel of record in this case . . . I did not perform any additional manual service because none is required**." [ECF Doc. 14-3, p. 2:4-25 (emphasis added)]. I can only presume that you must have instructed "JESUS SANCHEZ" regarding the applicable Local Rule and CM/ECF system service requirements so that such a declaration could be so prepared and electronic service accomplished (assuming that such a person even exists). Additionally, as you previously affirmed as part of your Application for Permission for Electronic Filing [ECF Doc. 10], "I have regular access to the technical requirements necessary to e-file," among other requirements for a participant and user of the Court's CM/ECF System, including an "email account on a daily basis to receive notifications from the court and notices from the e-filing system."

As you are well aware, all of Farmers Direct's motions were electronically served per the Court's CM/ECF System and electronic service was properly accomplished by the electronic delivery to the email address you have on file with that system as confirmed by the notice emails generated by the CM/ECF System (which you apparently recently updated). Please recall that you did not appear at the Local Rule 7-3 and Local Rule 37-1 TEAMs videoconference on August 13, 2026, at 11:00 a.m. despite being twice rescheduled at your request (and I also called you and emailed you to ask join the conference and waited for an hour but you chose not too and instead falsely stated that I had cancelled such meeting) and the grounds for Farmers Direct's MSJ and Motion for Terminating Sanctions were shared with you by email well in advance of the filing of these motions along with requests to further dismiss these issues per Local Rule 7-3 but you were apparently unwilling to do so. You also failed to timely engage in the pretrial conference meet and confer procedures of Local Rule 16 and so given applicable timing of the approaching pretrial conference Farmers Direct's motion in limine nos. 1-4 were filed yesterday (and served on you per the CM/ECF System as required) and those motions are largely based on the very same issues subject of Farmers Direct's prior and repeated requests to hold Local Rule 37-1 and/or Local Rule 7-3 conferences with you but which you evaded through deceptive means.

As a user of the Court's CM/ECF System it is your responsibility to maintain your technical capabilities and requirements to access the system and to regularly check your email, including on a daily basis, for court notice or other email service items.

Please let me know when you would like to discuss these issues further (as noted above I have availability tomorrow afternoon and then next day also)?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 1:25 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings

My phone just rang one time now and then stopped?

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Tuesday, September 8, 2026 1:22 PM
**To:** 'Luna D'Sol' <jravada@icloud.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Meet and Confer Regarding Motion to Strike Recent Filings

I did not receive a call or message from you. I will respond to your prior email this afternoon.

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, September 8, 2026 1:20 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Meet and Confer Regarding Motion to Strike Recent Filings

Hi,

I just tried to call you and it appears as if you had blocked my calls. And being that it is 1:19pm and have not heard about my meet and confer request then I will proceed

Luna

> On Sep 7, 2026, at 10:34, Luna D'Sol <jravada@icloud.com> wrote:

Dear Ms. Canby and Ms. Bernard:

I am still waiting for your new filings to arrive at my address via my select method of service... any tracking number you can sharer?

I have not been served with these filings, and the documents are presently inaccessible to me through the electronic docket. I also understand that Farmers filed them without first meeting and conferring with me as required.

I am therefore reaching out to meet and confer regarding my anticipated application or motion challenging and seeking appropriate relief concerning these filings based on their procedural deficiencies, including lack of service, lack of access, failure to meet and confer, and any other defects identified upon review.

Please let me know your availability to meet and confer regarding these issues.

For the avoidance of doubt, I expressly reserve all rights and objections to the filings and to every factual assertion, representation, characterization, and procedural position contained therein. Nothing in this correspondence constitutes an admission, waiver, stipulation, consent, or agreement with any statement or position asserted by Farmers.

If the matter is not resolved through the required meet-and-confer process, I will proceed with the appropriate application or motion for relief.

Please preserve all documents, communications, metadata, filing materials, and records concerning the preparation, filing, and service of these documents.

All rights and objections are expressly reserved

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 3

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, September 10, 2026 10:59 AM |
| **To:** | 'Luna D'Sol'; lunadsolts@gmail.com; viewer.ratios7s@recap.email |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | RE: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct |

Following on your email below and our call earlier this morning providing you with notice of Farmers Direct's ex parte application (and a notice email was also sent to you at approximately 10:40 a.m.), Farmers Direct will not withdraw its Motion for Summary Judgment or its Motion for Terminating Sanctions which are both noticed to be heard on September 28, 2026 and are the subject of the ex parte application related to the timing and computer system malfunctions we previously discussed.

With regard to the issues you very recently raised for the first time regarding your health and approaching surgery, we will continue to meet and confer with you in good faith related to your desired continuance for any genuine health issues but as I previously requested and explained further details and specifics are needed related to the scope, timing and nature of proposed continuance which have not yet been provided.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, September 9, 2026 3:09 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Ms. Canby,

That is not the impression I felt with after our conversation. Can you please let me know if you are going to refile your motions that have issues with hearing dates, service, and no meet and confer?

On Sep 9, 2026, at 14:21, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

Nice to speak with you. As I mentioned on the phone, we are sympathetic to your health issues and surgery and are willing to recommend to our client to agree to continue certain deadlines (not already expired) for a reasonable amount of time but we need a specific proposal as far as which dates you are seeking to continue and for exactly how long, etc.

Kelly Canby

---

**From:** Kelly Canby
**Sent:** Wednesday, September 9, 2026 1:03 PM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Hello Ms. D'Sol

We want to fairly accommodate any genuine health issues such as with a surgery and so curious of how long of a potential continuance do you think you may reasonably need until you are ready to resume?

Also do you anticipate seeking a continuance of all pending dates (e.g., hearing, FSC, trial) and if so, will you be seeking the same amount of time as to all (e.g., of at least X days or X weeks, etc.) or different for each?

To the extent that there is any potential stipulation and/or continuance of the 9/28 hearing dates what type of continued and/or revived briefing schedule/timing do you reasonably think you might need and/or intend to seek to allow for your healthy participation?

As explained further below my office encountered a series of unforeseen technical failures on August 31, 2026 which resulted in both motions being filed a few minutes after midnight (albeit such minimal delay would not be grounds to deny those motions given the overall circumstances and computer system malfunctions), but perhaps we can further discuss the possibility of an agreed upon briefing schedule for both of these pending motions to resolve any potential notice concerns related to the MSJ/MTS. However, any potential adjustments to scheduling are ultimately up to the court and I understand that Judge Wilson is generally not inclined to grant continuances and apparently only does so very rarely.

Specifically, please note that we experienced a number of unexpected technical failures on August 31, 2026, both when using the CM/ECF System itself where preloaded documents were lost, and also with the external computer system being used for those filings which repeatedly malfunctioned and so we had to obtain late night assistance and alternative computer system access which resulted both of those filings being done on a rolling basis with the MSJ document being filed at12:02 a.m. and the first MTS document posting at 12:05 a.m. and the additional materials followed soon thereafter, albeit and this minimal delay presumably would not have had any significant impact on your available response time especially given there was already an extra day added due to the court holiday. *See e.g.,Pryor v. Aerotek Scientific*, LLC, 278 F.R.D. 516, 522 (C.D. Cal. 2011) (denied motion to strike motion for class certification filed just a few hours after

deadline);*Bennet v. City Kingman*, 543 F.Supp.3d 794, 803 (D. Ariz. 2021) (denied request of opposing party to reject summary judgment motion filed one day late); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (reversing district court decision that denied relief to plaintiff who filed summary judgment opposition brief three days late due to a combination of calendaring errors and also "due to technical computer circumstances beyond control"); (D. Ariz. November 20, 2025) (where motion for summary judgment was filed two days late and moving party "encountered technical errors with ECF, which prevented him from timely filing" and despite the other party's objection the court ruled that "technical difficulties constitute good cause to permit late filing"); *Pena v. Taylor Farms Pac., Inc.,* 305 F.R.D. 197 (E.D. Cal. 2015) (portions of motion for class certification filed one day late and court overruled opposing party's objections to late filed items "[b]ecause the delay was the result of unforeseen technical difficulties . . . and caused no prejudice, the court overrules this objection"); *In re Schrag*, 464 B.R. 909, 9111-102 (D. Or. 2011) (relief granted where motion was filed 1 hour 23 minutes late due to technical problems with browser while attempting electronic filing in CM/ECF system); *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.,* 422 F.3d 72 (2nd Cir. 2005); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also* Local Rule 5-4.6.2, Local Rule 6-1 and FRCP 6(b).

As far as the service of the RFAs please see my prior email communications from yesterday regarding your prior consent to electronic service and the attached declaration of Elisa Martinez confirming that timely delivery and service of the RFAs to your email address and additional email combinations alerting you to such service and delivery.

I will send out a TEAMs invite for 2:00 and perhaps we can plan to talk more then and also please let me know more details regarding the timing issues above?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, September 9, 2026 11:09 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Notice/Follow Up Re Ex Parte Application - D'Sol v. Farmers Direct

Kelly,

Thank you for your email.

I just called you and lett a voicemail. I am writing to clarify the issues I intend to address in my ex parte application.

Farmers filed its Motion for Summary Judgment and other documents on September 1, 2026, and noticed the motion for hearing on September 28, 2026. This provides only 27 days between filing and the noticed hearing date. I understand that Local Rule 6-1 requires the motion to be filed at least 28 days before the hearing, absent an order providing otherwise.

In addition, I have not been served with the Requests for Admission that Farmers appears to rely upon in connection with its summary judgment motion. I therefore have not had an opportunity to review or respond to those requests, and I intend to address that issue in my ex parte application.

I also intend to address the applicable meet-and-confer requirements and the resulting prejudice to my ability to prepare a meaningful opposition.

As previously discussed, I have a scheduled surgery on September 30, 2026. I will provide the Court with appropriate supporting documentation and will specify the continuance requested for each affected date, including the September 28 hearing and any other dates for which relief is necessary.

I am providing this clarification so that Farmers has the information it requested regarding the basis and scope of the relief I intend to seek. Could you please call me or let me know if your client is willing to withdraw you filings including the ones from this weekend.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Sep 9, 2026, at 09:36, Kelly Canby <kcanby@grsm.com> wrote:
>
> Good Morning Luna --
>
> I hope you are feeling better today.
>
> Although Farmers Direct will not be joining a stipulation, when you file your ex parte application it would be very helpful to know each of the exact date(s) you are seeking to continue (e.g. just the 9/28 hearing date or other dates also such as 10/5 pretrial conference and/or 10/13 trial date), the length(s) of the sought continuance for each (e.g., for 5 days, and/or until on or after date X, etc) and the specific reason for each (e.g. a surgery on 9/30 and/other reasons) along with copies of appropriate supporting documentation and a further explanation as to why the length of the sought continuance is

reasonably necessary. Please include these details in your ex parte application as this information will aid Farmers Direct in its evaluation of your ex parte papers and whether or not it will oppose your ex parte application or any portion of the relief sought. Per the court's procedures, Farmers Direct can notify the clerk by 3:00 the day after you file your ex parte papers if it does not intend to file an opposition, but Farmers Direct needs to see your filed papers with these details and supporting information/documentation to make an informed decision.

Kelly Canby

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<D'SOL - ECF 126 PLAINTIFF NOTICE FILED 9.8.26(159782151.1).pdf>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the

communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 4

Case 2:25-cv-10938-SVW-AS Document 16 Filed 09/08/26 Page 1 of 1 Page ID #:531

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL**<br>Plaintiff,<br>vs.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE and DOES 1-50, inclusive,<br>Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**PLAINTIFF'S NOTICE REGARDING CURRENT ILLNESS AND MEET-AND-CONFER WITH DEFENDANT** |

Plaintiff is presently ill and is experiencing circumstances that have materially limited her ability to participate in this matter.

On September 8, 2026, Plaintiff also met and conferred with Defendant's counsel concerning the matters presently in dispute. During that discussion, Defendant's counsel stated that she did not have authority to resolve the matter. Counsel indicated that the parties could continue the discussion on September 9, 2026. Plaintiff provided medical procedure documentation to counsel.

Plaintiff intends to continue the meet-and-confer process tomorrow.

Plaintiff submits this Notice to place these circumstances before the Court and to document Plaintiff's diligence in attempting to address the issues without unnecessary Court intervention.

Respectfully submitted,

Dated: September 8, 2026

**By:** /s/ Luna D'Sol
**Luna D'Sol**
Plaintiff, In Pro Per

# EXHIBIT 5

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Tuesday, September 22, 2026 3:18 PM
**To:** 'Luna D'Sol'
**Cc:** Michelle Bernard
**Subject:** Dispute and Response / RE: Violation of Rules
**Attachments:** D'Sol v. Farmers Direct Case No. 2:25-cv-10938-SVW-ASx - NOTICE OF 9/22/26 EX PARTE APPLICATION RE E-FILING OF DEFENDANT'S MIL NO. 1 REPLY

Hello Ms. D'Sol –

I'm attaching another copy of my EX PARTE NOTICE email that I sent to you earlier today, but an excerpt of that communication is below for your reference:

> Following up my phone call and our discussion, pursuant to Local Rule 7-19.1, **PLEASE TAKE NOTICE THAT today on September 22, 2026, I will be filing an ex parte application** on behalf of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") by electronically filing through the Court's CM/ECF System a written submission to Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012 (and a courtesy hard copy will also be delivered to the Hon. Stephen V. Wilson's chambers) which is brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure related to the technical failures, computer system malfunctions and/or other technical failures which prohibited access to the Court's CM/ECF System from shortly after 11:30 p.m. last night until approximately 1:15 a.m. which will be further supported by my Declaration under oath related to the technical failures and CM/ECF System access **problems my office experienced on September 21, 2026 while attempting to file Defendant's MIL No. 1 Reply which was filed at 1:23 a.m. on September 22, 2026 [ECF Doc. 150].**

As I mentioned to you during our phone call earlier today and again in the attached Notice per above (emphasis added), the subject of Farmers Direct's ex parte application today is its MIL No. 1 Reply that was filed at approx. 1:23 a.m. last night [ECF No. 150].

I am not aware of any rule violations, other than the Reply Brief mentioned above being overdue as it posted after midnight which is now the subject of the ex parte application that was filed earlier today per the referenced notice.

As I stated during our call and again in my subsequent email you will need to handle any potential ex parte applications that you desire and/or anticipate separately. Specifically, my email earlier today states the following:

> **As I mentioned during our call, you should plan to handle any desired ex parte applications pertaining your own filings and/or related to any technical problems that you potentially experienced yesterday SEPARATELY and NO STIPULATIONS have been made related to any of your filings and/or anticipated filings.**

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Tuesday, September 22, 2026 12:35 PM |
| **To:** | 'Luna D'Sol'; 'lunadsolts@gmail.com'; 'viewer.ratios7s@recap.email' |
| **Cc:** | Michelle Bernard; Kiry Yeoun |
| **Subject:** | D'Sol v. Farmers Direct Case No. 2:25-cv-10938-SVW-ASx - NOTICE OF 9/22/26 EX PARTE APPLICATION RE E-FILING OF DEFENDANT'S MIL NO. 1 REPLY |

Hello Ms. D'Sol

Following up my phone call and our discussion, pursuant to Local Rule 7-19.1, **PLEASE TAKE NOTICE THAT today on September 22, 2026, I will be filing an ex parte application** on behalf of Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") by electronically filing through the Court's CM/ECF System a written submission to Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012 (and a courtesy hard copy will also be delivered to the Hon. Stephen V. Wilson's chambers) which is brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure related to the technical failures, computer system malfunctions and/or other technical failures which prohibited access to the Court's CM/ECF System from shortly after 11:30 p.m. last night until approximately 1:15 a.m. which will be further supported by my Declaration under oath related to the technical failures and CM/ECF System access problems my office experienced on September 21, 2026 while attempting to file Defendant's MIL No. 1 Reply which was filed at 1:23 a.m. on September 22, 2026 [ECF Doc. 150].

MIL No. 1 is noticed for hearing on October 5, 2026, at 3:00 PM at the Courtroom 10A of the assigned courthouse located at 350 W. First Street, 10th Floor, Los Angeles, California 90012. We want to make sure the Defendant's MIL No. 1 REPLY is appropriately considered despite these technical failures and filing delays so we will be electronically filing our ex parte application later this morning and service will be accomplished through electronic delivery of those materials to you through the Court's CM/ECF System at your registered email address on file with that system which I understand you recently updated.

Specifically, given the post-midnight postings Defendant's MIL No. 1 Reply [ECF Doc. 150], the ex parte application and my supporting declaration to be filed therewith are brought pursuant to Local Rule 5-4.6.2, Local Rule 6-1 and/or Rule 6(b)(1)(B) and will seek an order shortening time on Defendant's motion for an order to either enlarge the filing time and/or to otherwise shorten or adjust the notice period so that Defendant's MIL No. Reply is deemed timely filed based on the existing October 5, 2026 scheduled hearing date.

Additionally, please note the following instructions found on the website of the Hon. Stephen V. Wilson's website including that any opposing papers are to be filed not later than 3:00 p.m. on the first business day after the ex parte application was served and there is also a phone number below to call if you do not plan to oppose the ex parte application:

> Procedures for filing an ex parte application:
> Ex parte applications are considered on the papers and are not set for hearing. Counsel are

advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. Counsel are advised that this Court allows ex parte applications solely for extraordinary relief - sanctions may be imposed for misuse of ex parte applications. **See In Re: Intermagnetics America, Inc.**, 101 Bankr. 191 (C.D. Cal. 1989). The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was **served**. If counsel are not going to oppose an ex parte application, they must inform the clerk at 213-894-2881. Counsel will be notified by the clerk of the Court's ruling. Honorable Stephen V. Wilson | Central District of California | United States District Court

**As I mentioned during our call, you should plan to handle any desired ex parte applications pertaining your own filings and/or related to any technical problems that you potentially experienced yesterday SEPARATELY and NO STIPULATIONS have been made related to any of your filings and/or anticipated filings**.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, September 22, 2026 3:01 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Violation of Rules

Hi Kelly,

I am following up on the conversation we had earlier today.

You called me to meet and confer because you stated that you had experienced issues with the system last night and wanted to submit your late reply. I told you that I had experienced the same issues and that I had photographs documenting the problem.

When I stated that I did not oppose your ex parte application, I asked whether you opposed mine. You then changed the subject and stated that you did not know what I was submitting. I explained what I intended to submit. You asked me to send you a list, and stated that you would send me a list as well.

Instead, I subsequently saw that you filed your reply without filing it as an ex parte application. You also did not submit or attach your email to me concerning the matter.

As a result, the filing does not appear to accurately present the procedural history of our communication. In particular, your filing omits the communication in which we discussed the respective submissions and the lists you requested from me.

The list of my filings is ex parte opposition about your ex parte from last week and my discovery statements

For now, it appears you filed a document knowingly it needed an ex parte but chose not so you can prejudice me

Luna

Sent from my iPhone

# EXHIBIT 6

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 9:05 PM
**To:** Kelly Canby
**Cc:** Michelle Bernard; Kiry Yeoun; Joni Etue
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Counsel,

No, I have not been served a deposition, I don't have any records of such documents being served to me. I am unable to confirm those 3 days because of a dental procedure which will impair my speech and I don't have a way to get to Los Angeles. Last, my understanding is that the judge is reviewing the continuance of discovery which is why I a under the impression your company and I have not started anything

On Jul 29, 2026, at 20:19, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol -

If you are out of town and not available to appear in Los Angeles at your deposition on Friday, we can reset your deposition for another day next week at GRSM's Office in Los Angeles. I'm available on **Tuesday 8/4, Wednesday 8/5 or Friday 8/7. Please let me know which of these dates you prefer?**

Additionally, we still need copies of your Initial Disclosure documents. We previously agreed that the parties would exchange copies of the documents identified in their Initial Disclosures and Farmers Direct thereafter had its voluminous Claim file prepared for production and has been ready to exchange these Initial Disclosure documents for months. Please note that sanctions under Rule 37 are "self-executing" and "automatic" and evidence "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-1107 (9th Cir. 2001), citing Fed. R. Civ. Proc. 37 Advisory Committee Note (1993). Per my prior email below, I hoped that we would be exchanging those documents today. We need copies of your Initial Disclosure documents at least a few days prior to your deposition. **Please let me know if you can be ready to exchange Initial Disclosure documents by this Friday 7/31 (and if not when)?**

Please note that your Deposition Notice was properly served by email to your email address: jravada@icloud.com.

As you have previously acknowledged, you consented to electronic service via email in this Federal Court case last November as result of your prior Application for Permission for

Electronic Filing [ECF Doc. 10], the Court's Order thereon [ECF Doc. 12] and your subsequent registration and use of the ECF System. See attached. "I understand that once I register for e-filing, I will receive notices and documents in Central District cases only by e-mail and not by U.S. mail." [ECF Doc. 10]. "**By registering to e-file you have agreed to receive electronic service of documents by e-mail**." *See* www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers (emphasis added). When a "pro se party is granted court permission to register as an ECF user; such registration constitutes consent to receive electronic service." Rutter Group Practice Guide--Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition), Section 12:84.12, citing U.S.D.C. C.D. Cal. Local Rules 5-3.2.1, 5-3.2.2; *see also generally* Fed. R. Civ. Proc. 5(b)(2)(E). As you know, both parties have exclusively used electronic service in this case ever since.

Additionally, as result of the Court's Civil Trial Order and applicable Local Rules, **the Parties are required to complete an ADR Proceeding by Friday, August 21, 2026.** We are checking on the availability of some potential mediators during August and should hopefully have more information next week, but please let me know if you have any ADR Preferences and/or other suggestions on this topic?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 29, 2026 3:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Joni Etue <jetue@grsm.com>
**Subject:** Re: Confirmation of 7/31 Deposition (and Request to Exchange Initial Disclosure Documents on 7/29)? / FW: Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Hi Ms Canby

I did not know you were back in town yet.

I am sorry I didn't respond earlier but I am out of town visiting my 95 year old grandma. I will be back home on August 17th 2026. I don't recall seeing any requests that you are referring to, as I mentioned, I was in the hospital. Did you serve it via mail ?

Luna

Sent from my iPhone

On Jul 27, 2026, at 6:10 PM, Kelly Canby <kcanby@grsm.com> wrote:

Good Evening Ms. D'Sol –

This email is to confirm your deposition for Friday 7/31 at 9:00 a.m. at our office in Los Angeles per the attached Notice of Deposition. Can you please confirm your intention to appear?

Additionally, my prior request to exchange Initial Disclosure documents is long overdue, can you have your documents ready for exchange by Wednesday 7/29?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kiry Yeoun <kyeoun@grsm.com>
**Sent:** Friday, July 17, 2026 9:27 AM
**To:** Luna D'Sol <jravada@icloud.com>
**Cc:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Case No. 2:25-cv-109838-SVW-ASx - LUNA D'SOL v. FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2025-11-18 D'SOL - DOC 10 PLTF APPLICATION FOR PERMISSION FOR ELECTRONIC FILING(109158610.1).pdf><2025-11-25 - ECF DOC 12 - ORDER GRANTING PLTF D'SOL PERMISSION FOR ELECTRONIC FILING(157662458.1).pdf><2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 7

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, August 13, 2026 12:04 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard |
| **Subject:** | RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1) |
| **Attachments:** | fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf |
| **Importance:** | High |

Hello Again Luna – I left you a voicemail asking to call me but no response. I also waited in the TEAMs Chat until past noon (as I had blocked out an hour for our call) and I've been next to my phone but I have not heard from you.

**IDC FORM:** I've attached the Magistrate's IDC Request Form one more time just in case you change your mind and wish to participate in the process. Further information can be found here: Honorable Alka Sagar | Central District of California | United States District Court

**SEND US COPIES OF YOUR DOCS BY MONDAY OR WE ARE MOVING TO STRIKE YOUR INITIAL DISCLOSURES:** If copies of your Rule 26 Initial Disclosure document production materials are not sent to us by close of business on Monday 8/17 (per our prior agreement to exchange document at the 2/12/26 Rule 26(f) Conference) we will be moving to Strike your Rule 26 Disclosures.

**YOUR REFUSAL TO PARTICIPATE IN LOCAL RULE 37-1 CONFERENCES:** Additionally, given your refusal to communicate with me today (when I postponed our initial planned call from 5:30 p.m. yesterday until 11:00 today at your specific request) I presume you are unwilling to participate in the requested Local Rule 37-1 Conferences regarding to your delinquent written discovery responses, sought deposition, previously agreed upon exchange of Initial Disclosure Documents, etc. and we will move forward accordingly.

**YOUR VIOLATION OF COURT'S ADR DEADLINE:** Additionally, we have repeatedly asked you to provide potentially available dates to participate in ADR, but you have refused to provide any response. We will seek to add any violation of the Court's ADR deadline and/or other orders to our prior requested OSC hearing for the issuance of sua sponte sanctions and/or civil contempt finding against you by the Court.

**YOUR REFUSAL TO MEET AND CONFER PER LOCAL RULE 7-3 RE FARMERS DIRECT'S MSJ/MSA:** Additionally, I have been ready and willing to participate in the required pre-filing meet and confer process in good faith as required by Local Rule 7-3 regarding Farmers Direct's anticipated MSJ/MSA and you postponed our meeting yesterday, which I rescheduled at your requested time of 11:00 but you are nowhere to be found and have not returned my call either. Given the approaching filing deadlines we will plan to move forward with the MSJ/MSA given your refusal to participate in these scheduled discussions and clear refusal to participate in the meet and confer process in good faith.

**THIRD PARTY DISCOVERY:** I will plan to proceed with both depositions tomorrow per the existing notices .

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:14 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

The link is below, but you can go ahead and just call me on my office line now if you prefer to speak by phone – 760-444-5923 – I'm ready to talk at 11:00 today as you requested. Please call now.

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW
Meeting ID: 243 317 248 760 179
Passcode: vg9gf7Sr

Need help? | System reference
Dial in by phone
+1 415-856-9224,,628141081# United States, San Francisco
(888) 994-5245,,628141081# United States (Toll-free)
Find a local number
Phone conference ID: 628 141 081#
Join on a video conferencing device
Tenant key: grsmsip@m.webex.com
Video ID: 118 318 282 5
More info

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:11 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

I'm on the TEAMs call now?

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, August 13, 2026 11:10 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

You just canceled our meet and confer today without telling me in advance

You mentioned yesterday that Farmers Direct will be responsible for Exchange's wrong doing then we need Exchange here

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Aug 12, 2026, at 17:15, Kelly Canby <kcanby@grsm.com> wrote:
>
> Hello Ms. D'Sol – I just sent an updated TEAMs invite for tomorrow at 11:00 a.m. per your request.
>
> Given that I need allow time to coordinate any potential changes to appearance details with court reporters, videographers and third party witnesses, can you please respond tonight related to the following two issues (alternatively we will just plan to proceed per the current notices):

1. Can you please let me know tonight whether or not you will agree that the August 14, 9:00 a.m. PMK Deposition of Progressive Remodeling Inc. may proceed on a remote basis via video conference (which the witness David Aragon has requested)? Alternatively, we will plan to proceed with an in-person deposition at our LA Office on Friday Morning per the Amended Notice.

2. Additionally, please let me know if you have a working phone number for Kyle Mangione? I'm willing to discuss the possibility of a remote deposition with him as well, but I need to speak with him to confirm he is amendable and to make sure has the proper technical capabilities/computer setup (assuming you have no objection to switching to remote). Alternatively, we will plan to proceed with the Deposition at our office in Ontario at 3:15 p.m. on August 14, 2026 as noticed.

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 4:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

Ms. Canby,

Please change the conference for tomorrow. I am unable to reconcile all the information you have provided lately, it is extremely inconsistent and I need time to prepare or understand your references to events I have no records Tomorrow at 11 am works me

> On Aug 12, 2026, at 14:36, Kelly Canby <kcanby@grsm.com> wrote:
>
> ________________________________________________
>
> ## Microsoft Teams meeting

**Join:**https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW

Meeting ID: 243 317 248 760 179

Passcode: vg9gf7Sr

---

Need help? | System reference

**Dial in by phone**

+1 415-856-9224,,628141081# United States, San Francisco

(888) 994-5245,,628141081# United States (Toll-free)

Find a local number

Phone conference ID: 628 141 081#

**Join on a video conferencing device**

Tenant key: grsmsip@m.webex.com

Video ID: 118 318 282 5

More info

For organizers: Meeting options | Reset dial-in PIN

GRSM50 GORDON REES SCULLY MANSUKHANI YOUR 50 STATE LAW FIRM

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<Mail Attachment.ics>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Wednesday, August 12, 2026 2:27 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard |
| **Subject:** | RE: D'SOL: Request to Schedule Local Rule 7-3 Conference to Meet and Confer Re MSJ? / Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company (Case No. 2:25-cv-10938-SVW-AS) |

Great. Let plan to talk tonight at 5:30 to discuss Farmers Direct's anticipated MSJ -- I will send you a TEAMs invite now.

Let's also plan to discuss the following other pressing issues related to discovery and approaching case deadlines, including:

- The 8/21/26 ADR Completion Deadline and your potential availability for a mediation and/or other potential ADR procedure next week (albeit scheduling may be a challenge with such short notice)?

- Pending discovery to you, including a Conference per Local Rule 37-1 regarding the status of your responses to Farmers Direct's written discovery set one (RFPs, ROGs, RFAs Sets One) which were due on 8/3/26 and your objections are now waived and/or a potential continuation and further Local Rule 37-1 (second discussion) related to the scheduling of your deposition and scheduling of the previously agreed upon exchange of initial disclosure documents (including whether you have any interest in potentially seeking assistance from the Magistrate via the Informal Discovery Conference Procedures)?

- The third party depositions scheduled for Friday, including whether you have any objection to potentially conducting the PMK Deposition of Progressive Remodel/David Aragon via remote videoconference on Friday morning instead of in person in Los Angeles (and/or same for Kyle Mangione's deposition Friday afternoon at 3:15 in Ontario if I am able to speak with him and confirm various things)?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 2:11 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: D'SOL: Request to Schedule Local Rule 7-3 Conference to Meet and Confer Re MSJ? / Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company (Case No. 2:25-cv-10938-SVW-AS)

I am available at 5:30pm today or tomorrow at 8am 9am and 10 am

On Aug 12, 2026, at 14:08, Kelly Canby <kcanby@grsm.com> wrote:

Sure. Are you available now or soon – how about I send you a TEAMs invite for 3:00 today?

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 2:01 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: D'SOL: Request to Schedule Local Rule 7-3 Conference to Meet and Confer Re MSJ? / Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company (Case No. 2:25-cv-10938-SVW-AS)

Ms. Kelly

Most of what you have placed in this email is not accurate and the record does not support it

Would you like to discuss on a conference call?

On Aug 11, 2026, at 23:09, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

I wanted to schedule a time to speak with you regarding Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") anticipated Motion for Summary Judgment as and/or

Motion for Summary Adjudication ("MSA"). Farmers Direct's anticipates filing a Motion for Summary Judgment ("MSJ") as to all surviving causes of action in your First Amended Complaint, specifically including the First Cause of Action for Breach of Contract, the Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing (Bad Faith), (the Third Cause of Action is already dismissed), any alleged claims, damages and/or other relief sought under the Unruh Civil Rights Act (even if not alleged as a separate stand alone cause of action) and your claim for punitive damages as well.

The basis of Farmers Direct's anticipated MSJ/MSA is that Farmers Direct has paid all coverage benefits owed under the Policy for the alleged vandalism/burglary loss so no breach of contract as you have been fully compensated (to the extent that the June 3, 2024 incident even is a covered loss) and/or you cannot establish with any competent evidence that any additional amounts are owed under the Policy, the genuine dispute doctrine bars your bad faith claim and the record is also devoid of evidence that Farmers Direct acted unreasonably in its handling of the claim and/or with regard to the valuation and assessment of the damages to the Property as result of the June 3, 2024 incident, there is no evidence to support your claims for punitive damages, and no competent evidence of any intentional discrimination as required for a finding of liability under the Unruh Act and/or for any damages or relief sought thereunder.

In addition to other potential evidence, Farmers Direct anticipates its MSJ/MSA will be supported by the opinions of its industry standard of care expert Paul Hamilton, Property & Casualty Claim Consultant and its property loss and damage assessment and valuation expert David A. Corona, Executive Manager of MKA International, Inc. ("MKA") and/or additional opinions from some or all of the non-retained experts as listed in Farmers Direct's Expert Witness Disclosure served on July 15, 2026 (and copies of the Reports prepared by Mr. Hamilton and Mr. Corona/MKA are attached as Exhibits 1-2 thereto which further discuss the scope, basis and further details related to their opinions).

Additionally, as result of your failure to timely serve any Expert Witness Disclosures, your repeated refusals to adhere to the agreement reached during the Rule 26(f) Conference regarding the voluntary exchange of initial disclosure documents, your refusal to make yourself available for deposition and/or your failure to provide any responses to Farmers Direct's written discovery may preclude, bar entirely and/or substantially limit your ability to present any evidence in opposition to Farmers Direct MSJ/MSA, including as result of your failure to comply with Rule 26 and/or per the "self-executing" sanctions of Rule 37 and/or as a result of any other orders that may be issued and/or obtained by Farmers Direct related to your failure to timely respond to discovery and/or otherwise. *See e.g.,* Fed. R. Civ. Proc. 26(a), 26(c), 37, 37(c)(1) (including advisory committee notes of 1993).

If you are willing to stipulate to the dismissal of any of the above-refenced claims, please let me know as it will significantly narrow the scope (or necessity) for the anticipated motion. Please also let me know if there is a good time to reach you to further discuss Farmers Direct's anticipated MSJ/MSA?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If

you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 8

Language Access
English

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **CASE INFORMATION:** | 24VECV03217 |
| **Case Title:** | MELISSA GOMEZ VS JULIO RAVADA |
| **Filing Courthouse:** | Van Nuys Courthouse East |
| **Filing Date:** | 7/5/2024 |
| **Case Type:** | Contractual Fraud (General Jurisdiction) |
| **Status:** | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Print New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

**10/5/2026** 08:30 Department B 6230 Sylmar Ave., Van Nuys, CA 91401 Hearing on Motion for New Trial

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **FERNANDEZ VICTOR** | Attorney for Plaintiff |
| **GOMEZ MELISSA** | Plaintiff |
| **RAVADA JULIO** | Defendant |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | |
|---|---|---|
| **8/4/2026** | Certificate of Mailing for Notice of Hearing of Motion for New Trial | Filed by Clerk |
| **8/4/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **8/4/2026** | Notice of Hearing of Motion for New Trial | Filed by Clerk |
| **8/3/2026** | Declaration DECLARATION OF LUNA DSOL ISO NOTICETO MOVE TO NEW TRIAL | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | | |
|---|---|---|
| **8/3/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **8/3/2026** | Notice of Intent to Move for New Trial | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/31/2026** | Certificate of Mailing for (Ruling on Submitted Matter) of 07/31/2026 | Filed by Clerk |
| **7/31/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **7/31/2026** | Minute Order (Ruling on Submitted Matter) | Filed by Clerk |
| **7/29/2026** | Exhibit List | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/29/2026** | Minute Order (Non-Jury Trial) | Filed by Clerk |
| **7/28/2026** | Minute Order (Non-Jury Trial) | Filed by Clerk |
| **7/24/2026** | Notice of Ruling | Filed by Melissa Gomez (Plaintiff) |
| **4/17/2026** | Minute Order (Final Status Conference) | Filed by Clerk |
| **2/24/2026** | Certificate of Mailing for (Hearing on Ex Parte Application TO CONTINUE TRIAL) of 02/24/2026 | Filed by Clerk |
| **2/24/2026** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **2/24/2026** | Minute Order (Hearing on Ex Parte Application TO CONTINUE TRIAL) | Filed by Clerk |
| **2/23/2026** | Declaration in Support of Ex Parte Application | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Declaration of Notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Ex Parte Application TO CONTINUE TRIAL | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Supplemental Declaration SUPPLEMENTAL EXHIBITS TO DEFENDANTS EX PARTE APPLICATION FOR TRIAL CONTINUANCE HEARING FEB 24 2025 | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/20/2026** | Exhibit List | Filed by Melissa Gomez (Plaintiff) |
| **2/20/2026** | Trial Brief | Filed by Melissa Gomez (Plaintiff) |
| **2/20/2026** | Witness List | Filed by Melissa Gomez (Plaintiff) |

| | | |
|---|---|---|
| **1/23/2026** | Minute Order (Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISC...) | Filed by Clerk |
| **1/22/2026** | Declaration in Support of Ex Parte Application | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Declaration of Notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Objection TO PLAINTIFF'S COUNSEL'S UNPROFESSIONAL CONDUCT AND REQUEST FOR COURT ADMONISHMENT | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/20/2026** | Minute Order (Final Status Conference; Hearing on Motion to Enforce Settlement) | Filed by Clerk |
| **1/15/2026** | Notice of Remote Appearance | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Declaration of Defendant Luna DSOL in Support of Final Status Conference and in Opposition to Trial Readiness Determination Due to Plaintiffs Failure to Respond to Discovery | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/12/2025** | Certificate of Mailing for (Hearing on Ex Parte Application for Order Continuing Hearing ...) of 11/12/2025 | Filed by Clerk |
| **11/12/2025** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **11/12/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) | Filed by Clerk |
| **11/10/2025** | Declaration RE: NOTICE OF EX PARTE APPLICATION | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/7/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) | Filed by Clerk |
| **11/6/2025** | Declaration of luna dsol | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Declaration regarding notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |

| | | |
|---|---|---|
| **11/6/2025** | Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/6/2025** | Exhibit List | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/4/2025** | Opposition To Motion for Enforcement | Filed by Melissa Gomez (Plaintiff) |
| **10/15/2025** | Certificate of Mailing for Notice of Case Reassignment and Order for Plaintiff to Give Notice | Filed by Clerk |
| **10/15/2025** | Notice of Case Reassignment and Order for Plaintiff to Give Notice | Filed by Clerk |
| **10/14/2025** | Proof of Service (not Summons and Complaint) | Filed by Melissa Gomez (Plaintiff) |
| **10/8/2025** | Declaration of Notice | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Exhibit List | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Memorandum of Points & Authorities | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Motion to Enforce Settlement | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Notice of Motion | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/8/2025** | Notice of Motion | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/7/2025** | Notice AMMENDED ANSWER - STATEMENT OF TRUE NAME | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/3/2025** | Substitution of Attorney | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/16/2025** | Minute Order (Trial Setting Conference) | Filed by Clerk |
| **7/11/2025** | Substitution of Attorney | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/7/2025** | Notice of Continuance | Filed by Melissa Gomez (Plaintiff) |
| **7/7/2025** | Notice of Continuance | Filed by Melissa Gomez (Plaintiff) |
| **6/17/2025** | Minute Order (Trial Setting Conference) | Filed by Clerk |
| **12/18/2024** | Minute Order (Case Management Conference) | Filed by Clerk |

| | | |
|---|---|---|
| **12/18/2024** | Notice Trial Setting Conference | Filed by Melissa Gomez (Plaintiff) |
| **12/17/2024** | Case Management Statement | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/20/2024** | Case Management Statement | Filed by Melissa Gomez (Plaintiff) |
| **11/20/2024** | Notice of Continuance | Filed by Melissa Gomez (Plaintiff) |
| **10/21/2024** | Answer | Filed by Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **10/21/2024** | Order on Court Fee Waiver (Superior Court) | Filed by Clerk |
| **10/11/2024** | Minute Order (Case Management Conference; Order to Show Cause Re: failure t...) | Filed by Clerk |
| **10/9/2024** | Proof of Personal Service | Filed by Melissa Gomez (Plaintiff) |
| **7/10/2024** | Notice of Case Management Conference | Filed by Clerk |
| **7/10/2024** | Order to Show Cause (Hearing) | Filed by Clerk |
| **7/5/2024** | Alternative Dispute Resolution Packet | Filed by Clerk |
| **7/5/2024** | Civil Case Cover Sheet | Filed by Melissa Gomez (Plaintiff) |
| **7/5/2024** | Complaint | Filed by Melissa Gomez (Plaintiff) |
| **7/5/2024** | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| **7/5/2024** | Summons on Complaint | Filed by Melissa Gomez (Plaintiff) |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | **Past Proceedings**

| | | | |
|---|---|---|---|
| **7/31/2026 09:49 AM** | Department B | Ruling on Submitted Matter | |
| **7/29/2026 10:00 AM** | Department B | Non-Jury Trial | Held - Taken under Submission |
| **7/28/2026 10:00 AM** | Department B | Non-Jury Trial | Held - Continued |
| **6/16/2026 08:30 AM** | Department B | Hearing on Motion - Other | Not Held - Vacated by Court |
| **5/14/2026 08:30 AM** | Department B | Hearing on Motion to Deem Request for Admissions Admitted | Not Held - Taken Off Calendar by Party |
| **4/30/2026 09:00 AM** | Department B | Non-Jury Trial | Held - Continued |

| | | | |
|---|---|---|---|
| **4/17/2026 09:00 AM** | Department B | Final Status Conference | Held |
| **2/26/2026 10:00 AM** | Department B | Non-Jury Trial | Not Held - Continued - Party's Motion |
| **2/24/2026 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Motion Granted |
| **1/28/2026 08:30 AM** | Department B | Non-Jury Trial | Not Held - Advanced and Continued - by Court |
| **1/23/2026 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Motion Denied |
| **1/20/2026 08:30 AM** | Department B | Final Status Conference | Held |
| **1/20/2026 08:30 AM** | Department B | Hearing on Motion to Enforce Settlement | Held - Motion Denied |
| **12/8/2025 08:30 AM** | Department B | Hearing on Motion to Continue Trial | Not Held - Rescheduled by Party |
| **12/5/2025 08:30 AM** | Department B | Hearing on Motion to Enforce Settlement | Not Held - Advanced and Continued - by Court |
| **12/2/2025 08:30 AM** | Department B | Hearing on Motion to Continue Trial | Not Held - Taken Off Calendar by Party |
| **11/12/2025 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Motion Granted |
| **11/12/2025 08:30 AM** | Department T | Hearing on Motion to be Relieved as Counsel | Not Held - Vacated by Court |
| **11/7/2025 08:30 AM** | Department B | Hearing on Ex Parte Application | Held - Continued |
| **7/16/2025 08:30 AM** | Department T | Trial Setting Conference | Held |
| **6/17/2025 08:30 AM** | Department T | Trial Setting Conference | Held - Continued |
| **1/21/2025 08:30 AM** | Department T | Hearing on Motion to Quash Service of Summons | |
| **12/18/2024 08:30 AM** | Department T | Case Management Conference | Held |
| **10/11/2024 08:30 AM** | Department T | Case Management Conference | Held - Continued |
| **10/11/2024 08:30 AM** | Department T | Order to Show Cause Re: | Held |

## REGISTER OF ACTIONS

Case Information | **Register Of Actions** | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

**8/4/2026** Hearing on Motion for New Trial scheduled for 10/05/2026 at 08:30 AM in Van Nuys Courthouse East at Department B

| | |
|---|---|
| **8/4/2026** | Notice of Hearing of Motion for New Trial; Filed by: Clerk |
| **8/4/2026** | Certificate of Mailing for Notice of Hearing of Motion for New Trial; Filed by: Clerk |
| **8/4/2026** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **8/3/2026** | Notice of Intent to Move for New Trial; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **8/3/2026** | Declaration DECLARATION OF LUNA DSOL ISO NOTICETO MOVE TO NEW TRIAL; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **8/3/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/31/2026** | Minute Order (Ruling on Submitted Matter) |
| **7/31/2026** | Certificate of Mailing for (Ruling on Submitted Matter) of 07/31/2026; Filed by: Clerk |
| **7/31/2026** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **7/29/2026** | Exhibit List; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **7/29/2026** | Minute Order (Non-Jury Trial) |
| **7/29/2026** | Non-Jury Trial scheduled for 07/29/2026 at 10:00 AM in Van Nuys Courthouse East at Department B updated: Result Date to 07/29/2026; Result Type to Held - Taken under Submission |
| **7/28/2026** | Non-Jury Trial scheduled for 07/29/2026 at 10:00 AM in Van Nuys Courthouse East at Department B |
| **7/28/2026** | Minute Order (Non-Jury Trial) |
| **7/28/2026** | Non-Jury Trial scheduled for 07/28/2026 at 10:00 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 07/29/2026 10:00 AM |
| **7/24/2026** | Notice of Ruling; Filed by: Melissa Gomez (Plaintiff) |
| **5/16/2026** | Hearing on Motion - Other MOTION TO REOPEN DISCOVERY scheduled for 06/16/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Vacated by Court on 05/16/2026 |
| **4/17/2026** | Non-Jury Trial scheduled for 07/28/2026 at 10:00 AM in Van Nuys Courthouse East at Department B |
| **4/17/2026** | Minute Order (Final Status Conference) |
| **4/17/2026** | Final Status Conference scheduled for 04/17/2026 at 09:00 AM in Van Nuys Courthouse East at Department B updated: Result Date to 04/17/2026; Result Type to Held |
| **4/17/2026** | Pursuant to oral stipulation, Non-Jury Trial scheduled for 04/30/2026 at 09:00 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 07/28/2026 10:00 AM |
| **2/24/2026** | Updated -- Ex Parte Application TO CONTINUE TRIAL: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Granted ; Result Date: 02/24/2026 |
| **2/24/2026** | Final Status Conference scheduled for 04/17/2026 at 09:00 AM in Van Nuys Courthouse East at Department B |
| **2/24/2026** | Non-Jury Trial scheduled for 04/30/2026 at 09:00 AM in Van Nuys Courthouse East at Department B |
| **2/24/2026** | Minute Order (Hearing on Ex Parte Application TO CONTINUE TRIAL) |
| **2/24/2026** | Certificate of Mailing for (Hearing on Ex Parte Application TO CONTINUE TRIAL) of 02/24/2026; Filed by: Clerk |
| **2/24/2026** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **2/24/2026** | Hearing on Ex Parte Application TO CONTINUE TRIAL scheduled for 02/24/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 02/24/2026; Result Type to Held - Motion Granted |
| **2/24/2026** | Pursuant to the request of moving party, Non-Jury Trial scheduled for 02/26/2026 at 10:00 AM in Van Nuys Courthouse East at Department B Not Held - Continued - Party's Motion was rescheduled to 04/30/2026 09:00 AM |

| | |
|---|---|
| **2/23/2026** | Declaration of Notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **2/23/2026** | Hearing on Ex Parte Application TO CONTINUE TRIAL scheduled for 02/24/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **2/23/2026** | Supplemental Declaration SUPPLEMENTAL EXHIBITS TO DEFENDANTS EX PARTE APPLICATION FOR TRIAL CONTINUANCE HEARING FEB 24 2025; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **2/23/2026** | Ex Parte Application TO CONTINUE TRIAL; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **2/23/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/23/2026** | Declaration in Support of Ex Parte Application; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **2/20/2026** | Trial Brief; Filed by: Melissa Gomez (Plaintiff) |
| **2/20/2026** | Witness List; Filed by: Melissa Gomez (Plaintiff) |
| **2/20/2026** | Exhibit List; Filed by: Melissa Gomez (Plaintiff) |
| **1/23/2026** | Updated -- Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Denied ; Result Date: 01/23/2026 |
| **1/23/2026** | Minute Order (Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISC...) |
| **1/23/2026** | Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED scheduled for 01/23/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 01/23/2026; Result Type to Held - Motion Denied |
| **1/22/2026** | Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **1/22/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **1/22/2026** | Objection TO PLAINTIFF'S COUNSEL'S UNPROFESSIONAL CONDUCT AND REQUEST FOR COURT ADMONISHMENT; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Declaration in Support of Ex Parte Application; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/22/2026** | Declaration of Notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **1/22/2026** | Hearing on Ex Parte Application FOR ORDER: (1) REOPENING DISCOVERY MOTION CUTOFF PURSUANT TO CCP ¿ 2024.050; AND (2) FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED scheduled for 01/23/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |

| | |
|---|---|
| **1/22/2026** | Pursuant to the request of moving party, Hearing on Motion to Deem Request for Admissions Admitted scheduled for 05/14/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Taken Off Calendar by Party on 01/22/2026 |
| **1/20/2026** | Updated -- Motion to Enforce Settlement: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Denied ; Result Date: 01/20/2026 |
| **1/20/2026** | Non-Jury Trial scheduled for 02/26/2026 at 10:00 AM in Van Nuys Courthouse East at Department B |
| **1/20/2026** | Minute Order (Final Status Conference; Hearing on Motion to Enforce Settlement) |
| **1/20/2026** | Final Status Conference scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 01/20/2026; Result Type to Held |
| **1/20/2026** | Hearing on Motion to Enforce Settlement scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 01/20/2026; Result Type to Held - Motion Denied |
| **1/20/2026** | On the Court's own motion, Non-Jury Trial scheduled for 01/28/2026 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Advanced and Continued - by Court was rescheduled to 02/26/2026 10:00 AM |
| **1/15/2026** | Notice of Remote Appearance; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Declaration of Defendant Luna DSOL in Support of Final Status Conference and in Opposition to Trial Readiness Determination Due to Plaintiffs Failure to Respond to Discovery; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **1/5/2026** | Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| **11/12/2025** | Updated -- Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates: Filed By: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); Result: Granted ; Result Date: 11/12/2025 |
| **11/12/2025** | Hearing on Motion to Enforce Settlement scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **11/12/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) |
| **11/12/2025** | Certificate of Mailing for (Hearing on Ex Parte Application for Order Continuing Hearing ...) of 11/12/2025; Filed by: Clerk |
| **11/12/2025** | Clerks Certificate of Service By Electronic Service; Filed by: Clerk; As to: Victor Fernandez (Attorney) |
| **11/12/2025** | Hearing on Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates scheduled for 11/12/2025 at 08:30 AM in Van Nuys Courthouse East at Department B updated: Result Date to 11/12/2025; Result Type to Held - Motion Granted |
| **11/12/2025** | Pursuant to the request of defendant, Hearing on Motion to Enforce Settlement scheduled for 12/05/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Advanced and Continued - by Court was rescheduled to 01/20/2026 08:30 AM |
| **11/10/2025** | Declaration RE: NOTICE OF EX PARTE APPLICATION; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| **11/7/2025** | Hearing on Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates scheduled for 11/12/2025 at 08:30 AM in Van Nuys Courthouse East at Department B |
| **11/7/2025** | Minute Order (Hearing on Ex Parte Application for Order Continuing Hearing ...) |
| **11/7/2025** | Hearing on Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates scheduled for 11/07/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Held - Continued was rescheduled to 11/12/2025 08:30 AM |
| **11/6/2025** | Ex Parte Application continue hearing; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |

| | |
|---|---|
| 11/6/2025 | Declaration of luna dsol; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 11/6/2025 | Declaration regarding notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 11/6/2025 | Exhibit List; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 11/6/2025 | Hearing on Ex Parte Application continue hearing scheduled for 11/07/2025 at 08:30 AM in Van Nuys Courthouse East at Department B |
| 11/6/2025 | Updated -- Ex Parte Application for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates: Name Extension changed from continue hearing to for Order Continuing Hearing on Motion to Enforce Settlement and Related Dates |
| 11/5/2025 | Pursuant to the request of moving party, Hearing on Motion to Continue Trial scheduled for 12/08/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Rescheduled by Party was rescheduled to 12/02/2025 08:30 AM |
| 11/5/2025 | Pursuant to the request of moving party, Hearing on Motion to Continue Trial scheduled for 12/02/2025 at 08:30 AM in Van Nuys Courthouse East at Department B Not Held - Taken Off Calendar by Party on 11/05/2025 |
| 11/4/2025 | Opposition To Motion for Enforcement; Filed by: Melissa Gomez (Plaintiff) |
| 10/15/2025 | Notice of Case Reassignment and Order for Plaintiff to Give Notice; Filed by: Clerk |
| 10/15/2025 | Case reassigned to Van Nuys Courthouse East in Department B - Hon. Elaine W. Mandel; Reason: Inventory Transfer |
| 10/15/2025 | Certificate of Mailing for Notice of Case Reassignment and Order for Plaintiff to Give Notice; Issued and Filed by: Clerk |
| 10/15/2025 | Updated -- 12/05/2025 Hearing on Motion to Enforce Settlement: Location changed from Department T to Department B |
| 10/15/2025 | Updated -- 01/20/2026 Final Status Conference: Location changed from Department T to Department B |
| 10/15/2025 | Updated -- 01/28/2026 Non-Jury Trial: Location changed from Department T to Department B |
| 10/15/2025 | Address for Jae Kim (Attorney) updated |
| 10/14/2025 | Proof of Service (not Summons and Complaint); Filed by: Melissa Gomez (Plaintiff); As to: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 10/8/2025 | Motion to Enforce Settlement; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant); As to: Melissa Gomez (Plaintiff) |
| 10/8/2025 | Memorandum of Points & Authorities; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 10/8/2025 | Exhibit List; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 10/8/2025 | Notice of Motion; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 10/8/2025 | Declaration of Notice; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 10/8/2025 | Notice of Motion; Filed by: Luna D'Sol Erroneously Sued As Julio Ravada (Defendant) |
| 10/8/2025 | Hearing on Motion to Enforce Settlement scheduled for 12/05/2025 at 08:30 AM in Van Nuys Courthouse East at Department T |
| 10/7/2025 | Notice AMMENDED ANSWER - STATEMENT OF TRUE NAME; Filed by: Julio Ravada (Defendant); As to: Julio Ravada (Defendant) |
| 10/7/2025 | Hearing on Motion to be Relieved as Counsel scheduled for 11/12/2025 at 08:30 AM in Van Nuys Courthouse East at Department T Not Held - Vacated by Court on 10/07/2025 |
| 10/3/2025 | Substitution of Attorney; Filed by: Julio Ravada (Defendant) |
| 7/16/2025 | Final Status Conference scheduled for 01/20/2026 at 08:30 AM in Van Nuys Courthouse East at Department T |

| | |
|---|---|
| **7/16/2025** | Non-Jury Trial scheduled for 01/28/2026 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/16/2025** | Minute Order (Trial Setting Conference) |
| **7/16/2025** | Address for Victor Fernandez (Attorney) updated |
| **7/16/2025** | Trial Setting Conference scheduled for 07/16/2025 at 08:30 AM in Van Nuys Courthouse East at Department T updated: Result Date to 07/16/2025; Result Type to Held |
| **7/11/2025** | Substitution of Attorney; Filed by: Julio Ravada (Defendant) |
| **7/7/2025** | Notice of Continuance; Filed by: Melissa Gomez (Plaintiff) |
| **7/7/2025** | Notice of Continuance; Filed by: Melissa Gomez (Plaintiff) |
| **6/17/2025** | Trial Setting Conference scheduled for 07/16/2025 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **6/17/2025** | Minute Order (Trial Setting Conference) |
| **6/17/2025** | Trial Setting Conference scheduled for 06/17/2025 at 08:30 AM in Van Nuys Courthouse East at Department T Held - Continued was rescheduled to 07/16/2025 08:30 AM |
| **12/18/2024** | Notice Trial Setting Conference; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant) |
| **12/18/2024** | Trial Setting Conference scheduled for 06/17/2025 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **12/18/2024** | Minute Order (Case Management Conference) |
| **12/18/2024** | Case Management Conference scheduled for 12/18/2024 at 08:30 AM in Van Nuys Courthouse East at Department T updated: Result Date to 12/18/2024; Result Type to Held |
| **12/17/2024** | Case Management Statement; Filed by: Julio Ravada (Defendant) |
| **11/20/2024** | Notice of Continuance; Filed by: Melissa Gomez (Plaintiff) |
| **11/20/2024** | Case Management Statement; Filed by: Melissa Gomez (Plaintiff) |
| **10/21/2024** | Order on Court Fee Waiver (Superior Court); Signed and Filed by: Clerk; As to: Julio Ravada (Defendant) |
| **10/21/2024** | Answer; Filed by: Julio Ravada (Defendant) |
| **10/11/2024** | Case Management Conference scheduled for 12/18/2024 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **10/11/2024** | Minute Order (Case Management Conference; Order to Show Cause Re: failure t...) |
| **10/11/2024** | Case Management Conference scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T Held - Continued was rescheduled to 12/18/2024 08:30 AM |
| **10/11/2024** | Order to Show Cause Re: failure to file proof of service, failure to file default, failure to file case management statement, failure to prosecute scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T updated: Result Date to 10/11/2024; Result Type to Held |
| **10/9/2024** | Proof of Personal Service; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant); Service Cost Waived: No; Service Cost: 125.00; Service Date: 09/20/2024 |
| **7/10/2024** | Case assigned to Hon. Shirley K. Watkins in Department T Van Nuys Courthouse East |
| **7/10/2024** | Case Management Conference scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/10/2024** | Order to Show Cause (Hearing); Filed by: Clerk |
| **7/10/2024** | Notice of Case Management Conference; Filed by: Clerk |
| **7/10/2024** | Order to Show Cause Re: failure to file proof of service, failure to file default, failure to file case management statement, failure to prosecute scheduled for 10/11/2024 at 08:30 AM in Van Nuys Courthouse East at Department T |
| **7/5/2024** | Complaint; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant) |

**7/5/2024** Civil Case Cover Sheet; Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant)

**7/5/2024** Summons on Complaint; Issued and Filed by: Melissa Gomez (Plaintiff); As to: Julio Ravada (Defendant)

**7/5/2024** Alternate Dispute Resolution Packet; Filed by: Clerk

**7/5/2024** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

Back To Top

# EXHIBIT 9

Language Access

English

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **CASE INFORMATION:** | 26STCV01294 |
| **Case Title:** | LUNA D'SOL VS JAE H KIM |
| **Filing Courthouse:** | Stanley Mosk Courthouse |
| **Filing Date:** | 1/14/2026 |
| **Case Type:** | Legal Malpractice (General Jurisdiction) |
| **Status:** | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Print New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | | | |
|---|---|---|---|---|
| **10/22/2026** | 09:00 | Department 408 | 111 North Hill Street, Los Angeles, CA 90012 | Case Management Conference |
| **11/9/2026** | 10:00 | Department 408 | 111 North Hill Street, Los Angeles, CA 90012 | Hearing on Demurrer - with Motion to Strike (CCP 430.10) |

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **D'SOL LUNA** | Plaintiff |
| **JHK LAW APC** | Defendant |
| **KIM JAE H** | Defendant |
| **ROH CECILIA S.** | Defendant |
| **SAMANI DAVID D.** | Attorney for Defendant |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | |
|---|---|---|
| **9/21/2026** | Proof of Personal Service | Filed by Luna D'Sol (Plaintiff) |

| | | |
|---|---|---|
| 9/15/2026 | Demurrer - with Motion to Strike (CCP 430.10) | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 9/15/2026 | Motion to Strike (not initial pleading) | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 8/24/2026 | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol (Plaintiff) |
| 8/12/2026 | Amended Complaint (2nd) | Filed by Luna D'Sol (Plaintiff) |
| 7/23/2026 | Minute Order (Hearing on Demurrer - with Motion to Strike (CCP 430.10); Cas...) | Filed by Clerk |
| 7/16/2026 | Reply DEFENDANTS REPLY TO PLAINTIFFS OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 7/16/2026 | Reply DEFENDANTS REPLY TO PLAINTIFFS OPPOSITION TO MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 7/9/2026 | Declaration OF PLAINTIFF LUNA D'SOL'S IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS JAE H KIM AND JHK LAW, APC'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT | Filed by Luna D'Sol (Plaintiff) |
| 7/9/2026 | Opposition (PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS DEMURRER TO FIRST AMENDED COMPLAINT ) | Filed by Luna D'Sol (Plaintiff) |
| 7/9/2026 | Opposition PLAINTIFF LUNA DSOL IN OPPOSITION TO DEFENDANTS JAE H KIM AND JHK LAW, APLS MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT AND MEMORANDUM | Filed by Luna D'Sol (Plaintiff) |
| 7/9/2026 | Proof of Service (not Summons and Complaint) | Filed by Luna D'Sol (Plaintiff) |
| 7/2/2026 | Notice DEFENDANTS NOTICE OF ERRATA TO DEMURRER TO FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 6/24/2026 | Minute Order (Case Management Conference) | Filed by Clerk |
| 6/23/2026 | Case Management Statement | Filed by Luna D'Sol (Plaintiff) |
| 6/18/2026 | Case Management Statement | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 6/16/2026 | Demurrer - with Motion to Strike (CCP 430.10) | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 6/16/2026 | Motion to Strike (not initial pleading) | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| 6/11/2026 | Summons on Complaint (1st) | Filed by Luna D'Sol (Plaintiff) |
| 6/5/2026 | Notice Notice of Filing First Amended Complaint | Filed by Luna D'Sol (Plaintiff) |

| | | |
|---|---|---|
| **6/5/2026** | Proof of Service by Mail | Filed by Luna D'Sol (Plaintiff) |
| **5/6/2026** | Amended Complaint FIRST (1st) | Filed by Luna D'Sol (Plaintiff) |
| **4/29/2026** | Demurrer - with Motion to Strike (CCP 430.10) | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| **4/29/2026** | Motion to Strike (not initial pleading) | Filed by Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| **4/28/2026** | Notice Re: Continuance of Hearing and Order | Filed by Clerk |
| **3/27/2026** | Proof of Service by Substituted Service | Filed by Luna D'Sol (Plaintiff) |
| **3/25/2026** | Proof of Service by Substituted Service | Filed by Luna D'Sol (Plaintiff) |
| **3/5/2026** | Notice of Case Management Conference | Filed by Clerk |
| **2/18/2026** | Minute Order (Hearing on Ex Parte Application ORDER AUTHORIZING SERVICE OF ...) | Filed by Clerk |
| **2/17/2026** | Declaration in Support of Ex Parte Application | Filed by Luna D'Sol (Plaintiff) |
| **2/17/2026** | Declaration of Notice | Filed by Luna D'Sol (Plaintiff) |
| **2/17/2026** | Ex Parte Application ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION AND ALTERNATIVE MEANS | Filed by Luna D'Sol (Plaintiff) |
| **2/17/2026** | Memorandum of Points & Authorities | Filed by Luna D'Sol (Plaintiff) |
| **1/16/2026** | Certificate of Mailing for Order on Court Fee Waiver (Superior Court) | Filed by Clerk |
| **1/16/2026** | Order on Court Fee Waiver (Superior Court) | Filed by Clerk |
| **1/14/2026** | Alternative Dispute Resolution Packet | Filed by Clerk |
| **1/14/2026** | Civil Case Cover Sheet | Filed by Luna D'Sol (Plaintiff) |
| **1/14/2026** | Civil Case Cover Sheet | Filed by Luna D'Sol (Plaintiff) |
| **1/14/2026** | Complaint | Filed by Luna D'Sol (Plaintiff) |
| **1/14/2026** | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| **1/14/2026** | Summons on Complaint | Filed by Luna D'Sol (Plaintiff) |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | **Past Proceedings**

| | | | |
|---|---|---|---|
| **7/23/2026 10:00 AM** | Department 408 | Case Management Conference | Held - Continued |

| | | | |
|---|---|---|---|
| 7/23/2026 10:00 AM | Department 408 | Hearing on Demurrer - with Motion to Strike (CCP 430.10) | Held |
| 6/24/2026 09:00 AM | Department 408 | Case Management Conference | Held - Continued |
| 6/10/2026 10:00 AM | Department 408 | Hearing on Demurrer - with Motion to Strike (CCP 430.10) | Not Held - Taken Off Calendar by Party |
| 5/18/2026 09:00 AM | Department 34 | Case Management Conference | Not Held - Rescheduled by Court |
| 2/18/2026 08:30 AM | Department 34 | Hearing on Ex Parte Application | Held - Motion Denied |

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

**9/21/2026** Proof of Personal Service; Filed by: Luna D'Sol (Plaintiff); As to: Cecilia S. Roh (Defendant); Service Date: 09/11/2026; Service Cost: 75.00; Service Cost Waived: No

**9/15/2026** Demurrer - with Motion to Strike (CCP 430.10); Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**9/15/2026** Motion to Strike (not initial pleading); Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**9/15/2026** Hearing on Demurrer - with Motion to Strike (CCP 430.10) scheduled for 11/09/2026 at 10:00 AM in Stanley Mosk Courthouse at Department 408

**8/24/2026** Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**8/13/2026** Updated -- David D. Samani (Attorney): Organization Name changed from LEWIS BRISBOIS BISGAARD & SMITH LLP to Lewis Brisbois Bisgaard & Smith LLP

**8/13/2026** Address for David D. Samani (Attorney) updated

**8/12/2026** Amended Complaint (2nd); Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant); Cecilia S. Roh (Defendant)

**7/23/2026** Updated -- Demurrer - with Motion to Strike (CCP 430.10): Filed By: JHK LAW, APC (Defendant),Jae H Kim (Defendant); Result: Sustained ; Result Date: 07/23/2026

**7/23/2026** Updated -- Motion to Strike (not initial pleading): Filed By: JHK LAW, APC (Defendant),Jae H Kim (Defendant); Result: Denied ; Result Date: 07/23/2026

**7/23/2026** Minute Order (Hearing on Demurrer - with Motion to Strike (CCP 430.10); Cas...)

**7/23/2026** Hearing on Demurrer - with Motion to Strike (CCP 430.10) scheduled for 07/23/2026 at 10:00 AM in Stanley Mosk Courthouse at Department 408 updated: Result Date to 07/23/2026; Result Type to Held

**7/23/2026** On the Court's own motion, Case Management Conference scheduled for 07/23/2026 at 10:00 AM in Stanley Mosk Courthouse at Department 408 Held - Continued was rescheduled to 10/22/2026 09:00 AM

**7/16/2026** Reply DEFENDANTS REPLY TO PLAINTIFFS OPPOSITION TO DEMURRER TO FIRST AMENDED COMPLAINT; Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**7/16/2026** Reply DEFENDANTS REPLY TO PLAINTIFFS OPPOSITION TO MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT; Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**7/9/2026** Proof of Service (not Summons and Complaint); Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**7/9/2026** Declaration OF PLAINTIFF LUNA D'SOL'S IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS JAE H KIM AND JHK LAW, APC'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; Filed by: Luna D'Sol (Plaintiff)

**7/9/2026** Opposition PLAINTIFF LUNA DSOL IN OPPOSITION TO DEFENDANTS JAE H KIM AND JHK LAW, APLS MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT AND MEMORANDUM; Filed by: Luna D'Sol (Plaintiff)

**7/9/2026** Opposition (PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS DEMURRER TO FIRST AMENDED COMPLAINT ); Filed by: Luna D'Sol (Plaintiff)

**7/2/2026** Notice DEFENDANTS NOTICE OF ERRATA TO DEMURRER TO FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT; Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant); As to: Luna D'Sol (Plaintiff)

**6/24/2026** Minute Order (Case Management Conference)

**6/24/2026** On the Court's own motion, Case Management Conference scheduled for 06/24/2026 at 09:00 AM in Stanley Mosk Courthouse at Department 408 Held - Continued was rescheduled to 07/23/2026 10:00 AM

**6/23/2026** Case Management Statement; Filed by: Luna D'Sol (Plaintiff)

**6/18/2026** Case Management Statement; Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**6/17/2026** Hearing on Demurrer - with Motion to Strike (CCP 430.10) scheduled for 07/23/2026 at 10:00 AM in Stanley Mosk Courthouse at Department 408

**6/16/2026** Demurrer - with Motion to Strike (CCP 430.10); Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**6/16/2026** Motion to Strike (not initial pleading); Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**6/11/2026** Summons on Complaint (1st); Issued and Filed by: Luna D'Sol (Plaintiff); As to: Cecilia S. Roh (Defendant)

**6/5/2026** Notice Notice of Filing First Amended Complaint; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant); Cecilia S. Roh (Defendant)

**6/5/2026** Proof of Service by Mail; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant); After Substituted Service of Summons and Complaint ?: No

**5/22/2026** Pursuant to the request of moving party, Hearing on Demurrer - with Motion to Strike (CCP 430.10) scheduled for 06/10/2026 at 10:00 AM in Stanley Mosk Courthouse at Department 408 Not Held - Taken Off Calendar by Party on 05/22/2026

**5/6/2026** Amended Complaint FIRST (1st); Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant); Cecilia S. Roh (Defendant)

**4/30/2026** Hearing on Demurrer - with Motion to Strike (CCP 430.10) scheduled for 06/10/2026 at 10:00 AM in Stanley Mosk Courthouse at Department 34

**4/29/2026** Demurrer - with Motion to Strike (CCP 430.10); Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**4/29/2026** Motion to Strike (not initial pleading); Filed by: Jae H Kim (Defendant); JHK LAW, APC (Defendant)

**4/28/2026** Notice Re: Continuance of Hearing and Order; Filed by: Clerk

**4/28/2026** On the Court's own motion, Case Management Conference scheduled for 05/18/2026 at 09:00 AM in Stanley Mosk Courthouse at Department 34 Not Held - Rescheduled by Court was rescheduled to 06/24/2026 09:00 AM

**3/27/2026** Proof of Service by Substituted Service; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); Proof of Mailing Date: 03/20/2026; Service Cost: 125.00; Service Cost Waived: No

| | |
|---|---|
| **3/25/2026** | Proof of Service by Substituted Service; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); Proof of Mailing Date: 03/20/2026; Service Cost: 215.00; Service Cost Waived: No |
| **3/5/2026** | Notice of Case Management Conference; Filed by: Clerk |
| **3/5/2026** | Address for Luna D'Sol (Plaintiff) updated |
| **2/18/2026** | Updated -- Ex Parte Application ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION AND ALTERNATIVE MEANS: Filed By: Luna D'Sol (Plaintiff); Result: Denied ; Result Date: 02/18/2026 |
| **2/18/2026** | Minute Order (Hearing on Ex Parte Application ORDER AUTHORIZING SERVICE OF ...) |
| **2/18/2026** | Hearing on Ex Parte Application ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION AND ALTERNATIVE MEANS scheduled for 02/18/2026 at 08:30 AM in Stanley Mosk Courthouse at Department 34 updated: Result Date to 02/18/2026; Result Type to Held - Motion Denied |
| **2/17/2026** | Hearing on Ex Parte Application ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION AND ALTERNATIVE MEANS scheduled for 02/18/2026 at 08:30 AM in Stanley Mosk Courthouse at Department 34 |
| **2/17/2026** | Declaration in Support of Ex Parte Application; Filed by: Luna D'Sol (Plaintiff) |
| **2/17/2026** | Memorandum of Points & Authorities; Filed by: Luna D'Sol (Plaintiff) |
| **2/17/2026** | Declaration of Notice; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| **2/17/2026** | Ex Parte Application ORDER AUTHORIZING SERVICE OF SUMMONS BY PUBLICATION AND ALTERNATIVE MEANS; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| **1/21/2026** | Case Management Conference scheduled for 05/18/2026 at 09:00 AM in Stanley Mosk Courthouse at Department 34 |
| **1/16/2026** | Updated -- Order on Court Fee Waiver (Superior Court): Status Date changed from 01/15/2026 to 01/16/2026 ; Status changed from To Be Processed to Signed and Filed |
| **1/16/2026** | Certificate of Mailing for Order on Court Fee Waiver (Superior Court); Filed by: Clerk |
| **1/14/2026** | Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk |
| **1/14/2026** | Alternative Dispute Resolution Packet; Filed by: Clerk |
| **1/14/2026** | Civil Case Cover Sheet; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant) |
| **1/14/2026** | Civil Case Cover Sheet; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant) |
| **1/14/2026** | Complaint; Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| **1/14/2026** | Summons on Complaint; Issued and Filed by: Luna D'Sol (Plaintiff); As to: Jae H Kim (Defendant); JHK LAW, APC (Defendant) |
| **1/14/2026** | Case assigned to Hon. Peter A. Hernandez in Department 34 Stanley Mosk Courthouse |

Back To Top

# EXHIBIT 10

NYSCEF - New York State Courts Electronic Filing (Live System)

## **160822/2025 -** New York County Supreme Court

Short Caption: **Luna D'Sol v. Jonathan Sack et al**
Case Type: **Torts - Other Professional Malpractice (Legal Malpractice)**
Case Status: **Disposed-Court Date/Application Pending**
eFiling Status: **Full Participation Recorded**
Assigned Judge: **Phaedra F. Perry-Bond**

**Full Caption**
Luna D'Sol v. Jonathan Sack, Sack And Sack, Llp

**Plaintiffs/Petitioners**

| Name | Represented By |
|---|---|
| Luna D'sol | D'Sol, Luna on 07/30/2025 |

**Defendants/Respondents**

| Name | Represented By |
|---|---|
| Jonathan Sack | SACK, JONATHAN SCOTT on 10/01/2025<br>SACK & SACK, LLP<br><br>PANIAGUA, QUEENIE ARLEN on 10/16/2025<br>Sack & Sack LLP<br><br>PEMBERTON, SASHA MIKAELLE on 10/16/2025<br>SACK & SACK LLP |
| Sack and Sack, LLP | SACK, JONATHAN SCOTT on 10/01/2025<br>SACK & SACK, LLP<br><br>PANIAGUA, QUEENIE ARLEN on 10/16/2025<br>Sack & Sack LLP<br><br>PEMBERTON, SASHA MIKAELLE on 10/16/2025<br>SACK & SACK LLP |

NYSCEF
New York County Supreme Court

**Document List**

**Index # 160822/2025**

Created on:09/24/2026 01:39 PM

Case Caption: **Luna D'Sol v. Jonathan Sack et al**

Judge Name: **Phaedra F. Perry-Bond**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT *Corrected* | Processed | 08/15/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 2 | RJI -RE: ORDER TO SHOW CAUSE | Processed | 08/18/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 3 | ORDER TO SHOW CAUSE - ACCOMPANYING COMMENCEMENT DOC(S) (PROPOSED) (Motion #001) | Processed | 08/18/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 4 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #001) | Processed | 08/18/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 5 | NOTICE OF MOTION (Motion #002) *Corrected* | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 6 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #002) | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 7 | ORDER WAIVING COURT COSTS/FEES/EXPENSES (PROPOSED) | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 8 | APPLICATION FOR WAIVER OF COURT COSTS/FEES/EXPENSES (Motion #002) | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 9 | INCOME VERIFICATION STATEMENT (Motion #002) | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 10 | EXHIBIT(S) - 1 (Motion #002) | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 11 | | Deleted | | |
| 12 | MEMORANDUM OF LAW IN SUPPORT | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 13 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP *Corrected* | Processed | 09/02/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 14 | EXHIBIT(S) - A-K | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 15 | RJI (AMENDED) | Processed | 08/29/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 16 | EXHIBIT(S) - A-D (Motion #001) | Processed | 09/02/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 17 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #003) | Processed | 09/04/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 18 | AFFIDAVIT OR AFFIRMATION IN FURTHER SUPPORT OF CROSS-MOTION (Motion #003) | Processed | 09/07/2025 | D'Sol, L. (Pro Hac / Pro Se) |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 19 | EXHIBIT(S) - L-R (Motion #003) | Processed | 09/07/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 20 | ORDER TO SHOW CAUSE (Motion #003) | Processed | 09/08/2025 | Court User |
| 21 | ORDER TO SHOW CAUSE (Motion #001) | Processed | 09/08/2025 | Court User |
| 22 | PROOF OF SERVICE (Motion #001) | Processed | 09/16/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 23 | PROOF OF SERVICE (Motion #003) | Processed | 09/16/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 24 | PROOF OF SERVICE (Motion #001) | Processed | 09/16/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 25 | PROOF OF SERVICE (Motion #003) | Processed | 09/16/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 26 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 09/16/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 27 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 09/16/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 28 | ORDER - WAIVER OF COURT COSTS/FEES/EXPENSES (Motion #002) | Processed | 09/17/2025 | Court User |
| 29 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 09/17/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 30 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 09/17/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 31 | LETTER / CORRESPONDENCE TO JUDGE | Processed | 09/30/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 32 | NOTICE OF APPEARANCE (PRE RJI) | Processed | 10/02/2025 | Sack, J. |
| 33 | NOTICE OF DISCOVERY AND INSPECTION | Processed | 10/04/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 34 | LETTER / CORRESPONDENCE TO JUDGE (Motion #003) | Processed | 10/08/2025 | Sack, J. |
| 35 | LETTER / CORRESPONDENCE TO JUDGE (Motion #003) | Processed | 10/08/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 36 | DECISION + ORDER ON MOTION (Motion #003) | Processed | 10/09/2025 | Court User |
| 37 | DECISION + ORDER ON MOTION (Motion #001) | Processed | 10/09/2025 | Court User |
| 38 | | Error | | |
| 39 | | Error | | |
| 40 | | Error | | |
| 41 | | Error | | |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 42 | | Error | | |
| 43 | | Error | | |
| 44 | | Error | | |
| 45 | | Error | | |
| 46 | ORDER TO SHOW CAUSE (PROPOSED) WITH TRO | Returned For Correction | 10/14/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 47 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | Returned For Correction | 10/14/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 48 | EXHIBIT(S) - A-M | Processed | 10/14/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 49 | ORDER ( PROPOSED ) | Processed | 10/14/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 50 | SUPPORTING PAPERS TO OSC (AFTER SERVICE) | Processed | 10/14/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 51 | NOTICE OF APPEARANCE (PRE RJI) | Processed | 10/16/2025 | Pemberton, S. |
| 52 | ANSWER | Processed | 10/31/2025 | Sack, J. |
| 53 | EXHIBIT(S) - A | Processed | 10/31/2025 | Sack, J. |
| 54 | EXHIBIT(S) - B | Processed | 10/31/2025 | Sack, J. |
| 55 | EXHIBIT(S) - C | Processed | 10/31/2025 | Sack, J. |
| 56 | EXHIBIT(S) - D | Processed | 10/31/2025 | Sack, J. |
| 57 | EXHIBIT(S) - E | Processed | 10/31/2025 | Sack, J. |
| 58 | EXHIBIT(S) - F | Processed | 10/31/2025 | Sack, J. |
| 59 | EXHIBIT(S) - G | Processed | 10/31/2025 | Sack, J. |
| 60 | EXHIBIT(S) - H | Processed | 10/31/2025 | Sack, J. |
| 61 | EXHIBIT(S) - I | Processed | 10/31/2025 | Sack, J. |
| 62 | EXHIBIT(S) - J | Processed | 10/31/2025 | Sack, J. |
| 63 | EXHIBIT(S) - K | Processed | 10/31/2025 | Sack, J. |
| 64 | EXHIBIT(S) - L | Processed | 10/31/2025 | Sack, J. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 65 | EXHIBIT(S) - M | Processed | 10/31/2025 | Sack, J. |
| 66 | EXHIBIT(S) - N | Processed | 10/31/2025 | Sack, J. |
| 67 | EXHIBIT(S) - O | Processed | 10/31/2025 | Sack, J. |
| 68 | EXHIBIT(S) - P | Processed | 10/31/2025 | Sack, J. |
| 69 | EXHIBIT(S) - Q | Processed | 10/31/2025 | Sack, J. |
| 70 | EXHIBIT(S) - R | Processed | 10/31/2025 | Sack, J. |
| 71 | EXHIBIT(S) - S | Processed | 10/31/2025 | Sack, J. |
| 72 | EXHIBIT(S) - T | Processed | 10/31/2025 | Sack, J. |
| 73 | EXHIBIT(S) - U | Processed | 10/31/2025 | Sack, J. |
| 74 | EXHIBIT(S) - V | Processed | 10/31/2025 | Sack, J. |
| 75 | EXHIBIT(S) - W | Processed | 10/31/2025 | Sack, J. |
| 76 | EXHIBIT(S) - X | Processed | 10/31/2025 | Sack, J. |
| 77 | EXHIBIT(S) - Y | Processed | 10/31/2025 | Sack, J. |
| 78 | EXHIBIT(S) - Z.1 | Processed | 10/31/2025 | Sack, J. |
| 79 | EXHIBIT(S) - Z.2 | Processed | 10/31/2025 | Sack, J. |
| 80 | EXHIBIT(S) - Z.3 | Processed | 10/31/2025 | Sack, J. |
| 81 | NOTICE OF MOTION | Returned For Correction | 11/01/2025 | Sack, J. |
| 82 | NOTICE OF MOTION (AMENDED) | Processed | 11/01/2025 | Sack, J. |
| 83 | AFFIDAVIT OR AFFIRMATION IN SUPPORT | Processed | 11/01/2025 | Sack, J. |
| 84 | EXHIBIT(S) - A | Processed | 11/01/2025 | Sack, J. |
| 85 | EXHIBIT(S) - B | Processed | 11/01/2025 | Sack, J. |
| 86 | EXHIBIT(S) - C | Processed | 11/01/2025 | Sack, J. |
| 87 | EXHIBIT(S) - D | Processed | 11/01/2025 | Sack, J. |
| 88 | EXHIBIT(S) - E | Processed | 11/01/2025 | Sack, J. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 89 | EXHIBIT(S) - F | Processed | 11/01/2025 | Sack, J. |
| 90 | EXHIBIT(S) - G | Processed | 11/01/2025 | Sack, J. |
| 91 | EXHIBIT(S) - H | Processed | 11/01/2025 | Sack, J. |
| 92 | EXHIBIT(S) - I | Processed | 11/01/2025 | Sack, J. |
| 93 | EXHIBIT(S) - J | Processed | 11/01/2025 | Sack, J. |
| 94 | EXHIBIT(S) - K | Processed | 11/01/2025 | Sack, J. |
| 95 | EXHIBIT(S) - L | Processed | 11/01/2025 | Sack, J. |
| 96 | EXHIBIT(S) - M | Processed | 11/01/2025 | Sack, J. |
| 97 | EXHIBIT(S) - N | Processed | 11/01/2025 | Sack, J. |
| 98 | EXHIBIT(S) - O | Processed | 11/01/2025 | Sack, J. |
| 99 | EXHIBIT(S) - P | Processed | 11/01/2025 | Sack, J. |
| 100 | EXHIBIT(S) - Q | Processed | 11/01/2025 | Sack, J. |
| 101 | EXHIBIT(S) - R | Processed | 11/01/2025 | Sack, J. |
| 102 | EXHIBIT(S) - S | Processed | 11/01/2025 | Sack, J. |
| 103 | EXHIBIT(S) - T | Processed | 11/01/2025 | Sack, J. |
| 104 | EXHIBIT(S) - U | Processed | 11/01/2025 | Sack, J. |
| 105 | EXHIBIT(S) - V.1 | Processed | 11/01/2025 | Sack, J. |
| 106 | EXHIBIT(S) - V.2 | Processed | 11/01/2025 | Sack, J. |
| 107 | EXHIBIT(S) - V.3 | Processed | 11/01/2025 | Sack, J. |
| 108 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #004) | Processed | 11/04/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 109 | MEMORANDUM OF LAW IN SUPPORT (Motion #004) | Processed | 11/04/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 110 | EXHIBIT(S) - A-R (Motion #004) | Processed | 11/04/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 111 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #004) | Processed | 11/04/2025 | D'Sol, L. (Pro Hac / Pro Se) |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 112 | AFFIDAVIT (Motion #004) | Processed | 11/06/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 113 | ORDER TO SHOW CAUSE (Motion #004) | Processed | 11/06/2025 | Court User |
| 114 | SUPPORTING PAPERS TO OSC (AFTER SERVICE) (Motion #004) | Processed | 11/10/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 115 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #004) | Processed | 11/10/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 116 | ORDER TO SHOW CAUSE - CONFORMED COPY (Motion #004) | Processed | 11/13/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 117 | ORDER TO SHOW CAUSE - CONFORMED COPY (Motion #004) | Processed | 11/13/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 118 | NOTICE OF WITHDRAWAL OF MOTION / ORDER TO SHOW CAUSE (Motion #004) | Processed | 12/05/2025 | D'Sol, L. (Pro Hac / Pro Se) |
| 119 | DECISION + ORDER ON MOTION (Motion #004) | Processed | 12/08/2025 | Court User |
| 120 | NOTICE OF MOTION (Motion #005) *Corrected* | Processed | 05/19/2026 | Paniagua, Q. |
| 121 | MEMORANDUM OF LAW IN SUPPORT (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 122 | AFFIRMATION (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 123 | EXHIBIT(S) - A (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 124 | EXHIBIT(S) - B (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 125 | EXHIBIT(S) - C (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 126 | EXHIBIT(S) - D (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 127 | EXHIBIT(S) - E (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 128 | EXHIBIT(S) - F (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 129 | EXHIBIT(S) - G (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 130 | EXHIBIT(S) - H (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 131 | EXHIBIT(S) - I (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 132 | EXHIBIT(S) - J (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 133 | EXHIBIT(S) - K (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 134 | EXHIBIT(S) - L (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 135 | EXHIBIT(S) - M (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 136 | EXHIBIT(S) - N (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 137 | EXHIBIT(S) - O (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 138 | EXHIBIT(S) - P (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 139 | EXHIBIT(S) - Q (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 140 | EXHIBIT(S) - R (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 141 | EXHIBIT(S) - S (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 142 | EXHIBIT(S) - T (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 143 | EXHIBIT(S) - U (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 144 | EXHIBIT(S) - V.1 (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 145 | EXHIBIT(S) - V.2 (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 146 | EXHIBIT(S) - V.3 (Motion #005) | Processed | 05/12/2026 | Paniagua, Q. |
| 147 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO MOTION (Motion #005) | Processed | 06/08/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 148 | MEMORANDUM OF LAW IN OPPOSITION (Motion #005) | Processed | 06/08/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 149 | DECISION + ORDER ON MOTION (Motion #005) | Processed | 08/10/2026 | Court User |
| 150 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #006) | Processed | 08/17/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 151 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF PROPOSED OSC/EXPARTE APP (Motion #006) | Processed | 08/17/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 152 | MEMORANDUM OF LAW IN SUPPORT (Motion #006) | Processed | 08/17/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 153 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #006) | Processed | 08/17/2026 | D'Sol, L. (Pro Hac / Pro Se) |

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 154 | ORDER TO SHOW CAUSE - DECLINED/WITHDRAWN (Motion #006) | Processed | 08/19/2026 | Court User |
| 155 | NOTICE OF MOTION (Motion #007) | Processed | 08/19/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 156 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #007) | Processed | 08/19/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 157 | MEMORANDUM OF LAW IN SUPPORT (Motion #007) | Processed | 08/19/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 158 | EXHIBIT(S) - A (Motion #003) | Processed | 08/19/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 159 | EXHIBIT(S) - A (Motion #004) | Processed | 08/19/2026 | D'Sol, L. (Pro Hac / Pro Se) |
| 160 | NOTICE OF ENTRY (Motion #005) | Processed | 08/19/2026 | Paniagua, Q. |
| 161 | MEMORANDUM OF LAW IN OPPOSITION (Motion #007) | Processed | 08/28/2026 | Paniagua, Q. |
| 162 | MEMORANDUM OF LAW IN REPLY (Motion #007) | Processed | 09/05/2026 | D'Sol, L. (Pro Hac / Pro Se) |

# EXHIBIT 11

**5:26-cv-03535-JGB-SP** Luna D'Sol v. Bank of America, N.A. et al
Jesus G. Bernal, presiding
Sheri Pym, referral
**Date filed:** 06/25/2026
**Date of last filing:** 09/23/2026

# History

| Doc. No. | Dates | Description |
|---|---|---|
| | *Filed:* 06/25/2026<br>*Entered:* 07/02/2026 | Complaint - (Discovery) |
| | *Filed:* 06/25/2026<br>*Entered:* 07/02/2026 | Answer to Complaint (Discovery) |
| 1 | *Filed & Entered:* 06/25/2026 | Notice of Removal (Attorney Civil Case Opening) |
| 2 | *Filed & Entered:* 06/25/2026 | Civil Cover Sheet (CV-71) |
| 3 | *Filed & Entered:* 06/25/2026 | Notice of Related Case(s) |
| 4 | *Filed & Entered:* 06/25/2026 | Certificate/Notice of Interested Parties |
| 5 | *Filed & Entered:* 06/25/2026 | Proof of Service (subsequent documents) |
| 6 | *Filed & Entered:* 07/02/2026 | Notice of Assignment to United States Judges(CV-18) - optional html form |
| 7 | *Filed & Entered:* 07/02/2026 | Notice to Parties of Court-Directed ADR Program (ADR-8) - optional html form |
| 8 | *Filed & Entered:* 07/02/2026 | Notice to Counsel Re: Consent to Proceed before a US Magistrate Judge - optional html form |
| 9 | *Filed & Entered:* 07/02/2026 | Notice of Resources for ProSe Litigants. |
| 10 | *Filed & Entered:* 07/02/2026<br>*Terminated:* 08/27/2026 | Motion to Compel Arbitration |
| 11 | *Filed & Entered:* 07/02/2026 | Request for Judicial Notice |
| 12 | *Filed & Entered:* 07/02/2026 | Proof of Service (subsequent documents) |
| 13 | *Filed & Entered:* 07/02/2026 | Proof of Service (subsequent documents) |
| 14 | *Filed:* 07/10/2026 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |

| | | |
|---|---|---|
| | *Entered:* 07/13/2026<br>*Terminated:* 07/21/2026 | |
| 15 | *Filed:* 07/10/2026<br>*Entered:* 07/13/2026 | Notice (Other) |
| 18 | *Filed:* 07/10/2026<br>*Entered:* 07/13/2026 | Proof of Service (subsequent documents) |
| 19 | *Filed:* 07/10/2026<br>*Entered:* 07/13/2026 | Response |
| 20 | *Filed:* 07/10/2026<br>*Entered:* 07/13/2026 | Declaration |
| 21 | *Filed:* 07/10/2026<br>*Entered:* 07/13/2026 | Proof of Service (subsequent documents) |
| 22 | *Filed:* 07/10/2026<br>*Entered:* 07/13/2026 | Proof of Service (subsequent documents) |
| 16 | *Filed & Entered:* 07/13/2026 | Certificate/Notice of Interested Parties |
| 17 | *Filed & Entered:* 07/13/2026 | Request for Judicial Notice |
| 23 | *Filed:* 07/13/2026<br>*Entered:* 07/15/2026<br>*Terminated:* 07/21/2026 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| 24 | *Filed:* 07/13/2026<br>*Entered:* 07/15/2026<br>*Terminated:* 07/21/2026 | Motion for Pro Se Electronic Filing - CV-5 |
| 25 | *Filed:* 07/13/2026<br>*Entered:* 07/15/2026 | Objection |
| 28 | *Filed:* 07/13/2026<br>*Entered:* 07/16/2026<br>*Terminated:* 08/27/2026 | Motion to Remand Case to State Court |
| 29 | *Filed:* 07/13/2026<br>*Entered:* 07/16/2026 | Memorandum in Support of Motion |
| 30 | *Filed:* 07/13/2026<br>*Entered:* 07/16/2026 | Notice of Lodging |
| 26 | *Filed & Entered:* 07/15/2026 | Objection/Opposition (Motion related) |
| 27 | *Filed & Entered:* 07/15/2026 | Proof of Service (subsequent documents) |
| 31 | *Filed:* 07/15/2026<br>*Entered:* 07/16/2026 | Declaration (Motion related) |
| 32 | *Filed:* 07/15/2026<br>*Entered:* 07/16/2026<br>*Terminated:* 08/27/2026 | Motion for Order |
| 33 | *Filed:* 07/15/2026 | Declaration (Motion related) |

| | | |
|---|---|---|
| | *Entered:* 07/16/2026 | |
| 34 | *Filed:* 07/15/2026<br>*Entered:* 07/16/2026 | Jury Demand |
| 35 | *Filed & Entered:* 07/20/2026 | Reply (Motion related) |
| 36 | *Filed & Entered:* 07/20/2026 | Proof of Service (subsequent documents) |
| 37 | *Filed & Entered:* 07/20/2026 | Response in Opposition to Motion |
| 38 | *Filed & Entered:* 07/20/2026 | Request for Judicial Notice |
| 39 | *Filed & Entered:* 07/20/2026 | Proof of Service (subsequent documents) |
| 40 | *Filed:* 07/21/2026<br>*Entered:* 07/22/2026 | Order on Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| 41 | *Filed:* 07/21/2026<br>*Entered:* 07/22/2026 | Order |
| 42 | *Filed:* 07/21/2026<br>*Entered:* 07/23/2026 | Declaration (Motion related) |
| 43 | *Filed:* 07/21/2026<br>*Entered:* 07/23/2026 | Objection/Opposition (Motion related) |
| 44 | *Filed:* 07/21/2026<br>*Entered:* 07/23/2026 | Proof of Service (subsequent documents) |
| 45 | *Filed:* 07/22/2026<br>*Entered:* 07/23/2026<br>*Terminated:* 08/27/2026 | Motion for Sanctions |
| 46 | *Filed:* 07/22/2026<br>*Entered:* 07/23/2026 | Declaration (Motion related) |
| 47 | *Filed:* 07/22/2026<br>*Entered:* 07/23/2026 | Memorandum of Points and Authorities in Support |
| 48 | *Filed:* 07/22/2026<br>*Entered:* 07/23/2026 | Proof of Service (subsequent documents) |
| 49 | *Filed & Entered:* 07/27/2026 | Reply (Motion related) |
| 50 | *Filed & Entered:* 07/27/2026 | Request for Judicial Notice |
| 51 | *Filed & Entered:* 07/27/2026 | Objection/Opposition (Motion related) |
| 52 | *Filed & Entered:* 07/27/2026 | Objection/Opposition (Motion related) |
| 53 | *Filed & Entered:* 07/27/2026 | Objection/Opposition (Motion related) |

| | | |
|---|---|---|
| 54 | *Filed & Entered:* 07/29/2026 | Notice (Other) |
| 55 | *Filed & Entered:* 07/30/2026<br>*Terminated:* 08/27/2026 | Motion for Order |
| 56 | *Filed & Entered:* 07/30/2026 | Reply (Motion related) |
| 57 | *Filed & Entered:* 07/30/2026 | Objection/Opposition (Motion related) |
| 58 | *Filed & Entered:* 07/30/2026 | Text Only Scheduling Notice |
| 59 | *Filed & Entered:* 08/03/2026 | Objection/Opposition (Motion related) |
| 60 | *Filed & Entered:* 08/03/2026 | Response in Opposition to Motion |
| 61 | *Filed & Entered:* 08/03/2026 | Request for Judicial Notice |
| 62 | *Filed & Entered:* 08/06/2026 | Initial Order upon Filing of Complaint - form only |
| 63 | *Filed & Entered:* 08/07/2026 | Proof of Service (subsequent documents) |
| 64 | *Filed & Entered:* 08/10/2026 | Reply (Motion related) |
| 65 | *Filed & Entered:* 08/14/2026<br>*Terminated:* 08/27/2026 | Motion to Withdraw Motion/Application/Request/Ex Parte Application |
| 66 | *Filed & Entered:* 08/17/2026 | Objection/Opposition (Motion related) |
| 67 | *Filed & Entered:* 08/18/2026<br>*Terminated:* 08/27/2026 | Motion to Strike |
| 68 | *Filed & Entered:* 08/18/2026 | Text Only Scheduling Notice |
| 69 | *Filed & Entered:* 08/19/2026 | Objection/Opposition (Motion related) |
| 70 | *Filed & Entered:* 08/20/2026 | Reply (Motion related) |
| 71 | *Filed & Entered:* 08/21/2026 | Reply (Motion related) |
| 72 | *Filed & Entered:* 08/24/2026 | Notice (Other) |
| 73 | *Filed & Entered:* 08/24/2026 | Notice (Other) |

| | | |
|---|---|---|
| 74 | *Filed & Entered:* 08/26/2026 | Notice of Appearance |
| 75 | *Filed & Entered:* 08/26/2026 | Notice (Other) |
| 76 | *Filed & Entered:* 08/26/2026 | Errata |
| 77 | *Filed & Entered:* 08/26/2026<br>*Terminated:* 08/27/2026 | Motion for Order |
| 78 | *Filed & Entered:* 08/27/2026 | Order on Motion to Remand Case to State Court |
| 79 | *Filed & Entered:* 08/27/2026 | Motion for Order |
| 80 | *Filed & Entered:* 08/27/2026 | Notice (Other) |
| 81 | *Filed & Entered:* 09/01/2026 | Motion for Reconsideration |
| 82 | *Filed & Entered:* 09/02/2026<br>*Terminated:* 09/08/2026 | Motion for Sanctions |
| 83 | *Filed & Entered:* 09/08/2026 | Objection/Opposition (Motion related) |
| 84 | *Filed & Entered:* 09/08/2026 | Striking Electronically Filed Documents (G-106) |
| 85 | *Filed & Entered:* 09/14/2026 | Statement |
| 86 | *Filed & Entered:* 09/15/2026 | Objection/Opposition (Motion related) |
| 87 | *Filed & Entered:* 09/15/2026 | Objection/Opposition (Motion related) |
| 88 | *Filed & Entered:* 09/16/2026 | Motion for Leave |
| 89 | *Filed & Entered:* 09/23/2026 | Notice (Other) |
| 90 | *Filed & Entered:* 09/23/2026 | Notice (Other) |

**PACER Service Center**

**Transaction Receipt**

09/24/2026 10:48:16

REDACTED

[redacted]

REDACTED

**5:26-cv-03535-JGB-SP** Luna D'Sol v. Bank of America, N.A. et al
Jesus G. Bernal, presiding
Sheri Pym, referral
**Date filed:** 06/25/2026
**Date of last filing:** 09/23/2026

# Deadlines/Hearings

| Doc. No. | Deadline/Hearing | Event Filed | Due/Set | Satisfied | Terminated |
|---|---|---|---|---|---|
| 81 | Motion Hearing | 09/01/2026 | 09/28/2026 at 09:00 AM | | |

---

**PACER Service Center**

**Transaction Receipt**

09/24/2026 10:46:49

[redacted]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-3535 JGB (SPx)** | Date | August 27, 2026 |
| Title | ***Luna D'Sol v. Bank of America, N.A., et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 28); (2) DENYING Defendants' Motion to Compel Arbitration (Dkt. No. 10); (3) ORDERING the Parties to File a Joint Statement Regarding Limited Discovery About Formation of Arbitration Agreement by September 14, 2026; (4) DENYING Plaintiff's Motion for Sanctions (Dkt. No. 45); (5) DENYING Plaintiff's Ex Parte Application (Dkt. No. 65); (6) DENYING Plaintiff's Ex Parte Application (Dkt. No. 67); (7) VACATING the August 31, 2026 Hearing; and (8) DENYING AS MOOT Plaintiff's Ex Parte Applications to Continue Hearings (Dkt. Nos. 32, 55) (IN CHAMBERS)**

Before the Court are Plaintiff's Motion to Remand (Dkt. No. 28), Defendants' Motion to Compel Arbitration (Dkt. No. 10), Plaintiff's Motion for Sanctions (Dkt. No. 45), Plaintiff's Ex Parte Application filed August 14, 2026 (Dkt. No. 65), and Plaintiff's Ex Parte Application filed August 18, 2026 (Dkt. No. 67). The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.

After considering the papers filed in support of and in opposition to these matters, the Court **DENIES** Plaintiff's Motion to Remand. (Dkt. No. 28.) The Court **DENIES** Defendants' Motion to Compel Arbitration (Dkt. No. 10) and **ORDERS** the parties to file a joint statement by September 14, 2026, regarding the proposed scope of and timeline for limited discovery related to the issue of contract formation only. The Court **DENIES** Plaintiff's Motion for Sanctions. (Dkt. No. 45.) Further, the Court **DENIES** Plaintiff's August 14, 2026 Ex Parte Application (Dkt. No. 65) and **DENIES** Plaintiff's August 18, 2026 Ex Parte Application (Dkt. No. 67).

The Court **VACATES** the August 31, 2026 hearing. As such, Plaintiff's ex parte application to continue the hearing on the Motion to Compel is **DENIED AS MOOT**. (Dkt. No. 32.) Plaintiff's ex parte application to continue the hearings on the Motion to Remand and Motion to Compel is also **DENIED AS MOOT**. (Dkt. No. 55.)

## I. BACKGROUND

On March 4, 2026, Plaintiff Luna D'Sol ("Plaintiff") filed suit in Riverside County Superior Court naming Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), Tricia Shanks ("Shanks"), and Peter C. Maxim ("Maxim") as defendants. (Dkt. No. 1-1.) The Complaint alleged claims for: (1) discrimination in violation of the Fair Employment and Housing Act (FEHA); (2) hostile work environment harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to accommodate a disability in violation of FEHA; (5) failure to pay final wages and issuance of inaccurate wage statement; (6) failure to engage in interactive process; (7) aiding and abetting discrimination, harassment, and retaliation; (8) failure to prevent discrimination, harassment, or retaliation; and (9) wrongful termination of employment in violation of public policy. (Dkt. No. 1-1.) Of these nine causes of action, Plaintiff alleged the second (hostile work environment harassment) and the seventh (aiding and abetting discrimination, harassment, and retaliation) causes of action against Defendant Maxim. (Id.)

### A. Plaintiff's Motion to Remand

On June 25, 2026, Defendant BANA removed to the action to federal court, invoking this Court's diversity jurisdiction. (Dkt. No. 1.) On July 13, 2026, Plaintiff filed a Motion to Remand (Dkt. No. 28), supported by a memorandum of points and authorities ("MTR," Dkt. No. 29). On July 15, 2026, Plaintiff filed a declaration in support of her Motion to Remand. (Dkt. No. 31.) On July 20, 2026, Defendants Bank of America Corporation, Bank of America, N.A., Peter C. Maxim, and Tricia Shanks (together, "Defendants") filed their Opposition ("MTR Opp.," Dkt. No. 37) with an accompanying request for judicial notice (Dkt. No. 38.) On July 27, 2026, Plaintiff filed her Reply ("MTR Reply," Dkt. No. 49) with an accompanying request for judicial notice (Dkt. No. 50). Plaintiff also filed an opposition to Defendants' July 20, 2026 request for judicial notice (Dkt. No. 51), an objection to the Declaration of Karen Y. Cho (Dkt. No. 52), and an objection to evidence submitted in support of Defendants' opposition to Plaintiff's Motion to Remand (Dkt. No. 53).

### B. Defendants' Motion to Compel Arbitration

On July 2, 2026, Defendants filed a Motion to Compel Arbitration ("MTC," Dkt. No. 10), accompanied by a request for judicial notice (Dkt. No. 11). On July 20, 2026, Defendants filed a reply in support of its MTC, noting that Plaintiff had not filed an opposition by the filing deadline. (Dkt. No. 35.) On July 21, 2026, Plaintiff filed an opposition to the MTC (Dkt. No. 43)

with a supporting declaration (Dkt. No. 42).[1] On July 30, 2026, Defendants filed an amended reply in support of the MTC (Dkt. No. 56) and evidentiary objections to Plaintiff's declaration (Dkt. No. 57). On August 3, 2026, Plaintiff filed an objection to Defendants' amended reply. (Dkt. No. 59.)

### C. Plaintiff's Motion for Sanctions

On July 22, 2026, Plaintiff filed a motion for sanctions against Defendants and their counsel. (Dkt. No. 45.) Plaintiff filed a memorandum of points and authorities (Dkt. No. 46) and declaration (Dkt. No. 47) in support of her motion for sanctions. On August 3, 2026, Defendants filed their opposition to the motion for sanctions (Dkt. No. 60) and a request for judicial notice (Dkt. No. 61). On August 10, 2026, Plaintiff filed her reply. (Dkt. No. 64.)

### D. Plaintiff's Ex Parte Application Filed August 14, 2026

On August 14, 2026, Plaintiff filed an ex parte application requesting that: (1) the Court strike portions of Dkt. No. 10-7 and Dkt. No. 61-1 that publicly disclose Plaintiff's former legal name; (2) the Court deny Defendants' request for remote appearance; (3) the Court consider the subsequent record; (4) the Court direct Defendants to refrain from publicly disclosing Plaintiff's former legal name in future filings; and (5) the Court grant other and further such relief. (Dkt. No. 65.) Defendants filed their opposition on August 17, 2026. (Dkt. No. 66.) Plaintiff filed her reply on August 20, 2026. (Dkt. No. 70.)

### E. Plaintiff's Ex Parte Application Filed August 18, 2026

On August 18, 2026, Plaintiff filed another ex parte application requesting the Court to strike Dkt. No. 26 and Dkt. Nos. 26-1 through 26-10 due to filing, service, duplication, and record irregularities. (Dkt. No. 67.) On August 19, 2026, Defendants filed their opposition. (Dkt. No. 69.) On August 21, 2026, Plaintiff filed her reply. (Dkt. No. 71.)

## II. LEGAL STANDARD

### A. Motion to Remand

#### 1. Removal Jurisdiction

A defendant may remove a state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The notice of removal must be filed

---

[1] Though the Court acknowledges that Plaintiff's opposition was untimely, given Defendants' amended reply in response to Plaintiff's opposition, the Court deems briefings complete and evaluates the merits of Defendants' Motion to Compel Arbitration. The parties are reminded that failure to file any memorandum or other documents within the deadline set by the Local Rules may be deemed consent to the granting or denial of the motion. L.R. 7-12.

within thirty days after the defendant receives the initial pleading or within thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014).

Removability of an action is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a [defendant's] duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). However, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)) (citation modified). Given this strong presumption against removal jurisdiction, "the court resolves all ambiguity in favor of remand to state court." Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

**2. Fraudulent Joinder Doctrine**

Federal courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff differs from that of each defendant. 28 U.S.C. § 1332(a); Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). Given the "general presumption against [finding] fraudulent joinder," a party invoking federal diversity jurisdiction bears a "heavy burden" to prove fraudulent joinder "by clear and convincing evidence." Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1046); Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

A defendant can establish fraudulent joinder by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Grancare, 889 F.3d at 548 (quoting Hunter, 582 F.3d at 1044). The plaintiff is unable to establish a cause of action against the non-diverse party if the non-diverse party "cannot be liable on any theory." Id. (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). For example, courts find fraudulent joinder where claims against the non-diverse defendant are time-barred, the non-diverse defendant's conduct is privileged under state law, or the non-diverse defendant is not a party to the contract at issue. Id. (collecting cases); see also Hamilton, 494 F.3d at 1206. However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the

state court." Id. (quoting Hunter, 582 F.3d at 1046). Further, courts "decline[] to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id. at 548–49 (citing Hunter, 582 F.3d at 1046).

The test for fraudulent joinder (a jurisdictional inquiry) and the test for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (an adjudication on the merits) are not equivalent, as a defendant may fail under Rule 12(b)(6) without having necessarily been fraudulently joined. Id. at 549. The test for fraudulent joinder is more akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. Id.

### 3. 28 U.S.C. § 1447(c)

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005)). "[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." Id. at 562. Indeed, removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Grancare, 889 F.3d at 552 (quoting Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008)).

## B. Motion to Compel Arbitration

The Federal Arbitration Act (FAA) requires district courts to compel arbitration of claims covered by an enforceable arbitration agreement. 9 U.S.C. § 3. Given the "liberal federal policy favoring arbitration," arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Zoller v. GCA Advisors, LLC, 993 F.3d 1198, 1201 (9th Cir. 2021) (quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)).

When determining whether to compel arbitration, courts must decide: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. Id.; see also Lifescan, Inc. v. Premier Diabetic Services, Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (describing the limited role of courts). "[W]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." Goldman, Sachs & Co. v. City of Reno, 747 F.3d 733, 743 (9th Cir. 2014) (quoting Applied Energetics, Inc. v. NewOak Cap. Markets, LLC, 645 F.3d 522, 526 (2d Cir. 2011)). The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. Chabolla v. ClassPass Inc., 129 F.4th 1147, 1153 (9th Cir. 2025). Federal courts apply state-law principles of contract formation in determining whether the parties have agreed to

Case 5:25-cv-03693-JGB-SP Document 71 Filed 08/27/25 Page 6 of 11 Page ID #:2317

arbitrate a particular dispute. Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 855 (9th Cir. 2022).

### C. Motion for Sanctions

A district court may sanction a party under the "inherent power of federal courts to levy sanctions in response to abusive litigation practices." Leon v. IDX Sys. Corp., 464 F.3d 951, 957-58 (9th Cir. 2006). A court may invoke its inherent sanctioning authority "either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1090 (9th Cir. 2021). Bad faith "requires proof of bad intent or improper purpose." Id. And "when a court imposes sanctions based on bad faith, the court must make an explicit finding that the sanctioned party's conduct 'constituted or was tantamount to bad faith.'" Id. (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648-50 (9th Cir. 1997)).

### D. Ex Parte Application

Ex parte applicants must show that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Wells Fargo Bank, N.A. v. Stewart Homes, Inc., 732 F. Supp. 3d 1169, 1175 (C.D. Cal. 2024) (quoting Mission Power Eng. Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)). In determining irreparable prejudice, courts usually assess the merits of the motion "because if it is meritless, failure to hear it cannot be prejudicial." Id. Ex parte applicants must also show that they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id.

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

#### 1. Removal Was Timely.

Defendant BANA's removal was timely. A defendant has thirty days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B). On May 26, 2026, BANA's counsel signed and returned to Plaintiff its Notice and Acknowledgment of Receipt of Summons (NAR). ("Antonopoulos Decl." ¶ 3, Dkt. No. 37-3.) BANA filed its notice of removal on June 25, 2026. (Dkt. No. 1.) Plaintiff argues that BANA's removal was untimely because there was a typo in the case number, the proof of service accompanying the NAR was unsigned, and the state court recorded service of the complaint and summons on June 5, 2026. (MTR at 15–17; MTR Reply at 4–5.) These "defects" are immaterial to the question of whether BANA timely filed its notice of removal, as none of these errors would render BANA's notice of removal untimely.

//

//

**2. All Defendants Consented to Removal.**

Defendants BANA, BAC, Shanks, and Maxim all consented to removal as required by 28 U.S.C. § 1446(b)(2)(A). Defendant BANA's averment that "all Defendants consent to the removal of this action" (Dkt. No. 1 at 1, n.1.) is sufficient to show Defendants' unanimous consent. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

**3. There is Complete Diversity Between the Parties Under the Fraudulent Joinder Doctrine.**

BANA removed this case to federal court based on diversity jurisdiction, even though the named parties are not completely diverse. BANA contends that non-diverse Defendant Maxim was fraudulently joined in this action to destroy complete diversity.[2] (MTR Opp. at 1, 8; Dkt. No. 1 at 7.)

As such, the Court evaluates whether "a possibility" of a claim against Maxim precludes finding fraudulent joinder. Plaintiff brings two causes of action against Maxim: hostile work environment harassment under FEHA; and aiding and abetting discrimination, harassment, and retaliation under FEHA. (Dkt. No. 1-1.) Defendants argue that "both of these FEHA claims are barred because Plaintiff did not name Maxim in her administrative charge and thus failed to exhaust administrative remedies as to Maxim before filing her complaint." (MTR Opp. at 1, 5.) Defendants also contend that Plaintiff's allegations against Maxim "amount to personnel management conduct, which do not support a claim for harassment" and "there is no liability for discrimination or retaliation on an aiding and abetting theory." (MTR Opp. at 1.)

Maxim is fraudulently joined because Plaintiff failed to name Maxim in her administrative charge. Before filing a suit alleging FEHA violations, a plaintiff must exhaust administrative remedies by filing a complaint of discrimination with the California Civil Rights Department ("CRD," formerly known as DFEH) and obtaining a right-to-sue letter. Cal. Gov't Code § 12960; see also Porter v. United Parcel Serv., Inc., No. CV 21-5349-GW-MARX, 2022 WL 3127911, at *2 (C.D. Cal. May 3, 2022). "The scope of the written administrative charge defines the permissible scope of the subsequent civil action." Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001). Therefore, "[a] plaintiff is barred from suing individual defendants she fails to name in the DFEH charge." Batacan v. Allscripts Healthcare, LLC, No. SACV2100515CJCADSX, 2021 WL 2139065, at *2 (C.D. Cal. May 25, 2021). Plaintiff named Bank of America and CT Corporation (Registered Server) as the only respondents in her CRD

---

[2] BANA claims that BAC and Shanks are also sham defendants. (Dkt. No. 1 at 1, n.1.) The parties agree that BAC is a citizen of North Carolina and Delaware and Shanks is a citizen of Pennsylvania, while Plaintiff is a citizen of California. (See MTR at 6,7; MTR Opp. at 4.) Therefore, the Court need not decide whether BAC and Shanks were fraudulently joined for purposes of determining this Court's diversity jurisdiction over the matter.

charge. ("CRD Complaint," Dkt. No. 38-1.[3]) Plaintiff does not name Maxim anywhere in her CRD Complaint. (See CRD Complaint.)

Nonetheless, Plaintiff argues that she has identified Maxim in her CRD Complaint because she explained that she shared her transgender status and upcoming surgeries "with manager" or with "management" of the Bank. (MTR Reply at 2.) "[W]hile California courts have indicated that, in limited circumstances, a technical failure to properly name a defendant will not preclude the filing of an action against that defendant, Plaintiff has not pled facts establishing that her failure to name [Maxim] in her DFEH complaint should be excused, nor has she established that [Maxim] was actually included in the body of her complaint, even if [he] was left out of the caption." Tapia v. Artistree, Inc., 2014 WL 1402306, at *2 (C.D. Cal. Apr. 10, 2014). Plaintiff also points out that she attached a February 26, 2025 email addressed to Shanks and Maxim to her CRD Complaint. (MTR Reply at 2.) The Court is unable to verify that the screenshot of "Uploaded Files" and the photos of the email addressed to Defendants Shanks and Maxim (Dkt. No. 49-4) are an accurate depiction of the materials submitted to the CRD. Even assuming the photographs shown in Plaintiff's Exhibit 51 (id.) were indeed submitted with her CRD Complaint, Plaintiff does not meet the requirement to name defendants in the *caption* or *body* of her administrative charge. See Reyes v. Marshalls of CA, LLC, No. 222CV01245ODWASX, 2022 WL 2753520, at *5 (C.D. Cal. July 14, 2022) ("[T]he specific defendant must be named in the caption or body of the DFEH complaint.").

The Court **DENIES** Plaintiff's Motion to Remand because Plaintiff has failed to exhaust her FEHA administrative remedies with respect to Maxim, and her FEHA claims against him are therefore barred. Rodriguez, 265 F.3d at 897 ("Allegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust . . . ."). The Court finds that amendment would be futile because Plaintiff does not dispute that she did not file an administrative charge naming Maxim with the CRD. Therefore, Maxim's joinder was fraudulent, and there is complete diversity among the remaining parties to support this Court's diversity jurisdiction. The Court need not reach the issue of whether Plaintiff has alleged a viable harassment claim or a viable aiding and abetting claim against Maxim to deny Plaintiff's Motion to Remand.

**4. The Amount in Controversy Requirement Is Met.**

Though Plaintiff contests the reliability of Defendant BANA's cited case (see MTR at 18), the parties do not dispute that the amount in controversy in this matter exceeds $75,000.
//
//
//
//

[3] As the Court finds Plaintiff's CRD Complaint (CRD Matter Number 202508-30704712) is not subject to reasonable dispute, the Court takes judicial notice of Plaintiff's Complaint of Employment Discrimination Before the State of California filed with the CRD. (Dkt. No. 38-1.)

### 5. Plaintiff's Request for Costs Is Denied.

The Court finds that Defendant BANA had an objectively reasonable basis for seeking removal, as Plaintiff cannot maintain a suit against Maxim due to her failure to exhaust administrative remedies as to Maxim. Under these circumstances, a reasonable litigant in Defendant BANA's position could have concluded that federal court was the proper forum to litigate Plaintiff's claims. As Defendant BANA's removal of the case was not objectively unreasonable, the Court finds the award of costs and attorney's fees improper. See Grancare, 889 F.3d at 552.

## B. Defendants' Motion to Compel Arbitration

### 1. Defendants Have Not Established the Existence of an Arbitration Agreement by a Preponderance of the Evidence.

As the party seeking to compel arbitration, Defendants bear the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. Johnson v. Walmart Inc., 57 F.4th 677, 681 (9th Cir. 2023). Defendants submit a declaration by Dineen M. Allen in support of the existence of an arbitration agreement. ("Allen Decl.," Dkt. No. 10-7.) Allen, a Senior Vice President at BANA, asserts that on November 8, 2024 and again on November 22, 2024, BANA distributed an Arbitration Policy to "all active U.S.-based employees, including Ms. D'Sol." (Allen Decl. ¶ 5.) Allen declares that she "reviewed the Bank's internal electronic data to confirm that Ms. D'Sol and the Individual Defendants received both emails with the link to the Arbitration Policy." (Allen Decl. ¶ 6.)

Plaintiff argues that "[s]he has no record of receiving, opening, or acknowledging either email." (MTC Opp. at 4.) Plaintiff also points out that Defendants present "no delivery log, no read receipt, no distribution list bearing Plaintiff's name or email address" to show that the emails containing the arbitration agreement were actually delivered to Plaintiff's work email. (MTC Opp. at 8.) Defendants respond that "the Bank implemented a nationwide rollout of its Arbitration Policy on November 8, 2024, and the Bank's business records maintained in the ordinary course of business confirm that notice of the Arbitration Policy was sent to Plaintiff's company email address as part of that rollout." (MTC Reply at 5.)

Plaintiff contests the existence, not the scope, of an arbitration agreement that would encompass this dispute. Therefore, the presumption in favor of arbitrability does not apply, and the Court applies state-law principles of contract interpretation to decide whether an enforceable arbitration agreement exists. Johnson, 57 F.4th at 681–82 (9th Cir. 2023). To form a contract under California law, there "must be actual or constructive notice of the agreement and the parties must manifest their mutual assent." Keebaugh v. Warner Bros. Ent. Inc., 100 F.4th 1005, 1014 (9th Cir. 2024) (quoting Oberstein v. Live Nation Ent., Inc., 60 F.4th 505, 512-13 (9th Cir. 2023)). Though parties may manifest assent through conduct, "the conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents." Berman, 30

F.4th at 855. Here, Defendants' evidence of a nationwide rollout of its arbitration agreement and a declaration that the Bank's business records confirm notice to Plaintiff are insufficient to show, by a preponderance of the evidence, that Plaintiff had actual or constructive notice of the arbitration agreement. The Court therefore **DENIES** Defendants' Motion to Compel Arbitration.

**2. The Court Permits Limited Discovery with Respect to Notice.**

The Court finds that discovery—limited to the issue of contract formation—is warranted. Plaintiff's brief, however, is not sufficiently specific as to what discovery she would seek. Before issuing a limited discovery schedule, the Court **ORDERS** the parties to file a joint statement, no later than September 14, 2026, specifying the scope of and timeline for limited discovery solely on the issue of the existence of an arbitration agreement.

### C. Plaintiff's Motion for Sanctions

The Court finds substantial overlap in the briefings related to Plaintiff's Motion for Sanctions and the parties' briefs related to the Motion to Remand and the Motion to Compel Arbitration. Though the Court notes the parties' evidentiary objections and procedural deficiencies in various briefs, the Court finds no conduct by Defendants' counsel that is tantamount to bad faith to warrant an imposition of sanctions. The Court **DENIES** Plaintiff's motion for sanctions. Further, the Court sternly advises Plaintiff to engage in good faith meet-and-confer efforts to resolve or clarify any issues with Defendants before commencing unnecessary or duplicative motions practice.

### D. Plaintiff's August 14, 2026 Ex Parte Application

In Plaintiff's August 14, 2026 ex parte application, she requests, among other relief, that the Court strike portions of Dkt. No. 10-7 and Dkt. No. 61-1 that publicly disclose Plaintiff's former legal name. (Dkt. No. 65.) Defendants state that they do not oppose sealing or otherwise restricting public access to Plaintiff's former legal name in Dkt. Nos. 10-7 and 61-1 (Dkt. No. 66 at 1) but nonetheless explain that "the Allen Declaration used Plaintiff's former name to authenticate and identify the employee reflected in the Bank's records and to establish delivery of the Arbitration Policy" and that Plaintiff expressly states her former legal name in her own filings multiple times. (Dkt. No. 66 at 1–2.)

Federal Rule of Civil Procedure 5.2 and this District's Local Rule 5.2-1 require certain personal identifiers to be redacted before filing in the public docket. The filer is responsible for ensuring full compliance with Rule 5.2 to protect sensitive and private information, and "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." L.R. 5.2-1; Fed. R. Civ. P. 5.2. Federal Rule of Civil Procedure 5.2 specifies redaction of an individual's sensitive information, including Social Security number, taxpayer identification number, birthdate, or financial account number. But the Rules do not

require redaction of a party's legal name—former or otherwise—unless the party is known to be a minor. Fed. R. Civ. P. 5.2.

Plaintiff seeks to redact her former legal name but cites no rule or law supporting such a redaction. Moreover, Plaintiff herself expressly states her former legal name in her own filings. Therefore, the Court finds that Plaintiff has not shown irreparable prejudice or Plaintiff's lack of fault in the disclosure of her former legal name. The Court advises the parties to follow the procedures set forth by the Local Rules and the Rules of this Court should they seek to redact certain information from future filings. Noting Plaintiff's wishes, the Court also advises the parties to refrain from stating Plaintiff's former legal name unless necessary. The Court **DENIES AS MOOT** the remainder of Plaintiff's requests.

**E. Plaintiff's August 18, 2026 Ex Parte Application**

Plaintiff seeks to strike Defendants' opposition to Plaintiff's July 15, 2026 ex parte application (Dkt. No. 26) and Defendants' accompanying submissions (Dkt. Nos. 26-1 through 26-10) because they were docketed before Plaintiff's July 15, 2026 application and duplicated previous filings. (Dkt. No. 67.) The Court finds that Plaintiff has not demonstrated the need for any emergency relief, nor irreparable prejudice resulting from misordered or duplicative filings. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). As such, the Court **DENIES** Plaintiff's ex parte application. (Dkt. No. 67.)

As this Court's Standing Order emphasizes, ex parte applications are reserved for requesting extraordinary relief. (Dkt. No. 62.) The Court warns Plaintiff that misuse of ex parte applications may result in sanctions and further delays in the ultimate resolution of her case.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. (Dkt. No. 28.) The Court **DENIES** Defendants' Motion to Compel Arbitration (Dkt. No. 10) and **ORDERS** the parties to file, **no later than September 14, 2026**, a joint statement proposing (1) a limited scope of discovery regarding the formation of an arbitration agreement and (2) a timeline for such discovery and hearing on the issue of arbitrability. The Court **DENIES** Plaintiff's Motion for Sanctions. (Dkt. No. 45.) The Court **DENIES** Plaintiff's August 14, 2026 Ex Parte Application (Dkt. No. 65) and **DENIES** Plaintiff's August 18, 2026 Ex Parte Application (Dkt. No. 67.) The Court **VACATES** the August 31, 2026 hearing and **DENIES AS MOOT** Plaintiff's ex parte applications to continue hearings (Dkt. No. 32, 55).

**IT IS SO ORDERED.**

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11(b)(3)**<br>**[Served Pursuant to Fed. R. Civ. P. 11(c)(2) — Not Filed]**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Date: August 24rd, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

Case 5:26-cv-03535-JGB-SP Document 62 Filed 10/02/25 Page 61 of 15 Page ID #:1397221

**PLAINTIFF LUNA D'SOL'S NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(b)(3) [SERVED PURSUANT TO FED. R. CIV. P. 11(c)(2) — NOT FILED]**

**TO DEFENDANTS BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, TRICIA SHANKS, AND PETER C. MAXIM, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, no earlier than 21 days after service of this Motion as required by Federal Rule of Civil Procedure 11(c)(2), Plaintiff Luna D'Sol, appearing pro per, will move this Court for an order imposing sanctions pursuant to Federal Rule of Civil Procedure 11(b)(3) and 11(c) against**, Nicole L. Antonopoulos, Karen Y. Cho, and Morgan, Lewis & Bockius LLP.**

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities below, and such other matters as may properly be presented to the Court.

## I. INTRODUCTION

Plaintiff Luna D'Sol serves this Notice of Motion and Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2). This Motion concerns two independent Rule 11(b)(3) issues arising from Defendants' and their counsel's continued advocacy of factual contentions after Plaintiff identified evidence materially calling those contentions into question. First, Defendants continue to rely upon a certified chronology of service—including the Notice and Acknowledgment of Receipt ("NAR") under California Code of Civil Procedure section 415.30 and the related Certificate of Service for the Notice of Removal (ECF No. 5)—despite Plaintiff's contention that the evidentiary record materially contradicts those certifications. Second, Defendants continue to assert that Bank of America Corporation ("BAC") is a sham defendant notwithstanding Plaintiff's official Employment Data Report and other evidence identifying BAC, rather than Bank of America, N.A. ("BANA"), as Plaintiff's employer of record. Rule 11(b)(3) requires that factual contentions presented to the Court have evidentiary support. This Motion is served, but not filed, pursuant to

the 21-day safe-harbor procedure required by Rule 11(c)(2). See Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 789 (9th Cir. 2001).

## II. LEGAL STANDARD

Rule 11(b)(3) requires that factual contentions presented to the Court have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b)(3). When a pleading is the subject of Rule 11 proceedings, the court evaluates ”(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney has conducted a reasonable and competent inquiry before signing and filing it.” Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)).

The Ninth Circuit has further explained that the reasonable inquiry requirement asks whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the factual contentions to be well founded. Holgate, 425 F.3d at 676.

Rule 11(c)(2) requires that a sanctions motion first be served on the opposing party and not filed unless the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within twenty-one days after service. The Ninth Circuit strictly enforces this safe-harbor requirement. Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001); Holgate, 425 F.3d at 678–80.

Rule 11 applies when an attorney later advocates a pleading or other paper and refuses to withdraw a position or acknowledge that there is no evidentiary support for a specified allegation.

## III. FIRST RULE 11 VIOLATION

Continued Reliance on the Notice and Acknowledgment of Receipt and Related Proof of Service

1. Defendants' counsel continued certifying a factual chronology of service after Plaintiff identified evidence materially calling that chronology into question.

2. In the Notice of Removal, defendants' counsel relied upon two related documents supporting BANA's claim of service under California Code of Civil Procedure section 415.30: (a) the Notice and Acknowledgment of Receipt ("NAR"), representing that the NAR package was executed and deposited with the United States Postal Service; and (b) the accompanying Proof of Service, certifying completion of that service.

3. The Certificate of Service further acknowledges, in language Defendants' own counsel drafted and signed under penalty of perjury, that "service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in [the] affidavit."

4. Defendants' removal papers rely upon two related documents in support of BANA's claim of compliance with California Code of Civil Procedure section 415.30: (a) the Notice and Acknowledgment of Receipt ("NAR"), which Defendants contend was served in accordance with section 415.30; and (b) the accompanying Proof of Service, certifying that the NAR package was deposited in the United States mail and that service was completed in accordance with the statute

5. Plaintiff previously provided Defendants with what Plaintiff contends is the operative Proof of Service for BANA, which is also reflected in the publicly available California Superior Court docket. Despite receiving that document, Defendants have neither withdrawn nor corrected the Proof of Service relied upon in support of removal.

6. Defendants' response — or lack of one. Rather than correcting the record, Defendants did not respond to Plaintiff's meet and confer requests, follow-up emails, and voicemail messages asking that Defendants either file a corrected Proof of Service consistent with the USPS tracking history or explain the factual basis for maintaining the existing Certificate. Defendants have neither corrected the Certificate of Service nor withdrawn.

## IV. SECOND RULE 11 VIOLATION

### Continued Assertion that Bank of America Corporation Is a Sham Defendant

7. The factual premise underlying Defendants' sham-defendant contention lacks evidentiary support.

8. Defendant Bank of America, N.A. ("BANA") removed this action asserting that its parent company, Bank of America Corporation ("BAC"), is a sham defendant whose citizenship and participation may be disregarded for purposes of removal. (Notice of Removal at 8 n.1 [ECF 1].) Rather than withdrawing this position, Defendants elevated the same contention from a footnote into the body of their Opposition to Plaintiff's Motion to Remand. (Opp'n to Mot. to Remand at 10-11, § B [ECF 37].)

9. Work Number Employment Data Report. Bank of America's own public website, at www.bankofamerica.com/associates, identifies "The Work Number" as the bank's designated employment and income verification service. (Demonstration of www.bankofamerica.com/associates, Ex. J to Pl.'s RJN No. 10 [ECF 31]; D'Sol Decl. ¶ 3 [ECF 49-2].) Plaintiff's official Employment Data Report, obtained directly from Equifax's Work Number, identifies Plaintiff's former employer as Bank of America Corporation — not BANA — and identifies Plaintiff's former position and separation information as reported by BAC to that verification service. BANA's name does not appear anywhere in the report. (Work Number Employment Data Report, Ex. 50 [ECF 49-2]; D'Sol Decl. ¶¶ 6-7 [ECF 49-2].)

10. Administrative record. The California Civil Rights Department Case Summary for Plaintiff's administrative charge, Matter No. 202508-30704712, further reflects that Plaintiff's charge identified "management" and the individual defendants by name in connection with the same course of conduct underlying this action. (CRD Case Summary, Ex. 51 [ECF 49-2]; D'Sol Decl. ¶ 8 [ECF 49-2].)

11. Plaintiff identified this evidence to Defendants in her Reply in support of her Motion to Remand, filed July 27, 2026 — more than 21 days before the date of this Motion. (Reply ISO Mot. to Remand at 8 [ECF 49].) Defendants have not, to date, withdrawn or corrected the sham-defendant contention, nor have they identified any evidence disputing the

Work Number Employment Data Report or the source Defendants' own website identifies as the bank's designated employment-verification system.

12. A party may not maintain a factual contention — that a named defendant has no possible connection to the plaintiff's claims — after being shown that defendant's own business records identifying it as the plaintiff's employer of record. Continued assertion that BAC is a sham defendant, without addressing or rebutting this evidence, lacks evidentiary support within the meaning of Rule 11(b)(3).

## V. RULE 11 SAFE HARBOR

13. This Motion is served on Defendants and their counsel of record on August 3, 2026. Consistent with Federal Rule of Civil Procedure 11(c)(2), this Motion is not being filed with the Court. Plaintiff will not file this Motion, or any version of it, before the expiration of 21 days from the date of service. Defendants have the full 21-day period to withdraw or appropriately correct the certifications and contentions identified in Sections II and III above.

## V. REQUESTED RELIEF

14. If the conduct described in this Motion is not withdrawn or appropriately corrected within the 21-day period required by Rule 11(c)(2), Plaintiff will file this Motion and will ask the Court to: (a) order Defendants to withdraw or correct the certifications and contentions identified above; (b) impose appropriate sanctions pursuant to Rule 11(c)(4), including but not limited to striking the challenged certifications and contentions; and (c) award Plaintiff the reasonable expenses, including costs, incurred in bringing this Motion, pursuant to Fed. R. Civ. P. 11(c)(4).

Respectfully submitted,

Dated: August 3, 2026

/s/ LUNA D'SOL

Luna D'SoL

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>Defendant(s) | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**DECLARATION OF LUNA D'SOL REGARDING COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 11(c)(2) SAFE-HARBOR REQUIREMENT**<br><br>Judge: Hon. Jesus G. Bernal. .<br>United States District Juge<br><br>Date: October 5th, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026<br><br>Concurrently filed with: Notice of Motion and Motion to Remand; Memorandum of Points; Proposed Order |

**DECLARATION OF LUNA D'SOL**

I, Luna D'Sol, declare:

1. I am the Plaintiff in this action and appear in propria persona. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently to them.

2. On August 3, 2026, I served Defendants' counsel, Karen Y. Cho and Nicole L. Antonopoulos of Morgan, Lewis & Bockius LLP, with **Plaintiff's Notice of Motion and Motion for Sanctions Under Federal Rule of Civil Procedure 11(b)(3)**.

3. The motion served on August 3, 2026 was the Rule 11 motion itself. I did not file or otherwise present that motion to the Court at that time.

4. Together with the motion, I transmitted a letter dated August 3, 2026 entitled **"Notice of Intent to Seek Sanctions Under Federal Rule of Civil Procedure 11(c)(2)."** The letter expressly advised Defendants' counsel that the enclosed Rule 11 motion was being served, but not filed, pursuant to Rule 11(c)(2).

5. The August 3, 2026 letter further advised Defendants that the motion would not be filed if the conduct identified in the motion was withdrawn or appropriately corrected within the twenty-one-day safe-harbor period provided by Rule 11(c)(2).

6. I filed the Declaration of Kevin Cohen ECF Docs. 64-9 and his forensic report in ECF Doc. 20 which were not part of the Ruling in ECF Doc 78

7. A true and correct copy of the Safe Harbor Notice is attached hereto as **Exhibit 98**

8. A true and correct copy of the Proof of Service is attached hereto as **Exhibit 99**.

9. I did not file the Rule 11 motion during the twenty-one-day period following its service. Twenty-one days after August 3, 2026 was August 24, 2026. I did not file the motion before expiration of that period.

10 During the twenty-one-day safe-harbor period, Defendants did not withdraw or appropriately correct the specific challenged contention(s) that remain the subject of the Rule 11 motion.

11. As of the date of this declaration, the specific challenged contention(s) identified in the Rule 11 motion and pursued in the accompanying filed motion have not been withdrawn or appropriately corrected

12. On July 21, 2026, I initiated a meet and confer with Defendants' counsel concerning the NAR and Proof of Service accompanying the Notice of Removal, followed by additional emails and voicemail messages renewing my request. (ECF No. 49-2 ¶ 10, Exs. 53–54.)

13. I also provided Defendants with evidence contradicting their position concerning BAC, including the Work Number Employment Data Report identifying BAC as my employer and the CRD Case Summary. (ECF No. 49-2 ¶¶ 6–8, Exs. 50–51.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 2nd, 2026, at Palm Springs, California.

**/s/ Luna D'Sol**

LUNA D'SOL

Plaintiff, In Pro Per

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL<br><br>Plaintiff,<br><br>VS.<br><br>BANK OF AMERICA, N.A.;<br>BANK OF AMERICA CORPORATION;<br>TRICIA SHANKS, an individual;<br>PETER C MAXIM, an individual;<br>and DOES 1 through 50, inclusive,<br><br>Defendant(s). | **Case No:** 5:26-cv-03535-JGB-SP<br><br>**PLAINTIFF'S NOTICE TO APPEAR REMOTELY**<br><br>Judge: Hon. Jesus G. Bernal.<br>. United States District Juge<br><br>Date: September 28, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: March 4th, 2026 |

**TO THE HONORABLE JESUS G. BERNAL AND ALL PARTIES:**

Pursuant to this Court's Standing Order, Plaintiff, Luna D'Sol, in pro per, is providing notice of Plaintiff's intent to appear remotely at the hearing on Plaintiff Luna D'Sol's Motion for Reconsideration, which is currently noticed for September 28, 2026, at 8:30 a.m.

Dated: September 23, 2026 Respectfully submitted by:

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per