**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

CASE NO. : *2:25-cv-10938-SVW-ASx*

*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*

**[PROPOSED] ORDER TO SHOW CAUSE REGARDING DEFENSE COUNSEL'S REPRESENTATIONS AND CONDUCT CONCERNING PENDING MOTIONS**

Complaint Filed: August 21, 2025

Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Upon review of the record, including the parties' filings, correspondence submitted in connection with the pending motions, and the Court's docket, the Court issues the following Order to Show Cause.

**1.** IT IS HEREBY ORDERED:

1. **Order to Show Cause.** Defendant's counsel, Michelle R. Bernard, shall show cause why the Court should not determine that certain representations and conduct concerning motions pending before this Court improperly treated those matters as though their disposition had already been determined by the Court.
2. **Authority and Fair Process.** The parties are directed to address any applicable authority concerning the distinction between an undecided motion and a motion that has been adjudicated, and concerning counsel's obligations when making factual representations to the Court regarding the procedural status of, or anticipated disposition of, a matter that remains pending. See, e.g., ***Malkeet Lnu v. Blanche*, 177 F.4th 1014, 1025–29** (9th Cir. 2026) (emphasizing counsel's independent obligation to verify the accuracy of factual and legal representations presented to a court and recognizing that counsel's signature and submission of a filing carries responsibility for the accuracy of the representations made therein). The parties should address how those obligations apply where a pending motion has been taken under submission but has not yet been adjudicated.
3. **Pending Motions. (ECF Doc. 100).** The Court's docket reflects that motions presented for determination remained pending and had not been adjudicated when the challenged representations and conduct occurred. A motion that has been taken under submission remains a matter for determination by the Court unless and until the Court enters an order resolving it.
4. **Representation Concerning Jury-Demand Motion. (ECF Doc. 156-1).** The record reflects that Defendant's counsel declined to participate in the jury-instruction meet-and-confer process required by the Court's Civil Trial Preparation Order (ECF Doc. 86). Counsel communicated to Plaintiff that there was "no basis for meeting and conferring on jury instructions" because absent relief from the Court, there would not be a jury trial. As

a result, Defendant's refusal to participate prevented the parties from preparing the **joint jury instructions and joint verdict form expressly required by the Court's Order**.

5. **Representations Concerning Pending Sanctions and Dispositive Motions (ECF Doc 121-2).** The Court further directs Defendant's counsel to explain the basis for representations concerning the anticipated disposition of Defendant's proposed terminating-sanctions and dispositive motions, including representations made before those motions were adjudicated concerning the expected entry of terminating sanctions or judgment. (ECF Doc. 121-2, p. 19, Page ID 5444, lines 11-12)

6. **No Assumption of Outcome.** Nothing in this Order should be construed as determining the merits of any pending motion or as finding that counsel improperly communicated with the Court. The purpose of this Order is to determine the factual and procedural basis, if any, upon which counsel represented or acted upon an anticipated disposition of matters that remained pending before the Court.

7. **Response.** Defendant's counsel shall file a written response to this Order to Show Cause addressing the matters identified above no later than ____________.

8. **Hearing.** A hearing on this Order to Show Cause is set for ____________, at ________ a.m./p.m., in Courtroom 10A of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012.

9. **Preservation of Pending Motions.** This Order does not modify, decide, or otherwise affect the merits of any pending motion unless expressly ordered by the Court.

IT IS SO ORDERED.

DATED: ____________________, 2026.

________________________________

HON. STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE