LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. : *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**OBJECTIONS TO DECLARATION OF KELLY CANBY ECF 162 AND 162-1**<br><br>Complaint Filed: August 21, 2025<br><br>Trial Date: October 13, 2026; 9:00 a.m.<br>FSC: October 5, 2026; 3:00 p.m. |

## I. OBJECTIONS

| | | |
|---|---|---|
| **1. ECF DOC. 162-1 ¶¶ 1-31** | Inappropriate, irrelevant, misleading **Fed. R. Civ. P. 56(c)(4), Rule 12(f)** Violates Fed Rule of Ev. 402, 403, 602, 802 | These paragraphs largely repeat arguments previously presented to the Court, to which Plaintiff has already objected and responded with supporting argument and evidence. They do not materially address the present issue and should not be permitted to re-litigate matters already presented to and considered by the Court. |

## II. Judicial Estoppel

The doctrine of judicial estoppel prevents a party from gaining an advantage by taking clearly inconsistent positions in the same litigation. To protect the integrity of the judicial process, a party cannot "play fast and loose with the courts" by changing its standard of compliance according to the exigencies of the moment (Hamilton v. State FarmFire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001)).

**A. Defendant Is Judicially Estopped From Asserting That Its Non-Compliant PreFiling Efforts Satisfy The Court's Mandatory Meet-And-Confer Rules**

Defendant is judicially estopped from pursuing its current pending motions because its procedural positions flatly contradict the strict compliance standard it successfully persuaded this Court to adopt to defeat Plaintiff's prior motion.

1. **Defendant's Prior Position and This Court's Acceptance**: In March 2026, Defendant successfully argued that a completed, lengthy Rule 26(f) video conference was legally insufficient because Plaintiff failed to raise one specific document during that dialogue (See Decl. of Kelly Canby, ECF No. 62-1). This Court explicitly accepted and relied upon Defendant's strict position. In its April 14, 2026 Order, the Court adopted Defendant's framing, ruling that a moving party cannot merely request a conference; they must specifically identify the precise matters in dispute, provide supporting legal authority, and engage in a meaningful substantive dialogue before filing (See Order, ECF No. 71 at 2–3, citing Dkt. No. 62)

2. **Defendant's Inconsistent Position Across All Pending Motions**: Now, seeking dispositive relief and severe sanctions, Defendant takes a completely inconsistent position by asserting that it can file major motions while completely ignoring or failing the very standard it established. A review of Defendant's filings reveals an systemic failure to comply with Local Rule 7- 3 and this Court's prior Order: (i) Motion for Summary Judgment (ECF No. 117): Defendant's 32-page brief contains zero Local Rule 7-3 certification anywhere in the notice or memorandum. Defendant completely skipped the mandatory pre-filing rule. (ii) Motion in Limine No. 1 (ECF No. 122): This motion similarly contains no Local Rule 7-3 certification anywhere in the notice or memorandum. (iii) Motion for Terminating Sanctions (ECF No. 118): Through Michelle Bernard's Declaration (ECF No. 121), Defendant asserts it can seek the ultimate penalty of dismissal based on a record of zero completed substantive conferences on any topic. Defendant's own declaration admits its pre-filing efforts consist entirely of one unattended TEAMS link and one phone call that Defendant

explicitly concedes resulted in no substantive meet-and-confer dialogue (See ECF No. 121 at ¶ 7).

3. **Allowing Defendant to Flip-Flop Creates an Unfair Detriment to Plaintiff:** Under judicial estoppel principles, a party cannot demand strict, uncompromising adherence to procedural rules to defeat an opponent's motion and then exempt itself from those exact same rules when filing its own. Having established in ECF No. 71 that a completed conference is inadequate if it misses a single detail, Defendant cannot now argue that an omitted certification or an admitted record of zero completed conferences is legally sufficient. Allowing Defendant to benefit from this lower standard grants them an unfair tactical advantage while severely prejudicing Plaintiff. Defendant must be judicially estopped from asserting that its non-existent and noncompliant pre-filing actions satisfy the rules of this Court, and Defendant's Motions For Sanctions, Motions for Summary Judgment and all Motions in Limine must be denied. (ECF Doc. 117, 118, 119, 122, 123,124, 125).

Respectfully submitted by:

Dated 9/25/2026

/s/ Luna D'Sol

LUNA D'SOL

Plaintiff, In Pro Per