**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: lunadsolts@gmail.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL,**<br><br>Plaintiff,<br><br>v.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | **Case No. 2:25-cv-10938-SVW-ASx**<br><br>**PLAINTIFF LUNA D'SOL'S EX PARTE APPLICATION FOR CONTINUANCE OF ALL PENDING HEARINGS AND DEADLINES; UNOPPOSED REQUEST FOR 14-DAY CONTINUANCE AND ADDITIONAL CONTINUANCE FOR SURGERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: October 1, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Trial Date: October 13, 2026<br><br>Filed concurrently with Supplemental Declaration of Luna D'Sol and [Proposed] Order |

**TO ALL PARTIES OF RECORD**

PLESE TAKE NOTICE THAT Pursuant to Local Rule 7-19 and the Court's applicable Standing Order, Plaintiff Luna D'Sol ("Plaintiff") respectfully requests that the Court continue all currently scheduled hearings and related deadlines for a period of 14 days as agreed with Defendant, and an additional one week because Plaintiff has a scheduled surgery expecting recovery of one week (See Declaration of Luna D'Sol ["D'Sol Decl."], ¶ 4, Exhibit 3)

Plaintiff brings this ex parte application in good faith because immediate relief is necessary to permit the parties and the Court to address the pending matters in an orderly manner while also accommodating Plaintiff's medical procedure scheduled to occur on October 14, 2026. The requested 14-day continuance is unopposed as to Defendant's counsel as confirmed on September 28, 2025 (D'Sol Decl. ¶2-3, Exhibit 1-2), while the additional continuance requested for surgery is necessitated by Plaintiff's scheduled medical procedure and anticipated recovery period.

On September 29, 2026, Defendant Farmers Direct represented in writing that, while it would not agree to withdraw its pending motions until the parties resolved the remaining settlement-payment issue, it would agree to have the Court defer issuance of any ruling for 14 days while the parties finali0zed the terms of the long-form settlement agreement and claim release. (D'Sol Dcl. ¶3 Exhibit 2

| **Event** | **Current Scheduled** | **Requested Deadline** |
|---|---|---|
| Pre-trial Hearing | October 5th, 2026 | October 26th, 2026 |
| Trial | October 13th, 2026 | 1st week of November 2026 |
| Farmers MST and MST | | Continue decision 14 days |
| Pending Hearings | | Continue decision 14 days |

This is not Plaintiff's fault and she has taken the prompt necessary steps to address these circumstances. Plaintiff will be prejudiced if filed a standard motion

PLEASE TAKE FURTHER NOTICE that Plaintiff has complied with the notice provisions of Local Rule 7-19 by providing Defendant with notice of this Ex Parte Application and the relief requested herein. Plaintiff provided notice to Defendant's counsel at mbernard@grsm.com on September 28, 2026. Plaintiff also provided written notice of the intended ex parte application and the basis for the requested relief by email on September 22, 2026 (See Decl. D'Sol ¶4, Exhibit 2). Accordingly, Defendant was notified of Plaintiff's intended application and the relief sought,and was provided notice of the Court's applicable ex parte procedures and requirements. Defendants will not be prejudiced by this continuance

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Defendant is listed below as follows:

| | |
|---|---|
| KELLY F. CANBY | MICHELLE R. BERNARD |
| GORDON REES SCULLY MANSUKHANI | (Samer) |
| D: 760.444.5923 | 619.230.7769 |
| E: kcanby@grsm.com I grsm.com | mbernard@grsm.com |
| 101 W. Broadway, Suite 2000, San Diego, CA 92101 | (Same) |

This Ex Parte Application is made pursuant to L.R. 7-19 and consistent with this Court's New Case Order and Chamber Rules pertaining ex parte procedures, and is based on this Ex Parte Application, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Luna D'Sol attached hereto and exhibits thereto, Proposed Supplemental Declaration of Luna D'Sol the pleadings, records and files in this action, and on such other evidence as may be presented at the request of the Court. which is supported by Local Rule 6-1, Local Rule 7-10 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B), P.6(b) and applicable case law supporting the Motion itself and there is good cause for emergency relief.

Date 10/01//2026

/s/ Luna D'Sol

Luna D'Sol, Plaintiff in Pro Per

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully requests a brief **fourteen-day continuance** of the presently scheduled proceedings to permit the parties additional time to pursue settlement discussions. The parties are presently engaged in negotiations concerning a potential resolution of this matter, and Plaintiff believes that allowing fourteen additional days may provide a meaningful opportunity to resolve the case without further expenditure of the Court's and the parties' resources. The requested continuance is sought in good faith and unopposed by Defendant.

Plaintiff has a scheduled surgery on October 14, 2026, therefore Plaintiff request an additional week. Defendants will not be prejudiced by this continuance

### II. GROUNDS FOR EX PARTE RELIEF

**A. The Supplemental Declaration Bears Directly on a Credibility Dispute Already Before the Cssssssevavve** disputes Defendant's "diligent, good-faith outreach" narrative and already cites defense counsel's own written admission that she does not make time to respond to Plaintiff's communications. See Opposition at § II.D. The Supplemental Declaration does not introduce a new dispute; it adds further, directly probative evidence to the same dispute already framed for the Court: whether the unavailability defense counsel repeatedly invoked to defer or decline meet-and-confer conferences was genuine, or was offered selectively while counsel remained fully available to perform other, adversarial litigation tasks during the identical time periods.

**B. No Prejudice to Defendant**

Every exhibit supporting the Supplemental Declaration is Defendant's counsel's own correspondence and Defendant's own litigation paperwork, already known to Defendant because Defendant's own office authored it. Defendant cannot claim surprise or prejudice from being shown its own emails and its own signed cover letter.

### C. The Imminence of the September 28, 2026 Hearing Supports Ex Parte Relief

The underlying Motion is set for hearing on September 28, 2026, with trial to follow on October 13, 2026. Plaintiff brings this Application promptly so that the Court has the complete record before the hearing rather than after it, consistent with the interests of judicial economy and the complete and accurate resolution of the pending Motion.

## III. ARGUMENT

Federal Rule of Civil Procedure 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). And when a motion is filed ex parte, good cause exists where "'the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'" and "'the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'" Walpert v. Solar Integrated Roofing Corp., 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (quoting Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)); see also Masoumeh Sadeghi Mahonak v. Blinken, 2024 WL 7020082, at *1 (C.D. Cal. Oct. 30, 2024) (applying same ex parte standard to opposed ex parte motion to continue hearing date). Here, good cause exists both to grant Plaintiff's request to continue, and to do so on an ex parte basis

### A. Good Cause Exists to Continue the Hearing Date and Briefing Deadlines on the Motions

Good cause exists to continue the hearings to preserve judicial resources if future events may materially change the issue under consideration or obviate the need for judicial consideration altogether. See Belardes v. LoanDepot.com, LLC, 2025 WL 3804493, at *1-2 (C.D. Cal. Mar. 7, 2025) (granting opposed ex parte motion to continue deadlines for class certification motion, crediting arguments that a continuance would "preserve judicial resources" based on unresolved questions on substitution of named class representative); Lusk v. Five Guys Enterprises LLC, 2022 WL 5264265, at *1-2 (E.D. Cal. Sept. 12, 2022) (approving continuance

of scheduling order deadlines based on pending motion for approval of settlement based in part on efforts to "preserv[e] judicial resources.").

Here, if the parties resolve this case during their settlement arrangements, the Motions would be moot, and there would be no need for the Court to expend its resources considering the Motions. Even if the parties cannot reach a full resolution, the parties may be able to further align on the receiver's scope during mediation and, thus, narrow the issues before the Court. These same considerations could substantially preserve party resources as well by pausing briefing on motions that may be mooted the day following the hearing date.

### B. Plaintiff's Motion to Continue Hearing on the Motions Should Be Heard Ex Parte

Plaintiff will be irreparably harmed if this motion is not heard on an ex parte basis. Under this Court's Civil Chambers Rules, Rule 3(B), "[p]arties filing a noticed motion must set the hearing to be thirty-five (35) days from the motion's filing date." Therefore, the earliest that Plaintiff could set his Ex Parte Motion to Continue for hearing as a noticed motion would be after the Pre-trial and trial dates that Plaintiff seeks to continue.

In addition, Plaintiff respectfully requests that the Court conduct a status conference concerning the pending matters and the parties' current circumstances. The previously scheduled conferences have been canceled, and Plaintiff believes that a conference would assist the Court in addressing the outstanding issues, clarifying the parties' positions, and determining an appropriate schedule going forward.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's Ex Parte Motion to Continue Hearing and Briefing Deadlines on the Respectfully submitted,

Date 10/01//2026

<u>/s/ Luna D'Sol</u>

Luna D'Sol, Plaintiff in Pro Per