MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**ATTACHMENT TO [ECF DOC. 175] DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S PROPOSED JURY INSTRUCTIONS**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

**TO THE COURT, TO THE PLAINTIFF AND TO ALL PARTIES AND ATTORNEYS OF RECORD:**

Pursuant to the Court's Civil Trial Preparation Order dated June 11, 2026 [ECF Doc. 86] (***and subject to and without waiving its request for a bench trial and also without waiving any other arguments or motions still pending before the Court***, Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant"

or "Farmers Direct") hereby submits this ATTACHMENT TO ECF DOC. 175 and copies of its proposed jury instructions are attached hereto. Farmers Direct reserves the right to supplement and/or amend these instructions and all objections to Plaintiff's instructions are reserved.

Dated: October 2, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By [signature]
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN SET OF INSTRUCTIONS AT THE BEGINNING OF TRIAL)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.2

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff Luna D'Sol asserts that (1) Farmers Direct breached its contract with Plaintiff by under paying her on an insurance claim arising from a claimed burgarly and vandalism incident at Plaintiff's home on June 3, 2024; (2) and that Farmers Direct breached the implied covenant of good faith and fair dealing by its handling of the insurance claim; and/or that (3) Farmers Direct intentionally discriminated against Plaintiff due to her gender, change in gender or transgender status during the handling of this insurance claim in violation of the Unruh Civil Rights Act. The defendant Farmers Direct denies Plaintiff's claims.

Farmers Direct claims that it fairly and reasonably investigated Plaintiff's insurance claim, that it calculated and valued the claim consistently with the terms of the insurance policy—or even more favorably— as it paid Plaintiff more than $26,000 under the Policy which is more than required to restore her dwelling to its pre-Incident condition and to replace any personal property that was taken. Any dispute as to the value and calculation of loss/claim was a "genuine dispute," which Farmers Direct claims is a defense against Plaintiff's breach of the implied covenant of good faith and fair dealing claim. Scottsdale has the burden of proof on its counterclaims and affirmative defense.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.6

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.7

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I [may instruct] [have instructed] you to accept as proved.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.9

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.10

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.11

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.12

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.13

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.14

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness as lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 2.10

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**USE OF REQUESTS FOR ADMISSION**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 2.13

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## EXPERT OPINION TESTIMONY

You [have heard] [are about to hear] testimony from Paul Hamilton and David Corona who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 2.14

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 3.1.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM–ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that Defendant Farmers Direct breached its contractual duty to pay Plaintiff for a loss covered under an insurance policy contract. To establish this claim, Plaintiff must prove all of the following:

1. That Plaintiff suffered a loss which was covered under the insurance policy issued by Farmers Direct;

2. That Farmers Direct was notified of the loss as required by the insurance policy; and

3. The amount of the covered loss that Farmers Direct failed to pay.

2300 CACI (2026 Ed.) (as modified).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**EXISTENCE OF CONDITION PRECEDENT DISPUTED**

Farmers Direct contends that Plaintiff's failed to comply with Property Condition 2.B of this Policy. Farmers Direct must prove that the parties agreed to this condition. If Farmers Direct proves this, then the Plaintiff must prove that she complied Property Condition 2.B. If Plaintiff does not prove that she complied with Condition 2.B, then Farmers Direct is not required to cover any such resulting damage under the Policy.

CACI 321 (2026 Ed.) (as modified)

**BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING—FAILURE OR DELAY IN PAYMENT (FIRST PARTY)—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff claims that Farmers Direct breached the obligation of good faith and fair dealing by delaying and then failing to pay benefits due under the insurance policy. To establish this claim, Plaintiff must prove all of the following act:

1. That Plaintiff suffered a loss covered under the insurance policy issued by Farmers Direct;
2. That Farmers Direct was notified of the loss;
3. That Farmers unreasonably delayed and/or failed to pay all insurance policy benefits owed for the Loss;
4. That Plaintiff was harmed; and
5. That Farmers Direct's delay and/or failure to pay policy benefits was a substantial factor in causing Plaintiff's harm.

To act or fail to act "unreasonably" means that the insurer had no proper cause for its conduct. In determining whether Farmers Direct acted unreasonably, the only information to be considered is the information that Farmers Direct knew or reasonably should have known at the time when it allegedly delayed or failed to pay policy benefits.

CACI 2331 (2026 Ed.) (as modified)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**BAD FAITH (FIRST PARTY)—FAILURE TO PROPERLY INVESTIGATE CLAIM—ESSENTIAL FACTUAL ELEMENTS**

Plaintiff also contends that Defendant acted unreasonably by failing to conduct a proper investigation of the Claim. To establish this claim, Plaintiff must prove all of the following act:

:

1. That Plaintiff suffered a loss covered under the insurance policy issued by Farmers Direct;

2. That Plaintiff properly presented a claim to Farmers Direct to be compensated for the loss under the insurance policy;

3. That Farmers Direct failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Plaintiff's claim;

4. That Plaintiff was harmed; and

5. That Farmers Direct's failure to properly investigate the claim was a substantial factor in causing Plaintiff's harm.

CACI 2332 (2026 Ed.) (as modified).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING EXPLAINED**

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy. To act unreasonably is not a mere failure to exercise reasonable care. It means that the insurer must act or fail to act without proper cause. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

CACI 2302 (2026 Ed.) (as modified).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## UNRUH CIVIL RIGHTS ACT—ESSENTIAL FACTUAL ELEMENTS (CIVIL CODE §§ 51, 52)

Plaintiff claims that Farmers Direct intentional discriminated her in violation of the Unruh Civil Rights Act. To establish this claim, Plaintiff must prove all of the following:

1. That Farmers Direct denied, discriminated or made a distinction that denied Plaintiff full and equal accommodations, advantages, privileges or services to Plaintiff;

2. That a substantial motivating reason for Farmers Direct's conduct was Plaintiff's gender, change of change, transgender status, participation in gender confirmation treatment or some other protected characteristic or combination of characteristics;

3. That Plaintiff was harmed; and

4. That Farmers Direct's conduct was a substantial factor in causing Plaintiff's harm.

CACI 3060 (2026 Ed.) (as modified).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**MITIGATION OF DAMAGES**

Plaintiff is not entitled to recover damages for harm she could have avoided with reasonable efforts or expenditures. The reasonableness of Plaintiff's efforts should be considered in light of the circumstances facing Plaintiff at the time, including her ability to make the efforts or expenditures without undue risk or hardship.

CACI 358 (2026 Ed.) (as modified)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TERMINATION OF INSURANCE POLICY FOR FRAUDULENT CLAIM**

To establish that Plaintiff is not entitled to recover benefits under the Policy because she made a false claim, Farmers Direct must prove all of the following:

(1) that Plaintiff made a claim for insurance benefits under the Policy;

(2) that Plaintiff made false representations to Farmers Direct regarding her claim;

(3) that Plaintiff's representation was not true;

(4) that Plaintiff knew her representation was not true;

(5) that Plaintiff intended that Farmers Direct rely on this representation in payment Plaintiff's claim for insurance benefits; and

(6) that the representation that Plaintiff made that she had actually incurred replacement costs if true, would affect a reasonable insurance company's investigation and/or decision to pay a claim for insurance benefits.

CACI 2309 (2026 Ed.) (as modified)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## AFFIRMATIVE DEFENSE—GENUINE DISPUTE

If there was a genuine issue as to Farmers Direct' liability under the policy for the claim asserted by Plaintiff, there can be no bad-faith liability imposed on Farmers Direct for advancing its side o that dispute. This is known as the "genuine dispute" doctrine. The genuine-dispute doctrine is subsumed within the test of reasonableness or proper cause of element 3 to the claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

CACI 2331 (2026 Ed.) (as modified).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## DAMAGES FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (BAD FAITH)

If you decide that Plaintiff has proved her Bad Faith claim against Farmers Direct by a preponderance of the evidence, you also must decide how much money will reasonably compensate Plaintiff for the harm. This compensation is called "damages." The amount of damages must include an award for all harm that was caused by Farmers Direct, even if the particular harm could not have been anticipated.

Farmers Direct must prove the amount of its "bad faith" damages by a preponderance of the evidence. However, Plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

\

CACI 350 (2026 Ed.) (as modified)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DAMAGES—MITIGATION**

The plaintiff Luna D'Sol has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant Farmers Direct has the burden of proving by a preponderance of the evidence: First, that the plaintiff Luna D'Sol failed to use reasonable efforts to mitigate damages; and Second, the amount by which damages would have been mitigated.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 5.3

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**PUNITIVE DAMAGES FOR BAD FAITH—ENTITY DEFENDANT—BIFURCATED TRIAL (FIRST PHASE)**

If you decide that Farmers Direct's Bad Faith conduct caused Plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages to be awarded will be an issue decided by you later.

At this time, you must decide whether Plaintiff has proved that Farmers Direct engaged in that Bad Faith conduct with malice, oppression, or fraud. To do this, Plaintiff must prove the following by clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Farmers Direct who acted on behalf of Farmers Direct; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Farmers Direct; or

3. That one or more officers, directors, or managing agents of Farmers Direct knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Farmers Direct acted with intent to cause injury or that Farmers Direct's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Farmers Direct's conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of Plaintiff's rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Farmers Direct intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision making such that the employee's decisions ultimately determine corporate policy.

CACI 3946 (2026 Ed.) (as modified).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 4.1

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 4.2

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**AGENT AND PRINCIPAL—DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. [One may be an agent without receiving compensation for services.] [The agency agreement may be oral or written.]

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 4.4.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**AGENT—SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 4.5.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**RATIFICATION**

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 4.7.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on her breach of contract claim, you must determine the plaintiff's damages. The plaintiff Luna D'Sol the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff Luna D'Sol for any injury you find was caused by the defendant Farmers Direct. You should consider the reasonable value of necessary repairs to any property that was damaged and the reasonable replacement costs of any personal property that was taken.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, §§ 5.1, 5.2.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

MANUAL OF MODEL CIVIL JURY INSTRUCTION FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT, § 1.4 (as modified).