MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S SPECIAL VERDICT FORM**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A
Trial Date: October 13, 2026; 9:00 a.m.
FSC: October 5, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Pursuant to the Court's Civil Trial Preparation Order dated June 11, 2026 [ECF Doc. 86], Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") hereby submits the following Special Verdict Form (***subject to and without waiving its request for a bench trial and also without waiving any other arguments or motions still pending before the Court***):

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

We answer the questions submitted to us as follows:

1. Did Plaintiff Luna D'Sol suffer a loss, all or part of which was covered under an insurance policy with Farmers Direct?

Yes _____ No _____

If your answer to question 1 is yes, then answer question 2.

If you answered no, go to question number 15.

2. Was Farmers Direct timely notified of the loss as required by the policy?

Yes _____ No _____

If your answer to question 2 is yes, then answer question 3. If you answered no, go to question number 15.

3. Did Plaintiff Luna D'Sol timely provide Farmers Direct with proof of loss documentation supporting her damages claim?

Yes _____ No _____

If your answer to question 3 is yes, then move to question 5. If you answered no, answer question 4.

4. Was Farmers Direct prejudiced by Plaintiff Luna D'Sol's failure to timely provide proof of loss documentation supporting her damages claim?

Yes _____ No _____

If your answer to question 4 is no, then answer question 5. If you answered yes, go to question number 15.

5. Did Farmers Direct properly calculate the actual cash value of the covered amount of loss?

Yes _____ No _____

If your answer to question 5 is no, then answer question 6. If you answered yes, go to question number 15.

6. What is the amount of the covered loss that Farmers Direct failed to pay Plaintiff Luna D'Sol?

$_______________

7. Was Farmers Direct investigation of the Claim unreasonably delayed?

Yes _____ No _____

If your answer to question 7 is yes, then answer question 8. If you answered no, move to question 10.

8. Did Plaintiff Luna D'Sol suffer harm as a result of Farmer Direct's delay?

Yes _____ No _____

If your answer to question 8 is yes, then answer question 9. If you answered no, move to question 10. Regardless of your responses to the remaining questions, if you answered yes to question 8, you must also answer question 12.

9. In what amount was Plaintiff Luna D'Sol harmed as a result of Farmers Direct delay (excluding the amount stated in question 6)?

$_______________

10. At the time Farmers Direct made payment of policy benefits to Plaintiff Luna D'Sol, was there a genuine dispute regarding the amount of covered loss?

Yes _____ No _____

If your answer to question 10 is no, then answer question 11. If you answered yes, go to question 15.

11. Was Farmers Direct failure to pay policy benefits, unreasonable or without proper cause?

Yes _____ No _____

If your answer to question 11 is yes, then answer question 12.

If you answered no, go to question 15.

12. Was Farmers Direct failure to pay policy benefits a substantial factor in causing harm to Plaintiff Luna D'Sol?

Yes _____ No _____

If your answer to question 12 is yes, then answer question 13.

If you answered no, go to question 15.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

13. In what amount was Plaintiff Luna D'Sol harmed (excluding the amount stated in Question 6 and question 9)?

$_______________

14. If you decide that Farmers Direct conduct caused Plaintiff Luna D'Sol harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later. At this time, you must decide whether Plaintiff Luna D'Sol has proved that Farmers Direct engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiff Luna D'Sol must prove one of the following by clear and convincing evidence:

A. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Farmers Direct who acted on behalf of Farmer Directs; or

B. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Farmer Directs; or

C. That one or more officers, directors, or managing agents of Farmers Direct knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Farmers Direct acted with intent to cause injury or that Farmers Direct conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Farmers Direct conduct was despicable and subjected Plaintiff Luna D'Sol to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

"Fraud" means that Farmer Directs intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiff Luna D'Sol.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

Has Plaintiff Luna D'Sol established entitlement to an award of punitive damages?

Yes _____ No _____

15. Did Farmers Direct intentionally discriminate or make a distinction that denied Plaintiff full and equal accommodations, advantages, privileges or services to Plaintiff?

Yes _____ No _____

If your answer to question 15 is yes, then answer question 16. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

16. Was a substantial motivating reason for Farmers Direct's conduct Plaintiff's gender, her change of change, transgender status, participation in gender confirmation treatment or some other protected characteristic or combination of characteristics?

Yes _____ No _____

If your answer to question 16 is yes, then answer question 17. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

17. Was Farmers Direct's conduct a substantial factor in causing Plaintiff's harm?

Yes _____ No _____

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

If your answer to question 17 is yes, then answer question 18. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

18. In what amount was Plaintiff Luna D'Sol harmed as a result of Farmers Direct's discriminatory conduct?

$_______________

Date: ___________ Signed: ____________________

Presiding Juror

After this verdict form has been signed, notify the [clerk/bailiff/court attendant] that you are ready to present your verdict in the courtroom.

Dated: October 2, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By /s/ Kelly F. Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101