MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S STATUS REPORT PER COURT ORDER OF OCTOBER 16, 2026 [ECF 179]**

Judge: Hon. Stephen V. Wilson
Courtroom: 10A
Trial Date: VACATED
FSC: October 26, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TO THE COURT AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that pursuant to the Court's Order of October 16, 2026 [ECF Doc. 179], Defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct"/"Defendant") hereby submits this status report to the Court related to the issues in the Court's prior Continuation Order of October 2, 2026 [ECF Doc. 178] as follows:

1. With regard to the Court's prior order to "defer ruling on the pending motions for fourteen (14) days to permit the parties additional time to pursue and, if possible, finalize their settlement discussions" [ECF Doc. 178, p. 2, ¶ 4], notwithstanding the settlement in principle reached on September 25, 2026 to globally resolve this matter and two other state court lawsuits filed by Pro Per Plaintiff Luna D'Sol ("Plaintiff"), the parties have reached an impasse in finalizing the proposed long form global settlement agreement despite Farmers Direct's best efforts.

2. Accordingly, it is Farmers Direct's position that there is no longer any reason for this Court to further defer its anticipated rulings on certain motions of Defendant which have been taken under submission and Defendant respectfully requests that this Court issue its rulings on the following pending motions:

   a. Defendant Farmers Direct's Motion To Strike Plaintiff's Untimely Jury Demand And Request For Bench Trial [ECF Doc. 90];

   b. Defendant Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ");

   c. Defendant Farmers Direct's Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS"); and

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

d. Defendant Farmers Direct's Ex Parte Application and Motion Re Electronic Filings Per Local Rule 5-4.6.2, Local Rule 6-1 and/or FRCP 6(b)(1)(B) Re MSJ and MTS [ECF Doc. 127].

3. To the extent that any of Plaintiff's claims alleged in her First Amended Complaint survive after the Court issues its ruling Defendant's pending motions as outlined above (in 2.a, 2.b., 2.c, 2.d), Defendant further requests that this Court then reset the Final Pre-Trial Conference to a date that is 14-21 days after the issuance of any such rulings and that the following additional pending motions of Defendant be heard and resolved at that time (to the extent not rendered moot as result of the anticipated rulings by the Court):

a. Defendant Farmer Direct's Motion In Limine No. 1 To Exclude Any Evidence To Rebut Deemed Admissions [ECF Doc. 122] ("MIL No. 1");

b. Defendant Farmer Direct's Motion In Limine No. 2 To Preclude Plaintiff From Presenting Any Evidence To A Jury [ECF Doc. 123] ("MIL No. 2");

c. Defendant Farmer Direct's Motion In Limine No. 3 To Exclude: (1) Testimony From Undisclosed Experts and Undisclosed Witnesses; (2) Testimony From The PMK of Progressive Home Remodeling; and (3) To Exclude Lay Opinion Testimony Regarding Policy Interpretation, Claim Handling, Valuation and Causation [ECF Doc. 124] ("MIL No. 3");

d. Defendant Farmer Direct's Motion In Limine No. 4 To Preclude Plaintiff From Presenting Any Evidence In Support Of (1) Her Punitive Damages and/or Treble Damages; (2) Any Evidence of Defendant's Financial Condition; and/or (3) To Bifurcate Plaintiff's Claims For Punitive Damages [ECF Doc. 125] ("MIL No. 4").

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

4. Defendant does not know whether or not Plaintiff had her anticipated surgery on October 14, 2026 with Dr. Celeste Nagy of the Los Angeles Center for Ear, Nose, Throat and Allergy nor does Defendant have any information relevant to Plaintiff's recovery timeline.

Irrespective of Plaintiff's surgery schedule and timeline for recovery, for the reasons discussed herein, there is no reason for this Court to further delay issuing its rulings on Defendant's motions (2.a, 2.b., 2.c, 2.d) as requested herein.

Dated: October 21, 2026 GORDON REES SCULLY MANSUKHANI, LLP

BY Kelly F Canby

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101