MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S IMPROPERLY NOTICED EX PARTE APPLICATION FOR CONTINUANCE/STAY [ECF DOCS. 184]**

Judge: Hon. Stephen V. Wilson
**Date: October 23, 2026**
**Time: 3:00 p.m.**
Courtroom: 10A
Trial Date: Vacated
FSC: November 9, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") opposes Pro Per Plaintiff Luna D'Sol's ("Plaintiff") Ex Parte Application For Continuance [ECF Docs 184]) ("Ex Parte Application"). Although Plaintiff had agreed to resolve this lawsuit on September 25, 2026 as part of a global settlement involving two other insurance recovery cases pending in state court that she filed against Farmers Insurance Exchange, as reported, the parties have reached an impasse in finalizing the proposed "long form" global settlement agreement to date despite the best efforts of Farmers Direct and non-party Farmers Insurance Exchange.

In this respect and contrary to Plaintiff's misleading assertions in her Ex Parte Application, the parties are not "actively engaged in resolving this litigation" and instead Plaintiff is "actively" pursuing entirely new purported claims against Farmers Direct in state court by way of ex parte application and a convoluted motion for leave to file a Second Amended Complaint. *See* Plaintiff's Ex Parte Application, at p. 2:22-23. Accordingly, from Farmers Direct's perspective, there is no longer any "willingness to allow the Court to defer rulings while a settlement is finalized" as Plaintiff disingenuously represents in her Ex Parte Application. *See* Plaintiff's Ex Parte Application, at p. 2:22-23. Accordingly, Farmers Direct respectfully requests that this Court issue its long awaited rulings on the following pending dispositive motions which will not impair Plaintiff from again rescheduling her repeatedly cancelled surgery or participating in treatment to aid mental health:

a. Defendant Farmers Direct's Motion To Strike Plaintiff's Untimely Jury Demand And Request For Bench Trial [ECF Doc. 90];

b. Defendant Farmers Direct's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ");

c. Defendant Farmers Direct's Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS"); and

d. Defendant Farmers Direct's Ex Parte Application and Motion Re Electronic Filings Per Local Rule 5-4.6.2, Local Rule 6-1 and/or FRCP 6(b)(1)(B) Re MSJ and MTS [ECF Doc. 127].

Although Farmers Direct contends that Plaintiff has also failed to establish the necessity for a further continuation of the upcoming November 9, 2026 Pretrial Status Conference, the Court certainly has the wisdom to make a fair evaluation of that issue assuming those proceedings are necessary once the other requested rulings are issued on the pending dispositive motions filed by Farmers Diect.

For the reasons discussed in further detail below, Farmers Direct disagrees that Plaintiff has made the required showing of good cause to support the relief requested in her Ex Parte Application.

## II. PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7-19.1

Plaintiff erroneously contends that she "strictly complied with the notice provisions of Local Rule 7-19" by providing "written notice of this *Ex Parte* Application" but Plaintiff simply ignores the requirements of subsection (a) and she never "orally" advised defense counsel of the specific date for the Ex Parte Application nor does she even suggest that she made any effort to do so whatsoever. *See* Plaintiff's Ex Parte Application, p. 3:6-8. Accordingly, Plaintiff's Ex Parte Application should be denied to the extent she failed to comply with Local Rule 7-19.1 which states the following.

> ***L.R. 7-19.1 Notice of Application.*** It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts **orally to advise counsel** for all other parties, if known, of **the date and substance of the proposed ex parte application** and (b) to advise the Court in writing and under oath of efforts to contact other counsel and

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

whether any other counsel, after such advice, opposes the application. *See* Local Rule 7-19.1 (emphasis added).

"This local rule requires "oral notice to ensure that defendants have actual notice of emergency motions against them, and an opportunity to respond." *Speaks v. Shapiro*, Case No. 2:26-cv-06908-SRM-MAR, 2026 WL 1915699, *1 (C.D. Cal. June 26, 2026) (ex parte application denied for failure to comply with Local Rule 7-19.1 where plaintiff "does not offer evidence to show he made reasonable, good-faith efforts to orally advise Defendant . . . or his counsel of the date and substance of this *ex parte* application before it was filed"); *see also Suncrest Mobilehome Park, LLC v. Axberg*, Case No. 5:23-cv-01700-SSS-KKx, 2023 WL 8261556, *2 (C.D. Cal. November 2, 2023) (ex parte application denied without prejudice for failing to comply with Local Rule 7-19.1); *Arnold v. Walmart, Inc*., Case No., 2:25-cv-05515-AH, * (GJS), 2025 WL 2683967 (C.D. Cal. June 24, 2025) ("under Local Rule 7-19.1, all *ex parte* applications in this District . . . must be followed with 'reasonable, good faith efforts orally to advise counsel for all other parties" of the 'date and substance of the proposed *ex parte* application' and 'to advise the Court in writing and under oath of efforts to contact other counsel," but the pro se plaintiffs "have not complied with Local Rule 7-19.1" so "the Court must deny Plaintiffs' Motion."). Accordingly, Plaintiff has failed to comply with her notice obligations under Local Rule 7-19.1 and her Ex Parte Applications can be denied for that reason alone.

## III. STANDARD FOR OBTAINING EX PARTE RELIEF

As explained by the court in the *Mission Power Engineering* case, "ex parte applications have reached epidemic proportions in the Central District" warranting a two-prong test for justifying ex parte relief: (1) the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (2) it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Engineering*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Company v. Continental Casualty Company*, 883 F.Supp.488, 490-495 (C.D. Cal. 1995) (emphasis added) (motion to shorten time to hear motion for return of papers inadvertently delivered did not show an irreparable prejudice if motion was heard on regular motion calendar). As noted in this Court's New Case Order dated December 1, 2025, this "Court only allows ex parte applications when extraordinary relief is necessary." [ECF Doc. 13, p. 3:14-16].

## III. PLAINTIFF DOES NOT MEET THE REQUIRED STANDARD FOR EX PARTE RELIEF AND HER SPECULATIVE HEALTH CONDITIONS DO NOT WARRANT THE RELIEF SOUGHT

Plaintiff distorts the real issues and overstates the evidence actually submitted as relevant to her requests for a continuance and litigation stay. For example, this Court could obviously issue the long pending rulings requested by Defendant in its recent status report [ECF Doc. 180] without "forcing a *pro se* plaintiff to choose between defying an urgent medical order or abandoning her legal claims." *See* Plaintiff's Ex Parte Application, p. 5. Here, there are no doctor's notes or orders to be found in her moving papers and there is no statement from any doctor (as opposed to a physician's assistant) related to her anticipated period of incapacity. *See e.g., generally In re Marriage of Teegarden* (1986) 181 Cal.App.3d 401, 420 (noting that an "illness of a party is considered good cause for granting that continuance of a trial date, provided, however, that the illness is supported, whenever possible, by an appropriate declaration of a medical doctor, stating the nature of the illness and the anticipated period of any incapacity") (citations omitted; emphasis added). For example, the October 20, 2026 letter from Emily Luu Davari, PA-C a "Certified Physician Assistant" who merely references a "possible inpatient hospitalization" and states "I recommend that she be excused . . . pending further evaluation and stabilization." The other document provided is an email communication dated October 21, 2026 from a Maria Baitan "Surgery Scheduling VA" with the Los Angeles Center for Ear, Nose, Throat, and Allergy" which asks Plaintiff to "reply to

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

this email or call us . . . to confirm the cancellation of your current appoint and discuss rescheduling options." *See* Declaration of Luna D'Sol, Exhibit 2 (emphasis added). A mere possibility that Plaintiff may need future surgeries or hospitalizations to address her mental health condition does not constitute good cause to stay these proceedings. *See e.g., Landis v. North American Co.* (1936) 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 ("True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else" and "only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both").

In contrast, Farmers Direct would be prejudiced to the extent the Court entertains Plaintiff's stay request and defers issuing rulings on its pending dispositive motions which, if granted, would render moot the relief requested in Plaintiff's Ex Parte Application.

## IV. CONCLUSION

For the foregoing reasons, Farmers respectfully requests the Court deny Plaintiff's Ex Parte Application and issued rulings on the pending dispositive motions forthwith.

Dated: October 23, 2026

GORDON REES SCULLY MANSUKHANI, LLP

BY *Kelly F Canby*

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY