LUNA D'SOL
Plaintiff, In Pro Per
**jravada@icloud.com**
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiff,<br><br>vs.<br><br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO: *2:25-cv-10938-SVW-ASx*<br><br>*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SUBMIT NEWLY DISCOVERED EVIDENCE AND SUPPLEMENT THE RECORD; OR, IN THE ALTERNATIVE, FOR AN ORDER SETTING A SETTLEMENT CONFERENCE**<br><br>Complaint Filed: August 21, 2025<br><br>Trial Date:.<br><br>FSC:. November 9, 2026<br><br>Concurrently filed with Declaration of Luna D'Sol, Proposed SAC, Proposed Exhibits, Statement of uncontroverted facts, Proposed Order |

# TABLE OF CONTENTS


| | |
|---|---|
| Notice of Ex Parte Application and Requested Relief | 2 |
| Grounds for Ex Parte Relief | 3 |
| Memorandum of Points and Authorities | 6 |
| I. Introduction | 6 |
| II. Factual Background | 7 |
| A. Plaintiff's Inability to Comply Was Not the Result of Her Own Fault | 7 |
| B. Misuse of Sensitive Medical Information | 7 |
| C. Plaintiff Acted in Good Faith | 8 |
| D. Denial of Relief Would Result in Substantial Prejudice | 8 |
| III. Legal Standard and Argument | 9 |
| A. New Evidence | 9 |
| B. Request for Relief Under Federal Rule of Civil Procedure 56(d) | 9 |
| C. Good Cause Exists to Permit Limited Supplementation of the Summary Judgment Record | 10 |
| D. Settlement Conference | 11 |
| E. Summary Judgment on a Non-Moving Party | 11 |
| F. Requested Relief | 12 |


Page references correspond to the original 13-page application and must be updated if these tables are inserted into it.

# TABLE OF AUTHORITIES


| | |
|---|---|
| **Cases** | |
| *Bell v. City of Los Angeles*, 835 F. Supp. 2d 836, 848 (C.D. Cal. 2011) | 9 |
| *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010) | 9 |
| **Federal Rules of Civil Procedure** | |
| Fed. R. Civ. P. 6(b)(1)(B) | 2, 5, 7, 12 |
| Fed. R. Civ. P. 15(a)(2) | 11 |
| Fed. R. Civ. P. 16(a)(5) | 4, 11 |
| Fed. R. Civ. P. 16(b)(4) | 2, 7, 10–12 |
| Fed. R. Civ. P. 16(c)(2)(I) | 4, 11 |
| Fed. R. Civ. P. 56(d) | 2, 9–10, 12 |
| Fed. R. Civ. P. 56(e) | 9 |
| Fed. R. Civ. P. 56(f)(1)–(3) | 11 |
| Fed. R. Civ. P. 78 | 4 |
| **Local Rules — Central District of California** | |
| C.D. Cal. L.R. 6-1 | 5 |
| C.D. Cal. L.R. 7-10 | 5 |
| C.D. Cal. L.R. 7-19 | 4–6 |
| C.D. Cal. L.R. 11-6.1 | 13 |
| C.D. Cal. L.R. 11-6.2 | 13 |

**TO THE HONORABLE COURT, ATTORNEYS OF RECORD FOR DEFENDANT:**

**PLEASE TAKE NOTICE** that on October 22, 2026, Plaintiff Luna D'Sol**,** appearing in propria persona, respectfully applies ex parte by written submission prior to 3:00 p.m. to Courtroom 10A of the above-entitled court located at 350 W. First Street, 10th Floor, Los Angeles, California 90012 for relief for:

1. Find good cause and, to the extent required, excusable neglect under Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4) for Plaintiff's inability to comply with the applicable filing deadline;
2. Grant Plaintiff leave to file her opposition to Defendant's pending motion for summary judgment notwithstanding the expiration of the applicable deadline;
3. Accept Plaintiff's proposed opposition for filing, if submitted concurrently with this application;
4. Grant Plaintiff leave to supplement the summary judgment record with newly discovered evidence, including the mold inspection reports identified as Exhibits 101 and 102, together with Plaintiff's supporting declaration explaining the circumstances of their discovery and their relevance to the disputed issues;
5. Alternatively, pursuant to Federal Rule of Civil Procedure 56(d), defer consideration of the pending summary judgment motion and permit limited supplemental proceedings, to the extent the Court determines that additional evidence or discovery is necessary for Plaintiff to present facts essential to her opposition;
6. Alternatively, grant a reasonable extension of time or temporary stay consistent with Plaintiff's documented medical limitations, subject to further order of the Court;
7. Permit Defendant a reasonable opportunity to respond to any supplemental evidence, if the Court determines that such a response is necessary to avoid prejudice; and
8. Grant such other and further relief as the Court deems just and appropriate.

This application is based on good cause, documented medical necessity, and circumstances beyond Plaintiff's reasonable control. Plaintiff submits that her inability to comply with the applicable deadline was neither willful nor the result of deliberate delay, neglect of her litigation responsibilities, or an attempt to obtain a tactical advantage.

Defendant, through its counsel, represented to Plaintiff that the parties had reached a settlement agreement, leading Plaintiff to reasonably believe that the dispute was being resolved. However, while continuing settlement communications with Plaintiff as though nothing had changed, Defendant simultaneously pursued a demurrer in the related state court action without informing Plaintiff that it intended to proceed with the hearing notwithstanding the reported settlement. Plaintiff relied on Defendant's representations and was unaware that Defendant was continuing to seek adverse judicial relief. Plaintiff respectfully submits that these circumstances are relevant to her request for equitable relief from the applicable procedural deadlines.

**GROUNDS FOR EX PARTE RELIEF**

This application is based on newly discovered evidence concerning material conditions at Plaintiff's insured property, specifically within Plaintiff's master bedroom, including mold inspection findings and communications indicating that Defendant's representative received the reports during the adjustment of Plaintiff's insurance claim. Despite receiving reports documenting elevated mold conditions and recommending further remediation, Defendant's representative failed to disclose these findings to Plaintiff and proceeded with the conclusion of the remediation project without informing Plaintiff that additional remediation was recommended.

Plaintiff seeks ex parte relief because, under the ordinary noticed-motion schedule, the earliest available hearing date would be November 26, 2026, whereas a trial-related conference is scheduled for November 9, 2026, depriving Plaintiff from entering the newly discovered evidence prior to trial.

Plaintiff proposes here a SAC for this court to understand the parties involved and what it will read. However individual defendant is a California citizen. Plaintiff does not have a particular interest to remand this action back to the state, Plaintiff is interested in having the require defendants

Plaintiff recognizes that this Court is presently positioned to facilitate resolution of the parties' disputes and respectfully requests that the Court exercise its discretion under Federal Rule of Civil Procedure 16(a)(5) and 16(c)(2)(I) to order the parties to participate in a settlement conference before a United States Magistrate Judge designated by the Court.

Plaintiff submits that the requested limited supplementation is necessary to permit consideration of material evidence that was not included in the existing summary judgment record.

This application is made pursuant to Federal Rules of Civil Procedure 16, 56, and 78; the Court's applicable Local Rules, including Local Rule 7-19; and the Court's authority to manage its proceedings.

This application is based upon this Notice, the accompanying Memorandum of Points and Authorities, Plaintiff's Declaration, the attached exhibits, the pleadings and records on file, and such further matters as the Court may properly consider.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff has complied with the notice provisions of Local Rule 7-19 by providing Defendant with notice of this Ex Parte Application and the relief requested herein. Plaintiff provided notice to Defendant's counsel at mbernard@grsm.com on September 28, 2026. Plaintiff also provided written notice of the intended ex parte application and the basis for the requested relief by email on October 26, 2026 (See Decl. D'Sol ¶2, Exhibit 100). Accordingly, Defendant was notified of Plaintiff's intended application and the relief sought,and was provided notice of the Court's applicable ex parte procedures and requirements. Defendants will not be prejudiced by this continuance. Plaintiff's phone service were interrupted, however she is able to receive phone calls, Plaintiff reminded Defedants about her situation and invited Defendants to call Plaintiff, Defendant did not respond.

**PLEASE TAKE FURTHER NOTICE** and be further advised that pursuant to Local Rule 7-19, the contact information for Defendant is listed below as follows:

KELLY F. CANBY MICHELLE R. BERNARD

GORDON REES SCULLY MANSUKHANI (Samer)

D: 760.444.5923 619.230.7769 E: kcanby@grsm.com | grsm.com mbernard@grsm.com

101 W. Broadway, Suite 2000, San Diego, CA 92101 (Same)

This Ex Parte Application is made pursuant to L.R. 7-19 and consistent with thi Court's New Case Order and Chamber Rules pertaining ex parte procedures, and is based on this Ex Parte Application, this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Luna D'Sol attached hereto and exhibits thereto, Proposed Supplemental Declaration of Luna D'Sol the pleadings, records and files in this action, and on such other evidence as may be presented at the request of the Court. which is supported by Local Rule 6-1, Local Rule 7-10 and/or Federal Rule of Civil Procedure Rule 6(b)(1)(B), P.6(b) and applicable case law supporting the Motion itself and there is good cause for emergency relief.

Respectfully submitted,

**DATED: October 26, 2026** **/s/ Luna D'Sol**

Luna D'Sol

Plaintiff, In Propria Persona

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

THE SIMPLE SINGLE REASON DEFENDANT'S DISPOSITVE: The Court need look no further than Defendant's own **Statement of Undisputed Fact (SUF) No. 11** to see how Defendant relies completely on an artificially imposed time limitation when it invokes the California Amendatory Endorsement HA01CA 0108 while selectively identifying the "Intentional Loss" provision as the only relevant portion of that endorsement.

As one of numerous examples, on July 8, 2025, Defendant issued a letter asserting that Plaintiff's right to recover withheld depreciation had expired on April 27, 2025, purportedly 180 days after Defendant's initial payment on October 29, 2024. In doing so, Defendant relied exclusively on the 180-day limitation while disregarding California Amendatory Endorsement HA01CA 0108, which separately provides a 12-month period for the insured to notify Defendant of her intent to repair, restore, or replace damaged property.

Significantly, Plaintiff had already provided written notice on November 5, 2024, expressing her intention to recover and replace her damaged personal property. Thus, Plaintiff maintains that her notice was timely and that, under the applicable amendatory provisions, the relevant 12-month period extende

As explained further in Plaintiff's accompanying Declaration and Memorandum of Points and Authorities, good cause exists for the requested ex parte relief under Local Rule 7-19 and the Court's authority to manage its proceedings. Plaintiff will suffer substantial procedural prejudice if this application is heard under ordinary noticed-motion procedures because the earliest available hearing date is November 26, 2026, whereas a trial-related conference is scheduled for November 9, 2026. Consequently, the scheduled conference would occur before Plaintiff could obtain a ruling on her request to supplement the record with newly discovered material evidence concerning Defendant's knowledge of mold contamination and the handling of remediation at Plaintiff's insured property. See D'Sol Declaration ¶3, Exhibit 103. See Proposed SAC ¶¶27-40. Plaintiff therefore requests expedited consideration to preserve a meaningful opportunity for the Court to evaluate the evidence before ruling on the pending dispositive motions.

## II. FACTUAL BACKGROUND

### A. PLAINTIFF'S INABILITY TO COMPLY WAS NOT THE RESULT OF HER OWN FAULT

Plaintiff's treating medical provider issued an urgent written statement dated October 20, 2026, documenting an acute deterioration in Plaintiff's psychiatric condition, significant functional impairment, and the need for urgent evaluation, including possible inpatient hospitalization. The provider expressly recommended that Plaintiff be excused from court appearances, appointments, and associated deadlines effective October 20, 2026, pending further evaluation and stabilization. Plaintiff did not voluntarily create these circumstances, nor could she reasonably control their onset, severity, or duration. The resulting impairment materially affected her ability to prepare legal documents, respond to pending motions, and comply with procedural requirements while representing herself.

Plaintiff also faced the postponement of a medically necessary surgical procedure. The postponement should not be construed as evidence that the procedure was unnecessary or that Plaintiff voluntarily chose to delay her medical treatment.

Plaintiff respectfully submits that these circumstances establish good cause for relief and warrant consideration under Federal Rules of Civil Procedure 6(b)(1)(B), 16(b)(4), and the Court's inherent authority to manage its docket, to the extent each provision applies to the deadline and relief requested.

### B. MISUSE OF SENSITIVE MEDICAL INFORMATION

Plaintiff respectfully brings to the Court's attention a concern about professional civility and decorum committed against Plaintiff by defense counsel, Michelle R. Bernard. October 22, 2026, Ms. Bernard sent an email communication directly to Plaintiff's personal inbox. Rather than responding professionally to Plaintiff's transparent, good-faith request to meet and confer regarding an acute medical crisis, Ms. Bernard used her response to openly dehumanize, mock, and disparage Plaintiff's mental health condition. Addressing a text block intended to gossip about Plaintiff's health to a third party, Ms. Bernard wrote directly to Plaintiff:

> *"Instead, below is the latest crazy update from D'Sol received yesterday afternoon – she wants to stay all of her cases because she is having psychotic episodes that may require hospitalization per the note from the doctor's office. Again . . . you cannot make this stuff up."*

Mental health should not become a target of ridicule during litigation. Plaintiff submits that such language is particularly troubling when the medical circumstances being disparaged form the basis of a good-faith request for judicial accommodation. Plaintiff respectfully requests that the Court issue a **formal judicial admonishment** to Defendant's counsel concerning derogatory, inflammatory, and prejudicial statements directed at Plaintiff's documented mental health condition, and direct counsel to refrain from further personal attacks unrelated to the merits of this action.

### C. PLAINTIFF ACTED IN GOOD FAITH

Plaintiff has continued attempting to participate in these proceedings despite substantial medical and financial limitations. Plaintiff communicated her medical circumstances to defense counsel, supplied information concerning her provider's recommendations, and requested that the parties stipulate to a temporary stay or appropriate continuance. Plaintiff's request was not intended to obstruct discovery, avoid adjudication, or unnecessarily prolong this litigation. Rather, Plaintiff sought sufficient time to obtain necessary medical care while preserving her ability to meaningfully participate in the proceedings.

### D. DENIAL OF RELIEF WOULD RESULT IN SUBSTANTIAL PREJUDICE

Defendant has filed motions seeking dispositive relief, including summary judgment and terminating sanctions. Defendants never served any of discovery documents to Plaintiff and they're framing the events to penalize Plaintiff Without an opportunity to respond, Plaintiff risks losing her claims without meaningful consideration of her evidence and arguments concerning the insurance contract, applicable endorsements, and Defendant's alleged failure to pay contractual benefits.

The prejudice to Plaintiff would be substantial, particularly where her inability to comply arose from documented medical circumstances rather than intentional disregard of the Court's orders.
By contrast, a limited extension allowing Plaintiff to submit her opposition would preserve the adversarial presentation of the issues without determining the merits in either party's favor.

## III. LEGAL STANDARD AND ARGUMENT

### A. NEW EVIDENCE

Plaintiff respectfully requests that the Court exercise its discretion under Federal Rule of Civil Procedure 56(e) to accept and consider Plaintiff's newly discovered evidence before ruling on the pending motions. See *Bell v. City of Los Angeles*, 835 F. Supp. 2d 836, 848 (C.D. Cal. 2011) (recognizing the Court's discretion to permit supplementation of the summary judgment record); *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010). The newly discovered mold inspection reports are material to Defendant's knowledge of the property conditions and its handling of Plaintiff's claim. Plaintiff therefore requests leave to supplement the evidentiary record so that the pending motions may be decided upon consideration of all material evidence.

### B. REQUEST FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Plaintiff respectfully requests, in the alternative, relief pursuant to Federal Rule of Civil Procedure 56(d), which authorizes the Court to defer consideration of a motion for summary judgment, allow additional time to obtain essential evidence, or issue any other appropriate order when a nonmovant demonstrates that she cannot present facts essential to justify her opposition.
On October 19, 2026, Plaintiff discovered previously unread correspondence containing mold inspection reports dated November 2024. These reports document conditions at Plaintiff's residence before and after Defendant's authorized drying and remediation services. Plaintiff contends that the reports are material to the disputed facts concerning the extent of the property damage, Defendant's knowledge of those conditions, and the adequacy of its investigation and claim handling.

Plaintiff seeks a limited opportunity to supplement the existing summary judgment record with Exhibits 101 and 102 and the accompanying declaration explaining their discovery and relevance. Plaintiff does not seek to reopen discovery generally, introduce new causes of action, or unnecessarily delay these proceedings.

Accordingly, Plaintiff respectfully requests that the Court exercise its discretion under Rule 56(d) to defer ruling on the pending summary judgment motions for the limited purpose of considering the newly discovered evidence. Alternatively, Plaintiff requests that the Court permit limited supplemental briefing and direct Defendant to file a response within a reasonable period established by the Court.

Plaintiff further requests that the Court consider her diligence in bringing these materials forward after discovering them on October 19, 2026, and the importance of resolving the pending motions on a complete and accurate evidentiary record.

### C. GOOD CAUSE EXISTS TO PERMIT LIMITED SUPPLEMENTATION OF THE SUMMARY JUDGMENT RECORD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the Court's consent. The good-cause inquiry focuses principally on whether the moving party acted diligently in attempting to comply with the applicable deadlines.

Plaintiff respectfully submits that good cause exists for the limited relief requested. On October 19, 2026, while searching for correspondence relating to Hurricane Hilary in connection with an application for California mortgage assistance, Plaintiff discovered a previously unread email from Michael Cantor in her spam folder. The email contained mold inspection reports documenting conditions at Plaintiff's residence before and after Defendant's drying and remediation services.

Plaintiff did not intentionally withhold these reports from the Court. Upon discovering them, Plaintiff reviewed their contents and notified Defendant's representative on October 23, 2026. Plaintiff now seeks permission to submit the reports as Exhibits 101 and 102, together with her supporting declaration.

Unlike a request to reopen discovery merely because a party overlooked or miscalendared an established deadline, Plaintiff's application concerns specific documentary evidence that she discovered after the relevant deadlines had passed.

Plaintiff does not request a general reopening of discovery. Rather, she seeks narrowly tailored relief permitting the Court to consider evidence material to the disputed issues concerning Defendant's knowledge of the property conditions, the adequacy of remediation, and the handling of Plaintiff's insurance claim.

To the extent necessary to avoid prejudice, Plaintiff does not oppose a reasonable opportunity for Defendant to respond to the supplemental evidence.

Accordingly, Plaintiff respectfully requests that the Court find good cause under Rule 16(b)(4), permit the limited supplementation of the summary judgment record, and consider Exhibits 101 and 102 before ruling on the pending dispositive motions.

D. **SETTLEMENT CONFERENCE**

Rule 16(a)(5) expressly identifies facilitating settlement as one of the purposes of a pretrial conference **Rule 16(c)(2)(I)** further authorizes the Court to consider settling the case and using special procedures to assist in resolving the dispute.

**E. SUMMARY JUDGMENT ON A NON-MOVING PARY**

Plaintiff respectfully submits that, pursuant to **Federal Rule of Civil Procedure 56(f)(1)–(3)**, the Court may grant summary judgment in favor of a nonmoving party, on grounds not raised by either party, or on its own initiative, provided the parties receive notice and a reasonable opportunity to respond. Accordingly, should the Court determine that Plaintiff has established entitlement to judgment as a matter of law on her First and Second Causes of Action, Plaintiff is willing to accept such judgment as a complete resolution of this litigation, provided the judgment grants the relief sought on those claims. Upon entry of an appropriate judgment, Plaintiff would seek to voluntarily dismiss her remaining causes of action pursuant to **Federal Rule of Civil Procedure 15(a)(2)**, or

through such other procedure as the Court deems appropriate, thereby conserving judicial resources and avoiding unnecessary further litigation. Plaintiff does not waive or abandon any remaining claims unless and until an appropriate final resolution is entered.

**F. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. Find good cause and, to the extent required, excusable neglect under Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4) for Plaintiff's inability to comply with the applicable filing deadline;
2. Grant Plaintiff leave to file her opposition to Defendant's pending motion for summary judgment notwithstanding the expiration of the applicable deadline;
3. Accept Plaintiff's proposed opposition for filing, if submitted concurrently with this application;
4. Grant Plaintiff leave to supplement the summary judgment record with newly discovered evidence, including the mold inspection reports identified as Exhibits 101 and 102, together with Plaintiff's supporting declaration explaining the circumstances of their discovery and their relevance to the disputed issues;
5. Alternatively, pursuant to Federal Rule of Civil Procedure 56(d), defer consideration of the pending summary judgment motion and permit limited supplemental proceedings, to the extent the Court determines that additional evidence or discovery is necessary for Plaintiff to present facts essential to her opposition;
6. Alternatively, grant a reasonable extension of time or temporary stay consistent with Plaintiff's documented medical limitations, subject to further order of the Court;
7. Permit Defendant a reasonable opportunity to respond to any supplemental evidence, if the Court determines that such a response is necessary to avoid prejudice; and
8. Grant such other and further relief as the Court deems just and appropriate.

Plaintiff does not request that the Court excuse intentional noncompliance. She requests that the Court distinguish circumstances beyond her control from deliberate disregard of procedural obligations and afford her a meaningful opportunity to present the merits of her claims.

[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 4134 words ("including headings, footnotes and quotations AND THE ATTACHED DECLARATION"), which complies with the word limit of Local Rule 11-6.1.].

Respectfully submitted,

**DATED: October 26, 2026**

**/s/ Luna D'Sol**

Luna D'Sol

Plaintiff, In Propria Persona