MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S IMPROPERLY NOTICED EX PARTE APPLICATION [ECF DOC 188]**

Judge: Hon. Stephen V. Wilson
**Date: October 27, 2026**
**Time: 1:30 p.m.**
Courtroom: 10A
Trial Date: Vacated
FSC: December 7, 2026; 3:00 p.m.

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

After filing an ex parte application just last week allegedly because her health necessitated a pause in her litigation activities, now just a few days later Pro Per Plaintiff Luna D'Sol ("Plaintiff") files yet another ex parte application with a laundry list of 8 new emergency demands on a vast array of unrelated topics that are only united as her grievances against defendant Farmers Direct Property and Casualty Insurance Company ("Farmers Direct" or "Defendant"). *See* Plaintiff's Ex Parte Application, p. 4:7-27 [ECF Doc. 188]; *see also generally Netlist Inc. v. Samsung Elecs. Co., Ltd..*, Case No. 8:20-cv-00993-MCS-ADS2021 WL 12282030 *2 (C.D. Cal. August 3, 2021) (denied "second ex parte application in two days" and "Court warns that abuse of ex parte procedures will result in sanctions"). This is Plaintiff's TENTH Ex Parte Application in recent months and none of this filings have involved any true emergencies. [ECF Docs. 184, 143, 144, 148, 153, 154, 158, 106 , 98]. At the outset of the case, this Court advised the parties as follows:

> "EX PARTE APPLICATIONS: . . .This Court only allows ex parte applications when extraordinary relief is necessary. Counsel are advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. Sanctions may be imposed for misuse of ex parte applications. <u>See In Re: Intermagnetics America, Inc</u>., 101 Bankr. 191 (C.D. Cal. 1989)." [ECF Doc. 13, at p. 3:16-19 (emphasis in original)].

As explained further below, Plaintiff's Ex Parte Application should be denied.

## II. PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7-19.1

Plaintiff's Ex Parte Application should be denied to the extent she failed to comply with Local Rule 7-19.1 which states the following:

> ***L.R. 7-19.1 Notice of Application.*** It shall be the duty of the attorney so applying (a) to make reasonable, good faith

> efforts **orally to advise counsel** for all other parties, if known, of **the date and substance of the proposed ex parte application** and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application. *See* Local Rule 7-19.1 (emphasis added).

No oral notice was ever provided to defense counsel nor were most of her topics of nonemergency relief previously mentioned. This local rule requires "oral notice to ensure that defendants have actual notice of emergency motions against them, and an opportunity to respond." *Speaks v. Shapiro*, Case No. 2:26-cv-06908-SRM-MAR, 2026 WL 1915699, *1 (C.D. Cal. June 26, 2026) (ex parte application denied for failure to comply with Local Rule 7-19.1 where plaintiff "does not offer evidence to show he made reasonable, good-faith efforts to orally advise Defendant . . . or his counsel of the date and substance of this *ex parte* application before it was filed"). Accordingly, Plaintiff has failed to comply with her notice obligations under Local Rule 7-19.1 and her Ex Parte Applications can be denied for that reason alone.

## III. STANDARD FOR OBTAINING EX PARTE RELIEF

As explained by the court in the *Mission Power Engineering* case, "ex parte applications have reached epidemic proportions in the Central District" warranting a two-prong test for justifying ex parte relief: (1) the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (2) it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Engineering Company v. Continental Casualty Company*, 883 F.Supp.488, 490-495 (C.D. Cal. 1995) (emphasis added) (motion to shorten time to hear motion for return of papers inadvertently delivered did not show an irreparable prejudice if motion was heard on regular motion calendar). As noted in this Court's New Case Order dated December

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1, 2025, this "Court only allows ex parte applications when extraordinary relief is necessary." [ECF Doc. 13, p. 3:14-16].

## IV. PLAINTIFF FAILS TO MEET THE REQUIRED STANDARD FOR EX PARTE RELIEF AS HER NEW LIST OF DEMANDS ARE A CRISIS OF HER OWN MAKING

As Judge Rymer warned, "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . . *In re Intermagnetics America, Inc.*, supra, 101 B.R. at 193. Plaintiff's status as a pro per litigant does not excuse her behavior and *pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *See e.g., Jacobsen v. Filler*, 790 F.2d 1362, 1364-1365 n.9 (9th Cir. 1986) ("[t]he hazards which beset a layman when he seeks to represent himself are obvious" but "[s]He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the *pro se* layman").

All of Plaintiff's belated requests regarding sought amendments to her pleadings after the close of discovery and/or related her desire to file a belated opposition to Farmers Direct's pending motion for summary judgment all lack good good cause. "Where the nonmoving party fails to respond to a motion for summary judgment by the deadline for such response, the district court cannot grant to the nonmoving party an extension of time to file absent a showing of 'cause' for the delay." *Spurlock v. Whitley*, 79 Fed Appx 837, 839-840 (6th Cir. 2003) (unpublished decision), citing Fed.R.Civ.P. 6(b). "Where no cause is shown, the district court may not entertain late filings." *Id.* Contrary to Plaintiff's assertions, she has failed to establish any alleged "inability to comply with the applicable filing deadline" initially and this Court should reject Plaintiff's request for this Court to accept her summary judgment opposition many months after the "expiration of the applicable deadline." *See* Plaintiff's Ex Parte Application, p. 4. Plaintiff affirmatively decided to boycott

discovery in this case. For example, on or about May 1, 2026, Plaintiff stated "**I am not substantively engaging with discovery because jurisdiction is unresolved**." Plaintiff ignored her other pending filing obligations for the same reason. Plaintiff should not be permitted to amend her pleading to add new causes of actions to this case after the close of discovery. Plaintiff should also not be permitted to belatedly file an opposition to Farmers Direct's summary judgment motion and discovery should not be reopened now.

## V. CONCLUSION

Based on the record before this Court, Plaintiff has not established good cause to warrant any of the relief sought. Notably, Plaintiff has not – because she cannot – justify her request for ex parte relief as it relates to her improper attempt to belatedly supplement the record with irrelevant issues in support of her desired new pleadings and/or related to belated improper efforts to oppose Farmers Direct's Motion for Summary Judgment. Accordingly, Plaintiff's Ex Parte Application must be denied.

Dated: October 27, 2026 GORDON REES SCULLY MANSUKHANI, LLP

BY ______________________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101