MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME AND MOTION TO CONTINUE DATES OF (1) PRETRIAL CONFERENCE [ECF 187]; (2) HEARING ON DEFENDANT'S MOTIONS IN LIMINE [ECF 122, 123, 124, 125]**

Judge: Hon. Stephen V. Wilson
Date: November 2, 2026
Time: Not Applicable
Courtroom: 10A

Pretrial Conf.: December 7, 2026
Time: 3:00 p.m.
TRIAL: VACATED

Filed Concurrently With: Defendant's Ex Parte Application and Notice of Motion and Motion To Continue; Memorandum of Points and Authorities; Supporting Declaration of Michelle R. Bernard and [Proposed] Order Granting *Ex Parte* Application and Motion to Continue

Complaint Filed: August 21, 2025



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# I. INTRODUCTION

Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") respectfully requests this Court grant this Ex Parte Application for an order shortening time for hearing on the Motion To Continue which are both supported by good cause and can reasonably be resolved on an expedited basis as Farmers Direct is without fault and will be irreparably prejudiced if this request is heard according to regularly notice procedures. *See e.g., Torres v. Igdaloff*, Case No. 2:17-cv-04059-MCS-JEM 2022 WL 17078883, *1 (C.D. Cal. February 17, 2022), citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *see also* Bernard Decl., ¶¶ 3-8, 11, 13-15, 19-24. As explained further below and in the supporting Declaration of Michelle R. Bernard filed concurrently herewith ("Bernard Decl."), this Ex Parte Application is proper and warranted because:

- The new December 7, 2026 Pretrial Conference date was set by the Court *sua sponte*, without prior notice to or input from the parties. Bernard Decl., ¶¶ 11, 22.
- Defendant's lead trial counsel Michelle R. Bernard had pre-planned, prepaid international travel already scheduled to visit a family member before the new date was set. Bernard Decl., ¶¶ 2, 11-12, 22-23.
- Per the terms of the New Case Order dated December 1, 2025, the Hon. Stephen V. Wilson specifically requires that the "*attorney attending any proceeding before this Court **must** be the attorney who is primarily responsible for the conduct of the case*." [ECF Doc. 13, p. 1:26-27 (emphasis added)]. Bernard Decl., ¶¶ 9, 18; *see also* Local Rule 16-13.[1]

[1] Local Rule 16-13 entitled "Representation at Conferences" further requires the following: "Each party appearing at any Scheduling or Pretrial Conference held under F.R.Civ.P. 16 shall be represented by the attorney (or the party if appearing *pro se*) who is then contemplated to have charge of the conduct of the trial on behalf of such party." *See* Local Rule 16-13.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- Defense counsel promptly contacted the Pro Per Plaintiff Luna D'Sol ("Plaintiff") and proposed a reasonable stipulation to briefly further continue the Pretrial Conference and hearing dates on Defendant's Motions In Limine -- which had already been continued more than twice at Plaintiff's specific request so a further brief delay will not prejudice Plaintiff -- but Plaintiff refused to provide a "YES" or "NO" response to the proposed stipulation and thus Defendant now seeks resolution by this Ex Parte Application which is supported by good cause. Bernerd Decl., ¶¶ 2-8, 12-18, 21-24, **Exhibits 1-2**.
- This is the first time the Defendant has sought a continuance of the Pretrial Conference. Bernerd Decl., ¶ 19.
- Defendant's lead trial counsel Michelle R. Bernard was available to attend all 4 prior dates set for the Pretrial Conference but is scheduled to be out of the country and unavailable on December 7, 2026 which is the new date recently set by the Court and this Court previously found "good cause" to briefly continue the Initial Statue Conference for the same reason. Bernerd Decl., ¶ 20; [ECF Docs. 42, 50-52].

Accordingly, there is good cause to grant this brief continuance as sought by Farmers Direct through the Motion To Continue as found herein and this Court should issue an order to further continue the December 7, 2026 Pretrial Conference and the December 7, 2026 hearing dates on Defendant's Motions In Limine Nos. 1-4 [ECF Docs. 122, 123, 124, 125]., to December 21, 2026 or as soon thereafter as the Court's calendar will reasonably permit.

## II. <u>PROCEDURAL STATUS OF THE CASE</u>

Since the time of the removal of this first-party insurance recovery case by Farmers Direct on November 14, 2025, Plaintiff has repeatedly sought to have this

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

case remanded back to state court without success.[2] Plaintiff filed her First Motion to Remand this on December 5, 2025 [ECF Doc. 14] which was denied by the Court on January 26, 2026. [ECF Doc. 33]. Plaintiff filed a Renewed Motion to Remand on or around May 7, 2026 [ECF Doc. 77] which was denied by this Court on or around June 8, 2026 and the Court set the (now vacated) October 13, 2026 trial date and initial Pretrial Conference date as part of that same order. [ECF Doc. 85]. Plaintiff filed a Motion For Reconsideration which is still pending as are several potentially dispositive motions filed by Defendant which have been taken under submission include the following:

- Defendant's Motion For Summary Judgment Or In The Alternative, Partial Summary Judgment [ECF Docs. 117, 119, 120] ("MSJ");
- Defendant Farmers Direct's Motion For Terminating Sanctions [ECF Doc. 118, 121] ("MTS");
- Defendant Farmers Direct's Ex Parte Application and Motion Re Electronic Filings Per Local Rule 5-4.6.2, Local Rule 6-1 and/or FRCP 6(b)(1)(B) Re MSJ and MTS [ECF Doc. 127]; and
- Defendant Farmers Direct's Motion To Strike Plaintiff's Untimely Jury Demand And Request For Bench Trial [ECF Doc. 90].

Plaintiff recently raised scheduling concerns related to various health issues including her claimed anticipated surgery at the Los Angeles Center for Ear, Nose, Throat and Allergy and/or allegedly pertaining to her mental health which resulted in the October 13, 2026 trial date being vacated [ECF Doc. 178] and multiple continuances of the Pretrial Conference resulting in the current December 7, 2026

[2] Farmers Direct timely filed a Notice of Removal on November 14, 2025 and removed this action to federal court on grounds of complete diversity of citizenship between Plaintiff, a citizen of California and resident of Los Angeles County (*see* FAC, ¶¶ 3-4) on the one hand, and Farmers Direct, an underwriting entity domiciled in Rhode Island, on the other hand. Defendant's Notice of Removal [ECF Doc. 1] and Request for Judicial Notice filed in support thereof [ECF Doc. 5]. Plaintiff alleges that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. FAC, ¶ 37; *see also* FAC, ¶¶ 13c-d, 14-15, 19, 22-24, 27, 35.a-d, 37, 45.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

date [ECF Docs. 179, 183, 187]. Bernard Decl., ¶¶ 3-8, 11. Specifically, after the Pretrial Conference was initially set for October 5, 2026 [ECF Doc. 85, 86], the Pretrial Conference was later continued to October 19, 2026 to accommodate Plaintiff's rescheduled surgery [ECF Doc. 178], then on the Court's own motion to October 26, 2026 [ECF Doc. 179], then continued again to November 9, 2026 [ECF Doc. 183] and after Plaintiff made another ex parte application citing her mental health the Pretrial Conference was then again continued to December 7, 2026 [ECF Doc. 187]. Bernard Decl., ¶¶ 3-8, 11. Farmers Direct's Motions In Limine were filed on or about September 7, 2026 and scheduled to be heard at the Pretrial Conference and are now also scheduled to be heard on December 7, 2026 as result of these same series of continuances as well. Bernard Decl., ¶¶ 3-8.

Farmers Direct's trial counsel is scheduled to be out of the country on a prepaid and preplanned trip overseas from December 5-15, 2026 and is unavailable to participate on this new date recently set by the Court. Bernard Decl., ¶¶ 2, 11-12. Farmers Direct has attempted to resolve these scheduling issues with Plaintiff directly without success. Specifically, defense counsel proposed a reasonable stipulation related to these scheduling issues to Plaintiff (i.e., proposing a continuance to December 21, 2026 which is the first Monday after Michelle Bernard's return). Bernard Decl., ¶¶ 13-14, **Exhibits 1-2**. However, Plaintiff has declined to provide a clear "yes" or "no" response as requested. Bernard Decl., ¶¶ 13-14, 25, **Exhibits 1-3**. Accordingly, Farmers Direct now brings this Ex Parte Application to promptly resolve this unexpected scheduling conflict.

## III. THE EX PARTE APPLICATION SHOULD BE GRANTED

Farmers Direct's Ex Parte Application seeking an order shortening time for hearing on the Motion To Continue should be granted so the scheduling conflict of Farmers Direct's lead trial counsel can be resolved on an expedited basis as Farmers Direct will be irreparably prejudiced if heard on regular notice. *See* Bernard Decl., ¶¶ 15, 23-24.

> A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.'

*Torres v. Igdaloff*, Case No. 2:17-cv-04059-MCS-JEM 2022 WL 17078883, *1 (C.D. Cal. February 17, 2022), citing *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). An evaluation of the support for an ex parte application for an order shortening time for hearing usually requires assessing the merits of the motion "because if it is meritless, failure to hear it cannot be prejudicial." *Wells Fargo Bank, N.A. v. Stewart Homes, Inc.*, 732 F.Supp.3d 1169, 1175 (C.D. Cal. 2024) (emphasis in original), *citing Mission Power*, 883 F.Supp. at 492.

Here Defendant's trial counsel was already scheduled to be out of the county from December 5-15, 2026 and this request for emergency relief is supported by evidence that Farmers Direct's case will be irreparably prejudiced if the underlying Motion To Continue is heard according to regularly noticed motion procedures which would leave this scheduling issue unresolved until just days before Ms. Bernard's scheduled departure and allow inadequate time for preparations and potential alternative arrangements, especially given Plaintiff's demonstrated track records of frequent filings with unpredictable requests to this Court. S*ee* Bernard Decl., ¶¶ 2, 12-15, 23-24; *see also* Local Rules 16-13. Additionally, this Ex Parte Application is also supported by a showing that Farmers Direct is without fault in creating the crisis that requires ex parte relief as the Court's in chambers order and scheduling notice issued on October 26, 2026 [ECF Doc. 187] which continued the Pretrial Conference

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

and hearing dates on Defendant's Motions In Limine from November 9, 2026 to December 7, 2026 was the fourth continuance of the Pretrial Conference (none of which were made at the Defendant's request) and the date was set without any input from defense counsel as the Court had not previously held any status conferences in this case.. *See* Bernard Decl., ¶¶ 3-8, 11, 19-24; *see also generally Gile v. Dolgen California LLC*, Case No. 5:20-cv-01863-MCS-SP, 2022 WL 20717550, *1 (C.D. Cal. March 7, 2022) (holding that moving party plaintiffs met *Mission Power* standard for ex parte relief where they sought a continuance after lead counsel became unavailable due to illness and finding that moving parties "bear no fault for creating the crisis arising from their lead counsel's illness" and unavailability).

Accordingly, Farmers Direct's Ex Parte Application should be granted so that the Motion To Continue can be heard on an expedited basis to resolve this unanticipated scheduling conflict.

## IV. FARMERS DIRECT'S MOTION TO CONTINUE IS SUPPORTED BY GOOD CAUSE AND SHOULD BE GRANTED

"'The district court is given broad discretion in supervising the pretrial phase of litigation,'" especially when the party seeking an extension or schedule modification has acted with diligence, which is the case here. *See generally e.g., Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002), *citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 607, 607-609 (9th Cir. 1992) and Fed. R. Civ. Proc. Rule 16(b). "[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). "Orders entered before the final pretrial conference may be modified upon a showing of 'good cause'." *Johnson*, 975 F.2d at 608, citing Fed. R. Civ. P. 16(b); *see also* Fed. R. Civ. P. 16(b)(4) (a "schedule may be modified only for good cause and with the judge's consent").

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609, citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendments). "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. March 31, 2009).

Specifically, the "Ninth Circuit Court of Appeals has outlined four considerations that the Court must evaluate in deciding whether to grant a motion to continue." *State Farm Fire & Cas. Co. v. Willison*, 833 F.Supp.2d 1200, 1211 (D. Hawaii 2001), citing *United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir.1985), amended by, 764 F.2d 675 (9th Cir.1985) and *United States v. Kloehn* 620 F.3d 1122, 1126 (9th Cir.2010).

> (1) the "diligence" of the party seeking the continuance;
> (2) whether granting the continuance would serve any useful purpose;
> (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and
> (4) the potential prejudice. *Id.*

As discussed further above, Farmers Direct has acted with due diligence in seeking this scheduling accommodation due to her unavailability on December 7, 2026. *See* Bernard Decl., ¶¶ 2, 10-15, 19-25, **Exhibits 1-3**. Granting the continuance will also serve the useful purpose of allowing Farmers Direct's lead trial counsel to



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

appear and participate in the Pretrial Conference and hearing on Defendant's Motions In Limine consistent with the Orders of this Court and per the desires of Farmers Direct. *See* Bernard Decl., ¶¶ 9-12, 17-18; *see also* Local Rules 16-13. Given the four recent continuances of the Pretrial Conference resulting from Plaintiff's requests and/or the Court's own motions, an additional continuance of two weeks should not inconvenience the Court or Plaintiff and the December 7, 2026 date was selected without any input from Defendant. *See* Bernard Decl., ¶¶ 2-8, 11, 21-22.

As discussed further above, Farmers Direct will be prejudiced without its lead trial counsel Michelle R. Bernard's attendance and participation and requirements of this Court [ECF Docs. 13] and her participation is also highly desired by Farmers Direct. Bernard Decl., ¶¶ ¶¶ 9-12, 17-18; *see also* Local Rules 16-13; *see also generally Chan v. Curran*, 237 Cal.App.4th 601, 625, n.12 (2015) (discussing right to appear by counsel of choosing in civil cases), citing *Roa v. Lodi Medical Group, Inc.*, 37 Cal.3d 920, 925-926 (1985) (although "the right to be represented by retained counsel in civil actions is not expressly enumerated in the federal or state Constitution, our cases have long recognized that the constitutional due process guarantee does embrace such a right").

Accordingly, Farmers Direct's Motion To Continue should be granted and all December 7, 2026 scheduled dates should be continued to December 21, 2026, 2026 at 3:00 p.m. (or as soon thereafter as may be convenient for the Court) to accommodate the travel schedule and availability of Michelle R. Bernard. *See e.g., Kuster v. Ocwen Loan Servicing, LLC*, Civil No. 15-00305 JMS-KJM, 2016 WL 11978446 *1-3 (D. Hawaii August 23, 2016) (ex parte request to continue "the pretrial conference by one week" was granted as an "accommodation to Defendants' counsel's travel schedule"); *Siegle v. Sears, Roebuck and Co.*, Case No. Civ. A. No. 88–3327, 1990 WL 250527, *7 (E.D. Penn. December 28, 1990) (court granted plaintiff's counsel's request to postpone final pretrial conference to accommodate a preplanned vacation where "plaintiff's counsel promptly requested the pretrial

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

conference be rescheduled"); *see also G.P.P., Inc. v. Guardian Protection Products, Inc.*, 2020 WL 6786324, *2 (E.D. Cal. October 5, 2020) (granted ex parte application and continued pretrial conference where the moving party "was diligent in seeking ex parte relief" as the opposing party "did not agree to stipulate" to a continuance as proposed by the moving party); *see also generally Brum v. MarketSource, Inc.,* No. 2:17-cv-00241-DAD-JDP, 2025 WL 3493628, *2, n.1 (E.D. Cal. December 5, 2025) (where the district court granted an ex parte application and issued an order continuing date of pretrial conference from December 8, 2025 to April 13, 2026, the Court further advised the parties that if "these new dates are unavailable to counsel, the court would encourage counsel to meet and confer after consulting with Courtroom Deputy Pete Buzo regarding the court's calendar and to submit a stipulation and order reflecting dates available to both counsel and the court"); *Smith-Weik Machinery Corp. v. Murdock Mach. & Engineering Co.*, 423 F.2d 842, 845 (5th Cir. 1970) (holding that district court abused discretion by failing to grant defendant's motion for continuance of trial based on unavailability of defendant's "principal counsel" due to illness and the requested "time for continuance was short"); *Pisciotti v. Brittingham*, Case No. 20-CV-05924-LK, 2022 WL 1503735, *2 (W.D. Wash. April 15, 2022) (finding good cause to continue trial where moving party's lead counsel had a scheduling change in trial for another case which "now directly conflicts with or overlap the Court's pretrial deadlines in this matter" and further noting that when moving party's counsel "was confronted with an unforeseen change in circumstances and promptly sought a remedy"); *Oliveros v. County of Los Angeles*, 120 Cal.App.4th 1389, 1393-1394 (2004) (trial court abused discretion in failing to grant defendant's request for continuance due to the "unexpected" engagement of its attorney in another trial noting that the defendant's counsel "sought a continuance not because he was unprepared for trial, or because he sought a technical advantage by delaying trial, or for any other suspect reason" rather "he could not be in two places at one time" and the defendant "presented good cause for a continuance" as

"it is the rights of the client, not the lawyer, which are at stake" and "[e]fficiency cannot be favored over justice").

## V. CONCLUSION

For the reasons explained above, Farmers Direct respectfully requests that its Ex Parte Application for an order shortening time be granted so that this Court can hear and resolve the Motion To Continue on an expedited basis. There is good cause to grant the brief continuance as sought by the Motion To Continue as found herein and Farmers Direct respectfully request this Court issue and order continue the December 7, 2026 Pretrial Conference and the December 7, 2026 hearing on Defendant's Motion In Limine to December 21, 2026 at 3:00 p.m., or as soon thereafter as the Court's calendar will reasonably permit.

*[CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2: The undersigned, counsel of record for Defendant Farmers Direct, certifies that this brief contains 3162 words ("including headings, footnotes and quotations"), which complies with the word limit of Local Rule 11-6.1.]*

Dated: November 2, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By [signature]

Michelle R. Bernard
Kelly Fitzgerald Canby
Attorneys for Defendant
FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101