MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME AND MOTION TO CONTINUE DATES OF (1) PRETRIAL CONFERENCE [ECF 187]; (2) HEARING ON DEFENDANT'S MOTIONS IN LIMINE [ECF 122, 123, 124, 125]**

Judge: Hon. Stephen V. Wilson
Date: November 2, 2026
Time: Not Applicable
Courtroom: 10A

Pretrial Conf.: December 7, 2026
Time: 3:00 p.m.
TRIAL: VACATED

Filed Concurrently With: Defendant's *Ex Parte* Application and Notice of Motion and Motion To Continue; Memorandum Of Points And Authorities In Support Thereof; [PROPOSED] Order Thereon

Complaint Filed: August 21, 2025



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF MICHELLE R. BERNARD**

I, Michelle R. Bernard, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys of record for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct"). I am lead trial counsel for Farmers Direct in this matter. This declaration is submitted in support of Defendant's Ex Parte Application for Order Shortening Time ("Ex Parte Application") and Motion To Continue Dates Of (1) the Pretrial Conference; and (2) Hearing On Defendant's Motions In Limine [ECF Docs. 122, 123, 124, 125] ("Motions In Limine") which are also noticed to be heard at the Pretrial Conference. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

2. As explained further below, Defendant brings this Ex Parte Application because I am its lead trial counsel and I am unavailable to appear at the Pretrial Conference on December 7, 2026 at 3:00 p.m. due to a prepaid trip to visit my daughter oversees that was already planned for December 5, 2026 to December 15, 2026 before the Court recently rescheduled the Pretrial Conference to this new date.

3. This Court initially scheduled the Pretrial Conference in this case for October 5, 2026 (and set October 13, 2026 as the date of Trial) pursuant to orders previously issued in June [ECF Doc. 85, 86].

4. On or about September 7, 2026, Defendant filed its Motions in Limine Nos. 1-4 which were then scheduled to be heard on October 5, 2026 at the Pretrial Conference. [ECF Docs. 122, 123, 124, 125].

5. Following an ex parte application by Pro Per Plaintiff Luna D'Sol ("Plaintiff") [ECF Doc. 171] citing her anticipated surgery at the Los Angeles Center

for Ear, Nose, Throat and Allergy on a date that conflicted with trial, the Court on October 2, 2026 granted Plaintiff's ex parte application and continued the Pretrial Conference to October 19, 2026 and further ruled that the trial date "*is continued to a date to be determined by the Court, taking into consideration Plaintiff's scheduled surgery on October 14, 2026, and anticipated recovery period*." [ECF Doc. 178].

6. On October 16, 2026, the Court issued an in chambers order and scheduling notice and further continued the Pretrial Conference and the hearings on Defendant's Motions in Limine to October 26, 2026 at 3:00 p.m. on its own motion. [ECF Doc. 179].

7. Thereafter on October 22, 2026, the Court issued another in chambers order and scheduling notice and again continued to Pretrial Conference and hearings on Defendant's Motions in Limine to November 9, 2026, at 3:00 p.m. [ECF Doc. 183].

8. Later in the day on October 22, 2026, Plaintiff filed another ex parte application and asked the Court to "*stay all proceedings and continue all currently scheduled hearings*" for 30 days and further represented to the Court that such continuance was allegedly "*required because Plaintiff has been medically ordered to undergo immediate psychiatric hospitalization and evaluation and is concurrently navigating the rescheduling of a necessary surgery*." [ECF Doc. 184, at p. 2:5-9]. The Court thereafter again continued the Pretrial Conference and hearings on Defendant's Motions in Limine to December 7, 2026 at 3:00 p.m. [ECF Doc. 187].

9. As noted in the Court's New Case Order issued on December 1, 2025 at the outset of the case [ECF Doc. 13], the "*attorney attending any proceeding before this Court must be the attorney who is primarily responsible for the conduct of the case*." [ECF Doc. 13, p. 1:26-27].

10. I am lead trial counsel for Farmers Direct and the attorney in charge of the conduct at the trial and this case. I am also the lead client relationship partner at

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

my law firm for all California extra-contractual litigation matters relating to Farmers® and their affiliated underwriting companies. In my role as lead trial counsel and client relationship partner, it is my general custom and practice to have at least 1-2 other attorneys assisting me on my litigation matters depending on the complexity of the case. As noted in the pleading caption, Kelly F. Canby is the other attorney at my law firm who is assisting on this matter.

11. I was available to attend the Pretrial Conference on the initially scheduled date of October 5, 2026. I was also available to attend on the first three continued dates of the Pretrial Conference later set by the Court on October 19, 2026 [ECF Doc. 178], October 26, 2026 [ECF Doc. 179] and November 9, 2026 [ECF Doc. 183]. However, now that this Court has again continued the date of the Pretrial Conference for a fourth time I am not available to attend or participate due to an unanticipated scheduling conflict. This Court did not previously hold any prior scheduling conferences to discuss scheduling or the availability of counsel with the parties. Accordingly, Defendant is not at fault for any such unexpected scheduling conflicts that just recently arose after the Court's fourth continuance of the Pretrial Conference.

12. I have a planned pre-paid trip scheduled to visit my daughter overseas and I will be out of the county from December 5, 2026 through December 15, 2026. Accordingly, I am not available to attend or participate in the Pretrial Conference on December 7, 2026 or participate in the hearings on Defendant's Motion In Limine Nos. 1-4 [ECF Docs. 122, 123, 124, 125] also now scheduled for December 7, 2026.

13. On October 30, 2026, I advised Plaintiff of my scheduling conflict and unavailability on December 7, 2026 and inquired whether she was potentially willing to stipulate to continue the December 7, 2026 Pretrial Conference and Motion In Limine hearings to another Monday following my return, either December 21, 2026 or December 28, 2028 (or some later mutually agreeable date in January). A true and

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

correct copy of my email to Plaintiff dated October 30, 2026 [3:08 PM] is attached hereto was **Exhibit 1**.

14. Plaintiff sent me several confusing emails later on October 30, 2026 but despite my request for clarification as to whether she is "*opposing the continuance request*," Plaintiff failed to provide a "yes" or "no" response and instead responded with comments related to her own apparent newly contemplated ex parte applications, which would be Plaintiff's twelfth such ex parte application in recent months. My partner Kelly F. Canby sought further clarification from Plaintiff on November 1, 2026 and specifically asked Plaintiff to provide a "YES" or "NO" response to my prior inquiry related to the proposed stipulation but also without result. True and correct copies of a chain of email communications between me and Plaintiff dated October 30, 2026 and another claim of email communications between my partner Kelly F. Canby and Plaintiff on November 1, 2026 are collectively attached hereto was **Exhibit 2**.

15. If Defendant's motion for the requested continuance was heard as a regularly noticed motion the earliest such a motion could potentially be heard is November 30, 2026 which is just several days before my scheduled departure and would leave very little time for I and/or my client Farmers Direct to make potential alternative arrangements should the requested continuance be denied. Accordingly, there is good cause to have this request heard on an expedited basis through this ex parte application which will further the general orderly scheduling in this case.

16. As explained further below, Farmers Direct's Ex Parte Application for an order shortening time for hearing on the Motion To Continue (which requests a brief two-week continuance of the Pretrial Conference and hearing dates on Defendant's Motions in Limine due to my unavailability) is supported by good cause.

17. From Farmers Direct's perspective, my importance to the company's defense in this action cannot be overstated. I have more than 35 years of litigation

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

experience specializing in insurance coverage/bad faith litigation matters. I have been designated as lead trial counsel for Farmers Direct in this action and I am also the attorney primarily responsible for all aspects of Farmers Direct's defense in this case.

18. In addition to this Court's New Case Order and requirement for in person attending "***__must be__*** *the attorney who is primarily responsible for the conduct of the case*" [ECF Doc. 13, p. 1:26-27 (emphasis added)], the Local Rules have a similar requirement as well. Specifically, Local Rule 16-13 states the following: "*Each party appearing at any Scheduling or Pretrial Conference held under F.R.Civ.P. 16 shall be represented by the attorney (or the party if appearing pro se) who is then contemplated to have charge of the conduct of the trial on behalf of such party*." Local Rule 16-13. As noted above, I am lead trial counsel and the attorney in charge of Farmers Direct's defense in this case.

19. This is the first request for a continuation of the Pretrial Conference made by Farmers Direct in this case.

20. The only prior continuance sought by Defendant in this case was in March 2026 after the Court on its own motion rescheduled the Initial Status Conference and hearing date on Plaintiff's Motion For Leave to File Second Amended Complaint from March 2, 2026 to March 23, 2026 [ECF Doc. 42] which was a date that I was unavailable because I already had another prepaid overseas trip planned to see my daughter. As Plaintiff was unwilling to stipulate to my request for a brief continuance, on March 9, 2026 Defendant filed an ex parte application [ECF Doc. 50] asking that the Initial Status Conference and hearing date be further continued to April 6, 2026 to accommodate my travel schedule. Despite Plaintiff's opposition thereto [ECF Doc. 51], the Court found "good cause" for the request and granted Defendant's ex parte application on March 11, 2026 and reset the Initial

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Status Conference and motion hearing date to April 6, 2026 as requested by Defendant. [ECF Doc. 52].

21. Given that Plaintiff has recently sought continuances of the Pretrial Conference [ECF Docs. 171, 184] which were granted by the Court [ECF Docs. 178, 187], a further brief continuance of the Pretrial Conference and Motion In Limine hearing date from December 7, 2026 to December 21, 2026 (or as soon thereafter as may be convenient to the Court) will not prejudice Plaintiff if this Court grants Farmers Direct's Ex Parte Application and Motion To Continue as sought herein.

22. Farmers Direct has acted reasonably and is without fault. As noted above, I was available to attend and participate on all prior scheduled dates for the Pretrial Conference and hearings on Defendant's Motions In Limine. However, when the Court continued that date again for a fourth time to December 7, 2026, I am not available to attend or participate due to a scheduling conflict. This Court did not previously hold any prior scheduling conferences to discuss anticipated availability of counsel with the parties prior to setting this December 7, 2026 date. Accordingly, Defendant is not at fault for any such unexpected scheduling conflicts that just recently arose after the Court's fourth continuance of the Pretrial Conference.

23. Farmers Direct promptly sought a resolution and asked Plaintiff if she is amenable to a potential stipulation for a brief continuance, but a conclusive response was not forthcoming (and instead Plaintiff raised a host on newly contemplated ex parte applications of her own in response to a routine and reasonable scheduling request by Defendant). *See* **Exhibits 1-2**. Accordingly, Farmers Direct then sought relief from this Court by filing this Ex Parte Application on Monday, November 2, 2026 to seek an expedited resolution of these scheduling issues to avoid irreparable prejudice to Farmers Direct which would result from seeking a continuance through a regularly noticed motion and leaving this issue unresolved

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

until just days before my scheduled departure which would provide insufficient time for Farmers Direct and/or I to make any alternative arrangements to ensure compliance with this Court's orders and Farmers Direct's adequate preparation for the hearing, especially given Plaintiff's demonstrated track record of frequent and unpredictable filings with this Court.

24. Accordingly, Farmers Direct is seeking relief through this Ex Parte Application which requests this Court to issue an order shortening time for hearing on the Motion To Continue so that Farmers Direct's request for a brief continuance of these December 7, 2026 dates for the Pretrial Conference and hearings on Defendant's Motions In Limine to the first available hearing date after my return (i.e., Monday, December 21, 2026 at 3:00 p.m., or as soon thereafter as the Court's calendar may conveniently permit) which is supported by good cause and may be properly considered and resolved on an expedited basis.

25. Pursuant to Local Rule 7-19.1, at my request and direction, Kelly F. Canby called Plaintiff on Sunday, November 1, 2026 at approximately 6:30 p.m. and left voicemail messages with Plaintiff to provide her with notice of Farmers Direct's anticipated filing of this Ex Parte Application and Motion To Continue on November 2, 2026 and to further advise Plaintiff of this Court's instruction and ex parte procedures as found in the Court's New Case Order dated December 1, 2025 [ECF Doc. 13] and also set forth on the Court's website (at Item No. 5). *See* https://apps.cacd.uscourts.gov/Jps/honorable-stephen-v-wilson. Attached hereto as **Exhibit 3** is a true and correct copy of Kelly F. Canby's confirming email sent to

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Plaintiff shortly before 7:30 p.m. on November 1, 2026 which was sent to all 3 of Plaintiff's email addresses (i.e., jravada@icloud.com, lunadsolts@gmail.com, and viewer.ratiors7s@recap.email).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 2nd day of November, 2026 at San Diego, California.



Michelle R. Bernard

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

**Kelly Canby**

**From:** Michelle Bernard
**Sent:** Friday, October 30, 2026 3:08 PM
**To:** Luna D'Sol
**Cc:** Kelly Canby
**Subject:** D'Sol v. Farmers Direct / FSAE 1416221 - Farmers Direct's Ex Parte Application To Continue 12/7/2026 Pre-Trial Conference to Later Date in December Due to Scheduling Conflict

Ms. D'Sol: Please be advised that Farmers Direct intends to submit an ex parte application requesting that the Court continue the December 7, 2026 Pre-Trial Conference in this matter to an alternative date in December (either December 21 or December 28) as I have pre-paid trip to visit my daughter who lives overseas and will be out of the country from December 5 through December 15, 2026.

Please advise if you will stipulate to continuing the December 7, 2026 Pre-Trial Conference to either December 21 or December 28 (or some later mutually agreeable date in January).

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

# EXHIBIT 2

## Kelly Canby

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, October 30, 2026 5:27 PM
**To:** Michelle Bernard
**Cc:** Kelly Canby
**Subject:** Re: D'Sol v. Farmers Direct / FSAE 1416221 - Farmers Direct's Ex Parte Application To Continue 12/7/2026 Pre-Trial Conference to Later Date in December Due to Scheduling Conflict

Thank you for confirming that you are not available for calls

This email serves as notice and an attempt to meet and confer regarding my ex parte application ,

I intend to seek the following relief:

1. An order lifting the stay and allowing litigation to proceed.
2. Leave to amend my complaint to add additional causes of action before the statutory limitation that you warned me earlier
3. An order bifurcating certain claims or issues for separate proceedings.
4. An order striking Defendants' answers pursuant Rule 12(f) , Rule 37(b)

Please advise your stipulate or your grounds for oppositions

As far as your request, why Ex Parte, you have plenty of time for regular motion?

Regards,

On Oct 30, 2026, at 17:01, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: I am not available for a telephone call this afternoon due to my schedule. Please advise whether you are opposing the continuance request. That information can be readily provided via reply email.

MRB

**MICHELLE R. BERNARD**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, October 30, 2026 3:38 PM
**To:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: D'Sol v. Farmers Direct / FSAE 1416221 - Farmers Direct's Ex Parte Application To Continue 12/7/2026 Pre-Trial Conference to Later Date in December Due to Scheduling Conflict

Ms. Bernard,

Please follow the same procedural requirements that you have previously insisted upon throughout this litigation. I am unable to make calls but I can receive calls

Additionally, I must correct my earlier statement concerning Mr. Cantor. November 4, 2024, was not his payment date. Mr. Cantor confirmed that he received payment after submitting his invoice to Farmers Insurance, addressed to Mr. Means.

Thank you,

On Oct 30, 2026, at 15:07, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: Please be advised that Farmers Direct intends to submit an ex parte application requesting that the Court continue the December 7, 2026 Pre-Trial Conference in this matter to an alternative date in December (either December 21 or December 28) as I have pre-paid trip to visit my daughter who lives overseas and will be out of the country from December 5 through December 15, 2026.

Please advise if you will stipulate to continuing the December 7, 2026 Pre-Trial Conference to either December 21 or December 28 (or some later mutually agreeable date in January).

MRB

**MICHELLE R. BERNARD**
Partner

<~WRD2715.jpg> **GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769

**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Sunday, November 1, 2026 11:14 PM
**To:** Kelly Canby
**Cc:** Michelle Bernard
**Subject:** Re: Your Voicemail

Ex Parte is not the appropriate vehicle for the relief you seek

On Nov 1, 2026, at 19:11, Kelly Canby <kcanby@grsm.com> wrote:

So are you willing to stipulate that the December 7, 2026 (3:00 p.m.) Pretrial Conference and hearings on Defendant's Motions In Limine [ECF Docs. 122, 123, 124, 125] ("Motions In Limine") be continued to Monday, December 21, 2026 (or to such other date as the Court's calendar reasonably permits) – YES OR NO?

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Sunday, November 1, 2026 6:43 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Your Voicemail

Hi,

I received your voicemail. There is no need to file an ex parte application because this matter does not present an emergency requiring immediate judicial intervention.

Additionally, Judge Wilson has not granted a stay of the proceedings, they are scheduling orders continue hearings. Filing an ex parte application under these circumstances could constitute an unreasonable and potentially vexatious multiplication of proceedings.

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 3

## Kelly Canby

**From:** Kelly Canby
**Sent:** Sunday, November 1, 2026 7:26 PM
**To:** lunadsolts@gmail.com; 'viewer.ratios7s@recap.email'; 'jravada@icloud.com'
**Cc:** Michelle Bernard; Kiry Yeoun
**Subject:** CONFIRMATION OF NOTICE OF DEFENDANT'S EX PARTE APPLICATION PER LOCAL RULE 7-19.1 (Nov. 2, 2026) - D'Sol v. Farmers Direct Property and Casualty Company, U.S.D.C. C.D. Cal. Case No. 2:25-cv-10938-SVW-ASx

Good Evening Ms. D'Sol –

Following up on the voicemail messages I just left you shortly after 6:30 p.m. on November 1, 2026, this email is to confirm my voicemail messages where I orally advise you pursuant to Local Rule 7-19.1 that **Defendant Farmers Direct Property and Casualty Insurance Company's ("Defendant" or "Farmers Direct") anticipates filing an ex parte application with the Court tomorrow on November 2, 2026 as follows**:

**PLEASE TAKE NOTICE THAT** on Monday, November 2, 2026, Defendant Farmers Direct will electronically file (and electronically serve via the Court's PACER/ECF System) an ***ex parte application*** (and lodge a courtesy hard copy) with Courtroom 10A of the above-entitled court, located at 350 W. First Street, 10th Floor, Los Angeles, California 90012, and ask the Court for an order shortening time for hearing on Defendant's motion and request to briefly continue the following scheduled dates:

> (1) the Pretrial Conference, which is now scheduled for December 7, 2026, at 3:00 p.m. (per the Court's recent order and scheduling notice [ECF Doc. 187]); and
>
> (2) the hearing dates on Defendant's Motions In Limine Nos. 1-4 [ECF Docs. 122, 123, 124, 125] ("Motions In Limine") which are now scheduled to be heard at the Pretrial Conference on December 7, 2026, at 3:00 p.m. (per the same scheduling notice [ECF Doc. 187]).

Specifically, Farmers Direct will request the Court to continue **all** of these December 7, 2026 dates (i.e., items 1-2 listed above) to **Monday, December 21, 2026, at 3:00 p.m., or alternatively to the first available date thereafter as the Court's calendar may permit** and this request will be based on the grounds of the unavailability of Farmers Direct's lead trial counsel, Michelle R. Bernard who will be out of the country on December 5-15, 2026 on a prepaid trip to visit her daughter overseas. Additionally, as noted in the Court's New Case Order issued on December 1, 2025 at the outset of the case [ECF Doc. 13], the "*attorney attending any proceeding before this Court must be the attorney who is primarily responsible for the conduct of the case*." [ECF Doc. 13, p. 1:26-27]. Local Rule 16-3 also states the following: "*Each party appearing at any Scheduling or Pretrial Conference held under F.R.Civ.P. 16 shall be represented by the attorney (or the party if appearing pro se) who is then contemplated to have charge of the conduct of the trial on behalf of such party*." Local Rule 16-3. Michelle R. Bernard is serving as lead trial counsel and the attorney in charge of Farmers Direct's defense in this case, so her participation and attendance is required.

I understand that Ms. Bernard previously proposed a stipulation for a brief continuance to you via email on or about October 30, 2026, which has not been accepted. I made the same request to you again by

email earlier this evening (i.e., I asked if you would stipulate to a continuance of the Pretrial Conference and hearing dates on Defendant's Motions In Limine from December 7, 2026 to December 21, 2026, or such other date as the Court's calendar reasonably permits) and requested a "YES" or "NO" response which has not been provided. Accordingly, Farmers Direct intends to move forward with this ex parte application and requested continuance to promptly alert the Court to this scheduling conflict and to properly seek an expedited resolution of these scheduling issues to avoid irreparable prejudice to Farmers Direct which would result from leaving this issue unresolved until just days before Ms. Bernard's scheduled departure.

**PLEASE TAKE FURTHER NOTICE** pursuant to the Court's New Case Order dated December 1, 2025 [ECF Doc. 13], this Court considers ex parte applications by "the papers" and ex parte applications "are not set for hearing." Additionally, any "opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte application was served." Accordingly, any such ex parte application made by Farmers Direct tomorrow, November 2, 2026 would require any opposition to be filed on or before 3:00 p.m. of the following business day, November 3, 2026. If you choose to not oppose Farmers Direct's ex parte application and requested continuances described above, you "must inform the clerk by phone at **(213) 894-2881**." *Id.* [ECF Doc. 13] (emphasis added). This same information is also posted on the Court's website at Item No. 5. *See* Honorable Stephen V. Wilson | Central District of California | United States District Court.

Please let me know if you have any questions,

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard