# DiscoveryViolation002

D'Sol v. Farmers Direct Property and Casualty Insurance Company

November 12, 2026

**From:** **Kelly Canby** kcanby@grsm.com
**Subject:** RE: Meet and Confer Regarding Plaintiff's Anticipated Renewed Motion for Leave to Amend
**Date:** July 14, 2026 at 23:55
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Michelle Bernard mbernard@grsm.com, Kiry Yeoun kyeoun@grsm.com

KC

Hello Ms. D'Sol –

This email responds to all of your earlier voicemail messages and to your emails below sent to both me and Michelle Bernard regarding your request to schedule a time to hold a Local Rule 7-3 meet and confer conference regarding "Plaintiff's anticipated Renewed Motion for Leave to Amend." As you are apparently aware, I am currently out of town and will be returning to the office next week. I can be available on the afternoons of Monday 7/20 or Tuesday 7/21 to hold your requested Local Rule 7-3 Conference should you still wish to proceed after considering the following reasons why your contemplated motion is frivolous and your stated reasons are not well taken:

1. **Please again review my prior email to you dated May 20, 2026 [1:19 PM]** referencing your previously contemplated "Renewed Motion for Leave to File Second Amended Complaint" that was previously raised by you -- ***over two months ago and prior to scheduling of the October 13, 2026 trial date*** -- in your email dated May 10, 2026 [4:45 PM]. For convenient reference, please note that a copy of my prior email dated May 20, 2026 is attached as **Exhibit 8** to the Declaration of Michelle R. Bernard filed on July 6, 2026 [ECF Doc. 92-1] ("Bernard Decl.") in Opposition to your pending Motion for Sanctions and in support of Defendant Farmers Direct Insurance Company's ("Defendant" or "Farmers Direct") request for the Court to impose sua sponte sanctions against you and to issue an OSC for this purpose [ECF Doc. 92-3, at pp. 50-53]). Although you have previously disputed my description of your then contemplated "Renewed" Motion for Leave to File a Second Amended Complaint as a "Third" Motion for Leave, the fact that you have previously filed two prior Motions for Leave to File a Second Amended Complaint and withdrawn both of them after Farmers Direct filed its Oppositions is undisputed based on the filing history and such conduct is highly prejudicial to Farmers Direct as was explained in my prior May 20, 2026 email to you as follows:

   > *Throughout this litigation you have engaged in a pattern of failing to comply with the Local Rules, withdrawing motions after Farmers Direct has filed oppositions thereto and then refiling the same motion again. [See e.g., ECF Docs. 31, 39, 40, 44, 48, 48-1, 48-2, 64, 72]. Even the Magistrate has "cautioned" you that "further failure to comply with the rules of this court may result in the imposition of sanctions." [ECF Doc. 71]. As explained further below, this pattern is especially egregious with regard to your Motions for Leave To File Second Amended Complaint which you now may apparently intend to file for a THIRD TIME:*
   >
   > 1. *Your contemplated and/or anticipated Third Motion For Leave is not based on any new evidence as the "Assumption*

*Certificate" was already before the Court [ECF Docs. 48, 48-1, 48-2] as part of your Second Motion For Leave which was admittedly "fully briefed." [ECF Doc. 64, p. 1:22-28].*

2. *You previously asked the Court to "decide her Second Motion For Leave" based on the "evidentiary record in relation to the five factors identified in Clinco v. Roberts, 41 F.Supp.2d 1080 (C.D. Cal. 1999), which this Court evaluates under 28 U.S.C. § 1447(e)" [ECF Doc. 64, p. 4:11-12)], but your anticipated Third Motion For Leave apparently intends to rely upon an entirely different legal theory based upon FRCP 15 instead.*

3. *On April 27, 2026 when your Second Motion For Leave was still under submission, you filed a Notice of Withdrawal of the Second Motion For Leave [ECF Doc. 72] and a later filed a "corrected" Notice of Withdrawal of the Second Motion for Leave asking that motion to instead be withdrawn "without prejudice." [ECF Doc. 73]. However, when the Court then issued an Order and Scheduling Notice on April 28, 2026, the Court specifically cited your initial "Notice of Withdrawal" [ECF Doc. 72] ONLY -- the "without prejudice" version [ECF Doc. 73] was not part of the order – whereby Plaintiff's Second Motion For Leave [ECF Doc. 40] is "WITHDRAWN AND VACATED. SO ORDERED."*

2. **Please again review my prior email to you dated May 27, 2026 [8:46 PM]** (*see e.g.,* Bernard Decl., **Exhibit 14** [ECF Doc. 92-2, at pp. 77-80]), whereby I confirmed certain issues raised during Farmers Direct's prior Local Rule 7-3 Conference on May 27, 2026 pertaining to potential future Motions For Leave as may be filed by you and the anticipated sanctions to be sought against you by Farmers Direct should you do so given your documented history of repeatedly filings and subsequently withdrawing such motions all to the great detriment of Farmers Direct. Specifically, points 8-9 in my email dated May 27, 2026 state, in relevant part, the following:

   *8. Given the unreasonable manner of your affirmative litigation conduct which has resulted in significant and unnecessary legal expense to Farmers Direct, we shared that Farmers Direct has authorized us to proceed with potential motions for sanctions against you in the future (including for the recovery of attorney's fees and costs incurred by Farmers Direct as result of your unreasonable and/or bad faith conduct), specifically including (but not limited to) in response to your contemplated future motion(s) to file an amended complaint, such as with the subject of your prior email dated May 10, 2026 which is attached for reference (and to hopefully avoid any confusion given that you seem to dispute the semantics of my prior references to your contemplated future motion filings).* [**NOTE: I have also again attached to this email a copy of your May 10, 2026 email hereto** *(see*

**attached to this email a copy of your May 10, 2026 email hereto** (*see also* Bernard Decl., Exhibit 12 [ECF Doc. 92-2, at p. 69])].

*9. Whether your contemplated Motion For Leave is referred to as a "Third" Motion For Leave, or a "Future" Motion For Leave or by some other title of your choosing, your history of litigation conduct is clear – e.g., including withdrawing [ECF Doc. 39] your First Motion For Leave to File a Second Amended Complaint [ECF Doc. 31] after Farmers Direct's Opposition was already filed [ECF Doc. 38] and then soon after filing your Second Motion For Leave to File Second Amended Complaint [ECF Doc. 40] and again after Farmers Direct Opposition was already filed [ECF Doc. 45] (and this time also after you requested this Court to issue a decision because your "motion is fully briefed," "the record is complete, and the motion is ripe for decision" [ECF Docs 63-64]), you again withdrew your motion [ECF Doc. 72] only to now pursue another motion of the same type -- such as the motion contemplated in your attached May 10, 2026 email (which seems like Motion For Leave number three to me, which is why I referred to it as a "Third" Motion For Leave, albeit you dispute my description).*

3. The Court's Order and Scheduling Notice dated April 28, 2026 [ECF Doc. 76] plainly bars you from filing any further Motions For Leave as the Court rejected your prior request to withdraw your Second Motion For Leave To File a Second Amended Complaint "without prejudice." Specifically, the Court cited your initial "Notice of Withdrawal" only [ECF Doc. 72]) without any mention of your later sought "without prejudice" version [ECF Doc. 73] which is not part of the order whereby the Plaintiff's Second Motion For Leave [ECF Doc. 40] was "WITHDRAWN AND VACATED. SO ORDERED" [ECF Doc. 76].

4. In addition to the Court's prior order which seemingly prohibits your contemplated motion, pursuing yet another Motion For Leave now -- **after Farmers Direct has already twice opposed your prior motions that were withdrawn** – is improper and would result in additional unwarranted expense to Farmers Direct. Notably, waiting to inform an opponent of the intention to withdraw a motion until <u>after</u> an opposition has already been filed -- as you have repeatedly done in this case -- is conduct that can result in sanctions, especially if that same motion is refiled again. [*See e.g.,* ECF Docs., 31, 38, 39, 40, 45, 45-4, 63, 64]; *see also., In re Scientex Corp.,* 46 B.R. 41, 43 (Bkrtcy. C.D. Cal. 1984) (sanctions issued under both Section 1927 and the Court's "inherent power" for failure to notify opposing counsel that the moving party changed his mind about pursuing his motion until after opposing counsel had submitted their prepared response); *Cohen v. Virginia Elec. and Power Co.,* 788 F.2d 247, 248 (4th Cir. 1986) (Rule 11 sanctions imposed jointly and severally against plaintiff and counsel in case where the defendant "responded to the motion for leave to amend with a nineteen-page memorandum opposing the motion, whereupon the motion for leave to amend was withdrawn by" the plaintiff given that the defendant "went to considerable expense in opposing the motion after it was filed, a burden that it need not have undertaken"); *see also generally Youngdale*

*& Sons Construction Co., Inc. v. United States,* 22 Cl.Ct 345, 346-347 (Fed. Cl. 1991) (where plaintiff previously filed motion on "identical grounds, during pretrial proceedings, which it voluntarily withdrew" the "plaintiff effectively waived its right . . . to refile *a substantially identical* motion at a later stage," absent showing of change in circumstances).

5. For the reasons outlined above, your contemplated "Renewed" Motion For Leave was improper and prejudicial to Farmers Direct at the time when you first raised that issue over two months ago, but now that a October 13, 2026 trial date has been set and is quickly approaching, the prejudice to Farmers Direct is even greater now. *See e.g., Scognamillo v. Credit Suisse First Boston, LLC*, 587 F.Supp.2d 1149, 1155 (N.D. Cal. 2008) ("Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation"). "Other courts have found intolerable prejudice when plaintiffs have sought to add defendants a month before the close of discovery when nearly all pre-trial work was complete." *Id.*

6. As previously brief to the Court several times, the sought addition of a diversity destroying defendant is improper and unwarranted under the *Clinco* factors here. *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086-1088 (C.D. Cal. 1999), citing 28 U.S.C. § 1447(e) and Fed. R. Civ. Proc. 15(a); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) ("applying section 1447(e) to scrutinize the propriety of a diversity-destroying amendment," rather than applying the general liberal pleading standard of Rule 15(a)); *Kim v. Cushman and Wakefield U.S. Inc.*, Case No. 2:25-cv-04783-CAS-SKx 2025 WL 241473 *4, *8 (C.D. Cal., August 18, 2025) (same). Moreover, even if this Court had not already rejected your "Assumption Certificate" arguments as was done in the Order dated June 8, 2026 [ECF 85, at p. 4], that document would not warrant adding a new diversity destroying defendant to this case in any event. *Klockner Stadler Hurter Ltd. v. Insurance Co. of State of Pennsylvania*, 780 F.Supp. 148, 153-155 (S.D.N.Y. 1991) (holding that non-party reinsurers "are not indispensable parties" under Rule 19(b) as their "presence could destroy our diversity jurisdiction" and "complete relief may be accorded among those already parties by maintaining them in this forum," so even if the non-party insurers could be joined as a party, "we are not convinced that they should").

7. Moreover, your stated grounds for your anticipated motion as shown below in highlight is a blatant misrepresentation of Farmers Direct's own court filings insofar as you are misleadingly describing Defendant's citation of the initial Complaint (i.e., a quotation of the exact language found therein to accurately describe your initial allegations) as being a purported position adopted by Farmers Direct itself. You also did the very same thing in your reply brief filed in support of your Motion For Sanctions [ECF Doc. 95, at p. 1:8-20], albeit you wrongly attribute the citations of the initial Complaint to me (i.e., "Ms. Canby declares under penalty of perjury") when the opposing declaration was instead provided by Ms. Bernard. However, putting aside your citation to the wrong attorney, your misleading arguments to the Court (i.e., which characterize the Defendant's citation and quotation of your prior allegations as being purportedly being its own argument) is precisely the type of conduct that supports Farmers

> being its own argument) is precisely the type of conduct that supports Farmers Direct's request for the Court to issue sua sponte sanctions against you and attempting to manufacture unwarranted justification for another improper and belated Motion For Leave is also improper. In addition to the sua sponte sanctions already requested with its opposition to your Motion for Sanctions, Farmers Direct also reserves the right to seek additional sanctions against you for filing additional frivolous motions such as another Motion For Leave or otherwise.

Nevertheless, I'm happy to speak with you when I get back into town next week to hold your requested Local Rule 7-3 Conference should you still desire to proceed despite lacking any proper grounds for proceeding with a Third Motion For Leave.

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com I grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, July 14, 2026 4:09 PM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Meet and Confer Regarding Plaintiff's Anticipated Renewed Motion for Leave to Amend

Ms. Bernard,

I received an automatic reply indicating that Ms. Canby is out of the office. I also called you and left a voicemail requesting a return call.

Sincerely,

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Jul 14, 2026, at 13:16, Luna D'Sol <jravada@icloud.com> wrote:

Ms. Bernard and Ms. Canby,

Earlier today, I called your office and left voicemail messages requesting a return call.

This correspondence is to confirm that my voicemail constitutes a meet-and-confer request pursuant to Local Rule 7-3 regarding Plaintiff's anticipated Renewed Motion for Leave to Amend.

The anticipated motion is based, in part, on Defendant's recent characterization of the insurance contract as the "Farmers Policy," which appears inconsistent with both the policy language and Defendant's prior litigation positions. As alleged in paragraph 6 of Plaintiff's original Complaint, the policy identifies "Farmers" as Farmers Insurance Exchange, and paragraph 4 of the policy likewise defines "Farmers" as Farmers Insurance Exchange. I will also be including the Assumption Certificate.

Please let me know your availability to meet and confer by telephone or videoconference. If we are unable to resolve this matter informally, Plaintiff intends to proceed with filing the anticipated Renewed Motion for Leave to Amend and will advise the Court that Plaintiff attempted to satisfy the meet-and-confer requirements before seeking relief.

Plaintiff continues to reserve all procedural and substantive rights, objections, and arguments.

Respectfully,

**Luna D'Sol**

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com