# DiscoveryViolation003

D'Sol v. Farmers Direct Property and Casualty Insurance Company

November 12, 2026

**From:** **Kelly Canby** kcanby@grsm.com
**Subject:** Re: Meet and Confer Regarding Plaintiff's Anticipated Renewed Motion for Leave to Amend
**Date:** July 15, 2026 at 11:19
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Michelle Bernard mbernard@grsm.com, Kiry Yeoun kyeoun@grsm.com

KC

I'm not very tech savvy, but I assure you that I am out of town with my family and I will make time to speak with you upon my return to the office next week should you wish to hold the requested Local Rule 7-3 Conference.

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, 15 July 2026 11:07:18
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>
**Subject:** Re: Meet and Confer Regarding Plaintiff's Anticipated Renewed Motion for Leave to Amend

For the record, when I emailed you yesterday, I received your automatic out-of-office reply. You nevertheless responded to that email, and when I replied, your automatic out-of-office reply was triggered again. However, after I responded to your most recent email, I no longer received an automatic out-of-office reply before your subsequent response Accordingly, it appears that your out-of-office automatic reply has since been deactivated.

I have provided an example when the circumstances were reversed in terms off to whom it applied where you chose to file your motion with no consideration of the rule you are trying to invoke. Your failure to address it makes an impression.