SanctionableFiling001

D'Sol v. Farmers Direct Property and Casualty Insurance Company

November 12, 2026

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS INSURANCE EXCHANGE



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 26VECV03273<br><br>**DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF 30-DAY EXTENSION TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41(A)(2)**<br><br>Judge: Hon. Karen Moskowitz<br>Dept.: I<br><br>Complaint Filed: June 4, 2026 |

1. I am over the age of eighteen and a partner of Gordon Rees Scully Mansukhani, LLP, counsel for Defendant FARMERS INSURANCE EXCHANGE ("Defendant") in connection with the above-captioned lawsuit filed by Plaintiff LUNA D'SOL ("Plaintiff"). This declaration is submitted pursuant to Code of Civil Procedure Section 430.41(a)(2) in support of the automatic 30-day extension of time for Defendant to respond to Plaintiff's Complaint. I have personal knowledge of the matters contained in this declaration and if called to testify to them could and would do so competently.

/ / /

2. Based on the court's on-line Register of Actions for this matter, it appears that the summons and Complaint were served on Defendants via substitute service such that the date for Defendant's responsive pleading is July 20, 2026.

3. Given our recent retention on behalf of Defendant, on July 17, 2026, I contacted *in pro per* Plaintiff via email to advise that our firm had been retained to represent Defendant in this matter and seeking to initiate the pre-filing meet and confer process as one or more issues raised by the allegations in Plaintiff's Complaint may be subject to an appropriate demurrer on behalf of Defendant. A true and correct copy of my July 17, 2026 email correspondence to Plaintiffs is attached hereto as Exhibit 1. As reflected in the above-referenced email communication, I made a good faith effort to meet and confer with Plaintiff regarding Plaintiff's claims and Defendant's anticipated demurrer to Plaintiff's Complaint but was unable to timely complete the meet and confer process due to our recent retention in this matter and the inability of the parties to schedule the meet and confer at least five (5) days prior to the responsive pleading due date.

4. As a result of the inability of the parties to complete the meet and confer process regarding Defendants' anticipated demurrer prior to the cutoff date to do so prescribed by Section 430.41(a)(2), Defendant maintain that the automatic 30-day extension provided therein is mandated by statute and necessary to allow those meet and confer discussions to commence and, if necessary thereafter, for Defendant to prepare the appropriate demurrer to Plaintiff's Complaint in the event that the parties are unable to informally resolve the issues through the meet and confer process.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of July, 2026 at San Diego, California.

Michelle R. Bernard

Michelle R. Bernard

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# EXHIBIT 1

## Jer Vang-Zamora

**From:** Michelle Bernard
**Sent:** Friday, July 17, 2026 3:37 PM
**To:** Luna D'Sol
**Cc:** Kelly Canby; Jer Vang-Zamora; Kiry Yeoun
**Subject:** RE: D'Sol v. Farmers Insurance Exchange / Los Angeles County Superior Court Case No. 26VECV03273 / SAE No. 2026-2983 ( (2025 Claim 5037114499-1) / GRSM Matter No. 1460263 - Meet And Confer Request (CCP § 430.41

Dear Ms. D'Sol: In furtherance to my email correspondence to you on July 15, 2026 in connection with the pending federal court action filed against Defendant Farmers Direct Property and Casualty Company, as advised, Gordon Rees Scully Mansukhani LLP has been retained to represent Defendant Farmers Insurance Exchange ("FIE") in connection with a separate lawsuit you have filed in Los Angeles County Superior Court (Case No. 26VECV03273)("State Court Action"). Please kindly direct all future case-related correspondence in the State Court Action to my attention as lead counsel for FIE and ensure to add me, my colleague Kelly Canby and secretaries Jer Vang Zamora and Kiry Yeon (all copied above) to your proof of service and email distribution list in this matter.

After reviewing the Complaint filed by Plaintiff Luna D'Sol ("Plaintiff"/"You"), we have determined there are one or more issues which may subject it to an appropriate demurrer and/or motion to strike, including but not limited to the following:

1. Plaintiff's Third Cause of Action for Fraud merely recharacterizes the same "claims handling misconduct" allegations set forth in your Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing as allegedly constituting "fraudulent" conduct (compare Paragraph 18 with Paragraphs 29 -30). Accordingly, the Third Cause of Action is duplicative and improper as a matter of law. Moreover, under California law, "fraud must be pled specifically; general and conclusory allegations do not suffice." *Lazar v. Superior Court* (1996) 12 Cal.4th 631. This requirement serves two purposes. First, it gives the defendant notice of the definite charges to be met. Thus, the allegations should be sufficiently specific that the court can weed out nonmeritorious actions on the basis of the pleadings. In this respect, the pleading should be sufficient "to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217. Accordingly, a plaintiff must plead facts which show how, when, where, to whom, and by what means the "fraudulent" representations were made. *Lazar, supra*, 12 Cal.4th at 645. When the defendant is a corporate defendant, the plaintiff must further allege the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *Id.* On its face, the Third Cause of Action fails to meet this heightened pleading standard such that this claim should be dismissed at the pleadings stage.

2. Plaintiff's Fifth Cause of Action is subject to demurrer as it fails to allege facts to support a violation of the Unruh Act. Unruh Act claims include the following elements: (i) defendant denied plaintiff full and equal accommodations, advantages, facilities, privileges, or services; (ii) that a substantial motivating reason for defendant's conduct was plaintiff's membership in a protected class; (iii) that plaintiff was harmed; and (iv) that defendant's conduct was a substantial factor in

causing plaintiff's harm." *Nia v. Bank of America, N.A.* (S.D. Cal. 2002) 603 F.Supp.3d 894, 906.. Under California law, a plaintiff cannot plead discriminatory intent merely by making a conclusory allegation to that effect . . . [r]ather, the complaint must include some factual context that gives rise to a plausible inference of discriminatory intent." *See e.g., Duronslet v. County of Los Angeles* (C.D. Cal. 2017) 266 F.Supp.3d 1213, 1217 (citations omitted) (granted defendant county's motion to dismiss Unruh Act claim filed by transgender minor where plaintiff merely alleged "she was 'forced' to use male facilities" which failed to establish that defendant "intended to discriminate against her based on her transgender status," albeit court granted leave to amend to allow plaintiff opportunity to "cure this deficiency"); *see also generally Green v. Miss United States of America, LLC* (9th Cir. 2022) 52 F.4th 773, 803-804 (affirmed district court's dismissal of plaintiff transgender woman claim that her rejection from a beauty pageant amounted to gender-identity discrimination in violation of Oregon's Public Accommodation Act because the power of the state cannot be used to "force" the expression of a "message contrary to what it desires to express" as "compelled expression is the problem" because "such compulsion so plainly violates the Constitution"). Here, the gravamen of Plaintiff's gender discrimination claim under the Unruh Act is that FIE claims adjusters allegedly refused to address Plaintiff by her legal name and correct gender despite receiving notice of Plaintiff's name change, gender identity, and requests to be addressed appropriately. See Complaint at Paragraph 50-51. Simply stated, these allegations fail to allege facts to support a viable Unruh Act violation in the first instance as the Unruh Act requires proof of intentional acts of discrimination. *Koebke v, Bernardo Heights Country Club* (2005) 36 Cal.4th 824, 854. To prove intentional discrimination, a plaintiff must put forth evidence of "willful, affirmative misconduct on the part of those who violate the [Unruh] Act." *Id.* at 853. On its face, Plaintiff's Fifth Cause of Action fails to allege any conduct that could be reasonably construed to constitute a violation of the Unruh Act. Moreover, relevant to any purported harm caused by FIE in referring to you by your former name and male references, this contention strains credulity considering that you continue to use an email address in communications with the court and third parties whereby you identify yourself by your former name and male gender identification: jravada@icloud.com (a.k.a. Julio Ravada). Accordingly, this cause of action lacks merit and should be voluntarily dismissed at the pleadings stage.

3. Plaintiff's punitive damage allegations are conclusory and insufficient under California law and therefore subject to a motion to strike. "The conduct required to award punitive damages for the tortious breach of contract ... is of a different dimension [than that required for bad faith liability]." *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1269, 1286. Under prevailing law, Plaintiff must demonstrate by clear and convincing evidence that FIE intended to deliberately injure its insured in conscious disregard of its rights by breaching a contractual obligation owed under the policy and that the alleged misconduct was directed, authorized or ratified by a managing agent of FIE to recover punitive damages. Cal. Civ. Code § 3294; *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.* (1986) 185 Cal. App. 3d 1149, 1154; *Chodos v. Ins. Co. of North America* (1981) 126 Cal. App. 3d 86, 102. Generic allegations of malicious, willful and oppressive conduct are insufficient to satisfy the heighted pleading standard under California law to assert a claim for punitive damages. *See* Complaint at Paragraph 39; Cal. Civ. Code § 3294(c)(1)-(2); *see also* California Civil Jury Instruction (BAJI) 14.72.1 (October 2023 update). Accordingly, Plaintiff's claim for punitive damages should be voluntarily dismissed at the pleadings stage.

Given our recent retention in the State Court Action and our related inability to meet and confer with you within 5 days before FIE's responsive pleading due date (*i.e.* July 20, 2026 based on substitute service),

please note that we plan to file a Code of Civil Procedure § 430.41 automatic 30-day extension declaration to allow the parties sufficient time to complete the meet and confer process regarding FIE's anticipated demurrer and motion to strike.

At your earliest convenience, please let me know some date/time options that work for you next week (July 20 – July 24) to schedule our meet an confer call.

Best regards,

Michelle R. Bernard

---

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™

**MICHELLE R. BERNARD**
Partner

633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101
**D:** 619.230.7769
mbernard@grsm.com

grsm.com

MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS INSURANCE EXCHANGE



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| LUNA D'SOL,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 26VECV03273<br><br>**PROOF OF SERVICE**<br><br>Judge: Hon. Karen Moskowitz<br>Dept.: I<br><br>Complaint Filed: June 4, 2026 |

I am a resident of the State of California. I am over the age of 18 years and not a party to the within action. One of my business addresses is: Gordon Rees Scully Mansukhani, LLP, 101 W. Broadway, Suite 2000 San Diego, CA 92101. My e-mail address is jvang-zamora@grsm.com. On July 17, 2026 I served the within document(s):

- **DECLARATION OF MICHELLE R. BERNARD IN SUPPORT OF 30-DAY EXTENSION TO RESPOND TO PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 430.41(A)(2)**

Luna D'Sol
2275 E. Belding Dr.
Palm Springs, CA 92262
Tel: (213) 925-4069
jravada@icloud.com

*Plaintiff, In Pro Per*

☒ **ELECTRONIC TRANSMISSION:** I electronically served the foregoing document in PDF format to the person(s) at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 17, 2026, at Alameda, California.

Jer Vang-Zamora

GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101