**From:** **Michelle Bernard** mbernard@grsm.com
**Subject:** RE: Urgent: Original Water-Leak Claim, Mold Inspection Findings, and Request for Immediate Action
**Date:** October 19, 2026 at 17:42
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Kelly Canby kcanby@grsm.com

MB

Ms. D'Sol: Farmers/Farmers Direct is not going to agree to a litigation stay in connection with the three pending lawsuits when the parties previously agreed to a settlement in principle to globally resolve these disputes back on 9/25/2026. Accordingly, you will need to file whatever motions you deem necessary to stay these lawsuits if that is your intention.

Notably, you've had the revised proposed long form global settlement agreement for well over a week. As advised, this is a standard claim release that has been vetted and used in numerous Farmers and non-Farmers matters. In that respect, there is nothing controversial about the wording or the standard provisions contained therein. Likewise, the hold harmless/indemnification provision to which you objected has been removed and the agreement clarifies that the scope of the release contained therein has no impact on any other lawsuits or claims you are in involved with -- it is expressly limited to those only claims and lawsuits specifically identified in the recitals in the settlement agreement. The settlement funds are in our possession and available to be distributed upon receipt of your executed signature page for the settlement agreement.

Please advise if we can expect your executed settlement agreement forthwith. Otherwise, we will assume that you have breached your 9/25/2026 written agreement to globally resolve these matters (*i.e.* there is no settlement between the parties) and will proceed accordingly, including notifying the district court in *D'Sol v. Farmers Direct* that it should proceed with issuing its rulings on the Farmers Direct's dispositive motions without further delay.

MRB

---

**MICHELLE R. BERNARD**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com I grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, October 19, 2026 2:07 PM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Urgent: Original Water-Leak Claim, Mold Inspection Findings, and Request for Immediate Action

Hi Ms. Bernard,

Following the information I sent earlier (see below), I am calling to meet and confer to have all 3 cases stayed pending resolution of this issue

have all 3 cases stayed pending resolution of this issue

I would like to file an ex parte

Luna

On Oct 19, 2026, at 14:03, Luna D'Sol <jravada@icloud.com> wrote:

Dear Ms. Bernard,

I am writing regarding the original water-leak claim involving the snorkel pipe at my property and the subsequent mold remediation performed that was covered by the Policy.

When I initially reported the leak, Donnie Means came to the property and told me there was nothing wrong and that everything was fine. He declined the claim. Donny later returned with another individual whom I understood to be an inspector. Based on what I observed, I was concerned that the inspection was not accurately identifying the problem.

I subsequently opened a small hole in the wall myself and discovered evidence of a leak and mold. Following that discovery, Donny returned, and Pimentel arranged for a mold inspection. The investigation then proceeded to a much more extensive remediation, which Farmers paid for. The bathroom was enclosed in plastic containment, and the remediation work continued over several days.

The November 19, 2024 post-remediation inspection report (attached below) subsequently documented two distinct findings. "Mold remediation is deemed necessary"

The bathroom containment passed the post-remediation inspection, but the air sample collected outside the containment and within the same room showed elevated mold levels. The report stated that further investigation was necessary to identify the source and that additional mold-related remediation was needed.

Therefore, the report did not establish that the entire affected area was free of mold. It confirmed that the remediated containment area passed testing while identifying unresolved mold concerns outside that area.

This is concerning because that area is the mater bedroom, where I sleep. The report and receipt package is addressed to Donnie and Farmers paid for it. I need to know why they allow to finish the work against their own inspector's recommendation? This is likely what has led to my breathing issues for which I still need surgery

Please also identify any written coverage determination specifically addressing the elevated mold findings outside the containment area.

I am requesting immediate attention because the report identified additional mold-related concerns that were not resolved merely by the bathroom containment passing its post-remediation testing.

Nothing in this correspondence should be construed as an admission that the additional mold findings constitute a separate loss, that the original claim was fully resolved, or that any applicable contractual limitation period has expired. I expressly reserve all rights and arguments concerning the original claim, the scope of covered damage, and any applicable tolling of contractual limitation periods.

Please respond in writing as soon as possible.

Sincerely,

Luna D’Sol

**Luna D’Sol**

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

<241106 - 2275 E Belding - POST mold report.pdf>

**Luna D’Sol**

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com