**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LUNA D'SOL**

Plaintiff,

vs.

FARMERS INSURANE EXCHANGE; FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 2-50, inclusive,

Defendant(s).

Case No: *2:25-cv-10938-SVW-ASx*

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LIMITED REOPENING OF DISCOVERY, AND RELATED RELIEF**

Hon. Judge Stephen V. Wilson

Courtroom 10A
Complaint Filed: August 21, 2025

Concurrently Filed with:
PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SUPPLEMENT OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, LIMITED REOPENING OF DISCOVERY, AND RELATED RELIEF

The Court, having considered Plaintiff Luna D'Sol's Ex Parte Application filed November 12, 2026, the accompanying Memorandum of Points and Authorities, Plaintiff's supporting Declaration and exhibits, the record in this action, and any opposition submitted by Defendant, hereby ORDERS as follows:

**1. LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Plaintiff is GRANTED leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d).

**2. LEAVE TO SUPPLEMENT OPPOSITION TO SUMMARY JUDGMENT**

Plaintiff is GRANTED leave to supplement her opposition to Defendants' pending Motion for Summary Judgment with newly discovered material evidence.

**3. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants' pending Motion for Summary Judgment is DENIED.

In the alternative to denying Defendant's Motion for Summary Judgment (ECF No. 119), the Court GRANTS Plaintiff's request to strike or disregard the following portions of Defendant's supporting declarations:

**A. Declaration of Donald Means (ECF No. 119-3):** Paragraphs 17, 19, 27, 30, and 32.

**B. Declaration of Paul Hamilton (ECF No. 119-4):** Paragraphs 14, 16, 22, 25(c), and 27.

**C. Declaration of David A. Corona (ECF No. 119-5):** Paragraphs 10, 11(a)–(c), 12, 13–16, and 17.

**D. Declaration of Michael Saskor (ECF No. 119-2):** Paragraphs 11, 12, and 15.

**E. Declaration of Bryce Spradling (ECF No. 119-1):** Paragraphs 14 and 15.

The foregoing portions are STRICKEN or, alternatively, DISREGARDED to the extent the Court determines that they lack adequate evidentiary foundation, contain inadmissible conclusions, or are otherwise improper under Federal Rule of Civil Procedure 56(c)(4) and the Federal Rules of Evidence.

Alternatively, the Court DEFERS ruling on Defendants' pending Motion for Summary Judgment until it has considered Plaintiff's supplemental submissions.

**4. LIMITED REOPENING OF DISCOVERY**

Discovery is REOPENED for the limited purpose of addressing newly discovered material evidence and related factual disputes, including the November 2024 mold inspection reports, Defendants' knowledge and handling of those reports, and the related inspection and claims-handling records identified in Plaintiff's Application.

**5. JOINT STATUS REPORT AND MEET-AND-CONFER REQUIREMENTS**

The December 1, 2026 deadline for submission of the Joint Status Report is ADVANCED to ____________________, 2026.

The parties are DIRECTED to meet and confer in good faith regarding the preparation and filing of the Joint Status Report in accordance with the Court's applicable orders and Local Rules.

**6. SANCTIONS FOR DISCOVERY VIOLATIONS, NONCOMPLIANCE WITH PRETRIAL ORDERS, AND MISREPRESENTATIONS TO THE COURT**

Plaintiff's request for appropriate sanctions is GRANTED.

The Court finds that Defendants and/or their counsel engaged in the following sanctionable conduct, as established by the record:

(a) Violations of applicable discovery obligations and the Court's pretrial orders;

Pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A)(iii), the Court GRANTS Plaintiff's request to strike Defendant Farmers Direct Property and Casualty Insurance Company's Amended Answer.

Accordingly, IT IS ORDERED that:

1. Defendant's Amended Answer, ECF No. ______, is hereby **STRICKEN in its entirety** pursuant to Rules 16(f) and 37(b)(2)(A)(iii).
2. Defendant shall not rely upon the stricken pleading unless otherwise authorized by subsequent order of the Court.
3. The Court retains jurisdiction to determine any additional relief arising from the striking of Defendant's Amended Answer.

(b) Failure to comply with court-ordered meet-and-confer requirements;

(c) Knowingly making false statements of material fact to the tribunal; and

(d) Knowingly making false statements of law to the tribunal.

Accordingly, the Court imposes the following sanctions pursuant to Federal Rules of Civil Procedure 16(f) and 37, and its inherent authority:

**7. JUDICIAL ADMONISHMENT OF DEFENSE COUNSEL**

The Court has reviewed the October 22, 2026 correspondence authored by defense counsel Michelle R. Bernard, submitted as Exhibit 6 to ECF No. 188, PageID 7622, in which counsel characterized Plaintiff's reported psychiatric condition as the "latest crazy update" and stated, "you cannot make this stuff up."

The Court finds these remarks unnecessarily disparaging and inconsistent with the standards of professionalism expected of attorneys appearing before this Court.

Accordingly, the Court hereby **ADMONISHES** defense counsel Michelle R. Bernard and directs counsel to refrain from making gratuitous or derogatory remarks concerning Plaintiff's mental health or medical circumstances in future litigation communications.

**IT IS SO ORDERED.**

Dated: ____________________

________________________________

Hon. Stephen V. Wilson

United States District Judge