MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-6700
Facsimile: (619) 696-7124

Attorneys for Defendant
FARMERS DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUNA D'SOL,

Plaintiff,

v.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-10938-SVW-ASx

**DECLARATION OF KELLY FITZGERALD CANBY IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S IMPROPERLY NOTICED *EX PARTE* APPLICATION [ECF DOC. 193]**

Judge: Hon. Stephen V. Wilson
**Date: November 12, 2026**
**Time: N/A**
Courtroom: 10A
Trial Date: Vacated.
FSC: January 11, 2027; 3:00 p.m.

Filed Concurrently With:
Defendant's Opposition to Plaintiff's Ex Parte Application

Complaint Filed: August 21, 2025

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**DECLARATION OF KELLY FITZGERALD CANBY**

I, Kelly Fitzgerald Canby, declare as follows:

1. I am an attorney at law licensed to practice before all courts of the State of California as well as the United States District Court for the Central District of California. I am a partner in the law firm of Gordon Rees Scully Mansukhani, LLP, attorneys for the Defendant Farmers Direct Property and Casualty Insurance Company ("Defendant" or "Farmers Direct") in connection with the above-captioned matter ("Federal Court Action"). This declaration is being submitted in support of Defendant's Opposition to "PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION TO SUPPLEMENT PLAINTIFF'S OPPOSITION TO DEFENDANT'S MSJ BASED ON NEW EVIDENCE, REOPENING OF DISCOVERY, AND SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL" [ECF Doc. 193] ("Ex Parte Application") filed by Pro Per Plaintiff Luna D'Sol's ("Plaintiff") without first providing proper notice to Farmers Direct as required by Local Rule 7-19. I have personal knowledge of the matters contained in this declaration and if called to testify to them, I could and would do so competently.

**<u>DEFECTIVE NOTICE &</u>**

**<u>PLAINTIFF'S VIOLATION OF L.R. 7-19.1</u>**

2. As explained further below, Plaintiff failed to comply with Local Rule 7-19.1 before she filed this Ex Parte Application with the Court shortly after 6:30 P.M. on the evening of November 12, 2026 (which was also the same day as the Nationwide Microsoft Outlook email service outage).

3. Specifically, contrary to the requirements of Local Rule 7-19.1(a), Plaintiff never disclosed to Defendant (orally or in writing) the date of her anticipated Ex Parte Application at any time before she filed this Ex Parte Application and companion documents, including the supporting Declaration of Luna D'Sol [ECF Doc. 193-1] ("D'Sol Decl.") and numerous exhibits thereto [ECF Docs 193-2

through 193-33]). Defense counsel did not receive any prior notice that complied with Local Rule 7-19(a) before Plaintiff filed her Ex Parte Application after the close of business hours on November 12, 2026.

4. Defense counsel was unaware of Plaintiff's Ex Parte Application filing until well into the next day on November 13, 2026. Given the Nationwide Microsoft Outlook email service interruptions on November 12, 2026, our Firm experienced widescale interruptions of email services through Outlook that day which impacted both the San Diego and Carlsbad Offices. Specifically, both Michelle R. Bernard and I could not receive (or send) any work emails though our "grsm.com" work email addresses (beginning well before noon on November 12, 2026 and continuing past midnight until sometime during the very early morning on November 13, 2026).

5. Accordingly, the Court's "Notice of Electronic Filing" email notification related to Plaintiff's Ex Parte Application filing on November 12, 2026 arrived in my Outlook email inbox at approximately 3:44 A.M. on November 13, 2026. Attached hereto collectively as **Exhibit 12** are true and correct copies of the Court's Notice of Electronic Filing email notification for Plaintiff's Ex Parte Application [ECF Doc. 193] and a screenshot of my Outlook Inbox showing this same email was not received until 3:44 A.M. As Plaintiff never called us to provide notice that she was filing an ex parte application on November 12, 2026, we were not alerted to any need to check PACER for any Court filings for this case.

6. Although Plaintiff previously left a voicemail message for Michelle R. Bernard on the morning of November 9, 2026 related to an anticipated Ex Parte Application, this voicemail message failed to comply with Local Rule 7-19.1(a) because Plaintiff failed to mention the date of her anticipated ex parte application. A true and correct copy of an autogenerated email notification with transcription of Plaintiff's voicemail message to Michelle R. Bernard on November 9, 2026 [10:10 AM] is attached hereto as **Exhibit 6**.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

7. Plaintiff's November 9, 2026 voicemail message to Michelle R. Bernard also did not identify the Court where Plaintiff's anticipated ex parte application would be made. Plaintiff's failure to include these key details was especially confusing given the multiple actions that Plaintiff is prosecuting against Farmers Insurance Exchange in State Court (where Gordon Rees Scully Mansukhani LLP is serving as defense counsel) and/or due to Plaintiff's ongoing threats of filing another action and/or purported claims against Farmers Direct in State Court as well.[1]

8. On November 9, 2026 [11:30 AM] shortly after Plaintiff sent her confusing voicemail message to Michelle R. Bernard (*see* **Exhibit 6**), Plaintiff then sent an email to defense counsel demanding information about defense counsel's alleged "communications involving my mortgage servicer, Select Portfolio Servicing (SPS)," among other things. Plaintiff also directed defense counsel to "[a]dd this to my notice of ex parte." However, Plaintiff's email failed to disclose when and/or where she intended to make any such ex parte application as required by Local Rule 7-19.1(a). A true and correct copy of Plaintiff's email dated November 9, 2026 [11:30 AM] (with the entitled "Subject: Formal Notice of Discovered Evidence and Request for Explanation") is included within **Exhibit 5** hereto.

[1] For example, on or about October 22, 2026, Plaintiff had a document delivered to defense counsel by email entitled "PLAINTIFF'S EX PATY APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT MEMORANDUM OF POINTS AND AUTHORITIES" which stated that Plaintiff would make an ex parte application "on OTOBR 23, 2026, at 8:30 AM" (at p. 2:5) in Los Angeles County Superior Court Case No. 26VECV03272 (i.e., a separate and unrelated action that Plaintiff initiated on or about June 4, 2026 against Farmers Insurance Exchange, where Michelle R. Bernard and I are serving as defense counsel ("State Court Ex Parte Application"). The email sent on behalf of Plaintiff also included a copy of a 30 page "[PROPOSED] SECOND AMANDED COMPLAINT FOR DECLARATORY JUDGMENT") and the entire purpose of Plaintiff's anticipated State Court Ex Parte Application was to add Farmers Direct as a new party to that case on an expedited basis. After an opposition brief was filed, Plaintiff later advised us that her State Court Ex Parte Application documents were not actually filed and instead "the court sent them back and I have to resubmit it." Attached hereto collectively as **Exhibit 13** are true and correct copies of Plaintiff's State Court Ex Parte Application (without exhibits) and her email to me dated October 23, 2026.

9. My partner Michelle R. Bernard responded to Plaintiff's email the same day on November 9, 2026 and advised Plaintiff that her "contemplated *ex parte* application" was entirely misdirected as "**we have not been in communication with your mortgage servicer (SPS)**." True and correct copies of Michelle R. Bernard's November 9, 2026 response email and Plaintiff's reply dated November 9, 2026 [3:12 PM] are also included within **Exhibit 5** hereto.

10. To the extent that Plaintiff suggests that her November 9, 2026 email to defense counsel provided "formal notice" and/or otherwise "advised counsel of my anticipated application for ex parte," a simple examination of the referenced document [ECF Doc. 193-19] (also included within **Exhibit 5** hereto) establishes that those communications from Plaintiff fail to comply with Local Rule 7-19.1(a) as no date is actually mentioned at all. *See e.g.,* D'Sol Decl., ¶ 19 [ECF Doc. 193-1, at p. 7:18-24].

11. Although Plaintiff also references her earlier email dated November 2, 2026 to defense counsel as allegedly "providing notice of my anticipated motions and request for emergency relief," that communication also fails to comply with Local Rule 7-19(1)(a) as well (i.e., again no date was provided). *See e.g.,* D'Sol Decl., ¶ 20 [ECF Doc. 193-1, at p. 8:9-11]. A true and correct copies of Plaintiff's email dated November 2, 2026 to defense counsel (with the entitled "Subject: Notice of Anticipated Motions and Application for Emergency Relief") and Michelle R. Bernard's reply thereto are collectively attached hereto as **Exhibit 4**.

12. Plaintiff's cited October 19, 2026 email communication to defense counsel also fails to provide Defendant with ex parte notice in compliance with Local Rule 7-19 insofar as her email merely states that "I would like to file an ex parte application" and again without any mention of when and/or where such anticipated ex parte application would be filed. *See e.g.,* D'Sol Decl., ¶ 21 [ECF Doc. 193-1, at pp. 9:24-10:13] and her Exhibit 11 thereto [ECF Doc. 193-21].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

13. Additionally, on or about October 23, 2026, Plaintiff also disclosed her intention to add "an additional cause of action and join Donnie Means ('Means')" presumably as a new diversity destroying defendant in this case – given her specific reference to Farmers Direct – as well has her subsequent statement therein that "Plaintiff is informed and believes that Means is domiciled in California and is therefore a California citizen." A true and correct copy of Plaintiff's email to defense counsel dated October 23, 2026 [5:31 PM] is attached thereto as **Exhibit 9**. Although this October 23, 2026 email communication is discussed further below for other reasons, as relevant to Plaintiff's failure to comply with Local Rule 7-19.1(a) this October 23, 2026 email also fails to state a date of any anticipated ex parte application.

14. Per the instructions found on this Court's website and pursuant to the requirements of this Court's New Case Order dated December 1, 2025 [ECF Doc. 13, p. 3:20-22], the "requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was **served**." https://apps.cacd.uscourts.gov/Jps/honorable-stephen-v-wilson. Plaintiff failed to provide any such notice to Defendant here.

15. Plaintiff's Ex Parte Application also lacks the certification under oath as required by Local Rule 7-19.1(b).

16. None of Plaintiff's email communications, voicemail messages and/or other claimed "notices" to defense counsel complied with Local Rule 7-19.

**PLAINTIFF'S REPEATED JURISDICTIONAL CHALLENGES & REFUSAL TO PARTICIPATE IN DISCOVERY**

17. Although Plaintiff now claims that she purportedly "does not seek to add or substitute any party, nor does Plaintiff seek remand to state court" [ECF Doc. 193, p. 12:26-27], this statement is hardly believable as such statement is expressly

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

contrary to Plaintiff's expressed and demonstrated primary litigation objective which is to have this case remanded to State Court.

18. For example, as discussed further above in paragraph 13, Plaintiff just recently disclosed her intention to add Donnie Means as a sham individual defendant to attempt to destroy diversity jurisdiction. *See e.g.,* **Exhibit 9** hereto.

19. As previously briefed to the Court, Plaintiff made an affirmative TACTICAL DECISION to essentially boycott all discovery in this case and instead pursue a strategy of continuing attacks on the Court's established subject matter jurisdiction in conjunction with an aggressive campaign of frivolous sanctions motions against defense counsel (which is still ongoing now). [ECF Docs. 14, 25, 30, 31, 39, 40, 44, 46, 48, 50-52, 54-61, 63, 64, 72, 73, 77, 79, 83, 87, 88, 93, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115, 182, 188].

20. Notably, on May 1, 2026, Plaintiff clearly stated her intentions as follows: "**I am not substantively engaging with discovery because jurisdiction is unresolved**." [ECF Doc. 121-1, at p. 35 (emphasis added)]. A true and correct copy of Plaintiff's email dated May 1, 2026 is included within **Exhibit 14** hereto.

21. Pursuant to her stated objective, Plaintiff failed to notice any depositions, failed to designate any experts and failed to propound any written discovery in this case at all.

22. Plaintiff also refused to participate in her own deposition, refused to respond to any of Defendant's written discovery and Plaintiff also refused to voluntarily produce copies of her own documents as identified in her own Initial Disclosures despite her own repeated written acknowledgment of the parties agreement and "commitment made at the February 12, 2026 Rule 26(f) conference" to do so, as stated in her email dated April 23, 2026 (numerous other times elsewhere). A true and correct copy of Plaintiff's email to me dated April 23, 2026 is included within **Exhibit 14** hereto; *see also generally* Declaration of Kelly

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Fitzgerald Canby filed on or about August 10, 2026 in support of Defendant's Opposition to Plaintiff's Motion to Supplement her Sanctions Motion ("Canby Sanctions Opp. Decl."), at ¶¶ 11-13 [ECF Doc. 112-1, at pp. 4:13-5:28, n.1 and n.3] and [ECF Doc. 45-1, at pp. 20-25; ECF Doc. 62-2, at pp. 24-27].

23. Plaintiff's email dated May 1, 2026 regarding her refusal to participate in discovery was sent in direct response to my email dated April 30, 2026 whereby I informed that "the non-privileged and non-confidential portions of Farmers Direct's file for the Claim should be prepared and ready tomorrow (5/1)," and asked Plaintiff to please let me know "when you anticipate having your Initial Disclosure documents prepared and ready for production **so we can coordinate a time for an <u>exchange</u> of documents?**" A true and correct copy my email to Plaintiff dated April 30, 2026 is included within **Exhibit 14** hereto (emphasis added). I made similar requests to Plaintiff via email on April 27, 2026, May 1, 2026, June 18, 2026, June 23, 2026, July 27, 2026, July 29, 2026, August 4, 2026, August 5, 2026, August 7, 2026, August 12, 2026 and August 13, 2026 which were all without result.

24. Plaintiff is now seeking to reopen discovery to conduct a "deposition of Donald Means," among other requested discovery. *See* Plaintiff's Ex Parte Application [ECF Doc. 193, at p. 35:15-24]. Plaintiff has Donnie Means listed on her witness list that she served electronically by email on February 26, 2026. Despite having identified Donnie Means as a witness in February of 2026, Plaintiff never sought to depose Donnie Means, nor anyone at all in this case.

25. In response to Defendant's efforts to take third party discovery in this case (e.g., through Defendant's deposition subpoenas issued and served on Plaintiff's contractor, the PMK for Progressive Home Remodeling, and/or another third party witness, Kyle Mangione), Plaintiff responded with shenanigans and filed ex parte applications or other motions seeking to expand the scope of sanctions already sought against defense counsel. *See e.g.,* Plaintiff's Ex Parte Application filed on or about

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

September 21, 2026 [ECF Doc. 143, p. 6:18-23]; Plaintiff's Motion to Supplement her Motion For Sanctions filed on August 6, 2026 [ECF Doc. 110-1, p. 4:5-24] and her Reply Brief filed on August 25, 2026 [ECF Doc., 114, at p. 4:11-18].

26. Plaintiff also failed to appear and participate in a Local Rule 37 Conference regarding her delinquent discovery responses (and Local Rule 7-3 meeting pertaining to Defendant's MSJ) that was rescheduled from an earlier date to August 13, 2026 in response to Plaintiff's specific requests. A copy of my August 13, 2026 email sent to Plaintiff following her failure to participate in that Local Rule 37 Discovery Conference and TEAMs call on August 13, 2026 is attached hereto as **Exhibit 2**.

27. I also repeatedly proposed to Plaintiff that the parties should participate in the Informal Discovery Conference procedures available through Hon. Alka Sagar (the Magistrate assigned to our case) as a way to potentially resolve discovery issues on an expedited basis. *See e.g.,* **Exhibit 2** hereto; *see also generally* Canby Sanctions Opp. Decl."), at ¶¶ 16-19, 21 [ECF Doc. 112-1, at pp. 6:12-8:16, p. 9:1-4] and Exhibit 2 [ECF Doc. 112-1, at pp. 18-26] and Exhibit 4 thereto [ECF Doc. 112-1, at pp. 31-33].

28. Not only did Plaintiff decline to participate in any of these suggested expedited Informal Discovery Conference procedures before the Magistrate (see e.g., [ECF Doc. 69, p. 2:5-7]), but Plaintiff also denied that such communications ever occurred [ECF Doc. 109] and instead wrongfully accused me of "Fraud on the Court" and at the same time she also blatantly misrepresents to this Court that "**There Is No Record of Any Informal Discovery Conference Proposal.**" [ECF Doc. 109, at pp. 4:9, 6:24 (emphasis in original)].

29. As explained in further detail in the Defendant's Opposition brief filed concurrently herewith, all of this background information regarding Plaintiff's refusal to participate in discovery (and her failure to propound any affirmative

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

discovery of her own) is all directly relevant to the issues now before this Court as Plaintiff's lack of diligence in completing discovery is clearly established.[2] This same background information also provides further context in understanding Plaintiff's misleading descriptions and inaccurate titles (i.e., "Discovery Violation" and/or "Sanctionable Filing") found on a large number of her supporting exhibits filed in support of this Ex Parte Application, which are discussed further below.

**PLAINTIFF'S OWN LACK OF DILIGENCE DURING DISCOVERY CANNOT BE CURED THROUGH UNWARRANTED ACCUSATIONS OF "DISCOVERY VIOLATIONS" AGAINST DEFENSE COUNSEL**

30. As noted above, Plaintiff failed to notice any depositions, failed to propound any written discovery, failed to designate any experts, refused to exchange Initial Disclosure documents, refused to respond to any of Defendant's written discovery, refused to participate in her own noticed deposition, refused to provide any available dates for within the discovery cutoff so her deposition could be rescheduled, repeatedly sought to thwart Defendant's attempts to obtain discovery from third parties discovery, refused to participate in Local Rule 37 Conferences pertaining to her delinquent discovery responses and generally failed to meet and confer in good faith with Defendant regarding any topic of discovery at all. Now Plaintiff seeks to distract and mislead this Court regarding her own discovery failures by making unwarranted accusations against defense counsel of purported "Discovery Violations" which are all unfounded as further established below as follows:

---

[2] *See e.g., In re Imperial Credit Industries, Inc. Securities Litigation*, 252 F.Supp.2d 1005, 1017 (C.D. Cal. 2003) ("Court holds that, based on the undisputed evidence of Plaintiffs' failure to diligently pursue discovery in this action, Plaintiffs have not made and cannot make the requisite showing of good cause to amend the scheduling order and extend the discovery cut-off in this action"); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026-1027 (9th Cir. 2006) ("[a]ttempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand"); *Netlist Inc. v. Samsung Electronics Co., Ltd.*, 2021 WL 61034541, *1 (C.D. Cal. July 7, 2021) (request to continue fact discovery cutoff denied where the moving party "has not exhibited reasonable diligence in completing discovery").

a. Purported "DiscoveryViolation001" [ECF Doc. 193-2] are merely copies of "Automatic reply" email messages from my email account that were sent out during mid-July to generally inform people who emailed me during my trip to Las Vegas that I was "out of the office with limited access to email returning Monday 7/20/26 so my reply may be delayed."

b. Alleged "DiscoveryViolation002" [ECF Doc. 193-3] is an email I wrote to Plaintiff while I was in Las Vegas in response to her request to hold a Local Rule 7-3 meet and confer discussion regarding "Plaintiff's anticipated Renewed Motion for Leave to Amend," and I responded and informed her of my availability "on the afternoons of Monday 7/20 or Tuesday 7/21" after my return. However, Plaintiff never sought to arrange a meeting with me at either of those times.

c. Claimed "DiscoveryViolation003" [ECF Doc. 193-4] which another email I sent to Plaintiff on July 15, 2026 during my trip to Las Vegas in response to her confusing accusations of some type of untruthfulness against me (e.g., whereby I responded that " . . .I assure you that I am out of town with my family and **I will make time to speak with you upon my return to the office next week should you wish to hold the requested Local Rule 7-3 Conference**") (emphasis added).[3]

[3] Although Plaintiff contends that her "meet and confer requests continued being ignored" she never sought to speak with me on July 20 or 21, 2026 when I returned to the office despite my repeated assurances of my availability. *See e.g.*, D'Sol Decl., ¶ 7 [ECF Doc. 193-1, at p. 2:22-2. Instead, on July 22, 2026 [10:34 PM] she demanded to meet and confer with Ms. Bernard late in the night regarding a claimed "urgent matter" related to her anticipated ex parte application (which was later filed on or about July 23, 2026 [ECF Doc. 98]) allegedly because nobody would speak with her during a time that Michelle R. Bernard was undergoing a medical procedure, but Plaintiff completely ignored my repeated offers to speak with her on July 20-21. Instead Plaintiff erroneously contended that "you have not provided a back up or



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

d. Plaintiff's alleged "DiscoveryViolation004" [ECF Doc. 193-5] which is an email from Michelle Bernard dated July 15, 2026 to Plaintiff stating "**I am in the hospital for an in-patient medical procedure today and not in a position speak with you on the phone**," and Ms. Bernard's anticipated unavailability was among the reasons that I was responding to Plaintiff during my vacation. [ECF Doc. 193-5 (emphasis added)].

e. Purported "DiscoveryViolation005" [ECF Doc. 193-6] which is my July 27, 2026 email message to Plaintiff seeking to confirm her July 31, 2026 deposition and she later refused to appear and participate on July 31, 2026, provided apparently false reasons for her claimed unavailability (e.g., she was not actually hospitalized and/or with her elderly grandmother as initially claimed but was instead actively engaged in a Court trial apparently) and she also repeatedly refused to provide any alternative dates for the rescheduling of her deposition prior to the discovery cutoff.[4]

---

anyone I should communicate with during both of your absence therefore I am also providing this message for the record." Attached hereto collectively as **Exhibit 7** are true and correct copies of email communications among Plaintiff and defense counsel dated July 22, 2026 and July 23, 2026. Accordingly, Plaintiff's claim that her "meet and confer requests continued being ignored," is disputed and refuted by her own documents. *See e.g.,* [ECF Docs. 193-3 and 193-4].

[4] For example, during a brief telephone call with Plaintiff on July 31, 2026, Plaintiff refused to provide defense counsel with any available dates for her rescheduled deposition due to her stated reason that jurisdiction was still unresolved. *See e.g.,* Supplemental Declaration of Kelly Fitzgerald Canby filed on September 14, 2026 in support of Defendant's Motion For Terminationg Sanctions ("MTS") Reply Brief ("Supp. Canby MTS Decl."), ¶¶ 12-16 [ECF Doc. 141-1, at p. 5:1-6:19]; *see also generally* Declaration of Michelle R. Bernard Declaration filed on August 3, 2026 in support of Defendant's Opposition to Plaintiff's Ex Parte Application to Stay Discovery ("Bernard Ex Parte Opp. Decl."), ¶¶ 6-11, 21-22 [ECF Doc. 108-1, at pp. 3:25-5:20, 8:6-9:5]. Plaintiff was apparently not hospitalized or caring for her elderly grandmother as claimed but was instead participating in a Court trial before the Los Angeles County Superior Court at or around the time of her scheduled deposition. *See e.g.,* Declaration of Kelly Fitzgerld Canby filed on September 25, 2026 in support of Defendant's Consolidated Oppositions [ECF Doc. 162] to several ex parte applications filed by Plaintiff [ECF DOCS 143, 144, 148, 153, 154, 158, 159]

f. Alleged "DiscoveryViolation006" [ECF Doc. 193-7] is a copy of a July 31, 2026 email from Michelle R. Bernard to Plaintiff seeking alternative dates for her deposition. Plaintiff has omitted several other email communications with defense counsel within this same email chain and/or that were otherwise exchanged on July 31, 2026 which provide further context and true and correct copies of and those additional July 31, 2026 email communications are attached hereto as **Exhibit 1**.

g. Alleged "DiscoveryViolation007" [ECF Doc. 193-8] are copies of August 28, 2026 emails exchanged between Plaintiff and Michelle R. Bernard. Significantly, Plaintiff did not make any effort to *timely* meet and confer with Defendant related to the Local Rule 16 pretrial filings until after the August 26, 2026 deadline for the Local Rule 16-2 Conference of Counsel had already passed, as noted by Ms. Bernard in her response email where she also further stated the following: "**please note that we are not in a position to meet and confer regarding any of the other pre-trial filing matters to be addressed under L.R. 16-2 <u>until you produce your Rule 26 documents that were promised to us months ago</u>**." [ECF Doc. 193-8 (emphasis added)]. As discussed further in paragraphs 20-23 above, Plaintiff refused to provide copies of her Rule 26 Initial Disclosure documents, refused to participate in scheduled Local Rule 37 Conference on August 13, 2026 regarding her delinquent discovery responses and then provided untrue and deceptive reasons for her absence. *See e.g.,* **Exhibit 2** hereto.

("Canby Ex Parte Opp. Decl."), ¶¶ 21-27 [ECF Doc. 162-1, at pp. 11:8-13:13] and Exhibits 6-9 thereto [ECF Doc. 162-1, at pp. 37-76].

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

31. Accordingly, none of Plaintiff's claimed "Discovery Violations" support any of her requests for relief here.

**OTHER MISLEADING AND IRRELVANT ISSUES**

**RAISED BY PLAINTIFF**

32. Plaintiff also filed a number of other irrelevant documents in support of her Ex Parte Application, including some which she has misleadingly titled as purported "Sanctionable Filings" by defense counsel as follows:

a. Purported "SanctionableFiling001" [ECF Doc. 193-9] which is a document filed by defense counsel on behalf of a third party in another action (i.e., that Plaintiff filed in State Court against Farmers Insurance Exchange as Los Angeles County Superior Court Case No. 26VECV03273).[5] Plaintiff previously acknowledged that this State Court case involves "a different insurance claim, different loss, and different operative facts" than the present dispute against Farmers Direct (*see e.g.,* [ECF Doc. 84]), yet Farmers Direct has still faced repeated ex parte filings from Plaintiff in this case as result.[6]

b. Alleged "SanctionableFiling002" [ECF Doc. 193-10] which is merely a copy of Defendant's Notice of Deposition setting Plaintiff's deposition for July 31, 2026 but Plaintiff refused to appear and refused to provide any alternative dates. *See e.g.,* D'Sol Decl., ¶ 8

---

[5] This is not the first time that Plaintiff has sought to take action against defense counsel in this Court based on this very same irrelevant document which is nothing more than a routine standard statutory declaration that is required to be filed as part of the demurrer filing procedures in State Court. *See e.g.,* Cal. Civ. Proc. Code § 430.41(a)(2). Specifically, Plaintiff also previously filed an ex parte application with this Court on or about June 23, 2026 [ECF Doc. 98] regarding this very same document for reasons she explained as follows: "**This application is based upon critical new evidence** consisting of recent communications and state court filings by Defendant's counsel, Ms. Michelle R. Bernard of Gordon Rees Scully Mansukhani, in Case No. 26VECV03273." [ECF Doc. 98, p. 2:5-7 (emphasis in original)].

[6] A true and correct copy of Plaintiff's "NOTICE OF OTHER PROCEEDING AND PROCEDURAL HISTORY" filed on or about June 4, 2026 [ECF Doc. 84] is attached hereto as **Exhibit 3** for easy reference.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

[ECF Doc. 193-1, at p. 5:1-4]. Plaintiff's claim that she never received the initial service transmission email on July 17, 2026 is belied by the fact that Plaintiff later "replied" to that very same email she claimed to have never received.[7]

33. Accordingly, none of Plaintiff's claimed "Sanctionable Filings" by defense counsel support any of her requested relief here.

34. Similarly, Plaintiff's irrelevant claims about alleged statutory violation notices pertaining to her window and/or peeling paint in the surrounding areas also do not support any of her relief sought though this Ex Parte Application. For example, found within Plaintiff's Exhibit 22 [ECF Do. 193-32] are copies of several citations from the City of Palm Springs which Plaintiff contends are somehow the responsibility of Farmers Direct, including citations for "PROPERTY MAINTANCE-PEELING PAINT" dated June 2, 2026 and/or another citation also for "PROPERTY MAINTANCE-PEELING PAINT" dated June 12, 2026. Specifically, Plaintiff contends that she "received multiple official notices from the City of Palm Springs concerning administrative citations issued against my residence at 2275 E. Belding Drive, Palm Springs, California, for alleged property maintenance violations, including peeling exterior paint." D'Sol Decl., ¶ 41 [ECF Doc. 193-1],

35. Plaintiff seemingly blames Defendant for these citations and/or others that she has received from the City of Palm Springs for "unresolved maintenance violations" allegedly "due to the window mentioned in this action." *See* Plaintiff's

---

[7] Attached hereto as **Exhibit 8** is a true and correct copy of an email dated August 5, 2026 sent to my office by Plaintiff on August 5, 2026 [3:26 PM] which is an obvious reply to the service transmission email dated July 17, 2026 which attached a copy of her notice of deposition (i.e., which is clearly visible in the area below Plaintiff's apparently contrived "automated" email message). Significantly, I sent emails to Plaintiff's email address shortly before and shortly after this alleged "automated" email message was received and none of those communications generated a similar automated response which makes the circumstances of Plaintiff's alleged "automated" message sent on August 5, 2026 [3:26 PM] highly suspicious, but regardless still establishes her prior receipt of that email communication which is contrary to her assertions regarding an alleged failure to receive that communication.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Ex Parte Application [ECF Doc. 193, at p. 34:20]; *see also* D'Sol Decl., ¶ 41 [ECF Doc. 193-1, at pp. 16:23-17:5], at Exhibit 22 thereto [ECF Doc. 193-32]. According to Plaintiff, these "notices concern the damaged window and require corrective action." [ECF Doc. 193, at p. 35:4].

36. With regard to Plaintiff's contentions about the window and/or surrounding paint, I refer this Court to the Defendant's "SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT" [ECF Doc. 117-1] ("Defendant's MSJ Separate Statement"), specifically including SUF No. 57 and SUF No. 78 and the Defendant's evidence submitted with the MSJ and cited therein. *See e.g.,* Defendant's MSJ Separate Statement, at SUF No. 57 and SUF No. 78 [ECF Doc. 117-1, at pp. 14, 18-19] and the supporting Declaration of Michael Saskor at Exhibit 4 thereto [ECF Doc. 119-2, at pp. 65-74].

37. For the Court's convenience and easy reference a true and correct copy of a portion of Exhibit 4 to the Declaration of Michael Saskor [ECF Doc. 119-2, at pp. 65-74] is attached hereto as **Exhibit 10**, specifically including Defendant's updated repair estimate "JULIO1_RAVADA2" dated "5/28/2025 which collectively lists more than $1500.00 in payments made to Plaintiff to replace this very same window and to stucco and repaint the surrounding area (which is more than the $1000 in estimated window repair costs sought by Plaintiff for alleged damages to that same area as result of the vandalism incident on June 3, 2024).[8]

[8] *See e.g.,* **Exhibit 10**, at page 4 thereof also bates labeled [FD001151]) at sections under "Window Repair" heading, including Item No. 6 ("ACV" amount of $323.81) for "R&R Vinyl window" allowing "to remove and replace due to damage to window frame", Item No. 7 ("ACV" amount of $119.68) for "additional charge to retrofit window"), Item 20 ("ACV amount $386.80) "to repair stucco around window and electrical panel to be replaced"); and Item 21 ("ACV" amount of $419.20) "to paint east facing from front of home to corner after electrical panel," plus additional items on page 7 thereof also bates labeled [FD001154], including Item No. 30 ("ACV"

38. Regarding Plaintiff's comments in paragraph 36 of her supporting declaration, significantly she never timely filed an opposition (if any was filed at all) to Defendant Farmers Direct's Ex Parte Application and Motion Filings Per Local Rule 5-4.6.2, Local Rule 6-1 and/or FRCP 6(b)(1)(B) Re MSJ and MTS [ECF Doc. 127].

39. Accordingly, based on the record before this Court, there are no extraordinary circumstances nor good cause to support Plaintiff's Ex Parte Application. Moreover, Plaintiff failed to comply with the ex parte notice requirements of Local Rule 7-19 in any event.

40. Farmers Direct also respectfully requests this Court to consider making an evaluation of Plaintiff's litigation conduct in light of Local Rule 83-8 and/or to set an OSC for the purpose of determining whether Plaintiff is a Vexatious Litigant and whether any "Security" or "Control" measures are appropriate because based on the large number of frivolous filings by Plaintiff it clearly seems that Plaintiff has "abused the Court's process and is likely to continue such abuse, unless protective measures are taken." *See* Local Rule 83-8.3

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 16th day of November 2026 at Carlsbad, California.

Kelly Fitzgerald Canby

---

amount of $68,27323.81) for "Window labor minimum" and Item No. 31 ("ACV" amount of $197.99) for "Drywall labor minimum."

# EXHIBIT 1

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 9:35 PM
**To:** Michelle Bernard
**Cc:** Kelly Canby
**Subject:** Re: D'Sol v. Farmers Direct Property & Casualty Insurance Company - Confirming our discussion / RE: Meet and Confer Ex Parte

Hi Ms. Bernard,

Thank you for admitting that you and Ms. Canby don't have time to answer my "self-served" requests.

I'd like to address how you began your message because I think it explains a lot of what's happening here. Just to be clear, I've only looked up for your name once, and that was earlier this morning when I needed you license number for a form I'm completing. You should check this out, Google's search suggestion reads "Are you sure you don't mean Michelle D. Bernard, she's a real famous attorney in California, click here, she even wrote a book!"

It seems you are holding onto an unrealistic standard that no one else shares. Let's look at the facts: Ms. Canby was out of town with her family and should not have been expected to send long messages. However, if you look closer, you will realize she was actually covering for you. Despite that, you chose to reprimand her in an email copied to an adverse party. That approach is entirely unprofessional. True leaders inspire respect through their actions and support for their team, rather than trying to elevate themselves by pulling others down.

Additionally, your statement that "this holds true whether" you are on medical leave or personal time off is telling.

And Ms. Bernard, I believe that once again you are projecting your failures on me. I have never expressed an expectation that you don't respond to me promptly, you are the one with improper service demanding that I show up at your office in 2 days without asking my availability. And don't forget that you're the one who transferred the case to federal court without the summons while claiming that you were.

Last, you don't get to try to enforce an order that last week you refused to comply with because, as you stated, you don't have time to deal with me even though that's exactly what you're being paid for.

Regards

Luna

Sent from my iPhone

On Jul 31, 2026, at 5:12 PM, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: This email is in response to yours below directed to my colleague, Kelly Canby.

As I'm sure your research has shown, I am a senior partner at one of the largest law firms in the United States and oversee the day-to-day management of numerous attorneys and litigation matters. Rest assured, I have not "gone missing" as erroneously suggested in your email but likewise I do not have time to contemporaneously respond to your self-serving and unhinged communications directed to me or Ms. Canby in this matter. This holds true whether I am in the office/out of the office/on vacation/personal time off/medical leave. In this respect, your expectation of an immediate response by me or Ms. Canby to your emails and/or voice mail messages – regardless of our respective work and/or personal schedules – does not dictate the timeline for our response to the same.

Relevant to your email exchange today with Ms. Canby, your after-the-fact attempt to "correct" the record here is without merit and clearly designed to fabricate more excuses for your non-compliance with your discovery obligations in this matter. Notwithstanding the fact that the Court has taken certain motions under submission and your recent ex parte application seeking a continuance of various scheduling order dates (including the October 13, 2026 trial date), you are not judicially "excused" from complying with the current deadlines set forth in the operative scheduling order.

Regarding your properly noticed deposition scheduled for today, we made an accommodation in taking it off calendar based on your alleged unavailability due to travel plans to visit your grandmother. That said, if you do not provide us with written confirmation of an alternative date for your deposition to take place during the week of August 10-14 **by close of business on Monday (August 3, 2026**) and likewise produce your outstanding Rule 26 documents **by next Wednesday (August 5, 2026)**, we intend to seek court intervention to resolve this discovery dispute and will be requesting sanctions against you for the expense incurred by Farmers Direct to compel your compliance.

Finally, please refrain from the snarky ad hominem attacks directed at me and Ms. Canby. Your comments are both unwarranted and unprofessional.

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 3:28 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Confirming our discussion / RE: Meet and Confer Ex Parte

Ms. Canby,

I am writing to formally correct the mischaracterization of events from your correspondence. It is important that our written record accurately reflects the facts in order to properly frame my participation, there is a recurring pattern where conversations are reframed in a way that inaccurately portrays my actions and professional conduct. Documenting these events correctly is essential to ensure a fair, productive, and respectful working relationship.

You cannot say that I have refused to participate on anything when last week you kept sending long messages as to why you were buy instead of responding to my requests until Bernard scolded you for pretending to be busy with family while acting like you were not.

Then Ms. Bernard went missing as well.

And I do not recall you telling me all of what you content around deposition…. You just proposed a random date and rushed me to accept because you failed to do it on time. That is all you mentioned

Luna

> On Jul 31, 2026, at 13:11, Kelly Canby <kcanby@grsm.com> wrote:
>
> Hello Ms. D'Sol –
>
> Following up on my message and to confirm our brief discussion earlier today:

1. We do not have authority to agree to a trial continuance on behalf of Farmers Direct.

1. Farmers Direct will not agree to continue any scheduling orders deadlines that have already passed (e.g., such as your failure to timely designate any experts).

1. To the extent that you plan to seek the continuance of scheduled dates or approaching deadlines (e.g., trial date, FSC, 8/14 discovery cut off and ADR compliance deadline), we will let you know if Farmers Direct intends to oppose those requests once we have an opportunity to review and evaluate your ex parte papers.

1. Additionally, as I mention in my message, there is an ADR completion deadline approaching on 8/21/26 and we should proceed in a way that will ensure compliance with the existing deadlines, so please let me know if you have any preferences on type of ADR or days that you could be available on or before August 21 for the purpose of conducting an ADR proceeding. We've reached out to several potential mediators to check on availability and should have more information next week.

1. Additionally, as I mentioned during our call I would like to get your deposition rescheduled now given your refusal to appear on 7/31/26 and the approaching discovery cutoff and request that you **provide at least one date between now and 8/13 when you could be available for deposition in Los Angeles** – although you were unwilling to do so as you prefer to wait until after your ex parte is resolved – as I mentioned during our call, its uncertain how soon your anticipated ex parte application will be resolved so we need to proceed in a way that will allow for compliance with existing deadlines. Accordingly, please provide a new date for your deposition (and confirm if you will provide copies of your Initial Disclosure documents at least 3 days prior to your deposition)?

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 10:32 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Meet and Confer Ex Parte

Counsel,

I left you a voicemail earlier today regarding a proposed ex parte application that I intend to file.

This email is to memorialize my meet-and-confer effort.

The relief I intend to seek is a continuance of the current trial date, the Final Pretrial Conference, and related discovery deadlines until the Court has ruled on Plaintiff's pending Motion for Reconsideration. In my view, proceeding with discovery and trial preparation before that motion is resolved risks unnecessary expense, duplication of effort, and potential prejudice if the Court's ruling materially affects the parties, claims, or scope of the litigation.

Thank you.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Friday, July 31, 2026 1:16 PM
**To:** 'Luna D'Sol'
**Cc:** Michelle Bernard
**Subject:** RE: Meet and Confer Ex Parte
**Attachments:** Confirming our discussion / RE: Meet and Confer Ex Parte

Hello Ms. D'Sol – I believe our emails crossed paths – please see my attached email dated 7/31/26 [1:11 PM].

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Luna D'Sol jravada@icloud.com
**Sent:** Friday, July 31, 2026 12:56 PM
**To:** Kelly Canby kcanby@grsm.com
**Cc:** Michelle Bernard mbernard@grsm.com
**Subject:** Re: Meet and Confer Ex Parte

Dear Ms. Canby,

This email memorializes our telephone conversation today.

During the call, you advised that Defendant does not agree with the grounds asserted in Plaintiff's forthcoming Ex Parte Application. You also requested that Plaintiff provide you her availability and Plaintiff communicated that she should be able to but would rather hear from the Ex Parte application response.

Regards,

Luna D'Sol
Plaintiff, In Pro Per

On Jul 31, 2026, at 10:32, Luna D'Sol <jravada@icloud.com> wrote:

Counsel,

I left you a voicemail earlier today regarding a proposed ex parte application that I intend to file.

This email is to memorialize my meet-and-confer effort.

The relief I intend to seek is a continuance of the current trial date, the Final Pretrial Conference, and related discovery deadlines until the Court has ruled on Plaintiff's pending Motion for Reconsideration. In my view, proceeding with discovery and trial preparation before that motion is resolved risks unnecessary expense, duplication of effort, and potential prejudice if the Court's ruling materially affects the parties, claims, or scope of the litigation.

Thank you.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

**From:** Kelly Canby
**Sent:** Friday, July 31, 2026 1:11 PM
**To:** 'Luna D'Sol'
**Cc:** Michelle Bernard
**Subject:** Confirming our discussion / RE: Meet and Confer Ex Parte

Hello Ms. D'Sol –

Following up on my message and to confirm our brief discussion earlier today:

- We do not have authority to agree to a trial continuance on behalf of Farmers Direct.

- Farmers Direct will not agree to continue any scheduling orders deadlines that have already passed (e.g., such as your failure to timely designate any experts).

- To the extent that you plan to seek the continuance of scheduled dates or approaching deadlines (e.g., trial date, FSC, 8/14 discovery cut off and ADR compliance deadline), we will let you know if Farmers Direct intends to oppose those requests once we have an opportunity to review and evaluate your ex parte papers.

- Additionally, as I mention in my message, there is an ADR completion deadline approaching on 8/21/26 and we should proceed in a way that will ensure compliance with the existing deadlines, so please let me know if you have any preferences on type of ADR or days that you could be available on or before August 21 for the purpose of conducting an ADR proceeding. We've reached out to several potential mediators to check on availability and should have more information next week.

- Additionally, as I mentioned during our call I would like to get your deposition rescheduled now given your refusal to appear on 7/31/26 and the approaching discovery cutoff and request that you **provide at least one date between now and 8/13 when you could be available for deposition in Los Angeles** – although you were unwilling to do so as you prefer to wait until after your ex parte is resolved – as I mentioned during our call, its uncertain how soon your anticipated ex parte application will be resolved so we need to proceed in a way that will allow for compliance with existing deadlines. Accordingly, please provide a new date for your deposition (and confirm if you will provide copies of your Initial Disclosure documents at least 3 days prior to your deposition)?

Thanks,
Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923

**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, July 31, 2026 10:32 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Meet and Confer Ex Parte

Counsel,

I left you a voicemail earlier today regarding a proposed ex parte application that I intend to file.

This email is to memorialize my meet-and-confer effort.

The relief I intend to seek is a continuance of the current trial date, the Final Pretrial Conference, and related discovery deadlines until the Court has ruled on Plaintiff's pending Motion for Reconsideration. In my view, proceeding with discovery and trial preparation before that motion is resolved risks unnecessary expense, duplication of effort, and potential prejudice if the Court's ruling materially affects the parties, claims, or scope of the litigation.

Thank you.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 2

**Kelly Canby**

| | |
|---|---|
| **From:** | Kelly Canby |
| **Sent:** | Thursday, August 13, 2026 12:04 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Michelle Bernard |
| **Subject:** | RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1) |
| **Attachments:** | fa91ff37-b23f-4aa4-ac81-189d772d11e5.pdf |
| **Importance:** | High |

Hello Again Luna – I left you a voicemail asking to call me but no response. I also waited in the TEAMs Chat until past noon (as I had blocked out an hour for our call) and I've been next to my phone but I have not heard from you.

**IDC FORM:** I've attached the Magistrate's IDC Request Form one more time just in case you change your mind and wish to participate in the process. Further information can be found here: Honorable Alka Sagar | Central District of California | United States District Court

**SEND US COPIES OF YOUR DOCS BY MONDAY OR WE ARE MOVING TO STRIKE YOUR INITIAL DISCLOSURES:** If copies of your Rule 26 Initial Disclosure document production materials are not sent to us by close of business on Monday 8/17 (per our prior agreement to exchange document at the 2/12/26 Rule 26(f) Conference) we will be moving to Strike your Rule 26 Disclosures.

**YOUR REFUSAL TO PARTICIPATE IN LOCAL RULE 37-1 CONFERENCES:** Additionally, given your refusal to communicate with me today (when I postponed our initial planned call from 5:30 p.m. yesterday until 11:00 today at your specific request) I presume you are unwilling to participate in the requested Local Rule 37-1 Conferences regarding to your delinquent written discovery responses, sought deposition, previously agreed upon exchange of Initial Disclosure Documents, etc. and we will move forward accordingly.

**YOUR VIOLATION OF COURT'S ADR DEADLINE:** Additionally, we have repeatedly asked you to provide potentially available dates to participate in ADR, but you have refused to provide any response. We will seek to add any violation of the Court's ADR deadline and/or other orders to our prior requested OSC hearing for the issuance of sua sponte sanctions and/or civil contempt finding against you by the Court.

**YOUR REFUSAL TO MEET AND CONFER PER LOCAL RULE 7-3 RE FARMERS DIRECT'S MSJ/MSA:** Additionally, I have been ready and willing to participate in the required pre-filing meet and confer process in good faith as required by Local Rule 7-3 regarding Farmers Direct's anticipated MSJ/MSA and you postponed our meeting yesterday, which I rescheduled at your requested time of 11:00 but you are nowhere to be found and have not returned my call either. Given the approaching filing deadlines we will plan to move forward with the MSJ/MSA given your refusal to participate in these scheduled discussions and clear refusal to participate in the meet and confer process in good faith.

**THIRD PARTY DISCOVERY:** I will plan to proceed with both depositions tomorrow per the existing notices .

Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:14 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

The link is below, but you can go ahead and just call me on my office line now if you prefer to speak by phone – 760-444-5923 – I'm ready to talk at 11:00 today as you requested. Please call now.

---

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW
Meeting ID: 243 317 248 760 179
Passcode: vg9gf7Sr

---

Need help? | System reference
Dial in by phone
+1 415-856-9224,,628141081# United States, San Francisco
(888) 994-5245,,628141081# United States (Toll-free)
Find a local number
Phone conference ID: 628 141 081#
Join on a video conferencing device
Tenant key: grsmsip@m.webex.com
Video ID: 118 318 282 5
More info

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

**From:** Kelly Canby
**Sent:** Thursday, August 13, 2026 11:11 AM
**To:** 'Luna D'Sol' <jravada@icloud.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

I'm on the TEAMs call now?

---


**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard


**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, August 13, 2026 11:10 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

You just canceled our meet and confer today without telling me in advance

You mentioned yesterday that Farmers Direct will be responsible for Exchange's wrong doing then we need Exchange here


**Luna D'Sol**
(213) 925-4069
jravada@icloud.com


This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

> On Aug 12, 2026, at 17:15, Kelly Canby <kcanby@grsm.com> wrote:
>
> Hello Ms. D'Sol – I just sent an updated TEAMs invite for tomorrow at 11:00 a.m. per your request.
>
> Given that I need allow time to coordinate any potential changes to appearance details with court reporters, videographers and third party witnesses, can you please respond tonight related to the following two issues (alternatively we will just plan to proceed per the current notices):

1. Can you please let me know tonight whether or not you will agree that the August 14, 9:00 a.m. PMK Deposition of Progressive Remodeling Inc. may proceed on a remote basis via video conference (which the witness David Aragon has requested)? Alternatively, we will plan to proceed with an in-person deposition at our LA Office on Friday Morning per the Amended Notice.

2. Additionally, please let me know if you have a working phone number for Kyle Mangione? I'm willing to discuss the possibility of a remote deposition with him as well, but I need to speak with him to confirm he is amendable and to make sure has the proper technical capabilities/computer setup (assuming you have no objection to switching to remote). Alternatively, we will plan to proceed with the Deposition at our office in Ontario at 3:15 p.m. on August 14, 2026 as noticed.

Thanks,
Kelly Canby

---

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 12, 2026 4:49 PM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Re Farmers Direct's MSJ (Local Rule 7-3) and Pending Discovery Issues (Local Rule 37-1)

Ms. Canby,

Please change the conference for tomorrow. I am unable to reconcile all the information you have provided lately, it is extremely inconsistent and I need time to prepare or understand your references to events I have no records Tomorrow at 11 am works me

On Aug 12, 2026, at 14:36, Kelly Canby <kcanby@grsm.com> wrote:

---

## Microsoft Teams meeting

**Join:**https://teams.microsoft.com/meet/243317248760179?p=d8U2sONz1QGlbsfbqW

Meeting ID: 243 317 248 760 179

Passcode: vg9gf7Sr

---

Need help? | System reference

**Dial in by phone**

+1 415-856-9224,,628141081# United States, San Francisco

(888) 994-5245,,628141081# United States (Toll-free)

Find a local number

Phone conference ID: 628 141 081#

**Join on a video conferencing device**

Tenant key: grsmsip@m.webex.com

Video ID: 118 318 282 5

More info

For organizers: Meeting options | Reset dial-in PIN

GRSM50
GORDON REES SCULLY MANSUKHANI
"YOUR 50 STATE LAW FIRM"

GRSM Participants: Online Meetings should be conducted from your LOCAL computer or mobile app. Please don't start your meeting within Citrix or a remote session technology. Use your local computer's Teams app or web browser for all online meetings. Thank you.

Privacy and security

---

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**

YOUR 50 STATE LAW FIRM™
www.grsm.com

<Mail Attachment.ics>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**REQUEST FOR INFORMAL DISCOVERY CONFERENCE**

Email to: as_chambers@cacd.uscourts.gov

Case Caption and Number:

Dates of the two L.R. 37-1 conferences of counsel: ☐ Telephonic ☐ In Person ☐ Telephonic ☐ In Person

Counsel of Record who will be appearing at the informal telephonic conference

For Plaintiff(s):

For Defendant(s):

Proposed, stipulated dates and times for telephonic conference:

BRIEF, NEUTRAL STATEMENT OF DISPUTE:

SPECIFIC RELIEF REQUESTED BY MOVING PARTY:

BRIEF SUMMARY OF PARTIES' RESPECTIVE POSITIONS:

Plaintiff:

Defendant:

# EXHIBIT 3

**Luna D'Sol**
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL**<br>Plaintiff,<br>vs.<br>FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,<br>Defendant(s). | Case No: *2:25-cv-10938-SVW-ASx*<br><br>**NOTICE OF OTHER PROCEEDING AND PROCEDURAL HISTORY** |

## I. PURPOSE OF THIS NOTICE

Plaintiff Luna D'Sol respectfully submits this Notice to advise the Court that Plaintiff has filed a separate action involving Farmers Insurance Exchange arising from a different insurance claim, different loss, and different operative facts.

Plaintiff does not contend that the actions are related cases within the meaning of the applicable rules governing related-case designation. Plaintiff nevertheless provides this Notice so that the Court is aware of the existence of the separate proceeding and its relationship to the procedural history described below.

## II. PRIOR STATE COURT ACTION AND FEDERAL REMOVAL

On August 21, 2025, Plaintiff commenced Los Angeles County Superior Court Case No. 25VECV04713 against Farmers Insurance Exchange concerning a separate insurance **claim for a loss that occurred on June 4th, 2024**.

Thereafter, documents produced and relied upon by Defendants identified Farmers Direct Property and Casualty Insurance Company as the issuing insurer. Following amendment of the pleadings, the action

was removed to the United States District Court for the Central District of California, where it is presently pending as Case No. 2:25-cv-10938-SVW-ASx. Plaintiff's remand motion remains pending.

This action arose under **Policy No. 3872340940** (Policy Terms September 28th 2023 - September 28th 2024) where on  September 20th, 2024 Farmers Insurance Exchange issued an Assumption Certificate effective that January 15, 2024 it assummed responsibility for policy obligations that had been originally issued by Farmers Direct Property and Casualty Insurance Company and that thereafter on September 28th 2024 Farmers Insurance Exchange issued **Policy No. 0778165476** (Policy Terms September 28th 2024 – September 28th 2025).

## III. FILING OF THE PRESENT ACTION

On June 3rd, 2026, Plaintiff filed the present action against Farmers Insurance Exchange arising from a **separate loss occurring on or about June 3, 2025**.

The present action concerns different claim numbers, different losses, different damages, and a different insurer than those at issue in the federal action. The only substantial overlap arises from the Assumption Certificate, which became effective on January 15, 2024, and established the contractual relationship between Plaintiff and Farmers Insurance Exchange concerning the insured residence. Plaintiff is informed and believes that Farmers Direct Property and Casualty Insurance Company contends in the federal action that it lacks contractual privity with Plaintiff following the Assumption Certificate.

## IV. BASIS FOR DISCLOSURE

Plaintiff provides this Notice out of an abundance of caution because both matters involve claims associated with the same insured residence located at 2275 E. Belding Drive, Palm Springs, California, Farmers-related entities, issues arising from the Assumption Certificate, and overlapping questions concerning obligations allegedly assumed by Farmers Insurance Exchange.

Plaintiff further notes that attorney John Na has represented Farmers Insurance Exchange and Farmers Direct Property and Casualty Insurance Company in connection with the two losses' Examination Under Oath, while attorneys Michelle Bernard and Kelly Canby have appeared in the federal action. Attorneys John Na and Michelle Bernard email signature disclose the same office address with Gordon Rees Scully Mansukhani, LLP, at 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071  Los Angeles office.

Plaintiff further notes that attorney John Na of Gordon Rees Scully Mansukhani, LLP conducted and participated in Examination Under Oath proceedings concerning both the June 2024 loss representing Farmers Direct Property and Casualty Insurance Company, and the June 2025 loss representing Farmers Insurance Exchange, while attorneys Michelle Bernard and Kelly Canby of Gordon Rees Scully Mansukhani, LLP have appeared in the federal action. Plaintiff further notes that the email signatures used by Mr. Na and Ms. Bernard identify the same office address at 633 West Fifth Street, 52nd Floor, Los Angeles, California 90071.

**V. NO ASSERTION OF RELATED-CASE STATUS**

Plaintiff does not contend that the present action and the federal action constitute related cases. Plaintiff submits this Notice solely for purposes of disclosure and transparency and leaves any determination concerning relation, coordination, consolidation, or reassignment to the Court.

**VI. RESERVATION**

This Notice is not intended to disclose privileged communications, attorney work product, or protected information and is submitted solely so that the Court is aware of the existence and procedural history of the separate proceedings.

**DECLARATION**

I, Luna D'Sol, declare as follows:

I am the Plaintiff in the above-captioned action. I have read the foregoing Notice of Other Proceeding and Procedural History and know the contents thereof. The facts stated therein are true of my own personal knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 4TH, 2026, at Palm Springs, California.

/s/ Luna D'Sol

Luna D'Sol, Plaintiif in Pro Per

# EXHIBIT 4

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Monday, November 2, 2026 5:52 PM |
| **To:** | Luna D'Sol |
| **Cc:** | Kelly Canby |
| **Subject:** | RE: Notice of Anticipated Motions and Application for Emergency Relief — D'Sol v. Farmers Direct, Case No. 2:25-cv-10938-SVW-AS |

Ms. D'Sol: We are opposing all aspects of these frivolous "emergency" motions and will be seeking sanctions against you for time spent in responding to them if filed.

As an initial matter, I did not "refuse" to speak to you last Friday afternoon but advised that I was not available for a telephone call as noted in my email.

Relevant to your anticipated motions, it seems a bit peculiar that you requested the court to stay this case for 30+ days so you could reschedule your surgery and seek treatment for your mental health issues which rendered you incapable of participating in day-to-day litigation activities and yet you have proceeded to use this time – as evidenced by the recent correspondence record – to focus your efforts on barraging us with mindless meet and confer requests regarding various meritless motions and claims. Your conduct seriously calls into question whether your stay request was made in good faith in the first instance or simply was a ruse/litigation tactic to buy more time to engage in wasteful law and motion practice.

Given that your alleged mold claim is not at issue in the operative First Amended Complaint, there is no procedural basis for seeking a TRO.

Relevant to the mold report, it is our understanding that it was prepared by a contractor of your choice over two years ago. You admit having received a copy of the report but simply didn't read it when sent nor timely followed up with anyone at Farmers Direct about whether there was any covered loss related damage necessitating further mold testing and/or remediation to your residence that had not already been addressed by the company. The fact that you have delayed over 2 years to raise this issue – and your related ALE requests – as potential issues with Farmers Direct does not revive an already stale insurance recovery claim. As such, any attempt to amend your complaint at this late date is time barred by the policy's contractual limitations provision and the court's scheduling order as the due date to amend pleadings in this action has long since passed.

The rest of your threatened relief (partial default, sanctions, etc.) does not have any credible factual support as the only party who could be reasonably characterized as engaging in litigation misconduct, serial violation of court orders and discovery obligations, vexatious litigation filings, etc. is you – not Farmers Direct. That is crystal clear from even a cursory review of the court docket in this case.

Be advised that Farmers Direct continues to reserve its rights to seeking monetary sanctions against you for time spent having to oppose these procedurally unsound and factual deficient motions.

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 2, 2026 4:36 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Notice of Anticipated Motions and Application for Emergency Relief — D'Sol v. Farmers Direct, Case No. 2:25-cv-10938-SVW-AS

Hi Ms. Bernard and Ms. Canby:

PLEASE TAKE NOTICE that Plaintiff Luna D'Sol, appearing in propria persona, anticipates filing motions and an application for emergency relief in the above-captioned action.

My phone call attempt is on the record from last Friday when Ms Bernard refused my request because she said she is not available

Plaintiff intends to seek the following relief:

**1. Temporary Restraining Order and Preliminary Injunction and Order to show cause— Fed. R. Civ. P. 65**

Plaintiff intends to seek emergency injunctive relief concerning Defendant's continuing refusal or failure to provide Additional Living Expenses ("ALE") and the unresolved conditions at Plaintiff's insured property, including mold contamination documented by the November 6, 2024 inspection and laboratory reports.

**2. Motion to Reopen Discovery — Fed. R. Civ. P. 16(b)(4)**

Plaintiff intends to request limited discovery concerning Defendant's receipt, evaluation, and handling of the November 2024 mold reports, its subsequent May 2025 inspection, and its claims-handling decisions concerning remediation and temporary housing benefits.

**3. Motion for Leave to File an Amended Complaint — Fed. R. Civ. P. 15(a)(2) and 16(b)(4)**

Plaintiff intends to seek leave to amend her complaint to address additional factual allegations and claims supported by the evidentiary record.

**4. Motion for Partial Default Judgment, and Motion for Sanctions — Fed. R. Civ. 56a**

Plaintiff anticipates seeking partial default judgment concerning claims or issues for refusing to follow court order on discovery, bad faith, vexatious filing, misleading this court and refusing to fix the record when giving an opportunity to , .

Plaintiff further intends to address Defendant's discovery conduct, compliance with applicable court orders, and the prejudice allegedly resulting from unnecessary procedural delays, including Defendant's November 2, 2026 ex parte application seeking a continuance of the December 7, 2026 pretrial conference and hearings on its motions in limine.

Plaintiff disputes any suggestion that the requested continuance is necessary to accommodate ordinary motion practice and reserves the right to oppose Defendant's application.

Pursuant to Local Rule 7-19.1, Plaintiff requests that Defendant. Plaintiff also requests Defendant's position regarding the remaining proposed motions for purposes of the applicable meet-and-confer requirements.

Please provide your response identifying which requests Defendant opposes and the grounds for its opposition.

Respectfully,

**Luna D'Sol**
📱 (213) 925-4069
✉️ jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 5

**Kelly Canby**

| | |
|---|---|
| **From:** | Michelle Bernard |
| **Sent:** | Monday, November 9, 2026 1:22 PM |
| **To:** | 'Luna D'Sol' |
| **Cc:** | Kelly Canby |
| **Subject:** | RE: Formal Notice of Discovered Evidence and Request for Explanation / D'Sol v. Farmers Direct |

Ms. D'Sol: As previously advised, our firm is litigation counsel for Farmers/Farmers Direct. We – as attorneys – have no involvement in "handling insurance claims" you have submitted to Farmers/Farmers Direct. That is the role of the claims adjuster – not litigation counsel. Accordingly, all such "claim-related" communications should be directed to your assigned claims adjuster at Farmer/Farmers Direct for review and further response on behalf of the company.

Relevant to your contemplated *ex parte* application, we have not been in communication with your mortgage servicer (SPS) so your threats on that front lack any credible evidentiary support and are misdirected. Accordingly, please be advised that the filing of any such request for ex parte relief is not only without merit but will subject you to potential sanctions by the court for your continuing abuse of the *ex parte* application process in this case as well as the filing of meritless motions in general. *See* Local Rule 83-8 *et seq*.

MRB

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 9, 2026 11:39 AM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>
**Subject:** Formal Notice of Discovered Evidence and Request for Explanation

Ms. Bernard,

Please consider this correspondence formal notice of a material issue concerning your handling of my insurance claims and its communications involving my mortgage servicer, Select Portfolio Servicing (SPS).

I have recently identified additional documentation raising serious concerns

**CAL. CODE REGS. TIT. 10, § 2695.4**

Add this to my notice of ex parte

Please be advised that any subsequent corrective action will not, by itself, eliminate liability for prior violations or prejudice already sustained. Defendants are also expected to preserve all relevant communications, claim records, internal notes, and correspondence involving SPS.

If you or your client want to share a solution you have until I file the ex parte

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 9, 2026 3:12 PM
**To:** Michelle Bernard
**Cc:** Kelly Canby
**Subject:** Re: Formal Notice of Discovered Evidence and Request for Explanation / D'Sol v. Farmers Direct

Ms. Bernard,

I have an entire section in my ex parte about your deceptive communication that have been noticed since the very first time you implemented it. The breach from Farmers Insurance Exchange, to then your immediate switch to use Farmers / Direct as if they were one same company, your cover up in your filings switching the definition of entities, your failure to comply with court order. Your firm already attributed the name "farmers" to FIE in the past, you cannot reasonably think that people can't see what you are doing. There is also your production of original policy that belong to Metropolitan, and Defendants have obscured its name but left other identifiers exposed. Your direct violation of Cal. Code Regs. Tit. 10, § 2695.4 - Representation of Policy Provisions and Benefits - you failed disclose and fully explained required information, in fact, you trie harder to conceal that information. I relied on your representations. You failed your duty not to misrepresent the tribunal.
The City of Palm Springs has now raised concerns regarding the exterior window that remains unrepaired. I have repeatedly requested payment of contractual benefits necessary to restore the insured property. I am not requesting a gratuitous payment. I am requesting that the responsible insurer evaluate and pay benefits owed under the applicable policy. I will be bringing this up to support my ex parte

e) No insurer shall:

(1) request that a claimant sign a release that extends beyond the subject matter which gave rise to the claim payment unless, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing. For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature;

(2) be precluded from including in any release a provision requiring the claimant to waive the provisions of California Civil Code Section 1542 provided that, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing. For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature.

**A. DEFENDANTS REFUSAL TO FOLLOW DISCOVERY COURT ORDER**

On June 11, 2026, this Honorable Court issued its Civil Trial Preparation Order, establishing the procedures governing trial preparation. *See ECF No. 86*. The Order provides that, in cases proceeding to jury trial, the parties **MUST** submit **JOINT** jury instructions and a verdict form no later than two court days before the pretrial conference, or one week before trial if the pretrial conference is waived. *Id., Page ID 2667 §A.1.* To prepare these submissions, the parties **SHALL MEET AND CONFER** are directed to meet and confer regarding the proposed instructions and verdict form. *Id*. Plaintiff did that.

The Pretrial Conference was originally scheduled for October 5, 2026, with joint jury instructions and a verdict form due October 1, 2026. On August 28, 2026, thirty-four days before the submission deadline, Plaintiff contacted Defendant's counsel regarding outstanding pretrial matters. *See* D'Sol Decl. ¶10, Exhibit DiscoveryViolation007. In response, Defendant's counsel, Michelle R. Bernard, refused to meet and confer concerning jury instructions under "**Local Rule 16-2**," stating that "there is no basis for meeting and conferring on jury instructions as there is not going to be a jury trial as of right now," despite Defendant's motion to strike Plaintiff's jury demand remaining pending before the Court. *Id*.

The Court's Civil Trial Preparation Order further required jury instructions to be submitted in three separate sets: (1) agreed-upon instructions; (2) instructions proposed by Plaintiff and opposed by Defendant; and (3) instructions proposed by Defendant and opposed by Plaintiff. *See* ECF No. 86, PageID 2667. Thus, the Order expressly contemplated the submission of disputed instructions, rather than permitting either party to unilaterally decline participation based on an unresolved motion. *Id*.

Plaintiff timely filed the three required jury instructions forms and verdict form on October 1, 2026, documenting that Plaintiff had propounded Defendant's counsel with the proposed jury instructions for Defendant's counsel to complete its portion of the joint submission, Defendant's counsel failed to respond or participate in preparing the joint jury instructions and verdict form. *See* ECF Docs 168, 169, 170 and 173.

Defendant's counsel Kelly Canby subsequently submitted untimely filings that failed to comply with the Court's expressly prescribed formatting requirements. See ECF Doc. 175-177, where ECF Doc. 176 and 177 were untimely filed on October 2, 2026, and on its face Defendant's

counsel Ms. Canby misrepresented that Plaintiff had failed to comply with LR 16 despite the fact that Ms. Canby was a recipient of Plaintiffs LR16 request sent via email on August 28, 2026, thirty-four days before the filing deadline and that Ms. Bernard responded "As far as meeting and conferring on LR16-2 topics… there is no basis for meeting and conferring." See ECF Doc. 175, PageID7320, n. 1; *See* D'Sol Decl. ¶10, Exhibit DiscoveryViolation007.

Defendant's counsel Ms. Canby expressly acknowledged that their Motion to Strike Plaintiff's jury demand remained undecided while Defendant is holding that Plaintiff's Jury Demand should follow Defendant's filing of Defendant's Answer. ECF No. 175, at 3 n.2; ECF Doc. 37. Nevertheless, defense counsel refused Plaintiff's August 28, 2026 request to meet and confer concerning jury instructions, despite Ms. Canby being copied on that correspondence. Defendants subsequently accused Plaintiff of failing to participate in the Local Rule 16 process. *Id.* at 3 n.1. Defendants then filed ECF Nos. 176–177 on October 2, 2026, after the Court's October 1 deadline, without complying with the prescribed formatting requirements. A pending motion does not suspend compliance with an operative court order. **Fed. R. Civ. P. 16(f)(1)(C)** authorizes sanctions for violating pretrial orders and incorporates **Rule 37(b)(2)(A)(iii)**, expressly permitting the Court to strike pleadings in whole or in part. See *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788–89 (9th Cir. 2011). Plaintiff disagrees with Defendants, however through these unfair tactics Defendant were able to obtain what they were after, Plaintiff ability to fair trial is ruined by Defendant. At this point it is not feasible to obtain a jury without the ability to represent some kind of order because there isn't any. Last week Ms. Bernard email Platinffi stating that sine they have not expressly consent to electronic service in state court for FIE that PLaintff should consier any emails as non complaint. Ms. Bernard, as supervisot of attorneys for one of the biggest insurance companies in the county knew or should have known that explcit consent is required to email discovery requests to a party. Ms. Bernard knew or should have known that she did not have one from PLaintff which has been demonstrated all this time when Farmers shanmelessly claims RFAs admitted and failed demonstrably to prouce a single proof of consent because there isn't any, and Plaintiff requests to this court to consider such act as knowingly misleading. Today, defendant has taken that right for a faier trail, here we are no discovery while closed, plaintiff

accussed of admitting RFAs that toay she still has not seen, with a messy unrelate jury trail documents, defendants refusar to follow court order while holding up two answers as valid while defendant have insisted and accomplish that Plaintiff's FAC should ignore FIE even if mentioned in the bodu beause it is not in the caption. Plaintiff respectfully request that this court strike Defendant's Amended Answer.

Plaintiff requests that the Court strike Defendants' operative Amended Answer under Rules 16(f) and 37(b)(2)(A)(iii), upon finding willful noncompliance, resulting prejudice, and the inadequacy of lesser sanctions. See *Malone v. U.S. Postal Service*, 833 F.2d 128, 130–32 (9th Cir. 1987).

**KNOWINGLY FALSE STATEMENT OF FACT TO A TRIBUNAL**

On July 15, 2026, at approximately 12:39 p.m., Ms. Bernard expressly informed Plaintiff that the separate state court action, *Luna D'Sol v. Farmers Insurance Exchange*, Case No. 26VECV03273, had already been referred to her for further handling. Ms. Bernard stated: "I will send you a separate email regarding your new state court lawsuit as that matter has been referred to me for further handling." *See* concurrently filed Declaration of Luna D'Sol ["D'Sol Decl."], ¶5 Exhibit DiscoveryViolation004.

Notwithstanding this communication, Ms. Bernard subsequently filed a declaration pursuant to California Code of Civil Procedure § 430.41(a)(2), representing that she had been retained on July 17, 2026, and that her first contact with Plaintiff concerning the action occurred on July 17, 2026. D'Sol Decl., ¶6, Exhibit SanctionbleFiling001.

**Ms. Bernard's representation concerning the date of her first contact with Plaintiff is demonstrably false**. Contrary to her sworn declaration identifying July 17, 2026, as the date of first contact, Ms. Bernard had already communicated directly with Plaintiff concerning the same state court action on July 15, 2026, two days earlier. This gross misrepresentation concerned a factual matter within Ms. Bernard's personal knowledge and directly implicated her professional obligations under the California Rules of Professional Conduct, including Rule 1.1 (Competence), Rule 1.3 (Diligence), and Rule 3.3(a)(1) (Candor Toward the Tribunal), as well as California

Business and Professions Code § 6068(d), which prohibits attorneys from misleading the court through false statements of fact or law.

The record further establishes that, on July 14 and 15, 2026, attorney Kelly Canby repeatedly represented that she was unavailable to participate in Plaintiff's requested Local Rule 7-3 conference because she was out of town with her family and would not return to the office until July 20, 2026. *(See D'Sol Decl., ¶¶ 2–4, Exs. DiscoveryViolation001–003.)* Yet, thirteen days later, on July 27, 2026, Ms. Canby emailed Plaintiff demanding confirmation of Plaintiff's attendance at a deposition scheduled for July 31, 2026, attaching a purported Notice of Deposition that Plaintiff maintains she had neither previously received nor been made aware of. *See D'Sol Decl., ¶¶7-8, Exhibits. DiscoveryViolation005 and SanctionbleFiling002.* The attached Notice was dated July 16, 2026, during Ms. Canby's stated absence, and included a Proof of Service executed by her legal secretary, Kiry Yeoun, on July 17, 2026, certifying electronic service upon Plaintiff. Significantly, the Proof of Service expressly selected electronic service as the method of transmission, notwithstanding absence of Plaintiff's consented to electronic service and Defendant's failure, to date, to produce evidence establishing such consent. *(See Fed. R. Civ. P. 5(b)(2)(E).)*

## B. KNOWINGLY FALSE STATEMENT OF LAW TO A TRIBUNAL: A DISQUALIFICATION TO DEFENDANT'S ENTIRE MSJ.

Under *California Rule of Professional Conduct 3.3(a)(1)*, an attorney shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a previously made false statement of material fact or law. The Rules define knowledge as actual knowledge, which may be inferred from the circumstances. *Cal. R. Prof. Conduct 1.0.1(f)*. An attorney's duty of candor extends to representations concerning the governing contractual provisions upon which the attorney asks a court to adjudicate the parties' rights.

On August 31, 2026, Defendant Farmers Direct Property and Casualty Insurance Company, through its counsel Kelly Fitzgerald Canby, filed its Separate Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment. *(ECF No. 117-1,* In *Undisputed Material Fact No. 11, at PageID 4238*). Defendant selectively identified provisions

of the California Amendatory Endorsement, Form HA01CA 0108, specifically referencing Section 1.A, concerning "Intentional Loss," while omitting the endorsement's remaining amendments, including Section 2, entitled "HOW WE SETTLE A PROPERTY LOSS." Section 2 addresses additional claims for payment under Replacement Cost Settlement and Replacement Cost on Contents and, according to the endorsement, amends the applicable period for notifying Defendant of an election to repair, restore, or replace damaged, destroyed, or stolen property to twelve (12) months. *Id.* Defendants omitted this section from the Policy*:*

**AMENDING ENDORSEMENTS:**

**California Amendatory Endorsement HA01CA 0108** [1]

2 SECTION I - HOW WE SETTLE A PROPERTY LOSS, the provisions relating to your right to make further claim for any additional payments for **Replacement Cost Settlement** or **Replacement Cost on Contents** is amended to provide a 12 month time period for **you** to notify **us** of **your** decision to repair, restore or replace the damaged, destroyed or stolen property. Additional extensions of six months shall be provided to **you** for good cause. Furthermore, in the event of a loss related to a "state of emergency", as defined under California law, the time period for **you** to notify **us** shall not exceed 24 months after the date of **actual cash value** payment.

The omitted replacement-cost provisions implicate mandatory protections under *California Insurance Code § 2051.5(b)(1)(A)*. *Plaintiff was entitled* to no less than 12 months from the first actual-cash-value payment to recover the full replacement cost of a covered loss, subject to applicable policy limits and statutory conditions. Defendants' omission of this entitlement and California Amendatory Endorsement HA01CA 0108 materially undermines their reliance on an alleged 180-day limitation to deny Plaintiff's replacement-cost benefits.

The California Amendatory Endorsement HA01CA 0108 expressly amended the corresponding provision of Property Loss Settlement Endorsement HP4520 0113:

**Property Loss Settlement HP4520 0113**[2]

Replacement Cost on Contents

If you decide not to repair, restore or replace the damaged or stolen property, settlement will be on an actual cash value basis. You may make further claim within 180 days after the date of actual cash value payment for any additional payment on a replacement cost basis if you repair, restore or replace the damaged or stolen property.

The distinction between the original and amended provisions concerns the applicable notification period: 180 days under the original provision and 12 months under the California Amendatory Endorsement. *(Id., HA01CA 0108 / HP4520 0113*). Defendant through 'Insurance Licensed Supervisor – Company Employee Adjuster" Bryce Spradling with License Number 12948777,[3] misrepresented that Plaintiff had "voided [her] ability to recover any funds" by failing

to provide information before April 27, 2025, which Mr. Spradling calculated 180-days from the time that Defendant Farmers Direct through its agent Richard Brynt issued the first payment from for the Burglary Claim on October 29, 2024. *See First Amended Complaint, Exhibit Y, ECF No. 1-2, Page ID 189.* Defendants has already acknowledged Plaintiff's November 5, 2024, notice of intent to replace. *See Defendant's Statement of Uncontroverted Facts, ECF Doc. 117-1, SUF 64, PgeID4249; Saskor Decl. ECF Doc. 119-2, ¶16.e; Hamilton Decl. ECF Doc. 119-4, ¶1, Exhibit 1.*

On July 8, 2025, Defendant Farmers Direct, through its agent Michael Saskor, denied Plaintiff's July 7, 2025, request for reimbursement of recoverable depreciation associated with her replacement MacBook Air. [4]*See ECF Doc 119-2 PageID 4470.* Plaintiff had purchased the replacement laptop on June 25, 2025, within 12 months of Defendant's initial actual-cash-value payment on October 29, 2024. See ECF Doc 119-2 PageID 4470. Saskor denied the request as untimely, invoking the 180-day deadline that Defendant calculated to have expired on April 27, 2025. *Id.*

Plaintiff disputes Defendant's application of that deadline in light of California Amendatory Endorsement HA01CA 0108 and *California Insurance Code § 2051.5(b)(1)(A).* The dispute concerns whether Defendant properly interpreted and applied the policy's replacement-cost provisions, including the applicable endorsement, when denying the additional $160.88. Defendant subsequently maintained its reliance on the 180-day limitation in its Memorandum of Contentions of Fact and Law, citing Property Loss Settlement Endorsement HP4520 0113, Section 1.2.A, and separately referencing Section 1.1.A governing dwelling-property settlement. *ECF No. 133, n. 33, PageID 5959; ECF No. 23-1, pp. 214–216.* Plaintiff contends that these provisions must be read together with California Amendatory Endorsement HA01CA 0108 rather than applied in isolation.

---

[1] See ECF Doc. 1-2 PageID 106
[2] See ECF Doc. 1-2 PageID 87
[3] https://sbs.naic.org/solar-external
[4] Plaintiff's insured personal property included a MacBook Air 13.3-inch laptop, Apple M1 chip, 8 GB memory, 256 GB SSD, Silver, Model MGN93LL/A. Defendant valued the laptop at $699.00, plus $64.66 in applicable sales tax, for a total replacement cost of $763.66. Defendant withheld $160.88 in recoverable depreciation and on October 29, 2024, paid Plaintiff only $602.78 in actual cash value. Plaintiff submitted June 25, 2025, Invoice No. MB81288042 from

Apple for a Laptop Serial No. JHKQ2V0TT, MBA 13 MDN / PU/16/ 256 GB that had been charged to Plaintiff's card ending in 4641

The Court acknowledges that this is an unsettled issue in the Ninth Circuit. In Ringgold Corp. v. Worrall, 880 F.2d 1138, 1141 (9th Cir. 1989), the Court affirmed the district court's application of Rule 55 and the traditional Eitel factors when granting default judgment against a defendant who failed to appear at trial. But in that analysis, the Ninth Circuit held that the "notice requirements of Rule 55(b)(2) are inapplicable to this case," and it cited a Second Circuit case—Brock v. Unique Racquetball & Health Club, Inc., 786 F.2d 61 (2d Cir. 1986)—in support. But Brock explicitly held that "counsel fail[ing] to appear during the course of trial" is "not the typical Rule 55 [default judgment] case." 786 F.2d at 64. Rather, it held that in such circumstances, default is allowed as a "sanction" for "non-attendance occurring after a trial has begun." 786 F.2d at 64. The Ninth Circuit appeared to adopt this approach in S.E.C. v. Rana Rsch., Inc., 8 F.3d 29 (9th Cir. 1993) (memorandum opinion). There, the defendant "fail[ed] to appear at trial." Id. at *3. The district court entered default under Rule 55. See id. The Ninth Circuit held that this was an error, and that default judgment in such a situation is imposed "as a sanction" rather than as a "failure to defend under Rule 55(b)." Id. The court then applied the five factors typically considered when "determining whether to enter default as a sanction." Id. This latter approach is most consistent with the scholarship on this issue, which generally concludes that "default [under Rule 55] [is] not appropriately entered when defendant fail[s] to appear at trial," as "[a] defendant who has participated throughout the pretrial process and has filed a responsive pleading, placing the case at issue, has not conceded liability." Wright & Miller, Entry of Default Under Rule 55(a), Fed. Prac. And Proc. § 2682. Rather, in such situations, parties should look to "Rule 36(b)(2)(A)(vi) and 37(d)(3)," which "both provide for use of a default judgment as a sanction." Id. Given this landscape, the Court agrees with the Ninth Circuit's more recent position in Rana, and thus holds that when a defendant does not appear at trial, application of Rule 55(b) is inappropriate, and instead, default judgment is best considered as a sanction.

The public policy favoring the disposition of cases on their merits. "[D]efault judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." Gregorian v. Izvestia, 871 F.2d 1515, 1523 (9th Cir. 1989).

**that an injunction is in the public interest**

The Palm Springs Municipal Code § 11.72.170 governs property maintenance under Chapter 11.72 Public Nuisance. Its purpose is to protects community character, aesthetic appeal, and economic/residential value through required property upkeep.

> The economic welfare, residential attractiveness, and community character of Palm Springs are attributable to its unique aesthetic features and setting.
> To ensure a proper standard of maintenance
> other nuisances, or constitute a fire hazard or other condition that is dangerous to, or otherwise poses a risk of harm to the public health, safety, or welfare, or constitutes visual blight or reduces the aesthetic appearance of the neighborhood
> All properties must be maintained free of visible trash, stored materials, excessive weeds, and overgrown vegetation. Buildings and structures must remain safe and free of defects, neglect, and deterioration. Site improvements, including paving, walkways, curbs, fences, lighting, drainage, and trash areas, must be kept in safe, clean, and functional condition. Landscaping must remain healthy, trimmed, and weed-free, and irrigation systems must operate properly and provide adequate watering

Plaintiff has received multiple 22 different correspondences from the Palm Springs : Notices of Violation from the Palm Springs Municipal Code Department, Notice of Cease and Desist Code Violation Notice from City of Palm Springs' Attorney's Office Best Best & Kriecer, Citations from the City of Palm Springs notices concerning municipal-code violations at the Subject Property from in connection with enforcement by the City of Palm Springs due to the window mentioned in this action.

The notices refer to Chapter 11.72 of the Palm Springs Municipal Code and identify an alleged code violation involving a condition characterized in the notice as a public nuisance. These violation-related documents date from April 2026 to present.

Plaintiff alleges that at least some of these notices concern the damaged window and require corrective action. The dates, deadlines, and precise requirements are stated in the individual notices.

Plaintiff also received municipal fines totaling approximately $1,400 in connection with the code-enforcement matter. The notices and assessments identify the violations and amounts associated with the fines.

The notices and fine assessments document that the condition of the property resulted in actual municipal enforcement consequences. The unresolved insurance dispute impaired her ability to complete the necessary repairs and respond to the City's requirements

**Active Government Enforcement and Investigations**

Defendant's widespread and unfair business practices have directly attracted the intervention of California law enforcement and regulatory bodies. On September 9, 2026, the Affirmative Litigation and Consumer Protection Division of the Los Angeles County Counsel officially launched a formal civil investigation into Farmers Insurance Group for potential violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.) stemming from bad-faith claims handling

On Nov 9, 2026, at 13:22, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: As previously advised, our firm is litigation counsel for Farmers/Farmers Direct. We – as attorneys – have no involvement in "handling insurance claims" you have submitted to Farmers/Farmers Direct. That is the role of the claims adjuster – <u>not</u>litigation counsel. Accordingly, all such "claim-related" communications should be directed to your assigned claims adjuster at Farmer/Farmers Direct for review and further response on behalf of the company.

Relevant to your contemplated *ex parte* application, we have not been in communication with your mortgage servicer (SPS) so your threats on that front lack any credible evidentiary support and are misdirected. Accordingly, please be advised that the filing of any such

request for ex parte relief is not only without merit but will subject you to potential sanctions by the court for your continuing abuse of the *ex parte* application process in this case as well as the filing of meritless motions in general. *See* Local Rule 83-8 *et seq*.

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 9, 2026 11:39 AM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>
**Subject:** Formal Notice of Discovered Evidence and Request for Explanation

Ms. Bernard,

Please consider this correspondence formal notice of a material issue concerning your handling of my insurance claims and its communications involving my mortgage servicer, Select Portfolio Servicing (SPS).

I have recently identified additional documentation raising serious concerns

**CAL. CODE REGS. TIT. 10, § 2695.4**

Add this to my notice of ex parte

Please be advised that any subsequent corrective action will not, by itself, eliminate liability for prior violations or prejudice already sustained. Defendants are also expected to preserve all relevant communications, claim records, internal notes, and correspondence involving SPS.

If you or your client want to share a solution you have until I file the ex parte

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 6

**From:** +1 213-925-4069 <noreply@skype.voicemail.microsoft.com>
**Sent:** Monday, November 9, 2026 10:10 AM
**To:** Michelle Bernard <mbernard@grsm.com>
**Subject:** Voice Mail (1 minute and 10 seconds)

Hello, Ms. Bernard. This is Luna De Sol. I'm calling about a meeting confer or notice to give you for my exparte application on the, let's see what we have here, California Code Regulations Title 10. 269, that's for basically your violation for not disclosing or not being clear about SPS involvement. And we're trying to include them in the agreement that you wanted to have a release from them. So, if not, I mean, I'm sending an e-mail too with more information. So, I'll be submitting that today. I'm almost done, but thank you.

You received a voice mail from +1 213-925-4069.

---

**Thank you for using Transcription! If you don't see a transcript above, it's because the audio quality was not clear enough to transcribe.**

Set Up Voice Mail

# EXHIBIT 7

**Kelly Canby**

**From:** Michelle Bernard
**Sent:** Thursday, July 23, 2026 5:15 PM
**To:** Luna D'Sol
**Cc:** Kelly Canby
**Subject:** RE: Luna D'Sol v. Farmers Direct - Meet and Confer Ex Parte For Leave to File Supplement

Ms. D'Sol: The record speaks for itself. I am not answering your calls after normal business hours nor am I responding to your calls if I am PTO/out of office.

And rest assured I will be asking Judge Wilson to be reimbursed for **ALL** our attorneys' fees/costs in opposing your frivolous motions.

I look forward to seeing you on Monday in person in Judge Wilson's courtroom.

Best regards,

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, July 23, 2026 4:51 PM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Luna D'Sol v. Farmers Direct - Meet and Confer Ex Parte For Leave to File Supplement

Ms. Bernard,

My meet-and-confer request was made in good faith and modeled directly after the after-hours/weekend standard established by your own office earlier in this action. Not to mention your refusal to answer my calls for a week now.

Regards,

On Jul 23, 2026, at 15:46, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: As an initial matter, please be advised that I do not take "meet and confer" calls after hours or on the weekends. Hence, calling me at 10:24 p.m. last night and sending me a follow up email at 10:34 p.m. inviting me to "meet and confer" before you file another frivolous pleading impugning my character in yet another desperate attempt to gain some ill-conceived litigation advantage in this case is clearly not done in good faith.

Likewise, there is no "sense of urgency" here as the basis for supplementing your meritless sanctions motion is based on a complete mischaracterization of the factual record in the *D'Sol v. Fire Insurance Exchange* state court lawsuit.

As advised, we have no intention of stipulating to any request by you seeking *ex parte* relief or leave of court to file yet another frivolous pleading in this case. In this regard and relevant to Farmers Direct's opposition to your *ex parte*application, be advised that we will be requesting that the court sanction you for wasting everyone's time – mine and Judge Wilson's – in having to address/respond to the patently absurd arguments set forth in *ex parte*application you filed today. *See* ECF 98-98-9 and ECF 99-99-1.

Finally, as far as your ad hominem attacks on me, these assertions are scurrilous and totally unwarranted. " 'Ad hominem arguments, of course, constitute one of the most common errors in logic: Trying to win an argument by calling your opponent names . . . only shows the paucity of your own reasoning.' " *Findleton v. Coyote Valley Band of Pomo Indians* (2021) 69 Cal.App.5th 736, 763, quoting *Huntington Beach City Council v. Superior Court* (2002) 94 Cal.App.4th 1417, 1430.

Very truly yours,

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, July 22, 2026 10:34 PM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>
**Subject:** Meet and Confer Ex Parte For Leave to File Supplement

Hi Ms. Bernanrd.

This message initiates a meet-and-confer process regarding an ex parte application that Plaintiff intends to file.

When you were granted an ex parte in this action, you did it based on a meet and confer request made on a Sunday, I felt I could then make my request at this time since mine is based on an urgent matter.

The anticipated application will seek leave for Plaintiff to file supplemental information relating to Plaintiff's pending Motion for Sanctions. The evidence at issue, our Email exchange and State filings, arose only after Plaintiff's reply was filed and therefore could not have been presented during the original briefing.

I know that you mentioned that you have been in the hospital, and that Ms. Canby should not be engaging because she is with her family, however you have not provided a back up or anyone I should communicate with during both of your absence therefore I am also providing this message for the record.

I hope you recover soon.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended onlyfor the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 8

**Kelly Canby**

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Wednesday, August 5, 2026 3:26 PM
**To:** Kiry Yeoun
**Cc:** Kelly Canby; Michelle Bernard
**Subject:** Automatic Reply: Out of Office

Thank you for your email.

I am currently out of the office and will be unavailable until August 20, 2026. During this time, I will not be reviewing or responding to email.

Nothing in this automatic response should be construed as an acknowledgment, agreement, waiver, consent, acceptance of service, stipulation, or concession regarding any factual assertion, legal position, or procedural matter referenced in your email or any attachment.

Any response, if appropriate, will be provided after my return.

Luna D'Sol

On Jul 17, 2026, at 09:26, Kiry Yeoun <kyeoun@grsm.com> wrote:

Dear Counsel,

Please find attached the electronic service copy of the document:

**DEFENDANT FARMERS DIRECT PROPERY AND CASUALTY INSURANCE COMPANY'S NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF LUNA D'SOL**

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<2026-07-16 D'SOL DEF NOTICE OF DEPOSITION TO PLAINTIFF.pdf>

# EXHIBIT 9

**Kelly Canby**

| | |
|---|---|
| **From:** | Luna D'Sol <jravada@icloud.com> |
| **Sent:** | Friday, October 23, 2026 5:31 PM |
| **To:** | Michelle Bernard |
| **Cc:** | Kelly Canby |
| **Subject:** | MEET-AND-CONFER EFFORTS REGARDING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND |
| **Attachments:** | 241106 - 2275 E Belding - POST mold report.pdf; Untitled attachment 00065.htm; 2275 E Belding Dr INVOICE for Insurance.tif.pdf; Untitled attachment 00068.htm |

**Hi,**

**Plaintiff seeks leave to amend her complaint to assert an additional cause of action and to join Donnie Means ("Means"), an individual employed by or acting as an agent of Defendant Farmers Direct Property and Casualty Insurance Company. Plaintiff is informed and believes that Means is domiciled in California and is therefore a California citizen.**

Plaintiff clarifies that **the relief presently requested is leave to amend the complaint and join Means as an additional defendant, not an order remanding this action to state court.**

Plaintiff seeks to include Means based on his alleged personal involvement in the events giving rise to this litigation. His joinder is sought to permit adjudication of claims arising from the same underlying transactions and occurrences, rather than to obtain a jurisdictional advantage.

Plaintiff has requested that Defendants stipulate to the proposed amendment and joinder without unnecessary motion practice. Plaintiff maintains that allowing the amendment would promote judicial economy, avoid duplicative litigation, and permit the relevant claims against the responsible parties to be adjudicated together.

Accordingly, Plaintiff requests that Defendants state whether they will stipulate to the filing of the proposed amended complaint and the joinder of Means. If Defendants decline, Plaintiff requests that they identify their specific objections so the parties may meaningfully meet and confer before Plaintiff seeks judicial intervention.

And to clear I immediately notified you when I found out about about this issue, you told me contact the Insurance Company, so I reechoed o Xavier Pimentel, Donnies' Supervisor. The cause of action against Donnie and Direct will have fraud and concealment , willful behavior to hurt someone, medical consequences, my ALE that hereby I m claiming since the day I reported it to you yet no one has done anything

# EXHIBIT 10

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

| | | | |
|---|---|---|---|
| Insured: | JULIO RAVADA | Cell: | (213) 925-4069 |
| Property: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | E-mail: | jravada@icloud.com |
| Home: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Donnie Means | Business: | (760) 636-2480 |
| Position: | Senior Field Claims Representative | E-mail: | myclaim@farmersinsurance.com |
| Business: | P.O. Box 268994<br>Oklahoma City, OK 72136 | | |

| | | | |
|---|---|---|---|
| Claimant: | JULIO RAVADA | Cell: | (213) 925-4069 |
| Property: | 2275 E BELDING DR<br>PALM SPRINGS, CA 92262 | | |

| | | | |
|---|---|---|---|
| Estimator: | Donnie Means | Business: | (760) 636-2480 |
| Position: | Senior Field Claims Representative | E-mail: | myclaim@farmersinsurance.com |
| Business: | P.O. Box 268994<br>Oklahoma City, OK 72136 | | |

**Claim Number:** 7007678692-1 **Policy Number:** 3872340940 **Type of Loss:** Vandalism & Malicious Mischief

| | | | |
|---|---|---|---|
| Date Contacted: | 6/5/2024 2:30 PM | | |
| Date of Loss: | 6/3/2024 5:30 PM | Date Received: | 6/5/2024 2:56 AM |
| Date Inspected: | 6/6/2024 2:55 PM | Date Entered: | 8/5/2024 1:48 PM |
| Date Est. Completed: | 5/14/2025 11:08 AM | | |

Price List: CAPP8X_OCT24
Restoration/Service/Remodel
Estimate: JULIO1_RAVADA2



FD001148

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

We appreciate the opportunity to serve your insurance needs and want to make sure you have a clear understanding of how your claim will be processed.

Please see the attached estimate of repairs for your damaged property, also called the Replacement Cost Value of your loss. When depreciation is applied to the estimated repair costs, the Replacement Cost Value less depreciation is the Actual Cash Value of your loss. Depreciation is based on the average quality, age, condition, and useful life of the damaged property, unless otherwise noted. Actual cash value for roof materials is determined using either the scheduled roof table if in the policy or the age, condition and useful life of your roof materials. The applicable policy deductible(s) will be deducted from these amounts unless it is applied to another line of coverage.

Please note this estimate reflects the extent of known covered damages to the property referenced above. No supplemental or additional payments will be issued for repairs that have not been included in this estimate, without prior approval. This approval must be obtained prior to replacement or repair. We must have the opportunity to view and inspect any proposed changes or additional work.

Should you receive an estimate of repairs that exceeds this estimate, or if you wish to send us any other information related to your claim, please include "Attention Claim # 7007678692-1" and forward this information to us by:

1. E-mailing to myclaim@farmersinsurance com
2. Faxing to 877-217-1389
3. Mailing to National Document Center, P.O. Box 268994, Oklahoma City, Ok 73126-8994

When your policy provides for Building Ordinance or Law coverage, any known covered costs resulting from ordinance or law upgrades are itemized in this estimate or contained in a separate estimate we will provide to you. However, these costs are not included as part of the Actual Cash Value of this estimate unless we are paying the full Replacement Cost Value under this estimate at this time. Otherwise, ordinance or law costs will be paid under your policy when incurred by you, subject to your deductible.

Although as a service we may refer contractors or other repair professionals to you, it is your decision to hire the contractor of your choice. We neither direct or manage the activities nor guarantee the work of any contractor, whether referred or not. It is up to you to make sure the work is completed to your satisfaction.
We encourage you to visit www.farmers.com to learn more about our self-service option available to you; including the ability to view your claim status, upload documents and photos and find local service providers.

Donnie Means
myclaim@farmersinsurance.com
(760) 636-2480

# Guide to Understanding a Property Estimate

| | (B) QUANTITY | (C) UNIT | (D) TAX | (E) RCV | (F) AGE/LIFE | (G) COND. | (H) DEP % | (I) DEPREC. | (J) ACV |
|---|---|---|---|---|---|---|---|---|---|
| (A) 1. Seal/prime then paint the surface area (2 coats) | | | | | | | | | |
| | 100.00 SF | 0.92 | 1.90 | 93.90 | 3/15 yrs | Above Avg. | 12% | (2.51) | 91.39 |

## Summary for Dwelling

Example

| | |
|---|---|
| (K) Line Item Total | 2,962.96 |
| Material Sales Tax | 37.04 |
| (L) **Replacement Cost Value** | **$3,000.00** |
| Less Depreciation | (500.00) |
| (M) **Actual Cash Value** | **$2,500.00** |
| (N) Less Deductible | (1,000.00) |
| (O) **Net Claim** | **$1,500.00** |
| (P) Total Recoverable Depreciation | 500.00 |
| **Net Claim if Depreciation is Recovered** | **$2,000.00** |

- (A) Line Item – Details the activity or item being estimated.
- (B) Quantity – The number of units (ex: square feet) for an item.
- (C) Unit – The cost of a single unit which includes labor and materials.
- (D) Tax – The amount of tax for the item.
- (E) Replacement Cost Value (RCV) –The estimated cost of repairing an item with a similar one. RCV is calculated by multiplying the Quantity by the Unit Cost and adding the Tax.
- (F) Age/Life –The actual age of the material and the life expectancy of the material.
- (G) Condition – The pre-loss condition of the item damaged in the loss.
- (H) Depreciation Percentage –The percentage of the loss of value for the line item at the time of loss.
- (I) Depreciation –The loss of value due to an item's age/useful life and condition. Labor, taxes, and other fees and expenses will also be depreciated if not prohibited by your state. If depreciation is recoverable the amount shows in ( ). If depreciation is not recoverable the amount shows in < >.
- (J) ) Actual Cash Value (ACV) –The estimated value based on replacement cost less any applicable depreciation.
- (K) Line Item Total – The sum of all the line items for that coverage.
- (L) Replacement Cost Value – The total RCV of all items for that coverage.
- (M) Actual Cash Value –The total ACV of all items for that coverage.
- (N) Deductible –The amount of the loss paid by you. A deductible is generally a specified dollar amount or a percentage of your policy limit.
- (O) Net Claim –The amount payable to you after depreciation and deductible have been applied. This can never be greater than your available coverage limit.
- (P) Total Recoverable Depreciation –The total amount of depreciation you can potentially recover after work is complete, subject to the actual amount you incur.

| Common Units of Measure | | | |
|---|---|---|---|
| EA – Each | SF – Square Foot | CF – Cubic Foot | RM – Room |
| HR – Hour | SY – Square Yard | CY – Cubic Yard | |
| DA – Day | SQ – Square | LF – Linear Foot | |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

**JULIO1_RAVADA2**

**Main Level**

**Main Level**

| Description | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 1. Haul debris - per pickup truck load - including dump fees | 0.25 EA | 182.22 | 0.00 | 45.56 | 0/NA | Avg. | NA | (0.00) | 45.56 |
| 2. Final cleaning - construction - Residential | 1,532.98 SF | 0.42 | 0.00 | 643.85 | 0/NA | Avg. | 0% | (0.00) | 643.85 |
| 3. Combined test fee - full service survey - base fee | 1.00 EA | 700.00 | 0.00 | 700.00 | 0/NA | Avg. | 0% | (0.00) | 700.00 |
| Allowing for lead/asbestos testing of affected material in kitchen | | | | | | | | | |
| Window Repair | | | | | | | | | |
| 6. R&R Vinyl window, horizontal sliding, 3-11 sf | 1.00 EA | 327.18 | 18.63 | 345.81 | 3/30 yrs | Avg. | 10% | (22.00) | 323.81 |
| Allowing to remove and replace due to damage to window frame | | | | | | | | | |
| 7. Additional charge for a retrofit window, 3-11 sf | 1.00 EA | 120.00 | 1.74 | 121.74 | 3/30 yrs | Avg. | 10% | (2.06) | 119.68 |
| Allowing to fit to existing window opening | | | | | | | | | |
| 20. Stucco repair around doors, windows, etc - 1st floor | 20.50 LF | 18.64 | 4.68 | 386.80 | 0/100 yrs | Avg. | 0% | (0.00) | 386.80 |
| Allowing to repair stucco around window and electrical panel to be replaced | | | | | | | | | |
| 21. Paint stucco | 396.00 SF | 1.08 | 6.23 | 433.91 | 3/15 yrs | Avg. | 20% | (14.71) | 419.20 |
| Allowing to paint east facing elevation from front of home to corner after electrical panel.<br><br>10' high x 39' long - elevation with window to be replaced<br>10' high x 2'6" long - elevation with electrical panel to be replaced | | | | | | | | | |
| **Total: Main Level** | | | **31.28** | **2,677.67** | | | | **38.77** | **2,638.90** |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com




**Great Room** **Height: 8'**

| | | | |
|---|---|---|---|
| 971.33 | SF Walls | 1548.88 | SF Ceiling |
| 2520.21 | SF Walls & Ceiling | 1494.23 | SF Floor |
| 166.03 | SY Flooring | 144.67 | LF Floor Perimeter |
| 161.17 | LF Ceil. Perimeter | | |

| | | |
|---|---|---|
| **Missing Wall - Goes to Floor** | **4' X 6' 8"** | **Opens into Exterior** |
| **Window** | **3' X 4'** | **Opens into Exterior** |
| **Window** | **3' X 4'** | **Opens into Exterior** |
| **Door** | **2' 6" X 6' 8"** | **Opens into Exterior** |
| **Door** | **5' X 6' 8"** | **Opens into Exterior** |
| **Door** | **2' 6" X 6' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Door** | **2' 6" X 6' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |
| **Window** | **3' X 7' 8"** | **Opens into Exterior** |

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| Kitchen Island | | | | | | | | | |
| 8. Content Manipulation charge - per hour | | | | | | | | | |
| | 2.00 HR | 60.35 | 0.00 | 120.70 | 0/NA | Avg. | 0% | (0.00) | 120.70 |
| Labor hours to remove and reset contents from kitchen island area for repairs | | | | | | | | | |
| 9. Dishwasher - Detach & reset | | | | | | | | | |
| | 1.00 EA | 252.19 | 0.00 | 252.19 | 0/NA | Avg. | 0% | (0.00) | 252.19 |
| 10. Plumbing fixture supply line | | | | | | | | | |
| | 1.00 EA | 21.41 | 0.62 | 22.03 | 3/20 yrs | Avg. | 15% | (1.10) | 20.93 |
| Intended for one time use. To replace supply line when reconnecting dishwasher | | | | | | | | | |
| 11. Trash compactor - Remove & reset | | | | | | | | | |
| | 2.00 EA | 108.95 | 0.00 | 217.90 | 0/NA | Avg. | 0% | (0.00) | 217.90 |
| To detach and reset (2) trash compactors for repairs to island | | | | | | | | | |
| 12. Two coat plaster over metal lath | | | | | | | | | |
| | 30.00 SF | 10.11 | 5.08 | 308.38 | 0/150 yrs | Avg. | 0% | (0.00) | 308.38 |
| 13. Seal/prime (1 coat) then paint (1 coat) the surface area | | | | | | | | | |
| | 30.00 SF | 1.23 | 0.61 | 37.51 | 3/15 yrs | Avg. | 20% | (1.44) | 36.07 |
| Allowing to seal and paint new plaster | | | | | | | | | |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

**CONTINUED - Great Room**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 14. Paint the surface area - one coat | | | | | | | | | |
| | 65.00 SF | 0.86 | 1.02 | 56.92 | 3/15 yrs | Avg. | 20% | (2.41) | 54.51 |
| Allowing to paint remaining plaster on kitchen island for uniform appearance | | | | | | | | | |
| 15. Mask the surface area per square foot - plastic and tape - 4 mil | | | | | | | | | |
| | 55.00 SF | 0.32 | 0.36 | 17.96 | 3/15 yrs | Avg. | 20% | (0.84) | 17.12 |
| To protect countertop during island repairs | | | | | | | | | |
| **Totals: Great Room** | | | **7.69** | **1,033.59** | | | | **5.79** | **1,027.80** |

**Electrical**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 22. R&R Breaker panel - 300 amp w/arc fault breakers | | | | | | | | | |
| | 1.00 EA | 5,050.00 | 0.00 | 5,050.00 | 3/30 yrs | Avg. | 10% | (224.26) | 4,825.74 |
| Price based on Lineside Electrical quote | | | | | | | | | |
| **Totals: Electrical** | | | **0.00** | **5,050.00** | | | | **224.26** | **4,825.74** |




**Hall Bath** **Height: 8'**

| | | | |
|---|---|---|---|
| 163.17 | SF Walls | 38.75 | SF Ceiling |
| 201.92 | SF Walls & Ceiling | 38.75 | SF Floor |
| 4.31 | SY Flooring | 21.25 | LF Floor Perimeter |
| 23.25 | LF Ceil. Perimeter | | |

| | | |
|---|---|---|
| **Window** | **2' 6" X 2' 6"** | **Opens into Exterior** |
| **Door** | **2' X 6' 8"** | **Opens into Exterior** |

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 17. Clean toilet | | | | | | | | | |
| | 1.00 EA | 34.88 | 0.00 | 34.88 | 0/NA | Avg. | 0% | (0.00) | 34.88 |
| Allowing to clean toilet due to unknown material dumped into toilet reported by insured | | | | | | | | | |
| 18. Clean floor | | | | | | | | | |
| | 38.75 SF | 0.66 | 0.04 | 25.62 | 0/NA | Avg. | 0% | (0.00) | 25.62 |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

**CONTINUED - Hall Bath**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| Allowing to clean floor as toilet overflow was reported. | | | | | | | | | |
| No water damaged building materials or elevated moisture readings found in hall bathroom. | | | | | | | | | |
| 23. Drywall patch / small repair, ready for paint | 1.00 EA | 81.70 | 0.37 | 82.07 | 0/150 yrs | Avg. | 0% | (0.00) | 82.07 |
| Allowing for repairs around window to be replaced | | | | | | | | | |
| 24. Seal/prime (1 coat) then paint (1 coat) the surface area | 11.50 SF | 1.23 | 0.23 | 14.38 | 3/15 yrs | Avg. | 20% | (0.56) | 13.82 |
| 25. Paint part of the walls - one coat | 151.67 SF | 0.86 | 2.38 | 132.82 | 3/15 yrs | Avg. | 20% | (5.64) | 127.18 |
| 26. Towel bar - Detach & reset | 1.00 EA | 22.59 | 0.00 | 22.59 | 0/NA | Avg. | 0% | (0.00) | 22.59 |
| 27. Mirror - plate glass - Detach & reset | 11.88 SF | 8.25 | 0.00 | 98.01 | 0/NA | Avg. | 0% | (0.00) | 98.01 |
| 28. Robe hook - Detach & reset | 1.00 EA | 11.93 | 0.00 | 11.93 | 0/NA | Avg. | 0% | (0.00) | 11.93 |
| 29. Floor protection - heavy paper and tape | 38.75 SF | 0.56 | 0.25 | 21.95 | 0/15 yrs | Avg. | 0% | (0.00) | 21.95 |
| Allowing to cover and protect floor during drywall repair and painting | | | | | | | | | |
| **Totals: Hall Bath** | | | **3.27** | **444.25** | | | | **6.20** | **438.05** |
| **Total: Main Level** | | | **42.24** | **9,205.51** | | | | **275.02** | **8,930.49** |

**Labor Minimums Applied**

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 30. Window labor minimum | 1.00 EA | 68.27 | 0.00 | 68.27 | 0/NA | Avg. | 0% | (0.00) | 68.27 |
| 31. Drywall labor minimum | 1.00 EA | 197.99 | 0.00 | 197.99 | 0/NA | Avg. | 0% | (0.00) | 197.99 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **266.26** | | | | **0.00** | **266.26** |
| **Line Item Totals: JULIO1_RAVADA2** | | | **42.24** | **9,471.77** | | | | **275.02** | **9,196.75** |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 1,134.50 | SF Walls | 1,587.63 | SF Ceiling | 2,722.13 | SF Walls and Ceiling |
| 1,532.98 | SF Floor | 170.33 | SY Flooring | 165.92 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 184.42 | LF Ceil. Perimeter |
| 1,532.98 | Floor Area | 1,668.38 | Total Area | 1,134.50 | Interior Wall Area |
| 1,468.42 | Exterior Wall Area | 200.67 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

## Summary for Dwelling

| | |
|---|---|
| Line Item Total | 9,429.53 |
| Material Sales Tax | 42.24 |
| **Replacement Cost Value** | **$9,471.77** |
| Less Depreciation | (275.02) |
| **Actual Cash Value** | **$9,196.75** |
| Less Prior Payment(s) | (7,815.21) |
| **Net Claim Remaining** | **$1,381.54** |
| Total Recoverable Depreciation | 275.02 |
| **Net Claim Remaining if Depreciation is Recovered** | **$1,656.56** |

Donnie Means
Senior Field Claims Representative

**Farmers Direct Property and Casualty Insurance Company**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Fax 1-877-217-1389
myclaim@farmersinsurance.com

## Recap of Taxes

| | Material Sales Tax (9.25%) | Storage Rental Tax (9.25%) |
|---|---|---|
| **Line Items** | 42.24 | 0.00 |
| **Total** | **42.24** | **0.00** |

# EXHIBIT 11

## Kelly Canby

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, February 26, 2026 11:38 PM
**To:** Kelly Canby
**Cc:** Michelle Bernard; Kiry Yeoun; Jer Vang-Zamora
**Subject:** Plaintiff's Rule 26(a)(1) Initial Disclosures – D'Sol v. Farmers Direct (2:25-cv-10938-SVW-ASx)
**Attachments:** Plaintiffs_Initial_Disclosures.pdf

Counsel,

Please find attached Plaintiff's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Please confirm receipt.

Thank you.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

**Luna D'Sol**
Plaintiff, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUNA D'SOL,**<br>Plaintiff,<br>v.<br>**FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,**<br>Defendants. | **Case No. 2:25-cv-10938-SVW-ASx**<br>**PLAINTIFF'S INITIAL DISCLOSURES [F.R.C.P. RULE 26(a)(1)]**<br>Judge: Hon. Stephen V. Wilson<br>Date: March 23, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A<br>Complaint Filed: August 21, 2025 |

Pursuant to the Court's Order Setting Initial Status Conference [ECF Doc. 17] and the Court's subsequent continuation thereof to March 23, 2026 [ECF Docs. 29, 36, and 42] (and per the timing discussed by the parties during the meet and confer discussion on February 12, 2026), Plaintiff Luna D'Sol hereby submits her Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff's investigation regarding the claims asserted in the operative First Amended Complaint is ongoing and discovery is not yet complete. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff reserves the right to supplement, amend and/or correct her Initial Disclosures as information is acquired or becomes available.

## I. Rule 26(a)(1)(A)(i): Witnesses

Plaintiff believes the following individuals or entities may have knowledge of relevant facts that Plaintiff may use in support of her claims. Plaintiff believes the following individuals or entities may have knowledge of relevant facts that Plaintiff may use in support of her claims. Plaintiff reserves the right to supplement these disclosures pursuant to Rule 26(e). Accordingly, Plaintiff reserves the right to identify additional witnesses at a later date.

| Person/Entity | Affiliation & Anticipated Testimony |
|---|---|
| **Luna D'Sol**<br>2275 E. Belding Dr.<br>Palm Springs, CA 92262<br>(213) 925-4069<br>jravada@icloud.com | Plaintiff:<br>• Property damage and losses caused by the June 3, 2024 burglary and vandalism incident at the Property.<br>• Request for coverage benefits under Farmers Direct Homeowners Policy No. 3872340940 ("Policy"), Claim No. 7007678692-1 ("Claim").<br>• Communications with Defendant regarding the Claim.<br>• Facts and circumstances relating to the Loss. |

| | |
|---|---|
| | • Repairs and current condition of the Property.<br>• Replacement and valuation of personal property.<br>• Additional living expenses incurred.<br>• Plaintiff's claimed damages in this lawsuit. |
| **Donald "Donnie" Means**<br>(contact through Defendant's counsel) | Senior Field Claims Representative<br>• Initial inspection of the Property in June 2024.<br>• Investigation and evaluation of the Claim.<br>• Communications with Plaintiff regarding the Claim. |
| **Richard Bryan**<br>(contact through Defendant's counsel) | General Adjuster<br>• Investigation regarding the Claim.<br>• Coverage position regarding the Claim.<br>• Communications with Plaintiff regarding the Claim. |
| **Michael Saskor**<br>(contact through Defendant's counsel) | General Claims Adjuster<br>• Investigation and adjustment of the Claim.<br>• Coverage position regarding the Claim.<br>• Communications with Plaintiff regarding documentation requirements, personal property valuation, and depreciation calculations.<br>• The initial denial and subsequent reopening of the Claim. |
| **Andrew Hermann**<br>(contact through Defendant's counsel) | General Special Investigator<br>• Investigation regarding the Claim beginning June 2024.<br>• Communications with Plaintiff regarding the investigation. |
| **Bryce Spradling**<br>(contact through Defendant's counsel) | Property Theft Supervisor<br>• Supervisory oversight and coverage determinations regarding the Claim.<br>• The November 22, 2024 claim denial and subsequent communications.<br>• Depreciation recovery disputes.<br>• Communications with Plaintiff regarding the Claim.<br>• The August 18, 2025 final claim closure. |
| **Amy Spawr-Bardley**<br>(contact through Defendant's counsel) | Customer Relations Senior Consultant, Claims Customer Relations<br>• Communications with the California Department of Insurance regarding Plaintiff's complaint related to the handling of the Claim.<br>• Review of the Claim file.<br>• Communications with Plaintiff regarding the Claim. |
| **Albert Pimentel**<br>(contact through Defendant's counsel) | Property Field Claim Supervisor<br>• The June 9, 2025 written communication to Plaintiff regarding the Claim.<br>• Supervisory oversight of the Claim. |

| | |
|---|---|
| | • Communications with Plaintiff regarding the Claim. |
| **PMK for Defendant Farmers Direct**<br>(contact through Defendant's counsel) | Corporate Designee Witness for Defendant<br>• Investigation regarding the Claim.<br>• Coverage position regarding the Claim.<br>• Claims handling practices and guidelines.<br>• Communications with Plaintiff regarding the Claim. |
| **Officer Logan Corder**<br>Palm Springs Police Department<br>200 S. Civic Drive<br>Palm Springs, CA 92262<br>(760) 323-8116 | Law enforcement officer who responded to the reported burglary/vandalism incident.<br>• Facts and circumstances relating to the Loss. |
| **Detective Alexander Doherty**<br>Palm Springs Police Department<br>200 S. Civic Drive<br>Palm Springs, CA 92262<br>(760) 323-8116 | Law enforcement officer who investigated the reported burglary/vandalism incident.<br>• Facts and circumstances relating to the Loss. |
| **PMK for Progressive Home Remodeling**<br>77 E. Tahquitz Canyon Way<br>Suite 200<br>Palm Springs, CA 92262<br>(323) 423-6322 | Repairs to the Property<br>• Scope of work for Loss-related repairs to the Property.<br>• The cost and timing of repairs.<br>• The May 19, 2025 repair estimate.<br>• Inspection of the Property. |
| **Emuna Stanley**<br>Project Manager<br>Progressive Home Remodeling<br>77 E. Tahquitz Canyon Way, Ste 200<br>Palm Springs, CA 92262<br>(213) 264-8682 | Repairs to the Property<br>• Preparation of the repair estimate.<br>• Inspection of the Property.<br>• Communications with Plaintiff regarding repairs. |
| **Mark Bercier**<br>Artist and/or Art Gallery Owner<br>markbercier1950@yahoo.com | Valuation of personal property<br>• The painting entitled "Ivey & Luke" and its value.<br>• Communications regarding the Loss. |
| **Insurance Claims Handling Expert (To Be Determined)**<br>To be designated per scheduling order | On behalf of Plaintiff<br>• Insurance industry custom and practice regarding claims investigation and adjustment.<br>• Whether Defendant's claims handling fell below the standard of care. |
| **Construction/Damages Expert (To Be Determined)**<br>To be designated per scheduling order | On behalf of Plaintiff<br>• Scope of Loss-related damage to the Property.<br>• Reasonable costs to repair the Property.<br>• Whether the Property was rendered uninhabitable. |

## II. Rule 26(a)(1)(A)(ii): Documents

The following are the categories of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control, and that Plaintiff may use to support her claims. Plaintiff reserves her rights to amend these disclosures as necessary.

1. Farmers Direct Homeowners Policy No. 3872340940 (September 28, 2023 – September 28, 2024), including all endorsements and declarations pages;
2. Plaintiff's communications with Defendant's employees regarding the Claim, including written correspondence and emails;
3. Claim payment records and payment summaries issued by Defendant;
4. Defendant's personal property inventory and valuation documentation for the Claim;
5. The November 22, 2024 Claim Outcome letter;
6. Correspondence between Defendant and the California Department of Insurance regarding Plaintiff's complaint, including the March 27, 2025 response;
7. The June 9, 2025 letter from Albert Pimentel regarding the Claim;
8. Plaintiff's complaint to the California Department of Insurance;
9. The August 17, 2025 Final Demand letter from Plaintiff to Defendant;
10. The August 18, 2025 response from Defendant;
11. Fax communications from Plaintiff to Defendant, including January 28, 2025 and March 4, 2025 faxes;
12. Licensed contractor repair estimate from Progressive Home Remodeling dated May 19, 2025;
13. Palm Springs Police Department report(s) regarding the June 3, 2024 incident;
14. Photographs of the Property documenting damage from the Loss;
15. Receipts, invoices, and order confirmations for replacement personal property items;
16. EUO transcript and related correspondence;
17. Publicly available corporate filings and regulatory documents regarding Defendant;
18. Credit card statements and financial records documenting Plaintiff's additional living expenses and finance charges;
19. Any other documents produced during discovery which relate to Plaintiff's claims and claimed damages.

## III. Rule 26(a)(1)(A)(iii): Computation of Damages

Rule 26(a)(1)(A)(iii) requires the disclosure of the computation of any category of damages claimed by the disclosing party. Plaintiff's damages computation is as follows, subject to supplementation as discovery progresses:

| Damage Category | Amount |
|---|---|
| **A. Contract Damages (Breach of Contract)** | |
| Licensed contractor repair estimate | $96,400 – $102,400 |
| Sunken living area restoration | $23,100 |
| Personal property underpayments | $10,693 |
| Additional living expenses (ALE) | $17,429 |
| Finance charges and late fees | $4,500 (est.) |
| Less: Defendant's payments to date | ($30,696) |
| **Subtotal Contract Damages** | **$121,426 – $127,426** |
| **B. Bad Faith Tort Damages** | **According to proof** |
| Emotional distress, mental anguish | To be proven at trial |
| **C. Unruh Civil Rights Act (§ 52(a))** | |
| Statutory damages (min. $4,000/violation) | $28,000+ |
| **D. Punitive Damages (Civ. Code § 3294)** | **According to proof** |
| **E. Prejudgment Interest** | **According to proof** |
| **F. Costs of Suit** | **According to proof** |

The documents on which the above computations are based include the Policy, Defendant's payment records, the Progressive Home Remodeling estimate, Plaintiff's credit card statements, receipts for replacement personal property, and Defendant's correspondence. These documents will be made available for inspection and copying pursuant to Rule 34.

**IV. Rule 26(a)(1)(A)(iv): Insurance**

This case involves a first-party insurance coverage dispute regarding Defendant's alleged duty to pay additional coverage benefits under the Policy for Loss-related damages arising from the June 3, 2024 burglary/vandalism incident at issue in Plaintiff's First Amended Complaint. Plaintiff is not aware of any other insurance agreement that may be liable to satisfy a judgment in this action.

Dated: February 26, 2026

Respectfully submitted,

/s/ Luna D'Sol

**Luna D'Sol**
Plaintiff, In Pro Per
2275 E. Belding Dr.
Palm Springs, CA 92262
Telephone: (213) 925-4069
Email: jravada@icloud.com

# EXHIBIT 12

cacd_ecfmail@cacd.uscourts.gov External

Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Di... Fri 3:44 AM

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail

**Kelly Canby**

---

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Thursday, November 12, 2026 6:39 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:25-cv-10938-SVW-AS Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al Motion for Leave to File Document |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered on 11/12/2026 at 6:38 PM PST and filed on 11/12/2026

| | |
|---|---|
| **Case Name:** | Luna D'Sol v. Farmers Direct Property and Casualty Insurance Company et al |
| **Case Number:** | 2:25-cv-10938-SVW-AS |
| **Filer:** | Luna D'Sol |
| **Document Number:** | 193 |

**Docket Text:**
**EX PARTE APPLICATION for Leave to file TO SUPPLEMENT OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, LIMITED REOPENING OF DISCOVERY, AND RELATED RELIEF , EX PARTE APPLICATION to Supplement PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT re NOTICE OF MOTION AND MOTION for Summary Judgment as to OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [119], NOTICE OF MOTION AND MOTION for Summary Judgment as to IN SUPPORT OF DEFENDANT MOTION FOR SUMMAR JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT [117] filed by PLAINTIFF Luna D'Sol. (Attachments: # (1) Declaration, # (2) Exhibit, # (3) Exhibit, # (4) Exhibit, # (5) Exhibit, # (6) Exhibit, # (7) Exhibit, # (8) Exhibit, # (9) Exhibit, # (10) Exhibit, # (11) Exhibit, # (12) Exhibit, # (13) Exhibit, # (14) Exhibit, # (15) Exhibit, # (16) Exhibit, # (17) Exhibit, # (18) Exhibit, # (19) Exhibit, # (20) Exhibit, # (21) Exhibit, # (22) Exhibit, # (23) Exhibit, # (24) Exhibit, # (25) Exhibit, # (26) Exhibit, # (27) Exhibit, # (28) Exhibit, # (29) Exhibit, # (30) Exhibit, # (31) Exhibit, # (32) Exhibit, # (33) Proposed Order) (D'Sol, Luna)**

**2:25-cv-10938-SVW-AS Notice has been electronically mailed to:**

Kelly Fitzgerald Canby kcanby@grsm.com, kyeoun@grsm.com

Luna D'Sol lunadsolts@gmail.com, viewer.ratios7s@recap.email

Michelle R Bernard mbernard@grsm.com, jvang-zamora@gordonrees.com

**2:25-cv-10938-SVW-AS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Ex Parte and Memorandum.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-0] [4c53b403605b88999f9195291031e51c91aef13debf5e260a0902d1d1eab2e761e3e9d5b3c2d8383ed72d9ab3ad3bb60480257c5abb4b91c3a7f8427811059d5]]
**Document description:**Declaration
**Original filename:**C:\fakepath\Declaration of Luna D'Sol.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-1] [480e1c1710cb4a66af15b450a779d71635f78753601810105b9da726aaf6fb0d858fe50e2af5fb0eae4369ff188d1a0d2ee4af0cc8288d387be11ea3eda8327d]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\DiscoveryViolation001.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-2] [866ef944f1b26ff6e0f319c8350f7a2531f834afe2fd77d64b0ceeb6fe60d9e1a0476790e8b97a2156fc61035e4918571d7660108777830fd46133488bcb3c7e]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\DiscoveryViolation002.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-3] [a31af62450e2bdbd49f57242abaa953d3c6e8cc6ddf065ab28f9229ac4571ef0e1a4fc00a081a15b43db963e4eec3bae703dceec36dbbe64522cd3b0da1485dd]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\DiscoveryViolation003.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-4] [5b0b6153e84d5ea2f87564bcbd7ce19cfd2195e8fecaf21177e168bca33de6ac1b12942796af3ea3b9458f25155b8c2db665b096d2d161557a6e0374a21d2562]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\DiscoveryViolation004.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-5] [839c83ed58ba46df6869212123db1ac9ae62092d1d0221b8098c6d5b3422c253ddeb9b9a37ff6eaf755c2df36c4c3fdcfee7b9b61a8f3f7af3244a931741944e]]
**Document description:**Exhibit

**Original filename:**C:\fakepath\DiscoveryViolation005.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-6] [abea178f0719c161bbb3cc761d9921e87f2ca0219019d88d83d8ea84f363280f740bb0598940eeba398a40abe13d3ff9fa0370c7f0aace38b6762b102cfbc86d]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\DiscoveryViolation006.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-7] [a393502ab24e099e9831d974b09de0acebc63002ee3d194bb0ae28c597a8184fdb9d0d41b297c620fa3f4f895ef343388b768812abade28d66bd0f68df56a9da]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\DiscoveryViolation007.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-8] [697cbaf61837ef437e27e4a5371f6a17bd6a39f97db37b4d01f216fba3307cbcebb416bf9a7e6cbfa388b46bc4fca3c852ee1ca5e6b16b8b5182104a9dedfa9a]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\SanctionableFiling001.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-9] [3673ae902c1a028837e6d7f69431a0b5c2020de3515486ab6675fcbe2f228d160a35eff83d163e63107cd45ac255781bc67d930f3d67dbe96b51475f5c2762dd]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\SanctionableFiling002.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-10] [23b2731b91e3b3aca0c99e7dcad80f88722ce4a8bc97553017af3392767562938753009497e907e6b7893effe4a165ac86d30aa587a80f84d867a94c38686a98]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 1.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-11] [1f50283a2ace70cd00812320e674010081e21ca82cb8540299975156b9d2841f97133afe31a3c8d05f3428d61cfd53af47fccbf9b53a49557d217c6b35b17692]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 2.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-12] [3b15ea040403be667227c43c2e3ef7f595b82b502650a92e08e4207d257770c391613d0b3a7ecaf0d7c675fdf38d17e6cc330eede6400e947186bc66eebe6e50]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 3.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-13] [8aeb59fa4a059f9dda855996d532fe7c4bfda50bc821441844fca27c22fda142277499b78542d63d468b4acb5e4e78f9d121a952e6678830a57380a6265ecad7]]
**Document description:**Exhibit

**Original filename:**C:\fakepath\Exhibit 4.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-14] [5d2b7ae001d72a1fe617e563e1b983fcdcd132f3ba0fd036500ccebaef348c6f443ee58ae5cd0962b40134c91925ab06c744f3e7076721821ff5737d25a8759f]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 5.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-15] [ad7418fd5b473383c3be782349941b66bde70affd54d1c78818c4fb0ae19bf45fec48959b70c7b45d39062f11af421a45aa8a27207f215481d6d64808eb576ca]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 6.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-16] [7a0b70ed8774e8c084bf206cc3487617d959b15b84675dd2bbe1bde99e53c2bea6c9724f34a93c0697803f10abbcbcba760bf35e1163e2a27536f5d8d2aa73e2]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 7.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-17] [8bbd66168b626a9c08c76ef3546ecb0f2953ffe10f901aafc67778e495bcfe1de510f67dd2b88e6182f580a7a4dad671b896147c271c2e2dc8efea66a288c2b2]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 8.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-18] [1b237eb2d910e5f4fda1e353a992d3b0c75f2e95e2112db1a0fab0af31d24b98a582b0d6b46829e7214e5fce29acc64de2f18e685fa8c1676fcafbc37a15b414]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 9.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-19] [799d8f94dd0bfd04f836d98b47fc6810db5af1cb85289ec177ac9e7f93cbab21b6100eee6f95eb94594d91e9173b9f8aafef38a303549528444d0bb239d8c3bd]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 10.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-20] [455f59678bf98f2d50cd4337a06b11faae61e23286ede1651357c727d1a6e145b1dd4a187f88317cd67f9ef8b390cd9b3b3d351bdd477879760c148a012bb1d6]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 11.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-21] [a87595f9b6cd994a9e9b455d38a9f61acc124b7946cd4ef28f6ff5d82c6410aee14fca9f0f17131d1dd37daf48985e9aef0b39ddab48fce98d4421cb82da6868]]
**Document description:**Exhibit

**Original filename:**C:\fakepath\Exhibit 12.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-22] [36cd2ba9c20925eba674a68022dc96e3238a49442c4a4fae2cb2ed59f73a02f137da6d6cef915a829524072952454c6843e19296fbc8f6835290d2e7fd46718c]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 13.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-23] [6aaa668d7eaf3548462e7eafc7d0a2ca4ade98a4e6702dc583107b77eda228a44a68422ca7c6f5beb278244b66d61597ce621b9c5d76cd6e9c85c7b9978e2363]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 14.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-24] [11e94d53cc7656bd1a4e19525dfdd7656dc90c614742d2d16dc9aebec3f99e4e5212b4184fc00268b3b609107e7741854881ddc8b8d421f11fcb7f4205dfa3f0]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 15.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-25] [786f8cb36f21a5e8a4fc97319130748fa3d87890777e6559a266d077ac6f0d9e74f5610d5a6154ffcecc7e14982dfdcb61a64b9703b2a3468c642009bc408712]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 16.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-26] [634fe718cc6c88604917cdebe0cb69fea5b47645ba91c51a33569780bcfde322f634ce9a5cf8a985fd5b3cbc691b6146b2a34315763c806c5585ef60356bf4d8]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 17.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-27] [a94388f723cd10ceb353a77f50a28a2283332946b6e64afd6aa517e7951c40fa3efca6343ab5c7e2580e3a2db8dc7971f79d6182b6f842f08d3a688e2efa9fe6]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 18.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-28] [9c8dcc24c294b3a23b3a1e0c34ef38357a581c4b78bf212e95c8571444b1d9c3085657bf346f1630675a6c19bf3b55031da6a35f1e21b3ae4569f845a0c0e20e]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 19.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-29] [b9f9274ff4b3a701be3c9dde557973a81ceba9a3d8c4f83089800673f5b71b4a36d134d6fe6589073acb23491842a7434ba1c1914e7aa3c8039ae01aaf2b0c4e]]
**Document description:**Exhibit

**Original filename:**C:\fakepath\Exhibit 20.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-30] [0f0e477979f841ded054396a9922c337b1a6e8cc7b9db37b72aa67021dc32064ad74053ffa9c4ea989b2d57d9e16e361729f49495fc6bb9c22c3c8dde1b6ed8c]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 21.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-31] [a8d1ec60ce8a0cf3e3797fd090c461af85f3c925b516e00941646dce33c3ce1d3c87279d6266011e5c7f667f8c5a429ab76c16a9bac9d3a72d57acf08145d4d2]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Exhibit 22.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-32] [b17fbda94d79d62580b92f51232190bec2d51c21a91cc41618f61da9e2d597296911f4e99374e4af2310691daa5d55ebd29ec7f740c020537fa7f1b5fdbc26c2]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\Proposed Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/12/2026] [FileNumber=44041569-33] [583cbfeb1cb6796acc41546529de39d19b4f814e53980462aa6532ff971f80ef4165afafb7363894cc6c6343852d08a8b7e1efeeac45eea210398fd22cd2a7f4]]

# EXHIBIT 13

LUNA D'SOL
Plaintiff, In Pro Per
Email Address: jravada@icloud.com
2275 E Belding Dr
Palm Springs CA 92262
Telephone: 213-925-4069

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES.**

| | |
|---|---|
| LUNA D'SOL<br>Plaintiff,<br><br>VS.<br><br>FARMERS INSURANCE EXCHANGE; and DOES 1 through 50, inclusive,Defendant(s). | CASE No: *26VECV03273*<br><br>*[Assigned for All Purposed to the Honorab Karen Moskowitz, Department 1]*<br><br>**PLAINTIFF'S EX PATY APPLICATION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 3rd, 2026<br>Time: 8:30 am<br>Courtroom: 1, 2nd floor<br><br>Complaint Filed: June 24th, 2026<br><br>Concurrently filed with: Declaration of Luna D'Sol, [Propose] Order, [Proposed] Second Amended Complaint |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Luna D'Sol, appearing in propria persona, hereby applies ex parte for an order granting leave to file the proposed Second Amended Complaint pursuant to California Code of Civil Procedure sections 473(a)(1) and 576 and California Rules of Court, rules 3.1200–3.1207 and 3.1324. that on OTOBR 23, 2026, at 8:30 AM, or as soon thereafter as the matter may be heard, in Department I of the above-entitled Court, located at 6230 Sylmat Ave Van Nuys CA 91406,, Plaintiff Luna D'Sol will and hereby does move this Court for an order granting leave to file a First Amended Complaint.

This application is made on the grounds that:

1. Plaintiff seeks leave to amend the operative complaint to allege facts concerning Defendants' breach of the agreement in principle reached on September 25, 2026, and to identify **Farmers Direct Property and Casualty Insurance Company as the Defendant previously designated as DOE 1**. More detailed is provided here below.
2. The proposed amendment is necessary to permit adjudication of the actual controversy between the parties to protect mortgagee's rights and interest that are established in the Policy.

Plaintiff faces impending medical hospitalization beginning on or about October 23, 2026, which will materially impair her ability to prepare, file, and prosecute a regularly noticed motion.

This Motion is made pursuant to California Code of Civil Procedure (CCP) §§ 473(a)(1) and 576, and California Rules of Court (CRC), Rule 3.1324. The motion is made on the grounds that justice requires the amendment to allow Plaintiff to bring all proper claims before the Court, that there is no prejudice to Defendants, and that the amendment is sought in good faith.

Defendants will not be prejudiced.

**MEET-AND-CONFER EFFORTS**

Plaintiff has repeatedly communicated with Defendants' counsel concerning the issues underlying the proposed amendment, including the respective roles and obligations of Farmers Insurance Exchange and Farmers Direct Property and Casualty Insurance Company. Despite Plaintiff's efforts to obtain clarification, counsel has continued to communicate positions attributed to Farmers Direct in response to

inquiries specifically directed toward Farmers Insurance Exchange. These communications have not resolved the disputed issues necessitating amendment.

Plaintiff submits these facts to demonstrate her efforts to resolve the issues without judicial intervention. Plaintiff separately addresses compliance with the ex parte notice requirements of California Rules of Court, rules 3.1203 and 3.1204, in the accompanying declaration.

The motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Luna D'Sol, the Proposed Second Amended Complaint attached hereto as Exhibit A, and upon all pleadings, records, and files in this action.

Respectfully Submitted

Dated: October 22, 2026 By: ___/s/ Luna D'Sol_____

Luna D'Sol, Self-Represented

\

---

## MEMORANDUM OF POINTS AND AUTHORITIES

---

### I. INTRODUCTION

Plaintiff commenced this action on June 4th, 2026, against "FIE and 'Does 1-50 Defendants,' all inclusive." On **September 30**, **2026**, at **8:30 a.m**., Defendant FIE, represented by Ms. Kelly Canby on behalf of counsel Michelle Bernard, pursued a demurrer to Plaintiff's Complaint despite the previously filed Notice of Settlement in Principle.

Plaintiff received an email from Ms. Bernard at **9:00 a.m.** on **September 30**, **2026** – just thirty minutes after the demurrer hearing - where Ms. Michelle Bernard, first acknowledged in writing the three 'Notices of Settlement in Principle' filed by Plaintiff, one filed on September 27, 2026, in Federal Court; and two filed, one day before the demurrer hearing, on September 29, 2026, for the two State Court cases. In this same email, Ms. Bernard also stated in writing that, pending resolution of a proposed settlement agreement between the parties, "**Farmers/Farmers Direct** does not consent to withdrawing any pending motions or deferring rulings on the same as unilaterally requested in your Notices of Settlement." (emphasis added). Here, Ms. Bernard's email contained information that was hard to reconcile as it appeared inconsistent with email communications that Ms. Bernard wrote and had sent to Plaintiff. **FIRST EMAIL** to Plaintiff dated **September 25**, **2026**, where Ms. Bernard wrote "I am pleased to inform you that **Farmers Direct / Farmers Insurance Exchange** .....In light of the settlement in principle reached between the parties today, we think it is appropriate to file a Joint Notice of Settlement in the federal court and state court actions on Monday given the pending motions before each court." (emphasis added). **SECOND EMAIL**[1] to Plaintiff dated **September 28**, **2026**, where Ms. Bernard wrote to Plaintiff that

---

[1] A partially redacted copy of this **SECOND EMAIL** was filed as Exhibit 2 in Federal Court on October 1, 2026, as part of an Ex Parte application. The information presented in this Exhibit is also the same information that is shared in this document. Defendants did not object to the evidence and did not oppose the ex parte. Plaintiff redacted protected information as required by both Federal and State court.

"Farmers Direct will not agree to withdraw its pending motions but will agree to have the court continue issuing any ruling for 14 days." [2]

Ms. Bernard knew or should have known, as of September 27, 2026, Plaintiff's understanding of the parties' agreement. Nevertheless, Ms. Bernard did not raise any objection characterizing Plaintiff's Notices of Settlement as "unilateral" until September 30, 2026, approximately thirty minutes after the demurrer hearing.

Plaintiff was led to believe, and genuinely and firmly believed, that the parties had mutually agreed to suspend or defer adversarial proceedings and pending court hearings across the related Plaintiff seeks leave to amend the complaint to fully address the legal and factual disputes surrounding the mortgage and requested declaratory relief. Under Code of Civil Procedure §§ 473(a)(1) and 576, California courts maintain a highly liberal policy allowing amendments at any stage of the proceedings "in furtherance of justice." (Nestle v. City of Santa Monica (1972) 6 Cal.3d 920, 939).

For several weeks, Plaintiff has repeatedly attempted to communicate with Farmers Insurance Exchange ("FIE") through its counsel concerning matters specifically arising in this action. However, despite Plaintiff's express identification of FIE as the Defendant and repeated requests for clarification, counsel has continued to respond on behalf of Farmers Direct Property and Casualty Insurance Company ("Farmers Direct"), including statements such as "Farmers Direct thinks," without adequately distinguishing the respective positions of the two entities. Plaintiff has expressly objected to this practice, yet it has continued, creating uncertainty regarding which insurer is asserting the positions communicated by counsel and which entity bears responsibility for the disputed conduct. Plaintiff further alleges that her access to direct communication with FIE has been effectively obstructed. Accordingly, Plaintiff seeks to substitute Farmers Direct for DOE 1 to permit adjudication of each

---

[2] Plaintiff clarifies that the communications identified herein as the **FIRT EMAIL** and **SECOND EMAIL** arose in connection with Plaintiff's prior meet-and-confer requests concerning procedural accommodations, extensions of time, and the deferral of pending judicial rulings. Plaintiff references these communications for the limited purpose of establishing the parties' representations and understandings regarding the management of pending proceedings, rather than to establish Defendant's liability for the underlying insurance dispute. To the extent these communications addressed procedural agreements intended to facilitate resolution of the pending actions, Plaintiff contends that such agreements were collateral to the substantive settlement terms under negotiation. Requests for extensions of time and agreements to defer judicial rulings are ordinary procedural matters in civil litigation and are not rendered categorically inadmissible merely because they arise while settlement discussions are ongoing.

entity's respective conduct, obligations, and potential liability and to eliminate the continuing uncertainty concerning their roles in the underlying insurance dispute and settlement negotiations.

## II. BACKGROUND

Farmers' uniform policies, procedures and practices all suffer from a lack of: transparency, adequate quality standards and controls, sufficient implementation metrics, management/HR review, and opportunities for redress or challenge. (alleged by Defendant's own attorney former employee in

1. **FARMERS INSURANCE EXCHANGE**: Plaintiff entered into a homeowners insurance policy in or about September 2021 with Farmers Direct Property and Casualty Insurance Company in Los Angeles County, California. Effective January 15, 2024, an Assumption Certificate transferred the policy to FIE and provided that wherever the policy refers to Farmers Direct Property and Casualty Insurance Company it should now be deemed as Farmers Insurance Exchange. Accordingly, Farmers Insurance Exchange became the insurer responsible for the policy and claim at issue herein.
2. **FARMERS DIRECT PROPERTY AND CASUALTY INSURSNCE COMPANY's** posture is that on April 8, 2021, Farmers Insurance Exchange and other entities, including Farmers Direct, entered into a Service Agreement pursuant to which Farmers Insurance Exchange provides various services, including but not limited to claims adjustment services, which was approved by Rhode Island Division of Insurance on April 9, 2021. While claims tendered under Farmers Direct insurance policies may be adjusted by employees of Farmers Insurance Exchange pursuant to the terms of the Service Agreement, Farmers Direct retains responsibility for oversight of all business activities of Farmers Direct and Farmers Direct is legally responsible to its policyholder customers for any adjustment activities of Farmers Insurance Exchange related to coverage benefits under insurance policies underwritten by Farmers Direct.

## III. LREGAL STANDARD AND ARGUMENT

California Code of Civil Procedure section 473, subdivision (a)(1) provides, in relevant part: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code."

Leave to amend a pleading, including an answer, is entrusted to the sound discretion of the trial court." *Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 488 (citations omitted). "This discretion should be exercised liberally in favor of amendments, for judicial policy favors resolution of all disputed matters in the same lawsuit." *Kittredge Sports Co. v. Superior Court* (1989) 213 Cal.App.3d 1045, 1047. Ordinarily, the court will not consider the validity of the proposed amended pleading in ruling on a motion for leave since grounds for a demurrer or motion to strike are premature. *See id*. at p. 1048. The court, however, has discretion to deny leave to amend where a proposed amendment fails to state a valid defense as a matter of law and the defect cannot be cured by further amendment. *See California Casualty General Ins. Co. v. Superior Court* (1985) 173 Cal.App.3d 274, 281, overruled on other grounds by *Kransco v. American Empire Surplus Lines Ins. Co*. (2000) 23 Cal.4th 390.

## IV DISCUSSION - FARMERS DIRECT'S INTERVENTION

Defendants' and Plaintiff's communications and conduct must be evaluated in the context of the parties' prior communications and conduct. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); see also Radical Investments Ltd. v. Good Vibrations Entertainment LLC, Case No. 2:22-cv-02752-SVW-AFM, 2023 WL 2372387 *10 (C.D. Cal. February 10, 2023); RFS Investments Co., LLC v. Travelers Property Casualty Company of America, Case No. LA CV17-09212 JAK (ASx), 2019 WL 1976470 *5 (C.D. Cal. March 8, 2019). Here Defendants accepted an

offer from Plaintiff and announced a new status to Parties' disputes. The underlying terms were communicated separately in writing and made for settlement purposes. Plaintiff does not disclose those terms herein pursuant to California Evid. Coe §1152. And when Defendants extended an offer targeting all courts' pending motions, Plaintiff accepted that offer by notifying the courts as contemplated by the parties' arrangement. On September 27, 2026, Defendant was properly served Plaintiff's filed Notice of Settlement in Purpose, following Defendant's counsel explicit consent for electronic service in the Federal Court system. Defendant's counsel did not object or presented an opposition, rather Defendant's counsel engaged with Plaintiff all day September 28 and 29, 2026, and Plaintiff reasonably understood that Parties were performing under that agreement in principle. Chu v. State Farm General Ins. Co., Case No. 2:25-cv- 05942-SVW-MAA, 2026 WL 1045636 *2 (C.D. Cal. March 18, 2026), citing Behnke v. State Farm General Ins. Co., 196 Cal.App.4th 1443, 1468 (2011) and Mudpie, Inc. v. Travelers Casualty Ins. Co. of America, 15 F.4th 885, 890 (9th Cir. 2021), quoting Aydin Corp. v. First State Ins. Co., 18 Cal.4th 1183, 1188-1194 (1988).

Plaintiff seeks to join Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") as an additional Defendant based on its conduct following the parties' September 25, 2026 settlement in principle, rather than to relitigate the underlying insurance claim. FIE breached the settlement in principle by continuing to pursue its pending demurrer on September 30, 2026, notwithstanding the parties' announced resolution of the litigation. When Plaintiff subsequently sought an explanation directly from FIE concerning its conduct and continued prosecution of the action, counsel repeatedly responded on behalf of Farmers Direct, stating Farmers Direct's position rather than identifying FIE's independent position.

These circumstances raise material questions concerning Farmers Direct's authority to act on Exchange's behalf, its participation in the disputed settlement-related conduct, and whether Farmers Direct undertook any independent contractual obligations or otherwise bears responsibility for the alleged breach. Accordingly, Plaintiff seeks to add Farmers Direct as a Defendant to determine the nature and extent of its involvement in the settlement agreement, its authority to act for Exchange, and its potential liability arising from the alleged breach.

**1. DEFENDANT MATERIALLY BREACHED THE EXPRESS TERMS OF THE INSURANCE CONTRACT**

Once the existence of a valid agreement is established, a plaintiff must show that the defendant failed to perform its mandatory obligations under the contract terms. In the context of a first-party insurance policy, the carrier's primary obligation is to fully investigate, accurately adjust, and timely indemnify the insured for covered losses up to the limits specified in the policy declarations. Any unauthorized refusal to pay benefits, or any artificial inflation of deductibles to avoid paying those benefits, constitutes a direct material breach of the express terms of the policy. Here, Defendant Farmers Insurance Exchange ("FIE") committed a series of direct, material breaches of **Policy No. 77816-54-76**. Specifically, the face of the operative pleadings demonstrates that Defendant breached its clear contractual mandates in the following three ways:

****************************IRREPERABLE HARM****************************

On October 6, 2025, Plaintiff commenced a separate civil action in the Superior Court of California, County of Riverside, at the Palm Springs Courthouse, Case No. CVPS2507350, against her mortgage\\ servicer and other parties: Select Portfolio Servicing, Inc.; Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Owner Trustee for CSMC 2022-NQME; Clear Recon Corp., as substituted trustee; and Does 1–50, inclusive. That action concerns claims arising wrongful foreclosure, post-rescission damages and other related causes of action. **A Trial Conference is scheduled for October 22, 2026.**

On October 2, 2026, Ms. Bernard, while representing both Defendants, **refused Plaintiff's request that Defendants agree not to exercise any rights under the disputed agreement that would interfere with Plaintiff's ability to obtain relief concerning the property.** Plaintiff's request specifically concerned preventing Defendants Farmers from acquiring the interest in Plaintiff's property

On October 2, 2026, Ms. Bernard, while representing both Defendants, agreed to include language protecting Plaintiff's separate pending litigation ('Plaintiff' v. 'Former Employer,' et al.] from being affected by the agreement and Ms. Bernard personally drafted the provision addressing that protection. However, when Plaintiff requested equivalent language protecting her separate pending litigation involving SPS, Ms. Bernard refused to provide that protection.

On September 28, 2026, FIE and Farmers Direct asked Plaintiff to execute an agreement that would facilitate the concealment of material facts concerning the disposition of insurance proceeds and the mortgagee's contractual rights under the Smart Policy. Specifically, the proposed agreement would allow Defendant to offer and issue payment to Plaintiff, AND, would allow Plaintiff to accept and to deposit it in Plaintiff's account while the Farmers Defendants and Plaintiff were knowingly violating SPS' entitlement.

Defendant asked that Plaintiff agree to a restriction set on both Farmers defendants and Plaintiff from notifying SPS, and in the event SPS found out then, following the same agreement instructions, Plaintiff would assume all responsibilities and costs on behalf of Defendants under both Policies and the 3 current pending matters.

.Defendants refused Plaintiff's request that Defendants agree that nothing in their agreements could affect the pending suit against SPS.

By expressly rejecting Plaintiff's proposed provision clarifying that the settlement would not authorize Defendants to acquire the subject property or the mortgagee's interests, Defendants have left unresolved a material concern regarding the allocation of contractual rights and financial risks under the proposed settlement. As structured, the proposed agreement would permit Defendants to make a settlement payment directly to Plaintiff, without including SPS as a payee, while requiring Plaintiff to assume responsibility for any resulting claims asserted by SPS. If SPS subsequently asserted that the payment violated its contractual rights under the Policy, Plaintiff could be left bearing the resulting liability, while Defendants would retain the ability to invoke the Policy's mortgagee provisions to the extent those provisions permit further payment to SPS. Plaintiff's primary home is at risk causing irreparable damages.

**A Trial Setting Conference is scheduled for October 22, 2026**, in Plaintiff's separate action against SPS, in which Plaintiff is represented by counsel. Plaintiff faces a time-sensitive risk that the state-court proceedings will advance toward trial before the disputes affecting the Subject Property and the availability of funds necessary for its restoration are resolved. Without the opportunity to establish the necessary repairs and resolve the outstanding property-related disputes, Plaintiff's ability to protect her ownership interest may be materially impaired. The Subject Property remains uninhabitable, and the

mortgage loan is approximately ten months delinquent. The unresolved property damage, lack of funds for repairs, and continuing mortgage delinquency place her home at risk of foreclosure. Although the property damage and resulting loss in value may be capable of monetary valuation, foreclosure could permanently deprive Plaintiff of her home and ownership interest. Plaintiff therefore faces the risk of a permanent loss that cannot be adequately remedied by a later award of damages.

**PRESERVATION OF THE STATUS QUO**: It is imminent at the point that when Plaintiff's ability to address her mortgage delinquency and prepare for the upcoming trial is materially affected by the continued delay in receiving insurance benefits necessary to repair the dwelling. Evidence that Defendants have fulfilled their contractual obligations and that payment toward the covered repairs is proceeding would materially improve Plaintiff's ability to address her outstanding mortgage obligations before the litigation advances toward trial. Plaintiff would be in a materially stronger position entering that litigation if she were current on her mortgage payments rather than remaining delinquent while the covered repairs and related insurance-payment dispute remain unresolved. The combined damages claimed in this action is for the second master bathroom that remains non-operational. The dwelling damage resulting from the June 3, 2024, currently in federal court that affected the subject property's kitchen, electrical panel destroyed beyond repair, broken window that anyone can jump in from outside rendering the property unsafe, a bathroom and the flooring of the house loss remain unrepaired. This prevents Plaintiff from accessing the equity needed to address there resulting financial hardship because an appraiser would value the home at the same price of its current mortgage balance value to indicate zero equity.

Plaintiff's property was listed for sale in February 2024 for $2,000,000. And today at the current stage is likely value at the same amount of her mortgage balance approximately $850,000 representing no value in equity. In this acti0on, Plaintiff is not seeking duplicative recovery or simultaneous relief from the same injury. This action seeks relief for Defendants' breach of the insurance contract, including payment of covered benefits that Plaintiff and her lender, SPS, are entitled and that are necessary to restore the dwelling to its pre-loss condition, subject to the Policy's terms and applicable law. Plaintiff does not oppose payment of the applicable insurance proceeds jointly to Plaintiff and Select Portfolio Servicing, Inc. ("SPS"), as required by the Policy. Plaintiff requests that Defendants comply with their

contractual obligations and that any payment be structured consistently with the Policy's mortgagee provisions. On May 21, 2025, Plaintiff was terminated from her 19-year career. Plaintiff is currently receiving care from mental health specialists who closely monitor her condition. In March 2025, Plaintiff was diagnosed with a serious medical condition. Since her termination, Plaintiff has attempted to obtain part-time employment but has encountered difficulties securing work. As a transgender woman, Plaintiff has also faced additional challenges in her efforts to obtain employment. These circumstances have compounded Plaintiff's financial hardship and limited her ability to address the outstanding mortgage payments and repair the covered damage to her home.

**************************** **PUBLIC INTEREST** ******************************
****************** **SUSTAINED HARM** *********************

Plaintiff has received multiple 22 different correspondences from the Palm Springs:

i. Notices of Violations from City of Palm Springs Municipal Code Compliance Department 425 N Civic Dr PO BOX 2743 Palm Springs CA 92263, Case Number MV-0426-0029 ["Please have broken window in front of property repaired or replaced."], addressed to Luna D'Sol 2275 E Belding Dr Palm Springs CA 92262 dated: 6/1/2026; 6/1/2026; 6/21/2026

ii. Notices of Violations from City of Palm Springs Municipal Code Compliance Department 425 N Civic Dr PO BOX 2743 Palm Springs CA 92263, Case Number MV-0226-0013 ["Please have broken window in front of property repaired or replaced."], addressed to CSMC 2022-NQM3 Trust 2275 E Belding Dr Palm Springs CA 92262 dated: 2/11/2026

iii. Cease and Desist Code Violation Notices from Best Best & Krieger Attorneys at Law as City Attorney for the City of Palm Springs, Public Nuisances violations of PSMC 11.72.170(b)(2) [building maintenance] ; three Notices dated August 10, 20226

Violation Notice from City of Palm Springs' Attorney's Office Best Best & Kriecer, Citations from the City of Palm Springs notices concerning municipal-code violations at the Subject Property from in

connection with enforcement by the City of Palm Springs due to the window mentioned in this action.

The notices refer to Chapter 11.72 of the Palm Springs Municipal Code and identify an alleged code violation involving a condition characterized in the notice as a public nuisance.

## V. CONCLUSSION

Leave to amend should be freely granted unless the opposing party can demonstrate extraordinary prejudice or unexcused delay. (Morgan v. Superior Court (1959) 172 Cal.App.2d 527, 530). Here, the case is in its early stages, no trial date is imminent, and the amendments clarify the key elements of the declaratory relief sought, ensuring the controversy is completely resolved on its merits.

Respectfully Submitted

Dated: October 22, 2026 By: ___/s/ Luna D'Sol_____

Luna D'Sol, Self-Represented

**Kelly Canby**

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, October 23, 2026 10:26 AM
**To:** Kiry Yeoun
**Cc:** Kelly Canby; Michelle Bernard
**Subject:** Re: LUNA D'SOL vs FARMERS INSURANCE EXCHANGE - Case No. 26VECV03273 - Superior Court of California, Los Angeles County - DEF FARMERS INSURANCE EXCHANGE OPPOSITION TO EX PARTE APPLICATION

There wasn't a need for this, the court sent them back and I have to resubmit it

On Oct 23, 2026, at 08:14, Kiry Yeoun <kyeoun@grsm.com> wrote:

Good morning,

Please find attached the electronic service copy of the document:

conformed_2026-10-23 D SOL DEF FARMERS INSURANCE EXCHANGE OPPOSITION TO EX PARTE APPLICATION

Best,

**KIRY YEOUN**
**LEGAL SECRETARY**

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 840.256.8605
**E:** kyeoun@grsm.com | grsm.com

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

<conformed_2026-10-23 D SOL DEF FARMERS INSURANCE EXCHANGE OPPOSITION TO EX PARTE APPLICATION.pdf>

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

# EXHIBIT 14

**Kelly Canby**

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, May 1, 2026 8:40 AM
**To:** Kelly Canby
**Cc:** Michelle Bernard
**Subject:** Re: Draft Joint Motion for Protective Order attached (and responses to other discovery inquiries) / D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 Revised Stipulated Protective Order
**Attachments:** Re Do you intend to proceed with the attached YES or NO LR 3722 Joint Stipulation Plaintiffs Portion Provided Response Required Within 7 Days.pdf

Ms Canby,

I have already **I am not substantively engaging with discovery because jurisdiction is unresolved. I am including the email you did not include in your correspondence**

Plaintiff expressly maintains that this Court lacks subject-matter jurisdiction and does not waive, concede, or consent to federal jurisdiction by participating in any proceeding, communication, or procedural matter in this action. All participation is undertaken subject to and without waiver of Plaintiff's pending and continuing challenge to jurisdiction, including the request for remand pursuant to 28 U.S.C. § 1447(c).

Please resolve the Rule 11 safe harbor notice.

**Luna D'Sol**
📱 (213) 925-4069
📧 jravada@icloud.com
This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 30, 2026, at 22:27, Kelly Canby <kcanby@grsm.com> wrote:

Hello Ms. D'Sol –

The first 3 items listed in my email below correspond to the same 3 topics as listed in your 4/23 email also below, and item 4 thereafter further responds to some of your other recent email communications about other discovery issues.

1. PROTECTIVE ORDER: Attached please find a copy of a draft proposed protective order that is in a format that would be acceptable to defendant Farmers Direct (and is prepared in the "Joint Motion" format as required by Magistrate Sagar and based upon the "model" protective order found on her website). As previously mentioned, Farmers Direct will not agree to the terms and revisions to the Magistrate's "model"

protective order that you previously proposed in your emails dated 4/16/26 and 4/22/26, so if you still wish to seek a protective order with those sought terms you will need to do so on your own. The attached draft very closely tracks the language found in the Magistrate's model protective order which is appropriate for use in an insurance coverage case where an insurer's confidential and/or proprietary business information may in certain instances be within the scope of permissible discovery, so these types of safeguards are necessary. Please let me know if we have your authorization to affix your electronic signature to the attached draft and then our office will finalize for filing with the Magistrate (along with the companion redline)?

2. WITNESS DISCLOSURES: Please note that Farmers Direct has decided to stand on its Initial Disclosures as currently drafted as its witness disclosures found therein are fully compliant with the requirements of Rule 26(a). For example, all the claims handlers witnesses identified by Farmers Direct therein are represented by defense counsel and the topics of their anticipated testimony have been provided. *See e.g.*, *James v. US Bancorp*, Case No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, *4-*5 (C.D. Cal. February 5, 2021) (see also further discussion of additional relevant cases cited in my 4/23/26 email below). Additionally, Farmers Direct is not required to identify a Rule 30(b)(6) corporate PMK witness "by name" in the Initial Disclosures as you have demanded because Rule 26(a)(1)(A)(i) is "limited to individuals and exclusive of corporate entities" so an "exclusion" must "necessarily apply to individuals who testify on behalf of corporate entities." *See e.g., Moore v. Computer Associates Intern., Inc.*, 653 F.Supp.2d 955, 959-960 (D. Ariz. 2009). "[M]any courts and commentators have concluded that when, as here, a party seeks to disclose a corporate representative who will testify about corporate policies, it is not necessary to identify that individual by name."*Equity Recovery Specialist LLC v. Select Portfolio Servicing Inc.*, No. CV-21-01889-PHX-DWL, 2023 WL 528675 *7 (August 16, 2023).

3. CLAIM FILE/INITIAL DISCLOSURE DOCUMENT EXCHANGE: With regard to the documents identified in Farmers Direct's Initial Disclosures and the voluminous Claim file we previously discussed, please note that most of the non-privileged and non-confidential portions of Farmers Direct's file for the Claim should be prepared and ready tomorrow (5/1). Please let me know when you anticipate having your Initial Disclosure documents prepared and ready for production so we can coordinate a time for an exchange of documents?

4. LOCAL RULE 37-2.2 JOINT STIPULATION AND OPPOSITION INSERTS TO PLAINTIFF'S SECOND MOTION TO COMPEL WILL BE SENT TO YOU NEXT WEEK: I will plan to send you Farmers Direct's opposition inserts for your Joint Stipulation next week before I leave town on May 6, 2026 as I understand from your prior email dated 4/30/25 that "Farmers Direct is not required to provide inserts by April 30."

I'm also available next week May 4-5, if you wish to further discuss any of these discovery issues outlined above.

Kelly Canby

**KELLY F. CANBY**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 760.444.5923
**E:** kcanby@grsm.com | grsm.com
101 W. Broadway, Suite 2000, San Diego, CA 92101
vCard

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Thursday, April 23, 2026 10:40 AM
**To:** Kelly Canby <kcanby@grsm.com>
**Cc:** Michelle Bernard <mbernard@grsm.com>; Kiry Yeoun <kyeoun@grsm.com>; Jer Vang-Zamora <jvang-zamora@grsm.com>
**Subject:** Re: D'SOL - Preliminary Response to Emails dated 4/16 and 4/22 RE: Revised Stipulated Protective Order

Ms. Canby,

Thank you for your April 23 correspondence. Plaintiff has reviewed your positions and notes the following:

1. Protective Order: Plaintiff will review Defendant's proposed alternative draft when circulated next week and respond accordingly. Plaintiff reserves all rights with respect to the modifications proposed in her April 16 correspondence.

2. Witness Disclosures: The individuals referenced in your email were not identified in Plaintiff's Initial Disclosures because Plaintiff does not intend to call them as witnesses. Plaintiff's case rests on Defendant's own employees, the claim file, the police report, and Farmers' own inspection report from the day following the incident. No supplementation is required for witnesses Plaintiff does not intend to use.

3. Claim File: Plaintiff notes Defendant's representation that the claim file is being prepared for production. Plaintiff expects production consistent with the commitment made at the February 12, 2026 Rule 26(f) conference.

**Luna D'Sol**
(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

On Apr 23, 2026, at 08:48, Kelly Canby <kcanby@grsm.com> wrote:

Good Morning Ms. D'Sol –