# EXHIBIT001

D’Sol v. Farmers Direct Property and Casualty Insurance Company

November 12, 2026

**From:** **Michelle Bernard** mbernard@grsm.com
**Subject:** RE: D'Sol v. Farmers Direct / FSAE 1416221 - Farmers Direct's Ex Parte Application To Continue 12/7/2026 Pre-Trial Conference to Later Date in December Due to Scheduling Conflict
**Date:** October 30, 2026 at 17:01
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Kelly Canby kcanby@grsm.com

MB

Ms. D'Sol: I am not available for a telephone call this afternoon due to my schedule. Please advise whether you are opposing the continuance request. That information can be readily provided via reply email.

MRB

**MICHELLE R. BERNARD**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com I grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

**From:** **Luna D'Sol** jravada@icloud.com
**Subject:** Re: Notice of Anticipated Motions and Application for Emergency Relief — D'Sol v. Farmers Direct, Case No. 2:25-cv-10938-SVW-AS
**Date:** November 3, 2026 at 09:12
**To:** Michelle Bernard mbernard@grsm.com
**Cc:** Kelly Canby kcanby@grsm.com



- Should you wish to challenge my health status or physical vulnerabilities, I invite you to utilize formal discovery or arrange an independent medical examination. Unsubstantiated personal insinuations do not serve the record and are entirely inconsistent with professional practice. Please let me know if you would like to schedule a formal evaluation so we may resolve this matter objectively.
- I am requesting a leave to amend and with that a TRO
- I do not recall it being a contractor of my choice. I do recall Mr. Means refused my first contractor, asked me to get another one, I spent $250 and brought the estimate, he refused that too
- I have not admitted having received a copy, I saw for the first time the same day I emailed you, I think it was in my spam folder.

What is position about keeping SPS' name as a Mortgagee using Sprout's loan number? Issuing payments to SPS on claims while telling me it is active but later deny it , etc

> On Nov 2, 2026, at 17:52, Michelle Bernard <mbernard@grsm.com> wrote:
>
> Ms. D'Sol: We are opposing all aspects of these frivolous "emergency" motions and will be seeking sanctions against you for time spent in responding to them if filed.
>
> As an initial matter, I did not "refuse" to speak to you last Friday afternoon but advised that I was not available for a telephone call as noted in my email.
>
> Relevant to your anticipated motions, it seems a bit peculiar that you requested the court to stay this case for 30+ days so you could reschedule your surgery and seek treatment for your mental health issues which rendered you incapable of participating in day-to-day litigation activities and yet you have proceeded to use this time – as evidenced by the recent correspondence record – to focus your efforts on barraging us with mindless meet and confer requests regarding various meritless motions and claims. Your conduct seriously calls into question whether your stay request was made in good faith in the first instance or simply was a ruse/litigation tactic to buy more time to engage in wasteful law and motion practice.
>
> Given that your alleged mold claim is not at issue in the operative First Amended Complaint, there is no procedural basis for seeking a TRO.
>
> Relevant to the mold report, it is our understanding that it was prepared by a contractor of your choice over two years ago. You admit having received a copy of the report but simply didn't read it when sent nor timely followed up with anyone at Farmers Direct about whether there was any covered loss related damage necessitating further mold testing and/or remediation to your residence that had not already been addressed by the company. The fact that you have delayed over 2 years to raise this issue – and your related ALE requests – as potential issues with Farmers Direct does not revive an already stale insurance recovery claim. As such, any attempt to amend your complaint at this late date is time barred by the policy's contractual limitations provision and the court's scheduling order as the due date to amend pleadings in this action has long since passed.
>
> The rest of your threatened relief (partial default, sanctions, etc.) does not have any credible factual support as the only party who could be reasonably characterized as engaging in litigation misconduct, serial violation of court orders and discovery obligations, vexatious litigation filings, etc. is you – not Farmers Direct. That is crystal

obligations, vexatious litigation filings, etc. is you – not Farmers Direct. That is crystal clear from even a cursory review of the court docket in this case.

Be advised that Farmers Direct continues to reserve its rights to seeking monetary sanctions against you for time spent having to oppose these procedurally unsound and factual deficient motions.

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Monday, November 2, 2026 4:36 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Notice of Anticipated Motions and Application for Emergency Relief — D'Sol v. Farmers Direct, Case No. 2:25-cv-10938-SVW-AS

Hi Ms. Bernard and Ms. Canby:

PLEASE TAKE NOTICE that Plaintiff Luna D'Sol, appearing in propria persona, anticipates filing motions and an application for emergency relief in the above-captioned action.

My phone call attempt is on the record from last Friday when Ms Bernard refused my request because she said she is not available

Plaintiff intends to seek the following relief:

**1. Temporary Restraining Order and Preliminary Injunction and Order to show cause— Fed. R. Civ. P. 65**

Plaintiff intends to seek emergency injunctive relief concerning Defendant's continuing refusal or failure to provide Additional Living Expenses ("ALE") and the unresolved conditions at Plaintiff's insured property, including mold contamination documented by the November 6, 2024 inspection and laboratory reports.

**2. Motion to Reopen Discovery — Fed. R. Civ. P. 16(b)(4)**

Plaintiff intends to request limited discovery concerning Defendant's receipt, evaluation, and handling of the November 2024 mold reports, its subsequent May 2025 inspection, and its claims-handling decisions concerning remediation and temporary housing benefits.

**3. Motion for Leave to File an Amended Complaint — Fed. R. Civ. P. 15(a)(2) and 16(b)(4)**

Plaintiff intends to seek leave to amend her complaint to address additional factual allegations and claims supported by the evidentiary record.

**4. Motion for Partial Default Judgment, and Motion for Sanctions — Fed. R. Civ. 56a**

Plaintiff anticipates seeking partial default judgment concerning claims or issues for refusing to follow court order on discovery, bad faith, vexatious filing, misleading this court and refusing to fix the record when giving an opportunity to , .

Plaintiff further intends to address Defendant's discovery conduct, compliance with applicable court orders, and the prejudice allegedly resulting from unnecessary procedural delays, including Defendant's November 2, 2026 ex parte application seeking a continuance of the December 7, 2026 pretrial conference and hearings on its motions in limine.

Plaintiff disputes any suggestion that the requested continuance is necessary to accommodate ordinary motion practice and reserves the right to oppose Defendant's application.

Pursuant to Local Rule 7-19.1, Plaintiff requests that Defendant. Plaintiff also requests Defendant's position regarding the remaining proposed motions for purposes of the applicable meet-and-confer requirements.

Please provide your response identifying which requests Defendant opposes and the grounds for its opposition.

Respectfully,

**Luna D'Sol**

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON REES SCULLY MANSUKHANI, LLP
YOUR 50 STATE LAW FIRM™
www.grsm.com

**Luna D'Sol**

(213) 925-4069
jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.