# Exhibit002

D'Sol v. Farmers Direct Property and Casualty Insurance Company

November 12, 2026

**From:** **Michelle Bernard** mbernard@grsm.com
**Subject:** RE: D'Sol v. Farmers Direct Property & Casualty Insurance Company - Confirming our discussion / RE: Meet and Confer Ex Parte
**Date:** July 31, 2026 at 17:12
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Kelly Canby kcanby@grsm.com

Ms. D'Sol: This email is in response to yours below directed to my colleague, Kelly Canby.

As I'm sure your research has shown, I am a senior partner at one of the largest law firms in the United States and oversee the day-to-day management of numerous attorneys and litigation matters. Rest assured, I have not "gone missing" as erroneously suggested in your email but likewise I do not have time to contemporaneously respond to your self-serving and unhinged communications directed to me or Ms. Canby in this matter. This holds true whether I am in the office/out of the office/on vacation/personal time off/medical leave. In this respect, your expectation of an immediate response by me or Ms. Canby to your emails and/or voice mail messages – regardless of our respective work and/or personal schedules – does not dictate the timeline for our response to the same.

Relevant to your email exchange today with Ms. Canby, your after-the-fact attempt to "correct" the record here is without merit and clearly designed to fabricate more excuses for your non-compliance with your discovery obligations in this matter. Notwithstanding the fact that the Court has taken certain motions under submission and your recent ex parte application seeking a continuance of various scheduling order dates (including the October 13, 2026 trial date), you are not judicially "excused" from complying with the current deadlines set forth in the operative scheduling order.

Regarding your properly noticed deposition scheduled for today, we made an accommodation in taking it off calendar based on your alleged unavailability due to travel plans to visit your grandmother. That said, if you do not provide us with written confirmation of an alternative date for your deposition to take place during the week of August 10-14 **by close of business on Monday (August 3, 2026**) and likewise produce your outstanding Rule 26 documents **by next Wednesday (August 5, 2026)**, we intend to seek court intervention to resolve this discovery dispute and will be requesting sanctions against you for the expense incurred by Farmers Direct to compel your compliance.

Finally, please refrain from the snarky ad hominem attacks directed at me and Ms. Canby. Your comments are both unwarranted and unprofessional.

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769