# Exhibit003

D'Sol v. Farmers Direct Property and Casualty Insurance Company

November 20, 2026

**From:** Michelle Bernard mbernard@grsm.com
**Subject:** RE: Notice of Intent to Seek Relief Regarding Subpoenas and Depositions and Objections
**Date:** August 28, 2026 at 17:57
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Kelly Canby kcanby@grsm.com

MB

Ms. D'Sol: Given that the due date to file a motion to quash has long since passed and the window for fact and expert discovery is now closed, we question your motivation in belatedly filing said motions in the first instance. In this respect, there is nothing to "withdraw" after-the-fact and, regardless, we stand on our position the subpoenas and deposition notices were timely and properly served.

Similarly, the due date to complete ADR in this matter "came and went" on August 21, 2026 without any response from you to our repeated overtures to select an ADR process. Again, this is yet another example of your deliberate non-compliance with scheduling order deadlines set by the court. Accordingly, we do not have any intention of jointly stipulating to extend any deadlines that have already passed – including the deadline to complete ADR.

And as far as any "formal announcements" on my part, the record of communications here is crystal clear that you have stonewalled on every aspect of discovery while waiting to see if the court is going to reconsider its prior orders on the remand issue. That is a calculated risk on your part. Notably, you have steadfastly refused to produce the documents identified in your Rule 26 Disclosures, you failed to timely respond to written discovery and equally problematic you failed to timely designate any expert witnesses in this case which is fatal to your contract and tort claims against Farmers Direct.

As far as meeting and conferring on the L-R. 16-2 topics (the last due date to complete same was August 26), you blew your deadline to request a jury trial in this matter after removal and Farmers Direct has a pending motion under submission with the court seeking to strike your untimely jury demand. Accordingly, unless and until the court grants you relief regarding this major procedural problem, there is no basis for meeting and conferring on jury instructions as there is not going to be a jury trial as of right now.

Finally, please note that we are not in a position to meet and confer regarding any of the other pre-trial filing matters to be addressed under L.R. 16-2 until you produce your Rule 26 documents that were promised to us months ago. In this respect, your continuing non-compliance with your court-ordered discovery obligations in this matter is grounds for sanctions.

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**

GRSM 50

**D:** 619.230.7769
**E:** mbernard@grsm.com I grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Friday, August 28, 2026 3:08 PM
**To:** Kelly Canby <kcanby@grsm.com>; Michelle Bernard <mbernard@grsm.com>
**Subject:** Notice of Intent to Seek Relief Regarding Subpoenas and Depositions and Objections

Ms. Kelly and Ms. Michelle,

I am following up regarding my attempts to reach you. I called yesterday and left a voicemail, and I also attempted to contact you the day before where I left a voicemail too.

Please be advised that, in good faith, I intend to file a motion seeking to quash the outstanding subpoenas and deposition notices, as well as objections to your claims and lack of response on all the communications I have sent lately. I am providing this notice before filing so that Defendants have an opportunity to meet and confer regarding the disputed subpoenas and depositions and determine whether the issues can be resolved without Court intervention.

Please provide your position, including whether Defendants will agree to withdraw the disputed subpoenas and deposition notices. I am aware that Ms. Bernard already made a formal announcement that she doesn't have time for my requests but If Defendants do not agree please let me know.

I also wanted to follow up on the joint stipulation to move the date since defendants claim that our time to address ADR has expired

I am available all day

Regards,

**Luna D'Sol**

📱 (213) 925-4069

📧 jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com