# ExhibitD

D'Sol v. Farmers Direct Property and Casualty Insurance Company November 20, 2026

**From:** **Michelle Bernard** mbernard@grsm.com
**Subject:** RE: Meet and Confer Regarding Anticipated Ex Parte Application for TRO, OSC, and Settlement Conference 'RE: D'Sol v. Farmers Direct Property & Casualty Insurance Company (SAE No. 25-1418) / GRSM No. FSAE 1416221 - Revised Settlement Agreement
**Date:** October 13, 2026 at 15:47
**To:** Luna D'Sol jravada@icloud.com
**Cc:** Kelly Canby kcanby@grsm.com

MB

Ms. D'Sol: In the interest of trying to facilitate getting the long form settlement agreement finalized without further delay and the need for judicial intervention, attached is a modified version of the proposed settlement agreement approved by Farmers Direct/Farmers that deletes the indemnification/hold harmless provision and adds a separate new paragraph (3) in the settlement funding section that reads as follows:

> The Parties acknowledge and agree that the $[redacted] settlement payment set forth in Paragraph 1 above is to resolve Plaintiff's disputed claims for coverage benefits under the Farmers Policies for alleged lost/damaged personal property, alleged unreimbursed additional living expenses and other alleged consequential damages arising from the Claims identified in Recital D that are the subject of the Lawsuits identified in Recital F, along with a mutual interest in avoiding the expense of prolonged litigation.

As mentioned, this is fairly standard long form settlement agreement/claim release that has been vetted and approved by counsel in numerous other matters. If it meets with your approval, please return your executed signature page.

MRB

---

**MICHELLE R. BERNARD**
Partner

GRSM 50

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com | grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, October 13, 2026 1:47 PM
**To:** Michelle Bernard <mbernard@grsm.com>
**Cc:** Kelly Canby <kcanby@grsm.com>
**Subject:** Re: Meet and Confer Regarding Anticipated Ex Parte Application for TRO, OSC, and Settlement Conference

Ms. Bernard,

Your email acknowledges receipt of my communication but does not state Farmers Direct's position concerning the requested emergency relief.

I intend to submit my ex parte application within approximately 90 minutes. Please communicate Farmers Direct's position before that time, if practicable, so that I may accurately advise the Court of the parties' respective positions.

The imminent threat to my primary residence is supported by the applicable foreclosure records, relevant deadlines, and evidence submitted with my application. My request for emergency relief is based on the threatened injury and the evidence presented, not on any characterization of Farmers Direct's position.

I note that Farmers Direct previously required me to respond to settlement terms within a similarly compressed timeframe. I am affording your client a comparable opportunity to communicate its position before I file.

If no formal position is communicated before filing, I will accurately state that counsel acknowledged receipt of my notice and indicated that Farmers Direct's formal response was pending. I will not represent that Farmers Direct has consented to or opposed the requested relief absent an actual statement of its position. See Judge Wilson's chambers procedures as well as LR 7-19 and 7-19.1

Regards,

On Oct 13, 2026, at 13:33, Michelle Bernard <mbernard@grsm.com> wrote:

Ms. D'Sol: This acknowledges receipt of your email below which has been forwarded to our client representative at Farmers Direct for the company's review and formal response.

I will convey Farmers Direct's formal response to the issues addressed in your ex parte request as soon as practicable.**However, please be advised that you do not have authority to submit any filing with the court that purports to summarize Farmers Direct's position concerting any of the issues in your ex parte application.**

MRB

---

**MICHELLE R. BERNARD**
Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE LAW FIRM™**
**D:** 619.230.7769
**E:** mbernard@grsm.com I grsm.com
633 W. 5th Street, 52nd Floor, Los Angeles, CA 90071
101 W. Broadway, Suite 2000, San Diego, CA 92101

---

**From:** Luna D'Sol <jravada@icloud.com>
**Sent:** Tuesday, October 13, 2026 11:44 AM
**To:** Michelle Bernard <mbernard@grsm.com>; Kelly Canby <kcanby@grsm.com>
**Subject:** Meet and Confer Regarding Anticipated Ex Parte Application for TRO, OSC, and Settlement Conference
**Importance:** High

Dear Ms. Bernard,

Pursuant to the applicable meet-and-confer requirements, I am writing to confer regarding my anticipated ex parte application for a temporary restraining order, an

regarding my anticipated ex parte application for a temporary restraining order, an order to show cause why a preliminary injunction should not issue, and an expedited, court-supervised settlement conference.

The application concerns the ongoing harm arising from the unresolved insurance claim, including unpaid additional living expense benefits, the condition of my home, the deterioration of my health, the disconnection of my cellular telephone service for nonpayment, the imminent disconnection of electrical service, for which you have already received documentation, and the recent notification that my mortgage account has entered foreclosure status, with a Trial Setting Conference scheduled for October 22, 2026, in the separate SPS action. It also addresses the parties' September 25, 2026 settlement-in-principle communications, your subsequent breach of our agreement as I understood it, the disputed enforceability of the proposed confidentiality agreement in the absence of mutual assent, and the subsequently proposed provision requiring me to assume responsibility for an arrangement that will help Farmers knowingly violate the policy's contractual obligations concerning the mortgagee's rights. Mortgage fraud is a criminal act. I object to being required to assume responsibility for potential claims arising from that arrangement through the proposed indemnification provision.

Specifically, Plaintiff seeks narrowly tailored injunctive relief addressing the disputed settlement terms, including the proposed requirement that Plaintiff indemnify Farmers against potential claims SPS might assert concerning the settlement payments, and preventing Farmers from conditioning settlement on terms that would require Plaintiff to assume disputed liabilities or compromise her rights in the pending SPS litigation. Plaintiff also requests an expedited, court-supervised settlement conference to resolve these disputes before further prejudice occurs.

Please advise whether Farmers will agree to stipulate some of these concerns. I have made several requests in the last few days regarding these topics and you have not taken a step to resolve any and now this has become a major issuer that requires immediate court intervention. Please also identify any portions of the requested relief to which Farmers objects and the basis for those objections.

Given the urgency of the circumstances, please respond as soon as practicable. I intend to inform the Court of the parties' positions concerning these issues in my application.

This communication is made for purposes of meeting and conferring provided my inability to make phone calls and your explicit consent to receive electronic communications as a proper service.

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**Luna D'Sol**

(213) 925-4069

jravada@icloud.com

This email and any attachments are intended only for the named recipient(s) and may contain confidential information. If you received this in error, please notify the sender and delete it immediately.

---

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE LAW FIRM™**
www.grsm.com

**DSol - SETTLEMENT AGREEMENT_CLAIM ...**

**DSol - SETTLEMENT AGREEMENT_CLAIM ...**
180 KB