LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUNA D'SOL,

Plaintiff,

vs.

FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES 1-50, inclusive,

Defendants.

CASE NO. : *2:25-cv-10938-SVW-ASx*

*[Assigned for All Purposed to the Honorable Stephen V. Wilson, Department 10A]*

**PLAINTIFF'S PROCEDURAL AND EVIDENTIARY OBJECTIONS TO DEFENDNAT'S UNTIMELY OPPOSITION TO PLAINTIFF'S EX PARTE AND SUPPORTING DECLARATION**

Complaint Filed: August 21, 2025

Trial Date: TBD..
FSC: January 11, 2027; 3:00 p.m.

## I. PRELIMINARY STATEMENT

Plaintiff submits the following objections to Defendant's Opposition and supporting Declaration (ECF Nos. 195 and 195-1), both filed after Plaintiff had served separately and then withdrawn the underlying Ex Parte Application pursuant to L.R. 7-16 (ECF Nos. 194, 194-1), and after expiration of the Court-ordered filing deadline.

Significantly, on November 25, 2026, Defendant has since conducted a meet-and-confer conference concerning its anticipated request for vexatious litigant relief—the same substantive relief previously sought through Paragraph 40 of counsel's Declaration without prior compliance with L.R. 7-3. (ECF No. 195-1, PageID 8179, ¶40).

Defendant's subsequent resort to the applicable motion procedures further underscores the procedural irregularity of its original request. Rather than curing that irregularity retroactively, Defendant is now pursuing a second attempt to obtain substantially the same relief.

## II. PLAINTIFF'S OBJECTIONS

| DEFENDANT'S CHALLENGED FILING OR STATEMENT | PLAINTIFF'S OBJECTION |
|---|---|
| **ECF No 195-1 PageID 8179** "¶40. Farmers Direct also respectfully requests this Court to consider making an evaluation of Plaintiff's litigation conduct in light of Local Rule 83-8 and/or to set an OSC for the purpose of determining whether Plaintiff is a Vexatious Litigant and whether any "Security" or "Control" measures are appropriate because based on the large number of frivolous filings by Plaintiff it clearly seems that Plaintiff has "abused the Court's process and is likely to continue such abuse, unless protective measures are taken." See Local Rule 83-8.3"<br><br>When browsing the word "vexatious" in Defendant's Declaration through counsel Kelly Canby, three results come up:<br>1) November 2, 2026, at 4:36pm Plaintiff's Meet and Confer summary after stating a phone call attempt was made to meet and confer, Plaintiff bullet-point No. 4 informs Defendant's counsel that she is bringing up concerns on Defendant's vexatious filing. ECF No. 195-1 PageID 8207<br>2) November 2, 2026 at 5:52pm, Defendant through counsel Ms. Bernard does not engage in substance but copied and pasted each concern raised by Plaintiff and adds "…is you – not Farmers Direct" ECF No. 195-1 PageID 8205<br>3) November 16, 2026, Defendant through counsel Ms. Canby's affirmative relief | **OBJECTION**: An attorney's declaration under Local Rule 7-6 must contain only factual evidence, not legal argument or requests for affirmative relief. Here, ¶40 contains legal argument, conclusions regarding Plaintiff's litigation conduct, and an affirmative request for judicial relief rather than factual testimony<br><br>**OBJECTION Improper Legal Argument; Improper Request for Affirmative Relief; Due Process; Apparent Retaliatory Purpose.**<br>Beyond its apparent retaliatory timing, Defendant's request implicates fundamental due process protections established by binding Ninth Circuit precedent. Under De Long v. Hennessey, 912 F.2d 1144, 1147–48 (9th Cir. 1990), prefiling restrictions constitute an extreme remedy requiring adequate notice, an opportunity to be heard, an adequate record for review, substantive findings of frivolousness or harassment, and narrowly tailored restrictions. |

| | |
|---|---|
| request that this Court find Plaintiff a vexatious filer. ECF Doc. 195-1 Pageid 8179 ¶40 | Defendant improperly seeks extraordinary affirmative relief through a paragraph embedded in counsel's declaration supporting an untimely opposition to a withdrawn application, without complying with L.R. 7-3 or the applicable motion procedures under FRCP 7(b)(1). |
| **ECF No. 195 — Defendant's Opposition to Plaintiff's Ex Parte Application. ECF No. 195-1 — Supporting Declaration of Kelly Canby. Scope of Objection:** Both filings in their entirety, submitted on November 16, 2026, following Plaintiff's Notice of Withdrawal (ECF No. 194) and accompanying Proof of Service (ECF No. 194-1). | **OBJECTION: Mootness; Prior Withdrawal of Underlying Application; Untimely and Procedurally Improper Filings.** Pursuant to L.R. 7-16, Plaintiff properly filed her Notice of Withdrawal of the Ex Parte Application (ECF No. 194) and served Defendant's counsel at 1:30 p.m. on November 16, 2026, as evidenced by the accompanying Proof of Service (ECF No. 194-1), before Defendant filed its Opposition.<br>Plaintiff's Notice of Withdraw the Ex Parte, ECF No. 194, followed LR 7-16 was properly served, ECF No 194-1. |

Respectfully Submitted,

Dated: November 26, 2026

/s/ Luna D'Sol

LUNA D'SOL
Plaintiff, In Pro Per
jravada@icloud.com
2275 E Belding Dr
Palm Springs, CA 92262
Telephone: 213-925-4069